Filed on ECF with permission of the CSO.

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re* GUANTÁNAMO BAY DETAINEE LITIGATION | Misc. No. 08-442-TFH |
| SAIFULLAH PARACHA, Petitioner, | |
| v. | Civ. No. 04-2022-PLF |
| GEORGE W. BUSH, et al., Respondents. | |

### MOTION TO VACATE ORDERS STAYING ACTION AND DENYING PETITIONER'S MOTION FOR DISCOVERY, AND FOR AN ORDER REQUIRING RESPONDENTS TO COMPLY WITH PETITIONER'S DISCOVERY REQUESTS

## I.  BACKGROUND

### A.  Petitioner

Petitioner, Saifullah Paracha, 60, is a citizen of Pakistan. In 1971, Mr. Paracha came to the United States to study, and in 1980, he was granted a permanent resident visa. In 1977, Mr. Paracha's wife, who also is a citizen of Pakistan, came to the U.S., where she met Mr. Paracha. The couple married in 1979 and have four children. Mr. Paracha's wife also holds a green card.

While in the U.S., Mr. Paracha bought travel agencies that facilitated travel between the U.S. and Pakistan. In 1986, Mr. Paracha returned to Pakistan to oversee the Pakistani operations of the travel agencies. Thereafter, Mr. Paracha and an American partner established an export-import business. The business acted as a buying agent in Pakistan for American retailers like Wal-Mart and K-Mart, placing orders for garments and other merchandise made in Pakistan.

Paracha oversaw factory operations in Pakistan; his American partner lined up buyers in the U.S.

In July 2003, Mr. Paracha traveled to Bangkok to meet individuals he had been led to believe were buyers from K-Mart. On his arrival, masked men seized him, blindfolded him, handcuffed him, leg-cuffed him, and threw him into a waiting car. He was then taken to the U.S. military base at Bagram, Afghanistan. In September 2004, Mr. Paracha was brought to Guantánamo, where he has been held in solitary confinement ever since.

### B.     Petitioner's CSRT Proceeding

On November 26, 2004, a Combatant Status Review Tribunal ("CSRT") was convened to determine whether Mr. Paracha was properly held as an "enemy combatant." Mr. Paracha's hearing was held on December 8, 2004. Most of the government's allegations were general or vague.[1] Moreover, the evidence on which the government relied to support its allegations was

---

[1]     The government based its claim that Paracha was properly designated as an "enemy combatant" on twelve allegations:

    3.a. The Detainee supported the Taliban and al Qaida against the United States and its coalition partners.

    3.a-1. The Detainee was involved in an al Qaida plan to smuggle explosives into the United States.

    3.a-2. The Detainee "held for safekeeping" large amounts of al Qaida money given to him by known al Qaida operatives.

    3.a-3. The Detainee, at the request of an al Qaida operative, researched offshore companies for investment possibilities.

    3.a-4. The Detainee associated with known high-level al Qaida operatives.

    3.a-5. The Detainee recommended to an al Qaida operative that nuclear weapons should be used against U.S. troops and suggested where these weapons might be obtained.

    3.a-6. The Detainee assisted al Qaida in locating houses for al Qaida members and their families.

    3.a-7. The Detainee offered to al Qaida his media facilities for Urdu translation of extremist materials, including statements from Usama Bin Laden.

classified. To most of the allegations, Mr. Paracha could offer only conclusory denials. The CSRT denied Paracha's requests to present evidence of his innocence. At the conclusion of the hearing, the CSRT determined, purportedly "by a preponderance of the evidence," that Mr. Paracha was "affiliated with al Qaida" and therefore was properly held as an "enemy combatant."

### C.    Proceedings In This Case

On November 17, 2004, Mr. Paracha filed a habeas petition in this Court, alleging that his detention violated his rights under, *inter alia*, the Due Process Clause and international law. (Doc. 1.) On December 10, 2004, Mr. Paracha filed an amended petition. (Doc. 11.)

