Filed on ECF with permission of the CSO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | Misc. No. 08-442 (TFH) |
| ) |  |
| GUANTÁNAMO BAY ) | Civil Action No. 05-280 (GK) |
| DETAINEE LITIGATION ) |  |
| ) |  |

## STATUS REPORT RE July 8, 2008 HEARING

Petitioners in *Al-Adahi v. Bush*, 1:05-280, are ready to go to trial. Petitioners need no discovery, no amended returns, no motions, no delay, no definitions, no coordination. If the Court will send us back to Judge Kessler, we are ready to proceed with a hearing on these petitions for habeas corpus.

At the outset of the hearing on July 8, 2008, the Court inquired whether any of the habeas cases are currently in a posture ready for habeas hearings. In response, Shane Kadidal, counsel for the Center for Constitutional Rights, informed the Court that Sutherland, representing petitioners in *Al-Adahi v. Bush*, Civ. No. 05-280 (GK), volunteers to go first. We are ready for a hearing on the government's allegations; whatever their evidence, we are prepared to face it.

Indeed Petitioners need to be heard and soon.[1] All are Yemenis. We have five Petitioners, two cleared for release and three who we will show are held illegally. As these cases have dragged on, two, in the depths of despond as Camus put it, have attempted suicide: one by two prolonged hunger strikes, one by slitting his wrists. And as is discussed below, the two that have been cleared for release want to go to Yemen, Yemen will take them back, but, for its own

---

[1] Counsel will meet with petitioners in Guantánamo the week of July 28, 2008.

reasons, our executive branch will not send them back. These men need an independent judge to hear their voices.

### A. The two petitioners cleared for release should be sent home to Yemen

On February 7, 2008, Respondents notified counsel that Fahmi Salem Al-Assani and Suleiman Awadh Bin Agil Al-Nahdi had been approved for release. Copies of those notices are attached as Exhibits A and B. Based on Respondents' concession that they no longer have grounds to detain them, Mr. Al-Assani and Mr. Al-Nahdi seek *immediate* release. Because Mr. Al-Assani and Mr. Al-Nahdi have been cleared for release, there is no need to resolve any factual dispute concerning them.

At the hearing on July 8, 2008, the Court suggested those cleared were hindered only by the lack of a country to take them.[2] With respect to Mr. Al-Assani and Mr. Al-Nahdi that decidedly is not the case. They are Yemeni, they want to go to Yemen and the Yemini government is happy to receive them. Respondents have asserted that diplomatic obstacles arising from issues in Yemen have delayed the release of Yemenis cleared for release. However, the Yemeni Ambassador to the United States, Abdul-Wahab al-Hajri has reported that the Yemeni government has commenced a program to "rehabilitate" the detainees that are freed from Guantanamo Bay and has stressed that Yemen is eager to repatriate its citizens. (*See Yemeni Ambassador presses America to release Yemenis from Guantanamo*, Yemen Observer, June 28, 2008, Exhibit C). In addition, diplomatic staff at the Yemen Embassy have stated unequivocally that Yemen will receive these men. (*See Declaration of Wesley Powell,* attached*; signed declaration is in transit and will be filed,* Exhibit D*).* It appears that the only obstacle to

---

[2] The Court's suggestion that cleared prisoners should be consolidated before one judge makes sense generally, but perhaps not here. Petitioners are not souls seeking a nation to take them.

the release of Mr. Al-Assani and Mr. Al-Nahdi are conditions Respondents are attempting to impose on the Government of Yemen. Accordingly, there is simply no reasonable justification for Respondents' continued detention of Mr. Al-Assani and Mr. Al-Nahdi, in the seventh year after they were transported to Guantánamo. The Executive branch only needs the nudge of a Federal District Judge to send these men home.

