PREVIOUSLY CLEARED BY CSO FOR PUBLIC FILING

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:  )   )  GUANTANAMO BAY  )  DETAINEE LITIGATION  )   ) | Misc. No. 08-442 (TFH)  <br><br> Civil Action No. CV 02-0828 (CKK) |

**STATEMENT REGARDING HEARING OF JULY 8, 2008**

This statement relating to the hearing of July 8, 2008 is submitted on behalf of Petitioners Fawzi Khalid Abdullah Fahad Al Odah, Fayiz Mohammed Ahmed Al Kandari, Khalid Abdullah Mishal Al Mutairi, Fouad Mahmoud Al Rabiah ("Petitioners"), and their next friends in *Al Odah v. United States*, Civ. Act. No. CV 02-0828.[1]  Petitioners are committed to assisting the Court in proceeding expeditiously to habeas corpus hearings to challenge the government's asserted grounds for their detention.

While Petitioners join and fully concur with the positions and arguments set forth yesterday by counsel designated to speak on behalf of all habeas petitioners, they submit this statement separately to express particular concerns relating to the government's proposals for managing these habeas cases, particularly with respect to its proposal to send all cases in which military commission charges have been filed to the back of the line.

1.   Petitioners' cases have been pending since May 1, 2002.  In the almost four years since the government filed its factual returns in these cases in 2004, the government has never made any suggestion that it intends to file amended returns, or that it has any basis for doing so. Nevertheless, the government now seeks blanket permission to file amended returns in virtually

---

[1]   The remaining petitioners in this case have been transferred out of Guantanamo.  Petitioners expect to move to dismiss this case as to the former detainees who have been transferred.

all cases in which it has already filed factual returns, and it seeks to "sequence" its amended returns in those cases over a period of the next five months.

The government should be required to state within ten days whether or not it intends to move for leave to file an amended return in each case. Counsel for the government should be required to certify that the amended return will include material changes, and will not be interposed for the purpose of delay. In those cases in which the government intends to move to file amended factual returns, the government should be allowed to amend only if it can show good cause to do so, and it should be required to make its showing as quickly as possible. *See* 28 USCS § 2243 (allowing amendment of a return only by leave of court). Moreover, the government's filing of motions to amend returns should in no way delay other proceedings, such as motions for discovery or motions for summary judgment or judgment on the pleadings.

2.  As to cases in which the government expresses its intent to move to file amended returns, all such motions should be filed within a matter of weeks, not months. If this Court allows the government to sequence its motions to file amended returns in some cases prior to other cases, Petitioners agree with the Court's observation that, as a general matter, cases that have been pending the longest should be sequenced first. Petitioners' cases have been pending for more than six years, and they have borne the brunt of the years of interminable delays, including appeals to the Court of Appeals for the District of Columbia Circuit and to the United States Supreme Court in both *Boumediene v. Bush*, 128 S. Ct. 2229 (2008) and *Rasul v. Bush*, 542 U.S. 466 (2004).

3.  The government argues that habeas cases in which military commission charges are filed should be sequenced last, or even stayed. Military commission charges have not been filed against Petitioners in this case, but Petitioners have learned that the government is

preparing charges against two of them.  The government's proposal to delay cases in which military commission charges are filed would create the obvious opportunity for the government to time the filing of such military commission charges for strategic purposes in order to manipulate the habeas proceedings.  At any rate, the government's position that habeas cases should be stayed for military commission cases has no basis in law.

The government asserts that pretrial confinement pending trial on military commission charges is a basis for detention separate and apart from status as an "enemy combatant."  Whether or not such pretrial confinement is justified based on the facts and the law, pretrial confinement must itself be subject to judicial review through habeas corpus.  Unlike every other jurisdiction within the United States, including courts-martial under the Uniform Code of Military Justice, the Military Commissions Act of 2006 provides for no judicial review of either the charging decision or the decision to impose pretrial confinement.[2]  When a pretrial confinement hearing has not been provided, a writ of habeas corpus is the mechanism for providing such review in order to ensure that the confinement is based on probable cause, to protect the prisoner's right to a speedy trial, and to ensure that excessive bail is not required.  *See, e.g., Ex parte Bollman*, 8 U.S. (4 Cranch) 75 (1807) (granting habeas petition to defendant held in pretrial confinement on charge of treason).

To the extent the government argues that the military commissions may obviate the need for habeas corpus proceedings, that argument is meritless.  The government has argued consistently that even a military commission defendant who has been acquitted need not be released.  *See, e.g., Hamdan v. Rumsfeld*, 548 U.S. 557, 787 (Kennedy, J., concurring)

---

[2] Pretrial detention of a federal criminal defendant must be ordered by a magistrate judge or other judicial official under 18 U.S.C. § 1341and is subject to review and appeal under 18 U.S.C. § 1345.  A court-martial defendant is entitled to judicial review of any pretrial confinement under Rule 305 of the Rules for Courts-Martial.  The Military Commissions Act and the Rules for Military Commissions contain no similar provision for judicial review of pretrial confinement.  *See* 10 U.S.C. §§ 948a *et seq.*

("[R]egardless of the outcome of the criminal proceedings at issue, the Government claims authority to continue to detain [the petitioner] based on his status as an enemy combatant"). So habeas corpus proceedings will still be necessary regardless of the outcome of the trial by military commission. On the other hand, a finding by the District Court that Petitioners are not enemy combatants would obviate the need for trial by military commission, because status as an unlawful enemy combatant is a prerequisite to military commission jurisdiction. *See* 10 U.S.C. § 948d. If anything, it would promote judicial economy to decide the habeas corpus cases in advance of any trial by military commission, and not the other way around, in order to ascertain whether Petitioners are properly detained as enemy combatants.

Petitioners' cases have been pending in this Court for over six years. The government should not be permitted unilaterally to cause further delay by deciding at this late date to bring military commission charges that could have been brought years ago. There should be no delay of Petitioners' habeas corpus cases, whether or not the government decides to file military commission charges.

July 9, 2008                                    Respectfully submitted,

                                                  /s/ Matthew J. MacLean
                                                David J. Cynamon (D.C. Bar #182477)
                                                Matthew J. MacLean (D.C. Bar #479257)
                                                PILLSBURY WINTHROP
                                                SHAW PITTMAN LLP
                                                2300 N Street, N.W.
                                                Washington, D.C. 20037
                                                Telephone: (202) 663-8000
                                                Facsimile:  (202) 663-8007

                                                Attorneys for Plaintiffs-Petitioners

**Certificate of Service**

I certify that on July 9, 2008, I caused the foregoing to be served on the following attorneys via electronic filing:

Brian David Boyle
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 4633
Washington, DC 20530-0001
(202) 3305-1434
202-514-0238 (fax)
brian.d.boyle@usdoj.gov

Terry Marcus Henry
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC 20044
(202) 514-4107
(202) 616-8470 (fax)
terry.henry@usdoj.gov

Robert D. Okun
UNITED STATES ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 10-435
Washington, DC 20530
(202) 514-7282
(202) 514-8784 (fax)
robert.okun@usdoj.gov

Judry Laeb Subar
U.S. DEPARTMENT OF JUSTICE
P.O. Box 833
Suite 7342
Washington, DC 20044-0833
(202) 514-3969
judry.subar@usdoj.gov

Andrew I. Warden
U.S. DEPARTMENT OF JUSTICE,
CIVIL DIVISION, FEDERAL PROGRAMS
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 616-5084
(202) 616-8460 (fax)
andrew.warden@usdoj.gov



                                    /s/
                              Matthew J. MacLean