**FILED DIRECTLY ON ECF WITH PERMISSION OF CSO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYMAN SAEED BATARFI, *et al.*, )<br>)<br>Petitioners/Plaintiffs, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, *et al.*, )<br>)<br>Respondents/Defendants. )<br>_____)<br>)<br>IN RE: )<br>)<br>GUANTANAMO BAY )<br>DETAINEE LITIGATION )<br>)<br>_____) | Civil No. 05-0409 (EGS)<br><br><br><br>Misc. No. 08-442 (TFH) |

**NOTICE REGARDING ISSUE OF COORDINATION AND MANAGEMENT
(ACCESS TO DETAINEES BY PSYCHOLOGICAL PROFESSIONALS and
<u>ACCESS TO DETAINEE MEDICAL RECORDS</u>)**

The captioned case for Petitioner Ayman Saeed Batarfi is assigned to Judge Sullivan and for that reason undersigned counsel did not attend the July 8 Scheduling Conference before Judge Hogan in Miscellaneous No. 08-442. Undersigned counsel has learned, however, that Judge Hogan indicated Judge Sullivan's probable intention to follow Judge Hogan's procedural rulings. Counsel also understands that Judge Hogan invited submissions on possible issues for coordination before Judge Hogan. Petitioner submits this Notice without asking that it be decided by Judge Hogan; counsel merely wish to ensure that they have an opportunity to be heard on it before whichever judge makes the decision.

1. Petitioner is an orthopedic surgeon who has been detained for six and one half years. Although Petitioner has no pre-incarceration history of mental illness, military doctors at

Guantanamo have diagnosed him with severe psychotic disorders. Undersigned counsel has obtained medical records establishing these facts through Freedom of Information Act Requests.

2. Counsel requested that the government permit counsel to bring a clinical psychologist or psychiatrist to client interviews at Guantanamo, at counsel's expense. The government refused. On October 24, 2006, Petitioner filed a motion to compel the government to permit that relief. That motion has been fully briefed and was argued before Judge Sullivan on January 29, 2007. Dkt. Nos. 42, 46, 47, 54. (All of the briefing and the transcript of the oral argument are under seal.) Ultimately, Judge Sullivan denied the motion without prejudice while the jurisdictional issues were proceeding in the appellate courts. Dkt. No. 70.[1]

3. Counsel also believes that Petitioner's medical records are imperative to a fair adjudication of his habeas petition, and the government does not deny that Petitioner has a right to those records through Freedom of Information Act requests. The government as a whole, however, has obstructed Petitioner's ability to obtain those records in any reasonable timeframe. Petitioner's counsel filed a FOIA request in July 2005. The Department of Defense first produced records in January 2007, just before the hearing on Petitioner's motion before Judge Sullivan. But the government only produced records through the date of the request (in 2005), and the government has refused Petitioner's request to provide more recent records. The government's position is that counsel should proceed through FOIA.

4. Counsel has filed additional FOIA requests, but to date has received no additional records. It took the Department of Defense one and a half years to provide medical

---

[1] Petitioner also raised this issue in preliminary proceedings on his DTA Petition with the Court of Appeals. The Court of Appeals did not decide the issue, but instead ordered the parties to try to work it out among themselves and, failing that, to include it in the DTA briefing on the merits. The government's counsel flatly refused to consider any effort to bring a psychological professional to Guantanamo. The substantive briefing on the DTA has not occurred in Petitioner's case, and the government has now moved for an abeyance in that matter while Petitioner's habeas case proceeds.

records the first time – and that was after granting expedited treatment for the request. Approximately the same length of time has passed since Petitioner requested updated records, and the Department of Defense has refused to give this request expedited treatment.

5. Undersigned counsel understands that many other detainees at Guantanamo Bay suffer from mental ailments. Undersigned counsel also understands that many detainees have been even less successful than Petitioner in obtaining medical records, and that no habeas lawyer (as opposed to lawyers for military commission defendants) has been permitted to bring a psychological professional to client meetings.

6. Petitioner respectfully suggests that these two issues – access to medical records and the ability to have psychological professionals attend client interviews – are common to a number of detainees. Petitioner is not trying to evade either Judge Sullivan's or Judge Hogan's orders and makes no specific request as to which Judge decides the issue (although from a judicial economy point of view it might make more sense to have Judge Sullivan decide it). Petitioner files this Notice simply to raise the issue and to ensure that he has an opportunity to be heard before the Judge who will actually decide it.

Dated: July 9, 2008                                   Respectfully submitted,

                                                      MURPHY & SHAFFER LLC


                                                      By: __/s/ *William J. Murphy*__
                                                           William J. Murphy
                                                           D.C. Bar No. 350371
                                                           John J. Connolly
                                                           Bar No. MD09537
                                                           (D.C. Bar No. 495388)

                                                      36 S. Charles St., Suite 1400
                                                      Baltimore, Maryland 21201
                                                      Tel: (410) 783-7000
                                                      Fax: (410) 783-8823

                                                      Clive A. Stafford Smith
                                                      JUSTICE IN EXILE
                                                      636 Baronne Street
                                                      New Orleans, Louisiana 70113
                                                      (504) 558-9867

                                                      *Attorneys for Petitioner*