APPROVED FOR PUBLIC FILING BY CSO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action Nos.<br><br>04-1136 (JDB), 05-2371 (RCL) |

## SUPPLEMENTAL STATEMENT REGARDING
## COURT'S PROPOSED SCHEDULING ORDER

Following the conference conducted by this Court on July 8, 2008, counsel for Petitioners O.K.[1] (Civil Action No. 04-1136 (JDB)) and Ahmad Mohammad Al Darbi (Civil Action No. 05-2371 (RCL)) (collectively, "Petitioners") respectfully offer the following comments regarding this Court's proposed scheduling order.

1. Petitioners each face imminent prosecution before a military commission at Guantánamo Bay convened pursuant to the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600. At the July 8, 2008 hearing, the Government argued that factual returns in *habeas* cases filed by detainees facing prosecution before military commissions should be delayed until the returns in other *habeas* cases have been produced. Petitioners believe this Court should not rule on that issue at this time. Instead, it should determine whether and (if so) how to prioritize the treatment of factual returns in *habeas* cases filed by individuals who face commission charges only after Judge Robertson has ruled on the motion for a preliminary injunction currently pending in *Hamdan v. Gates*, No. 04-1519 (JR).

---

[1] Pursuant to Local Civil Rule 5.4(f)(2), which requires that the names of minor children not be used in electronically filed documents, the initials "O.K." are used to refer to the Petitioner in No. 04-1136.

2. Petitioners' *habeas* cases challenge not simply the legality of their continued detention, but also the legality and jurisdiction of the military commissions established to try them. The Supreme Court has long recognized both that Article III courts have the authority and obligation to hear pre-trial collateral challenges to the legality and jurisdiction of military commissions, and that the writ of *habeas corpus* is the appropriate vehicle through which to bring these claims. *See, e.g., Hamdan v. Rumsfeld,* 126 S. Ct. 2749 (2006); *see also United States v. Grimley*, 137 U.S. 147 (1890); *Ex parte Quirin*, 317 U.S. 1 (1942); *In re Yamashita*, 327 U.S. 1 (1946); *Madsen v. Kinsella,* 343 U.S. 341 (1952); *United States ex rel. Toth v. Quarles*, 350 U.S. 11 (1955). In *Hamdan*, for example, the Supreme Court considered a *habeas* petition brought by Salim Hamdan, a Yemeni national who is currently detained at Guantánamo and who faces trial before a military commission. *See* 126 S. Ct. at 2759. Mr. Hamdan's petition alleged that the commission lacked authority to try him for the offense charged. *Id.* The Supreme Court acknowledged that *habeas* was an appropriate mechanism for Mr. Hamdan to raise such jurisdictional challenges, since "Hamdan and the Government both have a compelling interest in knowing in advance whether Hamdan may be tried by a military commission that arguably is without any basis in law." *Id.* at 2772. Moreover, the Supreme Court found that pre-trial consideration of military commission jurisdiction was fully consistent with its precedent. *Id.*; *see also Quirin*, 317 U.S. at 25 (reviewing *habeas* petitions filed by enemy aliens challenging their impending trial before a military commission, and resolving issue of whether commission had "jurisdiction to try the charge preferred against petitioners"); *Yamashita*, 327 U.S. at 8 (reviewing *habeas* petition and considering "the lawful power of the commission to try the petitioner for the offense charged").

3.  As this Court is aware, Mr. Hamdan's *habeas* petition is now pending before Judge Robertson.  As this Court is also aware, Mr. Hamdan has moved for a preliminary injunction seeking to stay his military commission trial pending the resolution of his *habeas* petition.  Mr. Hamdan's motion raises issues directly related to the federal courts' jurisdiction to hear pre-trial collateral challenges to the legality and jurisdiction of military commissions.  Accordingly, Judge Robertson's resolution of the motion will likely be relevant to any decision this Court might make regarding the proper treatment of factual returns in *habeas* cases filed by individuals facing commission charges.  Petitioners therefore respectfully request that this Court reserve any decision on that pending Judge Robertson's ruling, and the opportunity to hear the views of the affected parties regarding the impact of Judge Robertson's ruling.

4.  Reserving decision on this issue will not cause undue delay or prejudice to the parties.  Since Mr. Hamdan's commission trial is scheduled to begin later this month, Judge Robertson has established an expedited briefing schedule and will hear Mr. Hamdan's motion on July 17, 2008.

Dated:  July 9, 2008

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

/s/ Paul C. Curnin
Paul C. Curnin
Karen E. Abravanel
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Petitioner Ahmad Mohammad Al Darbi, Civ. Action No. 05-2371 (RCL)*

4

/s/ Rebecca S. Snyder
Rebecca S. Snyder
United States Department of Defense
1099 14th Street, NW
Suite 2000E
Washington, D.C. 20005
(202) 761-0133

*Counsel for Petitioner O.K., Civ. Action No. 04-1136*

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I today caused a true and accurate copy of the foregoing to be served electronically via the Court's Electronic Case Filing system.

Dated: July 9, 2008

/s/ Paul C. Curnin
Paul C. Curnin
