# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | Misc. No. 08-442 (TFH) |
| ) |  |
| GUANTANAMO BAY ) | Civ. Action Nos. |
| DETAINEE LITIGATION ) |  |
| ) | 02-CV-0828, 04-CV-1136, 04-CV-1164, 04-CV-1194, 04-CV-1254, 04-CV-1937, 04-CV-2022, 04-CV-2035, 04-CV-2046, 04-CV-2215, 05-CV-0023, 05-CV-0247, 05-CV-0270, 05-CV-0280, 05-CV-0329, 05-CV-0359, 05-CV-0359, 05-CV-0392, 05-CV-0409, 05-CV-0492, 05-CV-0520, 05-CV-0526, 05-CV-0569, 05-CV-0634, 05-CV-0748, 05-CV-0763, 05-CV-0764, 05-CV-0765, 05-CV-0833, 05-CV-0877, 05-CV-0881, 05-CV-0883, 05-CV-0886, 05-CV-0889, 05-CV-0892, 05-CV-0993, 05-CV-0994, 05-CV-0995, 05-CV-0998, 05-CV-0999, 05-CV-1048, 05-CV-1124, 05-CV-1124, 05-CV-1189, 05-CV-1220, 05-CV-1234, 05-CV-1236, 05-CV-1244, 05-CV-1347, 05-CV-1353, 05-CV-1429, 05-CV-1457, 05-CV-1487, 05-CV-1490, 05-CV-1497, 05-CV-1504, 05-CV-1505, 05-CV-1506, 05-CV-1509, 05-CV-1555, 05-CV-1590, 05-CV-1592, 05-CV-1601, 05-CV-1607, 05-CV-1623, 05-CV-1638, 05-CV-1639, 05-CV-1645, 05-CV-1646, 05-CV-1649, 05-CV-1678, 05-CV-1704, 05-CV-1725, 05-CV-1971, 05-CV-1983, 05-CV-2010, 05-CV-2083, 05-CV-2088, 05-CV-2104, 05-CV-2112, 05-CV-2185, 05-CV-2186, 05-CV-2199, 05-CV-2200, 05-CV-2249, 05-CV-2367, 05-CV-2370, 05-CV-2371, 05-CV-2378, 05-CV-2379, 05-CV-2380, 05-CV-2381, 05-CV-2384, 05-CV-2385, 05-CV-2386, 05-CV-2387, 05-CV-2398, 05-CV-2444, 05-CV-2477, 05-CV-2479, 06-CV-0618, 06-CV-1668, 06-CV-1674, 06-CV-1684, 06-CV-1688, 06-CV-1690, 06-CV-1691, 06-CV-1725, 06-CV-1758, 06-CV-1759, 06-CV-1761, 06-CV-1765, 06-CV-1766, 06-CV-1767, 07-CV-1710, 07-CV-2337, 07-CV-2338, 08-CV-0864, 09-CV-0987 |

- 2 -

# POST-HEARING SUBMISSION REGARDING
# 30-DAY NOTICE OF TRANSFER

Counsel for Petitioner Moammar Badawai Dokhan respectfully offer comments regarding this Court's proposed order that will follow the hearing conducted by this Court on July 8, 2008.

We write specifically to address the narrow issue of whether Respondents should be required to provide the Court and counsel for a Guantanamo petitioner 30-days notice of the proposed transfer of a petitioner out of Guantanamo and to provide the name of the country to which they propose to transfer him. The Court raised this issue at the July 8 hearing and, in this regard, we write to offer a few brief points for this Court's consideration.

1. Given the gravity of the purpose of providing notice of transfer, that is, to allow counsel to challenge a proposed transfer that will likely result in the abuse, torture and possible death of a human being, we respectfully request this Court to enter an order requiring Respondents to provide 30-days notice of proposed transfer and to name the proposed receiving country in any case over which the Court has proper habeas jurisdiction that does not already have such an order entered.

2. Recognizing that this very issue is pending before the United States Court of Appeals for the District of Columbia Circuit in the cases, *Kiyemba et al. v. Bush et al.*, 05-5487 (consolidated) and *Abdah et al. v. Bush et al.*, 05-5224 (consolidated), we respectfully request this Court to enter an interim order requiring Respondents to provide 30-days notice and to name the proposed

- 3 -

    receiving country in any habeas case that does not already have such an order entered *at least* until the D.C. Circuit issues an opinion regarding this issue.

3. Recognizing this Court may wish itself to decide the issue immediately and may require briefing, we wish to call the Court's attention to the already ongoing briefing that is addressing a 30-days notice request in Petitioner Dokhan's case, 08-CV-987: On June 9, 2008, Petitioner Dokhan filed a Habeas Petition and a Motion for Order Requiring Respondents to Provide Counsel for Petitioner and the Court with 30-Days Notice of any Intended Removal of Petitioner From Guantanamo. The case was assigned to Judge Bates. Three days later the Supreme Court issued its opinion in *Boumediene*. After conferring with counsel for Respondents and in light of Chief Justice Lamberth and your Honor's in-chambers meetings on June 18 and 25, counsel for Petitioner Dokhan agreed to a delayed briefing schedule.  Judge Bates accepted the parties' proposed briefing schedule and entered an ordering requiring Respondents' Opposition to Petitioner's Motion for 30-Day Notice to be due July 9, 2008 and Petitioner's Reply to be due July 21, 2008. This Court, therefore, need not order additional briefing or another briefing schedule that may further delay the life or death protection of Petitioner Dokhan or another Guantanamo petitioner, rather counsel for Petitioner Dokhan respectfully request that the Court rely on the ongoing briefing schedule that was ordered by Judge Batess

4. Thus, if the Court does not enter an interim order until the D.C. Circuit decides the issue and chooses to resolve the 30-days notice itself, counsel respectfully

requests that 30-days notice be required in every case where such an order has not been entered or, in the alternative, rely on the ongoing briefing in Petitioner Dokhan's case to resolve his motion for 30-days notice in his case, as soon as possible after Petitioner files its Reply Brief on July 21.

We believe the proposed options will resolve the 30-days notice issue fairly while reserving judicial and counsel resources. We applaud this Court's resolve to conclude these cases expeditiously and we hope our comments will assist the Court.

Dated: July 9, 2008                .                    Respectfully submitted,

*Counsel for Petitioner Dokhan* (08-cv-987)

_____
Kristine A. Huskey
D.C. Bar #462979
Scott Sullivan
National Security & Human Rights Clinic
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
Tel: 512-232-3657
Fax: 512-232-0800


Shayana D. Kadidal
D.C. Bar ID #454248
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: 212-614-6438
Fax: 212-614-6499

- 5 -

## CERTIFICATE OF SERVICE

I, Scott Sullivan, hereby certify that I today caused a true and accurate copy of the POST-HEARING SUBMISSION REGARDING 30-DAY NOTICE OF TRANSFER to be served electronically via the Court's Electronic Case Filing system, which will send notification of such filings to all counsel of record.

_____
Scott Sullivan

Dated:  July 9, 2008