FILED ON ECF WITH
PERMISSION OF THE CSO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Guantanamo Bay Detainee Litigation | Misc. No. 08-442 (TFH)<br>Case No. 05-1555 (JR)<br>Case No. 05-cv-02185 (JR)<br>Case No. 05-cv-02186 (ESH) |

**STATEMENT REGARDING HEARING OF JULY 8, 2008**

During the hearing on July 8, 2008, and in its prior letter to the Court, counsel for Respondents represented that collecting the information necessary to amend the factual returns for detainees would be a time consuming and complicated undertaking. We make this submission to bring to the Court's attention *a)* representations by the government in the parallel DTA actions in the Court of Appeals which suggest that, at least for some detainees with pending DTA actions, the government has already collected that information and *b)* Department of Defense procedures that require Respondents to collect information about detainees on an annual basis.

Because of the efforts already undertaken by the government to collect information and their own procedural obligations to have collected information, the government should be required to file motions for leave to amend the factual returns within a short period of time.

**I.     The Government's Efforts To Collect Information On Detainees**

As the Court is aware, on July 20, 2007, in the DTA actions *Bismullah v. Gates,* No. 06-1197, (in which we are counsel for Petitioners) and *Parhat v. Gates*, 06-1397, (the cases having been consolidated for purposes of resolving certain motions), the Court of Appeals directed the government to produce the Government Information, which is defined in the procedures governing the CSRTs as "reasonably available information in the possession of the U.S. Government bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant," CSRT Procedures § E(3). The government subsequently sought rehearing by the panel, rehearing *en banc* and a writ of certiorari of that decision.[1]

In its motions for rehearing (and in other submissions), the government made multiple representations about its efforts to collect the Government Information:

- "To be sure, the government is not sitting on its hands in the interim -- many government entities are currently expending significant resources actively gathering and reviewing material that might be treated as part of the record in this case and other cases filed under the DTA. The government has begun this process by selecting test cases -- including this case -- to determine what issues will arise in compiling and producing the 'Record on Review' as defined in *Bismullah*."

    Opposition to Dates Proposed in Motion for Entry of Scheduling Order, *Bismullah v. Gates*, No. 06-1197 (D.C. Cir. Aug. 22, 2007), at 7.

---

[1]   On June 23, 2008, the Supreme Court granted the government's petition for certiorari, vacated that decision and remanded the case to the Court of Appeals for further consideration in light of the Supreme Court's decision in *Boumediene v. Bush*, 553 U.S. ___ (2008). On July 3, 2008, Petitioners moved in the Court of Appeals for reinstatement of the court's original decision.

- "Contrary to petitioner's suggestion, the government is not dragging its feet in preparing the record in these cases. Numerous government entities are currently engaged in a large-scale production effort, gathering and reviewing materials that might be treated as part of the record in this and similar cases . . . . Although the relevant government entities are proceeding expeditiously with this process, the difficulty of the process renders the schedule proposed by petitioners unreasonable."

  Supplemental Opposition to Dates Proposed in Motion for Entry of Scheduling Order, *Bismullah v. Gates*, No. 06-1197 (D.C. Cir. Aug. 31, 2007), at 4.

- "The Director of OARDEC has directed the six DoD intelligence agencies, the Office of Military Commissions, and five Combatant Commands to identify, assemble and provide information from which the 'Government Information' for certain individuals detained at U.S. Naval Base Guantanamo Bay, Cuba can be derived. OARDEC has conducted the same search of its own files for original documents falling within this definition. . . . Searches were initially undertaken with respect to six detainees currently held as enemy combatants at U.S. Naval Base, Guantanamo Bay, Cuba who have filed petitions under the Detainee Treatment Act.

  ….

  In addition, a number of outside agencies, including the CIA, FBI, State Department and Department of Homeland Security, as well as the National Security Agency (NSA) within DoD, were separately tasked in the context of this litigation with searching for and assembling information from which 'Government Information' can be derived."

  Declaration of Hon. Gordon R. England, Deputy Secretary of Defense, September 7, 2007, at ¶¶ 5-6, submitted in support of Respondents' Petition for Rehearing and Suggestion For Rehearing En Banc, *Bismullah v. Gates*, No. 06-1197 (D.C. Cir.).

- "In an effort to comply with the Bismullah panel ruling, in a limited set of DTA cases, the Government is undertaking entirely new searches of all relevant DOD components and all relevant federal agencies in an effort to capture information regarding the detainee that is relevant to the CSRT determination under review."

> Omnibus Motion to Stay Orders to File Certified Index of Record (D.C. Cir. Sept. 27, 2007), at page 30.[2]

- "[S]ignificant military and intelligence resources that have been devoted in preparing records and reviewing classified filings to facilitate the DTA review in this Court."

> Motion to Hold in Abeyance or in the Alternative Dismiss Without Prejudice, *Bismullah v. Gates*, No. 06-1197 (D.C. Cir. June 18, 2008), at 4.[3]

As the government represented that these efforts have been underway for a year, presumably the government has now collected a significant body of additional information about the detainees and should not need much additional time to decide whether to move for leave to amend the factual returns.

## II.   Respondents' Mandated Annual Review of "All Reasonably Available and Relevant Information" Pertaining to Each Detainee

As this Court is aware, the Department of Defense undertakes a yearly review, through an Administrative Review Board ("ARB") proceeding, of the evidence relating to each detainee held at Guantanamo in order to assess the eligibility of that detainee for release or transfer. Pursuant to its governing regulations, the Annual ARB is vested with "fact-gathering authority" and is required to conduct a "comprehensive review of all reasonably available and relevant information" in determining whether each of the detainees held at Guantanamo should be cleared for release. *See* Memorandum from Gordon England, Deputy Sec'y of Def., to the Sec'ys of the Military Dep'ts et al., Revised Implementation of Administrative Review Procedures (July 14, 2006) ("ARB

---

[2]   To the best of our knowledge, this motion was filed in over sixty DTA cases.

[3]   To the best of our knowledge, this motion was filed in all pending DTA cases.

Memo and Procedures"), Enclosure 3 (available at http://www.defenselink.mil/news/Aug2006/d20060809ARBProceduresMemo.pdf). The ARB is also required to "provide for periodic review of any new evidence that may become available relating to the enemy combatant status of a detainee." Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§ 1001-1006, 119 Stat. 2680, 2739-45 (2005) ("DTA") § 1005(a) (3); ARB Memo and Procedures.

The Department of Defense's own procedures require the government to have collected factual material related to each detainee each year. The availability of that information also supports granting only a brief period of time in which the government can move to amend detainees' factual returns.

We appreciate this Court's resolve to conclude these cases expeditiously.

Dated: July 9, 2008

/s/ Jennifer R. Cowan
Jennifer R. Cowan
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

John B. Missing (Bar No. 425469)
DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W.
Washington, D.C. 20004-1169
Telephone: (202) 383-8000
Fax: (202) 383-8118