IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: )<br>)<br>) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY )<br>DETAINEE LITIGATION ) | Civil Action No. 1:04-cv-01937 (PLF) |
| ) | |

**STATEMENT OF PETITIONER IBRAHIM AHMED MAHMOUD AL QOSI**

Pursuant to the Court's invitation at the July 8, 2008 all-counsel hearing, Petitioner Ibrahim Ahmed Mahmoud al Qosi respectfully submits this statement to make it clear that the Government should be required to submit a factual return in his case promptly.

Petitioner al Qosi is among the Guantanamo detainees designated for trial by military commission. At the July 8 hearing, counsel for Mr. al Qosi understood the Court to suggest that it might defer the deadline for the Government to submit factual returns for petitioners facing trial by military commission until returns for all other petitioners have been submitted, no matter when the military commission petitioners' habeas petitions may have been filed. Mr. al Qosi does not believe that would be appropriate. Rather, Mr. al Qosi's case should be governed by whatever general rules, if any, the Court adopts to prioritize the submission of factual returns.

To understand Mr. al Qosi's position, it is necessary first to understand his predicament. Mr. al Qosi was detained by bounty hunters in Pakistan in December 2001, over six and a half years ago. He was among the earlier Guantanamo detainees to file a habeas petition, doing so on November 10, 2004. In light of Judge Robertson's initial decision in the *Hamdan* case just two days before, Mr. al Qosi's habeas petition was --over his opposition -- stayed by Judge Friedman on December 17, 2004. That stay remained in place until yesterday when the Court ordered all remaining stays in pending Guantanamo cases lifted. Because Mr. al Qosi's petition was stayed

D108909.1

so soon after it was filed, his case has languished without action for more than three and a half years. *See Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (stating that "the function of the Great Writ would be eviscerated" by delay, especially where such delay is not voluntary).

In addition to being unjust under the circumstances just described, there is no legal basis on which to defer still further the Government's obligation to submit a factual return in his case. Mr. al Qosi's petition challenges not only the legitimacy of the military commission process but also his designation as an "enemy combatant." The facts are insufficient to warrant either his trial (still less his conviction) by military commission or the CSRT determination that he is an enemy combatant. He is not, and never has been, a member of al Qaeda or the Taliban, and he has never taken up arms against the United States or its allies.

Neither Mr. al Qosi nor his attorneys (including his military defense attorney appointed in connection with the military commission proceedings) have ever seen the evidence that formed the basis for the CSRT decision against him. Yet, the determination that he is an enemy combatant is a jurisdictional prerequisite to his trial by military commission. According to the Military Commission Act of 2006, only an individual who "has been determined to be an unlawful enemy combatant by a Combatant Status Review Tribunal" may be tried by military commission. 10 U.S.C. § 948a(1)(ii). Thus, if, as he suspects, Mr. al Qosi can show that his designation as an enemy combatant was in error, the military commission charges against him cannot stand.

The same point can be made in a slightly less formalistic manner. Among the hundreds of individuals detained at Guantanamo, only a tiny minority have been designated for trial by military commission. In effect, charged individuals constitute a special class of ostensible enemy combatants whose conduct is allegedly so bad, they should be tried for offenses against

the laws of war. Yet, if it can be shown that, in fact, Mr. al Qosi does not even merit the designation as an ordinary unlawful enemy combatant, there can be no argument that he can still legitimately be charged with a war crime: the commission would not even possess jurisdiction to prosecute him.

Petitioner al Qosi notes that requiring the Government to submit a factual return promptly would impose no burden on it. Having selected Mr. al Qosi for "special treatment" in the form of trial by military commission, and having sworn out charges against him, the Government can be presumed to be capable of demonstrating in short order why he merits continued detention as a mere enemy combatant.

For these reasons, and whatever the outcome of Judge Robertson's review of the latest incarnation of the *Hamdan* matter in the weeks ahead, Mr. al Qosi should be allowed to move forward with his habeas petition now -- at very least with respect to the determination that he is an enemy combatant. The Government should be required to produce a factual return consistent with whatever general rules, if any, the Court may adopt concerning the prioritization of cases.

>Respectfully submitted,
>IBRAHIM AHMED MAHMOUD AL QOSI
>PETITIONER
>By his attorneys,
>
> /s/ Paul S. Reichler
>Paul S. Reichler, DC Bar No. 185116
>Lawrence H. Martin, DC Bar No. 476639
>Sarah A. Altschuller, DC Bar No. 489202
>Foley Hoag LLP
>1875 K Street, NW
>Suite 800
>Washington, DC 20006
>(202) 223-1200

Dated: July 9, 2008