IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GUANTANAMO BAY | ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION | ) | |
| | ) | |
| HANI SALEH RASHID ABDULLAH, *et al.*, | ) | |
| | ) | |
| *Petitioners*, | ) | |
| | ) | |
| v. | ) | No. 05-0023 (RWR) |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |

## RESPONSE TO JULY 8, 2008 STATUS CONFERENCE

For the most part, petitioner Abdullah joins in the points made by petitioners' counsel at the July 8, 2008 status conference. We write separately, though, to request that the forthcoming scheduling order clarify a couple of points relevant to Abdullah. (For the information of the Coordinating Judge, we note that the government has filed a factual return, that Judge Roberts entered a 30 day notice order, and that there are no docket 'clean-up' or identity issues presented in this case.)

Abdullah recently filed a motion requesting a status conference at which the taking of certain discovery related to the admissibility of certain evidence obtained through torture and coercion could be scheduled. In addition,

Abdullah's counsel have a compelling need to interview some witnesses in U.S. custody – some identified in the CSRT record, other(s) named in a recently filed classified affidavit.[1] This discovery can and should be commenced without waiting for the government to decide whether it should file an amended return in this case, and without reference to any other priority set for the petitions: little if any of the information we seek is in the hands of the Justice Department, and so responding to our requests and arranging witness interviews should not delay or interfere unduly with the processes outlines by the government in its presentation. And, no matter what the standard of review, no matter what the burden of proof, evidence obtained under torture (or near-torture) is not admissible. Abdullah has a right to pursue evidence that it was: Nothing in *Hamdi v. Rumsfeld*,[2] or any other case, provides a basis for denying Abdullah the right to challenge the admissibility of evidence against him. While we may not know the full extent to which the government intends to rely of evidence obtained through torture/coercion, at this point we know enough to get started.

---

[1] Although counsel has only seen a redacted version of this affidavit – a motion for production to counsel of an unredacted copy is pending – the relevance of testimony from at least one individual indentified is evident.

[2] Abdullah was not captured on a battlefield, engaging in hostilities. He was arrested in an apartment in Karachi, Pakistan, after a stake-out, by Pakistani authorities.

We request, though, that the Coordinating Judge clarifies the procedures that should be followed in his scheduling order. Should Abdullah simply send discovery requests? Should he rather make a motion, and if so, should he file it with the Coordinating Judge, or with Judge Roberts? Should the Coordinating Judge or Judge Roberts convene a status conference to clarify the scope and timing of this discovery? Even if the specifics of Abdullah's case differ from the bulk of petitioners', procedural questions concerning how requests should be made and where motions should be filed are probably 'common' enough that they should be addressed in the scheduling order.

Respectfully submitted,

| | |
|---|---|
| Shayana Kadidal (DC #454248)<br>CENTER FOR CONSTITUTIONAL RIGHTS<br>666 Broadway, 7th Floor<br>New York, New York 10012<br>Tel: (212) 614-6439<br>Fax: (212) 614-6499<br><br>*Of Counsel for Petitioners* | /s/ Charles H. Carpenter<br>Charles H. Carpenter (DC #432004)<br>PEPPER HAMILTON LLP<br>600 Fourteenth Street, N.W.<br>Suite 500, Hamilton Square<br>Washington, DC 20005-2004<br>Tel: (202) 220-1507<br>Fax: (202) 220-1665<br><br>Stephen M. Truitt (DC # 13235 )<br>600 Fourteenth Street, N.W.<br>Suite 500, Hamilton Square<br>Washington, DC 20005-2004<br>Tel: (202) 220-1452<br>Fax: 202 220 1665 |
| Dated: July 9, 2008 | *Counsel for Petitioners* |