CLEARED FOR FILING BY CSO 7/14/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re : | ) | |
| | ) | |
| | ) | |
| Guantanamo Bay | ) | Misc. No. 08-442 (TFH) |
| Detainee Litigation | ) | |
| | ) | Civil No. 04-1144 (RWR) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## PETITIONERS' STATUS REPORT

Pursuant to this Court's July 7, 2008 Order, Petitioners Jamil El-Banna

("Petitioner El-Banna"), Bisher Al-Rawi ("Petitioner Al-Rawi"), and Martin Mubanga

("Petitioner Mubanga") (collectively "Petitioners"), respectfully submit this Status Report with

respect to their cases.

## BACKGROUND

After years of unwarranted imprisonment and torture that violated international

law and the laws and treaties of the United States, each of the Petitioners in this action was

released without charge.  Each petitioner was arrested in the continent of  Africa while they were

there lawfully.  Petitioner Mubanga was visiting his relatives in Zambia, one of two countries in

which he enjoys dual citizenship.  Petitioners al-Rawi and el-Banna, who are permanent British

residents, were arrested on a business trip in The Gambia that had been approved by the

Gambian government .  Agents for MI5 and MI6 in the United Kingdom also were aware of and

approved Petitioners trip to the Gambia.  The record is uncontested that none of the Petitioners

possessed a weapon or engaged in any hostile action against the United States or any of its coalition allies. Each Petitioner was falsely arrested and kidnapped while in a foreign country that was at peace with the United States.

Petitioner Mubanga was released without charge in early 2005 and repatriated to the United Kingdom. Petitioner al-Rawi was released without charge in March 2007 and repatriated to the United Kingdom. Petitioner el-Banna was released without charge in December 2007 and repatriated to the United Kingdom.

## STATUS OF HABEAS PETITIONS

Although efforts have been undertaken to contact Petitioners, those efforts have been unsuccessful to date. Nevertheless, each of the Petitioners specifically reserves his right to pursue litigation that involves the collateral consequences of the United States' wrongful imprisonment, torture, and determination that petitioners were enemy combatants. Petitioners desire to clear their names and remove any suggestion that they were involved in wrongdoing of any kind. Official communications from the British government to the Central Intelligence Agency show that the United States seized Petitioners al-Rawi and el-Banna wrongfully and that they should not have been seized by the United States.

## PROPOSED SCHEDULE

### I. Filing of Factual Return

Petitioners request that this Court order the following:

Because Petitioners have been released, the government's return is limited to the evidence presented in 2004 in the Combatant Status Review Tribunals. That is the evidence, which the government contended before Judge Green on August 31, 2004, would "supply the complete factual record justifying" the conclusion that a prisoner was an enemy combatant.

Presently, the government should have the entire CSRT record already compiled and in its possession.

Petitioners request that the court prohibit the government from expanding the return to encompass more than the CSRT record.  The government should not be permitted to adduce evidence that was not available to Judge Green.   The issue is whether there was authorization to detain Petitioners *at the time* they were taken into U.S. custody and whether there was evidence that they were properly determined to be enemy combatants.  Judge Hogan, at his July 8th status conference in the cases he is coordinating, said he was inclined not to permit the government to expand the record for purposes of this determination, and he has since required the government to seek leave to do so.

If the Court does not limit the government's return to the evidence presented at the CSRT, this Court should order the government to provide Petitioners' counsel access to all of the CSRT evidence in unredacted form (classified and unclassified).  Once information is provided, counsel will begin preparing a traverse, evidence and argument on the merits of the petition.  Again, *Boumediene's* command of swiftness supports giving counsel access to the evidence against Petitioners as soon as possible.  Any further delay would be unjust.

## II.  Exculpatory Information

The Court should order the government to provide counsel with *any and all exculpatory information in unredacted form* that the government may possess, classified or unclassified, no matter when it was acquired.  This information shall include communications from British Security, including MI5 and MI6 that relate to Petitioners and any information generated by any government agency or department or any person employed by the same, including the results of all interrogations and reports relating to same.

The government should be required to disclose all of the interrogation techniques used on Petitioners at any location where Petitioners were held against their will, including, but not limited to The Dark Prison in Kabul, Afghanistan, Bargram Air Force base in Afghanistan, and, of course, Guantanamo.

To the extent that exculpatory evidence was destroyed, Petitioners specifically request that the Government be required to identify all evidence so destroyed, describing the evidence, when it was destroyed, why it was destroyed, and upon whose order. For example, all of Petitioners' interrogations were videotaped. Petitioner's al-Rawi and el-Banna met with officials from MI5 and MI5 while imprisoned at Guantanamo. Those meetings were videotaped as well. The Government must be required to account for all the information it has destroyed.

The results of any polygraph or stress testing of any kind should be produced. If such evidence existed but cannot be produced, the Government should be required to state that the evidence is no longer available.

### III. Filing of Traverse

Petitioners propose that counsel be permitted to examine the returns and any exculpatory information within a short and certain time after the government has made this information available. After viewing the government's evidence, counsel will confer with Petitioners. Following that, Petitioners propose that they will either file a traverse or promptly file a notice that no traverse will be filed.

### IV. Subsequent Status Reports

Petitioners propose that following that filing, the parties be required to submit status reports setting forth their proposals for further proceedings.

## V.  Discovery

Petitioners do not ask the Court to adopt a discovery plan at this point.  Petitioners do request that the government be required to produce all information in unredacted form that supports the determinations that petitioners were enemy combatants immediately.  Should Petitioners determine that additional information is needed, counsel will file an appropriate motion.

## VI.  No Redaction Should Be Permitted

Petitioners request that this court require the government to produce all evidence in unredacted form to allow counsel to properly evaluate the nature of the evidence.  Petitioners' counsel has Top Secret-SCI clearance and access to the secure facility.  Accordingly there is no need for the government to redact any information in these cases.  Should the government desire to redact information, Petitioners request that the Court order the Government to move the Court for express permission to redact said information, providing the Court with the specific reasons the proposed redactions are necessary.

Respectfully submitted,


_____/s/_____
George Brent Mickum IV, Bar No. 396142
Spriggs & Hollingsworth
1350 I Street NW
Washington, District of Columbia 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639


Counsel for Petitioners

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2008, a true and correct copy of the foregoing

Petitioners' Status Report was served on the following persons, by first-class United States mail,

in addition to the service that automatically occurs by virtue of the electronic filing of this

document:

> Terry Henry, Esq.
> Andrew I. Warden, Esq.
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Avenue., N.W., Room 7144
> Washington, D.C.  20530


> _____/s/_____
> George Brent Mickum IV