IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) ) ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY DETAINEE LITIGATION | ) ) ) ) ) ) | Civil No. 05-CV-1505 (RMC) |

## STATUS REPORT FOR PETITIONER
## ABBAR SUFIAN AL HAWARY (ISN 1016)

Pursuant to the Court's July 11, 2008 Order, Petitioner Abbar Sufian Al Hawary ("Al Hawary"), by undersigned counsel, respectfully submits the following status report.

**1. Al Hawary's Habeas Petition Has Been Remanded To The District Court And Should Proceed In Accordance With *Boumediene*.**

Al Hawary's Petition for Writ of Habeas Corpus, Case No. 1:05-CV-1505 (RMC) ("Petition"), was filed on July 28, 2005. Relying *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), on May 9, 2007, the district court dismissed Al Hawary's Petition. Al Hawary filed an appeal from the dismissal in the United States District Court for the District of Columbia Circuit (No. 07-5203). Those proceedings were held in abeyance, pending the Supreme Court's decision in *Boumediene*. Due to the Supreme Court's June 12, 2008 decision in *Boumediene*, on June 18, 2008, Al Hawary submitted a Motion for Summary Reversal and Remand of the district court's dismissal of the Petition. That Motion was granted on July 3, 2008 when the D.C. Circuit ordered that Al Hawary's Petition be "remanded to the district court for proceedings consistent with *Boumediene v. Bush*, 128 S. Ct. 2229 (2008))." Order (July 3, 2008) (Docket No. 71). Therefore, Al Hawary's Petition is now postured to move forward in the district court.

    **2.**    **Al Hawary and Respondents Agree That The Protective Order Should Be Entered.**

Undersigned counsel has conferred with counsel for Respondents, Robert Kamenshine, and Respondents do not oppose Al Hawary's request that the November 8, 2004 Protective Order (and supplemental orders) be entered in this case.[1] Both parties reserve the right the right to seek modifications to the protective order and supplemental orders as appropriate.

    **3.**    **Al Hawary Has Been Cleared For Release And Has Requested 30-Days Notice Prior To Release.**

On February 22, 2007, counsel for Al Hawary was informed that he has been "approved to leave Guantanamo." (Email from Matthew J. Digiacomo to Scott Barker, et al. (Feb. 22, 2007)) (Ex. A). However, the notification also states, "such a decision does not equate to a determination that your client is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States or its allies." *Id*. Al Hawary has serious concerns that this ambiguous and damaging language will prevent his safe release from Guantanamo.

Pursuant to this Court's July 10, 2008 Order, on July 14, 2008, Al Hawary filed his Request for 30-Days' Notice Prior to Transfer (Docket No. 70), informing the Court and Respondents that he wishes for his counsel to receive 30-days notice prior to his release.

    **4.**    **Al Hawary Has Not Received A Factual Return, Nor Has He Received His CSRT Record.**

Respondents have not submitted a factual return regarding Al Hawary's Petition, nor have Respondents provided Al Hawary's counsel with the classified or unclassified versions of

---

[1] Al Hawary previously sought entry of the Protective Order in his habeas petition action. *See* Motion for Entry of the Protective Order (March 28, 2006) (Doc. 30). This Motion was not ruled on prior to the dismissal of the Petition.

his CSRT Record. Al Hawary requests that this information be provided by Respondents as soon as possible.

### 5. Al Hawary and Respondents Agree That This Petition Can Be Converted To A Direct Petition By Dismissal Of The Next Friend.

Undersigned counsel has conferred with counsel for Respondents, Robert Kamenshine, and Respondents do not oppose Al Hawary's request that his Next Friend, Shaker Aamer, be dismissed from the case because Al Hawary has granted his counsel authority to represent him.

### 6. Al Hawary and Respondents Have Agreed His DTA Petition Should Be Held In Abeyance.

On September 17, 2007, Al Hawary filed his Petition for Release and Other Relief Under Detainee Treatment Act of 2005 ("DTA Petition"). On June 18, 2008, in light of the Supreme Court's decision in *Boumediene*, Respondents filed a motion to hold Al Hawary's DTA Petition in abeyance, or in the alternative, to dismiss the DTA Petition, pending the conclusion of his habeas petition. Al Hawary has filed a response stating that he does not oppose the abeyance of the DTA Petition.

Dated:  July 15, 2008

Respectfully submitted,

*s/ Danielle R. Voorhees*
Anne J. Castle
Scott S. Barker
William Murane
Danielle R. Voorhees
Meghan N. Winokur
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone:  (303) 295-8000

**ATTORNEYS FOR PETITIONER**

3

## CERTIFICATE OF SERVICE

      I hereby certify that on July 15, 2008, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

    United States Department of Justice
    Civil Division, Federal Programs Branch
    20 Massachusetts Ave., N.W., Room 7144
    Washington, DC  20530

                                    *s/ Danielle R. Voorhees*
                                    Holland & Hart LLP

3896343_1.DOC

# EXHIBIT A

## Danielle Voorhees

| | |
|---|---|
| **From:** | Triplett J. Mackintosh |
| **Sent:** | Thursday, February 22, 2007 2:57 PM |
| **To:** | Danielle Voorhees |
| **Subject:** | FW: Detainee Status Notification |

**From:** Digiacomo, Matthew J Capt OARDEC, CYTW [mailto:matthew.digiacomo@navy.mil]
**Sent:** Thursday, February 22, 2007 2:56 PM
**To:** Scott Barker; hmkhan@hollandhart.com; Triplett J. Mackintosh; William Murane
**Subject:** Detainee Status Notification

```
Dear Counsel for ISN 1016

    Through either the Administrative Review Board (ARB) process or the process DOD had
in place prior to ARBs, your client has been approved to leave Guantanamo, subject to the
process for making appropriate diplomatic arrangements for his departure.  Accordingly, my
prior guidance regarding submission of materials for a 2007 ARB for your client is
inapplicable to this detainee; he will not be receiving another ARB proceeding.

    As you know, such a decision does not equate to a determination that your client is
not an enemy combatant, nor is it a determination that he does not pose a threat to the
United States or its allies.  I cannot provide you any information regarding when your
client may be leaving Guantanamo as his departure is subject to ongoing discussions.


DAVID N. COOPER, Lt Col, USAFR
Staff Judge Advocate
DOD HQ OARDEC
Office for the Administrative Review of the Detention of Enemy Combatants
Washington, DC
```

1