**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE: ) ) | |
| ) | Misc. No. 08-442 (TFH) |
| **GUANTANAMO BAY** ) | |
| **DETAINEE LITIGATION** ) | Civil Action No. CV 02-0828 (CKK) |
| ) | |

**STATUS REPORT**

Petitioners hereby submit the following status report in *Al Odah, et al. v. United States, et al.*, Civ. Act. No. CV 02-0828 (CKK):

A.   General

Petitioners in this case are four Kuwaiti nationals detained in Guantanamo, and their next friends.[1] Petitioners were among the first detainees to arrive at Guantanamo six and a half years ago. This case, filed on May 1, 2002, was the second case ever filed by Guantanamo detainees and is the oldest pending case involving petitioners still in detention. Petitioners have borne the brunt of the years of delay as they have sought to have their case heard by this Court. They were parties to the Supreme Court's decision in *Rasul v. Bush*, in which the Supreme Court held that this Court had habeas corpus jurisdiction, and remanded the cases "for the District Court to consider in the first instance the merits of petitioners' claims." *Rasul v. Bush*, 542 U.S. 466, 485 (2004). They again came before the Supreme Court in *Boumediene v. Bush*, in which the Supreme Court ruled that this Court has habeas corpus jurisdiction over Petitioners' habeas cases despite the purported repeal of jurisdiction by the Military Commissions Act of 2006, and held that "the costs of delay can no longer be borne by those who are held in custody. The detainees

---

[1]   Petitioners previously included eight other Kuwaiti nationals, along with their next friends, who were transferred to the custody of the State of Kuwait. All eight were criminally charged in Kuwaiti courts, but were acquitted following criminal trials or appeals. By Order dated July 17, 2008, this Court granted the parties' agreed motion to dismiss the case without prejudice as to those petitioners who are no longer held at Guantanamo.

in these cases are entitled to a prompt habeas corpus hearing." *Boumediene v. Bush*, 128 S. Ct. 2229 (2008).

B.   Parties

Petitioners who remain detained in Guantanamo, and their next friends, are as follows:

| Detainee | Next Friend |
|---|---|
| Fawzi Khalid Abdullah Fahad Al Odah ("Al Odah") | Khalid A.F. Al Odah |
| Fayiz Mohammed Ahmen Al Kandari ("Al Kandari") | Mohammed A.J.M.H. Al Kandari |
| Khalid Abdullah Mishal Al Mutairi ("Al Mutairi") | Meshal A.M. Th Al Mutairi |
| Fouad Mahmoud Al Rabiah ("Al Rabiah") | Yahya Al Rabiah, to be substituted for Monzer M.H.A. Al Rabieah (deceased)[2] |

Respondents in this case include the United States, President George W. Bush, the Secretary of Defense, the Chairman of the Joint Chiefs of Staff, the Commander of Joint Task Force-Guantanamo (formerly known as Joint Task Force-160), and the Commander of Camp X-Ray / Camp Delta. Petitioners' Motion for Substitution of Parties, addressed below, seeks substitution of the appropriate officials for their predecessors named in their official capacities.

Petitioners are not parties to any other habeas corpus petitions. Once this Court rules on their Motion to Substitute Parties, then all proper parties will be before the Court. Each of the Petitioners has received a Combatant Status Review Tribunal. None has been "cleared for release" by the United States, although the State of Kuwait has sought their return. Petitioners have not requested a 30-day notice order, and do not seek such an order.

---

[2]   Petitioners currently have pending a Motion to Substitute Parties, addressed below, seeking the substitution of Yahya Al Rabiah for Monzer M.H.A. Al Rabieah. The government has indicated its opposition to the motion.

2

C.    Factual Returns

The government has filed factual returns as to each of the Petitioners. Its return to Al Odah's petition was filed on October 8, 2004, at Docket #104. Its return to Al Rabiah's petition was filed on October 12, 2004, at Docket #108. Its return to Al Mutairi's petition was filed on October 13, 2004, at Docket #110. Its return to Al Kandari's petition was filed on October 22, 2004, at Docket #124. Each return consists of the respective Petitioner's Combatant Status Review Tribunal ("CSRT") record, including classified and unclassified components. Portions of the classified components are redacted. The redactions are the subject of this Court's Order of January 31, 2005, granting Petitioners' Motion for Access to Unredacted Factual Returns. That order is the subject of a pending interlocutory appeal, discussed below.

