# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE:                                      )
                                            )
                                            )
PETITIONERS SEEKING HABEAS CORPUS           )      **Misc. No. 08-0442 (TFH)**
RELIEF IN RELATION TO PRIOR DETENTIONS      )
AT GUANTANAMO BAY                           )
                                            )      **05-cv-1983 (RMU)**
                                            )      **05-cv-2104 (RBW)**
                                            )
                                            )
                                            )

## JOINT STATUS REPORT

Pursuant to this Court's July 11, 2008 Order (Dkt. No. 53), undersigned counsel respectfully submit this consolidated status report on behalf of Petitioner Bakush (ISN 708) in Case No. 05-cv-1983 (RMU), and Petitioners Shamrany (ISN 171), Bahlool (ISN 039), and Hussain (ISN 690) in Case No. 05-cv-2104 (RBW).

**1.     Case No. 05-cv-1983 (RMU):  Petitioner Bakush (ISN 708)**

As an initial matter, Petitioner Bakush was originally identified as Ismail Alkhemisi in his October 6, 2005 Petition for Writ of Habeas Corpus. He has now been correctly identified as Ismael Ali Farag Al Bakush. Mr. Bakush has been imprisoned at the United States Naval Station, Guantanamo Bay, Cuba ("Guantanamo") since approximately June 2002. Petitioner Bakush is a native of Libya, but he left that country more than seventeen years ago and has never returned, because he fears that he will be tortured or killed by the Qadaffi regime. For this reason, pursuant to this Court's July 11, 2008 Order (Dkt. No. 52), we recently filed a Notice of Petitioners' Request for 30-Days

Notice of Transfer requesting 30 days notice prior to any transfer of Mr. Bakush from Guantanamo (Dkt. No. 63).

As a result of the stays entered in the Guantanamo cases pending decision in *Boumediene*, Respondents have never produced a Factual Return for Mr. Bakush. Accordingly, we are unable to comment at this time on the nature of Respondents' allegations against Mr. Bakush.

Prior to the transfer of Mr. Bakush's case to this Court for coordination, we filed on his behalf a Motion to Lift Stay, for Production of Factual Returns, and to Set Status Conference, which is attached hereto for the Court's convenience as Ex. A. As noted in that motion, Mr. Bakush's petition was filed on behalf of another purported detainee at Guantanamo, Petitioner Belgaid. We have since determined that Mr. Belgaid is not in Guantantamo, but instead is believed to be detained at the U.S. detention facility at Bagram Air Base in Afghanistan. The undersigned counsel do not represent Mr. Belgaid.

## 2. Case No. 05-cv-2104 (RBW): Petitioners Shamrany (ISN 171), Bahlool (ISN 039), and Hussain (ISN 690)

Petitioners Othman Ali Mohammed Al Shamrany, Ali Hamza Ahmed Suliman Bahlool (also commonly spelled "al Bahlul"), and Abdul Al Qader Ahmed Hussain are all natives of Yemen. Each of these Petitioners has been detained by U.S. forces since late 2001 and held in Guantanamo since early 2002. As with Mr. Bakush, Respondents have never produced Factual Returns for any of these petitioners, and we therefore are unable to comment on Respondents' allegations against them. Mr. Bahlool has now been charged by the U.S. military commission in Guantanamo.

Prior to the transfer of Case No. 05-cv-2104 to this Court for coordination, we filed on behalf of these three petitioners a status report and a Motion to Lift Stay, for Production of Factual Returns, and to Set Status Conference, which are attached hereto for the Court's convenience as Exs. B and C.

Finally, we note that on July 14, 2008 we filed a status report in Misc. No. 08-0444 for Issam Al Jayfi, also named as a Petitioner in 05-cv-2104. As set forth in that status report, Mr. Al Jayfi was repatriated from Guantanamo to Yemen in December 2006. We are attempting to contact Mr. Al Jayfi in Yemen to determine whether he wishes to proceed with this petitioner based on the "collateral consequences" doctrine or stipulate to dismissal of his petition without prejudice. We will inform the Court as soon as make this determination.

