FILED WITH THE
COURT SECURITY OFFICER
CSO: [signature]
DATE: [date]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EXHIBIT C

| |
|---|
| ISSAM HAMID ALI BIN ALI AL JAYFI, et al., |
| |
| Petitioners, |
| |
| v. |
| |
| GEORGE W. BUSH, et al., |
| |
| Respondents. |

Case No. 1:05-cv-02104 (RBW)

## PETITIONERS' MOTION TO LIFT STAY, FOR PRODUCTION OF FACTUAL RETURNS, AND TO SET STATUS CONFERENCE

For the reasons set forth in Petitioners' Memorandum in Support of Petitioners' Motion to Lift Stay, For Production of Factual Returns and to Set Status Conference, Petitioners Abdul Al Qader Ahmed Hussain, Othman Ali Mohammed Al Shamrany, and Ali Hamza Ahmed Suliman Bahlool (hereinafter "Petitioners") respectfully request that the Court order the following relief:

1. Vacate the Court's order staying this action, entered on January 11, 2006 [Dkt. No. 23];

2. Require Respondents to produce the full, unredacted Factual Returns for each Petitioner within 14 days from the date of the Court's order requiring such production; and

3. Set a status conference for this matter at the Court's earliest convenience.

Pursuant to Local Rule 7(m), counsel has met and conferred with Respondents in an attempt to reach agreement on the relief sought herein. Respondents' counsel has indicated that Respondents do not oppose lifting the stay but oppose the other relief sought pending the

outcome of the discussions among the parties, Chief Judge Lamberth, and Judge Hogan concerning possible coordination of certain aspects of the Guantanamo *habeas* litigation.

**WHEREFORE**, Petitioners respectfully request that the Court lift the stay, order immediate production of the factual returns and supporting record, promptly schedule a status conference to calendar the matter for expedited determination on the merits, and grant such other and further relief as may be just and proper.

Dated: June 26, 2008

Of Counsel:

Shayana Kadidal
skadidal@ccrjustice.org
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6439
Fax:           (212) 614-6499

/s/ Wesley R. Powell
Wesley R. Powell
wpowell@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY 100166
Telephone:   (212) 309-1000
Facsimile:     (212) 309-1100

Karma B. Brown
kbbrown@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006-1109
Telephone:   (202) 955-1500
Facsimile:     (202) 778-2201

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> Respondents. | Case No. 1:05-cv-02104 (RBW) |

## MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION TO LIFT STAY, FOR PRODUCTION OF FACTUAL RETURNS, AND TO SET STATUS CONFERENCE

Petitioners Abdul Al Qader Ahmed Hussain, Othman Ali Mohammed Al Shamrany, and Ali Hamza Ahmed Suliman Bahlool (hereinafter "Petitioners") have today filed a motion for an order vacating the existing stay, requiring the immediate production of the Factual Returns for each Petitioner, and setting a status conference to establish the schedule for discovery and a hearing on the merits and to discuss other preliminary matters identified below. We set forth below some background on this action, the bases for the relief requested, and a preliminary identification of matters for discussion at the proposed status conference.

### Introduction

1. These habeas petitions have been stayed for two and a half years pending the disposition of *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 127 S. Ct. 3078 (U.S. June 29, 2007), *rev'd*, 533 U.S. __ (June 12, 2008).

2. On June 12, 2008, the Supreme Court struck down section 7 of the Military Commissions Act of 2006, 28 U.S.C. § 2241(e), which purported to deprive this Court of

jurisdiction over these *habeas corpus* petitions. *Boumediene v. Bush*, 553 U.S. ___ (June 12, 2008). As the majority observed, "[t]he detainees in these cases are entitled to a prompt habeas corpus hearing." *Id.*, slip op. (majority) at 66.

3. Consistent with the Supreme Court's direction, Petitioners respectfully seek to immediately resume this action, obtain the discovery necessary to fully challenge Respondents' purported legal and factual basis for detaining Petitioners without charges for the last six years, and to establish a schedule for a hearing on the merits of their Petition.

## Procedural History

4. Petitioners have been imprisoned at Guantánamo since approximately April, 2002. They have never had a hearing on their claim that they are entitled to release.

5. Petitioners have been unlawfully designated as enemy combatants. They do not fall within any lawful basis for military detention.

6. This *habeas corpus* action was commenced by Petition filed October 27, 2005 on behalf of six prisoners at Guantanamo.

7. On November 7, 2005, Petitioners filed a show cause motion for issuance of the Writ. Respondents' Nov. 18, 2005 response sought a stay of proceedings pending resolution of the appeals in *Boumediene* and *Al Odah*.

8. On December 22, 2005 the Court entered the Protective Order applicable to all Guantanamo *habeas* cases, and ordered Respondents to produce the full factual returns for Petitioners within 120 days, and otherwise stayed the action pending the outcome of *Boumediene* and *Al Odah* (Dkt. No. 14.) Before the government had produced any factual returns, however, on January 11, 2006 the Court stayed this action altogether (Dkt. No. 23.)

9. The Supreme Court decided *Boumediene* on June 12, 2008, holding that Guantanamo petitioners are entitled to prompt habeas corpus hearings in the District Court. *Boumediene v. Bush*, Nos. 06-1195, 06-1196, 2008 WL 2369628 (June 12, 2008).

10. The six petitioners named in the Petition were: Issam Hamid Ali Bin Ali Al Jayfi, Othman Ali Mohammed Al Shamrany, Khalid Mohammed Al Thabbi, Ali Hamza Ahmed Suliman Bahlool, Saleh Mohammed Seleh Al Thabbii, and Abdul Al Qader Ahmed Hussain.

