## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | Civil No. 05-CV-1353 (RMC) |
| | ) | |
| | ) | |
| | ) | |

## STATUS REPORT FOR PETITIONER
## MOTAI SAIB (ISN 288)

Pursuant to the Court's July 11, 2008 Order, Petitioner Motai Saib ("Saib"), by

undersigned counsel, respectfully submits the following status report.

**1.     Saib's Habeas Petition Has Been Remanded To The District Court
And Should Proceed In Accordance With *Boumediene*.**

Saib filed his Petition for Writ of Habeas Corpus ("Habeas Petition") on July 7, 2005.

On April 19, 2007, Respondents moved to dismiss the Habeas Petition in reliance on

*Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007).  On May 9, 2007, the District Court granted

Respondents' Motion to Dismiss.

Saib filed a Notice of Appeal of the District Court's dismissal order on June 8, 2007.  On

August 22, 2007, Saib filed a Motion for Reconsideration of the dismissal order in light of the

U.S. Supreme Court's grant of certiorari in *Boumediene*.  In an order dated September 7, 2007,

the District Court granted Saib's Motion for Reconsideration.  Therefore, Saib's Habeas Petition

is now postured to move forward in the District Court.[1]

---

[1] On June 30, 2008, prior to this case being transferred to this Court, Saib filed a motion
requesting various relief, including reinstatement of his Habeas Petition.  (Doc. 77).  On
July 10, 2008, Respondents filed their Response, which agreed with the majority of the

**2.      The Protective Order Has Been Entered.**

The Amended Protective Order and Procedures for Counsel Access to Detainees (the "Protective Order") was entered in this case on August 1, 2005.

**3.      Saib Has Been Cleared For Release.**

In February 2008, the Department of Defense notified undersigned counsel that Petitioner "has been approved to leave Guantanamo," but, stated obliquely that "such a decision does not equate a determination that your client is not an enemy combatant, nor is it a determination that he does not pose a threat to the United States or its allies. I cannot provide you any information regarding when your client may be leaving Guantanamo as his departure is subject to ongoing discussions."  Exhibit A, Email from Bree Ermentrout, CDR, JAGC, USN to Scott S. Barker (Feb. 7, 2008).  Saib has serious concerns that this ambiguous and damaging language will prevent his safe release from Guantanamo.

Pursuant to this Court's July 11, 2008 Order, on July 14, 2008, Saib filed a Request for 30-Days' Notice of Transfer, informing the Court and Respondents that he wishes for his counsel to receive 30-days' notice prior to his release.

---

relief sought by Saib.  For the Court's convenience, Respondents' position with respect to the relief sought is discussed herein as appropriate.  Given the transfer of this case to this Court for coordination, Saib does not intend to submit a reply to the motion, as the disputed relief sought will likely be addressed by this Court's Orders governing these cases.

2

4.    **Respondents Have Not Submitted A Factual Return, But Have Produced Saib's CSRT Record.**

No factual return has been filed.  In July 2007, counsel for Respondents provided Saib's counsel with a copy of the index to his CSRT Record and a copy of the unclassified CSRT Record.  In March 2008, Respondents notified Saib's counsel that the classified portion of the CSRT Record has been delivered to counsel's lock box at the Secure Facility in Washington, D.C.

5.    **Saib And Respondents Agree That This Petition Can Be Converted To A Direct Petition By Dismissal Of The Next Friend.**

Saib has granted his counsel authority to represent him.  Respondents do not oppose Saib's request that his Habeas Petition be to a direct petition and that his Next Friend, Bisher Al-Rawi, be dismissed from the case.

6.    **Saib And Respondents Have Agreed His DTA Petition Should Be Held In Abeyance.**

On May 16, 2007, Saib filed a Petition for Release and Other Relief Under Detainee Treatment Act of 2005 ("DTA Petition").  In light of the U.S. Supreme Court's decision in *Boumediene*, Respondents filed a motion to hold the DTA Petition in abeyance, or in the alternative, to dismiss the DTA Petition, pending the conclusion of his Habeas Petition.  Saib has filed a response stating that he does not oppose the abeyance of the DTA Petition, but does oppose dismissal of the DTA Petition.

Dated:  July 18, 2008

Respectfully submitted,


s/  Danielle R. Voorhees

Anne J. Castle
Scott S. Barker
William Murane
Danielle R. Voorhees
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone:  (303) 295-8000

**ATTORNEYS FOR PETITIONER**

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2008, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7144
Washington, DC  20530

I filed the foregoing using the ECF system, instead of through the Court Security Office, in accordance with specific instructions from the Court Security Office and counsel for the Department of Justice.  Petitioner's counsel believes the foregoing does not contain classified or protected information and has no reason to believe the foregoing contains classified information or protected information.

s/ *Lisa M. Podsiadlik*
Holland & Hart LLP

3896344_1.DOC

5