IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: )<br>)<br>) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY )<br>DETAINEE LITIGATION ) | Civ. Action No. 05-CV-2386 (RBW) |

**PETITIONERS' STATUS REPORT**

Pursuant to Judge Hogan's Order entered on July 11, 2008, counsel for Petitioners Ali Sher Hamidullah, also known as "Ali LNU" and ISN # 455, and Sharaf Al Sanani, also known as "Sharaf Ahmad Muhammad Masud" and ISN # 170, both petitioners in *Mohammon v. Bush*, No. 05-2386, respectfully submit this Status Report.[1]

I.  **ISN 455**

1. ISN 455's real name is Ali Sher Hamidullah. In his *habeas corpus* petition, Petitioner is identified as "Ali LNU." Petitioner Hamidullah is a citizen of Uzbekistan. To the best of counsel's knowledge, Petitioner Hamidullah has been detained at Guantanamo since at least 2002.

2. The Government had disputed Petitioner Hamidullah's identity in previous filings in his *habeas corpus* case. More recently, the Government has informed Petitioner's counsel that it no longer disputes his identity.

---

[1] Counsel for Petitioners also represent Shakhrukh Hamiduva, ISN 22, a Uzbeki national detained at Guantanamo. On July 17, 2008, counsel filed a Petition for Writ of Habeas Corpus on Mr. Hamiduva's behalf. *See Hamiduva v. Bush*, No. 1:08-CV-1221 (D.D.C. filed July 17, 2008). At the time of this filing, Judge Kollar-Kotelly, to whom Mr. Hamiduva's case has been assigned, has not yet transferred the case to Judge Hogan.

US2000 10949657.3

3. The Government has yet to produce Petitioner Hamidullah's factual return. Moreover, the Government has yet to produce any documents in Petitioner Hamidullah's DTA case. Counsel for Petitioner Hamidullah have obtain a limited number of unclassified and redacted summaries of Petitioner's Combatant Status Review Tribunal and Administrative Review Board proceedings. Counsel acquired these publicly-available documents from a Department of Defense website.

4. Upon information and belief, Petitioner Hamidullah remains imprisoned at Guantanamo. The unclassified Administrative Review Board Assessment and Recommendation for Petitioner Hamidullah's November 9, 2005, ARB (attached as Ex. A) seems to indicate that the Government recommends Petitioner Hamidullah be transferred from Guantanamo. *See* Ex. A at 1. The document is heavily redacted, making the Government's recommendation difficult to discern. Upon information and belief, the fact that Petitioner Hamidullah was not given an ARB proceeding in 2006 indicates that Petitioner was indeed recommended for transfer. However, counsel for Petitioner Hamidullah have received no indication from the Government that Petitioner has been "cleared" for release or transfer or that Petitioner has, in fact, been released or transferred.

5. If Petitioner Hamidullah is released from Guantanamo, he does not wish to be sent back to Uzbekistan. The country of Uzbekistan has an atrocious human rights record and Petitioner validly fears for his own safety, and the safety of his family, if he is returned.

6. There are currently no pending motions in Petitioner Hamidullah's *habeas corpus* case.

US2000 10949657.3

7. On July 17, 2008, pursuant to Judge Hogan's Order of July 11, 2008, Petitioner requested that the Government provide him with thirty (30) days' notice of any potential transfer.

8. Petitioner Hamidullah has not been charged by a military commission.

## II. ISN # 170

1. ISN 170's real name is Sharah Ahmad Muhammed Masud. In his *habeas corpus* petition, Petitioner is identified as "Sharaf al Sanani." Petitioner al Sanani is a citizen of Yemen. Petitioner al Sanani has been detained at Guantanamo since May of 2002.

2. The Government had disputed Petitioner al Sanani's identity earlier in his *habeas corpus* case. More recently, the Government has informed Petitioner's counsel that it no longer disputes his identity.

3. The Government has yet to produce Petitioner al Sanani's factual return. Moreover, the Government has yet to produce any documents in Petitioner al Sanani's DTA case. Counsel for Petitioner al Sanani have obtain a limited number of unclassified and redacted summaries of Petitioner's Combatant Status Review Tribunal and Administrative Review Board proceedings. Counsel acquired these publicly-available documents from a Department of Defense website.

