# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil Action No. 1:04-cv-01937 (PLF) |
| ) | |

## STATUS REPORT

Pursuant to the Court's July 11, 2008 Scheduling Order, Petitioner Ibrahim Ahmed Mahmoud al Qosi (ISN 054) respectfully submits this summary report on the status of his case.

## PROCEDURAL HISTORY

Mr. al Qosi has been held at Guantanamo Bay, Cuba, since January 2002. He filed his petition for a Writ of Habeas Corpus on November 11, 2004. The petition was stayed by Judge Friedman on December 27, 2004. That stay remained in place until July 8, 2008, when the Court ordered all remaining stays in pending Guantanamo cases lifted.

Mr. al Qosi is among the Guantanamo detainees designated for trial by military commission. He has not received a factual return addressing the claims raised in his habeas petition. On July 9, 2008, Mr. al Qosi filed a statement with this court respectfully requesting that the Government be required to submit a factual return in his case promptly. On July 11, 2008, this Court issued a Scheduling Order stating that, "[a]t this time pending further order of the Court, the government need not file factual returns or motions to amend factual returns for the approximately 20 detainees charged with war crimes under the Military Commissions Act of 2006."

At this time, there are no pending motions in Mr. al Qosi's case before either the District Court or the D.C. Circuit Court of Appeals.

D109124.1

**FACTUAL HISTORY AND MILITARY COMMISSION PROCEEDINGS**

1. <u>Capture in Pakistan and Detention at Guantanamo Bay</u>

In December 2001, Mr. al Qosi was captured by bounty hunters in Pakistan and turned over to Pakistani authorities. He was taken to Peshawar, Pakistan where he was held and interrogated. After approximately two weeks, he was turned over to the custody of the United States. He was brought by American authorities to Kandahar, Afghanistan for further detention and interrogation. After approximately two weeks, Mr. al Qosi was sent to Guantanamo Bay, Cuba in January 2002. He has been held in detention at Guantanamo for six and a half years.

2. <u>Initial Military Commission Charges</u>

On July 3, 2003, President Bush designated Mr. al Qosi for trial before a military commission. At the time, Mr. al Qosi was not notified that he had been designated for trial. He was not informed of the charges against him, nor was he provided with counsel. Only in 2004 was Mr. al Qosi notified of the fact that he had been designated for trial by military commission.

On February 3, 2004, Lt. Col. Sharon Shaffer was detailed to represent Mr. al Qosi before the military commission. Later that month, she was was provided with an undated charge sheet charging Mr. al Qosi with a single count of "conspiracy."

Lt. Col. Shaffer was permitted to meet with Mr. al Qosi for the first time on March 17, 2004, some 800 days after he was first detained and eight and a half months after he was first designated for trial by military commission.

On August 27, 2004, an initial hearing was held in Mr. al Qosi's military commission case. This hearing was held prior to Mr. al Qosi's Combatant Status Review Tribunal.

On November 8, 2004, in *Hamdan v. Rumsfeld*, 344 F. Supp. 2d 152 (D.D.C. 2004), Judge Robertson ordered a stay in Mr. Hamdan's military commission trial. As a consequence,

the Appointing Authority ordered Mr. al Qosi's first military commission trial held in abeyance, pending the resolution of the *Hamdan* case on appeal, on December 10, 2004.  On June 29, 2006, in *Hamdan v. Rumsfeld,* 126 S.Ct. 2749, 2759 (2006), the Supreme Court found that Mr. Hamdan's military commission "lack[ed] the power to proceed because its structure and procedures violate both the UCMJ and the four Geneva Conventions signed in 1949."  Four justices, in plurality opinion, also found that "conspiracy" was not a violation of the law of war and was thus not triable by military commission.  Id. at 2780.

3. <u>Second Military Commission Charges</u>

On October 17, 2006, President George W. Bush signed into law the Military Commissions Act of 2006 ("MCA").   The new Act "authorize[d] trial by military commission for violations of the law of war."

