IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | |
| ) | Civil Action No. 02-CV-828 (CKK) |

**RESPONDENTS' OPPOSITION TO
PETITIONER'S MOTION TO SUBSTITUTE PARTIES**

Respondents hereby oppose petitioner Foad Mahmoud Al Rabiah's motion to substitute his next friend.[1]

On May 1, 2002, petitioner Al Rabia, acting through his next friend, Monzer M.H.A. Rabieah, initiated action by filing a Complaint challenging his detention as an enemy combatant at the United States Naval Base at Guantanamo Bay, Cuba ("GTMO"). On July 8, 2002, petitioner, acting again through his next friend, filed an Amended Complaint raising claims for relief under the Fifth Amendment, the Alien Tort Statute, and the Administrative Procedure Act. This Court, however, has always construed the Amended Complaint "as a petition for writ of habeas corpus."[2]  *See Rasul v. Bush*, 215 F. Supp.2d 55, 63-64 (D.D.C. 2002) ("Plaintiffs cannot escape having the Court convert their action into writs for habeas corpus . . . .").

In the instant motion, petitioner Rabiah seeks to substitute his original next-friend, who is

---

[1] At this time respondents do not oppose petitioner's motion to substitute various named respondents who are no longer serving in official capacity positions. As noted in the Joint Status Report filed on July 21, 2008, however, the petitioners in Guantanamo Bay habeas cases have named as respondents individuals who are not custodians of Guantanamo Bay detainees, and who are therefore not proper respondents. Respondents reserve the right to seek dismissal of all improper respondents as appropriate.

[2] Petitioner also filed an application for writ of habeas corpus on July 27, 2004.  *See* dkt. no. 44.

now deceased, with a new next friend, Yahya Al Rabiah. Petitioner's motion provides no support for this request other than a cryptic cite, without any explanation, to Federal Rule of Civil Procedure 25. Next friend standing is not automatically granted to anyone who seeks to pursue an action behalf of another person, however. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). To obtain next friend standing, the purported next friend must satisfy the "two firmly rooted prerequisites" articulated by the Supreme Court in *Whitmore*: (1) "provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) have a significant relationship with the petitioner in order to demonstrate that he is truly dedicated to the petitioner's best interests. *Id.* at 163-64.

Petitioner Al Rabiah makes no attempt to satisfy the legal standard for next-friend standing, nor can he. Since this case was initially filed in 2002, petitioner's counsel have had the opportunity to visit petitioner Al Rabiah at Guantanamo Bay on numerous occasions. Indeed, pursuant to the requirement in the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, 344 F. Supp. 2d 174 (D.D.C. 2004), Exhibit A, § III.C.2, petitioner's counsel have submitted an authorization signed by petitioner Al Rabiah indicating his assent to counsel's representation of him in this matter. *See* Exhibit A. In light of this direct authorization, there is no longer any appropriate basis for a next-friend to remain in this case. Consequently, petitioner's motion to substitute the next friend should be denied, the existing next-friend should be dismissed from the case, and the petition should be converted into a petition brought directly on behalf of petitioner Al Rabiah. A proposed order is attached.

Dated: July 24, 2008    Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

/s/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN (IN Bar. No. 23840-49)
PAUL E. AHERN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC 20530
Tel: (202) 616-5084
Fax: (202) 616-8470

Attorneys for Respondents

# EXHIBIT 1

## ACKNOWLEDGMENT OF REPRESENTATION

Pursuant to Section III.C.2 of the "Revised Procedures For Counsel Access To Detainees At The U.S. Naval Base In Guantanamo Bay, Cuba," detainee hereby certifies that he is represented by the undersigned counsel who has filed a petition for writ of habeas corpus or other federal court litigation on the detainee's behalf.

If counsel withdraws from representation of the detainee or if the representation is otherwise terminated, counsel shall inform the Department of Defense immediately of that change in circumstances.

_____          _____
Signature of Detainee                              Signature of Counsel

FOUAD MAHMOUD ALRABIA
_____          _____
Print Name of Detainee in English           Print Name of Counsel in English

فؤاد محمود الربيعي
_____
Print Name of Detainee in Native Language (if other than English)

Date: 19 - 9 - 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | |
| ) | Civil Action No. 02-CV-828 (CKK) |

**PROPOSED ORDER**

Upon consideration of petitioner Foad Mahmoud Al Rabiah's motion to substitute parties, and respondents opposition thereto, it is hereby ordered that petitioner's motion is GRANTED IN PART and DENIED IN PART:

1) Petitioner's motion to substitute respondents is GRANTED;

2) Petitioner's motion to substitute his next-friend is DENIED;

3) Petitioner's next-friend, Monzer M.H.A. Rabieah, is DISMISSED from this case;

4) This case shall proceed directly on behalf of petitioner Al Rabiah.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE