CLEARED FOR FILING BY CSO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | |
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil Action No. CV 02-0828 (CKK) |
| ) | |

## PETITIONERS' REPLY IN SUPPORT OF MOTION TO SUBSTITUTE PARTIES

The government seeks to isolate Petitioner Al Rabiah even further by denying him the ability to proceed with his case with the assistance and participation of his surviving brother, Yahya, as his next friend.[1]  The government has no legitimate reason to object to the participation of Al Rabiah's substitute next friend in his pursuit of his habeas corpus action.  Al Rabiah and his counsel depend heavily on the ability of his next friend to participate meaningfully in vital tactical and strategic decisions that arise and require prompt action.

The government does not argue that Yahya Al Rabiah lacks a significant relationship with Petitioner sufficient to demonstrate that he is truly dedicated to Petitioner's best interests. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  Nor does the government currently dispute that Al Rabiah's complaint and habeas petition were properly brought by his original next friend, now deceased.  Instead, the government rests exclusively on the fact that Al Rabiah can now meet with his attorneys and has authorized their representation of him in this matter.  The government fails to recognize that the severe restrictions placed on attorney-client communications in the Guantanamo cases make it impractical and imprudent to litigate these cases without the benefit of a next friend, where one is available.

---

[1]  Due to a typographical error, the Motion to Substitute parties erroneously refers to Yahya Al Rabiah as Fouad Al Rabiah's wife.  Petitioners regret the error.

Al Rabiah has been held in near isolation for over six years in a remote location with substantial restrictions on attorney visits. He is personally unable to consult with his family or others that he knew and trusted before his confinement began. His attorneys have no access to him by telephone, and mail is slow and unreliable. Attorney visits are necessarily infrequent due to the remote location and the requirement of at least twenty days advance notice to obtain country and theater clearances from the government. *See* Amended Protective Order, Ex. A at ¶ III.D.4. Even when they are able to meet with him, Al Rabiah's counsel are restricted by the Amended Protective Order as to what they are allowed to discuss with him. Under the circumstances, a normal attorney-client relationship is not possible.

Al Rabiah and his counsel also have substantial cause to believe that their attorney-client privilege is not fully respected. Petitioners currently have a motion pending for sanctions against the government for confiscating, and possibly reading, their attorney-client correspondence in violation of the Amended Protective Order. *See* Petitioners' Motion for Sanctions, Docket #293 (Jul. 21, 2006).[2] Moreover, the government has taken affirmative steps to interfere with Al Rabiah's relationship with his attorneys. *See* Memorandum in Support of Emergency Motion for Injunction at 13, Docket #336 (July 2, 2008). Most recently, Al Rabiah's counsel have learned that the government is in the process of preparing military commission charges against him, and the Chief Prosecutor's office has asserted the right to communicate with him directly, without his counsel's consent. *See id.* at 1. This direct assault on the attorney-client relationship is the subject of Al Rabiah's Emergency Motion for Injunction, Docket #335 (July 2, 2008), which is awaiting a decision.

---

[2] The Motion for Sanctions was transferred to Judge Robertson for decision, along with a motion by the government for procedures for review of confiscated material by a government filter team in connection with an investigations into three suicides in 2006. Judge Robertson ruled on the government's motion, but reserved ruling on the Motion for Sanctions, saying instead that it would be "taken up at a later time." Amended Memorandum Order, Docket #311 (Sep. 20, 2006).

The case law cited by the government in its opposition to the Motion to Substitute Parties does not stand for the proposition that a next friend can never pursue a case on a petitioner's behalf if the petitioner has authorized counsel to pursue it. It states only that the next friend must provide an "adequate explanation … why the real party in interest cannot appear on his own behalf to prosecute the action." *See Whitmore*, 495 U.S. at 163. Al Rabiah has affirmatively asserted his right to pursue his case, but is not able to communicate with his attorneys on a regular or normal basis.[3] Unlike in *Whitmore*, Petitioners in Guantanamo do not have a realistic option of proceeding *pro se*; they can pursue their cases only through counsel, and with great difficulty at that. Because it is often not possible for counsel to consult with the Petitioners in a full and timely manner concerning important tactical and strategic decisions in the litigation, it is useful and necessary for next friends with Petitioners' best interests at heart to participate in the decision process and authorize necessary actions in Petitioners' cases.

Such consultation does not burden the government in the least, but is invaluable to the Petitioners and their counsel. Indeed, a next friend is frequently indispensable for counsel to consult with their clients concerning the case, while at the same time responding to rapidly evolving case developments. With the ability of Petitioners' next friends to participate meaningfully in the case, some of the harshest burdens on the attorney-client relationship can be at least somewhat mitigated. Without such participation, those burdens could overwhelm the Petitioners' ability to pursue their cases through their attorneys.

Accordingly, Al Rabiah respectfully requests this Court to grant his motion and allow his brother, Yahya to participate in this action as his next friend.

---

[3] In briefs submitted to Judge Hogan on procedural issues, Petitioners have asserted the right to be present at any evidentiary hearings in their habeas cases; the government has argued that these cases should be decided solely on a paper record. Regardless of the resolution of that issue, it is indisputable that no Petitioner, including Al Rabiah, can personally appear and participate in most of the proceedings in these cases.

July 31, 2008                                   Respectfully submitted,

                                                _____/s/_____
                                                David J. Cynamon (D.C. Bar #182477)
                                                Matthew J. MacLean (D.C. Bar #479257)
                                                PILLSBURY WINTHROP
                                                SHAW PITTMAN LLP
                                                2300 N Street, N.W.
                                                Washington, D.C. 20037
                                                Telephone: (202) 663-8000
                                                Facsimile:  (202) 663-8007

                                                Attorneys for Plaintiffs-Petitioners

4

**Certificate of Service**

I certify that on July 31, 2008, I caused the foregoing to be served on the following attorneys via electronic filing:

Brian David Boyle
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 4633
Washington, DC 20530-0001
(202) 3305-1434
202-514-0238 (fax)
brian.d.boyle@usdoj.gov

Terry Marcus Henry
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC 20044
(202) 514-4107
(202) 616-8470 (fax)
terry.henry@usdoj.gov

Robert D. Okun
UNITED STATES ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 10-435
Washington, DC 20530
(202) 514-7282
(202) 514-8784 (fax)
robert.okun@usdoj.gov

Judry Laeb Subar
U.S. DEPARTMENT OF JUSTICE
P.O. Box 833
Suite 7342
Washington, DC 20044-0833
(202) 514-3969
judry.subar@usdoj.gov

Andrew I. Warden
U.S. DEPARTMENT OF JUSTICE,
CIVIL DIVISION, FEDERAL PROGRAMS
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 616-5084
(202) 616-8460 (fax)
andrew.warden@usdoj.gov

          /s/
Matthew J. MacLean