*Cleared for public filing by the CSO*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————— x
                                                        :
                                                        :
IN RE:                                                  :
                                                        :
                                                        :
GUANTÁNAMO BAY                         :    Misc. No. 08-442 (TFH)
DETAINEE LITIGATION                       :
                                                        :
———————————————————————— x
                                                        :
                                                        :
MAJID KHAN,                                    :
                                                        :
                                                        :
                            Petitioner,          :
                                                        :
               v.                                      :    Civil Action No. 06-1690 (RBW)
                                                        :
GEORGE W. BUSH, *et al.*,             :
                                                        :
                            Respondents.      :
                                                        :
———————————————————————— x

## MOTION FOR ORDER DIRECTING THE COURT
## SECURITY OFFICE TO FILE SUPPLEMENTAL STATUS REPORT

Petitioner Majid Khan, by and through his undersigned counsel, respectfully submits this

motion for an order directing the Court Security Office to file his presumptively classified

supplemental status report on the record, under seal, in his above-captioned habeas case.  Khan

also seeks an order authorizing his disclosure of presumptively classified information to security-

cleared counsel for other Guantánamo prisoners who are presumed to have a "need to know" the

information.  Khan's motion should be granted pursuant to the protective order in this case.[1]

---

[1] The government appears to object to this motion.

As set forth in his publicly-filed status reports, Khan has prepared a supplemental status report containing presumptively Top Secret//Sensitive Compartmented Information ("TS//SCI") that he contends is relevant to his status and thus to the Court's orders of June 20, 2008, and July 11, 2008 (*see* dkt. nos. 42, 52). The government no longer objects to this Court having access to the supplemental report. But the government so far has refused to authorize the filing of the supplemental report on the record in this case, under seal, on the ground that it contains presumptively TS//SCI information obtained pursuant to Khan's Detainee Treatment Act ("DTA") case, *see Khan v. Gates*, No. 07-1324 (D.C. Cir.).[2]

The government's position that Khan may not use in his habeas case presumptively classified information obtained in connection with his DTA case stands in direct contrast to the position taken by the government in other Guantánamo detainee habeas cases. *See*, *e.g.*, Resp'ts' Resp. to Uighur Pet'rs' Motion to Use CSRTs Provided in DTA Action in this Case at 1-2, *In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-442 (TFH) (D.D.C. filed Aug. 1, 2008) (dkt. no. 228) ("Subject to adherence to the standard protective orders entered in each of the habeas cases, respondents agree that these petitioners may use the classified CSRT records already filed in their DTA action here in their habeas cases, as long as that is done in a manner consistent with the protective orders.").

The government's refusal to permit Khan to file his supplemental status report also contravenes the Standard Protective Order entered in this case on July 29, 2008 (*see* dkt. no. 57).[3] This Court ordered that the Standard Protective Order applies "in all cases" pending further

---

[2] Khan lodged the supplemental report with the Court Security Office on June 26, 2008, pending further instructions from the government and/or the Court.

[3] The "Standard Protective Order" refers to the protective order first entered by Judge Green in the *In re Guantánamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004), consisting of the following: (1) the Amended Protective Order and Procedures for Counsel Access to Detainees at

order of the Court. *See id.* The order did not exempt this case or any habeas case involving presumptively TS//SCI information and no further order has been entered.

The Standard Protective Order indisputably authorizes the filing of classified information on the record, under seal, in this case. *See* Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, ¶¶ 46-48 (first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004)); Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order (first issued on December 13, 2004). Indeed, the very purpose of the Standard Protective Order is to establish procedures permitting counsel to file classified information as part of the record while also protecting national security.

The "classified information" governed by the Standard Protective Order includes TS//SCI information. *See* Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, ¶ 9 (first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004)). Access to classified information under the Standard Protective Order also specifically includes information obtained in connection with the habeas case as well as information that counsel "otherwise com[es] to know in any manner," *id.* ¶ 13, such as in connection with a related DTA action.

It is likewise indisputable that the Standard Protective Order authorizes security-cleared counsel to share classified information concerning their clients. The Standard Protective Order specifically provides that "counsel for petitioners in these cases are presumed to have a 'need to

---

the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004); (2) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004.

know' information both in their own cases and in related cases pending before this Court." *Id.* ¶ 29. "Therefore . . . counsel for all petitioners in these cases who have satisfied all necessary prerequisites and follow all procedures set forth herein may share and discuss among themselves classified information to the extent necessary for the effective representation of their clients." *Id.* "Counsel for respondents may challenge the 'need to know' presumption on a case-by-case basis for good cause shown." *Id.*

Accordingly, under the plain terms of the Standard Protective Order, and absent any challenge by the government to counsels' presumed "need to know," there is no basis for the government's refusal to consent to the relief requested by this motion. In abundance of caution, and in order to clarify his rights under the Standard Protective Order, Khan requests that this Court enter an order directing the Court Security Office to file his presumptively classified supplemental status report on the record, under seal, in this case. Khan also requests an order authorizing his disclosure of presumptively classified information to security-cleared counsel for other Guantánamo prisoners who are presumed to have a "need to know" the information.

**Conclusion**

Khan's motion should be granted.[4]

Date:    New York, New York
         August 1, 2008


                              Respectfully submitted,

                              Counsel for Petitioner:


                              _____s/_____
                              J. Wells Dixon (Pursuant to LCvR 83.2(g))
                              Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
                              Shayana D. Kadidal (D.C. Bar No. 454248)
                              CENTER FOR CONSTITUTIONAL RIGHTS
                              666 Broadway, 7th Floor
                              New York, New York 10012
                              Tel: (212) 614-6423

---

[4] Undersigned counsel respectfully request that oral argument on this motion, if any, not be scheduled for the week of August 4, 2008, when counsel will be away on vacation.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2008, I caused the foregoing motion to be filed and

served on counsel listed below by causing an original and five copies to be delivered to the Court

Security Office via overnight mail.

Terry M. Henry, Esq.
Senior Trial Counsel
Civil Division, Federal Programs Branch
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel. (202) 514-4107

Counsel for Respondents


_____s/_____
J. Wells Dixon