IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  | |  |
|---|---|---|
| | : | Misc. No. 08-442 (TFH) |
| IN RE: | : | |
| | : | Civil Action No. 05-1509 (RMU) |
| GUANTANAMO BAY | : | Civil Action No. 05-1602 (RMU) |
| DETAINEE LITIGATION | : | Civil Action No. 05-1704 (RMU) |
| | : | Civil Action No. 05-2370 (RMU) |
| | : | Civil Action No. 05-2398 (RMU) |
| | : | Civil Action No. 08-1310 (RMU) |

UIGHUR PETITIONERS' REPLY TO RESPONDENT'S
RESPONSE TO MOTION TO USE CSRTS PROVIDED IN DTA
ACTION IN THIS CASE

1.     Petitioners moved for an order allowing those among them who have received

Combatant Status Review Tribunal records in their Detainee Treatment Act actions to use those

records in this case for purposes of establishing that the D.C. Circuit's decision in *Parhat v.*

*Gates*, 2008 U.S. App. LEXIS 13721 (D.C. Cir. June 20, 2008) applies to them and for all other

purposes as if those CSRT records were produced as factual returns in the above-captioned

cases.

2.     Although Respondent objected to Petitioners' Motion prior to filing, in its August

1, 2008 Response, the United States has now agreed to Petitioners' use of the CSRT records in

the manner and for the purposes requested.

3.     Although Respondent did object in its Response to any implication - of which

Petitioners believe there was none - that the issuance of the order requested would have limited

Respondent's ability to submit amended factual returns to the Court, three days after filing its

Response, Respondent filed a Petition for Rehearing in *Parhat* in which it conceded that Mr.

Parhat is not an enemy combatant and that it would not submit any amended or new information

to attempt to reclassify him as an enemy combatant.  (*See* Attachment A)

4.    The record and briefing in the pending motions for judgment in the DTA cases of Jalal Jalaldin, Khalid Ali, Sabir Osman and Abdul Semet shows there is no dispute that each of them was held solely on the basis of an alleged ETIM affiliation (the lack of support for which was the lynchpin of *Parhat*), and accordingly that the Government's abandonment of an effort to challenge Parhat's status is an abandonment of the effort in those cases as well.  Counsel for those Petitioners has requested that the Government so stipulate in order to avoid imposing on the court and the parties needless expense.

5.    Likewise, undersigned counsel for other Petitioners have been attempting (some since June) to negotiate the application of *Parhat* to those Petitioners but as yet to no avail.

6.    Given Respondent's apparent refusal or inability to concede: (i) that the application of *Parhat* shows that Petitioners are not enemy combatants; and (ii) that the United States either does not have or does not wish to present evidence to the contrary, Petitioners will need to brief and this Court will need to decide, the application of *Parhat* based on the CSRT records.  Accordingly, Petitioners respectfully request that the Court issue the order as soon as possible to allow Petitioners' counsel to prepare and file the necessary papers.

Dated August 6, 2008

Susan Baker Manning
BINGHAM McCUTCHEN LLP
1120 20th Street NW, Suite 800
Washington, DC 20036-3406
Telephone:  (202) 778-6150
Facsimile:  (202) 778-6155

Sabin Willett (Pursuant to LCvR 83.2(g))
Neil McGaraghan (Pursuant to LCvR 83.2(g))
Rheba Rutkowski (Pursuant to LCvR 83.2(g))
Jason S. Pinney (Pursuant to LCvR 83.2(g))
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, Massachusetts  02110
Telephone:  (617) 951-8000

Respectfully submitted,

/s/George M. Clarke III
George M. Clarke III
D.C. Bar No. 480073
Miller & Chevalier Chartered
655 15th Street, NW, Suite 900
Washington, DC  20005
Telephone:  (202) 626-1573
Facsimile:  (703) 598-5121

*Counsel to Petitioners Ali Mohammad and Thabid*

- 2 -

Facsimile: (617) 951-8736

*Counsel to Petitioners Abdul Nasser, Abdul*
*Sabour, Abdul Semet, Hammad Memet,*
*Huzaifa Parhat, Jalal Jalaldin, Khalid Ali,*
*Sabir Osman and Edham Mamet*

Elizabeth P. Gilson (Pursuant to LCvR 83.2(g))
383 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 777-4050
Facsimile: (203) 787-3259

