# EXHIBIT 5

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| ABD AL-RAHIM HUSSAIN | ) | |
| MOHAMMED AL-NASHIRI | ) | |
| Petitioner, | ) | |
| | ) | |
| *v.* | ) | No. 08-1007 |
| | ) | |
| ROBERT M. GATES, | ) | |
| Respondent. | ) | |

## STIPULATION TO IMMEDIATE ENTRY OF *KHAN* PROTECTIVE ORDER

The undersigned counsel for petitioner Abd Al-Rahim Hussain Mohammed Al-Nashiri, and for Respondent Robert M. Gates, hereby move on an emergency basis to entry in this action of the same Protective Order entered in *Majid Khan v. Gates*, No. 07-1324, on October 12, 2007, attached as Exhibit A hereto. Petitioner's counsel seeks to meet with petitioner Abd Al-Rahim Hussain Mohammed Al-Nashiri and therefore requests that the *Khan* Protective Order be entered immediately in this case.

As in *Khan*, petitioner here is one of several detainees who were moved to Guantanamo Bay in 2006, after previously being held in the custody of the Central Intelligence Agency.[1] The *Khan* Protective Order was based on the protective order

---

[1] The Government refers to the detainees transferred from CIA custody as "High Value Detainees," *See* http://www.whitehouse.gov/news/releases/2006/09/20060906-3.html (the President's announcement of the transfer of the high value

this Court entered in *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007), as amended on October 23, 2007,[2] but also included additional provisions the government believes are necessary because the case involves information classified at a level higher than that involved in *Bismullah*. The same *Khan* Protective Order is deemed necessary by the government for the same reason in this case.[3] Notably, the *Khan* order has been entered by this Court in all other cases where a protective order was sought by a detainee who was previously in CIA custody. *See Al Shibh v. Gates*, No. 07-1399 (D.C. Cir. order dated Jan. 2, 2008); *Husayn v. Gates*, No. 07-1520 (D.C. Cir. order dated Jan. 2, 2008) (orders attached hereto as Exhibit B).

The stipulated protective order is designed to enable petitioner's counsel to communicate with petitioner Abd Al-Rahim Hussain Mohammed Al-Nashiri in order to facilitate counsel's handling of this litigation. Both parties retain all rights to seek modification (by joint stipulation or otherwise) to this order or to challenge it before

---

detainees); http://www.defenselink.mil/pdf/detaineebiographies1.pdf (listing the detainees); http://www.defenselink.mil/pdf/thehighvaluedetaineeprogram2.pdf (a description of the high value detainee program).

[2] The government has challenged the *Bismullah* decision, including the protective order entered on July 30, 2007, and reserves the right to challenge any protective order entered in this case based on that decision. Petitioners also reserve the right to challenge any protective order entered in this case based on that decision.

[3] The parties recognize that section 5.L of the *Khan* protective order is addressed primarily to court filings and that material submitted for review other than court filing will not be reviewed on an expedited basis.

this Court or the Supreme Court.

## CONCLUSION

For the foregoing reasons, the parties stipulate to this Court's immediate entry

of the *Khan* protective order (in the form of Exhibit A, hereto).

Respectfully submitted,

FRANNY A. FORSMAN
Federal Public Defender
Office of Federal Public Defender
District of Nevada
PAUL G. TURNER
Nevada Bar No. 07941
Assistant Federal Public Defender
GERALD BIERBAUM
Texas Bar No. 24025252
Assistant Federal Public Defender
MUKUND H. SHARMA
California Bar No. 249125
Assistant Federal Public Defender
411 East Bonneville Avenue, Ste. 250
Las Vegas, NV 89101
(702) 388-6577
Attorneys for Petitioner

MATTHEW COLLETTE
ROBERT LOEB
(202) 514-4332
Attorney, Appellate Staff
Civil Division, Room 7268
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
For Respondent

-3-

Exhibit A

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-1324                           September Term, 2007

Filed On:

Majid Khan and Rabia Khan, as Next of Friend,
Petitioners

v.

