IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: <br> GUANTANAMO BAY <br> DETAINEE LITIGATION | Misc. No. 08-442 (TFH) <br><br> Civil Action Nos. <br> 06-CV-1690, 08-1085, 08-1207, 08-1360 |

**PROTECTIVE ORDER PERTAINING TO CERTAIN CASES INVOLVING
TOP SECRET / SENSITIVE COMPARTMENTED INFORMATION
("TS/SCI PROTECTIVE ORDER")**

The Court finds that this case involves national security information or documents, including TOP SECRET/ SENSITIVE COMPARTED INFORMATION ("TS/SCI"), the storage, handling, and control of which require special security precautions, and access to which requires an appropriate security clearance and a "need to know." This case may also involve other protected information or documents, the storage, handling and control of which may require special precautions in order to protect the security of United States personnel and facilities, and other significant interests.

Accordingly, in order to protect national security interests and for good cause shown, IT IS SO ORDERED:

1. The following orders previously entered in these and other Guantanamo Bay detainee habeas corpus cases apply in this case, except as otherwise provided in this TS/SCI Protective Order: (1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004) ("Amended Protective Order"); the Order Addressing Designation Procedures for "Protected Information," first issued on November 10,

2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004.

2. The Guantanamo Procedure Guide for Counsel Access in Detainee Habeas Cases Involving TS/SCI Material, attached hereto as Exhibit A to this TS/SCI Protective Order, shall apply in this case in the place of Exhibit A to the Amended Protective Order for governing counsel access to detainees in the control of the Department of Defense ("DoD") at the U.S. Naval Base at Guantanamo Bay, Cuba, for purposes of litigating this case.

3. Paragraph 16 of the Amended Protective Order shall be modified in this case to read:

> The Court designates Christine E. Gunning as Court Security Officer for these cases, and Jennifer H. Campbell, Miguel A. Ferrer, Daniel O. Hartenstine, Erin E. Hogarty, Nathaniel A. Johnson, Joan B. Kennedy, James P. Londergan, Michael P. Macisso and Barbara J. Russell as alternate court security officers for the purpose of providing security arrangements necessary to prevent the unauthorized disclosure of any classified documents or information, or protected documents or information, to be made available in connection with these cases. Petitioners' counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified documents or information.

4. Paragraph 29 of the Amended Protective Order shall be modified in this case to delete the second, third, and fourth sentences of that paragraph.

SO ORDERED.


Dated: _____          _____
                                                Thomas F. Hogan
                                          United States District Judge

Exhibit A

## GUANTANAMO PROCEDURE GUIDE
## FOR COUNSEL ACCESS IN DETAINEE HABEAS CASES INVOLVING TS/SCI MATERIAL

**1. Acknowledgment of and Compliance with Access and Information Handling Procedures**

1.1 Before being granted access to certain designated detainees whose cases may involve material classified as Top Secret/Sensitive Compartmented Information (hereinafter "TS/SCI"), Petitioner's Counsel (hereinafter "counsel"), will receive a copy of this Guantanamo Procedure Guide for Counsel Access in Detainee Habeas Cases Involving TS/SCI Material. To have access to designated detainees, counsel must agree to comply fully with all procedures in this Guide. Counsel must also sign the attached affirmation acknowledging his/her agreement to comply, have the necessary security clearances, and present the Department of Justice adequate evidence of authorization to represent the detainee or the next-friend petitioner.

1.2 This affirmation will not be considered an acknowledgment by counsel that the procedures within this Guide are legally permissible. However, even if counsel elects to challenge these procedures, counsel may not knowingly disobey an obligation imposed by these procedures until such time, if any, that the procedures are modified or revoked by the United States Department of Defense or by a United States District Court or Court of Appeals, or the United States Supreme Court.

1.3 Commander, Joint Task Force-Guantanamo (hereinafter "JTF-GTMO") may suspend the privilege of visiting Guantanamo if he determines a violation of this Guide has occurred or in other appropriate circumstances. Violation of this Guide could also provide grounds for revocation of counsel's security clearance. This Guide is published in an effort to facilitate counsel's access to their clients and is consistent with the current TS/SCI Protective Order established in the Guantanamo detainee habeas cases (hereinafter "TS/SCI Protective Order"). However, it is not intended and does not purport to establish any substantive or procedural rights

for detainees. Moreover, nothing in this Guide shall limit the authority of the Commander of JTF-GTMO to require the imposition of additional security procedures, relating to access to the detainee based on operational requirements, security needs and military resources at JTF-GTMO. Counsel will be advised of any such changes as soon as practicable.

