IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY DETAINEE | ) | |
| LITIGATION | ) | Civil Action No. 05-CV-2386 (RBW) |

## RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION TO LIFT ABEYANCE OF MOTION FOR PRELIMINARY INJUNCTION

### PRELIMINARY STATEMENT

Petitioner El Falesteny's Motion to Reconsider and Modify Order Holding in Abeyance his Motion for a Preliminary Injunction (dkt. no. 538) should be denied, because the Court's decision to defer proceedings on petitioner's claims under the Third Geneva Convention was well within the bounds of the Court's discretion to manage the course of proceedings in this case. Indeed, because petitioner's Geneva Convention claims are essentially merits issues, it is prudent and appropriate for the Court to hold petitioner's Geneva Convention motion in abeyance while the Court resolves the preliminary and procedural issues and common substantive issues implicated in the many Guantanamo detainee cases currently before the Court.

### BACKGROUND

On June 2, 2008, petitioner filed a motion for preliminary injunction seeking an order compelling respondents to "treat Petitioner Maher El Falesteny (ISN 519) as a Prisoner of War" during the pendency of his habeas corpus action.  Mot. for Prelim. Inj. Ordering Resp'ts to Cease Violations of the Geneva Conventions and to Treat Pet'r El Falesteny as a Prisoner of War Attach. (dkt. no. 446) (proposed order). Although petitioner did not clearly identify specific acts the Court should restrain or compel, it appeared that petitioner was principally seeking relief related to two matters: the conditions of El Falesteny's confinement and the substantive law that

should be applied to the disposition of his claims. <u>See</u> Mot. for Prelim. Inj. at 6–7 (conditions of

confinement); Mot. for Prelim. Inj. at 8–12 (rules of decision). At the time the petitioner filed the

motion, the case was administratively closed by order of the Court pending resolution of the

Court's jurisdiction to hear the case. <u>See</u> Order (Jan. 31, 2007) (dkt. no. 324) (denying all

pending motions without prejudice and administratively closing the case pending resolution of

jurisdictional issues by the Court of Appeals); Order (Mar. 14, 2008) (dkt. no. 415) (denying all

pending motions without prejudice and noting that the case was administratively closed).

On June 5, 2008, Respondents filed an opposition to petitioner's brief. Resp'ts' Prelim.

Jurisdictional Opp'n to Pet'r Maher El Falesteny's Mot. (dkt. no. 441). Respondents noted that

the Court had administratively closed the case and denied all pending motions and further noted

that in any event, under the law of the Circuit at the time, the Court lacked jurisdiction to decide

the motion. <u>See</u> Resp'ts' Prelim. Jurisdictional Opp'n at 1–2. In light of the jurisdictional issues

and the ongoing proceedings in the Supreme Court, respondents did not address the merits of the

motion for preliminary injunction but instead reserved the right to submit a substantive

opposition at a later date. <u>See</u> Resp'ts' Prelim. Jurisdictional Opp'n at 2–3.

After the Supreme Court's ruling in <u>Boumediene v. Bush</u>, 128 S. Ct. 2229 (2008), the

Court transferred cases filed by Guantanamo detainees, including this case, to Judge Hogan for

purposes of coordination and management, Order (July 1, 2008) (dkt. no. 463), and the Court

issued a minute order on July 3, 2008, reopening this case. On July 29, 2008, this Court issued an

order holding petitioner's Geneva Convention motion in abeyance. Order (Jul. 29, 2008) at 2–3

(dkt. no. 524).

Petitioner, saying that the July 29, 2008, order amounted to denial of the Geneva

Convention motion, now requests that the Court lift the order. Pet'r El Falesteny's Mot. to

Recons. and Modify Order Holding in Abeyance Mot. for Prelim. Inj.

## ARGUMENT

Petitioner's motion to lift the abeyance order should be denied.  The Court's decision to

hold petitioner's Geneva Convention motion in abeyance, which petitioner says amounted to

denial of the motion, was well within the court's discretion to manage the course of proceedings

and was consistent with the overall plan the Court has adopted for resolving the large number of

Guantanamo Bay habeas corpus actions currently before the Court.

"[A] trial court has inherent power to control the sequence in which it hears matters on its

calendar." United States v. W. Elec. Co., 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). That authority

includes authority to shift certain portions of the proceedings to the fore while delaying or

postponing other portions of the proceedings, even when delays may have some practical effect

on the parties' interests. Cf. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to

stay proceedings is incidental to the power inherent in every court to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants."); Summers v. Dep't of Justice, 925 F.2d 450, 453–54 (D.C. Cir. 1991) (declining to

treat issuance of a stay as an immediately appealable order and noting that even orders that have

the practical effect of denying injunctive relief are immediately appealable only if they have

"grave, perhaps irreparable consequences").

The numerous Guantanamo detainee cases before the Court present an unprecedented

case management challenge, and the Court has devised a plan to resolve the cases in a

coordinated fashion so that the litigation can proceed as quickly and efficiently as possible

overall. Holding the petitioner's Geneva Convention motion in abeyance is consistent with that plan, because the motion relates principally to the merits of petitioner's case. Petitioner does not allege any imminent threat to his health or safety; instead, his request to compel respondents to conform the conditions of his detention to the Geneva Conventions is essentially a dispute about the substantive law governing his detention.[1] The second matter on which petitioner is seeking relief, his request that the Court apply the Geneva Conventions as a rule of decision in resolving his claims, is even more obviously a request for a ruling on the merits of petitioner's claims. Postponing decision on these claims for the time being is appropriate in the interest of overall efficiency.

<u>CONCLUSION</u>

For the reasons stated above, respondents respectfully request that petitioner's motion to lift the Court's July 29, 2008, abeyance order be denied.

Dated: August 21, 2008                    Respectfully submitted,

                                          GREGORY G. KATSAS
                                          Assistant Attorney General

                                          JOHN C. O'QUINN
                                          Deputy Assistant Attorney General


                                          <u>/s/ James C. Luh</u>
                                          JOSEPH H. HUNT (D.C. Bar No. 431134)
                                          VINCENT M. GARVEY (D.C. Bar No. 127191)
                                          JUDRY L. SUBAR (D.C. Bar No. 347518)

---

[1]28 U.S.C. § 2241(e)(2) removes this Court's jurisdiction to consider conditions-of-confinement claims by aliens detained as enemy combatants. <u>See</u> <u>In re Guantanamo Bay Detainee Litig.</u>, 2008 WL 3155155 at *3 (D.D.C. 2008) (Urbina, J.) (interpreting <u>Boumediene v. Bush</u>, 128 S. Ct. 2229 (2008), as having invalidated § 2241(e)(1) but having left § 2241(e)(2) intact).

TERRY M. HENRY
ANDREW I. WARDEN
NICHOLAS A. OLDHAM (D.C. Bar No. 484113)
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4938
Fax:  (202) 616-8460
Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
IN RE:                                  )       Misc. No. 08-442 (TFH)
GUANTANAMO BAY DETAINEE                  )
LITIGATION                              )       Civil Action No. 05-CV-2386 (RBW)
_____)

## ORDER DENYING PETITIONER EL FALESTENY'S MOTION TO RECONSIDER AND MODIFY ORDER HOLDING IN ABEYANCE HIS MOTION FOR A PRELIMINARY INJUNCTION

It is hereby ordered that Petitioner El Falesteny's Motion to Reconsider and Modify Order

Holding in Abeyance his Motion for a Preliminary Injunction (dkt. no. 538) is DENIED.

IT IS SO ORDERED.

Dated:

_____
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE