# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

May 31, 2007

BY HAND DELIVERY
The Honorable Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York  10007

Re:     Fenstermaker, et al. v. Bush, et al., 05 Civ. 7468 (RMB)

Dear Judge Berman:

        This Office represents respondents in the above-captioned action.  This letter is submitted pursuant to the Court's requests, made during the May 18, 2007 oral argument on the Government's motion to dismiss this action, for certain additional factual information concerning court actions filed by detainees held at Guantanamo Bay, Cuba.  A copy of the transcript of the oral argument is enclosed herewith.

        In his Amended Petition, petitioner Scott Fenstermaker purports to sue on behalf of two groups of detainees: i) eight John Doe petitioners, whom he does not know or represent, but identifies only as non-United States citizens currently being detained at Guantanamo Bay as enemy combatants, and who were subject to the President's November 13, 2001 Order, see Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism, 66 Fed. Reg. 57833 (Nov. 13, 2001) ("Military Order"), and thus to trial before the military commissions that existed prior to the enactment of the Military Commission Act of 2006, Pub. L. No. 109-366 ("MCA"), and ii) fourteen "Named petitioners," whom Fenstermaker also does not know or represent, but identifies by name as fourteen individuals allegedly transferred to Guantanamo Bay from Government "intelligence gathering" facilities.  (Am. Pet. ¶¶ 6-75, 77).

**A.     The Eight John Doe Petitioners**

        As an initial matter, Fenstermaker's claim that he represents eight John Doe petitioners, who are detainees subject to the Military Order and thus trial before a military commission, has been overtaken by subsequent developments and no longer makes sense. Pursuant to the MCA and other authority, President Bush recently issued an Executive Order establishing military commissions.  See Trial of Alien Unlawful Enemy Combatants by Military Commission, Exec. Order No. 13,425, 72 Fed. Reg. 7737 (Feb. 14, 2007) ("February, 14, 2007

Exhibit A

"Order"). In relevant part, the February 14, 2007 Order provides that it "supersedes any provision of the [Military Order] that relates to trial by military commission," including the provision whereby detainees can be designated as subject to the Military Order and thus trial by military commission. Thus, detainees are no longer designated as subject to the Military Order, and such designation is no longer part of the military commission process.

In any event, whomever Fenstermaker purports to sue on behalf of, there can be no dispute that such John Doe petitioners have been afforded the opportunity or been able to litigate their own cause and protect their own interests. With respect to the military commission regime that existed prior to the passage of the MCA, ten detainees who were subject to the Military Order were eventually charged before military commissions that existed prior to the enactment of the MCA, and those ten had actions filed on their behalf in the United States District Court for the District of Columbia with the assistance of close relatives and/or counsel.[1] See, e.g., Al Qahtani v. Bush, et al., No. 05-2387 (D.D.C. filed December 14, 2005, by petitioner's wife and counsel) (dismissed May 10, 2007 pursuant to the MCA on jurisdictional grounds); Al Bahlul v. Bush, et al., No. 05-2104 (D.D.C. filed December 14, 2005, by petitioner's cousin and counsel); Al Sharbi v. Bush, et al., No. 05-2348 (D.D.C. filed December 7, 2005 by petitioner's counsel); Abdul Zahir v. Bush, et al., Nos. 05-1236 and 05-1623 (D.D.C., filed August 17, 2005 and June 24, 2005 by petitioner's counsel); Barhoumi v. Bush, et al., No. 05-1506 (D.D.C. filed August 2, 2005 by petitioner's "friend" and counsel) (sub nom Shafiq v. Bush) (dismissed May 10, 2007 pursuant to the MCA on jurisdictional grounds); Mohammed v. Bush, et al., No. 05-0756 (D.D.C. filed April 20, 2005 by petitioner's counsel) (sub nom Al Habashi v. Bush); Al Qosi v. Bush, et al., No. 05-1937 (D.D.C. filed November 15, 2004 by petitioner's counsel); Khadr v. Bush, et al., No. 04-1136 (D.D.C. filed July 14, 2004 by petitioner's grandmother and counsel), decided sub nom., Boumediene v. Bush, et al., __ F.3d __, 2007 WL 506581 (D.C. Cir. Feb. 20, 2007) (ruling that, pursuant to the MCA, the case must be dismissed on jurisdictional grounds); Hamdan v. Rumsfeld, et al., No. 04-1519 (D.D.C. filed April 6, 2004 by petitioner's counsel), dismissed, __ F. Supp. 2d __, 2006 WL 3625015 (D.D.C. Dec. 13, 2006) (dismissing case pursuant to the MCA on jurisdictional grounds); Hicks v. Bush, et al., No. 02-0299 (D.D.C. filed March 12, 2002 by petitioner's father and counsel), decided sub nom., Boumediene v. Bush, et al., __ F.3d __, 2007 WL 506581 (D.C. Cir. Feb. 20, 2007) (ruling that, pursuant to the MCA, the case must be dismissed on jurisdictional grounds).

