IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GUANTANAMO BAY | ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION | ) | |
| _______________________________ | ) | |
| HANI SALEH RASHID ABDULLAH, *et al.*, | ) | |
| | ) | |
| *Petitioners*, | ) | |
| | ) | |
| *v.* | ) | No. 05-0023 (RWR) |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |

**OPPOSITION OF HANI SALEH RASHID ABDULLAH**
**TO MOTION TO MODIFY SCHEDULE**

Petitioner Hani Saleh Rashid Abdullah opposes the extension of time that the government would grant itself to submit an amended return in his case.[1] It should be denied as requested, and the Court should enter a new schedule that requires the government to make up for the time it has lost up to now, comply with the Court's rules requiring consultation with counsel

[1] Mr. Abdullah's case was filed in January 2005. He is closer to the front of the queue of pending habeas cases than to the back – but does not know if he is within the first fifty prisoners, or is near the beginning of the second fifty. If the former, in Mr. Abdullah's view, Respondents have waived the right to amend the original return which was filed in March 2005. If he is in the second group of fifty, then the government's motion amounts to a request for an extension of thirty days to either submit a new return, or move forward on the bases it has claimed for many years that justify his detention.

concerning non-dispositive motions, and it should rule on Mr. Abdullah's long pending motion concerning the Declaration of Wendy Hilton an employee of the Central Intelligence Agency.[2] This last item is especially important, because, as noted below, it will clarify for Respondents what information it may withhold from petitioners' counsel.

The schedule the Court set for the production of amended returns was based on the government's representations and over the prisoner's objection that the schedule was the first step in a continuing pattern and practice of delay. Respondents must have known midway through August that they would not comply with the Court's order, and yet waited until *after* the very last minute to seek any relief.[3] By so doing, it deprived first Mr. Abdullah, and then the Court, of the opportunity to seek a way to accommodate the government's needs without scuttling the schedule. This is, in Mr. Abdullah's view, simply unacceptable. The government offers a new proposed schedule, but provides no reason to believe that it will

[2] The Court is in possession of an unredacted version of this affidavit. Respondents provided Mr. Abdullah's counsel with a redacted version of this declaration, on condition that it not be shown even to other security-cleared counsel as would be permitted under the Protective Order entered in this case. From the copy produced to counsel, it is evident that the remaining redactions are grossly excessive, and that the standard employed to make these redactions is unacceptably restrictive.

[3] According to the electronic date stamp the relevant filings were made after midnight August 31.

either keep to this schedule, or timely admit it when it will be unable to do so.

On a related note, it is evident that the CIA is performing a thorough vetting of any information to be provided in return. Although Mr. Abdullah does not contest as a general principle the notion that the CIA should make sure that no confidential information that is genuinely sensitive to national security concerns be released, from his own experience, he knows that the CIA takes an overly inclusive position on these matters and drags its feet in addressing such issues,[4] notwithstanding pious declarations to the contrary. Abdullah's pending motion with respect to a CIA declaration filed in his case illustrates this and, more importantly, could serve as a useful vehicle in instructing the CIA concerning what information it must produce to petitioners' counsel in these cases.

For example, statements by Mr. Abdullah and the men that were arrested or confined at the same time and place should not be withheld. These are not confidential and reveal only interrogation techniques that Mr. Abdullah and his fellow prisoners experienced first hand. Records concerning the conditions under which Mr. Abdullah and those who gave

[4] Indeed the CIA has not even cleared for public filing Abdullah's brief seeking to have the redactions removed from the Hilton declaration. This brief is not yet public although filed long ago and the Agency has not troubled to say if it is, or is not, classified.

evidence about him are not confidential as to Mr. Abdullah, who observed them first hand (or has heard them described by fellow prisoners), and are essential to his case.

Although the exact criteria currently in use by the CIA is not apparent from the most recent submission, the only process that can allow for a just adjudication here – and for prompt adjudication as well – is one that amounts to a reversal of the CIA's usual assumptions: instead of starting from the proposition that the prisoner should be given nothing, and then scaling from that position back to allow a few documents to be disclosed, the CIA should presume that all documents must be disclosed to security-cleared counsel, save only those as to which there is a truly compelling national security interest, *and* which include confidential information not already known to the prisoner. This will surely speed up the CIA's review of documents, and get Respondents back on the schedule set by the Court.

Respectfully submitted,

/s/ Charles H. Carpenter

Charles H. Carpenter (DC #432004)
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W.
Suite 500, Hamilton Square
Washington, DC 20005-2004
Tel: (202) 220-1507
Fax: (202) 220-1665

Stephen M. Truitt (DC # 13235 )
600 Fourteenth Street, N.W.
Suite 500, Hamilton Square
Washington, DC 20005-2004
Tel: (202) 220-1452
Fax: 202 220 1665

*Counsel for Petitioners*

Shayana Kadidal (DC #454248)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

*Of Counsel for Petitioners*

Dated: September 3, 2008