*Approved for Public Filing by the Court Security Office*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————— x
:
IN RE:                                                          :
                                                                :
GUANTÁNAMO BAY                                :     Misc. No. 08-442 (TFH)
DETAINEE LITIGATION                          :
                                                                :
———————————————————— x
:
DJAMEL AMEZIANE,                               :
                                                                :
                              Petitioner,           :
                                                                :
                      v.                                    :     Civil Action No. 05-392 (ESH)
                                                                :
GEORGE W. BUSH, *et al.*,                     :
                                                                :
                              Respondents.       :
                                                                :
———————————————————— x

<u>**OPPOSITION TO MOTION FOR PARTIAL AND TEMPORARY RELIEF**</u>

Petitioner Djamel Ameziane, by and through his undersigned counsel, respectfully submits this opposition to the government's motion for partial and temporary relief from the Court's July 11, 2008 Scheduling Order (misc. dkt. no. 317).

The government's motion should be denied for the reasons set forth in the opposition brief filed by the petitioners in *Al Odah v. United States*, Civil Action No. 02-828 (CKK) (D.D.C.), adopted and incorporated herein by reference (misc. dkt. no. 327). The motion should be denied for the following reasons as well:

1.        Like the *Al Odah* petitioners, Djamel Ameziane, a citizen of Algeria, was one of the first prisoners to arrive at Guantánamo Bay on February 11, 2002. He filed a habeas petition on February 24, 2005, which is now among the fifteen earliest-filed cases transferred to this

Court for coordination and management. The government produced a factual return on July 11, 2005, and, according to the Court's July 11, 2008 Scheduling Order, was required to file a motion to amend the return, if any, by August 29, 2008. Not only did the government fail to file a motion to amend the return by the required deadline, it failed to indicate in its motion for relief exactly when it might seek to do so in this particular case, if at all.[1] Because the government has not demonstrated good cause for relief, its motion should be denied and it should be precluded from filing a motion to amend the return in this case.

2.    Because this is a habeas case, the government bears a higher burden to justify delay than it would in an ordinary civil action. *See Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008) ("While some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody."); *see also Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (noting standard of review of district court decision to stay habeas proceeding "is somewhat less deferential than the flexible abuse of discretion standard applicable in other contexts"). The statutory provisions for prompt returns, immediate hearings, and summary disposition of habeas cases expressly require that petitions be heard and decided promptly. *See* 28 U.S.C. §§ 2241, 2243; *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting interests of prisoner and society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotation marks omitted); *Yong*, 208 F.3d at 1120 ("[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy.") (citing cases).

---

[1] The government concedes that it has already deviated from the ordered sequencing set forth in the Court's July 11, 2008 Scheduling Order. *See* Motion for Relief at 12 (misc. dkt. no. 317).

3.     The Habeas Corpus Statute specifically requires the government to file a factual return to a habeas petition "within three days unless for good cause additional time, not exceeding twenty days, is allowed."  28 U.S.C. § 2243.  The Statute further provides that a habeas petition shall be set for a hearing "not more than five days after the return unless for good cause additional time is allowed."  *Id.*  By any reasonable measure, the Statute has been violated here.  Djamel Ameziane has been imprisoned without charge for more than six years; his habeas petition has been pending for three and a half years; the government produced a factual return more than three years ago, which it has consistently argued provides the entire basis for his detention; and the Supreme Court held nearly three months ago that the prisoners at Guantánamo Bay are entitled to "prompt habeas corpus hearing[s]."  *Boumediene*, 128 S. Ct. at 2275.  No further delay is warranted or appropriate.  Ameziane is ready to litigate this case now.

