CLEARED FOR PUBLIC
FILING BY THE CSO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Misc. No. 8-442 (TFH) |
| ) | |
| and ) | |
| ) | |
| MOHAMMED AL-ADAHI, *et al.* ) | |
| ) | |
| *Petitioners*, ) | |
| ) | |
| *v*. ) | Civil Action No. 05-280 (GK) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| *Respondents*. ) | |
| _____ ) | |

### PETITIONERS' RESPONSE TO RESPONDENTS' MOTIONS ACKNOWLEDGING THEIR FAILURE TO COMPLY WITH THE COURT'S JULY 11, 2008 SCHEDULING ORDER

Petitioners Muhammad Al-Adahi, Muhammed Ali Abdullah Bawazir, Zahir Omar Khamis Bin Hamdoon, Suleiman Awadh Bin Aqil Al-Nahdi, and Fahmi Salem Al Assani filed their petition for habeas corpus on February 7, 2005. According to the chart attached to the Respondents' motions filed August 29, 2008, petitioners are among the first fifty as to whom Respondents were ordered to file amended returns, if any, by August 29, 2008 along with fact-specific motions justifying the filing of amended returns. Ignoring this Court's order, Respondents

8016250.1

filed an amended return only as to Muhammed Bawazir, a man who has twice tried to starve himself to death rather than remain in Guantánamo. Respondent's generic motion to amend provides absolutely no justification for an amendment.

Even more grievously, Respondents simply ignored the Court's admonition that

> "Beginning with the earliest filed petitions of petitioners currently held at Guantánamo Bay, Cuba, the government shall file factual returns and motions to amend factual returns on a rolling basis at a rate of at least 50 per month."

Scheduling Order, pp. 3-4. Petitioners took the word "shall" to be mandatory, not optional. Respondents treated it as only a suggestion by the Court and simply ignored the other four men who are petitioners here, while apparently filing factual returns in later cases, including those filed in 2006 and 2008. Yet the Scheduling Order provides:

> "Additionally, if the government believes that an individual factual return is significantly more complicated than others or a particular detainee's circumstances present unique issues that require more time to complete the return such that processing the return would delay the overall process, the government shall move for an exception to the sequencing described above."

Scheduling Order, p.4. Respondents show utter contempt for the Court's command. Assume the truth of everything Respondents say in their motions, where was the motion permitting them to use the sequence they chose?

Petitioners are in their seventh year in Guantánamo. Respondents filed factual returns supposedly justifying their detention in 2005. The United States Supreme Court told Respondents in 2004 that these men were entitled to petition for habeas corpus. While Respondents spent much of their time rallying public support to avoid hearings and seek legislative cover, they apparently forgot to prepare their cases for trial. Respondents ignore this Court's order, give themselves an extension of time by filing motions on the due date, and assert it is all just too hard.

All of these petitioners are from Yemen. Two of these Petitioners have been cleared for release. Yemen is ready to take them back. Speaking for these petitioners only (not other Guantánamo petitioners who may seek the imprimatur of judicial clearance) all Al-Nahdi and Al Assani want is to go home. Having been cleared, they should be released. Petitioners know the allegations against the other three. We are prepared to put Respondents to their proof.

As a sanction for disobeying the Court's order and following the Supreme Court's command in *Boumediene* that hearings should not be delayed for months,

Slip Op. p. 66, Petitioners ask that the Court enter an order sending this case back to Judge Kessler for hearing as soon as her schedule permits.

All Guantánamo lawyers care about national security. We have all received security clearances to have access to classified material. Respondents' concerns about national security can be addressed while we are seeking hearing dates. We ask that the Court let us seek a place on Judge Kessler's calendar. If Respondents think national security warrants amended returns—returns that this Court ordered produced by August 29, 2008—surely they can do so in advance of trial.

In summary, Petitioners ask one thing of this Court: send us to Judge Kessler so that these men, after nearly seven years, can have their first day in Court at the first available date.

Dated: September 5, 2008.

Respectfully submitted,

Counsel for Petitioners:

   /s/ John A. Chandler
Richard G. Murphy, Jr. (D.C. Bar No. 472769)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone: (202) 383-0454
Facsimile: (202) 637-3593

John A. Chandler (Pursuant to LCvR 83.2(g))*
Elizabeth V. Tanis (Pursuant to LCvR 83.2(g))
Kristin B. Wilhelm (Pursuant to LCvR 83.2(g))
SUTHERLAND ASBILL & BRENNAN LLP

999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806

* - Lead Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Terry Marcus Henry
terry.henry@usdoj.gov

Andrew I. Warden
andrew.warden@usdoj.gov

Judry Laeb Subar
judry.subar@usdoj.gov

James C. Luh
james.luh@usdoj.gov


SUTHERLAND ASBILL & BRENNAN LLP
By:   /s/ Richard G. Murphy, Jr.
Richard G. Murphy, Jr.