*Cleared for Public Filing by the CSO on September 2, 2008*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| IN RE: )<br>)<br>**GUANTÁNAMO BAY** )<br>**DETAINEE LITIGATION** )<br>)<br>_____)<br>**ADU ABDUL RAUF ZALITA**, *et al.* )<br>    **Petitioner,** )<br>)<br>)<br>v. )<br>)<br>**GEORGE W. BUSH,** )<br>    **President of the United States,** *et al.* )<br>)<br>    **Respondents.** )<br>_____) | Misc. No. 08-cv-442 (TFH)<br><br><br><br>Civil Action No. 05-cv-1220 (RMU) |

## MOTION FOR TRANSFER TO JUDGE URBINA AND
## TO SCHEDULE HEARING ON PENDING MOTIONS

Petitioner Abu Abdul Rauf Zalita, a.k.a., Abdul Ra'ouf Ammar Mohammad Abu Al Qassim, ISN #709 ("Petitioner"), by his undersigned counsel, respectfully moves for this Court to transfer this case back to Judge Urbina for purposes of resolving Petitioner's pending Motion for an Inquiry Concerning Destruction of Evidence Related to CIA Detainee Interrogations [dkt. no. 82], filed on January 15, 2008, as well as Petitioner's recently remanded Motion for a Preliminary Injunction Prohibiting Unlawful Rendition to Torture, filed through the Court Security Office on April 13, 2007. Petitioner further respectfully moves for a hearing on

1

Petitioner's pending motions the week of September 15 or 22, 2008 irrespective of whether the motions are before Judge Hogan or Judge Urbina.[1]

Petitioner's Motion for an Inquiry Concerning Destruction of Evidence Related to CIA Detainee Interrogations has been fully briefed since February 1, 2008. Petitioner seeks a prompt hearing to resolve his pending motion. The inquiry is necessary to determine whether the government destroyed relevant interrogation records that would provide exculpatory evidence for Petitioner, which would necessarily impact the Court's consideration of Petitioner's habeas petition.

Petitioner also moves for a hearing on his recently remanded Motion for a Preliminary Injunction Prohibiting Unlawful Rendition to Torture, filed through the Court Security Office on April 13, 2007. A prompt decision on Petitioner's remanded motion for an injunction is necessary because he remains vulnerable to transfer to the custody of Libyan officials at any time, where he is more likely than not to face persecution, torture or extrajudicial execution.[2]

On April 19, 2007, this Court denied Petitioner's motion for an injunction prohibiting the government from transferring him to the custody of Libyan officials for continued detention. Judge Urbina recognized "the seriousness of the petitioner's allegations," but found that it had "no choice but to deny the motion for a preliminary injunction" in light of the jurisdictional decision by the Court of Appeals for the District of Columbia in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *rev'd*, 553 U.S. ___ (June 12, 2008). Petitioner appealed this order.

---

[1] Pursuant to Local Civil Rule 7(m), undersigned counsel for Petitioner sought to confer with Respondents' counsel regarding Respondent's position on the relief sought in this motion. Respondents' counsel did not reply.

[2] Petitioner sought to obtain relief through negotiations with the government. The government refused to engage in negotiations on this issue to avoid litigation.

On April 25, 2007, the Court of Appeals for the District of Columbia denied Petitioner's appeal and ordered his case dismissed for lack of subject matter jurisdiction, citing *Boumediene* and *Kiyemba v. Bush*, No. 05-5487, 2007 WL 964612 (D.C. Cir. Mar. 22, 2007).

On July 25, 2008, the United States Supreme Court granted Petitioner's petition for writ of certiorari, vacated the Court of Appeals' judgment, and remanded the case for further proceedings consistent with its opinion in *Boumediene v. Bush*, 553 U.S. ___ (June 12, 2008). *Zalita v. Bush*, No. 0-416 (U.S. July 25, 2008). On August 18, 2008, the Court of Appeals vacated the district court's April 19, 2007 order and remanded this case back to the district court for further proceedings.

Petitioner's Motion for an Inquiry and Motion for a Preliminary Injunction should be transferred back to Judge Urbina for resolution because these motions have been fully briefed and before Judge Urbina since February 2008 and April 2007, respectively; Judge Urbina has previously issued a ruling on Petitioner's Motion for an Injunction; and Judge Urbina is already familiar with the facts of this case and the relevant facts for each motion. The motions also involve specific and individualized classified facts, which are not amenable to coordination. Transfer of this motion to Judge Urbina for resolution will further conserve judicial resources.

In addition, Petitioner now respectfully moves for a prompt hearing to resolve his pending motions. Timely resolution of Petitioner's Motion for an Inquiry will allow his habeas case to proceed on the schedule established by this Court consistent with the Supreme Court's mandate in *Boumediene*. slip op. at 66, 553 U.S. ____, ("[T]he cost of delay can no longer be borne by those who are held in custody. The detainees in these cases are entitled to a prompt habeas corpus hearing."). Petitioner also currently lacks any legal protection from a transfer to

the custody of the Libyan government, where he is more likely than not to face persecution, torture or extrajudicial execution.

\* \* \*

Wherefore, Petitioner respectfully seeks an order transferring these two pending motions back to Judge Urbina and, further, an order scheduling a hearing on the motions the week of September 15 or 22, 2008.

Date: August 29, 2008

Respectfully submitted,

/s/_____
Gitanjali S. Gutierrez
Shayana Kadidal
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6485
Fax: (212) 614-6499

George Daly
139 Altondale Avenue
Charlotte, North Carolina 28207
Tel: (704) 333-5196

Jeffrey J. Davis
MOORE & VAN ALLEN PLLC
100 N. Tryon Street, Floor 47
Charlotte, North Carolina 28202
Tel: (704) 331-1037
Fax: (704) 378-2037