# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MUSA'AB OMAR AL MADHWANI, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 07-1116 |
| v. | ) |
| | ) |
| ROBERT M. GATES, | ) |
| | ) |
| Respondent. | ) |

## MOTION TO HOLD IN ABEYANCE OR
## IN THE ALTERNATIVE DISMISS WITHOUT PREJUDICE

Pursuant to Federal Rule of Appellate Procedure 27 and D.C. Circuit Rule 27, respondent hereby moves for an order holding this case in abeyance pending the conclusion of litigation relating to the petition for habeas corpus filed by petitioner in district court. In the alternative, the Court should dismiss the present case without prejudice. As discussed below, the Supreme Court's recent decision in *Boumediene v. Bush*, No. 06-1195 (June 12, 2008), revives the habeas proceeding previously initiated by petitioner. The Court held that the review provided under the Detainee Treatment Act (DTA) in this Court is inadequate and that habeas review is required to satisfy the detainee's constitutional habeas rights. To avoid duplicative proceedings and a waste of scarce judicial and governmental resources, the present

case should either be held in abeyance, or be dismissed without prejudice to reinstatement, pending the completion of the habeas proceedings.

1. Petitioner, Musa'ab Omar Al Madhwani (ISN 839), is a detainee at the United States Naval Base at Guantanamo Bay, Cuba ("Guantanamo"). On July 15, 2004, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of Columbia. *See Anam v. Bush*, No. 04-cv-01194-HHK (multi-petitioner habeas case). That case is currently on appeal to this Court, where it is being held in abeyance. *Anam v. Bush*, Nos. 05-5111, 05-5112, 05-5125, 05-5328.

2. In addition to his habeas action, petitioner filed the instant petition for review under the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, 119 Stat. 2680, challenging the determination of the Combatant Status Review Tribunal ("CSRT") that he is an enemy combatant.

While filing DTA petitions, the detainees have consistently argued that the DTA review in this Court from the CSRT determinations is a wholly inadequate process. *See, e.g.*, Pet. Reply Br., *Boumediene v. Bush*, No. 06-1195 (S. Ct.), 15 ("the DTA does not provide meaningful review at a meaningful time"); Oral Arg. Trans., *Boumediene v. Bush*, No. 06-1195 (S.Ct.), 20 ("there is no prospect * * * that the DTA proceedings will be conducted with alacrity or certainty"); Pet. Reply Br., *Al*

*Odah v. United States*, No. 06-1996 (S.Ct.), 15 ("DTA review is inadequate and ineffective").

3. On June 12, 2008, the Supreme Court, in *Boumediene v. Bush*, No. 06-1995, held that the Constitution guarantees detainees at Guantanamo the right to challenge their detentions by seeking writs of habeas corpus. The Court also rejected the Government's argument that the DTA was an "adequate substitute" for habeas proceedings. The Court identified several perceived shortcomings with the DTA and held that it was an inadequate mechanism for the detainees to challenge the lawfulness of their detention. *See* slip op. at 58-67. The Court further made clear that, while the DTA and the CSRT process "remain intact," the habeas proceedings for the petitioners in those cases should move forward now, whether or not the detainee has filed a petition for review under the DTA. *Id.* at 66 ("the petitioners in these cases need not exhaust the review procedures in the Court of Appeals before proceeding with their habeas actions in the District Court").

4. At present there are more than 190 detainees who have petitioned for review under the DTA. Given that the Supreme Court has deemed the review provided by the DTA to be inadequate and has required that the habeas actions filed by these detainees move forward, it makes sense to hold the DTA actions in abeyance. Simultaneous litigation in both the 190 DTA cases in this Court and the more than

200 habeas cases in the district courts would waste scarce judicial and governmental resources.

a. In addition to DTA cases filed in this Court, there are more than 100 pending appeals taken as part of the habeas litigation. Now that *Boumediene* has been decided, it is imperative that those appeals, many of which have been on hold for more than one year, move forward to resolution. We also anticipate that, because the Supreme Court did not fully delineate the nature and extent of the habeas review to be afforded the detainees (*see* slip op. 58 ("[w]e need not explore it further at this stage")), there will be a number of important legal issues regarding those proceedings that will require this Court's expeditious review. Thus, we respectfully submit that this Court and the parties should focus their resources and attention to addressing these habeas matters, as opposed to proceeding with the DTA review over 190 cases (especially in light of *Bismullah* v. *Gates*, 501 F.3d 178 (D.C. Cir. 2007), *petition for cert. filed*, 76 U.S.L.W. 3456 (U.S. Feb. 14, 2008) (No. 07-1054)), when the Supreme Court has deemed that review inadequate. *See Environmental Defense Fund v. Reilly*, 909 F.2d 1497, 1507 (D.C. Cir. 1990) (discussing "the longstanding policy of the law to avoid duplicative litigative activity").

b. This is particularly true in regard to the significant military and intelligence resources that have been devoted to preparing records and reviewing classified filings

to facilitate DTA review in this Court. In order for the habeas proceedings to move forward at the pace anticipated by the Supreme Court, those defense and intelligence resources must now be focused exclusively on preparing factual returns for the district court habeas proceedings and clearing filings for those more than 200 cases. Permitting the DTA cases to continue at the same time as the habeas cases would divert these necessary resources from the urgent and vital task at hand in the habeas proceedings.

c. Permitting both the habeas and DTA cases to move forward at the same time would be inconsistent with the underlying intent of Congress in enacting both the DTA and MCA. Congress was concerned that the Guantanamo detainees were "swamping the system" with legal challenges, 151 Cong. Rec. S12732 (Nov. 14, 2005) (Sen. Graham), and enacted both the DTA and the MCA to limit the types of challenges that could be brought and to channel all of the challenges to detention at Guantanamo into one forum. *See* 152 Cong. Rec. H7938 (daily ed. Sept. 29, 2006) (Rep. Hunter) ("The practical effect of this amendment will be to * * * consolidate all detainee treatment cases in the D.C. Circuit"). Moreover, one of the primary motivations for the MCA, which both limited and consolidated review in one court, was to avoid disruptions of military operations. *See* 152 Cong. Rec. S10403 (Sept. 28, 2006) (Sen. Cornyn). Holding the DTA cases in abeyance, while the habeas cases

move forward, would, to the extent possible, minimize the disruption to military operations and help avoid the detainee cases from "swamping" the judicial system.

## CONCLUSION

For the foregoing reasons, the Court should hold this case in abeyance pending the conclusion of litigation relating to the petition for habeas corpus filed by petitioner. In the alternative, the Court should dismiss the present case without prejudice.

Respectfully submitted,

GREGORY G. KATSAS
*Acting Assistant Attorney General*

JONATHAN F. COHN
*Deputy Assistant Attorney General*

DOUGLAS N. LETTER
(202) 514-3602


_____
BARBARA L. HERWIG
(202) 514-5425


_____
ANNE MURPHY
(202) 514-3688
Attorneys, Appellate Staff
Civil Division, Room 7644
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2008, I served the foregoing **Motion to Hold in Abeyance or in the Alternative Dismiss Without Prejudice** upon counsel of record by causing a copy to be sent by first class prepaid mail, with a courtesy copy by email, to:

Patricia A. Bronte
Maya D. Nath
Sapna G. Lalmalani
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, IL 60611

Darold W. Killmer
Mari Newman
Sara Rich
KILLMER, LANE & NEWMAN LLP
1543 Champa Street, Suite 400
Denver, CO 80202

Shayana Kadidal
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Anne Murphy
Counsel for Respondent