# EXHIBIT B

FILED WITH THE
COURT SECURITY OFFICER
CSO:
DATE:

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MUSA'AB OMAR AL MADHWANI, | ) ) ) | |
| Petitioner/Plaintiff, | ) ) ) | No. 07-1116 |
| v. | ) ) | |
| ROBERT M. GATES, | ) ) ) | |
| Respondent/Defendant. | ) ) | |

## PETITIONER'S RESPONSE TO
## MOTION TO HOLD IN ABEYANCE OR IN THE ALTERNATIVE
## DISMISS WITHOUT PREJUDICE

Petitioner Musa'ab Omar Al Madhwani respectfully submits this response to Respondent's Motion to Hold in Abeyance or in the Alternative Dismiss Without Prejudice (the "Motion"). While disagreeing with certain legal and factual assertions in the Motion, Petitioner does not oppose Respondent's request for an order holding this case in abeyance pending the "prompt habeas corpus hearing" in the District Court mandated by the Supreme Court's decision in *Boumediene v. Bush*, 553 U.S. ___, slip op. (majority) at 66 (June 12, 2008), provided that Respondent complies with this Court's Order of September 7, 2007.

1

As Respondent notes (at ¶ 3), the *Boumediene* decision leaves intact the remedy provided to Petitioner in the Detainee Treatment Act, even though it is an inadequate substitute for habeas corpus. Accordingly, Petitioner respectfully opposes Respondent's alternative request to dismiss this case without prejudice.

Petitioner does not agree with Respondent to the extent he suggests (at ¶ 4.a) that the government would be entitled to seek interlocutory review of legal questions not specifically addressed in *Boumediene* regarding "the nature and extent of the habeas review." If that were the case, the Supreme Court would simply have remanded *Boumediene* and its companion case, *Al Odah v. United States* (of which Petitioner is a party), to this Court for further proceedings. Instead, the *Boumediene* Court directed this Court to "remand the cases to the District Court for proceedings consistent with this opinion" – including the Court's admonition that, after six years of imprisonment "without the judicial oversight that habeas corpus or an adequate substitute demands[,] . . . . the costs of delay can no longer be borne by those who are held in custody. The detainees in these cases are entitled to a prompt habeas corpus hearing." *Id.* at 66, 70.

In addition, Petitioner disagrees with Respondent's suggestion (at ¶ 4.b) that the Government has devoted "significant military and intelligence

2

resources ... to preparing records and reviewing classified filings to facilitate DTA review" in this case. More than nine months ago, on September 7, 2007, this Court granted Petitioner's motion for production of the Government Information, the Government Evidence, and any exculpatory evidence relating to Petitioner. Respondent has yet to produce any of these materials. Indeed, Respondent has not yet conducted its classification review of four pages of the Petition filed in this case more than one year ago.[1] The record in this case shows that Respondent has not, in fact, devoted significant resources to facilitating the Court's review of this case.

Nevertheless, Petitioner agrees that once Respondent complies with his outstanding obligations under the September 7, 2007 Order, Respondents' resources and attention should be devoted to providing Petitioner with a prompt habeas corpus hearing in the District Court.

---

[1] Petitioner's counsel informed Respondent's counsel in June 2007 that Petitioner was the source of the information on pages 8-9 and 34-35 of the Petition, as memorialized in counsel's notes that the Government had already declassified. Despite this, the Government still has not performed the classification review and, indeed, has not determined when the review might occur. *See* Email from August Flentje, Dept. of Justice, to Patricia A. Bronte, Nov. 13, 2007 (attached hereto as Exhibit A). As a result of the Government's inaction, Petitioner's counsel have been unable to disclose these pages of the Petition to Petitioner.

3

# CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court (a) grant Respondent's motion to hold this case in abeyance pending the District Court's habeas corpus hearing, conditioned on Respondent's compliance with the Court's Order of September 7, 2007, and (b) deny Respondent's motion in the alternative to dismiss this case without prejudice.

