# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) <br> GUANTANAMO BAY ) <br> DETAINEE LITIGATION ) | Misc. No. 08-0442 (TFH) <br><br> Civil Action No. 04-1254 (HHK) |

**SECOND DECLARATION OF MARC D. FALKOFF
IN FURTHER SUPPORT OF EMERGENCY MOTION TO
COMPEL ACCESS TO MEDICAL RECORDS OF PETITIONER
AND FOR OTHER MISCELLANEOUS RELIEF**

I, Marc D. Falkoff, declare:

1. I am an assistant professor of law at Northern Illinois University College of Law in DeKalb, Illinois. I am an attorney and a member of the bars of New York and the District of Columbia, admitted to practice in the federal courts in the District of Columbia. My home address is 304 West Willow Street, Chicago, Illinois 60614.

2. I am counsel to Petitioner, Adnan Farhan Abdul Latif. I submit this Declaration in further support of Mr. Latif's Emergency Motion to Compel Access to Medical Records and For Other Miscellaneous Relief. I have personal knowledge of the following matters and could competently testify thereto.

3. At about 3:15 p.m. Eastern on Friday, September 5, 2008, Sean O'Donnell, counsel for Respondents, called David H. Remes, also Mr. Latif's counsel, to inform him that Mr. Latif had bitten off and swallowed a ten-inch piece of the plastic tube being used to force-feed him. Mr. O'Donnell told Mr. Remes that a non-surgical medical procedure could be used to extract the tube until the tube entered his intestines, in which case extraction would require surgery. Mr. O'Donnell indicated to Mr. Remes that Mr. Latif's consent to the non-surgical procedure would

be needed by about 5:00 p.m. to avoid surgery. Mr. O'Donnell conveyed the emergency nature of the matter.

4. Mr. O'Donnell told Mr. Remes that Mr. Latif refused to consent to the non-medical procedure unless he could first consult with his lawyers. He told Mr. Remes that Respondents agreed to allow the call.

5. Counsel quickly put a translator on standby and arranged a conference line, which was set up by 4:05 p.m. At that point, I took over from Mr. Remes. Although I repeatedly pressed Respondents to get Mr. Latif on the line, Mr. O'Donnell conveyed to me that the call could not be made until 5:15 p.m. because the line (evidently Respondents only had one telephone line) was being used for a call by another prisoner and his counsel and would not be interrupted to address Mr. Latif's medical emergency. In view of the impending 5:00 p.m. deadline for Mr. Latif's decision, I urged Respondents to just hand Mr. Latif a cell phone so we could have our conversation. Respondents did not acknowledge the request.

6. Respondents finally put Mr. Latif on the line with me at about 5:35 p.m. During our fifteen-minute conversation, Mr. Latif indicated to me that he did not trust the Guantánamo doctors and wanted an opinion from an independent physician on how to proceed. I managed to persuade Mr. Latif to consent to the non-surgical procedure without requiring an independent medical opinion.

7. Mr. Latif urged me to obtain his medical records from Respondents so that his counsel and Court could see how the Guantánamo authorities had treated him since his initial motion had been filed.

8. Respondents informed counsel at about 8:00 p.m. that the non-surgical procedure was performed successfully. Respondents refused a request for a follow-up call with Mr. Latif.

9.  I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 6, 2008 in Colorado Springs, Colorado.

                                              /s/
                                  MARC D. FALKOFF