IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| IN RE:<br><br>GUANTANAMO BAY DETAINEE<br>LITIGATION | Misc. No. 08-MC-442 (TFH)<br><br>Civil Action No. 08-CV-1104 (HHK ) |
|---|---|

## **RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO COMPEL**

Respondents hereby oppose Petitioner Bashir Ghalaab's motion to compel the production of classified documents. Because Petitioner was one of the last Guantanamo Bay detainees to file his habeas petition, he is also one of the last to expect a factual return. (*See* Pet'r's Mot. ¶ 2.) Through this motion he seeks to circumvent the Court's scheduling order by forcing the production of documents that may or may not be used in the factual return on his habeas petition. The Court should deny Petitioner's motion.

## STATEMENT OF FACTS

Petitioner filed his petition for a writ of habeas corpus on June 25, 2008. (Pet. for Writ of Habeas Corpus.) As Petitioner recognizes, his "was one of the last habeas cases filed on behalf of Guantanamo" detainees. (Pet'r's Mot. ¶ 2.) Pursuant to the Court's scheduling order, a factual return for Petitioner's habeas petition is not due for several months. (*See* Scheduling Order, July 11, 2008, dkt. no. 7 ("Scheduling Order").) In advance of the factual return, however, Respondents provided Petitioner's counsel a copy of the unclassified paper record of the Combatant Status Review Tribunal ("CSRT"). (*Id.*, Ex. A 1.) Unhappy with the unclassified portions of the CSRT, Petitioner's counsel asked that the classified portions of the CSRT be made available to him at the Secure Facility. (*Id.*, Ex. B 1-2.) Shortly thereafter, Petitioner filed this motion to compel.

**ARGUMENT**

Though Petitioner states otherwise, the apparent purpose of his motion is to circumvent the Court's scheduling order and essentially jump in front of the many detainees who filed their habeas petitions before him. At present, Respondents are preparing factual returns consistent with the priorities set forth in the Court's scheduling order. (*See* Scheduling Order; *see also* Mot. for Partial and Temporary Relief from Court's July 11, 2008 Scheduling Order, Aug. 29, 2008, dkt. no. 20 ("Relief motion")). Respondents also find themselves responding to numerous procedural motions like this one in the Guantanamo Bay habeas litigation.[1] On top of this, Petitioner now asks to have access to classified information that may or may not be used in the factual return on his habeas petition. Contrary to Petitioner's assertion, preparing the classified portion of his CSRT is not an insubstantial feat. It requires coordination between the Department of Justice and other agencies, including review for possible redaction of information or designation of information as "protected;" all of these agencies, however, are presently working to prepare factual returns pursuant to the Court's scheduling order. (*See* Relief Motion, *passim*.) Petitioner has not advanced a single reason why he should place this burden on the government or be allowed to jump ahead of nearly every other petitioner.

Petitioner's motion to compel is also improper because it asks for information that may or may not be used in the factual return on his habeas petition. The legal landscape after *Boumediene v. Bush*, 128 S. Ct. 2229 (2008), is quite different from what it was four years ago, when Petitioner's CSRT was conducted. At that time, the Supreme Court strongly suggested

---

[1]Though he sent a letter asking for classified information, he never declared his intention to file a motion to compel. Furthermore, Petitioner failed to confer with Respondent's counsel in person or by telephone prior to filing this motion, in violation of the local rules. L. Civ. R. 7(m).

that a rudimentary military process like that afforded under the Geneva Convention would be constitutionally sufficient. *Hamdi v. Rumsfeld*, 542 U.S. 507, 538 (2004) (plurality) (citing Army Regulation 190-8). Since *Boumediene*, the habeas court has been instructed to consider new evidence beyond the CSRT record. *See* 128 S. Ct. at 2267-74. At this juncture, it is simply inappropriate to give Petitioner's counsel access to classified information that may or may not be used in his factual return; indeed, Petitioner's motion is requesting information that, if granted, would provide relief tantamount to the sort of broad discovery afforded parties in civil lawsuits. As explained in support of Respondents' position as to the appropriate procedural framework in this case, such discovery would be entirely out place here. (*See* Mot. for Order Regarding Procedural Framework Issues, July 25, 2008, dkt. no. 12; Reply Memo. in Support of Mot. for Order Regarding Procedural Framework Issues, Aug. 1, 2008, dkt. no. 15.)

## CONCLUSION

For the reasons discussed above, the Court should deny Petitioner's motion to compel certain classified information. Petitioner's motion seeks to circumvent the Court's scheduling order and seeks access to classified information to which he may not be entitled through an appropriate factual return. Petitioner should not be allowed to burden Respondents or inconvenience the many petitioners whose factual returns are due before his.

Dated: September 10, 2008  Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 s/ Sean O'Donnell

JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
SEAN W. O'DONNELL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel: (202) 514-3755
Fax: (202) 616-8470

Attorneys for Respondents