# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: )<br>)<br>)<br>GUANTANAMO BAY )<br>DETAINEE LITIGATION )<br>) | Misc. No. 08-442 (TFH)<br><br>Civil Action No. CV 02-0828 (CKK) |

**PETITIONERS' MEMORANDUM IN OPPOSITION TO MOTION FOR PARTIAL AND TEMPORARY RELIEF FROM THE COURT'S JULY 11, 2008 SCHEDULING ORDER**

Petitioners Fawzi Khalid Abdullah Fahad Al Odah, Fayiz Mohammed Ahmed Al Kandari, Khalid Abdullah Mishal Al Mutairi, and Fouad Mahmoud Al Rabiah ("Petitioners") hereby oppose the government's Motion for Partial and Temporary Relief from the Court's July 11, 2008 Scheduling Order ("Motion").

Petitioners in this case, Civil Action No. 02-cv-0828, have the oldest pending habeas case on file, and they have been waiting in prison cells at Guantanamo Bay Naval Station since May 1, 2002 to receive justice from this Court. The government filed factual returns in each of Petitioners' cases (consisting of the CSRT findings) in October 2004, almost four years ago, but since then the case has been mired in the jurisdictional dispute that was resolved, at long last, by the United States Supreme Court in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008). Yet now, almost three months after the Supreme Court's decision, and despite that Court's admonition that "the costs of delay can no longer be borne by those who are held in custody" (128 S. Ct. at 2275), the government has defied this Court's Scheduling Order requiring it to file any motions to amend factual returns, along with the proposed amended factual returns, in the earliest fifty cases (which would include this case) by August 29, 2008, and has instead moved for at least another month of delay in virtually all of the coordinated habeas cases.

This Court should deny the government's motion for relief from the Scheduling Order, a motion for which the government has utterly failed to show good cause. The Court should further rule that the government has waived its opportunity to move to file amended returns in Petitioners' cases and should order that these cases will proceed expeditiously on the government's original factual returns, based on which the government has imprisoned Petitioners for almost seven years.

1.   On July 2, 2008, the judges of this Court, including Judge Kollar-Kotelly, ordered most of the habeas petitions filed by Guantanamo detainees to be transferred to Judge Thomas F. Hogan for purposes of coordination and management "so that these cases can be addressed as expeditiously as possible per the Supreme Court's decision in *Boumediene v. Bush*, [128 S. Ct. 2229 (2008)]." Order by Judge Thomas F. Hogan, *In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-442, Docket No. 1 (July 2, 2008). This Court held a status conference at which it invited the parties to express their views as to how these cases should be managed and scheduled. Counsel for Petitioners, among others, expressed concern that the government would distort the Court's efforts to coordinate these cases into further excuses for delay.

At the status conference on July 8, 2008, and in letters and pleadings filed before and after the conference, the government requested that it be allowed until the end of August, 2008, to file motions for leave to amend factual returns in the first fifty cases, and that it be allowed to continue filing motions for leave to amend returns at a rate of fifty per month after that. *See* Notice by Respondents, *In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-442, Docket No. 39 (July 9, 2008). Petitioners opposed the government's request, but the government assured the Court that its request for a "short lead time" would best facilitate expeditious adjudication of the cases (*id.*) and that it was "dedicating substantial resources to facilitate the

expeditious handling of these cases." *Id.* at Ex. A, Letter from Gregory G. Katsas to Hon. Royce C. Lamberth and Hon. Thomas F. Hogan (June 30, 2008). At substantially the same time, the government moved in the Court of Appeals for the District of Columbia Circuit for an abeyance or dismissal of Petitioners' cases under the Detainee Treatment Act of 2005 ("DTA"), stating that its "defense and intelligence resources must now be focused exclusively on preparing factual returns for the district court habeas proceedings ..." Motion to Hold in Abeyance or in the Alternative Dismiss Without Prejudice, *Al Odah v. Gates*, No. 07-1134 (June 19, 2008).

