**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ───────────────── ) | |
| **IN RE:** ) | |
| ) | **Misc. No. 08-442 (TFH)** |
| **GUANTANAMO BAY** ) | |
| **DETAINEE LITIGATION** ) | **Civil Action No. CV 02-0828 (CKK)** |
| ───────────────── ) | |

**MEMORANDUM IN OPPOSITION TO MOTION**
**FOR LEAVE TO FILE AMENDED FACTUAL RETURN**

Petitioner Fouad Mahmoud Al Rabiah ("Petitioner"), by counsel, hereby opposes the

government's Motion for Leave to File Amended Factual Return ("Motion").

Petitioner first filed his complaint seeking habeas corpus relief on May 1, 2002. After

two and a half years of litigation, culminating in the United States Supreme Court's decision that

this Court had jurisdiction to hear Petitioner's habeas corpus claim in *Rasul v. Bush*, 542 U.S.

466 (2004), the government filed its original factual return on October 12, 2004. The original

return consisted of the record of the proceeding of Petitioner's Combatant Status Review

Tribunal ("CSRT"), an administrative review process hastily assembled by the Pentagon in the

wake of the *Rasul* decision for the purpose of justifying the detention of Guantanamo detainees

such as Petitioner.

Now, after almost four more years of litigation, in the aftermath of yet another fully

predictable loss in the Supreme Court in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008), the

government seeks to file an amended, unsigned factual return. The motion should be denied for

the following reasons: (1) the proposed amended factual return itself is not signed by an attorney

as required by Fed. R. Civ. P. 11(a); (2) the government's motion offers no reason why an

amended return is appropriate in this case, and does not offer any explanation why its original

return was insufficient; (3) to allow the government to rely on evidence assembled for the first time more than six years after Petitioner was first taken into custody offends the principle underlying the writ of habeas corpus that a detention must be legally justified from its inception, and not merely in retrospect, and inappropriately rewards the government for the long delay that it obtained through appeals that it ultimately lost; and (4) the government has failed to provide an unclassified version or summary of the proposed amended factual return that the Petitioner can see, discuss with counsel, and rebut.

1.      The proposed amended return is deficient on its face because it is unsigned.  If no officer of the Court will attest, after reasonable inquiry, that the amended return is not filed for an improper purpose, is not frivolous, and is supported by the evidence, then this Court "must strike" the unsigned pleading.  *See* Fed. R. Civ. P. 11(a); *Thomas v. Paulson*, 507 F.Supp.2d 59, 64 n.6 (D.D.C. 2007) (unsigned response to summary judgment statement of material facts violates Rule 11(a)).  The lack of a signature not only violates Rule 11, but also fails to satisfy the requirement of the habeas statute, 28 U.S.C. § 2243, that "[t]he person to whom the writ or order is directed shall make a return *certifying* the true cause of the detention."  (Emphasis added).  It is particularly important in these cases that a government attorney attest that the return is supported by the evidence, given the government's shifting position for Petitioner's detention and the dubious nature – recognized by the Court of Appeals for this Circuit – of the information on which the government has sought to justify the detention of other Guantanamo prisoners.  *See Parhat v. Gates*, 532 F.3d 834, 848-49 (D.C. Cir. 2008) (noting complete lack of credible evidence to justify the prisoner's detention).

2.      This Court has made clear that it will only allow amended returns based upon a showing of good cause.  *See* Scheduling Order ¶ 4 (July 11, 2008) ("The Court will allow amendment

only where the government establishes good cause for the amending"). The government has not even come close to meeting that burden. In support of its Motion, the government offers only the weak justification that "the Court should have before it the most up-to-date explanation of the bases for a petitioner's detention …." Motion at 6. The government's argument is a tacit admission that its basis for detaining the Petitioner has shifted over the last six years, but it does not explain why it was not able to put its best foot forward when it first filed a return in 2004.

The government complains that *Boumediene* "changed the legal landscape significantly." Motion at 5. The government's expression of surprise is ill-founded -- the Suspension Clause has been part of the Constitution since 1789, and the Supreme Court's decision in *Boumediene* was largely foreshadowed by its earlier decision in *Rasul*. "[N]o one who reads the Court's opinion in *Rasul* could seriously doubt that the jurisdictional question must be answered the same way in purely constitutional cases .... [W]hether one agrees or disagrees with today's decision, it is no bolt out of the blue." *Boumediene*, 128 S. Ct. at 2278 (Souter, J., concurring). Even Chief Justice Roberts conceded in his dissenting opinion that the issue of whether Guantanamo detainees are entitled to habeas corpus protection was "a difficult one, primarily because of the unique and unusual jurisdictional status of Guantanamo Bay." *Id.* at 2279 (Robert, C.J., dissenting). It should have occurred to the government long ago that it had a strong possibility of having to justify the detentions in habeas proceedings, having lost its motion to dismiss in this Court on January 31, 2005. The government's attempt to revisit its arguments in *Boumediene* by complaining that the decision was "unprecedented" is implausible on its face. (Motion at 5).

At any rate, *Boumediene* "does not address the content of the law that governs petitioners' detention" (128 S. Ct. at 2277), and therefore could not have impacted the government's theory

why it has been detaining Petitioner for so many years.  The substantive law has not changed.

Either the evidence considered by the CSRT was sufficient to show that Petitioner was an

"enemy combatant" (whatever the correct definition of the term may be), or it was not.  If

anything has changed in Petitioner's case, it is not the underlying "legal landscape," but the

government's rationale for detaining him in the first place.

