202
686-4271

**FILED WITH THE COURT SECURITY OFFICER**
CSO: /afc/sh
DATE: 7-16-08

Filed with the Court Security Officer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil Action No. 1:05-0569 (JR) |
| ) | |

### STATUS REPORT

In compliance with the Court's July 3, 2008, Order, Petitioner Mohamedou Ould Slahi respectfully submits this status report through his undersigned counsel.

1. Mr. Slahi is currently incarcerated at Guantanamo Bay Naval Station. He was arrested in Mauritania (West Africa) on November 20, 2001, and has been in custody since that date.

2. He arrived at Guantanamo Bay on August 4, 2002, and was assigned ISN 760.

3. His case is currently in dismissed status, having been dismissed on April 5, 2007, for lack of subject matter jurisdiction (Dkt. 78 in Civil Action 1:05-0569). A motion to reinstate the habeas action was filed on June 23, 2008 (Dkt. 90). That motion is still pending. The government stated that it does not oppose reinstatement (Dkt. 91). In addition, the government stated in open court on July 8, 2008, that it would not oppose the reinstatement of cases which had been dismissed on jurisdictional grounds. **We therefore ask the Court to vacate the dismissal and reinstate Mr. Slahi's case.**

4. Three separate habeas petitions were originally filed, bearing three different civil action numbers. No. 05-0881 and No. 05-0995 were consolidated with the instant case at a

Dockets.Justia.com

hearing before Judge Robertson on October 5, 2005. **We therefore suggest that No. 05-0881 and No. 05-0995 should not be included in the caption of orders.**

5. We will oppose any request from the government to amend the factual return in the case, and we will oppose any delay connected with that issue.

6. In addition to this habeas action, three FOIA actions are pending before this Court (Nos. 06-cv-0597, 07-cv-2239, and 08-cv-1082). Two are against the Department of Defense and one is against the Federal Bureau of Investigation. The government has sought and received lengthy delays in document production in No. 06-cv-0597 (against DoD) and No. 07-cv-2239 (against FBI) so that the the government could assemble the requested records. The government's motions for summary judgment are due July 31, 2008, on those two cases. As a result of the FOIA actions, the government is well aware of what is in its files at this time.

7. Discovery is needed in the case to develop the factual record to show, *inter alia*:

(A) That Mr. Slahi was rendered from Mauritania to Jordan in 2001 or 2002 at the specific request of the U.S. government;

(B) That he was the subject of an interrogation plan personally authorized by General Geoffrey Miller;

(C) That he was the subject of the Second Special Interrogation Plan personally authorized by then-Secretary of Defense Donald Rumsfeld;

(D) That he endured torture and mistreatment before and after the Second Special Interrogation Plan was authorized;

(E) That members of the DoD Exploitation Team actually witnessed portions of his interrogations;

(F) That he was given and may have passed one or more polygraph examinations; and,

(G) That a prosecution before a Military Commission was abandoned because the military prosecutor, Lieutenant Colonel Stuart Couch, refused to pursue the case on the grounds that Mr. Slahi had been tortured.

Discovery is also necessary to determine the existence of any exculpatory evidence.

**We therefore ask the Court to direct the government to cooperate generally with discovery and to direct its officers, agents and employees to make themselves available for depositions and testimony.**

8. Issues that may arise during discovery and presentation of the evidence to the Court include the handling of classified information. All three below-named counsel now hold security clearances. Higher-level clearances can quickly be obtained if necessary. Ms. Duncan and Ms. Hollander both have Top Secret clearances. Ms. Royce previously held an TS/SCI clearance as a government employee.

9. There are a number of permissible spellings of Petitioner's name, including Slahi, Sillahi, and Salahi. However, petitioner signs his name "Slahi."

10. Counsel was provided with a heavily redacted classified factual return pursuant to a direct order of Judge Robertson on October 5, 2005. The Court has received the full classified return. **We ask the Court to direct the government to provide us with the same, unredacted version of the classified return that the Court has.**

11. Undersigned counsel filed a petition in the Court of Appeals on Slahi's behalf under the Detainee Treatment Act. It was filed on June 1, 2007, and bears No. 07-1185. The government should have already prepared the "government information" within the meaning of

3

*Bismullah v. Gates* to defend that action. **We ask the Court to require the government to state whether any portion of the government information has been assembled and if it has, to require the government to turn it over to petitioner.**

12. Counsel suggest telephone status conferences every two weeks to assure that the case moves forward.

Respectfully submitted,

*[signature]*

Law Office of Sylvia Royce
Sylvia Royce, *pro bono*
DC Bar Number 924035
5505 Connecticut Avenue NW #340
Washington, DC 20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com

FREEDMAN BOYD HOLLANDER
GOLDBERG & IVES P.A.
Nancy Hollander, *pro bono*
Theresa M. Duncan, *pro bono*
20 First Plaza, Suite 700
Albuquerque, NM 87102
(505) 842-9960
(505) 842-0761 (facsimile)
nh@fbdlaw.com
tmd@fbdlaw.com

Counsel for Petitioner.