Cleared for public filing by CSO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) ) ) GUANTANAMO BAY ) DETAINEE LITIGATION ) ) ) | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 1:05-0569 (JR) |

REPLY TO RESPONDENTS' RESPONSE TO
THE COURT'S AUGUST 20, 2008, ORDER

In response to an August 20, 2008, Order of this Court, the government has entered its opposition to a suggested amendment of the standard Protective Order which would require the government "to provide to counsel and the Court a version of each court filing containing classified or protected information that is suitable for filing on the public record within two weeks of the original filing date." Petitioner Mohamedou Ould Slahi respectfully submits this reply to the government's opposition.

1. There is a common law right to view court documents, *McConnell v. FEC*, 251 F. Supp.2d 919 (D.D.C. 2003), and this Court has broad supervisory power over the management of its own records. *See Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978); *In Re The Reporters Committee for Freedom of the Press*, 773 F.2d 1325, 1331 (D.C. Cir. 1985). The right of access to court filings is designed to facilitate public monitoring of the operation of government. *Nixon v. Warner, supra; United States v. El-Sayegh*, 131 F.3d 158 (D.C. Cir. 1997). The pleadings of the parties are central to the adjudicatory process, and there is a historical right of access to them in the federal courts. See also *Johnson v. Greater*

*Southeast Community Hospital*, 951 F.2d 1258, 1277 (D.C. Cir. 1991). To the degree that the production of unclassified versions of court filings are postponed or avoided altogether, it is in derogation of the right of the public to understand the workings of government and the federal courts.

2. The government's handling of its obligation to assist in the preparation of unclassified versions of Mr. Slahi's Detainee Treatment Act petition demonstrates its lack of respect for these principles. Mr. Slahi's brief and appendix were filed with the Court Security Officer on June 1, and June 5, 2007, respectively.[1] The government declined to cooperate with the production of versions of the brief and appendix suitable for filing on the public record because (1) in its view the record on review as announced by the Court of Appeals in *Bismullah v. Gates* was overbroad and Mr. Slahi's brief was premature, and (2) classification review and redaction would require the use of its resources. More than fourteen months later, no version suitable for filing on the public record has ever been prepared for either document.[2]

3. The government states that mandating production of an unclassified version of such documents within two weeks of their filing will "result in significant and inappropriate burdens on the government." Response at 5. However, litigation is in general burdensome to the Court, parties, and counsel, and the government does not explain why allowing timely public access to pleadings must necessarily be free of burden to the government. To the degree that the

---

[1] See the General Docket in the U.S. Court of Appeals for the District of Columbia Circuit in *Slahi v. Gates*, No. 07-1185, attached as Exhibit 1.

[2] On this issue, see Mr. Slahi's Motion, the government's Opposition, and Mr. Slahi's Reply, attached as Exhibit 2. The Court has not ruled on the motion, and the parties agreed earlier this month to hold the Detainee Treatment Act case in the Court of Appeals in abeyance while the instant action proceeds.

2

Guantanamo Bay detainee litigation may cause "a very large number of merits-related" filings which will have to be reviewed, *id.*, the fault lies with the government and not with the petitioners; it was the government that delayed the progress of all the petitioners' habeas corpus cases, no matter when they entered U.S. custody or how compelling their cases were for release, until a logjam of habeas corpus cases arrived in this Court after the *Boumediene* decision. Finally, the government raises the specter of erroneous disclosure decisions if it must work under a deadline. This argument ignores the fact that the parties and counsel are almost always working under deadlines in these and other cases; the government does not explain why the classification review process in these cases should somehow be exempted from the usual rule in litigation. It also ignores the fact that the government has significant resources at its command.

The fourteen-month delay in producing public versions of Mr. Slahi's brief and appendix in the Court of Appeals illustrates the difficulty of allowing the government to proceed on such issues without a deadline. It should not be allowed to continue to abuse the process in this fashion, and we submit that the imposition of a two-week deadline is reasonable under all the circumstances.

Dated: August 29, 2008

Respectfully submitted,

Law Office of Sylvia Royce
Sylvia Royce, *pro bono*
DC Bar Number 924035
5505 Connecticut Avenue NW #340
Washington, DC 20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com

FREEDMAN BOYD HOLLANDER
GOLDBERG & IVES P.A.
Nancy Hollander, *pro bono*
Theresa M. Duncan, *pro bono*
20 First Plaza, Suite 700
Albuquerque, NM 87102
(505) 842-9960
(505) 842-0761 (facsimile)
nh@fbdlaw.com
tmd@fbdlaw.com

Counsel for Petitioner