UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
NOV - 8 2007
RECEIVED

Pending classification review

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

MOHAMEDOU OULD SLAHI, )
    Petitioner, )
)
v. ) No. 07-1185
)
ROBERT M. GATES, )
    Respondent. )
)

**MOTION FOR ORDER DIRECTING GOVERNMENT COOPERATION
WITH THE PRODUCTION OF DOCUMENTS SUITABLE
FOR FILING ON THE PUBLIC RECORD**

Petitioner Mohamedou Ould Slahi respectfully moves the Court for an order directing Respondent to identify those portions of his Detainee Treatment Act brief and appendix that contain classified information so that Mr. Slahi's counsel may redact those portions and file an unclassified version on the public record. In support of his motion, Mr. Slahi represents to the Court as follows:

1. Mr. Slahi filed his Brief in support of his Detainee Treatment Act Petition and an Appendix thereto with the Court Security Officer on June 1, 2007. Some weeks thereafter, the government notified undersigned counsel through the Court Security Officer that the brief and appendix contained classified information. Mr. Slahi does not contest that these documents as filed with the Court contain classified information. However, it would not be difficult to redact the classified information so that unclassified versions could be prepared. Nonetheless, counsel's many requests to the Court Security Officer and to counsel for the government for

1

information as to which portions of these pleadings should be redacted have been unavailing. Thus, no unclassified version suitable for filing on the public record has been produced. The government's failure to cooperate in the production of redacted versions of these documents violates both the protective order which governs this litigation and the common law right of the public to view court documents.

2. Pursuant to stipulation of the parties, this Court entered an interim protective order on June 6, 2007. The interim protective order provides in pertinent part that

> [t]he Court Security Officer shall promptly examine the pleading or document and forward it to the appropriate agencies for their determination whether the pleading or document contains classified information. If it is determined that the pleading or document contains classified information, the Court Security Officer shall ensure that [that] portion of the document, and only that portion is marked with the appropriate classification marking and that the document remains under seal.

Protective Order and Procedures for Counsel Access to Detainee at the United States Naval Base in Guantanamo Bay, Cuba, at 22. (Originally entered in *Bismullah v. Rumsfeld*, No. 06-1197).

3. Quite apart from the protective order, this Court has supervisory power over its own records. *See Nixon v. Warner Communications*, 435 U.S. 589 (1978); *In Re The Reporters Committee for Freedom of the Press*, 773 F.2d 1325 (D.C. Cir. 1985). There is a common law right to view court documents. *McConnell v. FEC*, 251 F. Supp.2d 919 (2003). This common law right of access is designed to facilitate public monitoring of the operation of government. *Nixon v. Warner, supra; United States v. El-Sayegh*, 131 F.3d 158 (D.C. Cir. 1997). The briefs of the parties plainly play a central role in the adjudicatory process, and there is a historical right of access to them in the federal circuit courts of appeals.

4. Mr. Slahi wishes to prepare an unclassified version of his Detainee Treatment Act pleadings to file on the public record in this Court. The public has a right to access to pleadings

filed in this Court. Knowing which portions of the brief and appendix must be redacted from a public version is obviously an essential prerequisite to lawful release of these documents.

5. Executive Order 12958, which governs the handling of classified information throughout the government, provides at Section 1.8 that information shall not be classified in order to conceal violations of law, inefficiency, or administrative error, or to prevent embarrassment to a person, organization, or agency. Moreover, it is counsel's duty to publicly expose weaknesses in the government's case against Mr. Slahi. The government has repeatedly labeled the prisoners at Guantanamo Bay "the worst of the worst," saying that they deserve indefinite detention. At the same time, the government has sought to conceal its abuse of the Guantanamo detainees, including Mr. Slahi. As the Supreme Court stated in *Gentile v. State Bar of Nevada*, 506 U.S. 1030 (1991):

> An attorney's duties do not begin inside the courtroom door. He or she cannot ignore the practical implications of a legal proceeding for the client. Just as an attorney may recommend a plea bargain or civil settlement to avoid the adverse consequences of a possible loss after trial, so too an attorney may take reasonable steps to defend a client's reputation and reduce the adverse consequences of indictment, especially in the face of a prosecution deemed unjust or commenced with improper motives. A defense attorney may pursue lawful strategies to obtain dismissal of an indictment or reduction of charges, including an attempt to demonstrate in the court of public opinion that the client does not deserve to be tried.

