# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | |
| GUANTANAMO BAY ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION ) | Civil Action No. 04-CV-1254 |

**RESPONDENTS' MOTION FOR LEAVE
TO FILE AMENDED FACTUAL RETURN**

**PRELIMINARY STATEMENT**

Respondents hereby move to amend the previously filed factual return for petitioner in the above-named case, listed in Exhibit A. The United States Department of Defense is detaining this petitioner, like others, as an enemy combatant. In defending those detentions, the Government is entitled to present to the Court its most appropriate case for the detention of each petitioner. The Court is not reviewing past decisions of other courts or prior determinations of administrative tribunals, but rather is reviewing prospective challenges to petitioner's detention as an enemy combatant today. The Government, therefore, should not be restricted to the specific materials included in the returns previously filed, which were compiled nearly four years ago.

Prior returns submitted in this and other Guantanamo Bay detainee cases were comprised of the records of the Combatant Status Review Tribunal ("CSRT") proceedings convened for petitioners that were produced in a legal context different from the one in which this matter now proceeds. Evidence not part of the original CSRT record is now available to the Court as it considers the proper disposition of the habeas petitions. Moreover, the legal landscape has changed significantly during the four years since the original CSRT records were submitted. Updated factual returns are therefore appropriate. Just as the Government will be submitting evidence beyond the 2004 CSRT records to justify its determination to detain enemy combatants in those cases in which *no* factual return has yet been filed, it should be permitted to submit such returns here as doing so will represent its most appropriate case for the non-punitive detention of each petitioner as an enemy combatant today. There is no justification, where these habeas actions seek prospective relief from detention as of 2008, for restricting the

1

Government's case to evidence considered by CSRTs in 2004.  As a general matter, such a restriction would preclude this Court from considering any wartime intelligence developed by the United States during the past four years.  Equally, if not more significantly, in light of  legal developments since 2004, a time-bound restriction would risk the erroneous release of actual enemy combatants – and, thus, the return of those combatants to the battlefield to wage further war against American soldiers and civilians.  For these reasons, the Government respectfully requests leave to amend the factual return pertaining to the identified petitioners.

## ARGUMENT

"The capture and detention of lawful combatants and the capture, detention, and trial of unlawful combatants, by 'universal agreement and practice,' are 'important incident[s] of war.'" *Hamdi v. Rumsfeld*, 542 U.S. 507, 518 (2004) (plurality) (citing *Ex parte Quirin*, 317 U.S. 1, 28, 30 (1942)).  The purpose of such detention is simple:  to "prevent captured individuals from returning to the field of battle and taking up arms once again." *Id*. (internal citations omitted); *cf. In re Territo,* 156 F.2d 142, 145 (9th Cir. 1946) ("The object of capture is to prevent the captured individual from serving the enemy.  He is disarmed and from then on must be removed as completely as practicable from the front, treated humanely and in time exchanged, repatriated or otherwise released.") (footnotes omitted).  And the purpose of this proceeding is also quite clear: to determine the legality of the detention of a given detainee.  *Boumediene v. Bush*, 128 S. Ct. 2229, 2247 (2008).

The records of CSRTs conducted in 2004 would not provide the best available evidence on which to base a determination of current enemy combatant status.  Those

records were compiled nearly four years ago in the immediate wake of the Supreme Court's decisions in *Hamdi* and *Rasul v. Bush*, 542 U.S. 466 (2004). Since then, the United States military and intelligence community have had considerable time to gather and analyze evidence, and significant legal developments have occurred. The Court and the parties to this litigation are now in a different posture than they were previously, when the CSRT records – filed as factual returns some four years ago – were first compiled. By seeking leave to file updated returns now, respondents seek to do nothing other than what the Court should expect: to provide the most current and appropriate evidence supporting the legality of petitioners' detentions. In *Boumediene,* the Supreme Court admonished that "a habeas corpus court [should not] disregard the dangers the detention in these cases was intended to prevent." 128 S.Ct. at 2276. Allowing the most current and appropriate evidence to be submitted in this case, and not only in those cases before the Court in which no factual return has already been filed, is the approach most consistent with the serious issues raised by each of these cases.[1]

## A. Habeas Proceedings Are Now Unmoored From the CSRT Process.

The Government should be permitted to amend its factual returns in these proceedings because the legal landscape in this case and the other Guantanamo habeas cases has changed significantly. The Supreme Court held in *Boumediene* that the CSRT process, and the appellate court review of CSRT decisions made available by the Detainee Treatment Act of 2005, Pub. L. No. 109-148 ("DTA"), do not constitute an adequate substitute for habeas corpus review. 128 S. Ct. at 2275. The Court based its holding that habeas proceedings are available to Guantanamo Bay detainees in significant

---

[1] The evidence submitted in the proposed amended factual returns is significantly different in many respects to the evidence contained in the prior filed CSRT record.

part on its conclusion that the CSRT process and associated appellate court review lacks sufficient rigor to take the place of habeas review. *See id.* at 2268.

