# EXHIBIT A



**U.S. Department of Justice**
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044

Terry M. Henry
Senior Trial Counsel

Tel: (202) 514-4107
Fax: (202) 616-8470
Email: terry.henry@usdoj.gov

August 6, 2008

Dear Counsel:

As discussed in the Joint Status Report of July 21, 2008, in the Guantanamo Bay habeas corpus cases being coordinated by Judge Hogan, as well as respondents' August 1, 2008 Supplemental Status Report, please find enclosed a copy of the unclassified paper record of the Combatant Status Review Tribunal ("CSRT") for the indicated detainee(s). Respondents hereby designate as "protected information" under the protective order regime applicable in this case[1] any information in unclassified documents that is marked by blue highlighting. Such information, though unclassified, may not be disclosed except as permitted under the protective order and is to be treated as "protected information" unless and until the Court rules that such information should not be protected.

Sincerely,

Terry M. Henry

---

[1] *See* Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004); (2) Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004; and (3) Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004.



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: 0316
3 November 2004

**FOR OFFICIAL USE ONLY**

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 175**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #175 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

Distribution:

FOR OFFICIAL USE ONLY

000001

2 Nov 04

MEMORANDUM

From: Legal Advisor
To: Director, Combatant Status Review Tribunal

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 175

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #7 of 13 September 2004
(2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and affirmatively declined to participate in the Tribunal proceedings.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal complied with all provisions of references (a) and (b).

   d. The detainee made no requests for witnesses or other evidence.

   e. The Tribunal's decision that detainee # 175 is properly classified as an enemy combatant was unanimous.

   f. The detainee's Personal Representative was given the opportunity to review the record of proceedings and declined to submit comments to the Tribunal.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.



# Department of Defense
## Director, Combatant Status Review Tribunals

13 Sep 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #7

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

Colonel, U.S. Army; President

Commander, JAGC, U.S. Navy; Member (JAG)

Lieutenant Commander, U.S. Navy; Member


Rear Admiral
Civil Engineer Corps
United States Naval Reserve



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

6 October 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM:                Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# 175

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at

Colonel, USAF

# (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (3).

(U) TRIBUNAL PANEL: __#7__

(U) ISN#: __175__

Ref: (a) (U) Convening Order for Tribunal #7 of 13 September 2004 (U)
     (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
     (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) (U) Unclassified Summary of Basis For Tribunal Decision (U)
     (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
     (3) (U) Copies of Documentary Evidence Presented (S/NF)
     (4) (U) Personal Representative's Record Review (U)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 1 October 2004, the Tribunal determined, by a preponderance of the evidence, that Detainee #175 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with, Taliban or Al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).

Colonel, U.S. Army
Tribunal President

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: #7
ISN #: 175

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and was part of or supporting Taliban or Al Qaida forces. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The Tribunal held this hearing on 1 October 2004. At the start of the Tribunal, the Personal Representative stated that recently the detainee admitted that his true name is Bashir Ghalaab, not Hassan Mujamma Rabai Said as it had been previously believed. To resolve this conflict, both the Personal Representative and the Recorder confirmed for the record that in fact, Bashir Ghalaab is the same person as Hassan Mujamma Rabai Said. Thus, exhibits referring to Hassan Mujamma Rabai Said also apply to Bashir Ghalaab.

The Recorder presented Exhibits R-1 and R-2 during the unclassified portion of the Tribunal. The primary exhibit, the Unclassified Summary of Evidence (Exhibit R-1), indicates, among other things, that the detainee is associated with the Taliban and Al Qaida; that the detainee traveled from Syria, through Turkey, Iran, and Pakistan to arrive in Afghanistan; that the detainee attended the Al Farouq training camp in early 2001; that the detainee provided support for military operations against coalition forces in the Tora Bora region of Afghanistan; and that the detainee's name was captured on computer media associated with a senior Al Qaida member. The Recorder called no witnesses.

