IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| IN RE: | § | |
| --- | --- | --- |
| | § | Misc. No. 08-0442 (TFH) |
| GUANTANAMO BAY | § | |
| DETAINEE LITIGATION | § | Civil Action No. 1:08-CV-01104 |
| | § | (CKK) |
| | § | |
| | § | |

## REPLY IN SUPPORT OF MOTION TO COMPEL

Petitioner Bashir Ghalaab files this reply in support of his motion to compel Respondents to produce the classified exhibits from his CSRT hearing.[1] Respondents make three arguments in opposition to the motion.

1. Respondents say that Petitioner seeks to circumvent the Court's scheduling order. Not so. Petitioner is not seeking to "jump ahead" of other Guantanamo habeas cases that were filed before his, because he is not seeking the filing of a factual return. He seeks only production of exhibits that are already in existence. These exhibits were used four years ago in his CSRT hearing.

2. Respondents claim that "preparing the classified portion of the CSRT is not an insubstantial feat." In a related argument, Respondents state that the

---

[1] Petitioner apologizes for the tardiness of the reply. Respondents filed their opposition to the motion to compel on September 9, 2008. Petitioner had planned to submit a reply last week, but Hurricane Ike intervened, disrupting counsel's schedule.

1

415268

request is "tantamount to the sort of broad discovery afforded parties in civil lawsuits." Respondents misunderstand and exaggerate the relief Petitioner seeks.

There is nothing to "prepare," since Petitioner wants copies of exhibits already prepared. What Respondents apparently mean is that the already-prepared exhibits need to be reviewed for security purposes before they can be disclosed. If it would make Respondents' burden any easier, Petitioner is willing to permit Respondents, in this instance, to designate all of the information in the exhibits as "protected." That should substantially cut down on the need for a detailed review.

3. Respondents argue that the exhibits may or may not be used in the factual return. So what? Petitioner agrees that Respondents may include whatever information they want in the factual return. Nevertheless, Respondents cannot seriously claim that the actual evidence used to confirm Petitioner's status as an "enemy combatant" is not relevant to this habeas case. These exhibits are going to be part of the record in any event.

Respondents have already asked for and received more time to file the factual returns in all of the habeas cases. It will be many months before they file a factual return in this case. The burden on Respondents to produce a few exhibits that they have in their possession is less than the burden on Petitioner to wait many months to get *any* meaningful information about his detention. The motion to compel should be granted.

Respectfully submitted,

    /S/   Murray Fogler
Murray Fogler
Texas State Bar No. 07207300
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
713.951.3700
713.951.3720 (Fax)

**ATTORNEY-IN-CHARGE
FOR PETITIONER
BASHIR GHALAAB**

**OF COUNSEL:**

Russell S. Post
Texas State Bar No. 00797258
**BECK, REDDEN & SECREST, LLP**
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
713.951.3700
713.951.3720 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Reply in Support of Motion to Compel was served upon the following on September 22, 2008, as follows:

Terry M. Henry
Judry L. Subar
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Room 7342
Washington, D.C. 20530
*Via E-Filing*

    /S/ Murray Fogler
**MURRAY FOGLER**

3

415268