# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH) |
| MOHAMMED SULAYMON BARRE,<br><br>               Petitioner,<br><br>               v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>               Respondents. | Civil Action No. 08-CV-1153 |

**OPPOSITION TO PETITIONER'S CROSS-MOTION FOR EXCEPTION TO SEQUENCING BASED ON EXCEPTIONAL CIRCUMSTANCES**

Because Petitioner has not demonstrated the existence of extraordinary circumstances to justify an exception to the Court-ordered sequencing of factual returns, Respondents respectfully oppose Petitioner's Cross-Motion for Exception to Sequencing Based on Exceptional Circumstances (misc. dkt. no. 407) ("Petitioner's Motion").[1]

**ARGUMENT**

On July 11, 2008, the Court ordered the Government to "file factual returns and motions to amend factual returns on a rolling basis at a rate of at least 50 per month," beginning with the earliest filed petitions. Scheduling Order, July 11, 2008 (misc. dkt. no. 53), ¶ 4. The Scheduling Order contemplates exceptions to the order-of-filing sequencing for "petitioners who have

---

[1] Petitioner's filing also contains a memorandum in opposition to Respondents' Motion for Partial and Temporary Relief from the Court's July 11, 2008 Scheduling Order (misc. dkt. no. 317). The Court granted Respondents' motion on September 19, 2008 (misc. dkt. no. 464).

extraordinary circumstances." *Id*. Petitioner cites three circumstances in support of his request for an exception: (1) his status as a United Nations mandate refugee, (2) ongoing efforts to secure Petitioner's transfer to Somaliland, and (3) the existence of the record produced in the context of Petitioner's Detainee Treatment Act petition ("DTA Petition").[2] Petitioner's Motion at 2. None of these circumstances is extraordinary, and none warrants Petitioner jumping ahead of detainees with earlier-filed petitions.

Petitioner's status as a United Nations mandate refugee does not create extraordinary circumstances necessary to justify his request for an exception to sequencing. According to Petitioner, nationality "may be the most important factor" in determining whether a detainee is released. *Id*. at 7. Therefore, "UN mandate refugees are in the greatest need of legal pressure to compel their release." *Id*. at 8. Setting aside the issue of whether Petitioner's desire to put "legal pressure" on the Government to compel release is an appropriate ground for the Court's intervention in the previously established sequencing, Petitioner is now represented by counsel, who are applying that "legal pressure" in the form of two petitions seeking his release (this habeas petition and the DTA Petition) and discussions with Somaliland and United Nations officials (see below). Moreover, supporting materials in Petitioner's own motion state that Petitioner is no different in essential respects from many other detainees who, no doubt, would consider themselves in need of the same "legal pressure" Petitioner asks the Court to bring to bear. *See id*., Ex. 3, MacLean Declaration, ¶ 10-11. ("The majority of the prisoners who remain at Guantanamo in September 2008 are either from the impoverished Arab country of Yemen, are

---

[2] On August 1, 2007, Petitioner filed a petition for review of his enemy combatant designation pursuant to the Detainee Treatment Act, Pub. L. No. 109-148, §§ 1001-1006, 119 Stat. 2680, 2739-45 (2005).

effectively stateless, or are from countries to which they are unable to safely return due to fear of torture or persecution.").[3]

Second, the fact that Petitioner's counsel has discussed the possible release of Petitioner and his father-in-law[4] with Somaliland and United Nations officials does not rise to the level of an extraordinary circumstance. Detainees for whom resolution of ongoing diplomatic discussions is the only remaining obstacle to release do not move ahead of those who filed their petitions earlier. They are, in fact, not part of the sequencing at all. *See* Order of September 19, 2008 (misc. dkt. no. 464) (Ordering that "the government need not file factual returns or motions to amend factual returns at this time for petitioners approved for transfer or release from the United States Naval Base at Guantanamo Bay, Cuba."). Petitioner seems to be suggesting that there is an opportunity for his transfer or release that will be lost if his motion for an exception is not granted. However, he provides no evidence that such an opportunity exists except his assertion that the litigation schedule he demands "may" also lead to his father-in-law's transfer to Somaliland. Petitioner's Motion at 9. Similarly, there is nothing other than Petitioner's bare assertion that the "relatively expedited schedule [of his father-in-law's habeas case before Judge Leon] may frustrate efforts to facilitate a speedy and safe transfer for Petitioner Barre out of Guantanamo," *id.*, to explain why following the sequencing described in the Scheduling Order would cause that opportunity, assuming it exists, to be lost. Finally, the nature of the Scheduling Order itself argues against the premise that one petition proceeding more quickly than another

---

[3] Respondents do not necessarily agree with the characterizations in Petitioner's Motion.
[4] Petitioner states that his father-in-law, Mohammed Hussein Abdullah, has a habeas petition pending before Judge Richard J. Leon that has not been consolidated for coordination before this Court.

3

somehow gives rise to extraordinary circumstances.  Differences in litigation schedules are the expected outcome of the Scheduling Order.

Third, Petitioner's argument that the Government could file the existing record in his DTA Petition proceedings in lieu of filing a newly-developed factual return ignores the changing factual and legal landscape of the last four years.  As Petitioner acknowledges, the DTA Petition record consists of "classified and unclassified Combatant Status Review Tribunal ('CSRT') records."  Petitioner's Motion at 4.  CSRT records exist for virtually all of the detainee cases now before the Court.  Moreover, as Respondents argued in support of their successful motion for relief, see Reply (misc. dkt. no. 428) at 3, this Court's review of the lawfulness of Petitioner's continued detention should not be limited to CSRT records compiled four years ago before the indisputably significant changes in the legal landscape.  The Government's need to submit factual returns that are different from or go beyond the four-year-old CSRT records is the same need that exists in other cases covered by the Scheduling Order.

\* \* \*

The circumstances Petitioner lists as justification for an exception to order-of-filing sequencing are not appropriate or are simply not extraordinary in the context of the pending litigation.  Therefore, the Court should deny Petitioner's Motion.

Dated:  September 22, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

  /s/  Robert J. Prince
JOSEPH H. HUNT (D.C. Bar No. 431134)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL AHERN
ROBERT J. PRINCE (D.C. Bar No. 975545)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 305-3654

Attorneys for Respondents