***PREVIOUSLY FILED UNDER SEAL ON SEPTEMBER 23, 2008***
***PUBLIC VERSION -*** *Contains No Privileged Material*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION<br><br>MOHAMEDOU OULD SALAHI,<br><br>Petitioner,<br><br>v.<br><br>GEORGE W. BUSH,<br>President of the United States, *et al.*,<br><br>Respondents. | Misc. No. 08-442 (TFH)<br><br><br><br><br><br><br><br><br>Civil Action No. 05-0569 (JR)(AK) |

**PRIVILEGE TEAM'S MOTION TO MAINTAIN PROTECTED
DESIGNATION OF PETITIONER SLAHI'S MANUSCRIPT AND
STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The Privilege Team, by its attorneys and pursuant to the Orders entered in Civil Action No. 05-0569 by Magistrate Judge Alan Kay on February 2, 2006, and November 19, 2007, hereby moves that the Court continue the current designation of the documents comprising the manuscript written by Petitioner Mohamedou Ould Slahi[1] as "protected

---

[1] Mr. Slahi's name is spelled "Salahi" in the official caption of Civil Action No. 05-0569.

-1-

information and/or documents" under Paragraphs 10 and 34 of the *Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba* (hereafter the "Protective Order") entered in the above-captioned civil action by United States District Judge Thomas Hogan on September 11, 2008.[2] Counsel for the Privilege Team has consulted with Mr. Slahi's counsel (Sylvia Royce, Esquire) about this motion, *see* Protective Order ¶ 34; LCvR 7(m), and was advised that petitioner opposes the relief requested herein.

In support of this Motion, the Privilege Team states as follows:

1. On November 19, 2007, the Court (per Magistrate Judge Kay) ruled that the currently unclassified contents of the letters from Mr. Slahi to his counsel that comprise Mr. Slahi's manuscript would be designated "protected" for purposes of Civil Action No. 05-0569 until October 1, 2008, and that if the Privilege Team seeks to maintain the "protected" designation for any of that material, it must file a motion prior to that date.[3]

---

[2] As reflected in the line-by-line review of the manuscript submitted by the Privilege Team in February 2006, the first twenty-three pages of the manuscript were cleared for release through the non-legal mail screening channels at Guantanamo Bay. In light of this clearance, the Privilege Team has not requested that those twenty-three pages be designated as "protected," and those twenty-three pages are excluded from the scope of this motion.

[3] In his February 2, 2006 Order [Docket No. 49 in Civil Action No. 05-0569] Magistrate Judge Kay authorized the creation of a Special Litigation Team from the United States Attorney's Office for the District of Columbia to represent the Privilege Team in the proceedings that led to the initial designation of Mr. Slahi's manuscript as "protected." Magistrate Judge Kay subsequently authorized the Special Litigation Team to represent the Privilege Team, *inter alia*, whenever the Privilege Team believes that information should be designated "protected" but is unable to communicate its concerns

*See* November 19, 2007 Order [Docket Entry No. 85 in Civil Action No. 05-0569]. Because the reasons that led the Court to declare the manuscript "protected" have not changed during the past year and are not expected to change for so long as the United States remains engaged in a global war on terrorism, the Privilege Team believes that the manuscript should remain "protected" unless and until it has been subjected to a full classification review by the appropriate government authorities outside the Privilege Team. *See* Privilege Team Declaration dated September 15, 2008, attached hereto as Exhibit A [hereafter "9/15/08 Privilege Team Dec."].[4]

2. The Privilege Team's reasons, as previously explained, for requesting "protected" status for all portions of Mr. Slahi's manuscript that the Privilege Team has not determined to be classified continue to be applicable and have not been diminished by

---

to respondents because doing so would require disclosing potentially privileged attorney-client communications. *See Order Addressing Privilege Review Team's Responsibilities under the Protective Order* issued September 25, 2006, in Civil Action No. 05-0345 and other cases [Docket No. 71-2 in Civil Action No. 05-0345] at pp. 12-13. The Privilege Team and the Special Litigation Team do not understand the Court's issuance of the replacement protective order on September 11, 2008, as affecting those previously-established arrangements for representation of the Privilege Team by the Special Litigation Team in this and other habeas actions brought by detainees at Guantanamo Bay.

