IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:

GUANTANAMO BAY DETAINEE
LITIGATION

Misc. No. 08-MC-442 (TFH)

Civil Action No. 05-CV-1509 (RMU)
Civil Action No. 05-CV-1602 (RMU)
Civil Action No. 05-CV-1704 (RMU)
Civil Action No. 05-CV-2370 (RMU)
Civil Action No. 05-CV-2398 (RMU)
Civil Action No. 08-CV-1310 (RMU)

### RESPONDENTS' OPPOSITION TO PETITIONERS' JOINT MOTION FOR PROCEDURES TO GOVERN OCTOBER 7, 2008, HEARING

Respondents respectfully oppose Petitioners' Joint Motion for Procedures to Govern October 7, 2008, Hearing.[1] At the hearing that is the subject matter of this motion, the Court will hear legal argument on whether the Government may be compelled to parole Guantanamo Bay detainees who are treated as if they were no longer enemy combatants into the United States and elsewhere. Without so much as acknowledging the facial circularity of their Motion for Procedures, Petitioners move to have four of the Petitioners ordered into the United States so that they can be brought to Washington, D.C. to attend the arguments, and also seek an order under which the remaining Petitioners would participate via teleconference. On top of this extraordinary request, Petitioners also ask for various accommodations they deem necessary (but do not meaningfully justify) to prepare for and facilitate their attendance.

Petitioners' request to attend the October 7 hearing should be denied because it assumes,

---

[1] Petitioners assert that Respondents did not respond to an email seeking their assent to this motion. (Pet'rs' Joint Mot. for Procedures to Govern Oct. 7, 2008, Hr'g ¶ 12 ("Mot.").) While Respondents do not, in fact, assent to the motion, we have learned that Petitioners attempted to confer with Respondents by email, but the email was sent to an erroneous email address and was not received by Respondents before Petitioners' motion was filed.

before the fact, that the Court will decide that Petitioners have a right to a judicial order requiring their admission into the United States. That, of course, is the very issue to be heard at that hearing. Further, because the October 7 hearing involves only legal issues, Petitioners' participation is unnecessary and, in fact, would be a significant and unwarranted distraction. *See Qassim v. Bush*, 407 F. Supp. 2d 198, 202 (D.D.C. 2005) (denying petitioners' request to attend hearing because there were no factual issues relating to the legality of their detention). Likewise, the rest of the motion is without basis and seeks relief that would impose an entirely unwarranted burden on the Court and on Respondents. Therefore, the Court should deny Petitioners' motion.

## STATEMENT

The facts regarding Petitioners' detention are chronicled at length in the underlying motions that are before the Court and elsewhere. Briefly stated, Petitioners traveled to Afghanistan as members of, or to receive training from, the East Turkistan Islamic Movement, an organization engaged in violent resistance to Chinese rule over portions of western China. *Parhat v. Gates*, 532 F.3d 834, 843-44 (D.C. Cir. 2008). During military operations in Afghanistan, Petitioners were captured and detained as enemy combatants. *See id.* The Government has previously stated that treats many of these detainees as if they were no longer enemy combatants. (*See* Resp'ts' Combined Opp. to Parhat's Mot. for Immediate Release into the United States and to Parhat's Motion for Judgment on His Habeas Petition 2, Aug. 5, 2008, dkt no. 147 ("Resp'ts' Combined Opp.").) For those Petitioners who are treated as if they were no longer enemy combatants, the Government is presently using its best efforts to release them; however, Petitioners object to their repatriation to their home country and the Government, consistent with its policy against returning individuals when it is more likely than not that they

will be tortured, will not return them involuntarily. (*Id.* 6.) Until these Petitioners can be released to another country, they will reside in a Guantanamo Bay facility where they will enjoy far greater liberties than other detainees. (*Id.*)

An outstanding legal issue as to these detainees, on which the Court will hear legal argument on October 7, 2008, is whether the Government can be compelled to parole or release these Petitioners into the United States as they await release to another country. For the asserted purpose of addressing possible logistical questions regarding their pending request for parole and release, and so that they may be assured that the judicial process is underway, Petitioners seek to attend the hearing in person.[2] (Mot. ¶ 3.) Supposedly to facilitate their participation, Petitioners also ask for other accommodations, such as preparation time, individually and collectively, with their counsel. (*Id.* ¶¶ 4-5, 9.)

