## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE:**<br><br>**GUANTANAMO BAY**<br>**DETAINEE LITIGATION** | **Misc. No. 08-442 (TFH)**<br><br>**Civil Action No. 05-2386 (RBW)** |

### RESPONSE TO JULY 29, 2008 ORDER

In accordance with this Court's July 29, 2008 Order ("July 29 Order"), counsel

for Petition Mohammed Abdullah Taha Mattan hereby provides the declaration attached

hereto explaining why counsel has been "unable to secure a signed authorization" from

Mr. Mattan.

Respondents consent to the filing of this motion without requiring Petitioners to

obtain prior clearance from the court security officer.


Dated:  September 25, 2008                    Respectfully submitted,

                                             Counsel for Petitioner:


                                             _/s/ Gordon S. Woodward_____
                                             Gordon S. Woodward (No. 452626)
                                             Schnader Harrison Segal & Lewis LLP
                                             2001 Pennsylvania Avenue, NW, Suite 300
                                             Washington, D.C.  20006-1825
                                             (202) 419-4215
                                             gwoodward@schnader.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2008, a correct copy of the foregoing was served via the Court's e-filing system, which will send notification of such filing to all counsel of record.

_/s/ Gordon S. Woodward_____
Gordon S. Woodward

| IN RE: | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | |
| DETAINEE LITIGATION | Civil Action No. 05-2386 (RBW) |

## <u>DECLARATION OF SOZI P. TULANTE</u>

I, Sozi P. Tulante, declare that the following statements are true to the best of my knowledge, information, and belief:

1.      I am an attorney at Hangley Aronchick Segal & Pudlin, which is co-counsel for petitioner Mohammed Abdullah Taha Mattan in the above-captioned matter. I offer this declaration in response to the Court July 29, 2008 Order and to provide additional facts and information regarding Mr. Mattan's desire for legal representation, and our authority to represent him, in these proceedings.

2.      The following attorneys also represent Mr. Mattan, and have entered their appearances as co-counsel for him in this matter:  Gordon S. Woodward of Schnader Harrison Segal & Lewis; Wells Dixon and Pardiss Kabriel of the Center for Constitution Rights ("CCR"); Jerry Cohen of Burns and Levinson, LLP; and Stewart Eisenberg of Weinberg & Garber, P.C.

3.      Under 28 U.S.C. § 2242, we are authorized to represent Mr. Mattan under the terms of a valid "next friend" authorization executed by Bisher Al-Rawi, a fellow detainee who knew Mr. Mattan and was familiar with Mr. Mattan's wish to retain counsel to challenge the legal grounds for his imprisonment in Guantánamo Bay.  A correct copy

of Mr. Al-Rawi's next friend authorization is attached hereto as Exhibit A, and was attached to the original *Mohammon* Petition filed in December 2005.

4.      During our visits and interactions with him, we have confirmed that Mr. Mattan wants legal assistance in this matter.  For instance, Mr. Woodward has met with Mr. Mattan twice at Guantánamo Bay, and can attest to Mr. Mattan's wish for counsel.  I accompanied Mr. Woodward during one of those visits, and can also declare that Mr. Mattan requested that we continue to represent him.

5.      Mr. Mattan's desire that we act as his counsel in these proceedings is reflected by the various actions he has authorized us to undertake on his behalf, including, among other things, to:  contact his family in connection with pursuing his asylum claims; file actions and motions in this Court and the Court of Appeals; submit written argument and information on his behalf to the Administrative Review Board as part of its annual review; and investigate opportunities for asylum in various countries.

6.      It should be underscored that Mr. Mattan's formal education ended when he completed high school in the West Bank.  He neither speaks nor reads English and is completely unfamiliar with the American legal system and his substantive rights under the system.  Given the unforgiving conditions in which he has been confined at Guantánamo Bay without charge for over six years, and treatment he has received during this confinement, he is profoundly wary of signing any document – including an authorization for representation – that he does not fully understand or thinks may adversely affect his legal rights.

7.      Recently, Mr. Mattan has explicitly requested that Stewart Eisenberg and Jerry Cohen represent him.  We believe that he may have sought their assistance because

they represented a detainee with whom Mr. Mattan was acquainted and who has been transferred from Guantanamo.

8.     Messrs. Eisenberg and Cohen have entered their appearance as co-counsel for Mr. Mattan in this case to assist, but not displace, his original counsel. They are scheduled to meet with Mr. Mattan on October 15, at which point they will attempt to fully explain to Mr. Mattan his right to counsel and other rights, and the nature of legal representation in our system generally and in these proceedings specifically. They will also give him the opportunity to provide informed consent to legal representation, and to provide a signed authorization at that time.

9.     I have also scheduled to meet Mr. Mattan shortly thereafter to brief him on recent developments in these proceedings and other issues relating to our representation of him.

10.     Because Mr. Mattan, given the length and nature of his detention, may still be guarded about executing a written authorization, in the event that the Court deems that such an authorization is necessary, we can obtain a next friend authorization from his family, with whom we have been communicating.

I declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and ability.

Executed on September 24, 2008.

                                                               \_\_/s/ Sozi P. Tulante_____

                                                               Sozi P. Tulante