**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY DETAINEE LITIGATION | Misc. No. 08-0442 (TFH)<br><br>Civil Action Nos.<br>06-CV-1690, 08-CV-1085,<br>08-CV-1207, 08-CV-1360 |

### REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE

Proposed intervenors Mohamed Al-Zarnouqi and Mashour Abdullah Muqbel Alsabri (hereinafter "Intervenors") submit the following reply in further support of their Motion to Intervene for the purpose of being heard with respect to Respondents' request that the Court enter a protective order that would prohibit counsel for the Petitioners in these cases from sharing pertinent information with counsel for Intervenors.

### ARGUMENT

### I. RESPONDENTS HAVE NOT SHOWN THAT THE EXISTING PROTECTIVE ORDER WILL FAIL TO ADEQUATELY PROTECT TS/SCI.

Respondents do not deny that the subject of the proper handling of TS/SCI in these cases was addressed at the time of the entry of the standard habeas protective order, nearly four years ago. Moreover, Respondents do not argue that the standard protective order's provision allowing the sharing of information by habeas counsel on a "need to know" basis has failed to adequately protect classified information. Having no solid basis upon which to critique the information-sharing provision of the standard protective order, Respondents resort to exaggeration. Thus, Respondents argue that Intervenors have asserted a need to know "all the classified information

possessed by the high-value detainees," and they assert that entry of the standard protective order would result in the dissemination of TS/SCI information to "potentially hundreds of counsel for other detainees." (Respondents' Opposition at 3.) These claims have no merit.

Respondents' argument fails to recognize that the information-sharing permitted under the standard protective order incorporates an important limitation. The standard protective order creates only a presumption of a need to know, and the order states that habeas counsel may share classified information only "to the extent necessary for the effective representation of their clients." *In re Guantanamo Cases*, 344 F. Supp. 2d 174, 179 (D.D.C. 2004). This restriction imposes upon counsel for Intervenors and other habeas counsel an obligation to make a good faith determination that the information-sharing is necessary to the representation. There will certainly be many cases where there is no need for habeas counsel to seek access to information from CIA prisoners,[1] just as there will undoubtedly be instances where counsel's need for information from a particular CIA prisoner can be satisfied through the sharing of Secret information, with no need for the sharing of TS/SCI.

Respondents' argument also fails to recognize that because the sharing of TS/SCI will be subject to the other requirements of the standard protective order, such information could only be shared with habeas counsel who are cleared to the "Top Secret" level. It is our understanding that only a handful of habeas attorneys have obtained that clearance level, and it seems unlikely

---

[1] Intervenors have made a strong showing of their need for access. Respondents do not respond to that showing, but simply argue that Intervenors' request is premature because amended factual returns have not yet been filed in Intervenor's cases. (Respondents' Opposition at 4-5.) However, Respondents do not deny that amended factual returns have already, or will in the future, rely upon information from the CIA prisoners – despite having been asked by counsel for Intervenors for an assurance that such information would not be used. Moreover, given the need to move these cases forward, this issue should be addressed now so that it does not become a cause of distraction and delay in the time period between production of the amended returns and the habeas hearings.

that "hundreds of other attorneys" (Respondents' Opposition at 3), will have a need to seek clearance to the Top Secret level. Thus, there is no basis for Respondents' suggestion that TS/SCI would be disseminated throughout the entire group of habeas counsel. And, of course, any habeas counsel who do receive such information will be subject to the standard protective order's comprehensive restrictions on disclosure.

## II. RESPONDENTS HAVE NOT EXPLAINED WHY THEIR PROPOSED ORDER PROHIBITS THE SHARING OF SECRET INFORMATION.

Respondents' opposition is striking in its failure to even attempt to justify the overbreadth of their proposal. Respondents' proposed modifications to the standard protective order were based exclusively on the asserted need for different procedures to address the presence of TS/SCI. However, as Intervenors noted in their Motion, Respondents have asked that Paragraph 29 be modified in a way that precludes the sharing of *all classified information*, not just TS/SCI.[2] Respondents fail to offer any rationale for abolishing the "need to know" presumption where information classified as Secret, not TS/SCI, is involved. Given that, for any information classified as only Secret, the government would have already made a determination that the heightened concerns associated with a TS/SCI classification are not present, there is no reason to subject such information to heightened restrictions that stem from the need to protect TS/SCI.

