# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                                        )
**IN RE:**                                              )
                                                        )   Misc. No. 08-442 (TFH)
**GUANTANAMO BAY**                                      )
**DETAINEE LITIGATION**                                 )
_____)
                                                        )
**HUSSAIN SALEM MOHAMMED**                              )
    **ALMERFEDI,** *et al*.,         )
                                                        )
    Petitioners,                    )
                                                        )
v.                                                      )   Civil Action No. 05-CV-1645 (PLF)
                                                        )
**GEORGE W. BUSH**,                                     )
    President of the United States, )
     *et al.,*                 )
                                                        )
    Respondents.                    )
                                                        )
_____)

## DECLARATION OF MICHAEL POULSHOCK, ESQ.

I, Michael Poulshock, declare, pursuant to 28 U.S.C. § 1746, that the following statements are true to best of my knowledge, information, and belief:

1. I am a member in good standing of the bar of the Supreme Court of Pennsylvania. I was an associate in the Law Office of Judith Brown Chomsky from July 2005 to May 2007. I am currently not associated with any law firm but act as co-counsel to Ms. Chomsky in this matter.

2. Ms. Chomsky and I were first authorized to represent Petitioner in the above captioned

1

case by valid authorization from a "next friend" pursuant to 28 U.S.C.§2242. See Dkt. #1, Exh. A, No. 05-cv-1645 (filed Aug. 16, 2005). The next friend is Petitioner's father, Salem Mohammed Salem Abdulla Almerfedi.

3. From October 31 to November 2, 2006, I visited Petitioner at Guantanamo. By that time, he had been in U.S. custody for well over three years without any access to the outside world. His experiences in detention have caused him to be distrustful of any Americans, including those who profess to be acting on his behalf. Due to this distrust, Petitioner was unwilling sign the written authorization that I had drafted and translated into Arabic.

4. Despite his unwillingness to sign, Petitioner expressly stated to me during that client meeting that Ms. Chomsky and I should continue attempting to secure his freedom by representing him in U.S. courts. Further, after indicating that he did not wish to sign a written authorization, Petitioner continued to discuss his case with me, including by reciting the facts relevant to his case and discussing the next steps in the litigation, leaving no doubt that an attorney-client relationship had been formed.

5. After I visited Petitioner, I visited his family, including his father, in Yemen in May 2007. At this time, his family had had contact with him via mail and they indicated again, orally and in writing, that they wanted Ms. Chomsky and I to continue representing him.

6. Because Ms. Chomsky and I have only visited Petitioner on one occasion (total), our continued representation of Petitioner is consistent with the Protective Order that applies in this case, which states that:

> Counsel shall provide evidence of his or her authority to represent the

detainee...no later than ten (10) days after the conclusion of a second visit with the detainee. The Court recognizes that counsel may not be in a position to present such evidence after the initial meeting with a detainee.

Revised Procedures for Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba, Section III.C.2. My understanding is that under this regime, authorization of representation need not be accomplished via the client's signing of an authorization form, and that evidence of authorization is to be examined on a case by case basis. *Bismullah v. Gates*, 501 F.3d 178, 190-91 (D.C. Cir. 2007) (interpreting, in a DTA proceeding, identical language in the protective order adopted from the district court Guantanamo cases).

7. Respondent recognizes, in Document # 157-5 in No. 08-mc-442, Bates page 203, para. 3, that Petitioner has directly authorized this habeas petition in case no. 05-cv-1649 (RBW), which was voluntarily dismissed after counsel in that case, Ms. Chomsky, and I were all notified that multiple petitions had been filed on Petitioner's behalf. See Dkt. # 8 in No. 05-cv-1645 (filed Sept. 14, 2005).

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 25, 2008

        _____/s/_____
        Michael Poulshock
        134 Shrewsbury Court
        Pennington, NJ 08534
        (609) 737-2932