## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>IN RE: )<br>  )<br>GUANTANAMO BAY )<br>DETAINEE LITIGATION )<br>_____)<br>  )<br>**WALID SAEED BN SAEED ZAID,** )<br>  *et al.,* )<br>         Petitioners, )<br>  )<br>     v. )<br>  )<br>**GEORGE W. BUSH**, )<br>   President of the United States, )<br>  *et al.*, )<br>  )<br>         Respondents. )<br>_____) | Misc. No. 08-442 (TFH)<br><br><br><br><br><br><br><br>Civil Action No. 05-CV-1646 (JDB) |

### DECLARATION OF MICHAEL POULSHOCK, ESQ.

I, Michael Poulshock, declare, pursuant to 28 U.S.C. § 1746, that the following statements are true to best of my knowledge, information, and belief:

1. I am a member in good standing of the bar of the Supreme Court of Pennsylvania. I was an associate in the Law Office of Judith Brown Chomsky from July 2005 to May 2007. I am currently not associated with any law firm but act as co-counsel to Ms. Chomsky in this matter.

2. Ms. Chomsky and I were initially authorized to represent Petitioner in the above-captioned case by valid authorization from a "next friend" pursuant to 28 U.S.C. § 2242. The next friend is Petitioner's brother, Mohammed Saeed Bn Saeed Zaid.

3. In February 2006, shortly after Ms. Chomsky and I began representing Petitioner, we were informed by the National Organization for Defending Rights and Freedoms ("HOOD"), a Yemeni organization that represents and advocates on behalf of numerous Yemeni Guantanamo detainees, that it had been made known to them that Petitioner wanted us to continue representing him in U.S. courts, but that he did not want us to communicate with him or visit him out of fear of how direct contact with an American lawyer might be perceived. This message was relayed to us by counsel for another Guantanamo detainee.

4. Given Petitioner's fear of being known to have made direct contact with American lawyers, Ms. Chomsky and I have abided by the difficult decision to comply with his instruction not to make direct contact. As such, and out of our concern not to compromise what Petitioner believes to be in his best interests, we have neither visited him nor communicated with him. We have nonetheless continued to represent him in this habeas petition as well as in a claim under the Detainee Treatment Act.

5. Our continued representation of Petitioner is consistent with the Protective Order that applies in this case, which states that:

> Counsel shall provide evidence of his or her authority to represent the detainee...no later than ten (10) days after the conclusion of a second visit with the detainee. The Court recognizes that counsel may not be in a position to present such evidence after the initial meeting with a detainee.

Revised Procedures for Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba, Section III.C.2. My understanding is that under this regime,

authorization of representation need not be accomplished via the client's signing of an authorization form, and that evidence of authorization is to be examined on a case by case basis. *Bismullah v. Gates*, 501 F.3d 178, 190-91 (D.C. Cir. 2007) (interpreting, in a DTA proceeding, identical language in the protective order adopted from the district court Guantanamo cases).

6. Respondent never questioned or expressed any doubt concerning our authority to represent Petitioner until it filed its Status Report in Misc. No. 08-442 on July 18, 2008, despite the fact that we had at that point been representing Petitioner for almost three years.

7. Petitioner's next friend petition is, at this point, the only means he has of putting his case before the Court and obtaining redress for his unreviewed detention.

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 25, 2008

_____/s/_____
Michael Poulshock
134 Shrewsbury Court
Pennington, NJ 08534
(609) 737-2932