# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>**GUANTANAMO BAY**<br>**DETAINEE LITIGATION** | **Misc. No. 08-442 (TFH)**<br><br>**Civil Action No. 05-2186 (ESH)** |

## NOTICE OF AUTHORIZATION

Pursuant to the Court's July 29, 2008 Order (misc. no. 08-442, dkt. no. 210), counsel for Hayal Aziz Ahmed Al-Mithali ("Petitioner") and his next friend Ali Aziz Ahmed Al-Mithali respectfully submit this notice of authorization of counsel.

On more than one occasion, Petitioner has orally authorized Debevoise & Plimpton LLP to represent him in this action, as well as any other actions related to his imprisonment at the United States Naval Base at Guantanamo Bay, Cuba.

In lieu of written authorization, we submit the declaration of Jennifer R. Cowan, which is attached hereto as Exhibit 1.

September 29, 2008

Respectfully submitted,

**DEBEVOISE & PLIMPTON LLP**

  /s/  Jennifer R. Cowan
Jennifer R. Cowan
919 Third Avenue
New York, NY 10022
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836

John B. Missing
555 13th Street, N.W.
Washington, DC 20004
Telephone:  (202) 383-8000
Facsimile:  (202) 383-8118

Shayana Kadidal (Bar No. 454248)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel:  (212) 614-6438
Fax: (212) 614-6499

*Counsel for Petitioners Hayal Aziz Ahmed Al-Mithali and Next Friend Ali Aziz Ahmed Al-Mithali*

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:

GUANTANAMO BAY
DETAINEE LITIGATION

Misc. No. 08-442 (TFH)

Civil Action No. 05-2186 (ESH)

## DECLARATION OF JENNIFER R. COWAN

I, Jennifer R. Cowan, pursuant to 28 U.S.C. § 1746, declare the following:

1. I am counsel with the law firm of Debevoise & Plimpton LLP. Debevoise provides *pro bono* representation to several men who are detained by the United States at the United States Naval Base at Guantanamo Bay, Cuba ("Guantanamo"), including Petitioner Hayal Aziz Ahmed Al-Mithali ("Petitioner") and his brother and Next Friend Ali Aziz Ahmed Al-Mithali ("Ali").

2. Petitioner has been detained by the United States at Guantanamo for more than five years.

3. In June 2005, Petitioner's brother, Ali Aziz Ahmed Al-Mithali, executed a next friend authorization on behalf of Petitioner (attached hereto as Exhibit A) which, among other things, authorized the Center for Constitutional Rights ("CCR") and any person assigned by the Center for Constitutional Rights to act on Petitioner's behalf.

4. CCR assigned Debevoise to act as counsel for Petitioner and his next friend.

5. In November 2005, Debevoise and CCR filed a petition for habeas corpus on behalf of Petitioner on the basis of Ali's next friend authorization, which was attached as Exhibit A to the habeas petition.

1

6. In December 2005, several of my colleagues and I traveled to Yemen and met with Ali and other members of Petitioner's family. During those meetings, Ali orally authorized Debevoise to represent Petitioner in all court proceedings connected to his imprisonment at Guantanamo.

7. My colleagues and I have met with Petitioner at Guantanamo on numerous occasions, and he has orally authorized Debevoise to represent him in this action and in any other court proceeding related to his imprisonment at Guantanamo.

8. Petitioner has not signed an authorization and is wary of signing documents. I do not believe that any rule or order of this Court requires him to do so.

9. On November 21, 2005, Judge Ellen S. Huvelle entered the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004 in *In re Guantanamo Detainee Cases*, 344 F.Supp.2d 174 (D.D.C. 2004) and certain subsequent related orders in this case (the "Original Protective Order"). (Case No. 05-CV-2386, Document 66.) The Original Protective Order did not require petitioners to sign an authorization stating that a petitioner had authorized counsel to pursue the action. Instead, the Original Protective Order provided that "Counsel shall provide evidence of his or her authority to represent the detainee. . . ." (Prot. Order, Revised Procedures for Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba, § III.C.2.)

10. On September 11, 2008 Judge Thomas F. Hogan replaced the Original Protective Order with a Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba (misc. no. 08-442, dkt. no. 409) (the "Revised

Protective Order"). The Revised Protective Order provides that "[C]ounsel shall provide evidence of their authority to represent the detainee." (Revised Prot. Order, § II.10.a.)

11. It has been my understanding that evidence of an attorney's direct authority to represent a detainee may take the form of a sworn statement by the attorney. *See Adem v. Bush*, Case No. 05-CV-723 (RWR) (AK), dkt. no. 42, at 14-15 ("Here, a sworn statement provides evidence that [petitioner] was actively seeking a lawyer to represent him.").

12. My most recent meeting with Petitioner was on July 16, 2008, approximately two weeks prior to the Court's Order of July 29, 2008 requiring submission of an authorization or declaration.

13. Pursuant to 28 U.S.C. § 2242, Debevoise and CCR are also authorized to represent Petitioner based on the next friend authorization executed by Ali. Ali has a significant relationship with Petitioner and is truly dedicated to his best interests.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2008.

/s/ Jennifer R. Cowan
Jennifer R. Cowan

# EXHIBIT A

To the Petition for Issuance of a Writ of *Habeus Corpus*

On Behalf of Petitioner,

**HAYAL AZIZ AHMED AL-MITHALI**

Date: 18 June, 2005

## Authorization

I am Ali Aziz Ahmed al-Mithali, and I have had the concept of 'next friend' explained to me in my native language. I wish to act as next friend for my brother, who is a prisoner being held in Guantanamo Bay, and whose name is Hayal Aziz Ahmed al-Mithali (the 'prisoner'). I hereby authorize Tina Foster (and the Center for Constitutional Rights), as well as Clive Stafford Smith (and Justice In Exile), and any person assigned by these lawyers, to act on my behalf and on the prisoner's behalf, to secure any documents and information concerning the prisoner that are necessary for his defense, and to seek whatever redress they believe to be in his best interests, in the courts of the United States, and in any other legal forum available. I am sure that he would want me to assert these rights. He is a citizen of Yemen.

_____
Next Friend

Witnessed: _____

_____
Print Name: Tina M. Foster