## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **IN RE:** | ) |
|  | ) |
|  | )   **Misc. No. 08-442** |
| **GUANTANAMO BAY** | )   **Civil No. 05-0634 (RWR)** |
| **DETAINEE LITIGATION** | ) |
|  | ) |
|  | ) |
|  | ) |

## NOTICE OF AUTHORIZATION BY
## <u>OMER SAEED SALEM AL DAINI</u>

Pursuant to the Court's July 29, 2008 Order (Misc. No. 08-442, Document 210),

counsel for petitioner Omer Saeed Salem Al Daini (ISN 549) respectfully submit the

attached declarations stating that Mr. Al Daini directly authorized counsel to pursue this

action and explaining why counsel was unable to secure a signed authorization as of this

date.

Dated: September 29, 2008

Respectfully submitted,

   /s/ Jill M. Williamson
Jill M. Williamson, DC Bar No. 478469
Jonathan M. Fee, DC Bar No. 479579
Michael E. Ward, DC Bar No. 434624
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

C. Rufus Pennington, III
MARGOL & PENNINGTON, PA
320 North First Street, Suite 600
Jacksonville Beach, FL 32250
(904) 355-7508

Dockets.Justia.com

Gitanjali Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
7th Floor
New York, NY 10012
Tel: (212) 614-6452
Fax: (212) 614-6499

*Counsel for Petitioner*

LEGAL02/30972688v1

**EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: | ) |
|  | ) |
|  | )    **Misc. No. 08-442** |
| **GUANTANAMO BAY** | )    **Civil No. 05-634 (RWR)** |
| **DETAINEE LITIGATION** | ) |
|  | ) |
|  | ) |
|  | ) |

## DECLARATION OF GITANJALI GUTIERREZ

I, Gitanjali S. Gutierrez, declare that the following statements are true to the best of my knowledge, information, and belief:

1. I am an attorney with the Center for Constitutional Rights (CCR) and co-counsel with Alston and Bird, LLP and Rufus Pennington in the above-captioned action for Petitioner Omar al Daini, a detainee in Guantanamo with Internment Serial Number 549.

2. On July 24, 2006, I met with Petitioner al Daini at Guantanamo Naval base, Cuba.

3. During my meeting with Mr. al Daini, he confirmed that he had authorized the "legal team" to represent him in both legal and diplomatic efforts to obtain his release.

4. In July 2006, I did not request that Mr. al Daini sign written authorization for legal representation because his verbal authorization was sufficient. I have not

met with Mr. al Daini since this Court's Order of July 29, 2008 and continue to represent him along with co-counsel based upon his express verbal authorization.

Executed this 29th day of September, 2008 in New York, New York.

Gitanjali S. Gutierrez

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | )<br>)<br>) |
| GUANTANAMO BAY<br>DETAINEE LITIGATION | )<br>)<br>)<br>)<br>) |

**Misc. No. 08-442**
**Civil No. 05-0634 (RWR)**

## DECLARATION OF JILL M. WILLIAMSON

I, Jill M. Williamson, declare as follows pursuant to 28 U.S.C. § 1746:

1.     I am an attorney licensed to practice law in Texas and Washington, D.C.  I am an associate in the Washington, D.C. office of Alston & Bird, LLP.

2.     Together with the Center for Constitutional Rights ("CCR"), and Rufus Pennington, Alston & Bird represents Omer Saeed Salem Al Daini (ISN#549), a prisoner in U.S. custody in Guantanamo Naval Base, Cuba.

3.     In May 2007, I traveled to Yemen and met with the family of Mr. Al Daini.

4.     Mr. Al Daini's wife and mother both gave me, Alston & Bird, Rufus Pennington, and CCR explicit verbal authorization to pursue all legal remedies on behalf of Mr. Al Daini.

5.     In addition, Mr. Al Daini's brother, Khalid, as the representative of the family, signed a written authorization for our continued legal representation. (Exhibit A to this declaration).

Signed September 29, 2008 in Washington, D.C.

_____
Jill M. Williamson

**ATTACHMENT A**

## Authorization Statement

I am the Brother and Next Friend of Omar Said Salim Al Dayi, a.k.a. Omar Saeed Salem Al Daini, I give permission for Jill M. Williamson, the law firm of Alston & Bird, the Center for Constitutional Rights, Rufus Pennington, or attorneys designated by them to represent Omar Said Salim Al Dayi, and me, in any proceeding or action. I also authorize the above, to obtain any information about Omar Said Salim Al Dayi including personal, confidential or medical information, but not limited

To such types of information.

