IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | Misc. No. 08-442 (TFH) |
| | ) | |
| GUANTANAMO BAY DETAINEE LITIGATION | ) ) ) | Civil Action No. 05-2367 (RWR) |

**PETITIONERS' NOTICE OF AUTHORIZATION
IN RESPONSE TO THE COURT'S JULY 29, 2008 ORDER**

Pursuant to the Court's July 29, 2008 Order (Misc. Dkt. No. 210), petitioners Abdul Haq Wasiq, Mohammad Nabi Omari, Mohammad Zahir, Mohammad Rahim and Ghulam Rohani, by and through their undersigned counsel, respectfully submit the attached declaration stating that they have directly authorized counsel to pursue this action.

Dated: September 29, 2008

s/*Peter M. Ryan*
Tara R. Kelly
Attorney #438241
Dechert LLP
1775 I Street, N.W.
Washington, DC 20006
Tel: (202) 261-3329
Fax: (202) 261-3057

George G. Gordon
Peter M. Ryan
Juliet Sarkessian
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Tel:  (215) 994-4000

Daniel C. Malone
Dechert LLP
30 Rockefeller Plaza
New York, NY  10112
Tel:  (212) 698-3500

*Counsel for Petitioners*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | Misc. No. 08-442 (TFH) |
| | ) | |
| GUANTANAMO BAY DETAINEE | ) | Civil Action No. 05-2367 (RWR) |
| LITIGATION | ) | |
| | ) | |

## DECLARATION OF PETER M. RYAN

Peter M. Ryan declares as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney licensed to practice law in the Commonwealth of Pennsylvania and the State of New York. I am an associate in the law firm of Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia, Pennsylvania 19104-2808. I have entered an appearance in Case No. 05-CV-2367 pursuant to Local Rule of Civil Procedure 83.2(g). I am providing this declaration pursuant to the Court's July 29, 2008 Order (Misc. Dkt. No. 210).

2. Dechert's clients – Abdul Haq Wasiq (ISN 004), Mohammad Nabi Omari (ISN 832), Mohammad Zahir (ISN 1103), Mohammad Rahim (ISN 1104), and Ghulam Rohani (ISN 003) – are Afghan nationals who are or were imprisoned at the United States Naval Base at Guantanamo Bay, Cuba. Petitioners filed their petition for writ of habeas corpus on December 9, 2005. Each petitioner was originally represented by a family member next friend.

### Abdul Haq Wasiq

3. Abdul Haq Wasiq (ISN 004) is from Ghazni Province in Afghanistan. He has been detained at Guantanamo Bay without charge since January 11, 2002.

4. Lawyers from Dechert have visited Mr. Wasiq several times at Guantanamo Bay. In his first meeting with Dechert lawyers in June 2006, Mr. Wasiq asked for our assistance and authorized Dechert to represent him in connection with his imprisonment at

Guantanamo Bay, including but not limited to prosecuting the petition for writ of habeas corpus that was filed on his behalf in Case No. 05-CV-2367.

5. Mr. Wasiq also stated that he would sign and return a representation agreement. We left a form agreement with him at the conclusion of our visit. He requested that we ask the guards not to take the representation agreement from him. The next day, all attorney-client meetings with detainees were canceled because of the suicides of three detainees. Shortly thereafter, respondents seized mail and legal materials from all detainees, presumably including Mr. Wasiq's representation agreement.

6. Over the course of our meetings with Mr. Wasiq, we have come to believe that the circumstances of his detention and isolation at Guantanamo have caused serious deterioration in Mr. Wasiq's physical and mental condition. Although Mr. Wasiq has occasionally been unable to meet with us because of health issues, and has expressed doubt over whether this proceeding will benefit him, he has never withdrawn his authorization.

7. Respondents never questioned or expressed any doubt concerning our authority to represent Mr. Wasiq until they filed their Status Report in Misc. No. 08-442 on July 18, 2008. Respondents have never denied Dechert access to Mr. Wasiq on the purported basis that we lack authority to represent him.

8. Dechert has requested permission from JTF-GTMO to visit Mr. Wasiq on October 28, 2008.

### Mohammad Nabi Omari

9. Mohammad Nabi Omari (ISN 832) is from Khost Province in Afghanistan. He has been detained at Guantanamo Bay without charge since at least July of 2002.

10. Lawyers from Dechert have visited Mr. Omari several times at Guantanamo Bay. In an early meeting with him, Mr. Omari authorized Dechert to represent him in connection with his imprisonment at Guantanamo Bay, including but not limited to prosecuting the petition for writ of habeas corpus that was filed on his behalf in Case No. 05-CV-2367. He refused, however, to sign a representation agreement, expressing suspicion that the effort to get his signature was a trick (although possibly one in which we were unwitting participants).

11. In subsequent meetings, Mr. Omari has continued to refuse to sign a written authorization document, expressing doubt as to the legitimacy of court proceedings in the United States. He has, however, shown great interest in our efforts in Afghanistan to secure his release.

12. Over the course of our meetings with Mr. Omari, we have come to believe that the circumstances of his detention and isolation at Guantanamo have caused serious deterioration in Mr. Omari's mental condition. Mr. Omari has been somewhat erratic in some of his expressions about this proceeding and our representation, but he has never withdrawn his authorization.

13. Respondents never questioned or expressed any doubt concerning our authority to represent Mr. Omari until they filed their Status Report in Misc. No. 08-442 on July 18, 2008. Respondents have never denied Dechert access to Mr. Omari on the purported basis that we lack authority to represent him.

