IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 06-1684 (GK) |

## NOTICE OF AUTHORIZATION

Pursuant to this Court's July 29, 2008 Order, undersigned counsel for Petitioner

Mohammed Ahmed Taher ("Petitioner") hereby submit the attached declaration of

Pardiss Kebriaei stating that Petitioner has directly authorized counsel to pursue this

action, and explaining why counsel has not secured a signed written authorization as of

this date.


Dated: New York, New York
      September 29, 2008

                                       Respectfully submitted,


                                       /s/ Pardiss Kebriaei
                                       Pardiss Kebriaei (pursuant to LCvR 83.2(g))
                                       Wells Dixon (pursuant to LCvR 83.2(g))
                                       CENTER FOR CONSTITUTIONAL
                                       RIGHTS
                                       666 Broadway, 7th Floor
                                       New York, NY 10012
                                       Tel: (212) 614-6452
                                       Fax: (212) 614-6499

                                       *Counsel for Petitioner*

IN RE: GUANTANAMO BAY DETAINEE LITIGATION        Doc. 594

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:

GUANTANAMO BAY
DETAINEE LITIGATION

Misc. No. 08-442 (TFH)

Civil Action No. 06-1684 (GK)

## DECLARATION OF PARDISS KEBRIAEI

I, Pardiss Kebriaei, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an attorney at the Center for Constitutional Rights ("CCR"),
666 Broadway, 7th Floor, New York, NY 10012, which represents Petitioner Mohammed
Ahmed Taher in the above-captioned case.  I submit this declaration in response to this
Court's Order of July 29, 2008 ("Order").

2.      CCR attorneys and I have met regularly with Mr. Taher at
Guantánamo to discuss the legal proceedings we have brought on his behalf, including
this action.  He has authorized us to represent him in connection with these proceedings.

3.      Mr. Taher's father, Ali Abdullah Ahmed al Salami, has also
authorized CCR to represent his son.[1]  *See* Ex. A.  Mr. al Salami's only other son, Mr.
Taher's older brother, died at Guantánamo before attorneys could meet with him or
pursue his case.[2]

4.      We have not asked Mr. Taher to sign a written authorization
because we did not believe it was required by law, including by the protective orders

---

[1] CCR filed the instant habeas petition for Mr. Taher on September 29, 2006 on the authorization
of his father and next friend, Ali Abdullah Ahmed al Salami.
[2] Salah al Salami (ISN 693) was one of three prisoners found dead in their cells on June 10, 2006.

- 1 -

governing this case,[3] and the government never questioned our authority to represent Mr. Taher, nor denied my colleagues or me access to Mr. Taher on the purported basis that we lacked authority to represent him.

5.     Furthermore, because Mr. Taher has otherwise conveyed direct authorization to CCR to represent him, we do not believe it is appropriate or necessary to insist that he sign any particular agreement. *See Modiri* v. *1342 Restaurant Group, Inc.*, 904 A.2d 391, 398 (D.C. 2006) (finding it well-established that "[n]either a written agreement nor the payment of fees is necessary to create an attorney-client relationship'") (interpreting D.C. R. Prof. Conduct 1.5(b)) (citation omitted); *Goldstein* v. *S.E.C.*, 451 F.3d 873, 878 (D.C. Cir. 2006) ("An attorney-client relationship . . . can be formed without any signs of formal 'employment.'") (citation omitted); Restatement (Third) Of The Law Governing Lawyers § 14 (stating that a person need only "manifest" his intent that the lawyer him provide legal services and the lawyer manifest his or her consent for an attorney-client relationship to be formed).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed:     New York, New York
              September 29, 2008

_____
Pardiss Kebriaei

---

[3] The Protective Order and Counsel Access Procedures entered by this Court in Mr. Taher's habeas case on September 11, 2008, like the previous Protective Order governing his case, *see In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004), require only that counsel "provide evidence of their authority to represent the detainee." Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, § II.10.a.  It is CCR's understanding that evidence of our authority to represent a detainee may take the form of a sworn statement. *See Adem v. Bush*, No. 05-723 (RWR), Memorandum Opinion and Order, April 28, 2006, dkt. no. 42, at 14-15 ("Here, a sworn statement provides evidence that [petitioner] was actively seeking a lawyer to represent him."). To our knowledge, Respondents have accepted *Adem*'s holding in the cases of other Guantánamo detainees.

# Exhibit A

## Authorization

Date: _January 27, 2006_

My name is _Ali Abdellah Ali Ahmed Al Solmi_, I am acting as next friend for my
_Son_, whose name is _Yasser Ali Abdulla Ali Ahmed Al Solmi_
a citizen of _Yemen_, who is being held in Guantánamo Bay.

I know that he would want me to act on his behalf to secure legal representation for him. I
hereby authorize Michael Ratner and Barbara Olshansky of the *Center for Constitutional Rights*
and any person assigned by these lawyers to act on my behalf and on my relative's behalf, to
secure any documents and information concerning my relative that are necessary for his defense,
and to seek whatever redress they believe to be in his best interests, in the Courts of the United
States and in any other legal forum available.

Signature: _علي عبدالله علي أحمد_

Print Name: _Ali Abdullah Ali Ahmed Al Solmi_

Witnessed by: _Ahmed Arman_

Print Name: _____