PREVIOUSLY CLEARED FOR PUBLIC FILING

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | : Misc. No. 08-442 (TFH)<br>:<br>: Civil Action No. 05-1509 (RMU)<br>: Civil Action No. 05-1602 (RMU)<br>: Civil Action No. 05-1704 (RMU)<br>: Civil Action No. 05-2370 (RMU)<br>: Civil Action No. 08-1310 (RMU)<br>: Civil Action No. 05-2398 (RMU) |

## PETITIONERS' SUPPLEMENTAL MEMORANDUM
## IN RESPONSE TO GOVERNMENT'S NOTICE OF STATUS

1.  *The government's concession ends any question as to each Petitioner's non-combatant status.*  In its filing last evening, the government conceded that it will not contest what Petitioners have been asserting since 2005 — that none of them is an enemy combatant.  It stated this indirectly — the government will put all other Petitioners "into the same category" as Petitioner Huzaifa Parhat — but it should not be permitted to game the process with periphrasis.  The government has abandoned any right to contend that it may justify the imprisonment of *any* Petitioner before this Court on the grounds that he is an "enemy combatant."  So much of the merits portion of these cases is now over.[1]

2.  *There is no assurance that the government has cured solitary confinement.*  The notice also states that the government will treat the men "as if" they are not enemy combatants.  We note, however, that our most current information is that *as many as six of these men are still imprisoned in solitary confinement in Camp 6.*  On an urgent basis last evening and this morning,

---

[1] There is no record before the Court that could support a determination that any Petitioner *ever* was properly designated as an "enemy combatant."  No other legal basis for detention has ever been asserted.

A/72669450.1/0999997-0000928706

counsel sought from the government confirmation that these Petitioners have been moved. No confirmation has been provided.

The reflexive harshness of the government's treatment of these men should not go unmarked. The government waited from August 21, when the parties were before this Court, until 8 p.m. on September 30 to disclose what common sense tells us it has known for years. It was never going to attempt to differentiate one Petitioner from another. The same core of operative facts govern all. The result of delay was more than six weeks of imprisonment under a regimen of astonishing psychological cruelty. Evidently, these innocent men continue to be held under conditions unknown to convicted murderers in our society. The government has previously and successfully argued that this Court should not involve itself in the logistics of camp assignments. If that is so, relief on the pending motions is all the more urgent.

3. *The Petitioners' Statutory Habeas Rights.* For all the reasons previously briefed, last night's concession entitles each of the Petitioners to the same immediate release to which Parhat is entitled. But the concession also raises a point of law that has not been briefed, and, in light of the position the government asserted in objecting to the procedures motion, should be raised with the Court now.

The government's position appears to be that petitioners have only a *constitutional* right to habeas. This theory is that *Boumediene v. Bush*, 128 S. Ct. 2229 (2008), must be read narrowly to hold that the habeas-stripping statute, 28 U.S.C. § 2241(e), violated the Suspension Clause, U.S. CONST. art. I, § 9 cl. 2, only to the extent that it deprived Petitioners of core *constitutional* habeas, and thus that the "strip" of *statutory* habeas rights was permissible. We submit that the government's reading derives from wishful thinking, and that *Boumediene* simply

2

voided Section 2241(e), with the result that statutory habeas rights are available to every Guantanamo prisoner.

But our dispute with the government on this point is now academic, for the government has conceded it away in this case. By its own terms, the habeas-stripping statute applies only to an alien "determined by the United States to have been properly detained as an enemy combatant or [who] is awaiting such determination," 28 U.S.C. § 2241(e)(1). Subsection (2), which purports to bar ancillary remedies — such as, presumably, remedies related to conditions of confinement — also applies only to that defined population. *Id*. § 2241(e)(2). The mandate has issued in *Parhat v. Gates*, which means that, as a matter of law, Parhat has never been properly determined to be an enemy combatant. All the other Petitioners are "in the same category," the government now says. Thus, even if the habeas-stripping statute succeeded in lopping off statutory rights for *other* Guantanamo prisoners, Sections 2241 and 2243 (and the rest of statutory habeas) were never stripped as to these Petitioners.

That is important for the October 7 hearing because the government strenuously — and successfully — objected to Petitioners' motion to have at least four Petitioners present in Court, with others available electronically. The government surely must have known that within days it would plead "no contest" to the enemy-combatant status dispute, and thus that each Petitioner would have a statutory right under 28 U.S.C. § 2243 (cl. 5th). Each Petitioner has an absolute, indefeasible right to be present to contest any fact asserted by the jailer to justify continued imprisonment in Guantanamo. That means the government's counterfactual, and unsourced whispering campaign about ETIM, the Taliban, weapons training, and all the rest, must now be at an end. Having barred Petitioners from being present, conceded a non-combatant status that, as discussed above, gives each Petitioner Section 2243 rights, needlessly prolonged these

3

proceedings, and in some cases declined even to make a return, the government is now estopped to assert *any* factual basis to withhold the Great Writ.[2]

At the hearing, petitioners will address points of law, and the practical remedy that is immediately available to end, at long last, these astonishing imprisonments.

---

[2] The Court has previously foreseen precisely this point. Aug. 21 Tr. at 45, ll. 19-25.

| Dated: October 1, 2008 | COUNSEL FOR PETITIONERS: |

| | |
|---|---|
| J. Wells Dixon(Pursuant to LCvR 83.2(g))<br>Wdixon@ccr-ny.org<br>CENTER FOR CONSTITUTIONAL RIGHTS<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Telephone: (212) 614-6423<br>Facsimile: (212) 614-6499<br>*Of Counsel for all Petitioners* | \_\_\_\_/s/ Sabin Willett_____<br>Susan Baker Manning<br>BINGHAM McCUTCHEN LLP<br>1120 20th Street NW, Suite 800<br>Washington, DC 20036-3406<br>Telephone: (202) 778-6150<br>Facsimile: (202) 778-6155 |
| Eric A. Tirschwell (Pursuant to LCvR 83.2(g))<br>Michael J. Sternhell (Pursuant to LCvR 83.2(g))<br>Darren LaVerne (Pursuant to LCvR 83.2(g))<br>Seema Saifee (Pursuant to LCvR 83.2(g))<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 715-9100<br>Facsimile: (212) 715-8000<br>*Counsel to PetitionerAdel Noori* | Sabin Willett (Pursuant to LCvR 83.2(g))<br>Neil McGaraghan (Pursuant to LCvR 83.2(g))<br>Rheba Rutkowski (Pursuant to LCvR 83.2(g))<br>Jason S. Pinney (Pursuant to LCvR 83.2(g))<br>BINGHAM McCUTCHEN LLP<br>One Federal Street<br>Boston, Massachusetts 02110<br>Telephone: (617) 951-8000<br>Facsimile: (617) 951-8736<br>*Counsel to Petitioners Hammad Memet, Khalid Ali, and Edham Mamet* |
| George M. Clarke III<br>D.C. Bar No. 480073<br>Miller & Chevalier Chartered<br>655 15th Street, NW, Suite 900<br>Washington, DC 20005<br>Telephone: (202) 626-1573<br>Facsimile: (703) 598-5121<br>*Counsel to Petitioners Ali Mohammad and Thabid* | Elizabeth P. Gilson(Pursuant to LCvR 3.2(g))<br>egilson@snet.net<br>383 Orange Street<br>New Haven, CT 06511<br>Telephone: (203) 777-4050<br>Facsimile: (203) 787-3259<br>*Counsel to Petitioners Bahtiyar Mahnut and Arkin Mahmud* |

A/72669450.1/0999997-0000928706