**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAYF BIN ABDULLAH, *et al.* | |
| *Petitioners*, | Misc. No. 08-442 (TFH) |
| v. | Civil Action No. 05-cv-2386 (RBW) |
| GEORGE BUSH, *et al.* | |
| *Respondents*. | |

**NOTICE OF AUTHORIZATION BY PETITIONER SAYF BIN ABDULLAH TO
PURSUE THIS ACTION**

Pursuant to Judge Hogan's July 29, 2008 Order, counsel for Petitioner Sayf Bin Abdullah

respectfully submit the attached declaration stating that counsel have been authorized to pursue

this action and explaining why counsel has not secured a signed authorization as of this date.

Dated: September 26, 2008

Respectfully submitted,

Zachary Katznelson
Cori Crider
Reprieve
PO Box 52742
London EC4P 4WS
England
+44 (0)207 353 4640

Respectfully Submitted,
Counsel for Petitioner

_____/s/ Joseph S. Berman_____
Joseph S. Berman, BBO NO. 566006
(admitted pursuant to Local Rule 83.2(g))
LOONEY & GROSSMAN, LLP
101 Arch Street, 9th Floor
Boston, MA 02110
Tel: (617) 951-2800
Fax: (617) 951-2819

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SAYF BIN ABDULLAH, et al. | |
| *Petitioner*, | Misc. No. 08-442 (TFH) |
| v. | Civil Action No. 05-cv-2386 (RBW) |
| GEORGE BUSH, et al. | |
| *Respondents*. | |

## <u>DECLARATION OF ZACHARY KATZNELSON</u>

1. My name is Zachary Katznelson. I am a member of the Bar of the State of California, Bar Number 209489. I am the Legal Director of Reprieve, a non-profit based in the United Kingdom.

2. Along with Joseph S. Berman, Esq., of Boston, Massachusetts, I represent Petitioner Sayf Bin Abdullah in this action.

3. Petitioner has been imprisoned for years, without charge, trial, or hope of release, at the United States Naval Station at Guantánamo Bay, Cuba. Petitioner has been approved for transfer from Guantanamo Bay.

4. Under 28 U.S.C. § 2242, I am authorized to represent Petitioner under the terms of a valid "next friend" authorization executed by Jamal Kiyemba, a then-fellow prisoner who knew Petitioner and was familiar with his wish to retain counsel to challenge the legal grounds for his imprisonment in Guantánamo Bay. A correct copy of the next friend authorization is attached hereto as Exhibit A, and was attached to the original Petition filed in February 2005.

5. I have met Petitioner three times. Sayf Bin Abdullah has made clear to me that he wants legal assistance in this matter. He has verbally authorized counsel to pursue a habeas corpus petition for him and to take all necessary legal action on his behalf.

6. Mr. Bin Abdullah's decision to accept counsel in this matter is evidenced by the fact that he has provided me with family contact details. Given the fact that interrogators have at times attempted to manipulate prisoners using their families as leverage and the lack of trust that often exists between prisoners and American citizens like counsel, unfortunately due to the men's treatment at the hands of American military and other government agency officials, this sharing of information clearly indicates that Mr. Bin Abdullah trusts counsel and wishes counsel to pursue Petitioner's best interests as attorneys.

7. Petitioner has stated to Counsel the importance of clearing his name through legal proceedings such as this one to ease a path to release from Guantanamo Bay. Petitioner is well aware that nations are reluctant to accept men branded as terrorists, whether the allegations are ultimately true or not. Further, Petitioner has authorized counsel to pursue resettlement in Italy, where he has family and was a legal resident. Petitioner has instructed counsel to pursue political and legal remedies there.

8. We have not asked Petitioner to sign an acknowledgment of representation, as the Protective Order in place in this action does not require any such document. Rather, the Protective Order provides that "Counsel shall provide evidence of his or her authority to represent the detainee. . . ." (Prot. Order, Revised Procedures for Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba, § III.C.2.) It has been my understanding during my representation of Petitioner that evidence of my authority to represent a prisoner may take the form of sworn statement from me. *See, e.g., Adem v.*

*Bush*, Case No. 05-CV-723 (RWR) (AK), Document 42, at 14-15 ("Here, a sworn statement provides evidence that [petitioner] was actively seeking a lawyer to represent him.").

9. The Government has never questioned or expressed any doubt concerning our authority to represent Petitioner until it filed its Status Report before this Court. Thus, there was no need for us to ask Mr. Bin Abdullah to sign anything.

10. Furthermore, it was clear to me during my meetings with Mr. Abdullah that he is extremely wary of signing any documents. For instance, while he has asked me to pursue remedies in Italy, he declined to sign a records release form. He said he understood that the form might be useful, but he did not feel comfortable signing a document in Guantanamo Bay. A number of prisoners have expressed the same sentiment to counsel. There is a profound distrust of the authorities in Guantanamo, whom the men know review every document produced there. The prisoners fear that their signature might somehow be used against them. Whether this is true or not, given the number of times the men in Guantanamo have been lied to by interrogators and others, this distrust is hardly irrational.

11. I have not seen Petitioner since the Court issued its order, nor has co-counsel, thus there has not been an opportunity to ask him to sign any document.

12. After the Court issued its order, counsel requested a visit with several prisoners, including Petitioner, for September 29-October 10. These dates were chosen as they were the only times our interpreters were available. This visit was approved on September 22, 2008. During the visit, co-counsel will be meeting with Mr. Bin Abdullah. Co-counsel will request that Mr. Bin Abdullah sign an Acknowledgment of Representation form then, to further

validate our representation of him.  However, he may well not agree to sign, for the reasons mentioned above.

13. Regardless of whether Mr. Bin Abdullah agrees to sign any document, I have no doubt that Mr. Bin Abdullah wants us to continue to pursue this action.

14. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true to the best of my knowledge and belief.


Arlington, Virginia

DATE: September 26, 2008

_____
ZACHARY PHILIP KATZNELSON

## CERTIFICATE OF SERVICE

The undersigned states that on September 26, 2008, I filed this document electronically using the ECF system, which will send notification of the filing to all counsel of record.

_____
Zachary Katznelson