CLEARED FOR PUBLIC FILING BY THE CSO

UNCLASSIFIED

Pending Classification Review

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED WITH THE
COURT SECURITY OFFICER
CSO:
DATE: 12/26/08

| | |
|---|---|
| IN RE:<br><br>GUANTÁNAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH) |
| MAJID KHAN,<br><br>Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>Respondents. | Civil Action No. 06-1690 (RBW) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR ORDER DIRECTING THE COURT SECURITY OFFICE TO FILE SUPPLEMENTAL STATUS REPORT**

Petitioner Majid Khan, by and through his undersigned counsel, respectfully submits this reply memorandum in further support of his motion for an order directing the Court Security Office to file his presumptively classified supplemental status report on the record, under seal, in his habeas case (dkt. no. 62, misc. dkt. no. 238). Khan's motion should be granted.

IN RE: GUANTANAMO BAY DETAINEE LITIGATION Doc. 621

**Argument**

Khan's motion seeks very limited relief – permission to file on the record, under seal, a presumptively classified status report, which the parties agree the Court may review. While the protective order previously entered in this case permitted such filing absent a court order, Khan filed the instant motion in abundance of caution because the government refused to state

Dockets.Justia.com



unequivocally whether such filing is permissible. Indeed, far from offering any persuasive opposition to Khan's motion, the government's response is an exercise in obfuscation.

The government filed an 18-page motion for reconsideration of the Court's July 29, 2008 Order entering the Standard Protective Order in this case, which the Court granted in part on August 19, 2008.[1] That filing also purports to address Khan's motion, in a single footnote, *see* Resp'ts' Motion to Reconsider at 18 n.22 (misc. dkt. no. 265); but it fails to provide any clarity concerning the government's position as to whether Khan's filing of the presumptively classified supplemental status report on the record in this case is permissible. The government merely contends that entry of its proposed substitute protective order would render Khan's motion moot. *See id.* That argument is meritless.

As set forth in Khan's motion (at p. 2), the government does not object to this Court having access to the classified supplemental status report, but it refuses to authorize the filing of that report on the record in this case on the sole ground that it contains presumptively classified information obtained pursuant to Khan's Detainee Treatment Act ("DTA") case, *see Khan v. Gates*, No. 07-1324 (D.C. Cir.). In its response to Khan's motion, the government contends that "information obtained by petitioner's counsel under the auspices of the DTA HVD Protective Order is constrained by the terms of that protective order and could only be handled, as of right, consistent with the terms of that order, which does not authorize the filing of classified materials obtained in that case in other courts or in other cases." Resp'ts' Motion to Reconsider at 18

[1] The Court reversed its prior order entering the Standard Protective Order in this case, and directed Khan to respond to the government's proposed TS//SCI protective order by August 29, 2008. Khan intends to file a separate response to the government's proposed order, and has requested an extension of time until September 12, 2008, to do so.

n.22.[2] In other words, the government's refusal to authorize the filing is not based on the form of protective order that may be entered in Khan's habeas case, but the mere fact that the presumptively classified information was first obtained pursuant to Khan's DTA case.[3] Entry of the government's substitute protective order thus would not resolve the underlying question of whether Khan may file and use in this case relevant classified information obtained pursuant to his DTA case, or whether the government may continue to shield that information from the scrutiny of the Court.

Moreover, although the government contends in its opposition that it "has never objected to this Court having access through appropriate means to presumptively TS/SCI information from a petitioner," the government does not explain what "appropriate means" would allow this Court to review a relevant classified document that is not part of the record in this case. *See id.* Nor does the government suggest any such means, apart perhaps from entry of its proposed substitute protective order. As indicated above, however, the form of protective order is not the stated basis for the government's refusal to authorize Khan to file the supplemental report. Indeed, the government offers no legitimate basis for its proffered distinction between permitting the Court access to the information and not permitting the filing of the same information.

The government's reliance on the *Zalita* habeas case is also misleading. While the government cites *Zalita* as an example of how it has "permitted [presumptively TS//SCI]

---

[2] As set forth in Khan's motion (at p. 2), the government's unqualified refusal to permit him to use in his habeas case classified information obtained in his DTA case conflicts with the position taken by the government with respect to other detainees in other habeas cases. It also generally defies common sense to require attorneys who represent a petitioner in both habeas and DTA actions to ignore in one of those actions relevant information that they, their client, and the government already know from the other action. Indeed, the government's position in this regard only possibly withholds information from the Court.

[3] For this reason, the Court's August 19, 2008 Order should not preclude Khan's request to file his supplemental status report on the record, under seal, in this habeas case.

information to be provided to the Court," it fails to explain that the information at issue was obtained by undersigned counsel, pursuant to Khan's DTA case, and was *filed on the record* in an unrelated habeas case, *Zalita v. Bush*, No. 05-cv-1220 (RMU) (D.D.C.) (dkt. no. 82) (filed Jan. 15, 2008). No harm resulted from the filing, and none would result from an order permitting Khan to file his supplemental status report on the record, under seal, in this habeas case.

* * *

As set forth in the Guantánamo detainees' procedural framework briefing (*see* misc. dkt. nos. 206, 231), habeas is, and always has been, a truth-seeking endeavor, an adaptable remedy designed to cut through all forms and address whether the petitioner is unlawfully detained. The Supreme Court decided more than two months ago that the detainees at Guantánamo have a constitutionally-protected right to petition for habeas; that they can no longer bear the costs of delay; and that they are entitled to "prompt habeas corpus hearing[s]." *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008). This Court also resolved to coordinate and manage the detainee cases "so that these cases can be addressed as expeditiously as possible" as required by *Boumediene*. Resolution of the Executive Session (D.D.C. July 1, 2008).

But the government has attempted to thwart those efforts and delay the filing of relevant classified information that all parties agree the Court may review. Nearly two years after Khan filed his habeas case, the government continues to deny him access to his counsel in the context of this case and to withhold information from scrutiny by claiming, in essence, that while the Court may review the information there is no way for Khan formally to present that information to the Court. Indeed, the government continues to assert many of the same arguments, and relies on the same conclusory declaration (*see* misc. dkt. no. 264-2), that it did to prevent Khan's access to counsel, much less the Court's consideration of the legality of his detention, in 2006. These dilatory tactics should be rejected, and the very limited relief sought by Khan's motion should be granted.

## Conclusion

Khan's motion should be granted for all of the foregoing reasons.[4]

Date: New York, New York
August 22, 2008

Respectfully submitted,

Counsel for Petitioner:

J. Wells Dixon (Pursuant to LCvR 83.2(g))
Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
Shayana D. Kadidal (D.C. Bar No. 454248)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6423

[4] Khan's request for permission to share presumptively TS//SCI information with other security-cleared counsel, pursuant the Standard Protective Order's presumed "need to know" provision, is moot at this time in light of the Court's August 19, 2008 Order.

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I caused the foregoing reply memorandum to be filed and served on counsel listed below by causing an original and five copies to be delivered to the Court Security Office via overnight mail.

Terry M. Henry, Esq.
Senior Trial Counsel
Civil Division, Federal Programs Branch
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Tel. (202) 514-4107

Counsel for Respondents

J. Wells Dixon