IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

FILED WITH THE
COURT SECURITY OFFICER
CSO: ND
DATE: 8/11/08

| | |
|---|---|
| ABD AL-RAHIM HUSSAIN MOHAMMED AL-NASHIRI<br>Guantanamo Bay Naval Station,<br>Guantanamo Bay, Cuba,<br>    Petitioner<br><br>V.<br><br>GEORGE W. BUSH<br>    President of the United States<br>    The White House<br>    1600 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20500;<br><br>RICHARD B. CHENEY<br>    Vice President of the United States<br>    The White House<br>    1600 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20500;<br><br>CONDELEEZA RICE<br>    Secretary of State of the United States<br>    U.S. Department of State<br>    2201 C Street NW<br>    Washington, DC 20520;<br><br>MICHAEL V. HAYDEN<br>    Director, Central Intelligence Agency<br>    Central Intelligence Agency<br>    Office of Public Affairs<br>    Washington, D.C. 20505<br><br>GEORGE TENET<br>    [Service address to be provided]<br><br>ROBERT M. GATES<br>    Secretary of Defense of the United States<br>    1000 Defense Pentagon<br>    Washington, D.C. 20301-1000 | CIVIL ACTION<br>(HABEAS CORPUS)<br><br>No:08 Civ. 1207 (RWR)<br>Misc. No. 08 Civ. 442 (TFH)<br><br>JUDGE THOMAS F. HOGAN |

| DONALD RUMSFELD | ) |
| [Service address to be provided] | ) |
| | ) |
| NAVY REAR ADMIRAL DAVID M. THOMAS | ) |
|     Commander, Joint Task Force - GTMO | ) |
|     JTF-GTMO | ) |
|     APO AE 09360; | ) |
| | ) |
| ARMY COL. BRUCE VARGO, | ) |
|     Commander, Joint Detention | ) |
|     Operations Group - JTF-GTMO | ) |
|     APO AE 09360; and | ) |
| | ) |
| JOHN DOE, et al., persons acting under actual or | ) |
|     apparent authority, or color of law, of foreign | ) |
|     nations, | ) |
| | ) |
|     Respondents. | ) |

## PETITIONER'S STATUS REPORT

1.    Petitioner, Abd Al-Rahim Hussain Mohammed Al-Nashiri, by and through undersigned counsel, respectfully submits this Status Report in response to the Court's July 24, 2008, Order. *See* Docket No. 6.

### A Preliminary Statement of the Government's Torture and Detention of Petitioner

2.    Petitioner is unique among Guantanamo prisoners for the level of torture he has been forced to endure. The government has identified him as one of the three prisoners exposed to interrogations by the odious device known as the "waterboard" that simulates the sensation of drowning on dry land.

3.    Petitioner was arrested in ████████████████████████ Almost ██ years later, the United States government announced that it had transferred him to Guantanamo Bay Naval

2

Station, where he is currently held. Domestic and international human rights groups have pondered the question of where petitioner "disappeared" to for these intervening ███ years. Nearly ███ years after petitioner's disappearance, a breakthrough in the investigation into petitioner's whereabouts was made. According to current and former intelligence officials and diplomats from the United States and other nations, the CIA hid and interrogated petitioner and other detainees at Soviet-era compounds (named "gulags" during the Cold War) ███████████ The CIA had constructed a network of foreign prisons that included sites in several ████████████████████████ ████████████████████████ to house these detainees.

4. Upon information and belief, in these secret prisons, agents of the United States government and the CIA, including persons under actual or apparent authority or color of law or ████████ interrogated petitioner and subjected him to threats and "stress and duress" techniques such as ████████████████████████ ████████████ Petitioner was held under conditions that violated his rights to dignity and freedom from torture, and from cruel, inhuman, and degrading treatment or punishment under common law, constitutional, military and international law. These techniques reportedly included ████████████████████████ ████████████████████████ ████████████████████████ and ██████ ████████████████ the "waterboard." The key issue in petitioner's case is whether any court can admit into evidence information developed from such inhuman action without violating the United States Constitution, military law, international law and basic principles of human rights and morality. Petitioner has been referred to a military commission convening authority for the

3

issuance of capital murder charges. On information and belief, petitioner alleges that this convening authority will seek to convict him and sentence him to death based on inherently unreliable and inhumanely coerced tortured evidence.

