# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ) | | |
| IN RE: ) | Misc. No. 08-0442 (TFH) | |
| GUANTANAMO BAY ) | | |
| DETAINEE LITIGATION ) | Civil Action No. 04-1254 (HHK) | |
| ) | | |

## PETITIONER'S OPPOSITION TO GOVERNMENT'S MOTION
## FOR LEAVE TO FILE AMENDED FACTUAL RETURN

Petitioner Yasin Qasem Muhammad Ismail ("Petitioner"), by his undersigned counsel, hereby opposes the Government's motion for leave to file an amended factual return in this case.

Petitioner filed his Petition for Writ of Habeas Corpus on July 27, 2004. The Government filed its original factual return -- which consisted of the record of Petitioner's Combatant Status Review Tribunal ("CSRT") proceeding -- on October 14, 2004. Nearly four years after it submitted its original return, on September 19, 2008, the Government moved to amend its factual return for Petitioner. The motion is the same generic motion submitted by the Government in other Guantanamo habeas cases, and contains no information specific to Petitioner. The Government purports to justify the amendment on the grounds that "the legal landscape has changed significantly" and "[e]vidence not part of the original CSRT record is now available to the Court."

The Government's request to amend should be denied. It has failed to show good cause for this untimely amendment, Petitioner would be prejudiced by permitting the amendment, and in any event Petitioner's detention must be justified, if it can be justified, on the basis of the grounds for detention as they existed at the time the petition was filed, not in retrospect four years later. Moreover, the amended return should be rejected because it is not

DC: 2968092-2

properly signed and certified and because the Government has improperly designated the entire document as "protected information."

**A.     The Government has not demonstrated cause to amend Petitioner's return.**

The Court's Scheduling Order of July 11, 2008, contemplated the possibility that the Government could amend a return, but expressly provided (¶ 4) that "[t]he Court will allow amendment only where the government establishes cause for the amending." This requirement is consistent with the habeas statute, which permits amendments only with leave of court. 28 U.S.C. § 2243.

The motion contains no showing of cause. It does not explain why the Government had to wait four years to amend, nor identify any facts in the amended return that could not have been included in the original return (or in a far more timely amendment), nor identify a single item of newly discovered evidence that purportedly justifies the amendment. The suggestion that the amendment should be permitted because "the legal landscape has changed significantly" is an empty one. The Government has all along claimed that Petitioner is an enemy combatant, and it has not even attempted to show that there are any facts pertinent to its claim that Petitioner is an enemy combatant that have become relevant as a result of any change in the "legal landscape." The Government in reality is not responding to intervening changes in law, but is seeking a second and unwarranted opportunity to make factual allegations in support of its contention that Petitioner is an enemy combatant -- precisely the contention that it made in 2004.

The four-year delay between the original return and the amended one is also relevant here. Had the Government not waited four years to seek to amend the return, Petitioner would have had a better chance to find exculpatory evidence or rebuttal witnesses. The Government should not be allowed to make an amendment that would impose such

prejudice on Petitioner's ability to make his case for release.  *See Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996) (interpreting FED. R. CIV. P. 15 to permit denials of amendments based on delay and prejudice).

The Government argues that "fundamental fairness" requires that it be given the opportunity to rely on evidence not in the original return.  This stands the concept of fairness on its head.  Petitioner has been locked up by the Government for six years, has been interrogated by the Government at great length, and has suffered a complete loss of liberty.  Fairness in these circumstances requires that the Government not be allowed to "amend" its story (and then amend again, etc.), but that it be required to defend the detention on the grounds originally asserted.

**B.     The Government is attempting to justify retroactively a detention that needed to be justified from its inception.**

The purpose of habeas corpus "is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  Where the judicial inquiry is based on a "speedy" review of the evidence that exists against a detainee at the time his habeas petition is filed, it necessarily would include only contemporaneous evidence, not evidence adduced by the Government over the course of four years after the petition is filed.  The filing of an amended return four years after the original return is thus inconsistent with the fundamental right to speedy habeas review.

Petitioner was brought to Guantanamo in May 2002 and filed his habeas petition in July 2004.  The Government had ample opportunity in 2004 to assemble a record justifying the detention on grounds of enemy combatancy, assuming arguendo that such a showing could be made with respect to Petitioner.  It is, of course, no longer possible to give

Petitioner the "speedy" hearing in 2004 that was his due. At a minimum, however, the Government should not be allowed to make an "amended" case in 2008, and thereby benefit unfairly from the lengthy period of Petitioner's detention during which the Government denied every attempt by Petitioner to have a "speedy" judicial hearing.

**C.     The amended return is deficient because it is unsigned.**

The amended return consists principally of a narrative. The narrative is not signed, nor supported by an attestation or certification. Under 28 U.S.C. § 2243, the person to whom the habeas writ is directed "shall make a return certifying the true cause of the detention." Rule 11(a) of the Federal Rules of Civil Procedure requires with respect to any "pleading" or "other paper" that it be signed by an attorney of record. *Thomas v. Paulson*, 507 F.Supp. 2d 59, 64 n.6 (D.D.C. 2007) (finding that plaintiff's unsigned response to defendant's statement of material facts failed to comply with Rule 11(a)). The narrative submitted in this case is surely an "other paper," if not a "pleading," because it purports to address the overriding issue -- whether Petitioner is properly designated as an enemy combatant -- and is argued by the Government to justify continued detention. The narrative does not include either a certification or a Rule 11 signature. Accordingly, the motion to amend should be denied unlesss the Respondent cures this defect immediately. *See* Fed. R. Civ. P. 11(a).

**D.     The Government's designation of the entire return as protected denies counsel the opportunity to prepare for the hearing.**

The Government has yet to provide an unclassified version of its amended return. Under the protective order, counsel cannot discuss classified information with Petitioner unless the information was obtained from the Petitioner himself. As a result, Petitioner's cleared counsel have had no opportunity to discuss further allegations in the

proposed amended return with Petitioner *or* with counsel who do not have a clearance, nor will they be able to do so if only the classified version of the amendment is allowed. Without access to an unclassified version of the amended return, Petitioner is denied notice of the allegations against him, in violation of basic requirements of due process. *SeeBoumediene v. Bush*, 128 S.Ct. 2229, 2269 (2008) (noting that among the deficiencies in the CSRT process Petitioners identified was the detainee's access only to the unclassified portion of Government Information); *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004) (plurality opinion); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).

If this Court allows leave to amend, it should order the Government within five business days to submit an unclassified version of the document.

## CONCLUSION

For the reasons stated, Petitioner respectfully requests that the Motion for Leave to File Amended Returns be denied.

Respectfully submitted,

/s/ S. William Livingston
S. William Livingston
D.C. Bar. No. 59055
Alan A. Pemberton
D.C. Bar. No. 367108
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000 (phone)
(202) 778-6000 (fax)
wlivingston@cov.com
apemberton@cov.com

David H. Remes
D.C. Bar. No. 370372
APPEAL FOR JUSTICE
1106 Noyes Drive
Silver Spring, MD 20910
(202) 669-6508 (phone)
remesdh@gmail.com

Marc D. Falkoff
D.C. Bar No. 491149
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043 (phone)
(815) 753-9301 (fax)
mdf19@columbia.edu

October 3, 2008