IN RE: GUANTANAMO BAY DETAINEE LITIGATION                                                                Doc. 636

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | |
| ) | Misc. No. 08-442 (TFH) |
| IN RE: ) | |
| GUANTANAMO BAY ) | Civil Action No. |
| DETAINEE LITIGATION ) | 05-CV-0634 (RWR) |
| ) | |
| ) | |
| ) | |

**RESPONDENTS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO AMEND FACTUAL RETURN**

As explained in Respondents' motion to amend its factual return in this case, in defending Petitioner's detention as an enemy combatant, the Government is entitled to present to the Court its most appropriate case for detention. The Court is not reviewing past decisions of prior determinations of administrative tribunals, but rather is reviewing a prospective challenge to petitioner's detention as an enemy combatant today. The Government, therefore, should not be restricted to the specific materials included in the return previously filed, which was compiled nearly four years ago.

Prior returns submitted in this and other Guantanamo Bay detainee cases were comprised of the records of the Combatant Status Review Tribunal ("CSRT") proceedings convened for petitioners that were produced in a legal context different from the one in which this matter now proceeds. Evidence not part of the original CSRT record is now available to the Court as it considers the proper disposition of the habeas petitions. Moreover, the legal landscape has changed significantly during the four years since the original CSRT records were compiled. Updated factual returns are therefore appropriate.

Dockets.Justia.com

Just as the Government is submitting evidence beyond the 2004 CSRT records to justify its determination to detain enemy combatants in those cases in which *no* factual return has yet been filed, it should be permitted to submit such a return here as doing so will represent its most appropriate case for the non-punitive detention of petitioner as an enemy combatant today. There is no justification, where this habeas action seeks prospective relief from detention as of 2008, for restricting the Government's case to evidence considered by CSRTs in 2004. As a general matter, such a restriction in the Guantanamo cases would preclude the Court from considering any wartime intelligence developed by the United States during the past four years. Equally, if not more significantly, in light of legal developments since 2004, a time-bound restriction would risk the erroneous release of actual enemy combatants – and, thus, the return of those combatants to the battlefield to wage further war against American soldiers and civilians.

In response, petitioner here raises multiple issues. First, he argues that the Government failed to establish cause for amending the return in that "the information in the proposed amended return that pertains to [his] detention was gathered or developed prior to the filing of his original habeas return in July 2005." Petitioner's Brief at 2-5. Petitioner also argues that any additional evidence filed in his case subsequent to the CSRT-based return in 2005 would cause him "significant prejudice" because he has not been able "to investigate the information in the documents and interview any named or referenced witnesses." Petitioner's Brief at 5. As stated in Respondents' Motion for Leave to File Amended Factual Return, the legal landscape and requirements in this case and the other Guantanamo habeas cases, as well as expectations as to the type of review appropriate in detainee habeas cases, have changed significantly since the

2

filing of the CSRT records in 2005, requiring reassessment of the type of evidence appropriately relied upon in a habeas case such as this. Since the decision in Boumediene, the Government has been expeditiously moving to file amended returns consistent with the mandate of that decision. In addition, merits-related proceedings in this case have not begun, and petitioners will have the opportunity to present evidence and otherwise respond to the evidence presented in the amended return such that no prejudice warranting denial of the motion to amend exists. Respondents, therefore, should be permitted to amend their factual returns pertaining to petitioners.

Petitioner also alleges that Respondents' motion to amend the returns should be denied because the actual "Narrative" was not signed and thereby properly certified. Respondents note, however, that the Amended Return cover filing is signed by government counsel. Further, the Amended Return includes a signed declaration of Rear Admiral David Thomas attaching the narrative and supporting materials and stating that they "contain information used by the Department of Defense to establish the status of [Petitioner] as an enemy combatant and to substantiate their detention." Thus, no valid issue as to signing exists. Further, without conceding application of 28 U.S.C. § 2243 to this case, see Boumediene, 128 S. Ct. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring), the Amended Return explains the factual bases for petitioner's detention upon which Respondents are relying. See Gladden v. Gidley, 337 F.2d 575, 578 (9th Cir. 1964) (stating that "the provision of section 2243 that the return should certify 'the true cause of the detention' survives from an earlier form of the statute which did not provide for the show cause procedure [return]," and that the purpose

of the show cause procedure [return] is for the opposing parties to "exhibit" the facts on which they rely) (quoting Walker v. Johnston, 312 U.S. 275, 284 (1941)).

Petitioner's remaining arguments are premature to consider at this stage of the proceedings and are, therefore, inappropriately raised.  In particular, Petitioner argues that the documents submitted with the factual return are "cumulative, and consist of hearsay that does not meet the test of reliability established by the D.C. Circuit in *Parhat*."  Petitioner's Brief at 6.  He then argues that several of the documents submitted by the Government are not reliable.  Id. at 7-10.  This is clearly a question for the finder of fact, and not appropriate to consider at this stage of the proceedings.

For the foregoing reasons, and those stated in the government's Motion for Leave to File Amended Factual Return, the Government's motion should be granted.

Dated: October 6, 2008                    Respectfully submitted,


                                          GREGORY G. KATSAS
                                          Assistant Attorney General

                                          JOHN C. O'QUINN
                                          Deputy Assistant Attorney General

    */s/ Terry M. Henry*

    */s/ Michael Truman*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JUDRY L. SUBAR (D.C. Bar No. 347518)
PAUL AHERN
P. MICHAEL TRUMAN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel: 202.305.9909
Fax: 202.305.2685

Attorneys for Respondents