IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) <br> ) <br> GUANTANAMO BAY DETAINEE ) <br> LITIGATION ) <br> ) | Misc. No. 08-442 (TFH) |
| ) <br> OMAR KHADR, et al. ) <br>        Petitioners, ) <br>   v. ) <br> ) <br> GEORGE W. BUSH, et al. ) <br>        Respondents ) <br> ) | No. 04-cv-1136 (JDB) |

**REPLY IN SUPPORT OF MOTION TO DISMISS PETITIONER'S HABEAS CASE WITHOUT PREJUDICE OR TO HOLD THE PETITION IN ABEYANCE PENDING COMPLETION OF MILITARY COMMISSION PROCEEDINGS**

      Petitioner has been charged with violations of the laws of war under the Military Commission Act of 2006 (MCA) and his trial is scheduled to begin in just a little over one month. It is entirely appropriate for this Court to stay its hand in deference to the congressionally mandated military commission system and petitioner cannot now satisfy the prerequisites for equitable habeas relief given the charges pending against him before a commission. Accordingly, because petitioner will soon be tried for criminal violations of the law of war in an adversarial, fully adequate, congressionally authorized military forum, the Court should hold his habeas case in abeyance or dismiss it without prejudice until the military proceedings have concluded.

**ARGUMENT**

The cornerstone of the government's motion to hold this case in abeyance or dismiss it without prejudice is the doctrine of abstention enunciated by the Supreme Court in cases such as *Younger v. Harris*, 401 U.S. 37 (1971), *Schlesinger v. Councilman*, 420 U.S. 738 (1975), and *Ex Parte Royall*, 117 U.S. 241 (1886). Those cases and their progeny stand for the proposition that a habeas petitioner who has been criminally charged should first be required to exhaust his potential remedies in his criminal proceedings before seeking habeas relief. *Younger*, 401 U.S. at 54; *Schlesinger*, 420 U.S. at 760-761. This deference to criminal tribunals is required by the doctrine of comity where, as here, the petitioner has an adequate remedy at law and will not suffer irreparable harm from having to proceed with the criminal trial. *Younger*, 401 U.S. at 43-45; *Schlesinger*, 420 U.S. at 754-756. Petitioner cannot avoid this argument by urging that his claim is one relating to the commission's "jurisdiction." Nor does equity warrant considering his habeas petition until military proceedings have concluded.

I. **Abstention Is Warranted Even Though Petitioner's Challenge is Couched In Terms of the Military Commission's "Jurisdiction."**

Petitioner first claims that if the "military commission[] lack[s] jurisdiction . . . the basis for the Government's motion [to hold this case in abeyance or dismiss it without prejudice] would collapse." Pet's Resp. at 25. This claim turns exhaustion on its head and ignores Congress's explicit review channeling provision. In short, the military commission proceedings provide a fully adequate avenue to review the commission's jurisdiction, review that is performed ultimately by a superior Article III Court, as Congress directed. Accordingly, petitioner's challenge to military commission jurisdiction cannot form a basis for avoiding the

2

bedrock requirements of exhaustion and abstention that Congress codified in 10 U.S.C. § 950j(b).

**A.** As we explained in our cross-motion, the D.C. Circuit has already held in a case brought by petitioner that the statute relied on by the government – 10 U.S.C. § 950j(b) – precluded it from considering the precise challenge now being made by petitioner in this habeas proceeding. *Khadr v. Gates*, No. 07-1156, Order at 1 (D.C. Cir. May 30, 2007) (attached as Ex. B to government's response and cross-motion). This order is fatal to petitioner's claim that this Court should ignore section 950j(b) and step in now to resolve the issues related to petitioner's status as a juvenile when he committed crimes in violation of the laws of war. Petitioner claims that this order is irrelevant because it "addressed a request for a stay of military commission proceedings in connection with [Detainee Treatment Act (DTA)] review." Pet's Resp. at 4. But the D.C. Circuit did not rely on the limitations in the DTA in declining to address petitioner's claim. Instead, the Court relied on the exact same statute that applies here to preclude review by this Court. *See* 10 U.S.C. § 950j(b) (statute precludes collateral challenges to military commission proceedings "notwithstanding any other provision of law" including the DTA or "section 2241 of title 28"). Moreover, petitioner had made the exact same arguments in the D.C. Circuit that petitioner is now making in this case. *See* Mot. for Emergency Stay in *Khadr v. Gates*, No. 07-1156, at 2-3 (D.C. Cir.) (filed May 23, 2007) ("Khadr will show through his Petition for Review that he may not be tried by military commission because the military commission lacks personal jurisdiction over him" based on the fact that he "was a minor at the time he was seized") (attached as Ex. A).

