**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ x
                                       :
IN RE:                                 :
                                       :
GUANTÁNAMO BAY                         : Misc. No. 08-442 (TFH)
DETAINEE LITIGATION                    :
                                       :
_____ x
                                       :
MOHAMMED SULAYMON BARRE,               :
                                       :
           Petitioner,                 :
                                       :
       v.                              : Civil Action No. 08-CV-1153 (HHK)
                                       :
GEORGE W. BUSH, *et al.*,              :
                                       :
           Respondents.                :
                                       :
_____ x

## REPLY TO MOTION FOR AN EXCEPTION TO SEQUENCING BASED ON EXCEPTIONAL CIRCUMSTANCES

On September 8, 2008, Petitioner filed a motion before this Court requesting an exception to the Court's scheduled sequencing. In support of his motion, Petitioner cited three extraordinary factors warranting relief: (1) Petitioner's unique status as a United Nations ("UN") mandate refugee; (2) the ongoing efforts of the United Nations High Commissioner for Refugees ("UNHCR") on his behalf, his express desire to return to Somaliland, the ongoing efforts of the Somaliland government to repatriate him safely, and the relative progress of the cases of the other two UN mandate refugees known to remain imprisoned at Guantánamo; and (3) the prompt

resolution available in this case. Respondents do not dispute Petitioner's unique status as a UN mandate refugee. Nor do they contest the other factors.[1]

Far from offering any persuasive reason why Petitioner's motion should be granted, Respondents mock Petitioner's request for immediate relief. Despite his prolonged imprisonment without charge or trial, and the decision by the Supreme Court that Respondents' actions have been in violation of the U.S. Constitution, Boumediene v. Bush, __ U.S. __ (2008), Respondents oppose Petitioner's request for simple relief as excessive given that, in their view, his treatment and his prospects are insufficiently "exceptional." Those arguments are not persuasive. Nonetheless, events in the time since the filing of Petitioner Mohammed Sulaymon Barre's Motion for an Exception to Sequencing Based on Exceptional Circumstances lend further support to Petitioner's motion.

First, Respondents have violated the Court's sequencing order a second time. After Respondents defied this Court's scheduling order on August 29, 2008, they received the admonishment of this Court: "Except for good cause shown, therefore, the Court will not tolerate any further delay." Memorandum Opinion, Sept. 19, 2008 (misc. no. 08-442) (dkt. no. 464), 6. Yet, Respondents nevertheless defied the Court's scheduling order a second time one month later, producing factual returns in an order of their choosing without seeking prior permission for relief and presenting good cause. Respondents thus took an extra month beyond

---

[1] Petitioner also notes that he is one of the men at Guantánamo imprisoned the longest by the United States. He was abducted from his home in the middle of the night on November 1, 2001 and soon after transferred to U.S. custody. He has been in the custody of the United States without any opportunity for a fair hearing ever since. This demonstrates that, while the Court's establishment of the sequencing order served as an effort to create a rational way forward, it is not rational as applied to Petitioner's case. Indeed, under the Court's scheduling order, Petitioner is effectively penalized for having first sought relief under the Detainee Treatment Act of 2005, in August 2007, as Respondents consistently argued was his only cause of action to challenge his

the ordered time to complete the first fifty factual returns, and then did not even provide returns for seven of the fifty men waiting for court-ordered returns. Again, Respondents, after taking matters into their own hands and refusing to file the returns expected, frame their action as a "request to file factual returns . . . out of sequence." Respondents' Status Report Regarding the Filing of Factual Returns and Request for Exception from Sequencing, Sept. 30, 2008, (misc. no. 08-442) (dkt. no. 603), 1-2. Petitioner Barre's request merely recognizes that timing is critical and Respondents' delays coupled with an already extended schedule may frustrate his release because of the particular and unique circumstances of his case.

Second, since the filing of Petitioner's motion, Petitioner's counsel have learned that, on information and belief, U.S. Governmental representatives traveled to Somaliland in August or September 2008 and offered to return Petitioner Barre's father-in-law, the only other Somalilander imprisoned in Guantánamo, a proposal that was accepted by the government of Somaliland. Thus, if the Court does not grant Petitioner's motion, the unique circumstances required for his release to Somaliland to be realized may no longer be present at the time that his factual return is released and his habeas petition is heard.

These additional considerations coupled with the unique factors presented in Petitioner's motion merit the expedited processing of Petitioner Barre's factual return and a prompt habeas hearing. Petitioner's cross-motion should be granted.


Dated:   New York, New York
         October 3, 2008

                                        Respectfully submitted,

                                        Counsel for Petitioner:

---

detention, and for not having had access to an attorney to file a habeas petition in advance of the enactment of the Detainee Treatment Act.

3

  /s/ Emilou MacLean_____
Emilou MacLean (Pursuant to LCvR 83.2(g))
J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6424
Fax: (212) 614-6499