IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br>GUANTANAMO BAY<br>DETAINEE LITIGATION<br><br>YOUNOUS CHEKKOURI<br>    Petitioner,<br><br>v.<br><br>GEORGE WALKER BUSH, et al.<br>    Respondents. | Misc. No. 08-442 (TFH)<br><br><br><br><br><br><br>Civil Action No. 05-CV-0329 (PLF) |

## RESPONDENTS' REPLY IN SUPPORT OF MOTION
## FOR LEAVE TO AMEND FACTUAL RETURN

Respondents hereby submit this reply in support of the motion to amend the factual return pertaining to Petitioner Ahmed Abdaullah Al-Wazan, also known as Younous Chekkouri (Chekkouri or Petitioner).

Chekkouri first claims that the government's filing, including its factual return, should be stricken because it was unsigned. Mem. In Opp'n to Mot. For Leave to Amend at 2. But Respondents, through both a Rear Admiral and a Department of Justice attorney, did provide a signed filing, attesting that it contained "information used by the Department of Defense to establish the status" of Chekkouri as an enemy combatant.

Likewise, Chekkouri claims the United States has not "come close" to meeting the "good cause" standard under the Federal Rules of Civil Procedure to amend in these constitutional-habeas proceedings. *Id.* As explained in Respondent's motion to amend, however, evidence not part of the original record of the Combatant Status Review Tribunal ("CSRT") proceedings is now available to the Court as it considers the proper disposition of the habeas petitions. Moreover, the legal landscape has changed significantly during the nearly four years since the original CSRT record was compiled. *See Boumediene v. Bush*, 128 S. Ct. 2229 (2008). Updated factual returns are therefore appropriate. And there is no justification, where this habeas action

seeks prospective relief from detention as of 2008, for restricting the government's case to evidence considered by a CSRT in 2005.

Furthermore, and contrary to Petitioner's other arguments, the government has not delayed filing this amendment since 2005, but instead has timely sought relief within a reasonable time following the Supreme Court's June 2008 ruling. Petitioner's argument that he has not yet received an unclassified version of the amended return seems irrelevant to the bottom-line analysis about whether the government should be permitted leave to amend in light of the changes effectuated by *Boumediene*. In any event, the government is working to develop and provide such returns for detainee-petitioners, albeit under difficult resource constraints.

## ARGUMENT

In opposing Respondent's motion to amend, Petitioner makes four broad arguments, the substance of which ignore the motion's rationale as well as the Supreme Court's admonitions in *Boumediene*.

### A.     The Filing was Signed

*First*, Petitioner claims the Court should strike the factual return under Rule 11 of the Federal Rules of Civil Procedure, as well as the statutory rules governing habeas, *see* 28 U.S.C. § 2243, because, according to Petitioner, the factual return was unsigned. Opp'n to Mot. For Leave to Amend at 2. But to the extent these provisions apply, the government[1] did sign the filing: Rear Admiral David M. Thomas, Jr. signed a declaration attesting that the

---

[1] It is far from clear that the habeas statutes apply here. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 526 (2004) (noting implicitly that § 2243 is not binding); *Boumediene*, 128 S. Ct. at 2291 (same) (Roberts, C.J., dissenting). And the Federal Rules of Civil Procedure do not necessarily apply to statutory habeas petitions, let alone constitutional habeas claims such as this case. *See* Fed. R. Civ. P. 81(a)(4); Section 2255 Habeas Rule 12; *Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring); *see also Boumediene*, 128 S. Ct. at 2277 (petitioners are entitled to "fundamental" habeas rights but decision "does not address the content of the law that govern petitioners' detention."); *id.* at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring). Petitioner's reliance, therefore, upon the habeas statute and the Federal Rules of Civil Procedure, without citation or explanation of their applicability here, is presumptuous.

"attached narrative and supporting materials . . . establish the status of the individual . . . as an enemy combatant and . . . substantiate his detention as an enemy combatant at Guantanamo Bay, Cuba." As he stated, the factual narrative and supporting materials are an attachment to his declaration; thus, the narrative is not a separate "paper" as contemplated by the rule. *See* Fed. R. Civ. P. 11(a). Further, the overall submission has been signed by the Justice Department's attorney. In short, Petitioner presents no valid "signature" issue.

Moreover, even if an issue as to signing existed, which is simply not the case, Petitioner cites no severe prejudice (or any prejudice, for that matter) as a result of this alleged signing error, warranting denial of the motion to amend. *Cf., e.g., United States v. Kasuboski*, 834 F.2d 1345, 1348-49 (7th Cir. 1987) ("[F]ailure to sign will not cause a motion to be stricken unless the adverse party has been severely prejudiced or misled by the failure to sign.") (citing 5 Wright, Miller & Kane, FEDERAL PRAC. AND PROC. § 1334 (1987)). Indeed, the purpose of a factual return is to provide the facts upon which the respondent relies. *See Gladden v. Gidley*, 337 F.2d 575, 578 (9th Cir. 1964) (stating that "the provision of section 2243 that the return should certify 'the true cause of the detention' survives from an earlier form of the statute which did not provide for the show cause procedure [return]," and noting that the purpose of the show cause procedure [return] is for the opposing parties to "exhibit" the facts on which they rely) (quoting *Walker v. Johnston*, 312 U.S. 275, 284 (1941)).[2] This is precisely what Respondent has done in this return.

