IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) ) ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY DETAINEE LITIGATION | ) ) ) ) | Civ. Action No. 08-0987 |

**PETITIONER'S EMERGENCY MOTION TO RESOLVE SCHEDULING OF CLIENT VISIT REQUEST**

**[HEARING REQUESTED]**

Petitioner Moammar Badawi Dokhan in the above-captioned case, through his attorneys, respectfully requests this Court to resolve immediately the scheduling of counsel's visit to Guantanamo Bay. Immediate resolution is required because counsel must obtain client authorization, per order of the Court, before the end of the month, and counsel's visit request has been pending for five weeks now with no decision from Respondents as to whether counsel can visit her client the week of October 13-17. Petitioner's counsel further requests the Court to hold an emergency telephonic hearing as soon as practicable, if necessary, in order to resolve the scheduling, as Respondents have shown to be unresponsive and unable to approve or deny counsel's visit request.

**BACKGROUND**

Pursuant to the Court's order of July 29, 2008, counsel is required to obtain authorization from Petitioner to pursue the action in the above-captioned case. Counsel is required to do so within 90 days of the order, which is October 29, 2008. In order to comply with the Court's order, counsel for Petitioner Dokhan, Kristine Huskey (a law professor and Director of the

National Security & Human Rights Clinic at the University of Texas School of Law), embarked on the following course of action, which can be corroborated by the chain of electronic correspondence between counsel and Respondents.

On August 28, 2008 counsel submitted a completed Habeas Visit Coordination Sheet to Respondents, requesting a visit be scheduled for the dates of October 13-16, 2008. *See* Exhibit A. Counsel submitted the request for these days because co-counsel for Petitioner, Scott Sullivan, would also be at Guantanamo Bay during this period. Counsel Sullivan, also a law professor at UT School of Law, is associated with the law firm of Allen and Overy (A&O)(who are habeas counsel to several detainees) and represents A&O's clients as well as Petitioner Dokhan. Counsel Sullivan briefly attempted, unsuccessfully, to consult with Petitioner when he was visiting A&O's clients at the base in August. Counsel Huskey accompanied the original visit request with an explanation of her intent to coordinate her visit with a visit already scheduled for Counsel Sullivan by A&O, with whom she would share an interpreter. *See* Exhibit B.

Counsels Huskey and Sullivan represent Petitioner through a clinical program at the University of Texas School of Law, a public institution with limited resources. Counsel Huskey arranged with Counsel Sullivan to share an interpreter during the week of October 13 in an attempt to conserve resources. Counsel Huskey explained these circumstances to Respondents in the email accompanying her visit request. *See id.* Respondents acknowledged receipt of the visit request on August 29, 2008, and on the same day requested that counsel file a Memorandum of Understanding Regarding Access to Classified National Security Information and Acknowledgment, as required by the protective order entered by the Court, in its order of July 29, 2008, in the above captioned case. Counsel promptly complied, notifying Respondents

within hours of the request, on August 29, 2008. *See* Exhibit C. Counsel's Memorandum of Understanding is attached. *See* Exhibit D.

On September 10, 2008, having received no further correspondence from Respondents, counsel requested an update as to the status of her request, reminding Respondents of the Court's deadline to obtain client authorization, and discussing the expense involved in re-scheduling flights. Counsel also indicated her willingness to be flexible in scheduling her visit. Respondents exchanged a series of emails with counsel that day, without providing counsel any indication of the status of her request, saying little more than that the request would not be forwarded unless it was complete and all documents were filed with the court. Counsel responded by indicating that she was working under the assumption that her request was complete and had been forwarded to Guantanamo Bay. Respondents did not reply to correct this assumption. Indeed, throughout the exchange of multiple emails, Respondents failed to indicate any problems with counsel's visitation request. *See* Exhibit E.

On September 16, 2008, pursuant to the Court's entering of a new protective order on September 11, 2008, counsel filed a new Memorandum of Understanding Regarding Access to Classified National Security Information and Acknowledgment. *See* Exhibit F.

On September 24, 2008, more than three weeks after her initial request on August 28, having still received no indication as to the status of her request, counsel again requested an update. In this correspondence, counsel reminded Respondents both of the expense involved in re-scheduling flights and of the limited resources at her disposal. Respondents did not reply until five days later, on September 29, when Respondents' counsel indicated a problem with the original request, as it appeared to conflict with a visit request submitted by A&O. *See* Exhibit G. Respondents' counsel requested correction and resubmission. Counsel Huskey responded that

- 3 -

the discrepancy was explained by her plan to coordinate and share resources with A&O, as she had indicated in the correspondence accompanying her original visit request, submitted August 28, 2008.  Respondents responded by informing Petitioner's counsel that she should submit a revised visit request form.

In light of the Court's approaching deadline for client authorizations, counsel became concerned that Respondents would not approve of her original request, in which she would share Professor Sullivan and A&O's translator.   Therefore, counsel modified her plans to avoid the complications of sharing resources. Counsel Huskey responded on October 1, 2008, with a revised visit request reflecting this modification of plans.  *See* Exhibit H.  The revised request called for counsel to visit with Petitioner in the same week as the original request, changed only by two days, from October 13-16 (original request) to October 15-17 (revised request).  The revised request also called for counsel to use a different interpreter.   The interpreter on the revised visit request was chosen because he has already been cleared to be on the base and will be working with Buz Eisenberg and Jerry Cohen from October 13-15.  The interpreter had agreed to extend his visit, and to allow Petitioner's counsel to share the expense of his trip with Mr. Eisenberg and Mr. Cohen, who had also approved and agreed to share their interpreter. These circumstances were explained to Respondents in the email accompanying the revised visit request.  Respondents acknowledged receipt of the revised request on October 2, 2008.  *See* Exhibit I for all correspondence discussed in this paragraph.

