UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Rahim ali-Nashir,

            Petitioner,

            v.

Robert M. Gates, et. al.

            Respondents.

DECLARATION OF SCOTT L. FENSTERMAKER, ESQ. PURSUANT TO 28 U.S.C. §1746

Civil Docket Number 08-1085
Civil Docket Number 08-1207
Misc. No. 08-0442 (TFH)

SCOTT L. FENSTERMAKER, ESQ. (hereinafter, the "Declarant"), an attorney practicing before this Court pursuant to Local Rule 83.2(g), hereby declares, under the penalties of perjury, pursuant to 28 U.S.C. §1746, the following:

1) I am an attorney at law, practicing before this Court pursuant to Local Rule 83.2(g). I am admitted in the courts of New York State, the United States District Courts for the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second Circuit and the District of Columbia Circuit, and the United States Supreme Court.

2) I am familiar with the facts stated below and file this declaration in support of Petitioner's motion for an expansion of time to file a response to the Court's October 3, 2008 Order to Show Cause.

3) Pending before this Court are duplicate *habeas corpus* petitions filed on Petitioner's behalf, one by the undersigned (08-cv-1085), and the other by the Federal Defender for the District of Nevada, by Paul G. Turner, Esq. (08-cv-1207). By Order of this Court, dated October 3, 2008, this Court directed the undersigned to demonstrate why the instant action should not be dismissed. As demonstrated below, there exists a good cause basis for granting the

1

undersigned an expansion of time to respond to the Court's October 3, 2008 Order to Show Cause.

4) On Wednesday, October 1, 2008, I received a letter, dated May 27, 2008, from Petitioner herein. In his May 27, 2008 letter, Petitioner informed me that he was terminating the services of "Mr. Paul" and that he was retaining me as his attorney.[1] Petitioner's May 27, 2008 letter also informed me that Petitioner had sent Mr. Turner a letter, also dated May 27, 2008, informing Mr. Turner of the termination of Mr. Turner's authority to represent Petitioner. Mr. Turner has never, to my knowledge, acknowledged receiving such a letter. I have written Mr. Turner in an effort to discuss Petitioner's May 27, 2008 letters in the hope of resolving this representation dispute without further Court intervention. Mr. Turner has not responded to my request to discuss this matter.

5) In addition, by e-mail dated July 1, 2008, the government notified me that I am not permitted to send privileged mail to detainees at Guantánamo Bay. Since that time, five of my letters to Petitioner were rejected by Respondent and his subordinates and returned to my office without delivery to Petitioner. Included in some of these letters were specific requests that Petitioner clearly define the scope of my authority to act on his behalf. In addition to refusing to deliver my privileged mail to Petitioner and other clients detained at Guantánamo Bay, the Department of Defense also rejected some of my non-privileged letters sent to my clients at Guantánamo Bay.

6) As a result of the government's interference and refusal to deliver my mail, I have not been able to communicate with Petitioner to notify him of my agreement to represent him.

---

[1] Petitioner's reference to "Mr. Paul" is apparently a reference to Paul G. Turner, Esq., the assistant federal defender for the District of Nevada responsible for filing Petitioner's petition in 08-cv-1207.

2

While the government has refused to deliver my correspondence to Petitioner and other detainees who have asked me to represent them, the government has permitted delivery of some correspondence written to me by the detainees.[2] With my ability to communicate with the detainees thus obstructed, these detainees, including Petitioner, are left with the impression that their requests for my assistance are being ignored. Moreover, as a direct consequence of the government's refusal to deliver my mail on its stated claim that privileged mail sent over the non-legal mail system is prohibited, these same detainees have no knowledge of my actions as their attorney before this and other courts on their behalf. Much of the rejected correspondence I have sent to Guantánamo Bay detainees contains copies of court filings made on their behalf and by others opposing my efforts.

7) Three separate detainees facing military commissions' charges, including Petitioner, have asked me to represent them. Civilian attorneys must be a member of the Pool of Qualified Civilian Defense Counsel (the "Pool") in order to represent detainees before the military commissions. Until I received a notice dated August 29, 2008 to the contrary, I was a member of the Pool. By letter dated August 29, 2008, Colonel Steve David, the Chief Defense Counsel for the Office of Military Commissions, notified me that he has suspended me from the Pool. In his letter notifying me of my suspension, Colonel David stated that his "decision to suspend [my] conditional qualification is based upon [his] professional judgment that [my] activities throughout the past year, as well as [my] interactions with certain of [his] uniformed defense counsel, have been counterproductive to the mission of [his] office." He also claimed that I "have not been forthright with regard to [my] representational status of certain detainees, and [my] interference in these cases has made the job more difficult for assigned counsel."

---

[2] I have received a total of three letters from Petitioner, each of which is available for this Court's *in camera* and *ex parte* review.

Colonel David provided me with no advance notice that I might be suspended, or accorded me any hearing to challenge his determination. While I have provided this Court with information regarding my suspension from the Pool for informational purposes, my suspension from the pool of attorneys permitted to represent detainees before the military commissions does not affect my ability to represent Petitioner, and other detainees, before this or any other federal court.

8) Although I have represented Guantánamo Bay detainees since the Fall of 2007, the government has never permitted me to travel to Guantánamo Bay to meet with any of these detainees, including Petitioner. Furthermore, the government has never acted upon my application for the security clearance necessary to represent Petitioner and the other detainees I represent. My security clearance application was first filed in March of 2008.

9) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
October 6, 2008

By: *Scott L. Fenstermaker* 
Scott L. Fenstermaker, Esq.