# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE:

GUANTANAMO BAY
DETAINEE LITIGATION

Misc. No. 08-442 (TFH)

Civil Action Nos.

04-CV-1194, 05-CV-0280, 05-CV-0748, 05-CV-0994,
05-CV-0999, 05-CV-1347, 05-CV-1353, 05-CV-1504,
05-CV-1505, 05-CV-2349, 05-CV-2385, 05-CV-2386,
05-CV-2479, 06-CV-0618, 08-CV-1185, 08-CV-1221

The above-listed petitioners request a hearing as soon as is practicable to ensure their right to "a prompt habeas corpus hearing." *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008). This Court's September 19, 2008 Order allows Respondents to avoid this Court's previously-imposed filing deadlines for factual returns or motions to amend such returns for petitioners "approved for transfer or release from the United States Naval Base at Guantanamo Bay, Cuba." *See* Exhibit A, Case No. Misc. 08-442 (TFH) September 19, 2008 Order.

This group of petitioners request the opportunity to present evidence that many have been languishing in prison for extended periods of time although they have been "approved for transfer or release." *See* Exhibit B. Four petitioners who have been transferred from Guantánamo are also included in this group. *See* Exhibit C. Absent a deadline to produce factual returns, or an order requiring frequent, case-specific updates about efforts to effect their release or transfer (and the proposed transfer location), each prisoner fears that he will

continue to remain incarcerated indefinitely at Guantánamo Bay or stigmatized and restricted as a result of he "enemy combatant" designation.[1]

At the proposed status conference, petitioners can elaborate to the Court why simply labeling these petitioners as "approved for transfer or release" affords them no meaningful relief. Many have been "approved for transfer or release" for extended periods without any indication that substantial good faith efforts to effect such release are being made. For example, seven of the seventeen petitioners above-listed petitioners were notified that they were cleared for release at least one year and seven months ago, yet they remain incarcerated at Guantánamo Bay. *See* Exhibit B (listing date petitioners were notified of approval for release or transfer).

Petitioners conferred with Respondents who indicated that they oppose the request for a status conference.

**I.**

**THE "APPROVED FOR TRANSFER OF RELEASE" PETITIONERS SEEK AN IMMEDIATE STATUS CONFERENCE REGARDING THE CONTINUED INDEFINITE INCARCERATION OF THE PRISONERS DEEMED MOST DESERVING OF RELIEF.**

The Respondents no longer have any reason or desire to detain these petitioners. However, under the Court's September 19, 2008 Order ensuring their release is now the

---

[1] This motion seeking a status conference is brought on behalf of seventeen petitioners who are approved for transfer or release but who remain detained at Guantanamo Bay, *see* Exhibit B (list of case numbers and names of detained petitioners), and four petitioners who were transferred from Guantánamo Bay but still designated "enemy combatants" and suffer collateral consequences resulting from such designation. *See* Exhibit C (list of transferred petitioners).

lowest of Respondents' priorities because there is no judicial pressure for the Respondents to act. This is contrary to the Supreme Court's holding that "the costs of delay can no longer be borne by those who are held in custody." *Boumediene*, 128 S. Ct. at 2275. The failure to require returns also undermines the Resolution of the Executive Session of this Court, which was designed to expedite these cases. *See* Misc. No. 08-442 (TFH) July 2, 2008 Order.

Pursuant to the July 21, 2008 Resolution of the Executive Session of the judges of the District of Columbia, this Court was designated to coordinate and to manage the proceedings involving the above petitioners. This was done "so that these cases can be addressed as expeditiously as possible per the Supreme Court's decision in *Boumediene v. Bush . . . ."* *Id*. Acting in accordance with this directive, on July 11, 2008, this Court established August 29, 2008 as the deadline for Respondents to file factual returns. *See* Misc. No. 08-442 (TFH) July 11, 2008 Order. Respondents sought and obtained extensions of time from that deadline, but this Court, without further explanation, relieved Respondents of the obligation to file factual returns or motions to amend any previously-filed return indefinitely. *See* Exhibit A, Misc. No. 08-442, September 19, 2008 Order. The Respondents' motion seeking partial and temporary relief did not even request this. *See* Misc. No. 08-442 (TFH), Respondents Motion filed August 29, 2008.

Petitioners who have been "cleared for release" yet continue to languish at the Guantánamo Bay Naval Base seek an immediate status conference or alternatively, an order compelling the Respondents to produce factual returns in their cases. Originally, this Court ordered production of factual returns for this group of individuals, who are arguably, the

most worthy group of prisoners because no one believes they should remain detained at Guantánamo. Indeed, government officials clearly believe they do not pose a threat to the United States sufficient to justify detention, and have recommended their release. In spite of this, the Court *sua sponte* relieved the Respondents of any obligation to justify the petitioners' ongoing detention, thus allowing Respondents indefinitely to detain them.

As Exhibit B, attached to this motion, demonstrates, seven individuals on the list of 17 have been cleared for release since February 2007. Notwithstanding their approval for release or transfer, the prisoners have remained detained for the past year and seven months without any evidence of any progress, or even that any demonstrable good faith efforts were made, to effect their release. The remaining eight petitioners have been detained for anywhere between two and eight months, after learning that they were cleared for release, again without any evidence that they will be released or transferred anytime soon. Hence, the petitioners' fears that they will be indefinitely detained are real, and they wish to address them with the Court.

