FILED WITH THE
COURT SECURITY OFFICER
CSO: Mikulson
DATE: 10/17/08
Cleared for filing on public record

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil Action No. 1:05-0569 (JR) |
| ) | |

**OPPOSITION TO RESPONDENTS' MOTION FOR EXCEPTION FROM
THE COURT'S JULY 11, 2008, SCHEDULING ORDER REGARDING SEQUENCING**

On September 30, 2008, the government filed a pleading styled "Respondents' Status Report Regarding the Filing of Factual Returns and Request for Exception from Sequencing." (Misc. No. 08-442, dkt. 604; Civil No. 05-0569, dkt. 122) (hereafter, "Respondents' Motion"). For the reasons set out below, petitioner Mohamedou Ould Slahi respectfully asks the Court to deny the government's request for exception from sequencing, to preclude the government from filing a motion to amend the factual return in his case, and to certify the case as ready for discovery and hearing.

Under the Court's July 11, 2008, Scheduling Order (Misc. No. 08-442, dkt. 53; Civil No. 05–0569, dkt. 96), the government was required to file any motion to amend its earlier factual return in Mr. Slahi's case[1] no later than August 29, 2008. By Order and Memorandum Opinion entered September 19, 2008, (Misc. No. 08-442, dkts. 464 and 465; Civil No. 05-0569, dkts. 116 and 117), the Court allowed the government until September 30, 2008, to file any motion to

---

[1] The original factual return was filed on October 6, 2005 (No. 05-0569, dkt. 35).

amend. In granting this extension of time, however, the Court repeated the language of the Supreme Court's decision in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008), regarding the importance of prompt consideration of the habeas corpus applications of the Guantanamo prisoners, and concluded by noting that "Except for good cause shown, therefore, the Court will not tolerate any further delay." (Memorandum Opinion 6). "Good cause" was defined in the Scheduling Order as a showing that "an individual factual return is significantly more complicated than others or a particular detainee's circumstances present unique issues that require more time to complete."

First, all seven of the petitioners whom the government seeks to leave out of the sequence have been lumped together, with no particularized showing as to any of them. Instead, the government claims that this action as to all seven "reflects primarily issues related to the clearance of proposed evidence for use in the factual returns, or has resulted from unique issues related to evidence proposed for use in connection with specific returns." (Respondents' Motion 2). The government's representation in its motion does not meet the standards set forth in the Scheduling Order of a showing as to "an individual factual return" or the situation of "a particular detainee."

Second, behind the bland statement that the departure from the sequencing order in Mr. Slahi's case might be attributable to "unique issues related to evidence" lies an ugly tale of U.S.-directed rendition to Jordan (a country identified by the Department of State[2] as a venue for torture of prisoners), followed by a program of savage interrogations at Guantanamo Bay

---

[2] See the annual Country Reports on Human Rights Practices, which details beatings and deaths in Jordanian custody. We attach the opening pages of the 2007 report, which is typical of the reports that the Department of State has issued on Jordan for some years, as Exhibit 1.

authorized at the highest levels of the U.S. government. To say that the government now has "issues related to evidence" is putting the matter mildly. Lieutenant Colonel Stuart Couch, the prosecutor who had been assigned to bring Mr. Slahi to a Military Commission trial, concluded that there was no untainted evidence against him, and he refused to prosecute the case.[3] Colonel Couch was not alone in his views. An FBI agent informed his superiors in Washington in 2003 that he believed that the interrogation tactics had produced no helpful information and had "destroyed any chance" of prosecuting Mr. Slahi, and a Deputy Assistant Attorney General for the Criminal Division stated that a proposal to fly Slahi around in a helicopter as an interrogation technique was, in his opinion, torture. Department of Justice Office of Inspector General, *A Review of the FBI's Involvement in and Observations of Detainee Interrogations in Guantanamo Bay, Afghanistan, and Iraq,* at 126-127 (May 2008).

Moreover, it is clear that permission to depart from the Court's sequencing order will occasion an indefinite delay in the adjudication of Mr. Slahi's case. Upon learning that the government's motion to amend the factual return would not be ready for filing on September 30, Mr. Slahi's counsel offered to consent to a thirty-day extension of time. This offer was quickly rejected.[4] As we argued in Mr. Slahi's Memorandum in opposition to the government's motion for relief from the Scheduling Order (Misc. No. 08-442, dkt. 475; Civil No. 05-0569, dkt. 112), the Freedom of Information Act litigation connected to his situation has occasioned an

---

[3] See Jess Bravin, *The Conscience of the Colonel*, Wall Street Journal at A1 (March 31, 2007), attached as Exhibit 2.

