IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY DETAINEE LITIGATION | Misc. No. 08-0442 (TFH)<br><br>Civil Action No. 05-2386 (RBW) |

**RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR LEAVE
TO SUBMIT SUPPLEMENTAL DECLARATION FOR *IN CAMERA* REVIEW**

By Order entered July 29, 2008, this Court issued the following directive:

[W]ithin 60 days of the date of this order, in all cases filed before May 19, 2008, in which the detainee is represented in the petition by a next friend, counsel shall file a signed authorization from the petitioner to pursue the action or a declaration by counsel that states that the petitioner directly authorized counsel to pursue the action and explains why counsel was unable to secure a signed authorization.

On September 26, 2008, counsel seeking authorization to represent petitioner Samir, a/k/a Mohammed Noor Uthman, ISN 707, responded to the foregoing Order by submitting the Declaration of James A. Nickovich along with their Motion for Leave to Submit Supplemental Declaration for *In Camera* Review. The declarant of the latter document is not identified on the open record.

Respondents have been accommodating to the authorization submissions by counsel for petitioners in this body of cases; however, the public documents submitted by counsel with respect to this petitioner do not satisfy the direction of the Court. Nor are Respondents persuaded that counsel have articulated a sound basis upon which the Court may find it appropriate to review the Supplemental Declaration *in camera*.

## ARGUMENT

The Order of July 29, 2008, does not establish a particularly difficult or onerous standard for proving authorization to represent a petitioner is these cases. Counsel may either (1) present an authorization signed by the petitioner, or (2) submit a declaration by counsel stating that the petitioner directly authorized counsel to pursue the action and explaining why counsel was unable to secure a signed authorization. The papers filed on the public record satisfy neither method. It appears that counsel do not have a signed authorization from petitioner. And the public declaration of Mr. Nickovich neither states "that the petitioner directly authorized counsel to pursue the action" nor explains why counsel were unable to secure a signed authorization.

It may be that the proffered Supplemental Declaration satisfies the requirements of the July 29 Order, but the motion for leave to submit *in camera* does not say that it does. Since to make just that statement seems simple enough, its absence would not seem to be an oversight.

With respect to their motion for *in camera* submission, counsel assert that the Supplemental Declaration contains information protected from disclosure by the attorney-client privilege, but they offer scant support for that proposition. Aside from not identifying the declarant, the motion does not say, in so many words, that the declaration quotes or describes confidential communications made between the client and the attorney. Instead, the motion states, "The facts surrounding that experience [of counsel going to Guantanamo Bay Naval Base on behalf of our client] contain information protected by the attorney-client privilege." Motion for Leave, at 1. And again, "The one page Supplemental Declaration contains facts relating to the attorney-client relationship between counsel and Mr. Uthman and those facts are deserving of the protection sought." *Id.* at 2. Not to put too fine a point on the matter, but counsel do not say

that the "facts surrounding" and the "facts relating" are derived from privileged communications with the client.

Respondents do not presume to gainsay Petitioner's good faith in representing that the proffered supplemental declaration contains confidential information. Respondents object, however, to the sealing of any information that is not protected by the privilege and further object to the *in camera* submission of any information not directly pertinent to the issue of authorization for representation.

Furthermore, the existence of an attorney-client relationship is not itself privileged, *see United States v. Western Elec. Co., Inc.*, 132 F.R.D. 1, 2 n.1 (D.D.C. 1990); accordingly, counsel's representations that Uthman has authorized him to act as his lawyer are not privileged. Judge Bates, of this Court, previously dealt with an issue similar to that presented here by examining an *in camera* submission of counsel to determine whether it contained privileged matter. He then placed on the public record the unprivileged information, including evidence of the petitioner's authorization of representation. *See Hamlily v. Bush*, Civil Action No. 05-0763 (D.D.C. October 31, 2005)(order)(copy attached), 2005 U.S. Dist. LEXIS 41516.

Respondents respectfully suggest, therefore, that non-privileged evidence in the supplemental declaration pertaining to counsel's authority to represent petitioner, along with any other non-privileged matter, be placed on the public record.

Dated: October 10, 2008                          Respectfully submitted,

                                                    GREGORY G. KATSAS
                                                    Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General


    /s/ David H. White
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
DAVID H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-3146
Fax: (202) 616-8470
Attorneys for Respondents