## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | Misc. No. 08-442 (TFH) |
| GUANTÁNAMO BAY DETAINEE LITIGATION | ) ) ) ) | Civil Action No. 04-1194 (HHK) |

### PETITIONER SUHAIL ABDU ANAM'S OPPOSITION TO RESPONDENTS' REQUEST FOR EXCEPTION FROM SEQUENCING

Petitioner Suhail Abdu Anam (ISN 569), by his undersigned counsel, hereby opposes the Respondents' request for exception from the sequencing of filing an Amended Factual Return in his case. For the reasons set forth below, Mr. Anam respectfully requests that Respondents' renewed efforts to deviate from this Court's July 11, 2008 Scheduling Order (Misc. No. 08-442 (TFH), Doc. 53) and September 19, 2008 Order and Memorandum Opinion (Civil Action No. 04-1194 (HHK), Docs. 245 and 246) (granting the government partial and temporary relief from the Scheduling Order), without justification or permission be denied.

### INTRODUCTION

Having unlawfully imprisoned Mr. Anam without charge for nearly seven years, Respondents seek once again to frustrate Mr. Anam's efforts to meaningfully challenge his detention, offering little more than a claim of convenience to justify their delay. The Supreme Court's directive in *Boumediene*, however, was plain: Mr. Anam is entitled to a "prompt habeas corpus hearing" and is not required to bear "the costs of the delay." *Boumediene* v. *Bush*, 128 S.Ct. 2229, 2275 (2008). Accordingly, Respondents' continued failure to meet its obligations -- obligations that were designed by this Court to carry out the Supreme Court's ruling and prevent unfair delay -- should not be tolerated.

The Scheduling Order specifically outlines the sequence in which Respondents are to file factual returns and provides that deviations from that sequence will be permitted only where the government files a "*motion* for an exception" that establishes "cause" for the deviation. *Scheduling Order* ((Misc. No. 08-442 (TFH), Doc. 53) (emphasis added). Respondents did not file any such motion for an exception, and the "request" Respondents did file does not even purport to establish the individualized "cause" required under the Scheduling Order. Rather than following these clearly-outlined, court-ordered procedures, Respondents unilaterally decided, on the date of the deadline, that it would delay the filing of Mr. Anam's factual return based on their determination that it was "too complicated" or "time-consuming" to file in its proper sequence.

Mr. Anam filed his petition for a writ of habeas corpus on July 15, 2004 (Civil Action No. 04-1194 (HHK), Doc. 1) and received a factual return on October 6, 2004 (Civil Action No. 04-1194 (HHK), Doc. 30). After four years of delay, Respondents' claim that Mr. Anam's factual return is "more complicated or time-consuming than returns of others" is simply not sufficient or credible. Likewise, Respondents' failure to state when they intend to file a factual return for Mr. Anam is unacceptable, particularly in light of the Supreme Court's holding in *Boumediene* and this Court's Scheduling Order. Mr. Anam hereby requests that Respondents be held in contempt for failing to comply with this Court's Order to timely put forth evidence in support of Mr. Anam's indefinite detention and that the Court order that Respondents file a motion setting forth their good cause basis for not providing a completed factual return in accordance with the Scheduling Order. In the alternative, Mr. Anam requests that this Court order his immediate release from detention and repatriation to his home Country of Yemen.

## STATEMENT OF FACTS

Because the prisoners at Guantánamo have been imprisoned for almost seven years, the Supreme Court in *Boumediene* rejected the government's request to require detainees to exhaust their administrative remedies under the Detainee Treatment Act before proceeding in a habeas action, holding that detainees "were entitled to a *prompt* habeas corpus hearing" without jumping through further procedural hoops. *Id.* at 2275.

Shortly after the ruling in *Boumediene* and the consolidation of pending habeas cases before this Court, the government explained that it "share[d] the court's desire to resolve these cases expeditiously" and noted that the Department of Justice was "dedicating substantial resources to facilitate the expeditious handling of these cases." *Letter to the Honorable Royce C. Lamberth and Thomas F. Hogan, dated June 30, 2008*, p. 1. As evidence of its purported commitment to advance the habeas litigation, the government proposed filing factual returns for each petitioner on a rolling basis at a rate of fifty per month, starting at the end of August. *Id.*, p.2. According to its proposed schedule, the government estimated that all factual returns would be filed within a four to five-month period. *Id.*

Taking the government at its word, this Court accepted the timeline as reasonable and ordered the government to produce factual returns at a rate of fifty per month beginning August 29, 2008, starting with the earliest filed petitions. *Scheduling Order*, pp. 3-4 (Misc. No. 08-442 (TFH) Doc. 53). The Scheduling Order also explicitly set forth a procedure governing exceptions to the sequencing of factual returns:

> [I]f the government believes that an individual factual return is significantly more complicated than others or a particular detainee's circumstances present unique issues that require more time to complete the return such that processing the return would delay the overall processing, the government shall move for an exception to the sequencing described above. As with amendments, the Court will only allow exceptions where the government establishes cause.

