IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) | Misc. No. 08-442 (TFH) |
| IN RE: | ) |  |
| GUANTANAMO BAY | ) | Civil Action No. |
| DETAINEE LITIGATION | ) | 04-CV-1254 (HHK) |
|  | ) |  |
|  | ) |  |
|  | ) |  |

**RESPONDENTS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO AMEND FACTUAL RETURN**

Counsel for three petitioners in the above-captioned case filed memoranda opposing the Respondents' Motion for Leave to File Amended Factual Returns (hereinafter, Opposition). The individual petitioners are ISN 522 Yasin Qasem Muhammad Ismail (Ismail), opposition filed October 3, 2008; ISN 156 Adnan Farhan Abdul Latif (Latif), opposition filed October 6, 2008; and ISN 37 Abdulmalik Abdulwahhab al-Rahabi (al-Rahabi), opposition filed October 9, 2008. Because each above petitioner raises the same arguments in opposition to the Government's motion, the Government submits this consolidated reply in response to the petitioners' Oppositions.

As explained in Respondents' motion to amend its factual return in these cases, in defending a petitioner's detention as an enemy combatant, the Government is entitled to present to the Court its most appropriate case for detention. The Court is not reviewing past decisions of prior determinations of administrative tribunals, but rather is reviewing a prospective challenge to petitioners' detention as enemy combatants today. The Government, therefore, should not be

restricted to the specific materials included in the return previously filed, which was compiled nearly four years ago.

Prior returns submitted in this and other Guantanamo Bay detainee cases were comprised of the records of the Combatant Status Review Tribunal ("CSRT") proceedings convened for petitioners that were produced in a legal context different from the one in which this matter now proceeds.  Evidence not part of the original CSRT record is now available to the Court as it considers the proper disposition of the habeas petitions.  Moreover, the legal landscape has changed significantly during the four years since the original CSRT records were compiled.  Updated factual returns are therefore appropriate.

Just as the Government is submitting evidence beyond the 2004 CSRT records to justify its determination to detain enemy combatants in those cases in which *no* factual return has yet been filed, it should be permitted to submit such a return here as doing so will represent its most appropriate case for the non-punitive detention of petitioners as an enemy combatants today.  There is no justification, where these habeas actions seek prospective relief from detention as of 2008, for restricting the Government's case to evidence considered by CSRTs in 2004.  As a general matter, such a restriction in the Guantanamo cases would preclude the Court from considering any wartime intelligence developed by the United States during the past four years.  Equally, if not more significantly, in light of  legal developments since 2004, a time-bound restriction would risk the erroneous release of actual enemy combatants – and, thus, the return of those combatants to the battlefield to wage further war against American soldiers and civilians.

In response, petitioners here raise several issues.  First, they argue that the Government failed to establish cause for amending the return four years after filing the original return, and that filing an amended return would prejudice their ability to make their case for release. Oppositions, at 2-3.  They also claim that permitting an amended return four years after the original is "inconsistent with the fundamental right to speedy habeas review." Id. at 3.  As stated in Respondents' Motion for Leave to File Amended Factual Return, the legal landscape and requirements in this case and the other Guantanamo habeas cases, as well as expectations as to the type of review appropriate in detainee habeas cases, have changed significantly since the filing of the CSRT records in 2005, requiring reassessment of the type of evidence appropriately relied upon in habeas cases such as these.  Since the decision in Boumediene, the Government has been expeditiously moving to file amended returns consistent with the mandate of that decision.  In addition, merits-related proceedings in these cases have not begun, and petitioners will have the opportunity to present evidence and otherwise respond to the evidence presented in the amended return such that no prejudice warranting denial of the motion to amend exists. Respondents, therefore, should be permitted to amend their factual returns pertaining to petitioners.

Petitioners also allege that Respondents' motion to amend the returns should be denied because the actual "Narrative[s]" were not signed and thereby properly certified.  Oppositions, at 4. Respondents note, however, that the Amended Return cover filings are signed by government counsel.  Further, the Amended Returns include a signed declaration of Rear Admiral David Thomas attaching the narrative and supporting materials and stating that they "contain

information used by the Department of Defense to establish the status of [each petitioner] as an enemy combatant and to substantiate their detention." Thus, no valid issue as to signing exists. Further, without conceding application of 28 U.S.C. § 2243 to this case, see Boumediene, 128 S. Ct. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring), the Amended Returns explain the factual bases for petitioners' detention upon which Respondents are relying.  See Gladden v. Gidley, 337 F.2d 575, 578 (9th Cir. 1964) (stating that "the provision of section 2243 that the return should certify 'the true cause of the detention' survives from an earlier form of the statute which did not provide for the show cause procedure [return]," and that the purpose of the show cause procedure [return] is for the opposing parties to "exhibit" the facts on which they rely) (quoting Walker v. Johnston, 312 U.S. 275, 284 (1941)).

Finally, petitioners request that, if leave to amend is permitted, the Court should order the Government to produce unclassified versions of their factual returns within five business days. Oppositions, at 4-5.  Respondents fully recognize the need for unclassified versions of the amended and original factual returns being filed in the Guantanamo habeas cases before the Court, including these cases.  The Government, however, has filed more than 65 amended or original factual returns in the Guantanamo cases before the various Judges of the Court and continues to expend tremendous resources, as more fully described in Respondents' Motion for Partial and Temporary Relief from the Court's July 11, 2008 Scheduling Order (Misc. No. 08-0442) (dkt. no. 317), to file at least 50 additional amended or original factual returns per month.  While Respondents are working to develop a process whereby unclassified versions of

newly filed factual returns can also be produced, the document review and redaction resources required for production of such unclassified versions are the same review and redaction resources required for production of the more than 50 new factual returns per month. These significant and competing resource demands have meant that Respondents have not been able to produce unclassified versions of most of the factual returns already filed.

Furthermore, Petitioners' counsel here have not articulated in the Oppositions a specific, emergency need for production of an unclassified version of the return that would warrant imposition on the Government's factual return production resources at this time or in priority over other petitioners for whom factual returns have been filed, especially on the schedule Petitioners demand. And, production of an unclassified version of a factual return should not be required based on no more than a counsel's request for such a version or on a requested arbitrary deadline, at least until proper coordination of review and redaction resources necessary to produce such versions is accomplished. Accordingly, the Court should not grant petitioners' request to compel production of an unclassified version of their factual returns in these cases for now, pending development and implementation of a process, equitable to all petitioners in these Guantanamo cases, for production of unclassified versions of the factual returns.

For the foregoing reasons, and those stated in the Government's Motion for Leave to File Amended Factual Return, the Government's motion should be granted.

Dated: October 14, 2008                Respectfully submitted,

                                        GREGORY G. KATSAS
                                        Assistant Attorney General

                                        JOHN C. O'QUINN
                                        Deputy Assistant Attorney General

                                        */s/ P. Michael Truman*
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        TERRY M. HENRY
                                        JUDRY L. SUBAR (D.C. Bar No. 347518)
                                        PAUL AHERN
                                        P. MICHAEL TRUMAN
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Avenue, N.W.
                                        Washington, DC  20530
                                        Tel:  202.305.9909
                                        Fax: 202.305.2685

                                        Attorneys for Respondents