# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: GUANTANAMO BAY DETAINEE LITIGATION | Misc. No. 8-442 (TFH) |
| and | |
| MOHAMMED AL-ADAHI, *et al.* | |
| *Petitioners*, | |
| *v.* | Civil Action No. 05-280 (GK) |
| GEORGE W. BUSH, *et al.*, | |
| *Respondents*. | |

## MOTION TO TRANSFER AND FOR AN ORDER REGARDING RELEASE OF PETITIONERS TO YEMEN

### INTRODUCTION

Petitioners in Civil Action No. 05-280 (GK), Suleiman Awadh Bin Aqil Al-Nahdi and Fahmi Salem Al-Assani ("Petitioners"), Yemeni detainees who have been cleared for release for over eight months but remain in Guantanamo, hereby move this Court to transfer their cases from Misc. No. 8-442 (TFH) back to Judge Gladys Kessler. Because the government does not intend to file factual returns for Petitioners Ad-Nahdi and Al-Assani, their habeas petitions are ripe for transfer

8061421.2

1

back to Judge Kessler. Upon the transfer of their habeas petitions, Petitioners further request an order directing Respondents to release them to Yemen.

**ARGUMENT**

1. On July 2, 2008 Judge Kessler ordered the habeas petitions of all Guantanamo detainees assigned to her to be transferred to this Court with the understanding that once joint and common issues had been adjudicated, the habeas petitions would be returned to Judge Kessler to make rulings consistent with this Court's orders. (*See* Dkt. No. 1, 7/2/08 Order ("[T]he Guantanamo cases . . . will be transferred from [Judge Kessler] . . . to [Judge Hogan] for the purposes of coordination and management. [Judge Kessler] will retain the case for all other purposes.").) In keeping with this understanding, on October 10, 2008, Judge Kessler set a status conference for Petitioners Al-Adahi, Bawazir, and Hamdoun in Case No. 1:05-cv-280, detainees for whom Respondents have now filed factual returns.

2. On September 15, 2008, Respondents sought clarification from this Court as to whether they could elect not to file factual returns for those detainees already cleared for release from Guantanamo—individuals like Petitioners Al-Nahdi and Al-Assani. (*See* Dkt. No. 428, Gov't Reply Br. p. 11 n.8 ("Respondents further request the Court clarify the provisions of the scheduling order governing

the processing of factual returns for petitioners who have been approved by DoD for transfer or release from Guantanamo.").)

3. On September 19, 2008, this Court ruled that Respondents had no obligation to file factual returns or motions to amend factual returns for those detainees, such as Petitioners, who had been cleared for release from Guantanamo. (*See* Dkt. No. 464, 9/19/08 Order at 2.)

4. Because the issues that were the basis of the transfer order—namely coordination and management of the filing of factual returns—have been resolved as to these Petitioners, it is now appropriate for their petitions to be returned to Judge Kessler. (*See* Dkt. No. 1, 7/2/08 Order.). For Petitioners Al-Nahdi and Al-Assani—as for Petitioners Al-Adahi, Bawazir and Hamdoun for whom Judge Kessler set a status conference immediately after Petitioners traversed the amended factual returns filed by Respondents—no procedural issues common to other detainees remain. The government will not be filing factual returns for these two men pursuant to Court order and thus, Al-Nahdi and Al-Assani have no stake in the hundreds of pleadings related to factual returns awaiting adjudication on this Court's consolidated Guantanamo litigation docket. Petitioners should not have to remain in limbo during the adjudication of procedural issues that have no relation to nor impact on the particular facts and circumstances underlying their habeas petitions. *Harris v. Nelson*, 394 U.S. 286, 292, 89 S. Ct. 1082, 1086 (U.S. 1969)

("A habeas corpus proceeding "must not be allowed to founder in a 'procedural morass.'").

5. Petitioners therefore request the immediate transfer of their habeas petitions back to Judge Kessler. *See generally* Local Civ. R. 40.6 ("A judge, upon written advice to the Calendar and Case Management Committee, may transfer directly all or part of any case on the judge's docket to any consenting judge.").

6. Upon the transfer of their habeas petitions, Petitioners Al-Nahdi and Al-Assani also respectfully request that the Court order their return to Yemen.

7. On October 9, 2008, Judge Urbina ordered the release of seventeen Uighur detainees into the United States—detainees for whom Respondents elected not to file factual returns. *See In re Guantanamo Bay Litig.*, Civ. A. No. 1:05-cv-01509 (D.D.C. Oct. 9, 2008) (order granting release). Respondents' justification for electing not to file factual returns for the Uighurs was that they had decided to no longer treat the Uighurs as enemy combatants. *See id.* ("Because the government no longer treats the detainees as enemy combatants, it will not be filing factual returns in any of their cases."). Respondents argue that they cannot release the Uighurs because no country will take them. Al-Nahdi and Al-Assani have no such problem. They want to go home to Yemen and Yemen will take them.

8. Respondents' decision to treat Al-Nahdi and Al-Assani in the same manner as the Uighurs and not file factual returns for either of them means that the only issue remaining for resolution is the terms and conditions of the release of Al-Nadhi and Al-Assani. Because the Yemeni government stands ready, willing, and able to take individual Petitioners Al-Nahdi and Al-Assani, there is simply no basis for these Petitioners' further detention. (*See* Ex. A, Letter from the Embassy of the Republic of Yemen (Oct. 14, 2008 ); Ex. B, Powell Affidavit ¶ 3; Ex. C, Yemen Observer News Article.)

9. The fact that the government may currently be unable to negotiate an agreement[1] with Yemen for the release of the nearly 100 Yemeni detainees who remain in Guantanamo is irrelevant to the analysis of whether Petitioners Al-Nahdi and Al-Assani, who have been cleared for release, can be transferred to Yemen. Yemeni nationality is not a valid basis for Petitioners' continued detention.

## CONCLUSION

The habeas petitions of Al-Nahdi and Al-Assani are ripe for immediate consideration and adjudication by the Court to whom they were assigned. (*See*

---

[1] To date the government has offered no justification for holding them—rather, Petitioners have been cleared to go home and yet, inexplicably, they remain in cells in Guantanamo. Petitioners cannot satisfy conditions that do not exist.

Dkt. 1, 7/2/08 Order.) Accordingly, Petitioners request the immediate transfer of their habeas petitions to Judge Kessler and for their release to Yemen.

Respectfully submitted,
Counsel for Petitioners:

　/s/ John A. Chandler
John A. Chandler (Pursuant to LCvR 83.2(g))*
Elizabeth V. Tanis (Pursuant to LCvR 83.2(g))
Kristin B. Wilhelm (Pursuant to LCvR 83.2(g))
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
* - Lead Counsel

Richard G. Murphy, Jr. (D.C. Bar No. 472769)
Brian C. Spahn (Pursuant to LCvR 83.2(g))
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone: (202) 383-0635
Facsimile: (202) 637-3593

October 14, 2008
Washington, DC

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Terry Marcus Henry
terry.henry@usdoj.gov

Andrew I. Warden
andrew.warden@usdoj.gov

Judry Laeb Subar
judry.subar@usdoj.gov

James C. Luh
james.luh@usdoj.gov


SUTHERLAND ASBILL & BRENNAN LLP
By:  /s/ John A. Chandler
John A. Chandler