IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHIALI-GUL, ) | |
| ) | |
| **Petitioner** ) | |
| ) | |
| v. ) | Civil Action No. 05-877 (JR) |
| ) | Misc. No. 08-442 (TFH) |
| GEORGE W. BUSH, et al., ) | |
| **Respondents.** ) | |

### REDACTED

### OPPOSITION TO REQUEST FOR EXCEPTION FROM SEQUENCING

Petitioner Khiali-Gul respectfully opposes the government's Request for Exception from Sequencing and moves this Honorable Court to deny any request by respondents to amend their return filed on May 31, 2005. Along with filing this opposition, this 14th day of October 2008, Khiali-Gul, though undersigned counsel has filed a Traverse and this matter is now ready to proceed to a prompt hearing. See Boumediene v. Bush, 128 S.Ct. 2229, 2275 (2008). Khiali-Gul respectfully requests that the Court transfer this matter back to the Honorable James Robertson for a prompt hearing.

### Factual and Procedural Background

Petitioner was detained by the United States military in December 2002, and continues to be held at the United States Naval Station in Guantanamo Bay, Cuba. In a letter dated March 4, 2005, and docketed as a Petition for Writ of Habeas Corpus on May 3, 2005, petitioner submitted that he has been unlawfully detained and sought the Court's review of his case.

The Court ordered the respondents to file a return certifying the true cause of petitioner's detention on or before May 31, 2005. On that date, the respondents filed a response to the

Court's order, "certifying the true cause of petitioner's detention." As the return, the respondents submitted the final record of the proceedings before the Combatant Status Review Tribunal (hereinafter "CSRT") pertaining to petitioner, filing the unclassified portion and submitting the classified portion for *in camera* review. The respondents asserted:

> For the reasons explained in the record, petitioner Khi Ali Gul has been determined to be an enemy combatant affiliated with the Taliban and other associated forces engaged in hostilities against the United States and its coalition partners. Accordingly, petitioner Khi Ali Gul is lawfully subject to detention pursuant to the President's powers as Commander in Chief, or otherwise, and is being detained.

Respondents' Response to Order to Show Cause and Notice of Submission Under Seal at 1. There was no ambiguity in the return which clearly stated that the reasons for petitioner's detention were contained in the CSRT record.

After years of delays and appeals, on June 12, 2008, the Supreme Court held that detainees, such as Khiali-Gul, held at the Naval Station in Guantanmo Bay, Cuba are entitled to "a *prompt* habeas corpus hearing" and must no longer be made to bear "the costs of delay." Boumediene, 128 S.Ct. at 2275 (emphasis added). In response to the Supreme Court's opinion in Boumediene, on July 11, 2008, this Court ordered respondents to file factual returns and any motions to amend returns, beginning with the earliest filed petitions, on a rolling basis at the rate of 50 per month, beginning on August 29, 2008. The Court further ordered:

> *The Court will allow amendment [to factual returns] only where the government establishes cause for the amending.* Additionally, if the government believes that an individual factual return is significantly more complicated than others or a particular detainee's circumstances present unique issues that require more time to complete the return such that processing the return would delay the overall processing, the government shall move for an

> exception to the sequencing described above. *As with amendments, the Court will only allow exceptions where the government establishes cause.*

Order, July 11, 2008 (Misc. No. 05-cv-442, dkt. no. 46) (emphasis added).

Pursuant to the Court's July 11th Order, any motion by respondents to amend their May 31, 2005 return in this case was due August 29, 2008, as Khiali-Gul's petition was among the first 50 petitions filed with the Court, excluding petitions filed by detainees who have been released or cleared for release. However, rather than file a motion for an amended return, just before midnight on August 29, 2008, respondents moved to extend the time for filing. In an Order dated September 19, 2008, over petitioner's objections, the Court granted the respondents' request, delaying the scheduled production of returns and motions to amend returns by thirty days. The Court did so "reluctantly," cautioning that "[e]xcept for good cause shown . . . the Court will not tolerate any further delay." Pursuant to the Court's September 19, 2008 Order, the respondents were required to file any motion to amend the May 31, 2005 return in this matter on or before September 30, 2008. The government did not do so.

