IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE:<br>GUANTANAMO BAY<br>DETAINEE LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 02-CV-0828 (CKK) |

### RESPONDENTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PETITIONERS' MOTION TO TRANSFER CASE

Pursuant to Local Rule 7(b), the Respondents hereby file their Memorandum of Points and Authorities in Opposition to Petitioners' Motion to Transfer Case.

### INTRODUCTION

Petitioners have filed a Motion to Transfer the above-captioned case back to Judge Colleen Kollar-Kotelly to rule on the Government's motions for leave to file amended factual returns, discovery issues, and for a scheduling conference to set dates for traverses to be filed and for potential hearings. The Court should deny this motion because it is premature to transfer this case back to Judge Kollar-Kotelly prior to Judge Hogan ruling on the procedural framework issues that the parties have extensively briefed, as well as on the motions for leave to file amended factual returns. As explained in the Respondents' procedural framework brief, the common procedural issues of the Guantanamo Bay habeas corpus cases should be resolved in a consolidated and coordinated manner in order adjudicate these cases efficiently without causing unnecessary delay. Likewise, the Government's motions to file amended factual returns should also be resolved by Judge Hogan in a coordinated manner to promote consistency and avoid unnecessary delay.

## PROCEDURAL BACKGROUND

On July 1, 2008, an executive session of the United States District Court issued a resolution to provide the most expeditious and efficient handling of the Guantanamo Bay detainee cases. See Exhibit 1 (United States District Court for the District of Columbia Resolution of the Executive Session, July 1, 2008). The Court resolved that the Guantanamo Bay cases are to be transferred to Senior Judge Thomas F. Hogan for coordination and management so that these cases can be addressed as expeditiously as possible as required by the Supreme Court in Boumediene v. Bush, 128 S.Ct. 2229 (2008). The Court further resolved that, to the extent possible, Judge Hogan will rule on procedural issues that are common to these cases. See Exhibit 1; see also July 2, 2008, Order of Judge Hogan (08-MC-00442, Doc. No. 1). Pursuant to the resolution of the executive session of the Court, on July 2, 2008, Judge Kollar-Kotelly transferred the above captioned civil action (02-CV-0828) to Judge Hogan for coordination and management. See Document No. 336 (02-CV-0828). Moreover, pursuant to Judge Hogan's Scheduling Order of July 11, 2008 (Doc. No. 348), the parties have already submitted extensive briefs addressing the procedural framework in which these cases should be resolved. The Government has also filed motions for leave to file amended factual returns along with proposed amended factual returns, for each of the four petitioners remaining in this case.

**ARGUMENT**

**A. Judge Hogan Should Decide the Common Procedural Issues Already Briefed.**

As explained in the Government's procedural framework briefs, many common procedural aspects of these cases, such as the scope of discovery, the standard for obtaining an evidentiary hearing, the standard governing hearsay, the application of confrontation and compulsory process rights, the standards of proof, and the burdens of production and persuasion, should be resolved in a coordinated manner. See Government's Brief Regarding Procedural Framework Issues at p. 11-14 (Doc. No. 356). Indeed, the coordinated resolution of these common issues serves the goal of efficiency and timely resolution of the scores of Guantanamo Bay habeas cases before the Court. See id.

The lack of a coordinated resolution of the common procedural issues would also cause unnecessary delay of the ultimate resolution of these cases. Plainly, if each of the common procedural issues is decided separately by 15 different judges, there will likely be different results among the judges which would lead to a number of reversals and remands following appeals that could take years to resolve. See id.; see also Government's Response to Petitioner's Filing on Framework Procedural Issues at p. 3-4 (Doc. No. 363). Thus, the failure to resolve the common procedural issues in a unified manner would result in unnecessary delay and the inefficient use of scarce judicial and party resources.

The procedural framework issues have been fully briefed and are ripe for a decision. As contemplated by this Court's prior rulings, these issues should be resolved by Judge Hogan in a coordinated manner before this case is transferred back to Judge

3

Kollar-Kotelly for a determination on the merits. It is simply premature to transfer this case back to Judge Kollar-Kotelly before these common procedural issues are decided.

**B. Judge Hogan Should Likewise Decide the Motions to File Amended Returns.**

Similarly, the Government's motions for leave to file amended factual returns is another one of the common procedural issues that need to be resolved in a coordinated fashion. As explained in the Government's motions to file amended factual returns, the legal landscape has changed significantly since the original factual returns were compiled and filed in 2004. See Boumediene v. Bush, 128 S.Ct. 2229 (2008). Additionally, the United States has now had time to gather and analyze more or other evidence supporting the petitioners' detention beyond what was submitted in the original factual returns in 2004. See Respondent's Motion for Leave to File Amended Factual Return for each of the Petitioners (Doc. Nos. 369, 370, 373, 376); Respondent's Reply in Support of Motion for Leave to Amend Factual Return (Doc. No. 385).

These facts, i.e., the significant change in the legal landscape and the ability to submit additional evidence not included in the 2004 factual returns, are common to the Guantanamo Bay cases in which the government is seeking to file amended factual returns. As with the need to have uniform rulings on the procedural framework issues, having the motions to file amended factual returns decided in a coordinated and consistent fashion will also promote the efficient and prompt resolution of the merits of these cases, and will avoid the unnecessary delay that inconsistent results among the different judges of this Court would cause. Therefore, the motions to file amended factual returns should be decided by Judge Hogan prior to this case being transferred back to Judge Kollar-Kotelly for resolution of the merits.

## CONCLUSION

For the reasons set forth above, Judge Hogan should rule on the procedural framework issues extensively briefed by the parties and the Government's motions to file amended factual returns in a coordinated fashion.  Therefore, the Court should deny the Petitioner's Motion to Transfer this case back to Judge Kollar-Kotelly.


Dated: October 14, 2008                    Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 /s/ Daniel M. Barish
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JUDRY L. SUBAR (D.C. Bar No. 347518)
PAUL AHERN
DANIEL M. BARISH (D.C. Bar No. 448263)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel: (202) 305-8970
Fax: (202) 305-2685
Daniel.Barish@usdoj.gov

Attorneys for Respondents

CERTIFICATE OF SERVICE

      I hereby certify that on October 14, 2008, I caused the foregoing Respondents' Memorandum of Points and Authorities in Opposition to Petitioners' Motion to Transfer Case to be served on counsel for the Petitioners by electronic means through the Court's Case Management/Electronic Case File system.

/s/
Daniel M. Barish
Trial Attorney