IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | ) Misc. No. 08-0442 (TFH)<br>)<br>) Civil Action Nos.<br>)<br>) 02-CV-0828, 04-CV-1136, 04-CV-1164, 04-CV-1194,<br>) 04-CV-1254, 04-CV-1937, 04-CV-2022, 04-CV-2035,<br>) 04-CV-2046, 04-CV-2215, 05-CV-0023, 05-CV-0247,<br>) 05-CV-0270, 05-CV-0280, 05-CV-0329, 05-CV-0359,<br>) 05-CV-0392, 05-CV-0492, 05-CV-0520, 05-CV-0526,<br>) 05-CV-0569, 05-CV-0634, 05-CV-0748, 05-CV-0763,<br>) 05-CV-0764, 05-CV-0833, 05-CV-0877, 05-CV-0881,<br>) 05-CV-0883, 05-CV-0889, 05-CV-0892, 05-CV-0993,<br>) 05-CV-0994, 05-CV-0995, 05-CV-0998, 05-CV-0999,<br>) 05-CV-1048, 05-CV-1124, 05-CV-1189, 05-CV-1220,<br>) 05-CV-1236, 05-CV-1244, 05-CV-1347, 05-CV-1353,<br>) 05-CV-1429, 05-CV-1457, 05-CV-1458, 05-CV-1487,<br>) 05-CV-1490, 05-CV-1497, 05-CV-1504, 05-CV-1505,<br>) 05-CV-1506, 05-CV-1509, 05-CV-1555, 05-CV-1590,<br>) 05-CV-1592, 05-CV-1601, 05-CV-1602, 05-CV-1607,<br>) 05-CV-1623, 05-CV-1638, 05-CV-1639, 05-CV-1645,<br>) 05-CV-1646, 05-CV-1649, 05-CV-1678, 05-CV-1704,<br>) 05-CV-1725, 05-CV-1971, 05-CV-1983, 05-CV-2010,<br>) 05-CV-2083, 05-CV-2088, 05-CV-2104, 05-CV-2112,<br>) 05-CV-2185, 05-CV-2186, 05-CV-2199, 05-CV-2200,<br>) 05-CV-2249, 05-CV-2349, 05-CV-2367, 05-CV-2370,<br>) 05-CV-2371, 05-CV-2378, 05-CV-2379, 05-CV-2380,<br>) 05-CV-2381, 05-CV-2384, 05-CV-2385, 05-CV-2386,<br>) 05-CV-2387, 05-CV-2398, 05-CV-2444, 05-CV-2477,<br>) 05-CV-2479, 06-CV-0618, 06-CV-1668, 06-CV-1674,<br>) 06-CV-1684, 06-CV-1688, 06-CV-1690, 06-CV-1691,<br>) 06-CV-1758, 06-CV-1759, 06-CV-1761, 06-CV-1765,<br>) 06-CV-1766, 06-CV-1767, 07-CV-1710, 07-CV-2337,<br>) 07-CV-2338, 08-CV-0987, 08-CV-1085, 08-CV-1101,<br>) 08-CV-1104, 08-CV-1153, 08-CV-1185, 08-CV-1207,<br>) 08-CV-1221, 08-CV-1222, 08-CV-1223, 08-CV-1224,<br>) 08-CV-1227, 08-CV-1228, 08-CV-1229, 08-CV-1230,<br>) 08-CV-1231, 08-CV-1232, 08-CV-1233, 08-CV-1235,<br>) 08-CV-1236, 08-CV-1237, 08-CV-1238, 08-CV-1310,<br>) 08-CV-1360, 08-CV-1440, 08-CV-1628 |

# RESPONDENTS' MOTION TO DISMISS IMPROPER RESPONDENTS[1]

The respondents in these coordinated matters respectfully move this Court to dismiss all respondents in these proceedings, other than the Secretary of Defense.[2] Petitioners in these cases sued a variety of respondents in their official capacities, seeking writs of *habeas corpus* on grounds that they have been unlawfully detained. However, most of the respondents named by the petitioners are not appropriate parties to these proceedings and should be dismissed. This Court has jurisdiction over the Secretary of Defense, the only respondent necessary for effectuating any relief the Court might order in these habeas petitions. All other respondents should thus be dismissed. In particular, the President is an improper respondent, because it is well-settled that courts lack jurisdiction to compel the President to perform official acts. Likewise, the Vice President and all other respondents who are outside of the chain of command under the Secretary of Defense are improper respondents, because these individuals lack legal or physical control over the petitioners' custody. Moreover, all respondents who are within the Department of Defense answer to and may be directed by the Secretary of Defense and are, therefore, redundant. Thus, other than the Secretary of Defense, in his official capacity, the respondents should be dismissed from these actions.

## ARGUMENT

### RESPONDENTS OTHER THAN THE SECRETARY OF DEFENSE SHOULD BE DISMISSED AS IMPROPER AND UNNECESSARY

Although *Boumediene* holds that the petitioners may pursue petitions for writ of habeas corpus in this Court, they may only seek that relief from a proper respondent. First, it is patently clear that the President must be dismissed. Simply put, the Court lacks jurisdiction to order the

---

[1] Counsel for respondents has conferred with counsel for petitioners in accordance with this Court's local rules. See Appendix A.
[2] Petitioners have named various different groupings of respondents in each of these different cases.

