IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| GUANTANAMO BAY ) | **Misc. No. 08-442 (TFH)** |
| DETAINEE LITIGATION ) | |
| ) | |
| SUHAIL ABDU ANAM, et al., ) | |
| ) | |
| Petitioners ) | Civil No. 04-CV-1194 (HHK) |
| v. ) | |
| ) | |
| GEORGE W. BUSH, et al, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## RESPONDENTS' REPLY IN SUPPORT OF MOTION
## FOR LEAVE TO AMEND FACTUAL RETURN

On October 1, 2008, counsel for three petitioners in the above-captioned case filed with
the Court Security Officer memoranda opposing the Respondents' Motion for Leave to File
Amended Factual Returns (hereinafter, Opposition). The individual petitioners are ISN 045 Ali
Ahmad Mohammed Al Rezehi (Al Rezehi); ISN 688 (Fahmi Abdullah Ahmed Al Tawlaqi
(Fahmi); and ISN 837 Bashir Nasir Al Marwalah (Bashir). Because many of the arguments
raised by counsel are common to each above petitioner, the Government submits this
consolidated reply in response to the petitioners' Oppositions.

As explained in Respondents' Motion for Leave to File Amended Factual Return, in
defending a petitioner's detention as an enemy combatant, the Government is entitled to present
to the Court its most appropriate case for detention. The Court is not reviewing past decisions of
prior determinations of administrative tribunals, but rather is reviewing a prospective challenge

1

to petitioner's detention as an enemy combatant today. The Government, therefore, should not be restricted to the specific materials included in the return previously filed, which was compiled nearly four years ago.

Prior returns submitted in this and other Guantanamo Bay detainee cases comprised the records of the Combatant Status Review Tribunal ("CSRT") proceedings convened for petitioners that were produced in a legal context different from the one in which this matter now proceeds. Evidence not part of the original CSRT record is now available to the Court as it considers the proper disposition of the habeas petitions. Moreover, the legal landscape has changed significantly during the four years since the original CSRT records were compiled. Updated factual returns are therefore appropriate. Just as the Government is submitting evidence beyond the 2004 CSRT records to justify its determination to detain enemy combatants in those cases in which *no* factual return has yet been filed, it should be permitted to submit such a return here as doing so will represent its most appropriate case for the non-punitive detention of petitioners as enemy combatants today. There is no justification, where this habeas action seeks prospective relief from detention as of 2008, for restricting the Government's case to only evidence considered by CSRTs in 2004. As a general matter, such a restriction in the Guantanamo cases would preclude the Court from considering any wartime intelligence developed by the United States during the past four years. Equally, if not more significantly, in light of legal developments since 2004, a time-bound restriction would risk the erroneous release of actual enemy combatants – and, thus, the return of those combatants to the battlefield to wage further war against American soldiers and civilians.

In response, the Petitioners here raises issues, all of which, except the first issue discussed below, are premature to consider at this stage of this proceeding because they are only

appropriate for the finder of fact in a merits-based proceeding, or are irrelevant to the issue of whether an amended return by the Government may be filed.

The Petitioners raise in each Opposition the claim that the Respondents should not be able to amend the factual returns because it would unduly prejudice the Petitioners.[1]  The Petitioners state that Fed. R. Civ. P. 15(a) governs the standards for amendment of a habeas return in this case.  Petitioners' argue while Rule 15 provides that leave to amend the pleadings "shall be freely given when justice requires," it is proper to deny such leave where there is a showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of amendment, etc."  Atkinson v. District of Columbia, 73 F.3d 418, 425-426 (D.C. Cir. 1996), citing Foman v. Davis, 371 U.S. 178, 182 (1962). Petitioners allege that a vast majority of the information added in the Amended Return predates the 2004 Return (the CSRT record),  and that the Government did not provide any explanation why the information was not included in the initial return.  The Petitioners also stated that this unduly prejudices the petitioners' counsel to prepare for the habeas hearing.

