IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| **GUANTANAMO BAY** | ) | Misc. No. 08-442 (TFH) |
| **DETAINEE LITIGATION** | ) | |
| | ) | |
| MUSAB OMAR ALI AL-MUDWANI, | ) | |
| | ) | |
| Petitioner | ) | Civil No. 04-CV-1194 (HHK) |
| v. | ) | |
| | ) | |
| GEORGE WALKER BUSH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENTS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO AMEND FACTUAL RETURN**

Counsel for Musab Omar Ali Al-Mudwani ("Petitioner") has filed Petitioner's Opposition To Government's Motion For Leave To File Amended Factual Return ("Opposition" or "Opp."). The Opposition was filed with the Court Security Officer on October 7, 2008.

As explained in Respondents' Motion for Leave to File Amended Factual Return, (Respondents' Motion,") in defending a petitioner's detention as an enemy combatant, the Government is entitled to present to the Court its most appropriate case for detention. The Court is not reviewing past decisions of prior determinations of administrative tribunals, but rather is reviewing a prospective challenge to Petitioner's detention as an enemy combatant today. The Government, therefore, should not be restricted to the specific materials included in the previously filed return, which was compiled nearly four years ago.

1

Prior returns submitted in this and other Guantanamo Bay detainee cases were comprised of the records of the Combatant Status Review Tribunal ("CSRT") proceedings convened for petitioners that were produced in a legal context different from the one in which this matter now proceeds. Evidence not part of the original CSRT record is now available to the Court as it considers the proper disposition of the habeas petitions. Moreover, the legal landscape has changed significantly during the four years since the original CSRT records were compiled. Updated factual returns are therefore appropriate.

Just as the Government is submitting evidence beyond the 2004 CSRT records to justify its determination to detain enemy combatants in those cases in which *no* factual return has yet been filed, it should be permitted to submit such a return here as doing so will represent its most appropriate case for the non-punitive detention of petitioners as an enemy combatants today. There is no justification, where these habeas actions seek prospective relief from detention as of 2008, for restricting the Government's case to evidence considered by CSRTs in 2004. As a general matter, such a restriction in the Guantanamo cases would preclude the Court from considering any wartime intelligence developed by the United States during the past four years. Equally, if not more significantly, in light of legal developments since 2004, a time-bound restriction would risk the erroneous release of actual enemy combatants – and, thus, the return of those combatants to the battlefield to wage further war against American soldiers and civilians.

In response, Petitioner here raises several issues. First, he argues that the Government failed to establish cause for amending the return four years after filing the original return. Opposition 2-3. As stated in Respondents' Motion for Leave to File Amended Factual Return, the legal landscape and requirements in this case and the other Guantanamo habeas cases, as well

as expectations as to the type of review appropriate in detainee habeas cases, have changed significantly since the filing of the CSRT records in 2004, requiring reassessment of the type of evidence appropriately relied upon in habeas cases such as these. Since the decision in Boumediene, the Government has been expeditiously moving to file amended returns consistent with the mandate of that decision.

Petitioner also raises the claim that the Government should not be able to amend the factual return because it would cause an undue delay and unduly prejudice the petitioner. Opposition, p. 3-6. Petitioner states that Fed. R. Civ. P. 15(a) governs the standards for amendment of a habeas return in this case. Petitioner argues that although Rule 15 provides that leave to amend the pleadings "shall be freely given when justice requires," it is proper to deny such leave where there is a showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of amendment, etc." Atchinson v. District of Columbia, 73 F.3d 418, 425-426 (D.C. Cir. 1996), citing Foman v. Davis, 371 U.S. 178, 182 (1962). Petitioner alleges that a vast majority of the information added in the Amended Return predates the 2004 Return (the CSRT record), that the Government has therefore changed its basis for Petitioner's detention, and that the Government did not provide any explanation why the information was not included in the initial return. Petitioner also states that this unduly prejudices his ability to prepare for the habeas hearing.

As an initial matter, the Federal Rules of Civil Procedure do not necessarily apply to statutory habeas petitions, let alone constitutional habeas claims such as this case. See Fed. R. Civ. P. 81(a)(4); Section 2255 Habeas Rule 12; Rumsfeld v. Padilla, 542 U.S. 426, 452 (2004)

(Kennedy, J., concurring); see also Boumediene v. Bush, 128 S. Ct. 2229, 2277 (2008) (petitioners are entitled to "fundamental" habeas rights; Boumediene "does not address the content of the law that govern petitioners' detention."); id. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring). Petitioner's reliance, therefore, upon Rule 15, without citation or explanation of its applicability here, is presumptuous.[1]

In any event, as stated in Respondents' Motion for Leave to File Amended Factual Return, the legal landscape and requirements in this case and the other Guantanamo habeas cases, as well as expectations as to the type of review appropriate in detainee habeas cases, have changed significantly since the filing of the CSRT records in 2004, requiring reassessment of the type of evidence appropriately relied upon in a habeas case such as this. Since the decision in Boumediene, the Government has been expeditiously moving to file amended returns consistent with the mandate of that decision. In addition, merits-related proceedings in this case have not

