## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil Action No. 05-CV-1490 (PLF) |
| ) | |
| ABD AL-HADI OMAR MAHMOUD ) | |
| FARAJ, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | |
| GEORGE W. BUSH,  et al., ) | |
| ) | |
| Respondents. ) | |

## RESPONDENTS' REPLY IN SUPPORT OF MOTION
## FOR LEAVE TO AMEND FACTUAL RETURN

Counsel for Abd al-Hadi Omar Mahmoud Faraj ("Faraj" or "Petitioner") has filed

Petitioner's Opposition To Respondents' Motion For Leave To File Amended Factual Return

("Opposition" or "Opp."). The Opposition was filed with the Court Security Officer on October

8, 2008.

As explained in Respondents' Motion for Leave to File Amended Factual Return

("Respondents' Motion,") in defending a petitioner's detention as an enemy combatant, the

Government is entitled to present to the Court its most appropriate case for detention. The Court

is not reviewing past decisions of prior determinations of administrative tribunals, but rather is

reviewing a prospective challenge to Petitioner's detention as an enemy combatant today. The

1

Dockets.Justia.com

Government, therefore, should not be restricted to the specific materials included in the return previously filed, which was compiled nearly four years ago.

Prior returns submitted in this and other Guantanamo Bay detainee cases comprised the records of the Combatant Status Review Tribunal ("CSRT") proceedings convened for petitioners that were produced in a legal context different from the one in which this matter now proceeds. Evidence not part of the original CSRT record is now available to the Court as it considers the proper disposition of the habeas petitions. Moreover, the legal landscape has changed significantly during the four years since the original CSRT records were compiled. Updated factual returns are therefore appropriate. Just as the Government is submitting evidence beyond the 2004 CSRT records to justify its determination to detain enemy combatants in those cases in which *no* factual return has yet been filed, it should be permitted to submit such a return here as doing so will represent its most appropriate case for the non-punitive detention of petitioners as enemy combatants today. There is no justification, where this habeas action seeks prospective relief from detention as of 2008, for restricting the Government's case to only evidence considered by CSRTs in 2004. As a general matter, such a restriction in the Guantanamo cases would preclude the Court from considering any wartime intelligence developed by the United States during the past four years. Equally, if not more significantly, in light of legal developments since 2004, a time-bound restriction would risk the erroneous release of actual enemy combatants – and, thus, the return of those combatants to the battlefield to wage further war against American soldiers and civilians.

In response, Petitioner here raises issues, all of which, except the first issue discussed below, are premature to consider at this stage of this proceeding because they are only

appropriate for the finder of fact in a merits-based proceeding, or are irrelevant to the issue of whether an amended factual return may be filed by the Government.

**A. The Court Should Grant Leave to the Government to Amend its Factual Return**

Petitioner raises the claim that the Respondents should not be able to amend the factual returns because of undue delay and undue prejudice to Petitioner. Petitioner states that Fed. R. Civ. P. 15(a) governs the standards for amendment of a habeas return in this case. Petitioner argues that while Rule 15 provides that leave to amend the pleadings "shall be freely given when justice requires," it is proper to deny such leave where there is a showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of amendment, etc." Atchison v. District of Columbia, 73 F.3d 418, 425-426 (D.C. Cir. 1996), citing Foman v. Davis, 371 U.S. 178, 182 (1962). Petitioner alleges that a vast majority of the information added in the Amended Factual Return predates the 2004 Return (the CSRT record), and that the Government's "indirect" explanation of why the information was not included in the initial Return is insufficient. Opposition at 6-7. Petitioner also states that this unduly prejudices his counsel in preparing for the habeas hearing. Opposition at 8-10.[1]

---

[1] At pages 8-9 of the Opposition, Petitioner cites to three specific examples of prejudicial or "potentially prejudicial" evidence. Petitioner describes the three examples as: (1) arguably inculpatory; (2) arguably exculpatory; and (3) of questionable credibility. Petitioner's arguments about this evidence are driven primarily by his view of the relative strength of the Government's evidence, and, the arguments would more appropriately be addressed at a merits-based proceeding. See infra at 5-6.

