IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-0442 (TFH) |
| AHMED YASLAM SAID KUMAN,<br><br>    Petitioner,<br>v.<br>GEORGE W. BUSH, et al.,<br>    Respondents. | Civil Action No. 08-CV-1235 |
| HAMOUD ABDULLAH HAMOUD<br>HASSAN AL WADY,<br><br>    Petitioner,<br>v.<br>GEORGE W. BUSH, et al.,<br>    Respondents. | Civil Action No. 08-CV-1237 |
| SHAWKI AWAD BALZUHAIR<br><br>    Petitioner,<br>v.<br>GEORGE W. BUSH, et al.,<br>    Respondents. | Civil Action No. 08-CV-1238 |

## PETITIONERS' MOTION FOR EXTENSION OF TIME TO FILE SIGNED AUTHORIZATIONS

Petitioners Hamoud Abdullah Hamoud Hassan Al Wady, Hamoud Abdullah Hamoud Hassan Al Wady, and Shawki Awad Balzuhair, by and through counsel, hereby moves for an

extension of time of seventy-five (75) days to comply with the Court's July 28, 2008 order (Dkt # 5). This order required Petitioner's counsel to file no later than October 27, 2008 either a signed authorization from the petitioner to pursue the action or a declaration by counsel stating that the petitioner directly authorized counsel to pursue the action and explaining why counsel was unable to secure a signed authorization. This motion is based upon the attached declaration and the status reports previously filed in the respective cases.

        Respectfully submitted,

        SEAN K. KENNEDY
        Federal Public Defender

DATED: October 20, 2008        By  /s/ Craig Harbaugh
        CRAIG HARBAUGH (D.C. Bar No. 974117)
        CARLTON F. GUNN (CA Bar No. 112344)
        Deputy Federal Public Defenders
        Office of the Federal Public Defender
        321 East 2nd Street
        Los Angeles, CA 90012-4202
        (213) 894-1700; Facsimile: (213) 894-0081
        Attorneys for Petitioner

# DECLARATION OF CRAIG A. HARBAUGH

I, Craig A. Harbaugh, declare and state:

1. I am a Deputy Federal Public Defender and, along with Deputy Federal Public Defender Carlton Gunn, represent Ahmed Yaslam Said Kuman, Hamoud Abdullah Hamoud Hassan Al Wady, and Shawki Awad Balzuhair, ("Petitioners") in the above entitled cases.

2. Soon after the Federal Public Defender was appointed to represent Petitioners on August 8, 2008, counsel made diligent efforts to obtain a security clearance. Despite repeated requests, counsel never obtained the requisite forms and were forced to obtain them on our own initiative. The completed forms were sent via Federal Express on September 9, 2008. Following additional correspondence with the responsible official at the Department of Justice, additional clearance forms, including fingerprint cards, were sent on September 15, 2008. These document could only be obtained directly from the agency. Counsel returned the completed forms the following day.

3. On October 15, 2008, I was informed by the responsible DOJ official that we would be able to obtain our interim security clearance the following week. We are tentatively scheduled to complete the necessary briefing via telephone on October 21, 2008, and obtain our interim clearance thereafter.

4. Even with the prospect of interim clearances, however, it will be impossible for us to secure signed authorizations from our clients before October 27, 2008. We have been informed by other counsel that it takes a minimum of one month for the Department of Defense to coordinate a visit to the Guantanamo Detention Facility. Even if visits can be scheduled within the next thirty days, which is itself quite ambitious, it is not certain that authorizations can be obtained during the initial encounter with our clients. Indeed, as this Court recognized in its September 11, 2008

order, two meetings may be necessary before the requisites authorization can be obtained.

5. Therefore, because it is virtually impossible for counsel to obtain the necessary authorizations by October 27, 2008, we are seeking an additional seventy-five days to comply with the Court's July 28, 2008 order. Absent unforeseen circumstances, counsel anticipate being able to secure the signed authorizations no later than January 10, 2009.

6. On October 19, 2008, I sent an email to counsel for Respondents seeking their position on the motion. Respondents' counsel, Terry M. Henry, responded as follows:

> Respondents do not oppose the requested extension so long as respondents are not required to file factual returns with respect to these detainees until 45 days after an appropriate authorization is submitted (or until such returns would due under Judge Hogan's current scheduling order, if later).

7. Petitioner opposes any additional extension for Respondents. The reason for the delay is due to Respondents' requirement that counsel must obtain a security clearance to even confer with their clients. In any event, the delay in obtaining the signed authorization does not impede Respondents in completing the necessary returns. Respondents have already been granted an extension after failing to comply with Court's order and should not be allowed to prolong the process any further.

I declare under penalty of perjury that the foregoing, executed at Los Angeles, California, on this 20th day of October, 2008, is true and correct.

_____/s/_____
CRAIG A. HARBAUGH
Deputy Federal Public Defender