IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: | ) Misc. No. 08-0442 (TFH) |
|  | ) |
| GUANTANAMO BAY | ) Civil Action Nos. |
| DETAINEE LITIGATION | ) |
|  | ) 04-cv-1194; 05-cv-0280; 05-cv-0748; 05-cv-0994; |
|  | ) 05-cv-0999; 05-cv-1347; 05-cv-1353; 05-cv-1504; |
|  | ) 05-cv-1505; 05-cv-2349; 05-cv-2385; 05-cv-2386; |
|  | ) 05-cv-2479; 06-cv-0618; 08-cv-1185; 08-cv-1221 |

## **RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTION FOR STATUS HEARING**

Various petitioners in these cases request a status conference with this Court and seek an order setting a deadline for Respondents to file factual returns with respect to petitioners in each habeas proceeding listed above. Petitioners include seventeen (17) detainees who have been approved by the Department of Defense ("DoD") for transfer or release from the United States Naval Base at Guantanamo Bay, Cuba ("Guantanamo") and four (4) detainees who have been transferred from Guantanamo to the custody of various foreign governments. However, Petitioners' request has already been addressed by this Court in its September 19, 2008 Order, which clarified that the deadline for filing factual returns with respect to these types of petitioners was suspended, pending further order of the Court. This Court's Order was appropriate, supported by the facts and circumstances of these proceedings and is consistent with *Boumediene*'s instruction for expeditious litigation. Further, the claims set forth by Petitioners who have been transferred from Guantanamo – *i.e.*, regarding alleged collateral consequences of their enemy combatant designation and conditions allegedly attached to their transfers – are not cognizable in habeas, and their petitions are moot. Accordingly, a status conference to discuss these matters is unnecessary, and Petitioners' motion should be denied.

**ARGUMENT**

I.  **PETITIONERS' REQUEST FOR A STATUS CONFERENCE SHOULD BE DENIED WITH REGARD TO THE SEVENTEEN PETITIONERS WHO HAVE BEEN APPROVED FOR TRANSFER OR RELEASE FROM GUANTANAMO**

A status conference with regard to the seventeen (17) petitioners who have been approved by the DoD for transfer or release from Guantanamo is unnecessary. Though framed as a request for a status conference, Petitioners are at bottom seeking an order from the Court setting forth a deadline for the filing of factual returns or motions to amend factual returns for the petitioners in these cases who have already been approved for release or transfer from Guantanamo, presumably as a precursor to further proceedings on the merits of the cases. This matter was addressed by the Court in its September 19, 2008 Order, which suspended the deadline with respect to these types of petitioners pending further order of the Court. *See* Exhibit A, September 19, 2008 Order, No. 08-mc-442-TFH Dkt#464.

This Court's decision was appropriate and supported by the facts and circumstances surrounding the status of these petitioners and the unique nature of and challenges presented by the Guantanamo Bay detainee litigation as a whole. Petitioners are individuals for whom the DoD is already seeking to end United States custody, which, in essence, is the type of relief that they are seeking in their habeas petitions. The determination, contrary to the allegation of Petitioners, affords meaningful relief, because, for these petitioners, the DoD has moved on to the next steps of identifying foreign governments to take custody of these petitioners and seeking to secure and facilitate the transfer of these petitioners. On the other hand, the cases which are subject to the factual return filing deadline of the September 19, 2008 Order are not similarly situated. Further, practically speaking, it is possible that this process will be completed for these petitioners and they will be transferred or released prior to Respondents filing factual returns or

prior to the Court's adjudication of their habeas claims, thereby rendering the cases moot. This has, in fact, occurred with regard to four (4) of the petitioners joining in the instant motion.

In the context of the broader scope of the Guantanamo Bay detainee litigation, which consists of over 250 pending proceedings, this Court aptly recognized the need to prioritize cases to the extent of creating deadlines for filing factual returns in order to ensure the expeditious treatment of these habeas petitions in accordance with the instruction of *Boumediene*. *Boumediene v. Bush*, 1128 S. Ct. 2229, 2275 (2008).[1] Petitioners' request for this Court to order submission of factual returns and merits proceedings for these seventeen (17) petitioners who have already been approved by the DoD for transfer or release and who, quite possibly, could be transferred or released during the pendency of their habeas petitions is not an efficient or wise use of resources for the parties and the Court and, by diverting resources to address cases that could become moot, may delay the overall litigation.[2]

