IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-0442 (TFH) |
| AHMED YASLAM SAID KUMAN,<br><br>Petitioner,<br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>Respondents. | Civil Action No. 08-CV-1235 |
| HAMOUD ABDULLAH HAMOUD<br>HASSAN AL WADY,<br><br>Petitioner,<br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>Respondents. | Civil Action No. 08-CV-1237 |
| SHAWKI AWAD BALZUHAIR<br><br>Petitioner,<br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>Respondents. | Civil Action No. 08-CV-1238 |

**PETITIONERS' SUBMISSION OF COUNSEL OF RECORD SIGNED MEMORANDA
OF UNDERSTANDING REGARDING ACCESS TO CLASSIFIED NATIONAL
SECURITY INFORMATION AND ACKNOWLEDGMENTS**

Petitioners Hamoud Abdullah Hamoud Hassan Al Wady, Hamoud Abdullah Hamoud

Hassan Al Wady, and Shawki Awad Balzuhair, by and through counsel, hereby submits copies of

Exhibits A and B to the Court's September 11, 2008 Order signed by both attorneys of record.

             Respectfully submitted,

             SEAN K. KENNEDY
             Federal Public Defender

DATED: October 21, 2008    By  /s/ Craig Harbaugh
             CRAIG HARBAUGH (D.C. Bar No. 974117)
             CARLTON F. GUNN (CA Bar No. 112344)
             Deputy Federal Public Defenders
             Office of the Federal Public Defender
             321 East 2nd Street
             Los Angeles, CA 90012-4202
             (213) 894-1700; Facsimile: (213) 894-0081
             Attorneys for Petitioner

# DECLARATION OF CRAIG A. HARBAUGH

I, Craig A. Harbaugh, declare and state:

1. I am a Deputy Federal Public Defender and, along with Deputy Federal Public Defender Carlton Gunn, represent Ahmed Yaslam Said Kuman, Hamoud Abdullah Hamoud Hassan Al Wady, and Shawki Awad Balzuhair, ("Petitioners") in the above entitled cases.

2. Soon after the Federal Public Defender was appointed to represent Petitioners on August 8, 2008, counsel made diligent efforts to obtain a security clearance. Despite repeated requests, counsel never obtained the requisite forms and were forced to obtain them on our own initiative. The completed forms were sent via Federal Express on September 9, 2008. Following additional correspondence with the responsible official at the Department of Justice, additional clearance forms, including fingerprint cards, were sent on September 15, 2008. These document could only be obtained directly from the agency. Counsel returned the completed forms the following day.

3. On October 15, 2008, I was informed by the responsible DOJ official that we would be able to obtain our interim security clearance the following week. We are tentatively scheduled to complete the necessary briefing via telephone on October 21, 2008, and obtain our interim clearance thereafter.

4. Even with the prospect of interim clearances, however, it will be impossible for us to secure signed authorizations from our clients before October 27, 2008. We have been informed by other counsel that it takes a minimum of one month for the Department of Defense to coordinate a visit to the Guantanamo Detention Facility. Even if visits can be scheduled within the next thirty days, which is itself quite ambitious, it is not certain that authorizations can be obtained during the initial encounter with our clients. Indeed, as this Court recognized in its September 11, 2008

3

order, two meetings may be necessary before the requisites authorization can be obtained.

5. Therefore, because it is virtually impossible for counsel to obtain the necessary authorizations by October 27, 2008, we are seeking an additional seventy-five days to comply with the Court's July 28, 2008 order. Absent unforeseen circumstances, counsel anticipate being able to secure the signed authorizations no later than January 10, 2009.

6. On October 19, 2008, I sent an email to counsel for Respondents seeking their position on the motion. Respondents' counsel, Terry M. Henry, responded as follows:

> Respondents do not oppose the requested extension so long as respondents are not required to file factual returns with respect to these detainees until 45 days after an appropriate authorization is submitted (or until such returns would due under Judge Hogan's current scheduling order, if later).

