IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 05-1509 (RMU) |

### EMERGENCY MOTION FOR ORDER RELATED TO
### COUNSEL VISIT OF OCTOBER 27, 2008

Pursuant to LCvR 7, the eight Uighur petitioners in *Kiyemba v. Bush*, No. 05-1509, request certain limited relief relative to a counsel visit scheduled for October 27, 2008. The precise relief is set out in the form of order submitted herewith. As grounds, Petitioners say:

1. As this Court has recognized, the government concedes that all Petitioners are non-enemy combatants. The government has argued to this Court, and to the Court of Appeals, that Petitioners are now held under substantially less restrictive conditions than before. Petitioners are forced to seek the Court's assistance because the government refuses to allow Petitioners to meet with their counsel under reasonable conditions. For example, the government refuses to allow Petitioners to meet with their counsel without being chained.

2. Had the government complied with this Court's October 7, 2008 release order, Petitioners today would be free and able to interact freely with their counsel. Because the order was stayed, and remains stayed today, Petitioners remain imprisoned at Guantanamo Bay, subject to a restrictive protective order.

3. It is urgent that counsel communicate the many significant developments that recently have taken place in this Court and in the Court of Appeals, and advise the clients as to many potential future developments.

4. Guantanamo travel requires a full day in traveling to and in traveling from the base. Accordingly, three days must be devoted to a single day's visit.

5. Counsel is in the midst of an accelerated briefing calendar in the Court of Appeals regarding the government's appeal from this Court's October 7, 2008 release order. Petitioners

will receive the government's merits brief on Friday, October 24, 2008 and have to respond in seven days. Accordingly, only a single day of client meetings can be spared. The government has permitted a meeting to take place on October 27, 2008.

6. On Monday, October 20, 2008 counsel requested that the Government agree to the following limited accommodations of the usual protective order.

>   (a) *We asked first to meet our clients together, without chain link barriers or the clients being chained.*

The usual Guantanamo protocol has been that counsel can meet only one client at a time, and that during those meetings clients are chained to the floor. We simply have no time for single-client meetings in the current circumstances, and chaining would be inappropriate and inconsistent with the government's representations to the Court as to Petitioners' current conditions of confinement. In a recent visit, J. Wells Dixon of the Center for Constitutional Rights, who is co-counsel in the Uighur habeas cases, was permitted to meet with the men as a group, but only with his clients standing on the other side of a chain-link fence. The experience is degrading, and it makes it impossible to shake the client's hand, exchange documents, and otherwise conduct an appropriate meeting. It should not be permitted.

We have proposed meeting with clients in groups of three. The government's suggested alternative is that six petitioners at-a-time be transported (presumably shackled) to a separate camp where they would meet face-to-face with counsel while in leg shackles. This is equally unacceptable.

In the past, Counsel has been allowed to meet face to face with unrestrained clients in Camp Iguana. The government's new refusal is inexplicable and unjustified.

>   (b) *We asked for access to indoor and outdoor parts of Camp Iguana.*

Within Camp Iguana's small confines, there are huts and a small outdoor area. The latter includes a shaded picnic table. We asked for leave to move freely between a hut and the picnic table.

A/72712141.1/0999997-0000928762

> (c) We asked to be excused from the usual pre-clearance process in order to deliver to the clients on October 27 court filings and media reports concerning their cases.

Had the Court's order not been stayed, our clients would be free and have had full access to information about their own cases, including orders, briefs, transcripts and media reports. The usual advance submission protocol affords insufficient time to have them precleared in advance of the meeting. The materials in question are all directly relevant to the clients' cases. We will submit all such materials to the usual physical contraband search at the sally port.

> (d) We asked for leave to work through lunch.

The ability to work without interruption through the limited time available is critical in light of time constraints.

> (e) We asked that GTMO confirm that Uighur men imprisoned at Camp Iguana who are not meeting with us not be constrained during our visit.

JTF-GTMO policy in the past has been to lock down other detainees when clients met their counsel in Camp Iguana. That is inappropriate here given the government's concession that these men are not enemy combatants.

7. Given the imposition of a stay by the Court of Appeals, it may unfortunately be necessary to revisit the protective order on a more systematic basis, but there is insufficient time to do so in advance of the October 27 client meeting.

8. We understand the Court's previous order denying injunctive relief and the limits of its willingness to micromanage camp conditions. This motion presents the different and narrower question of conditions of attorney-client visits, which all parties agree are within the Court's discretion. In addition, the circumstances of these cases have changed profoundly since the government conceded non-enemy combatant status and the Court deemed Petitioners' continued imprisonment unlawful.

9. Counsel sought the government's assent to this motion on Monday, October 20, 2008. Late on October 21, the government made some limited concessions. Petitioners' counsel and the government will continue to work in good faith to attempt to reach a compromise that

-3-

A/72712141.1/0999997-0000928762

would moot this motion, but because of the imminence of the visit, it is necessary to seek the Court's assistance promptly. Counsel requests that the Court schedule a telephonic hearing on the motion, if possible, for the afternoon of October 24. It is hoped that the parties will by then have reached a complete compromise. If not, we would seek the Court's ruling on any remaining disputes.

**WHEREFORE**, Petitioners request that (i) the Court schedule a telephonic hearing on October 24, and (ii) that following that hearing, the Court enter relief in the form attached, and such other and further relief as may be just and proper.

DATED: October 22, 2008                  Respectfully submitted,

/s/ Susan Baker Manning
Susan Baker Manning
Catherine R. Murphy
BINGHAM McCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001
susan.manning@bingham.com
catherine.murphy@bingham.com

Sabin Willett
Neil McGaraghan
Rheba Rutkowski
Jason S. Pinney
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8000
Facsimile: (617) 951-8736
sabin.willett@bingham.com
neil.mcgaraghan@bingham.com
rheba.rutkowski@bingham.com
jason.pinney@bingham.com