IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED ABDUL RAHMAN AL-SHIMRANI, *et al.*, <br><br>Petitioners, <br><br>v. <br><br>GEORGE W. BUSH, <br>President of the United States, *et al.*, <br><br>Respondents. | Misc. No. 08-442 (TFH) <br><br><br><br>Civil Action No. 05-CV-2249 (RMC) |

**RESPONDENTS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE AMENDED FACTUAL RETURN**

  For reasons explained more fully in the Government's September 29, 2008 motion for leave to file amended factual return, this Court should permit the Government to amend the factual return for Petitioner (listed in the petition as Mohammed Abdul Rahman Al-Shimrani). The original factual return simply contained the record of Petitioner's Combatant Status Review Tribunal ("CSRT") proceeding; it was not, and did not purport to be, a complete explication of facts supporting Petitioner's continued detention. *See* Decl. of Teresa A. McPalmer (Jan. 27, 2006) (Doc. No. 18-2). Since the submission of the CSRT record, there have been substantial developments in the applicable law, including the Supreme Court's decision in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008), which unmoored habeas proceedings from the CSRT process. In addition, the Government has continued to examine evidence bearing on the necessity and propriety of Petitioner's detention. This Court should permit the Government to present the

most current and appropriate evidence, rather than restrict it to a record of a different proceeding that took place at a different time, nearly four years ago.

## ARGUMENT

On October 14, 2008, Petitioner filed an opposition to the Government's motion for leave to file amended factual return. Pet'r Opp'n to Resp't Mot. for Leave (Oct. 14, 2008) (Doc. No. 102) ("Pet'r Opp'n"). The opposition sets forth several arguments; each and every argument is without merit.

### A. The Government Has Shown Cause to Amend the Factual Return

Petitioner contends that the Government has failed to establish cause to amend Petitioner's factual return because the Government's reasons for requesting leave to amend Petitioner's return are the same as its reasons for requesting leave to amend the returns of other petitioners. Pet'r Opp'n at 2-3. But, of course, the fact that the Government's compelling reasons for seeking to amend Petitioner's return are the same as its reasons for seeking to amend the returns of other petitioners does not make the reasons any less compelling. And Petitioner does not dispute, for example, the Government's assertion that allowing an amendment to the original factual return, thereby permitting the Government to present the most current and appropriate case for continued detention, is of paramount public interest. Accordingly, Petitioner's first argument lacks merit.

**B.      Petitioner's Allegations of Undue Delay and Potential Prejudice Are Unfounded**

Petitioner acknowledges that under this Court's scheduling order of July 11, 2008, the Government may amend factual returns upon showing "cause" to do so. Pet'r Opp'n at 2; *see* Scheduling Order (July 11, 2008) (Doc. No. 76). Apart from the argument noted above, *see supra* Part A, Petitioner does not contend that the Government has failed to establish cause. Instead, Petitioner argues that in determining whether to grant the Government's motion for leave, the Court should apply standards developed for use in connection with Rule 15 of the Federal Rules of Civil Procedure. Petitioner then asks the Court to deny the Government's motion for leave based on purported undue delay and potential prejudice. Pet'r Opp'n at 3-5. But even assuming for the sake of argument that Rule 15 standards apply here, Petitioner's arguments are without merit.[1]

---

[1] Neither the federal habeas statute nor Supreme Court precedent requires the Court to apply Rule 15 standards in ruling on the Government's motion for leave. Petitioner contends that under the Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644 (2005), judges have the same discretion to allow amendments to factual returns that they have to allow amendments to pleadings under Rule 15 of the Federal Rules of Civil Procedure. Pet'r Opp'n at 3. In *Mayle*, a prisoner convicted in a state court sought to amend a habeas petition in connection with a statutory habeas proceeding. *Mayle*, 545 U.S. at 648. The federal habeas statute expressly provides that a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. There is, however, no corresponding provision in the federal habeas statute requiring application of the Federal Rules of Civil Procedure when the Government seeks to amend a factual return. *See* 28 U.S.C. § 2243. Moreover, as explained in the Government's motion for leave, this is a constitutional habeas proceeding, not a statutory proceeding. Resp. Mot. for Leave at 5 (Sept. 29, 2008) (Doc. No. 99); *see Boumediene*, 128 S. Ct. at 2278 (Souter, J., concurring) ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all."). Petitioner does not allege, let alone establish, that the Constitution affords him the right to have his enemy combatant status assessed based on an original factual return completed some years ago, rather than an amended one.

Likewise, neither Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Corpus Rules") nor Rule 81(a) of the Federal Rules of Civil

Rule 15 provides that a court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court "may" deny a motion for leave to amend if there has been undue delay or if the amendment will result in undue prejudice to the non-movant. *West v. Jackson*, 538 F. Supp. 2d 12, 23 (D.D.C. 2008). "Undue prejudice is not mere harm to the non-movant but a denial 'of the opportunity to present facts or evidence which [ ] would have [been] offered had the amendment[ ] been timely.'" *Dove v. Washington Metro. Area Transit Auth.*, 221 F.R.D. 246, 248 (D.D.C. 2004) (alternations in original) (citation omitted).

