IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-0442 (TFH)<br><br>Civ. No. 05-2386 (RBW) |

**PETITIONER'S REPLY TO RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL DECLARATION FOR *IN CAMERA* REVIEW**

### I.     INTRODUCTION

Contrary to Respondents' position, counsel for Petitioner Samir Last Name Unknown, a/k/a Mohammed Noor Uthman, ISN 707, ("Mr. Uthman") have complied with this Court's Order entered July 29, 2008 by following both its letter and spirit while preserving the position of their client for his imminent trial before the Military Commissions.

### II.     ARGUMENT

**A.     How We Got Here.**

By Order entered July 29, 2008, this Court issued the following directive:

> Within 60 days of the date of this order, in all cases filed before May 19, 2008, in which the detainee is represented in the petition by a next friend, counsel shall file a signed authorization from the petitioner to pursue the action or a declaration by counsel that states that the petitioner directly authorized counsel to pursue the action and explains why counsel was unable to secure a signed authorization.

On September 26, 2008, petitioner's counsel filed a Response to July 29, 2008 Order and Declaration of James A. Nickovich to explain that they are properly representing Mr. Uthman. In order to explain why counsel has been "unable to secure a

signed authorization" from Mr. Uthman while avoiding jeopardizing Mr. Uthman's case before the Military Commissions by publicly disclosing attorney-client privileged information, petitioner's counsel simultaneously filed a Motion For Leave To Submit A Supplemental Declaration For *In Camera* Review, and a Supplemental Declaration. Though not previously disclosed, James A. Nickovich is the declarant of that Supplemental Declaration.

Petitioner's counsel is confident that upon reviewing *in camera* the Supplemental Declaration of James A. Nickovich, filed on September 26, 2008, this Court will: (1) find that petitioner's counsel has complied with the July 29, 2008 Order; (2) understand why petitioner's counsel were "unable to secure a signed authorization" from Mr. Uthman; and (3) appreciate that the Supplemental Declaration of James A. Nickovich could not be disclosed to the public record without jeopardizing Mr. Uthman's case before the Military Commissions.

**B.      Respondents' Non-Meritorious Arguments.**

Respondents claim that Petitioner's Response to July 29, 2008 Order, accompanying Declaration of James A. Nickovich, and Supplemental Declaration of James A. Nickovich submitted for *in camera* review filed with this Court on September 26, 2008 are inadequate. Their reasoning is that: (1) the declarant of the Supplemental Declaration is not identified on the open record; (2) petitioner's counsel has not publicly presented evidence that explains why counsel has been unable to secure a signed authorization from Mr. Uthman; and (3) the Supplemental Declaration contains non-privileged information.

      **1.      James A. Nickovich Is The Declarant In The Supplemental Declaration Submitted For *In Camera* Review.**

As already stated in this brief, petitioner's counsel discloses for the record that

the declarant in the Supplemental Declaration filed in conjunction with Petitioner's Motion For Leave To Submit Supplemental Declaration For *In Camera* Review is James A. Nickovich.

> **2. Mr. Uthman's Position Before The Military Commissions Must Not Be Jeopardized.**

While Mr. Uthman's habeas case before this Court is significant, his case before the Military Commissions is of equal importance and temporal imminence. This Court has even de-prioritized detainees who have had charges by the Military Commissions sworn against them. *See*, Order of Judge Thomas F. Hogan, dated July 11, 2008, p. 4, n.1.

Though the Convening Authority has temporarily dismissed charges against Mr. Uthman, the prosecutors at the Office of Military Commissions have suggested that this decision is one of form over substance and that charges will likely be re-sworn against Mr. Uthman in the near future. Publicly disclosing attorney-client privileged information before this Court would improperly jeopardize Mr. Uthman's position against his prosecutors at the Office of Military Commissions. It would provide them with privileged information to which they would not otherwise be entitled. They could use that information against Mr. Uthman in any number of ways, including but not limited to evaluating whether and when to re-charge Mr. Uthman and plea negotiations with Mr. Uthman once charges are re-sworn and referred.

Accordingly, petitioner's counsel publicly disclosed before this Court as much as they realistically could regarding their authority to represent Mr. Uthman without jeopardizing his position against the prosecutors at the Office of Military Commissions. Further, to guarantee full compliance with the July 29, 2008 Order of this Court, petitioner's counsel asked for leave to share with this Court, *in camera*, information that

explains why they have been "unable to secure a signed authorization" from Mr. Uthman.

### 3. The Presiding Judge, Not The Department Of Justice, Must Address The Privileged Material.

Respondents refuse to believe that all of the material in the Supplemental Declaration is privileged, and demand that petitioner's counsel publicly disclose its non-privileged content. That is not how attorney-client privilege works. The determination of whether or not material is privileged is squarely within the ambit of the court. *Kerr v. United States Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 404-405 (1976) (finding that a district court may conduct an *in camera* inspection of alleged confidential communications to determine whether the attorney-client privilege applies). Petitioner's counsel respectfully requests that the Judge in this case, not the opposing counsel Department of Justice attorneys, evaluate whether or not the information submitted in the Supplemental Declaration of James A. Nickovich is protected by the attorney-client privilege.

### III. CONCLUSION

For the foregoing reasons petitioner's counsel respectfully requests this Court to grant their Motion For Leave To Submit Supplemental Declaration For *In Camera* Review and foresees this Court agreeing with petitioner's counsel in finding that the Supplemental Declaration of James A. Nickovich, submitted on September 26, 2008, satisfies the July 29, 2008 Order issued by this Court and is comprised of information that should be protected by the attorney-client privilege.


Dated: October 23, 2008
      San Francisco, California

                                Respectfully submitted,

By: /s/ James A. Nickovich

James A. Nickovich [See LCvR 83.2(g)]
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, California 94111-4131
Tel: (415) 344-7084
Fax: (415) 344-7284

Howard Ross Cabot [See LCvR 83.2(g)]
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Tel: (602) 351-8235
Fax: (602) 648-7135

Attorneys for Petitioner
Samir Last Name Unknown
a/k/a Mohammed Noor Uthman
ISN 707

67260-0001/LEGAL14753312.1