Direct ECF filing approved by the CSO.

# IN THE UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF COLUMBIA

_____

SAIFULLAH   PARACHA
Detainee, Guantanamo Bay Naval Station
Guantanamo Bay, Cuba,
               Petitioner,
FARHAT PARACHA
65 Khayaban-E-Mujahid
Defence Housing Authority, Phase V
Karachi, Pakistan,
               Next Friend,
v.                                                                                     Case No. 04-cv-02022-PLF

Hon. GEORGE W. BUSH
1600 Pennsylvania Avenue NW
Washington, D.C. 20500,

Hon. ROBERT M. GATES
Secretary of Defense
1000 Defense Pentagon
Washington, D.C. 20301-1000,

and
Rear Admiral DAVID M. THOMAS
Commander, Joint Task Force-GTMO
Guantanamo Bay Naval Station
Guantanamo, Cuba,
               Respondents
_____

IN RE:
    GUANTANAMO BAY                                        Misc. No. 08-442-TFH
    DETAINEE LITIGATION

_____

## OPPOSITION TO "RESPONDENTS' MOTION TO DISMISS IMPROPER RESPONDENTS"

1

dockets.Justia.com

Petitioner Saifullah Paracha is a businessman and TV producer seized in Thailand as he was leaving the Bangkok airport after an uneventful commercial flight from his home country, Pakistan. He has been held prisoner by the United States for more than five years, the last four years at Guantanamo, Cuba. He has not and never has been a combatant, much less an enemy combatant. The government, however, has included the case number of his civil suit in a blanket motion along with more than a hundred other cases, most of which are habeas corpus petitions brought by men the government considers to be enemy combatants. That motion, captioned "Respondents' Motion to Dismiss Improper Respondents," filed October 14, 2008, seeks to dismiss all respondents except the Secretary of Defense from all the listed cases, Paracha's included.

But the motion does not mention Paracha by name, makes no reference to the facts of his case nor to the claims pleaded in his petition, and is irrelevant to any dispute between Paracha and any of the respondents.

The motion should be denied as to Paracha, with or without prejudice. Failing that it should be held in abeyance until respondents are able to find some reason it is relevant to Paracha's case.

This Opposition will explain below why the motion is groundless. But first it must be said that the motion is without practical meaning (unless, as we are loath to think possible, respondents are seeking to lay the groundwork for some subterfuge to defeat this Court's jurisdiction). All the respondents are officials of the United States named only in their official capacities. Three of the offices in question have passed from the respondents originally named to new office holders, who have been automatically substituted for the previous office holders under FRCP Rule 25 (d). The fourth office, the Presidency, is expected to change hands January

2

20, 2009. Respondents have not mentioned in their motion a single practical reason for dismissing any of these respondents. Their motion is an exercise in academic abstractions. The motion ill-becomes respondents who have repeatedly told this Court that their resources are stretched thin and they need more time before they can even file returns in these cases. Petitioner Paracha is totally without resources, having been held in close confinement for over five years. His attorneys have put in many hundreds of hours on his behalf without compensation. To be forced now to take the time to answer a blanket, irrelevant, academic, and groundless motion such as this may well support a motion under Rule 11 for sanctions.

## I. THE MOTION IS GROUNDLESS. EACH OF THE OFFICIALS NAMED IN THE AMENDED PETITION IS A PROPER RESPONDENT.

a. **The Commander of Joint Task Force Guantanamo (JTF-GTMO) is petitioner's immediate custodian and therefore is properly named.**

*Rumsfeld v. Padilla,* 542 U.S. 426, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) reiterated the classical rule that the prisoner's immediate custodian is a proper respondent in habeas corpus. Padilla had filed his habeas in the Southern District of New York, but the government had removed him from there to the naval brig in Charleston, South Carolina, and the Supreme Court ruled that he should have filed his petition in South Carolina. That case at 542 U.S. 426, 436 n. 9 referred to an exception to the rule requiring the immediate custodian as a respondent: Where a U.S. citizen is held overseas in military custody, it is not necessary to have personal jurisdiction over the immediate custodian.

But this does not suggest that the immediate custodian is not a proper respondent if the petitioner chooses to name him. Rule 20 (a)(2) allows joinder of all defendants against whom relief is asserted arising out of the same "transaction, occurrence, or series of transactions or

3

occurrences," with common questions of law and fact. The unspoken premise of respondent's motion is that we may join only the minimum number of respondents necessary to grant relief. But there has never been any such rule. The immediate custodian is the usual and customary respondent in a habeas corpus and *Rumsfeld v. Padilla* reaffirms his inclusion.

