**FILED ELECTRONICALLY**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | Misc. No. 08-442 (TFH) |
| ) | |
| GUANTANAMO BAY ) | Civil Action No. 05-2185 (JR) |
| DETAINEE LITIGATION ) | |

## PETITIONERS' MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS' MOTION FOR LEAVE TO FILE AMENDED FACTUAL RETURN

Petitioner Abdu Al-Qader Hussain Al-Mudafari ("Petitioner Al-Mudafari"), on his own behalf and through his fellow Petitioner and Next Friend Salieh Hussain Ali Al-Mudafari, his brother (collectively, "Petitioners"), by counsel, hereby submit this memorandum of law in opposition to Respondents' Motion for Leave to File Amended Factual Return (the "Motion").

## PRELIMINARY STATEMENT

On November 7, 2005, Petitioners filed their Petition for Issuance of a Writ of Habeas Corpus (the "Petition"). On January 4, 2006, the Government filed its factual return. That return consisted solely of the record of the proceeding of Petitioner Al-Mudafari's Combatant Status Review Tribunal ("CSRT"), an internal Department of Defense review process implemented by the Pentagon in the wake of *Rasul v. Bush*, 542 U.S. 466 (2004).

Nearly three years after the Government submitted its return, the Government now moves to amend the factual return for Petitioner Al-Mudafari. The Government's motion appears to be the same generic motion it submitted in other Guantánamo habeas cases and contains no arguments specific to Petitioner Al-Mudafari. Rather, the Government generally contends that the Court should allow the amendment on the grounds that "the legal landscape has changed significantly" since *Boumediene v. Bush*, 128 S. Ct. 2229 (2008) and "[e]vidence not part of the original CSRT record is now available to the Court." Motion at 1.

The Court should deny the Government's Motion. *First*, the Government has failed to show cause for this untimely amendment. *Second*, public policy, including the policy underlying habeas corpus, warrant denial of the amendment. *Third*, the Government's failure to sign the return violates Rule 11 of the Federal Rules of Civil Procedure. *Finally*, the Government's designation of the entire return as classified, without producing an unclassified version for counsel to discuss with Petitioners or counsel who lack clearance, prejudices Petitioners' ability to respond to the Government's determination that Petitioner Al-Mudafari is an enemy combatant.

**ARGUMENT**

**I. THE GOVERNMENT HAS FAILED TO SHOW CAUSE FOR THE AMENDMENT.**

This Court, in its Scheduling Order of July 11, 2008, did not freely grant the Government the right to amend Guantánamo habeas factual returns. Rather, it expressly provided that "[t]he Court will allow amendment [of factual returns] only where the government establishes cause for the amending." Scheduling Order dated July 11, 2008, at ¶ 4. Although this proceeding is not governed by the habeas statute, the Court's requirement is consistent with that statute, which permits amendments only "by leave of court." 28 U.S.C. § 2243. Leave of court should be denied where (a) the amendment is futile, (b) the party seeking the amendment has unduly delayed, (c) there exists bad faith or dilatory motive, or (d) allowing the amendment would unduly prejudice the party opposing amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, undue delay, dilatory motive, and undue prejudice present sufficient reasons to deny the Government's Motion.

### A. The Government Has Unduly Delayed Its Filing Of Petitioners' Amended Return And The Delay Has Prejudiced Petitioners.

The Government concedes that it has had significant time to gather and analyze evidence since the CSRT was held in 2004 and the original return was filed in 2006. Motion at 3. In responding to the Petition, the Government made a strategic choice to rely solely on the record in Petitioner Al-Mudafari's CSRT. The Court should not now allow the Government to escape the consequences of that choice by allowing it to expand the record beyond that which was used to justify Petitioner Al-Mudafari's detention. *Societe Liz, S.A. v. Charles of the Ritz Group, Ltd.*, 118 F.R.D. 2, 5 (D.D.C. 1987) (denying motion to amend where plaintiff knew more than two years ago of occurrences of which it now complained and at least some of the parties that it claimed were responsible for claims advanced in amended pleading).

The Government's almost three-year delay between the original return and the amended one has prejudiced Petitioners. Had the Government not waited so long to seek to amend the return, Petitioners would have had more opportunities to find exculpatory evidence and rebuttal witnesses. The Government should not be allowed to make an amendment that would "unfairly disadvantage[] or deprive[] [Petitioners] of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *In re Vitamins Antitrust Litig.*, 217 F.R.D. 34, 36 (D.D.C. 2003) (internal quotation marks and citations omitted).

### B. The Government's Proffered Motive for the Amendment – Purported Changes in the "Legal Landscape" – Is An Empty One.

The Government's suggestion that the Court should allow the amendment because "the legal landscape has changed significantly[,]" Motion at 1, also should be rejected. *Boumediene* did not significantly alter the legal landscape because the "*Rasul* [decision in 2004] put everyone on notice that habeas process was available to Guantanamo prisoners . . . ." *Boumediene*, 128 S. Ct. at 2278 (Souter, J., concurring). The Suspension Clause has been a part of the

Constitution since its enactment in 1789. The Government should have known that its attempt to deprive Guantánamo detainees of habeas could be overturned, as it eventually was in *Boumediene*. In short, the Government's contention that *Boumediene* was "unprecedented" should be rejected.

