IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) </br> ) </br> GUANTANAMO BAY ) </br> DETAINEE LITIGATION ) </br> _____) </br> HANI SALEH RASHID ABDULLAH, *et al.*, ) </br> ) </br> *Petitioners*, ) </br> ) </br> *v.* ) </br> ) </br> GEORGE W. BUSH, *et al.*, ) </br> ) </br> *Respondents*. ) </br> _____) </br> AMER MOHAMMON , *et al.*, ) </br> (MAHER EL FALESTENY) ) </br> *Petitioners*, ) </br> ) </br> *v.* ) </br> ) </br> GEORGE W. BUSH, *et al.*, ) </br> ) </br> Respondents. ) </br> _____) | Misc. No. 08-442 (TFH) </br></br></br></br></br></br></br> No. 05-0023 (RWR) </br></br></br></br></br></br></br></br></br></br> Civil No. 05-2386 (RBW) |

## **OPPOSITION TO DROPPING RESPONDENTS**

The same government that is too busy to comply with the orders of this Court and the Court of Appeals regarding the production of information relevant to its years-long unjustifiable detention of these men is all too willing to waste its time, petitioners' time, and the Court's time with this frivolous motion.

The Supreme Court has twice ruled on cases arising from Guantanamo Bay prisoners, which name the President as a respondent, without comment.[1] For his part, the President has claimed the power to detain, and transfer Guantanamo Bay prisoners from the custody of one jailer to another, whether across agency lines (as was the case with Petitioner Abdullah, who was moved from custody of the Central Intelligence Agency to his current jailer) or to foreign sovereigns. He is a proper party respondent.

The motion is either designed to allow Executive subterfuge of some kind, or it is a meaningless waste of time. In either case, it simply cannot enjoy priority over the motion by petitioner Falesteny for a preliminary injunction to remedy a daily violation of the law. The Court decided, without providing any rationale, to hold Falesteny's motion is abeyance, and has so far failed to rule on his motion for reconsideration.

Petitioners appreciate the logistical challenges presented by these cases. They have, however, been hearing for six years about a judicial system that seems to be failing them at every turn, in which historic victories are rendered

---

[1] The government's reliance upon *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475 (1867), is incredible. In that case, the Court held that a court cannot enjoin the Executive. Whether or not this is good law – *see Youngstown Co. v. Sawyer*, 343 U.S. 579 (1952) – it is completely beside the point here. The Court's authority to issue a writ to appropriate federal officials in this case has been resolved. The propriety of including the President himself among those officials in this case is apparent, based on the claims the President has made concerning his power over petitioners.

Pyrrhic -- not because of a lack of merit in their cause, but because of the government's endless proclivity, and the Court's seemingly endless tolerance, for procedural gamesmanship. It is long past time to call a halt. The government's motion should be denied without prejudice.

Respectfully submitted,

    /s/ Charles H. Carpenter

| | |
|---|---|
| Shayana Kadidal (DC # 454248) | Charles H. Carpenter (DC #432004) |
| CENTER FOR CONSTITUTIONAL RIGHTS | William J. Bethune (DC # 66696) |
| | PEPPER HAMILTON LLP |
| 666 Broadway, 7th Floor | 600 Fourteenth Street, N.W. |
| New York, New York 10012 | Suite 500, Hamilton Square |
| Tel: (212) 614-6439 | Washington, DC 20005-2004 |
| Fax: (212) 614-6499 | Tel: (202) 220-1507 |
| | Fax: (202) 220-1665 |

*Of Counsel for Petitioners*

Stephen M. Truitt (DC # 13235 )
600 Fourteenth Street, N.W.
Suite 500, Hamilton Square
Washington, DC 20005-2004
Tel: (202) 220-1452
Fax: 202 220 1665

*Counsel for Petitioners*

Dated: October 24, 2008