IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: <br> GUANTANAMO BAY <br> DETAINEE LITIGATION | Misc. No. 08-442 (TFH) |
| KASIMBEKOV KOMOLIDDIN <br> TOHIRJANOVICH, <br><br> Petitioner, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> Respondents. | Civil Action No. 05-0994 (JDB) |

### RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION
### FOR PRODUCTION OF PHOTOGRAPH OF PETITIONER

Respondents respectfully oppose Petitioner's motion that they be required to provide a photograph of Petitioner to his counsel of record:[1] (1) There is no present need for petitioner to have a photograph to assist in the preparation of his habeas corpus petition; (2) to the extent that the motion seeks relief other than a determination of the lawfulness of petitioner's detention, this Court lacks jurisdiction, *see* 28 U.S.C. § 2241(e)(2); and (3) the Department of Defense photographs of detainees have been properly classified and may not be publicly disclosed

---

[1] Pursuant to the Protective Order entered in these cases, counsel have been given access to their clients' photograph in the classified materials; however, public disclosure of such materials is not permitted.

pursuant to the requirements of the Protective Order entered September 11, 2008 (No. 08-mc-442-TFH Dkt#409).

## ARGUMENT

A. **There is no present need for the Court to require production of petitioner's photograph for public disclosure.**

The first of petitioner's two reasons for requesting production of his photograph is that "it is necessary to complete investigation into the allegations made by the government as laid out during Petitioner's Combatant Status Review Tribunal." Motion for Production of Photograph of Petitioner ["Petitioner's Motion"], at 2. Inasmuch as the tribunal ["CSRT"] proceedings are concluded, it would be more accurate to say that the photograph is for the purpose of preparing petitioner's traverse in this *habeas corpus* proceeding. But because of the status of petitioner's case, that need does not presently, and may never, exist.

Petitioner has been advised that he has been approved for transfer. Petitioner's Motion, at 3. By Order entered September 19, 2008, this Court provided that "the government need not file factual returns or motions to amend factual returns at this time for petitioners approved for transfer or release from the United States Naval Base at Guantanamo Bay, Cuba." Order Granting Relief from July 11, 2008, Scheduling Order, No. 08-mc-0442-TFH Dkt#464. This decision reflects the Court's considered judgment that resources of the parties and the Court should be applied first to those cases that do not involve petitioners who have already been approved for transfer or release, that is, for those individuals for whom the Defense Department is already seeking to end United States custody. Accordingly the government need not file the factual return necessary to set out the factual issues respecting petitioner's habeas case post-Boumediene. Further, even if such a return is filed, petitioner's request is premature given that

the parameters of these habeas proceedings, including the availability of discovery, have not been established.

Accordingly, there is no present need, and there may never be a need if petitioner is transferred, for petitioner to prepare his traverse. Thus, there is no present need for production of petitioner's photograph.[2]

**B.      Pursuant to 28 U.S.C. § 2241(e)(2), this Court does not have jurisdiction to consider petitioner's motion.**

Petitioner's second reason for requesting production of his photograph is that it "would greatly enhance counsels' efforts with respect to finding an alternative country to accept [petitioner]." Petitioner's Motion, at 2. But this is a purpose, and request for a remedy, outside petitioner's challenge to the lawfulness of his detention, which is the essential (or core) function of the *habeas* proceeding. The request is, therefore, outside this Court's jurisdiction:

> [N]o court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C. § 2241(e)(2).

In considering, and denying, another detainee's request for disclosure of his medical records, this Court examined the distinction between the two parts of Section 7(a) of the Military Commissions Act of 2006, codified at 28 U.S.C. § 2241(e)(1) & (2). *See In re: Guantanamo Bay Detainee Litigation*, ___ F.Supp.2d ___, 2008 WL 4294305 (D.D.C. 2008). In subsection (e)(1), Congress sought to deprive the courts of jurisdiction to hear or consider the

---

[2]   *See also* Respondents' Memorandum in Opposition to Petitioners' Motion for Status Hearing, filed October 21, 2008 (No. 05-cv-994 Dkt#80).

*habeas* petitions of aliens detained as enemy combatants.[3] This subsection was declared unconstitutional with respect to Guantanamo detainees, such as petitioner, in *Boumediene v. Bush*, 128 S.Ct. 2229 (2008), but, as this Court noted, the Supreme Court refrained from deciding whether the detainees are entitled to pursue "any other action," *i.e.*, non-core habeas claims, in District Court. This Court held:

> Cognizant of the long-standing rule of severability, this Court, therefore, holds that § 7(a)(2) remains valid and strips it of jurisdiction to hear a detainee's claims that "relat[e] to any aspect of the detention, transfer, treatment, trial, or conditions of confinement," 28 U.S.C. § 2241(e)(2).

