# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) ) ) GUANTANAMO BAY ) DETAINEE LITIGATION ) ) | **Misc. No. 08-442 (TFH)**<br><br>**Civil Action No. CV 02-0828 (CKK)** |

### PETITIONERS' RESPONSE TO RESPONDENTS'
### MOTION TO DISMISS "IMPROPER RESPONDENTS"

Petitioners Fawzi Khalid Abdullah Fahad Al Odah, Fayiz Mohammed Ahmed Al Kandari, Khalid Abdullah Mishal Al Mutairi, and Fouad Mahmoud Al Rabiah ("Petitioners") hereby respond to the government's Motion to Dismiss Improper Respondents ("Motion").

1. On October 10, 2008, six years and five months after Petitioners filed their Complaint against all Respondents on May 1, 2002, counsel for the government sent counsel for Petitioners an e-mail requesting consent to its motion to dismiss all respondents other than the Secretary of Defense. In spite of the obvious tardiness of the request, Petitioners' counsel responded that Petitioners would consent to the motion if the government would "acknowledge that the Secretary of Defense is the proper respondent, that he is subject to the jurisdiction of the Court, and that he has the power and authority to grant the relief requested in our complaint." *See* E-mail from M. MacLean to S. Marconda (Oct. 10, 2008), attached hereto as Exhibit 1. The government never responded to counsel's request.

2. The government's motion acknowledges that the Secretary of Defense is the proper respondent and that he is subject to the jurisdiction of the Court. *See* Motion at 5. It may (or may not) acknowledge that the Secretary has the authority and the ability to order the relief requested in the Complaint where it says, "Any order of relief in these cases may be properly

*addressed* to the Secretary of Defense, in his official capacity, and no other respondents are required." *See id* (emphasis added). It is notable that the government states that any order of relief may be addressed to, rather than will be performed or carried out by, the Secretary of Defense. The appendix to the motion, moreover, includes a footnote containing the following mystifying language:

> Counsel for these Petitioner(s) conditioned their consent to Respondents' motion on agreement by Respondents to several conditions which spoke to the legal authority of the Secretary of Defense, as the only proper respondent, to carry out the relief requested by Petitioners and to act on behalf of the government in the course of this litigation. Because such authority is dictated by the operation of law, Respondents consider such responses as effective refusal to consent to Respondents' motion.

Motion, Appendix at 2. Respondents' meaning is completely unclear, and Petitioners cannot ascertain whether or not the government agrees that the Secretary of Defense has the power and authority to grant the relief Petitioners have requested in this action.

3. If the government contends that the Secretary of Defense lacks the power and authority to grant the relief requested in the complaint, either because Petitioners are detained pursuant to the President's executive authority, or because the Secretary of Defense is not their immediate custodian, or because some forms of relief may also require action by another executive department or agency, then the President or the United States and the Petitioners' immediate custodians should remain respondents in this action, and the government's motion should be denied. *See Clinton v. Jones*, 520 U.S. 681, 703-05 (1997) (holding that the President can be subject to court order in appropriate circumstances), and cases cited therein; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (holding that the detainee's immediate custodian is a proper habeas corpus respondent). If this Court, on the other hand, grants the government's motion to

dismiss, then the government should be estopped from later arguing that the Secretary of Defense lacks such power and authority to grant the relief requested.

## Conclusion

For the reasons stated above, Petitioners respectfully request this Court to deny the government's "Motion to Dismiss Improper Respondents" or, if it grants the motion, to rule that the government is estopped from arguing in the future that the Secretary of Defense lacks the power or authority to grant the relief requested in Petitioners' complaint.


October 27, 2008                              Respectfully submitted,


                                                                  /s/
David J. Cynamon (D.C. Bar #182477)
  david.cynamon@pillsburylaw.com
Matthew J. MacLean (D.C. Bar #479257)
  matthew.maclean@pillsburylaw.com
PILLSBURY WINTHROP
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
Telephone: (202) 663-8000
Facsimile: (202) 663-8007

Attorneys for Plaintiffs-Petitioners

## Certificate of Service

I certify that on October 27, 2008, I caused the foregoing to be served on all opposing counsel through the electronic case filing system.

                                                  /s/
                                       Matthew J. MacLean