IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HAMID AL-GHIZZAWI ) | |
| ) | |
| ABDAL RAZAK ALI ) | |
|     Detainees, ) | |
|     Guantanamo Bay Naval Station ) | |
|     Guantanamo Bay, Cuba; ) | Misc. No. 08-442 |
| ) | |
| *Petitioners,* ) | |
| ) | (05-cv-02378 JBB) |
| ) | |
| *v.* ) | (05-cv-2386 RBW) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| *Respondents.* ) | |

## OPPOSITION TO DROPPING ALL RESPONDENTS EXCEPT RESPONDENT GATES

      In its recent landmark decision in *Boumediene v. Bush,* 553 U.S. __, 128 S.Ct. 2229 (2008) the United States Supreme Court has ordered the courts to conduct habeas hearings for petitioners, post haste. In response the government has claimed that it is simply too shorthanded to provide responses to the petitions and has sought and received permission to meander its way through the responses when, and if, it pleases it to do so. However this same government that is too busy to comply with Court orders has found the time to file the instant frivolous, dilatory and nugatory motions and begs the courts indulgence to put this at the forefront of the queue of issues to be resolved while the government continues to hold men for nearly seven years, men that it acknowledges are completely innocent and pose no threat. If this motion must be in the queue, it must go to its rightful place: the bottom of this Court's priorities.

      Petitioners' petitions were filed in this Court three years ago. Petitioners' have also filed appeals in the Circuit Court and Petitioner Al-Ghizzawi has filed in the Supreme Court. All of those filings named the President (as he is the one who entered

the order to hold Petitioners indefinitely and without charge.) The U.S. Supreme Court has twice ruled on cases arising from Guantanamo Bay prisoners, which name the President as a respondent, without comment from either the government or the Court.

For his part, the President has claimed the power to detain, and transfer Guantanamo Bay prisoners from the custody of one jailer to another, whether across agency lines or to foreign sovereigns, solely at his personal prerogative and indeed, has brazenly espoused the "unitary executive" as his own justification for exercising powers once believed only asserted per "the divine right of kings." Having insisted on having, and executing such power, the president is a proper party respondent, notwithstanding his personal desire to extricate himself from difficulties of his own creation a few months before leaving office.

This motion is either designed to allow Executive subterfuge of some kind, or seen in its best light is a meaningless waste of time. In either case, it simply cannot enjoy priority over the habeas petitions filed by Petitioners.

Petitioners' patience is exhausted. Petitioner Al-Ghizzawi is literally dying at the prison at Guantanamo and neither man has time left in their lives to wait for this court to spend on motions seeking to absolve the President from his responsibility for these cases. The government's reliance upon *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475 (1867), is incredible. In that case, the Court held that a court could not enjoin the Executive from enforcing a statute. Whether or not this is good law – (see *Youngstown Co. v. Sawyer*, 343 U.S. 579 (1952)) it is completely beside the point here**:** the President has already been held to be the proper subject respondent of these Guantanamo habeas cases**.** Further, the President here is not holding petitioners pursuant to the enforcement of a statute, but pursuant to his purported self-proclaimed "unitary executive" power (if not "divine right") to do so, which also renders *Mississippi v. Johnson* inapposite.

The Government's present motion is clearly an attempt to test this Court's indulgence for its own procedural gamesmanship. It is past due the time to "just say no" to the government and its contempt for the law of which it is sworn to uphold and for this Court to deny the instant motion summarily.

    Respectfully submitted,

      /s/ H. Candace Gorman

    H. Candace Gorman (IL Bar #6184278)
    Law Office of H. Candace Gorman
    220 S. Halsted – Suite 200
    Chicago, IL 60661
    Tel:  (312) 427-2313
    Fax: (312) 427-9552

CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2008 I caused the foregoing Opposition of Petitioners Abdul Hamid Al-Ghizzawi and Abdal Razak Ali to be filed on the ECF system, for delivery to the below-listed counsel of record in the above-captioned matters:

Andrew I. Warden
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530

Terry Marcus Henry
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530

Respectfully submitted,

/s/ H. Candace Gorman

H. Candace Gorman (IL Bar #6184278)
Law Office of H. Candace Gorman
220 S. Halsted – Suite 200
Chicago, IL 60661
Tel: (312) 427-2313
Fax: (312) 427-9552