IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GUANTANAMO BAY ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION ) | |
| ) | Civil Action No. 05-CV-2104 (RBW) |
| ) | |

**DECLARATION OF WESLEY R. POWELL CONCERNING AUTHORIZATION TO REPRESENT PETITIONER OTHMAN ALI MOHAMMAD AL SHAMRANY**

Wesley R. Powell, declares as follows, pursuant to 28 U.S.C. § 1746:

1. I am a partner in the New York office of Hunton & Williams LLP and am admitted to practice in the States of New York and California and before a number of federal courts. I have practiced before this Court in connection with the Guantánamo *habeas* litigation since the fall of 2004, pursuant to this Court's local rules concerning pro bono representation.

2. Pursuant to this Court's July 29, 2008 order (and as enlarged by this Court's Minute Orders of September 23, 2008 granting Petitioner's Motion for Extension of Time), I submit this declaration for Petitioner Othman Ali Mohammad Al Shamrany (ISN 171) ("Petitioner") concerning authorization to represent Petitioner.

3. In the Fall of 2005, Petitioner's father Abullah Ali Mohammad Al Shamrany executed a next friend authorization of the filing of a *habeas corpus* petition challenging the Government's unlawful detention of his son in Guantánamo Bay, Cuba. By that time, the Government already had detained Petitioner for more than three years.

1

4. My colleagues at Hunton & Williams and I filed a petition on behalf of Petitioner (along with five other Yemeni detainees) pursuant to this next friend authorization on October 27, 2005. Hunton & Williams has continued to represent Petitioner pursuant to that authorization since then. At no point have Respondents challenged our authority to represent Petitioner.

5. I have traveled to Guantánamo for client visits numerous times since October 2005 and have requested to visit Petitioner during several of these visits. Each time, Petitioner has declined to meet with us. For this reason, we have not obtained a written authorization of representation directly from Petitioner.

6. However, Petitioner responded to one of these visit requests with a handwritten note thanking us for our efforts on his behalf, thus acknowledging that Petitioner is aware that my firm represents him in these proceedings.

7. I have reason to believe that Petitioner may not be capable of making a reasoned decision about directly authorizing us to represent him. Petitioner has been unlawfully detained under harsh conditions (presently, in near-isolation) for more than six years. He is also a long-term hunger striker. According to reports published by the Department of Defense, his weight has fluctuated from a high of 115 pounds to a low of 85 pounds. Petitioner's family has grown increasingly concerned about Petitioner's mental and physical health; indeed, I have been informed by his family that Petitioner stopped writing to them some time ago.

8. Given these circumstances, I am unable to present a written authorization of representation of Petitioner at this time. However, Hunton & Williams retains authorization (1) under the next friend provisions of the federal habeas statute, which recognizes that

2

circumstances such as this may prevent a petitioner from directly authorizing a habeas challenge and (2) based on Petitioner's written indication that he understands my firm continues to act on his behalf. *See* 28 U.S.C. 2242 (allowing a petition to be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf"); *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (next friend inquiry is satisfied where (1) the petitioner is inaccessible or otherwise disabled, and (2) there is a "significant relationship" with the real party in interest); *In re Cockrum*, 867 F. Supp. 494, 495 (E.D. Tex. 1994) (significant relationship was established where counsel had already been representing real party in interest for years); *Padilla v. Bush*, 233 F. Supp. 2d 564, 576 (S.D.N.Y. 2002) (granting counsel next friend standing where among other things, relatives were conferred with, counsel was aware of detainee's wishes, and counsel had a preexisting relationship with detainee), *aff'd sub. nom.*, *Padilla v. Rumsfeld*, 352 F.3d 695, 703-04 (2d. Cir. 2003) (noting inability of detainee to file his own petition and recognizing counsel's professional obligation to zealously represent detainee), *rev'd on other grounds sub. nom.*, *Rumsfeld v. Padilla*, 542 U.S. 426 (U.S. 2004).

9. I will request a visit with Petitioner during my next visit to Guantánamo, seek direct authorization if a meeting takes place, and update the Court as appropriate.

Executed this 28th day of October 2008

New York, New York

                        Respectfully submitted,

                        _____/s/_____
                        Wesley R. Powell
                        wpowell@hunton.com
                        HUNTON & WILLIAMS LLP
                        200 Park Avenue
                        New York, NY  10166
                        (212) 309-1000
                        (212) 309-1100 (facsimile)

                        *Attorney for Petitioner*