IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GUANTANAMO BAY ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION ) | |
| ) | Civil Action Nos. 05-CV-2104 (RBW) |
| ) | 05-CV-1983 (RMU) |
| ) | |

**OPPOSITION TO RESPONDENTS' MOTION TO
DISMISS IMPROPER RESPONDENTS**

Petitioner Al Bakush (ISN 708) in Case No. 05-cv-1983 (RMU) and Petitioners Shamrany (ISN 171) and Hussain (ISN 690) in Case No. 05-cv-2104 (RBW) (collectively, "Petitioners"), through their undersigned counsel, respectfully submit this opposition to Respondents' October 14, 2008 "Motion to Dismiss Improper Respondents." For the reasons set forth below, the motion should be denied.

Respondents' basic position is that only Secretary of Defense Robert Gates is a proper respondent in each of these consolidated Guantánamo habeas corpus actions, because all of the Guantánamo detainees are currently being held in the custody of the Department of Defense and "most of the respondents" named by petitioners "are not appropriate parties."[1] Of course, Petitioners have named the same parties who were respondents in the most recent case in which

---

[1] Notably, Respondents make no effort to single out which respondents, in addition to the Secretary of Defense, might be "appropriate." Moreover, Respondents have maintained in various filings in these consolidated proceedings an unfettered right to transfer these men out of Guantánamo as part of the President's war powers; this could include transfers to foreign countries or to another detention facility maintained by the United States but not controlled by the Department of Defense.

the Supreme Court affirmed the right of these men to a swift and robust habeas corpus hearing. *See Boumediene v. Bush*, 128 S. Ct. 2229, 2240 (2008) (naming George W. Bush, the Secretary of the Department of Defense, the Commander of the GTMO Joint Task Force, and the Camp Delta Commander). Given their uncertainty as to precisely which agency or individual would, at any point during their detention, be assigned custody and/or responsibility for these men, Petitioners sought to name as Respondents a reasonably comprehensive list of government representatives likely to have the ability to grant the relief sought in their petition – including, specifically, the ability to produce Petitioners before the Court.

In seeking to dismiss all of these Respondents save the Secretary of Defense, Respondents fail entirely to (1) provide an enforceable guarantee that the Secretary of Defense will retain custody of Petitioners and the power to provide all relief requested in their petition or (2) demonstrate any prejudice or other practical reason why dismissal of other Respondents is necessary at this time. *Id*. Under these circumstances, Respondents have not sustained their burden on this motion, and it therefore should be denied.

**I.     The Named Respondents Are Appropriate and Have Authority to Provide Petitioners with the Requested Relief.**

Petitioners sought to name all Respondents who potentially have the ability to provide the relief sought in their petitions for writ of habeas corpus. Like in *Boumediene*, Petitioners named George W. Bush, President of the United States; Donald Rumsfeld, Secretary, United States Department of Defense; Army Brig. Gen. Jay Hood, Commander, Joint Task Force-GTMO; and

Army Col. Mike Bumgarner, Commander, Joint Detention Operations Group – JTF-GTMO.[2] Under governing law, each of these individuals is a proper respondent.

In *Rumsfeld v. Padilla,* 542 U.S. 426 (2004), the Court reiterated the well-established rule that a prisoner's immediate custodian is a proper respondent to a habeas corpus petition. Accordingly, Petitioners' immediate custodians, the Commander of the Joint Task Force-GTMO and the Commander, Joint Detention Operations Group – JTF-GTMO, plainly are proper respondents, as is the Secretary of Defense to whom these individuals ultimately report. Respondents offer no legitimate reason why these Respondents should be dismissed at this stage, or what prejudice they will suffer by remaining named in these petitions.

Moreover, because of the unusual circumstances of these cases – namely, the risk that the Department of Defense will transfer a petitioner – it is critical that the remaining Respondent, the President, be named and held accountable. Indeed, if the President were not named, Respondents could simply shift a petitioner to the custody of another agency of the executive branch and argue that it had no discretion to effectuate relief ordered by this Court. This is not a speculative concern; as noted above, Respondents have maintained (*e.g*., in opposing motions enjoining transfer to countries where detainees will be tortured) the right to transfer Guantanamo detainees at will, and many of the prisoners at Guantánamo were held for several years at secret prisons outside the United States and controlled by executive agencies other than the Department of Defense, such as the Central Intelligence Agency.

---

[2] All the Respondents named in Petitioners' petitions for writ of habeas corpus are officials of the United States named only in their official capacities. To the extent that the offices in question have passed from the Respondents originally named to new office holders, the named parties have been automatically substituted for the previous office holders under Fed. R. Civ. P. 25 (d) (providing for the automatic substitution of public officers in actions where the named predecessor dies, resigns or otherwise ceases to hold office).

