UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY<br>DETAINEE LITIGATION | Civil Action Nos.<br>04CV1194, 05CV0748, 05CV0994,<br>05CV0999, 05CV1347, 05CV1353,<br>05CV1504, 05CV1505, 05CV2349,<br>05CV2385, 05CV2386, 05CV2479,<br>06CV0618, 08CV1185, 08CV1221 |

On October 7, 2008, Petitioners in the above-listed cases requested a status conference in light of both the Respondents' continued detention of petitioners even though they have been cleared for release from United States custody and the Court's order vacating dates for filing of factual returns for these petitioners. In accordance with Local Civil Rule 7(m), Petitioners consulted Respondents, who oppose the request for a status conference. *See* Pet. Mot. at 2 ("Petitioners conferred with Respondents who indicated that they opposed the request for a status conference.").

Respondents filed an opposition on October 21, 2008 ("Resp. Opp."), but it fails to address the fact that the cleared petitioners are not a single similarly-situated group. In fact, each faces very different individual circumstances. For example, while some cleared petitioners cannot return to their countries for fear of future abuse or torture, many cleared petitioners are able to return home, and their countries are ready and willing to receive them. Nonetheless, they remain detained, and Respondents remain silent regarding the reasons for continued detention of those whom Respondents believe need not be detained, much less any

efforts to repatriate these individuals who can return to their native countries. It is precisely because the cleared detainees face a variety of different circumstances that this Court should hold a status conference to hear from the parties and determine the best way to proceed. If the Court is not inclined to hold a status conference, it should require Respondents to provide filings for each individualized Petitioner, stating the reasons for their continued detention and, with specificity, what measures, if any, they are taking to secure Petitioners' release.

I.

**PETITIONERS FACE A VARIETY OF CIRCUMSTANCES AND SEVERAL CAN BE RETURNED HOME**

Respondents argue that "[i]t is not unlawful to keep these petitioners at Guantanamo pending efforts to find a country to accept them." Resp. Opp. at 3-4 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507 and *Shaughnessy v. United States, ex rel. Mezei*, 345 U.S. 206 (1953)). However, they do not discuss <u>any</u> efforts they have made or are making to transfer or release these detainees. In the *Shaughnessy* case, relied on by the Respondents, no other countries could take the petitioner back. *See Shaughnessy* 345 U.S. at 627 ("This case concerns an alien immigrant permanently excluded from the United States on security grounds but stranded in his temporary haven on Ellis Island *because other countries will not take him back*.") (emphasis added). That is not the case here as to many petitioners, and Respondents make no individualized allegation as to any particular cleared detainee that no country will accept him. To the contrary, certain countries, most notably Yemen, have expressed their willingness to accept their cleared detainees. *See* Exhibit A (letter dated October 14, 2008 from the Yemeni Embassy confirming Yemen's willingness to accept cleared Yemeni detainees). Despite Yemen's position, Respondents fail to explain why cleared Yemini detainees continue to sit in Guantanamo, some

for years after they were cleared for release.  Apparently, the only obstacle to their release is the Respondents.

The Court should hold a status conference to require Respondents to offer some explanation for this continued detention.  In the alternative, Respondents should be required to provide a statement explaining the detention and detailing, for each petitioner, the efforts to secure their release.

## II.

## THE COURT SHOULD COMPEL FACTUAL RETURNS

For those petitioners for whom release cannot be immediately secured, Respondents should be required to produce factual returns.  Respondents' opposition argues that requiring factual returns in these cases "is not an efficient or wise use of resources for the parties and the Court and . . . may delay the overall litigation."  Resp. Opp. at 3.[1]  Respondents further argue that "[i]n the context of the broader scope of the Guantanamo Bay detainee litigation," *see id.* at 3, it is an onerous requirement on them to produce factual returns in these cases.  However, without factual returns, Petitioners' counsel cannot know the basis for the continued detention and, therefore, cannot effectively advocate for their release.  The prejudice to Petitioners far outweighs any burden to the Respondents.

Respondents apparently view the Petitioners that have been cleared for release as being of secondary importance to those that it argues belong in custody.  This is illogical.  The above-named Petitioners, some of whom have been cleared for over a year, *see* Pet. Mot. Ex. A, should

---

[1] Respondents' use of the term "parties" in this argument is odd.  Petitioners are "parties", and believe it would be both "wise" and "efficient" to seek their release from detention that is both unjustified, and, as is implied in the determination to clear them, unnecessary.

3

not be shuffled to the rear of the Court's priority-list. These are detainees who, in the Respondents' words, have "received a determination by DoD that they should be transferred from United States custody." Resp. Opp. at 3. Yet they continue to live in custody in a foreign base, thousands of miles from their homes. The Respondents justification that an "efficient or wise use of resources" requires that these detainees remain in custody is unavailing and counter-intuitive.

Respondents also state that "it is *possible* that this process [releasing petitioners from United States custody] will be completed for these petitioners and they will be transferred prior to Respondents filing factual returns or prior to the Court's adjudication of their habeas claims, thereby rendering the cases moot." Resp. Opp. at 2-3 (emphasis added). Petitioners are unwilling to accept continued detention predicated on the "possibility" of completion of an unknown "process." Nor can Petitioners effectively evaluate Respondents' purported efforts. Respondents refuse to update anyone on any measures that are allegedly taking place to release Petitioners, and further leave their release to the realm of a possibility. Petitioners in these cases, some of whom have been detained for over six years, should not be kept from having their cases proceed on the possibility that Respondents might now decide to follow through on their own decision to release them. For the petitioners for whom immediate release cannot be secured, the Court should require the Respondents to produce factual returns.

