IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KOMOLLIDIN TOHIRJANOVICH,<br>Guantanamo Bay Naval Station,<br>Guantanamo Bay, Cuba<br>    Petitioner<br><br>V.<br><br>GEORGE W. BUSH, et. al.<br>    President of the United States<br>    The White House<br>    1600 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20500; | CIVIL ACTION<br>(HABEAS CORPUS)<br><br>No: 05-CV-00994 (JDB) |

## MOTION FOR PRODUCTION OF
## PHOTOGRAPH OF PETITIONER[1]

Petitioner, through counsel, hereby requests that the Court order Respondents to provide counsel with a photograph of Petitioner and avers the following:

1. Petitioner has been held in detention at Guantanamo Bay since approximately June 14, 2002. He has not been charged with any crimes. The government is not pursuing Commission charges against him.

2. In February, 2007, undersigned appointed counsel were informed by the Department of Defense that Mr. Tohirjanovich was "approved for transfer." In spite of requests, counsel has been provided no additional information about the possibility of Petitioner's transfer or regarding any efforts underway for his release.

---

[1] This motion is filed directly with this Court as opposed to with Judge Hogan consistent with this Court's transfer order.

3. Petitioner requests that the Court order Respondents to provide his counsel with a photograph of him. This request is made for two reasons. First, it is necessary to complete investigation into the allegations made by the government as laid out during Petitioner's Combatant Status Review Tribunal. Secondly, a photograph would greatly enhance counsels' efforts with respect to finding an alternative country to accept Mr. Tohirjanovich, who is from Uzbekistan.

4. Counsel are in the process of investigating Petitioner's case. Part of this investigation involves interviewing witnesses who either know Petitioner or were in his company at crucial times prior to, during and following his detention by United States authorities. Counsel can only competently conduct such investigation with the use of a photograph of Petitioner. The provision of such discovery is common practice in criminal matters and is surely required by the Due Process Clause and the Right to Counsel as guaranteed by the Sixth Amendment.

5. Habeas counsel have a constitutional duty to investigate Petitioner's case. Indeed, the American Bar Association's guidelines are explicit: "Defense counsel should conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction." ABA Standards for Criminal Justice, Prosecution Function and Defense Function 4-4.1 (3d ed.1993). See also Rompilla v. Beard, 545 U.S. 374, 387 (2005) ("It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction"); Wiggins v. Smith, 539 U.S. 510, 524 (2003). Here, as Petitioner has been charged with no crime and has been held for over six years, counsel's duty to investigate is heightened. The interest of justice require prompt and

exhaustive investigation that cannot be effectively conducted without a photograph of Petitioner.[2]

6. As stated above, almost <u>twenty months ago</u>, the government informed undersigned counsel that Petitioner was eligible for transfer. As far as counsel can tell, nothing has happened in order to effectuate Petitioner's release from Guantanamo Bay since that time. Petitioner is from Uzbekistan, where he would face certain torture and religious persecution if returned. As such, counsel are in the midst of efforts to find a country willing to accept Mr. Tohirjanovich. These efforts include asylum applications to various countries, which would be greatly enhanced by a photograph of Mr. Tohirjanovich. Photographs are routine in such applications.

7. This request is not unduly burdensome on the government. Indeed, undersigned counsel, Nolan and Charpentier, saw a photograph of Petitioner in the visiting room at Camp Echo during a client meeting. The photograph of Petitioner was posted on the wall. Thus, there is nothing Respondents would need to do to provide a copy of it.[3] Surely, there is no risk to national security in the image of the face of this young man.

8. Andrew Warden, counsel for Respondents, has indicated that the government opposes this motion.

---

[2]The fact that Petitioner has been deemed "eligible for transfer" in no way diminishes counsel's duty to investigate. Petitioner has been found to be an enemy combatant. He is challenging this finding through habeas corpus. This finding is certainly a hindrance on his ability to find a suitable country for asylum, and has resulted in his prolonged continuing detention.

[3]Counsel notes that with respect to another Guantanamo client, counsel submitted a photograph from the classified factual return for declassification. After nine months, counsel was notified that the request was denied. Thus, a similar request with respect to this client would surely be futile.

WHEREFORE, Petitioner requests that this Court order Respondents to provide a photograph of Petitioner to his attorneys.

Respectfully submitted,

/s/Billy H. Nolas
Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
David McColgin (PA 42963)
Supervising Appellate Assistant Federal Defender
Cristi Charpentier (PA 62055)
Shawn Nolan (PA 56535)
Mark Wilson (PA 26887)
Assistant Federal Defenders
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520; (215) 928-1100

Dated: October 10, 2008

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served on Respondents through the Court Security Officer in accordance with the Standard Protective Orders:

Mr. Terry Henry
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001

/s/Billy H. Nolas
Billy H. Nolas

Dated: October 10, 2008