UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTÁNAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil Action No. 1:06-cv-01668 (HHK) |
| ) | |
| ) | |

DECLARATION OF SIHAM NURHUSSEIN
IN SUPPORT OF UNOPPOSED MOTION FOR
EXTENSION OF TIME TO FILE AUTHORIZATION

The undersigned, Siham Nurhussein, attorney, declares and states as follows:

1. I am an Associate at Clifford Chance US LLP and counsel in this proceeding. On September 28, 2006, Clifford Chance US LLP filed this *habeas* petition in reliance on authorizations obtained from "Next Friends" of each of the named Petitioners. This motion is filed on behalf of one of those Petitioners, namely Tariq Ali Abdullah Ba Odah (ISN 178), in this matter. A true copy of the Next Friend authorization form for this Petitioner is attached as Exhibit 1.

2. A Protective Order in this case was issued on July 21, 2008. The Protective Order in the Petitioner's corresponding action under the Detainee Treatment Act was issued on September 6, 2007, however the classified portions of the CSRT record (containing the Respondents' purported justification for detaining Petitioner) were not made available until April 2008 (and then only in part). It was only at this stage, and having obtained the necessary security clearance, that a trip to Guantánamo Bay could be contemplated.

NYA908733.4

3. Clifford Chance lawyers have now made three trips to Guantánamo: one in the week of May 19, 2008, another in the week of August 11, 2008, and the most recent one in the week of October 6, 2008. Clifford Chance currently represents six detainees at Guantánamo and our time at the base has to be divided accordingly.

4. During those trips we have been able to meet with Mr. Ba Odah during only three "sessions": on May 21, 2008, on August 13, 2008, and on October 11, 2008. Due to operational restraints imposed by the Government, these meetings lasted only a few hours. We have also had some limited written correspondence with Petitioner.

5. During our first two limited visits with Petitioner, counsel did not have a sufficient opportunity to establish the relationship of trust and confidence necessary to obtain a written or oral authorization from him. Petitioner indicated that he needed more time to consider our request for a formal authorization. Accordingly, on September 29, 2008, we filed an Unopposed Motion for Extension of Time to File Authorization, along with a supporting Declaration from my colleague James Hosking. We also submitted a visit request for the week of October 6, 2008.

6. Petitioner has been incarcerated at Guantánamo for nearly seven years, during which time, upon information and belief, he has been exposed to misinformation, mistreatment and abuse. Further, Petitioner has been subject to hundreds of hours of interrogations at Guantánamo.

7. Petitioner is one of a handful of "hard core" hunger strikers who is protesting his unlawful detention by refusing to eat. He has not eaten in almost two years, at one point dropping to a mere 79 pounds. As a consequence, he has been subjected to daily forced feeding for almost two years, in which twice daily he is strapped to a restraining chair and a feeding tube

NYA908733.4

is inserted through his nose into his stomach. Because of this, Petitioner is believed to suffer from a wide range of medical problems, including but not limited to damage to his nostrils, digestive tract, kidney, and prostate.

8. On October 11, 2008, I met with Petitioner, together with my colleague Hanna Madbak and an Arabic interpreter. The meeting lasted approximately three hours.

9. During the meeting, Petitioner complained of ongoing health problems attributable to the forced feeding that are causing him severe pain. He also reported that since our last visit, he had been subjected to further mistreatment by the guards, including being beaten by the Extreme Reaction Force ("ERF"). On one recent occasion, Petitioner's back was severely injured.

10. There have been some indications that Petitioner's hunger strike and the abuse he has sustained have had an impact on his mental state. Petitioner has appeared dazed and expressed difficulty remembering details, saying he needed more time to collect his thoughts. In addition, Petitioner has reported being on painkillers.

11. In the last meeting, Petitioner stated that he was not in a position to provide the requested formal authorization to counsel. He expressed mistrust of a system that has allowed him to be mistreated, but indicated that he would continue considering our request.

12. Given this background, and counsel's recent and limited interaction with Petitioner, it has been very difficult to establish the necessary degree of confidence and trust that would make him amenable to providing an authorization in the form required by this Court's July 29, 2008 Order.

13. We believe an additional visit is necessary in order to determine whether Petitioner would like to be represented by counsel in these proceedings. In an effort to comply with the

Court's Order, my colleague, James Hosking, is requesting permission to travel to Guantanamo in the week beginning November 10, 2008 in order to meet with Petitioner to request the specified authorization.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 29, 2008

Siham Nurhussein, Esq.

**CLIFFORD CHANCE US LLP**

3rd Floor, Exchange Building

Dubai International Financial Centre (DIFC)

PO Box 9380

Dubai, UAE

Phone: (971) 4 362 0668

Fax: (971) 4 362 0445

Siham.Nurhussein@CliffordChance.com

# Exhibit 1

# AUTHORIZATION

I am **Nasser Ali Abdullah Baodah**, and a citizen of **Yemen**.
I have had the concept of "Next Friend" explained to me in my native language. I wish to act as Next Friend for **Tariq Ali Abdullah Baodah** who is my **Brother** and is being held at Guantanamo Bay. He is a citizen of **Yemen**.

I hereby authorize:

Tina Monshipour Foster (and the Center for Constitutional Rights),

Julia Symon (and the law firm of Clifford Chance US LLP),

_____; and

any person assigned by these lawyers,

to act on my behalf and on my relative's behalf, to secure any documentation and information concerning my relative that are necessary for his defense and to seek whatever redress they believe to be in his best interests in the courts of the United States and in any other legal forum available. I am sure that my relative would want me to assert these rights.

Dated: **26** day of **January**, 2006

Print Name: **Nasser Ali Abdullah Baodah**

Witnessed: _____

Print Name of Witness: **Mohammed Alwjeeh**