UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br>Civil Action No. 05-CV-02104 (RBW) |

**RESPONDENTS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO AMEND FACTUAL RETURN**

I.  **INTRODUCTION**

Respondents hereby reply to Petitioner's October 20, 2008 opposition to the Government's motion for leave to file an amended factual return for Othman Ali Mohammed al Shamrany, ISN 171 ("Opposition"). As explained more fully in Respondents' September 26, 2008 motion, the public interest favors the amendment so the Court can assess the Government's most up-to-date and reliable case for Petitioner's present detention as an enemy combatant.

II. **THE CSRT WAS NOT THE GOVERNMENT'S FINAL DETERMINATION OF PETITIONER'S STATUS AS AN ENEMY COMBATANT**

The Opposition seeks to limit the Court to review of the record compiled in Petitioner's October 28, 2004 Combatant Status Review Tribunal ("CSRT") proceeding. That record was compiled four years ago in a different legal context. Contrary to Petitioner's incredible claim that the relevant legal landscape has not changed since 2004, Opposition at 4-5, the reality is that,

1

since then, there have been substantial developments in the applicable law, including the Supreme Court's decision in *Boumediene v. Bush*, 128 S.Ct. 2229 (2008). Petitioner errs in arguing, Opposition at 5, that *Boumediene* authorized challenges to CSRT determinations through habeas petitions. Rather, the Supreme Court there made clear -- for the first time -- that this Court has jurisdiction to determine the current legality of Petitioner's detention.

The Opposition at 1-2 errs in suggesting that the CSRT constituted the Government's final determination that Petitioner is an enemy combatant. The CSRT established the basis for the Government's detention of him as an enemy combatant in 2004, according to administrative regulations promulgated by the Department of Defense. If, as Petitioner suggests, this determination was "final," the Government would not have the ability to order his release should it conclude that circumstances have changed or new evidence located. Clearly that makes no sense. Indeed, Administrative Review Boards review CSRT determinations and, where appropriate, authorize the transfer or release of detainees if suitable arrangements can be worked out with foreign sovereigns.

Contrary to petitioner's claim, Opposition at 6, the proposed amendment would not deprive Petitioner of effective and speedy habeas relief. The Government did not delay. Rather, it filed the motion to amend approximately three months after the Supreme Court's decision in *Boumediene*. That case made clear for the first time that these cases will not be limited to a quasi-appellate review of the CSRT record. The Government promptly met its obligations pursuant to that decision. The Court must now decide whether there are sufficient grounds now

for the Government to continue to hold Petitioner as an enemy combatant. *Boumediene v. Bush*, 128 S.Ct. at 2247. Its focus must be on the present -- not the past.

It is also inappropriate for Petitioner to fault the Government, Opposition at 2, for taking a consistent position in all the Guantanamo habeas cases. The Government's position that the Court should review all these habeas petitions on the basis of the best available evidence makes sense. In *Boumediene*, 128 S.Ct. at 2275, the Supreme Court distinguished between habeas corpus review and the CSRT process. Indeed, contrary to Petitioner's argument, it is the United States Court of Appeals, not this Court, that reviews CSRT records pursuant to the Detainee Treatment Act of 2005, Pub. L. No. 109-148, a process that *Boumediene*, 128 S.Ct. at 2275, left intact. As we explained more fully in our motion to amend, the Supreme Court directed this Court to consider evidence submitted by petitioners beyond the CSRT record. *Id.* at 2267-74; *see* Motion to Amend at 4. Fundamental fairness requires that the Government have the same opportunity.

This Court must now decide whether Petitioner is lawfully detained as an enemy combatant, an inquiry that is forward -- not backward -- looking. The Government must have an opportunity to present the most appropriate case for detention and not be restricted to the record of a different proceeding, which was prepared for a different purpose and at a different time against a different legal environment. The relief Petitioner seeks would preclude the Court from considering any wartime intelligence developed by the United States since the conclusion of the CSRT proceeding. Even more significantly, it would risk the erroneous release of an enemy

3

combatant, and thus, his return to battle to wage further war against American soldiers and civilians. Accordingly, there is good cause for an amendment.

## III. THERE IS GOOD CAUSE FOR THE PROPOSED AMENDMENT

Petitioner faults the Government's motion for failing to address his specific CSRT record and explain why particular items in the amended return could not have been included in the CSRT record. *Id.* at 3. As explained above, there was no need to make such a showing because this case is not about the CSRT record. Rather, its focus is on the Petitioner's lawful detention.

 The Court should have access to this more current evidence in determining whether the United States may detain Petitioner as an enemy combatant.

Finally, there is no reason to deny the motion because, as the Petitioner asserts, the Government has not yet produced an unclassified return. Opposition at 6-7. The Government will file an unclassified return, as it has done in other cases, as soon as practicable and according to a plan that the Government intends to present to the Court. The Government has prioritized the filing of returns, so that all detainees can obtain speedy access to the Court, as *Boumediene*

requires.

IV. **CONCLUSION**

For the foregoing reasons, and those stated in Respondents' motion for leave to file amended factual returns, Respondents' motion should be granted.

Dated: October 30, 2008

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

/s/ Arlene Pianko Groner
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
PAUL AHERN
ARLENE PIANKO GRONER (D.C. Bar No. 271361)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: 202-305-4193
Fax: 202-305-2685

Attorneys for Respondents

5