## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE : | : | |
|    GUANTÁNAMO BAY | : | Misc. No. 08-442 (TFH) |
|    DETAINEE LITIGATION | : | |
| _____ | : | |
| | : | |
| YOUNOUS CHEKKOURI, et al., | : | |
|    Petitioners/Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 05-CV-0329 (PLF) |
| | : | |
| GEORGE W. BUSH, et al., | : | |
|    Respondents/Defendants. | : | |
| _____ | : | |

### PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS' "MOTION TO DISMISS IMPROPER RESPONDENTS"

Petitioner Younous Chekkouri submits this Memorandum of Law in Opposition to

Respondents' "Motion to Dismiss Improper Respondents" as to the habeas claims in the

Petitions. Petitioner believes that all named Respondents herein are proper respondents.

### I.    The President Is A Proper Respondent

The President "is subject to judicial process in appropriate circumstances." *Clinton v.*

*Jones*, 520 U.S. 681, 703 (1997). In *Jones*, the Court reviewed multiple cases in which sitting

presidents were compelled to comply with court orders. *Id.* at 705. President Nixon produced

tapes in response to a subpoena. *Id.* (citing *United States v. Nixon*, 418 U.S. 683, 715 (1974)).

President Ford complied with an order to give a deposition in a criminal trial. *Id.* (citing *United*

*States v. Fromme*, 405 F.Supp. 578 (E.D. Cal 1975)). President Clinton gave videotaped

Dockets.Justia.com

testimony in criminal proceedings. *Id.* (citing *United States v. McDougal*, 934 F.Supp. 296 (E.D. Ark. 1996); *United States v. Branscum*, No. LRP-CR-96-49 (E.D. Ark., June 7, 1996)). The Supreme Court explained in *Jones* that such orders have a long history:

> Although Thomas Jefferson apparently thought otherwise, Chief Justice Marshall, when presiding in the treason trial of Aaron Burr, ruled that a subpoena duces tecum could be directed to the President. *United States v. Burr*, 25 F. Cas. 30 (No. 14,692d) (C.C. Va. 1807). We unequivocally and emphatically endorsed Marshall's position when we held that President Nixon was obligated to comply with a subpoena commanding him to produce certain tape recordings of his conversations with his aides.

520 U.S. at 703–04 (footnote omitted). The Court noted that "[s]itting Presidents have responded to court orders to provide testimony and other information with sufficient frequency that such interactions between the Judicial and Executive Branches can scarcely be thought a novelty." *Jones*, 520 U.S. at 704; *see also id.* at 705 ("In sum, [i]t is settled law that the separation-of-powers doctrine does not bar every exercise of jurisdiction over the President of the United States.'" (brackets in original) (citation omitted)).

Also, there are numerous cases in which a sitting President has been a defendant or respondent, and courts have dealt with those situations without indicating that the President was not a proper defendant or respondent. *See Rasul v. Bush*, 542 U.S. 466 (2004), and *Boumediene v. Bush*, 128 S. Ct. 2229 (2008). *See also Clinton v. City of New York*, 524 U.S. 417 (1998); *Belbacha v. Bush*, 520 F.3d 452 (D.C. Cir. 2008); *Chem-Nuclear Systems v. Bush*, 292 F.3d 254 (D.D.C. 2002).

Respondents do not cite or distinguish the above authorities, but instead rely upon an 1867 case for the proposition that courts have "no jurisdiction . . . to enjoin the President in the performance of his official duties." (Resp.'s Motion at 3 (quoting *Mississippi v. Johnson*, 71

U.S. (4 Wall.) 475, 498–99 (1867))). But the Court of Appeals for the District of Columbia

Circuit twice has interpreted *Mississippi v. Johnson* much more narrowly than Respondents

would argue. In *National Treasury Employees Union v. Nixon*, 492 F.2d 587, 614 (D.C. Cir.

1974), the Court observed that *Mississippi v. Johnson* explained that the case presented a

nonjusticiable political question, not an improper defendant. The *National Treasury* court held

that *Mississippi v. Johnson* did not bar a court from issuing a writ of mandamus to the President

to effect a federal employee pay raise (although the Court did not formally issue the writ). In

*Nixon v. Sirica*, 487 F.2d 700 (D.C. Cir. 1973), the Court read *Mississippi v. Johnson* to mean

only that the President could not be enjoined to "coerce a discretionary, as opposed to

ministerial, act of the Executive." *Id.* at 712 n.53. Petitioner does not believe his release is

discretionary.

