IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 08-1628 (PLF) |

## STATUS REPORT

Pursuant to this Court's October 15, 2008 Minute Order, undersigned pro bono counsel for Petitioner Mustafa Ahmed Hamlily state the following status of this case:

1. Hamlily is an Algerian citizen who was swept up by mistake in the larger war on terror when, in May 2002, American and Pakistani forces seized him from his home in Peshawar, Pakistan, where he had lived with his wife and five children for nearly 15 years. Hamlily has never been a member or supporter of the Taliban or Al Qaeda, nor has he had any involvement with other terrorist groups. Hamlily's six-year detention at Guantánamo was thus unlawful and the determination by a Combatant Status Review Tribunal ("CSRT") that Hamlily is an "enemy combatant" is mistaken.

2. On May 3, 2008 Hamlily filed in the United States Court of Appeals for the District of Columbia Circuit a petition for immediate release pursuant to the Detainee Treatment Act ("DTA") and, in the alternative, for a writ of habeas corpus.

3. Hamlily directly authorized this action in a statement he signed on June 18, 2007 stating "I, Hamlili Mostapha ISN 705, authorize this filing on my behalf and grant the counsel listed above access to the record of my Combatant Status Review Tribunal Case." Hamlily's authorization is attached as Exhibit A to this status report.

4. On or around July 2, 2008, Hamlily was transferred to the custody of the Algerian government.

5. On July 3, 2008, Respondents moved to dismiss Hamlily's DTA petition for want of jurisdiction. Hamlily agreed to the dismissal of his DTA petition but because of ongoing collateral consequences that he faces in Algeria as a result of the US government's wrongful designation of him as an enemy combatant, Hamlily requested on August 4, 2008 that his alternative habeas petition be transferred to the district court for adjudication of his claims.

6. On September 18, 2008 the Court of Appeals issued an order dismissing the DTA petition without prejudice and ordering that Hamlily's alternative habeas petition be transferred to this Court.

7. This Court has continuing jurisdiction over Hamlily's habeas petition because Hamlily suffers collateral consequences of his designation by Respondents as an "enemy combatant" and his unlawful detention at Guantánamo Bay, and it is well settled that a habeas petition remains justiciable notwithstanding the release of the petitioner if the conviction or detention being challenged may result in "collateral consequences" that outlast the petitioner's confinement.

8. The erroneous "enemy combatant" designation continues to curtail Hamlily's freedom upon his transfer by Respondents to Algeria: Immediately after his transfer, Hamlily was held incommunicado for 12 days without access to his U.S. or Algerian counsel. Hamlily has been charged with violating Article 87 section 6 of the Algerian Penal Code, which criminalizes membership in a foreign terrorist organization and carries a sentence of up to 20-years imprisonment. He is subject to an ongoing investigation, which could stretch to 44 months, during which time Hamlily suffers restrictions on his freedom of movement and is required to present himself to local authorities weekly. He cannot travel to Pakistan to see his wife and children. He is subject to re-detention at any time. On information and belief, these charges and investigation are a direct result of the CSRT's mistaken finding that Hamlily was an "enemy combatant" and of his unlawful detention at Guantánamo.

9. Hamlily does not consent to re-docketing this case as *In Re: Petitioners Seeking Habeas Corpus Relief in Relation to Prior Detentions At Guantánamo Bay*, Misc. No. 08-0444 (TFH).

Dated: October 30, 2008
      New York, New York   Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP
By: s/ Jonathan I. Blackman
       Jonathan I. Blackman
       Christopher P. Moore
       Tanisha L. Massie
       Melissa J. Durkee
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

CENTER FOR CONSTITUTIONAL RIGHTS
Shayana Kadidal (DC 454248)
666 Broadway, 7th Floor
New York, New York 10012
Telephone: (212) 614-6438
Facsimile: (212) 614-6499

Attorneys for Petitioner