IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>**GUANTANAMO BAY DETAINEE LITIGATION**<br><br>**SAMIR LAST NAME UNKNOWN,** a/k/a **MOHAMMED NOOR UTHMAN,**<br><br>PETITIONER,<br><br>v.<br><br>**GEORGE W. BUSH,** *et al.*,<br><br>RESPONDENTS. | MISC. NO. 08-0442 (TFH)<br><br><br><br>CIV. NO. 05-2386 (RBW) |

### PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION TO DISMISS IMPROPER RESPONDENTS

#### I.  INTRODUCTION

Petitioner Samir Last Name Unknown, a/k/a Mohammed Noor Uthman, ISN 707, ("Mr. Uthman" or "petitioner") opposes the Government's Motion to Dismiss Improper Respondents, filed with only one business day's advance notice, on October 14, 2008. Respondents' Motion to Dismiss Improper Respondents calls into question the Government's position that they have been putting effort into expeditiously preparing for the adjudication of Mr. Uthman's habeas petition per the Supreme Court ruling in *Boumediene v. Bush*, and why they have not brought this motion any time in the

preceding three years. The Government's Motion to Dismiss Improper Respondents should be denied.

## II. FACTUAL BACKGROUND

Mr. Uthman has been detained by the Department of Defense ("DoD") at the United States Naval Base, Guantanamo Bay, Cuba ("GTMO") since March 2002. From March 2002 to present, President George W. Bush, former Secretary of Defense Donald Rumsfeld, and Secretary of Defense Robert M. Gates have imprisoned Mr. Uthman as a result of their War on Terror. Mr. Uthman's immediate jailors during this time period include Army Brigadier General Jay Hood and Army Colonel Mike Bumgarner. Mr. Uthman filed a Petition For A Writ Of Habeas Corpus before this Court on December 21, 2005.

In June 2008, the Supreme Court ordered this Court to adjudicate habeas petitions for petitioners imprisoned at GTMO, post-haste. *Boumediene v. Bush,* 128 S.Ct. 2229 (2008). Since *Boumediene*, Mr. Uthman has not had a hearing regarding his habeas petition. He has not received a factual return from the Government. He has not had a status conference in front of the District Court Judge, the Honorable Reggie B. Walton, assigned to adjudicate his habeas petition. He has not received any discovery from the government related to his habeas petition. He has not had a hearing date set for the adjudication of his habeas petition.

During this time, the Government has stated that they are understaffed and overworked. They have also taken the position that it is their intention to honor the mandate of the Supreme Court and enable the adjudication of Mr. Uthman's habeas petition as soon as possible. On October 14, 2008, nearly three years after petitioner filed his Petition For A Writ Of Habeas Corpus, and without producing any of the discovery called for by this Court in response to *Boumediene*, respondents filed a Motion to

Dismiss Improper Respondents from petitioner's Petition For A Writ Of Habeas Corpus.

### III. ARGUMENT

**A. President George W. Bush Is A Proper Respondent.**

President George W. Bush is not immune from the reach of this Court. Sitting Presidents, past and present, have been reached by the courts. President George W. Bush must be named a respondent to enable Mr. Uthman to pursue all of his equitable remedies and to prevent the Government from hiding Mr. Uthman from judicial reach by transferring him from one governmental agency to another. Respondents' arguments for dismissing the President from this action are based on overruled or misapplied law.

**1. A President May Be Reached By The Court.**

The President "is subject to judicial process in appropriate circumstances." *Clinton v. Jones*, 520 U.S. 681, 703 (1997). President Nixon was compelled to comply with a subpoena. *United States v. Nixon*, 418 U.S. 683, 715 (1974). President Ford was compelled to give a deposition. *United States v. Fromme*, 405 F.Supp. 578, 583 (E.D. Cal. 1975). President Clinton gave videotaped testimony in a criminal proceeding. *United States v. McDougal*, 934 F.Supp. 296 (E.D.Ark. 1996).

