IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

————————————————— x
:
IN RE:  :
 :
GUANTANAMO BAY : Misc. No. 08-442 (TFH)
DETAINEE LITIGATION :
 :  Civil Action Nos.
 :
 : 04-CV-1144, 04-CV-1254, 05-CV-270, 05-CV-280,
 : 05-CV-392, 05-CV-492, 05-CV-520, 05-CV-526,
 : 05-CV-748, 05-CV-883, 05-CV-994, 05-CV-998,
 : 05-CV-1048, 05-CV-1220, 05-CV-1347, 05-CV-1353,
 : 05-CV-1429, 05-CV-1457, 05-CV-1458, 05-CV-1497,
 : 05-CV-1504, 05-CV-1505, 05-CV-1506, 05-CV-1509,
 : 05-CV-1555, 05-CV-1602, 05-CV-1607, 05-CV-1623,
 : 05-CV-1639, 05-CV-1704, 05-CV-1971, 05-CV-2088,
 : 05-CV-2185, 05-CV-2186, 05-CV-2199, 05-CV-2370,
 : 05-CV-2371, 05-CV-2379, 05-CV-2380, 05-CV-2385,
 : 05-CV-2386, 05-CV-2477, 05-CV-2479, 06-CV-1688,
 : 06-CV-1758, 06-CV-1759, 06-CV-1767, 06-CV-1684,
 : 06-CV-1690, 08-CV-987, 08-CV-1101, 08-CV-1153,
 : 08-CV-1185, 08-CV-1221, 08-CV-1227, 08-CV-1310,
 : 08-CV-1628
————————————————— x

## PETITIONERS' OPPOSITION TO GOVERNMENT'S
## MOTION TO DISMISS "IMPROPER" RESPONDENTS

Six years into this litigation, the government has moved (with one business day's advance notice[1]) to remove the President and base commanders from the captions of these cases. The

---

[1] Prior to filing the instant motion, Respondent's counsel sent an email at 2:42pm on Friday, October 10, 2008, captioned "Meet & Confer wrt 08-0442 Motion to Dismiss Improper Respondents," and requesting a response by noon on Tuesday, October 14, 2008 (following the Columbus Day holiday). Most petitioners' counsel responded by email. Rather than reply to Petitioners' counsel and "narrow the areas of disagreement" as required by Local Civil Rule 7(m), Respondents simply filed their motion to dismiss. Respondents' counsel did not "discuss the anticipated motion with opposing counsel, *either in person or by telephone*," as required by Local Civil Rule 7(m) (emphasis added), and this Court's Minute Order of October 2, 2008, which directed counsel to that Rule (*Inter alia*, such a discussion might have identified the issue

motion is both premature and untimely. It is premature because these cases still contain non-habeas claims against the named defendants. It is untimely because the government has for years neglected to seek such relief in the habeas litigation—during which time the Supreme Court has twice ruled in favor of the detainees without commenting on the fact that the President was the first named respondent in those cases. *See Boumediene v. Bush*, 128 S. Ct. 2229 (2008); *Rasul v. Bush*, 542 U.S. 466 (2008). Because the caselaw regarding "proper" respondents in extraterritorial habeas cases permits naming both the immediate custodians and supervisory officials like the President, and because non-habeas claims remain pending against all named official defendants, the government's motion should be denied in its entirety.

I. **The Government May Not Remove Officials from the Caption without First Securing Dismissal of All Claims Directed against Them**

The government's motion cannot be granted while non-habeas claims remain pending against individuals other than the Secretary of Defense. The initial pleadings in a number of the above-captioned cases were denominated as both a "petition for habeas corpus" and a "complaint for injunctive and declaratory relief" (*see, e.g.*, Petition and Complaint, Dkt. 1, *Ameziane v. Bush*, No. 05-CV-392 (ESH) (D.D.C. filed Feb. 24, 2005)).[2] All or nearly all of the cases include claims for equitable relief under the Alien Tort Statute and international humanitarian law, and

---

noted in Part I of this opposition, below.) Respondents' failure to follow the local rules is reason alone for this Court to strike Respondents' Motion.

2  For example, the following cases involve petitions jointly denominated as habeas petition and complaint for injunctive and declaratory relief, and contain Alien Tort Statute, international humanitarian law, and direct constitutional claims: 05-280, 05-392, 05-520, 05-526, 05-748, 05-998, 05-1458, 05-1704, 05-2370, 05-2371, 08-1224, and 08-1227.

