# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SANAD AL-KAZIMI, | ) <br> ) <br> ) Misc. No.: 08-442 (TFH) <br> ) |
| Petitioner, | ) Civil Action No: 05-2386 (RBW) <br> ) <br> ) |
| v. | ) <br> ) |
| GEORGE WALKER BUSH, *et al.*, | ) <br> ) |
| Respondents. | ) <br> ) |

## **PETITIONER'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS IMPROPER RESPONDENTS**

Petitioner Sanad Al-Kazimi is a Yemeni citizen who was disappeared in the United Arab Emirates in January 2003. Mr. Al-Kazimi was detained and tortured there for eight months before being transferred to the Prison of Darkness in Afghanistan , a "black site" run by the Central Intelligence Agency, and then to Bagram Air Force Base, a military prison, where he endured more torture and mistreatment. Mr. Al-Kazimi was transferred to Guantánamo Bay Naval Station in September of 2004 and has been unlawfully imprisoned under color of authority by the Executive.

In 2005, Mr. Al-Kazimi, along with many other detainees at Guantánamo, filed for habeas relief naming as Respondents the President of the United States, George W. Bush, Secretary of Defense Donald Rumsfeld, Commander of the Joint Task Force at

1

Guantánamo (JTF- Gtmo) Jay Hood, and Commander of the Joint Detention Operations Group at Guantánamo (JTF-Gtmo) Mike Bumgarner.  Nearly three years later, on October 14, 2008, the government filed a blanket motion in all habeas cases pending before Judge Hogan seeking to dismiss all Respondents save the Secretary of Defense. The motion should be denied as to Mr. Al-Kazimi, with or without prejudice, with costs to petitioner.

It should first be noted that Respondents give no practical reason for seeking to dismiss all Respondents other than the Secretary of Defense.  All the Respondents are officials of the United States named only in their official capacities.  Three of the officials have passed from the Respondents originally named to new office holders, who have been automatically substituted for the previous office holders under FRCP Rule 25(d). The fourth official, the President, will change hands January 20, 2009.  Absent any practical reason, the motion suggests a covert attempt to lay the groundwork for the potential transfer of petitioner outside the reach of the Department of Defense.  Given Respondents' repeated complaints to this Court concerning their lack of resources and need for more time in filing returns, which are now much delayed, this motion appears all the more disingenuous.  Petitioner Al-Kazimi is totally without resources, having been held in close confinement for over five years.  Forcing Petitioner to take time to answer this blanket, groundless motion further underscores the lengths to which the government will go to avoid dealing with Mr. Al-Kazimi's meritless, indefinite detention.

**I. THE MOTION IS GROUNDLESS.  EACH OF THE OFFICIALS NAMED IN THE AMENDED PETITION IS A PROPER RESPONDENT.**

**a. The Commander of Joint Task Force Guantánamo (JTF-GTMO) and the Commander of Joint Detention Operations are petitioner's immediate custodians and therefore are properly named.**

In the domestic detention context, the proper respondent for a habeas petition is the petitioner's "immediate custodian." *Padilla v. Rumsfeld*, 542 U.S. 426, 435 (2004) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)); *see also* 28 U.S.C. § 2242; id. § 2243 (directing the writ to "the person having custody of the person detained"). Where the petitioner is detained outside the territorial jurisdiction of any district court, however, the petition may name as respondents "supervisory officials" who control custody. *Abu Ali v. Ashcroft*, 350 F.Supp.2d 28, 44 (D.D.C. 2004); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 438 n.9 (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11 (1955) and *Burns v. Wilson*, 346 U.S. 137 (1953)).

The government asserts that the exception to the "immediate custodian" rule applies in this case, and concedes that the Secretary of Defense is therefore a proper respondent with full power to provide habeas relief. Gov't Mot. at 2, 5. However, the government urges the court to dismiss all other supervisory officials as "superfluous" and "unnecessary." Gov't Mot. at 5. The government provides no precedent and no argument in support of such an order. Nothing in case law mandates that habeas petitioners held extraterritorially name the fewest possible government officials as respondents. Indeed, this Court has stated that where the exception to the "immediate custodian" rule applies, "the petitioner may name as respondents *any of his custodians*," *Abu Ali*, 350 F. Supp. 2d at 44 (emphasis added), including both the immediate custodians and the Secretary of

3

Defense.[1] Moreover, Rule 20(a)(2) allows joinder of all defendants against whom relief is asserted arising out of the same "transaction, occurrence, or series of transactions or occurrences," with common questions of law and fact. Therefore, the immediate custodian is the usual and customary respondent in a habeas corpus and *Rumsfeld v. Padilla* reaffirms his inclusion.

