IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE:<br><br>GUANTÁNAMO BAY<br>DETAINEE LITIGATION | )<br>)<br>)<br>) **Misc. No. 08-442 (TF)**<br>) **Civil Action No. 1:05 CV 2384**<br>) **(RWR)**<br>)<br>)<br>) |

### PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION
### FOR LEAVE TO FILE AMENDED FACTUAL RETURN

Petitioner Jawad Jabbar Sadkhan Al-Sahlani ("Petitioner" or "Jawad"), by his undersigned counsel, objects to the Government's Motion for Leave to File An Amended Factual Return ("Motion") in this case on October 17, 2008.

Jawad has been in custody at Guantánamo Bay, Cuba since January 2002. Over three (3) years ago, on July 28, 2005, acting *pro se*, Jawad filed a Petition for Writ of Habeas Corpus. A few months later, on October 17, 2005, acting through pro bono counsel, Petitioner filed an Amended Petition for Writ of Habeas Corpus. On January 3, 2006, Respondents filed their Answer to the Amended Petition, which contained the unclassified Factual Return. The classified Factual Return was submitted to counsel at the Secure Facility established for habeas counsel. After holding Jawad for almost seven (7) years at Guantánamo Bay, on October 17, 2008, Respondents filed their Motion to amend the factual return. *See* dkt. No. 101. The Government attempts to justify its Motion on the grounds that "the legal landscape has changed significantly" and "[e]vidence not part of the original CSRT record is now available to the Court."

This Court should deny the Government's Motion for four reasons: (1) the Government fails to show cause for its proposed amendment; (2) Jawad's detention must be justified, if it can be justified, on the basis of the grounds for detention as they existed at the time the petition was filed, not in retrospect many years later; (3) the Government's failure to sign the Amended Return violates Rule 11 of the Federal Rules of Civil Procedure; and (4) the Government improperly designates the entire document as "classified" and has failed to produce an unclassified version for counsel to discuss with Jawad, which prejudices Jawad's ability to respond to the Government's determination that he is an "enemy combatant."

## I. The Government Fails To Show Cause For Its Proposed Amendment.

In this Court's Scheduling Order of July 11, 2008, this Court stated that it "will allow amendment [of factual returns] only where the Government establishes cause for the amending." Scheduling Order dated July 11, 2008, at ¶ 4. The Court's requirement is consistent with the habeas statute, which permits amendments only "by leave of court." 28 U.S.C. § 2243. Leave of court should be denied where (a) the amendment is futile, (b) the party seeking the amendment has unduly delayed, (c) there exists bad faith or dilatory motive, or (d) allowing the amendment would unduly prejudice the party opposing amendment. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Here, undue delay, bad faith and undue prejudice present sufficient reasons to deny the Government's Motion.

First, the Government concedes that it has had significant time to gather and analyze evidence since Jawad's CSRT was held and the original return was filed in 2006. *See* Motion, at 3. In responding to the Amended Petition, the Government made a strategic choice to rely solely on the record in Petitioner's CSRT. The Court should not allow the Government to escape the consequences of that choice by allowing the Government to now expand the record beyond that

which was used to justify Jawad's detention. *See Societe Liz, S.A. v. Charles of the Ritz Group, Ltd.*, 118 F.R.D. 2, 5 (D.D.C. 1987).

<u>Second</u>, the Respondents have acted in bad faith and in violation of Jawad's rights by continuing to interrogate Jawad <u>after</u> being put on notice that he is represented by counsel. *See* Rule 4.2 of the Army Rules of Professional Responsibility for Lawyers, AR 27-26 (1992); *see also U.S. v. Lemonakis*, 485 F.2d 941, 955 (D.C. Cir. 1973). They should not be permitted to benefit from their misconduct.

