**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| IN RE:<br>GUANTANAMO BAY<br>DETAINEE LITIGATION | ) ) ) ) ) ) | Misc. No. 08-442 (TFH) |
| ABU AL QADER HUSSEIN<br>AL-MUDAFARI et al.,<br><br>Petitioners,<br>v.<br><br>GEORGE W. BUSH, et al,<br><br>Respondents. | ) ) ) ) ) ) ) ) ) ) ) | Civil No. 05-CV-2185 (JR) |

**RESPONDENTS' REPLY IN SUPPORT OF MOTION
FOR LEAVE TO AMEND FACTUAL RETURN**

In his opposition brief, Petitioner Abu al-Qader Hussein al-Mudafari (ISN 040) ("Petitioner") argues that Respondents should not be allowed to amend the factual return in this case. For the reasons set forth below, Petitioner's arguments are without merit.

As explained in Respondents' Motion for Leave to File Amended Factual Return, in defending a petitioner's detention as an enemy combatant, Respondents are entitled to present to the Court its most appropriate case for detention. The Court is not reviewing past decisions of prior determinations of administrative tribunals, but rather is reviewing a prospective challenge to Petitioner's detention as an enemy combatant today. Respondents, therefore, should not be restricted to the specific materials included in the return previously filed, which was compiled nearly four years ago.

Prior returns submitted in this and other Guantanamo Bay detainee cases comprised the records of the Combatant Status Review Tribunal ("CSRT") proceedings convened for petitioners that were produced in a legal context different from the one in which this matter now proceeds. Evidence not part of the original CSRT record is now available to the Court as it considers the proper disposition of the habeas petitions. Moreover, the legal landscape has changed significantly during the four years since the original CSRT records were compiled. Updated factual returns are therefore appropriate. Just as Respondents are submitting evidence beyond the 2004 CSRT records to justify its determination to detain enemy combatants in those cases in which *no* factual return has yet been filed, it should be permitted to submit such a return here as doing so will represent its most appropriate case for the non-punitive detention of petitioners as enemy combatants today. There is no justification, where this habeas action seeks prospective relief from detention as of 2008, for restricting Respondents' case to only evidence considered by CSRTs in 2004. As a general matter, such a restriction in the Guantanamo cases would preclude the Court from considering any wartime intelligence developed by the United States during the past four years. Equally, if not more significantly, in light of legal developments since 2004, a time-bound restriction would risk the erroneous release of actual enemy combatants – and, thus, the return of those combatants to the battlefield to wage further war against American soldiers and civilians.

In response, Petitioner argues that the Court should not allow Respondents to amend its factual return because (1) Respondents have failed to show cause for the "untimely" amendment; (2) public policy warrants denial of the amendment; (3) Respondents have violated Federal Rule of Civil Procedure 11; and (4) Petitioner is prejudiced because Respondents did not file an

2

unclassified version of the return. (Opp. at 2.)[1] None of these arguments merits the denial of Respondents' motion.

I. **RESPONDENTS HAVE ESTABLISHED CAUSE TO AMEND THE FACTUAL RETURN**

As stated in Respondents' Motion for Leave to File Amended Factual Return, the legal landscape and requirements in this case and the other habeas corpus petitions filed by detainees at Guantanamo Bay, as well as expectations as to the type of review appropriate in detainee habeas cases, have changed significantly since the filing of the CSRT records in 2004, requiring reassessment of the type of evidence appropriately relied upon in a habeas case such as this. Since the decision in <u>Boumediene v. Bush</u>, 128 S. Ct. 2229 (2008), Respondents have been expeditiously moving to file amended returns consistent with the mandate of that decision. In addition, merits-related proceedings in this case have not begun, and Petitioner will have the opportunity to present evidence and otherwise respond to the evidence presented in the amended return such that no prejudice warranting denial of the motion to amend exists. Respondents, therefore, should be permitted to amend their factual returns pertaining to petitioners.

Petitioner claims that, if Respondents had filed their amended return three years ago, Petitioner "would have had more opportunities to find exculpatory evidence and rebuttal witnesses." (Opp. at 3.) This vague, unsupported contention should be afforded little weight. As noted above, it would have made no sense for Respondents to have moved to amend their return three years ago, as the <u>Boumediene</u> decision was issued on June 12, 2008, and the amended return is relevant to the legal landscape established by that decision. Moreover,

---

[1] Citations to "Opp." refer to Petitioner's Memorandum of Law in Opposition to Respondents' Motion for Leave to File Amended Factual Return, filed October 24, 2008 (08-mc-442 Docket #792; 05-cv-2185 Docket #97.) Respondents filed their Motion for Leave to File Amended Factual Return on October 10, 2008 (08-mc-442 Docket #703; 05-cv-2185 Docket #94).

