UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RAHIM ALI-NASHIR, et. al.

                                    Petitioners,

                    v.

ROBERT M. GATES, et. al.

                                    Respondents.

MOTION TO FILE A
CONSOLIDATED REPLY AND
TO EXPAND THE LOCAL RULE
7(e) PAGE LIMIT

Civil Docket Number 08-1085
Civil Docket Number 08-1207
Misc. No. 08-0442 (TFH)

## PRELIMINARY STATEMENT

SCOTT L. FENSTERMAKER, ESQ. (hereinafter, "Movant") respectfully submits this motion for an Order of this Court permitting Movant to file a consolidated reply to Respondents' filing styled "Respondents' Response to 'Petitioner's Response to the October 3, 2008 Order to Show Cause and Motion for Miscellaneous Relief'" (*see* 08-cv-1085, document 57), and the Federal Defender for the District of Nevada's ("Federal Defender") "Response to 'Petitioner's Response to the October 3, 2008 Order to Show Cause and Motion for Miscellaneous Relief" (08-cv-1207, referenced in document 48), and "Response (sic) the Court's October 27, 2008 Order to Show Cause" (08-cv-1207, referenced in document 50). Movant also moves for an expansion of the page limit set forth in Local Rule 7(e) from 25 pages to 40 pages. Finally, Movant requests an Order of this Court directing that the Federal Defender serve Movant with copies of any filings she submits in the instant action, including her most recent filings styled "Response to 'Petitioner's Response to the October 3, 2008 Order to Show Cause and Motion for Miscellaneous Relief," and "Response (sic) the Court's October 27, 2008 Order to Show Cause," until further notice.

1

By electronic filing, Movant filed documents in response to the Court's October 3, 2008 Order to Show Cause and the Court's October 7, 2008 Order permitting an expansion of time. The Court, by Order dated October 27, 2008, directed Respondents and the Federal Defender to respond to Movant's request for a hearing and for an Order directing that Movant be permitted to communicate with his client, Petitioner herein, by mail and by in-person conferences at Guantánamo Bay, Cuba. The Court's October 27, 2008 Order also directed the Federal Defender to show cause why the Petition in 08-cv-1207 should not be dismissed.

The Federal Defender filed her response to Movant's October 17, 2008 filings, styled "Response to 'Petitioner's Response to the October 3, 2008 Order to Show Cause and Motion for Miscellaneous Relief," on or about October 28, 2008. Movant was not served with a copy of this filing. Similarly, the Federal Defender filed her response to the Court's October 27, 2008 Order to Show Cause, styled "Response (sic) the Court's October 27, 2008 Order to Show Cause," on October 31, 2008. Movant was never served with a copy of this filing either. Respondents filed their response to Movant's request for an evidentiary hearing and for access to Movant's client on October 31, 2008.

### MOTION TO FILE A CONSOLIDATED REPLY AND FOR EXPANSION OF THE LOCAL RULE 7(e) PAGE LIMIT

Petitioner herein moves for permission to file a consolidated reply to address both the Federal Defender's and Respondents' October 28, 2008 and October 31, 2008 submissions. For the reasons set forth below, there exists good cause for granting Petitioner's request.

Here, permitting a consolidated reply to the Federal Defender's two submissions and Respondent's response to Movant's October 17, 2008 motion for a hearing and access to Petitioner will conserve judicial resources. Respondents' actions in blocking Movant's ability to communicate with Petitioner have effectively not only contributed to the Federal Defender's

interference with Movant's attorney-client relationship with Petitioner, but also have detrimentally affected his relationship with those of other detainees who have sought Movant's legal assistance. Respondents' October 31, 2008 submission, while claiming to take no position as to which attorney represents Petitioner, seeks to oppose any direct input by Petitioner at a hearing to settle the matter. Movant will demonstrate, in his proposed reply, that Respondents' opposition to the hearing is entirely consistent with the government's prior improper conduct. Specifically, Respondents' opposition to the proposed hearing serves as an extension of the government's continuing pattern of isolating Petitioner from his chosen attorney, by preventing Petitioner's personal input, while furthering the attempted establishment of an attorney-client relationship between the Federal Defender through permitting her meetings and her use of the legal mail system. A single reply to all three submissions addressing the interrelationship between the Federal Defender's actions and the government's policy of obstructing Movant's communication with Petitioner, a policy that is entirely consistent with Respondents' opposition to the proposed hearing, would reduce confusion, assist Movant in setting forth his arguments succinctly and avoid the need to present the same set of facts and arguments in three different sets of papers. Therefore, the granting of this motion to consolidate the reply and expand the applicable page limit will further judicial economy.

