IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | ) Misc. No. 08-0442 (TFH)<br>)<br>) Civil Action Nos.<br>)<br>) 04-CV-1136, 04-CV-1144; 04-CV-1194, 04-CV-1254,<br>) 05-CV-0270, 05-CV-0280, 05-CV-0329, 05-CV-0392,<br>) 05-CV-0492, 05-CV-0520, 05-CV-0526, 05-CV-0634,<br>) 05-CV-0748, 05-CV-0877, 05-CV-0883, 05-CV-0994,<br>) 05-CV-0998, 05-CV-1048, 05-CV-1124, 05-CV-1220,<br>) 05-CV-1244, 05-CV-1347, 05-CV-1353, 05-CV-1429,<br>) 05-CV-1457, 05-CV-1458, 05-CV-1487, 05-CV-1497,<br>) 05-CV-1504, 05-CV-1505, 05-CV-1506, 05-CV-1509,<br>) 05-CV-1555, 05-CV-1592, 05-CV-1601, 05-CV-1602,<br>) 05-CV-1607, 05-CV-1623, 05-CV-1639, 05-CV-1704,<br>) 05-CV-1971, 05-CV-2088, 05-CV-2185, 05-CV-2186,<br>) 05-CV-2199, 05-CV-2249, 05-CV-2367, 05-CV-2370,<br>) 05-CV-2371, 05-CV-2379, 05-CV-2380, 05-CV-2384,<br>) 05-CV-2385, 05-CV-2386, 05-CV-2387, 05-CV-2398,<br>) 05-CV-2477, 05-CV-2479, 06-CV-1668, 06-CV-1684,<br>) 06-CV-1688, 06-CV-1690, 06-CV-1758, 06-CV-1759,<br>) 06-CV-1761, 06-CV-1767, 08-CV-0987, 08-CV-1101,<br>) 08-CV-1153, 08-CV-1185, 08-CV-1207, 08-CV-1221,<br>) 08-CV-1227, 08-CV-1235, 08-CV-1237, 08-CV-1238,<br>) 08-CV-1310, 08-CV-1628 |

**RESPONDENTS' SECOND REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS IMPROPER RESPONDENTS**

Respondents filed identical motions in each of the above-captioned matters, which moved this Court to dismiss all improper respondents from these actions, including, *inter alia*, the President of the United States and, with the exception of the Secretary of Defense, all Department of Defense ("DOD") respondents. A separate opposition was filed in each of the above-captioned cases, as well as in cases to which Respondents filed a reply on October 31, 2008. All oppositions raised similar, if not identical, objections. In the interests of judicial efficiency, Respondents are filing this consolidated reply in all of the above-captioned cases.

Further, Respondents incorporate by reference their Reply Memorandum in Support of Motion to Dismiss Improper Respondents, 08-mc-0442-TFH Dkt#907, as though fully set forth herein.

The proper respondent to a habeas petition traditionally is the person who has immediate custody over the petitioner (although the Supreme Court has found an exception that applies here, under which the Secretary of Defense is the proper respondent). Clearly, the President does not have immediate custody over these petitioners. Moreover, this Court lacks authority to order the President to grant the petitioners' requests for habeas relief. Consequently, the President should be dismissed as a party to these actions.

In these particular cases, the Secretary of Defense, in his official capacity, exercises legal control over these petitioners. Because the Supreme Court's exception to the traditional immediate custodian rule for extraterritorial detentions applies here, the Secretary of Defense is the proper respondent. Finally, as any additional DOD respondents are redundant and superfluous to these proceedings, they should be dismissed.

**ARGUMENT**

**I. THE PRESIDENT IS AN IMPROPER RESPONDENT BECAUSE HE LACKS IMMEDIATE CUSTODY OVER THESE PETITIONERS**

Rule 28 U.S.C. § 2242 directs an applicant for a writ of habeas corpus to detail "the name of the person who has custody over him . . . ."[1] In traditional habeas litigation, and in the case of military detentions, the proper respondent to the petition is the person with immediate custody over the petitioner, *e.g.*, "the warden of the facility where the prisoner is being held," and "not . . . some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 437 (2004);

---

[1] Technically, the habeas statute does not apply. Because the Military Commissions Act eliminates statutory habeas for these petitioners in its entirety, and is unconstitutional only to the extent that the Suspension Clause mandates habeas review in this context of its own force, the only appropriate procedures are those required by the Constitution itself. *Boumediene v. Bush*, 128 S.Ct. 2229, 2278 (2008) (Souter, J., concurring) ("Subsequent legislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all."). Nevertheless, Respondents cite cases arising under the habeas statute as they provide persuasive authority on the issue presented.

