# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE:**<br><br>**GUANTANAMO BAY DETAINEE LITIGATION** | **Misc. No. 08-0442 (TFH)**<br><br>**Civil Action Nos.**<br><br>**02-cv-0828, 04-cv-1136, 04-cv-1164, 04-cv-1194, 04-cv-1254, 04-cv-1937, 04-cv-2022, 04-cv-2046, 04-cv-2215, 05-cv-0023, 05-cv-0247, 05-cv-0270, 05-cv-0280, 05-cv-0329, 05-cv-0359, 05-cv-0392, 05-cv-0492, 05-cv-0520, 05-cv-0526, 05-cv-0569, 05-cv-0634, 05-cv-0748, 05-cv-0763, 05-cv-0764, 05-cv-0877, 05-cv-0883, 05-cv-0889, 05-cv-0892, 05-cv-0993, 05-cv-0994, 05-cv-0998, 05-cv-0999, 05-cv-1048, 05-cv-1189, 05-cv-1124, 05-cv-1220, 05-cv-1244, 05-cv-1347, 05-cv-1353, 05-cv-1429, 05-cv-1457, 05-cv-1458, 05-cv-1487, 05-cv-1490, 05-cv-1497, 05-cv-1504, 05-cv-1505, 05-cv-1506, 05-cv-1555, 05-cv-1592, 05-cv-1601, 05-cv-1607, 05-cv-1623, 05-cv-1638, 05-cv-1645, 05-cv-1646, 05-cv-1678, 05-cv-1971, 05-cv-1983, 05-cv-2010, 05-cv-2088, 05-cv-2104, 05-cv-2185, 05-cv-2186, 05-cv-2199, 05-cv-2249, 05-cv-2349, 05-cv-2367, 05-cv-2371, 05-cv-2378, 05-cv-2379, 05-cv-2380, 05-cv-2384, 05-cv-2385, 05-cv-2386, 05-cv-2387, 05-cv-2444, 05-cv-2479, 06-cv-0618, 06-cv-1668, 06-cv-1684, 06-cv-1690, 06-cv-1758, 06-cv-1761, 06-cv-1765, 06-cv-1766, 06-cv-1767, 07-cv-1710, 07-cv-2337, 07-cv-2338, 08-cv-0987, 08-cv-1085, 08-cv-1101, 08-cv-1104, 08-cv-1153, 08-cv-1185, 08-cv-1207, 08-cv-1221, 08-cv-1223, 08-cv-1224, 08-cv-1227, 08-cv-1228, 08-cv-1230, 08-cv-1232, 08-cv-1233, 08-cv-1235, 08-cv-1236, 08-cv-1237, 08-cv-1238, 08-cv-1360, 08-cv-1440, 08-cv-1733, 08-cv-1789, 08-cv-1805** |

## **ORDER**

Pending before the Court are the government's motions for leave to file amended factual returns for the following petitioners: Al Rabiah, ISN 551 (docket # 369, 02-cv-828); Al Odah, ISN 232 (docket # 370, 02-cv-828); Al Kandari, ISN 552 (docket # 373, 02-cv-828); Al Mutairi, ISN 213 (docket # 376, 02-cv-828); Gherebi, ISN 189 (docket # 135, 04-cv-1164); Al Rezehi, ISN 45 (docket # 244, 04-cv-1194); Mahdi, ISN 167 (docket # 282, 04-cv-1194); Al-Saraim, ISN 235 (docket # 230, 04-cv-1194); Kassim, ISN 242 (docket # 234, 04-cv-1194); Al Haj, ISN 256 (docket # 226, 04-cv-1194); Al-Baidani, ISN 553 (docket # 226, 04-cv-1194); Amer, ISN 564

