### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) ) ) ) ) ) | Misc. No. 08-442 (TFH) |
| GUANTÁNAMO BAY DETAINEE LITIGATION |  | Civil Action No. 05-2384 (RWR) |

### PETITIONERS' OPPOSITION TO RESPONDENTS' REQUEST
### FOR EXCEPTION FROM SEQUENCING

Petitioner Saad Al Qahtani ("Petitioner" or "Saad") hereby opposes Respondents' Request for Exception from Sequencing ("Request"), included in Respondents' October 31, 2008 Status Report Regarding the Filing of Factual Returns. *See* 05-CV-2384, Dkt. 138; Misc. No. 08-0442, Dkt. 916.

With this latest Request, the Government again seeks to be excused from meeting its own scheduling commitments, as embodied in this Court's July 11, 2008 Scheduling Order (Misc. No. 08-0442, Dkt. 53) (hereinafter "7/11 Order") and as amended – following the government's last-minute request – in the Court's September 19, 2008 Order. (Misc. No. 08-0442, Dkt. 464) (hereinafter "9/19 Order.") This Court should deny the Government's Request and order the Government to meet its obligations under these Scheduling Orders immediately or to move forward based on the parties' current filings.

### ARGUMENT

This Court should reject the Government's Request for three reasons. First, the Request seeks the Court's retroactive blessing for actions taken by the Government in violation of the Court's Scheduling Orders and in defiance of this Court's express instructions, actions that have not been explained by the Government and should not be ratified by this court. Second, the

1

Government has not even attempted to show good cause why any further delay in Saad's particular case is justified. Third, given that the Government has had nearly seven years to formulate a legal justification for continuing to hold Saad at Guantánamo Bay, any additional delay would be disproportionately prejudicial to Saad while merely encouraging the Government's increasingly dilatory behavior.

**I.     The Government's Request Should Be Denied Because The Government Has Openly Disregarded the Court's Order.**

On July 11, 2008, this Court ordered the Government to file factual returns or motions to amend factual returns, beginning with the earliest filed petitions of currently held petitioners, "on a rolling basis at a rate of *at least 50 per month*." 7/11 Order, at ¶ 4 (emphasis added). Again on September 19, 2008, this Court ordered "that the government shall file factual returns and motions to amend factual returns at a rate of *at least 50 per month*." 9/19 Order, at 1-2 (emphasis added). In the Memorandum Opinion that accompanied the 9/19 Order, the Court expressly admonished the Government for producing only ten of the required 50 factual returns:

> [T]he Court admonishes the government that, in allowing it an additional thirty days to file each set of factual returns in these cases, *the Court is not merely setting a 'goal' for which the government is to 'strive,' . . . . Rather, the Court is ordering the government to produce at least fifty factual returns by month's end*, followed by at least fifty more each month thereafter until production is complete.

Memorandum Opinion, Sept. 19, 2008; Misc. No. 08-0442, Dkt. 466, at 5 (hereinafter "Mem. Op.") (emphasis added). The Court also ordered that the Government not hold up the schedule by filing returns for petitioners whose cases had already been decided, until the Court instructed otherwise: "[P]ending further order of the Court, the government *need not file* factual returns or motions to amend factual returns *at this time* for petitioners approved for transfer or release." Mem. Op, at 2 (emphasis added).

2

In its Request, the Government now concedes – albeit obliquely ("respondents seek to file out of sequence factual returns with respect to 10 petitioners who otherwise would have included [sic] in the normal sequencing for this month") (Request, at 2) – that it violated the Court's most recent scheduling Order. For the month of October, the government admits it filed only 40 of the required 50 factual returns, and also failed to file or filed late seven more factual returns in September. *See* Request, at 2-3, Ex. B & C. One of the ten factual returns not filed in October (or in the Government's euphemism, processed "out of sequence") was Saad's. *See* Request, at Ex. B. In addition, the Government declares – again in disregard of this Court's instructions – that it went ahead and filed factual returns for some petitioners already approved for transfer or release, and then included these in its tally to create the appearance that it had fulfilled its monthly quota.[1] *See* Request, at 2 ("[I]ncluded among the 50 factual returns filed this month are original or amended factual returns for certain petitioners who have been approved for transfer or release from Guantanamo Bay.").

