IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **IN RE:** ) | |
| **GUANTANAMO BAY** ) | Misc. No. 08-442 (TFH) |
| **DETAINEE LITIGATION** ) | |
| ) | |
| ABDAL RAZAK ALI ) | |
| ) | |
| Petitioners ) | Civil No. 05-2386 (RBW) |
| v. ) | |
| ) | |
| GEORGE W. BUSH, et al, ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' REPLY IN SUPPORT OF REQUEST FOR EXCEPTION
FROM SEQUENCING**

Petitioner Abdal Razak Ali (ISN 685, hereinafter, Razak Ali) has opposed Respondents' request for an exception from sequencing regarding the filing of a factual return with respect to ISN 685 (dkt. 919). Alternatively, Petitioner's counsel's requests monetary relief, and the Respondents hereby reply.

The Government filed a Request for Exception from Sequencing in its October 31, 2008, status report regarding the filing of factual returns (Request for Exception). The amended factual return for Razak Ali (ISN 685) was one of the cases requested to be taken out of sequence and is listed on Exhibit B of the Respondent's Request for Exception. Counsel states that in addition to representing ISN 685, she is also representing another detainee, Abdul Hamid Al-Ghizzawi ((05-CV-02378 (JBB)) for which an amended return was filed on October 31,

1

2008.

Counsel requests that the Court deny the Government's Request for Exception from Sequencing as it relates to Razak Ali amended return and order the Government file the amended factual return for Razak Ali no later than November 10, 2008, so that she can review the Al-Ghizzawi and Razak Ali amended factual returns in Washington D.C. at the same time. Alternatively, Counsel requests the government pay for a second trip to Washington D.C. for her to review the Razak Ali Amended Return if it is not filed by November 10.

Respondents were unable to file a factual return for Razak Ali by November 10. As explained below, however, there is no factual or legal basis for requiring the government to pay for a trip by Petitioner's counsel to review the return once it is filed. Sovereign immunity bars the imposition of monetary sanctions against respondents in the context of compensatory civil contempt proceedings and no applicable statutory waiver of that immunity exists. Therefore, Petitioner's request for costs should be denied.

**ARGUMENT**

**I. Sovereign Immunity Bars Imposition Of Compensatory Civil Contempt Sanctions**.

Civil contempt divides into two general classes: coercive and compensatory. Both classes benefit the injured litigant, but in different ways. Coercive civil contempt is intended to make the recalcitrant party comply. Compensatory civil contempt reimburses the injured party for the losses and expenses incurred because of his adversary's non-compliance." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976).

Petitioner's motion seeking to impose counsel's travel on the government essentially seeks compensatory civil contempt sanctions against Respondents. See *In re Magwood*, 785

2

F.2d 1077, 1082-83 (D.C. Cir. 1986) ("Compensatory civil contempt reimburses the injured party for losses and expenses incurred because of the contemptuous conduct."). There is no legal basis for such compensatory relief in this case, however, because the principle of sovereign immunity bars imposition of monetary sanctions against the federal government in compensatory civil contempt proceedings.

The doctrine of sovereign immunity dictates "that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A district court lacks jurisdiction over claims against the United States unless the United States' sovereign immunity has been explicitly waived. *Dep't of the Army v. Fed. Labor Relations Auth.*, 56 F.3d 273, 275 (D.C. Cir. 1995) (citing *United States v. Sherwood*, 312 U.S. 584, 586 1941)). Only Congress may waive the sovereign immunity of the United States, and to do so, Congress must "unequivocally express its desire to do so" on the face of a statute. Id. at 277 (internal citations omitted). See also *Tri-State Hospital Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003) ("waiver of sovereign immunity must be unequivocally expressed in the statutory text and strictly construed, in terms of its scope, in favor of the sovereign") (internal quotation marks and citation omitted).

In this case, Petitioner's counsel seeks compensatory monetary sanctions against Respondents, various high-ranking United States government officials acting in their official capacities. In *Clark v. Library of Congress*, 750 F.2d 89 (D.C. Cir. 1984), the court held that sovereign immunity bars "suits for money damages against officials in their official capacity absent a specific waiver by the government." *See also Galvan v. Federal Prison Industries, Inc.*, 199 F.3d 461, 463 (D.C. Cir. 1999). Consequently, any compensatory monetary relief

3

ordered in petitioner's counsel favor would require payment directly from the public treasury.

