UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) |  |
| ) | Misc. No. 08-442 (TFH) |
| IN RE: ) |  |
| GUANTANAMO BAY ) | Civil Action Nos. 08-1085, 08-1207 |
| DETAINEE LITIGATION ) |  |
| ) |  |
| ) |  |

**RESPONDENTS' RESPONSE TO MOTION TO FILE A CONSOLIDATED REPLY
AND TO EXPAND THE LOCAL RULE 7(e) PAGE LIMIT**

**PRELIMINARY STATEMENT**

Respondents submit this response in partial opposition to attorney Scott L. Fenstermaker's motion of November 4, 2008, titled "Motion to File a Consolidated Reply and to Expand the Local Rule 7(e) Page Limit." Respondents oppose the motion to the extent Mr. Fenstermaker requests an order compelling the Federal Public Defender for the District of Nevada ("Federal Public Defender") to serve sealed filings in the above-referenced cases that have not been cleared for entry on the public docket pursuant to the classification review procedures outlined in the relevant protective order.

As for the other issues raised in the motion, respondents do not oppose Mr. Fenstermaker's request for leave to file a consolidated reply that exceeds the page limit for reply submissions set forth in Local Rule 7(e). Furthermore, respondents do not oppose Mr. Fenstermaker's request for permission to file a consolidated reply no later than five days after he is served with the Federal Public Defender's filings of October 28 and 31, 2008.

-1-

BACKGROUND

Two habeas petitions have been filed on behalf of Abd Al-Rahim Hussain Mohammed Al-Nashiri ("Al-Nashiri"), also known as Abdul Rahim Hussein Muhammed Ali Nashir,[1] an individual detained as an enemy combatant at Guantanamo Bay. On October 3, 2008, this Court issued an order directing Mr. Fenstermaker to show cause why the habeas petition that he filed on behalf of Mr. Al-Nashiri should not be dismissed as unauthorized. (No. 08-cv-1085, dkt. no. 41; No. 08-cv-1207, dkt. no. 38.) On October 17, 2008, Mr. Fenstermaker filed a response to the order to show cause, along with a "motion for miscellaneous relief." (No. 08-cv-1085, dkt. no. 49.) On October 28, 2008, the Federal Public Defender filed, under seal, a response to Mr. Fenstermaker's October 17 submission. (No. 08-cv-1207, dkt. no. 48.) Respondents filed their response to Mr. Fenstermaker's October 17 submission on October 31, 2008. (No. 08-cv-1085, dkt. no. 57; No. 08-cv-1207, dkt. no. 51.)

The Court issued another order to show cause on October 27, 2008. (No. 08-cv-1085, dkt. no. 55; No. 08-cv-1207, dkt. no. 46.) In that order, the Court: (1) directed the Federal Public Defender to show cause why their petition on behalf of Mr. Al-Nashiri should not be dismissed as duplicative of the petition filed in No. 08-cv-1085; and (2) directed the Federal Public Defender and respondents to respond to Mr. Fenstermaker's October 17 filing. The Federal Public Defender responded to the second order to show cause in a document filed under seal on October 31, 2008. (No. 08-cv-1207, dkt. no. 50.) Respondents complied with the second order to show cause by filing the aforementioned response on October 31, 2008.

---

[1] Petitioner's name is given as Ali Nashir in No. 08-cv-1085, but as Al-Nashiri in No. 08-cv-1207 and in D.C. Cir. No. 08-1007, petitioner's case pending in the Court of Appeals under the Detainee Treatment Act ("DTA").

On November 4, 2008, Mr. Fenstermaker filed a "Motion to File a Consolidated Reply and to Expand the Local Rule 7(e) Page Limit." (No. 08-cv-1085, dkt. no. 59.) In addition to the requests referenced in the title of the motion (which respondents do not oppose), Mr. Fenstermaker has asked the Court to compel the Federal Public Defender to serve him with copies of all filings made on behalf of petitioner in this matter, including those documents that were filed under seal on October 28 and October 31, 2008.[2] The Federal Public Defender has responded to this motion in a document filed under seal on November 10, 2008. (No. 08-cv-1207, dkt. no. 57.)

As of the date of this filing, the Court has not resolved the competing claims by counsel seeking to represent Mr. Al-Nashiri, and has not ruled on the various requests presented in Mr. Fenstermaker's "motion for miscellaneous relief."

## ARGUMENT

Respondents are in substantial agreement with the reasons given by the Federal Public Defender for opposing Mr. Fenstermaker's request for direct service of documents. As signatories to the protective order entered in Mr. Al-Nashiri's pending action in the Court of Appeals under the DTA, the Assistant Federal Public Defenders who claim to represent the detainee in this action are required to file and to serve documents in a manner that is consistent with the procedures set forth in that order. *See* Stipulation to Immediate Entry of *Khan* Protective Order, *Al-Nashiri v. Gates*, No. 08-1007 (D.C. Cir. Feb. 1, 2008) (Ex. 5 to Respondents' Motion to Reconsider Application of Standard Habeas Protective Order and

---

[2] On November 10, 2008, respondents e-mailed an unclassified copy of the Federal Public Defender's response of October 28, 2008 to Mr. Fenstermaker. Thus, his request for service of that document is now moot.

Request for TS/SCI Protective Order ("Motion to Reconsider Standard Protective Order"), No. 08-cv-1085, dkt. no. 22; No. 08-cv-1207, dkt. no. 18 (D.D.C. Aug. 18, 2008)). Under that order, any pleadings or documents filed on behalf of a detainee must be filed under seal with the Court Security Officer ("CSO"), unless the CSO grants counsel permission to do otherwise. *Id.* at Ex. A ¶ 8.A. After receiving the sealed documents, the CSO must transmit them to the appropriate federal agencies so that those agencies can determine whether the documents contain classified or protected information. *Id.* The filings are to be entered on the public docket only after the CSO ensures that any information deemed classified or protected remains sealed. *Id.* These procedures for filing documents are vital to the protection of sensitive national security information which the detainee may have transmitted to counsel. *See generally* Motion to Reconsider Standard Protective Order.[3]

Here, the Assistant Federal Public Defenders claiming to represent Mr. Al-Nashiri have complied with the protective order by submitting their filings under seal to the CSO without contemporaneously serving them on interested parties such as Mr. Fenstermaker. The Assistant Federal Public Defenders should not be compelled to act in a manner contrary to the protective order in order to serve the asserted representation interests of Mr. Fenstermaker, an individual who lacks an appropriate security clearance and has not demonstrated to the Court or to respondents that he has a representation relationship with the detainee. Accordingly, the Court should deny Mr. Fenstermaker's motion to the extent he seeks an order compelling service of all

---

[3] The Federal Public Defender correctly notes that the procedures for filing documents outlined in the DTA protective order are identical to the procedures that would apply to this case in the event the Court adopts the TS/SCI protective order proposed by respondents in the August 18, 2008 motion for reconsideration.

-4-

past and future filings in this case that have not been cleared for public dissemination pursuant to the protective order.[4]

**CONCLUSION**

For the reasons stated above, respondents oppose, in part, the motion filed on November 4, 2008, by Scott L. Fenstermaker.

Dated: November 14, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 /s/ Jonathan S. Needle
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
JONATHAN S. NEEDLE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC 20530
Tel: (202) 305-0037
Fax: (202) 616-8470
Attorneys for Respondents

---

[4] Of course, once documents are cleared for public filing, they may be provided to Mr. Fenstermaker.