Cleared for Public Filing and Viewing by the CSO

FILED WITH
COURT SECURITY OFFICER
10/28/08
DATE

**TOP SECRET/CODEWORD**

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAHIM ALI-NASHIR, et al.,<br>Petitioners,<br><br>v.<br><br>ROBERT M. GATES, et al.,<br>Respondents. | CIVIL ACTION<br>(HABEAS CORPUS)<br><br>No. 08-Civ-1085 (UNA)<br>Misc. No. 08-Civ. 442 (TFH)<br><br>JUDGE: Unassigned |
| ABD AL-RAHIM HUSSAIN MOHAMMED AL-NASHIRI,<br>Guantanamo Bay Naval Station,<br>Guantanamo Bay, Cuba,<br>Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br>Respondents. | CIVIL ACTION<br>(HABEAS CORPUS)<br><br>No. 08-Civ-1207 (UNA)<br>Misc. No. 08-Civ. 442 (TFH)<br><br>JUDGE: Unassigned |

## RESPONSE TO "PETITIONER'S RESPONSE TO THE OCTOBER 3, 2008 ORDER TO SHOW CAUSE AND MOTION FOR MISCELLANEOUS RELIEF"

### INTRODUCTION

Petitioner Abd Al-Rahim Hussain Mohammed Al-Nashiri ("Al-Nashiri") hereby responds in opposition to "Petitioner's Response To The October 3, 2008 Order To Show Cause And Motion For Miscellaneous Relief" and accompanying pleadings (hereinafter the "Response") filed by Scott L. Fenstermaker ("Fenstermaker") as set forth in the following case histories and points and authorities.

**TOP SECRET/CODEWORD**

# I.

## PERTINENT CASE HISTORIES

In December, 2007, the Law Office of the Federal Public Defender for the District of Columbia contacted the Office of the Federal Public Defender for the District of Nevada, which agreed to represent Mr. Al-Nashiri. With the approval of Franny A. Forsman, Federal Public Defender for the District of Nevada, from that time forward this Office has committed substantial resources, financial, administrative and in personnel, to the cause of Mr. Al-Nashiri's defense.

In late December, 2007, attorney Scott Fenstermaker informed undersigned counsel of an action for writ of mandamus, declaratory and injunctive relief he had filed in the Southern District of New York, Case #1:05-cv-07468-RMB, asserting "next friend" status on behalf of over twenty Guantanamo prisoners, including Mr. Al-Nashiri, and of his subsequent appeal of that case's dismissal to the United States Court of Appeals for the Second Circuit, which appeal, styled Fenstermaker v. Bush, CA No. 07-2980-cv, had been withdrawn by consent without prejudice to reinstatement up to June 30, 2008 (the "Southern District of New York/Second Circuit litigation"). He forwarded a copy of the amended petition by e-mail requesting "instructions for me regarding how you would like *your client's* matter to be handled."(emphasis added).

In response undersigned counsel requested that he remove Mr. Al-Nashiri from this litigation. Mr. Fenstermaker then contacted the Second Circuit requesting that Mr. Al-Nashiri be withdrawn as a party to such litigation because

> Mr. Al-Nashiri is represented by Paul G. Turner, Esq. Of the Federal Defenders for the District of Nevada [and] Mr. Turner has requested that I withdraw Mr. Al-Nashiri as a party to 07-2980 cv. Please do so or have this letter forwarded to the appropriate office in the Court of Appeals for Mr. al-Nashiri's withdrawal.

See General Docket, 1/15/08 entry. Such action was, as set forth in the following colloquy with the district court, consistent with Mr. Fenstermaker's stated purpose for pursuing the Southern District of New York/Second Circuit litigation.

> **THE COURT:** But you are here to get them [the Detainees] out of detention, right?
>
> **MR. FENSTERMAKER:** No.
>
> **THE COURT:** Why else?
>
> **MR. FENSTERMAKER:** <u>No, I am here to get them attorneys . . . those attorneys will want to do that</u>. That may very well be the case.

