IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

―――――――――――――――――――――― x
:
IN RE: GUANTÁNAMO BAY : 
DETAINEE LITIGATION : Misc. No. 08-442 (TFH)
:
―――――――――――――――――――――― x
:
DJAMEL AMEZIANE, :
:
          Petitioner, :
:
   v. : Civil Action No. 05-392 (ESH)
:
GEORGE W. BUSH, *et al.*, :
:
          Respondents. :
:
―――――――――――――――――――――― x
:
YASIN MUHAMMED BASARDH, :
:
          Petitioner, :
:
   v. : Civil Action No. 05-889 (ESH)
:
GEORGE W. BUSH, *et al.*, :
:
          Respondents. :
:
―――――――――――――――――――――― x
:
HAYAL AZIZ AHMED AL-MITHALI, :
:
          Petitioner, :
:
   v. : Civil Action No. 05-2186 (ESH)
:
GEORGE W. BUSH, *et al.*, :
:
          Respondents. :
:
―――――――――――――――――――――― x

Dockets.Justia.com

# JOINT STATUS REPORT

Undersigned counsel for the petitioners and respondents in these cases respectfully submit this joint status report pursuant to the Court's November 7, 2008 Order.

## I. PETITIONERS' POSITION

The petitioners have identified common areas of agreement concerning compliance with Judge Hogan's Case Management Order ("CMO"), anticipated problems proceeding pursuant to the CMO, and proposed modifications to the CMO. Those matters are set forth below. The petitioners also jointly request that the Court schedule a portion of the November 24, 2008 status conference for discussion of the individual cases and, as necessary, discussion of classified and "protected" information.

The parties conferred on November 14, 2008. Regrettably, it appears as though there is little agreement about the core issues addressed in Judge Hogan's CMO and this Court's November 7, 2008 Order. Indeed, the government has indicated that it will file a motion on November 18, 2008, which seeks a stay of the deadlines for filing set out in the CMO. The petitioners believe that a portion of the status conference on November 24, 2008 should be used to argue whether the government's efforts to stay the CMO should be rejected. A generic stay motion is inconsistent with the individualized consideration of cases by all the judges of this court subsequent to Judge Hogan's initial actions, and with this Court's order of November 7, 2008, asking the parties to address issues in the specific cases pending in this Court. The government's November 18, 2008 filing will continue to treat the habeas cases of the Guantánamo Bay detainees as one block. The petitioners urge this Court to reject the government's approach and require individualized pleadings that address the distinct aspects of each petitioner's case.

1

In addition, the petitioners have identified individual issues that must be addressed in their respective cases. The petitioners request that the Court schedule additional separate status conferences for each case, and enter separate scheduling orders in each case.

**Factual Returns**

The government filed motions to amend the factual return in each case. Judge Hogan granted those motions on November 7, 2008, over petitioner Ameziane's objections and before petitioner al-Mithali had an opportunity to oppose the motion in his case.

The government has attempted unilaterally to designate all non-classified information in the amended returns as "protected" under the protective order entered in these cases. The petitioners object to the designations. The government has no power to designate information as "protected"; only the Court may do so on motion by the government pursuant to paragraph 34 of the protective order. *See Bismullah v. Gates*, 501 F.3d 178, 188 (D.C. Cir. 2007) ("It is the court, not the Government, that has discretion to seal a judicial record, which the public ordinarily has the right to inspect and copy.") (internal citations omitted); *Parhat v. Gates*, 532 F.3d 834, 836-37, 853 (D.C. Cir. 2008) (rejecting proposed designation). The Court should enforce the procedures set forth in the protective order and require the government to file a motion promptly or withdraw their purported unilateral designations.[1] The petitioners note the distinction between filing documents under seal because they are classified or "protected" and filing under seal for other reasons.

---

[1] Counsel for Ameziane notified the government of their objection to the proposed blanket designation on September 29, 2008. They attempted to meet and confer with the government concerning the proposed designation of three specific documents. The government refused because, according to its counsel, it did not want to compromise its litigation position concerning its obligation to produce unclassified returns in other cases before other judges. This intransigence has caused substantial delay in, and prejudice to, preparation of Ameziane's case.

