# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                              |   |                               |
|------------------------------|---|-------------------------------|
| IN RE:                       | ) | Misc. No. 08-0442 (TFH)       |
| GUANTANAMO BAY               | ) |                               |
| DETAINEE LITIGATION          | ) | Civil Action No. 04-1254 (HHK)|

## PETITIONERS' MOTION FOR ADDITIONAL DISCOVERY

Pursuant to Section I.E.2 of the Case Management Order dated November 6, 2008, Petitioners hereby move this Court for an order granting additional discovery. Specifically, Petitioners request that the Court order Respondents to respond to Petitioners' First Request for Additional Discovery attached herewith, in accordance with its Definitions and Instructions, within fourteen (14) days after the date of the Court's order.

## NEED FOR THE DISCOVERY

In the factual return for each Petitioner, the Government relies on the statements of third parties to establish facts pertaining to the lawfulness of the Petitioners' detention. Petitioners seek discovery of statements made by third parties on which the Government relies, specific information concerning the circumstances under which such statements were made, and specific information concerning the circumstances under which the Petitioners were apprehended. This discovery is necessary to evaluate fully the reliability, admissibility, and evidentiary value of the statements on which the Government relies, as well as to evaluate fully the facts surrounding the Petitioners' apprehension. Statements made by third parties in Guantánamo cases have been shown in the past to be unreliable or made under circumstances that render the statements unreliable, and the circumstances surrounding the apprehension and transfer to American custody of other Guantánamo detainees have also raised serious unreliability questions.

Accordingly, the requested discovery is likely to produce evidence showing Petitioners' detention to be unlawful.

The requested discovery will not unfairly disrupt or unduly burden the Government. The Government is already under an obligation to produce all documents and objects in its possession that are referenced in the factual return, as well as to produce exculpatory evidence. *See* Case Management Order of November 6, 2008, at 2-3. The Government will necessarily have to review the information requested in responding to its existing discovery and exculpatory evidence obligations. The additional discovery sought now merely requires the Government also to produce information about the circumstances surrounding third party statements on which the Government relies to justify the Petitioners' detention and information about how the Petitioners came to be in the Respondents' custody.

Counsel for Respondents has been consulted and states that Respondents oppose the instant motion.

November 18, 2008

/s/
S. William Livingston
D.C. Bar. No. 59055
Alan A. Pemberton
D.C. Bar. No. 367108
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000 (phone)
(202) 778-6000 (fax)
wlivingston@cov.com
apemberton@cov.com

David H. Remes
D.C. Bar. No. 370372
APPEAL FOR JUSTICE
1106 Noyes Drive
Silver Spring, MD 20910

(202) 669-6508 (phone)
remesdh@gmail.com

Marc D. Falkoff
D.C. Bar No. 491149
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043 (phone)
(815) 753-9301 (fax)
mdf19@columbia.edu

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              |   |                              |
|------------------------------|---|------------------------------|
|                              | ) |                              |
| IN RE:                       | ) | Misc. No. 08-0442 (TFH)      |
| GUANTANAMO BAY               | ) |                              |
| DETAINEE LITIGATION          | ) | Civil Action No. 04-1254 (HHK) |
|                              | ) |                              |

**PETITIONERS' FIRST REQUEST FOR ADDITIONAL DISCOVERY**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Section I.E.1 of the Case Management Order dated November 6, 2008, Petitioners hereby request that Respondents respond to the following requests for production and interrogatory, in accordance with the Definitions and Instructions below, within fourteen (14) days after the date the Court orders Respondents to respond to this request. Non-classified documents should be produced at the law offices of Covington & Burling LLP, 1201 Pennsylvania Avenue, NW, Washington, District of Columbia 20004, and classified documents should be produced consistent with the Protective Order entered by the Court.

**DEFINITIONS AND INSTRUCTIONS**

1. "Document" means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including but not limited to all written, typewritten, handwritten, photographic, video, printed or graphic matter of any kind or nature, however produced or reproduced; any statement, in whatever form, made or adopted by other persons about each Petitioner; and any mechanical or electronic visual or sound recordings, including, without limitation, all tapes and discs, now or formerly in your possession, custody or control, including all documents as defined in the broadest sense permitted by the Federal Rules of Civil Procedure.

2. If the Respondents assert a claim of privilege as to one or more documents sought in this request, the Respondents should list, for each such document, the document's date, signatory or signatories, author(s), addressee(s), each other person who received a copy, the subject matter of the document, its location and custodian, and the basis for the claim of privilege. Such information should be supplied in sufficient detail to permit Petitioners to assess the applicability of the privilege claimed.

3. If any of the requested documents was but is no longer in the Government's possession or subject to its control, the Respondents should state what disposition was made of it and when, and explain the reasons for such disposition.

## REQUESTS FOR PRODUCTION

1. All statements, in whatever form (including written, electronic, video recording, or audio recording), made or adopted by another individual that relate to any of the information contained in the Factual Return (including all amendments) for Petitioners Majid Mahmoud Ahmed (ISN # 041), Abdulmalik Abdulwahhab Al-Rahabi (ISN # 037), Makhtar Yahia Naji Al-Wrafie (ISN # 117), Yasein Khasem Mohammad Esmail (ISN # 522), Adnan Farhan Abdul Latif (ISN # 156), Othman Abdulraheem Mohammed (ISN # 27), Adil El Haj Obaid (ISN # 165), Mohamed Mohamed Hassan Odaini (ISN # 681), Sadeq Mohammed Said (ISN # 069), Farouk Ali Ahmed Saif (ISN # 032).

2. All documents containing information as to the circumstances in which such statements were made or adopted.

3. All documents containing information relating to any fees, bounties, or other monetary or non-monetary remuneration or consideration given to third parties for the apprehension, transfer into the Government's custody, or investigation of each Petitioner, including but not limited to payments, gifts, loans, promises of leniency, preferential treatment, release, reduction in charges, or improvements in conditions of detention given to third parties.

## INTERROGATORY

1. Identify and describe: (a) all statements made or adopted by another individual that relate to any of the information contained in the Factual Return (including all amendments) relating to Petitioners Majid Mahmoud Ahmed (ISN # 041), Abdulmalik Abdulwahhab Al-Rahabi (ISN # 037), Makhtar Yahia Naji Al-Wrafie (ISN # 117), Yasein Khasem Mohammad Esmail (ISN # 522), Adnan Farhan Abdul Latif (ISN # 156), Othman Abdulraheem Mohammed (ISN # 27), Adil El Haj Obaid (ISN # 165), Mohamed Mohamed Hassan Odaini (ISN # 681), Sadeq Mohammed Said (ISN # 069), Farouk Ali Ahmed Saif (ISN # 032); and (b) all information concerning the circumstances in which such statements were made or adopted.

2. Identify and describe all fees, bounties, or other monetary or non-monteary remuneration or consideration given to third parties for the apprehension, transfer into the Government's custody, or investigation of each Petitioner, including but not limited to payments, gifts, loans, promises of leniency, preferential treatment, release, reduction in charges, or improvements in conditions of detention given to third parties.