# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
IN RE:                                                    )          Misc. No. 08-0442 (TFH)
GUANTANAMO BAY                                            )
DETAINEE LITIGATION                                       )          Civil Action No. 05-1429 (RMU)
_____)

## PETITIONER'S MOTION FOR ADDITIONAL DISCOVERY

Pursuant to Section I.E.2 of the Case Management Order dated November 6, 2008,

Petitioner Saeed Mohammed Saleh Hatim hereby moves this Court for an order granting

additional discovery. Specifically, the Petitioner requests that the Court order Respondents to

respond to the Petitioner's First Request for Additional Discovery attached herewith, in

accordance with its Definitions and Instructions, within fourteen (14) days after the date of the

Court's order.

## NEED FOR THE DISCOVERY

In the factual return for the Petitioner, the Government relies on the statements of third

parties to establish facts pertaining to the lawfulness of the Petitioner's detention. The Petitioner

seeks discovery of statements made by third parties on which the Government relies, specific

information concerning the circumstances under which such statements were made, and specific

information concerning the circumstances under which the Petitioner was apprehended. This

discovery is necessary to evaluate fully the reliability, admissibility, and evidentiary value of the

statements on which the Government relies, as well as to evaluate fully the facts surrounding the

Petitioner's apprehension. Statements made by third parties in Guantánamo cases have been

shown in the past to be unreliable or made under circumstances that render the statements

unreliable, and the circumstances surrounding the apprehension and transfer to American

custody of other Guantánamo detainees have also raised serious unreliability questions. Accordingly, the requested discovery is likely to produce evidence showing the Petitioner's detention to be unlawful.

The requested discovery will not unfairly disrupt or unduly burden the Government. The Government is already under an obligation to produce all documents and objects in its possession that are referenced in the factual return, as well as to produce exculpatory evidence. *See* Case Management Order of November 6, 2008, at 2-3. The Government will necessarily have to review the information requested in responding to its existing discovery and exculpatory evidence obligations. The additional discovery sought now merely requires the Government also to produce information about the circumstances surrounding third party statements on which the Government relies to justify the Petitioner's detention and information about how the Petitioner came to be in the Respondents' custody.

Counsel for Respondents has been consulted and states that Respondents oppose the instant motion.


November 18, 2008                  _____/s/_____

S. William Livingston
D.C. Bar. No. 59055
Alan A. Pemberton
D.C. Bar. No. 367108
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000 (phone)
(202) 778-6000 (fax)
wlivingston@cov.com
apemberton@cov.com

David H. Remes
D.C. Bar. No. 370372
APPEAL FOR JUSTICE

1106 Noyes Drive
Silver Spring, MD 20910
(202) 669-6508 (phone)
remesdh@gmail.com

Marc D. Falkoff
D.C. Bar No. 491149
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043 (phone)
(815) 753-9301 (fax)
mdf19@columbia.edu

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____  )
                                  )
IN RE:                            )      Misc. No. 08-0442 (TFH)
GUANTANAMO BAY                    )
DETAINEE LITIGATION               )      Civil Action No. 05-1429 (RMU)
_____  )

## PETITIONER'S FIRST REQUEST FOR ADDITIONAL DISCOVERY

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Section I.E.1 of the Case

Management Order dated November 6, 2008, Petitioner Hatim hereby requests that Respondents

respond to the following requests for production and interrogatory, in accordance with the

Definitions and Instructions below, within fourteen (14) days after the date the Court orders

Respondents to respond to this request. Non-classified documents should be produced at the law

offices of Covington & Burling LLP, 1201 Pennsylvania Avenue, NW, Washington, District of

Columbia 20004, and classified documents should be produced consistent with the Protective

Order entered by the Court.

## DEFINITIONS AND INSTRUCTIONS

1. "Document" means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including but not limited to all written, typewritten, handwritten, photographic, video, printed or graphic matter of any kind or nature, however produced or reproduced; any statement, in whatever form, made or adopted by other persons about the Petitioner; and any mechanical or electronic visual or sound recordings, including, without limitation, all tapes and discs, now or formerly in your possession, custody or control, including all documents as defined in the broadest sense permitted by the Federal Rules of Civil Procedure.

2. If the Respondents assert a claim of privilege as to one or more documents sought in this request, the Respondents should list, for each such document, the document's date, signatory or signatories, author(s), addressee(s), each other person who received a copy, the subject matter of the document, its location and custodian, and the basis for the claim of privilege. Such information should be supplied in sufficient detail to permit the Petitioner to assess the applicability of the privilege claimed.

3. If any of the requested documents was but is no longer in the Government's possession or subject to its control, the Respondents should state what disposition was made of it and when, and explain the reasons for such disposition.

## REQUESTS FOR PRODUCTION

1. All statements, in whatever form (including written, electronic, video recording, or audio recording), made or adopted by another individual that relate to any of the information contained in the Factual Return (including all amendments) for Petitioner Saeed Mohammed Saleh Hatim (ISN # 255).

2. All documents containing information as to the circumstances in which such statements were made or adopted.

3. All documents containing information relating to any fees, bounties, or other monetary or non-monetary remuneration or consideration given to third parties for the apprehension, transfer into the Government's custody, or investigation of Petitioner Hatim, including but not limited to payments, gifts, loans, promises of leniency, preferential treatment, release, reduction in charges, or improvements in conditions of detention given to third parties.

## INTERROGATORY

1. Identify and describe: (a) all statements made or adopted by another individual that relate to any of the information contained in the Factual Return (including all amendments) relating to Petitioner Saeed Mohammed Saleh Hatim (ISN # 255); and (b) all information concerning the circumstances in which such statements were made or adopted.

2. Identify and describe all fees, bounties, or other monetary or non-monteary remuneration or consideration given to third parties for the apprehension, transfer into the Government's custody, or investigation of Petitioner Hatim, including but not limited to payments, gifts, loans, promises of leniency, preferential treatment, release, reduction in charges, or improvements in conditions of detention given to third parties.