IN RE: GUANTANAMO BAY DETAINEE LITIGATION						Doc. 1007

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------------
IN RE:                                                    Misc. No. 08-mc-442 (TFH)
GUANTANAMO BAY
DETAINEE LITIGATION
-------------------------------------------------------
-------------------------------------------------------
RAHIM ALI-NASHIR, et. al.

                        Petitioners,                     08 cv 1085 (TFH)
           v.                                            08 cv 1207 (RWR)

ROBERT M. GATES, et. al.
                        Respondents.
-------------------------------------------------------
```

### PETITIONER'S MOTION TO FILE DOCUMENTS UNDER SEAL

Petitioner herein moves for an Order of this Court directing that he file any writings sent by Petitioner to Petitioner's retained counsel ("Retained Counsel"), including, but not limited to, Petitioner's June 8, 2008 letter, along with certified translations thereof, with the Court under seal for the Court's *in camera* and *ex parte* consideration. Petitioner further moves this Court for a similar Order directing that the Federal Defender for the District of Nevada (the "Federal Defender") produce any and all writings Petitioner sent to the Federal Defender or other attorneys collaborating with the Federal Defender to the Court under seal for the Court's *in camera* and *ex parte* review.

### ARGUMENT

In the course of Retained Counsel's representation of Petitioner, Retained Counsel received several letters from Petitioner, dated August 22, 2007, October 1, 2007, and May 27, 2008. By Order dated October 7, 2008, this Court directed that those letters be filed with the

1

Dockets.Justia.com

Court as it reviews the competing claims of Retained Counsel and the Federal Defender to representation.

On Friday, November 14, 2008, Retained Counsel received another letter from Petitioner, dated June 8, 2008. *See* November 18, 2008 Declaration of Scott L. Fenstermaker, Esq. Like Petitioner's previous letters to Retained Counsel, his June 8, 2008 letter discusses matters relating to his detention. *See id.* The contents of the June 8, 2008 letter therefore also constitute privileged communications between Petitioner and Retained Counsel. By this motion, Retained Counsel seeks to submit Petitioner's June 8, 2008 letter, and any other writings Retained Counsel may receive from Petitioner hereafter, along with certified translations thereof, under seal for this Court's *in camera* and *ex parte* review. Here, the Court has already directed that Petitioner's August 22, 2007, October 1, 2007 and May 27, 2008 letters be filed under seal for the Court's consideration. It seems only prudent to continue this course of treatment of Petitioner's letters to Retained Counsel, including Petitioner's June 8, 2008 letter, at least until the dispute between Retained Counsel and the Federal Defender regarding Petitioner's authorization of counsel is decided. In addition, the issuance of a blanket order with respect to Petitioner's writings to Retained Counsel will dispense with the need to submit further motions of similar effect with each writing Retained Counsel receives from Petitioner, thereby conserving judicial resources.

Additionally, a review of Petitioner's letters dated May 27, 2008 and June 8, 2008 reveals that Petitioner sent multiple letters to the Federal Defender discussing matters relating to the exercise of his right to an attorney of his choosing. *See id.* Because these letters will shed light on Petitioner's intent and who he selected as his attorney, they are relevant to this Court's determination of which attorney Petitioner authorized to act on his behalf and which *habeas*

action Petitioner has authorized to proceed. Retained Counsel therefore also seeks a similar Order of this Court directing that the Federal Defender produce and file with the Court all of Petitioner's writings sent to the Federal Defender and those attorneys who joined the team the Federal Defender has assembled to assist in her representation of Petitioner, along with their certified translations, if any, under seal for this Court's *in camera* and *ex parte* consideration.

## CONCLUSION

Petitioner requests that this Court grant an Order directing Retained Counsel to file Petitioner's June 8, 2008 letter and Petitioner's other writings sent to Retained Counsel hereafter under seal for the Court's *ex parte* and *in camera* consideration until further notice. Petitioner further requests that this Court order the Federal Defender and all attorneys purportedly on the Federal Defender's team to file with the Court any of Petitioner's writings received by the Federal Defender and those attorneys on the Federal Defender's team and any writings received henceforth from Petitioner, along with certified English translations, if any, under seal and *in camera* for the Court's *ex parte* consideration until further notice.

Dated: New York, New York
November 18, 2008

                Respectfully submitted,

                **The Law Offices of Scott L. Fenstermaker, P.C.**

By: _/s/ Scott L. Fenstermaker_
     Scott L. Fenstermaker, Esq.

     300 Park Avenue, 17th Floor
     New York, New York 10017
     212-302-0201

# APPENDIX A

Pursuant to Local Rule 7(m), Scott L. Fenstermaker contacted counsel for Respondents and for the Federal Defender for the District of Nevada ("Federal Defender"), Paul G. Turner, Esq., to meet and confer regarding potential opposition to the instant motion. The responses received by Tuesday, November 18, 2008 as of 7:45 p.m. EST are as follows:

Respondents, by their attorney Jonathan S. Needle, Esq., do not take any position as to Petitioner's motion.

The Federal Defender does not oppose Petitioner's motion, except to the extent that she apparently seeks to reserve the right to redact any information from Petitioner's writings to her and the other attorneys assisting her in representing Petitioner that she produces to the Court that she feels are irrelevant to the Court's Orders to Show Cause. The Federal Defender also reserves the right to respond to Petitioner's motion. The Federal Defender also reserves the right to contest the legal significance of any letter, along with the accuracy of any translation thereof.