# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

RAHIM ALI-NASHIR, *et. al.*

                      Petitioners,           08 cv 1085 (TFH)

v.                                       08 cv 1207 (RWR)

                                                 08 mc 0442 (TFH)

ROBERT M. GATES, *et. al.*

                      Respondents.

---

## PETITIONER'S MOTION SEEKING RECONSIDERATION OF THIS COURT'S NOVEMBER 18, 2008 DECISION DENYING PETITONER'S MOTION TO EXPAND THE LOCAL RULE 7(e) PAGE LIMIT

On November 18, 2008, this Court rendered a decision granting Petitioner's motion to file a consolidated reply to Respondents' and the Federal Defender's October 31st and October 28th filings, respectively. The Court set a due date for the consolidated reply of November 26, 2008 and denied Petitioner's requests that his retained attorney be served with papers filed by the Federal Defender prior to classification review and his request for an expansion of the Local Rule 7(e) page limit from 25 pages to 40 pages.

By this motion, Petitioner requests reconsideration of the Court's decisions denying Petitioner's request for an expansion of the Local Rules 7(e) page limit and the Court's setting of a November 26th due date.

### ARGUMENT

#### Expansion of the Page Limit is Just and Proper

The rules of this Court provide, under normal circumstances, that a reply brief be no longer than 25 pages. Here, Petitioner will reply to three separate filings in a consolidated fashion without having had the opportunity to confer or otherwise communicate with, Petitioner. Were Petitioner to file three separate replies to each of the three filings to which he is replying, it

stands to reason that he would be allotted 75 pages. Under the circumstances presented here, 75 pages is clearly excessive. However, 25 pages is unduly restrictive.

Here, Respondents and the Federal Defender have engaged in a concerted effort of in excess of a year to replace Petitioner's retained counsel ("Retained Counsel"), with the Federal Defender as Petitioner's attorney of record.[1] As both the Federal Defender's and Respondents' submissions call into question the propriety of this concerted effort, a fact-specific reply is in order. A review of the Federal Defender's and Respondents' October 28th and 31st filings demonstrate that a clear and complete explanation of the weaknesses of their arguments requires space beyond the 25 pages allotted by local rules.

By way of example, the Federal Defender argues that this Court's decision removing Retained Counsel in *Ghailani v. Gates*, 08-1190 serves as a useful model for deciding the instant matter, a claim not raised in any of the Federal Defender's previous filings. Similarly, Respondents argue that a hearing is inappropriate in the instant matter, a claim that is consistent with their continued efforts to isolate Petitioner from Retained Counsel.

Similarly, a discussion of the July 25th statement of Petitioner and the September 3rd affidavit of Lt. Cmdr. Stephen Reyes submitted by the Federal Defender requires a description of the circumstances surrounding their creation, including the timing thereof, and the fact that Respondents, at the same time, were aggressively eliminating Retained Counsel's ability to assist, or even communicate with, Petitioner. Respondents' efforts included refusing to act on Retained Counsel's security clearance application, eliminating Retained Counsel's ability to write to Petitioner and suspending Retained Counsel, without notice or a hearing, from the group

---

[1] Petitioner's August 22, 2007 letter was not released for delivery by Respondents until January of 2008, shortly after the Federal Defender appeared on Petitioner's Detainee Treatment Act matter in the United States Court of Appeals for the District of Columbia Circuit.

of attorneys authorized to represent Petitioner and other detainees before the military commissions.

Finally, addressing the Federal Defender's claims requires a discussion of the timing of the government's efforts to restrict Petitioner's writings to Retained Counsel while, at the same time, facilitating meetings between the Federal Defender and Petitioner at Guantánamo Bay. While Retained Counsel's writings to Petitioner and from Petitioner to Retained Counsel were delayed, or eliminated, the Federal Defender was permitted to repeatedly meet with and speak to Petitioner at crucial intervals. Indeed, Retained Counsel's ability to seek Petitioner's assistance in responding to the various filings in this case has been completely and unilaterally eliminated by Respondents, in the effort to supplant Retained Counsel with their chosen attorney, the Federal Defender.

Of similar effect is this Court's setting of a November 26, 2008 due date. Setting a due date at this stage is premature. Retained Counsel has not been served with, or otherwise provided a copy of the Federal Defender's October 31, 2008 response to the Court's October 27th Order to Show Cause. Under the circumstances, where failure to serve Retained Counsel in other matters has resulted in decided prejudice to Petitioner's interests, it is extremely unfair to require Retained Counsel to reply by November 26th to a filing with which he has not been, and may never be, served.

## CONCLUSION

For the foregoing reasons, this Court should reconsider its decision to limit Petitioner's reply to 25 pages and should set a reply due date only after Retained Counsel has been properly provided with a copy of the Federal Defender's October 31st response to the Court's October 27th Order to Show Cause.

Dated: New York, New York
November 20, 2008

                      Respectfully submitted,

                      **The Law Offices of Scott L. Fenstermaker, P.C.**

By:   */s/ Scott L. Fenstermaker*
        Scott L. Fenstermaker, Esq.

        300 Park Avenue, 17th Floor
        New York, New York 10017
        212-302-0201

# APPENDIX A

Pursuant to Local Rule 7(m), Scott L. Fenstermaker contacted counsel for Respondents and for the Federal Defender for the District of Nevada ("Federal Defender"), Paul G. Turner, Esq., to meet and confer regarding potential opposition to the instant motion. The responses received by Thursday, November 20, 2008 as of 1:00 p.m. EST are as follows:

Respondents, by their attorney Jonathan S. Needle, Esq., do not oppose the instant motion seeking reconsideration of the Court's denial of Petitioner's motion for an expansion of the local rule 7(e) page limit from 25 pages to 40 pages and do not oppose an extension of time for Petitioner to respond to the Federal Defender's October 31, 2008 response to the Court's October 27, 2008 order to show cause.

The Federal Defender, by her attorney Paul G. Turner, Esq., did not respond directly to Petitioner's request for comment on his motion for reconsideration but did not, and does not, oppose Petitioner's motion seeking an expansion of the local rule 7(e) page limit or Petitioner's request for an expansion of time to reply to the Federal Defender's October 31, 2008 response to the Court's October 27, 2008 order to show cause.