UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action Nos.<br>02-CV-0828, 04-CV-1194, 04-CV-1254,<br>04-CV-2022, 04-CV-2046, 04-CV-2215,<br>05-CV-0023, 05-CV-0247, 05-CV-0270,<br>05-CV-0329, 05-CV-0392, 05-CV-0492,<br>05-CV-0520, 05-CV-0526, 05-CV-0634,<br>05-CV-0748, 05-CV-0763, 05-CV-0764,<br>05-CV-0877, 05-CV-0889, 05-CV-0892,<br>05-CV-0993, 05-CV-0994, 05-CV-1189,<br>05-CV-1220, 05-CV-1244, 05-CV-1429,<br>05-CV-1487, 05-CV-1490, 05-CV-1504,<br>05-CV-1555, 05-CV-1592, 05-CV-1607,<br>05-CV-1623, 05-CV-1638, 05-CV-1645,<br>05-CV-1646, 05-CV-1971, 05-CV-1983,<br>05-CV-2088, 05-CV-2185, 05-CV-2186,<br>05-CV-2199, 05-CV-2249, 05-CV-2367,<br>05-CV-2378, 05-CV-2379, 05-CV-2380,<br>05-CV-2384, 05-CV-2385, 06-CV-1668 |

### GOVERNMENT'S NOTICE PERTAINING TO PRODUCTION OF <u>EXCULPATORY INFORMATION</u>

Pursuant to the Court's Case Management Order ("CMO" or the "Order") of November 6, 2008, the Government submits the following certification regarding disclosure of exculpatory information.

This CMO, governing the coordinated habeas proceedings before this Court, requires the Government to "disclose to the petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner." CMO ¶ I.D.1. On November 18, 2008, the Government filed a motion seeking, among other things, clarification of the Court's order

regarding the production of exculpatory information.  *See* Government's Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order and Supplemental Amended Order or, in the Alternative, Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Certain Obligations Pending Resolution of the Motion and Any Appeal ("Motion for Clarification"), 08-MC-442, Docket No. 1004.  As expressed in that motion, and for reasons explained in that filing, the Government understands the term "reasonably available" in CMO ¶ I.D.1. to mean evidence provided "consistent with the practice used for the recently filed factual returns and amended returns." *Id.* at 8; *see also id.* ("The Government respectfully requests that the Court clarify the CMO to this effect and, absent clarification, will interpret the provision as being consistent with the Government's current practice.").  That is, "[a]lthough not constitutionally required, when filing its factual returns, the Government will provide any evidence that tends materially to undermine information presented in the return to support the petitioner's classification as an enemy combatant, which is encountered in developing the returns by the attorneys preparing them (including the Department of Justice attorneys assigned to the case and those Department of

Defense attorneys working on the case with them)."[1]  Government's Brief Regarding Procedural Framework Issues, 08-MC-442, Docket No. 205, at 19-20.

With this understanding, the Government has complied with CMO ¶ I.D.1. by attaching exculpatory information to the factual returns or amended factual returns as filed in the above-captioned cases.[2]

Dated: November 20, 2008        Respectfully submitted,

                                      GREGORY G. KATSAS
                                      Assistant Attorney General

                                      JOHN C. O'QUINN
                                        Deputy Assistant Attorney General

---

[1] "Exculpatory" in this context includes statements by the detainee subject of the petition denying relevant conduct. For reasons described in the Motion for Clarification, it is, in some cases, impractical to produce all such individual statements. In these cases, the Government has included a representative sample of the denials to disclose the exculpatory substance and has qualified the accompanying narrative, for example by indicating that the detainee "repeatedly" or "consistently" denied the assertion. In such circumstances, unless otherwise stated in the narrative or admitted in the course of litigation, the Court may presume that a detainee has denied the relevant conduct.

Reporting may be repeated in various formats as it is disseminated through the government. For example, an interview between a detainee and government officials may be created in one format by the originating agency, and the substance may then be copied in different formats as other government agencies disseminate the information. In such circumstances, the Government generally has attached to the factual return one report. This document generally is from the originating agency, to the extent that can be determined.

[2] In a small number of cases, the Government has identified potentially exculpatory information after filing the factual return. For reasons described in the Motion for Clarification, such information must be cleared by the originating agency before it may be disclosed to the petitioners' counsel. This information will be disclosed once clearance is obtained.

*/s/ Terry M. Henry*

*/s/ Paul E. Ahern*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel:  202.305.0633
Fax: 202.616.8470

Attorneys for Respondents