# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE: GUANTÁNAMO BAY DETAINEE LITIGATION** | **Misc. No. 08-442 (TFH)** |
| **DJAMEL AMEZIANE,** Petitioner, v. **GEORGE W. BUSH, et al.,** Respondents. | **Civil Action No. 05-392 (ESH)** |
| **YASIN MUHAMMED BASARDH,** Petitioner, v. **GEORGE W. BUSH, et al.,** Respondents. | **Civil Action No. 05-889 (ESH)** |
| **HAYAL AZIZ AHMED AL-MITHALI,** Petitioner, v. **GEORGE W. BUSH, et al.,** Respondents. | **Civil Action No. 05-2186 (ESH)** |

Dockets.Justia.com

# MOTION TO STRIKE OR, IN THE ALTERNATIVE, OPPOSITION TO MOTION FOR RECONSIDERATION

This Court should strike the government's pleading because, contrary to the Court's order of July 2, 2008, referring this case to Judge Hogan for "coordination and management, while retaining the cases for all other purposes," and this Court's order of November 7, 2008, setting the case for the government to file for any modifications of Judge Hogan's "preliminary" order it believed appropriate, the government is attempting to continue to proceed on a class basis litigating the "preliminary" order, thereby stalling the already over-delayed proceedings. In the alternative, the Court should deny the government's motion because the Supreme Court's directive that habeas corpus should proceed promptly and that the cost of delay should no longer be borne by the prisoners forecloses the government's requests. *Boumediene v Bush*, 128 S.Ct. 2229, 2275 (2008) ("While some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody.").

This Court has provided the government the opportunity to provide "suggestions for any necessary modifications" of Judge Hogan's "preliminary" order. As stated in the Status Report filed on November 17, 2008, the government declined to meaningfully discuss modifications and stated its intention to continue to litigate before Judge Hogan regarding the preliminary order. The government's blanket request for reconsideration and request for certification for interlocutory appeal is inconsistent with this Court's orders.

The previous orders clearly anticipated an opportunity for this Court to "entertain" the government's suggestions and for individualized consideration of cases by this Court. The government made no objection to the initial mode of proceeding. Now that the Court has ruled, the government is seeking to maintain the class-based litigation in a manner inconsistent with the initial

1

order and this Court's most recent order. Delay for litigation of a preliminary order is contrary to the previous orders and improper because the order is not even marginally final given this Court's November 7th order.

The motion is also inappropriate because it violates the basic tenants of habeas corpus law. As stated in *Boumediene*, the proceedings have been delayed long enough and that the costs of further delay should not be borne by the prisoners. 128 S.Ct. at 2275. These proceedings are governed by 28 U.S.C. § 2241, *et seq.*, which sets out guidelines for prompt resolution that have long since expired: the initial return on the petition was supposed to be filed within three days, with the possibility of expansion to twenty days for good cause shown. 28 U.S.C. § 2243, para 2. Under well-established habeas corpus law, speed is of the essence. "[S]ubstantial justice, promptly administered, is ever the rule in habeas corpus." *Storti v. Massachusetts*, 183 U.S. 138,143 (1901); *accord Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (habeas corpus "guarantee[s] the most fundamental of all rights" by providing "an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person.."); *Stack v. Boyle*, 342 U.S. 1, 4 (1951).

In contrast to the prompt resolution required by statute and constitutional habeas, these petitioners filed for relief over three years ago, were placed on indefinite stays, and now – 150 days after the Supreme Court directed prompt hearings – the government transparently seeks to interpose procedural obstacles to delay the hearings to which the petitioners are entitled. This is exactly the type of procedural obstacle habeas was designed to cut through by requiring speedy access to individualized decision-making.

For the foregoing reasons, the Court should strike the motion for reconsideration and request for certification as contrary to the prior orders of this Court or, in the alternative, the Court should deny the requests on the merits because the government has provided insufficient grounds for further delay and continuation of class-based – as opposed to individualized – litigation of these habeas cases.[1]

Date: November 21, 2008

Respectfully submitted,

Counsel for Petitioner Ameziane:
/s/ J. Wells Dixon
J. Wells Dixon (Pursuant to LCvR 83.2(g))
Pardiss Kebriaei (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6423
Fax: (212) 614-6499
wdixon@ccrjustice.org
pkebriaei@ccrjustice.org

- and -

Counsel for Petitioner Basardh:
/s/ Steven T. Wax
Steven T. Wax
Stephen R. Sady
OFFICE OF THE FEDERAL PUBLIC DEFENDER
101 SW Main Street, Suite 1700
Portland, Oregon 97204
Tel: 503-326-2123
Fax: 503-326-5524
steve_wax@fd.org
steve_sady@fd.org

---

[1] The petitioners reserve the right to file a further response by November 26, 2008, if necessary.

- and -

Counsel for Petitioner al-Mithali:
/s/ Jennifer R. Cowan
Jennifer R. Cowan
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
jrcowan@debevoise.com