IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMER MOHAMMON, et al., | ) | |
| (SANAD AL KAZIMI) | ) | |
| Petitioner, | ) | Misc. No. 08-0442 (TFH) |
| v. | ) | Civil Action No. 05-CV-2386 (RBW) |
| GEORGE W. BUSH, *et al.* | ) | |
| Respondents. | ) | |

## PRAECIPE

Undersigned counsel for Petitioner respectfully states as follows:

1. According to the terms of Protective Order entered by Judge Thomas F. Hogan on September 11, 2008 in the United States District Court for the District of Columbia in the case captioned *Mohammon, et al. v Bush*, No. 04-cv-2249 (RBW): "Petitioners' counsel to be provided access to classified information shall execute the MOU appended to the Protective Order, and shall file executed originals with the Court and submit copies to the Court Security Officer and counsel for the government. The execution and submission of the MOU is a condition precedent for petitioners' counsel to have access to, or continued access to, classified information for the purposes of this proceeding." Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, September 11, 2008, ¶ 17.

2. The Protective Order further provides, "Without authorization from the government or the Court, protected information shall not be disclosed or distributed to any person or entity other than… petitioners' counsel, provided such individuals have signed the Acknowledgement, attached hereto as Exhibit C, attesting to the fact that they have read this Protective Order and agree to be bound by its terms…" *Id.* ¶ 35 (a).

3. The Protective Order defines "petitioners' counsel" to include "an attorney who is employed or retained by or on behalf of a petitioner for purposes of representing the petitioner in habeas corpus or other litigation in federal court in the United States, as well as co-counsel, interpreters, paralegals, investigators and *all other personnel* or support staff employed or engaged to assist in the litigation." *Id.* ¶ 11 (emphasis added).

4. Sarah Lorr is a legal intern at Lincoln Square Legal Services. She is an integral member of the legal team supervised by Martha Rayner, representing several clients imprisoned at Guantánamo Bay. Ms. Lorr has security clearance status. In order to accompany Ms. Rayner on visits with clients at Guantánamo and access classified information concerning clients, the Protective Order entered in this case requires that Ms. Lorr file an executed Memorandum of Understanding Regarding Access to National Security Information is attached here as Exhibit A.

Dated:   New York, New York
         November 19, 2008

                                                  Respectfully submitted,

                                                  Counsel for Petitioner:

                                                  _____/s/_____
                                                  Martha Rayner, Esq.
                                                  Lincoln Square Legal Services
                                                  Fordham University School of Law
                                                  33 West 60th Street, 3rd Floor
                                                  New York, New York 10023
                                                  Tel: (212) 636-6941
                                                  Fax: (212) 636-6923

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                          |   |                               |
|--------------------------|---|-------------------------------|
| **AMER MOHAMMON, et al.,** | ) |                               |
| **(SANAD AL KAZIMI)**    | ) |                               |
|           Petitioner,    | ) | Misc. No. 08-0442 (TFH)       |
|           v.             | ) | Civil Action No. 05-CV-2386 (RBW) |
| **GEORGE W. BUSH,** *et al.* | ) |                               |
|           Respondents.   | ) |                               |

**MEMORANDUM OF UNDERSTANDING REGARDING ACCESS TO
CLASSIFIED NATIONAL SECURITY INFORMATION**

Having familiarized myself with the applicable statutes, regulations, and orders related to, but not limited to, unauthorized disclosure of classified information, espionage and related offenses; The Intelligence Identities Protection Act, 50 U.S.C. § 421; 18 U.S.C. § 641; 50 U.S.C. § 783; 28 C.F.R. § 17 *et seq.* and Executive Order 12958; I understand that I may be recipient of information and documents that belong to the United States and concern the present and future security of the United States, and that such documents and information together with the methods and sources of collecting it are classified information and documents:

(1) I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified documents and information unless specifically authorized in writing to do so by an authorized representative of the United States government, or as expressly authorized by the Protective Order entered by Judge Thomas F. Hogan on September 11, 2008 in

the United States District Court for the District of Columbia in the case captioned *Mohammon v Bush*, No. 04-cv-2249.

  (2) I agree that this Memorandum of Understanding and any other non-disclosure agreement signed by me will remain forever binding on me.

  (3) I have received, read, and understand the Protective Order entered by Judge Thomas F. Hogan on September 11, 2008 in the United States District Court for the District of Columbia in the case *Mohammon v. Bush*, No. 05-cv-2249, and I agree to comply with the provisions thereof.


_____/s/_____              November 19, 2008
Sarah Lorr                    Date