# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE: GUANTANAMO BAY DETAINEE LITIGATION** | Misc. No. 08-442 (TFH) |
| **DJAMEL AMEZIANE,**<br><br>    **Petitioner,**<br><br>  **v.**<br><br>**GEORGE W. BUSH, et al.,**<br><br>    **Respondents.** | Civil Action No. 05-392 (ESH) |
| **YASIN MUHAMMED BASARDH,**<br><br>    **Petitioner,**<br><br>  **v.**<br><br>**GEORGE W. BUSH, et al.,**<br><br>    **Respondents.** | Civil Action No. 05-889 (ESH) |
| **HAYAL AZIZ AHMED AL-MITHALI,**<br><br>    **Petitioner,**<br><br>  **v.**<br><br>**GEORGE W. BUSH, et al.,**<br><br>    **Respondents.** | Civil Action No. 05-2186 (ESH) |

## RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION TO STRIKE

Respondents hereby submit this memorandum in opposition to Petitioner's Motion to Strike Respondents' Motion for Reconsideration of the Case Management Order (dkt. no. 1031 in 08-m-0442) ("Motion to Strike"). Petitioners take the curious position that moving for

reconsideration of an order issued pursuant to the July 2, 2008 transfer order is somehow contrary to that transfer order.

On July 2, 2008, this Court transferred these habeas petitions to Judge Hogan for "coordination and management" together with 110 other habeas petitions. (Dkt. 1 in 08-m-0442). On July 11, 2008, Judge Hogan ordered the parties to provide briefing on the appropriate procedural framework, including "the scope of discovery," "the standard for obtaining an evidentiary hearing," "the standard governing hearsay evidence," "the application of confrontation and compulsory process rights," "the relevant standards of proof and burdens of production and persuasion, and any burden shifting," and whether such issues "are amenable to common resolution." Scheduling Order, ¶ 3 (Dkt. 53 in 08-m-0442). The parties' briefs expressed widely divergent views on these issues. On November 6, 2008, the Court entered a Case Management Order, (Dkt. 940 in 08-m-0442) ("CMO") addressing each of these issues. On November 18, the Government moved for reconsideration and clarification of the CMO, for certification for interlocutory appeal should the motion for reconsideration and clarification be denied, and for a stay of certain Government obligations under the CMO pending the resolution of the motion and any appeal. (Dkt. 1004 in 08-m-0442) ("Motion for Reconsideration"). On November 21, Judge Hogan granted the Government's motion for a stay pending resolution of the Motion for Reconsideration. (Dkt. 1026 in 08-m-0442).

The issues to be resolved by the Motion for Reconsideration are precisely the types of issues contemplated in the transfer order. Only nine days after the transfer of cases to Judge Hogan, he ordered the parties to brief precisely these issues. The Motion for Reconsideration addresses nothing not addressed in the CMO and discusses, at length, the factors common across

all 113 cases. As such, the issues arising from the Motion for Reconsideration are properly before Judge Hogan and are best addressed in a coordinated fashion.

Because the issues addressed in the Motion for Reconsideration "are amenable to common resolution," Respondents oppose the Motion to Strike.

Dated: November 25, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

　/s/ Robert J. Prince
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL AHERN
JAMES COX
ROBERT DALTON
DAVID P. AVILA
ROBERT J. PRINCE (D.C. Bar No. 975545)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 305-3654

Attorneys for Respondents