UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

---

SAIFULLAH PARACHA, et al.,
        Petitioners,

        v.                                                                              Case No. 04-cv-02022-PLF

Hon. GEORGE W. BUSH,
et al.,
        Respondents.

---

IN RE:

GUANTANAMO BAY
DETAINEE LITIGATION                                                          Misc. No. 08-mc-442-TFH

---

**PETITIONERS' OPPOSITION AND CROSS-MOTION
IN RESPONSE TO GOVERNMENT'S MOTION FOR CLARIFICATION, ETC.,
OF THE NOVEMBER 6, 2008, CASE MANAGEMENT ORDER
OR FOR CERTIFICATION FOR APPEAL AND STAY**

      Petitioners hereby respond to oppose the government's motion filed November 18, 2008, to clarify or modify the November 6, 2008, case management order by Judge Hogan. Petitioners also cross-move to require that the government assign a specific government lawyer to this case so the parties can begin the normal process of meeting and conferring to advance the litigation.

      The government's claim of hardship misses the mark. The government used this case as a pilot case to test how long the search for government information would take, and how much

1

government resources the search would consume. The government revealed this in two declarations it filed in the D.C. Circuit on September 7, 2007, with its petitions for rehearing and rehearing en bank for *Bismullah v. Gates*, No. 06-1197. The declaration dated September 7, 2007, by Hon. Gordon R. England, in paragraph 5. says:

> Searches were initially undertaken with respect to six detainees currently held as enemy combatants at U.S. Naval Station, Guantanamo Bay, Cuba who have filed petitions under the Detainee Treatment Act so that the Department could assess the likely impact of a tasking to gather all available "Government Information" with respect to the Detainee Treatment Act review cases on the mission of each command, agency and office during a time of war.

Mr. England's declaration specifies in paragraph 16.:

> The combined efforts by OARDEC for all agencies, offices and commands so far have involved more than 270 manhours just with respect to the gathering of information for the Paracha matter.

Moreover, the declaration dated September 6, 2007, by Hon. Robert S. Mueller III, in paragraph 9. refers to "Searches like ones conducted to find the Paracha documents . . . " Thus we know that the government has done all, or nearly all, the work needed in Paracha's particular case, and the pleas that they cannot possibly comply in all the two-hundred or more habeas cases with the schedule set by Judge Hogan's November 6, 2008, case management order are irrelevant. They have already gathered the information on Paracha. There is no reason we cannot get on to the questions of how much of his government information is discoverable, is any of it highly sensitive, what are the disputed issues in this case, etc., etc.

Moreover, the government filed its motion to clarify or modify the November 6, 2008, order without complying with the requirement of Local Civil Rule 7(m) that the attorneys first confer in person or by phone to see if there may be points on which they can reach agreement. The Court had stressed this requirement in a minute order as recently as October 28, 2008. Petitioner's lawyers made repeated efforts to confer, and the government lawyers ignored them.

2

See the attached series of emails. Whenever we can get a government lawyer assigned to look at the particulars of Paracha's case, and to meet and confer, we surely will find areas of simplification and agreement and will more sharply define points of disagreement for the Court's resolution.

There is no practical obstacle to this. Respondents say they have assigned fifty or more DoJ lawyers to these cases. That is about one lawyer to every five petitioners. Since some of the petitions do involve relatively simple facts, there is no shortage of legal person-power to assign to Paracha.

WHEREFORE:

The government's motion for clarification or modification of the November 6, 2008, case management order should be denied without prejudice to its renewal on specific disputes remaining after the parties have met and conferred;

The government's motion for a stay should be denied;

The government's motion to certify any question for appeal should be denied;

Petitioners' cross-motion for an order to meet and confer, and for assignment of a government lawyer to deal with the particulars of this case, should be granted; and

The case should be reassigned to the merits judge for further case management.

