IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HAMID AL-GHIZZAWI ) | |
| ) | |
| ABDAL RAZAK ALI ) | |
|     Detainees, ) | |
|     Guantanamo Bay Naval Station ) | |
|     Guantanamo Bay, Cuba; ) | Misc. No. 08-442 |
| ) | |
| *Petitioners*, ) | |
| ) | (05-cv-02378 JBB) |
| ) | |
| *v.* ) | (05-cv-2386 RBW) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| *Respondents*. ) | |

## OPPOSITION TO MOTION FOR RECONSIDERATION

Now come the Petitioners Abdul Hamid Al-Ghizzawi and Abdal Razak Ali and responds to the Respondents' Motion for reconsideration, as follows:

**BACKGROUND**

Petitioners Al-Ghizzawi and Razak Ali have languished at Guantanamo for more than six and a half years without so much as charge, let alone an opportunity to litigate the merits or lawfulness of their detention. In June 2008, in *Boumediene v. Bush* 553 U.S. ___, 128 S. Ct. 2229 (2008) the United States Supreme Court concluded that the men at Guantanamo have waited long enough and are *entitled* to prompt habeas hearings and ordered the lower courts to provide them with these hearing forthwith. Now, some six

months later Petitioners have finally obtained an Order setting timetables and minimal discovery and yet, nonetheless, respondents contend that even this is too much work. The government has had six and a half years to compile documentary evidence that there is a lawful basis to hold Petitioners. The government should be required to promptly comply with this Court's Order and they should under no circumstances, be allowed to cut back on the minimal discovery ordered. The Government's records in those cases that have gone forward indicates that it simply has no lawful basis to hold many of the prisoners, and never did, and granting it more time will not correct this. Indeed, it is anathema to the concept of habeas corpus that there be further delay: either the government has a lawful basis for Petitioners' detention, or it does not.

Petitioner Al-Ghizzawi stands accused of being a member of an organization that our government claims has ties to al-Qaeda despite the fact that the organization (which he was not a part of) was not on our state departments list of recognized terrorists groups until late in 2004 (years after Al-Ghizzawi had first been taken prisoner). The accusation comes from two Guantanamo prisoners. Insofar as under the protective order, counsel cannot even tell her client who has accused him of this association to discover if there might be some personal animosity she must be allowed to receive discovery related to the prisoners who made claims against Al-Ghizzawi in order to meaningfully prosecute the habeas petition. Such questions as whether the purported declarants were subject to coercion or even torture before making the accusation, or whether they were they mentally balanced at the time of their statements, whether they

were even in the places that they claimed to see my client or whether the government has information in its possession indicating that it knows that the accusations are not credible, are all essential questions. Unsurprisingly, after nearly seven years of not providing even the most basic due process protections, respondents do not want to have to share this information now. This Court should not countenance the government's position.

The government argues that it is simply too burdensome for it to reveal the background on the individuals who have accused Al-Ghizzawi and counsel will certainly agree that it does not have to provide that evidence if they agree it will withdraw all reliance on those statements. However, if the government intends to rely on those statements then Al-Ghizzawi must be allowed adequate discovery to test the reliability of the purported evidence against him. Whatever purported burden the government might face here is more than offset by the detriment it seeks to impose on Al-Ghizzawi.

Razak Ali (whose real name is Said Bakhouche) has never even had a valid Combat Status Review Tribunal (CSRT) and hence cannot even legally be considered an enemy combatant. The redacted purported CSRT record that counsel received in September from the Government does not pertain to her client but is about a Libyan man that bears no resemblance to her client in any respect. Counsel has not yet received a factual return because the government decided to skip her client when his name came up in the fifty returns due to be filed on or about November 1st. Counsel for Petitioner

3

will have much to ask the government about why they have been holding her client all these years and discovery will clearly be necessary.

After reviewing the redacted CSRT counsel simply does not know what the government can be relying on support of its conclusion that Razak Ali is an enemy combatant. Once the return is filed and counsel can view that evidence there might be further requests but in the interim counsel sent a request to the government seeking the general discovery that this Court authorized.

**DISCOVERY IN HABEAS PROCEEDINGS**

The government's argument that the discovery provided for in the CMO is broader than in a criminal trial is simply wrong. In fact, as shown in the case law below the language may be read to suggest even *broader* discovery rights are appropriate where, as here, the underlying protections of a criminal trial were never present.[1]

The case law and rules governing discovery and other habeas corpus procedure support the conclusion that the procedures -- including discovery -- must fit the circumstances of the particular type of habeas corpus proceeding at issue, or, in the

---

[1] For reasons discussed in more detail in Petitioners " Joint Reply Memorandum of Law Addressing Procedural Framework Issues" filed in the consolidated procedural briefing before Judge Hogan, *see In re Guantánamo Bay Detainee Litigation*, Misc. No. 08-442 (TFH), Docket No. 231, the plurality opinion in *Hamdi v. Rumsfeld*, 542 US 507 (2004) upon which the government extensively relies is not controlling authority about procedures which must be followed in these cases. This is especially so given that *Hamdi* was decided early in the history of these proceedings, was focused on the more basic issue of whether there was any jurisdiction at all, and must be read in light of the Supreme Court's more recent opinion in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008).

words of the Supreme Court, provide "the initiative and flexibility essential to ensure that miscarriages of justice within its reach are surfaced and corrected." *Harris v. Nelson*, 394 US 286, 291 (1969)  Initially, the rules governing habeas corpus proceedings which were adopted in response to the Supreme Court=s suggestion in *Harris* -- and did not so much narrow *Harris* as simply implement it -- allow flexibility in allowing discovery, by granting the district judge "discretion" and setting a broad standard of "good cause."  Rule 6(a), Rules Governing ' 2254 Cases, *quoted in Bracy v. Gramley*, 520 US 899, 904 (1997).  Secondly, the case which led to this rule -- *Harris* -- makes clear the flexibility that inheres in such a standard, through language such as "when necessary," "as law and justice require," and "as may be necessary or appropriate." See also, *Steidl v. Fermon*, 494 F.3d 623, 630 (7th Cir. 2007) which noted, it is well-settled that the State has an "ongoing duty" to disclose exculpatory materials in post-conviction proceedings.

> At any time in the proceedings, *when the court considers that it is necessary* to do so in order that a fair and meaningful evidentiary hearing may be held so that the court may properly Adispose of the matter *as law and justice require*, "either on its own motion or upon cause shown by the petitioner, it may issue such writs and take or authorize such proceedings with respect to development, before or in conjunction with the hearing of the facts relevant to the claims advanced by the parties, *as may beAnecessary or appropriate* in aid of [its jurisdiction] . . . and agreeable to the usages and principles of law."  28 USC  ' 1651.

*Harris*, 394 U.S. at 300.

5

**SCHEDULING ISSUE**

With respect to the schedule, Al-Ghizzawi and Razak Ali are willing—and indicated as much in response to the government's *inadequate meet and confer obligation*—to work with the government but requested more detail regarding the nature of the motion and the relief sought. That request was ignored by the government. Obviously, if the government is willing to withdraw all hearsay statements made by other detainees, thus obviating the need for discovery relating to their admissibility, this process can be completed much more quickly than if discovery of such evidence is still necessary and relevant. If the government is not willing to withdraw those statements counsel is still willing to discuss deadlines and try to work out an agreement. In fact, on November 24, 2008 Judge Bates set a brief time period for counsel to confer and report back to him (December 19th 2008) regarding discovery issues in Al-Ghizzawi's case. Judge Walton has stayed Razak Ali's case and counsel has not received a Return from the government in that case so it is very likely that dates can be worked out in this case because Petitioner is not prepared to move forward without the return.

**EXCULPATORY EVIDENCE**

The government position with respect to exculpatory evidence- that it need only consider evidence that it reviewed while preparing the Amended Return, is frivolous on its face. The limiting redefinition that the government suggests for what 'exculpatory evidence' means in the case management order is unacceptable: there is no indication

whether the people preparing the returns even considered the question of the reliability of the statements of other prisoners. In addition, Petitioners do not consider the blanket statement filed by the government regarding exculpatory evidence to be in compliance with this Court's order and await further instructions from this Court.

**OTHER ISSUES**

As to the other aspects of the government's motion- particularly the handling of hearsay and of classified information- both petitioners believe that their individual judges will be better able to make rulings on particular questions in the exact context and at the time at which they arise, and concur that such issues are best referred to those judges.

**CONCLUSION**

The government's motion should be denied in its entirety, the government should be ordered to confer with counsel about scheduling issues to see if an agreement can be reached and this Court should continue to hold the government's feet to the fire so that these hearing can go forward quickly as ordered by the Supreme Court. (see attached draft order.)

Respectfully submitted,

/s/ H. Candace Gorman

H. Candace Gorman (IL Bar #6184278)
Law Office of H. Candace Gorman
220 S. Halsted – Suite 200
Chicago, IL 60661
Tel: (312) 427-2313

# EXHIBIT

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**ABDUL HAMID AL-GHIZZAWI**             )
                                        )
**ABDAL RAZAK ALI**                     )
    **Detainees,**   )
    **Guantanamo Bay Naval Station** )
    **Guantanamo Bay, Cuba;**  )    Misc. No. 08-442
                                        )
*Petitioners,*                          )
                                        )    (05-cv-02378 JBB)
                                        )
*v.*                                    )    (05-cv-2386 RBW)
                                        )
**GEORGE W. BUSH**, *et al.*,           )
                                        )
*Respondents.*                          )
_____)


PROPOSED ORDER


Respondents Motion for Reconsideration or in the alternative, for Certification for Appeal is hereby denied.

So Ordered.


_____
 Thomas F. Hogan
 U.S. District Judge

Dated this _____ day of November, 2008.

CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2008 I caused the foregoing Opposition of Petitioners Abdul Hamid Al-Ghizzawi and Abdal Razak Ali to be filed on the ECF system, for delivery to the below-listed counsel of record in the above-captioned matters:

Andrew I. Warden
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530

Terry Marcus Henry
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530

Respectfully submitted,

/s/ H. Candace Gorman

H. Candace Gorman (IL Bar #6184278)
Law Office of H. Candace Gorman
220 S. Halsted – Suite 200
Chicago, IL 60661
Tel:   (312) 427-2313
Fax: (312) 427-9552