IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br><br>**GUANTANAMO BAY<br>DETAINEE LITIGATION** | Misc. No. 08-442 (TFH) |
| **FAWZI KHALID ABDULLAH<br>FAHAD AL ODAH**, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>**UNITED STATES**, *et al.*,<br><br>Respondents. | Civil Action No. CV 02-0828 (CKK) |

**MEMORANDUM IN OPPOSITION TO MOTION FOR CLARIFICATION AND
RECONSIDERATION OF THE COURT'S CASE MANAGEMENT ORDER AND IN
SUPPORT OF CROSS-MOTION TO STRIKE**

Petitioners Fawzi Khalid Abdullah Fahad Al Odah, Fayiz Mohammed Ahmen Al Kandari, Khalid Abdullah Mishal Al Mutairi, and Fouad Mahmoud Al Rabiah ("Petitioners") hereby oppose and move to strike the government's Motion for Clarification and Reconsideration of the Court's Case Management Order. The government is yet again seeking self-help delay in meeting obligations it should have been prepared to meet months or years ago. Almost half a year has elapsed since the Supreme Court's admonition that "the costs of delay can no longer be borne by those who are held in custody," *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008), and yet the Petitioners still do not even know the allegations against them. This Court should enforce the provisions of its Case Management Order ("CMO") and allow the individual judges to bring these habeas cases to a prompt resolution.

1.      Claiming to be "mindful of the Supreme Court's desire that 'prompt' habeas review be provided to the detainees," the government has filed yet another motion in furtherance of its six-year old strategy of delay.  In so doing, it seeks to reopen procedural points that have already been briefed, argued, considered at length and decided.  This Court should deny the government's motion, including its request in the alternative to certify the CMO for yet another interlocutory appeal to the D.C. Circuit, with all of the lengthy delays that such an appeal is likely to entail.

The government has no excuse for its continued, dilatory conduct.  Its resistance to the CMO is in keeping with its consistent strategy of obstruction and delay.  As Judge Richard J. Leon recently demonstrated in *Boumediene v. Bush*, 04-cv-1166, the only way to resolve these cases fairly and promptly is to hold the government to the Court's deadlines and set a hearing date as quickly as possible.

Petitioners' positions on the government's various objections to the procedural aspects of the CMO are fully set forth in Petitioners' Joint Memorandum of Law Addressing Procedural Framework Issues and Petitioners' Joint Reply Memorandum of Law Addressing Procedural Framework Issues.  There is no reason to revisit those arguments in this response, just as there is no reason for this Court to reconsider the CMO.

2.      This Court should likewise deny the government's request for certification of the CMO to the U.S. Court of Appeals for the D.C. Circuit.  The CMO does not involve a controlling matter of law because it leaves to the individual judges the task of determining what classified information can be withheld from Petitioners' counsel, what hearsay will be admitted, what presumptions will be afforded in favor of the government's evidence, and whether an evidentiary hearing is required in a particular case. With respect to discovery requirements, the government

is free, after conferring with counsel for Petitioners, to seek exceptions to the CMO in particular cases.

Moreover, an interlocutory appeal at this stage would hinder, and would not advance, the litigation, because the D.C. Circuit would be forced to try to decide procedural questions in the abstract without the benefit of a concrete case. The cases should be decided by the district court before they are decided by the Court of Appeals. Even if there were some reason to permit an interlocutory appeal here -- which there is not -- the long delay such an appeal would impose would fall -- contrary to *Boumedienne*'s command -- on the petitioners. The prior interlocutory appeal underscores the likely delay. This Court certified its denial of the government's motion to dismiss to the D.C. Circuit on February 3, 2005. That interlocutory appeal was not decided by the D.C. Circuit until February 20, 2007, and it was only on June 25, 2008, that this Court received the mandate after the D.C. Circuit's decision was reversed by the Supreme Court. The government would surely like nothing more than another three-year delay while this case is tied up in another interlocutory appeal, but such delay would not serve the ends of justice.

3. Although the government filed its motion for reconsideration in all cases in which the Court entered the CMO, the motion should be stricken or, in the alternative, decided by the individual judges to whom the cases are assigned. The CMO contemplates that future rulings in the cases will be decided by the judges to whom the cases are assigned. The government can raise any legitimate scheduling or other concerns it has with the application of the CMO to the particular petitioners' cases in those fora,, after conferring in good faith with counsel for the Petitioners. In this case, for example, Judge Colleen Kollar-Kotelly has already issued an Order requiring the parties to comply with the CMO and to submit a joint status report on November 26, 2008, and stating that a status hearing will be scheduled after the Court reviews the status

3

report. The government should not be allowed to cause further delays by filing a motion for reconsideration of an order of the coordinating judge.

4. Finally, the government's motion should be stricken for failure to meet and confer with Petitioners' counsel as required by LCvR 7(m) and the Court's Order of October 28, 2008, which emphasized the parties' obligation to confer on non-dispositive motions. The government's only purported effort to meet and confer was its broadcast email to the various counsel representing detainees in these habeas proceedings indicating that the Government intended to file its Motion for Reconsideration. (November 14, 2008 Email chain between Timothy A. Johnson and David Cynamon, attached hereto as Exhibit 1.) The government's email did not specify the relief that would be sought in the Motion for Reconsideration and merely described the Case Management Order as being "legally inappropriate and unworkable." *Id.*

By return email on the same day, counsel for Petitioners responded to the government's email and noted that the email failed to comply with the requirement of LCvR 7(m) that counsel make a good-faith effort to confer "either in-person or by telephone" with regard to anticipated motions and to attempt to "narrow the areas of disagreement." *Id*. Counsel noted that it was impossible for Petitioners to respond in substance without more information about the relief the government intended to request. *Id.* Counsel for the Petitioners requested only that the government provide a draft of the motion, or, at a minimum, a more specific statement of the relief being requested and the grounds for that relief, to be followed by a telephone discussion. *Id.* The government ignored the request by Petitioners' counsel to meet and confer, and instead filed its motion without ever attempting to discuss with counsel.

## **CONCLUSION**

For the foregoing reasons the Court should deny the Government's requested relief and strike the Motion for Reconsideration.

November 26, 2008

Respectfully submitted,

_____/s/_____
DAVID J. CYNAMON (Bar #182477)
  david.cynamon@pillsburylaw.com
MATTHEW J. MACLEAN (Bar #479257)
  matthew.maclean@pillsburylaw.com
PILLSBURY WINTHROP
SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037
Telephone: (202) 663-8000
Facsimile: (202) 663-8007
*Attorneys for Plaintiffs-Petitioners*

**Certificate of Service**

I certify that on November 26, 2008, I caused the foregoing to be served on all opposing counsel through the electronic case filing system.

                                          /s/
                                 Matthew J. MacLean