# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | |
| | ) | |
| WALEED SAEED BN SAEED | ) | |
| ZAID, *et al.*, | ) | |
| Petitioners, | ) | |
| | ) | Civil Action No. 05-1646 (JDB) |
| *v.* | ) | |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| Respondents. | ) | |

## PETITIONER'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THIS COURT'S NOVEMBER 6, 2008 CASE MANAGEMENT ORDER AND SUPPLEMENTAL AMENDED ORDER

Petitioner Waleed Said Bn Said Zaid ("Petitioner") hereby opposes the Government's Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order and Supplemental Amended Orders or, In the Alternative, Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292 (b) and to Stay Certain Obligations Pending Resolution of the Motion and Any Appeal ("Motion").

The Government's Motion seeks to relitigate preliminary procedural issues, months after *Boumediene v. Bush*, 128 S. Ct. 2229 (2008), and years after the Government has been on notice of the need to justify the legal basis for Petitioner's ongoing detention. The Court should deny the Government's latest effort to derail these

1

proceedings because the Government's Motion fails to meet the standards for reconsideration or for interlocutory appeal and because the Merits Judge has already set a schedule for this case. Petitioner is currently before Judge Bates, who has issued a scheduling order to advance Petitioner's habeas case. Dkt. # 81, 05-cv-1646 (filed Nov. 24, 2008). At a status conference on Nov. 24th, the Government indicated to the Court that it would not object that this litigation proceed, even in light of any stay entered by Judge Hogan in reference to the Motion at issue here.

**I.      The Government's Motion Fails To Provide Any Basis For Reconsideration In The Context Of This Case**

**A.      The Motion Should Be Denied for Failure to Meet and Confer**

The government's motion should be denied because counsel for the government failed to meet and confer with undersigned counsel as required by Local Civil Rule 7(m). Simply stated, the government made no good faith attempt to determine whether undersigned counsel objected to the requested relief or to narrow the areas of disagreement in this particular case.

**B.      The Motion Should Be Denied for Failure to State Any Basis for Reconsideration**

The government cites Federal Rule of Civil Procedure 54(b) in support of its request for reconsideration of Judge Hogan's CMO. Motion at 10 n.7. That rule provides no basis for reconsideration here.

Rule 54(b) governs motions for reconsideration that do not constitute final judgments. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). A court may reconsider an order pursuant to Rule 54(b) when it "patently misunderstood a party, has made a decision outside the adversarial issue presented to the

Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will only consider a motion for reconsideration when the moving party demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003). Motions for reconsideration should not be used to "relitigate old matters." *Niedermeier v. Office of Max. S. Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (addressing Rule 59(e)); *see also Singh*, 383 F. Supp. 2d at 101.

The standard for reconsideration is not met here. Indeed, nothing about the Government's Motion is particularly new. There are no new legal issues presented – all were previously addressed at length in the parties' procedural framework briefs – and the Government does not identify any factual or legal issues that Judge Hogan overlooked in the CMO. Rather, what the government plainly seeks to do is relitigate on a class-wide basis four central issues that have already been addressed in the parties' procedural framework briefs and resolved in the CMO: (1) the breadth of the required search for exculpatory evidence; (2) the provision for automatic discovery of detainee statements relating to the amended factual returns; (3) the requirement that the government provide counsel and the detainees themselves with classified information or "adequate substitutes" for classified information; and (4) the procedures governing the use of hearsay, presumptions in favor of the government's evidence, and the standard for an evidentiary hearing. Motion at 2-3.

### C. Even If Reconsideration Were Granted, the Requested Relief Should Be Denied

First and most critically, the Merits Judge in this case has indicated that he will modify the schedule set forth in the CMO and proceed with this litigation. Judge Bates issued a scheduling order on November 24 that indicates that he will set a calendar for these proceedings that accommodates the concerns of both Petitioner and the Government. The Government's arguments for reconsideration of the CMO's schedule are therefore moot as to this case.

Second, the Government's arguments about the CMO's exculpatory evidence provisions are in part moot and in part unnecessary. To the extent that the Government seeks relief from its obligation under the CMO to provide any exculpatory evidence whatsoever, Motion at 7-10, its argument is moot as it already provided a Notice Pertaining to Production of Exculpatory Evidence, Dkt. # 79, 05-cv-1646 (filed Nov. 20, 2008). In that notice, the Government construed its obligation to produce "reasonably available" exculpatory evidence as encompassing only that information encountered by Government attorneys while preparing the factual return. Id. at 3-4. Petitioner will contest that construction before Judge Bates. To the extent that the Government seeks reconsideration or certification for interlocutory appeal of the issue of the scope of the term "reasonably available," such reconsideration is unnecessary as the CMO contemplates that the Merits Judge will alter and interpret it so as to adjudicate each individual case fairly and efficiently.

Furthermore, the CMO correctly authorizes the individual Merits Judges to make any necessary determinations with regard to presumptions in favor of the Government's evidence and the admissibility of hearsay on a case-by-case basis. Likewise, the

Government's proposed categorical rule that a petitioner's "mere denial" of the Government's factual allegations should not be sufficient to entitle the petitioner to an evidentiary hearing. *See* Motion at 28. Lacking any support for this proposal, the Government ignores the extreme difficulty that Petitioner faces in obtaining countervailing evidence regarding the events in question, particularly when the Government's claims are based on hearsay evidence of unclear origin and reliability that cannot be disclosed to Petitioner. Given this Kafkaesque asymmetry, Petitioner's mere denial of alleged facts should be sufficient to trigger a rebuttable presumption in favor of a hearing at which the reliability and accuracy of the Government's evidence may be questioned.

The CMO fairly and reasonably assigns to the Merits Judges the determination of whether each individual petitioner is entitled to an evidentiary hearing based on the record in each case. The Government's mere disagreement on this issue is not enough to trigger reconsideration of the CMO.

**III.    Certification for Interlocutory Appeal Is Inappropriate**

The Government does not meet the standard for certification of this matter for interlocutory appeal under 28 U.S.C. § 1292. The fundamental flaw in the Government's argument is that the matters upon which it seeks certification are not "controlling questions of law," Motion at 32-35, because the CMO explicitly contemplates that the Merits Judges "may alter the framework based on the facts and circumstances of their individual cases." CMO at 1-2 n.1. There is therefore nothing "controlling" about the CMO and it does not "conclusively determine any disputed question." *See* Motion at 34. The fact that the "procedural determinations made in the CMO significantly impact" the

litigation is, contrary to the Government's claim, Motion at 33, insufficient to render those determinations controlling, as whatever impact they might have cannot ensue until the procedures are first ratified by the Merits Judge.

**CONCLUSION**

For the reasons set forth above, the Court should deny the Government's Motion and allow Petitioner's Supreme Court-ordered "prompt habeas corpus hearing" to proceed.  *See Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008).

Dated:  November 25, 2008

                Respectfully Submitted,

                /s/
                _____
                Judith Brown Chomsky
                Law Office of Judith Brown Chomsky
                P.O. Box 29726
                Elkins Park, PA 19027
                (215) 782-8267 (phone)
                (215) 782-8368 (fax)
                jchomsky@igc.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                            )
IN RE:                      )
                            )   Misc. No. 08-442 (TFH)
GUANTANAMO BAY              )   Civil Action No. 05-1646 (JDB)
DETAINEE LITIGATION         )
_____)

**PROPOSED ORDER**

Upon consideration of the Government's Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order and Supplemental Amended Orders or, In the Alternative, Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292 (b) and to Stay Certain Obligations Pending Resolution of the Motion and Any Appeal, and Petitioner's Opposition thereto, it is this _____ day of _____, 2008, hereby **ORDERED** that the Government's Motion is **DENIED** in its entirety.

_____

Thomas F. Hogan, United States District Judge