*Approved for Public Filing by the Court Security Office*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | |
| GUANTÁNAMO BAY DETAINEE LITIGATION | Misc. No. 08-442 (TFH) |
| MAJID KHAN, | |
| Petitioner, | |
| v. | Civil Action No. 06-1690 (RBW) |
| GEORGE W. BUSH, *et al.*, | |
| Respondents. | |

### MAJID KHAN'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION, AND CROSS-MOTION TO STRIKE DECLARATION

Petitioner Majid Khan, by and through his undersigned counsel, respectfully opposes the government's omnibus motion for reconsideration. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1004). Khan also cross-moves to strike the declaration of CIA Director Michael V. Hayden, submitted *in camera* and *ex parte*. *See id* (misc. dkt. no. 1005).[1] The government's motion for reconsideration should be denied, and Khan's cross-motion should be granted.

---

[1] The government objects to the motion to strike.

I.  **THE GOVERNMENT'S LATEST EFFORT TO STAY
    THE CASE INDEFINITELY SHOULD BE DENIED**

Majid Khan is unique among Guantánamo prisoners in two important respects. First, he has long had legal status in the United States, as well as other substantial, voluntary ties to this country, which vest him with full constitutional rights. Second, in March 2003, he was captured and forcibly disappeared by the United States. There is no serious dispute that he was abducted, imprisoned and tortured by U.S. officials at secret overseas "black sites" operated by the Central Intelligence Agency before he was transferred to Guantánamo Bay in September 2006. Nor is there any serious dispute that Khan's detention and interrogation violated U.S. and international law. Khan is not charged with any crime or offense, and is not designated for trial by military commission.

Despite the Supreme Court's directive that habeas hearings should proceed promptly, and that the costs of delay should no longer be borne by the prisoners at Guantánamo Bay, Khan's habeas case has not proceeded *at all*. *See Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008). After more than five years of imprisonment and torture, and more than two years after filing this case, Khan has not had a hearing before this Court on the merits of his claims. Nor has he received a decision on the merits of a single substantive motion that he has filed. He has not even had a status conference to address the specific issues in his case, which his family in the Baltimore area might attend.[2]

Yet the government plainly seeks by its motion for reconsideration to prolong Khan's indefinite detention. The government's motion is simply the latest tactic in a long-standing strategy to deprive Khan and other former CIA prisoners of any meaningful opportunity to

---

[2] Khan has been equally unsuccessful in obtaining any relief in his Detainee Treatment Act case. *See Khan v. Gates*, No. 07-1324 (D.C. Cir.).

2

challenge the legality of their detentions through habeas. So successful have those efforts been in Khan's case that despite two years of litigation there is still no protective order entered in his case.[3] As a result, he has no access to his counsel in the context of this case and no clearly acknowledged ability to file or use classified information in this case. Rather, the government has obstructed and continues to obstruct the Court's ability to review, and Khan's ability to file or use, classified information in this case that was obtained by his counsel in connection with his DTA case.[4]

These limitations effectively prevent Khan from litigating this case fully and adequately, or, in particular, from responding in any meaningful fashion to the government's motion for reconsideration. That is particularly so as to matters involving exculpatory evidence, which in this case would obviously require counsel for the government to search beyond what materials pass across their desks, and to investigate thoroughly what exculpatory evidence may exist in the possession of the CIA.[5] Restrictions on the use of classified information are also directly relevant and material to Khan because he was previously held in secret CIA detention, and the government has sought to classify nearly every detail concerning that detention as well as his

---

[3] The latest round of protective order briefing concluded as to Khan in September 2008.

[4] The government has refused to state unequivocally whether Khan may use classified information in this case that was obtained in the context of his DTA case. Indeed, it appears the government still refuses to allow either Judge Hogan or the Merits Judge in this case to review Khan's supplemental status report containing presumptively classified information (*see* misc. dkt. no. 238).

[5] The need for independent oversight of the CIA in matters involving potentially exculpatory evidence is illustrated generally by the *Moussaoui* case. *See*, *e.g.*, Redacted Letter from Justice Department to U.S. Court of Appeals for the Fourth Circuit and U.S. District Court for the Eastern District of Virginia, dated Oct. 25, 2007, at 3 of 5 ("The fact that the audio/video recording of enemy combatant interrogations occurred, and that the United States was in possession of three of those recordings is, as noted, inconsistent with factual assertions in CIA declarations."), *available at* http://graphics8.nytimes.com/packages/pdf/world/20071207_intel_letter.pdf.

current imprisonment at Guantánamo Bay.[6] Yet, again, the lack of a protective order and the failure of this case to proceed materially prejudice Khan's ability to respond to the government's arguments. The motion for reconsideration should therefore be denied as a violation of Khan's basic due process right to a meaningful opportunity to challenge his detention. *See Boumediene*, 128 S. Ct. at 2266 ("We do consider it uncontroversial . . . that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law.").

The motion should also be denied because this is a habeas case, and the government bears a higher burden to justify delay than it would in an ordinary civil action. *See id.* at 2275 ("While some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody."); *see also Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (noting standard of review of district court decision to stay habeas proceeding "is somewhat less deferential than the flexible abuse of discretion standard applicable in other contexts"). The statutory provisions for prompt returns, immediate hearings, and summary disposition of habeas cases expressly require that petitions be heard and decided promptly. *See* 28 U.S.C. §§ 2241, 2243; *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting interests of prisoner and society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotation marks omitted); *Yong*, 208 F.3d at 1120 ("[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial

---

[6] The government's contention that certain classified information should be withheld from counsel for the detainees is particularly inappropriate here, where Khan's counsel hold security clearances at the "Top Secret//SCI" level.

4

economy.") (citing cases). The deadlines imposed by those provisions have already been exceeded here by any standard.

Moreover, the government's request for further delay is substantive, not procedural. Delay means more indefinite detention, and that *itself* is the harm that Khan filed a habeas petition in order to remedy more than two years ago. So grievous is that harm, and so fundamental the right to be protected from it, that the right to impair habeas corpus is limited by the Suspension Clause of the Constitution. Even an adjudicated criminal alien who, unlike Khan, has never made an entry into the United States and has no right in law to be here, must be released into the United States when faced with the prospect of indefinite detention. *See Clark v. Martinez*, 543 U.S. 371, 386 (2005). Indeed, the need for a prompt hearing is never greater than where, as here, a petitioner has been subjected to state-sanctioned torture and afforded no prior judicial review. *See Boumediene*, 128 S. Ct. at 2267 ("[C]ommon-law habeas was, above all, an adaptable remedy. . . . It appears that the common-law habeas court's role was most extensive in cases of pretrial and noncriminal detention, where there had been little or no previous judicial review of the cause for detention."); *id.* at 2269 ("Where a person is detained by executive order, rather than, say, after being tried and convicted in a court, the need for collateral review is most pressing. . . . The intended duration of the detention and the reasons for it bear upon the precise scope of the inquiry. . . . [T]he writ must be effective."); *Rasul v. Bush*, 542 U.S. 466, 473-75 (2004); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001); *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing if delay in deciding habeas petitions were routinely permissible, absent good reason, "the function of the Great Writ would be eviscerated"); *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978) ("The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time."); *Cross v. Harris*, 418

F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus particularly inappropriate for any delay.").[7]

## II. THE COURT SHOULD STRIKE THE HAYDEN DECLARATION

On November 19, 2008, two of Khan's attorneys who hold security clearances at the "Top Secret//SCI" level requested permission to review the Hayden Declaration, submitted *in camera* and *ex parte*, at the Secure Facility SCIF. The government denied that request without explanation. Accordingly, the Court should strike the Hayden Declaration.

While the government unquestionably has a substantial interest in preventing the unauthorized disclosure of classified information, it should not be permitted to rely on secret evidence to delay Khan's habeas hearing any more than it should be permitted to offer secret evidence in support of Khan's detention at a habeas hearing. The Supreme Court was clear in *Boumediene v. Bush* that an "adversarial character" is necessary to habeas proceedings. *See* 128 S. Ct. 2229, 2273 (2008). The submission and consideration of a secret declaration deprive Khan – and the courts – of the benefits of the adversarial process in habeas. *Cf. Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007) ("We think it clear that this court cannot discharge its responsibility . . . unless a petitioner's counsel has access to as much as is practicable of the classified information regarding his client. Counsel simply cannot argue, nor can the court determine, whether a preponderance of the evidence supports the [government's] status

---

[7] The government's motion should also be denied for failure to meet and confer as required by Local Civil Rule 7(m), and because the government has not satisfied the standard for reconsideration under Fed. R. Civ. P. 54(b). Khan had no prior notice that the government intended to seek reconsideration in his case or of the basis for the motion. Nor does the government's motion present any "new" issues; rather, the government merely seeks to relitigate issues which have already been addressed in context of the parties' procedural framework briefs. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. nos. 206, 231). If the government wants to seek reconsideration, it should file a motion that addresses the particular facts and circumstances of this case.

determination without seeing all the evidence."). There is also no legitimate basis to deny Khan's counsel access to the Hayden Declaration because, as indicated above, they hold security clearances at the "Top Secret//SCI" level, which indicates they can be trusted with information up to that level. *See Al Odah v. United States*, 346 F. Supp. 2d 1, 14 (D.D.C. 2004) (Kollar-Kotelly, J.) ("[T]he Government's decision to grant an individual attorney a security clearance amounts to a determination that the attorney can be trusted with information at that level of clearance.").

Moreover, the government should not be permitted to rely on an *ex parte* classified document without establishing good cause to believe that disclosure of the secret information to security-cleared counsel for the detainees would actually threaten national security. The mere invocation of "national security" is insufficient to prolong the already indefinite detentions of Khan or the other detainees. Nor would absolute judicial deference on such matters of national security be consistent with the separation of powers. *See Coldiron v. DOJ*, 310 F. Supp. 2d 44, 53 (D.D.C. 2004) ("No matter how much a court defers to an agency, its review is not vacuous. An agency cannot meet its burden of justifying non-disclosure simply by invoking the phrase 'national security.'") (citations and internal quotation marks omitted); *Boumediene*, 128 S. Ct. at 2277 ("Security subsists, too, in fidelity to freedom's first principles. . . . Within the Constitution's separation-of-powers structure, few exercises of judicial power are as legitimate or as necessary as the responsibility to hear challenges to the authority of the Executive to imprison a person.").

## **Conclusion**

No further delay is warranted in this case. The government's motion should be denied; the Court should strike the Hayden Declaration and enter the standard protective order; and this case should proceed promptly.

Date: New York, New York
November 26, 2008

Respectfully submitted,

Counsel for Petitioner:


/s/ J. Wells Dixon
J. Wells Dixon (Pursuant to LCvR 83.2(g))
Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
Shayana D. Kadidal
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6423
Fax: (212) 614-6499
wdixon@ccrjustice.org