On January 18, 2005, Respondents moved to dismiss the petition. (Docs. 22, 23.) Respondents also moved to stay Mr. Paracha's case pending the D.C. Circuit's resolution of *Boumediene v. Bush* and *Al Odah v. United States*. (Doc. 26.) On March 23, 2005, this Court granted Respondents' motion to stay the case. (Doc. 49.) Mr. Paracha appealed the Court's stay order (Doc. 55), *Paracha v. Bush*, D.C. Cir. No. 05-5194.

On October 6, 2005, Mr. Paracha moved for an order allowing and accelerating discovery. (Doc. 68.)[2] On October 14, 2005, Respondents filed an opposition to Mr. Paracha's motion,

---

    3.a-8. Al Qaida invested money in a company owned by the Detainee.

    3.a-9. The Detainee had a discussion with a high level al Qaida facilitator about getting chemicals and explosives into a coalition partner's national boundaries.

    3.a-10. The Detainee met with Usama Bin Laden in 1999 and 2000, two times.

    3.a-11. The Detainee met with two high level al Qaida officials and knew they were "wanted men."

[2] Mr. Paracha demanded discovery of:

    1. All files, intelligence files, reports, intelligence reports, documents, transcripts, records of any sort, and papers of any sort, concerning, mentioning, or touching on Saifullah Paracha.

3

primarily on the basis of the Court's stay and the pendency of the appeals in *Boumediene* and *Al Odah*. (Doc. 70.) On December 7, 2005, the Court denied Mr. Paracha's motion. (Doc. 81.)

On February 20, 2007, the D.C. Circuit issued its decision in *Boumediene* (consolidated with *Al Odah*), ruling that foreign nationals held at Guantánamo had no legal rights and therefore could not challenge their detention through habeas corpus actions. *Boumediene v. Bush*, 375 U.S. App. D.C. 48, 476 F.3d 981 (D.C. Cir. 2007). On April 9, 2007, on the basis of its *Boumediene* decision, the D.C. Circuit ordered this Court to dismiss this action for lack of jurisdiction. On August 7, 2007, Mr. Paracha filed a certiorari petition to review the D.C. Circuit's order directing dismissal of this action, *Paracha v. Bush*, No. 07-153 in the Supreme Court, and on Septem-

---

2. All files, intelligence files, reports, intelligence reports, documents, transcripts, records of any sort, and papers of any sort, concerning, mentioning, or touching on Saifullah Paracha's son, Uzair Paracha.

3. All files, intelligence files, reports, intelligence reports, documents, transcripts, records of any sort, and papers of any sort, leading to the Brady material from the person known to the Parachas as "Mustafah" released in case 03 Cr 1197 (SHS) in the Southern District of New York.

4. All files, intelligence files, reports, intelligence reports, documents, transcripts, records of any sort, and papers of any sort, leading to the Brady material from the person known to the Parachas as Majid Khan released in case 03 Cr 1197 (SHS) in the Southern District of New York.

5. All files, intelligence files, reports, intelligence reports, documents, transcripts, records of any sort, and papers of any sort, concerning the person known to the Parachas as "Uzair".

6. All files, intelligence files, reports, intelligence reports, documents, transcripts, records of any sort, and papers of any sort, concerning any interrogations of Saifullah Paracha at Bagram Air Force Base, Afghanistan, at Guantanamo Bay, Cuba, or at any other place.

7. All files, intelligence files, reports, intelligence reports, documents, transcripts, records of any sort, and papers of any sort, available to the persons who interrogated Saifullah Paracha at Bagram Air Force Base, Afghanistan, at Guantanamo Bay, Cuba, or at any other place, and concerning, mentioning, or touching on Saifullah Paracha.

*See* (Proposed) Order Allowing Discovery. (Doc. 68.)

ber 7, 2007, the D.C. Circuit stayed the issuance of the mandate pending further order of the court.

On June 12, 2008, the Supreme Court reversed the D.C. Circuit's decision in *Boumediene*, ruling that the foreign nationals held at Guantánamo have legal rights that can be vindicated in habeas corpus actions. *Boumediene v. Bush*, 128 S. Ct. 2229 (No. 06-1195, June 12, 2008). On June 23, 2008, the Supreme Court granted Mr. Paracha's certiorari petition, vacated the D.C. Circuit's order of April 9, 2007, directing this Court to dismiss this action, and remanded for further consideration in light of *Boumediene*. *Paracha v. Bush*, 76 U.S.L.W. 3672, 2008 WL 2484721 (No. 07-153, June 23, 2008) (Mem.).

## II.    RELIEF REQUESTED

### A.    The Court Should Lift Its Stay Of This Action.

As discussed, this Court stayed this action on March 23, 2005, pending the D.C. Circuit's disposition of *Boumediene*. (Doc. 49). The Supreme Court, reversing the D.C. Circuit's disposition of *Boumediene*, has now ruled that habeas cases such as this may proceed. In addition, the Supreme Court has vacated the D.C. Circuit's order directing this Court to dismiss this action. Because the stays entered in these cases were case-management actions by this Court (indeed, the Court created exceptions to the stay), there is no need to await a mandate or any other action of the D.C. Circuit to allow the cases, including this case, to proceed. Accordingly, the Court should lift its stay of this action and proceed expeditiously to the merits of Mr. Paracha's claim that his imprisonment by Respondents is unlawful, and any related claims.

### B.    Discovery Should Go Forward.

Now that Mr. Paracha's action may proceed, the Court should also vacate its order of December 7, 2005 (Doc. 81) denying Mr. Paracha's motion of October 6, 2005 (Doc. 68) to allow and accelerate discovery, both as to the discovery requested in Mr. Paracha's motion and as to

such further discover Mr. Paracha may request. There is no excuse for further delay. Respondents should be ordered to comply with Mr. Paracha's outstanding discovery request not later than 14 days from the date of the Court's order.

WHEREFORE, the Court should vacate its stay order and its order denying discovery, and Respondents should be ordered to comply with Petitioner's outstanding discovery demands not later than 14 days from the date of the Court's order.

Respondents oppose discovery.

Respectfully submitted,

___/s/_____

| | |
|---|---|
| ZACHARY KATZNELSON | GAILLARD T. HUNT |
| CLIVE STAFFORD SMITH | (D.C. Bar No. 89375) |
| CORI CRIDER | 10705 Tenbrook Drive |
| Reprieve | Silver Spring, Maryland 20901 |
| PO Box 52742 | (Not admitted in Maryland) |
| London EC4P 4WS | 301-530-2807 (ph) |
| United Kingdom | 301-564-6059 (fax) |
| 011 44 207 353 4640 (ph) | gthunt@mdo.net |
| 011 44 207 353 4641 (fax) | |
| zachary@reprieve.org.uk | DAVID H. REMES |
| | (D.C. Bar No. 370782) |
| | Covington & Burling LLP |
| | 1201 Pennsylvania Ave., N.W. |
| | Washington, D.C. 20004 |
| | (202) 662-5212 (ph) |
| | (202) 778-5212 (fax) |
| | dremes@cov.com |

*Counsel for Petitioner*

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| *In re* GUANTÁNAMO BAY ) <br>     DETAINEE LITIGATION    ) <br> _____ ) <br>                                               ) <br> SAIFULLAH PARACHA,            ) <br>     Petitioner,                       ) <br>                                                 ) <br>     v.                                  ) <br>                                                 ) <br> GEORGE W. BUSH, et al.,       ) <br>     Respondents.              ) <br>                                                 ) | Misc. No. 08-442-TFH <br><br><br><br> Civ. No. 04-2022-PLF |

**(PROPOSED) ORDER**

Upon consideration of petitioner's motion to vacate the stay and to proceed with discovery in this case, the opposition thereto, and the entire record, it is

ORDERED, that the Court's order of March 23, 2005 (Doc. 41) staying the case is vacated; and it is

FURTHER ORDERED, that the Court's order of December 7, 2005 (Doc. 81) denying Petitioner's motion to allow and accelerate discovery is vacated; and it is

FURTHER ORDERED, that Respondents will comply with Petitioner's motion to allow and accelerate discovery (Doc. 68), not later than fourteen days from the date of entry of this order.

_____                       _____
Date                                                           United States District Judge