### B. The other *Al-Adahi* Petitioners

We represent three other Petitioners in this case. All are in their seventh year in Guantánamo. The physical and mental health of Petitioners Muhammad Al-Adahi and Muhammad Ali Abdullah Bawazir have deteriorated. Mr. Al-Adahi suffers from a heart condition, has high blood pressure spiking as high as 200/130 and has attempted suicide. He takes approximately seventeen different medicines. Mr. Bawazir has resorted twice to hunger strikes stating he would rather die than remain imprisoned at Guantánamo. Mr. Bawazir is alive today only because the Respondents have resorted to force feedings where they strap him in a restraint chair[3], force a tube through his nose into his stomach twice a day and, when they successfully broke him, kept him confined in the restraint chair in his own excrement.

Undersigned counsel respectfully suggest that the Court send this case back to Judge Kessler for immediate disposition.

                                              Respectfully submitted,

                                              Counsel for Petitioners:

                                                /s/ Richard G. Murphy, Jr.
                                            Richard G. Murphy, Jr. (D.C. Bar No. 472769)
                                            Brian C. Spahn (Pursuant to LCvR 83.2(g))
                                            SUTHERLAND ASBILL & BRENNAN LLP

---

[3] Restraint chairs should be used only for those dangerous to themselves or others. Respondents use the chairs to punish compliant hunger strikers.

        1275 Pennsylvania Avenue, N.W.
        Washington, D.C.  20004-2415
        Telephone: (202) 383-0635
        Facsimile:  (202) 637-3593

        John A. Chandler (Pursuant to LCvR 83.2(g))*
        Elizabeth V. Tanis (Pursuant to LCvR 83.2(g))
        Kristin B. Wilhelm (Pursuant to LCvR 83.2(g))
        SUTHERLAND ASBILL & BRENNAN LLP
        999 Peachtree Street, N.E.
        Atlanta, Georgia  30309-3996
        Telephone: (404) 853-8000
        Facsimile:  (404) 853-8806

        * - Lead Counsel

July 9, 2008
Washington, DC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 9, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Terry Marcus Henry
terry.henry@usdoj.gov

Andrew I. Warden
andrew.warden@usdoj.gov

Judry Laeb Subar
judry.subar@usdoj.gov

James C. Luh
james.luh@usdoj.gov


SUTHERLAND ASBILL & BRENNAN LLP

By:     /s/ Richard G. Murphy, Jr.
Richard G. Murphy, Jr.

# EXHIBIT A

**From:** Ermentrout, Bree CDR [mailto:bree.ermentrout@navy.mil]
**Sent:** Thursday, February 07, 2008 4:43 PM
**To:** Murphy, Rick
**Subject:** Detainee Status Notification

Dear Counsel for ISN 554

    Through either the Administrative Review Board (ARB) process or the process DOD had in place prior to ARBs, your client has been approved to leave Guantanamo, subject to the process for making appropriate diplomatic arrangements for his departure. Accordingly, any guidance regarding submission of materials for a 2008 ARB for your client is inapplicable to this detainee; he will not be receiving another ARB proceeding.

    As you know, such a decision does not equate to a determination that your client is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States or its allies. I cannot provide you any information regarding when your client may be leaving Guantanamo as his departure is subject to ongoing discussions.

Sincerely,

BREE ERMENTROUT, CDR, JAGC, USN
Staff Judge Advocate
Legal Advisor
DoD, HQ OARDEC
Washington, DC

**EXHIBIT B**

**From:** Ermentrout, Bree CDR [mailto:bree.ermentrout@navy.mil]
**Sent:** Thursday, February 07, 2008 4:44 PM
**To:** Murphy, Rick
**Subject:** Detainee Status Notification

Dear Counsel for ISN 511

    Through either the Administrative Review Board (ARB) process or the process DOD had in place prior to ARBs, your client has been approved to leave Guantanamo, subject to the process for making appropriate diplomatic arrangements for his departure. Accordingly, any guidance regarding submission of materials for a 2008 ARB for your client is inapplicable to this detainee; he will not be receiving another ARB proceeding.

    As you know, such a decision does not equate to a determination that your client is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States or its allies. I cannot provide you any information regarding when your client may be leaving Guantanamo as his departure is subject to ongoing discussions.

Sincerely,

BREE ERMENTROUT, CDR, JAGC, USN
Staff Judge Advocate
Legal Advisor
DoD, HQ OARDEC
Washington, DC

# EXHIBIT C

**Guantanamo Documentary**
Watch the video, hear real stories First hand Detainee accounts
www.ACLU.tv

**PHR: Evidence of Torture**
New report concludes detainees tortured by US personnel
brokenlives.info

**Fly Cheap to Yemen**
70% off Published Yemen Airfare Compar Save
Yemen.Flights.Asia.com

Yemen Observer: http://www.yobserver.com

# Yemeni Ambassador presses America to release Yemenis from Guantanamo

Posted in: Local News
Written By: **Fares Anam**
Article Date: Jun 28, 2008 - 3:41:45 AM

Following the latest developments related to the Yemeni detainees in Guantanamo Bay, the Yemeni Ambassador to the United States, Abdul-Wahab al-Hajri met with the lawyers representing the Yemeni captives in Washington, D.C. on Tuesday.

Al-Hajri reported that the Yemeni government in Sana'a has commenced a program to rehabilitate the detainees that are freed from Guantanamo prison, pointing out that Yemen is eager to repatriate its citizens.

In his opinion the detention of the Yemeni citizens in the American naval base in Cuba, mostly without being charges and despite the decision of the Supreme Court of America to grant the detainees the right to appeal their arrest is a flagrant violation of international laws. The attorney's committee for defending Guantanamo detainees praised the efforts of the Yemeni government to secure the release of their citizens in the American Bay. They noted the importance of the American Court's recent decision, which stated that the detainees at Guantanamo Bay have the right to challenge their detention in the civilian courts of America according to the American constitution.

They also critiqued the American administration in its treatment of the Yemeni detainees, hoping that the American policy will not obstruct the return of the detainees after being retained under hard conditions for the past six years.

Related news announced during a press conference organized by the National Authority for the Defence of Rights and Freedoms (HOOD) with the executive manager of the International Civil and Support Organization in Sudan, the Yemeni detainee Dr. Ayman ba Tarfi appeared as the media symbol representing all the detainees in Guantanamo Bay, overshadowing al-Jazeera cameraman Sami Al-Hajj, who was released last month after six years in Guantanamo.

Dr. Ba Tarfi is a Yemeni citizen from an Egyptian mother and a Yemeni father. He lived in Saudi Arabia and was arrested under suspicion of being Ayman al-Dhwaheri, the second most important member of al-Qaeda. Later on he was accused of being the private doctor of Osama bin Laden. Some reports confirmed that he lost his sanity because he was tortured during the several years in prison. According to Sami al-Hajj, many of the Guantanamo detainees suffered mental trauma due to hallucinogenic pills that they were forced to induce.

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AL-ADAHI, *et al.* ) | |
| ) | |
| *Petitioners,* ) | |
| ) | |
| *v.* ) | Civil Action No. 05-280 (GK) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| *Respondents.* ) | |

## DECLARATION OF WESLEY R. POWELL

I, Wesley R. Powell, under penalty of perjury, declare as follows:

1. I am a partner with the law firm of Hunton & Williams. I represent several Yemenis detained in Guantanamo Bay, Cuba.

2. On June 24, 2008, I met with Yemen's Ambassador to the United States, H.E. Abdulwahab Abdulla Al-Hajjri, and two of his deputies to discuss the efforts of the Yemeni government to secure the transfer of its citizens from Guantanamo Bay, Cuba to Yemen.

3. The Ambassador stated that Yemen was willing to accept all of its citizens who are detained in Guantanamo Bay, Cuba. The Ambassador also stated that it is the government of Yemen's position that the individuals who have been

7957510.1

cleared for release by the United States Government should be released immediately to Yemen.

> I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
>
> *[signature]*
> Wesley R. Powell
> Executed on this 7th day of July, 2008.