The government has not specifically indicated an intent to file a motion to amend its factual return as to any of the Petitioners. Pursuant to this Court's Scheduling Order, any such motion would be due no later than August 29, 2008.

D.    Pending Motions

The following motions are currently pending in this case:

1.    *Petitioners' Motion for Leave to Take Discovery and for Preservation Order*, Docket #177 and #178 (Jan. 10, 2007). The government has filed an opposition and Petitioners have filed a reply. Petitioners intend to withdraw this motion as it relates to Petitioners and file new motions for leave to take discovery.[3]

2.    *Respondents' Motion to Dismiss Habeas Petition of Nasser Nijer Naser Al Mutairi*, Docket #185 (Jan. 18, 2005). This motion is moot as a result of this Court's granting of

---

[3] The motion was also filed in other cases; Petitioners' counsel do not speak for petitioners in those other cases.

3

Petitioners' Consent Motion to Dismiss Without Prejudice as to Detainees Transferred to Kuwait. Nasser Nijer Naser Al Mutairi is no longer a party to this case.

3. *Petitioners' Motion to Enforce Court's Order of Oct. 20, 2004 and for Appointment of Special Master*, Docket #209 (Feb. 25, 2005). The government has filed an opposition and Petitioners have filed a reply. Petitioners intend to withdraw this motion.

4. *Petitioners' Motion for Preliminary Injunction*, Docket #214 (Mar. 14, 2005). The government has filed an opposition and Petitioners have filed a reply. This motion seeks a preliminary injunction requiring the government to abide by military regulations and international law governing Petitioners' treatment at Guantanamo. Petitioners intend to withdraw this motion without prejudice.

5. *Petitioners' Motion for Leave to File Second Amended Complaint*, Docket #216 (Mar. 14, 2005). The government has filed an opposition and Petitioners have filed a reply. Petitioners intend to withdraw this motion without prejudice.

6. *Petitioners' Motion for Writ of Injunction*, Docket #233 (Apr. 21, 2005). The government has filed an opposition and Petitioners have filed a reply. This motion seeks an injunction prohibiting government interrogators from interfering with attorney-client relationships between Petitioners and their attorneys. Petitioners intend to withdraw this motion without prejudice.

7. *Petitioners' Motion for Sanctions*, Docket #293 (Jul. 21, 2006). The government has filed an opposition and Petitioners have filed a reply. This motion was in response to the government's revelation that government agents had seized and reviewed attorney-client privileged materials from Petitioners and other detainees during an investigation into detainee suicides in 2006, in violation of this Court's Amended Protective Order. The government filed a

motion to establish procedures for review of attorney-client privileged materials. Petitioners opposed the government's motion and filed this motion for sanctions. The government's motion for procedures to review attorney-client materials and the Petitioners' Motion for Sanctions were transferred to Judge James Robertson for decision, along with other motions for sanctions filed by petitioners in other cases. Judge Robertson granted the government's motion, but deferred ruling on the Petitioners' Motion for Sanctions, which Judge Robertson ordered would be "taken up and decided at a later time." (Amended Memorandum Order, Docket #311 (Sept. 20, 2006)). Because similar motions for sanctions based on the same facts have been filed in other cases, the motions for sanctions may be an appropriate matter for coordinated consideration.

8. *Respondents' Motion to Dismiss*, Docket #320 (Apr. 19, 2007). The Petitioners have filed an opposition and the government has filed a reply. This motion to dismiss due to lack of jurisdiction was filed in multiple cases, and was based on the decision of the U.S. Court of Appeals for the D.C. Circuit in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *rev'd*, 128 S. Ct. 2229 (2008). The government's motion should be denied or withdrawn.

9. *Petitioners' Motion for Status Conference*, Docket #329 (June 16, 2008). The government has filed an opposition and the Petitioners have filed a reply. Consistent with Judge Colleen Kollar-Kotelly's order transferring this case to Senior Judge Hogan "for coordination and management, while retaining the cases for all other purposes," because there are pending issues that will ultimately be decided by Judge Kollar-Kotelly, Petitioners maintain their request for a status conference before Judge Kollar-Kotelly.

10. *Petitioners' Emergency Motion for Injunction*, Docket #335 (July 2, 2008). The government has filed an opposition and Petitioners have filed a reply. This motion seeks an emergency injunction prohibiting government attorneys and their agents from having further

5

communications with Al Kandari and Al Rabiah without the consent of Petitioners' counsel and in violation of Rule 4.2 of the Army Rules of Professional Conduct and other applicable rules. The motion is in response to assertions by the Chief Prosecutor of Military Commissions that he and his staff are entitled to communicate directly with Petitioners concerning the government's allegations at issue in these habeas corpus cases, and a subsequent communication with one of the Petitioners by an agent of the Criminal Investigation Task Force acting on behalf of or at the direction of the Chief Prosecutor. The government has argued that this Court lacks jurisdiction over the motion, but has not denied the underlying facts.

Because government attorneys and their agents could resume communications with the Petitioners at any time to the substantial prejudice of Petitioners' habeas corpus cases, this Emergency Motion for Injunction should be decided immediately. Because this motion involved facts unique to Al Kandari and Al Rabiah, the motion is not appropriate for coordinated consideration.

11.    *Petitioners' Motion to Substitute Parties*, Docket #346 (July 10, 2008). The government has indicated its opposition to this motion, but has not yet filed an opposition. The motion seeks substitution of Yahya Al Rabiah as next friend for her husband, Al Rabiah. Al Rabiah's former next friend, his brother Monzer M.H.A. Al Rabieah, is deceased. The motion also seeks substitution of the original named Respondents' successors in office for the original office holders.

E.    Pending Interlocutory Appeal

This Court's Order of January 31, 2005, granting Petitioners' Motion for Access to Unredacted Factual Returns, is the subject of the government's interlocutory appeal in *Al Odah v. United States,* Case No. 05-5117 (D.C. Cir.), which is consolidated in the D.C. Circuit with ten

other cases on interlocutory appeal. The case has been fully briefed in the D.C. Circuit, but was held in abeyance pending the Supreme Court's decision in *Boumediene v. Bush*. Petitioners have filed a Motion to Govern Proceedings in the D.C. Circuit asking the court to dismiss the interlocutory appeal as untimely or, in the alternative, to set the case for oral argument on the first available date, without supplemental briefing.


July ___, 2008                                         Respectfully submitted,


                                                                  /s/
                                       David J. Cynamon (D.C. Bar #182477)
                                       Matthew J. MacLean (D.C. Bar #479257)
                                       PILLSBURY WINTHROP
                                       SHAW PITTMAN LLP
                                       2300 N Street, N.W.
                                       Washington, D.C. 20037
                                       Telephone: (202) 663-8000
                                       Facsimile: (202) 663-8007

                                       Attorneys for Plaintiffs-Petitioners

**Certificate of Service**

I certify that on July ___, 2008, I caused the foregoing to be served on the following attorneys via electronic filing:

Brian David Boyle
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 4633
Washington, DC 20530-0001
(202) 3305-1434
202-514-0238 (fax)
brian.d.boyle@usdoj.gov

Terry Marcus Henry
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC 20044
(202) 514-4107
(202) 616-8470 (fax)
terry.henry@usdoj.gov

Robert D. Okun
UNITED STATES ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 10-435
Washington, DC 20530
(202) 514-7282
(202) 514-8784 (fax)
robert.okun@usdoj.gov

Judry Laeb Subar
U.S. DEPARTMENT OF JUSTICE
P.O. Box 833
Suite 7342
Washington, DC 20044-0833
(202) 514-3969
judry.subar@usdoj.gov

Andrew I. Warden
U.S. DEPARTMENT OF JUSTICE,
CIVIL DIVISION, FEDERAL PROGRAMS
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 616-5084
(202) 616-8460 (fax)
andrew.warden@usdoj.gov

　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　Matthew J. MacLean