Dated: July 18, 2008

        /s/ Wesley Powell

Wesley R. Powell

wpowell@hunton.com

Of Counsel:

HUNTON & WILLIAMS LLP

200 Park Avenue

Shayana Kadidal

New York, NY 100166

skadidal@ccrjustice.org

Telephone: (212) 309-1000

CENTER FOR CONSTITUTIONAL

Facsimile: (212) 309-1100

RIGHTS

666 Broadway, 7th Floor

Karma B. Brown

New York, NY 10012

kbbrown@hunton.com

Telephone: (212) 614-6439

HUNTON & WILLIAMS LLP

Fax:        (212) 614-6499

1900 K Street, N.W.

Washington, DC 20006-1109

Telephone: (202) 955-1500

Facsimile: (202) 778-2201

- 3 -

FILED WITH THE
COURT SECURITY OFFICER
CSO: ~~~~~~~~~
DATE: ~~~~~~~~~

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EXHIBIT A**

| | |
|---|---|
| ISMAIL ALKHEMISI, *et al.*, | ) |
| | ) |
| **Petitioner,** | ) |
| | ) Case No.: 05-cv-1983 (RMU) |
| **v.** | ) |
| | ) |
| GEORGE W. BUSH, et al., | ) |
| | ) |
| **Respondents.** | ) |
| | ) |
| | ) |

## PETITIONER'S MOTION TO LIFT STAY, FOR PRODUCTION OF FACTUAL RETURN, AND TO SET STATUS CONFERENCE

For the reasons set forth in the accompanying Memorandum in Support of Petitioner's Motion to Lift Stay, For Production of Factual Return, and to Set Status Conference, Petitioner Ismael Ali Farag Al Bakush (ISN 708) (originally identified in the Petition as Ismail Alkhemisi), respectfully requests that the Court order the following relief:

1. Vacate the Court's order staying this action, entered on November 21, 2005 (Dkt. No. 4);

2. Require Respondents to produce the full, unredacted Factual Return to Mr. Bakush's Petition within 14 days from the date of this Court's order requiring such production; and

3. Set a status conference for this matter at the Court's earliest convenience.

Pursuant to Local Rule 7(m), counsel sought Respondents' agreement to the relief requested herein prior to filing this motion. Counsel for Respondents has informed us that Respondents do not oppose lifting the stay, but do oppose granting the other relief sought

pending the ongoing discussions with Chief Judge Lamberth and Judge Hogan of possible coordination of certain aspects in the Guantanamo *habeas* litigation.

      **WHEREFORE,** Petitioner Bakush respectfully requests that the Court grant the relief requested herein, and such other and further relief as may be just and proper.

Dated:  June 26, 2008

Of Counsel:

Shayana Kadidal
skadidal@ccrjustice.org
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:  (212) 614-6439
Fax:          (212) 614-6499

Respectfully submitted,

/s/ Wesley R. Powell
Wesley R. Powell
wpowell@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY  100166
Telephone:   (212) 309-1000
Facsimile:    (212) 309-1100

Karma B. Brown
kbbrown@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC  20006-1109
Telephone:   (202) 955-1500
Facsimile:    (202) 778-2201

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ISMAIL ALKHEMISI**, *et al.*, | ) | |
| | ) | |
| **Petitioners,** | ) | |
| | ) | **Case No.: 05-cv-1983 (RMU)** |
| **v.** | ) | |
| | ) | |
| **GEORGE W. BUSH**, *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION TO LIFT STAY, FOR PRODUCTION OF FACTUAL RETURN, AND TO SET STATUS CONFERENCE

Petitioner Ismael Ali Farag Al Bakush (ISN 708) (originally identified in the Petition as Ismail Alkhemisi) have today filed a motion for an order vacating the existing stay, requiring Respondents to immediately produce the full, unredacted Factual Return to Mr. Bakush's Petition, and setting a status conference to establish the schedule for discovery and a hearing on the merits of Mr. Bakush's petition and to discuss other preliminary matters identified below. We set forth below some background on this action, the bases for the relief requested, and a preliminary identification of matters for discussion at the proposed status conference.

### Introduction

1.      Mr. Bakush's habeas petition has been stayed for more than two years pending the disposition of *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007), *rev'd*, 533 U.S. ___ (June 12, 2008).

2.      On June 12, 2008, the Supreme Court struck down section 7 of the Military Commissions Act of 2006, 28 U.S.C. § 2241(e), which purported to deprive this Court of

jurisdiction over these *habeas corpus* petitions. *Boumediene v. Bush*, 553 U.S. ___ (June 12, 2008). As the majority observed, "[t]he detainees in these cases are entitled to a prompt habeas corpus hearing." *Id.*, slip op. (majority) at 66.

3.    Consistent with the Supreme Court's direction, Petitioner Bakush respectfully seeks to immediately resume this action, obtain the discovery necessary to fully challenge Respondents' purported legal and factual basis for detaining Mr. Bakush without charges for the last six years, and to establish a schedule for a hearing on the merits of his Petition.

### Procedural History

4.    Petitioner Bakush is a prisoner at the United States Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). Petitioner has been imprisoned at Guantánamo since early 2002.

5.    Petitioner has been unlawfully designated as an enemy combatant. He does not fall within any lawful basis for military detention.

6.    In the years since this Court's stay was entered, petitioner has suffered and continues to suffer harsh confinement conditions at Guantánamo.

7.    On October 6, 2005, Petitioner filed a Petition for Writ of Habeas Corpus ("Pet.") in this Court. Respondents quickly moved to stay the proceeding, and on November 21, 2005, this Court entered a stay. (Dkt. No. 4.)

8.    The original Petition that included Petitioner Bakush was filed by other counsel on behalf of Mr. Bakush and Hasan Balgaid. (Pet. 1.) In that original Petition, Mr. Bakush was identified as Ismail Alkhemisi.    (Id.)    The undersigned counsel assumed Mr. Bakush's representation in July, 2007 (*see*, July 16, 2007 Notice of Appearance, Dkt. No. 38.) Through

visiting Petitioner at the base, we have determined the proper phonetic spelling of his name is Ismael Ali Farag Al Bakush.

9.     We have been informed by our co-counsel at the Center for Constitutional Rights that Petitioner Balgaid has never been located in Guantanamo and is believed to have been held by the United States in Bagram, Afghanistan.  The undersigned counsel has never represented Mr. Balgaid.

## Argument

### I.     Petitioner is Entitled to a Prompt Hearing On The Merits of His Claim

10.     Justice necessitates that Petitioner's claim be promptly addressed.  The statutory provisions for prompt returns, immediate hearings, and summary disposition of *habeas corpus* cases expressly require that petitions be heard and decided promptly.  28 U.S.C. §§ 2241, 2243; ("[T]he [habeas] court shall *summarily hear and determine the facts*, and dispose of the matter as law and justice require.") (emphasis added).  Courts, including the majority in *Boumediene*, see slip op. at 50-51, have similarly recognized the need for speedy resolution of *habeas corpus* cases.  *See, e.g., Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting the interest of the prisoner and of society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotations and citation omitted); *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. . . . One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else."); *Van Buskirk v.*

*Wilkinson*, 216 F.2d 735, 737-38 (9th Cir. 1954) ("[The Writ] is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination.").

11.    The need for a prompt hearing is never greater than where a petitioner previously has been afforded no judicial review. *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001); *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing that if delay in deciding a *habeas* petition, absent good reason, were routinely permissible, "the function of the Great Writ would be eviscerated"); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time."); *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus *particularly inappropriate for any delay*.") (emphasis added).

12.    Petitioner is in the seventh year of his imprisonment and has been afforded no judicial review of the merits of his claim or the lawfulness of his detention to date.

13.    The instant case was stayed pending resolution of the jurisdictional issues in *Boumediene*. With that case now decided, the Court should promptly lift the stay and allow Petitioner's *habeas corpus* claims to proceed on the merits.

14.    A grant of the relief requested by this motion lies within the sound discretion of the Court.

## Relief Requested

15.    For all of these reasons, we respectfully ask that the Court enter an order granting the following relief:

A.    Vacate the pending stay of this action (Dkt. No. 4);

B.    Require Respondents to produce the full, unredacted Factual Return for Mr. Bakush within 14 days from the date of the Court's order requiring such production; and

C.    Set a status conference for this matter at the Court's earliest convenience.

### Matters For Proposed Status Conference

Counsel for Petitioner is aware of, and participating in, the discussions with Chief Judge Lamberth and Judge Hogan concerning the most effective and expeditious means for moving this and other Guantanamo habeas cases toward a fair, complete, and prompt resolution. To that end, and for the Court's convenience, we preview here a non-exhaustive list of topics that should be taken up at the proposed initial status conference, recognizing that some of these issues may become the subject of coordinated handling by Judge Hogan:

A.    Entering an Order requiring 30 days notice before transferring Mr. Bakush to his native Libya or any other country, to preserve the Court's jurisdiction over this matter and to avoid rendering Mr. Bakush to a home country where he is at risk of torture and death;

B.    Facilitating security clearances for additional Hunton & Williams lawyers and staff, in light of the increased workload in pursuing habeas hearings for Mr. Bakush and other Guantánamo detainees;

C.    Correcting the spelling of Petitioner's name through an amendment to the petition or other appropriate means;

D.    Establishing a framework and schedule for the discovery necessary for Mr. Bakush to mount a full challenge to the purported factual basis for Respondents' detention of him, as called for in *Boumediene*.

E.    Setting a date for a hearing on the merits of Mr. Bakush's habeas challenge.

### Conclusion

For the foregoing reasons, the Motion should be granted and Petitioner Bakush should be granted such other and further relief as may be just and proper.

Dated:  June 26, 2008

Of Counsel:

Shayana Kadidal
skadidal@ccrjustice.org
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6439
Fax:         (212) 614-6499

Respectfully submitted,


/s/ Wesley R. Powell
Wesley R. Powell
wpowell@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY  100166
Telephone:   (212) 309-1000
Facsimile:   (212) 309-1100

Karma B. Brown
kbbrown@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC  20006-1109
Telephone:   (202) 955-1500
Facsimile:   (202) 778-2201

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ISMAIL ALKHEMISI, *et al.*, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No.: 05-cv-1983 (RMU)** |
| **v.** | ) | |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |
| | ) | |

## [PROPOSED] ORDER GRANTING PETITIONER'S MOTION TO LIFT STAY, FOR PRODUCTION OF FACTUAL RETURN, AND TO SET STATUS CONFERENCE

For the reasons set forth in Petitioner Ismael Ali Farag Al Bakush's (ISN 708) (originally identified in the Petition as Ismail Alkhemisi) Memorandum in Support of Motion to Lift Stay, For Production of Factual Return, and to Set Status Conference, the Court hereby GRANTS Petitioner Bakush's Motion to Lift Stay, For Production of Factual Return, and to Set Status Conference.

The stay entered by order of November 21, 2005 (Dkt. No. 4) is vacated. Respondents are directed to produce the factual return for Mr. Bakush within 14 days of the date of this order. The Court will conduct a status conference at _____ on July _____, 2008.

_____
Ricardo M. Urbina
United States District Judge

## CERTIFICATE OF SERVICE

I certify that I today caused a true and accurate copy of Petitioner Motion To Lift Stay, Memorandum in Support and Proposed Order to be served upon the following persons by virtue of filing the above listed document with the U. S. Department of Justice Litigation Security Section:

> Terry Henry, Esq., Senior Trial Attorney
> Andrew I. Warden, Esq., Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., N.W., Room 7144
> Washington, D.C.  20530

This 26th day of June, 2008.

> /s/ Wesley R. Powell
> Counsel for Petitioner

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.*, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 1:05-cv-02104 (RBW) |
| v. ) | |
| ) | |
| GEORGE W. BUSH, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |

### JOINT STATUS REPORT

Pursuant to this Court's June 20, 2008 Order, the parties respectfully submit this Joint Status Report on the above-captioned action.

**1.      Procedural History**

This *habeas corpus* action was commenced by Petition filed October 27, 2005 on behalf of six prisoners at Guantanamo (Dkt. No. 1). On November 7, 2005, Petitioners filed a show cause motion for issuance of the Writ (Dkt. No. 4). Respondents' November 18, 2005 response sought a stay of proceedings pending resolution of the appeals in *Boumediene* and *Al Odah* (Dkt. No. 6). On December 22, 2005, the Court entered the Protective Order applicable to all Guantanamo *habeas* cases, ordered Respondents to produce the full factual returns for Petitioners within 120 days, and otherwise stayed the action pending the outcome of the *Boumediene/Al Odah* appeals (Dkt. No. 14). Before the government had produced any factual returns, however, on January 11, 2006 the Court stayed this action pending the jurisdictional ruling of the District of Columbia Circuit (Dkt. No. 23). The Supreme Court decided *Boumediene* on June 12, 2008,

holding that Guantanamo petitioners are entitled to prompt *habeas corpus* hearings in the District Court. *Boumediene v. Bush*, Nos. 06-1195, 06-1196, 2008 WL 2369628 (June 12, 2008).

**2.    Status of Petitioners**

The six petitioners named in the Petition were: Issam Hamid Ali Bin Ali Al Jayfi, Othman Ali Mohammed Al Shamrany, Khalid Mohammed Al Thabbi, Ali Hamza Ahmed Suliman Bahlool, Saleh Mohammed Seleh Al Thabbii, and Abdul Al Qader Ahmed Hussain. In the weeks after the Petition was filed, counsel for the parties worked together to identify by ISN each of the named Petitioners. Respondents identified four of these petitioners as resident in Guantanamo and not represented by other counsel: Al Jayfi (183), Shamrany (171), Hussain (690), and Bahlool (039). To date, based on the information provided, Respondents have not been able to identify anyone in Guantanamo matching the name or description of Khalid Mohammed Al Thabbi or Saleh Mohammed Seleh Al Thabbii.

In December 2006, Petitioner Al Jayfi was repatriated to Yemen. Counsel for Petitioners will confer with Mr. Al Jayfi to determine whether he wishes to challenge his prior detention pursuant to the "collateral consequences" doctrine. *See, Carafas v. LaVallee*, 391 U.S. 234 (1968). Respondents reserve all rights and arguments to challenge further litigation of petitioner Al Jayfi's case, including on the grounds that this case is moot in light of petitioner's release from United States custody.

- 2 -

3.     **Pending Motions**

On June 26, 2008, Petitioners filed a Motion To Lift Stay, For Production of Factual Returns, and to Set Status Conference.  Respondents have not yet responded to that motion.

Respectfully submitted,


_____/s/_____
Wesley R. Powell
wpowell@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY  100166
Telephone:        (212) 309-1000
Facsimile:        (212) 309-1100

Karma B. Brown
kbbrown@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC  20006-1109
Telephone:        (202) 955-1500
Facsimile:        (202) 778-2201

*Counsel for Petitioners*


_____/s/_____
Andrew I. Warden
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel: (202) 616-5084
Fax: (202) 616-8470

Attorney For Respondents


Dated:  June 27, 2008

99997.027530 EMF_US 25944181v4



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**EXHIBIT C**

|  |  |
|---|---|
| ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.*, | |
| Petitioners, | |
| v. | Case No. 1:05-cv-02104 (RBW) |
| GEORGE W. BUSH, *et al.*, | |
| Respondents. | |

## PETITIONERS' MOTION TO LIFT STAY, FOR PRODUCTION OF FACTUAL RETURNS, AND TO SET STATUS CONFERENCE

For the reasons set forth in Petitioners' Memorandum in Support of Petitioners' Motion to Lift Stay, For Production of Factual Returns and to Set Status Conference, Petitioners Abdul Al Qader Ahmed Hussain, Othman Ali Mohammed Al Shamrany, and Ali Hamza Ahmed Suliman Bahlool (hereinafter "Petitioners") respectfully request that the Court order the following relief:

1.      Vacate the Court's order staying this action, entered on January 11, 2006 [Dkt. No. 23];

2.      Require Respondents to produce the full, unredacted Factual Returns for each Petitioner within 14 days from the date of the Court's order requiring such production; and

3.      Set a status conference for this matter at the Court's earliest convenience.

Pursuant to Local Rule 7(m), counsel has met and conferred with Respondents in an attempt to reach agreement on the relief sought herein. Respondents' counsel has indicated that Respondents do not oppose lifting the stay but oppose the other relief sought pending the

outcome of the discussions among the parties, Chief Judge Lamberth, and Judge Hogan concerning possible coordination of certain aspects of the Guantanamo *habeas* litigation.

**WHEREFORE**, Petitioners respectfully request that the Court lift the stay, order immediate production of the factual returns and supporting record, promptly schedule a status conference to calendar the matter for expedited determination on the merits, and grant such other and further relief as may be just and proper.

Dated:  June 26, 2008

Of Counsel:

Shayana Kadidal
skadidal@ccrjustice.org
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:  (212) 614-6439
Fax:          (212) 614-6499

/s/ Wesley R. Powell
Wesley R. Powell
wpowell@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY  100166
Telephone:   (212) 309-1000
Facsimile:   (212) 309-1100

Karma B. Brown
kbbrown@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC  20006-1109
Telephone:   (202) 955-1500
Facsimile:   (202) 778-2201

99900.09403 EMF_US 25916835v4

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.,* | |
| Petitioners, | |
| v. | Case No. 1:05-cv-02104 (RBW) |
| GEORGE W. BUSH, *et al.,* | |
| Respondents. | |

**MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION TO LIFT STAY, FOR
PRODUCTION OF FACTUAL RETURNS, AND TO SET STATUS CONFERENCE**

Petitioners Abdul Al Qader Ahmed Hussain, Othman Ali Mohammed Al Shamrany, and

Ali Hamza Ahmed Suliman Bahlool (hereinafter "Petitioners") have today filed a motion for an

order vacating the existing stay, requiring the immediate production of the Factual Returns for

each Petitioner, and setting a status conference to establish the schedule for discovery and a

hearing on the merits and to discuss other preliminary matters identified below. We set forth

below some background on this action, the bases for the relief requested, and a preliminary

identification of matters for discussion at the proposed status conference.

**<u>Introduction</u>**

1.     These habeas petitions have been stayed for two and a half years pending the

disposition of  *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct.

3078 (U.S. June 29, 2007), *rev'd*, 533 U.S. __ (June 12, 2008).

2.     On June 12, 2008, the Supreme Court struck down section 7 of the Military

Commissions Act of 2006, 28 U.S.C. § 2241(e), which purported to deprive this Court of

jurisdiction over these *habeas corpus* petitions. *Boumediene v. Bush*, 553 U.S. ___ (June 12,

2008). As the majority observed, "[t]he detainees in these cases are entitled to a prompt habeas

corpus hearing." *Id.*, slip op. (majority) at 66.

3.      Consistent with the Supreme Court's direction, Petitioners respectfully seek to

immediately resume this action, obtain the discovery necessary to fully challenge Respondents'

purported legal and factual basis for detaining Petitioners without charges for the last six years,

and to establish a schedule for a hearing on the merits of their Petition.

## Procedural History

4.      Petitioners have been imprisoned at Guantánamo since approximately April,

2002. They have never had a hearing on their claim that they are entitled to release.

5.      Petitioners have been unlawfully designated as enemy combatants. They do not

fall within any lawful basis for military detention.

6.      This *habeas corpus* action was commenced by Petition filed October 27, 2005 on

behalf of six prisoners at Guantanamo.

7.      On November 7, 2005, Petitioners filed a show cause motion for issuance of the

Writ. Respondents' Nov. 18, 2005 response sought a stay of proceedings pending resolution of

the appeals in *Boumediene* and *Al Odah.*

8.      On December 22, 2005 the Court entered the Protective Order applicable to all

Guantanamo *habeas* cases, and ordered Respondents to produce the full factual returns for

Petitioners within 120 days, and otherwise stayed the action pending the outcome of *Boumediene*

and *Al Odah* (Dkt. No. 14.) Before the government had produced any factual returns, however,

on January 11, 2006 the Court stayed this action altogether (Dkt. No. 23.)

9.    The Supreme Court decided *Boumediene* on June 12, 2008, holding that Guantanamo petitioners are entitled to prompt habeas corpus hearings in the District Court. *Boumediene v. Bush*, Nos. 06-1195, 06-1196, 2008 WL 2369628 (June 12, 2008).

10.    The six petitioners named in the Petition were: Issam Hamid Ali Bin Ali Al Jayfi, Othman Ali Mohammed Al Shamrany, Khalid Mohammed Al Thabbi, Ali Hamza Ahmed Suliman Bahlool, Saleh Mohammed Seleh Al Thabbii, and Abdul Al Qader Ahmed Hussain.

11.    In the weeks after the Petition was filed, counsel for the parties worked together to identify by ISN each of the named Petitioners. Respondents identified four of these petitioners as resident in Guantanamo and not represented by other counsel: Al Jayfi (183), Shamrany (171), Hussein (690), and Bahlool (039). Respondents have never been able to identify anyone in Guantanamo matching the name or description of Khalid Mohammed Al Thabbi or Saleh Mohammed Seleh Al Thabbii.

12.    In December 2006, Petitioner Al Jayfi was repatriated to Yemen. Counsel for Petitioners will confer with Mr. Al Jayfi to determine whether he wishes to challenge his prior detention pursuant to the "collateral consequences" doctrine. *See, Carafas v. LaVallee*, 391 U.S. 234 (1968).

13.    In the years since this Court's stay was entered, petitioners have suffered and continue to suffer harsh confinement conditions at Guantanamo.

## Argument

### I.    Petitioners are Entitled to a Prompt Hearing On The Merits of Their Claim

14.    Justice necessitates that Petitioners' claims be promptly addressed. The statutory provisions for prompt returns, immediate hearings, and summary disposition of *habeas corpus* cases expressly require that petitions be heard and decided promptly. 28 U.S.C. §§ 2241, 2243;

("[T]he [habeas] court shall *summarily hear and determine the facts*, and dispose of the matter as law and justice require.") (emphasis added). Courts, including the majority in *Boumediene, see* slip op. at 50-51, have similarly recognized the need for speedy resolution of *habeas corpus* cases. *See, e.g., Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting the interest of the prisoner and of society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotations and citation omitted); *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. . . . One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else."); *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737-38 (9th Cir. 1954) ("[The Writ] is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination.").

15.    The need for a prompt hearing is never greater than where a petitioner previously has been afforded no judicial review. *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001); *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing that if delay in deciding a *habeas* petition, absent good reason, were routinely permissible, "the function of the Great Writ would be eviscerated"); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time."); *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus *particularly inappropriate for any delay*.") (emphasis added).

16.     Petitioners are in their seventh year of imprisonment and have been afforded no judicial review of the merits of their claim or the lawfulness of their detention to date.

17.     The instant case was stayed pending resolution of the jurisdictional issues in *Boumediene*. With that case now decided, the Court should promptly lift the stay and allow Petitioner's *habeas corpus* claims to proceed on the merits.

18.     A grant of the relief requested by this motion lies within the sound discretion of the Court.

### **Relief Requested**

19.     For all of these reasons, we respectfully ask that the Court enter an order granting the following relief:

> A.  Vacate the pending stay of this action (Dkt. No. 4);
>
> B.  Require Respondents to produce the full, unredacted Factual Returns for Petitioners within 14 days of the Court's order requiring such production; and
>
> C.  Set a status conference for this matter at the Court's earliest convenience.

### **Matters For Proposed Status Conference**

Counsel for Petitioners is aware of, and participating in, the discussions with Chief Judge Lamberth and Judge Hogan concerning the most effective and expeditious means for moving this and other *habeas* cases toward a fair, complete, and prompt resolution. To that end, and for the Court's convenience, we preview here a non-exhaustive list of topics that should be taken up at the proposed initial status conference, recognizing that some of these issues may become the subject of coordinated handling by Judge Hogan:

> A.     Facilitating security clearances for additional Hunton & Williams lawyers and staff, in light of the increased workload in pursuing habeas hearings for Mr. Bakush and other Guantánamo detainees;

B.   Establishing a framework and schedule for the discovery necessary for Petitioners to mount a full challenge to the purported factual basis for Respondents' detention of him, as called for in *Boumediene*.

C.   Setting a date for hearings on the merits of Petitioners' *habeas* challenges.

## Conclusion

For the forgoing reasons, the Motion should be granted and Petitioners should be granted such other and further relief as may be just and proper.

Dated:  June 26, 2008

Of Counsel:

Shayana Kadidal
skadidal@ccrjustice.org
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:  (212) 614-6439
Fax:          (212) 614-6499

/s/ Wesley R. Powell
Wesley R. Powell
wpowell@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY  100166
Telephone:   (212) 309-1000
Facsimile:    (212) 309-1100

Karma B. Brown
kbbrown@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC  20006-1109
Telephone:   (202) 955-1500
Facsimile:    (202) 778-2201

99900.09403 EMF_US 25916815v2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.*, | |
| Petitioners, | |
| v. | Case No. 1:05-cv-02104 (RBW) |
| GEORGE W. BUSH, *et al.*, | |
| Respondents. | |

## [PROPOSED] ORDER GRANTING PETITIONERS' MOTION TO LIFT STAY, ORDER PRODUCTION OF FACTUAL RETURNS, AND TO SET STATUS CONFERENCE

For the reasons set forth in Petitioners' Memorandum in Support their Motion to Lift Stay, For Production of Factual Returns, and To Set Status Conference, the Court hereby Grants Petitioners' Motion to Lift Stay, For Production of Factual Returns, and To Set Status Conference.

The stay entered by order of January 11, 2006 [Dkt. No. 23] is vacated. Respondents are directed to produce Factual Returns for all Petitioners within 14 days of the date of this Order. The Court will conduct a status conference at _____ on July __, 2008.


_____
Reggie B. Walton
United States District Judge

## CERTIFICATE OF SERVICE

I certify that I today caused a true and accurate copy of Petitioner Motion To Lift Stay, Memorandum in Support and Proposed Order to be served upon the following persons by virtue of filing the above listed document with the U. S. Department of Justice Litigation Security Section:

> Terry Henry, Esq., Senior Trial Attorney
> Andrew I. Warden, Esq., Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., N.W., Room 7144
> Washington, D.C. 20530

This 26th day of June, 2008.

> /s/ Wesley R. Powell
> Counsel for Petitioner