11. In the weeks after the Petition was filed, counsel for the parties worked together to identify by ISN each of the named Petitioners. Respondents identified four of these petitioners as resident in Guantanamo and not represented by other counsel: Al Jayfi (183), Shamrany (171), Hussein (690), and Bahlool (039). Respondents have never been able to identify anyone in Guantanamo matching the name or description of Khalid Mohammed Al Thabbi or Saleh Mohammed Seleh Al Thabbii.

12. In December 2006, Petitioner Al Jayfi was repatriated to Yemen. Counsel for Petitioners will confer with Mr. Al Jayfi to determine whether he wishes to challenge his prior detention pursuant to the "collateral consequences" doctrine. *See, Carafas v. LaVallee*, 391 U.S. 234 (1968).

13. In the years since this Court's stay was entered, petitioners have suffered and continue to suffer harsh confinement conditions at Guantanamo.

## Argument

### I. Petitioners are Entitled to a Prompt Hearing On The Merits of Their Claim

14. Justice necessitates that Petitioners' claims be promptly addressed. The statutory provisions for prompt returns, immediate hearings, and summary disposition of *habeas corpus* cases expressly require that petitions be heard and decided promptly. 28 U.S.C. §§ 2241, 2243;

("[T]he [habeas] court shall *summarily hear and determine the facts*, and dispose of the matter as law and justice require.") (emphasis added). Courts, including the majority in *Boumediene, see* slip op. at 50-51, have similarly recognized the need for speedy resolution of *habeas corpus* cases. *See, e.g., Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting the interest of the prisoner and of society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotations and citation omitted); *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. . . . One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else."); *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737-38 (9th Cir. 1954) ("[The Writ] is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination.").

15.     The need for a prompt hearing is never greater than where a petitioner previously has been afforded no judicial review. *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001); *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing that if delay in deciding a *habeas* petition, absent good reason, were routinely permissible, "the function of the Great Writ would be eviscerated"); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time."); *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus *particularly inappropriate for any delay.*") (emphasis added).

16. Petitioners are in their seventh year of imprisonment and have been afforded no judicial review of the merits of their claim or the lawfulness of their detention to date.

17. The instant case was stayed pending resolution of the jurisdictional issues in *Boumediene*. With that case now decided, the Court should promptly lift the stay and allow Petitioner's *habeas corpus* claims to proceed on the merits.

18. A grant of the relief requested by this motion lies within the sound discretion of the Court.

### Relief Requested

19. For all of these reasons, we respectfully ask that the Court enter an order granting the following relief:

    A. Vacate the pending stay of this action (Dkt. No. 4);

    B. Require Respondents to produce the full, unredacted Factual Returns for Petitioners within 14 days of the Court's order requiring such production; and

    C. Set a status conference for this matter at the Court's earliest convenience.

### Matters For Proposed Status Conference

Counsel for Petitioners is aware of, and participating in, the discussions with Chief Judge Lamberth and Judge Hogan concerning the most effective and expeditious means for moving this and other *habeas* cases toward a fair, complete, and prompt resolution. To that end, and for the Court's convenience, we preview here a non-exhaustive list of topics that should be taken up at the proposed initial status conference, recognizing that some of these issues may become the subject of coordinated handling by Judge Hogan:

    A. Facilitating security clearances for additional Hunton & Williams lawyers and staff, in light of the increased workload in pursuing habeas hearings for Mr. Bakush and other Guantánamo detainees;

B.  Establishing a framework and schedule for the discovery necessary for Petitioners to mount a full challenge to the purported factual basis for Respondents' detention of him, as called for in *Boumediene*.

C.  Setting a date for hearings on the merits of Petitioners' *habeas* challenges.

## Conclusion

For the forgoing reasons, the Motion should be granted and Petitioners should be granted such other and further relief as may be just and proper.

Dated: June 26, 2008

Of Counsel:

Shayana Kadidal
skadidal@ccrjustice.org
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6439
Fax:         (212) 614-6499

/s/ Wesley R. Powell
Wesley R. Powell
wpowell@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY 100166
Telephone: (212) 309-1000
Facsimile: (212) 309-1100

Karma B. Brown
kbbrown@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.*,

Petitioners,

v.

GEORGE W. BUSH, *et al.*,

Respondents.

Case No. 1:05-cv-02104 (RBW)

## [PROPOSED] ORDER GRANTING PETITIONERS' MOTION TO LIFT STAY, ORDER PRODUCTION OF FACTUAL RETURNS, AND TO SET STATUS CONFERENCE

For the reasons set forth in Petitioners' Memorandum in Support their Motion to Lift Stay, For Production of Factual Returns, and To Set Status Conference, the Court hereby Grants Petitioners' Motion to Lift Stay, For Production of Factual Returns, and To Set Status Conference.

The stay entered by order of January 11, 2006 [Dkt. No. 23] is vacated. Respondents are directed to produce Factual Returns for all Petitioners within 14 days of the date of this Order. The Court will conduct a status conference at _____ on July __, 2008.

_____
Reggie B. Walton
United States District Judge

## CERTIFICATE OF SERVICE

I certify that I today caused a true and accurate copy of Petitioner Motion To Lift Stay, Memorandum in Support and Proposed Order to be served upon the following persons by virtue of filing the above listed document with the U. S. Department of Justice Litigation Security Section:

>Terry Henry, Esq., Senior Trial Attorney
>Andrew I. Warden, Esq., Trial Attorney
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., N.W., Room 7144
>Washington, D.C.  20530

This 26th day of June, 2008.

>/s/ Wesley R. Powell
>Counsel for Petitioner