4. Petitioner al Sanani remains imprisoned at Guantanamo.

5. If Petitioner al Sanani is released from Guantanamo, he wishes to be returned to his home country of Yemen.

6. On January 31, 2007, Judge Walton administratively closed Petitioner al Sanani's *habeas corpus* case and denied all motions then pending without prejudice. *See Mohammon, v. Bush*, No. 05-2386 (D.D.C. Jan. 31, 2007) (order administratively

closing cases and denying pending motions without prejudice). At the time of Judge Walton's Order, Petitioner al Sanani had two motions pending: a motion for 30 Days' notice prior to removing Petitioner from Guantanamo and an emergency motion for Petitioner's factual return. Petitioner al Sanani appealed the denial of these motions. After the D.C. Circuit Court of Appeals decided *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), Petitioner moved the Court of Appeals for an order governing further appellate proceedings in light of that recent decision. By the time the Court of Appeals ruled on Petitioner's motion, the Supreme Court of the United States had granted certiorari in *Boumediene v. Bush. Id., cert. granted* (U.S. June 29, 2007) (No. 06-1195). Thus, the Court of Appeals ordered that Petitioner's motion be deferred and his case held in abeyance pending the Supreme Court's decision in *Boumediene. See al Sanani v. Bumgarner*, No. 07-5039 (D.C. Cir. Oct. 11, 2007) (order deferring consideration of motions and holding consolidated cases in abeyance). Counsel for Petitioner al Sanani plan to coordinate with the Government concerning the progression of this appeal in the wake of the Supreme Court's decision in *Boumediene.*

7. On July 17, 2008, pursuant to Judge Hogan's Order of July 11, 2008, Petitioner requested that the Government provide him with thirty (30) days' notice of any potential transfer.

8. Upon information and belief, Petitioner al Sanani has not been charged by a military commission.

Dated:  July 18, 2008

Respectfully submitted,

  /s/ A. Stephens Clay IV  
A. Stephens Clay IV  
James F. Bogan III  
C. Allen Garrett, Jr.  
KILPATRICK STOCKTON LLP  
1100 Peachtree St., Suite 2800  
Atlanta, Georgia 30309-4530  
Telephone: (404)815-6500  
Facsimile: (404) 815-6555  

*Counsel for Petitioners*

**EXHIBIT A**



**Department of Defense**
Office for the Administrative Review
of the Detention of Enemy Combatants (OARDEC)
at U.S. Naval Base Guantanamo Bay, Cuba
1000 Navy Pentagon, Washington, D.C. 20350-1000

~~SECRET//NOFORN~~
ACTION MEMO

FOR: Designated Civilian Official
FROM: Director, OARDEC
SUBJECT: ADMINISTRATIVE REVIEW BOARD ASSESSMENT AND RECOMMENDATION ICO ISN 455 (UZBEKISTAN)

o  Subject ARB was held on 9 November 2005 resulting in a unanimous recommendation to ▓▓▓▓ subject ISN based on the following:

   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

o  Intelligence inputs used in the ARB's determination of the subject ISN included:

   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

c  Agency assessments follow:

| AGENCY | ASSESSMENT | RECOMMENDATION |
|---|---|---|
| DASD-DA | ▓▓▓ | ▓▓▓ |
| CIA | ▓▓▓ | ▓▓▓ |
| FBI | ▓▓▓ | ▓▓▓ |

o  The Legal Sufficiency Review (Tab A) and the Presiding Officer's Assessment and Recommendation (Tab B) with enclosures, are attached.

   ▓▓▓▓▓▓▓▓▓▓

RECOMMENDATION: ▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓ transfer /s/ 12-23

Or: Detain _____, Release _____

Attachments:
Tab A  OARDEC ASIA Legal Sufficiency Review
Tab B  Presiding Officer's Assessment and Recommendation
Prepared by: ▓▓▓▓▓▓

~~SECRET//NOFORN~~

ARB ROUND 1

000920

:

SECRET/NOFORN

**(U) CLASSIFIED RECORD OF PROCEEDINGS AND BASIS OF ADMINISTRATIVE REVIEW BOARD DECISION FOR ISN 455**

**1. (U) Introduction**

(U) The Administrative Review Board (ARB) determined ISN 455 continues to be a threat to the United States and its allies. In reaching this determination, the ARB considered both classified and unclassified information. The following is an account of the proceedings and the factors the ARB used in making its determination.

**2. (U) Synopsis of Proceedings**

(U) The enemy combatant (EC) chose to attend the ARB. The Designated Military Officer (DMO) presented the unclassified summary, both in a written form and with an oral summary of the unclassified primary factors.

(U) The Assisting Military Officer (AMO) presented the Enemy Combatant Notification as Exhibit EC-A, identified as enclosure (2). The AMO then presented the Enemy Combatant Election Form as Exhibit EC-B, identified as enclosure (3). The EC chose to participate in the ARB through the reading of the unclassified summary, and then chose to leave. The remaining portions of the ARB were conducted "In Absentia" (IA).

(U) The unclassified portion of the proceeding was adjourned. The ARB moved to the classified session and the DMO presented the classified summary. The ARB panel members reviewed the classified exhibits and the session was then closed for deliberation.

**3. (U) Primary Documents, Assessments, Testimony, and Other Considerations by the Administrative Review Board**

(S//NF) [REDACTED]

(U) The government agency assessments considered by the ARB are summarized as follows:

(S//NF) [REDACTED]

(S//NF) [REDACTED]

ISN 455
Enclosure (4)
Page 1 of 6

SECRET/NOFORN

ARB ROUND 1

000921

SECRET/NOFORN

(FOUO//LES) ███████████████

(S//NF) ███████████████

(S//NF) ███████████████

(S//NF) ███████████████

4. (U) Discussion of the Primary Factors (including intelligence value and law enforcement value of the Enemy Combatant)

(U) The ARB considered the agency assessments given in paragraph three above and the following key indicators in its threat and intelligence assessment of the EC:

a. (U) <u>Recruitment</u>

- (S//NF) 

ISN 455
Enclosure (4)
Page 2 of 6

SECRET/NOFORN

ARB ROUND 1

000922

SECRET/NOFORN

- o (C//REL) ████████████████

b. (U) <u>Travel</u>

- (S//NF) ████████████████
- (S//NF) ████████████████
- (S//NF) ████████████████

c. (U) <u>Training</u>

- (S//NF) ████████████████
  - o (S//NF) ████████████████
- (S//NF) ████████████████
  - o (S//NF) ████████████████

d. (U) <u>Combat/Operational Experience</u>

- (S//NF) ████████████████

ISN 455
Enclosure (4)
Page 3 of 6

SECRET/NOFORN

ARB ROUND 1

000923

~~SECRET/NOFORN~~

- (S//NF) [redacted]
- (S//NF) [redacted]
- (S//NF) [redacted]
- (S//NF) [redacted]

e. (U) <u>Capture</u>

- (S//NF) [redacted]

f. (U) <u>Connections/Associations</u>

- (S//NF) [redacted]

g. (S//NF) [redacted]

h. (U) <u>Written and/or Oral Testimony from the EC</u>. The EC did not provide a written response to allegations stated in the Unclassified Summary of Evidence.

i. (U) <u>Factors in support of release</u>

ISN 455
Enclosure (4)
Page 4 of 6

~~SECRET/NOFORN~~

ARB ROUND 1

000924

~~SECRET/NOFORN~~

- (S//NF) [REDACTED]

- (U) The EC denied that he fought in Chechnya. (DMO-1)

- (U) The EC stated that he has no personal opinion of the Taliban but said he never witnessed the Taliban do anything wrong. (DMO-1)

- (U) If released, the EC stated that he would attempt to find work as a chef or a liquor storeowner, which he has done in the past. (DMO-1)

- (U) The EC stated he has no animosity to the United States and considers Americans to be good people. (DMO-1)

- (U) The EC had no prior knowledge of the September 11th attacks. (DMO-1)

- (U) The EC claimed he never participated in combat operations. (DMO-1)

- (U) The EC claimed that the Taliban never asked him to fight, nor did they offer him training. (DMO-1)

5. (U) **Considerations by the Administrative Review Board on the Enemy Combatant's Requests for Witness Statements and Home Country Statements Provided Through the United States**

(S//NF) [REDACTED]

6. (U) **Consultations with the Administrative Review Board Legal Advisor**

(U) [REDACTED]

7. (U) **Conclusions and Recommendation of the Administrative Review Board**

(S//NF) [REDACTED]

ISN 455
Enclosure (4)
Page 5 of 6

~~SECRET/NOFORN~~

ARB ROUND 1

000925

SECRET/NOFORN

[REDACTED]

(S//NF) [REDACTED]

(S//NF) [REDACTED]

(U) Upon careful review of all the information presented, the ARB makes the following determination and recommendation:

(S//NF) [REDACTED]

8. (U) **Dissenting Board Member's Report**

(U) There were no dissenting members in the decision.

[REDACTED]

ISN 455
Enclosure (4)
Page 6 of 6

SECRET/NOFORN

ARB ROUND 1

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2008, I caused the foregoing Petitioners' Status Report to be filed and served electronically to the counsel of record in the above-captioned matter via the CM/ECF system.

        /s/ A. Stephens IV
A. Stephens Clay IV
James F. Bogan III
C. Allen Garrett, Jr.
KILPATRICK STOCKTON LLP
1100 Peachtree St., Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404)815-6500
Facsimile: (404) 815-6555

*Counsel for Petitioners*

US2000 10949657.3