In late 2007, Lt. Col. Shaffer was released from her position as defense counsel for Mr. al Qosi.  In early 2008, Navy Cdr. Suzanne Lachelier was detailed to serve as Mr. al Qosi's new military defense counsel.

On March 5, 2008, new charges were referred against Mr. al Qosi, pursuant to the MCA. This time, Mr. al Qosi has been charged with two counts: "conspiracy" and "providing material support to terrorism."

An initial arraignment was held in Mr. al Qosi's case on April 10, 2008.  Despite multiple requests, Cdr. Lachelier was not able to meet with Mr. al Qosi prior to this arraignment. As of the date of this filing, Commander Lachelier has still not been able to meet with Mr. al Qosi despite her repeated requests to be permitted access.

4. <u>Combatant Status Review Tribunal Held without Counsel Present</u>

In mid-2004, after the Supreme Court issued its decisions in *Rasul v. Bush*, 124 S.Ct. 2686 (2004) and *Hamdi v. Rumsfeld*, 124 S. Ct. 2633 (2004), military authorities created the Combatant Status Review Tribunals ("CSRTs"). At that time, Lt. Col. Shaffer formally requested that she be notified of the scheduling of Mr. al Qosi's CSRT; that all contact regarding his CSRT be made through counsel; and that counsel be allowed to appear as Petitioner's "Personal Representative" before the CSRT.

Lt. Col. Shaffer's request to represent Mr. al Qosi at his CSRT was denied on September 20, 2004. Lt. Col. Shaffer was informed that the CSRT was a "non-adversarial administrative process in which legal representation is inappropriate . . . ." Memo. from the Convening Auth. to Lt. Col. S. Shaffer (Sept. 20, 2004) (attached at Tab H to Petitioner's Petition for Writ of Habeas Corpus).

Also in September 2004, a military official visited Mr. al Qosi's cell and identified himself as Petitioner's "Personal Representative" for the CSRT. Mr. al Qosi requested that Lt. Col. Shaffer participate in the meeting and represent him before the CSRT. His "Personal Representative" told him this was not possible. Petitioner then requested copies of any documents concerning his status to be considered by the CSRT. The "Personal Representative" told him that he had no right to see any such documents. Petitioner repeated his request that his counsel be permitted to participate in the meeting and represent him before the CSRT. His request was again denied.

Upon information and belief, on September 23, 2004, a CSRT determined that, in its estimation, Petitioner was an "enemy combatant." During the week that Mr. al Qosi's CSRT was held, Lt. Col. Shaffer was not permitted to travel to Guantanamo Bay, although she was not

informed of the reason for this denial.  The Tribunal met without the participation of Petitioner or his counsel, and without notifying Mr. al Qosi's counsel that the CSRT for Petitioner was taking place.

Neither Lt. Col. Shaffer nor Cdr. Lachelier have ever been provided with the evidence that formed the basis for the CSRT's determination that Mr. al Qosi was an enemy combatant.

>
> Respectfully submitted,
> IBRAHIM AHMED MAHMOUD AL QOSI
> PETITIONER
> By his attorneys,
>
> /s/ Sarah A. Altschuller
> Paul S. Reichler, DC Bar No. 185116
> Lawrence H. Martin, DC Bar No. 476639
> Sarah A. Altschuller, DC Bar No. 489202
> Foley Hoag LLP
> 1875 K Street, NW
> Suite 800
> Washington, DC 20006
> (202) 223-1200

Dated: July 18, 2008

## CERTIFICATE OF SERVICE

      I, Sarah A. Altschuller, hereby certify that I have caused a true and accurate copy of Petitioner Ibrahim al Qosi's Status Report to be served electronically via the Court's Electronic Case Filing System, which will send notification of such filing to all counsel of record.

                                    /s/ Sarah A. Altschuller
                                  Sarah A. Altschuller

Dated:  July 18, 2008