*Counsel to Petitioners Bahtiyar Mahnut and*
*Arkin Mahmud*

Eric A. Tirschwell (Pursuant to LCvR 83.2(g))
Michael J. Sternhell (Pursuant to LCvR 83.2(g))
Darren LaVerne (Pursuant to LCvR 83.2(g))
Seema Saifee (Pursuant to LCvR 83.2(g))
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel to Petitioners Abdul Razakah, Ahmad*
*Tourson, Abdul Ghaffar and Adel Noori*

J. Wells Dixon (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Telephone: (212) 614-6464
Facsimile: (212) 614-6499

*Co-counsel to all Petitioners*

884657.1

No. 06-1397

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

HUZAIFA PARHAT,
Petitioner,
v.
ROBERT M. GATES, SECRETARY OF DEFENSE,
Respondent.

ON PETITION FOR REVIEW FROM THE DECISION
OF THE COMBATANT STATUS REVIEW TRIBUNAL

PETITION FOR REHEARING

GREGORY G. KATSAS
*Assistant Attorney General*

JONATHAN F. COHN
*Deputy Assistant Attorney General*

DOUGLAS N. LETTER
ROBERT M. LOEB
AUGUST E. FLENTJE
CATHERINE Y. HANCOCK
(202) 514-4332
*Attorneys, Appellate Staff*
*Civil Division, Room 7268*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C. 20530-0001*

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY ................................................................. 1

ARGUMENT ................................................................................................. 4

    THE COURT SHOULD CLARIFY THAT ITS ORDER DID
    NOT RESOLVE ITS POWER TO ORDER RELEASE UNDER
    THE DTA OR THE POWER OF ANY COURT TO ORDER
    PETITIONER'S RELEASE INTO THE UNITED STATES ....................... 4

CONCLUSION ............................................................................................. 8

CERTIFICATE OF SERVICE

ADDENDUM

# TABLE OF AUTHORITIES

**Cases:**                                                                                      **Page**

*Boumediene v. Bush*, 128 S.Ct. 2229 (2008) ................................................. 4, 5, 7

*City of New York v. Baker*, 878 F.2d 507, 512 (D.C. Cir. 1989) ........................... 7

*Fiallo v. Bell*, 430 U.S. 787 (1977) ....................................................... 6

*Fok Yung Yo v. United States*, 185 U.S. 296, 305 (1902) ..................................... 6

*In re Guantanamo Bay Litig.*, Misc. No. 08-442 (D.D.C. July 11, 2008) ............. 2

*Heikkila v. Barber*, 345 U.S. 229, 233-34 (1953) ................................................. 7

*INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) ................................................. 6

*Kiyemba v. Bush*, Civ. No. 05-1509 (RMU) ....................................................... 2

*Knauff v. Shaughnessy*, 338 U.S. 537 (1950) ......................................................... 6

*Munaf v. Geren*, 128 S.Ct. 2207 (2008) ................................................................ 7

*Qassim v. Bush*, 407 F.Supp.2d 198 (D.D.C. 2005), *appeal dismissed
as moot*, 466 F.3d 1073 (D.C. Cir. 2006) ............................................. 3, 6, 7

*Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953) ........................ 6

**Statute:**

Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148,
119 Stat. 2680 (2005) ...................................................................................... 3

## INTRODUCTION AND SUMMARY

Pursuant to F.R.A.P. 40, respondent, the Secretary of Defense, respectfully requests the panel to rehear its decision of June 20, 2008, for the limited purpose of clarifying statements in its ruling regarding further proceedings on remand.

In its June 20 order, the panel vacated the determination of a Combatant Status Review Tribunal (CSRT) regarding petitioner Huzaifa Parhat's status as an enemy combatant.    The Court concluded that the CSRT had failed to make appropriate findings regarding the reliability of the documents it relied upon and that the Court could not determine whether the documents were, on their face, sufficiently reliable to support the CSRT's enemy combatant determination. "Having concluded that the evidence before the CSRT was insufficient to sustain its determination that Parhat is an enemy combatant," the Court remanded the matter, stating that the government should "expeditiously convene a new CSRT to consider evidence submitted in a manner consistent with this opinion." Slip op. 33.   The Court further stated that, as an alternative to conducting a CSRT proceeding, the government could "release" Parhat. *Ibid.*

After reviewing this Court's decision, the government has determined that it would serve no useful purpose to engage in further litigation over his status. As the Court is aware, the government had concluded that Parhat should be cleared for release, and it has now determined that it will treat Parhat as if he were no longer an

enemy combatant and house him accordingly while it uses its best efforts to place him in a foreign country.[1] The government will concentrate its limited litigation resources on the many other pending habeas cases.

Although this course of action should resolve the merits of Parhat's habeas claim, it does not resolve the scope of the district court's authority to order release into the United States. Parhat, in a district court motion filed on July 22, 2008, has asked the district court to compel his immediate release into the United States, urging that such release is authorized by this Court's decision.[2] We do not, of course, ask this Court to address the issue of the district court's authority for the first time in this rehearing petition. We do ask, however, that the Court clarify that it did not already resolve that question in its opinion.

_____

[1]In the past, the Department of Defense has housed individuals determined no longer to be enemy combatants at a special, separate camp facility, at which detainees have significantly more privileges, while they await their placement in another country. There, detainees have had a communal living arrangement, with free access to all areas of the camp, including a recreation yard, their own bunk house, and an activity room. They have had access to a television set equipped with a VCR and DVD, a stereo system, and recreational items such as soccer, volleyball, and table tennis. And the detainees have had air conditioning in all living areas (which they control), special food items, and expanded access to shower facilities and library materials. Petitioner, absent any behavior jeopardizing operational security, would remain in such special housing until he is placed in another country.

[2] The motion was filed with both the coordination judge (Judge Hogan) and Judge Urbina. *Kiyemba v. Bush*, Civ. No. 05-1509 (RMU); *In re Guantanamo Detainee Litigation*, Misc. No. 08-442.

The Court did not in any way speak to the issue raised in *Qassim v. Bush*, 407 F. Supp.2d 198 (D.D.C. 2005), *appeal dismissed as moot*, 466 F.3d 1073 (D.C. Cir. 2006), as to whether a court may order a detainee held at Guantanamo be released into the United States. The district court in *Qassim* had held, in the exercise of habeas jurisdiction, that such relief was not available. *Id.*, 407 F. Supp.2d at 202-03. This Court did not address the issue presented in *Qassim* or purport to overrule its analysis. Indeed, the Court did not resolve its own authority to order release of any sort under the DTA. Although this Court referred to "release" as an alternative to additional expedited proceedings, it specifically declined to address Parhat's arguments on this point, stating that "we need not resolve today" the authority of this Court to order release under its power to order release under the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, 119 Stat. 2680 (2005). Slip op. 31 (emphasis added).

In sum, we respectfully ask the Court to clarify that it did not purport to resolve the scope of a district court's to order Parhat's release into the United States.

## ARGUMENT

### THE COURT SHOULD CLARIFY THAT ITS ORDER DID NOT RESOLVE ITS POWER TO ORDER RELEASE UNDER THE DTA OR THE POWER OF ANY COURT TO ORDER PETITIONER'S RELEASE INTO THE UNITED STATES.

In a motion filed on July 22, Parhat has moved the district court to direct his immediate release into the United States, urging that this result follows directly from this Court's decision. That is plainly not the case.

In challenging his CSRT determination, Parhat urged that the Court could and should order his outright release, without a remand for a new CSRT. Instead, "[h]aving concluded that the evidence before the CSRT was insufficient to sustain its determination that Parhat is an enemy combatant," this Court remanded the matter for respondent to conduct a new CSRT hearing. Slip op. 30-33.

The Court did not rule on its own authority to direct release under the DTA. The Court observed that, "the DTA does not expressly grant the court release authority," but stated that "there is a strong argument (which the Supreme Court left unresolved in *Boumediene* * * *, and which we need not resolve today) that it is implicit in our authority to determine whether the government has sustained its

burden of proving that a detainee is an enemy combatant." Slip op. 31. (emphasis added).[3]

As Parhat has observed in his district court filing, this Court declared that "we direct the government to release Parhat, to transfer him, or to expeditiously convene a new CSRT to consider evidence submitted in a manner consistent with this opinion." Slip op. 33. Plainly, however, the Court did not purport to assert an authority that it explicitly declined to resolve. Even more clearly, the Court did not address the question of its authority to order Parhat's release into the United States.

Nor did the Court purport to resolve whether a district court could order such relief in the exercise of its habeas jurisdiction. The Court noted that, whereas its own authority to order release was uncertain, in a habeas proceeding "there is no question but that the court will have the power to order him released." Slip op. 32. The Court did not thereby resolve *sub silentio* and in dictum the distinct and significant question of a district court's power to order release into the United States.

---

[3] In rejecting the Government's position that it should construe the DTA to provide all powers necessary to constitute an adequate substitute for habeas, the Supreme Court observed that "[t]he DTA does not explicitly empower the Court of Appeals to order the applicant in a DTA review proceeding released should the court find that the standards and procedures used at his CSRT hearing were insufficient to justify detention." *Boumediene v. Bush*, 128 S.Ct. 2229, 2271 (2008) (emphasis added). The Court found the absence of such explicit authority under the DTA to be "troubling." *Ibid.*

The issue of a district court's authority to order release into the United States was squarely presented in *Qassim*. In that case, the district court correctly held that it had no authority to order the release into the United States of an alien detainee at Guantanamo, who was found to no longer be an enemy combatant. *See Qassim,* 407 F. Supp.2d at 202-03 ("a strong and consistent current runs through [the cases] that respects and defers to the special province of the political branches, particularly the Executive, with regard to the admission or removal of aliens * * *. These petitioners are Chinese nationals who received military training in Afghanistan under the Taliban. China is keenly interested in their return. An order requiring their release into the United States * * * would have national security and diplomatic implications beyond the competence or the authority of this Court").[4]

---

[4] This aspect of the district court *Qassim* ruling is clearly correct. As explained in the Government's brief to this Court in *Qassim* (*see Appellee Br.* 54-60, *Qassim v. Bush*, No. 05-5477 (D.C. Cir.)), an order requiring the Government to bring a non-resident alien petitioners to the United States not only would conflict with the specific provisions of the Immigration and Nationality Act, but also would be contrary to over a century of Supreme Court jurisprudence recognizing that the admission of aliens is a quintessential sovereign function reserved exclusively to the political branches of government. *See Fok Yung Yo v. United States*, 185 U.S. 296, 305 (1902) ("Congressional action has placed the final determination of the right of admission in executive officers, without judicial intervention"); *Knauff v. Shaughnessy*, 338 U.S. 537, 542-43 (1950), ("it is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien); *Fiallo v. Bell*, 430 U.S. 787 (1977) ("[t]he conditions of entry for every alien * * * have been recognized as matters * * * wholly outside the power of [the courts] to control"). *See also INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 210,

That order was appealed to this Court and was the subject of full briefing. The appeal was rendered moot when the petitioner detainees were released to another country. *See Qassim v. Bush*, 466 F.3d 1073 (D.C. Cir. 2006). Accordingly, this Court has had no occasion to address the important issue presented by that case and it did not purport to do so in its decision here.

As noted, we do not ask the Court to address the issue presented by *Qassim* here. Parhat's demand for release into the United States should, of course, be addressed in the first instance by the district court. We instead respectfully request that the Court clarify that it has not resolved the scope of the district court's authority to order the relief now sought in Parhat's habeas proceeding.

---

213 (1953); *Heikkila v. Barber*, 345 U.S. 229, 233-34 (1953); *City of New York v. Baker*, 878 F.2d 507, 512 (D.C. Cir. 1989). Notably, while, in *Boumediene*, the Supreme Court held that release is generally the appropriate habeas relief, it is "not the appropriate one in every case in which the writ is granted." *Boumediene*, 128 S.Ct. at 2266. *See also Munaf v. Geren*, 128 S.Ct. 2207 (2008) (holding no habeas relief was available to challenge where a detainee should be transferred).

## CONCLUSION

For the foregoing reasons, this Court should clarify its ruling to indicate that

it not resolve the issue presented in *Qassim* of whether a court may order release into

the United States.

Respectfully submitted,

GREGORY G. KATSAS
*Assistant Attorney General*

JONATHAN F. COHN
*Deputy Assistant Attorney General*

DOUGLAS N. LETTER
ROBERT M. LOEB
AUGUST E. FLENTJE
CATHERINE Y. HANCOCK
 (202) 514-4332
*Attorneys, Appellate Staff*
*Civil Division, Room 7268*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C.  20530-0001*

AUGUST 2008

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2008, I filed and served the foregoing rehearing petition by electronic mail and by first-class mail to the following lead counsel:

Sabin Willett
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Susan Baker Manning
Bingham McCutchen LLP
2020 K Street, N.W.
Washington DC 20006-1806

Robert M. Loeb