Robert M. Gates, U.S. Secretary of Defense,
Respondent



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED

OCT 1 2 2007

CLERK

**BEFORE:** Sentelle, Randolph, and Brown, Circuit Judges

## O R D E R

Upon consideration of the "emergency stipulation to immediate entry of interim Guantanamo SCI protective order," it is

**ORDERED** that the protective order attached as Exhibit A to the above-referenced stipulation be entered in accordance with the terms of the stipulation, pending further order of the court.

**Per Curiam**

## 1. General Provisions

A.    The court finds that this case involves classified national security information or documents, the storage, handling and control of which require special security precautions, and access to which require a security clearance and a "need to know." This case may also involve other protected information or documents, the storage, handling and control of which may require special precautions in order to protect the security of United States personnel and facilities, and other significant interests.

B.    The purpose of this Protective Order is to establish the procedures that must be followed by a Petitioner, Petitioner's Counsel, and all other individuals who receive access to classified information or documents, or other protected information or documents, in connection with this case, including the Department of Defense (DoD) Privilege Team.

C.    The procedures set forth in this Protective Order will apply to all aspects of this case, and may be modified by further order of the court *sua sponte* or upon application by any party. The court will retain continuing jurisdiction to enforce or modify the terms of this Order.

D.    Nothing in this Order is intended to or does preclude the use of classified information by the Government as otherwise authorized by law outside of this action under the Detainee Treatment Act.

E.    Petitioner's counsel of record is responsible for advising his or her partners, associates, and employees, the petitioner, and others of the contents of this Protective Order, as appropriate or needed.

F.    All documents marked as classified, and information contained therein, remain classified unless the documents bear a clear indication that they have been declassified or determined to be unclassified by the agency or department that is the original classification authority of the document or of the information contained therein.

G.    Any violation of this Protective Order may result in a sanction for contempt.

## 2. Designation of Court Security Officer

The Court designates Christine E. Gunning as Court Security Officer for these cases, and Jennifer H. Campbell, Erin E. Hogarty, Joan B. Kennedy, Charline A. DaSilva, Nathaniel A. Johnson, Daniel O. Hartenstine, Michael P. Macisso, James P. Londergan, Barbara J. Russell and Miguel A. Ferrer as Alternate Court Security Officers, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure of any classified documents or information, or protected documents or information, to be made available in connection with these cases. Petitioners' counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified documents or information.

### 3. Definitions

A.    "Detainee" means an alien detained by the DoD as an alleged enemy combatant at the U.S. Naval Base at Guantánamo Bay, Cuba.

B.    "Petitioner" means a Detainee or a "next friend" acting on his behalf.

C.    "Petitioner's Counsel" includes a lawyer who is employed or retained by or on behalf of a Detainee for purposes of representing the Detainee in this litigation, as well as co-counsel, interpreters, translators, paralegals, investigators, and all other personnel or support staff employed or engaged to assist in this litigation.

D.    As used herein, the words "documents" or "information" include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

    i.    papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, interoffice and intraoffice communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, telefacsimiles, invoices, worksheets, and drafts, alterations, modifications, changes and amendments of any kind thereto;

    ii.    graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

    iii.    electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail,

2

films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

    iv.    information acquired or conveyed orally.

E.    The terms "classified information" and "classified documents" refer to:

    i.    any document or information that has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," or any classified information contained in such document;

    ii.    any document or information, regardless of its physical characteristics, now or formerly in the possession of a private party that has been derived from United States government information that was classified, regardless of whether such document or information has subsequently been classified by the Government pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)" ;

    iii.    oral or nondocumentary classified information known or reasonably should be known to be classified to the Petitioner or Petitioner's Counsel; or

    iv.    any document or information as to which the Petitioner or Petitioner's Counsel has been notified orally or in writing that such document or information contains classified information.

F.    The terms "protected information" and "protected documents" refer to any document or information deemed by the court, either upon application by the Government or *sua sponte*, to require special precautions in storage, handling, and control, in order to protect the security of United States Government personnel or facilities, or other significant government interests.

G.    "Access to classified information" or "access to protected information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information or protected information.

H.    "Communication" means all forms of communication between Petitioner's Counsel and a Detainee, including oral, written, electronic, or by any other means:

I.    "Legal Mail" consists only of documents and drafts of documents that are intended for filing in this action and correspondence directly related to those documents that-

        i.    relate directly to the litigation of this action;

ii.　address only (a) events leading up to the capture of the Detainee on whose behalf the petition in this action was filed, (b) events occurring between such Detainee's capture and any hearing before a Combatant Status Review Tribunal (CSRT) relating to such Detainee, and (c) the conduct of the CSRT proceeding relating to such Detainee; and

iii.　do not include any of the following information, in any form, unless directly related to the litigation of this action:

    a.　information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency;

    b.　information relating to current political events in any country;

    c.　information relating to security procedures at the Guantánamo Naval Base (including names of United States government personnel and the layout of camp facilities) or the status of other Detainees;

    d.　publications, articles, reports, or other such material including newspaper or other media articles, pamphlets, brochures, and publications by nongovernmental or advocacy organizations, or any descriptions of such material.

J.　"Secure area" shall mean a physical facility accredited or approved for the storage, handling, and control of classified information.

## 4. Roles and Functions of the DoD Privilege Team and Special Litigation Team

A.　The "DoD Privilege Team" comprises one or more DoD attorneys and one or more intelligence or law enforcement personnel. If required, the DoD Privilege Team may include interpreters/translators. The DoD Privilege Team is charged with representing and protecting the interests of the United States Government related to security and threat information. The DoD Privilege Team is authorized to review all communications specified in this order, including written communications and other materials sent

from Petitioner's Counsel to the Detainee and communications from the Detainee to his counsel. The DoD Privilege Team may not disclose a communication from Petitioner's Counsel to the Detainee or from the Detainee to his counsel other than information provided in a filing with the court and served on government counsel, unless the disclosure of such information is authorized by this or another order of the court or by Petitioner's Counsel.

B.   The DoD Privilege Team may redact or screen out material not meeting the definition of "Legal Mail" in section 2(l) above.

C.   When the DoD Privilege Team proposes to redact or screen out material sent from Petitioner's Counsel to a Detainee, Petitioner's Counsel for that Detainee must be notified.

D.   With the consent of Petitioner's Counsel, the DOD Privilege Team may consult with an individual or individuals in appropriate federal agencies for the purpose of identifying classified information and marking the documents with the appropriate classification. If Petitioner's Counsel does not consent to such consultation, information for which consultation is required will remain classified. Any such consultation will not waive attorney client, attorney work product, or any other applicable privilege. Further, the individual consulted for such purposes will not share the information with other government lawyers and/or officers involved in the litigation of this or other matters involving the petitioner, and the information shall not be used as a result of the consultation in the interrogation or investigation of petitioner. If the individual consulted is involved in the classification review of other documents, that individual may have discussions concerning such documents with government lawyers and/or officers involved in this and other matters involving the petitioner on condition that such discussions be for the sole purpose of classification review of such documents.

E.   In the event a dispute regarding the screening and redaction of material from legal mail sent from Petitioner's Counsel to a Detainee cannot be resolved among the parties and Petitioner's Counsel seeks the intervention of this court, the DoD Privilege Team may disclose the material at issue to the Commander, JTF-Guantánamo Naval Base or his representatives, including counsel for the Government.

F.   A "Special Litigation Team" is authorized to represent the DoD Privilege Team with respect to execution of its duties. The Special Litigation Team will be composed of one or more attorneys from the Department of Justice, who may not take part or be involved in litigating the merits of this

action under the Detainee Treatment Act or any other case brought by or against the Detainee.

G. The DoD Privilege Team may, through the Special Litigation Team (see § 3(H) below), inform the court of any issues or problems related to the release or processing of information related to this case.

H. The Special Litigation Team may not disclose information provided by the DoD Privilege Team, or any information submitted by Petitioner's Counsel to the DoD Privilege Team for review, except as provided by this Order or as permitted by Petitioner's Counsel or by the court.

I. Petitioner's Counsel or the Special Litigation Team may submit filings to the court concerning the DoD Privilege Team or actions taken by it.

J. Until otherwise notified, potentially privileged information in such filings must be submitted to the court under seal and contain a conspicuous notation as follows: "Submitted Under Seal-Contains Privileged Information." To maintain such information under seal, an appropriate application must be made to the court. Such information must be maintained under seal unless and until the court determines the information should not be sealed. Such filings by Petitioner's Counsel or the Special Litigation Team may not be served on counsel for respondent, except as authorized by Petitioner's Counsel or the court. With respect to a submission made under seal, a redacted version suitable for filing in the public record must be provided. Unresolved disputes concerning such redacted versions may be presented to the court.

K. Petitioner's Counsel may not convey to a Detainee information redacted or screened by the DoD Privilege Team or designated for such redaction or screening, absent consent from the DoD Privilege Team, the Special Litigation Team, or the Government, or authorization by this court.

### 5. Access to Classified Information and Documents

A. Without authorization from the Government, neither Petitioner nor Petitioner's Counsel may have access to any classified information involved in this case.

B. Petitioner's Counsel is presumed to have a "need to know" all the information in the Government's possession concerning the Detainee he represents. This presumption is overcome to the extent the Government seeks to withhold from Petitioner's Counsel highly sensitive information or information concerning a highly sensitive source that the Government

7

presents to the court *ex parte* and *in camera*. Except for good cause shown, the Government must provide notice to Petitioner's Counsel on the same day it files such information with the court *ex parte.*

C.    Petitioners' counsel to be provided access to classified information shall execute the MOU appended to this Protective Order, and shall file executed originals with the Court and submit copies to the Court Security Officer and counsel for the government. *The execution and submission of the MOU is a condition precedent for petitioners' counsel to have access to, or continued access to, classified information for the purposes of this proceeding.*

D.    The substitution, departure, or removal of petitioners' counsel from this case for any reason shall not release that person from the provisions of this Protective Order or the MOU executed in connection with this Order.

E.    Authorization from the Government to access classified information will not be granted to Petitioner's Counsel unless Petitioner's Counsel has first:

    i.    received the necessary security clearance as determined by the Department of Justice; and

    ii.    obtained written evidence of authority to represent the Detainee or obtained evidence of authority to represent the Detainee through *the Detainee's next friend; and*

    iii.    signed the Memorandum of Understanding ("MOU"), attached hereto as Exhibit A, agreeing to comply with the terms of this Protective Order.

F.    Prospective counsel for a Detainee may have up to two visits with a Detainee to obtain his authorization to seek review of the CSRT's determination of his status.

G.    The substitution, departure, or removal of Petitioner's Counsel from this case for any reason will not release that person from the provisions of this Protective Order.

H.    Except as provided herein, Petitioner's Counsel may not disclose any classified or protected information to any person including counsel in related cases brought by Guantanamo Bay detainees in this court or any other court. Petitioner's Counsel may not disclose classified or protected information to a detainee, unless that same information has been previously provided to Petitioner's Counsel by the same detainee.

Counsel may not confirm or deny to the detainee the assertions made by the detainee based on knowledge counsel may have obtained from classified documents.

I.     A disclosure of classified information includes any knowing, willful, or negligent action that could reasonably be expected to result in a communication or physical transfer of classified information.

J.     Neither Petitioner nor Petitioner's Counsel may disclose or cause to be disclosed in connection with this case any information known or believed to be classified except as otherwise provided herein.

K.     At no time, including any time subsequent to the conclusion of this case, may Petitioner's Counsel make any public or private statements disclosing any classified information made available pursuant to this Protective Order, including the fact that any such information is classified.

L.     Petitioner's Counsel is required to treat all information learned from a Detainee, including any oral or written communication with a Detainee, as TS//SCI information, unless and until the information is submitted to the DoD Privilege Team or counsel for the Government and determined to be nonclassified. All classified material must be handled, transported, and stored in a secure manner, as provided by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R. To the extent the handling, transportation, or storage restrictions imposed by this order are more restrictive than the Executive Order and regulations, this Protective Order shall govern.

M.     Petitioner's Counsel or the DoD Privilege Team must disclose to government counsel or Commander, JTF-Guantánamo Naval base any information learned from a Detainee involving any future event that threatens national security or is likely to involve violence. In such cases, the Privilege Team must provide contemporaneous notice to Petitioner's Counsel and retain for Petitioner's Counsel a copy of the material provided to government counsel or Commander, JTF-Guantánamo Naval Base.

N.     Petitioners' counsel shall not disclose the contents of any classified documents or information to any person, except those authorized pursuant to this Protective Order, the Court, and counsel for the government with the appropriate clearances and the need to know that information.

O.     In the event that classified information enters the public domain, counsel is not precluded from making private or public statements about the

information already in the public domain, but only where the statements are not subject to the limitation set forth below. Counsel may not make any public or private statements revealing personal knowledge from non-public sources regarding the classified or protected status of the information or disclosing that counsel had personal access to classified or protected information confirming, contradicting, or otherwise relating to the information already in the public domain. In an abundance of caution and to help ensure clarity on this matter, the Court emphasizes that counsel shall not be the source of any classified or protected information entering the public domain.

P.     The foregoing shall not prohibit petitioners' counsel from citing or repeating information in the public domain that petitioners' counsel does not know or have reason to believe to be classified information or a classified document, or derived from classified information or a classified document.

## 6. Secure Storage of Classified Information

A.     The Court Security Officer shall arrange for one appropriately secure area for the use of petitioners' counsel. The secure area shall contain a working area that will be supplied with secure office equipment reasonable and necessary to the preparation of the petitioners' case. Expenses for the secure area and its equipment shall be borne by the government.

B.     The Court Security Officer shall establish procedures to ensure that the secure area is accessible to the petitioners' counsel during normal business hours and at other times on reasonable request as approved by the Court Security Officer. The Court Security Officer shall establish procedures to ensure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. The Court Security Officer or Court Security Officer designee may place reasonable and necessary restrictions on the schedule of use of the secure area in order to accommodate appropriate access to all petitioners' counsel in this and other proceedings.

C.     All classified information provided by the government to counsel for petitioners, and all classified information otherwise possessed or maintained by petitioners' counsel, shall be stored, maintained, and used only in the secure area.

D.     No documents containing classified information may be removed from the

10

secure area unless authorized by the Court Security Officer or Court Security Officer designee supervising the area.

E.     Consistent with other provisions of this Protective Order, petitioners' counsel shall have access to the classified information made available to them in the secure area, and shall be allowed to take notes and prepare documents with respect to those materials only in the secure area.

F.     Petitioners' counsel shall not copy or reproduce any classified information in any form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

G.     All documents prepared by petitioners' counsel that do or may contain classified information (including without limitation, notes taken or memoranda prepared by counsel and pleadings or other documents intended for filing with the Court) shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received approval from the Court Security Officer for access to classified information. Such activities shall take place in the secure area on approved word processing equipment and in accordance with the procedures approved by the Court Security Officer. All such documents and any associated materials containing classified information (such as notes, memoranda, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) shall be maintained in the secure area unless and until the Court Security Officer advises that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the government unless authorized by the Court, by petitioners' counsel or as otherwise provided in this Protective Order.

H.     Petitioners' counsel shall discuss classified information only within the secure area or in another area authorized by the Court Security Officer, shall not discuss classified information over any standard commercial telephone instrument or office intercommunication system, and shall not transmit or discuss classified information in electronic communications of any kind.

I.     The Court Security Officer or Court Security Officer designee shall not reveal to any person the content of any conversations she or he may hear by or among petitioners' counsel, nor reveal the nature of documents being reviewed by them, or the work generated by them, except as necessary to report violations of this Protective Order to the Court or to carry out their duties pursuant to this Order. In addition, the presence of the Court Security Officer or Court Security Officer designee shall not

11

operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client privilege or work product protections.

J. All documents containing classified information prepared, possessed or maintained by, or provided to, petitioners' counsel (except filings submitted to the Court and served on counsel for the government), shall remain at all times in the control of the Court Security Officer for the duration of these cases.

K. As stated in more detail in SECTION 9 below, failure to comply with these rules may result in the revocation of counsel's security clearance as well as civil and/or criminal liability.

## 7. Access to Protected Information

A. The Government may apply to the court to deem any information "protected," and if filed in this court to be maintained under seal. Such information must be maintained under seal unless and until the court determines the information should not be designated as "protected."

B. Without authorization from the Government or the court, protected information may not be disclosed or distributed to any person or entity other than the following:

    i. Petitioner's Counsel and counsel bound by the terms of this protective order in a case filed on behalf of another Detainee seeking review under the Detainee Treatment Act,

    ii. the court and its support personnel, and

    iii. a Detainee if the information was obtained in the first instance from the Detainee.

C. Neither Petitioner nor Petitioner's Counsel may disclose or cause to be disclosed any information known or believed to be protected in connection with any hearing or proceeding in this case except as otherwise provided herein.

D. At no time, including any period subsequent to the conclusion of the proceedings, may Petitioner's Counsel make any public or private statements disclosing any protected information made available pursuant to this Protective Order, including the fact that any such information is protected.

12

E.    Protected information may be used only for purposes directly related to this case and not for any other litigation or proceeding, except by leave of the court. Photocopies of documents containing such information may be made only to the extent necessary to facilitate the permitted use hereunder.

F.    Nothing in this Protective Order prevents the Government from using for any purpose protected information it provides to a party. Nothing in this Protective Order entitles a nonparty to this case to protected information.

G.    Within ninety (90) days of the resolution of this action, and the termination of any certiorari review therefrom, all protected documents or information, and any copies thereof, provided to Petitioner's Counsel must be promptly destroyed, and Petitioner's Counsel must certify in writing that all designated documents and materials have been destroyed. Counsel for the government may retain one complete set of any such materials that were presented in any form to the Court. Any such retained materials shall be placed in an envelope or envelopes marked "Protected Information Subject to Protective Order." In any subsequent or collateral proceeding, a party may seek discovery of such materials from the government, without prejudice to the government's right to oppose such discovery or its ability to dispose of the materials pursuant to its general document retention policies.

H.    The Record on Review will be provided to Petitioner's Counsel upon a date established by order of the court.

## Procedures for Filing Documents

A.    Until further order of this Court, any pleadings or other document filed by a petitioner shall be filed under seal with the Court through the Court Security Officer unless the petitioner has obtained from the Court Security Officer permission, specific to a particular, non-substantive pleading or document (e.g., motions for extensions of time, continuances, scheduling matters, etc.) not containing information that is or may be classified or protected, to file the pleading or document not under seal. Petitioner's counsel will provide the original pleading and six copies thereof to the Court Security Officer. Two copies of an additional title page should accompany the filing provided to the CSO. This title page should only include the caption of the case, an unclassified title and should not include any classification markings. The Court shall direct the clerk to enter on

the docket sheet the title page, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer. The date and time of physical submission to the Court Security Officer shall be considered the date and time of filing with the Court. The Court Security Officer shall promptly examine the pleading or document and forward it to the appropriate agencies for their determination whether the pleading or document contains classified information. The CSO may consult with an individual or individuals in appropriate federal agencies for the purpose of identifying classified information and marking the documents with the appropriate classification markings. If it is determined that the pleading or document contains classified information, the Court Security Officer shall ensure that portion of the document, and only that portion, is marked with the appropriate classification marking and that the document remains under seal. If it is determined that the pleading or document contains protected information, the Court Security Officer shall ensure that portion of the document, and only that portion, remains under seal. Any document filed by petitioner that is determined not to contain classified information or protected information, and is not subject to any other restrictions on disclosure, shall immediately be unsealed by the Court Security Officer and placed in the public record. The Court Security Officer shall immediately deliver under seal to the Court and counsel for the government any pleading or document to be filed by petitioners that contains classified information or protected information.

B.  Any pleading or other document filed by the government containing classified information shall be filed under seal with the Court through the Court Security Officer. The date and time of physical submission to the Court Security Officer shall be considered the date and time of filing with the Court. The Court Security Officer shall serve a copy of any classified pleadings by the government upon the Petitioner at the secure facility.

C.  Nothing herein shall require the government to disclose classified or protected information. Nor shall anything herein prohibit the government from submitting classified information or protected information to the Court in camera or ex parte in these proceedings, or entitle petitioners or petitioners' counsel access to such submissions or information. Except for good cause shown in the filing, the government shall provide counsel for the petitioner or petitioners with notice served on such counsel on the date of the filing.

## 9. Penalties for Unauthorized Disclosure

A. Any disclosure of classified information in violation of this order may constitute violations of United States criminal laws. In addition, any violation of the terms of this Protective Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution. *See, e.g.,* Executive Order 12958, as amended. Any breach of this Protective Order may also result in the termination of access to classified information and protected information. Persons subject to this Protective Order are advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause damage to the national security of the United States or may be used to the advantage of an adversary of the United States or against the interests of the United States. Persons subject to this Protective Order are also advised that direct or indirect unauthorized disclosure, retention, or negligent handling of protected documents or information could jeopardize the security of United States government personnel and facilities, and other significant government interests. This Protective Order is to ensure that those authorized to receive classified information and protected information will not divulge this information to anyone who is not authorized to receive it, without prior written authorization from the original classification authority and in conformity with this Protective Order.

B. The USG reserves the right to unilateral take protective measures to safeguard classified information if it concludes that any provision of the protective order has been violated and the result of such violation reasonably could be expect to lead to the unauthorized disclosure of classified information.

C. The termination of these proceedings shall not relieve any person or party provided classified information or protected information of his, her, or its obligations under this Protective Order.

Exhibit A

## MEMORANDUM OF UNDERSTANDING REGARDING ACCESS TO
## CLASSIFIED NATIONAL SECURITY INFORMATION

Having familiarized myself with the applicable statutes, regulations, and orders related to, but not limited to, unauthorized disclosure of classified information, espionage and related offenses; The Intelligence Identities Protection Act, 50 U.S.C. § 421; 18 U.S.C. § 641; 50 U.S.C. § 783; 28 C.F.R. § 17 et seq.; and Executive Order 12958; I understand that I may be the recipient of information and documents that belong to the United States and concern the present and future security of the United States, and that such documents and information together with the methods and sources of collecting it are classified by the United States government. In consideration for the disclosure of classified information and documents:

(1) I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified documents and information unless specifically authorized in writing to do so by an authorized representative of the United States government, or as expressly authorized by the Protective Order entered in the case captioned _____.

(2) I agree that this Memorandum of Understanding and any other non-disclosure agreement signed by me will remain forever binding on me.(3) I have received, read, and understand the Protective Order entered by the court in the case captioned _____, and I agree to comply with the provisions thereof.

16

# Exhibit B

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 07-1399                     September Term, 2007

Ramzi Bin Al-Shibh,
        Petitioner

    v.

Robert M. Gates, U.S. Secretary of Defense,
        Respondent

Filed On:



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    JAN 2 2008

CLERK

**BEFORE:**    Sentelle, Brown, and Griffith, Circuit Judges

## O R D E R

Upon consideration of the motion for leave to proceed in forma pauperis and the stipulation to immediate entry of <u>Khan</u> Protective Order, it is

**ORDERED** that the motion for leave to proceed in forma pauperis be granted. It is

**FURTHER ORDERED** that the protective order attached as Exhibit A to the above-referenced stipulation be entered in accordance with the terms of the stipulation, pending further order of the court.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY: _____
      Deputy Clerk/LD

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 07-1520**                                          **September Term, 2007**

Zayn Al Abidin Muhammad Husayn,
            Petitioner

            v.

Robert M. Gates, U.S. Secretary of Defense,
            Respondent

**Filed On:**



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    JAN 2 2008

CLERK

**BEFORE:**    Sentelle, Brown, and Griffith, Circuit Judges

## O R D E R

Upon consideration of the motion for leave to proceed in forma pauperis and the stipulation to immediate entry of <u>Khan</u> Protective Order, it is

**ORDERED** that the motion for leave to proceed in forma pauperis be granted. It is

**FURTHER ORDERED** that the protective order attached as Exhibit A to the above-referenced stipulation be entered in accordance with the terms of the stipulation, pending further order of the court.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:  Maryann Mc Main

Deputy Clerk/LD