      1.4 All documents containing information about or related to material classified as TS/SCI must be handled in accordance with the security procedures established in the TS/SCI Protective Order and this Guide. Materials classified as TS/SCI shall not be handled by counsel outside designated areas while at Guantanamo. All classified material created by an attorney or the detainee that is related to a detainee's case will be transmitted from Guantanamo to Washington, D.C. via secure point–to-point electronic transmission, or via USG designated courier in a sealed container, designed to protect attorney-client confidentiality. (Because these materials must be handled TS/SCI, they cannot be transmitted by mail.) Classified information that is transported at Guantanamo shall be handled in accordance with the security procedures established in  of the TS/SCI Protective Order and this  Guide

**2. Logistics of Counsel Visit**

      2.1 Issues related to logistics of counsel visits not addressed by the TS/SCI Protective Order or this Guide are governed by procedures applicable to visits of counsel representing other Guantanamo detainees.

**3. Mail Procedures**

**A. <u>Mail Sent by Counsel for Delivery to Detainee (Incoming Mail)</u>**

*Legal Mail*

      3.1 Legal mail consists of correspondence between counsel and a detainee related to counsel's representation of the detainee, as well as privileged documents and publicly filed legal documents relating to that representation.  Legal mail  is to be processed in accordance with the TS/SCI Protective Order and subject to  security review for  contraband by the DoD Privilege Team.  Written and oral communications with a detainee, including all incoming legal mail, shall

not include any of the following information, in any form, unless directly related to the litigation of this action: information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency; information relating to current political events in any country; information relating to security procedures at the Guantánamo Naval Base (including names of United States government personnel and the layout of camp facilities); the status of other detainees; publications, articles, reports, or other such material including newspaper or other media articles, pamphlets, brochures, and publications by nongovernmental or advocacy organizations, or any descriptions of such material.

Counsel shall send incoming legal mail for a detainee to the DoD Privilege Team (referenced in the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004)) at an address supplied by the government. Each envelope or mailer shall be labeled with the name and Internment Serial Number (ISN) of the detainee and shall include a return address for counsel sending the materials. The outside of the envelope or mailer for incoming legal mail shall be labeled clearly with the following annotation: "Attorney-Detainee Materials-For Mail Delivery to Detainee." Each page of legal mail shall be labeled "Attorney-Detainee Materials." No staples, paper clips or any non-paper items shall be included with the documents.

Upon receiving legal mail, the DoD Privilege Team shall open the envelope or mailer to search the contents for prohibited contraband.

Following its review, the DoD Privilege Team shall send legal mail approved for delivery to the detainee to personnel at Guantanamo Bay. The DoD Privilege Team is not required to send legal mail to personnel at Guantanamo Bay in the event of a dispute with counsel regarding the presence of contraband. Each page of legal mail that is approved for delivery to the detainee by DoD Privilege Team shall be marked/stamped "Legal Mail Approved by Privilege Team" and

placed in a sealed envelope bearing the same marking on the exterior. Within three (3) business days of receipt of legal mail from the DoD Privilege Team, personnel at Guantanamo shall deliver the envelope bearing the approved DoD Privilege Team marking to the detainee without opening the envelope. In the event an envelope approved by the DoD Privilege Team arrives at Guantanamo bearing evidence of tampering or physical contraband, JTF-GTMO personnel retain the authority to return the envelope, without opening it, to the DoD Privilege Team for appropriate action.

The detainee shall be responsible for mailing any confirmation of delivery to counsel as outgoing legal mail. This method shall be the sole and exclusive means by which confirmation of delivery is provided to counsel.

*Non-Legal Mail*

3.2 Written correspondence to a detainee not falling within the legal mail definition of the TS/SCI Protective Order (also referred to as "non-legal mail") shall be sent through the United States Postal Service to the following address: Detainee's Name and ISN, U.S. Naval Base, Guantanamo Bay, Cuba, Washington, D.C. 20355. These non-privileged communications will be reviewed by military personnel at Guantanamo under the standard operating procedures for detainee non-legal mail.

**B. Mail Sent by Detainee to Counsel (Outgoing Legal Mail)**

*Legal Mail (All such Legal Mail is Presumptively TS/SCI)*

3.3 Guantanamo will provide each detainee with paper to prepare legal mail communications to counsel. Access to such items may be limited or restricted because of the detainee's disciplinary and/or medical status, although a detainee's disciplinary and/or medical status shall not be a basis for denying all access to such items. Any outgoing legal mail will be handled as if it is classified at the TS/SCI level, as defined by the TS/SCI Protective Order, pending an appropriate classification review of the legal mail by a DoD Privilege Team member.

3.4 When legal mail is ready to be sent, the detainee will notify the guard staff, who will contact the SJA legal mail clerk. In the presence of the SJA legal mail clerk, the detainee will double-wrap all legal mail. Each envelope will be annotated with the words "Attorney-Detainee Materials-For Delivery To Counsel." Each envelope shall be labeled with the name of the detainee, the detainee's ISN, and the name of the detainee's counsel.

3.5 The SJA mail clerk will place the outgoing mail into a courier bag, which will then be locked, and hand delivered to a DoD Privilege Team member at Guantanamo. The DoD Privilege Team member will send all approved legal mail to the secure facility in Washington, D.C., through a secure electronic point-to-point transfer system in a manner designed to protect the classified material as well as attorney-client confidentiality. All originals of legal mail sent by a detainee will be stored in a safe located in the secure area in Guantanamo in a manner designed to protect classified material as well as attorney-client confidentiality. The DoD Privilege Team will notify counsel via email when legal mail has been received at the secure facility in Washington D.C.

*Non-Legal Mail*

3.6 Non-legal mail communications and combined non-legal/legal mail communications from detainees, including written communications to persons other than counsel, shall be sent through the United States Postal Service and are subject to ordinary review by military personnel at Guantanamo under the standard operating procedures for detainee non-legal mail. Any envelope or communication submitted by a detainee to Guantanamo personnel for mailing will be processed as non-legal mail unless the envelope or communication meets the criteria for legal mail listed above.

In the event any non-legal correspondence or messages from a detainee to individuals other than his counsel (including but not limited to family/friends or other attorneys) or communications not generated by the detainee (*e.g.*, notes from other detainees) are sent to counsel as legal mail, the DoD Privilege Team shall notify counsel that the material will not be

processed and the DoD Privilege Team shall return the communication to Guantanamo for processing according to the standard operating procedures for detainee non-legal mail. In the event non-legal communications are included with legal mail communications such that the non-legal mail communication cannot be segregated and returned to Guantanamo for processing in accordance with standard operating procedures for non-legal mail, the DoD Privilege Team shall redact or screen out any material not meeting the definition of "Legal Mail."

Classified information may not be sent through non-legal mail channels.

**4. Materials Brought Into a Meeting between Counsel and Detainee**

4.1 Counsel shall bring only writing utensils, and blank paper into any meeting with a detainee, unless counsel has received prior approval from Commander, JTF- GTMO. Blank paper may not be left with the detainee.

**A. <u>Categories of Materials</u>**

*Legal Mail*

4.2 All legal mail counsel seeks to bring to a meeting with a detainee must be processed pursuant to the general procedures set out in § 3.A of this document. Each page of legal mail that counsel seek to bring into a meeting with a detainee following screening by the DoD Privilege Team must be marked/stamped by the DoD Privilege Team with the following annotation: "Legal Mail Approved by Privilege Team." Commander, JTF-GTMO, after confirming that the materials are stamped as indicated above, will permit counsel to bring stamped materials into a meeting with a detainee-client subject to the contraband screening policies discussed above. Counsel are responsible for submitting to the DoD Privilege Team any legal mail that they seek to hand-carry into the meeting that they seek to have reviewed by the DoD Privilege Team twenty-one (21) days in advance of counsel's scheduled visit in order to allow the DoD Privilege Team to review the documents and return them to counsel.

*Non-Legal Mail*

4.3 With the exception of writing utensils, blank paper, and legal mail screened as discussed above, any communications or physical items that counsel seek to bring into a meeting must be approved in advance by the Commander, JTF-GTMO. All such non-legal items submitted for advanced review in connection with a counsel visit must be received by Guantanamo through the United States Postal Service twenty-one (21) days in advance of counsel's requested visit. Counsel may send non-legal materials to the following address: Detainee's Name and ISN, U.S. Naval Base, Guantanamo Bay, Cuba, Washington, D.C. 20355. Review of this material will be conducted as resources allow and include both a physical contraband inspection as well as a substantive review of any written content. There is no guarantee that this non-legal material will be processed and approved in advance of a visit. Nonetheless, providing material in advance will speed up processing and increase the likelihood that material requested will be allowed to be carried into a meeting with the detainee.

*Food Items*

4.4 Counsel may bring food items into a meeting, but all authorized food items must be consumed during the visit or removed by counsel. JTF-GTMO personnel will inspect all food items. Any food item may not be allowed into a meeting location if it is determined by guard personnel that the proposed items constitute a hazard or other security issue. Counsel must ensure that all food items not consumed and packaging and debris are collected from the meeting area prior to each departure. Counsel agree to notify the guards if the detainee keeps and/or refuses to return any item brought in by counsel that the detainee is not authorized to keep. Failure to notify the guards can result in a loss of the privilege to bring food items to future meetings. Flowers, balloons and other similar items are expressly prohibited.

**5. Materials Brought Out of a Meeting between Counsel and Detainee**

5.1 Upon completion of each meeting with a detainee or during any break in a meeting session, the notes or documents carried into, used or produced during the meeting, except those

left in the possession of the detainee, shall be transported to the secure area, and placed in a safe in a manner designed to protect classified material and attorney-client confidentiality. These materials will be sealed in the presence of counsel and handled as TS/SCI material.

      5.2 If further counsel-detainee meetings are scheduled where these materials may be used, counsel will advise on which materials the counsel wants to take into the next meeting. These materials will be placed in a separate envelope and made available to the counsel for use at the next meeting.

      5.3 All materials coming out of the counsel-detainee meeting are presumptively TS/SCI, even if the document was unclassified going into the meeting (to account for, among other things, the possible addition of notations to the materials during the meeting). Upon completion of the counsel's visit to JTF-GTMO, the DoD Privilege Team member in Guantanamo will conduct a review to determine that any originally unclassified documents have not been modified in any way. Unclassified materials will be mailed to an address designated by counsel, or, if no such address has been designated, to the secure facility in Washington, DC. Other materials shall be sent by the Privilege Team or by courier to the Washington, D.C., secure facility in accordance with governing security regulations.

      5.4 For other material coming out of the counsel-detainee meeting, the DoD Privilege Team will send English language documents containing any potentially classified information to the secure facility in Washington, D.C. through a secure electronic point-to-point transfer system, or via USG designated courier in a sealed container, in a manner designed to protect classified material and attorney-client confidentiality. All foreign language materials will be sent to the secure facility in Washington, D.C. through this same electronic mechanism. The original notes, documents, and other materials shall be stored in a safe located within the secure area at JTF-Guantanamo, in a manner designed to protect classified material and attorney-client confidentiality. The DoD Privilege Team will notify counsel via email when the electronically transmitted materials have been received at the secure facility in Washington, D.C.

5.5 Non-legal mail communications provided to the DoD Privilege Team by counsel following a visit shall be processed as non-legal mail .

5.6 During a meeting with a detainee, counsel may provide the detainee with any written documents that were approved to be brought into the meeting. The detainee will be permitted to bring all such privileged documents back to his cell at the conclusion of the meeting, subject to an appropriate contraband review by JTF-GTMO. The detainee may also bring back to his cell any documents, notes, or communications created by the detainee and/or counsel during the course of the meeting, subject to an appropriate contraband review by JTF-GTMO.

**6. Classification Determination of Communications between Counsel and Detainee**

6.1 Subject to the review described above, all information provided and materials sent by a detainee to counsel or brought out of a meeting by counsel will be handled and treated as classified at the TS/SCI level, pending an appropriate classification review.

A. <u>Classification Request of Detainee Communications</u>

6.2 Counsel may submit information learned from a detainee to the DoD Privilege Team located at the secure facility in the Washington, DC area. for a classification and security review which may result in a determination of its appropriate security classification and whether it contains protected material. Counsel shall memorialize the information submitted for classification and security review into a written memorandum outlining as specifically as possible the information for which counsel requests a classification determination. All documents submitted for classification and security review shall be prepared, handled and treated in the manner required for classified materials, as required by Executive Order 12958 (as amended), DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

6.2.1 With the consent of counsel, the DOD Privilege Team may consult with an individual or individuals in appropriate federal agencies for the purpose of identifying classified

information and marking the documents with the appropriate classification. If counsel does not consent to such consultation, information for which consultation is required will remain classified. Any such consultation will not waive attorney client, attorney work product, or any other applicable privilege. Further, the individual consulted for such purposes will not share the information with other government lawyers and/or officers involved in the litigation of this or other matters involving the petitioner, and the information shall not be used as a result of the consultation in the interrogation or investigation of petitioner. If the individual consulted is involved in the classification review of other documents, that individual may have discussions concerning such documents with government lawyers and/or officers involved in this and other matters involving the petitioner on condition that such discussions be for the sole purpose of classification review of such documents.

6.3 Materials provided by counsel to the DoD Privilege Team must be in legible handwriting or transcribed by typewriter or computer. Materials that the DoD Privilege Team determines are not legible will be returned to the secure facility and counsel will be required to transcribe those materials into type-written form. Materials that are not in English must be accompanied by an English translation. Each page of the document submitted for classification review shall be marked "Attorney-Detainee Materials" and "Classified." Materials that do not comply with any of these requirements will not be processed, and will be returned to counsel at the secure facility within five (5) business days.

6.4 As soon as possible after conducting the classification and security review, the DoD Privilege Team shall advise counsel of the classification levels of the information contained in the materials submitted for review. The DoD Privilege Team will also designate material as "protected." Pursuant to the TS/SCI Protective Order, counsel shall not publicly disclose information designated as "protected." If counsel seeks to use the information in a public court filing, the document should be filed through the Court Security Officer and the Government then

have the opportunity to have the material maintained under seal as protected (pursuant to the TS/SCI Protective Order).

6.5 The DoD Privilege Team shall not be required to perform classification review of any communications that fall outside the scope of legal mail, as defined by the TS/SCI Protective Order. Communications not reviewed by the DoD Privilege Team shall remain presumptively classified.

6.6 The DoD Privilege Team may not disclose a communication from counsel to the detainee or from the detainee to his counsel other than information provided in a filing with the Court and served on government counsel, unless the disclosure of such information is authorized by this or another order of the Court or by petitioner's counsel or is to the Special Litigation Team representing the DoD Privilege Team. The Special Litigation Team likewise may not disclose information provided by the DoD Privilege Team, or any information submitted by counsel to the DoD Privilege Team for review, except as provided by this Order or as permitted by counsel or by the Court. The DoD Privilege Team may, through the Special Litigation Team inform the Court of any issues or problems related to the release or processing of information related to this case. In the event a dispute regarding aspects of legal mail sent from counsel to a detainee cannot be resolved with counsel and counsel seeks the intervention of this Court, the DoD Privilege Team may disclose the material at issue to the Commander, JTF-Guantánamo Naval Base or his representatives, including counsel for the Government.

6.7 If, at any time, the DoD Privilege Team determines that information in the documents submitted by counsel involve any future event that threatens national security or is likely to involve violence, the DoD Privilege Team will disclose this information to Commander, JTF-GTMO.

6.8 Petitioner's counsel shall disclose to government counsel or Commander, JTF-GTMO any information learned from a detainee involving future events that threaten national security or involve imminent violence.

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the Guantanamo Procedure Guide for Counsel Access in Detainee Habeas Cases Involving TS/SCI Material , understands its terms, and agrees to be bound by each of those terms. The undersigned acknowledges that his/her duties under the Guantanamo Procedure Guide for Counsel Access in Detainee Habeas Cases Involving TS/SCI Material shall survive the termination of this case, are permanently binding, and that failure to comply with the terms of the Guantanamo Procedure Guide for Counsel Access in Detainee Habeas Cases Involving TS/SCI Material could provide grounds for revocation of counsel's security clearance and/or suspension or termination of counsel's access to Guantanamo.

DATED: _____ BY: _____
                                                        (type or print name)

SIGNED:_____