Moreover, at least four of the so called John Doe petitioners (i.e., detainees subject to the Military Order but who had not yet been charged before a military commission as of August 24, 2005, the date Fenstermaker filed his Petition in this Court), had already filed their cases in federal court with the assistance of counsel when Fenstermaker filed his Petition on August 24, 2005, even though these four petitioners had not yet been charged before a military commission. In these cases, the John Doe petitioners -- all of whom were subsequently charged

---

[1] The petitions in these cases are available, via PACER, on the website for the United States District Court for the District of Columbia, at www.dcd.uscourts.gov.

2

Exhibit A

before a military commission under the pre-MCA regime -- assert some of the same or similar claims that Fenstermaker purports to bring on behalf of these petitioners in his Petition. These cases are as follows (attached hereto as Exhibit A are selected pages from the petitions in these four cases):

- Abdul Zahir v. Bush, et al., Nos. 05-1236 and 05-1623 (D.D.C., filed August 17, 2005 and June 24, 2005 by petitioner's counsel). In these cases, Mr. Zahir asserts, among other things, that his due process rights and right to counsel were violated. Mr. Zahir was charged before a military commission on January 20, 2006.

- Mohammed v. Bush, et al., Nos. 05-0756 (D.D.C. filed April 20, 2005 by petitioner's counsel) (sub nom Al Habashi v. Bush). In this case, Mr. Mohammed asserts, among other things, that his due process rights were violated. Mr. Mohammed was charged before a military commission on November 4, 2005.

- Barhoumi v. Bush, et al., Nos. 05-1506 (D.D.C. filed August 2, 2005 by petitioner's "friend" and counsel) (sub nom Shafiq v. Bush) (dismissed May 10, 2007 pursuant to the MCA on jurisdictional grounds). In this case, Mr. Barhoumi asserted, among other things, that his due process rights and right to counsel were violated. Mr. Barhoumi was charged before a military commission on November 4, 2005.

- Khadr v. Bush, et al., No. 04-1136 (D.D.C. filed July 14, 2004 by petitioner's grandmother and counsel), decided sub nom., Boumediene v. Bush, et al., __ F.3d __, 2007 WL 506581 (D.C. Cir. Feb. 20, 2007) (ruling that, pursuant to the MCA, the case must be dismissed on jurisdictional grounds). In this case, Mr. Khadr asserted, among other things, that his due process rights were violated. Mr. Khadr was charged before a military commission on November 4, 2005.

**B.**     **The Fourteen Named Petitioners**

As stated at argument, the fourteen Named petitioners have access to mail and are able to contact friends, relatives or attorneys. Further, as of today's date, two of these fourteen have filed actions in the United States District Court for the District of Columbia, as follows:

- A habeas corpus petition was filed on behalf of Majid Khan, who is named in the Amended Petition, through his "Next Friend," Rabia Khan, who is his wife, and by attorneys from the Center for Constitutional Rights. See Khan v. Bush, et al., No. 06-cv-1690-RBW (D.D.C. filed Sept. 29, 2006). Among other claims, the petition asserts claims that Mr. Khan's alleged due process rights and right to counsel were violated, the same or similar claims Fenstermaker purports to assert in this case on behalf of Mr. Khan. Attached hereto as Exhibit B are copies of the Court's docket sheet and selected pages of Mr. Khan's petition reflecting these facts.

3

Exhibit A

- A habeas corpus petition was filed on behalf of Ramzi Bin Al-Shibh, who also is named in the Amended Petition, with his brother, Zakaria bin al-Shibh, acting as his "next friend." See Al-Sibh v. Bush, et al., 06-cv-1725-EGS (D.D.C. filed October 5, 2006). The district court subsequently appointed a federal public defender to represent Mr. Al-Sibh. Attached hereto as Exhibit D are copies of the Court's docket sheet, Mr. Al Sibh's petition, and the district court's order appointing him counsel.

## C. Enemy Combatant Status Determinations and Detainee Treatment Act Petitions

As of today's date, all detainees currently at Guantanamo Bay other than the Named petitioners have had the opportunity to contest their designation as enemy combatants at a Combatant Status Review Tribunal ("CSRT"), and have received final CSRT decisions that they are properly designated as "enemy combatants." As to the Named petitioners, they have all had CSRT hearings, and will likely receive their final enemy combatant status determinations within thirty days.

In addition, pursuant to 28 U.S.C. § 2241, as amended by § 7(a) of the MCA and the Detainee Treatment Act, Pub. L. No. 109-48, §§ 1001-1006 (2005) ("DTA"), § 1005(e)(2), (3), detainees who have completed the CSRT process and been designated as enemy combatants may file actions in the United States Court of Appeals for the District of Columbia Circuit challenging the validity of their designations, and may include claims as to whether the standards and procedures used to make those designations are consistent with the Constitution and laws of the United States, to the extent they are applicable. Presently, at least one of the so called John Doe petitioners has filed such a DTA petition in the D.C. Circuit with the assistance of counsel. See Zahir v. Bush, et al., No. 07-1031 (D.C. Cir. filed Feb. 7, 2007).

Finally, as stated at oral argument, the address -- which is publicly available -- to write to a detainee held at Guantanamo Bay is:

Detainee's Name
160 Camp X-Ray
Washington, D.C. 20355

In addition, it should be noted that the Department of Defense has published a list of all

4

individuals detained at Guantanamo Bay from January 2002 through May 15, 2006. See http://www.dod.mil/pubs/foi/detainees/.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _Ross Morrison_
ROSS E. MORRISON
Assistant United States Attorney
Tel. (212) 637-2691

(Via Federal Express)
cc:     Scott L. Fenstermaker, Esq.

Exhibit A     Exhibit B     Exhibit C

# Exhibit B

75g2fena

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  -----------------------------x
   SCOTT FENSTERMAKER, ESQ.;
3  individually and as next
   friend for JOHN DOE 1; JOHN                .
4  DOE 2; JOHN DOE 3; JOHN DOE 4;
   JOHN DOE 5; JOHN DOE 6; JOHN
5  DOE 7; JOHN DOE 8;
   (collectively "Johns Doe"),
6
                  Petitioner,          New York, N.Y.
7
            v.                         05 Civ. 7468(RMB)
8
   GEORGE W. BUSH, President of
9  the United States and
   Commander in Chief of the
10 United States Armed Forces;
   DONALD RUMSFELD, United States
11 Secretary of Defense; JOHN D.
   ALTENBURG, JR., Appointing
12 Authority for the Military
   Commission,
13
                  Respondents.
14 -----------------------------x
15                                     May 18, 2007
                                       10:15 a.m.
16
   Before:
17
                  HON. RICHARD M. BERMAN,
18
                                       District Judge
19
20                      APPEARANCES
21 SCOTT L. FENSTERMAKER
        Attorney for Petitioner
22
23 MICHAEL J. GARCIA
        United States Attorney for the
24      Southern District of New York
   ROSS E. MORRISON
25      Assistant United States Attorney

               SOUTHERN DISTRICT REPORTERS, P.C.
                      (212) 805-0300

75g2fena

1            THE COURT:  And they can't what?

2            MR. MORRISON:  They can't be disputed.  There is no

3     dispute as to these facts.  Number one, the detainees have the

4     opportunity to send and receive mail.  That's true of both the

5     unnamed and named petitioners.

6            THE COURT:  Is that an undisputed fact?

7            MR. FENSTERMAKER:  I have no knowledge as to whether

8     they can receive, and I have not taken a position because I do

9     not know.

10           THE COURT:  I see.  I think we should -- there is one

11    more question, and then we should definitely hear from

12    Mr. Fenstermaker.

13           So we have dealt with the act, we have dealt with the

14    third-party and next-friend standing, but there is a third

15    claim that he makes which is that he can sue in his own right.

16    So why don't you say a word or two about that?

17           MR. MORRISON:  Certainly, your Honor.  And just ending

18    on that last point about the next friend, I won't belabor it,

19    but many of these detainees, your Honor, have actually filed

20    actions, the same ones that he purports to sue on have filed

21    cases with counsel, and he --

22           THE COURT:  Have filed actions with counsel.  That is

23    going to be the subject of a letter.

24           MR. MORRISON:  Yes, your Honor.  It is also in our

25    brief, but I can make it --

# Exhibit C

THE LAW OFFICES OF
### SCOTT L. FENSTERMAKER, P.C.
500 FIFTH AVENUE, 40TH FLOOR
NEW YORK, NEW YORK 10110
TELEPHONE (212) 302-0201
CELL (917) 817-9001
FACSIMILE (212) 302-0327
EMAIL scott@fenstermakerlaw.com
www.fenstermakerlaw.com

OF COUNSEL
———
LINDA F. FENSTERMAKER, ESQ.

WESTCHESTER OFFICE
BY APPOINTMENT ONLY
80 MAIN STREET
WHITE PLAINS, NEW YORK 10606
TELEPHONE (914) 728-0955

February 2, 2008

### VIA CERTIFIED MAIL, RETURN RECEIPT

Michael B. Mukasey, Esq.
Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

William J. Haynes, II, Esq.
General Counsel
Department of Defense
1600 Defense Pentagon, Room 3E833
Washington, DC 20301-1600

John Rizzo, Esq.
General Counsel
Central Intelligence Agency
Washington, DC 20505

Susan J. Crawford
c/o Colonel Steve David, Esq., USA
Franklin Court Building, Suite 2000E
1099 14th Street, N.W.
Washington, DC 20005

Brig. Gen. Thomas W. Hartmann, Esq., USAF
c/o Colonely Steve David, Esq., USA
Franklin Court Building, Suite 2000E
1099 14th Street, N.W.
Washington, DC 20005

Colonel Steve David, Esq., USA
Chief Defense Counsel
Franklin Court Building, Suite 2000E
1099 14th Street, N.W.
Washington, DC 20005

Lt. Col. William Britt
Office of the Chief Prosecutor
Office of Military Commissions
1610 Defense Pentagon
Washington, DC 20301-1610

Re:   'Abd Al-Rahim Hussain Muhammed Al-Nashiri, Detainee 10015

Dear Sirs/Madam:

Please be advised that I represent 'Abd Al-Rahim Hussain Muhammed Al-Nashiri, detainee number 10015, Guantánamo Bay, Cuba in all matters relating to his detention in your custody. As his legal representative, I request that all questioning of Mr. Al-Nashiri be discontinued. Please contact me if the convening authority for the military commissions refers charges against Mr. Al-Nashiri, or if you have questions regarding this matter.

Please be advised that Ms. Crawford's and General Hartmann's copies of this letter are being sent care of Colonel David. The reason for this procedure is that Colonel David's subordinates provided me with incorrect address information for Ms. Crawford and General Hartmann with respect to my other letters and subsequently declined to respond to communication seeking correct address information.

Very truly yours,

**The Law Offices of Scott L. Fenstermaker, P.C.**

By: _Scott L. Fenstermaker_

Scott L. Fenstermaker, Esq.

cc:    Paul G. Turner, Esq.
       Mr. 'Abd Al-Rahim Hussain Muhammed Al-Nashiri (in Arabic)

THE LAW OFFICES OF

SCOTT L. FENSTERMAKER, P.C.

300 PARK AVENUE, 17TH FLOOR

NEW YORK, NEW YORK 10022

TELEPHONE (212) 302-0201

CELL (917) 817-9001

FACSIMILE (212) 302-0327

EMAIL scott@fenstermakerlaw.com

www.fenstermakerlaw.com

OF COUNSEL
_____
LINDA F. FENSTERMAKER, ESQ.

WESTCHESTER OFFICE
BY APPOINTMENT ONLY
50 MAIN STREET
WHITE PLAINS, NEW YORK 10606
TELEPHONE (914) 725-0955

July 1, 2008

**VIA CERTIFIED MAIL, RETURN RECEIPT**
**ALSO VIA E-MAIL**

Ms. Susan J. Crawford
Office of Military Commissions
1600 Defense Pentagon
Washington, DC 20301-1600

Brig. Gen. Thomas W. Hartmann, Esq., USAF
Office of Military Commissions
1600 Defense Pentagon
Washington, DC 20301-1600

Colonel Steve David, Esq., USA
Chief Defense Counsel
Franklin Court Building, Suite 2000E
1099 14th Street, N.W.
Washington, DC 20005

Colonel Lawrence Morris, Esq., USA
Office of the Chief Prosecutor
Office of Military Commissions
1610 Defense Pentagon
Washington, DC 20301-1610

Re:     Mr. Rahim al-Nashiri, Detainee Number 10015

Dear Sirs/Madam:

As I mentioned in my February 2, 2008 letter to each of you, among others, I represent Mr. Rahim al-Nashiri. It is my understanding that military commission charges have been preferred against Mr. al-Nashiri.

I ask that you provide me with the name and contact information for Mr. al-Nashiri's Associate Detailed Defense Counsel, as soon as that information becomes available. Please similarly provide my contact information to Mr. al-Nashiri's Associate Detailed Defense Counsel. Under no circumstances is Mr. al-Nashiri's associate detailed defense counsel to meet with or speak to Mr. al-Nashiri without my written permission.

I request on behalf of Mr. al-Nashiri to speak with both Ms. Crawford and General Hartmann regarding the referral of Mr. al-Nashiri's case. Please contact me regarding the referral of charges at General Hartmann's earliest convenience.

Very truly yours,

**The Law Offices of Scott L. Fenstermaker, P.C.**

By: _Scott L. Fenstermaker_

Scott L. Fenstermaker, Esq.

cc:     Mr. Rahim al-Nashiri (in Arabic)

# Exhibit D



**OFFICE OF THE SECRETARY OF DEFENSE**
OFFICE OF MILITARY COMMISSIONS
1600 DEFENSE PENTAGON
WASHINGTON, DC 20301-1600

LEGAL ADVISOR

June 25, 2008

Scott L. Fenstermaker, Esq.
300 Park Avenue, 17th Floor
New York, New York 10022

Dear Mr. Fenstermaker:

I am writing in response to your letter of June 9, 2008, asking to meet with Mrs. Susan Crawford, the Convening Authority, to discuss the referral of charges against Mr. Ghailani. For the reason discussed below, we must deny your request.

In an earlier letter dated April 11, 2008, you indicated there was some question about whether you represented Mr. Ghailani. You asked for assistance from the military commission staff in reviewing certain letters.

As you know, the Military Commissions Act, 10 U.S.C. § 949c(b)(3), and Rule for Military Commissions (R.M.C.) 502(d), set the standards for who is eligible to serve as counsel for detainees. The Regulation for Trial by Military Commission, ¶ 9-1.a.11, provides that the Chief Defense Counsel shall administer the civilian defense counsel pool and make qualification determinations. Recently, this office inquired of the Chief Defense Counsel whether you were counsel for Mr. Ghailani. He advised that you were not representing Mr. Ghailani at this time.

Because you are not counsel for Mr. Ghailani, it would be inappropriate for Mrs. Crawford to discuss this case with you or to consider any matters your submit on his behalf. If you feel the Chief Defense Counsel is incorrect about your representation, you should pursue that issue with him.

THOMAS W. HARTMANN
Brigadier General, U.S. Air Force
Legal Advisor to the Convening Authority
for Military Commissions

Printed on ♻ Recycled Paper



CONVENING AUTHORITY

July 21, 2008

Scott L. Fenstermaker, Esq.
300 Park Avenue, 17th Floor
New York, New York 10022

Dear Mr. Fenstermaker:

This responds to your July 1, 2008, letter in which you assert representation of Mr. Rahim al-Nashiri, request the identification of the "Associate Detailed Defense Counsel," and request to meet with Mrs. Susan Crawford, the Convening Authority, and Brig Gen Thomas W. Hartmann, the Legal Advisor to the Convening Authority. For the reason discussed below, your request is denied.

The Military Commissions Act, 10 U.S.C. § 949c(b)(3), and Rule for Military Commissions (R.M.C.) 502(d), set the standards for who is eligible to serve as counsel for detainees. The Regulation for Trial by Military Commission, ¶ 9-1.a.11, provides that the Chief Defense Counsel shall administer the civilian defense counsel pool and make qualification determinations. The Chief Defense Counsel advised this office that you do not represent Mr. al-Nashiri before a military commission. If you feel the Chief Defense Counsel is incorrect in this regard, you should pursue that issue with him.

Since you do not represent Mr. al-Nashiri before the commission, it would be inappropriate for Mrs. Crawford or Brig Gen Hartmann to comply with any of the demands expressed in your letter.

MICHAEL C. CHAPMAN
Deputy Legal Advisor to the Convening Authority
for Military Commissions

Printed on  Recycled Paper

# Exhibit E

**Scott Fenstermaker**

| | |
|---|---|
| **From:** | Warden, Andrew (CIV) [Andrew.Warden@usdoj.gov] |
| **Sent:** | Tuesday, July 01, 2008 11:43 AM |
| **To:** | scott@fenstermakerlaw.com |
| **Subject:** | Guantanamo Bay mail |

Mr. Fenstermaker:

I am one of the attorneys representing the government in the Guantanamo Bay habeas litigation. We have been informed by Joint Task Force Guantanamo that you recently sent letters to Abd al-Rahim al-Nashiri (ISN 10015) and Ahmed Ghailani (ISN 10012). As you may be aware, there are two systems by which detainees send and receive mail at Guantanamo. First, most mail sent to Guantanamo detainees is processed in a non-privileged fashion. That is, the mail is screened and reviewed by military authorities before delivery to the intended recipient. Second, a system for privileged legal mail between detainees and eligible counsel exists under the auspices of various protective orders entered by the U.S. District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia Circuit. That system is available only in cases in which the protective orders have been entered and is subject to requirements and restrictions set out in the orders.

Because you are not authorized to send or receive privileged mail pursuant to any appropriately entered protective orders, the mail you recently sent Messrs. Al-Nashiri and Ghailani would ordinarily be processed in accordance with the procedures established for non-privileged mail unless you request that the mail be returned to you. Because that mail is marked privileged, it has not been reviewed or otherwise processed at this point. Please let me know how you would like to proceed.

Best regards,

Andrew I. Warden
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530
Tel: 202-616-5084
Fax: 202-616-8470

# Exhibit F

# Scott Fenstermaker

| | |
|---|---|
| **From:** | Scott Fenstermaker [scott@fenstermakerlaw.com] |
| **Sent:** | Tuesday, July 01, 2008 2:41 PM |
| **To:** | 'Warden, Andrew (CIV)' |
| **Subject:** | RE: Guantanamo Bay mail |

Mr. Warden,

Thank you for your July 1st e-mail informing me of the dual-track mail system with respect to Guantanamo Bay detainees. As you are likely aware, I have been corresponding with a number of detainees at Guantanamo Bay since the summer of 2007. You are also likely aware that I am counsel of record for both Mr. Ghailani and Mr. al-Nashiri in pending court matters in the Southern District of New York, 98 CR 1023 (KTD) (Ghailani), United States District Court for the District of Columbia, 08 -1085 (al-Nashiri) and docket number unknown (Ghailani), and the United States Court of Appeals for the District of Columbia Circuit, 08-1007 (al-Nashiri) and 08-1209 (Ghailani). In addition, I am counsel of record for Mr. Ghailani in his military commissions matter and will be shortly counsel of record in Mr. al-Nashiri's military commissions' matter.

You are free to process my mail to my clients in whatever fashion you like, so long as they get it. I will reserve my arguments regarding the privileged nature of the correspondence for the appropriate forum. I have sent numerous letters and packages to Messrs al-Nashiri and Ghailani, and a number of the other so-called "high value" detainees in the past in the same fashion as the correspondence to which you refer. Until now, no one has ever objected to my correspondence or its privileged nature. The timing of your objection raises a number of issues, particularly in light of the recent actions of the Office of the Chief Defense Counsel to the military commissions.

Your refusal to process my correspondence to these detainees would raise numerous constitutional issues, including, among others, right to counsel, due process and speedy trial concerns. Furthermore, in light of the Office of the Chief Defense Counsel's interference with my relationship with Mr. Ghailani, I will consider any such interference as a cooperative effort between the Justice Department and the Department of Defense. Such effort would not only raise constitutional concerns, but ethical concerns as well.

In case the above was not clear, I am counsel of record for Mr. Ghailani in a pending criminal indictment in the United States District Court for the Southern District of New York. Should you refuse to forward my mail to him, I will immediately take steps to alert that court and ask for a conference in which I will request permission to file the appropriate motions objecting to your holding my client incommunicado.

Let me know if you have any questions.

Scott L. Fenstermaker, Esq.

**From:** Warden, Andrew (CIV) [mailto:Andrew.Warden@usdoj.gov]
**Sent:** Tuesday, July 01, 2008 11:43 AM
**To:** scott@fenstermakerlaw.com
**Subject:** Guantanamo Bay mail


Mr. Fenstermaker:

I am one of the attorneys representing the government in the Guantanamo Bay habeas litigation. We have been informed by Joint Task Force Guantanamo that you recently sent letters to Abd al-Rahim al-Nashiri (ISN 10015) and Ahmed Ghailani (ISN 10012). As you may be aware, there are two systems by which detainees send and receive mail at Guantanamo. First, most mail sent to Guantanamo detainees is processed in a non-privileged fashion. That is, the mail

1

is screened and reviewed by military authorities before delivery to the intended recipient. Second, a system for privileged legal mail between detainees and eligible counsel exists under the auspices of various protective orders entered by the U.S. District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia Circuit. That system is available only in cases in which the protective orders have been entered and is subject to requirements and restrictions set out in the orders.

Because you are not authorized to send or receive privileged mail pursuant to any appropriately entered protective orders, the mail you recently sent Messrs. Al-Nashiri and Ghailani would ordinarily be processed in accordance with the procedures established for non-privileged mail unless you request that the mail be returned to you. Because that mail is marked privileged, it has not been reviewed or otherwise processed at this point. Please let me know how you would like to proceed.

Best regards,

Andrew I. Warden
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530
Tel: 202-616-5084
Fax: 202-616-8470

# Exhibit G

TO:
THE LAW OFFICES OF
SCOTT L. FENSTERMAKER PC
300 PARK AVENUE, 17TH FLOOR
NEW YORK, NEW YORK 10022

FROM:
OFFICE OF STAFF JUDGE ADVOCATE
JTF GTMO SJA
APO AE 09360

Enclosed are sixteen (16) envelopes which were submitted to our office via regular mail
and opened upon receipt for serialization and delivery. These envelopes were opened
according to our standard procedure because they were not marked with the required
warning statement indicating that their contents were privileged. Once opened, several of
the cover letters reflected the words "Privileged and Confidential, Attorney-Client
Privilege". Following this discovery, these materials were immediately returned to their
respective envelopes and held in our office for safekeeping. Guidance as to what to do
with these materials was sought through the Office of General Counsel (OGC), which
directed that they be returned to you. The envelopes are enclosed with this letter.

Sincerely,

GREG MUSSELMAN
MAJ, JA, USA
Assistant Staff Judge Advocate