4.     The government's proposed delay is substantive, not procedural.  Delay means more indefinite detention, and that *itself* is the harm that Ameziane filed a habeas petition in order to remedy three and a half years ago.  So grievous is that harm, and so fundamental the right to be protected from it, that the right to impair habeas corpus is limited by the Suspension Clause of the Constitution.  Even an adjudicated criminal alien who has never made an entry into the United States, and has no right in law to be here, must be released into the United States when faced with the prospect of indefinite detention.  *See Clark v. Martinez*, 543 U.S. 371, 386 (2005).  Indeed, the need for a prompt hearing is never greater than where, as here, a petitioner has been afforded no prior judicial review.  *See Boumediene*, 128 S. Ct. at 2267 ("[C]ommon-law habeas was, above all, an adaptable remedy. . . . It appears that the common-law habeas court's role was most extensive in cases of pretrial and noncriminal detention, where there had been little or no previous judicial review of the cause for detention."); *id.* at 2269 ("Where a

person is detained by executive order, rather than, say, after being tried and convicted in a court, the need for collateral review is most pressing. . . . The intended duration of the detention and the reasons for it bear upon the precise scope of the inquiry. . . . [T]he writ must be effective."); *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001); *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing if delay in deciding habeas petitions were routinely permissible, absent good reason, "the function of the Great Writ would be eviscerated"); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time."); *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus particularly inappropriate for any delay.").

5.      Practical considerations also merit denial of the government's request for further delay. Djamel Ameziane relied on the schedule set forth in the Court's July 11, 2008 Scheduling Order for filing motions to amend factual returns – a schedule proposed by the government and entered over the petitioners' objections. Anticipating a motion to amend the factual return in this case by August 29, 2008, Ameziane and his counsel scheduled meetings at Guantánamo Bay during the first full week of October for the express purpose of discussing and preparing a response to any new proposed claims against him. Delayed filing of a motion to amend thus significantly limits (or may preclude altogether) the time that counsel has to review any new materials, send them to Ameziane at Guantánamo Bay, and work with him to prepare a response in early October. In sum, it is fundamentally unfair for Ameziane and his counsel to suffer the prejudice of lost time and money as a result of the government's own poor planning and preparation of these cases. Nor should the government be rewarded by its improper conduct with more time to hold Ameziane while it searches for some basis – any basis – to continue to

4

imprison him at Guantánamo Bay.  That is decidedly not the purpose of habeas corpus.  *Cf. Hamdi v. Rumsfeld*, 542 U.S. 507, 521 (2004) ("[W]e agree that indefinite detention for the purpose of interrogation is not authorized.").[2]

### Conclusion

For all of these reasons, the government's motion should be denied and the government should be precluded from filing a motion to amend the factual return in this case.


Date:  New York, New York
       September 4, 2008

                                      Respectfully submitted,

                                      Counsel for Petitioner:


                                      /s/ J. Wells Dixon
                                      J. Wells Dixon (Pursuant to LCvR 83.2(g))
                                      Pardiss Kebriaei (Pursuant to LCvR 83.2(g))
                                      CENTER FOR CONSTITUTIONAL RIGHTS
                                      666 Broadway, 7th Floor
                                      New York, New York 10012
                                      Tel: (212) 614-6423

---

[2] The CIA Director's suggestion that more time is required to determine whether information "pertinent to a petitioner's status as an enemy combatant" should be redacted or withheld entirely from counsel is also meritless.  Decl. of Michael V. Hayden, Director, Central Intelligence Agency ¶ 13 (executed Aug. 29, 2008) (misc. dkt. no. 317-5).  Any attempt by the government to conceal information concerning the purported basis for Ameziane's detention would contravene the Supreme Court's *Boumediene* decision.  *See, e.g.*, 128 S. Ct. at 2266 ("We do consider it uncontroversial . . . that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law."); *see also In re Guantánamo Detainee Cases*, 355 F. Supp. 2d 443, 472 (D.D.C. 2005) (Green, J.) (holding extensive reliance on classified information withheld from detainee violates due process).  It would also be particularly inappropriate given that certain counsel for Ameziane hold "Top Secret//SCI" security clearances, in recognition that they may be trusted with information at that classification level.  *See Al Odah v. United States*, 346 F. Supp. 2d 1, 14 (D.D.C. 2004) (Kollar-Kotelly, J.) ("[T]he Government's decision to grant an individual attorney a security clearance amounts to a determination that the attorney can be trusted with information at that level of clearance.").