Date: June 30, 2008

Respectfully submitted,

Darold W. Killmer
Mari Newman
Sara Rich
KILLMER, LANE & NEWMAN LLP
1543 Champa Street, Suite 400
Denver, Co 80202
T: (303) 571-1000
F: (303) 571-1001

Shayana Kadidal [D.C. Bar No. 454248]
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
T: (212) 614-6464
F: (212) 614-6499

Patricia A. Bronte [D.C. Bar No. 50510]
Sapna G. Lalmalani
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
T: (312) 222-9350
F: (312) 840-7757

*Attorneys for Petitioner*

4

Bronte, Patricia A
___

| | |
|---|---|
| From: | Flentje, August (CIV) [August.Flentje@usdoj.gov] |
| Sent: | Tuesday, November 13, 2007 12:11 PM |
| To: | Bronte, Patricia A |
| Subject: | FW: Status of review of DTA petition |
| Attachments: | Madhwani -- DTA Petition (pp. 8-9, 34-35 omitted).pdf.pdf |

Here is the version of the petition with the presumptively classified pages omitted. I am still trying to determine when the 4 pages will be reviewed.

___

**From:** Flentje, August (CIV)
**Sent:** Wednesday, June 27, 2007 9:21 AM
**To:** 'Bronte, Patricia A'
**Cc:** Loeb, Robert (CIV)
**Subject:** RE: Status of review of DTA petition

Patricia: I can confirm that your petition has been sent for classification review. However, there is a substantial backlog of materials awaiting such review given the recent filing of so many DTA petitions and the need to prioritize review of CSRT records, which must be certified for the Court and which counsel are also seeking access to as promptly as possible. I'm sorry I cannot provide more information on when your petition will be reviewed.

I can however provide you with the bulk of your DTA petition -- I did not realize that only 4 pages had been sent for classification review; the rest is attached and does not contain classified information. There should be no problem sharing this information with your client pursuant to the terms of the protective order that governs your case.


--Auggie

cc: Loeb

___

**From:** Bronte, Patricia A [mailto:PBronte@jenner.com]
**Sent:** Monday, June 25, 2007 10:16 AM
**To:** Flentje, August (CIV)
**Subject:** Status of review of DTA petition

Mr. Flentje, we spoke on June 19 regarding the status of the DTA petition in Al Madhwani v. Gates, No. 07-1116. We would very much like to be able to discuss the petition with our client. On May 8, 2007, the Court Security Officer informed us that the petition had been filed with the court of April 30, 2007. The CSO asked us not to share the petition with our client until she got back to me -- which she estimated would be in a couple of hours. On June 13, having not heard back from the CSO, we called again and were told that the petition had not yet been cleared for disclosure to our client. On June 19, we called the CSO again and she referred us to you.

As I explained to you on June 19, the non-public information in the petition is based on my unclassified notes of meetings with the client. Please let me know whether we are permitted to disclose the petition to our client.

Thank you,
Pat
___

**Patricia A. Bronte**
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

# Exhibit A

Tel (312) 923-8357
Fax (312) 840-7757
PBronte@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# Exhibit A

# CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2008, I filed and served the foregoing Petitioner's Response to Motion to Hold in Abeyance or in the Alternative Dismiss Without Prejudice by causing the original and nine (9) copies to be delivered to the Court Security Officer, with the original and four (4) copies to be forwarded to the Court, and one copy to be conformed and returned to our office.

I further certify that upon receiving clearance from the Court Security Officer, one copy will be forwarded to the following counsel of record via U.S. Mail:

Peter D. Keisler
Jonathan F. Cohn
Douglas N. Letter
Robert M. Loeb
Catherine Y. Hancock
Civil Division, Room 7268
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

Terry Marcus Henry
U.S. Department of Justice
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC 20044

Judry Laeb Subar
U.S. Department of Justice
Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7342
Washington, DC 20530

Barbara L. Herwig
Anne Murphy
Civil Division, Room 7644
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

_/s/ Patricia A. Bronte_
Patricia A. Bronte