This Court explicitly warned the government at the status conference that it should make known to other agencies, such as the Central Intelligence Agency ("CIA"), that proceedings in these cases must be a top priority, and that delays would not be granted without good cause. Nevertheless, over the Petitioners' objections, the Court gave the government precisely the scheduling order that it asked for, allowing it until August 29, 2008, to prepare motions to file amended returns in the first fifty pending cases, and allowing it to file motions to amend at a rate of fifty cases per month thereafter. The Scheduling Order specifically allows the government to request exceptions to the sequencing only as follows:

> [I]f the government believes that an individual factual return is significantly more complicated than others or a particular detainee's circumstances present unique issues that require more time to complete the return such that processing the return would delay the overall processing, the government shall move for an exception to the sequencing described above. As with amendments, the Court will only allow exceptions where the government establishes cause.

Scheduling Order at ¶ 4. The plain intent of the Scheduling Order is to allow exceptions only on a case by case basis, based on good cause, solely in order to avoid delays in the processing of other cases. The Scheduling Order does not anticipate, and there is no reason why it should have

anticipated, that a delay would be requested, much less granted, for the filing of virtually *all* amended returns without a particularized showing of good cause.

2.  Apparently on the theory that it is easier to ask forgiveness than it is to ask permission, the government waited until literally the last minute on August 29, 2008, without any effort to meet and confer with Petitioners, to file its motion for relief from the scheduling order. In its motion, the government announces that it has been "unable to complete" the filing of the first fifty factual returns on the schedule that the government itself proposed. It requests an additional thirty days to file the first round of returns, and expresses its "hope" to produce fifty factual returns per month thereafter. *See* Motion at 2. Nowhere in the government's motion is there any indication that the government will comply with either the current deadline or even its "hoped for" schedule. Instead, the government promises only to "strive" to do so. *Id.* at 14. It does not take a clairvoyant to predict what the government will be telling the Court a month from now.

The reasons offered by the government for its motion are nonsense. The government has had between twenty and fifty attorneys from the Department of Justice ("DoJ") and thirty attorneys from the Department of Defense ("DoD") working full time on these cases. *See* Motion at Ex. B, Declaration of Daniel J. Dell'Orto ("Dell'Orto Dec.") at ¶ 3; Motion at Ex. C, Declaration of Gregory G. Katsas ("Katsas Dec.") at ¶ 5. According to Daniel J. Dell'Orto, Acting General Counsel of the DoD, the DoD's thirty-person team reviewed 1,900 classified documents in 30 days, working at a snail's pace of barely over 3 documents per person per day, excluding weekends. *See* Dell'Orto Dec. at ¶¶ 5-7. Considering that the DTA and the DoD's own regulations require annual reviews of detainee files to determine whether continued

detention is warranted, the DoD's performance is inexcusable (and casts considerable doubt on the thoroughness of its annual reviews).[1]

Although Petitioners obviously have not seen (and therefore object to) the classified portions of the declaration submitted by CIA Director Michael V. Hayden, Director Hayden's unclassified declaration is sufficient to show that the government lacks any excuse for its failure to meet this Court's deadline. According to Director Hayden, the government's DoJ and DoD attorneys did not provide the first factual returns for CIA review until August 12, 2008, (six weeks after the government first suggested a deadline of August 29, 2008) and provided further returns for review as late as August 25, 2008. *See* Declaration of Michael V. Hayden at ¶ 19. Between fifty and eighty DoJ and DoD lawyers, therefore, took well over a month from the issuance of this Court's scheduling order to generate even a single draft factual return for CIA review. These facts belie the government's claim, submitted in support of its effort to further delay the pending DTA reviews, that "defense and intelligence resources [are now] focused exclusively on preparing factual returns for the district court habeas proceedings ... ."

Although the government professes to encounter difficulties in obtaining timely interagency clearance of newly drafted factual returns, this Court should not permit those difficulties -- which are entirely within the government's control to resolve -- to cause further delay in Petitioners' quest for a fair hearing, as to which factual returns were drafted, reviewed for classification, and filed years ago. The government's last-minute "dog-ate-my-homework" filing is based not on good cause, but on tactical considerations for delay or, at best, a gross

---

[1] *See* Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 § 1005(a) (2005); Hon. Gordon England, Memorandum for Secretaries of the Military Departments, Re: Revised Implementation of Administrative Review Procedures for Enemy Combatants Detained at U.S. Naval Base Guantanamo Bay, Cuba (July 14, 2006), Encl. (3) at ¶ 3.e.

failure of leadership in the departments involved. *See* Dell'Orto Dec. at ¶ 7; Katsas Dec. at ¶ 13; Hayden Dec. at ¶ 19.

3.  Petitioners' habeas cases have been pending since May, 2002, longer than any other case still pending. The government's factual returns have been on file since October 2004. Yet the government has sought to delay Petitioners' cases at every opportunity, including both their habeas cases in this Court and their cases in the D.C. Circuit under the DTA. Meanwhile, Petitioners have had to stand aside and watch while later-filed habeas cases have advanced ahead of theirs before judges who chose not to transfer their cases for management purposes. The purpose of the coordination of habeas cases before a single judge for management purposes cannot be realized if the government is permitted to disregard that judge's management orders with impunity. In order to preserve the intent of the coordination of habeas cases to address the cases as expeditiously as possible, this Court should enforce its Scheduling Order strictly - particularly where, as here, there is no good cause shown for an exception.

Not only is this case the oldest Guantanamo habeas case on the docket, but the government has already filed factual returns, in the form of CSRT findings, for each of the Petitioners. The government cannot legitimately oppose proceeding on those original factual returns, as they ostensibly provided the basis for imprisoning Petitioners in the first place and continue to be the ostensible basis for imprisoning Petitioners. Moreover, the government has forfeited the reasonable opportunity that the Court afforded it to seek leave to amend those factual returns on a schedule proposed by the government itself. It is long past time for the allegations in the original factual returns to be tested in a fair hearing before an independent judge.

## Conclusion

The government's last-minute filing makes two things apparent. First, the government's strategy of delay continues unabated. Second, the government is treating this Court's orders as merely aspirational, and is again seeking to impose the "costs of delay" upon those held in prison.

It is time to enforce the Supreme Court's ruling that "the detainees in these cases are entitled to a *prompt* habeas corpus hearing." *Boumediene*, 128 S. Ct. at 2275 (emphasis added). This Court should enforce its Scheduling Order, and should promptly rule that the government has waived its opportunity to file a motion for leave to file amended factual returns in Petitioners' case.

September 3, 2008                              Respectfully submitted,

                                               /s/
                                               David J. Cynamon (D.C. Bar #182477)
                                               Matthew J. MacLean (D.C. Bar #479257)
                                               PILLSBURY WINTHROP
                                               SHAW PITTMAN LLP
                                               2300 N Street, N.W.
                                               Washington, D.C. 20037
                                               Telephone: (202) 663-8000
                                               Facsimile:  (202) 663-8007

                                               Attorneys for Plaintiffs-Petitioners

**Certificate of Service**

I certify that on September 3, 2008, I caused the foregoing to be served on the following attorneys via electronic filing:

Brian David Boyle
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 4633
Washington, DC 20530-0001
(202) 3305-1434
202-514-0238 (fax)
brian.d.boyle@usdoj.gov

Terry Marcus Henry
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC 20044
(202) 514-4107
(202) 616-8470 (fax)
terry.henry@usdoj.gov

Robert J. Katerberg
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 616-8298
(202) 616-8460 (fax)
robert.katerberg@usdoj.gov

Robert D. Okun
UNITED STATES ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 10-435
Washington, DC 20530
(202) 514-7282
(202) 514-8784 (fax)
robert.okun@usdoj.gov

Judry Laeb Subar
U.S. DEPARTMENT OF JUSTICE
P.O. Box 833
Suite 7342
Washington, DC 20044-0833
(202) 514-3969
judry.subar@usdoj.gov

Andrew I. Warden
U.S. DEPARTMENT OF JUSTICE,
CIVIL DIVISION, FEDERAL PROGRAMS
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 616-5084
(202) 616-8460 (fax)
andrew.warden@usdoj.gov


                                        /s/
                                        Matthew J. MacLean

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:

GUANTANAMO BAY
DETAINEE LITIGATION

Misc. No. 08-442 (TFH)

Civil Action No. CV 02-0828 (CKK)

### [DRAFT] ORDER

THIS MATTER having come before the Court on the government's Motion for Partial and Temporary Relief from the Court's July 11, 2008 Scheduling Order, it appearing to the Court that the motion should be denied for lack of good cause, it is hereby

ORDERED the government's motion is denied, and it is further

ORDERED that the government has waived its opportunity to move for leave to file amended factual returns in Civil Action No. 02-cv-0828.

Date:_____

_____
The Honorable Thomas F. Hogan
United States District Judge