The government makes no effort to explain what new information or logic justifies filing

an amended return at this late date.  Indeed, its motion does not even address Petitioner - it is the

same generic motion that was filed in multiple other cases.  The government's position relies on

the bare argument that the "public interest" requires that it have the opportunity to put forward its

"most up-to-date explanation" of its bases for Petitioner's detention.  But the argument assumes

that there is no public interest in the countervailing value of timely habeas hearings for prisoners,

and apparently rests on the unsupported and abstract premise that *some* dangerous detainees may

be released unless the government is given an unrestricted right to file amended returns in *all*

cases.  The government should be required to show good cause in *this* case that (a) its prior

return for this Petitioner is inadequate, and (b) the inadequacies can be fixed with an amended

return.

3.      The government's belated shift in its position as to the reasons Petitioner has been

detained runs counter to the underlying principle of habeas corpus that a detention must be

legally justified from its inception, and not just in retrospect.  *See Carafas v. LaVallee*, 391 U.S.

234, 238 (1968) (purpose of habeas corpus is effective and speedy inquiry into legality of

detention); *see also Stack v. Boyle*, 342 U.S. 1, 4 (1952); *see also Preiser v. Rodriguez*, 411 U.S.

475, 495 (1973).  Petitioner has been waiting for two-thirds of a decade for access to the writ of

habeas corpus.  He has been imprisoned for the entire time, and the government is only now getting around to assembling what are supposedly the real reasons why.

The government, not the Petitioner, is responsible for the costs of this delay and should not be allowed to benefit from it.  The basis for Petitioner's habeas claim is the same as it was in 2002 when he filed it, and it is the same as it was in 2004 when the government filed its return - he is being held without lawful justification.  If the Court had proceeded to habeas hearings after *Rasul* instead of certifying the government's interlocutory appeal to the D.C. Circuit, then the government would have had to proceed to trial on its initial factual return.  To allow the government to file an amended return now, without a showing of good cause, gives it the benefit of a two-and-a-half year appeal that it *lost*.  The Petitioner was entitled to a habeas hearing in 2004 or earlier.  This Court should do what it can to put him back in the position he would have been in if the hearing had gone forward as it should have.

Moreover, the government's argument that it should be allowed to present the "most up-to-date information" offers no limiting principle for amending returns and would give the government further excuses for delay by offering repeated amendments with "current information."  The purpose of habeas corpus is to require the Executive *promptly* to justify a prisoner's detention.  *See Stack*, 342 U.S. at 4.  The government has avoided that requirement for almost seven years, while Petitioner remains in isolation in Guantanamo.  The Court  should not give the government further opportunity and incentive for delay.

4.      Finally, the government's motion to file its amended return should be denied because the government has not provided an unclassified version of the return that Petitioner can review and discuss with his counsel, thereby eliminating the most fundamental requirement of due process - notice and an opportunity to be heard.  *See Mullane v. Central Hanover Bank & Trust Co.*, 339

U.S. 306, 313 (1950); *Boumediene*, 128 S. Ct. at 2269; *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004) (plurality opinion).  Petitioner will have no way of ever rebutting the government's allegations if he cannot know what those allegations are, nor can his counsel effectively prepare Petitioner's case without being able to question Petitioner and any potential witnesses about the allegations.

The government's original return also contained large numbers of classified pages, and the unclassified summary was wholly inadequate to put Petitioner on notice of the accusations against him.  But at least counsel could discuss the summary with Petitioner as a starting point for preparing a a traverse and presenting evidence.  A classified amended return with no unclassified summary at all leaves Petitioner with nothing to do but to listen to his counsel say, "The government has given new reasons to detain you, but we can't tell you what they are." This is not justice — this is no notice; no opportunity to respond; and no process.

**Conclusion**

The government's Motion is unsupported by good cause, and the proposed amended return is unsigned.  The Motion should be denied.

September 19, 2008                          Respectfully submitted,


                                            _____/s/_____
                                            David J. Cynamon (D.C. Bar #182477)
                                            Matthew J. MacLean (D.C. Bar #479257)
                                            PILLSBURY WINTHROP
                                            SHAW PITTMAN LLP
                                            2300 N Street, N.W.
                                            Washington, D.C. 20037
                                            Telephone: (202) 663-8000
                                            Facsimile:  (202) 663-8007

                                            Attorneys for Petitioner

**Certificate of Service**

I certify that on September 19, 2008, I caused the foregoing to be served on the following attorneys via electronic filing:


Brian David Boyle
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 4633
Washington, DC 20530-0001
(202) 3305-1434
202-514-0238 (fax)
brian.d.boyle@usdoj.gov

Terry Marcus Henry
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC 20044
(202) 514-4107
(202) 616-8470 (fax)
terry.henry@usdoj.gov

Robert J. Katerberg
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 616-8298
(202) 616-8460 (fax)
robert.katerberg@usdoj.gov

Robert D. Okun
UNITED STATES ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 10-435
Washington, DC 20530
(202) 514-7282
(202) 514-8784 (fax)
robert.okun@usdoj.gov

Judry Laeb Subar
U.S. DEPARTMENT OF JUSTICE
P.O. Box 833
Suite 7342
Washington, DC 20044-0833
(202) 514-3969
judry.subar@usdoj.gov

Andrew I. Warden
U.S. DEPARTMENT OF JUSTICE,
CIVIL DIVISION, FEDERAL PROGRAMS
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 616-5084
(202) 616-8460 (fax)
andrew.warden@usdoj.gov

_____/s/_____
Matthew J. MacLean