*Id.* at 1043.

Wherefore, Mr. Slahi moves this Court to issue an Order directing Respondent to identify those portions of his Detainee Treatment Act brief and appendix that contain classified information so that Mr. Slahi's counsel may redact those portions and file an unclassified version in the public record.

Dated: November 8, 2007         Respectfully submitted,

*[signature]*
Law Office of Sylvia Royce
Sylvia Royce, *pro bono*
DC Bar Number 924035
5505 Connecticut Avenue NW #340
Washington, DC 20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com


FREEDMAN BOYD
HOLLANDER GOLDBERG & IVES P.A.
Nancy Hollander, *pro bono*
Theresa M. Duncan, *pro bono*
20 First Plaza, Suite 700
Albuquerque, NM 87102
(505) 842-9960
(505) 842-0761 (facsimile)
nh@fbdlaw.com
tmd@fbdlaw.com

Counsel for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing motion upon counsel for Respondent Robert M. Gates by hand delivering it to:

> Anthony A. Yang, Esq.
> Civil Division, Appellate Staff
> 950 Pennsylvania Avenue, NW Room 7248
> Washington, DC 20530

on this 8th day of November, 2007.

*Sylvia Royce* (signature)
Sylvia Royce, *pro bono*
DC Bar Number 924035
5505 Connecticut Avenue NW #340
Washington, DC 20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com

[ORAL ARGUMENT NOT YET SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

MOHAMEDOU OULD SLAHI, )
)
Petitioner, )
) No. 07-1185
v. )
)
ROBERT M. GATES, )
)
Respondent. )

---

**RESPONDENT'S OPPOSITION TO MOTION FOR ORDER
DIRECTING COOPERATION WITH THE PRODUCTION OF
DOCUMENTS SUITABLE FOR FILING ON THE PUBLIC RECORD**

On the same day he filed his petition for review in this case, petitioner filed a 47-page brief and a 307-page "Appendix." Both of these premature filings contained classified information made available to counsel in separate habeas proceedings. Moreover, the Appendix contained material outside the record on review, and the brief referred to and discussed such material. Having filed a premature and unnecessary brief and appendix, petitioner now seeks an order requiring the Government to engage in a burdensome classification review to identify which portions of these unnecessary filings contain classified information, so that redacted

versions can be filed on the public record. For the reasons discussed below, petitioner's motion should be denied.

## STATEMENT

1. Petitioner, Mohamedou Ould Slahi, is an alien detained at the United States Naval Base at Guantanamo Bay, Cuba ("Guantanamo") who has been determined to be an enemy combatant by a Combatant Status Review Tribunal ("CSRT" or "Tribunal"). On June 1, 2007, petitioner initiated this proceeding to review his designation and detention as an enemy combatant by filing a petition for review with this Court pursuant to the Detainee Treatment Act of 2005 ("DTA"), Pub. Law No. 109-148, § 1005(e), 119 Stat. 2680, 2739-45 (2005).

2. A party seeking review of an agency decision need only file a short "petition for review" to invoke this Court's jurisdiction. *See* Fed. R. App. P. 15. Petitioner did precisely that in this case, filing a two-page Petition for Immediate Release Pursuant to the Detainee Treatment Act of 2005.

However, without waiting for this Court to issue a scheduling order, petitioner filed his petitioner's brief on June 1, 2007, the same day he petitioned for review. Similarly, without consulting with Government counsel regarding the contents of the Appendix or designating such contents as required by Fed. R. App. P. 30(b)(1), petitioner simultaneously filed an Appendix on June 1. That Appendix contains

documents outside of the Administrative Record on review. In addition, petitioner relies upon such extra-record material in his June 1 brief.

3. This Court subsequently entered a scheduling order on July 3, 2007. That order explained that the petition for review "is considered a case-opening document only," and that "[a]ny argument or request for relief contained therein will not be considered by the court unless presented by way of motion of brief." The order further directed petitioner to file initial submissions, and respondent to file a Certified Index to the Administrative Record, by August 2, 2007. Finally, the Court ordered that "briefing in this case be deferred pending further order of the court."

4. Petitioner subsequently filed a motion to modify the briefing schedule, seeking to treat its premature brief as its opening brief and to require respondent to file a brief in response. That motion (which respondent opposed) remains pending.

## ARGUMENT

Petitioner's motion to require the Government to engage in the burdensome task of redacting classified material from his premature brief and appendix should be denied.

1. First, the Government should not be required to engage in review and redaction of classified material with respect to unnecessary pleadings filed outside the Court's normal processes and procedures. Without waiting for the issuance of a

schedule order or the production of the record on review, petitioner filed his brief and appendix on the same day he filed his petition for review. The appendix, filed without the consultation required by Fed. R. App. P. 30(b), contains material that is not part of the record. Indeed, the appendix includes materials created *after* the Tribunal's final determination that petitioner is an enemy combatant. See, *e.g.*, App. 83-103, 293-307. Petitioner's brief relies upon those extra-record materials.

Thus, petitioner's pleadings, filed without regard to the appropriate record on review, are unnecessary and inappropriate. As we pointed out in our opposition to petitioner's motion to modify the briefing schedule (at 5), the Court should strike those pleadings and direct that they be revised and refiled to conform to the record on review under a briefing schedule ordered by the Court.[1] It would be an undue

---

[1] In *Bismullah v. Gates*, this Court held that the record on review consists of "Government Information," that is, "such reasonably available information in the possession of the U.S. Government bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant," "plus any evidence submitted [to the Tribunal] by the detainee or his Personal Representative." 2007 WL 2067938 at *1, *7. The Government believes that the *Bismullah* decision adopts an overbroad definition of the record on review under the Detainee Treatment Act that could result in great harm to the national security. For that reason, the United States Government filed a petition for rehearing and rehearing en banc in *Bismullah* on September 7, 2007. Although the panel denied rehearing in *Bismullah* on October 3, 2007 (issuing a supplemental opinion), the petition for rehearing en banc remains pending. In any event, as we explained in our opposition to the motion to modify the briefing schedule (at 5-6), petitioner's brief and appendix exceeded even this definition of the record on review.

burden to require the Government to perform a classification review and identify material that can be released for premature and unnecessary pleadings.

Indeed, this is not an isolated instance. There are over 150 DTA cases currently pending in this Court. Although all that is required to bring such an action is a short petition for review, numerous DTA petitioners have chosen instead to file lengthy petitions that discuss (and attach) classified material, or to file premature briefs with appendices containing classified material. If the Government must review petitioner's premature brief and appendix in this case, there would be no basis for refusing to require the same process for all of the other unnecessary filings in over 150 DTA cases.

Petitioner points out (Motion at 2) that the protective order in this case contemplates that only the classified portions of pleadings may be withheld and that redacted versions must be filed on the public docket. Consistent with the protective order entered in this and other DTA cases, the Government fully intends to work with counsel to produce redacted versions of legitimate pleadings filed in this Court. But that requirement should apply only to pleadings filed in accordance with this Court's rules and procedures.

2. Petitioner's contention (Motion at 1) that is "would not be difficult" to redact the classified information from his lengthy filings is incorrect. As discussed

above, unnecessary and premature pleading containing classified material have been filed in the vast majority of DTA cases. Requiring classification review and redaction in every such case would require the exercise of substantial resources. To perform this task on an unnecessary filing, before the record is even produced, would be an undue burden.

## CONCLUSION

For the foregoing reasons, petitioner's motion should be denied.

Respectfully submitted,

DOUGLAS N. LETTER
(202) 514-3602

LEONARD SCHAITMAN
(202) 514-3411

MATTHEW M. COLLETTE
(202) 514-4214
Attorneys, Appellate Staff
Civil Division, Room 7212
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

NOVEMBER 2007

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2007, I served the foregoing Respondent's Opposition to Motion for Order Directing Government Cooperation With the Production of Documents Suitable for Filing on the Public Record upon counsel of record by causing a copy to be mailed to:

> Sylvia Royce, Esq.
> Law Office of Sylvia Royce
> 5505 Connecticut Avenue, NW, Suite 340
> Washington, DC 20015
> 202-362-3445

Matthew M. Collette
Counsel for Respondent

NOV 2 8 2007

Pending classification review

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | ) | |
|---|---|---|
| MOHAMEDOU OULD SLAHI, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07-1185 |
| | ) | |
| ROBERT M. GATES, | ) | |
| Respondent. | ) | |
| | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO PETITIONER'S
MOTION FOR ORDER DIRECTING GOVERNMENT COOPERATION
WITH THE PRODUCTION OF DOCUMENTS SUITABLE
FOR FILING ON THE PUBLIC RECORD**

In its Opposition to Mr. Slahi's request for government cooperation in preparing documents suitable for filing on the public record, the government completely ignores (1) the right of the public to access to court filings, (2) the specific directions of the Protective Order regarding the preparation of publicly available versions of classified filings, and (3) Executive Order 12958, providing that information shall not be classified in order to conceal violations of law or to prevent embarrassment. Instead, the government argues the following, which we address here in turn:

1. The government characterizes Mr. Slahi's brief and appendix as "premature and unnecessary," but it cites no case law or rule which requires or even recommends deferring the filing of an opening brief. To the contrary, Mr. Slahi's brief and appendix were timely filed and are fully compliant with Fed. R. App. P. 28 and 30 and Circuit Rules 28 and 30. Petitioner's

1

appendix contains all parts of the record designated by the government except for a classified recording to which petitioner has no access. The government's only complaint about the appendix, then, goes to the additional parts of the record Mr. Slahi has designated pursuant to Rule 30(a)(1)(D).

2. The government states that the appendix and the brief were filed "without consulting with Government counsel regarding the contents of the Appendix . . . as required by Fed. R. App. P. 30(b)(1)," (Respondent's Opposition at 2 and 4). This is patently untrue. On May 25, 2007, about one week prior to filing the brief and appendix, Mr. Slahi's counsel consulted August Flentje, the attorney from the Civil Division's Appellate Staff who was then handling preliminary matters in the Detainee Treatment Act cases. Mr. Flentje declined to participate in the preparation of a joint appendix, claiming it was premature. (See the E-Mail exchange between Mr. Flentje and Petitioner's counsel appended to this pleading.)

3. The government notes that the appendix contains materials which were created after the Combatant Status Review Tribunal (CSRT), and it argues that these materials do not belong in the record on review. However, the government ignores the fact that the materials in question all refer to the period preceding Mr. Slahi's CSRT and that they shed considerable light (and constitute a devastating critique) on the "evidence" upon which the CSRT relied. Moreover, if the government believes that some of the materials in the appendix or brief are not properly before this Court, it can argue that position in a more particularized motion to strike or in its own merits brief. The government should not, however, be permitted to evade its duty to this Court and the public, or to mislead this Court as to the events which led up to the CSRT.

4. Finally, the government complains that it would be an "undue burden" to perform a classification review of Mr. Slahi's brief and appendix (Respondent's opposition at 4-5), and that if the court were to require this in all of the Detainee Treatment Act cases such a review would require "substantial resources" (Respondent's opposition at 6). First, we do not believe that review of the brief and appendix would be a significant burden unless the government is determined to continue to conceal from this Court and the public the facts relating to the treatment of Mr. Slahi and some of the other prisoners in the "War on Terror." (See Jess Bravin, *Pentagon Forbids Marine to Testify,* Wall St. J., November 8, 2007, appended to this pleading. It describes the refusal of the Military Commission prosecutor to proceed against Mr. Slahi because all of the evidence against him was tainted by torture, and the Pentagon's refusal to allow that prosecutor to appear before a House Judiciary subcommittee). Second, the government has a clear duty to explain to this Court why Mr. Slahi is a prisoner at Guantanamo, and the fact that it may have to expend resources to do so should not occasion further delay.

Wherefore, Mr. Slahi moves this Court to issue an Order directing Respondent to identify those portions of his Detainee Treatment Act brief and appendix that contain classified information so that Mr. Slahi's counsel may redact those portions and file an unclassified version on the public record.

Dated: November 28, 2007
                                         Respectfully submitted,

                                         Law Office of Sylvia Royce
                                         Sylvia Royce, *pro bono*
                                         DC Bar Number 924035

5505 Connecticut Avenue NW #340
Washington, DC 20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com


FREEDMAN BOYD
HOLLANDER GOLDBERG & IVES P.A.
Nancy Hollander, *pro bono*
Theresa M. Duncan, *pro bono*
20 First Plaza, Suite 700
Albuquerque, NM 87102
(505) 842-9960
(505) 842-0761 (facsimile)
nh@fbdlaw.com
tmd@fbdlaw.com

Counsel for Petitioner


## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Reply upon counsel for Respondent Robert M. Gates by hand-delivering it to:

>Matthew M. Collette, Esq., Room 7212
>Civil Division, Appellate Staff
>950 Pennsylvania Avenue, NW
>Washington, DC 20530

on this 27th day of November, 2007.

_____
Sylvia Royce, *pro bono*
DC Bar Number 924035
5505 Connecticut Avenue NW #340
Washington, DC 20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com

4

# RE: GTMO DTA Protective Order/Stipulation -- Salahi

De : **Flentje, August (CIV)** (August.Flentje@usdoj.gov)
Envoyé : ven. 25/05/07 17:25
À : sylvia royce (sylvia_royce@hotmail.com); emmanuelaltit@gmail.com; nh@fbdlaw.com; tmd@fbdlaw.com
Cc : Loeb, Robert (CIV) (Robert.Loeb@usdoj.gov); Collette, Matthew (CIV) (Matthew.Collette@usdoj.gov); Warden, Andrew (CIV) (Andrew.Warden@usdoj.gov)

The filing of an appendix (or selection of its contents) would be premature before the record has been certified pursuant to FRAP 17. See FRAP 30(b)(1) (speaking of reaching agreement on the appendix "within 10 days after the record is filed"). We will likely want the CSRT record in its entirety to be included in the appendix -- but it will need to be certified first to the Court.

The Court will set a date for the filing of the certified index of record once you file your DTA petition. In past cases, it has been around 30 days after filing of the petition.

--Auggie


-----Original Message-----
From: sylvia royce [mailto:sylvia_royce@hotmail.com]
Sent: Friday, May 25, 2007 4:55 PM
To: Flentje, August (CIV); emmanuelaltit@gmail.com; nh@fbdlaw.com; tmd@fbdlaw.com
Cc: Atrushi, Ary (CIV); Phillips, Jack (CIV); Loeb, Robert (CIV); Collette, Matthew (CIV); Warden, Andrew (CIV)
Subject: RE: GTMO DTA Protective Order/Stipulation -- Salahi

The petitioner is Mohamedou Ould Slahi, ISN 760. I will be signing the papers; my contact info is below. For your records I am adding the contact info of the other American lawyers on the case. Ms. Hollander is lead counsel.

I mention the appendix at this point because we are in the final stages of putting our part of it together, and under Rule 30 we need to consult and try to agree on its contents. I expect to be at the secure facility on Tuesday afternoon (May 29) if you would like to come over and see what we have.

Sylvia Royce
(202) 362-3445 (tel)
(202) 686-4271 (fax)
5505 Connecticut Avenue, NW #340
Washington, DC 20015
USA

Other American Counsel:
Nancy Hollander
Theresa M. Duncan
Freedman Boyd Daniels Hollander & Goldberg P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
Tel: (505) 842-9960
Fax: (505) 842-0761

```
From: "Flentje, August (CIV)" <August.Flentje@usdoj.gov>
To: "sylvia royce" <sylvia_royce@hotmail.com>,
<emmanuelaltit@gmail.com>,
<nh@fbdlaw.com>, <tmd@fbdlaw.com>
CC: "Atrushi, Ary (CIV)" <Ary.Atrushi@usdoj.gov>, "Phillips, Jack

(CIV)" <Jack.Phillips@usdoj.gov>, "Loeb, Robert (CIV)"
<Robert.Loeb@usdoj.gov>, "Collette, Matthew (CIV)"
<Matthew.Collette@usdoj.gov>, "Warden, Andrew (CIV)"
<Andrew.Warden@usdoj.gov>
Subject: RE: GTMO DTA Protective Order/Stipulation -- Salahi
Date: Fri, 25 May 2007 16:42:12 -0400
```

We can draft a stipulation now if you give me the full name of the
petitioner and ISN number, as well as the name/address information for
whoever will be signing the stipulation. Once you file the DTA
petition, you can sign the stipulation and we will file then it. After
the court enters the PO, there are some additional forms to sign
(exhibits A and B to the government's proposal).

As for classified material, please file with the CSOs if there is any
chance your petition or appendix contains any classified material.

-----Original Message-----
From: sylvia royce [mailto:sylvia_royce@hotmail.com]
Sent: Friday, May 25, 2007 4:36 PM
Cc: Flentje, August (CIV); emmanuelaltit@gmail.com; nh@fbdlaw.com;
tmd@fbdlaw.com
Subject: RE: GTMO DTA Protective Order/Stipulation -- Salahi

Dear Mr. Flentje --

We expect to file a DTA petition next week. Please advise on how you
would like to handle --

(1) entering the order, (2) signing the stipulation, and (3) consulting
on the appendix for the DTA action. A portion of the appendix is
classified.

Sincerely,

Sylvia Royce
for the Slahi team
(202) 362-3445 (tel)
(202) 686-4271 (fax)
5505 Connecticut Avenue, NW #340
Washington, DC 20015
USA




```
From: "Warden, Andrew (CIV)" <Andrew.Warden@usdoj.gov>
To: "Sylvia Royce" <sylvia_royce@hotmail.com>
CC: "Flentje, August (CIV)" <August.Flentje@usdoj.gov>, "Llenza,
```

THE WALL STREET JOURNAL
ONLINE

FORMAT FOR PRINTING
sponsored by    Leading Innovation

November 8, 2007

# Pentagon Forbids Marine to Testify

By JESS BRAVIN
November 8, 2007; Page A9

DOW JONES REPRINTS

This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers, use the Order Reprints tool at the bottom of any article or visit: www.djreprints.com.

• See a sample reprint in PDF format.
• Order a reprint of this article now.

WASHINGTON -- The Bush administration blocked a Marine Corps lawyer from testifying before Congress today that severe techniques employed by U.S. interrogators derailed his prosecution of a suspected al Qaeda terrorist.

The move comes as the administration seeks to tamp down concerns about detainee policies that flared up after attorney general-designate Michael Mukasey declined to tell senators whether he believes that waterboarding, or simulated drowning of prisoners, constitutes torture. The debate has focused on whether severe interrogation practices, some of which critics consider to be torture, are legal, moral or effective.

**MORE**

See Lt. Col. V. Stuart Couch's prepared remarks[1] to the American Bar Association's Criminal Justice Section, which on Friday presented him its Minister of Justice Award, given annually to a prosecutor for demonstrating exemplary legal ethics.

• Page One: The Conscience of the Colonel[2] 03/31/07

In a House Judiciary subcommittee hearing today, Lt. Col. V. Stuart Couch, a former Guantanamo Bay prosecutor, was set to testify regarding another concern that has long troubled uniformed lawyers: Regardless of their accuracy, statements obtained under torture or certain other forms of duress are inadmissible in legal proceedings. Because most evidence against Guantanamo prisoners comes from detainee statements, convictions hinge on whether they can be used in court.

Asked last week to appear before the panel, Col. Couch says he informed his superiors and that none had any objection.

Yesterday, however, he was advised by email that the Pentagon general counsel, William J. Haynes II, "has determined that as a sitting judge and former prosecutor, it is improper for you to testify about matters still pending in the military court system, and you are not to appear before the Committee to testify tomorrow." Mr. Haynes is a Bush appointee who has overseen the legal aspects of the Pentagon's detention and interrogation policies since Sept. 11, 2001. The email was reviewed by The Wall Street Journal.

Pentagon spokesman Bryan Whitman said it was Defense Department policy not to let prosecutors speak about pending cases.

House Judiciary Committee Chairman John Conyers Jr. (D., Mich.) said he was "outraged that the Defense Department is refusing to allow Lt. Col. Couch to testify before this committee, in his personal capacity and not on



behalf of the government, concerning what he saw and heard relating to interrogation practices at Guantanamo." The subcommittee chairman, Rep. Jerrold Nadler (D., N.Y.), said he would consider seeking a subpoena for Col. Couch if the Pentagon doesn't allow him to testify.

As reported in a page-one article in The Wall Street Journal, Col. Couch refused to bring charges against Mohamedou Ould Slahi after determining the detainee's incriminating statements had been obtained through what Col. Couch considered to be torture. Mr. Slahi, who is alleged to have helped recruit several of the Sept. 11 hijackers, is one of two high-value Guantanamo prisoners who were authorized to undergo "special" interrogation methods. In addition to allegedly suffering physical beatings and death threats, Mr. Slahi was led to believe that the U.S. had taken his mother hostage and might ship her to Guantanamo Bay, where she would be the sole female amid hundreds of male prisoners.

Col. Couch, now a military judge, said he reluctantly concluded it would be impossible to prosecute Mr. Slahi without relying on tainted evidence. The decision was particularly difficult, Col. Couch said, because a Marine buddy, Mike Horrocks, had been the co-pilot on the hijacked United 175, which struck the World Trade Center -- and because Col. Couch believed Mr. Slahi indeed had taken part in the Sept. 11 conspiracy. After Col. Couch advised superiors that the tainted evidence made it impossible to proceed against Mr. Slahi, the prosecution was shelved. A Pentagon investigation concluded the abuses didn't meet the legal definition of torture.

**Write to** Jess Bravin at jess.bravin@wsj.com[3]

**URL for this article:**
http://online.wsj.com/article/SB119448421393585946.html

**Hyperlinks in this Article:**
(1) http://online.wsj.com/public/resources/documents/ABAawardremarks.doc
(2) http://online.wsj.com/article/SB1175297043373553155.html
(3) mailto:jess.bravin@wsj.com

**Copyright 2007 Dow Jones & Company, Inc. All Rights Reserved**

This copy is for your personal, non-commercial use only. Distribution and use of this material are governed by our Subscriber Agreement and by copyright law. For non-personal use or to order multiple copies, please contact **Dow Jones Reprints** at 1-800-843-0008 or visit www.djreprints.com.

**RELATED ARTICLES AND BLOGS**

Blog Posts About This Topic
- GITMO - USA illegal prisons  u2r2h.blogspot.com
- Information Warfare: Lawyers For The Cause  strategypage.com

More related content    Powered by Sphere