The Supreme Court emphasized that a habeas court should consider new or more reliable evidence beyond the CSRT record. The Court explained that petitioners in the Guantanamo habeas cases should be permitted to submit their own evidence that goes beyond what was presented to the CSRTs in 2004. *See* 128 S.Ct. at 2267-74. Indeed, the Court's central criticism of appellate judicial review under the DTA was that such review made no provision for "newly discovered evidence that could not have been made part of the CSRT record because it was unavailable to either the Government or the detainee when the CSRT made its findings." Id. At 2273. If a petitioner may present evidence beyond the CSRT record, and if a CSRT is inadequate as the basis of habeas review, then the Government likewise should be permitted to do so, and should not be limited to the record created during the course of proceedings conducted in 2004 which are now considered to be constitutionally deficient. Rather, amendment of the factual returns should be permitted.

This is particularly so given the prevailing legal standards in 2004, when the CSRTs were conducted and when the original factual returns were filed. When the CSRTs were conducted, *Hamdi* strongly suggested that a rudimentary military process like that afforded under the Geneva Convention would be constitutionally sufficient, *see* 542 U.S. at 538 (citing Army Regulation 190-8), and existing habeas precedents strongly suggested that habeas review would be limited at most to legal challenges on a closed record, *see, e.g.*, *In re Yamashita*, 327 U.S. 1, 8 (1946); *Ex Parte Quirin*, 317 U.S. 1, 25 (1942).

Against this backdrop, *Boumediene* obviously changed the legal landscape significantly. Never before had the Supreme Court struck down a statute reflecting the considered judgment of both political branches regarding the conduct of an ongoing armed conflict. And never before, by the Supreme Court's own admission, had the Court extended *any* measure of constitutional rights to aliens captured and held outside the sovereign territory of the United States. *See* 128 S. Ct. at 2262. *Boumediene* is thus nothing if not novel; and the Government, no less than petitioners, should be allowed to take the unprecedented nature of the *Boumediene* decision into consideration in litigating this case.

**B. Federal Habeas Practice Supports Amending the Return**

While *Boumediene* explicitly "[did] not hold" that constitutional habeas proceedings for wartime status determinations must duplicate proceedings under modern statutory habeas practice, *see* 128 S. Ct. at 2267, 2274, [2] it is nonetheless worth noting that the habeas statute permits amendment of previously filed factual returns. *See* 28 U.S.C. § 2243. Constitutional habeas proceedings likewise should accord the Government the same opportunity to update and amend its return to facilitate the Court's review of the lawfulness of petitioners' current detention. As the Ninth Circuit explained in a case when a state government had not filed its return within the time specified by statute, "[i]t is readily apparent that a *full and complete return* made in the first instance will in fact hasten a final determination on the merits." *Wallace v. Heinze*, 351 F.2d 39, 40 (9th Cir. 1965) (emphasis added). By allowing the Government to amend its returns in

---

[2] As Justice Souter's concurrence in *Boumediene* noted, by virtue of the Military Commissions Act's withdrawal of statutory habeas jurisdiction in the Guantanamo cases, the habeas review that is available to Guantanamo detainees is only what the Constitution requires or "nothing at all." 128 S. Ct. at 2278 (Souter, J., concurring).

5

all cases, the Court will have before it the most current and appropriate evidence supporting petitioners' detentions as enemy combatants, which will support and hasten appropriate resolutions of the merits of these cases, and do much to prevent inconsistent results based on incongruities among the petitioners' factual returns.

### C. Leave to Amend Is In the Public Interest

Where, as discussed above, the Supreme Court in *Boumediene* noted a petitioner's right to present evidence that had not been included in the CSRT record, then the public interest – and fundamental fairness – demands that the Government have the same opportunity to present its most current evidence justifying the detention of a petitioner during this war. Indeed, the Court in *Boumediene* noted that "[i]n considering both the procedural and substantive standards used to impose detention to prevent acts of terrorism, proper deference must be accorded to the political branches." 128 S. Ct. at 2276-77. And as Chief Justice Roberts explained in dissent, District Court judges "will have to reconcile review of the prisoners' detention with the undoubted need to protect the American people from the terrorist threat." *Id.* at 2280. Because the central purpose of *habeas* is to test the legality of Executive detention, the Court should have before it the most up-to-date explanation of the bases for a petitioner's detention and appropriate supporting evidence proffered by the Government in its determination of the legality of the detention of each one who is held enemy combatant during wartime.

## CONCLUSION

For the reasons set forth above, the Court should permit the Government to amend its factual return. The classified amended return for the identified petitioner is being submitted this day under seal through the Court Security Officers.

6

Dated: September 22, 2008         Respectfully submitted,

                                                      GREGORY G. KATSAS
                                                    Assistant Attorney General

                                                    JOHN C. O'QUINN
                                                    Deputy Assistant Attorney General


                                                    */s/ Paul E. Ahern*
                                                    JOSEPH H. HUNT (D.C. Bar No. 431134)
                                                    VINCENT M. GARVEY (D.C. Bar No. 127191)
                                                    TERRY M. HENRY
                                                    JUDRY L. SUBAR (D.C. Bar No. 347518)
                                                    PAUL AHERN
                                                    Attorneys
                                                    United States Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    20 Massachusetts Avenue, N.W.
                                                    Washington, DC  20530
                                                    Tel:  202.305.0633
                                                    Fax: 202.616.8470

                                                    Attorneys for Respondents