The detainee elected to not participate in the tribunal process as indicated on the Detainee Election Form (Exhibit D-a). The detainee did, however, tell his Personal Representative that he denied all of the assertions on the Unclassified Summary of Evidence. Other than relating the detainee's denials, the Personal Representative presented no evidence and called no witnesses on behalf of the detainee.

During the classified session of the Tribunal, the Recorder presented Exhibits R-3 through R-11. The Personal Representative presented no classified evidence. Neither the recorder nor the Personal Representative commented on the evidence. After considering

UNCLASSIFIED//FOUO

the unclassified and the classified evidence, and the detainee's denials, the Tribunal determined that the detainee is properly classified as an enemy combatant.

### 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: R-1 through R-11 and D-a.

    b. Testimony of the following persons: None.

    c. Statement of the detainee: None.

### 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee requested no witnesses.

The Detainee requested no additional evidence be produced.

### 5. Discussion of Unclassified Evidence

The recorder offered Exhibits R-1 and R-2 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2, the FBI redaction certification, provided no usable evidence. Because there was no other unclassified evidence for the Tribunal to consider other than the detainees denials expressed through his Personal Representative, the Tribunal had to look to the classified exhibits to support the assertions on the Unclassified Summary of Evidence and the Tribunal's conclusions. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

### 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT Legal Advisor.

### 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee chose not to participate in the Tribunal proceeding. No evidence was produced that caused the Tribunal to question whether the detainee was mentally and

physically capable of participating in the proceeding, had he wanted to do so. Accordingly, no medical or mental health evaluation was requested or deemed necessary.

    b. The Personal Representative informed the Tribunal that the detainee understood the tribunal process but chose not to participate, as indicated in Exhibit D-a.

    c. The detainee is properly classified as an enemy combatant because he was part of or supporting Taliban or Al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners.

## 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,



Colonel, U.S. Army
Tribunal President

# DETAINEE ELECTION FORM

Date: 29 September 2004
Start Time: 1300 hrs
End Time: 1337 hrs

**ISN#:** 175

**Personal Representative:** _____
(Name/Rank)

**Translator Required?** YES    **Language?** ARABIC

**CSRT Procedure Read to Detainee or Written Copy Read by Detainee?** YES

**Detainee Election:**

☐ Wants to Participate in Tribunal

☒ Affirmatively Declines to Participate in Tribunal

☐ Uncooperative or Unresponsive

**Personal Representative Comments:**

Detainee was responsive and denied most allegations against him. He did not wish to elaborate on any of the evidence against him. Decided that he did not want to attend tribunal.

Personal Representative: _____

000011

Exhibit D-a

UNCLASSIFIED

## Combatant Status Review Board

TO: Personal Representative

FROM: OIC, CSRT (20 September 04)

Subject: Summary of Evidence for Combatant Status Review Tribunal – Ghalaab, Bashir

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that the detainee is an al-Qaida member and engaged in hostilities against the United States or its coalition partners.

   a. The detainee is an al-Qaida operative:

      1. Detainee traveled from Syria, through Turkey, Iran, and Pakistan respectively, finally arriving at Jalalabad, Afghanistan.
      2. Detainee was smuggled from Iran into Afghanistan and then on to Quetta, Pakistan with assistance from the Tablighi (JT: Jama'at al Tablighi) office in Zahedan, Iran.
      3. Detainee attended the Al Farouq training camp in early 2001.
      4. Detainee was a bodyguard for Usama Bin Laden.
      5. The detainee's name was on a list of captured hard drives associated with a senior al Qaeda member
      6. Detainee left Jalalabad, Afghanistan around November 2001 with other Arabs and Pakistanis, stayed in the mountains for one month, continued to Pakistan with approximately 20 other Arabs, and was captured on 16 December 2001.

   b. The detainee participated in military operations against the coalition.

      1. Detainee was in charge of weapons inventory at Tora Bora, with duties consisting of handing out ammunition and taking inventory.
      2. Detainee worked in one of the supply caves, loading and unloading supplies for other mujahideen.

Page 1 of 2

000013

UNCLASSIFIED

EXHIBIT R-1

3. Detainee was in Tora Bora after 11 September 2001 making sure fighting groups had enough supplies.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

# Memorandum



UNCLASSIFIED

To : Department of Defense  Date 09/15/2004
Office of Administrative Review
for Detained Enemy Combatants,

From : FBI GTMO
Counterterrorism Division,
Office of General Counsel
Asst. Gen. Counsel

Subject: REQUEST FOR REDACTION OF
NATIONAL SECURITY INFORMATION
ISN ███████175███

Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

The following documents relative to ISN 175 have been redacted by the FBI and provided to the OARDEC, GTMO:

---

[1] Redactions are blackened out on the OARDEC provided FBI document.

[2] See Executive Order 12958

000015

UNCLASS(FD)

Page 1 of 2

Exhibit R-2

UNCLASSIFIED

Memorandum from _____ to Col. ____
Re: REQUEST FOR REDACTION, 09/15/2004

    If you need additional assistance, please contact Assistant General Counsel

## Personal Representative Review of the Record of Proceedings

I acknowledge that on 4 October 2004, I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #175.

    ✓ I have no comments.

    ___ My comments are attached.

_____      4 Oct 2004
Name                                  Date

_____
Signature

ISN #175
Enclosure (4)

# EXHIBIT B

| TELEPHONE | BECK, REDDEN & SECREST, LLP | FACSIMILE |
| (713) 951-3700 | ATTORNEYS | (713) 951-3720 |
| | ONE HOUSTON CENTER | |
| | 1221 MCKINNEY STREET, SUITE 4500 | |
| WRITER'S DIRECT DIAL | HOUSTON, TEXAS 77010-2010 | WRITER'S EMAIL |
| (713) 951-6235 | | mfogler@brsfirm.com |

August 15, 2008

Re: C. A. No. 1:08-CV-01104
*Bashir Ghalaab, Detainee, Guantanamo Bay Naval Base, Guantanamo Bay Cuba vs. George W. Bush, President of the United States of America and Robert M. Gates, Secretary of Defense of the United States of America*
In the United States District Court for the District of Columbia

Bashir Ghalaab (ISN 175)

Terry M. Henry
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts, N.W.
Washington, D.C. 20530

*Fax 202.616.8470*

Dear Mr. Henry:

On August 6, 2008, you sent me a copy of the unclassified record of the CSRT for Bashir Ghalaab (ISN 175). While I appreciated receiving it, and it is the first information about my client that I have received from the Government, it is not helpful. All of the substantive "information" contained in the unclassified CSRT record can be obtained on the internet.

In fact, by its own description, the unclassified summary of evidence "is not persuasive in that it provides conclusory statements without supporting unclassified evidence." The Tribunal "had to look to the classified exhibits to support the assertions...." Thus, I am writing to request that you provide access to me, consistent with the terms of the Protective Order, of all of the classified evidence submitted to the CSRT to determine Ghalaab's status as an enemy combatant.

If the Government has already submitted the classified evidence to the Secure Facility, please let me know. Otherwise, I request that the Government place a copy of the classified evidence in the Secure Facility as soon as possible and advise me immediately when it is available to review.

408604

Mr. Terry M. Henry
August 15, 2008
Page 2

I realize that the Government has been ordered to provide amended factual returns in all of the pending habeas cases. Perhaps the Government intends to supplement the CSRT record to support its case against detaining Ghalaab, and I understand I must wait my turn to get access to this supplemental information. Meanwhile, however, there is no reason why you cannot copy the evidence already gathered and used at the CSRT hearing and place it in the Secure Facility.

I look forward to hearing from you soon.

Very truly yours,

Murray Fogler

MF/smc

c: Judry L. Subar (*Fax 202.616.8470*)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts, N.W.
Washington, D.C. 20530