[4] On September 28, 2007, the Privilege Team filed a motion in the Court of Appeals requesting that Mr. Slahi's manuscript be designated "protected" under the protective order in Mr. Slahi's Detainee Treatment Act case, *Slahi v. Gates*, No. 07-1185 (D.C. Cir), and that motion remains pending as of the date hereof. Simultaneously herewith, the Privilge Team is supplementing that pending motion to advise the Court of Appeals about the Privilege Team's motion to renew of protected status of Mr. Slahi's manuscript in the instant District Court habeas case.

the passage of time or other events that have occurred since the Privilege Team's 2007 motion (Docket Entry 82 in Civil Action No. 05-0569) to maintain the "protected" status of Mr. Slahi's manuscript. Because of the unusual nature of Mr. Slahi's manuscript, its classification status cannot be definitively determined without consultation with governmental authorities outside of the Privilege Team. But, so long as the manuscript remains subject to the attorney-client privilege, the Privilege Team is precluded from engaging in such consultations. Consequently, the manuscript may well contain classified information that the Privilege Team has not been able to identify. Therefore, if Mr. Slahi were to waive his attorney-client privilege and publicly release his manuscript based solely on the limited security and intelligence review that the Privilege Team is able to conduct by itself, there could be a serious security breach resulting in an unacceptably high risk to the national security interests of the United States and the safety of persons and property.[5] See 9/15/08 Privilege Team Dec., ¶¶ 3-4; Privilege Team Declaration dated September 28, 2007 [filed with Docket Entry 82 in Civil Action 05-0569], ¶¶ 5-15. In light of this fact, the Privilege Team submits that Mr. Slahi's manuscript should be

---

[5] Although the Court of Appeals recognizes a subject-matter waiver with regard to voluntary disclosures, the Privilege Team has not heretofore contended that Mr. Slahi's submission of the first twenty-three pages of the manuscript for clearance through the non-legal mail screening channels at Guantanamo Bay is a waiver of the privilege except as to that specific information. *See generally In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982); *In re United Mine Workers of America Employee Benefits Plans Litigation*, 159 F.R.D. 307, 310 (D.D.C. 1994).

treated as "protected information and/or documents" unless and until a full classification review of the manuscript is performed.

3. Maintaining the manuscript in "protected" status allows Mr. Slahi's counsel to make full use of it for all legitimate purposes in advancing his legal claims in this civil action. And, should Mr. Slahi elect in the future to waive his attorney-cleint privilege, his manuscript can then be submitted for a full classification review, either pursuant to the procedures for court filings that may contain classified information, *see* Protective Order § I.F.47, or pursuant to the standard operating procedures for detainee non-legal mail, *see id.* § II.D.13.e.

Therefore, based on the foregoing, the Privilege Team respectfully submits that Ms. Slahi's manuscript should continue to be treated as "protected information and/or documents" unless and until it has been subjected to a full classification review by all appropriate governmental authorities and pending the outcome of such review. A proposed Order is submitted herewith.

                                             Respectfully submitted,

                                             JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

/s/ Daniel F. Van Horn
DANIEL F. VAN HORN, D.C. Bar No. 924092
Assistant United States Attorney
555 4th St., N.W. - - Room E4816
Washington, D.C. 20530
(202) 514-7168
daniel.vanhorn@usdoj.gov

OF COUNSEL

JANE M. LYONS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion, together with the declaration and proposed order attached hereto, was served on September 23, 2008 by first-class United States mail, postage prepaid, and by e-mail to petitioner's counsel:

> SYLVIA ROYCE, Esquire
> Law Office of Sylvai Royce
> 5505 Connecticut Ave., N.W., #340
> Washington, D.C. 20015
> sylvia_royce@hotmail.com
>
> NANCY HOLLANDER, Esquire
> THERESA M. DUNCAN, Esquire
> Freedman Boyd Daniels
>   Hollander & Goldberg P.A.
> 20 First Plaza, Suite 700
> Albuquerque, N.M. 87102
> nh@fbdlaw.com
> tmd@fbdlaw.com

_____
DANIEL F. VAN HORN, D.C. Bar No. 924092
Assistant United States Attorney
555 4th St., N.W. - - Room E4816
Washington, D.C. 20530
(202) 514-7168
daniel.vanhorn@usdoj.gov

Exhibit A

# DECLARATION

1.  I am a member of the Department of Defense Privilege Team that was originally established under the *Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba*, entered on 8 November 2004, by United States District Judge Joyce Hens Green in *In re Guantanamo Detainee Cases* (D.D.C.), and later adopted by United States District Judge James Robertson in *Mohamedou Ould Salahi v. George W. Bush*, Civil Action No. 05-0569 (JR/AK) (D.D.C.). That protective order was replaced in Civil Action No. 05-0569 and other cases by the *Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba* issued in Misc. No. 08-0442 (TFH) (D.D.C.) by United States District Judge Thomas F. Hogan on 11 September 2008. Therefore, the Privilege Team currently operates under the latter protective order in Civil Action No. 05-0569.

2.  The Privilege Team also operates under the protective order entered by the United States Court of Appeals for the District of Columbia Circuit in *Bismullah v. Gates* and *Parhat v. Gates*, Nos. 06-1197 and 06-1397, which

protective order, as amended, was entered in *Mohamedou Ould Slahi v. Robert M. Gates*, No. 07-1185 (D.C. Cir.), on 23 May 2008.[1]

3. On 28 September 2007, I executed a declaration under penalty of perjury which was submitted on behalf of the Privilege Team in Civil Action No. 05-0569 (D.D.C.) and in No. 07-1185 (D.C. Cir.), which declaration is incorporated herein by reference.

4. I have carefully re-read my 28 September 2007 declaration and have determined that the declaration remains accurate as to the Privilege Team's reasons for requesting that certain portions of a manuscript prepared by detainee Mohamedou Ould Slahi be designated "protected." In particular, it remains my professional judgment that the Privilege Team's reasons, as previously explained, for requesting "protected" status for all portions of Mr. Slahi's manuscript that the Privilege Team has not determined to be classified continue to be applicable and have not been diminished by the passage of time or other events that have occurred since my 28 September 2007 declaration. Furthermore, the Privilege Team does not anticipate that its reasons for requesting "protected" status for the manuscript will diminish as long as the United States is engaged in a Global War

---

[1] Mr. Slahi's name is spelled "Salahi" in the caption of Civil Action No. 05-0569.

on Terrorism and the Privilege Team is precluded, by virtue of the manuscript's continuing status as a series of privileged attorney-client communications, from performing a complete and thorough classification review of the manuscript through coordination with the many governmental authorities that would have to be consulted to fully evaluate the manuscript's classification status. In short, the Privilege Team continues to believe that there could be a serious security breach, resulting in an unacceptably high risk to the national security interests of the United States and the safety of persons and property, if Mr. Slahi and his counsel are enabled to publicly release any portions of the manuscript based solely on the limited security and intelligence review that the Privilege Team is able to conduct while the manuscript remains a privileged document.[2]

5. Therefore, in view of the significant security concerns described in detail in my 28 September 2007 declaration, the Privilege Team requests (1) that the District Court renew the "protected" designation for the currently unclassified portions of Mr. Slahi's manuscript in Civil Action No. 05-0569, and (2) that the

---

[2] As indicated in footnote 3 of my 28 September 2007 declaration, the first 23 pages of Mr. Slahi's manuscript were submitted to and cleared for public release by government authorities at Guantanamo Bay under the procedures for non-legal mail, which presumably included a full classification review. Thus, the Privilege Team's security concerns are not applicable to those 23 pages, and all references to Mr. Slahi's "manuscript" herein should be understood as excluding those pages.

Court of Appeals, if necessary under the protective order applicable to No. 07-1185, designate as "protected" all currently unclassified portions of Mr. Slahi's manuscript.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 15 September 2008.

Signature and printed name redacted to protect identity of Privilege Team member. The original, manually-executed declaration is filed under seal in Civil Action No. 05-0569 (JR)(AK) (D.D.C.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY DETAINEE LITIGATION | |
| MOHAMEDOU OULD SALAHI, | |
| Petitioner, | |
| v. | Civil Action No. 05-0569 (JR)(AK) |
| GEORGE W. BUSH, President of the United States, et al., | |
| Respondents. | |

## [PROPOSED] ORDER

UPON CONSIDERATION of the Privilege Team's motion to maintain the protected designation of petitioner's manuscript, the statement submitted in support thereof, petitioner's opposition thereto, and the entire record herein, it is

ORDERED, that the Privilege Team's motion is hereby GRANTED; and it is

FURTHER ORDERED, that all currently unclassified portions of petitioner's manuscript, excluding the twenty-three pages previously cleared for release through non-legal mail channels by the military personnel at Guantanamo Bay, Cuba, shall continue to be deemed "protected information and/or documents" under the Protective Order applicable to this case unless and until that material has been subjected to a complete

classification review by all appropriate government authorities and pending the outcome of such review.

IT IS SO ORDERED on this _____ day of _____, 2008.

_____