## ARGUMENT

**RESPONDENTS SHOULD NOT BE COMPELLED TO BRING PETITIONERS TO THE HEARING OR TO PROVIDE THE OTHER PERQUISITES PETITIONERS SEEK BECAUSE LOGIC, LAW AND PRACTICAL CONSIDERATIONS ALL COUNSEL AGAINST SUCH RELIEF.**

There is no basis supporting Petitioners' request to attend, by being brought to Washington, D.C., legal arguments on the very question of whether they brought to the United

---

[2]Petitioners indicate that they believe that teleconferencing might be available. Although the Court has no reason even to consider granting the present motion for the reasons discussed below, the technical feasibility of teleconferencing presents substantial challenges that would require coordination with the Court Security Officers, and may not be available as of the hearing date.

States while awaiting release.³

1. The present motion should be denied because it seeks, through interim relief, to fundamentally change the status quo in advance of the October 7 hearing. Indeed, the motion assumes a particular resolution of the very issue to be argued at the October 7 hearing to which the present motion relates: whether Petitioners, who are treated as if they were no longer enemy combatants, are entitled to a court order requiring their entry into the United States. As respondents have explained elsewhere, that question should be resolved in favor of Respondents for the reasons given in opposition to the motions to be argued on October 7. *See* Resp'ts' Combined Opp.; *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 216 (1953). But however that issue is decided, the Court should certainly not issue an order allowing entry into the United States of aliens without any other right to such entry for the purpose of attendance at a hearing on the question of whether they have any such right. Where, as here, there are substantial arguments in support of Respondents' position, *see, e.g. Qassim v. Bush*, 407 F. Supp. 2d 198 (D.D.C. 2005), granting of interim relief prior to a hearing on the merits is unwarranted.

---

³As an initial matter, the relief for which Petitioners move is not within this Court's jurisdiction to grant. As discussed in the text, Petitioners have no right to an order compelling their presence during the legal argument at the October 7 hearing. Consequently, Petitioners' request to attend legal argument is certainly not an element of core habeas relief. Still less so is any question as to when, where, or how counsel may meet with a petitioner before the hearing. Therefore, the limitation of this Court's jurisdiction found in 28 U.S.C. § 2241(e) as to non-core habeas matters is a bar to the present motion. *In re Guantanamo Bay Detainee Litigation*, No. 08-MC-442 (D.D.C. Sept. 22, 2008) (dkt no. 293), slip op. at 2 (holding that "§ 7(a)(2) [of the Military Commissions Act of 2006] remains valid and strips it of jurisdiction to hear a detainee's claims that 'relat[e] to any aspect of the detention, transfer, treatment, trial, or conditions of confinement'") (quoting 28 U.S.C. § 2241(e)(2)); *see also In re Guantanamo Bay Detainee Litigation*, ___ F. Supp. 2d ___, 2008 WL 3155155, at *3 (D.D.C. Aug. 7, 2008) (quoting *Boumediene v. Bush*, 549 U.S. ___, 128 S. Ct. 2229 (2008)).

2. Relevant law requires denial of this motion. Petitioners' sole legal citation in support of their extraordinary request to have Petitioners attend and participate in the October 7 hearing is 28 U.S.C. § 2243.[4] Even if Section 2243 applied in this case, contrary to Petitioners' assertion, Section 2243 does not require the Government to produce them;[5] rather, that provision and its associated case law clearly hold that a habeas petitioner need be brought to a hearing only when there are outstanding factual issues relating to the legality of his detention. Only "'[w]here . . . there are substantial issues of fact as to events in which the [petitioner] participated, [should] the trial court . . . require his production for a hearing.'" *Klein v. Smith*, 559 F.2d 189, 201 (2d Cir. 1977) (quoting *United States v. Hayman*, 342 U.S. 205, 223 (1952)). Where, as here, "only questions of law [are] at issue," "[t]here [is] no necessity for [petitioner's] presence at the hearing." *United States ex rel. DeFillo v. Fitzpatrick*, 378 F.2d 85, 87 (2d Cir. 1967) (citing *United States ex rel. Mitchell v. Follette*, 358 F.2d 922, 928 (2d Cir. 1966)); *cf. Bozel v. Hudspeth*, 126 F.2d 585, 586 (10th Cir. 1942) ("The presence of the petitioner at the trial is not an essential requisite to the proceedings upon the issues raised[.]"). Modern habeas practice under Section 2243, therefore, is to resolve the petition for habeas corpus "without requiring the

---

[4]Because the Military Commissions Act of 2006 eliminates statutory habeas for these petitioners in its entirety, and is unconstitutional only to the extent that the Suspension Clause mandates habeas review in this context of its own force, the only appropriate procedures are those required by the Constitution itself. S*ee Boumediene*, 128 S. Ct. at 2278 (Souter, J., concurring) ("Subsequent legislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all."). Therefore, the habeas statute should not be viewed as even applicable here other than, at most, by analogy.

[5]The portion of Section 2243 that Petitioners' rely upon states that "[u]nless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained." 28 U.S.C. § 2243.

presence of the petitioner before the court that adjudicates his claim." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 498 (1973). This has led one court to observe that "actual production of the petitioner's body in court is necessary" only in "a vanishingly small category of cases." *Roman v. Ashcroft*, 162 F. Supp. 2d 755, 760 (N.D. Ohio 2001); *see also* 1 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* 31 n.26 (4th ed. 2001) (citing 1990 Report of the Subcommittee on the Role of Federal Courts finding that district courts hold hearings in 1.17% of all habeas corpus cases).[6]

As the court in *Qassim* concluded, applying these principles to similarly-situated persons, Petitioners' presence at the October 7 hearing is utterly unnecessary for the Court to address the legal question of whether the Government can be compelled to parole Guantanamo detainees who are treated as if they were no longer enemy combatants into the United States. *See Qassim*, 407 F. Supp. 2d at 201-02. Petitioners do not identify any factual questions that they claim are relevant to the present Motion for Procedures, let alone any that warrant being addressed at the October 7 hearing. That being the case, section 2243 provides no support for the present motion.

3. Aside from citing section 2243, petitioners generally rely on more pragmatic, though no less dubious, arguments for justifying the relief for which they move. According to Petitioners, their presence is necessary to "help the Court in addressing any logistical questions that arise from the various pending requests for parole and release, and [to] permit them an

---

[6]*See also Robinson v. Henderson*, 316 F. Supp. 1241, 1242 (E.D. La. 1970) (noting that petitioner's presence is not need at a hearing where only legal are presented) (citations omitted). *Compare Walker v. Johnston*, 312 U.S. 275, 284 (1941) (agreeing that petitioner should attend hearing where an issue of fact is present) *with Hammond v. State of N.C.*, 227 F. Supp. 1, 3 (E.D.N.C. 1964) ("[T]he presence of the petitioner is not necessary . . . since [he] would add little, if anything, in the way of explanation of the facts involved.").

opportunity to respond to any points raised by the government." (Mot. ¶ 6.)  Petitioners do not begin to explain how any logistical questions of the sort to which Petitioners might be alluding are relevant to the legal question facing the Court.  They are not.  Petitioners are certainly not in a position to assist their counsel in arguing a purely legal matter.  Therefore, Petitioners are not entitled to an order requiring their participation in the October 7 hearing.  *Cf. Minnec v. Hudspeth*, 123 F.2d 444, 445 (10th Cir. 1941) (holding that attendance of petitioner was unnecessary where he "could not testify concerning these matters because they are questions of law").

The other reason Petitioners give for their direct participation is to "provide [themselves with] crucial assurance . . . that there actually is a judicial process underway." (Mot. ¶ 7.)  This is a flimsy justification that does not rise to Section 2243's fact-finding standard or otherwise justify granting this present motion.  If Petitioners need assurances that their counsel are working on their behalf, they need only look to the body of work their counsel has produced.  In any event, the notion that any such need should lead to the relief they ask of this Court is simply a non-sequitur.

While Petitioners' reasons for participating in the hearing are, to be understated, insubstantial, countervailing considerations are not.  Allowing Petitioners into the United States would introduce a host of security and logistical problems that would be borne largely by the Government, and, presumably, by the Court.  More fundamentally, granting Petitioners' request would cloud the clear legal and factual distinction between their present immigration status as inadmissible aliens not lawfully in the United States, *Shaughnessy*, 345 U.S. at 216, and their

desired status as detained aliens within the United States, *see, e.g., Clark v. Martinez*, 543 U.S. 371 (2005).

There is simply no basis for ordering the Government to parole detainees who are treated as if they were no longer enemy combatants into the United States while they await release, or for the other relief addressed in Petitioners' motion. *See Qassim*, 407 F. Supp. 2d at 202-03 (concluding that a habeas court does not have the power to order Guantanamo detainees released to the United States). At this juncture, it would be premature for the Court to adjudicate through a procedural motion the very issue on which it will hear legal arguments. As such, Petitioners' motion should be denied.

## CONCLUSION

For the reasons discussed above, the Court should deny Petitioners' Joint Motion for Procedures to Govern October 7, 2008, Hearing.

Dated: September 24, 2008          Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

  /s/ Sean O'Donnell
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
SEAN W. O'DONNELL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.

Washington, DC  20530
Tel: (202) 514-3755
Fax: (202) 616-8470

Attorneys for Respondents