## III. THE COURT SHOULD REJECT RESPONDENTS' PROPOSAL TO VEST THEMSELVES WITH EXCLUSIVE AUTHORITY TO POSSIBLY ALLOW INFORMATION-SHARING ON A CASE-BY-CASE BASIS.

As recognized in *Boumediene v. Bush*, 128 S. Ct. 2229, 2269 (2008), one of the critical failings of the CSRT process was its failure to allow the detainee a meaningful opportunity to

---

[2] Respondents have indicated that their proposal would not, as Intervenors feared, preclude the sharing of Protected Information. However, considering that the information from the CIA prisoners that is needed to prepare for Intervenors' habeas hearings is likely to be classified as "Secret," the sharing of Protected Information is likely to be of limited value.

challenge the evidence against him, all of which is classified and withheld from the detainee.[3]

Now that *Boumediene* has mandated an expeditious and fair determination of whether there is a legitimate basis for continued detention, Intervenors and other detainees should not be subjected to further hurdles and delays in obtaining potentially exculpatory evidence. Respondents' proposal to allow the government unilateral discretion to determine whether habeas counsel have a need to know key information is unworkable, and will inevitably lead to more motion practice and delays, all without having any material benefit to protecting classified information.

Respondents' opposition provides no information with regard to the standards by which they will determine whether information-sharing would be allowed. Given that Respondents are opposed to the standard set forth in Paragraph 29 – which permits the sharing of information "necessary for the effective representation of [habeas counsel's] clients" – Respondents appear inclined to impose a standard that denies access to necessary information. In any event, inherent in the government's proposal is the very real danger that their decision on a request to share information will be dictated or influenced by strategic considerations, as opposed to concerns relating to the need to protect classified information. *Cf. In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006) (rejecting procedure proposed by government whereby government "taint team" would determine which potentially privileged documents could properly be provided to prosecutors: "the government's fox is left in charge of the appellants' henhouse, and may err by neglect or malice, as well as by honest differences of opinion").

Moreover, Respondents offer no details regarding the mechanics of this case-by-case

---

[3] With respect to Intervenors, it is undisputed that they did not have a meaningful opportunity to challenge the basis for their detention at their CSRT proceedings. *See, e.g.* Unclassified Summary of Basis for Tribunal Decision (for Al-Zarnouqi), filed as *Al-Zarnouqi v. Bush*, 06-cv-1767, dkt. 36, Ex. 1, at 9 (D.D.C. Apr. 23, 2007) (containing the government's acknowledgment that the unclassified evidence considered by the tribunal is "not persuasive in that it provides conclusory statements without supporting unclassified evidence.").

approach, and do not explain how this can be accomplished while protecting against disclosure of habeas counsel's trial strategy and other work product. Furthermore, given Respondents' demonstrated inability to comply with court scheduling orders and produce factual returns on a timely basis, the prospects of Respondents being able to review and process these requests in a timely manner are dim.

Contrary to the government's assertions, neither Hamdan's military commission proceedings nor *Moussaoui* mandate a case-by-case approach. First of all, both of these cases stood alone and had no specific procedural ties to other cases, as distinguishable from the current situation, where dozens of Guantanamo habeas petitioners stand to be prejudiced by the entry of Respondents' protective order. The access issues in *Moussaoui* and *Hamdan* were decided on a case-specific basis because they were the only cases to consider the issue and there was no issue of a consolidated protective order being entered. In *Moussaoui*, moreover, the Appellee requested depositions of high-value detainees, who were not represented by counsel at the time.[4]

---

[4] Likewise, Respondents' citation to the *Khan* DTA protective order is inapposite. The DTA cases featured a much more limited review than the present habeas proceedings.

## **CONCLUSION**

Based upon the foregoing, Intervenors respectfully request (1) that their Motion to Intervene be granted; and (2) that the Court enter a Protective Order in the cases for the CIA prisoners that includes the information-sharing provisions of the standard protective order in the Guantanamo habeas cases.

Dated: New York, New York
September 24, 2008

Respectfully submitted,

*/s/ Brian J. Neff*

SCHIFF HARDIN LLP
900 Third Avenue
New York, NY 10022
212-753-5000
212-753-5044 (fax)
 and
6600 Sears Tower
Chicago, IL 60606
 and
1666 K Street, N.W.
Washington, D.C. 20006

Attorneys for Proposed Intervenors

NY\ 50423806.4