This Statement has been read
to me in Arabic and fully explained.

_____
signature

24 May 2007
date

_____
name

**EXHIBIT 3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| | ) | **Misc. No. 08-442** |
| **GUANTANAMO BAY** | ) | |
| **DETAINEE LITIGATION** | ) | **Civil Action No. 05-CV-0634** |
| | ) | |

## DECLARATION OF JONATHAN M. FEE
## COUNSEL FOR OMER SAEED SALEM AL DAINI, ISN 549

I, JONATHAN M. FEE, hereby state and declare as follows in accordance with
the provisions of Fed. R. Civ. P. Rule 65(b)(1) and 28 U.S.C. § 1746:

1.      The matters stated herein are based on my personal knowledge in my capacity as
counsel for Petitioner Omer Saeed Salem Al Daini, ISN 549, a detainee held by
Respondents at Guantánamo Bay, Cuba, and a Petitioner in this case.  I submit this
declaration in support of Petitioner's Notice of Authorization.

2.      I have represented Petitioner before this Court on the basis of the written
authorization of his next friend, Mr. Khalid Al Daini, who I understand to be Mr. Al
Daini's brother, and on the basis of cleared notes prepared by Ms. Gitanjali Gutierrez of
my law firm's co-counsel, Center for Constitutional Rights, in connection with her visit
and interview with Petitioner on July 24, 2006.  I have concluded from my review of
these documents that they authorized representation by me, my law firm, and co-counsel.
Ms. Gutierrez' cleared notes state that Petitioner told her that he authorized her legal
team to assist him in legal and diplomatic efforts to obtain his release.

3.      On several occasions, I have sent correspondence to Petitioner by secure mail, identifying myself and my law firm as his counsel and describing various proceedings before this court in which I and co-counsel have undertaken to represent him. Some of my letters have been returned unopened and some have not. I have concluded from this correspondence that Petitioner is aware of my representation and that he has contact information for me. I understand that detainees are aware of the availability of the secure mail system and have concluded that the secure mail system is known to Petitioner. Petitioner has never used the secure mail system available to him to revoke or deny my, my law firm's or other co-counsel's representation.

4.      I have never met Petitioner. On May 3, 2007, I attempted to visit him and was advised by my Joint Task Force (JTF) escort that Petitioner did not wish to see me. With the aid of a translator, I prepared a written message to Petitioner, in English and Arabic, and requested that JTF personnel deliver my message to him. Within a short time, JTF personnel returned the Arabic version of my message to me, on which Petitioner hand wrote a reply in Arabic. Copies of the English version of my message, the Arabic version (which includes Petitioner's handwritten reply), and a translation of Petitioner's reply are attached as Attachment A. Petitioner's reply thanks me for our efforts and states that he does not "want any lawyer to represent me on my behalf." A notation by JTF personnel at the bottom of the English version of my message states that Petitioner shook his head to indicate that he did not wish to see me and that he "wrote [an] Arabic response," causing me to conclude that Petitioner prepared his reply in the presence of JTF personnel and other detainees.

5.     I also represent four other detainees, one of whom has been released and returned to his home country and three of whom continue to be detained, and have met several times with each of these other detainees.  I have learned from these other clients that detainees are subjected to peer pressure from some of their fellow detainees not to meet with, correspond or cooperate with attorneys, and that some detainees are reluctant to sign documents or otherwise indicate such cooperation in the presence of other detainees. Indeed, one of my clients even asked me to assure him that I would not let any other detainees know that he was represented by an attorney.

6.     I am concerned that Petitioner has not met with me for the reason that he does not want other detainees to know that he is represented.  I am concerned that he made a showing of sending me his written reply because he prepared it in the presence of JTF personnel and other detainees.  I am concerned that he has been unable to make an informed decision about discontinuing representation because he is unaware that his attorneys have access to classified information that he is not allowed to review.  I believe he is aware from his meeting with Ms. Gutierrez and from my correspondence that we intended to represent him and have continued to do so.

7.     I have concluded on the basis of the foregoing that I, my law firm, and our co-counsel have been authorized to represent Petitioner in proceedings before this court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of September, 2008.

Jonathan M. Fee
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
(202) 756-3387
jon.fee@alston.com
DC Bar No. 479579

**ATTACHMENT A**

Date: 3 MAY 2007          Time: 0830

From: JONATHAN FEE
          *(please print)*

To: OMAR AL DAINI          JTF Witness: _____
          *(please print)*                              *(Print name **after** delivery to detainee)*

ISN 549          English version

---

DEAR OMAR:

WE ARE ADDRESSING YOU ONCE AGAIN BECAUSE WE WOULD LIKE TO INFORM YOU THAT WE CONTACTED YOUR FAMILY IN YEMEN WITH YOUR BROTHER KHALID AND YOUR BROTHER-IN-LAW NASIR AND YOUR RESPECTED MOTHER. WE CONTACTED THEM AS PART OF OUR LEGAL REPRESENTATION TO MAKE SURE ABOUT YOUR SAFETY IN CASE YOU ARE RELEASED.

YOUR MOTHER IS VERY WORRIED AND EAGER TO KNOW ABOUT YOUR CONDITION AND HEALTH. OUR LAWYER JILL WILL TRAVEL TO YEMEN TO MEET YOUR FAMILY IN 2 WEEKS

IT WILL BE USEFUL TO MEET YOU TO ENABLE JILL AND YOUR FAMILY TO WORK IN COOPERATION WITH A YEMENI HUMAN RIGHTS ORGANIZATION AND THE YEMENI GOVERNMENT TO FACILITATE YOUR RETURN TO YEMEN. PLEASE GIVE US YOUR ANSWER IN YOUR WRITING. THANK YOU.

*Jonathan M Fee*

**Do you wish to meet with your habeas attorney?**          ☐ Yes          ☐ No

**Detainee Signature:**

*He read arabic letter, asked if he wanted to see attorney, shook his head "no" and wrote arabic response*

---

## JTF-GTMO Habeas Attorney Refusal Communication

Date: ‪٧ ـ ٥ ـ ٢٠٠٧‬          Time: ‪٨.٢٠‬

From: ‪جون ني‬
*(please print)*

To: ‪حمود الجدعني‬          JTF Witness: _____
*(please print)*          *(Print name **after** delivery to detainee)*

‪٥٤٩‬

### Translation

‫من يزري السيد حمو الجدعني؟‬

‫نخاطبكم مرة أخرى لأننا ودنا أن نخبركم‬
‫بأننا قد قمنا بالاتصال مع عائلتكم في اليمن‬
‫مع أخوكم نأمل وهي ييكم ناصر و الوالده ـــكـ المحترمه‬
‫قمنا بالاتصال معم كجزء من مسؤليتنا القانونيه‬
‫لنأكد من سلامتكم في حاله اطلاق سراحكم .‬

‫الوالده قلقه جدا؟ وتحب معرفه عن حالتكم‬
‫وصحتكم . الحاميه " جل " ستأمر ابن اليمن‬
‫لتقابل عائلتكم بعد اسبوعين من الآن .‬
‫سيكون من المفيد عنا بلغكم كي يتمكن محى‬
‫عائلتكم و جل ان يعملوا طها وتأ مع منظمة انا نيه‬
‫يمنيه في اليمن والحكومه اليمنيه لتسهيل رجوعكم الى‬
‫البـــ اليمن . الرجاء، الود على هذا الطلب بخطكم ولكم‬
‫منزيلد الشكر،‬

☐ _____        ☐ ‫أنا لا أريد أي محامي ليحامي عني‬
                                ‫وأشكركم على جهودكم هذا‬
‫وأقول لكم لا داعي للتكرار وأقول مره ثانيه لا أريد محامي‬

He read

I do not want any lawyer to defend me on my behalf. I would like to thank you for your efforts. I want to tell you that there is no need to repeat, I want to say it for the second time that I do not want a lawyer.

## CERTIFICATE OF SERVICE

I, Jill M. Williamson, hereby certify that I today caused a true and accurate copy

of the foregoing to be served electronically via the Court's Electronic Case Filing system.

     /s/ Jill M.Williamson
Jill M. Williamson

Dated: September 29, 2008