14. Dechert has requested permission from JTF-GTMO to visit Mr. Omari on October 28, 2008.

## Mohammad Zahir

15. Mohammad Zahir (ISN 1103) is from Ghazni Province in Afghanistan. He has been detained at Guantanamo Bay without charge since on or about July of 2003.

16. Lawyers from Dechert have visited Mr. Zahir several times at Guantanamo Bay. Mr. Zahir repeatedly told us that he would like Dechert to represent him in connection with his imprisonment at Guantanamo Bay, including but not limited to prosecuting the petition for writ of habeas corpus that was filed on his behalf in Case No. 05-CV-2367. Mr. Zahir also told us that he had signed and mailed to us a written authorization for Dechert to represent him. We, however, did not receive the written authorization in the mail from the military authorities at Guantanamo, and Mr. Zahir stated that he was unwilling to sign another authorization until we could determine what had gone wrong with the Guantanamo Bay mail system. In subsequent meetings, Mr. Zahir has continued to refuse to sign a second written authorization document.

17. Over the course of our meetings with Mr. Zahir, we have come to believe that the circumstances of his detention and isolation at Guantanamo have caused serious deterioration in Mr. Zahir's physical and mental condition. Mr. Zahir has been somewhat erratic in some of his expressions about this proceeding and our representation.

18. Respondents never questioned or expressed any doubt concerning our authority to represent Mr. Zahir until they filed their Status Report in Misc. No. 08-442 on July 18, 2008. Respondents have never denied Dechert access to Mr. Zahir on the purported basis that we lack authority to represent him.

## Mohammad Rahim

19. Mohammad Rahim (ISN 1104) is from Ghazni Province in Afghanistan. He has been detained at Guantanamo Bay without charge since on or about July of 2003.

20. Lawyers from Dechert have visited Mr. Rahim several times at Guantanamo Bay. We have explained to Mr. Rahim that his brother authorized Dechert to represent him in connection with his imprisonment at Guantanamo Bay, including but not limited to prosecuting the petition for writ of habeas corpus that we filed on his behalf in Case No. 05-CV-2367. On September 17, 2008, we had a telephone conversation with Mr. Rahim. During the call, he stated that he understood that Dechert was continuing to work on his behalf in connection with his habeas corpus petition. He has refused, however, to sign a representation agreement, stating that he is in poor health and does not want to be a burden.

21. Over the course of our meetings with Mr. Rahim, we have come to believe that the circumstances of his detention and isolation at Guantanamo have caused serious deterioration in Mr. Rahim's physical and mental condition.

22. Respondents never questioned or expressed any doubt concerning our authority to represent Mr. Rahim until they filed their Status Report in Misc. No. 08-442 on July 18, 2008. Respondents have never denied Dechert access to Mr. Rahim on the purported basis that we lack authority to represent him.

### Ghulam Rohani

23. Ghulam Rohani (ISN 003) is from Ghazni Province in Afghanistan. He was detained at Guantanamo Bay without charge from January 2002 until December 2007. In December 2007, Mr. Rohani was transferred to Block D of Pul-e Charki Prison in Afghanistan, where he is being detained without charge. On July 14, 2008, Mr. Rohani filed motions to sever his petition from those of the other petitioners in this action and to have it reassigned to Misc. No. 08-444 (Dkt. Nos. 97 & 96). The motions are pending.

24. Lawyers from Dechert visited Mr. Rohani several times while he was detained at Guantanamo Bay. In his first meeting with Dechert lawyers in June 2006,

- 5 -

Mr. Rohani signed a representation agreement authorizing Dechert to represent him in connection with his imprisonment at Guantanamo Bay, including but not limited to prosecuting the petition for writ of habeas corpus that was filed on his behalf in Case No. 05-CV-2367. A true and correct copy of the representation agreement is attached hereto as Exhibit A.

25. Over the course of subsequent meetings with Mr. Rohani, we have come to believe that the circumstances of his detention and isolation at Guantanamo have caused deterioration in his mental condition.

26. Mr. Rohani has informed us that U.S. interrogators at Guantanamo Bay have told him that he does not need a lawyer and that a lawyer will not do him any good.

27. Respondents never questioned or expressed any doubt concerning our authority to represent Mr. Rohani. Respondents never denied Dechert access to Mr. Rohani on the purported basis that we lacked authority to represent him.

28. Since his December 2007 transfer to Block D of Pul-e Charki Prison in Afghanistan, Mr. Rohani's family has informed us that Mr. Rohani wanted Dechert lawyers to visit him at Block D. On September 10, 2008, an investigator retained by Dechert visited Mr. Rohani at Block D. During the meeting, Mr. Rohani signed another authorization statement, attached hereto at Exhibit B, which reads as follows:

> I, Ghulam Rohani, requests that Deckert law firm continues to provide me legal assistance in U.S. proceedings, until I am set free from Block D detention facility or any other location inside or outside Afghanistan.
>
> I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Dated: September 29, 2008

_____
PETER M. RYAN

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2008, I caused the foregoing Petitioners' Notice Of Authorization In Response To The Court's July 29, 2008 Order to be filed with the Court and served via e-mail on counsel for Respondents as follows:

    Judry Laeb Subar
    Judry.Subar@usdoj.gov
    United States Department of Justice
    Civil Division – Federal Programs Branch
    20 Massachusetts Avenue, N.W.
    Washington, D.C. 20530

    Terry M. Henry
    Terry.Henry@usdoj.gov
    United States Department of Justice
    Civil Division
    20 Massachusetts Avenue, N.W.
    Washington, D.C. 20530

                                                    */s/ Abraham J. Rein*
                                                    Abraham J. Rein