### Petitioner's Claims for Relief under the Detainee Treatment Act of 2005 in the Court of Appeals for the District of Columbia

5. In December, 2007, the Law Office of the Federal Public Defender for the District of Columbia contacted the Office of the Federal Public Defender for the District of Nevada, which agreed to represent petitioner. The Office of the Federal Public Defender for the District of Nevada entered a Notice of Appearance on January 9, 2008, on behalf of petitioner in the United States Court of Appeals for the District of Columbia. *See Al-Nashiri v. Gates*, Case No. 08-1007 (D.C. Cir. Jan 9, 2008). With the approval of Franny A. Forsman, Federal Public Defender for the District of Nevada, this Office has from that time forward committed substantial resources, financial, administrative and in personnel, to the cause of petitioner's defense. On January 9, 2008, undersigned counsel, Assistant Federal Public Defenders Paul G. Turner, Gerald Bierbaum and Mukund H. Sharma filed a Notice of Appearance on behalf of petitioner. As reflected in the case's Docket Sheet entries, counsel filed the following pleadings contemporaneous with their notice of appearance:

    a. "Petition For Immediate Release And Other Relief Under The Detainee Treatment Act of 2005 And, In The Alternative, For Writ Of Habeas Corpus" filed January 9, 2008;

    b. "Index Of Exhibits In Support Of Petition For Immediate Release And Other Relief Under The Detainee Treatment Act Of 2005 And, In The Alternative, For Writ Of Habeas Corpus" filed January 10, 2008;

    c. "Motion For Permission To Proceed *In Forma Pauperis*" filed January 9, 2008.

*See Al-Nashiri v. Gates*, No. 08-1107 (D.C. Cir. Jan 9, 2008), Docket Entries for Jan. 9, 2008 and Jan.

4

10, 2008.

6. On January 14, 2008, the court of appeals entered an Order directing petitioner to file various pleadings by February 13, 2008, and the government to file a certified index to the record by February 28, 2008. On February 1, 2008, a "Stipulation To Immediate Entry Of *Khan* Protective Order" was filed along with a proposed protective order identified as Exhibit A. Responding to the Court's January 14, 2008, Order, petitioner filed the following pleadings on February 13, 2008:

    a. "Docketing Statement;"
    b. "Certificate As To Parties, Rulings, Related Cases, Deferred Appendix And Underlying Decision;"
    c. "Statement Of Issues To Be Raised;"

7. By Order of February 12, 2008, the motion for leave to proceed *in forma pauperis* was granted and the protective order attached as Exhibit A to the above-referenced stipulation was entered in accordance with its terms ("Protective Order"). Undersigned counsel filed fully executed Memoranda Of Understanding ("MOU") respecting the Protective Order on February 21, 2008.

8. On February 21, 2008, attorneys Matthew M. Collette and Robert Mark Loeb entered their appearances for the government. On February 22, 2008, they moved the Court to stay the filing of a certified index to record (corrected version filed February 26, 2008). Petitioner's Opposition to such motion was filed March 10, 2008, and is identified as "Classified" in the case's General Docket, entry for March 10, 2008.

9. On February 28, 2008, petitioner filed an "Emergency Motion For An Order Directing Preservation Of Discoverable And Relevant Evidence" which was opposed in "Respondent's Opposition To Emergency Motion For An Order Directing Preservation Of Discoverable And Relevant Evidence" filed March 10, 2008 (corrected version filed March 13). By Order of March 12, 2008, the

5

court of appeals "**ORDERED** that the government take all measures necessary to preserve the material described in petitioner's motion pending further order of the court" (emphasis in original). Otherwise, the motion was referred to the assigned merits panel to be addressed in the parties' future briefing.

10. On April 23, 2008, attorney Scott Fenstermaker's pleading entitled "Entry Of Appearance" was filed. On May 27, 2008, he served by mail copies of a "Motion To Substitute Counsel And For Leave To File Documents *In Camera* And Under Seal" with his accompanying Declaration and that of interpreter Marwan Abdel-Rahman and *in camera* Exhibits A and B. On June 5, 2008, the Law Office of the Federal Public Defender filed a Response in Opposition to Mr. Fenstermaker's Motion for Leave to File and Motion to Substitute Counsel. The Federal Public Defender also filed a Motion to Strike Mr. Fenstermaker's Notice of Appearance as not authorized by petitioner. Mr. Fenstermaker filed a Reply to the Federal Public Defender's Response and a Response to the Federal Public Defender's Motion to Strike on June 20, 2008. These motions are awaiting a decision by the Court of Appeals for the District of Columbia.

11. On June 18, 2008, the government filed a Motion to Hold in Abeyance or in the Alternative Dismiss without Prejudice petitioner's suit under the Detainee Treatment Act of 2005. Petitioner filed an Unopposed Motion to Extend Time on June 27, 2008. On July 9, 2008, the Court of Appeals for the District of Columbia granted petitioner's Motion to Extend Time. An opposition to the government's Motion to Hold in Abeyance or in the Alternative Motion to Dismiss DTA proceedings is due on August 4, 2008.

## Petitioner's Petition for Writ of Habeas Corpus to for Judicial Review of the Factual and Legal Bases of His Torture and Detention

12. Undersigned counsel were contacted by the Federal Public Defender for the District of

Columbia in December, 2007, to represent petitioner. At the time of undersigned counsel's initial involvement, the powers of Article III courts to hear Guantanamo Bay detainees' petitions for writ of habeas corpus was unknown. Congress had enacted the Military Commissions Act of 2006 (MCA), Pub. L. No. 109-366, which amended Title 28 United States Code section 2241(e) to deny United States District Courts the jurisdiction to hear petitions for writ of habeas corpus from Guantanamo Bay detainees. The Court of Appeals for the District of Columbia held that the MCA must be read to strip all federal courts of jurisdiction to hear petitions for writ of habeas corpus from Guantanamo Bay detainees. *See Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), overruled, *Boumediene v. Bush*, No. 06-1195 (June 12 2008), slip opinion at 5. Contrary to the Court of Appeals, the United States Supreme Court held that the MCA operated as an unconstitutional suspension of the writ of habeas corpus, and therefore violated the Suspension Clause of the United States Constitution, Art. I, § 9, cl. 2. *Boumediene*, No. 06-1195, slip opinion at 5.

13. Before the Court had invalidated the MCA, petitioner, by and through undersigned counsel, reserved the right to file a petition for writ of habeas corpus were controlling legal authority to dictate that the MCA was unconstitutional. *See Al-Nashiri v. Gates*, No. 08-1007 Petition for Review (D.C. Cir. Jan. 9, 2008), pending classification review. Soon after the Supreme Court had decided petitioner has the right to file a petition for writ of habeas corpus, petitioner commenced the instant proceedings on July 15, 2008, by filing a Petition for Writ of Habeas Corpus with the Court Security Office.[1] This Petition was accompanied by a Notice of Filing a Petition for Writ of Habeas Corpus. *See* Docket No. 1. Government attorney Judry Subar entered a Notice of Appearance on July

---

[1] The Petition was forwarded for clearance to the Court Security Office. Petitioner has not yet been advised that the document has been cleared.

7

16, 2008. *See* Docket No. 2.

14. This Court entered an Order Transferring the Case for Coordination and Management on July 21, 2008. *See* Docket No. 3. Petitioners submitted a Joint Status Report on July 21, 2008 (*see* Docket No. 4), to which the government filed an Errata on July 23, 2008 (*see* Docket No. 5). On July 25, 2008, the government filed a Motion for an Order Regarding Procedural Framework Issues. *See* Docket No. 7. A Joint Memorandum of Law Addressing all Procedural Framework Issues was filed on July 25, 2008. *See* Docket No. 8. On July 29, 2008, this Court entered an Order lifting stays, vacating dismissals, entering protective order, requiring authorizations, and holding motions in abeyance. *See* Docket No. 9.

15. On July 24, 2008, this Court entered an Order directing status reports to be due by August 1, 2008. *See* Docket No. 6. Petitioner submits the instant Status Report pursuant to that Order.

### A Summary of Petitioner's Present History

16. After ███████ years of imprisonment and torture, petitioner asks this Court to review the factual and legal bases of his confinement and the use of torture to indefinitely hold him. Accordingly, petitioner requests that this Court:

> 1. Grant the Writ of Habeas Corpus and order Respondents to release petitioner from his current unlawful detention;
>
> 2. Order that petitioner be brought before the Court to vindicate his rights;
>
> 3. Order that while this action is pending petitioner cannot be transferred to any other country without the knowing consent and written agreement of petitioner (obtained voluntarily and without duress) and petitioner's counsel;
>
> 4. Order that petitioner cannot be delivered, returned or rendered to a country where there is a foreseeable and imminent risk that

8

he will be subject to torture;

5. Order Respondents to allow counsel to meet and confer with petitioner in private and to engage in unmonitored attorney-client conversations;

6. Order Respondents to cease all interrogations of petitioner, direct or indirect, while this litigation is pending;

7. Order Respondents to cease all acts of torture and cruel, inhuman and degrading treatment of petitioner;

8. Order and declare the Executive Order of November 13, 2001, *ultra vires* and unlawful as applied to petitioner;

9. Order and declare that the prolonged, indefinite, and restrictive detention of petitioner without due process is arbitrary and unlawful and a deprivation of liberty without due process of law;

10. Order Respondents to respond to this Petition and to provide counsel with factual returns, discovery and all other evidence allegedly justifying petitioner's continued detention;

11. Grant an evidentiary hearing or other such process that would allow petitioner opportunity to provide further evidence and proof of his claims and justify the relief sought; and

12. Grant such other and further relief as the Court may deem necessary and appropriate to protect petitioner's rights under the common law, the Constitution of the United States, federal statutory law, international law, the treaties to which the United States is a party and military law.

17. Such review should be preceded and accompanied by full and fair discovery and preservation of all evidence documenting the brutal and inhumane punishment and torture inflicted on petitioner without trial or any form of meaningful judicial review until now.

18. Petitioner further notifies the Court that he anticipates there will be substantial, material factual disputes in this case warranting further discovery. Petitioner also notifies the Court that he will

9

seek declaratory, injunctive and other relief to enjoin the jurisdiction, legality and procedures of the military commission on constitutional grounds.

Dated: July 31, 2008
      Las Vegas, Nevada

Respectfully Submitted,

*[signature]*

\*Paul G. Turner
Nevada Bar No. 07941
Assistant Federal Public Defender
\*Gerald Bierbaum
Texas Bar No. 24025252
Assistant Federal Public Defender
\*Mukund H. Sharma
California Bar No. 249125
Assistant Federal Public Defender
411 East Bonneville Avenue, Ste. 250
Las Vegas, NV 89101
(702) 388-6577

\*Attorneys for Petitioner
10

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2008, I served the foregoing **PETITIONER'S STATUS REPORT**, by causing an original and eight copies to be delivered to the United States Department of Justice / Court Security Office via overnight mail (Federal Express) for filing with the United States Court for the District of Columbia and service on the persons listed on the attached service list:

Attn: Nathaniel A. Johnson
Court Security Officer
Litigation Security Section
United States Department of Justice
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530

## SERVICE LIST:

**Judry Laeb Subar**
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Email: judry.subar@usdoj.gov

**Alexander Kenneth Haas**
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Washington, DC 20530

Email: alexander.haas@usdoj.gov

An Employee of the Federal Public Defender

# AMENDED CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2008, I served the foregoing **PETITIONER's STATUS REPORT**, with the United States District Court for the District of Columbia for electronic filing (CM/ECF) with the Court and service on the persons listed on the attached service list:

**Judry Laeb Subar**
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Email: judry.subar@usdoj.gov

**Scott Michael Marconda**
UNITED STATES DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 5130
Washington, DC 20530
Email: scott.marconda@usdoj.gov

**Alexander Kenneth Haas**
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Washington, DC 20530
Email: alexander.haas@usdoj.gov

**Terry Marcus Henry**
U.S. DEPARTMENT OF JUSTICE
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7212
Washington, DC 20044
Email: terry.henry@usdoj.gov

_____
An Employee of the Federal Public Defender