3

Petitioner's only remaining argument with respect to section 950j(b) and the prior *Khadr* order is that the D.C. Circuit decided the issue "before . . . *Boumediene*[] at a time when the law of this circuit held that Petitioner . . . had no constitutional habeas rights." Pet's Resp. at 4. In making that point, petitioner apparently *abandons* his argument that section 950j(b) does not apply to so-called "jurisdictional" challenges (Pet's Mot. at 19-23) and concedes that for this Court to act in the face of the *Khadr* D.C. Circuit order, it must hold the provision unconstitutional. But as we explained in detail in our response, a channeling or exhaustion provision like section 950j(b) that allows federal court review but simply requires that it be conducted post-conviction cannot possibly be unconstitutional without invalidating longstanding precedent requiring exhaustion of remedies prior to filing a habeas petition.

Underscoring the D.C. Circuit order rejecting jurisdiction to consider petitioner's claims collaterally is the D.C. Circuit's *other* holding that refused to consider a pre-trial attack by petitioner to the personal jurisdiction of the military commission. *Khadr v. United States*, 529 F.3d 1112, 1118 (D.C. Cir. 2008). Petitioner argues that this case is irrelevant because it had "nothing to do with his status as a juvenile." Pet's Resp. at 3. But the case *did* concern a challenge to the commission's personal jurisdiction – the exact sort of challenge petitioner claims must be immediately considered to avoid suffering an injury of constitutional scope. *Khadr*, 529 F.3d at 1118 (arguing that immediate review was warranted because otherwise he would be "tried by a tribunal that did not have jurisdiction over him"). In the face of that challenge to the commission's "jurisdiction over him," the D.C. Circuit stated that there was no injury, much less a constitutional violation, in declining to consider the issue immediately:

4

"[t]here is no substantial public interest at stake in [these cases] that distinguish[] [them] from the multitude of criminal cases for which post-judgment review of procedural and jurisdictional decisions has been found effective." *Khadr*, 529 F.3d at 1118. The same is true here, and it belies any entitlement to a constitutional habeas corpus right of immediate review, rather than post-conviction review, of petitioner's claims.

    **B.** Petitioner argues that because his challenge to the military commission is "jurisdictional," this Court should not abstain from resolving his claims. Mot. at 25. Not only is that argument inconsistent with the two D.C. Circuit orders in *Khadr*'s own cases, it is not consistent with governing abstention precedent. *Schlesinger* notes that a federal court may immediately entertain a habeas petition that raises a "substantial" argument relating to the "constitutional power to subject them to the jurisdiction of courts-martial." 420 U.S. at 759. Petitioner's argument, however, does not meet this standard. First, the argument relating to petitioner's status as a juvenile at the time he committed crimes in violation of the law of war do not concern whether Congress has the *"constitutional power"* to subject Khadr to trial by military commission. *Id*. (emphasis added). In the cases cited by the Supreme Court in *Schlesinger* to explain this exception, the issue was whether Congress had the constitutional power under Article I to authorize the military to try civilians by courts-martial. *Id*. Thus, contrary to petitioner's claim (Pet's Resp. at 13), the government's interpretation of *Schlesinger* does not create a "null set," because abstention continues to be inappropriate when there is a challenge to the authority of Congress to subject an individual to a military tribunal. Here, by comparison, the constitutional question has long been settled: the Supreme Court has held that

5

Congress has the authority under the Constitution to authorize the trials by military commissions of enemy combatants accused of law-of-war violations. *See Ex parte Quirin*, 317 U.S. 1, 28-31 (1942) (an "important incident to the conduct of war is the adoption of measures by the military command not only to repel and defeat the enemy, but to seize and subject to disciplinary measures those enemies who in their attempt to thwart or impede our military effort have violated the law of war").[1] Accordingly, petitioner's so-called "jurisdictional" argument is not constitutionally-derived – petitioner does not claim that the Constitution precludes Congress from subjecting him to a trial by military commission; instead, he concedes that this is a simple matter of statutory interpretation, Pet's Resp. at 15 (arguing only that "the MCA does not confer jurisdiction over juveniles"), that may readily be reviewed upon direct appeal of a conviction. Thus, under established abstention principles, petitioner is foreclosed from pursuing that question in these premature and collateral habeas proceedings.

Second, as we explained in our merits briefing, petitioner's challenge is not substantial. As we explained in our opposition, Gov't Opp. at 27-35, petitioner seeks to carve out an exception for persons under age 18 in the MCA jurisdictional provision that is *not* in the text of the statute, that is nowhere suggested by other enactments or treaties, and that would leave a significant gap in the government's legitimate authority to prosecute the enemy for war crimes in circumstances where petitioner *concedes* that "Petitioner . . . can be prosecuted . . . for any offenses he allegedly committed as a juvenile." Pet's Resp. at 16. Apparently, petitioner

---

[1]Even were Khadr a U.S. Citizen being criminally tried domestically for ordinary crimes, there is no constitutional limitation that would preclude him from being criminally punished for crimes he committed at age fifteen. *See*, *e.g.*, 18 U.S.C. § 5302.

concedes that he may be prosecuted for war crimes only so long as the prosecution is not under the statute Congress enacted just for that purpose. Such a claim, as we have explained, is not substantial.

## II. Petitioner Has Failed Adequately To Distinguish the Governing Abstention Precedents

Petitioner reads *Younger*, *Schlesinger*, and *Royall* far too narrowly in his attempt to distinguish these cases from his petition. Indeed, other than *Boumediene*, he cites *no* case, and therefore provides *no* support, for his claim that this case should not be held in abeyance or dismissed without prejudice pending the conclusion of military proceedings. Pet's Resp. at 24-27.

First, petitioner is incorrect to suggest that his case is different from the abstention cases because exhaustion requirements with respect to state courts "involve[d] federalism concerns that are not relevant here." Pet's Resp. at 27. This argument fails to recognize that "the notion of 'comity,'" *Younger*, 401 U.S. at 44, that gives rise to abstention and exhaustion requirements applies with equal force in the military context. As *Schlesinger* recognized, just like comity to state courts, comity to military courts is also called for, particularly given the unique role the military plays in our country, constituting "'a specialized society separate from civilian society'" whose role requires a "respect for duty and a discipline without counterpart in civilian life." *Schlesinger*, 420 U.S. at 757 (quoting *Parker v. Levy*, 417 U.S. 733, 743 (1974)). In the case of the military commission system here, a different but equally important concept – the specialized nature of the law of war and the need for military courts to address violations of the law of war – underlies the need for comity. Specifically, Congress through the MCA has invoked the well-

7

settled constitutional power to authorize the military in the first instance to try before these commissions offenses against the law of war by enemy combatants. *See Quirin*, 317 U.S. at 28-31. Petitioner would have this Court jettison such comity concerns entirely in urging that this Court address his claims simply because they present "pure issues of law" on which this Court should not "defer to an inferior court such as a military commission." Pet's Resp. at 25. But such a course is appropriate not only because it affords the military process designed by Congress *no* comity whatsoever, but it interjects this Court in a process that concludes with review not by an "inferior court," as petitioner claims, but a superior court, the D.C. Circuit. *See* 10 U.S.C. § 950g. In sum, the core comity concerns of *Younger* and *Schlesinger* apply with full force here. If anything, they are stronger in light of the congressional concurrence in comity principles that the review procedures reflect; accordingly, abstention is required here.

Second, petitioner's reliance on *Boumediene* to evade these established abstention and exhaustion requirements is unavailing. To be sure, *Boumediene* held that exhaustion was not appropriate for detainees challenging the fact of their confinement who had no process available to them other than the review provided by the Detainee Treatment Act, which the Court found to be inadequate. But at the same time, the *Boumediene* Court reaffirmed the well-established requirement that "defendants in courts-martial [must] exhaust their military appeals before proceeding with a federal habeas corpus action." 128 S. Ct. at 2274; *cf. id.* at 2268 (in cases involving state-court criminal proceedings, "the prisoner should exhaust adequate alternative remedies before filing for the writ in federal court") (citing *Royall*, 117 U.S. at 251-52). Moreover, as we explained in our response, the Supreme Court approvingly cited cases

8

involving military commission trials where the procedures provided were far less protective than the procedures here. *See Boumediene*, 128 S. Ct. at 2259-60, 2271 (citing *Quirin*, *In re Yamashita*, 327 U.S. 1 (1946), and *Johnson v. Eisentrager*, 339 U.S. 763 (1950)). In sum, as the Supreme Court reiterated unanimously in *Munaf v. Green*, 128 S. Ct. 2207 (2008), on the same day it decided *Boumediene*, "the orderly administration of criminal justice may 'require a federal court to forgo the exercise of its habeas corpus power.'" *Id.* at 2220 (quoting *Francis v. Henderson*, 425 U.S. 536, 539 (1976)). And an established reason for foregoing use of that power is the abstention/exhaustion requirement that squarely applies here.

Petitioner is also wrong to suggest that other equitable factors militate against abstention. First, he argues that equity militates in favor of immediate resolution because the Government "claims the authority to continue to hold Petitioner irrespective of the result of the military commission proceedings." Pet's Resp. at 25. But this statement only underscores the fact that petitioner's challenge to detention is intimately related to his challenge to the military proceedings. This Court must therefore abstain in order to avoid duplicating the proceedings now ongoing in the military forum. Once those proceedings have concluded, the issues petitioner seeks to collaterally attack here likely will have been raised and resolved by a superior Article III court. *See* 10 U.S.C. § 950g. Indeed, petitioner concedes that this case involves the "presence of overlapping issues" to those in the military commission proceedings. Pet's Resp. at 27 n.12.[2]

---

[2]Petitioner's argument also assumes that the government will not release him as an enemy combatant if he is acquitted (based on the fact that he was a juvenile or on any other basis). Such an assumption is speculative. Only if he is acquitted and the government declines to release him would it be proper for this Court to entertain his habeas petition, as the military commission will

9

Second, petitioner argues that there must be immediate habeas resolution because petitioner has already been "'denied meaningful access to a judicial forum for a period of years.'" Pet's Resp. at 26 (quoting *Boumediene*, 128 S. Ct. at 2263, 75). But petitioner fails to acknowledge that the military judge has already addressed his claims relating to juvenile status in a fully adversarial proceeding like those approved by the *Boumediene* Court; that a superior federal court – the D.C. Circuit – will review that resolution if he is convicted and has already opined that earlier resolution of jurisdictional issues is unnecessary and inappropriate; and that petitioner is trying to *halt* the commission's fully adversarial resolution of the facts of his case that is slated to occur in just over one month in favor of habeas proceedings that will not be resolved so quickly. Petitioner argues that there is no time limit on "finalizing a military commission conviction" through convening authority review. Pet's Resp. at 27. But the primary purpose of convening authority review is to review the proceedings for possible *reduction* of the sentence or *reversal* of a finding of guilt. *See* 10 U.S.C. § 950b(b). Thus, the review, in fact, inures to a convicted detainee's benefit. In any event, the claim of delay is entirely speculative – no such delay has occurred here – and petitioner has come forward with nothing to suggest that there will be inordinate delay in the military resolution of the charges against him when the trial is scheduled to begin in just over one month.[3]

---

then have completed its work and abstention will no longer be an issue.

[3]Petitioner also claims that, assuming he can be lawfully detained, the military commission will not address whether "he can[] be detained as an adult" or must instead be provided special "treatment [allegedly required for] juvenile prisoners." Pet's Resp. at 27 n.12 & 31. But such a challenge is to the *conditions* of a confinement that is conceded to be lawful. *See* Pet's Resp. at 31 (assuming for purposes of this argument that "the Government has some legal basis for detaining Petitioner"). Such a challenge to petitioner's conditions of confinement is expressly barred by

Finally, petitioner is wrong to suggest that if there is a trial, he will "suffer[] irreparable harm." Pet's Resp. at 24. Rather, the Supreme Court has repeatedly made clear that the mere fact that a defendant has to face a criminal trial is insufficient to establish irreparable harm in the "special legal sense of that term," even while it acknowledged the inevitable challenges incident to any criminal prosecution, such as cost, anxiety, and inconvenience. *Younger*, 401 U.S. at 46. The rationale is that federal courts may not presume that another government tribunal will not fully apply "the fundamental law of the land." *Ex parte Royall*, 117 U.S. 241, 252 (1886). Indeed, the D.C. Circuit in Khadr's own case has already concluded that he would not be "irreparably harmed" by going through a trial even if it ultimately turns out that "he was tried by a tribunal that did not have jurisdiction over him." *Khadr*, 529 F.3d at 1118. Thus, this Court, were it to decline to abstain, would be required not only to reject the D.C. Circuit's conclusion that Khadr would suffer no irreparable harm from trial, but also to presume that the judges of the military commissions (and the judges on the subsequent appellate panels, which include the D.C. Circuit and the Supreme Court) will *not* adhere to their duty and fully apply the Constitution and federal laws to the matters before them. Accordingly, to the extent that petitioner claims irreparable harm, that claim provides no basis for this Court to proceed with this habeas petition.

---

statute, 28 U.S.C. § 2241(e)(2) ("no court . . . shall have jurisdiction to hear . . . any other action . . . relating to any aspect of the detention . . . or conditions of confinement"); is not a claim that may be raised via a writ of habeas corpus in any event, *see*, *e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Doe v. Pennsylvania Bd. of Probation & Parole*, 513 F.3d 95, 100 n.3 (3d Cir. 2008) (habeas is limited to "[a]ttacks on the fact or duration of the confinement"); and is therefore not a claim that falls within either the habeas statute or the constitutionally-derived habeas remedy identified by *Boumediene*.

In sum, none of petitioner's arguments warrants this Court declining to hold this case in abeyance or dismiss it without prejudice until the resolution of the military commission process adopted by Congress for criminally trying our wartime enemies who violate the laws of war. As the Court of Appeals for the District of Columbia has held concerning these same military commission proceedings: "[t]here is no substantial public interest at stake in [these cases] that distinguish[] [them] from the multitude of criminal cases for which post-judgment review of procedural and jurisdictional decisions has been found effective." *Khadr*, 529 F.3d at 1118.

## CONCLUSION

For the reasons stated herein and in respondent's motion, respondents respectfully request that the Court dismiss this case without prejudice or, in the alternative, hold it in abeyance pending resolution of petitioner's military commission proceedings.

Dated: October 3, 2008                  Respectfully submitted,

                                         GREGORY G. KATSAS
                                         Assistant Attorney General

                                         JOHN C. O'QUINN
                                         Deputy Assistant Attorney General

                                           */s/ August E. Flentje*
                                         JOSEPH H. HUNT (D.C. Bar No. 431134)
                                         VINCENT M. GARVEY (D.C. Bar No. 127191)
                                         JUDRY L. SUBAR (D.C. Bar No. 347518)
                                         TERRY M. HENRY
                                         AUGUST E. FLENTJE
                                         Attorneys
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Ave., N.W.
                                         Washington, DC 20530
                                         Tel: 202/305-0658

Attorneys for Respondents

13