### B. The Legal Landscape Changed Considerably in Light of *Boumediene*, So Petitioner Has No Authority to Restrict the Evidence to the 2005 CSRT Record

*Second*, Petitioner asserts the government has not "come close" to meeting the "good cause" standard for amending its filing. In so doing, Petitioner effectively asserts the

---

[2] As one district court explained, "the return is made ... by a public officer who has no interest in the ultimate custody, and is not presumed to have any knowledge of the facts which determine it, and the only duty enjoined on him by the statute is 'to certify the true cause of the detention.'" *Ex parte Reaves*, 121 F. 848, 861 (M.D. Ala. 1903).

government should have known that, for the first time in history, it would have to defend constitutional habeas claims made by alien detainees held abroad during an ongoing conflict. Opp'n to Mot. For Leave to Amend at 3. For that reason, claims Petitioner, the United States should have known to put its "best foot forward" back in 2005, at the time it compiled and filed Chekkouri's CSRT record. *See id.*

As explained in Respondents' motion to amend, however, in defending petitioner's detention as an enemy combatant, the government is entitled to present to the Court its most appropriate case for detention. The Court is not reviewing past decisions of prior determinations of administrative tribunals, but rather is reviewing a prospective challenge to a petitioner's detention as an enemy combatant today. The government, therefore, should not be restricted to the specific materials included in the returns previously filed, which were compiled nearly four years ago. Prior returns submitted in this and other Guantanamo Bay detainee cases were comprised of the records of the CSRT proceedings convened for petitioners that were produced in a legal context different from the one in which this matter now proceeds. And evidence not part of the original CSRT record is now available to the Court as it considers the proper disposition of the habeas petitions. Moreover, the legal landscape has changed significantly during the nearly four years since Chekkouri's original CSRT record was compiled. *See Boumediene*, 128 S. Ct. 2229. An updated factual return is therefore appropriate.

Just as the government is submitting evidence beyond the CSRT records to justify its determination to detain enemy combatants in those cases in which no factual return has yet been filed, it should be permitted to submit such a return here, as doing so will represent its most appropriate case for the non-punitive detention of a petitioner as an enemy combatant today. There is no justification, where this habeas action seeks prospective relief from detention as of 2008, for restricting the government's case to evidence considered by a CSRT in 2005. As a general matter, such a restriction in the Guantanamo cases would preclude the Court from considering any wartime intelligence developed by the United States during the past three years.

Equally, if not more significantly, in light of legal developments since 2005, a time-bound restriction would risk the erroneous release of actual enemy combatants—and thus, the return of those combatants to the battlefield to wage further war against American soldiers and civilians.[3]

### C. The United States Has Not Unreasonably Delayed Seeking Leave to Amend

*Third*, Petitioner argues that Respondents should not benefit from "its own" delay here, adding that the case could have "proceed[ed] to trial" by now had the government opted not to appeal. Opp'n to Mot. For Leave to Amend at 4. Not only does Petitioner's argument ignore that Respondents prevailed on jurisdictional issues in the Court of Appeals, but again, the government has not delayed in seeking leave to file these returns. As explained in the government's opening brief, it has timely sought the relief of filing an amended return within a reasonable time from the Supreme Court's June 12, 2008 *Boumediene* decision. That updated information will help this Court reach a proper determination on the merits and avoid courting the very danger that Petitioner's arguments entail, *viz.*, the risk of erroneously releasing an enemy combatant.

### D. The United States is Working Expeditiously Under the Circumstances to Provide an Unclassified Return

*Fourth*, Petitioner complains that he has not yet received an unclassified version of the amended factual return filed with the Court. Opp'n to Mot. For Leave to Amend at 5. The argument seems to have no bearing on the precise issue of whether or not the government should

---

[3] For the reasons discussed in the government's opening brief and above, the Court need not address Petitioners' suggestion that the government must specify, for each of the numerous detainees making habeas claims, the new evidence they discovered after 2005. *See* Pet'r Opp'n to Mot. For Leave to Amend at 4. Nonetheless, a review of Chekkouri's amended return illustrates that the government indeed has included new pertinent information.

be allowed to amend its prior return. The government, however, recognizes the need to provide an unclassified version of the amended return and is working to produce such a version in this case as well as in all the other pending habeas cases. At the same time, it bears emphasis that the resources needed to produce the numerous classified factual returns are the same resources needed to compile the unclassified versions, as well.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion for leave to amend and file the amended factual return at issue in this case.

Dated: October 6, 2008            Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

/S/ Arlene Pianko Groner
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 27191)
TERRY M. HENRY
JUDRY L. SUBAR (D.C. Bar No. 347518)
ARLENE PIANKO GRONER (D.C. Bar No. 271361)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel: 202.305.4193
Fax: 202-305-2685

Attorneys for Respondents