On October 2, 2008, as the Court's client authorization deadline loomed less than a month away, Respondents' 21-days advance notice requirement for visit requests left counsel with little time to schedule another visit if her revised request were rejected.  Thus, counsel requested an update as soon as possible.  Later that same day, having received no response,

counsel notified Respondents that if she received no response by 4:00 p.m. on October 6, 2008, she would seek resolution before the Court. *See* Exhibit J. As of the date of this motion, no response has been received from Respondents.

**ARGUMENT**

Prompt resolution of this matter is necessary for counsel to comply with the Court's July 29, 2008 order requiring client authorization by October 29. Counsel has been diligent in complying with the Court's July 29, 2008 order, as indicated by Counsel Sullivan's brief attempt to visit Petitioner Dokhan in mid-August followed by Counsel Huskey's request on August 28 to visit their client Dokhan in mid-October, a date chosen far enough in the future to provide both parties maximum flexibility. The course of counsel's dealing with Respondents, as outlined above, suggests that, left to their own devices, Respondents are unlikely to resolve counsel's visit request in a reasonable amount of time for counsel to coordinate flights, secure a translator, and make all necessary travel arrangements to go to GTMO, which Respondents know is no simple task.

In the first instance, counsel sees no reason for which Respondents can reasonably deny approval of either of the two previously submitted visit requests. Counsel Huskey has obtained the proper security clearance to travel to Guantanamo Bay, and has traveled there on several previous occasions to visit other clients. Just as importantly, the translators Counsel Huskey has named in her visit request have each been properly cleared to visit Guantanamo Bay, and in fact, both are already approved to be there on the dates requested. Of further note, other attorneys have already been approved to be at Guantanamo Bay during the entire week in which the requested dates fall (October 13-17), indicating that the base is open to visitors during those

dates. Moreover, Respondents have never indicated during the entire five week pendency of counsel's visit request that there were any operational activities or concerns that might prevent a visit on the requested dates. Counsel Huskey, knowing that such concerns can be an obstacle to a habeas visit, specifically suggested to Respondents that if the time period requested was not convenient, Respondents could suggest another time period that is convenient. Respondents made no such suggestions.

There is no time for any further delay as the flights back and forth to Guantanamo are filling up and travel arrangements need to be made. The longer Respondents wait, the more costly it becomes to Petitioner if a flight can even still be secured, as Counsel Huskey has pointed out several times and of which Respondents are well aware. Plainly stated, it is inequitable and unreasonable for Respondents to wait an entire month without indicating whether counsel's request to visit her client is approved or denied, for a trip that is now less than ten days away. As a result of Respondents' delay, Petitioner's counsel now needs to seek this Court's assistance and intervention in a simple matter of scheduling a visit to meet with her client.

Ultimately, Petitioner's counsel would like approval to visit her client from October 15-17 without further delay and further waste of the parties' and this Court's resources. Rather than waste more time in briefing this urgent matter, Petitioner's counsel is ready, willing and available to participate in a telephonic hearing at any time if the Court believes it is necessary to resolve this matter.

**CONCLUSION**

Petitioner respectfully requests the Court to resolve scheduling counsel's visit to Guantanamo Bay to meet with her client on October 15-17 (in the alternative, October 13-16 in the event the flights are already full) and to hold an emergency telephonic hearing if necessary.

Dated: October 6, 2008

Respectfully submitted,

*Counsel for Petitioner Dokhan*
(08-cv-0987)

 /s/ Kristine A. Huskey
Kristine A. Huskey
D.C. Bar #462979
Scott Sullivan
National Security & Human Rights Clinic
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
Tel: 512-232-3657
Fax: 512-232-0800

Shayana D. Kadidal
D.C. Bar ID #454248
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: 212-614-6438
Fax: 212-614-6499

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| **IN RE:** | ) | **Misc. No. 08-442 (TFH)** |
|  | ) | |
| **GUANTANAMO BAY** | ) | **Civ. Action No. 08-0987** |
| **DETAINEE LITIGATION** | ) | |
| _____) | | |

## **ORDER**

It is hereby:

**ORDERED** that Petitioner's Motion to resolve scheduling of client visit request, is **GRANTED**. It is further

**ORDERED** that the Court will hold a telephonic hearing to resolve scheduling of Petitioner's client visit request on the 7th day of October, 2008, at _____.

**SO ORDERED.**

_____

United States District Judge Thomas F. Hogan

## CERTIFICATE OF SERVICE

I, Eddie Maraboto, hereby certify that I today caused a true and accurate copy of the PETITIONER'S EMERGENCY MOTION TO RESOLVE SCHEDULING OF CLIENT VISIT REQUEST to be served electronically via the Court's Electronic Case Filing system, which will send notification of such filings to all counsel of record.

                                                /s/ Eddie Maraboto
                                                Eddie Maraboto

Dated: October 6, 2008