## II.

## THE TRANSFERRED/RELEASED PRISONERS STILL SEEK REDRESS.

Similarly, the transferred prisoners included in this motion seek an immediate status conference regarding the collateral consequences they continue to suffer from their designation as enemy combatants and the conditions of their transfers. *See* Exhibit C (listing petitioners on the Case No. Misc. 08-442 (TFH) docket who have been transferred). The Court has jurisdiction over these cases under well-established habeas corpus law. While

cases can be reasonably prioritized, the Respondents should not be relieved of the obligation to file a return within twenty days. *See* 28 U.S.C. § 2243. Therefore, this Court should order their production and review their habeas corpus claims as well.

## III.

## CONCLUSION

The above-listed Petitioners respectfully request a status hearing to address their entitlement to meaningful habeas corpus relief.

Respectfully submitted,

Dated: October 7, 2008

/s/ Shereen J. Charlick
Steven F. Hubachek
Stephen D. Demik
Ellis M. Johnston, III.
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
619-234-8467 (ofc)
619-687-2666 (fax)
*Counsel for Petitioner Al-Khalaqi*

/s/ George Clarke
George Clarke
Miller & Chevalier Chartered
655 15th Street, N.W.
Suite 900
Washington, D.C. 20005
(W) (202) 626-1573
(M) (703) 598-5121
*Counsel for Petitioner Yafie*

/ A. Stephens Clay
A. Stephens Clay
KILPATRICK STOCKTON LLP
1100 Peachtree St., Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
sclay@kilpatrickstockton.com
*Counsel for Petitioners Ali LNU and Hamiduva*


/s/ Michael E. Mone, Jr.
Michael E. Mone Jr.
(MA BBO #634607)
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110
(617) 482-0333
*Counsel for Petitioner Jamolovich*


/s/ Matthew J. O'Hara
Matthew J. O'Hara
Lowell E. Sachnoff
Matthew J. O'Hara
Adam R. Chiss
(Each Pursuant to LCvR 83.2(g))
Brian C. Lewis (D.C. Bar No. 476851)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000
mohara@reedsmith.com
*Counsel for Petitioner Hijazi*

Shayana Kadidal (D.C. Bar No. 454248)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Of Counsel

  /Allison M. Lefrak
Douglas K. Spaulding
Gary S. Thompson
Allison M. Lefrak
Rick W. Roberts
REED SMITH LLP
1301 K Street, NW
Suite 1100 - East Tower
Washington, DC 20005
Phone: (202) 414-9220
*Counsel for Petitioner Al-harbi*

-- and --

Bernard J. Casey, D.C. Bar No. 112219
Casey ADR Services
3018 NE 32nd Place
Portland, OR 97212
Phone: (415) 515-0855

- and -

CENTER FOR CONSTITUTIONAL RIGHTS
Gitanjali S. Gutierrez (NY1234)
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Counsel for Petitioners

/s/ Shawn Nolan
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Shawn Nolan (PA 56535)
Cristi Charpentier (PA 62055)
Matthew Lawry (PA 87221)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100
*Counsel for Petitioners Tohirjanovich*,
*Feghoul*

 /s/   Jerry Cohen
Jerry Cohen (MA # 116413)
BURNS &LEVINSON
125 Summer Street
Boston, MA 02110
tel: (617) 345 3000
fax: (617) 345 3299
e-mail: jcohen@burnslev.com

- and -

 /s/ Stewart Eisenberg
Stewart Eisenberg (MA #152180)
WEINBERG & GARBER, P.C.
71 King Street
Northampton, MA 01060
Tel: (413) 582-6886
Fax: (413) 582-6881
e-mail: buz.e@verizon.net
*Counsel for Petitioners Mohammed and Qadir*



Joseph E. O'Neil
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 North Independence Mall West
Suite 500
Philadelphia, Pennsylvania 19106
(215) 351-7901
*Counsel for Petitioner Salman*

CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6485

*Counsel for Petitioners*

 /s/  Joseph Berman
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA  02110
Tel:  617-951-2800
Fax:  617-951-2819

-and-

 /s/ Zachary Katnelson
Zachary Katznelson
Cori Rider
Ahmed Ghappour
REPRIEVE
P.O. Box 52742
22 Tudor Street
London, UK  EC4Y 0AY
Tel:  011 44 207 353 4640
Fax:  011 44 207 353 4641
zachary@repreive.org.uk
*Counsel for Petitioners Abdullah and Belbacha*


 /s/  Meghan Winokur
Meghan Winokur
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8390
Fax: (303) 975-5456
Email: mwinokur@hollandhart.com
*Counsel for Petitioners Saib, Nabil and Hawary*

DAVIS WRIGHT TREMAINE LLP

  /s/ Richard L. Cys
Richard L. Cys (D.C. Bar No. 87536)
Lisa B. Zycherman (D.C. Bar No. 495277)
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, D.C. 20006-3402
Telephone:	(202) 973-4217
Facsimile:	(202) 973-4499
Email:	rickcys@dwt.com
Email:	lisazycherman@dwt.com

   /s/ James P. Walsh
James P. Walsh (D.C. Bar No. 930115)
Suite 800
505 Montgomery Street
San Francisco, CA 94111-6533
Telephone:	(415) 276-6500
Facsimile:	(415) 276-6599
Email:	budwalsh@dwt.com

*Counsel for Petitioner Madni*


  /s/  Julie Withers
Julie Withers, Associate
Allen & Overy LLP
1221 Avenue of the Americas
New York, NY  10020
Tel:  (212) 610-6300
Fax:  (212) 610-6399
*Counsel for Petitioner Mahdi*