[4] See the September 30, 2008, E-Mail exchange between Terry Henry (for the government) and Sylvia Royce (for Mr. Slahi), attached as Exhibit 3.

exhaustive and very recent review by the government of all of its files relating to Mr. Slahi.[5] Nevertheless, the government now tells the Court, it is not prepared to take the next step in defending Mr. Slahi's detention in a habeas corpus proceeding.[6] We submit that the government has not moved to amend the factual return because there is no amendment which it could offer to improve its case for detaining Mr. Slahi. Hence, it seeks delay only for the sake of delay.

This is precisely the sort of foot-dragging that the Court should not countenance. On November 20, 2008, Mr. Slahi will have been incarcerated continuously with no recourse to habeas corpus for seven years. Few if any of the Guantanamo prisoners have been incarcerated longer than he. The Supreme Court spoke, first in *Rasul v. Bush* and later more pointedly in *Boumediene v. Bush*, about the rights of the Guantanamo detainees to prompt habeas corpus hearings in this, the U.S. District Court for the District of Columbia, *Boumediene v. Bush* at 2276. The Great Writ exists to force the sovereign to produce the detainee and explain why it is imprisoning him. We submit that for Mr. Slahi, that time is at hand.

---

[5] As the government told the Court in the FOIA litigation six weeks after the *Boumediene* decision, "all . . . DoD components that were initially tasked to process plaintiff's FOIA request conducted searches that were reasonably calculated to locate all documents relating to plaintiff." (Dkt. 35 at 11, 13.) The government's motion for partial summary judgment assured the Court that, consistent with the duty to segregate and disclose releasable material in FOIA cases, every line of every document in the possession of DoD had been considered. Senior Department of Defense officials submitted affidavits attesting to the thoroughness of the search and the line-by-line scrutiny of documents within their area.

[6] With respect to the FOIA litigation, the District Court (Judge Robertson) recently consolidated the cases and stayed them, stating that the information Mr. Slahi was seeking in the FOIA litigation was "the kind of information that would be contained in a factual return in habeas corpus." (Case No. 06-0597, dkt. 38.) If no amended factual return is produced in the habeas action, and thus no opportunity to traverse that return is presented, the Court's decision to stay the FOIA litigation cannot remain unchallenged.

Finally, we submit that the Court should reject the government's offer to defend its motion *ex parte* and *in camera* as inconsistent both with Mr. Slahi's rights and those of the press and public. Because the government has again lumped the seven petitioners whose cases it wishes to take out of sequence into one undifferentiated group, it has not made the sort of particularized showing which should be required to close a courtroom. The three alternative possible reasons relied upon by the government – that a public hearing would risk improper disclosure of classified information *or* compromise its attorney-client privilege *or* its work product privilege – are not at all persuasive. All of the undersigned lawyers have appropriate security clearances[7] and a need to know the government's justification for delaying a hearing on Mr. Slahi's case, and the work product and attorney-client privileges should be construed narrowly against their proponents as they are in derogation of the search for truth. *United States v. Nixon*, 418 U.S. 683, 710 (1974). In addition, the press and public have a presumptive right to attend such hearings. *See Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980), and the cases cited therein. Should the Court be inclined to hear the government on its motion, we move for an on-the-record hearing pursuant to LCvR 7(f). If after an open hearing the Court rules that the government has produced adequate justification for it, the Court can move to an *ex parte* and *in camera* session.

WHEREFORE, Mr. Slahi respectfully requests that this Court enforce its July 11, 2008, Scheduling Order, that the Court reject the government's motion for an exception from the

---

[7] Nancy Hollander and Theresa M. Duncan both have current TS/SCI clearances because they are civilian counsel for another Guantanamo prisoner before a Military Commission; Sylvia Royce previously held an TS/SCI clearance as a Department of Justice attorney and thus her current Secret clearance could be readily upgraded.

5

sequencing order, and that the Court rule that the government has waived its opportunity to file a motion for leave to file an amended factual return in his case.

Dated: October 7, 2008                    Respectfully submitted,

*/s/ Sylvia Royce*
Law Office of Sylvia Royce
Sylvia Royce, *pro bono*
DC Bar Number 924035
5505 Connecticut Avenue NW #340
Washington, DC 20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com


FREEDMAN BOYD HOLLANDER
GOLDBERG & IVES P.A.
Nancy Hollander, *pro bono*
Theresa M. Duncan, *pro bono*
20 First Plaza, Suite 700
Albuquerque, NM 87102
(505) 842-9960
(505) 842-0761 (facsimile)
nh@fbdlaw.com
tmd@fbdlaw.com

Counsel for Petitioner