3

*Id*, p. 4.

On August 29, 2008, instead of filing fifty factual returns as directed, Respondents filed a motion for relief from the very schedule that they themselves sought, requesting to push back by thirty days the filing of factual returns. *Respondents' Motion for Partial and Temporary Relief from the Court's July 11, 2008 Scheduling Order* (Misc. No. 08-442 (TFH), Doc. 317). Over the objection of Mr. Anam and other petitioners, this request was "reluctantly" granted with the warning that the Court would "not tolerate further delay." *Memorandum Opinion, dated September 19, 2008*, pp. 5-6 (Civil Action No. 04-1194 (HHK) Doc. 246).

Less than two weeks after the Court granted Respondents' request to delay by thirty days the filing of Mr. Anam's factual return, Respondents filed the instant Request, seeking an unspecified additional extension of time to file factual returns for Mr. Anam and six other petitioners. Respondents offered only the following in support of the Request to file these returns out of sequence:

> [D]eviation from sequencing reflects primarily issues related to the clearance of proposed evidence for use in the factual returns . . . [which] have made the completion of factual returns with respect to these [seven] petitioners more complicated or time consuming than returns of others, such that it was not appropriate to delay the processing of returns for other petitioners . . . . Disclosure of additional detail regarding the issues that have resulted in the deviation from normal sequencing would risk improper disclosure of classified information . . . .

*Respondents' Request*, p. 2.

## ARGUMENT

**A.    The Court Should Not Allow Respondents to Continue This Pattern of Improper Self-Help**

Respondents' decisions to ignore the original Scheduling Order that required them to produce the first fifty factual returns, including Mr. Anam's, by August 29, 2008 and also to ignore this Court's more recent Order granting the requested relief from the Scheduling Order

4

should not be countenanced. Their last minute filings (for relief from the Scheduling Order and exception from sequencing) were designed to secure in substantial measure the very relief they sought and amount to impermissible self help. *See, e.g.*, *Ramos* v. *Ashcroft*, 371 F.3d 948, 949-50 (7th Cir. 2004) ("Filing motions in lieu of briefs, a form of self-help extension, has become increasingly common but is not authorized by any rule, either national or local."). Any private litigants seeking to offer ex-post justifications for the failure to comply with a court order, just as Respondents have done here, would fear a finding of contempt. Respondents should be held to the same standard as any litigant acting unilaterally to usurp the Court's power to direct scheduling.

### B. Respondents Have Failed to Comply with the Scheduling Order

Not only was Respondents' Request improperly filed at the eleventh hour, but the form of the Request altogether fails to comply with the procedure governing deviations from the sequence of filing of factual returns, set forth by the Court. In the Scheduling Order, this Court set forth a procedure to govern the process of providing factual returns in these cases, as well as procedures for obtaining exceptions to this sequencing. As Respondent is aware, this Court required that the government "move for an exception to the sequencing" that may be granted after the government establishes cause. *Scheduling Order* (Misc. No. 08-442 (TFH), Doc. 53), 4.

Contrary to the Court's clear directive, Respondents did not "move for an exception," nor did they "request an exception," as the title of the Request suggests. Rather, on the day Mr. Anam's return was due, Respondents informed the Court and counsel for Mr. Anam that they were delaying certain returns, based not on permission from the Court, but on their unilateral and conclusory determination that his return is "more complicated or time-consuming than returns of others, such that it was not appropriate to delay the processing of returns for other petitioners." *Respondents' Request*, p. 2.

5

This determination, however, is not Respondents' to make. The Scheduling Order does not authorize Respondents to sit as judges in their own case and decide that they are entitled to an exception to the Scheduling Order. The authority to determine whether or not it is "appropriate to delay the processing of other petitioners' returns" lies only with the Court. Thus it is the Court that should decide whether Respondents have met their burden of establishing that Mr. Anam should be made to wait even longer for the information purportedly justifying his detention. Furthermore, Respondents have been put on notice that this Court's orders are not aspirational. *Memorandum Opinion, dated September 19, 2008*, p. 5 (Civil Action No. 04-1194 (HHK) Doc. 246) (admonishing "the government that. . . the Court is not merely setting a 'goal' for which the government is to 'strive.'"). By failing to timely move this Court for an exception to the Scheduling Order, and unilaterally withholding returns, Respondents have violated this Court's Scheduling Order, and their "request" for an exception should be denied.

### C. Respondents' Failure To Timely Move To Amend Mr. Anam's Factual Return Is Particularly Prejudicial To Mr. Anam

In addition to Petitioner Anam, undersigned counsel represent two other detainees -- Musa'ab Omar Al-Madhwani (ISN 839) and Jalal Salim Bin Amer (ISN 564) -- who are co-petitioners in the Civil Action No. 04-1194 (HHK) and who are included in the original fifty factual returns that the government was required to either provide or move to amend before September 30, 2008. In reliance on the government's representation that it would complete the first fifty factual returns by September 30, 2008, undersigned counsel booked flights from Denver, Colorado to Washington, D.C. leaving on October 4, 2008 expecting that all three clients' factual returns would be completed and in the secure facility for review. Counsel only learned on September 30, 2008, after having already scheduled the trip to Washington D.C. from Denver, Colorado, at significant expense, that the government had unilaterally decided that it

6

would not provide Petitioner Anam's factual return in a timely manner. Facing response deadlines for our other clients, undersigned counsel had no choice but to continue with the trip as planned. Because of the government's delay, counsel for Petitioner Anam will now be required to return to Washington D.C. when Respondent decides to fulfill its obligation and provide a complete factual return for Mr. Anam. As with the other habeas counsel in the Guantanamo Bay litigation, undersigned counsel are representing our clients pro bono. The government's delay in amending Mr. Anam's factual return in addition to this increase of costs works a significant hardship for a client dependent upon pro bono representation for his freedom.

### D. Respondents Have Not Established Individualized Cause Required to Deviate from the Scheduling Order

The substance of Respondents' request is also entirely inadequate, as they fail to make any affirmative showing to support an exception to the Scheduling Order. The Scheduling Order plainly states that exceptions to the court-ordered sequence of factual returns will be authorized only where Respondents "establish[] cause" that "an individual factual return is significantly more complicated than others or a particular detainee's circumstances present unique issues." *Scheduling Order*, p. 4 (Misc. No. 08-442 (TFH), Doc. 53). This standard was reiterated in this Court's September 19, 2008 Memorandum Opinion, in which the Court emphasized that "[e]xcept for *good cause shown* . . . the Court will not tolerate any further delay." *Memorandum Opinion, dated September 19, 2008*, p. 6 (Civil Action No. 04-1194 (HHK) Doc. 246) (emphasis added). By declining to cite a <u>single</u> <u>fact</u> in support of delaying Mr. Anam's factual return, Respondents have utterly failed to "establish[] cause."

The burden of establishing cause is an affirmative one. *See, e.g.*, *Schlagenhauf* v. *Holder*, 379 U.S. 104, 118-19 (1964); *Freeman* v. *Seligson*, 405 F.2d 1326, 1336 (D.C. Cir. 1968). It is well-established that a party seeking to establish good cause must make a "particular

and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Halkin*, 598 F.2d 176, 193 (1979) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 (1970)). Respondents' request altogether fails to make such a showing, and amounts to nothing more than the conclusion they are required to establish. As noted, the only apparent attempt to justify *ex-post* their failure to timely file these returns is Respondents' generalized statement that an exception to the scheduling order is warranted because Mr. Anam's return and the returns of six other petitioners are "more complicated or time-consuming than returns of others." *Respondents' Request*, p. 3. Respondents offer no specific reasons nor provide a single individualized fact to support that assertion. Respondents' impermissible reliance on a conclusory statement simply fails to constitute a particularized showing of cause under these circumstances.

Respondents' contention that Mr. Anam's case is "too complicated or time-consuming" to file in the ordinary course also stretches credulity, given that Respondents already filed a factual return in Mr. Anam's case over four years ago. At that time, Respondents did not claim that Mr. Anam's case was "significantly more complicated" than those of other petitioners or that Mr. Anam's circumstances presented unique issues. To the extent Respondents now seek to amend that filing in an attempt to shore up their case with purported new evidence -- evidence which by their own account did not even form the basis of the government's decision to detain Mr. Anam -- the delay attendant to that decision should be borne by Respondents, and not by Mr. Anam.

Furthermore, to the extent that Respondents base their request for additional time to file on the argument that reviewing material in support of Mr. Anam's detention is "too complicated" or "time-consuming," the Court has already addressed this issue. Respondents' earlier

8

arguments to this Court as to why they should be exempt from the August 29, 2008 filing deadline relied heavily on this same argument. *Respondents' Motion for Partial and Temporary Relief from the Court's July 11, 2008 Scheduling Order*, p. 3. (Misc. No. 08-442 (TFH), Doc. 317) ("Processing this sheer volume of cases, with these uncertainties, on a compressed time-frame is inherently challenging, but, as explained below, the task has proven even more difficult than originally envisioned because of the pervasiveness of classified information throughout the relevant records . . . ."). In that same briefing, however, Respondents indicated that that delay was related specifically to the process of *beginning* the production of the factual returns, and that such delay would be temporary. *Id.*, p. 1 ("[D]espite diligent and ongoing efforts, Respondents have been unable to complete the filing of 50 factual returns in No. 08-442 in light of significant, national security related complexities encountered in the start-up of the interagency process . . . ."); *id.*, p.11 ("The Court also should be aware that the Government is taking steps to streamline and improve the process related to vetting of factual returns for use in court going forward."); *id.*, p. 12 ("The difficulties to date have been part of a learning process . . . . Lessons learned are being incorporated into the factual return development process . . . .").

This Court, while granting Respondents' August 29, 2008 request for an extension, specifically noted that it would not countenance further delays based on the same rationale. *Memorandum Opinion, dated September 19, 2008*, p. 6 (Civil Action No. 04-1194 (HHK) Doc. 246) ("Going forward under the revised schedule resulting from the Court's granting of its motion, consequently, the government cannot claim as a basis for failing to meet deadlines imposed by this Court that it 'simply did not appreciate the full extent of the challenges posed.'") (Internal citations omitted).

### E. Respondents' Claim that to Provide an Explanation for the Deviation Would Reveal Classified Information Is Unavailing

In an apparent effort to justify their failure to provide any individualized factual evidence in support of the Request, Respondents improperly argue that they were precluded from doing so due to fears of "improper disclosure of classified information subject to the clearance issues referenced above." *Respondents' Request*, p. 2. However, both the Court and counsel to Mr. Anam possess appropriate levels of security clearance to view classified information concerning his detention, and it is well-established that filings containing classified information may be filed with the Court under seal. In failing to file classified (or even unclassified) declarations establishing the individualized cause required for a deviation from sequencing, Respondents have deprived the Court of the ability to review the merits of their Request.

## CONCLUSION

For the reasons set forth above, Mr. Anam hereby requests that Respondents be held in contempt for failing to comply with this Court's Order to timely put forth evidence in support of Mr. Anam's indefinite detention and that the Court order that Respondent file a motion setting forth its good cause basis for not providing a completed factual return in accordance with the Scheduling Order. In the alternative, Mr. Anam requests that this Court set a date certain by which Respondents must move to file a complete amended factual return for Mr. Anam and if the deadline is not met, Respondents should be prohibited from amending the factual return filed by the government in October 2004. Alternatively, Mr. Anam requests that this Court order his immediate release from detention and repatriate to his home country of Yemen.

Respectfully submitted this 13th day of October, 2008.

KILLMER, LANE & NEWMAN, LLP,

*s/ Darold W. Killmer*

---

Darold W. Killmer
Mari Newman
Sara J. Rich
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
dkillmer@KLN-Law.com
mnewman@ KLN-Law.com
srich@KLN-Law.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2008, I caused the foregoing **PETITIONER SUHAIL ABDU ANAM'S OPPOSITION TO GOVERNMENT'S REQUEST FOR EXCEPTION FROM SEQUENCING** to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following individuals:

| | |
|---|---|
| Terry Marcus Henry | terry.henry@usdoj.gov |
| James C. Luh | james.luh@usdoj.gov |
| Judry Laeb Subar | judry.subar@usdoj.gov |
| Timothy Burke Walthall | timothy.walthall@usdoj.gov |
| Andrew I. Warden | andrew.warden@usdoj.gov |
| David J. Stander | david.stander@usdoj.gov |
| Phillip Truman | mike.truman@usdoj.gov |

KILLMER, LANE & NEWMAN, LLP,

*s/ Sara J. Rich*

---

Darold W. Killmer
Mari Newman
Sara J. Rich
1543 Champa Street, Suite 400
Denver, CO 80202
(303) 571-1000
dkillmer@KLN-Law.com
mnewman@ KLN-Law.com
srich@KLN-Law.com