Once again resorting to self-help and simply failing to file by the deadline, rather than seeking prior approval from the Court, on September 30, 2008, the government filed Respondents' Status Report Regarding the Filing of Factual Returns and Request for Exception for Sequencing (hereinafter "Respondents' Request for Delay"). Noting that they filed 50 returns or amended returns, respondents asked to "file factual returns with respect to seven petitioners in the first 50 filed habeas petitions out of sequence," listing Khiali Gul as one of the seven. As the only explanation for this further delay, respondents state:

3

> This deviation from sequencing reflects primarily issues related to the clearance of proposed evidence for use in the factual returns, as more fully described in Respondents' Motion for Partial and Temporary Relief form the Court's July 11, 2008 Scheduling Order (Misc. No. 08-442) ((dkt. no. 317), or has resulted form unique issues related to evidence proposed for use in connection with specific returns. Such issues have made completion of factual returns with respect to these petitioners more complicated or time-consuming than returns of others, such that it was not appropriate to delay the processing of returns for other petitioners in the sequence in order to complete the processing of these more complicated or time-consuming returns. Disclosure of additional detail regarding the issues that have resulted in the deviation from normal sequencing would risk improper disclosure of classified information subject to the clearance issues referenced above or of attorney-client privileged information or attorney work product. Additional detail can be provided to the Court *ex parte* and *in camera*, should the Court require it, however.

Respondents' Request for Delay at 2. Respondents provided no specific explanation for the delay as to Khiali-Gul. In a blatant violation of the Court's July 11, 2008, Order, the government made no effort to establish cause for amending the May 31, 2005 return filed in this case and no effort to establish cause for failing to file a motion to amendment the return and the amendment by September 30, 3008.

The burden of establishing cause is an affirmative one. See, e.g., Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964); Freeman v. Seligson, 405 F.2d 1326, 1336 (D.C. Cir. 1968). A party seeking to establish good cause must make a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." In re Halkin, 598 F.2d 176, 193 (D.C. Cir. 1979) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 (1970)). Here, the respondents made only the conclusory statement that the completion of a factual return for Khaili-Gul is complicated and time-consuming with no supporting facts. The

4

respondents vaguely claim that disclosure of additional detail as to the cause of this additional delay "would risk improper disclosure of classified information," but fail to acknowledge that undersigned counsel have security clearances to review classified materials and have reviewed classified materials relating to Khiali-Gul's detention. The respondents' suggestion that they could provide the Court further details *ex parte* and *in camera* is too little too late – because counsel have security clearances no *ex parte* submission is necessary and if the respondents had cause to support not only an amendment to the May 31, 2005 return, but also a delay in filing such an amendment, that cause should have been filed by September 30, 2008. In failing to do so, the respondents have unilaterally caused further delay.

Respondents' request not only fails to state any specific cause, but also ignores the fact that a factual return (with classified materials) was filed in this case on May 31, 2005 and that the respondents certified that the May 31, 2005 return contained the true cause of petitioner's detention. The government's request to again delay the time for filing a motion to amend the return implies that it does intend to seek to amend the return, but makes no representations with regard to the need to amend or any basis for doing so. The respondents also fail to give any indication as to when respondents will be prepared to file a motion to amend the May 31, 2005 return, asking the Court to essentially stay Khiali-Gul's case indefinitely.[1] The Court should deny this request and order that this matter proceed on the return filed May 31, 2005.

As set forth in the Traverse of Khiali-Gul to Respondents' May 31, 2005 Factual Return, the May 31, 2005 return itself demonstrates that there was no reliable evidence upon which to

---

[1] In an email sent to respondents' counsel on October 2, 2008, undersigned counsel requested that respondents provide some representation as to the date they anticipate filing an amended return. Counsel has received no response to that request.

detain Khiali-Gul in 2002. The respondents' request for yet another delay in order to find some evidence to support detention is baseless.[2]

## Conclusion

The respondents have no reliable basis upon which to detain Khiali-Gul. The May 31, 2005 return contains no reliable evidence and respondents have made no additional factual representations. The failure to move forward to a hearing in this matter significantly prejudices Khiali-Gul, who continues to be detained without fair process, based on unreliable evidence. Despite the Supreme Court's pronouncements and this Court's efforts to obtain the respondents' compliance with its orders, the respondents continue to force petitioner to bear the cost of delay. Given the respondents' complete failure, as to Khiali-Gul, to abide by the Court's July 11, 2008 Order, the respondents' failure to provide any cause for amending the May 31, 2005 return, and their failure to provide any cause for further delaying the filing of an amended return, the Court should deny the respondents' request and issue the attached proposed Order, directing that this matter be transferred back to Judge Robertson for a prompt hearing based on the factual return submitted May 31, 2005.

---

[2] [REDACTED PROTECTED INFORMATION]

Respectfully Submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
Mary Manning Petras
Assistant Federal Public Defender


_____/s/_____
Lara Gabrielle Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

(202) 208-7500