President himself to provide relief. Second, the Vice President and all other respondents, other than the Secretary of Defense, in his official capacity, should likewise be dismissed. A respondent who is not the petitioners' custodian or does not have legal control over the petitioners' custody cannot be compelled to provide any relief and must be dismissed as improperly named. Moreover, the respondents who are within the Department of Defense chain of command, but subordinate to the Secretary of Defense, are not necessary to these cases. Rather, the Secretary of Defense, in his official capacity, over whom the Court properly has jurisdiction, is the only proper respondent necessary to carry out the relief, if any, granted by this Court.

## I. The President of the United States Is Not A Proper Respondent

The federal courts have "no jurisdiction … to enjoin the President in the performance of his official duties" or to otherwise compel the President to perform any official act. *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 498-499, 18 L.Ed. 437 (1867); *see Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992) (plurality); *id.* at 825 (Scalia, J., concurring in part and concurring in the judgment). Thus, in *al-Marri v. Rumsfeld*, 360 F.3d 707, 708 (7th Cir. 2004), the Seventh Circuit dismissed the President in a similar habeas case, concluding that "[s]uits contesting actions of the executive branch should be brought against the President's subordinates." Although the Supreme Court has left open the question of whether the President may be ordered to perform a purely "ministerial" duty, *see Franklin*, 505 U.S. at 802, the relief that the petitioners ultimately seek in the instant cases—*i.e.*, their release from custody—is far from ministerial. In any event, there is no reason to test the issue where, as here, there is a proper respondent—the Secretary of Defense—whom the Government concedes can fully effectuate any relief that might be ordered by the Court.

3

Moreover, even if he were otherwise an appropriate litigant, the President could not be considered the petitioners' custodian. While the President may have authorized custody of the petitioners, it is the Secretary of Defense who is the legal custodian, as discussed below. *See al-Marri*, 360 F.3d at 708; *Rumsfeld v. Padilla*, 542 U.S. 426, 436 n.9 (2004). Thus, the President must be dismissed as a respondent in these habeas proceedings.

## II. The Respondents Other Than The Secretary Of Defense Either Lack Legal Control Over The Petitioners Or Are Unnecessary To These Actions

Respondents who are not within the Department of Defense, including the Vice President, are not the petitioners' immediate custodians, are not supervisory officials of the petitioners' immediate custodian, and do not have legal control over any form of the "custody" of the petitioners. Thus, they are improperly named as respondents in these proceedings and should be dismissed.

In *Padilla*, the Supreme Court made clear that the only proper respondent to a petition for a writ of habeas corpus is: (1) the immediate custodian of the petitioner (except that a supervisory official of that custodian may be the respondent where the petitioner is held abroad in a military context) or (2) the entity or person who exercises legal control with respect to the challenged custody. *Rumsfeld*, 542 U.S. at 434-38 & n.9. The Vice President and other officials outside of the Department of Defense do not meet either criterion. These respondents have no authority to direct the Secretary of Defense or his subordinates regarding custody of the petitioners. Indeed, only those within the chain of command between the petitioners' immediate custodian at Guantanamo Bay, Cuba and the Secretary of Defense have either "custody" or "legal control" over the petitioners. Although the immediate custodian would normally be the only proper respondent in a habeas petition, the Supreme Court has recognized an exception in cases of extraterritorial detentions to include supervisory officials up to, and including, the

4

Secretary of Defense. *Rumsfeld*, 542 U.S. at 436, n.9 (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11 (1955); *Burns v. Wilson*, 346 U.S. 137 (1953)). Thus, the Vice President and all other respondents not within the custodial chain of command must clearly be dismissed.

Finally, because the Secretary of Defense is a proper respondent and is within this Court's jurisdiction, those other named respondents who are within the Department of Defense chain of command are superfluous and should be dismissed. Indeed, in the related context of the Detainee Treatment Act ("DTA"), Congress provided that, in cases challenging enemy combatant status determinations, only the Secretary of Defense should be named as the respondent. See Pub.L. 109-163, Div. A, Title XIV, § 1405(e)(5), 119 Stat. 3476 (Jan. 6, 2006) ("The Secretary of Defense shall be the named respondent in any appeal to the United States Court of Appeals for the District of Columbia Circuit under this subsection."). Congress' judgment in the DTA context should be followed here as well. Any order of relief in these cases may be properly addressed to the Secretary of Defense, in his official capacity, and no other respondents are required.

## CONCLUSION

For the foregoing reasons, all respondents, other than the Secretary of Defense, in his official capacity, should be dismissed from these actions.

Dated: October 14, 2008            Respectfully submitted,

　　　　　　　　　　　　　　　　　　　GREGORY G. KATSAS
　　　　　　　　　　　　　　　　　　　Assistant Attorney General

　　　　　　　　　　　　　　　　　　　JOHN C. O'QUINN
　　　　　　　　　　　　　　　　　　　Deputy Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　*/s/ Scott M. Marconda*_____

JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
AUGUST E. FLENTJE
ALEXANDER K. HAAS
PAUL AHERN
SCOTT M. MARCONDA
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 305-0169
Fax: (202) 616-8470

Attorneys for Respondents