As an initial matter, the Federal Rules of Civil Procedure do not necessarily apply to statutory habeas petitions, let alone constitutional habeas claims such as this case.  See Fed. R. Civ. P. 81(a)(4); Section 2255 Habeas Rule 12; Rumsfeld v. Padilla, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring); see also Boumediene v. Bush, 128 S. Ct. 2229, 2277 (2008) (petitioners are entitled to "fundamental" habeas rights; Boumediene "does not address the content of the law that govern petitioners' detention."); id. at 2278 ("[L]egislation eliminated the

---

[1]  Counsel's argument is discussed at pages 5-7 for each Petitioner.

statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring).  Petitioners' reliance, therefore, upon Rule 15, without citation or explanation of its applicability here, is presumptuous.[2]

In any event, as stated in Respondents' Motion for Leave to File Amended Factual Return, the legal landscape and requirements in this case and the other Guantanamo habeas cases, as well as expectations as to the type of review appropriate in detainee habeas cases, have changed significantly since the filing of the CSRT records in 2004, requiring reassessment of the type of evidence appropriately relied upon in a habeas case such as this.   Since the decision in Boumediene, the Government has been expeditiously moving to file amended returns consistent with the mandate of that decision.  In addition, merits-related proceedings in this case have not begun, and petitioners will have the opportunity to present evidence and otherwise respond to the evidence presented in the amended return such that no prejudice warranting denial of the motion

---

[2] Further, even if Rule 15 had any application in this context, the Fed. R. Civ. P. 15(a) case authority cited by Petitioners is not persuasive that there has been undue delay, undue prejudice, or futility of the amendment.  In Atkinson, supra, the court addressed a claim under 42 U.S.C. § 1983 against a municipality and certain officials, and held that the district court did not abuse its discretion in denying the plaintiff's oral leave to amend to add an individual defendant made on the day trial was scheduled to begin and after discovery had been complete. Atkinson, 73 F.3d at 427.  Atkinson has been interpreted such that mere delay between the filing of the complaint and the request to amend is not "undue delay" warranting denial of leave to amend. Dove v. Washington Metro. Area Transit Auth., 221 F.R.D. 246, 248 (D.D.C. 2004);  See also City of Moundridge v. Exxon Mobil Corp., 250 F.R.D.1, 6 (D.D.C. 2008) (discussing Rule 15 cases and stating that non-movant has burden of showing why leave should not be granted).

And regarding undue prejudice, the Supreme Court in Foman, supra, stated that such prejudice must in fact be "undue."  371 U.S. at 182.   Courts in this circuit have found that undue prejudice is not mere harm to the non-movant but a denial "of the opportunity to present facts or evidence which would have been offered had the amendment been timely."  Dove, supra, 221. F.R.D. at 248, citing case.

to amend exists.  Respondents, therefore, should be permitted to amend their factual returns pertaining to petitioners.[3]

The remaining arguments of the Petitioners are inappropriately raised at this stage of the proceedings.   The Petitioners first complain that Respondents' amended returns are "unduly prejudicial" because they contain statements that were obtained inappropriately.[4]   Some Petitioners have also complained that the information was obtained through allegedly improper contact with petitioner.[5]   Each Petitioner also asserts that redactions in the Amended Return are improper.[6]   Respondents do not concede, and vigorously dispute, Petitioners' assertions and legal conclusions.  In any event, however, such questions, if appropriate, should await actual merits-related proceedings.  Moreover, objections such as those raised by petitioners are not relevant to the Government's amendment of its return and do not warrant wholesale rejection of the Government's leave to amend the return.

---

[3]  Each Petitioner, at pages 6-7, also oppose the motion to amend because Respondents have reserved the right to seek further amendments of the returns, if necessary. The appropriateness of any subsequent amendment, however, should be left for another day, should any further amendment be sought.

[4]  Al Rezehi Opposition, p. 7-8; Bashir Opposition, p. 8-9; Fahmi Opposition, p. 9.

[5]  Fahmi Opposition, p. 9-10; Bashir Opposition, p. 9-10.

[6]  See each Opposition, p. 6, ftn. 6.   Petitioners allege they previously briefed that "redactions are improper" and cites to a "September 9 Supplemental Brief In Response to the Court's August 14, 2008, Order"    Our review of the filings does not reveal any order by Judge Thomas F. Hogan entered  on August 14, 2008 (a standard habeas protective order was entered on August 15, 2008).  Our review of the filings do not reveal any September 9, 2008, Supplemental Brief in the Anam case which could be responsive to either Order.

Two Petitioners also allege that the proposed Amended Return purged the 2004 Return of "exculpatory" materials because the Amended Return states that it is intended to "supersede" the previously filed return.[7] This argument is without merit. The Government, as described in the Respondents' Motion to Leave, has merely filed <u>amended</u> returns. Respondents have not removed or expunged information from the Court record. Moreover, the alleged "exculpatory information," consisting of certain assessments or recommendations regarding Petitioners, may not necessarily be found by the finder of fact to be "exculpatory" evidence.[8]

In each Opposition, at page 3, the Petitioner alleges that they are being unjustly held in custody because they are from Yemen, a country which the Petitioners allege is not party to any political agreement with the United States for release of detainees. The legality of Petitioners' detention, however, is clearly a question for the finder of fact, and not appropriate to consider at this stage of the proceedings; the fact that Petitioners are being detained at Guantanamo Bay as enemy combatants is the situation that has given rise to Petitioners' claims, but that fact alone is

---

[7] Bashir Opposition, p. 7-8; Fahmi Opposition, p. 7-8.

[8] Each Petitioner alleges, in a footnote, that Respondents motion to amend the returns should be denied because the actual "Narrative" was not signed and thereby properly certified. Respondents note, however, that the Amended Return cover filing is signed by government counsel. Further, the Amended Return includes a signed declaration of Rear Admiral David Thomas attaching the narrative and supporting materials and stating that they "contain information used by the Department of Defense to establish the status of [Petitioners] as enemy combatants and to substantiate their detention." Thus, no valid issue as to signing exists. Further, without conceding application of 28 U.S.C. § 2243 to this case, <u>see</u> <u>Boumediene</u>, 128 S. Ct. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring), the Amended Return explains the factual bases for petitioners' detention upon which Respondents are relying. <u>See</u> <u>Gladden v. Gidley</u>, 337 F.2d 575, 578 (9th Cir. 1964) (stating that "the provision of section 2243 that the return should certify 'the true cause of the detention' survives from an earlier form of the statute which did not provide for the show cause procedure [return]," and that the purpose of the show cause procedure [return] is for the opposing parties to "exhibit" the facts on which they rely) (quoting <u>Walker v. Johnston</u>, 312 U.S. 275, 284 (1941)).

not relevant as to whether the Court should grant Respondents' motion to amend. For the

foregoing reasons, and those stated in the government's Motion for Leave to File Amended

Factual Return, the Government's motion should be granted.


Dated: October 14, 2008                    Respectfully submitted,

                                           GREGORY KATSAS
                                           Assistant Attorney General

                                           JOHN C. O'QUINN
                                           Deputy Assistant Attorney General

                                           s/David J. Stander

                                           JOSEPH H. HUNT (D.C. Bar No. 431134)
                                           VINCENT M. GARVEY (D.C. Bar No. 27191)
                                           JUDRY L. SUBAR (D.C. Bar No. 347518)
                                           TERRY M. HENRY
                                           ANDREW I. WARDEN
                                           DAVID J. STANDER
                                           Attorneys
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           P.O. Box 883
                                           Washington, DC 20044
                                           Tel: (202) 305-9342

                                           Attorneys for Respondents