---

[1] Further, even if Rule 15 had any application in this context, the Fed. R. Civ. P. 15(a) case authority cited by Petitioner is not persuasive that there has been undue delay, undue prejudice, or futility of the amendment. In Atchinson, supra, the court addressed a claim under 42 U.S.C. § 1983 against a municipality and certain officials, and held that the district court did not abuse its discretion in denying the plaintiff's oral leave to amend to add an individual defendant made on the day trial was scheduled to begin and after discovery had been complete. Atchinson, 73 F.3d at 427. Atchinson has been interpreted such that mere delay between the filing of the complaint and the request to amend is not "undue delay" warranting denial of leave to amend. Dove v. Washington Metro. Area Transit Auth., 221 F.R.D. 246, 248 (D.D.C. 2004); See also City of Moundridge v. Exxon Mobil Corp., 250 F.R.D.1, 6 (D.D.C. 2008) (discussing Rule 15 cases and stating that non-movant has burden of showing why leave should not be granted).

And regarding undue prejudice, the Supreme Court in Foman, supra, stated that such prejudice must in fact be "undue." 371 U.S. at 182. Courts in this circuit have found that undue prejudice is not mere harm to the non-movant but a denial "of the opportunity to present facts or evidence which would have been offered had the amendment been timely." Dove, supra, 221. F.R.D. at 248, citing case.

4

begun, and Petitioner will have the opportunity to present evidence and otherwise respond to the evidence presented in the amended return such that no prejudice warranting denial of the motion to amend exists. Respondents, therefore, should be permitted to amend their factual return pertaining to Petitioner.

Petitioner's remaining arguments are inappropriately raised at this stage of the proceedings. Petitioner first complains that Respondents' amended return should not be permitted because it contains statements that were obtained inappropriately. Opposition, p. 7-8. Petitioner also complains that the information was obtained through allegedly improper contact with petitioner. Opposition, p. 10-11. Respondents do not concede, and vigorously dispute, Petitioner's assertions and legal conclusions. In any event, however, such questions, if appropriate, should await actual merits-related proceedings. Moreover, objections such as those raised by Petitioner are not relevant to the Government's amendment of its return and do not warrant wholesale rejection of the Government's leave to amend the return.

Petitioner also alleges that the proposed Amended Return purges some potentially exculpatory evidence found in the original return. Opposition, p. 8-9. This argument is without merit. The Government, as described in the Respondents' Motion to Leave, has merely filed <u>amended</u> returns. Respondents have not removed or expunged information from the Court record. Moreover, the alleged "exculpatory information," consisting of certain assessments of Petitioner's cooperation with interrogators, may not necessarily be found by the finder of fact to be "exculpatory" evidence.

Finally, Petitioner claims that Respondents' Motion should be denied because the Government has not yet provided an unclassified version of the proposed amended return.

Opposition, p. 9-10. Wholesale rejection of the Government's leave to amend the return is not warranted. See Boumediene v. Bush, 128 S.Ct. 2229, 2276-77 (recognizing "the government's legitimate interest in protecting sources and methods of intelligence gathering" and noting that "[c]ertain accommodations can be made to reduce the burden habeas corpus proceedings will place on the military without impermissibly diluting the protections of the writ"). Respondents fully recognize the need for unclassified versions of the amended and original factual returns being filed in the Guantanamo habeas cases before the Court, including this case. The Government, however, has filed more than 65 amended or original factual returns in the Guantanamo cases before the various Judges of the Court and continues to expend tremendous resources, as more fully described in Respondents' Motion for Partial and Temporary Relief from the Court's July 11, 2008 Scheduling Order (Misc. No. 08-0442) (dkt. no. 317), to file at least 50 additional amended or original factual returns per month. While Respondents are working to develop a process whereby unclassified versions of newly filed factual returns can also be produced, the document review and redaction resources required for production of such unclassified versions are the same review and redaction resources required for production of the more than 50 new factual returns per month. These significant and competing resource demands have meant that Respondents have not been able to produce unclassified versions of most of the factual returns already filed.

For the foregoing reasons, and those stated in the government's Motion for Leave to File Amended Factual Return, the Government's motion should be granted.

Dated: October 20, 2008

Respectfully submitted,

GREGORY KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

/s/David P. Avila

JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 27191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
ANDREW I. WARDEN
DAVID P. AVILA
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-9342
Facsimile: (202) 305-2685
E-Mail: david.avila2@usdoj.gov

Attorneys for Respondents

CERTIFICATE OF SERVICE

      I hereby certify that on October 20, 2008, I caused the foregoing Respondents' Reply in Support of Motion for Leave to Amend Factual Return to be served on counsel for the petitioner by electronic means through the Court's Case Management/Electronic Case File system.

                                  /s/
                            David P. Avila
                            Trial Attorney