As an initial matter, the Federal Rules of Civil Procedure do not necessarily apply to statutory habeas petitions, let alone constitutional habeas claims such as this case. See Fed. R. Civ. P. 81(a)(4); Section 2255 Habeas Rule 12; Rumsfeld v. Padilla, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring); see also Boumediene v. Bush, 128 S. Ct. 2229, 2277 (2008) (petitioners are entitled to "fundamental" habeas rights; Boumediene "does not address the content of the law that govern petitioners' detention."); id. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring). Petitioner's reliance on Rule 15 is therefore misplaced.[2]

In any event, as stated in Respondents' Motion for Leave to File Amended Factual Return, the legal landscape and requirements in this case and the other Guantanamo habeas cases, as well as expectations as to the type of review appropriate in detainee habeas cases, have

---

[2] Further, even if Rule 15 had any application in this context, the Fed. R. Civ. P. 15(a) case authority relied on by Petitioner is not persuasive with respect to claimed undue delay, undue prejudice, or futility of the amendment. In Atchinson, supra, the court addressed a claim under 42 U.S.C. § 1983 against a municipality and certain officials, and held that the district court did not abuse its discretion in denying the plaintiff's oral leave to amend to add an individual defendant made on the day trial was scheduled to begin and after discovery had been complete. Atchinson, 73 F.3d at 427. Atchinson has been interpreted such that mere delay between the filing of the complaint and the request to amend is not "undue delay" warranting denial of leave to amend. Dove v. Washington Metro. Area Transit Auth., 221 F.R.D. 246, 248 (D.D.C. 2004); see also City of Moundridge v. Exxon Mobil Corp., 250 F.R.D. 1, 6 (D.D.C. 2008) (discussing Rule 15 cases and stating that non-movant has burden of showing why leave should not be granted).

Additionally, with respect to undue prejudice, the Supreme Court in Foman, supra, stated that such prejudice must in fact be "undue." 371 U.S. at 182. Courts in this circuit have found that undue prejudice cannot be mere harm to the non-movant, but must be a denial "of the opportunity to present facts or evidence which would have been offered had the amendment been timely." Dove, supra, 221. F.R.D. at 248, citing Foremost-McKesson, Inc. v. Islamic Republic of Iran, 1988 WL 122568, at *4 (D.D.C. 1988) aff'd 905 F.2d 438 (D.C. Cir. 1990). Here, there is neither undue prejudice nor undue delay resulting from the Government's filing of its Amended Factual Return.

4

changed significantly since the filing of the CSRT records in 2004, requiring reassessment of the type of evidence appropriately relied upon in a habeas case such as this.   Since the decision in Boumediene, the Government has been expeditiously moving to file amended returns consistent with the mandate of that decision.  Respondents, therefore, should be permitted to amend their factual returns pertaining to petitioners.

**B.  Petitioner's Remaining Arguments are Premature and Do Not Support Denial of Respondents' Motion**

Petitioner has raised three other issues, all of which are more appropriate for consideration in connection with a subsequent merits-based proceeding, and are irrelevant to the motion-to-amend issue.  Merits-related proceedings in this case have not begun, and Petitioner will have ample opportunity to present evidence and otherwise respond to the evidence presented in the Amended Factual Return.  (These proceedings will ensure that no prejudice warranting denial of the motion to amend exists.)  While it appears that a variety of legal and factual issues are raised in the Opposition in order to preview Petitioner's case, none of these issues is relevant to Respondents' Motion.

**1.  Petitioner Complains The Amended Factual Return is Not Full and Complete**

Petitioner argues that the Amended Factual Return is not full and complete because it does not address relevant legal issues in the case and it does not certify the completeness and finality of the Government's factual submissions.  Opposition at 3-5.  Petitioner's argument is premature.  It was not anticipated, and would not have been practical to expect that the Amended Factual Return would be the Government's final substantive filing in this case.  There will certainly be additional briefing and additional court proceedings relating to the legal issues

Petitioner argues the Government should have addressed with finality in its Amended Factual Return.

With respect to evidentiary issues, the Opposition is replete with Petitioner's views–both pro and con–of the Government's evidence against the Petitioner. The Amended Factual Return has afforded Petitioner notice of the Government's allegations, and Petitioner has already begun to respond to those allegations in his Opposition. However, resolution of the evidentiary issues raised by Petitioner in the Opposition would be better addressed in connection with a merits-based proceeding, and are not a basis to deny Respondents' Motion.[3]

### 2. **Petitioner Complains He Has Not Received All Exculpatory Evidence**

The Amended Factual Return contains exculpatory evidence. Specifically, the Factual Return contains evidence that tends materially to undermine information presented in the Return. Petitioner acknowledges receipt of this exculpatory evidence, but nevertheless complains that he has not received "*all* exculpatory and impeaching evidence that is known and available to the Government." Opposition at 10.

While Petitioner claims that the Government has failed to satisfy an "obligation" to provide exculpatory evidence, it must be noted that the Government has supplied the exculpatory evidence even though there is no constitutional requirement to do so. Petitioner's claimed dissatisfaction with the nature and quantum of evidence he has received is (again) premature,

---

[3] There is tension between the arguments in Petitioner's Opposition. Petitioner is already taking issue with evidence contained in the Amended Factual Return (Opp. at 8, 9, 11,) while he is seeking additional evidence (Opp. at 4-5,) but is nevertheless maintaining that the Government's presentation should be limited to its previously-filed return (Opp. at 5-9). It is difficult to envision a merits-based proceeding in which Petitioner would take issue with the strength of Respondent's evidence, but where the Respondent would not be able to rely on that evidence.

better addressed in connection with a merit-based proceeding, and provides no basis for denying Respondents' Motion.[4]

### 3. **Petitioner Complains The Amended Factual Return is Not Signed**

Petitioner also alleges that Respondents' Motion should be denied because the actual Narrative was not signed, was not certified, and was not "attributed." Opposition at 11-14. Respondents note, however, that the Amended Factual Return cover filing is signed by government counsel. Further, the Amended Factual Return includes a signed declaration of Rear Admiral David Thomas attaching the narrative and supporting materials and stating that they "contain information used by the Department of Defense to establish the status of [each petitioner] as an enemy combatant and to substantiate their detention." Thus, no valid issue as to signing exists.[5]

---

[4] Petitioner cites Brady v. Maryland, 373 U.S. 83, 87 (1963) and other criminal discovery cases to support his claim for "all" exculpatory evidence. Opposition at 10. This habeas case is not a criminal matter, and the prospect of criminal type-discovery in this case and other detainee cases like it has already been flatly rejected in Hamdi v. Rumsfeld, 542 U.S. 507, 528 (2004). See also Government's Brief Regarding Procedural Framework, Docket No. 205 in No. 08-ms-0442, at 20.

[5] Further, without conceding application of 28 U.S.C. § 2243 to this case, see Boumediene, 128 S. Ct. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring), the Amended Factual Return explains the factual bases for Petitioner's detention upon which Respondents are relying. See Gladden v. Gidley, 337 F.2d 575, 578 (9th Cir. 1964) (stating that "the provision of section 2243 that the return should certify 'the true cause of the detention' survives from an earlier form of the statute which did not provide for the show cause procedure [return]," and that the purpose of the show cause procedure [return] is for the opposing parties to "exhibit" the facts on which they rely) (quoting Walker v. Johnston, 312 U.S. 275, 284 (1941)).

For the foregoing reasons, and those stated in the Respondents' Motion for Leave to File Amended Factual Return, the Government's motion should be granted.


Dated: October 20, 2008               Respectfully submitted,

GREGORY KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

s/John P. Lohrer

JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 27191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
ANDREW I. WARDEN
JOHN P. LOHRER (D.C. Bar No. 438939)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-8705

Attorneys for Respondents