Petitioners contend that the Court's September 19, 2008 Order relieves Respondents of the obligation to justify their on-going detention and ensures that these seventeen (17) petitioners are the "lowest of Respondents' priorities." These allegations are unsupported. As stated above, these petitioners have received a determination by DoD that they should be transferred from United States custody at Guantanamo. It is not unlawful to keep these petitioners at Guantanamo

---

[1] Contrary to Petitioners' argument, the September 19, 2008 Order is consistent with *Boumediene*, as well as the July 1, 2008 Resolution of the Executive Session of the United States District Court for the District of Columbia, which provided that "Senior Judge Thomas F. Hogan is designated to coordinate and manage proceedings in all Guantanamo Bay cases so that these cases can be addressed as expeditiously as possible. . . ."

[2] Respondents are making every diligent effort to comply with this Court's September 19, 2008 Order by filing the required 50 factual returns per month. In doing so, Respondents may find it necessary to complete and file factual returns for some petitioners who are approved by the DoD for transfer or release in order to meet that requirement -- including factual returns Respondents had begun developing and drafting prior to this Court clarifying in its September 19, 2008 Order that such returns need not be filed. *See* Respondents' Motion for Partial and Temporary Relief from the Court's July 11, 2008 Scheduling Order at 13 n.4 (No. 08-mc-442-TFH Dkt#317). Notwithstanding the foregoing, this Court's September 19, 2008 Order does not require Respondents to file these factual returns, nor does the fact that they may be filed justify an order requiring the filing of factual returns for these petitioners or warrant any future consideration of these petitioners' habeas claims on the merits, as Petitioners request. To do so, as explained *supra*, would be an inefficient use of resources that may delay the overall litigation.

pending efforts to find a country to accept them. *See Hamdi v. Rumsfeld,* 542 U.S. 507, 518 (2004) (plurality) (detention of combatants is "by universal agreement and practice" an "important incident of war") (internal quotations omitted); *see also Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215-16 (1953) (detention of alien who had not entered United States appropriate pending identification of country to which he could be returned). Further, the September 19, 2008 Order does not constrain the Government's ability to effectuate transfer or release of Petitioners. Rather, the U.S. Government is working to transfer detainees who are approved for transfer or release consistent with the policies and procedures outlined for this Court in the declarations of Ambassador Clint Williamson and Deputy Assistant Secretary of Defense for Detainee Affairs Sandra Hodgkinson attached to Respondents' Status Report in Response to Court's July 3, 2008 Order. *See* No. 08-mc-442-TFH Dkt#57.

Accordingly, a status conference to discuss this matter is unnecessary, and Petitioners' motion should be denied. Petitioners' request for this Court to enter an order setting a deadline for Respondents to file factual returns related to the petitioners who have been approved by the DoD for release or transfer from Guantanamo has already been addressed by this Court in its September 19, 2008, which, for good cause, suspended the deadline for the time being.

## II. PETITIONERS' REQUEST FOR A STATUS CONFERENCE SHOULD BE DENIED WITH REGARD TO THE FOUR PETITIONERS WHO HAVE BEEN TRANSFERRED FROM GUANTANAMO

Likewise, a status conference with regard to the four (4) petitioners who have already been transferred by the DoD from Guantanamo is unnecessary. Again, what Petitioners are ultimately seeking is entry of an order requiring the filing of factual returns and the review of the claims of these *former* detainees based on alleged collateral consequences they continue to suffer as a result of their designation as "enemy combatants" and the "conditions of their transfers."

4

These claims, however, do not carry collateral consequences that are cognizable in habeas, and, in any event, such cases should not take priority over or divert resources from the completion of factual returns for detainees still at Guantanamo.

The D.C. Circuit has held that "for a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that . . . his subsequent release has not rendered the petition moot." *Qassim v. Bush*, 466 F.3d 1073, 1078 (D.C. Cir. 2006) (quoting *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (alteration in original)). Thus, the petitioner must establish, despite his release or transfer from U.S. custody, that he continues to suffer "some concrete and continuing injury . . . some collateral consequences" of the type amenable to judicial redress by the court. *Id. at* 1077-78 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)); *Al Joudi v. Bush*, No. 05-CV-0301, 2008 WL 821884 (D.D.C. March 26, 2008). In *Qassim*, the D.C. Circuit held that, absent their showing of alleged collateral consequences related to their past detention in Guantanamo that could be redressed by the Court, the release and transfer of several detainees from Guantanamo to the exclusive custody of Albania rendered their pending habeas petitions moot. *Qassim*, 466 F.3d at 1076. The same rationale was followed by this Court in *Al Joudi v. Bush* where the Court dismissed the petitioner's habeas case as moot after the United States relinquished custody of him and transferred him to the custody of Saudi Arabia. *Al Joudi*, 2008 WL 821884 at *1. The Court held that the petitioner did not establish by competent evidence "some concrete and continuing injury . . . some collateral consequence" by speculatively alleging that he may be monitored by the Saudi government, experience travel restrictions and/or future prosecution as a result of his detention at Guantanamo. *Id.* Further, *Al Joudi* held that any potential collateral consequences alleged by the petitioner would not be redressable by the Court, as they would be the product of the

5

discretionary actions of the Saudi Government, not the U.S. Government, over which the Court had no authority. *Id.* Unless an actual injury suffered by the petitioner could be traceable to the actions of the respondent or likely to be redressed by a favorable decision, dismissal was required. *Id.*

In the instant case, Petitioners contend that they are entitled to habeas review based on alleged "collateral consequences that they continue to suffer from their designation as enemy combatants and the conditions of their transfers." Petitioners' motion is devoid of facts to support how, if at all, their prior detention has resulted in "some concrete and continuing injury." Contrary to their argument, well-established habeas law supports the finding that Petitioners cannot present the type of "collateral consequences" sufficient to present a claim or controversy in a habeas case. *Qassim*, 4669 F.3d *at* 1077-78; *Al Joudi*, 2008 WL 821884 at *1. First, the designation of enemy combatant by itself does not carry the type of "collateral consequences" sufficient to present a case or controversy in a habeas action.[3] Moreover, even if Petitioners could show that their enemy combatant designations or conditions allegedly attached to their transfers have resulted in collateral consequences, such an injury would be the result of the discretionary acts of a foreign sovereign beyond the control of this Court. Upon transfer, the United States relinquished all legal and physical custody of Petitioners. *See* Hodgkinson Declaration, No. 08-mc-442-TFH Dkt#57 at para. 5. Their continued detention, prosecution or release following transfer from Guantanamo is a matter within the sole discretion of the respective receiving foreign governments under their laws. *Id.* In other words, the Court lacks the power to effectuate redress of the alleged injuries.

---

[3] The Supreme Court has never presumed that adverse collateral consequences will flow from a determination other than a criminal conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7-14 (1998)(declining to presume adverse collateral consequences flowing from revocation of parole). An enemy combatant designation is not a criminal conviction, but rather a preventive measure taken "to prevent captured individuals from returning to the field of battle and taking up arms once again." *See Hamdi v. Rumsfeld*, 542 U.S. 507, 518 (2004)(plurality opinion).

Accordingly, a status conference to discuss this matter is unnecessary, and Petitioners' motion should be denied. The claims set forth by Petitioners who have been transferred from Guantanamo – *i.e.*, alleged collateral consequences of their enemy combatant designation and conditions of their transfers – are not cognizable in habeas, and their petitions are moot.

The Court need not decide the issue of mootness to deny these petitioners' motion for a status conference, however. Rather, given that these petitioners are no longer in United States custody, and in light of the prior decisions on this issue, it is clear that these petitioners' cases should not take priority over or divert resources from completion of factual returns for detainees still at Guantanamo.

## CONCLUSION

For the reasons set forth above, Respondents respectfully request that this Court deny Petitioners' Motion for Status Hearing and enter the attached proposed Order.

Dated: October 21, 2008　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　GREGORY G. KATSAS
　　　　　　　　　　　　　　　　　　　　　Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　JOHN C. O'QUINN
　　　　　　　　　　　　　　　　　　　　　Deputy Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　*/s/ Kathryn C. Mason*
　　　　　　　　　　　　　　　　　　　　　JOSEPH H. HUNT (D.C. Bar No. 431134)
　　　　　　　　　　　　　　　　　　　　　VINCENT M. GARVEY (D.C. Bar No. 127191)
　　　　　　　　　　　　　　　　　　　　　JUDRY L. SUBAR (D.C. Bar No. 347518)
　　　　　　　　　　　　　　　　　　　　　TERRY M. HENRY
　　　　　　　　　　　　　　　　　　　　　ANDREW I. WARDEN
　　　　　　　　　　　　　　　　　　　　　KATHRYN C. MASON
　　　　　　　　　　　　　　　　　　　　　Attorneys
　　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　　20 Massachusetts Ave., N.W.
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20530

Tel: (202)616-8298
Fax: (202)616-8470
Attorneys for Respondents