7. Petitioner opposes any additional extension for Respondents. The reason for the delay is due to Respondents' requirement that counsel must obtain a security clearance to even confer with their clients. In any event, the delay in obtaining the signed authorization does not impede Respondents in completing the necessary returns. Respondents have already been granted an extension after failing to comply with Court's order and should not be allowed to prolong the process any further.

I declare under penalty of perjury that the foregoing, executed at Los Angeles, California, on this 21st day of October, 2008, is true and correct.

                                      _____/s/_____
                                      CRAIG A. HARBAUGH
                                      Deputy Federal Public Defender

# Exhibit A

**EXHIBIT A**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-0442 (TFH)<br><br>Civil Action No. |

### MEMORANDUM OF UNDERSTANDING REGARDING ACCESS TO CLASSIFIED NATIONAL SECURITY INFORMATION

Having familiarized myself with the applicable statutes, regulations, and orders related to, but not limited to, unauthorized disclosure of classified information, espionage and related offenses; The Intelligence Identities Protection Act, 50 U.S.C. § 421; 18 U.S.C. § 641; 50 U.S.C. § 783; 28 C.F.R. § 17 et seq.; and Executive Order 12958; I understand that I may be the recipient of information and documents that belong to the United States and concern the present and future security of the United States, and that such documents and information together with the methods and sources of collecting it are classified by the United States government. In consideration for the disclosure of classified information and documents:

(1) I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified documents and information unless specifically authorized in writing to do so by an authorized representative of the United States government, or as expressly authorized by the Protective Order entered in the United States District Court for the District of Columbia in the above-captioned cases.

(2) I agree that this Memorandum of Understanding and any other non-disclosure agreement signed by me will remain forever binding on me.

(3) I have received, read, and understand the Protective Order entered by the United States District Court for the District of Columbia in the above-captioned cases, and I agree to comply with the provisions thereof.

Dated: 10/21/08                                    [signature]

EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-0442 (TFH)<br><br>Civil Action No. |
|---|---|

## MEMORANDUM OF UNDERSTANDING REGARDING ACCESS TO CLASSIFIED NATIONAL SECURITY INFORMATION

Having familiarized myself with the applicable statutes, regulations, and orders related to, but not limited to, unauthorized disclosure of classified information, espionage and related offenses; The Intelligence Identities Protection Act, 50 U.S.C. § 421; 18 U.S.C. § 641; 50 U.S.C. § 783; 28 C.F.R. § 17 et seq.; and Executive Order 12958; I understand that I may be the recipient of information and documents that belong to the United States and concern the present and future security of the United States, and that such documents and information together with the methods and sources of collecting it are classified by the United States government. In consideration for the disclosure of classified information and documents:

(1) I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified documents and information unless specifically authorized in writing to do so by an authorized representative of the United States government, or as expressly authorized by the Protective Order entered in the United States District Court for the District of Columbia in the above-captioned cases.

(2) I agree that this Memorandum of Understanding and any other non-disclosure agreement signed by me will remain forever binding on me.

(3) I have received, read, and understand the Protective Order entered by the United States District Court for the District of Columbia in the above-captioned cases, and I agree to comply with the provisions thereof.

Dated: 10-21-08

# Exhibit B

**EXHIBIT B**

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the Protective Order first entered on September 11, 2008, in the United States District Court for the District of Columbia in the consolidated cases captioned In re Guantanamo Bay Detainee Litigation, No. 08-mc-0442, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any protected information or documents made available to him/her other than as provided by the Protective Order. The undersigned acknowledges that his/her duties under the Protective Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.

DATED: 10/21/08        BY: _CARLTON F. GUNN_
                           (type or print name)


SIGNED: _[signature]_

**EXHIBIT B**

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the Protective Order first entered on September 11, 2008, in the United States District Court for the District of Columbia in the consolidated cases captioned In re Guantanamo Bay Detainee Litigation, No. 08-mc-0442, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any protected information or documents made available to him/her other than as provided by the Protective Order. The undersigned acknowledges that his/her duties under the Protective Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.

DATED: _10-21-08_   BY: _CRAIG HARBAUGH_
                         (type or print name)

SIGNED: _[signature]_