Here, as an initial matter, there has been no undue delay. As noted in the Government's motion for leave, the legal landscape and requirements in this case and the other Guantanamo habeas cases, as well as expectations as to the type of procedure appropriate in detainee habeas cases, have changed significantly since the filing of the CSRT record, requiring reassessment of the type of evidence appropriately relied upon in a habeas case such as this. In light of these legal developments, deciding the instant case and the other Guantanamo habeas cases based solely on CSRT records would increase the risk of releasing actual enemy combatants, which, in turn, could result in the return of those combatants to the battlefield to wage further war against American soldiers and civilians. And since the decision in *Boumediene*, the Government has

---

Procedure requires the Court to apply Rule 15 standards. Rule 11 of the Habeas Corpus Rules merely provides that a court "may" apply the civil rules. And Rule 81(a) of the civil rules permits the application of the civil rules to habeas proceedings in certain circumstances to the extent the practice in habeas proceedings "has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Habeas proceedings are unique, however, and have "conformed with civil practice only in a general sense." *Harris v. Nelson*, 394 U.S. 286, 294 (1969). Petitioner has not shown that Rule 15 standards have been applied with respect to amendments of factual returns in statutory habeas proceedings, let alone in constitutional habeas proceedings. In any event, the Court need not resolve whether Rule 15 standards properly apply here, as Petitioner cannot establish undue delay or under prejudice. *See infra*.

been expeditiously moving to file amended returns consistent with the mandate of that decision. Accordingly, the delay in bringing pertinent evidence to the attention of the Court and Petitioner was not "undue."

Likewise, Petitioner's assertions of prejudice are unavailing. Merits-related proceedings in this case have not begun, and Petitioner will have the opportunity to present evidence and otherwise respond to the evidence presented in the amended return such that no prejudice warranting denial of the motion to amend exists. Moreover, there is no justification, where this habeas action seeks prospective relief from detention as of 2008, for restricting the Government's case to evidence considered by a CSRT several years ago. Such a restriction would preclude the Court from considering wartime intelligence developed by the United States during the past four years. As explained, this type of time-bound restriction would increase the risk of releasing actual enemy combatants.

**C.    There Has Been No Violation of Any Constitutional Right to Notice and an Opportunity to Be Heard**

Petitioner claims that his constitutional right to notice and an opportunity to be heard has been violated because the Government has not yet filed an unclassified version of the factual return. Pet'r Opp'n at 6. This argument seems to have no bearing on the precise issue of whether or not the Government should be allowed to amend its prior return. In any event, Petitioner will have the opportunity to respond to the evidence presented in the amended return in any traverse and to otherwise argue that the evidence is not sufficient to justify the legality of Petitioner's detention. The Government recognizes the need to provide unclassified versions of the amended returns and is working to produce such versions for Petitioner and numerous other detainees. It bears emphasis that the resources needed to produce the numerous classified factual

5

returns are the same resources needed to compile the unclassified versions. It also bears emphasis that nothing is stopping counsel for Petitioner from discussing the evidence set forth in the unclassified CSRT record with Petitioner.[2]

**D.      The Court Should Not Limit the Extent of the Amendment**

Petitioner argues that if the Court grants the Government leave to amend the factual return, the Court nonetheless should preclude the Government from adding information that was gathered before the CSRT record was filed in January 2006. Pet'r Opp'n at 7-8. Petitioner claims that this is appropriate because the government is purportedly responsible for the costs of the delay in submitting this information and thus should not be permitted to benefit from the delay. Pet'r Opp'n at 7. However, for the same reasons that the Government has shown cause to amend the return, that there has not been undue delay, and that Petitioner will not suffer undue prejudice as a result of the amendment, the Court should not limit the extent of the Government's amendment. As explained, the Supreme Court's decision in *Boumediene* unmoored habeas proceedings from the CSRT process, and the Government has moved expeditiously to present its most appropriate case for Petitioner's continued detention in the wake of that decision. Precluding the Government from doing so would be contrary to the public interest, as it would create manifestly undesirable risks.

---

[2] Unclassified summaries of evidence from Administrative Review Board proceedings conducted in 2005 and 2006 to assess whether petitioner, although an enemy combatant, should continue to be detained, are also available to counsel for Petitioner. *See* Unclassified Summary of Evidence for Administrative Review Board in the Case of al Shumrani (Oct. 26, 2005), *available at* http://www.dod.mil/pubs/foi/detainees/csrt_arb/ARB_Round_1_Factors_ 000197-000294.pdf#34; Unclassified Summary of Evidence for Administrative Review Board in the Case of al Shumrant (Sept. 25, 2006), *available at* http://www.dod.mil/pubs/foi/detainees/ csrt_arb/ARB_Round_2_Factors_200-298.pdf#95.

# CONCLUSION

In sum, for the several reasons discussed above, the Government respectfully asks the Court to grant its motion for leave.

Dated: October 23, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General


   /s/ Peter J. McVeigh
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JUDRY L. SUBAR (D.C. Bar No. 347518)
ANDREW I. WARDEN
PETER J. MCVEIGH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel: (202) 305-9907
Fax: (202) 305-2685

Attorneys for Respondents