Rule 4 (i)(2) provides that service may be made on any "officer or employee" of the United States by serving the Attorney General and sending a copy of the summons and complaint by registered or certified mail to the officer or employee. Petitioner's counsel filed an affidavit dated April 19, 2005, docket number 52, showing that the Commander JTF Guantanamo received the amended complaint, with a summons with the Court's seal, by certified mail on April 1, 2005. This was in addition to various earlier certified mailings, reported in returns of service filed at docket numbers 45, 46, 47 and 52, including one the Attorney General received on December 14, 2004 (docket number 45). Thus respondents have not and could not have challenged the adequacy of service on the immediate custodian, Commander JTF-GTMO. In any event, Rule 12 (h)(1) provides that challenges to the adequacy of service of process, and also challenges to jurisdiction over the person, are waived if not made by motion or in a responsive pleading. Respondent made no such objections in their responsive pleadings, so can raise neither issue now.

Thus petitioner's immediate custodian, the Commander of the Joint Task Force Guantanamo, is a proper respondent.

**b. The Secretary of Defense is properly named.**

Respondents' motion admits the Secretary of Defense is a proper respondent.

**c. The President is properly named.**

4

Naming the President as a defendant or respondent is commonplace. *Mountain States Legal Foundation v. Bush,* 353 U.S. App. D.C. 306, 306 F.3d 1132 (2002) decided that the original named defendant, President Clinton, had not violated the Antiquities Act by designating large areas as protected sites, and did so without mentioning any objection to naming him as a defendant. *Tulare County v. Bush,* 353 U.S. App. D.C. 312, 306 F.3d 1138 (2002), en banc rehearing denied 354 U.S. App. D.C. 325, 317 F.3d 227 (2003), reached the same conclusion, with a brief statement, 306 F.3d at 1143, that the President's actions are not reviewable under the general standards of the Administrative Procedures Act, but nowhere objected to the President being named a defendant. *Chem-Nuclear Systems v. Bush,* 352 U.S. App. D.C. 23, 292 F.3d 254 (2002) also dealt with the President as a defendant without comment, as did *Clinton v. City of New York,* 524 U.S. 417, 118 S. Ct. 2091, 141 L. Ed. 2d 393 (1998). These are just a few of the numerous cases where Presidents are sued in their official capacity.

Respondents' motion cites a few cases discussing limits on the relief that may be had against the President where the acts complained of are decisions committed to his discretion and not amenable to review. *Mississippi v. Johnson,* 71 U.S. (4 Wall.) 475, 18 L. Ed. 437 (1866) held that the State of Mississippi could not sue President Andrew Johnson on a broad attempt to enjoin all enforcement of the Reconstruction Acts. The defect in that suit was more the political question doctrine than the naming of the President as the defendant, or so the D.C. Circuit said in *National Treasury Employees v. Nixon,* 160 U.S. App. D.C. 321, 492 F.2d 587, 614 (1974). The Supreme Court in *Mississippi v. Johnson* did not address the question whether the President was amenable to suit for his purely ministerial acts. 71 U.S. at 498. In *Franklin v. Massachusetts,,* 505 U.S. 788, 112 S. Ct. 2767, 120 L. Ed. 2d 636 (1992) the entire Court agreed Massachusetts had no legitimate grievance against the decennial census, so any comments by Justice Scalia

about the unreviewability of Presidential acts was not only dicta but dicta from a minority of one. *Al-Marri v. Rumsfeld*, 360 F.3d 707 (7th Cir. 2004) was simply an application of the rule requiring suit to be brought at the place of confinement, the rule soon thereafter reaffirmed in *Rumsfeld v. Padilla, supra.* Al-Marri, like Padilla, had been removed from the court's district to the brig in South Carolina. The Seventh Circuit dismissed the President only because naming the President could not get around the geographical limits of the court's authority. Any attempt to expand some of the dicta in these cases into a general rule against naming the President as a defendant flies in the face of the common practice demonstrated by cases such as *Mountain States* and the others cited above.

The rule is that the President may not be sued for his discretionary decisions but may be named as a defendant and ordered to carry out the non-discretionary duties of the office. The question, if there were any, as to whether the release of a person wrongly held as an enemy combatant is discretionary or ministerial was settled by this year's ruling in *Boumediene v. Bush*, 128 S. Ct**.** 2229 (2008). The Supreme Court remanded to give Boumediene his hearing without even commenting on his inclusion of the President as an explicitly named respondent. *Semble, Rasul v. Bush*, 542 U.S. 466, 124 S. Ct. 2686, 159 L. Ed. 2d 548 (2004); *Gherebi v. Bush,* 374 F.3d 727 (9th Cir. 2003); *Belbacha v. Bush,* 380 U.S. App. D.C. 245, 520 F.3d 452 (2008). *Abu Ali v. Ashcroft,* 350 F. Supp. 2d 28, 44 (D.C. 2004) says explicitly that the President can be a named respondent.

Those results control here, and rightly so. If the President were not named, respondents could simply shift a prisoner to another agency of the executive branch and cast the inquiry into confusion. This has happened in a number of cases similar to this one. Al-Marri was transferred from criminal confinement under indictment by the Department of Justice to military

6

confinement under the Department of Defense. *Al-Marri v. Pucciarelli,* 534 F.3d 213, 217, 2008 WL 2736787, at 3-4 (4th Cir., July 15, 2008). Padilla, after several years in military confinement, was transferred the other way, from Department of Defense confinement to confinement under the Department of Justice. *Padilla v. Hanft,* 547 U.S. 1062, 126 S. Ct. 1649, 164 L. Ed. 2d 409 (2006). The particular facts in Paracha's case (discussed below) make such a hand-over all the more likely.

Many of the prisoners at Guantanamo were held for several years at secret prisons outside the United States and controlled by executive agencies other than the Department of Defense, specifically the Central Intelligence Agency. Dismissing the one respondent who has responsibility for the entire executive branch would only make sense if this Court wanted to send a signal to the government inviting it to transfer these prisoners to deeper, more secret confinement and arguably defeat the jurisdiction of the Court. No such subterfuge being likely, the President is a proper and useful respondent.

## II. RESPONDENTS HAVE NOT OBJECTED TO THE NAMING OF THESE RESPONDENTS FOR FOUR YEARS AND ARE ESTOPPED FROM DOING SO NOW.

This case was filed November 17, 2004. From the start, the petition named as respondents the President, the Secretary of Defense, and the Commander JTF-GTMO. The petition was amended December 11, 2004, to show it was filed by Paracha's wife as his next friend. The named respondents were the same. On May 9, 2006, petitioner move to file his "Second Amended Petition for Habeas Corpus and Other Relief," with the same respondents plus the Attorney General. That motion has not yet been granted.

No reason has been shown that respondents could not have made a motion at some point

in the last four years if there had in fact been any reason to believe any of the respondents were named improperly. As Justice Kennedy said in his concurrence in *Rumsfeld v. Padilla,* 542 U.S. 426, 451, 452, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004), "objections to the filing of petitions based on those grounds [personal jurisdiction and venue] can be waived by the Government. [Citations omitted.]" *Cf.* Rule 12 (h)(1). Therefore respondents cannot now be heard to object to any of the three original named respondents.

**III. PETITIONER'S PENDING MOTION TO ADD THE ATTORNEY GENERAL AS A RESPONDENT SHOULD BE GRANTED.**

On or about May 9, 2006, petitioner Paracha moved for permission to amend his petition a second time and tendered for filing a second amended petition. He also moved to add the Attorney General as a respondent. Docket number 83. The government opposed, arguing that no action should be taken as long as the case was stayed, as it was at that time. Docket 85. The Court apparently has not acted on petitioner's motion.

By filing a blanket motion in over one hundred cases, the government spared itself the burden of looking at the record in this case, or in any other particular case. Thus the government's present motion does not expressly address petitioner's motion to add the Attorney General. It does so only by implication. Petitioner hereby suggests his May 9, 2006, motion should be granted, the second amended petition should be accepted, and the Attorney General should be added as a respondent, for the reasons given in that motion.

No doubt some of the other cases are habeas corpus petitions pleading no other ground than habeas. Paracha's, however, rests on a whole list of statutes and other grounds, including a catch-all plea, "all Constitutional, statutory, and other grounds that may give this Court authority to review Mr. PARACHA's confinement, treatment, and right to communicate with others."

8

Amended Petition, paragraph 3. In the proposed second amended petition, Paracha added a paragraph 10A. directly implicating the Attorney General:

> 10A. Petitioner is not "detained by the Department of Defense" and this is not an action relating to aspects of the detention "by the Department of Defense" of petitioner, within the meaning of the recently enacted subsection 28 USC 2241(e), because petitioner's seizure, confinement, questioning, continued confinement, and conditions of confinement were initiated and are continued and controlled by the Department of Justice and the Federal Bureau of Investigation. Petitioner was not seized by Department of Defense personnel and at no time engaged in any opposition to Department of Defense operations. The Department of Defense acts as the agent of the Department of Justice in regard to petitioner.

We cannot proceed to discovery and trial on such a petition without the Attorney General as a named respondent.

*Demjanjuk v. Meese,* 251 U.S. App. D.C. 310, 784 F.2d 1114 (D.C. Cir., 1986) held that the Attorney General was a proper respondent for a habeas corpus for a prisoner whose exact whereabouts and actual immediate custodian were unknown. Should respondents remove Paracha to some unspecified place, this doctrine will make the Attorney General even more essential. Meanwhile, he is altogether a proper and necessary respondent. *Abu Ali v. Ashcroft,* 350 F. Supp. 2d 28, 44 (D.C. 2004).

WHEREFORE respondents' motion of October 14, 2008, captioned, "Respondents' Motion to Dismiss Improper Respondents," should be denied as to *Paracha v. Bush,* 04-cv-02022-PLF.

Respectfully submitted,                                                    October 23, 2008


\_\_\_/s/_____
GAILLARD T. HUNT
      Attorney for Petitioner
(D.C. Bar No. 89375)
10705 Tenbrook Drive
Silver Spring, Maryland 20901
(Not admitted in Maryland)
301-530-2807
gthunt@mdo.net
(Fax: 301-564-6059)