Furthermore, *Boumediene* only addressed the narrow question of whether habeas corpus was available to detainees like Petitioner Al-Mudafari. *Boumediene* "does not address the content of the law that governs petitioners' detention." *Id.* at 2277. The Government's theory that Petitioner Al-Mudafari is an enemy combatant could not have been altered by *Boumediene*. Either the evidence before the CSRT was sufficient to detain Petitioner Al-Mudafari as an enemy combatant, or it was not. The Government's belated introduction of additional evidence it contends will support its theory should be rejected.

## II. FEDERAL HABEAS PRACTICE AND PUBLIC POLICY WARRANT DENIAL OF THE BELATED AMENDMENT.

Contrary to the Government's argument, Motion at 5-6, both federal habeas practice and public policy support *denial* of the Government's Motion. The Government contends that the amended record will present the Court with the "most current" and "up-to-date" explanation of the bases for each petitioner's detention. But Petitioner Al-Mudafari has been detained for nearly seven years, and detained since 2004 based on the evidence presented at his CSRT. During this time, he has been deprived of his liberty and been interrogated by the Government at great length. Allowing the Government's proffered amendment at this late stage will permit the Government to trump one of the central tenets of habeas corpus – the "immediate or more speedy release" of a person wrongfully incarcerated. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). As the Court in *Boumediene* observed, "[t]he costs of delay can no longer be borne by those who

4

are held in custody . . . The detainees in these cases are entitled to a prompt habeas corpus hearing." *Boumediene*, 128 S. Ct. at 2275.

The Government's appeal to this Court that "fundamental fairness" requires that it be given the opportunity to rely on evidence not in the original return, Motion at 6, stands the concept of fairness on its head. Petitioner Al-Mudafari has been detained by the Government for nearly seven years without being charged with a crime in a court of law or being subject to any process other than the CSRT. Rather than rely on the information presented to the CSRT, which up to now was the basis for the detention, the Government wants the opportunity to perpetuate that detention indefinitely in reliance on what it claims to be new information. Contrary to the Government's argument, fairness requires that this Court commit the Government to defend Petitioner Al-Mudafari's detention on the grounds the Government originally asserted in 2004.

## III. THE AMENDED RETURN IS DEFICIENT BECAUSE IT IS UNSIGNED.

28 U.S.C. § 2243 requires the person to whom a habeas petition is directed to "make a return certifying the true cause of the detention." Under Rule 11(a) of the Federal Rules of Civil Procedure, this Court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a); *Thomas v. Paulson*, 507 F. Supp. 2d 59, 63 n.6 (D.D.C. 2007) (finding that plaintiff's unsigned statement of material facts not in dispute submitted in connection with summary judgment motion violates Rule 11(a) and that plaintiff failed to promptly correct the error but declining to decide issue due to Court's decision to grant defendant's motion for summary judgment); *see also Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971) (condemning practice of jailhouse lawyers drafting, but not signing, habeas corpus petitions for prisoners, and thus escaping obligations of Rule 11 and reserving right, where brief gives occasion to believe habeas corpus petitioner has had legal assistance, to require such signature).

Here, the amended return does not bear the signature of an officer of the Court, nor is it supported by any attestation or certification. Unless the Government promptly cures this defect, the Court should strike the proposed amended return. It is particularly important that the Government be held to requirements of Rule 11(a) here, given the Court of Appeals' recognition of the dubious nature of the information on which the government has sought to justify the detention of other Guantánamo prisoners. *See, e.g.*, *Parhart v. Gates*, 532 F.3d 834, 848-49 (D.C. Cir. 2008) (noting complete lack of credible evidence to justify prisoner's detention).

## IV. THE COURT SHOULD ORDER THE IMMEDIATE PRODUCTION OF AN UNCLASSIFIED RETURN.

Finally, the Court should deny the Motion because the Government has not provided an unclassified version of the return that counsel can discuss and review with Petitioner Al-Mudafari. The Protective Order governing these proceedings prevents counsel from discussing classified information with Petitioner Al-Mudafari unless that information was obtained from Petitioner Al-Mudafari. Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba ¶ I.D.29. As a result, Petitioner Al-Mudafari's cleared counsel have had no opportunity to discuss the allegations in the proposed amended return with Petitioners *or* with counsel who lack clearance, nor will they be able to do so if only the classified amendment is allowed. Without access to an unclassified version of the amended return, counsel will be constrained in their ability to obtain rebuttal evidence.

## CONCLUSION

The Court should deny the Motion for the reasons set forth herein.[1]

October 23, 2008

Respectfully submitted,

**DEBEVOISE & PLIMPTON LLP**

By:    /s/ Jennifer R. Cowan
Jennifer R. Cowan
919 Third Avenue
New York, NY 10022
Telephone:    (212) 909-6000
Facsimile:    (212) 909-6836

John B. Missing
555 13th Street, N.W.
Washington, D.C. 20004
Telephone:    (202) 383-8000
Facsimile:    (202) 383-8118

Shayana Kadidal (Bar No. 454248)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:    (212) 614-6438
Facsimile:    (212) 614-6499

*Counsel for Petitioners Abdu Al-Qader Hussain Al-Mudafari and Next Friend Salieh Hussain Ali Al-Mudafari*

---

[1] Should this Court grant the Motion, Petitioners respectfully request that the Court order the Government to submit an unclassified version of the return within ten business days' of the Court's order. The Court should not leave this open-ended, for doing so will only result in further delay of Petitioners' right to a prompt hearing on the Petition.