*In re: Guantanamo Bay Detainee Litigation*, 2008 WL 4294305.

By operation of § 2241(e)(2), this Court found it had no jurisdiction to consider the detainee's request for production of his medical records. This Court similarly lacks jurisdiction to consider or hear the instant motion. Here, counsel seek a photograph for purposes of pursuing resettlement options, which is a purpose outside of core-habeas and the determination of the lawfulness of petitioner's detention.

**C.      Detainee photographs have been properly classified and may not be publicly disclosed under the requirements of the Protective Order entered September 11, 2008.**

The identification photographs of the persons previously and presently detained by the United States at the Guantanamo Bay Naval Station have been properly classified pursuant to the procedures and standards of Executive Order 12958, as amended. The classification has been

---

[3]   No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C. § 2241(e)(1).

recognized and upheld, and production to the public withheld, in response to Freedom of Information Act[4] requests both for photographs of all detainees and for the photograph of a single detainee. *See Associated Press v. U.S. Dep't of Defense*, 462 F.Supp.2d 573, 574-76 (S.D.N.Y. 2006); *Azmy v. U.S. Dep't of Defense*, 562 F.Supp.2d 590, 600 (S.D.N.Y. 2008).

In *Associated Press*, the court recounted the explanation of the Department of Defense that disclosure of the photographs could reasonably be expected to result in serious damage to the national security:

> Because of the nature of terrorist organizations, such as al Qaida, because of terrorist organizations' methods of operation, and because of the affiliations between terrorist organizations, human intelligence is the most effective source of actionable information for the anticipation and interdiction of terrorist activity. Because of the value of human intelligence, each detained enemy combatant, whether detained at JTF-Guantanamo, in Afghanistan or in Iraq, is a potential source of valuable information. . . . [O]bviously, the detainees will not provide useful intelligence if they fear retaliation against themselves or their families: Cooperating subjects simply will not provide information if they believe that, in so doing, they will jeopardize their safety or that of their families and loved ones. It is well documented in public sources . . . that persons who cooperate with capturing authorities are subject to reprisals by those about whom they may have provided information. In fact, persons who are captured and detained may not have cooperated at all, but if entities about whom they possess information believe that such persons have cooperated or are considering cooperating, reprisals can and do occur. These concerns are particularly acute in the case of persons who are linked [to] terrorist activity. . . . [D]isclosure of the detainees' photographs will increase the risk of retaliation because release of photographs coupled with names (which may be common names) would specifically identify each detainee in a way that a release of names and other biographical information does not, . . . and . . ., in any event, many detainees *believe* that harm will ensue from such disclosure and will fail to cooperate.

462 F.Supp.2d at 575-76 (Emphasis in original; internal citations and quotation marks omitted).

The court agreed with the Department of Defense's analysis and found that "there remains a strong national security interest in withholding these photographs . . . ." *Id.* at 576.

---

[4] 5 U.S.C. § 552 *et seq.*

Two years later, the same court held that the justification for the classification applied even when the request was for production of only a single photograph to counsel for a former detainee. *Azmy v. DOD*, 562 F.Supp.2d at 600.

The photographs of past and present detainees, including this petitioner, are properly classified.[5] The Protective Order entered September 11, 2008, provides, "All classified documents, and information contained therein, shall remain classified . . ." ¶ 9. *See also id.* ¶ 28 (Classified documents and information generally may not be disclosed by petitioner's counsel).[6] Such information, including the identification photograph of petitioner, is, therefore, not subject to public disclosure.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for production of this photograph should be denied.

Dated: October 24, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

   /s/ *David H. White*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY

---

[5] Respondents do not contend that photographs petitioner's counsel may obtain from his family or from public sources are classified or otherwise subject to the Protective Order.

[6] Furthermore, ¶ 29 of the protective order provides a process whereby petitioner's counsel may seek declassification of information. Petitioner has not exhausted that process with respect to petitioner. *See* Petitioner's Motion at 3, fn3. Given that a decision to declassify information may be based on facts and circumstances particular to the situation or detainee, petitioner should be required to exhaust that process before seeking to obtain judicial relief in this habeas proceeding.

DAVID H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-3146
Fax: (202) 616-8470
Attorneys for Respondents