Respondents specifically argue that the President should be dismissed because detaining these Petitioners is in the President's discretion, and Respondents dispute the Court's power to order the President to provide the relief sought. This position is incorrect. First, there is no general bar against naming the President as a defendant or respondent; in fact, naming the President in habeas corpus, civil rights, and a variety of other cases is quite common.[3] Indeed, the Supreme Court has held that the President "is subject to judicial process in appropriate circumstances." *Clinton v. Jones*, 520 U.S. 681, 703 (1997) (recounting numerous situations where a sitting president is subject to a court's jurisdiction, which occurs "with sufficient frequency that such interactions between the Judicial and Executive Branches can scarcely be thought a novelty"). Moreover, courts are empowered, where appropriate, to order a sitting President to order specific injunctive relief. *See, e.g., National Treasury Employees Union v. Nixon*, 492 F.2d 589, 614 (D.C. Cir. 1974) (ordering President to effect a pay raise to federal employees).

Notwithstanding these precedents, Respondents blithely assert that "[t]he federal courts have 'no jurisdiction …' to enjoin the President in the performance of his official duties' or to otherwise compel the President to perform any official act." Motion at 3. In support of this

---

[3] *See, e.g., Boumediene v. Bush*, 128 S. Ct. 2229, 2241 (2008); *Rasul v. Bush*, 542 U.S. 466 (2004); *Clinton v. Jones*, 520 U.S. 681 (1997) (holding that the separation of powers doctrine does not require a district court to stay all private actions against a sitting president); *United States v. Nixon*, 418 U.S. 683 (1974) (denying a sitting president executive privilege protections and obligating him to comply with a subpoena duces tecum); *Wong v. Bush*, 542 F.3d 732 (9th Cir. 2008); *Al-Haramain Islamic Found. v. Bush*, 507 F.3d 1190 99th Cir. 2007); *Cetacean Cmty. v. Bush*, 386 F.3d 1169 (9th Cir. 2004); *Hastey v. Bush*, 100 Fed. Appx. 319 (5th Cir.); *ProEnglish v. Bush*, 70 Fed. Appx. 84 (4th Cir. 2003); *Ctr. for Reprod. Law & Policy v. Bush*, 304 F.3d 183 (2d Cir. 2002); *Am. Fed'n of Gov't v. Clinton*, 180 F.3d 727 (6th Cir. 1999); *Guerrero v. Clinton*, 157 F.3d 1190 (9th Cir. 1998); *Bethlehem Steep Corp. v. Bush*, 918 F.2d 1323 (7th Cir. 1990); *Nat'l Treasury Employees Union v. Bush*, 891 F.2d 99 (5th Cir. 1989) (reviewing the facial validity of a presidential order); *Jones v. Reagan*, 748 F.2d 1331 (9th Cir. 1984); *Lewis v. Reagan*, 660 F.2d 124 (5th Cir. 1981).

argument, Respondents cite two cases that discuss limits on the relief that may be ordered against the President where the acts complained of are decisions committed to his discretion and not subject to review by the Court. *See, e.g., Mississippi v. Johnson,* 71 U.S. (4 Wall.) 475, 498 (1866) (holding that the State of Mississippi could not sue President Andrew Johnson on a broad attempt to enjoin all enforcement of the Reconstruction Acts, but permitting suit against the President for his purely ministerial acts); *Franklin v. Massachusetts,* 505 U.S. 788 (1992) (finding that Massachusetts had no legitimate grievance against the decennial census). These cases are inapposite because, here, the Court has authority to order the requested relief.[4]

Finally, Respondents' Motion cannot be granted while non-habeas claims remain pending against individuals other than the Secretary of Defense. Pleadings in the above-captioned cases include claims for injunctive and declaratory relief, including equitable relief under the Alien Tort Statute and international humanitarian law and directly under the Constitution. Accordingly, it is paramount that the President remain as a named Respondent because his dismissal could permit the government to evade this Court's authority.

## II. Absent Agreement that the Secretary of the Defense Will Provide All of the Requested Relief, Respondents' Motion Should be Denied.

Counsel for Petitioners would have considered consenting to Respondents' Motion if the Government were willing to provide an undertaking establishing that the Secretary of Defense could provide all of the relief sought by Petitioners. Motion at Appendix A n.2 (consent subject to conditions). But Respondents were unwilling to agree to that condition. *See id.* And absent

---

[4] *See Boumediene*, 128 S. Ct. at 2266 (stating that the right of habeas corpus includes, among other things, that the "habeas court…ha[s] the power to order the conditional release of an individual unlawfully detained"). Moreover, this Court has authority to issue orders compelling the Executive to take actions. *See* 28 U.S.C. § 1651 (authorizing federal courts to issue all writs necessary and appropriate in aid of its jurisdiction).

such understanding, Petitioners cannot consent to naming only the Secretary of Defense as a respondent.

## CONCLUSION

For the reasons set forth above, the Respondents named in Petitioners' *habeas* petitions are appropriate and have the authority to grant the relief requested. Accordingly, Respondents' Motion should be denied.

Dated: October 28, 2008

Respectfully submitted,

      /s/
Wesley R. Powell
wpowell@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY 10166
(212) 309-1000
(212) 309-1100 (facsimile)

Karma B. Brown (Bar No. 479744)
kbbrown@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
(202) 955-1500
(202) 778-2201 (facsimile)

*Attorneys for Petitioners*

99997.027530 EMF_US 26377505v3