## CONCLUSION

The above-listed Petitioners respectfully request a status hearing to address their entitlement to meaningful habeas corpus relief.

Respectfully submitted,

Dated:  October 27, 2008                 /s/ *Stephen D. Demik*
Steven F. Hubachek
Stephen D. Demik
Ellis M. Johnston, III.
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA  92101
619-234-8467 (ofc)
619-687-2666 (fax)
*Counsel for Petitioner Al -Khalaqi*

  /s/ George Clarke
George Clarke
Miller & Chevalier Chartered
655 15th Street, N.W.
Suite 900
Washington, D.C.  20005
(W) (202) 626-1573
(M) (703) 598-5121
*Counsel for Petitioner Yafie*

/ A. Stephens Clay

A. Stephens Clay
KILPATRICK STOCKTON LLP
1100 Peachtree St., Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
sclay@kilpatrickstockton.com
*Counsel for Petitioners Ali LNU and Hamiduva*


/s/ Michael E. Mone, Jr.
Michael E. Mone Jr.
(MA BBO #634607)
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110
(617) 482-0333
*Counsel for Petitioner Jamolovich*


/s/ Matthew J. O'Hara
Matthew J. O'Hara
Lowell E. Sachnoff
Matthew J. O'Hara
Adam R. Chiss
(Each Pursuant to LCvR 83.2(g))
Brian C. Lewis (D.C. Bar No. 476851)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000
mohara@reedsmith.com
*Counsel for Petitioner Hijazi*

Shayana Kadidal (D.C. Bar No. 454248)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Of Counsel

/Allison M. Lefrak
Douglas K. Spaulding
Gary S. Thompson
Allison M. Lefrak
Rick W. Roberts
REED SMITH LLP
1301 K Street, NW
Suite 1100 - East Tower
Washington, DC 20005
Phone: (202) 414-9220
*Counsel for Petitioner Al-harbi*

-- and --

Bernard J. Casey, D.C. Bar No. 112219
Casey ADR Services
3018 NE 32nd Place
Portland, OR 97212
Phone: (415) 515-0855

- and -

CENTER FOR CONSTITUTIONAL RIGHTS
Gitanjali S. Gutierrez (NY1234)
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Counsel for Petitioners

/s/  Shawn Nolan
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Shawn Nolan (PA 56535)
Cristi Charpentier (PA 62055)
Matthew Lawry (PA 87221)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100
*Counsel for Petitioners Tohirjanovich*,
*Feghoul*

 /s/   Jerry Cohen
Jerry Cohen (MA # 116413)
BURNS &LEVINSON
125 Summer Street
Boston, MA 02110
tel: (617) 345 3000
fax: (617) 345 3299
e-mail: jcohen@burnslev.com

- and -

 /s/ Stewart Eisenberg
Stewart Eisenberg (MA #152180)
WEINBERG & GARBER, P.C.
71 King Street
Northampton, MA 01060
Tel: (413) 582-6886
Fax: (413) 582-6881
e-mail: buz.e@verizon.net
*Counsel for Petitioners Mohammed and Qadir*



Joseph E. O'Neil
Lavin, O'Neil, Ricci, Cedrone & DiSipio
190 North Independence Mall West
Suite 500
Philadelphia, Pennsylvania 19106
(215) 351-7901
*Counsel for Petitioner Salman*

CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6485

*Counsel for Petitioners*

/s/ Joseph Berman
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
Tel: 617-951-2800
Fax: 617-951-2819

-and-

/s/ Zachary Katnelson
Zachary Katznelson
Cori Rider
Ahmed Ghappour
REPRIEVE
P.O. Box 52742
22 Tudor Street
London, UK EC4Y 0AY
Tel: 011 44 207 353 4640
Fax: 011 44 207 353 4641
zachary@repreive.org.uk
*Counsel for Petitioners Abdullah and Belbacha*


/s/ Meghan Winokur
Meghan Winokur
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8390
Fax: (303) 975-5456
Email: mwinokur@hollandhart.com
*Counsel for Petitioners Saib, Nabil and Hawary*

DAVIS WRIGHT TREMAINE LLP

 /s/ Richard L. Cys
Richard L. Cys (D.C. Bar No. 87536)
Lisa B. Zycherman (D.C. Bar No. 495277)
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, D.C. 20006-3402
Telephone:	(202) 973-4217
Facsimile:	(202) 973-4499
Email:		rickcys@dwt.com
Email:		lisazycherman@dwt.com

  /s/ James P. Walsh
James P. Walsh (D.C. Bar No. 930115)
Suite 800
505 Montgomery Street
San Francisco, CA 94111-6533
Telephone:	(415) 276-6500
Facsimile:	(415) 276-6599
Email:		budwalsh@dwt.com

*Counsel for Petitioner Madni*


 /s/  Julie Withers
Julie Withers, Associate
Allen & Overy LLP
1221 Avenue of the Americas
New York, NY  10020
Tel:  (212) 610-6300
Fax:  (212) 610-6399
*Counsel for Petitioner Mahdi*