Nor does *Franklin v. Massachusetts*, 505 U.S. 788 (1992) support Respondents' position.

In that case, the Court merely questioned the judiciary's authority to issue an injunction against

the President, without deciding the issue. *See id.* at 802–03 (opinion of O'Connor, J.).

Respondents rely on dicta in Justice Scalia's concurrence, in which no other Justice joined. That

certainly is not controlling authority.

In fact, no authority Respondents cite bars Petitioner from naming the President as a

proper respondent. The Supreme Court, in *Rumsfeld v. Padilla,* 542 U.S. 426 (2004), left open

the issue of whether individuals higher up on the chain of command are proper respondents when

the Petitioner is an alien, as is the case with Petitioner. *See id.* at 436 n. 8 (citing *Ahrens v.*

*Clark*, 335 U.S. 188 (1948)).

*Al- Marri v. Rumsfeld*, 360 F.3d 707 (7th Cir. 2004), a case also cited by Respondents, was decided before Supreme Court's decisions in *Boumediene* and *Rasul,* and it may not be viable now. In *al-Marri*, the Seventh Circuit ruled that only the immediate custodians were proper respondents, "rather than the Director of the Bureau of Prisons, the Secretary of the Navy, the Chairman of the Joint Chiefs of Staff, the Attorney General, *the Secretary of Defense, or the President.*" 360 F.3d at 708–09 (emphasis added). If the Secretary of Defense is a proper respondent here, as Respondents argue, then the President is a proper respondent under *al-Marri.*

The President is also a proper respondent here because Petitioner is being held pursuant to the exercise of the President's executive power. Respondents repeatedly have claimed that the authority to detain those deemed enemy combatants at Guantánamo Bay arises from the President's Article II powers, and the President's authority to use all necessary and appropriate force under the Authorization for Use of Military Force, Pub. L. No. 107-40, 115 Stat. 224 (2001). *See Hamdi v. Rumsfeld*, 542 U.S. 507, 517–18 (2004) (plurality opinion); *Padilla*, 542 U.S. at 431 (2004). If Petitioner is held under the President's inherent power, then the President is a proper respondent.

If the highest executive is dismissed, then the government may try to evade this Court's authority by transferring the Petitioner from the custody of the Department of Defense (DoD) to that of the Central Intelligence Agency (CIA), the Department of Justice (DoJ), or other agencies unknown to Petitioners, as the executive has done in the past.[1] The Government argues that it

---

[1]    A number of detainees were previously transferred from CIA custody to DoD and are currently detained at Guantánamo. At least one GTMO detainee suspect was transferred from the DoJ to DoD. *See al-Marri v. Pucciarelli*, 534 F.3d 213 (4th Cir. 2008) (en banc) (noting the Government's dismissal of an indictment during criminal proceedings against defendant and an order signed by the President transferring the defendant to

has unfettered discretion to transfer detainees from Defense Department control. *See, e.g.,* Government's Brief Regarding Procedural Framework Issues at 43–46 (*Boumediene v. Bush*, No. 04-cv-1166 (RJL) (D.D.C. Aug. 12, 2008) (Dkt. No. 58). In light of these risks, only by including the President as a respondent can Petitioner keep jurisdiction over a respondent with ultimate authority.

## II.  Petitioners' Custodians Are Proper Respondents

Respondents take the position that Petitioner's immediate custodians at Guantánamo Bay (the Commanders of Joint Task Force—GTMO and the Commander of the Joint Detention Operations Group of the Joint Task Force—GTMO) are not proper respondents on the habeas claims. This is contrary to the holding of the Supreme Court in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), that the federal habeas statute "contemplate[s] a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party . . . that he may be liberated." *Id.* at 435 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885) (emphasis added by *Padilla*)). Under *Padilla*, Petitioners must, at minimum, name their immediate physical custodians or risk dismissal of their habeas claims.

Respondents argue, under footnote 9 in *Padilla,* that where "a petitioner is held abroad in a military context," the proper respondent is a "supervisory official of that custodian." (Resp.'s Mot. at 4.) This misconstrues footnote 9, which states that, "[w]e have long implicitly recognized an exception to the immediate custodian rule in the military context where an

---

military custody). And at least one other detainee, Jose Padilla, after several years in military confinement, was transferred the other way, from DoD confinement to confinement under the DoJ. *Padilla v. Hanft,* 432 F.2d 582 (4th Cir. 2005), *rev'd* 546 U.S. 1084 (2006).

American citizen is detained outside the territorial jurisdiction of any district court." *Padilla*,

542 U.S. at 436 n.9 (citing, *inter alia, Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S.

484, 498 (1973)). [2] In *Braden* the Court held that, "[W]here American citizens confined overseas

(and thus outside the territory of any district court) have sought relief in habeas corpus, we have

held, if only implicitly, that the petitioners' absence from the district court does not present a

jurisdictional obstacle to the consideration of the claim."

Thus, it is clear that the purpose of the exception in footnote 9 of *Padilla* is to remove

obstacles to a habeas petition in those circumstances in which the immediate custodians cannot

be named as respondents because they are outside of the jurisdiction of U.S. courts. There is

nothing in that footnote, or elsewhere in *Padilla*, that forecloses the immediate custodians from

being respondents.

Moreover, the circumstances set forth in footnote 9 of *Padilla* do not apply here because

Petitioner is detained within this Court's territorial jurisdiction at Guantánamo Bay, which the

Supreme Court described as "in every practical sense . . . not abroad; it is within the constant

jurisdiction of the United States." *Boumediene v. Bush*, 128 S. Ct. 2229, 2261 (2008); *accord*

*Rasul v. Bush*, 542 U.S. 466, 480 (2004) (concluding that the Naval Base at Guantánamo Bay

was not an "extraterritorial" location, and therefore subject matter jurisdiction over aliens

detained there could be exercise). For these reasons, the exception to the immediate custodian

rule does not bar the naming of Petitioner's immediate custodians as respondents.

---

[2]    The Supreme Court also cited for this proposition two cases in which the Secretary of
Defense or Secretary of the Air Force were held to be proper respondents for the habeas
petitions of convicts detained in foreign countries. See United States ex rel. Toth v.
Quarles, 350 U.S. 11 (1955); Burns v. Wilson, 346 U.S. 137 (1953).

**III. Respondents Have Not Objected To Being Named As Respondents For Years, And Are Estopped From Doing So Now**

Petitioner's case was filed in February, 2005. In the years that have since passed, none of the Respondents have objected to being named as respondents on any claims until now. Respondents have failed to address why they did not make a motion previously if there was any reason to believe that any of them were named improperly.

**IV. Conclusion**

Petitioner requests that Respondents' motion be denied.

Dated: October 30, 2008

Respectfully submitted,

By:

/s/ Jan K. Kitchel
*Pro Hac Vice*
Schwabe, Williamson & Wyatt
1211 SW 5th AVENUE, #1500-2000
Portland, OR 97204
Telephone – 503.796.2939
Facsimile – 503.796.2900

George Brent Mickum IV, Bar No. 396142
KELLER AND HECKMAN, LLP
1001 "G" Street, NW., Suite 500 W
Washington, D.C. 20001
(202) 434-4100/(202) 434-4646 (fax)
Mickum@KHLAW.Com

Attorneys for Plaintiffs-Petitioners

# CERTIFICATE OF SERVICE

I certify that on October 30, 2008, I caused the foregoing Petitioner's Memorandum of

Law in Opposition to Respondents' "Motion to Dismiss Improper Respondents" to be served on

the following attorneys via electronic filing:


SCOTT M. MARCONDA
U.S. Department of Justice
Civil Division
Federal Programs Branch
Room 5130
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
202-305-8900
Scott.Marconda@usdoj.gov


Brian David Boyle
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Room 4633
Washington, DC  20530-0001
(202) 3305-1434
202-514-0238 (fax)
brian.d.boyle@usdoj.gov


Terry Marcus Henry
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC  20044
(202) 514-4107
(202) 616-8470 (fax)
terry.henry@usdoj.gov


Robert J. Katerberg
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS
20 Massachusetts Avenue, NW
Washington, DC  20530

(202) 616-8298
(202) 616-8460 (fax)
robert.katerberg@usdoj.gov

Robert D. Okun
UNITED STATES ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
Room 10-435
Washington, DC 20530
(202) 514-7282
(202) 514-8784 (fax)
robert.okun@usdoj.gov

Judry Laeb Subar
U.S. DEPARTMENT OF JUSTICE
P.O. Box 833
Suite 7342
Washington, DC 20044-0833
(202) 514-3969
judry.subar@usdoj.gov

Andrew I. Warden
U.S. DEPARTMENT OF JUSTICE,
CIVIL DIVISION, FEDERAL PROGRAMS
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 616-5084
(202) 616-8460 (fax)
andrew.warden@usdoj.gov


/s/ Jan K. Kitchel