> Compelling the President to participate in the judicial process has a long history:
>
> Although Thomas Jefferson apparently thought otherwise, Chief Justice Marshall, when presiding in the treason trial of Aaron Burr, ruled that a subpoena duces tecum could be directed to the President. *United States v. Burr*, 25 F. Cas. 30 (No. 14,692d) (C.C.Va. 1807). We unequivocally and emphatically endorsed Marhsall's position when we held that President Nixon was obligated to comply with a subpoena commanding him to produce certain tape recordings of his conversations with his aides. *Clinton v. Jones*, 520 U.S. 681, 703-04 (1997) (footnote omitted).

The separation of powers doctrine does not bar every exercise of jurisdiction over the President of the United States. *Id*., at 705. And President George W. Bush must not be excused from the jurisdiction of this Court in the present instance. The President is,

3

and at all times has been, the commander in chief of the United States Military during the War on Terror and imprisonment of suspected enemy combatants at GTMO. Indeed, the Government claims that its authority to detain Mr. Uthman derives from the President's Article II powers and the power delegated to the President to "use all necessary and appropriate force" under the Authorization for Use of Military Force, 115 Stat. 224 (2001). As recently as October 20, 2008, in the face of tremendous political opposition even from within his own party and the military he commands, the President ordered that prison facilities at GTMO remain open and operational. *See*, http://www.nytimes.com/2008/10/21/washington/21gitmo.html.

    **2.**    **Sitting Presidents Are Not Excluded.**

It is not uncommon for a sitting President to serve as a defendant or respondent in a legal action. *See*, *National Treasury Employees Union v. Nixon*, 492 F.2d 587, 614 (D.C. Cir. 1974); Rasul *v. Bush*, 542 U.S. 466 (2004); *Boumediene v. Bush*, 128 S.Ct. 2229 (2008); *Belbacha v. Bush*, 520 F.3d 452 (D.C. Cir. 2008); *Chemical Nuclear Systems v. Bush*, 292 F.3d 254 (D.D.C. 2002); *See also*, *Clinton v. City of New York*, 524 U.S. 417 (1998).

    **3.**    **Equity Calls For Naming President George W. Bush A Respondent.**

The habeas remedy is equitable in nature. 28 U.S.C. § 2243; *Schlup v. Delo*, 513 U.S. 298, 319 (1995) ("habeas corpus is, at its core, an equitable remedy"). Dismissing the President from this action would inappropriately limit Mr. Uthman's equitable remedies.

    **4.**    **Without President George W. Bush As A Respondent, The Government Can Hide Mr. Uthman From Judicial Reach.**

If the President is dismissed, the Government can evade this Court's authority by transferring Mr. Uthman from the custody of the DoD to an alternative government

agency, such as the Central Intelligence Agency ("CIA") or Department of Justice ("DoJ"). Such actions have not been uncommon in the War on Terror. Many of the detainees currently detained at GTMO had previously been in CIA custody in the United States and abroad. At least one suspect was transferred from the DoJ to the DoD. *See*, *Al-Marri v. Pucciarelli*, 534 F.3d 213, 219 (4th Cir., 2008) (en banc). Another was transferred from the DoD to the DoJ. *See*, *Padilla v. Hanft*, 432 F.3d 582 (4th Cir. 2005). The Government even takes the position that it has unfettered discretion to transfer detainees from DoD control. *See*, Government's Brief Regarding Procedural Framework Issues at pp. 43-46. Inter-agency transfer is a tactic the Government may employ to avoid answering for Mr. Uthman's detention. Unless the President remains accountable, the Government can play a game of hide and seek by categorically changing Mr. Uthman's captor from one government agency to another.

### 5. The Law Respondents Rely On Does Not Make Their Case.

In seeking to dismiss the President as a respondent, the Government relies chiefly on an 1867 case for the proposition that courts have "no jurisdiction…to enjoin the President in the performance of his official duties." *See*, Respondents' Motion to Dismiss Improper Respondents, p. 3. (quoting, *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 18 L.Ed. 437 (1867)); *See, Contra, Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952) (finding that the courts can order the President to cease acting in a way that exceeds his constitutional authority). Far from supporting the government's argument, *Mississippi v. Johnson* – in which the state of Mississippi attempted to enjoin the entire post-war Reconstruction program – merely states the familiar doctrine that courts do not adjudicate political questions. *See*, *e.g., National Treasury Employees Union v. Nixon*, 492 F.2d 587, 614 (D.C. Cir. 1974) (holding that *Mississippi v. Johnson* did not bar a court form issuing a writ of mandamus to the President to effectuate a pay

raise owed to certain federal employees)[1]

Finally, respondents' reliance on *Al-Marri v. Rumsfeld* is misplaced. *See*, *Al-Marri v. Rumsfeld*, 360 F.3d 707, 708 (7th Cir. 2004). First, this opinion was issued prior to the Supreme Court's decisions in *Rasul* and *Boumediene*. Second, the suit was merely an application of the rule requiring suit to be brought at the place of confinement, and President George W. Bush was dismissed only because naming him would not have got around the geographical limits of the court's authority. *Id*. Lastly, that opinion rules that only the immediate custodians were proper respondents, rather than "the Director of the Bureau of Prisons, the Secretary of the Navy, the Chairman of the Joint Chiefs of Staff, the Attorney General, the *Secretary of Defense*, or the President." *Id*. at 708-09 [emphasis added]. Respondents cannot have it and have it, relying on *Al-Marri* for the proposition that the President must be dismissed from this suit even as *Al-Marri* belies the fundamental proposition of respondents' Motion to Dismiss Improper Respondents, which is that the Secretary of Defense is the only proper respondent.

**B.    Petitioner Concedes That Secretary Of Defense Robert M. Gates Is A Proper Respondent.**

While Secretary of Defense Robert M. Gates was not originally named as a respondent in petitioner's Petition For A Writ of Habeas Corpus, petitioner agrees that Secretary Gates is "a proper respondent and within this Court's jurisdiction." *See*, Respondents' Motion to Dismiss Improper Respondents, p. 5. Accordingly, petitioner agrees with respondents that Secretary of Defense Robert M. Gates is a proper respondent and consent to considering him as such for the duration of this litigation. Petitioner does not, however, agree that former Secretary of Defense Donald Rumsfeld should be

---

[1]    The other case cited by the Government for this proposition, *Franklin v. Massachusetts*, 505 U.S. 788 (1992), merely questioned the judiciary's authority to issue an injunction against the President, without deciding the question. *See id.* at 802-803.

6

dismissed from this action. As the "proper respondent within the Court's jurisdiction" during Mr. Uthman's capture and first five years of imprisonment, former Secretary of Defense Rumsfeld serves an integral role in Mr. Uthman's petition for relief from unlawful detention. *See*, Respondents' Motion to Dismiss Improper Respondents, p. 5.

C.  **Commanding Officers At The Detention Facility at GTMO Are Proper Respondents.**

The federal habeas statue provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the party detained."). These provisions form the basis for the "immediate custodian" rule, as they "contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (emphasis in original) (quoting, *Walse v. Whitney*, 114 U.S. 564, 574 (1885)). Accordingly, petitioner's counsel named as respondents Army Colonel Mike Bumgarner, the Commander of the Joint Detention Group at GTMO, and Army Brigadier General Jay Hood, the Commanding General of Joint Task Force - GTMO at the time of Mr. Uthman's capture and his first years of imprisonment at GTMO.

1.  **Mr. Uthman's "Immediate Custodians" Are At GTMO.**

The Government argues that the Secretary of Defense is the sole "legal guardian," but cites no dispositive caselaw to that effect. *See*, Respondents' Motion to Dismiss Improper Respondents, p. 5-6. The Government cites *Al-Mari*, a case that held, "for an inmate of a brig, jail, or prison the 'custodian' is the person in charge of that institution," which "in the federal system,…means the warden (or Commander) rather

than…the Secretary of Defense." *Al-Marri v. Rumsfeld*, 360 F.3d at 708-09 (7th Cir. 2004). The leadership military personnel on the ground floor at the prison camps in GTMO, not an official almost 1200 miles away in Washington D.C., fits the *Al-Marri* standard.

### 2. GTMO Is Not Precluded From The "Immediate Custodian" Rule.

The Government also cites a footnote in *Padilla*, which states that there is an "exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court." *Rumsfeld v. Padilla*, 542 U.S. 426, 436, n.9 (2004). That exception is inapplicable because GTMO is not outside the territorial jurisdiction of this Court. *See, Boumediene v. Bush*, 128 S.Ct. 2229, 2261 (2008) ("In every practical sense Guantanamo is not abroad; it is within the constant jurisdiction of the United States."); *See also, Rasul v. Bush*, 542 U.S. 466, 480 (2004). While the Government's position on this issue may have been tenable at the beginning of the War on Terror, the Supreme Court has since spoken and the cited exception to the immediate custodian rule does not apply.

### 3. The Detainee Treatment Act Is Not Applicable To Habeas Litigation.

The Government also makes a strained analogy to the Detainee Treatment Act ("DTA"). As was made clear in *Boumediene*, the Combatant Status Review Tribunal ("CSRT") determination under the DTA is a different procedure from habeas corpus, and reliance on procedures under the DTA are inapposite for the purpose of habeas corpus analysis. *See*, *Boumediene v. Bush*, 128 S.Ct. 2229 (2008).

### 4. Mr. Uthman's "Immediate Custodians" Are His Jailors.

Mr. Uthman has the right to bring his petition against his immediate jailors. 28 U.S.C. § 2242; § 2243. Those jailors are Army Colonel Mike Bumgarner, the man

currently overseeing the operations at GTMO, and Army Brigadier General Jay Hood, the man who oversaw operations at GTMO at the time of Mr. Uthman's capture and his first years of imprisonment at GTMO. Locked up for more than six years, Mr. Uthman's proper redress is to bring his petition against the persons capable of immediately releasing him from his prison cell.

**D.     Respondents Are Estopped From Moving To Dismiss.**

Mr. Uthman's case was filed in December of 2005 and in the years that have since passed, none of the respondents have objected to being named as a respondent until now. Equitable estoppel must apply and respondents must be precluded from dismissing any individual respondent since they have not moved to do so in the preceding three years.

## IV.     CONCLUSION

Petitioner concedes respondents' position that Secretary of Defense Robert M. Gates is a proper respondent, as are President George W. Bush, former Secretary of Defense Donald Rumsfeld, Army Brigadier General Jay Hood, and Army Colonel Mike Bumgarner. Further, respondents: (a) waited nearly three years before filing this motion, and (b) contend to have neither the time nor manpower to timely comply with Court orders to move this habeas petition forward by producing discovery. The three year delay calls into question the importance of this Motion to Dismiss Improper Respondents while the time and work associated with the filing of the motion calls into question the legitimacy of the Government's position that they do not have the resources available to comply with the outstanding Court order designed to move Mr. Uthman's habeas petition forward. Most importantly, the Supreme Court's ruling in *Boumediene* that Mr. Uthman's Petition For A Writ Of Habeas Corpus must be acted upon post-haste must be followed.

Dated: October 30, 2008
San Francisco, California

Respectfully submitted,


By: /s/ James A. Nickovich

James A. Nickovich [See LCvR 83.2(g)]
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, California 94111-4131
Tel: (415) 344-7084
Fax: (415) 344-7284

Howard Ross Cabot [See LCvR 83.2(g)]
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Tel: (602) 351-8235
Fax: (602) 648-7135

Attorneys for Petitioner
Samir Last Name Unknown
a/k/a Mohammed Noor Uthman
ISN 707

67260-0001/LEGAL14800680.1