2

directly under the Constitution.[3] The government's motion does not address – or even mention – these claims. Its failure to directly address these claims in its opening brief is fatal to its motion to remove the officials named as parties in these cases.

## II. The Base Commanders Are Proper Habeas Respondents

In the domestic detention context, the proper respondent for a habeas petition is the petitioner's "immediate custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)); *see also* 28 U.S.C. § 2242; *id.* § 2243 (directing the writ to "the person having custody of the person detained"). Where the petitioner is detained outside the territorial jurisdiction of any district court, however, the petition may name as respondents "supervisory officials" who control custody. *Abu Ali* v. *Ashcroft*, 350 F. Supp. 2d 28, 44 (D.D.C. 2004); *see also Padilla*, 542 U.S. at 438 n.9 (citing *United States* ex rel. *Toth* v. *Quarles*, 350 U.S. 11 (1955) and *Burns* v. *Wilson*, 346 U.S. 137 (1953)).

The government asserts that the exception to the "immediate custodian" rule applies in this case, and concedes that the Secretary of Defense is therefore a proper respondent. Gov't Motion at 2, 5. However, the government urges the court to dismiss all other custodial officials as "superfluous" and "unnecessary." Gov't Motion at 5. The government offers neither precedent

---

[3] For example, the petitions in the following cases were captioned only as habeas petitions, but they explicitly invoked jurisdiction under general federal question jurisdiction per 28 U.S.C. § 1331 and the Alien Tort Statute, *inter alia*, and also directly under several constitutional provisions: 04-1144, 04-1254, 05-994, 05-1048, 05-1347, 05-1353, 05-1429, 05-1457, 05-1504, 05-1505, 05-1506, 05-1555, 05-1623, 05-1971, 05-2088, 05-2185, 05-2186, 05-2379, 05-2380, 05-2385, 05-2386, 05-2479, 06-1684, 06-1690, 06-1758, 06-1767, 08-987, 08-1101, 08-1185, 08-1221, and 08-1310. The petition in 05-270 is denominated a "Petition for Writ of Habeas Corpus and Request for Declaratory Relief" and includes claims under international law, several treaties of the Untied States and the due process clause. The petition in 08-1153 is entitled "Petition for Habeas Corpus and Other Relief" and makes similar claims.

nor argument in support of such an order.[4] Nothing in the caselaw mandates that habeas petitioners held extraterritorially name the fewest possible government officials as respondents.[5] Indeed, this Court has stated that where the exception to the "immediate custodian" rule applies, "the petitioner may name as respondents *any of his custodians*," *Abu Ali*, 350 F. Supp. 2d at 44 (emphasis added), including both the immediate custodians and the Secretary of Defense.[6]

## III. The President Is Properly Named

If the government is correct that an extraterritorial detention exception to the "immediate custodian" rule applies to the habeas claims of petitioners, then nothing should prohibit naming the President as an appropriate respondent in habeas under that same exception. The government makes reference in passing to the idea that the President "could not be considered the petitioners' custodian"—despite the fact that he "may have authorized custody of the prisoners."[7] Gov't

---

[4] The government's citation to "Congress' judgment in the DTA context" is a non sequitur.

[5] Although the government has claimed elsewhere that removing the non-Defense Secretary respondents will "elevate [sic] … administrative difficulties inherent in adjudicating multiple enemy combatant…cases pending concurrently in this Court" and "allow[] commanders at the detention facility in Guantanamo Bay to focus," the government offers no facts or reasoning to support these conclusory assertions. *See* Reply in Support of Motion to Dismiss Improper Respondents, *Batarfi v. Bush*, 05-CV-409 (EGS), Dkt. 123 (D.D.C. filed Sept. 4, 2008), at 12; *cf. Clinton v. Jones*, 520 U.S. 681, 718 (1997) (Breyer, J., concurring) ("any Presidential time spent dealing with, or action taken in response to, that kind of case [challenging official conduct] *is* part of a President's official duties. Hence court review in such circumstances could not interfere with, or distract from, official duties.").

[6] *See Gherebi v. Bush*, 338 F. Supp. 2d 91, 95 (D.D.C. 2004) (holding that, under *Padilla* exception, Guantánamo detainees may name Defense Secretary as habeas respondent).

[7] The Government's claim that the President is not "the legal custodian" and thus is an improper respondent, relying on *Al-Marri* v. *Rumsfeld*, 360 F.3d 707 (7th Cir. 2004), *see* Gov't Motion at 4, is baseless. In *Al-Marri*, the Seventh Circuit stated that only persons "exercising" custody, rather than those "authorizing" custody, are proper habeas respondents, and for this reason excluded the President *and* the Secretary of Defense as proper respondents. 360 F.3d at 708-09. Not only does this position contradict prior and subsequent Supreme Court precedent,

Motion at 4. Again, the government's own contentions undercut its conclusion. The President is very much a current custodian. Indeed, the government claims that its authority to detain Petitioners derives from the President's Article II powers and the power delegated to the President to "use all necessary and appropriate force" under the AUMF, 115 Stat. 224 (2001).[8]

Those claims to Presidential power over the detainees resolve the issue of whether the President is an appropriate respondent in habeas. Contrary to the government's claims, naming the President as Respondent in habeas is no novelty to the courts. *See, e.g.*, *Boumediene v. Bush*, 128 S. Ct. 2229 (2008); *Rasul v. Bush*, 542 U.S. 466 (2008); *Belbacha v. Bush*, 520 F.3d 452 (2008); *Qassim v. Bush*, 466 F.3d 1073 (D.C. Cir. 2006); *Adem v. Bush*, 425 F. Supp. 2d 7 (D.D.C. 2006). The Supreme Court has not once remarked on the President's appearance in these cases, and the government offers no persuasive reason why this Court should do so now.

In seeking to dismiss the President as a Respondent, the government relies chiefly on an 1867 case for the proposition that courts have "no jurisdiction ... to enjoin the President in the performance of his official duties." Gov't Mot. at 3 (quoting *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 498–99 (1867)). Far from supporting the government's argument, that case—in which the state of Mississippi attempted to enjoin the entire post-war Reconstruction program— merely states the familiar doctrine that courts do not adjudicate political questions. *See, e.g.*,

---

*see Padilla* v. *Rumsfeld*, 542 U.S. 426, 438 n.9 (2004); *Burns* v. *Wilson*, 346 U.S. 137 (1953), as well as the government's own theory in the instant motion, *see* Gov't Motion at 4-5, but even under the Seventh Circuit's logic, the President, as a supervisory official of Petitioners' custodians *with the power to reverse at any time the determination that a petitioner is legally detained* (unlike Judge Easterbrook's models for "authorizing" officials—namely, sentencing judges and members of the legislature who pass criminal statutes, *see Al-Marri*, 360 F.3d at 708), clearly "exercises" custody over them. In any event, *Al-Marri* is not binding on this Court.

[8]     *See, e.g.*, Brief for the Respondents at 66-67, *Boumediene v. Bush*, Nos. 06-1195/06-1996 (U.S. Oct. 9, 2007).

5

*National Treasury Employees Union v. Nixon*, 492 F.2d 587, 614 (D.C. Cir. 1974) (holding that *Mississippi v. Johnson* did not bar a court from issuing a writ of mandamus to the President to effectuate a pay raise owed to certain federal employees).[9] The government concedes that *Misisssipi v. Johnson* does not foreclose a court from enjoining the President to perform a "ministerial" duty (that is, one not requiring an exercise of discretion), a category which includes most remedial orders one could contemplate in these cases (*e.g.* an order of release, an order vacating an enemy combatant designation, or an order blocking an unlawful transfer).[10]

Modern authorities make clear that the President "is subject to judicial process in appropriate circumstances." *Clinton v. Jones*, 520 U.S. 681, 703 (1997); *see also United States v. Nixon*, 418 U.S. 683 (1974) (compelling President Nixon to comply with a subpoena commanding him to produce certain tape recordings of his conversations with his aides). The Supreme Court also observed that "[s]itting Presidents have responded to court orders to provide testimony and other information with sufficient frequency that such interactions between the Judicial and Executive Branches can scarcely be thought a novelty." *Jones*, 520 U.S. at 704.

Moreover, retaining the President as respondent allows the Court to preserve jurisdiction over these proceedings should the government decide to transfer the Petitioners from the custody of the Secretary of Defense to another executive department, as has already been done in other

---

[9] The other case cited by the government for this proposition, *Franklin v. Massachusetts*, 505 U.S. 788 (1992), merely questioned the Judiciary's authority to issue an injunction against the President, without deciding the question. *See id.* at 802–03.

[10] *See* Gov't Motion at 3 (citing *Franklin v. Massachusetts*, 505 U.S. at 802). *Mississippi v. Johnson* defines a ministerial duty as a duty "to which nothing is left to discretion. … a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." 71 U.S at 498 (cited by *Franklin*, 505 U.S. at 802-03); *cf. National Treasury Employees Union v. Nixon*, 492 F.2d at 602-03. The definition fits the parenthetical examples in the text rather precisely; each would remove the President's discretion to act, rather than forcing him to exercise it affirmatively in a certain fashion.

cases. At least one terrorism suspect was transferred from Justice Department to Defense Department custody when the government found it convenient to do so. *See Al-Marri* v. *Pucciarelli*, 534 F.3d 213, 217 (4th Cir. July 15, 2008) (en banc) (noting government's dismissal of indictment during criminal proceeding against defendant and order signed by President transferring defendant to military custody). And at least one terrorism suspect was transferred from the Defense Department to the Justice Department, also at the government's convenience, and to the great consternation of one federal appellate court. *See Padilla* v. *Hanft*, 432 F.3d 582 (4th Cir. 2005) (denying government's motion to transfer military detainee to civilian authorities for trial, after Court had previously given government authority to hold the detainee in military custody), *rev'd*, 546 U.S. 1084 (2006). A number of current Guantánamo detainees were formerly held in CIA custody (including Petitioner Majid Khan, 06-CV-1690, in the instant case), and there is no guarantee that they will not be once again subject to enforced disappearance by the government. Rather, the government takes the position that it has unfettered discretion to transfer detainees from the control of the Department of Defense. Given the expressed desire of senior U.S. officials (and both presidential candidates) to close the Guantánamo detention facilities,[11] such a transfer between agencies and custodians is not unlikely.[12] For these reasons, the Court should deny the government's motion to dismiss the President as a respondent.

---

[11] *See* Steven Lee Myers, "Bush Decides to Keep Guantánamo Open," N.Y. Times, Oct. 20, 2008, *available at* http://www.nytimes.com/2008/10/21/washington/21gitmo.html.

[12] Compare the controlling concurrence of Justice Kennedy in *Padilla*, 542 U.S. at 453, expressly holding open the possibility of "some further exception [to the immediate custodian rule] to protect the integrity of the writ or the rights of the person detained."

7

**IV. The Government's Protestations Are Untimely**

The government had years to make a motion to dismiss the non-habeas claims in most of the above-captioned cases. Likewise it had years to challenge the designation of the President and base commanders as respondents. It did not do so until the instant motion was filed. The government has nowhere explained why it found it necessary to file this motion at this time, why this motion represents a sound use of its attorneys' supposedly limited time, or why this Court should devote its own assuredly limited resources to resolving this issue at this advanced date. Indeed, under the circumstances, it would be perfectly appropriate for the Court to deem the government's objections waived or abandoned. *See Padilla*, 542 U.S. at 452 (Kennedy, J., concurring) ("Because the immediate custodian and territorial-jurisdiction rules are like personal-jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the government.").

**CONCLUSION**

For the foregoing reasons, this Court should deny the government's motion in its entirety.

Respectfully submitted,

    /s/ sk
Shayana Kadidal (D.C. Bar No. 454248)
J. Wells Dixon
Gitanjali S. Gutierrez
Pardiss Kebriaei
Emi MacLean
CENTER FOR CONSTITUTIONAL RIGHTS[13]
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438

---

[13] The Center for Constitutional Rights also represents petitioners in three additional cases (all included in the government's motion) in which our Status Reports of July 18, 2008 indicated that we had agreed to dismissal of those actions without prejudice. Those cases are: *Al-Delebany v. Bush*, 05-2477 (RMU), *Iqbal v. Bush*, 06-1688 (RMC), and *Elisher v. Bush*, 06-1759 (JDB).

8

Fax: (212) 614-6499
kadidal@ccrjustice.org
*Counsel for Plaintiffs and Petitioners in 05-392, 05-526, 05-1220, 05-1639, 05-1684, 05-1971, 05-2088, 05-2385, 05-2386, 06-1690, 08-1153*

Michael A. Cooper
Suhana S. Han
Jessica M. Klein
125 Broad Street
New York, New York 10004
Tel. (212) 558-4000
Fax: (212) 558-3588
*Counsel for Petitioners Adil bin Muhammad al Wirghi and Tawiss bint Hasan al Wirghi, 05-1497*

Joseph E. O'Neil
LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
190 North Independence Mall West
Suite 500
Philadelphia, Pennsylvania 19106
(215) 351-7901

Cori Crider
REPRIEVE
P.O. Box 52742
London EC4P 4WS
England
*Counsel for Petitioner Aboassy, 05-748*

Susan Baker Manning
BINGHAM McCUTCHEN LLP
1120 20th Street NW, Suite 800
Washington, DC 20036-3406
Telephone: (202) 778-6150
Facsimile: (202) 778-6155
*Counsel for Petitioners in Kiyemba 05-1509 and Mamet 05-1602*

Jerry Cohen
BURNS & LEVINSON, LLP
125 Summer Street
Boston, MA 02110
ph: 617-345-3000
fax: 617-345-3299
jcohen@burnslev.com

Stewart Eisenberg
WEINBERG & GARBER,PC
71 King Street
Northampton, MA 01060
Tel: (413) 582-6886
Fax: (413) 582-688
buz.e@verizon.net,
*Counsel for Farhi Saeed bin Mohammed, 05-1347,
and Mohammed Abd Al Al Qadir, 08-1185*

DAVIS WRIGHT TREMAINE LLP
Richard L. Cys (D.C. Bar No. 87536)
Lisa B. Zycherman (D.C. Bar No. 495277)
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, D.C. 20006-3402
Telephone: (202) 973-4217
Facsimile: (202) 973-4499
Email: rickcys@dwt.com
Email: lisazycherman@dwt.com

James P. Walsh (D.C. Bar No. 930115)
Suite 800
505 Montgomery Street
San Francisco, CA 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: budwalsh@dwt.com
*Counsel for Petitioner Madni, 05-2385*

Agnieszka Fryszman (DC 459208)
Avi Garbow (DC 445399)
Matthew K. Handley (DC 489946)
COHEN, MILSTEIN, HAUSFELD & TOLL,
P.L.L.C.
1100 New York Ave, N.W., Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

John Holland
Anna Cayton-Holland
LAW OFFICES OF JOHN HOLLAND
1437 High St.
Denver, CO 80218

Clive A. Stafford Smith
Zachary Katznelson
REPRIEVE
P.O. Box 52742
London EC4P 4WS
England
*Counsel for Petitioners in Ahamed Abdul Aziz, 05-492 and Abdul Raheem Ghulam Rabbani, 05-1607*

SUTHERLAND ASBILL & BRENNAN LLP
Richard G. Murphy, Jr. (D.C. Bar No. 472769)
Brian C. Spahn (D.C. Bar No. 976474)
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone: (202) 383-0635
Facsimile: (202) 637-3593
John A. Chandler (Pursuant to LCvR 83.2(g))
Elizabeth V. Tanis (Pursuant to LCvR 83.2(g))
Kristin B. Wilhelm (Pursuant to LCvR 83.2(g))
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
*Counsel for Petitioners in Al-Adahi, 05-280, and for Petitioner Sharkawi Abda Ali Al-Haag (ISN 1457) in Mohammon v. Bush, 05-2386*

Ellen Lubell, Esq.
Doris Tennant, Esq.
TENNANT LUBELL, LLC
288 Walnut St., Suite 500
Newton, MA 02460
Tel: (617) 969-9610
*Attorneys for Abdul Aziz Naji, 05-2386*

Eric A. Tirschwell (Pursuant to LCvR 83.2(g))
Michael J. Sternhell (Pursuant to LCvR 83.2(g))
Darren LaVerne (Pursuant to LCvR 83.2(g))
Seema Saifee (Pursuant to LCvR 83.2(g))
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for Petitioners* Abdul Razakah and Ahmad Tourson *in 05-2370 and* Adel Noori and Abdul Ghaffar *in 08-1310*

Peter B. Ellis
Mass. BBO #153500
Andrew Loewenstein
Mass. BBO #648074
Usha-Kiran K. Ghia
Mass. BBO #666711
FOLEY HOAG, LLP
155 Seaport Blvd.
Boston, Massachusetts 02210-2600
617.832.1000
*Attorneys for Petitioner Mohammed Ahmed Saeed Hidar, a.k.a. Mohammed Ahmed Said Haidel, ISN # 498 in Mohammon v. Bush, 05-2386*

Lowell E. Sachnoff
Matthew J. O'Hara
Adam R. Chiss
Andrew J. Moss, *Each Pursuant to LCvR 83.2(g)* and
Brian C. Lewis (D.C. Bar No. 476851)
REED SMITH LLP
10 South Wacker Drive
Chicago, Illinois 60606
(312) 207-1000
mohara@reedsmith.com
*Counsel for Petitioners Walid Ibrahim Mustafa Abu Hijazi, ISN 049, Umar Hamzayevich Abdulayev, ISN 257, and Maasoum Abdah Mouhammad, ISN 330, in Mohammon v. Bush, 05-2386*

Douglas K. Spaulding
Gary S. Thompson
Allison M. Lefrak
Rick W. Roberts
Nathan R. Fennessy
REED SMITH LLP
1301 K Street, NW
Suite 1100 – East Tower
Washington, DC 20005
Phone: (202) 414-9220

Bernard J. Casey, D.C. Bar No. 112219
Casey ADR Services
3018 NE 32nd Place
Portland, OR 97212
Phone: (415) 515-0855
*Counsel for Petitioners in 05-2479*

Michael Caruso
ACTING FEDERAL PUBLIC DEFENDER
Paul M. Rashkind
Chief of Appeals
Supervisory Assistant Federal Public Defender
150 W. Flagler St. Suite 1500
Miami, Florida 33130-1555
Tel. (305) 536-6900 x 205
fax. (305) 530-7120
email: Paul_Rashkind@fd.org

Timothy Cone
Assistant Federal Public Defender
150 W. Flagler St. Suite 1500
Miami, Florida 33130-1555
Tel. (305) 536-6900 x 227
Temp. (202) 208-7528 x 121
fax (202) 208-7515
email: Tim_Cone@fd.org
*Counsel for Petitioner Bostan in 05-883*

Carol Elder Bruce
BRACEWELL & GIULIANI LLP
2000 K Street NW Suite 500
Washington, D.C. 20006-1872
T: 202.828.5809
F: 202.857.4827
carol.bruce@bgllp.com

Randolph Stuart Sergent
VENABLE LLP
750 East Pratt Street
Baltimore MD 21202
Phone:   410-528-2881
Fax:     410-244-7742
E-mail:  rsergent@venable.com

Ahmed Ghappour
Cori Crider
Zachary Katznelson
Clive Stafford-Smith
REPRIEVE
P.O. Box 52742
22 Tudor Street
London, UK EC4Y 0AY

United Kingdom
Tel: 011 44 207 353
Fax: 011 44 207 353 4641
aghappour@gmail.com
zachary@reprieve.org.uk
cori@reprieve.org.uk
clivess@mac.com
*Counsel for Petitioners el-Mashad and Algazzar, 05-270*

Jonathan I. Blackman
Christopher P. Moore
Tanisha L. Massie
Melissa J. Durkee
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
*Counsel for Petitioners in Hamlily v. Bush, 08-1628*

Jennifer R. Cowan
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

John B. Missing
DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W., Suite 1100E
Washington, D.C. 20004-1169
Telephone: (202) 383-8000
Facsimile: (202) 383-8118
*Counsel for Petitioners Idris, Al-Mudafari and Al-Mithali in 05-1555, 05-2185, and 05-2186*

David L. Engelhardt (DC429886)
John C. Snodgrass (DC473864)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Tel. 202-420-2200
Fax 202-420-2201
*Counsel for Petitioner in Alhag, 05- 2199*

S. William Livingston
D.C. Bar. No. 59055
Alan A. Pemberton
D.C. Bar. No. 367108
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000 (phone)
(202) 778-6000 (fax)
wlivingston@cov.com
apemberton@cov.com

David H. Remes
D.C. Bar. No. 370372
APPEAL FOR JUSTICE
1106 Noyes Drive
Silver Spring, MD 20910
(202) 669-6508 (phone)

Marc D. Falkoff
D.C. Bar No. 491149
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043 (phone)
(815) 753-9301 (fax)
*Counsel for Petitioners in 04-1254, 05-1048, and 05-1429*

A. Stephens Clay
James F. Bogan, III
Allen C. Garrett, Jr.
John R. Gibson
Daniel G. Schulof
KILPATRICK STOCKTON LLP
1100 Peachtree St., Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
sclay@kilpatrickstockton.com
*Counsel for Petitioners Ali Sher Hamidullah (ISN 455)*, and *Sharaf Al Sanani (ISN 170), in Mohammon v. Bush, 05-2386, and Shakhrukh Hamiduva (ISN 22), in 08-1221*

Kristine A. Huskey (D.C. Bar #462979)
Scott Sullivan
National Security & Human Rights Clinic
University of Texas School of Law
727 East Dean Keeton St.
Austin, TX 78705
Tel: 512-232-3657
Fax: 512-232-0800
*Counsel for Petitioners in Dokhan v. Bush, 08-987*

Paul C. Curnin
Karen E. Abravanel
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
Email: pcurnin@stblaw.com
*Counsel for Petitioners in 05-2371*

George Brent Mickum IV [Bar No. 396142]
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, District of Columbia 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
*Counsel for Petitioners in 04-1144*

Martin Flumenbaum (DC Bar No. 393210)
Julia Tarver Mason
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3029
Fax: (212) 373-0029
mflumenbaum@paulweiss.com
*Counsel for Petitioners in 05-520*

Brian Mendelsohn
W. Matthew Dodge
FEDERAL DEFENDER PROGRAM, INC.
Suite 1700, The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 688-7530

Facsimile: (404) 688-0768
*Counsel for Petitioner in Al Karim v. Bush, 05-998 and Gul v. Bush, 08-1227*

Billy H. Nolas (DC 399275; PA 83177)
Assistant Federal Defender
Maureen Rowley (PA 33020)
Chief Federal Defender
Matthew Lawry (PA 87221)
Shawn Nolan (PA 56535)
Mark Wilson (PA 26887)
Assistant Federal Defenders
FEDERAL COMMUNITY DEFENDER OFFICE
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: (215) 928-0520
Fax: (215) 928-1100
*Counsel for Petitioner Tohirjanovich, 05-994*

Robert A. Gensburg
P. O. Box 248
St. Johnsbury, VT 05819
phone   (802) 748-5338
fax       (802) 748-1673
email    bob@neklaw.net
*Counsel for Petitioner Abdulzaher in 05-1623*

Brian J. Neff
SCHIFF HARDIN LLP
900 Third Avenue
New York, New York  10022
Tel:  (212) 753-5000
Fax: (212) 753-5044
Email: bneff@schiffhardin.com
*Counsel for Petitioners in Al-Zarnouqi v. Bush, 06-1767*

Leonard C. Goodman
53 E. Jackson Blvd., Suite 1220
Chicago, Illinois 60604
Tel: (312) 986-1984
lcgoodman@rcn.com
*Attorney for Petitioner Shawali Khan, ISN 899, in 08-1101*

Glenn K. Jones
Rene Kathawala
Catherine Y. Lui
Diana Rutowski
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94106
*Counsel for Petitioners in Awad v. Bush, 05-2379 and Al-Baidany v. Bush, 05-2380*

Noah H. Rashkind
2411 SW 35th Place, #206
Gainesville, Florida 32608
Tel: (352) 215-5990
Email: noah@rashkind.com
*Counsel for Petitioner Jamil Ahmad Saeed, also known as Jamil Ahmed Said Nassir, ISN # 728 in Mohammon v. Bush, 05-2386*

Meghan N. Winokur
mwinokur@hollandhart.com
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Tel. (303) 295-8390
Fax: (303) 975-5456
*Counsel for Petitioners* Motai Saib (ISN 288) *in 05-1353*, Nabil Hadjarab (ISN 238) *in 05-1504*, Abbar Sufian Al Hawary (ISN 1016) *in 05-1505 and* Sufyian Barhoumi, a/k/a Shafiiq (ISN 694) *in 05-1506*

Sozi P. Tulante
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
Tel: (215) 496-7073
Fax: (215) 568-0300
spt@hangley.com
*Counsel for Petitioner Mattan in Mohammon v. Bush, 05-2386*

Cori Crider
REPRIEVE
P.O. Box 52742
London EC4P 4WS
England
*Counsel for Petitioner Dhiab, 05-1457*

Kevin Boris
RUPRECHT, HART & WEEKS, LLP
306 Main Street
Millburn, NJ 07023
tele.973.379.2400
fax.973.379.2446
*Counsel for petitioner Doe, 05-1458*

David Sleigh
SLEIGH & WILLIAMS, P.C.
364 Railroad Street
St. Johnsbury, Vt  05819
802-748-5176 (voice)
802-748-6618 (fax)
david.sleigh@sleighandwilliams.com (email)
*Counsel for petitioner, 06-1758*