The government's use of the Detention Treatment Act as a guideline for determining who may be named as a respondent in the instant habeas petition is similarly flawed. As the Supreme Court found in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008), the review of CSRT determinations under the DTA is a very different procedure from habeas corpus, and it would therefore make little sense to follow "Congress's judgment in the DTA context." Gov't Mot. at 5. Moreover, Respondents' contention that DOD officers other than the Secretary of Defense are "superfluous", Gov't Mot. at 5, belies established Supreme Court ruling. In *Rasul v. Bush*, 542 U.S. 466, 124 S.Ct. 2686, 2695 (2008) the court allowed the Petitioner to bring his habeas petition against various custodians, including, but not limited to, the Secretary of Defense. *See Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 44 (D.D.C. 2004) (noting that petitioner in *Rasul* was not precluded from "bringing a habeas petition in the United States District Court for the District of Columbia, and from naming as Respondents various 'custodians,' who included the President of the United States, the Secretary of Defense, and others.") (referring to *Rasul*, 124 S.Ct. at 2695, 2698). Those "various custodians" included both the Commander of Detention Operations Guantánamo and the Commander of Joint Task Force Guantánamo.

---

[1] *See Gherebi v. Bush*, 338 F. Supp. 2d 91, 95 (D.D.C. 2004) (holding that, under *Padilla* exception, Guantánamo detainees may name Defense Secretary as habeas respondent).

*See* Docket for *Rasul v. Bush*, 215 F. Supp. 2d 55 (D.D.C. 2002), No. 1:02CV00299 (D.D.C. Feb. 19, 2002) (listing Commander Joint Detention Operations Group, Guantánamo, Brice A. Gurisko, and Commander of Joint Task Force Guantánamo Jay Hood as defendants).

Thus, petitioner's immediate custodians, the Commanders of the Joint Task Force Guantánamo and Joint Detention Operations Guantánamo are proper Respondents.

**b. The Secretary of Defense is properly named.**

Respondents' motion admits the Secretary of Defense is a proper respondent.

**c. The President is properly named.**

The Supreme Court has noted that the President "is subject to judicial process in appropriate circumstances." *Clinton v. Jones*, 520 U.S. 681, 703 (1997). In *Jones*, the Court discussed multiple instances where sitting Presidents were compelled to comply with court orders. *Id*. at 705. For example, President Nixon produced tapes in response to a subpoena. *Id*. (citing *United States v. Nixon*, 418 U.S. 683, 715 (1974)). President Ford complied with an order to give a deposition in a criminal trial. *Id*. (citing *United States v. Fromme*, 405 F. Supp. 578 (E.D. Cal 1975)). President Clinton gave videotaped testimony in criminal proceedings. *Id*. (citing *United States v. McDougal*, 934 F.Supp. 296 (E.D. Ark. 1996); *United States v. Branscum*, No. LRP-CR-96-49 (E.D. Ark., June 7, 1996)). The Supreme Court explained in *Jones* that such orders have a long history:

> Although Thomas Jefferson apparently thought otherwise, Chief Justice Marshall, when presiding in the treason trial of Aaron Burr, ruled that a subpoena duces tecum could be directed to the President. *United States v. Burr*, 25 F. Cas. 30 (No. 14,692d) (C.C. Va. 1807). We unequivocally and

5

> emphatically endorsed Marshall's position when we held
> that President Nixon was obligated to comply with a
> subpoena commanding him to produce certain tape
> recordings of his conversations with his aides.

520 U.S. at 703–04 (footnote omitted). The Court noted that "[s]itting Presidents have responded to court orders to provide testimony and other information with sufficient frequency that such interactions between the Judicial and Executive Branches can scarcely be thought a novelty." *Jones*, 520 U.S. at 704; *see also id.* at 705 ("In sum, [i]t is settled law that the separation-of-powers doctrine does not bar every exercise of jurisdiction over the President of the United States.'" (brackets in original) (citation omitted)).

Contrary to the government's claims, naming the President as Respondent in habeas is no novelty to the courts. *See, e.g.*, *Boumediene*, 128 S. Ct. at 2229; *Rasul*, 542 U.S. at 466; *Belbacha v. Bush*, 520 F.3d 452 (2008); *Qassim v. Bush*, 466 F.3d 1073 (D.C. Cir. 2006); *Adem v. Bush*, 425 F. Supp. 2d 7 (D.D.C. 2006). The Supreme Court has not once remarked on the President's appearance in these cases, and the government offers no persuasive reason why this Court should do so now.

In seeking to dismiss the President as a Respondent, Respondents rely chiefly upon a case dating back to 1867 for the proposition that courts have "no jurisdiction . . . to enjoin the President in the performance of his official duties." Gov't Mot. at 3 (quoting *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 498–99 (1867)). However, the Court of Appeals for the District of Columbia Circuit has twice interpreted *Mississippi v. Johnson* much more narrowly than the reading suggested by Respondents. In *National Treasury Employees Union v. Nixon*, 492 F.2d 587, 614 (D.C. Cir. 1974), the appeals court observed that *Mississippi v. Johnson* actually turned on a finding that the case

6

presented a nonjusticiable political question. The *National Treasury* court held that *Mississippi v. Johnson* did not bar a Court from issuing a writ of mandamus to the President to effectuate a pay raise owed to certain federal employees (although the Court did not formally issue the writ.) In *Nixon v. Sirica*, 487 F.2d 700 (D.C. Cir. 1973), the Court read *Mississippi v. Johnson* to mean merely that the President could not be enjoined to "coerce a discretionary, as opposed to ministerial, act of the Executive." *Id.* at 712 n.53.

Nor does *Franklin v. Massachusetts*, 505 U.S. 788 (1992) support Respondents' position. In that case, the Court merely questioned the judiciary's authority to issue an injunction against the President, without deciding the issue. *See id.* at 802–03 (opinion of O'Connor, J.). Respondents rely on dicta in Justice Scalia's concurrence, in which no other Justice joined, as to the reviewability of Presidential acts. This is certainly not controlling authority.

In fact, no authority cited by Respondents bars Petitioner from naming the President as a proper respondent. The Supreme Court, in *Padilla,* 542 U.S. at 426, left open the issue of whether individuals higher up on the chain of command are proper Respondents when the Petitioner is an alien, as is the case with the present Petitioner. *See id.* at 436 n.8 (citing *Ahrens v. Clark*, 335 U.S. 188 (1948)). The Government's claim that the President is not "the legal custodian" and thus is an improper respondent, relying on *al-Marri* v. *Rumsfeld*, 360 F.3d 707 (7th Cir. 2004), *see* Gov't Mot. at 4, is baseless. In *al-Marri*, the Seventh Circuit stated that only persons "exercising" custody, rather than those "authorizing" custody, are proper habeas respondents, and for this reason excluded the President and the Secretary of Defense as proper respondents. 360

7

F.3d at 708-09.  Not only does this position contradict prior and subsequent Supreme Court precedent, *see Padilla*, 542 U.S. at 438 n.9 (2004); *Burns v. Wilson*, 346 U.S. 137 (1953), as well as the Government's own theory, *see* Gov't Mot. at 4-5, but even under the Seventh Circuit's logic, the President, as a supervisory official of Petitioner's custodians, clearly "exercises" custody over him.  In any event, *al-Marri* is not binding on this Court.  In the instant case, if the Secretary of Defense is a proper respondent here, as Respondents contend, then the President should be a proper respondent as well.  *See Abu Ali v. Ashcroft*, 350 F. Supp. 2d 44, *supra*, (noting that petitioner in *Rasul* was not precluded from "bringing a habeas petition in the United States District Court for the District of Columbia, and from naming as Respondents various 'custodians,' who included the President of the United States, the Secretary of Defense, and others.") (referring to *Rasul*, 124 S.Ct. at 2695, 2698).

The President is also a proper respondent here because Respondents assert Petitioner is being held pursuant to the exercise of the President's executive power. Respondents have repeatedly claimed that the authority to detain those deemed enemy combatants at Guantánamo Bay arises from the President's Article II powers, and the President's authority to use all necessary and appropriate force under the Authorization for Use of Military Force, Pub. L. No. 107-40, 115 Stat. 224 (2001).  *See Hamdi v. Rumsfeld*, 542 U.S. 507, 517–18 (2004) (plurality opinion); *Padilla*, 542 U.S. at 431 (2004).  If it is pursuant to the President's inherent power (and that authorized by Congress) that Petitioner is held, surely the President is an appropriate party.

Moreover, if the President is dismissed, then the government may try to evade this Court's authority simply by transferring Petitioner from the custody of the Department of

Defense (DoD) to that of the Central Intelligence Agency (CIA), the Department of Justice (DoJ), or other agencies unknown to Petitioners, as it has in the past.[2]  This is not a mere possibility – for Petitioner, it is a horrific reality.  Before arriving at Guantánamo, Mr. Al-Kazimi was held for over one and a half years at secret prisons outside the United States controlled by executive agencies other than the Department of Defense, specifically the Central Intelligence Agency.  Respondents take the position that the executive has unfettered discretion to transfer detainees from Defense Department control.  *See, e.g.,* Government's Brief Regarding Procedural Framework Issues at 43–46 (*Boumediene v. Bush*, No. 04-cv-1166 (RJL) (D.D.C. Aug. 12, 2008) (Dkt. No. 58)**.**  This Court has indicated that nothing in its order to give thirty days notice of transfer prevents Respondents from transferring men imprisoned at Guantanamo.  (*See* Order dated July 10, 2008, Misc. No 08-0442, at n.1.)  Respondents have even appealed that order, implicitly asserting that it has a right to transfer detainees without even notifying the Court.  (*See* Resp'ts' Notice of Appeal, filed July 25, 2008.)  In light of these risks, only by including the President as a respondent can Petitioner ensure that, regardless of any transfer, someone with ultimate authority over all United States agencies remains on the habeas claim to provide relief.

---

[2] Indeed, it is well-documented that the government has already done so with Petitioners similar to Mr. Al-Kazimi.  Al-Marri was transferred from criminal confinement under indictment by the Department of Justice to military confinement under the Department of Defense.  *Al-Marri v. Pucciarelli,* 534 F.3d 213, 2008 WL 2736787, at 3-4 (4th Cir., July 15, 2008).  Padilla, after several years in military confinement, was transferred the other way, from Department of Defense confinement to confinement under the Department of Justice.  *Padilla v. Hanft,* 432 F.2d 582 (4th Cir. 2005), *reversed* 546 U.S. 1084 (2006).

**II. RESPONDENTS HAVE NOT OBJECTED TO THE NAMING OF THESE RESPONDENTS FOR TWO YEARS AND ARE ESTOPPED FROM DOING SO NOW.**

This case was filed in December of 2005 and no reason has been shown that a motion could not have been made at some point in the last three years if there had in fact been any reason to believe any of the Respondents were named improperly.

**CONCLUSION**

For the reasons stated, the Court should deny the motion to dismiss Respondents.

October 30, 2008　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　Martha Rayner (NY-MR-1423)
　　　　　　　　　　　　　　　　　　　　　　LINCOLN SQUARE LEGAL SERVICES
　　　　　　　　　　　　　　　　　　　　　　Fordham University School of Law
　　　　　　　　　　　　　　　　　　　　　　33 W. 60th Street, 3rd Floor
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10023
　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 636-6934
　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 636-6923

　　　　　　　　　　　　　　　　　　　　　　Counsel for Petitioner

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

SANAD AL-KAZIMI,           ) Misc. No.: 08-442 (TFH)
            Petitioner,    ) Civil Action No: 05-2386 (RBW)
      v.
GEORGE WALKER BUSH, *et al.*,
            Respondents.
_____

## ORDER

Upon consideration of the Respondents' Motion to Dismiss Improper Respondents and Petitioner's Memorandum of Law in Opposition thereto, it is hereby:

ORDERED that Respondents' Motion is DENIED in its entirety.

Dated: _____          _____
                                        Thomas F. Hogan
                                        United States District Judge