<u>Third</u>, the Government's two-year delay between the original return and the Amended Return prejudices Jawad. Had the Government not waited so long to seek to amend the return, Jawad would have had more opportunities to find exculpatory evidence and rebuttal witnesses. The Government should not be allowed to make an amendment that would "unfairly disadvantage[] or deprive [] [Petitioner] of the opportunity to present facts of evidence which it would have offered had the amendments been timely." *In re Vitamins Antitrust Litig.,* 217 F.R.D. 34, 36 (D.D.C. 2003) (internal quotation marks and citations omitted).

The Government's suggestion that the Court should allow the amendment because "the legal landscape has changed significantly [,]" Motion at 1, also should be rejected. *Boumediene v. Bush* did not significantly alter the legal landscape because "*Rasul* put everyone on notice that habeas process was available to Guantánamo prisoners . . . ." 128 S. Ct. 2229, 2278 (2008) (Souter, J., concurring). "[N]o one who reads the Court's opinion in *Rasul* could seriously doubt that the jurisdictional question must be answered the same way in purely constitutional cases … [W]hether one agrees or disagrees with today's decision, it is no bolt out of the blue." *Id*. The Government should have known that its attempt to deprive Guantánamo detainees of habeas

3

could be overturned, as it eventually was in *Boumediene*, and the Government's contention that *Boumediene* was "unprecedented" should be rejected.

*Boumediene* only addressed the narrow question of whether habeas corpus was available to prisoners like Jawad, and the substantive law that governs these proceedings has not changed. *Boumediene* "does not address the content of the law that governs petitioners' detention" (128 S.Ct. at 2277), and therefore could not have impacted the Government's theory for why it has been detaining Jawad for almost seven years. Either the evidence considered by the CSRT was sufficient to show that Petitioner was an "enemy combatant" (whatever the correct definition of the term may be), or it was not. If anything has changed in Petitioner's case, it is not the underlying "legal landscape," but the Government's specious rationale for detaining him in the first place.

II.  **The Government's Motion Should Be Denied Because The Government Is Required to Justify – If It Can – Jawad's Detention Based On Information Known At the Time Of His Detention, Not Based On The "Most Up-To-Date" Information.**

The Government's shift in its position as to the reasons Jawad has been detained runs counter to the underlying principle of habeas corpus: a detention must be legally justified from its inception, not just in retrospect. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (purpose of habeas corpus is effective and speedy inquiry into legality of detention); *see also Preiser v. Rodriguez*, 411 U.S. 475, 495 (1973); *Stack v. Boyle*, 342 U.S. 1, 4 (1952). Jawad has been waiting for almost seven years for access to the writ of habeas corpus. He has been imprisoned for the entire time, and the Government now argues that it should be able to use information obtained during the past six years to justify his detention. This argument runs contrary to principles of habeas corpus and the Government's Motion should be denied.

The Government's argument that it should be allowed to present the "most up-to-date information" offers no limiting principle for amending returns and would give the Government

4

excuses for further delay by offering repeated amendments with "current information." Habeas corpus requires that the Executive *promptly* justify a prisoner's detention. *See Stack*, 342 U.S. at 4. The Government has avoided that requirement for over six years, while Jawad remains imprisoned at Guantánamo. This Court should not give the Government further opportunity for delay by granting its Motion.

### III. The Court Should Deny The Government's Motion Because The Amended Return Is Unsigned.

The proposed amended return is deficient on its face because it is unsigned. Under the Federal Rules of Civil Procedure, which govern in habeas proceedings, if no officer of the Court attests, after reasonable inquiry, that the amended return is not filed for an improper purpose, is not frivolous, and is supported by the evidence, then this Court "must strike" the unsigned pleading. *See* Fed. R. Civ. P. 11(a); *Thomas v. Paulson*, 507 F.Supp.2d 59, 64 n.6 (D.D.C. 2007) (unsigned response to summary judgment statement of material facts violates Rule 11(a)). The lack of a signature not only violates Rule 11, but also fails to satisfy the habeas statute, which requires that "[t]he person to whom the writ or order is directed shall make a return *certifying* the true cause of the detention." 28 U.S.C. § 2243 (emphasis added). Given the Government's shifting position for Petitioner's detention and the dubious nature – recognized by the Court of Appeals for this Circuit – of the information on which the Government has sought to justify the detention of other Guantánamo prisoners, *see Parhat v. Gates*, 532 F.3d 834, 848-49 (D.C. Cir. 2008) (noting complete lack of credible evidence to justify the prisoner's detention), it is particularly important in these cases that a Government attorney attest that the return is supported by the evidence. Because the Government has not signed the Amended Return, this Court should deny its Motion.

**IV. The Government's Motion Should Be Denied Because Its Classification Of The Entire Amended Return As Secret Is Overbroad And Precludes Counsel And Petitioner From Properly Responding To The Amended Return.**

This Court should deny the Government's Motion because its classification of the Amended Return is overbroad and prohibits Jawad from properly responding to the allegations against him. <u>First</u>, the Government's classification of the entire Amended Return as "secret" is overbroad. By way of example, the Amended Return includes (1) materials that have already been marked "unclassified" by the U.S. Government, and (2) materials that were submitted by the undersigned counsel. These materials are clearly unclassified and this Court should not permit the Government to take such an expansive view of the protective order.

<u>Second</u>, the Government has yet to provide an unclassified version of its amended return. Under the protective order, "[a]s soon as practicable following the original filing date, respondents' counsel shall file in the CM/ECF system a version of the pleading or document appropriate for filing on the public record, consistent with the procedures outlined in paragraphs 47.a-c of this Protective Order." 09/11/08 Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, dkt. 409, at ¶ 48.a, *In re Guantanamo Bay Detainee Litigation*, Case No. 08-442. Counsel cannot discuss classified information with Jawad unless that information was obtained from Jawad himself. As a result, Jawad's cleared counsel will be unable to discuss the Amended Return with Jawad[1] or with counsel who do not have a clearance. Without access to an unclassified version of the amended return, Jawad is in effect denied notice of the allegations against him, in violation of basic requirements of due process. *See Boumediene v. Bush*, 128 S.Ct. 2229, 2269 (2008) (noting that among the deficiencies in the CSRT process Petitioners identified was the detainee's access only

---

[1] One of Jawad's counsel, Sapna G. Lalmalani, is traveling to Guantánamo to visit with Jawad on December 1, 2008.

6

to the unclassified portion of Government Information); *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004) (plurality opinion); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).

Because the Government's classification of the Amended Return is overbroad and denies Jawad notice of the allegations against him and an opportunity to respond, this Court should deny the Government's Motion. Alternatively, if this Court allows leave to amend, it should order the Government to submit an unclassified version of the Amended Return within five (5) business days.

## CONCLUSION

Based on the reasons stated above, this Court should deny the Government's Motion to amend the factual return.

Dated: October 31, 2008         Respectfully submitted,


  /s/ Jeffrey D. Colman_____
JENNER & BLOCK LLP
Jeffrey D. Colman
Sapna G. Lalmalani
Sarah E. Crane
330 N. Wabash Avenue
Chicago, Illinois 60611
T: (312) 222-9350
F: (312) 527-0484

LAW OFFICES OF
WILLIAM A. WERTHEIMER, JR.
William A. Wertheimer, Jr.
30515 Timberbrook Lane
Bingham Farms, Michigan 48025
T: (248) 644-9200
F: (248) 593-5128

Of Counsel:
CENTER FOR CONSTITUTIONAL RIGHTS
Shayana Kadidal
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6499

(Attorneys for Petitioner)

# CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2008, I caused the foregoing Petitioner's Opposition to Respondents' Motion for Leave to File Amended Factual Return to be delivered to the below-listed counsel of record in the above-captioned matters through the CM/ECF system:

>Andrew I. Warden
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue NW
>Washington, D.C. 20530
>
>Terry Marcus Henry
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue NW
>Washington, D.C. 20530
>
>John J. Siemietkowski
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue NW
>Washington, D.C. 20530

    /s/ Jeffrey D. Colman_____