Respondents' motion to file an amended return has in no way affected Petitioner's "opportunities to find exculpatory evidence," as he suggests. Nor has it impeded his ability to find rebuttal witnesses, a contention that is unsupported by any evidence whatsoever. In any event, Petitioner may certainly seek additional time to gather such evidence, if it is appropriate to do so in the course of proceedings in this case.

## II. PRINCIPLES OF FAIRNESS WEIGH HEAVILY IN FAVOR OF ALLOWING RESPONDENTS TO AMEND THE FACTUAL RETURN

Petitioner argues that "federal habeas practice and public policy," as well as "fundamental fairness" require that the Court deny Respondents' motion to amend. (Opp. at 4-5.) To the contrary, these same practices and principles require that Respondents be permitted to present their best case demonstrating that Petitioner is a properly detained enemy combatant. Again, as discussed above and in Respondents' initial brief, Respondents have moved to amend the factual return to reflect the altered legal landscape as established by the <u>Boumediene</u> decision. It would be unfair to Respondents to force them to rely exclusively on the CSRT record when the Supreme Court has held that Petitioner has a previously unrecognized constitutional right to seek habeas corpus relief in this Court.

## III. RESPONDENTS PROPERLY SIGNED THE MOTION TO AMEND AND INCLUDED A SIGNED DECLARATION ATTACHING THE FACTUAL NARRATIVE

Petitioner also argues that the Court should strike the amended return because it "does not bear the signature of an officer of the Court, nor is it supported by any attestation or certification." (Opp. at 6.) This argument is baseless. Respondents' counsel signed the motion to amend and the amended return cover filing. Further, the amended return itself includes a signed declaration of Rear Admiral David Thomas attaching the narrative and supporting materials and stating that they "contain information used by the Department of Defense to establish the status of

4

[Petitioner] as an enemy combatant and to substantiate their detention." To the extent that it is implicated in this proceeding, Respondents complied with Federal Rule of Civil Procedure 11.

Further, without conceding that 28 U.S.C. § 2243 applies to this case, see Boumediene, 128 S. Ct. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring), the amended return explains the factual bases for Petitioner's detention upon which Respondents are relying. See Gladden v. Gidley, 337 F.2d 575, 578 (9th Cir. 1964) (stating that "the provision of section 2243 that the return should certify 'the true cause of the detention' survives from an earlier form of the statute which did not provide for the show cause procedure [return]," and that the purpose of the show cause procedure [return] is for the opposing parties to "exhibit" the facts on which they rely) (quoting Walker v. Johnston, 312 U.S. 275, 284 (1941)). The amended return does, in fact, certify the "true cause of the detention" consistent with Section 2243.

## IV. RESPONDENTS EXPECT TO PRODUCE AN UNCLASSIFIED RETURN IN ACCORDANCE WITH RELEVANT COURT ORDERS

Finally, Petitioner argues that Respondents should produce an unclassified version of the amended factual return. (Opp. at 6.) Respondents fully recognize the need for unclassified versions of the amended and original factual returns being filed in the Guantanamo habeas cases before the Court, including these cases. Respondents, however, has filed 120 amended or original factual returns in the Guantanamo cases before the various Judges of the Court and continue to expend tremendous resources, as more fully described in Respondents' Motion for Partial and Temporary Relief from the Court's July 11, 2008 Scheduling Order (Misc. No. 08-0442) (Docket #317), to file at least 50 additional amended or original factual returns per month. While Respondents are working to develop a process whereby unclassified versions of newly filed

5

factual returns can also be produced, the document review and redaction resources required for production of such unclassified versions are the same review and redaction resources required for production of the more than 50 new factual returns per month. These significant and competing resource demands have meant that Respondents have not been able to produce unclassified versions of most of the factual returns already filed.

Here, Petitioner's counsel have not articulated a specific, emergency need for production of an unclassified version of the return that would warrant imposition on the Respondents' factual return production resources at this time or in priority over other petitioners for whom factual returns have been filed. Moreover, production of an unclassified version of a factual return should not be required based on no more than a counsel's request for such a version to be produced "immediately," at least until proper coordination of review and redaction resources necessary to produce such versions is accomplished. Accordingly, the Court should deny Petitioner's request to compel production of an unclassified version of their factual returns in these cases at this time, pending development and implementation of a process, equitable to all petitioners in these Guantanamo cases, for production of unclassified versions of the factual returns.

## CONCLUSION

For the reasons set forth above and in Respondents' Motion for Leave to File Amended Factual Return, Respondents' motion should be granted.

Dated: November 3, 2008

Respectfully submitted,

GREGORY KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

*s/Paul Cirino*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 27191)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL AHERN
PAUL CIRINO
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Telephone: (202) 305-3267
Facsimile: (202) 305-2685
paul.cirino2@usdoj.gov

Attorneys for Respondents