## MOTION FOR AN ORDER DIRECTING THE FEDERAL DEFENDER TO SERVE UPON MOVANT COPIES OF ALL HER FILINGS IN THE INSTANT MATTER

Petitioner herein moves for an Order of the Court directing the Federal Defender to serve copies of all of her filings pertaining to the instant matter on Movant until further notice. By letter dated May 27, 2008, Petitioner clearly reaffirmed his selection of Movant as his retained counsel and explicitly rejected the Federal Defender in that capacity. Nevertheless, the Federal Defender has stalwartly refused to recognize Petitioner's selection, or at the very least

3

acknowledge the dispute therefrom. Unlike the Respondents herein, it has been the Federal Defender's practice to ignore Movant's assertion of representation. While the government has consistently served Movant with copies of its filings in the instant action and in related litigation in other courts, the Federal Defender has not. On one occasion, she cited to the various protective orders as justification for her refusal to properly serve Movant.[1] While the government has at least recognized that fairness demands that the opposing party be accorded an opportunity to respond, and has thus served Movant with copies of its filings, the Federal Defender has seen fit to completely ignore Movant as an interested party. Astonishingly, she has refused to serve upon or to even notify Movant of filings directly related to her challenge of Movant's authorization to act on Petitioner's behalf. The Federal Defender's October 28, 2008 and October 31, 2008 filings herein, and her August 25, 2008 motion to strike Movant's filings in Petitioner's DTA matter in the DC Circuit, are three examples.[2] In both courts the Federal Defender actively sought Movant's removal as Petitioner's attorney. In both courts the Federal Defender declined to serve her papers on Movant. In both instances, Movant requested copies of the Federal Defender's filings from the Federal Defender only to be ignored.

Fundamental fairness dictates that Movant be provided with copies of the Federal Defender's papers in this matter, particularly in matters related to the Court's attempt to identify Petitioner's chosen counsel. Where Respondents, by consistently serving their papers on Movant, have deemed it only appropriate and fair that Movant be entitled to respond, the Federal

---

[1] In Petitioner's DTA matter, Movant filed a motion to hold the Federal Defender's motion to strike Movant's filings in abeyance pending proper service of that motion on Movant. The Federal Defender responded to Movant's motion by claiming that "[s]ince Mr. Fenstermaker is not authorized counsel he has no standing to assert a general right to be served with pleadings in this case." The Federal Defender has never responded to Movant's requests for copies of the Federal Defender's filings, forcing Movant to seek Court intervention.

[2] Movant only learned of the Federal Defender's motion to strike Movant's filings in the DC Circuit through reading Respondents' filing in this Court in docket number 08-misc-0442.

4

Defender can have no acceptable excuse for failing to act likewise. Requiring the Federal Defender to so act would facilitate Movant's ability to reply in due course and in a timely manner. In the interest of judicial economy and to avoid Movant from having to repeat these unnecessary requests for court intervention at every stage of these proceedings, this Court should direct the Federal Defender to serve copies of her filings on Movant in the instant action until further notice.

## CONCLUSION

For the foregoing reasons, this Court should grant Movant's request to file a consolidated reply, for an Order directing that the Federal Defender serve Movant with copies of her filings in the instant action, including her two most recent filings, and for an Order expanding the Local Rule 7(e) page limit from 25 to 40.

Dated: New York, New York
      November 4, 2008

**The Law Offices of Scott L. Fenstermaker, P.C.**
300 Park Avenue, 17th Floor
New York, New York 10022
(212) 302-0201 (o)
(917) 817-9001 (c)
(212) 302-0327 (f)

By: _Scott L. Fenstermaker_
      Scott L. Fenstermaker, Esq.

# APPENDIX A

Pursuant to Local Rule 7(m), Scott L. Fenstermaker contacted counsel for Respondents and for the Federal Defender for the District of Nevada ("Federal Defender"), Paul G. Turner, Esq., to meet and confer regarding potential opposition to the instant motions. The responses received by Tuesday, November 4, 2008 as of 9:00 p.m. EST are as follows:

Respondents, by their attorney Jonathan S. Needle, Esq., do not oppose Petitioner's request to file a consolidated reply and do not oppose Petitioner's motion to expand the Rule 7(e) page limit to 40. Respondents oppose Petitioner's request for an Order directing the Federal Defender to serve her papers in the instant matter on Petitioner.

The Federal Defender does not oppose Petitioner's request to file a consolidated reply, so long as that reply complies with Local Rule 7(e). The Federal Defender does not oppose Petitioner's request to expand the page limit to 40. The Federal Defender did not respond to Petitioner's request for an Order directing the Federal Defender to serve Movant with copies of her filings in the instant matter, other than to state that "[w]e further oppose any filings, including the ones proposed in your e-mail, to the extent they contain and are based in any way upon the incorrect representation that you are Mr. Al-Nashiri's counsel."