*see also id.* (custodian is the person "with the ability to produce the prisoner's body before the habeas court."). Obviously, in the instant litigation, that person is not the President of the United States.[2]

Almost all petitioners contend that dismissing the President would allow the Government to evade this Court's authority simply by transferring his custody to another agency, for example, the Central Intelligence Agency (CIA). *E.g., Kuman, Al Wady & Balzuhair* Opp'n, 08-mc-0442-TFH Dkt#871, pp. 5-6. This argument actually conflates the immediate custodian rule with the corollary 28 U.S.C. § 2241(a) jurisdictional rule, which limits a court's granting of habeas relief to "within [its] respective jurisdiction[]."[3] Although Guantanamo Bay is not physically within this Court's geographic jurisdiction, under *Boumediene v. Bush*, 128 S.Ct. 2229 (2008), the Court has jurisdiction over these habeas cases brought by persons detained at Guantanamo Bay, including Petitioners' cases. *See id.* at 2274 ("that there is no jurisdictional bar to the District Court's entertaining petitioners' [habeas] claims"). Petitioners' argument, therefore, amounts to the following: in the event that a petitioner is transferred to another U.S. Government agency, this Court might lose jurisdiction in the same way a court could lose 28 U.S.C. § 2241(a) jurisdiction over a traditional habeas petitioner whose physical custody is transferred to a different judicial district. *See al-Marri*, 360 F.3d at 710 ("Appellate courts regularly dismiss actions under § 2241 filed outside the judicial district that contains the place of the prisoner's

---

[2] Some petitioners argue that the President is an appropriate respondent and is a current custodian, because he authorized their detention at Guantanamo. *See e.g., Mousovi, Razak & Zadran* Opp'n, 08-mc-0442-TFH Dkt#872, p. 7; Petitioners' Opposition to Government's Motion to Dismiss Improper Respondents, 08-mc-0442-TFH Dkt#886, p. 5. Contrary to their argument, however, there is a distinct difference between the President having authority to authorize custody and actually executing physical custody over a detainee. *See e.g.*, *al-Marri v. Rumsfeld*, 360 F.3d 707, 708 (7th Cir. 2004). As the Supreme Court examined in *Rumsfeld v. Padilla*, to hold that the person who authorizes physical custody is a proper respondent is directly at odds with the immediate custodian rule. *Rumsfeld v. Padilla*, 542 U.S. 426, 435-39 (2004). Indeed, to hold that the proper respondents for habeas relief are those who authorize custody would open a Pandora's box; conceivably any person responsible for authorizing custody could be named as a respondent. *See e.g.*, *al-Marri*, 360 F.3d at 708, 711.

[3] Petitioners are asking the Court to keep the President as a respondent to preserve prospective, and not current, jurisdiction. Clearly, adding respondents to a habeas petition to protect *a court's jurisdiction* is inapposite to habeas law and would eviscerate the immediate custodian rule, even in a domestic setting.

-3-

detention."). However, that argument fails because, under *Boumediene*, the Court could still exercise jurisdiction over the custodian of persons held by the U.S. Government at Guantanamo Bay. *See also Rasul v. Bush*, 542 U.S. 466, 478-79 (2004) ("'the writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody,' a district court acts 'within [its] respective jurisdiction' within the meaning of § 2241 as long as 'the custodian can be reached by service of process.'") (internal citation omitted). By contrast, under Petitioners' reasoning, whether a person was held at Guantanamo Bay or domestically, the President would be a necessary respondent to maintain jurisdiction in the event of a highly speculative transfer to another U.S. agency or facility.

The President, however, is not the custodian of Petitioners and should, therefore, be dismissed as a party to these actions.

## II. THE COURT LACKS JURISDICTION TO ORDER THE PRESIDENT TO GRANT HABEAS RELIEF; THEREFORE, THE PRESIDENT SHOULD BE DISMISSED AS A RESPONDENT

The federal courts lack jurisdiction over the President in regard to the performance of his official duties that are executive, political, or discretionary. *See Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992) (plurality) ("the District Court's grant of injunctive relief against the President himself is extraordinary[;] . . . in general 'this court has no jurisdiction of a bill to enjoin the President in the performance of his official duties.'") (citing *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 501 (1867)). Instead, suits contesting actions of the Executive Branch, including the President, "should be brought against the President's subordinates." *al-Marri v. Rumsfeld*, 360 F.3d 707, 708 (7th Cir. 2004); *see also Franklin*, 505 U.S. at 802 ("injunctive relief against executive officials like the Secretary of Commerce is within the courts' power"); *id.* at 828 (Scalia J. concurring in part and concurring in the judgment) ("Review of the legality

of Presidential action can ordinarily be obtained in a suit seeking to enjoin the officers who attempt to enforce the President's directive. . . .").

Clearly, the designation of these petitioners as enemy combatants is not a decision lacking in discretion. At a minimum, the President has been granted broad discretionary authority by Congress in the Authorization for Use of Military Force ("AUMF"), Pub. L. No. 107-40, 115 Stat. 224 (2001). Such a delegation of authority, where the President has been authorized to use significant independent authority to defend the nation, is certainly not ministerial.[4] *See United States v. Curtiss-Wright Export Corp.*, 299 U.S. 304, 320 (1936). Nor does the President's authority to detain Petitioners under his Article II powers fall into the category of "ministerial." *See Padilla*, 352 F.3d at 712 ("We agree that great deference is afforded the President's exercise of his authority as Commander-in-Chief. . . . We also agree that whether a state of armed conflict exists against an enemy to which the laws of war apply is a political question for the President, not the courts.") *rev'd on other grounds*, 542 U.S. 426 (2004). To grant these petitioners habeas relief, the Court would have to order declaratory or injunctive relief against the President that would impact actions far from ministerial. The cases

---

[4] Several petitioners argue that this Court would not be enjoining the President from performing official duties that are executive, political, or discretionary, because the President's compliance with potential orders in these proceedings (*e.g.*, an order of release, an order vacating an enemy combatant designation, etc.) would be a ministerial duty removing the President's discretion to act. Pet'rs' Opp. to Gov't's Mot. to Dismiss Improper Resp's at 6. Petitioners' argument is illogical. In analyzing whether a court has authority to provide injunctive relief against the President, the focus is on what type of action the court's order compels or prohibits, not on the act of complying with the order itself. *See Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 498-499, 18 L.Ed. 437 (1867); *Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992) (plurality); *id.* at 825 (Scalia, J., concurring in part and concurring in the judgment). According to Petitioners' reasoning, <u>all</u> actions of the President could be enjoined because the President's act of complying with the order would be ministerial, though the action underlying that compliance concerns performance of his official duties.

cited by Petitioners[5] to support their opposition do nothing to limit the general principle that a court lacks power to enjoin or order Presidential actions that are non-ministerial.[6]

Consequently, the President should be dismissed as a party to these actions.[7]

## III. THE SECRETARY OF DEFENSE CAN EFFECTUATE ANY APPROPRIATE RELIEF; THEREFORE, ANY ADDITIONAL DEPARTMENT OF DEFENSE RESPONDENTS ARE SUPERFLUOUS AND SHOULD BE DISMISSED

The Supreme Court acknowledged that there is a long standing, implicit exception to the immediate custodian rule. *Padilla*, 542 U.S. at 436, n.9 (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11 (1955) and *Burns v. Wilson*, 346 U.S. 137 (1953)). A petitioner in a military detention can name supervisory officials, up to and including the Secretary of Defense, as respondents in cases of extraterritorial detentions.[8] *Id.* Such an exception applies in these

---

[5] *E.g., Kuman, Al Wady & Balzuhair*, 08-mc-0442-TFH Dkt#871, pp. 2-4 (citing *Clinton v. Jones*, 520 U.S. 681 (1997); *National Treasury Employees Union v. Nixon*, 492 F.2d 587 (D.C. Cir. 1974); *Nixon v. Sirica*, 487 F.2d 700 (D.C. Cir. 1973)).

[6] Petitioners also cite several cases within the Guantanamo Bay detainee litigation before the Court, noting that "courts have dealt with [these cases] without indicating that the President was not a proper defendant or respondent. *Rasul v. Bush*, 542 U.S. 466 (2004), *Boumediene v. Bush*, 128 S.Ct. 2229 (2008), and *Belbacha v. Bush*, 520 F.3d 452 (D.C. Cir. 2008)." *Kuman, Al Wady & Balzuhair* Opp'n at 3. However, none of these cases address the precise definition of a proper respondent for a detainee's habeas petition. Both *Boumediene* and *Rasul* determined whether the Court had jurisdiction over habeas cases brought on behalf of detainees at Guantanamo Bay under or in light of the statutory schemes that existed at the time of each decision, an issue Respondents are not challenging in this motion. *Boumediene*, 128 S.Ct. at 2240; *Rasul*, 542 U.S. at 470. *Belbacha* addressed whether this Court had the authority to enjoin the transfer of a detainee from Guantanamo. *Belbacha*, 520 F.3d at 459.

[7] Petitioners also argue that Respondents' motion cannot be granted in light of the petitioners' non-habeas claims pending before the Court. *E.g.,* Pet'rs' Opp'n to Gov't's Mot. to Dismiss Improper Resp's at 2-3.; *see Mousovi, Razak & Zadran* Opp'n at 10. Petitioners' argument fails, because, notwithstanding *Boumediene*, the Military Commissions Act legitimately withdraws from this Court's jurisdiction any non-habeas claims concerning a Guantanamo detainee's detention, transfer, treatment, trial, or conditions of confinement. Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, § 7(b), 120 Stat. 2600 (codified at 28 U.S.C. § 2241(e)(2)). *See In re Guantanamo Bay Detainee Litigation*, ___ F. Supp. 2d ___, No. 08-mc-0442, 2008 WL 4294305 (Sept. 22, 2008) (Hogan, J.) (§ 2241(e)(2) survives *Boumediene*).

[8] Petitioner Al-Nashiri (No. 08-cv-1207-RWR) argues that respondents representing government agencies outside of the Department of Defense are properly named because these other agencies allegedly had custody of Petitioner prior to his custody by the Department of Defense and have input and/or involvement in his current detention at Guantanamo. Al-Nashiri Notice of Opp'n, 08-cv-1207-RWR Dkt#47 (classified version of memorandum filed with the Court Security Officer). However, Petitioners' position is contrary to both the immediate custodian rule and the extraterritorial exception discussed above. Only a supervisory official within the Department of Defense, Petitioners' current custodian, and not another government agency, is a properly named respondent under the exception. *Padilla*, 542 U.S. at 436, n.9.

cases where Petitioners' physical detention is outside of the United States.[9] The Secretary of Defense, as a supervisory official who is subject to the jurisdiction of this Court, is a proper respondent. The Secretary of Defense exercises legal control over petitioners and can effectuate any appropriate habeas relief; thus, it is superfluous to name other DOD personnel as respondents.[10] The Court has frequently dismissed defendants in civil actions where inclusion of claims against them was redundant. *Price v. District of Columbia*, 545 F.Supp. 2d 89, 94-95 (D.D.C. 2008) (holding that, in a § 1983 action against the District of Columbia, official capacity claims are redundant and unnecessary and should be dismissed where the municipality is also a named defendant); *Jenkins v. Jackson*, 538 F.Supp. 2d 31 (D.D.C. 2008) (dismissing claims against individual defendants in their official capacities as redundant and an inefficient use of judicial resources where the plaintiff's employer was a named defendant in the Title VII action). The naming of improper respondents in Petitioners' habeas actions is analogous to the naming of improper defendants in *Price* and *Jenkins*. Because Petitioners' habeas claims against DOD personnel, other than the Secretary of Defense, are redundant and because the Secretary of Defense can provide any appropriate relief this Court may grant, naming these respondents is superfluous. *Id.*

Accordingly, the Secretary of Defense is the only proper respondent, and any additional DOD respondents should be dismissed.

---

[9] The applicability of the exception is not impacted by *Rasul v. Bush* and *Boumediene v. Bush*, as cited by Petitioners. *E.g., Kuman, Al Wady & Balzuhair* Opp'n at 7. As stated above, *Rasul* and *Boumediene* did not address the precise definition of a proper respondent for a detainee's habeas petition and, to that extent, they are irrelevant to this motion.

[10] Petitioner Al-Kazimi (No. 05-cv-2386-RBW) argues that the Commander of Joint Task Force Guantanamo and the Commander of Joint Detention Operations are properly named under the permissive joinder rule, Fed. R.Civ. Proc. 20(a)(2). Al-Kazimi Opp'n, 05-cv-2386-RBW Dkt#682, p. 4. However, the Federal Rules of Civil Procedure do not necessarily apply to statutory habeas petitions, let alone constitutional habeas claims such as these cases. *See* Fed. R.Civ. P. 81(a)(4); Section 2255 Habeas Rule 12; *Padilla*, 542 U.S. at 452; *see also Boumediene,* 128 S.Ct. at 2277 (petitioners are entitled to "fundamental" habeas rights; *Boumediene* "does not address the content of the law that govern petitioners' detention"); *id*. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring).

### IV. RESPONDENTS HAVE NOT WAIVED THEIR OBJECTIONS TO IMPROPERLY NAMED RESPONDENTS AND ARE NOT ESTOPPED FROM FILING A MOTION TO DISMISS IMPROPER RESPONDENTS

Some petitioners claim, without citing authority or factual support, that Respondents have waived objections to or are estopped from setting forth objections to improperly named respondents, because, in some cases, the filing of the motion occurred years after the petitioners' claims were filed.[11] *E.g.*, Uthman Opp'n, 08-mc-0442-TFH Dkt#876, p. 9; Petitioners' Opposition to Government's Motion to Dismiss Improper Respondents, 08-mc-0442-TFH Dkt#886, p. 8. To the contrary, the facts demonstrate that it was reasonable and appropriate for Respondents to file their Motion to Dismiss Improper Respondents at this time due to the course of events in the Guantanamo Bay detainee litigation – more specifically, the jurisdictional limbo that only recently ended with the decision in *Boumediene v. Bush*. Additionally, the coordinated proceeding before this Court was initiated only a few months ago and is the proper forum to address the issue, which is common to almost all Guantanamo cases.

Thus, Respondents have not waived their objections to improperly named respondents and are not estopped from bringing their Motion to Dismiss Improper Respondents.

### V. RESPONDENTS' MOTION TO DISMISS IMPROPER RESPONDENTS SHOULD BE GRANTED WITHOUT REGARD TO THE STIPULATIONS PROPOSED BY SOME OF THESE PETITIONERS

Some petitioners request that the Court enter an order that conditions dismissal of all respondents, other than the Secretary of Defense, on Respondents' agreement to five proposed stipulations regarding the powers and obligations of the Secretary of Defense and other agencies,

---

[11] Interestingly, some petitioners argue that Respondents' motion is both premature and untimely. Pet'rs' Opp'n to Gov't's Mot. to Dismiss Improper Resp's at 2. Respondents question how these petitioners can maintain that Respondents have waived or abandoned an objection to improperly named respondents at the same time that they claim that the motion is premature due to the petitioners' non-habeas claims pending before the Court. In any event, as explained above, this is a reasonable and appropriate time to address Respondents' objection, which is not premature because this Court lacks jurisdiction to adjudicate any non-habeas claims concerning a Guantanamo detainee's detention, transfer, treatment, trial, or conditions of confinement, *infra* n. 4.

including an agreement to reinstate the President as a respondent if a petitioner is transferred to another agency. *Mousovi, Razak & Zadran* Opp'n, 08-mc-0442-TFH Dkt#872, pp. 12-13. Respondents have affirmed in their motion and replies to opposition memoranda that the Secretary of Defense is the only proper respondent in these proceedings, is subject to the jurisdiction of this Court, and can effectuate any appropriate habeas relief ordered. As stated in the appendix to Respondents' motion, the petitioners' proposed stipulations set forth conditions that speak to the legal authority of the Secretary of Defense to carry out the relief requested by Petitioners and to act on behalf of the government in the course of this litigation. Resp's' Mot. to Dismiss, 08-mc-0442-TFH Dkt#723, Appendix A. Such authority is dictated by the operation of law, not stipulations among parties. *Id.* As such, and for the reasons set forth in Respondents' motion, this Court should grant Respondents' motion and dismiss improper respondents without regard to the stipulations proposed by these petitioners.

Additionally, some petitioners contend that Respondents did not comply with Local Rule 7(m) prior to filing the Motion to Dismiss Improper Respondents and that this alleged non-compliance warrants dismissal. *E.g., Mousovi, Razak & Zadran* Opp'n at 3. Petitioners' argument should not be credited. Local Rule 7(m) requires moving counsel to meet and confer with opposing counsel, either in person or by telephone, in an attempt to narrow the issues of disagreement before filing a motion with this Court. On October 10, 2008, counsel for Respondents sent an email to approximately 147 attorneys representing petitioners in the 139 cases coordinated before this Court setting forth Respondents' intention to file their motion and directing counsel to a similar motion filed before another Judge of the Court for an explanation of the basis. Counsel for Respondents received various responses from the petitioners' counsel, which were summarized in Appendix A to Respondents' motion. Based on the unique nature

-9-

and scope of the Guantanamo Bay detainee litigation coordinated and managed by this Court, Respondents satisfied the requirements of Local Rule 7(m). Due to the number and location of the petitioners' counsel, it was not practicable for Respondents' counsel to meet and confer with each of the petitioners' counsel in person or by telephone, and the email communication among counsel was an adequate, reasonable substitute. As set forth in Respondents' motion, counsel was unable to resolve this matter without Court intervention. Interestingly, many of the petitioners in the above-cited cases condemn Respondents' motion as a waste of Respondents' "supposedly precious attorney resources" and the petitioners' and the Court's time and effort. Al-Quhtani's Opp'n, 08-mc-0442-TFH Dkt#875, pp. 1-2. Yet, at the same time, these petitioners are arguing that Respondents' counsel was non-compliant by implementing, given the special circumstances of these proceedings, a more efficient method of meeting and conferring with their counsel. They request dismissal of this motion for Respondents' counsel's alleged non-compliance with Local Rule 7(m), which would only cause additional time and effort and delay a decision on the merits. Petitioners' positions cannot be reconciled.

Accordingly, this Court should grant Respondents' Motion to Dismiss Improper Respondents without regard to the proposed stipulations of these petitioners.

## CONCLUSION

For the reasons stated above, Respondents' Motion to Dismiss Improper Respondents should be granted and all respondents named in these coordinated matters, other than the Secretary of Defense, in his official capacity, should be dismissed with prejudice.[12]

---

[12] Several petitioners claim that any dismissal of improperly named respondents should be done without prejudice. *Kuman, Al Wady & Balzuhair* Opp'n at 8, n. 4 (citing *Jarrell v. United States Postal Service*, 753 F.2d 1088, 1091 (D.C. Cir. 1985)). *Jarrell* held that the failure of a *pro se* litigant to name the Postmaster General (the only proper defendant in his Title VII action) did not warrant dismissal of the action with prejudice where amendment of the complaint could cure the deficiency. *Jarrel*, 753 F.2d at 1091. *Jarrell* is distinguishable from the instant cases. In these proceedings, Respondents' motion does not seek to dismiss Petitioners' habeas claims, but rather the improperly named respondents in those claims. Respondents' motion seeks dismissal of improper respondents on

Dated: November 6, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 /s/ *Kathryn C. Mason*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
SCOTT M. MARCONDA
KATHRYN C. MASON
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 616-9193
Fax:  (202) 616-8470
Attorneys for Respondents

---

substantive grounds, as discussed above.  Thus, amendment of their petitions or allegations of other facts cannot cure the deficiency in naming these respondents.