(docket # 226, 04-cv-1194); Al Swidhi, ISN 578 (docket # 226, 04-cv-1194); Hassan, ISN 680 (docket # 229, 04-cv-1194); Al Tawlaqi, ISN 688 (docket # 239, 04-cv-1194); Al Marwala, ISN 837 (docket # 239, 04-cv-1194); Al-Mudwani, ISN 839 (docket # 254, 04-cv-1194); Abdah, ISN 31 (docket # 325, 04-cv-1254); Ahmed, ISN 32 (docket # 304, 04-cv-1254); Wahab, ISN 37 (docket # 299, 04-cv-1254); Ahmed, ISN 41 (docket # 290, 04-cv-1254); Al Warfie, ISN 117 (docket # 272, 04-cv-1254); Ala'Dini, ISN 156 (docket # 296, 04-cv-1254); Obaid, ISN 165 (docket # 321, 04-cv-1254); Rabi'i, ISN 508 (docket # 297, 04-cv-1254); Esmail, ISN 522 (docket # 290, 04-cv-1254); Odaini, ISN 681 (docket # 321, 04-cv-1254); Paracha, ISN 1094 (docket # 182, 04-cv-2022); Zemiri, ISN 533 (docket # 93, 04-2046); Abdullah, ISN 841 (docket # 132, 05-cv-023); Al-Mohammed, ISN 537 (docket # 93, 05-cv-247); El-Mashad, ISN 190 (docket # 122, 05-cv-270); Algazzar, ISN 369 (docket # 138, 05-cv-270); Al-Adahi, ISN 33 (docket # 165, 05-cv-280); Bawazir, ISN 440 (docket # 151, 05-cv-280); Al-Nahdi, ISN 511 (docket # 189, 05-cv-280); Al-Assani, ISN 554 (docket # 189, 05-cv-280); Hamdoun, ISN 576 (docket # 160, 05-cv-280); Chekkouri, ISN 197 (docket # 110, 05-cv-329); Alhami, ISN 892 (docket # 110, 05-cv-359); Ameziane, ISN 310 (docket # 76, 05-cv-392); Shalby, ISN 42 (docket # 154, 05-cv-520); Tumani, ISN 312 (docket # 68, 05-cv-526); Khantumani, ISN 307 (docket # 73, 05-cv-526); Al-Daini, ISN 549 (docket # 68, 05-cv-634); Aboassy, ISN 91 (docket # 66, 05-cv-748); Mukbel, ISN 43 (docket # 72, 05-cv-748); Khiali-Gul, ISN 928 (docket # 78, 05-cv-877); Basardah, ISN 252 (docket # 73, 05-cv-889); Sohail, ISN 1008 (docket # 78, 05-cv-993); Tohirjanovich, ISN 675 (docket # 86, 05-cv-994); Zalita, ISN 709 (docket # 132, 05-cv-1220); Zahiri, ISN 753 (docket # 50, 05-cv-1236); Hatim, ISN 255 (docket # 134, 05-cv-1429); Kazaz, ISN 509 (docket # 137, 05-cv-1429); Sadkhan, ISN 433 (docket # 101, 05-cv-1487); Faraj, ISN 329 (docket # 107, 05-cv-1490); Idris, ISN 36 (docket # 106, 05-cv-1555); Rabbani, ISN 1460

(docket # 91, 05-cv-1607); Rabbani, ISN 1461 (docket # 93, 05-cv-1607); Almerfedi, ISN 1015 (docket # 75, 05-cv-1645); Zaid, ISN 550 (docket # 63, 05-cv-1646); Ahmed, ISN 692 (docket # 90, 05-cv-1678); Othman, ISN 163 (docket # 74, 05-cv-2088); Al Shamrany, ISN 171 (docket # 77, 05-cv-2104); Mudafari, ISN 40 (docket # 94, 05-cv-2185); al-Mithali, ISN 840 (docket # 93, 05-cv-2186); Al-Shumrant, ISN 195 (docket # 99, 05-cv-2249); Omari, ISN 832 (docket # 141, 05-cv-2367); Zahir, ISN 1103 (docket # 144, 05-cv-2367); and Al-Ghizzawi, ISN 654 (docket # 126, 05-cv-2378).

Cognizant of the Supreme Court's admonition that this Court cannot "disregard the dangers the detention in these cases was intended to prevent," *Boumediene v. Bush*, 128 S. Ct. 2229, 2276 (2008), and its holding that appellate review under the Detainee Treatment Act is not an adequate substitute for habeas corpus because, among other things, it does not "allow the Court of Appeals to admit and consider newly discovered evidence that could not have been made part of the CSRT record because it was unavailable to either the government or the detainee when the CSRT made its findings," *id*. at 2273, the Court finds that good cause exists for the government's proposed amendments. Although the Supreme Court in *Boumediene* was speaking chiefly to a detainee's inability to supplement the record on appellate review with newly discovered evidence, *see id*. ("This [newly discovered] evidence . . . may be critical to the detainee's argument that he is not an enemy combatant and there is no cause to detain him."), the reason for allowing introduction of evidence that was not before the CSRT counsels in favor of allowing the government to file amended factual returns in these habeas cases. That is, to accurately determine whether continued detention is lawful, a habeas court must have a full and complete record containing all of the facts that bear on the legality of a petitioner's detention. Accordingly, the Court

3

**ORDERS** that the government's motions for leave to file amended factual returns are **GRANTED**. For the same reason, the Court further

**ORDERS** that paragraph 4 of the Court's July 11, 2008, order (docket # 53, 08-mc-442) is amended to the extent that the government is no longer required to move for leave to amend factual returns that were filed before July 11, 2008.[1]


November 7, 2008                                         /s/
                                                Thomas F. Hogan
                                                United States District Judge

---

[1] Accordingly, the operative factual returns for the Case Management Order (docket # 940, 08-mc-442) are the factual returns and amended factual returns filed after July 11, 2008.