This Court should not permit the Government's unexplained and unexcused recourse to self-help in defiance of the amended Scheduling Order. Without explanation or authority, the Government's Request seeks to stretch the Court's firm schedule of 50 factual returns a month into an indefinite "sequencing" process in which interruptions of "normal sequencing," "out-of-sequence processing," and "deviation[s]" are a regular occurrence. *See* Request, at 2-3, 2 n.3.

---

[1] The Government construes the Court's instruction that the Government "need not . . . at this time" file returns for petitioners already approved for release or transfer as implying that the Government was *required* to do so if otherwise it could not fulfill the Court's requirement to file 50 returns a month for petitioners whose cases had not yet been resolved. The Government's reasoning is disingenuous: because of "uncertainty" as to whether it would be required to file returns for petitioners already cleared for release or transfer, the Government began preparing such returns in August 2008; even after the Court's Sept. 19, 2008 Order "resolved" that uncertainty by clarifying that such returns were *not* required and should *not* interfere with filing the other returns, however, the Government kept striving to complete these non-urgent returns "[t]o the extent feasible"; and finally, when delays in completing other returns arose, the Government concluded that "the filing of these completed returns for detainees approved for transfer or release *was necessary*." Request, at 2 (emphasis added). This strained rationale should not excuse the Government's contravening the Court's clear and pragmatic instructions to leave these less urgent returns for later.

3

But a profusion of process-oriented terminology cannot mask the fact that the Government has again chosen unilaterally to defy the Court's Scheduling Order by failing to file at least 50 factual returns in October, without seeking advance approval from Saad's counsel or this Court.[2] Calling it "out-of-sequence processing" also does not excuse or justify the Government's filing of factual returns for already cleared prisoners, contrary to the Court's instruction to leave these less urgent cases out of *any* sequencing until the Court orders otherwise. This Court has already amended the Scheduling Order once to accommodate the government's concerns, yet the government again stands in violation of that Order without admitting it openly. For these reasons, the Court should deny the Government's Request for a retroactive "[e]xception from [s]equencing."

## II. The Government's Request Should Be Denied Because The Government Has Failed To Show Good Cause For Further Delay.

The Government's Request also flatly disregards the Court's orders by not even attempting to show good cause for why further delay of Saad's case is justified. In *Boumediene*, the Supreme Court held that that "the detainees in these cases are entitled to a prompt habeas corpus hearing." *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008). This Court's September 19, 2008 Order was unequivocal: "*Except for good cause shown* . . . the Court will not tolerate any further delay." Mem. Op. at 6 (emphasis added); *see also* 7/11 Order, at ¶ 4 ("[T]he Court will *only* allow exceptions *where the government establishes cause*.") (emphasis added). As the Court explained in the 7/11 Order, showing good cause in this context means explaining why a delay is necessary in each individual detainee's case, i.e., by showing "that *an individual factual*

---

[2] On October 31, 2008 – the day the 50 factual returns were due and the Government filed its Request – Respondents' counsel e-mailed Petitioner's counsel to inform her that the government intended to "deviate" from the Scheduling Order and would not to file an amended return in Petitioner's case at that time "due to difficulties we have had completing the petitioner's return." Saad's counsel responded immediately that Saad would consider agreeing to such a request if the Government would provide its reasons for the delay in Saad's case. The Government did not respond to this request. *See* 10/31/08 E-Mail exchange between T. Henry & P. Bronte (attached hereto as Exhibit A).

4

*return* is significantly more complicated than others or *a particular detainee's circumstances* present *unique issues* that require more time to complete the return such that processing the return would delay the overall processing." 7/11 Order at ¶ 4 (emphasis added).

Notably absent from the Government's request is any reference to specific difficulties presented by any individual petitioner's factual return. To the contrary, the Government's purported explanation for its unilateral deviation from "normal sequencing" offers only vague doublespeak: "unique issues" that are "related to evidence" have allegedly arisen in "some" cases in relation to "specific returns" which made it "appropriate to delay the processing," but "additional detail" cannot be provided because this would "risk inappropriate disclosure" of information that may be classified *or* privileged *or* work product. *See* Request, at 3. Far from a *showing* of good cause, this statement alleges little more than "any delay must be for good cause, but we do not have to tell you more."

The Court should not tolerate such obfuscation. Given the Government's tacit refusal to state that good cause actually *exists* in any individual case, the Government's parting offer to provide "[a]dditional detail" to the Court *ex parte* and *in camera* "should the Court require it" (*see id.* at 3) suggests that the Government is willing to heed the Court's prior Orders only on the Government's own terms. The Court should enforce its Order that a showing of good cause is required in each individual petitioner's case *before* any delay is permitted, not that the Government has the option to show possible good cause in "some" cases *after* delay has occurred. *See* Mem. Op., at 6 ("Except for good cause shown, therefore, the Court will not tolerate any *further* delay.") (emphasis added.) Because the Government has unilaterally chosen to delay filing Saad's amended return without a showing of good cause in his case and without

5

the Court's permission otherwise, the Government's Request for yet further delay should be denied.

### III. The Government's Request Should Be Denied Because Further Delay Is Unduly Prejudicial To Saad.

Even apart from failing to show good cause in this case, this Court should deny the Government's Request because further delay would be unduly prejudicial to Saad. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (a party's motion to file an amended pleading may be denied because of "undue delay" and "undue prejudice to the opposing party," as well "dilatory motive"). Saad was one of the first prisoners transferred to Guantánamo Bay Naval Station – arriving on January 16, 2002 – and has been kept in a prison cell there ever since. During his detention, Saad has consistently cooperated with the Government's interrogators and has even agreed to undergo a polygraph examination, but the Government has never taken the trouble to administer one. On December 13, 2005, Saad filed for writ of habeas corpus, and the Government filed a factual return on June 2, 2006. *See Said v. Bush*, No. 05-CV-2384, Dkt. 1 & 30. Shortly after the Supreme Court resolved the jurisdictional disputes for these habeas cases in *Boumediene*, Saad filed his traverse, on July 18, 2008. (*See id.*, Dkt. 107.) His case is and has been ready for the prompt hearing required under *Boumediene*.

While the Government speaks impersonally of "sequencing," every additional day of unnecessary or unexplained delay and detention is directly prejudicial to Saad, a man who has been imprisoned for almost seven years without an opportunity to challenge the legality of that detention before an impartial tribunal. The Government has had nearly seven years to formulate a justification for detaining Saad. As the Supreme Court clearly stated in *Boumediene*, "[T]he costs of delay can no longer be borne by those who are held in custody." 128 S. Ct. at 2275.

6

## CONCLUSION

Respondents' latest request for an "[e]xception" from the Court's Scheduling Order proves yet again that the Government is willing to impose the costs of delay upon those it imprisons, in spite of the Supreme Court's ruling that "the detainees in these cases are entitled to a prompt habeas corpus hearing." *Boumediene*, 128 S. Ct. at 2275. For all the reasons set forth above, this Court should therefore deny the Government's Request for an "[e]xception from [s]equencing" and order the Government either to file an amended factual return in Saad's case within five business days or else to proceed with a habeas corpus hearing on the basis of the parties' present filings.

Dated: November 10, 2008

Respectfully submitted,

  /s/ Patricia A. Bronte
One of the Attorneys for the Petitioners
Saad Al Qahtani

David W. DeBruin (DDC Bar No. 337626)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W., Suite 1200
Washington, DC  20005-3823
Tel: (202) 639-6000
Fax: (202) 639-6066

Patricia A. Bronte
Sapna G. Lalmalani
JENNER & BLOCK LLP
330 North Wabash Ave.
Chicago, IL  60611
Tel: (312) 923-8357
Fax: (312) 840-7757

# CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2008, I filed and served the foregoing Petitioners' Opposition to Respondents' Request for Exception from Sequencing to be delivered to the counsel listed below in the above-captioned matter through the CM/ECF system:

        Andrew I. Warden
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Avenue NW
        Washington, D.C. 20530

        Terry Marcus Henry
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Avenue NW
        Washington, D.C. 20530


                                                /s/ Patricia A. Bronte