Thus, sovereign immunity bars monetary relief sought by the Petitioner, and Petitioner has not identified any applicable statutory waiver to the contrary. Indeed, in the context of civil contempt proceedings, courts have concluded that the doctrine of sovereign immunity applies to prevent a court from imposing monetary sanctions on the government. *See Coleman v. Espy*, 986 F.2d 1184, 1192 (8th Cir. 1993); *Barry v. Bowen*, 884 F.2d 442, 443-44 (9th Cir. 1989); *United States v. Horn*, 29 F.3d 754, 756 n.13, 763, 767 (1st Cir. 1994); *United States v. Waksberg*, 881 F. Supp. 36, 39–41 (D.D.C. 1995) (June Green, J.), *vacated and remanded on other grounds*, 112 F.3d 1225 (D.C. Cir. 1997). While some courts have found that the imposition of monetary sanctions in coercive civil contempt proceedings do not infringe on sovereign immunity concerns, even those courts have recognized the sovereign immunity concerns associated with the imposition of compensatory civil contempt sanctions. *See American Rivers v. United States Army Corps of Engineers*, 274 F. Supp. 2d 62, 69 (D.D.C. 2003) (Kessler, J.) ("While it is true that courts have ruled that the government has not waived its sovereign immunity with regard to compensatory fines for contempt . . . . Plaintiffs in this case are seeking coercive, rather than compensatory, fines."); *Armstrong v. Executive Office of President*, 821 F. Supp. 761, 772-73 (D.D.C. 1993) (Richey, J.) (imposing monetary sanctions in coercive contempt case and noting sovereign immunity concerns with such relief in compensatory contempt proceedings), *reversed as to civil contempt finding*, 1 F.3d 1274 (D.C. Cir. 1993).

Moreover, the courts that have squarely addressed the sovereign immunity issue in the context of compensatory civil contempt proceedings have concluded there is no such "waiver

of federal sovereign immunity for civil compensatory contempt actions" in the statute defining federal courts' contempt powers, 18 U.S.C. § 401, or otherwise. *Colman*, 986 F.2d at 1192; see *McBride v. Coleman*, 955 F.2d 571, 576-77 (8th Cir. 1992).

Accordingly, because no statutory waiver of sovereign immunity exists with respect to compensatory civil contempt sanctions, Petitioner's request for compensatory sanctions, should be denied.

## II. No Legitimate Factual Basis Warrants the Imposition of Petitioner's Counsel's Costs on Respondents

For the reasons explained in its October 31, 2008 status report, the government was unable to file the Razak Ali amended factual return by November 10, 2008, but it is making every reasonable effort to file such return by the end of November.

The government in no way has sought to deliberately inconvenience petitioner's counsel by requesting an exception from sequencing for the filing of certain factual returns, which includes the Razak Ali return. The fact that counsel's travel plans have inadvertently been affected by the deviation of sequencing of amended returns in this habeas proceeding does not rise to just cause to deny the government's request for an exception to sequencing, nor does it provide just cause to impose costs upon the government. The upshot of Petitioner's motion is that Respondents should be subject to compensatory civil contempt sanctions merely for seeking an exception of sequencing for the Razak Ali case, an entirely different case than the Al-Ghizzawi habeas petition (with a different case number and different assigned Judge), and a case which has proved to be more complicated than other returns. This is an inadequate basis to impose compensatory civil contempt sanctions, which as described above, would be in any event legally barred by the doctrine of sovereign immunity.

5

**CONCLUSION**

For the reasons explained above, Petitioner's motion requesting relief, i.e., imposition of personal travel costs, should be denied.

Dated: November 13, 2008        Respectfully submitted,


                                GREGORY G. KATSAS
                                Assistant Attorney General

                                JOHN C. O'QUINN
                                Deputy Assistant Attorney General

                                s/ David J. Stander
                                _____
                                JOSEPH H. HUNT (D.C. Bar No. 431134)
                                VINCENT M. GARVEY (D.C. Bar No. 127191)
                                TERRY M. HENRY
                                PAUL AHERN
                                DAVID J. STANDER
                                Attorneys
                                United States Department of Justice
                                Civil Division, Federal Programs Branch
                                20 Massachusetts Avenue, N.W.
                                Washington, DC  20530
                                Tel:  202.305-9342
                                Fax: 202.305-2685
                                Attorneys for Respondents