See Fenstermaker v. Bush, 2007 WL 1705068, *9 (S.D.N.Y. June 12, 2007)(emphasis added).[1] As set forth below, having agreed to represent Mr. Al-Nashiri, undersigned counsel promptly began working on his defense.

**A.  United States Court of Appeals for the District of Columbia Circuit (the "DTA case")**

At that time the only avenue available for Mr. Al-Nashiri to seek relief was to file a petition in the United States Court of Appeals for the District of Columbia Circuit under the Detainee Treatment Act (DTA). On January 9, 2008, undersigned counsel, Assistant Federal Public Defenders Paul G. Turner, Gerald Bierbaum and Mukund H. Sharma, filed an "Entry of Appearance," "Petition For Immediate Release And Other Relief Under the Detainee Treatment Act Of 2005 And, In The Alternative, For Writ Of Habeas Corpus" and "Motion For Permission To Proceed *In Forma Pauperis*" on behalf of Mr. Al-Nashiri, initiating Al-Nashiri v. Gates, United States Court of Appeals for the District of Columbia, CA No. 08-1007 (hereinafter the "DTA case"). Counsel also filed an

---

[1] Mr. Fenstermaker had previously informed the district court by letter of December 11, 2006, that the amended petition "seeks to have attorneys appointed for these 22 individuals . . . ."



"Index Of Exhibits In Support Of Petition For Immediate Release And Other Relief Under The Detainee Treatment Act Of 2005 And, In The Alternative, For Writ Of Habeas Corpus" on January 10, 2008. See DTA case, General Docket, 1/9/08 & 1/10/08 entries.

Counsel joining in Mr. Al-Nashiri's defense have extensive experience in criminal law work, including death penalty trials and representing prisoners on a full time basis in habeas corpus capital and non-capital cases at the federal district court and court of appeals levels. When capital charges were subsequently sworn against Mr. Al-Nashiri by the Office of Military Commissions, Lieutenant Commander Stephen Reyes and Captain Christopher Cazares were detailed to represent him. Attorney Nancy Hollander of Albuquerque, New Mexico, her colleague Theresa Duncan and Richard Kammen of Indianapolis, Indiana, have joined Mr. Al-Nashiri's military commission defense as qualified civilian defense lawyers. Collectively, they have extensive experience in complex criminal defense litigation involving national security issues on a national and international scale and capital defense. Ms. Hollander is a former President of the National Association of Criminal Defense Lawyers ("NACDL"). Ms. Duncan performed extensive work on the Oklahoma City bombing case and both are counsel in a major terrorism financing case known as the "Holy Land Case," currently being tried in federal court in Dallas, Texas. Mr. Kammen has served as "learned counsel" in federal capital cases.

On January 14, 2008, the court of appeals entered an Order directing petitioner to file various pleadings by February 13, 2008, and respondent to file a certified index to the record by February 28, 2008. On February 1, 2008, a "Stipulation To Immediate Entry Of *Khan* Protective Order" was filed with the court of appeals along with a proposed protective order identified as Exhibit A. Responding to the court of appeals' January 14, 2008, Order, undersigned counsel filed the following

pleadings on February 13, 2008:

> a. "Docketing Statement;"
> b. "Certificate As To Parties, Rulings, Related Cases, Deferred Appendix And Underlying Decision;"
> c. "Statement Of Issues To Be Raised;"

By Order of February 12, 2008, the court of appeals granted the motion for leave to proceed *in forma pauperis* and the protective order attached as Exhibit A to the above-referenced stipulation was entered in accordance with its terms ("Protective Order"). Undersigned counsel filed fully executed Memoranda Of Understanding ("MOU") respecting the Protective Order on February 21, 2008.

On February 21, 2008, attorneys Matthew M. Collette and Robert Mark Loeb entered their appearances for respondent Robert M. Gates. On February 22, 2008, they moved the Court to stay the filing of a certified index to record (corrected version filed February 26, 2008). Petitioner's Opposition to such motion was filed March 10, 2008, and is identified as "Classified" in the case's General Docket, 3/10/08 entry. On February 28, 2008, undersigned counsel filed an "Emergency Motion For An Order Directing Preservation Of Discoverable And Relevant Evidence" which was opposed in "Respondent's Opposition To Emergency Motion For An Order Directing Preservation Of Discoverable And Relevant Evidence" filed March 10, 2008 (corrected version filed March 13). By Order of March 12, 2008, the court of appeals "**ORDERED** that respondent take all measures necessary to preserve the material described in petitioner's motion pending further order of the court." Otherwise, the motion was referred to the assigned merits panel to be addressed in the parties' future briefing.

///

5



On April 23, 2008, Mr. Fenstermaker filed a pleading entitled "Entry Of Appearance." On May 27, 2008, he served by mail copies of a "Motion To Substitute Counsel And For Leave To File Documents *In Camera* And Under Seal" with accompanying Declarations and *in camera* exhibits. Petitioner responded with a "Corrected Response In Opposition To 'Motion To Substitute Counsel And For Leave to File Documents *In Camera* And Under Seal' And Motion To Strike Notice of Appearance" (the "Corrected Response") filed June 13, 2008, opposing such motion and moving to strike Mr. Fenstermaker's Entry Of Appearance. Undersigned counsel was subsequently served with a "Consolidated Response And Reply To Public Defender's Opposition Response And Response to Federal Defender's Motion To Strike" to which they replied. See "Reply To 'Response To Federal Defender's Motion To Strike'" filed June 30, 2008.

On June 18, 2008, the government moved to stay the DTA case or, alternatively, dismiss it. After an enlargement of time undersigned counsel filed petitioner's response in opposition (currently shown as "Pending Classification") on August 4, 2008, to which the government replied on August 8, 2008.

On Friday, August 22, 2008, undersigned counsel was copied on an e-mail from Mr. Fenstermaker to Matthew Collette, government counsel, in which Mr. Fenstermaker indicated that he would be filing a response to the government's motion for stay or, alternatively, for dismissal that would consent to dismissal of Mr. Al-Nashiri's DTA petition without prejudice for renewal. Mr. Al-Nashiri had previously identified certain attorneys, including undersigned counsel, as his sole authorized counsel and "sole representatives in all American courts, federal or state, military courts and international courts." See July 25, 2008, written authorization attached hereto as Ex. A.

Since Mr. Fenstermaker's proposed filing was an unauthorized action against Mr. Al-



Nashiri's interest which could permanently close an avenue of relief for him, undersigned counsel communicated with Mr. Fenstermaker by e-mail, demanding that the pleading not be filed. Ignoring such request Mr. Fenstermaker attempted to filed his "Petitioner's Response To Respondent's Motion To Hold In Abeyance Or In The Alternative Dismiss Without Prejudice" (hereinafter the "Response") but was advised that his filing was untimely. Mr. Fenstermaker subsequently requested that the court of appeals nevertheless accept the pleading. See "Petitioner's Request That The Court Accept As Timely, His Response Of August 22, 2008" (hereinafter the "Request"). Thereafter he requested that the court of appeals hold in abeyance all motion practice in the DTA case. See "Motion To Hold Motion Practice In Abeyance" to which undersigned counsel responded and Mr. Fenstermaker has replied. See DTA case, General Docket, 9/30/08, 10/7/08 and 10/17/08 entries. The court of appeals has not yet ruled on the pending motions in the DTA case.

**B.     United States District Court for the District of Columbia (the "habeas case")**

On June 12, 2008, the United States Supreme Court decided Boumediene v. Bush, 128 S.Ct. 2229 (2008), which held that Guantanamo prisoners such as Mr. Al-Nashiri were entitled to pursue habeas corpus actions. On June 24, 2008, Mr. Fenstermaker filed a "Petition For A Writ Of *Habeas Corpus* Pursuant To 28 U.S.C. §2241" initiating the case currently styled Ali Nashir v. Gates, United States District Court for the District of Columbia, Case No. 1:08-cv-01085-UNA [hereinafter "No. 08-1085"]. See Clerk's Record (CR) 1. In the petition Mr. Fenstermaker asserts that he "serves as Next Friend of Petitioner Ali Nashir pursuant to an August 22, 2007 letter appointing Petitioner Fenstermaker as Petitioner Ali Nashir's Next Friend." Aside from the general statement that "Petitioner Ali Nashir is being held in violation of the Constitution and laws of the United States, as well as the international law of armed conflict[,]" the two page petition contains no claims, and



no exhibits were submitted with it.

On July 15, 2008, undersigned counsel commenced the process of filing a habeas petition for Mr. Al-Nashiri, initiating the case now styled <u>Al-Nashiri v. Bush</u>, United States District Court for the District of Columbia, Case No. 1:08-cv-01207-UNA [hereinafter "No. 08-1207"]. See Clerk's Record (CR) 1. In doing so counsel complied with the Protective Order to which they are signators entered in the DTA case[2] and, as mandated by the Protective Order, submitted a 45 page Petition For Writ Of Habeas Corpus with seven exhibits for review through the Court Security Officer (CSO). The review process took considerable time. On October 2, 2008, a redacted version of the petition and the exhibits were filed with the Court.

In addition to the petition filed in case No. 08-1207 undersigned counsel, acting in compliance with the Protective Order, have filed various pleadings with the Court through the CSO, including a status report in compliance with the Court's July 11, 2008, Scheduling Order (see CR 11, 22, 37), a motion that the government file notice with the Court 30 days before any transfer of petitioner from Guantanamo Bay (CR 16) and a response to the government's motion for reconsideration of application of the standard habeas protective order in lieu of its proposed TS//SCI protective order (see CR 18, 39, 41 and 44), seeking to protect Mr. Al-Nashiri's right to present a defense. They have most recently tendered to the CSO for filing and service petitioner's opposition to the "Respondents' Motion To Dismiss Improper Respondents."

Mr. Fenstermaker has taken a different approach in case No. 1085. In lieu of focusing on the proposed TS//SCI protective order's impact on Mr. Al-Nashiri's right to present a defense, Mr.

---

[2]The Protective Order is found in <u>Al-Nashiri v. Gates</u>, United States Court of Appeals for the District of Columbia Circuit, CA No. 08-1007, General Docket, 2/1/08 and 2/12/08 entries.

8


TOP SECRET//CODEWORD

Fenstermaker aggressively attacked undersigned counsel and the government for allegedly interfering with his ability to inject himself into Mr. Al-Nashiri's defense (see CR 27). On the other hand he has passively acquiesced in the government's effort to reduce the named defendants to one person, the Secretary of Defense. According to Appendix A to the government's motion (No. 08-1207, CR 43), it received responses from 56 attorneys as to their client(s)' positions on the proposed motion, 25 of whom, including undersigned counsel, opposed it, 30 of whom consented subject to conditions that, according to the government, constituted refusal to consent (see footnote * *) and one responded as "unopposed." The "one" was Mr. Fenstermaker, case No. 1085.

Such unconditional concession of Mr. Al-Nashiri's rights parallels Mr. Fenstermaker's August 22, 2008, response in the DTA case to the government's motion to hold the case in abeyance or alternatively dismiss it without prejudice. While undersigned counsel vigorously opposed such motion, see DTA case, General Docket, 8/4/08 entry, Mr. Fenstermaker "consent[ed] to Respondent's application to dismiss this petition without prejudice for renewal." See DTA case, General Docket, 8/25/08, 9/12/08 and 9/22/08 entries. Since, as noted above, Mr. Fenstermaker's proposed filing was an unauthorized action against Mr. Al-Nashiri's interest which could permanently close an avenue of relief for him, undersigned counsel renewed efforts to strike Mr. Fenstermaker's DTA pleadings. See DTA case, General Docket, 8/25/08 and 9/22/08 entries. Ironically, on the same day, August 22, 2008, that Mr. Fenstermaker sought to concede Mr. Al-Nashiri's DTA rights the court of appeals reaffirmed the independent significance of the DTA proceedings by reinstating its decisions in Bismullah v. Gates. See Bismullah v. Gates, CA No. 06-1197, General Docket, 8/22/08 entry.

Mr. Fenstermaker's approach of aggressively asserting his interest in representing Mr. Al-



Nashiri while passively responding to government procedural requests as set forth above seriously endangers Mr. Al-Nashiri's right to present a defense. As requested below, Mr. Fenstermaker's pleadings should be struck and he should be barred from continuing to assert that he represents Mr. Al-Nashiri.

II.

## ARGUMENT

### A. The Office Of The Federal Public Defender For The District Of Nevada Is Authorized Counsel For Mr. Al-Nashiri In This Court.

During a meeting with counsel at Guantanamo Bay in May, 2008, Mr. Al-Nashiri provided a written authorization respecting undersigned counsel's representation of him. See Petition For Writ Of Habeas Corpus, No. 08-1207, Ex. 7 (CR 36). Mr. Fenstermaker bases his authorization claim on letters of August 22, 2007, and May 27, 2008. In neither case does he provide copies of his solicitation letters underlying Mr. Al-Nashiri's responses. The August 22, 2007, letter merely indicates an interest in having a "friend." Even if such letter somehow supports a "next friend" relationship, as discussed in Argument D. below, any such relationship is trumped by Mr. Al-Nashiri's direct written authorization for undersigned counsel to represent him. According to Mr. Fenstermaker the May 27, 2008, letter rejects undersigned counsel (Turner) as a member of Mr. Al-Nashiri's defense team in favor of Mr. Fenstermaker. That a Guantanamo prisoner would have second thoughts about a particular lawyer after an initial attorney/client visit is hardly surprising. Indeed, the inherent difficulty in establishing rapport with a client held under the circumstances of Mr. Al-Nashiri undoubtedly inspired the rule entitling an attorney to two visits in order to obtain written authorization.

10



This past July during Mr. Turner's second visit to Guantanamo Mr. Al-Nashiri identified in writing certain lawyers, including Mr. Turner, as his sole authorized counsel and "sole representatives in all American courts, federal or state, military courts and international courts." See July 25, 2008, written authorization attached hereto as Ex. A.

Subsequent to the June, 2008, request that charges against Mr. Al-Nashiri be referred to a military commission for trial, petitioner has met regularly with military counsel. By Declaration of September 3, 2008, his military defense counsel, Stephen C. Reyes, LCDR, JAGC, USN, confirmed such meetings, including that Mr. Al-Nashiri "intentionally excluded Mr. Fenstermaker" from the July 25, 2008, written authorization and that Mr. Al-Nashiri had "made it clear that he does not desire Mr. Fenstermaker's assistance and does not authorize Mr. Fenstermaker to make an appearance or file any pleadings on his behalf in any jurisdiction." See Ex. B attached hereto. It is, therefore, clear that undersigned counsel and not Mr. Fenstermaker are Mr. Al-Nashiri's authorized counsel before this Court.

**B.      This Court's Treatment Of Mr. Fenstermaker's Contention That He Represents The Petitioner In <u>Ghailani v. Gates</u>, 08-1190 (RJL), Is A Useful Model In Addressing The Issue Here.**

On July 10, 2008, Mr. Fenstermaker filed a petition for writ of habeas corpus initiating the case of <u>Ghailani v. Gates</u>, United States District Court for the District of Columbia, Case No. 1:08-cv-01190-RJL [hereinafter referred to as "<u>Ghailani v. Gates</u>"], Docket 1. On July 25, 2008, attorney David Remes moved to strike Mr. Fenstermaker's notice of appearance, have himself named as counsel and bar Mr. Fenstermaker from making further filings holding himself out as Ghailani's counsel. <u>Ghailani v. Gates</u>, Document 7. Attachments (military defense counsel declarations and an e-mail from Chief Military Defense Counsel David to Mr. Fenstermaker) to that pleading revealed

that Mr. Fenstermaker had ignored Mr. Ghailani's directions and filed an unauthorized petition. Mr. Fenstermaker responded to Mr. Remes' motion in an essentially identical manner to his response here, i.e. by (1) claiming to be Ghailani's authorized counsel based on certain letters and by (2) attacking petitioner's counsel and the government for allegedly obstructing his efforts to represent Ghailani. See Ghailani v. Gates, Document 9, pp. 3-13. "Upon review of the motion to strike Scott Fenstermaker's opposition, and the entire record herein[,]" on August 19, 2008, Judge Leon ordered David Remes "named as counsel" for Ghailani, that Mr. Fenstermaker's notice of appearance be struck and that "Mr. Fenstermaker is barred from making any further filings in this Court on petitioner Ahmed Khalfan Ghailani's behalf." Ghailani v. Gates, Document 14. Judge Leon also ordered attorney Remes to file a signed authorization or declaration with respect to his representation of Ghailani. In other words the Court concluded based on the military defense counsel's declarations that Mr. Fenstermaker's appearance should be struck sans a signed client authorization. Here, undersigned counsel provide both such written client authorization and a military defense counsel declaration. See, e.g., Exs. A & B attached hereto. There is, therefore, even more justification for striking Mr. Fenstermaker's notice of appearance and recognizing the Office of the Federal Public Defender for the District of Nevada as sole counsel for Mr. Al-Nashiri before this Court.

Petitioner also notes that notwithstanding this Court's Order Mr. Fenstermaker apparently continues to claim to represent Ghailani. Pursuant to this Court's Rule 40.5(b)(2) on July 10, 2008, Mr. Fenstermaker filed a notice in Ghailani v. Gates signed by him on June 26, 2008, identifying Fenstermaker, et al. v. Bush, et al., United States District Court for the Southern District of New York, No. 05 CV 7468, as a "related case" involving common issues of fact and growing out of the

TOP SECRET//CODEWORD

same event or transaction as addressed in Ghailani v. Gates. See Ghailani v. Gates, No. 08-1190, Document 2. At that time Fenstermaker v. Bush was on appeal before the United States Court of Appeals for the Second Circuit, CA No. 07-2980. The appeal had been conditionally dismissed subject to timely reinstatement. According to the General Docket, Ex. C attached hereto, following a letter request from Mr. Fenstermaker dated July 1, 2008, the appeal was reinstated. Such letter also included a request "to add Ahmed Khalfan Ghailani as a party to this appeal." As also reflected on that appeal's General Docket, Mr. Ghailani is identified as a named party. There is no indication on the docket sheet that Mr. Fenstermaker has informed the Second Circuit of Judge Leon's Order.

### C. Mr. Fenstermaker's Attempted Insertions Of Himself In Guantanamo Matters Is Rampant With Conflict Of Interest.

Mr. Fenstermaker has claimed to represent Mr. Al-Nashiri and at least three other Guantanamo prisoners. As set forth below with respect to each such person a potential, if not actual, conflict of interest exists.

#### 1. Ahmed Khalfan Ghailani

The history of Mr. Fenstermaker's claimed representation of Mr. Al-Ghailani is addressed in Argument B. supra. The nature of the potential, if not actual, conflict is set forth in the DTA case. See "Corrected Response In Opposition To 'Motion To Substitute Counsel And For Leave To File Documents *In Camera* And Under Seal And Motion To Strike Notice of Appearance," pp. 8-11, and "Reply To 'Response To Federal Defenders Motion To Strike,'" pages 5-9, General Docket, 6/13/08 and 6/30/08 entries.

#### 2. Mustafa Bin-Ahmad Al-Hawsawi

On September 26, 2008, Mr. Fenstermaker filed in this Court a pleading styled

13



"Petition For A Writ Of *Habeas Corpus* Pursuant To 28 U.S.C. §2241" initiating a proceeding styled Al-Hawsawi v. Gates, Case No. 1:08-cv-01645. He signed the pleading as "Attorney for Petitioner." Mr. Al-Hawsawi is also one of the 14 persons, including Messrs. Al-Nashiri and Ghailani, the government has identified as "high value" prisoners. According to a government created biography, the government has further identified Mr. Al-Hawsawi as "key to KSM's [Khalid Shaykh Muhammad's] operational team." See http://www.defenselink.mil/pdf/detaineebiographies1.pdf, page 4. The government has likewise identified KSM as "external operations chief for al-Qa'ida," id. at p. 13, and Mr. Al-Nashiri as "operations chief in the Arabian Peninsula." Id. at p. 7. Based on all such allegations it is clear that there is a potential, if not actual, conflict with any one lawyer representing Messrs Al-Hawsawi, Al-Nashiri and Ghailani. On April 23, 2008, Mr. Fenstermaker filed a motion with the Second Circuit seeking to remove Mr. Al-Hawsawi from Fenstermaker v. Bush, supra, which motion was granted May 22, 2008. However, on October 9, 2008, Mr. Fenstermaker moved to allow reinstatement of Mr. Al-Hawsawi as a party to such appeal, confirming his continued assertion that he is Mr. Al-Hawsawi's attorney. See Ex. C attached hereto.

3. **Ali Abd Al-Aziz Ali**

Mr. Al-Aziz Ali is also a named party in the Fenstermaker v. Bush Second Circuit appeal. See General Docket, Ex. C attached. As with Messrs. Al-Nashiri, Ghailani and Al-Hawsawi, the government has identified him as a "high value" prisoner. In addition, according to the government, he is KSM's nephew, a "key lieutenant for KSM" and post 911 "assisted his uncle on various plots against the United States and United Kingdom." See http://www.defenselink.mil/pdf/detainedbiographies1.pdf, page 1. As noted above, the government has identified KSM as "external operations chief for al-Qa'ida," Mr. Al-Nashiri as "operations chief

14

in the Arabian Peninsula" and Mr. Al-Hawsawi as "key to KSM's operational team." Based on all such allegations, it is clear that there is a potential, if not actual, conflict in any one lawyer representing Messrs. Al-Aziz Ali, Al-Nashiri, Ghailani and Al-Hawsawi. Since undersigned counsel represent only Mr. Al-Nashiri this Court should recognize them as his counsel and bar Mr. Fenstermaker from any continuing effort to represent him.

**D.    There Is No Need For "Next Friend" Involvement.**

As set forth in I.B. supra, on June 24, 2008, Mr. Fenstermaker filed a "Petition For A Writ Of *Habeas Corpus* Pursuant To 28 U.S.C. §2241" initiating case No. 08-1085. See CR 1. In the petition Mr. Fenstermaker asserts that he "serves as Next Friend of Petitioner Al Nashir pursuant to an August 22, 2007 letter appointing Petitioner Fenstermaker as Petitioner Ali Nashir's Next Friend." Mr. Fenstermaker also asserts "next friend" status in the Southern District of New York/Second Circuit litigation, the appeal of which he recently reinstated, where he repeatedly told the district court that his goal was to get attorneys for Guantanamo prisoners. He does not address in his Response the obvious contradiction between the goal of obtaining counsel for Guantanamo prisoners through purported service as their "next friend" and seeking, as here, to force the withdrawal of existing, directly authorized counsel so that he can personally represent not just one Guantanamo prisoner but four (see Argument C supra). In light of the "next friend" nature of the case No. 08-1085 petition and Mr. Fenstermaker's recent reinstatement of the appeal of the Southern District of New York/Second Circuit "next friend" case, it is appropriate to address "next friend" status.

In Bismullah v. Gates, 501 F.3d 178 (D.C. Cir. 2007), the court of appeals said that "we understand it [DTA] to have permitted a next friend to petition for review of a CSRT determination

when the detainee is '<u>unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability</u>' [citation omitted]." 501 F.3d at 191 (emphasis added).[3] Consistent with Mr. Fenstermaker's avowed goal of helping prisoners such as Mr. Al-Nashiri obtain counsel, which has come to fruition in that Mr. Al-Nashiri has the undersigned as authorized counsel as set forth in Argument A. above, Mr. Al-Nashiri now has access to the court system through undersigned counsel and would not appear to be presently suffering from any of the disabilities justifying the involvement of a "next friend." Consequently, the "next friend" petition filed in case No. 08-1085 is unnecessary and should be merged into and consolidated with the habeas case, No. 08-1207.

E.  **There Is No Need For An Evidentiary Hearing.**

As discussed in Argument B. supra, undersigned counsel have submitted more proof that they are authorized counsel than was presented in <u>Ghailani v. Gates</u>, No. 08-1190, to support Judge Leon's Order barring Mr. Fenstermaker from representing Mr. Ghailani. There is no need for an evidentiary hearing to order comparable relief in this case.

### III.

### RELIEF REQUESTED

Undersigned counsel are Mr. Al-Nashiri's sole directly authorized lawyers before this Court. Mr. Al-Nashiri does not want Mr. Fenstermaker to serve as his counsel in this or any other matter. Accordingly, this Court should (1) strike Mr. Fenstermaker's notice of appearance in case No. 08-1085 and consolidate that case with No. 08-1207; (2) name undersigned counsel as Mr. Al-Nashiri's sole counsel before this Court and (3) bar Mr. Fenstermaker from making any further filings holding

---

[3]As noted above, the court of appeals recently reaffirmed the importance of the DTA proceedings. See <u>Bismullah v. Gates</u>, CA No. 06-1197, General Docket, 8/22/08 entry.

16



himself out as Mr. Al-Nashiri's counsel in this or any other federal court.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Fenstermaker's motions should be denied and the relief requested in III. above granted.

Dated: October **25**, 2008
Las Vegas, Nevada

Respectfully Submitted,

*Paul G. Turner*
\*PAUL G. TURNER
Nevada Bar No. 07941
Assistant Federal Public Defender
\*GERALD BIERBAUM
Texas Bar No. 24025252
Assistant Federal Public Defender
\*MUKUND H. SHARMA
California Bar No. 249125
Assistant Federal Public Defender
411 East Bonneville Avenue, Ste. 250
Las Vegas, NV 89101
(702) 388-6577
\*Attorneys for Petitioner

TOP SECRET//CODEWORD

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2008, I filed and served the foregoing **RESPONSE TO "PETITIONER'S RESPONSE TO THE OCTOBER 3, 2008 ORDER TO SHOW CAUSE AND MOTION FOR MISCELLANEOUS RELIEF"** by causing an original and eight copies to be delivered to the United States Department of Justice / Court Security Office via Federal Express for filing with the Court and service on the persons listed on the attached service list.

**Attn: Nathaniel A. Johnson**
Court Security Officer / Litigation Security Section
United States Department of Justice
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530

**SERVICE LIST:**
**Judry Laeb Subar**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Email: judry.subar@usdoj.gov

**Scott Michael Marconda**
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW, Room 5130
Washington, DC 20530
Email: scott.marconda@usdoj.gov

**Alexander Kenneth Haas**
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Washington, DC 20530
Email: alexander.haas@usdoj.gov

**SERVICE LIST CONT'D:**
**Andrew I. Warden**
U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
20 Massachusetts Avenue, NW
Washington, DC 20530
andrew.warden@usdoj.gov

**Terry Marcus Henry**
U.S. DEPARTMENT OF JUSTICE
P.O. Box 883
20 Massachusetts Avenue, NW, Suite 7212
Washington, DC 20044
Email: terry.henry@usdoj.gov

**Jean Lin**
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW, Suite 7218
Washington, DC 20530
Email: jean.lin@usdoj.gov

**Scott L. Fenstermaker, P.C.**
300 Park Avenue, 17th Floor
New York, New York 10022
scott@fenstermakerlaw.com

_____
Employee of the Federal Public Defender

Electronically filed
11/18/08
/s/ Leianna Montoya

18