Petitioner Ameziane further contends that certain allegations in the "Narrative" to his amended factual return lack any colorable evidentiary support and are otherwise highly misleading. Petitioners Ameziane and al-Mithali request that the Court order counsel for the government to sign each Narrative or strike it from the amended return pursuant to Fed. R. Civ. P. 11.

## Legal Justification

The government's statement of the legal justification for each petitioner's detention is due by November 18, 2008 under Part I.B of the CMO. The petitioners request an opportunity to respond to that statement.

## Unclassified Factual Returns

The government is required to provide unclassified factual returns by November 20, 2008 under Part I.C of the CMO. The petitioners request that the Court order the government to produce by the same date adequate substitutes for any classified or "protected" information withheld from the petitioners themselves, as set forth in Part I.F of the CMO.

## Exculpatory Evidence

The government is required to disclose all reasonably available exculpatory evidence in its possession by November 20, 2008 under Part I.D.1 of the CMO. The petitioners anticipate a dispute with the government concerning the required scope of the search for exculpatory evidence. The petitioners request that the Court order the government to conduct a search for exculpatory evidence that is as broad as the search conducted by the government for inculpatory evidence, and to produce exculpatory evidence that is within the possession, custody or control of the government or could by the exercise of due diligence become known to the government. The petitioners view the obligation imposed on the government in the CMO as the equivalent of

3

the obligation imposed by the Court of Appeals in *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007).

The petitioners also request that the Court require representatives of the general counsel's office of each government agency, particularly the Central Intelligence Agency, to provide separate, specific certifications concerning the disclosure of exculpatory information under Part I.D.1 of the CMO. This is necessary given the withholding of evidence in the *Moussaoui* case.[2]

Petitioner Basardh notes that he filed specific requests for exculpatory information in his Detainee Treatment Act case on December 20, 2007 and July 3, 2008. The government did not provide the information requested.

## **Discovery**

The petitioners request that the Court amend Part I.E.1 of the CMO to further require the government to produce, within 14 days of any request by the petitioners, all statements and reports of government witnesses or prospective witnesses in the government's possession which relate to the subject matter of the amended factual returns.

The petitioners also object to Parts I.E.2(3) and (4) of the CMO, which require them to demonstrate why the requested information is necessary. The threshold standard for discovery should be a showing that the requested information is "relevant to the claim or defense of any party." *See* Fed. R. Civ. P. 26(b); *Boumediene v. Bush*, 128 S. Ct. 2229, 2267 (2008) ("[T]he common law habeas court's role was most extensive in cases of pretrial and noncriminal detention, where there had been little or no previous judicial review of the cause for detention.").

---

[2] *See*, *e.g.*, Redacted Letter from Justice Department to U.S. Court of Appeals for the Fourth Circuit and U.S. District Court for the Eastern District of Virginia, dated Oct. 25, 2007, at 3 of 5 ("The fact that the audio/video recording of enemy combatant interrogations occurred, and that the United States was in possession of three of those recordings is, as noted, inconsistent with

4

The petitioners further object to Parts I.E.2(3) and (4) of the CMO to the extent those provisions would require them to disclose privileged and confidential litigation strategies.

On November 6, 2008, petitioner Ameziane submitted a written request for discovery pursuant to Part I.E.1 of the CMO. The government is required to provide this discovery by November 20, 2008. On November 13, 2008, Ameziane submitted specific requests for exculpatory evidence and other discovery pursuant to the CMO. The government has not provided the information requested. Ameziane intends to move for discovery pursuant to Part I.E.2 of the CMO.

Again, petitioner Basardh notes that he filed discovery requests in his DTA case that seek information that the government is now obligated to provide under the exculpatory evidence provision of the CMO. Basardh updated his request by email to counsel for the government on November 14, 2008.

On November 11, 2008, petitioner al-Mithali submitted a written request for discovery pursuant to Part I.E.1 of the CMO. The government is required to provide this discovery by November 25, 2008.

## **Classified Information**

The petitioners contend that under no circumstances should the government be permitted to withhold relevant classified information from their security-cleared counsel under Part I.F of the CMO.[3] Nor under any circumstances should the government be permitted to rely on

---

factual assertions in CIA declarations."), *available at* http://graphics8.nytimes.com/packages/pdf/world/20071207_intel_letter.pdf.

[3] Some of the petitioners' counsel hold clearances at the Top Secret or Top Secret//SCI levels, which indicates they can be trusted with information at those levels. *See Al Odah v. United States*, 346 F. Supp. 2d 1, 14 (D.D.C. 2004) (Kollar-Kotelly, J.) ("[T]he Government's decision to grant an individual attorney a security clearance amounts to a determination that the attorney can be trusted with information at that level of clearance.").

5

classified information withheld in whole or in part from the petitioners and their counsel – which, if permitted, would deny the petitioners notice and a meaningful opportunity to challenge the factual and legal bases for their detentions. *See*, *e.g.*, *Boumediene*, 128 S. Ct. at 2273 (an "adversarial character" is "necessary" to habeas proceedings); *Crawford v. Washington*, 541 U.S. 36, 49 (2004) ("It is a rule of the common law, founded on natural justice, that no man shall be prejudiced by evidence which he had not the liberty to cross examine.").

## Traverse

The petitioners' traverses are due on December 4, 2008 under Part I.G of the CMO. The petitioners request that the Court amend Part I.G of the CMO and establish separate deadlines for the traverse in each case based on the particular circumstances of that case, allowing time for counsel to schedule trips to Guantánamo and consult with their clients after the end of discovery. Petitioner Ameziane anticipates he will need 21 to 30 days after discovery to file his traverse.

## Burden and Standard of Proof

The petitioners object to the "preponderance" standard of proof under Part II.A of the CMO. The petitioners contend that "clear and convincing evidence" is the proper standard of proof for the reasons set forth in their procedural framework briefing before Judge Hogan. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (dkt. nos. 206, 231).

## Presumption in Favor of the Government's Evidence

The petitioners object to any presumption in favor of the government's evidence under Part II.B of the CMO for the reasons set forth in their procedural framework briefing before Judge Hogan. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (dkt. nos. 206, 231).

### Hearsay

Hearsay motions are due by December 11, 2008 under Part II.C of the CMO. The petitioners request that the Court amend Part II.C of the CMO and establish separate deadlines for hearsay motions in each case based on the particular circumstances of that case.

The petitioners do not object to the introduction of hearsay evidence applying the procedures set forth under Part II.C of the CMO, except hearsay evidence should not be admitted under any circumstance if it is: (1) multi-layered; (2) based on torture or other unlawful coercion, including without limitation cruel, inhuman or degrading treatment; (3) redacted or incomplete; or (4) offered solely on a claim of undue burden. The Court should specifically require the government to describe in detail the circumstances under which any hearsay it seeks to introduce was obtained to ensure it is not the product of torture or other unlawful coercion. The petitioners further request that the Court order the government to move to admit existing hearsay evidence in the amended returns pursuant to Part II.C of the CMO.

### Judgment on the Record

The petitioners' initial briefs are due on December 18, 2008 under Part III.A of the CMO. The petitioners request that the Court amend Part III.A of the CMO and establish separate deadlines for briefing in each case based on the particular circumstances of that case.

### Evidentiary Hearing

If evidentiary hearings are required under Part III.B of the CMO, the petitioners request that they be permitted to appear in court, in person, for all non-classified proceedings.

II. **RESPONDENTS' POSITION**

Tomorrow respondents will file, in the cases in which the CMO was entered, a separate motion for clarification and reconsideration of the CMO, or in the alternative, a motion for

certification for appeal and to stay certain obligations pending resolution of the motion or appeal. The motion will be supported by classified and public declarations from three federal agencies.

Respondents' motion will explain the need for and requests clarification on the ground that the CMO, if expansively construed, creates obligations that simply cannot be met within the timeframe given. The motion requests reconsideration on the grounds that several provisions of the CMO place tremendous and improper burdens on the government related both to resources and national security interests. Reconsideration is also sought on the ground that the CMO creates a procedural and discovery regime that is similar to or exceeds the procedures contemplated in criminal prosecutions, contrary to the Supreme Court's direction in *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004), and *Boumediene v. Bush*, 128 S. Ct. 2229 (2008). Provisions subject to the requests for clarification and/or reconsideration include provisions related to disclosure of exculpatory evidence, automatic discovery under Part I.E.1 of the CMO, and the disclosure of classified information and adequate substitutes for such information.

Respondents' motion alternatively requests certification of the CMO pursuant to 28 U.S.C. § 1292(b) to the D.C. Circuit for highly expedited appellate review of key procedural issues. The motion argues that, because the CMO seems to require broad disclosure of sensitive classified information, it would be far preferable for the scope of those requirements to be settled before such disclosures are ordered. The motion also seeks a stay of certain obligations under the CMO pending resolution of the motion and any appeal.

As to certain other matters raised by petitioners in this status report: Respondents contend that petitioner Ameziane's request for discovery does not comply with Part I.E.2 of the CMO.

8

The objection of petitioners Ameziane and al-Mithali that the narrative portion of the government's factual return is not signed was raised by various other petitioners in their oppositions to respondents' motions to amend factual returns before Judge Hogan, and was refuted in respondents' replies in support of the motions to amend. Judge Hogan then granted respondents' motions to amend. *See* Order (Nov. 7, 2008) (dkt. no. 952 in No. 08-mc-0442).

With regard to petitioners' complaint that non-classified information in the classified versions of factual returns filed in these cases has been designated by respondents as "protected information" under the protective order in these cases, respondents have proceeded appropriately. The protective order permits the designation of information by Respondents as "protected," pending a further decision on the issue by the Court. *See* Sept. 11, 2008 Protective Order ¶¶ 10, 34. As stated in the notice of filing of the classified versions of the factual returns, respondents designated all non-classified information in the returns as "protected" pending further review of the information by respondents, that is, pending review by respondents to determine whether the information is in fact not classified and, if so, whether the non-classified information is suitable in whole or part for filing on the public record. This designation practice has been necessary because of the intense burdens that have been associated with the production of factual returns at the rate of 50 per month under Judge Hogan's scheduling orders; the same agency resources involved in clearing documents for use in the factual returns are also implicated in any review of documents in the returns to determine what information therein should be "protected" as not suitable for public disclosure. Given the effort associated with producing factual returns generally, Respondents have not been in a position to devote resources to the review of non-classified documents in returns in order to designate specific pieces of information in the documents as "protected." However, once respondents submit unclassified versions of the

factual returns in these cases – a project that is proceeding apace for the cases subject to the CMO, although respondents will request additional time in their motion for reconsideration to complete the undertaking – it is anticipated that the amount of information in unclassified documents that is subject to the "protected information" designation will be significantly reduced, enabling the parties to confer regarding the specific designation and litigate the propriety of the specific designation, if necessary.

Date:   November 17, 2008

                                              Respectfully submitted,

                                              Counsel for Petitioner Ameziane:

                                              /s/ J. Wells Dixon
                                              J. Wells Dixon (Pursuant to LCvR 83.2(g))
                                              Pardiss Kebriaei (Pursuant to LCvR 83.2(g))
                                              CENTER FOR CONSTITUTIONAL RIGHTS
                                              666 Broadway, 7th Floor
                                              New York, New York 10012
                                              Tel: (212) 614-6423
                                              Fax: (212) 614-6499
                                              wdixon@ccrjustice.org
                                              pkebriaei@ccrjustice.org

                                                     - and -

                                              Counsel for Petitioner Basardh:

                                              /s/ Steven T. Wax
                                              Steven T. Wax
                                              Stephen R. Sady
                                              OFFICE OF THE FEDERAL PUBLIC
                                                 DEFENDER
                                              101 SW Main Street, Suite 1700
                                              Portland, Oregon 97204
                                              Tel: 503-326-2123
                                              Fax: 503-326-5524
                                              steve_wax@fd.org
                                              steve_sady@fd.org

                                                   - and -

Counsel for Petitioner al-Mithali:

/s/ Jennifer R. Cowan
Jennifer R. Cowan
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile:  (212) 909-6836
jrcowan@debevoise.com

    - and -

Counsel for Respondents:

/s/ Terry M. Henry
Terry M. Henry
Assistant Branch Director
Civil Division, Federal Programs Branch
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel. 202.514.4107
Terry.Henry@usdoj.gov