A telephone inquiry on November 24, 2008, produced no response suggesting that any particular government lawyer has been assigned to Paracha's case. Presumably the government will oppose this cross-motion herein and will not meet for substantive negotiations.

November 25, 2008

             Respectfully submitted,

            _____/s/_____
            GAILLARD T. HUNT
            (D.C. Bar No. 89375)
            10705 Tenbrook Drive
            Silver Spring, Maryland 20901
            (Not admitted in Maryland)
            301-530-2807 (ph)
            301-564-6059 (fax)
            gthunt@mdo.net

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

SAIFULLAH PARACHA, et al.,
    Petitioners,

v.                      Case No. 04-cv-02022-PLF

Hon. GEORGE W. BUSH, et al.,
    Respondents.

IN RE:

GUANTANAMO BAY
DETAINEE LITIGATION             Misc. No. 08-mc-442-TFH

**POINTS AND AUTHORITIES IN SUPPORT OF
PETITIONERS' OPPOSITION AND CROSS-MOTION**

There is no authority for the practice we have fallen into of delaying the development of the peculiar facts in each habeas petition from Guantanamo while we await final resolution of abstract questions that may or may not be relevant in other cases. It is seldom that a litigant should be asked to wait in the wings -- or in this case, wait in a small cell with no window -- while someone else litigates a similar but different case. *Landis et al. v. North American Co.*, 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will

define the rights of both." 299 U.S. 248, 255, per Justice Cardozo. If that was true for corporations challenging New Deal securities regulation, it must be more so for this petitioner. The only authority directly on point, *Yong v. INS*, 208 F.3d 1116 (9th Cir., April 11, 2000), holds that habeas corpus cases should never be delayed to await clarifying litigation in another case.

*Boumediene v. Bush,* 128 S. Ct. 2229 (2008) affirmed that petitioners such as Paracha should have a prompt resolution of their petitions for habeas corpus. Local Civil Rule 7(m), U.S. D.C. D.C. requires that attorneys confer before filing non-dispositive motions. Thus the Court should order respondents to assign a government lawyer to this case with authority to meet and confer without further delay.

Respectfully submitted,


____/s/_____       November 25, 2008
GAILLARD T. HUNT
(D.C. Bar No. 89375)
10705 Tenbrook Drive
Silver Spring, Maryland 20901
(Not admitted in Maryland)
301-530-2807 (ph)
301-564-6059 (fax)
gthunt@mdo.net


A PROPOSED ORDER FOLLOWS

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____

SAIFULLAH PARACHA, et al.,
       Petitioners,

       v.                               Case No. 04-cv-02022-PLF

Hon. GEORGE W. BUSH,
et al.,
       Respondents.

_____

**(PROPOSED) ORDER**

Upon consideration of the government's motion for clarification, etc., of the November 6, 2008, case management order, or, alternatively, for a stay and certification for appeal, and consideration of the petitioners' cross motion, and the oppositions filed thereto, and the entire record, it is hereby

**ORDERED, ADJUDGED, AND DECREED:**

1. That respondents' motion for clarification or modification of the November 6, 2008, case management order is denied, as are respondents' motions for a stay and for certification of an appealable issue;

2. That respondents will assign a government lawyer to familiarize himself or herself with this petition for habeas corpus, and confer upon him or her the authority mentioned in Rule 16 (c)

FRCP to enter into stipulations particular to this case;

3. That said government lawyer will meet with lawyers for petitioners at the Secure Facility (or some other facility where the papers in this case, classified and otherwise, can be reviewed and discussed) at least one hour per week (unless mutually agreed otherwise, or unless the government lawyer is on leave for the entire week), beginning the week after the signing of this order and continuing till further order of this Court;

4. That the case management order of November 6, 2008, is hereby suspended as to this case, 04cv02022-PLF, but will reenter into full force and effect whenever any party files with the Court a notice to that effect, with times running in intervals computed as though the day that notice is filed were November 6, 2008.

**SO ORDERED.**

_____

U.S.D.J.                                                            Date: