IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
―――――――――――――――――――――――― x
                                         :
IN RE:                                   :
                                         :
GUANTÁNAMO BAY                           :  Misc. No. 08-442 (TFH)
DETAINEE LITIGATION                      :
                                         :
―――――――――――――――――――――――― x
                                         :
MOAMMAR BADAWI DOKHAN,                   :
                                         :
              Petitioner,                :
                                         :
       v.                                :  Civil Action No. 08-987 (JDB)
                                         :
GEORGE W. BUSH, et al.,                  :
                                         :
              Respondents.               :
                                         :
―――――――――――――――――――――――― x
```

## OPPOSITION TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION

Petitioner Moammar Badawi Dokhan, by and through his undersigned counsel, respectfully submits this opposition to the government's omnibus motion for reconsideration, *see In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1004) ("Gvt. Motion"), and the Court's November 20, 2008 Minute Order directing the detainees to respond to the motion by November 26, 2008.

## PRELIMINARY STATEMENT

Moammar Dokhan has been detained since December 2001. He has been held at Guantánamo Bay without charge or trial longer than most remaining prisoners. Dokhan's detention has been and continues to be indefinite and unlawful by any standard.

On June 12, 2008, the Supreme Court held that detainees at Guantánamo Bay have a constitutionally-protected right to petition for habeas relief. *See Boumediene v. Bush*, 128 S. Ct. 2229 (2008). The Court further held that "[w]hile some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody. The detainees in these cases are entitled to a prompt habeas corpus hearing." *Id.* at 2275. The detainee cases are now governed by the Habeas Corpus Statute, 28 U.S.C. § 2241 *et seq.*, which sets forth specific guidelines for prompt resolution of these cases.

Yet the government plainly seeks by its motion for reconsideration to prolong Dokhan's indefinite detention. The government's motion is simply the latest tactic in a long-standing strategy to deprive Dokhan and other Guantánamo detainees of any meaningful opportunity to challenge the legality of their detention through habeas. Judge Hogan and Judge Bates ("Merits Judge") each ordered the parties in this case and other detainee cases to proceed on an individualized basis, and the Merits Judge invited the government to propose modifications to Judge Hogan's November 6, 2008 case management order in the cases before him where factual returns have already been filed. Now that the courts have ruled, the government seeks to continue litigation essentially on a class-wide basis that is contrary to the courts' orders and serves only to delay consideration of the merits of this case.

The government's motion should be denied for three reasons: (1) because the government failed to meet and confer with Dokhan's counsel as required by Local Civil Rule 7(m); (2) because the motion fails to establish any basis for reconsideration; and (3) because the motion

does not address the particular facts and circumstances of this case, which would not warrant the relief sought by the government – *i.e.*, a further indefinite stay – if reconsideration were granted.[1]

**BACKGROUND**

On July 2, 2008, this case was transferred to Judge Hogan for coordination and management pursuant to the Resolution of the Executive Session (D.D.C. July 1, 2008). Then on July 11, 2008, Judge Hogan entered a scheduling order requiring the government to produce factual returns in each detainee case on a rolling basis. The government failed to comply with that schedule – which they had proposed – and moved to amend the schedule for production of returns. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 317). Judge Hogan granted the motion on September 19, 2008, over the detainees' objections, but cautioned that "[g]oing forward . . . the government cannot claim as a basis for failing to meet deadlines imposed by this Court that it simply did not appreciate the full extent of the challenges posed." *Id.* (misc. dkt. no. 466, at 6) (internal quotation marks omitted).[2]

In the meantime, Judge Hogan's July 11, 2008 scheduling order also required the parties to submit briefs addressing the procedural framework to govern these cases. *See*, *e.g.*, *id.* (misc. dkt. nos. 206, 231) (detainee briefs). Those briefs addressed nearly all of the issues raised in the government's omnibus motion for reconsideration, including issues concerning production of

---

[1] Dokhan also objects to the government's alternate request to certify these issues for appeal and for a stay pending appeal. There is no legitimate basis for an interlocutory appeal of a case management order pursuant to 28 U.S.C. § 1292(b). Nor do the issues raised in the government's motion present substantial ground for difference of opinion. The government's suggestion that further appellate litigation in the detainee cases would materially advance the litigation also strains credulity in light of its consistent dilatory tactics.

[2] Yet the government soon failed to comply once again, and sought further relief from their proposed schedule on October 31, 2008. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 917).

3

exculpatory evidence and other discovery, the admissibility of hearsay evidence, and whether the government's evidence should be afforded any presumptions.

On November 6, 2008, Judge Hogan issued a Case Management Order ("CMO") to govern the coordinated detainee cases. The CMO resolved many of the issues addressed in the parties' procedural framework briefs, and indicated (at p.2 n.1) that the judges to whom the cases are assigned for final resolution "may alter the framework based on the particular facts and circumstances of their individual cases," and "will address procedural and substantive issues not covered in this [CMO]."

The same day, the Merits Judge entered an order directing the parties in four detainee cases to file any proposals to modify the CMO and appear for a status conference on November 24, 2008. The Merits Judge further ordered that "the parties shall abide by the preliminary Case Management Order [entered by Judge Hogan] pending further Order of the Court." *Torhirjanovich v. Bush*, No. 05-cv-994 (JDB) (D.D.C.) (dkt. no. 91).

On November 18, 2008, the government filed its omnibus motion for reconsideration, seeking a blanket stay of all detainee cases coordinated before Judge Hogan regardless of the facts and circumstances of the individual cases, and seeking the opportunity to relitigate issues that were addressed before Judge Hogan in the parties' procedural framework briefs. The government's motion made no mention of this case specifically. *See* Gvt. Motion.

On November 19, 2008, the parties in the cases before the Merits Judge filed briefs outlining their proposals to modify the CMO. Petitioner Dokhan moved on November 21, 2008 for leave to file proposals to modify the portions of the CMO likely to affect his case. *See Dokhan v. Bush*, No. 08-cv-087 (JDB) (D.D.C.) (dkt. no. 52).

On November 21, 2008, Judge Hogan entered an order staying the deadlines in the CMO pending resolution of the government's motion for reconsideration. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1026).

Finally, on November 24, 2008, the Merits Judge held a status conference in the four cases before him in which factual returns have been filed. Among other things, the Merits Judge ordered the government to produce unclassified factual returns by December 9, 2008; ordered the parties to further brief any proposed modifications to the CMO; ordered the parties to meet twice to resolve or narrow any contested issues related to the CMO, and scheduled a further status conference for December 19, 2008. The Merits Judge also ordered that the order of November 21, 2008 staying the deadlines would otherwise apply to the four cases.

## THE GOVERNMENT'S BLANKET MOTION FAILS TO PROVIDE ANY BASIS FOR RECONSIDERATION IN THE CONTEXT OF THIS CASE

### A. The Motion Should Be Denied for Failure to Meet and Confer

The government's motion should be denied because counsel for the government failed to meet and confer with undersigned counsel as required by Local Civil Rule 7(m). Simply stated, the government made no good faith attempt to determine whether undersigned counsel objected to the requested relief or to narrow the areas of disagreement in this particular case.

On November 14, 2008, counsel for the government sent an email to an undisclosed list of counsel for the detainees, including undersigned counsel, stating that the government intended to move for reconsideration of Judge Hogan's CMO on the ground that it was "legally inappropriate and unworkable." The government offered no further explanation, even after counsel for Dokhan requested information including which parts of the order it felt required clarification and what relief would be sought. Nor did counsel for the government make any attempt to narrow the areas of disagreement concerning the forthcoming motion for

5

reconsideration. As the government concedes in its motion for reconsideration, "[m]any [counsel for the detainees] requested details regarding the motion that the Respondents were not in a position to discuss at the time." Gvt. Motion at 3 n.2.

Accordingly, because counsel for the government failed to comply with Local Civil Rule 7(m), the motion for reconsideration should be denied on this basis alone. Rule 7(m) serves important institutional purposes, and the courts should not treat a violation of the rule lightly. *See Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006).[3]

### B. The Motion Should Be Denied for Failure to State Any Basis for Reconsideration

The government cites Federal Rule of Civil Procedure 54(b) in support of its request for reconsideration of Judge Hogan's CMO. *See* Gvt. Motion at 10 n.7. But that rule provides no basis for reconsideration here.

Rule 54(b) governs motions for reconsideration that do not constitute final judgments. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). A court may reconsider an order pursuant to Rule 54(b) when it "patently misunderstood a party, has made a decision outside the adversarial issue presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will only consider a motion for reconsideration when the moving party demonstrates: "(1) an intervening change in the law; (2)

---

[3] *See Penobscot Indian Nation v. HUD*, Civ. No. 07-1282 (PLF), 2008 WL 635740, at *1 (D.D.C. Mar. 5, 2008) (order granting motion to strike papers filed in violation of Rule 7(m)); *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 n.19 (D.D.C. 2002) (denying plain-tiffs' motion to lift stay and awarding fees and costs to defendants); *see also United States v. Sci. Applications Int'l Corp.*, 555 F. Supp. 2d 40, 47 (D.D.C. 2008) (denying motion to strike

6

the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003). Motions for reconsideration should not be used to "relitigate old matters." *Niedermeier v. Office of Max. S. Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (addressing Rule 59(e)); *see also Singh*, 383 F. Supp. 2d at 101.

The standard for reconsideration is not met here. Indeed, nothing about the government's motion is particularly new. There are no new legal issues presented – all were previously addressed at length in the parties' procedural framework briefs – and the government does not identify any factual or legal issues that Judge Hogan or the Merits Judge misunderstood or overlooked in their respective case management orders. Rather, what the government plainly seeks to do is relitigate on a class-wide basis four central issues that have already been addressed in the parties' procedural framework briefs and resolved by Judge Hogan in the CMO: (1) the breadth of the required search for exculpatory evidence; (2) the provision for automatic discovery of detainee statements relating to the amended factual returns; (3) the requirement that the government provide counsel and the detainees themselves with classified information or "adequate substitutes" for classified information; and (4) the procedures governing the use of hearsay, presumptions in favor of the government's evidence, and the standard for an evidentiary hearing. *See* Gvt. Motion at 2-3.[4]

---

be-cause party "failed to comply with Rule 7(m) and meet its heavy burden in filing its motion to strike").

[4] To the extent the government seeks "clarification" of these and other issues, that request is likewise nothing more than an attempt to relitigate those issues on class-wide basis. For instance, on November 20, 2008, the government filed a notice pertaining to its purported compliance with Part I.D.1 of the CMO. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1022) ("Exculpatory Evidence Statement"). The notice stated that the government had complied with the requirement to produce exculpatory evidence to the extent that the CMO was intended to require a search for exculpatory evidence that is no

7

In its opposition to another detainee's motion to strike the motion for reconsideration, the government concedes that the issues raised in its motion for reconsideration are the same as the issues addressed in the parties' procedural framework briefs before Judge Hogan: "The issues to be resolved by the Motion for Reconsideration are precisely the types of issues contemplated in the [July 1, 2008] transfer order. Only nine days after the transfer of cases to Judge Hogan, he ordered the parties to brief precisely these issues. The Motion for Reconsideration addresses nothing not addressed in the CMO." *In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1041, at 2). And that is precisely why the standard for reconsideration is not satisfied.

C. **Even if Reconsideration Were Granted, the Requested Relief Should Be Denied in the Context of This Particular Case**

The only arguably "new" relief requested by the government includes relief from the deadlines for compliance with the CMO, which the government contends would be unduly burdensome and threaten national security. *See* Gvt. Motion at 31. The government also seeks a new schedule for "generalized briefing" regarding a presumption in favor of the government's evidence and the admissibility of hearsay evidence – matters already briefed at length before

---

broader than the search previously conducted by the government – an interpretation that conflicts not only with the plain language of the CMO but also with the express orders of Judge Sullivan, Judge Kessler and Judge Walton (who has since stayed the order) requiring a broader search for exculpatory evidence. *See* Gvt. Motion at 5 (acknowledging these contrary orders); Tr. of Status Hearing at 17, *Habishi v. Bush*, No. 05-765 (EGS) (D.D.C. Oct. 30 2008) (discussing obligation of government attorneys to search for exculpatory evidence not in their immediate possession). In any case, the government has further acknowledged its failure to provide all exculpatory evidence in its possession. *See* Gvt. Motion at 17 n.14 (admitting failure to produce all detainee denials of government's claims); Exculpatory Evidence Statement at 3 n.1 (admitting failure to produce all detainee denials of government's claims; all agency reports containing exculpatory evidence; and all exculpatory evidence identified after filing of returns). Accordingly, it is Dokhan's position that the government has failed to comply with Part I.D.1 of the CMO, and that this failure does not trigger the time period under Part I.G for him to file a traverse.

8

Judge Hogan.[5] *Id.* Even if reconsideration were granted, which it should not be, these requests should be denied.

Assuming the Merits Judge proceeds in this case as he has in those where factual returns have already been filed, the government will have the opportunity to propose modifications to the CMO in the context of this case. Instead, they have attempted to seek a blanket stay of the deadlines set forth in the CMO. In doing so, the government has failed to address whether its proposed modifications are necessary or relevant in the context of this particular case. For instance, the government argues at length that the CMO's provisions concerning the production of exculpatory evidence and other discovery are improper because they do not require a showing of relevance or materiality. *See*, *e.g.*, Gvt. Motion at 6, 14, 22-23. In Dokhan's case this argument is premature. No factual return has been filed, and counsel for Dokhan has not yet made any discovery requests. In addition, the Merits Judge has indicated that discovery requests will be handled individually. *See Torhirjanovich v. Bush*, No. 05-cv-994 (JDB) (D.D.C.) (dkt. no. 91). The government also questions whether it should be required to produce classified information to counsel for detainees who lack security clearances at the same classification level as the information at issue. But the government fails to consider that Dokhan's attorney has a "need to know" classified information that is exculpatory or otherwise material to Dokhan's case.

---

[5] The government also proposes for this first time in this case to require each detainee to file a "preliminary traverse" shortly after production of the unclassified return but before any discovery proceeds. Gvt. Motion at 31-32. Dokhan objects to such a procedure, which is plainly intended to afford the government a preview of his trial strategies and counter-evidence, and to limit the government's discovery obligations. Such a procedure has already been rejected by Judge Sullivan and Judge Leon in other cases, and should be rejected here. *See*, *e.g.*, Tr. of Status Hearing at 17, *Habishi v. Bush*, No. 05-765 (EGS) (D.D.C. Oct. 30 2008) (Judge Sullivan: "I think that would be inappropriate. I don't think that would be beneficial for the petitioner in

To the extent the government seeks modifications to the CMO on the ground of undue burden, the Court should require the government to propose those modifications in context of the specific facts and circumstances of this case to determine whether such modifications are necessary or appropriate. That approach is consistent with the rulings by Judge Huvelle on November 24, 2008, requiring the government to produce unclassified returns and identify exactly which documents and information it intends to rely on in its case-in-chief, thereby potentially limiting any issues concerning exculpatory evidence, other discovery or the use of classified information. In addition, by moving away from open-ended, generalized concerns that may not be relevant to a specific case, that approach will likely result in the cases proceeding more quickly and efficiently to proceedings on their merits, including perhaps resolution by motion for summary judgment or a trial.

In the meantime, the government should be required to proceed in compliance with the deadlines set forth in the CMO, as modified by the Merits Judge. Because this is a habeas case, the government bears a higher burden to justify delay than it would in an ordinary civil action. *See Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008) ("While some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody."); *see also Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (noting standard of review of district court decision to stay habeas proceeding "is somewhat less deferential than the flexible abuse of discretion standard applicable in other contexts"). The statutory provisions for prompt returns, immediate hearings, and summary disposition of habeas cases expressly require that petitions be heard and decided promptly. *See* 28 U.S.C. §§ 2241, 2243; *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting interests of prisoner and society in

---

this case."); *Sliti v. Bush*, No. 05-429 (RJL) (D.D.C. Oct. 24, 2008 Status Conference); *Ghazy v.*

"preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotation marks omitted); *Yong*, 208 F.3d at 1120 ("[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy.") (citing cases).

## CONCLUSION

This case was initially transferred to Judge Hogan for coordination and management, including extensive briefing on the procedural framework for adjudicating detainee habeas cases. The CMO established a framework to govern these cases, and indicated that the judges of this court may alter that framework based on the particular facts and circumstances of their individual cases. That is exactly what the Merits Judge in this case has already begun to do. Proceeding on an individual case-by-case basis is also the only practical way that the detainee cases will be resolved expeditiously as required by *Boumediene* and the Habeas Corpus Statute. Accordingly, the government's motion for reconsideration should be denied. If there are issues that need to be addressed after the government files its factual return in this case, the Merits Judge is best suited to address those issues and ensure that this case is resolved.

Date:    November 26, 2008

                              Respectfully submitted,

                              *Counsel for Petitioner Dokhan*
                              (08-cv-0987)

                                /s/ Kristine A. Huskey
                              Kristine A. Huskey
                              D.C. Bar  #462979
                              National Security & Human Rights Clinic
                              University of Texas School of Law
                              727 East Dean Keeton St.
                              Austin, TX 78705

---

*Bush*, No. 05-2223 (RJL) (D.D.C. Oct. 23, 2008 Status Conference).

Tel: 512-232-3657
Fax: 512-232-0800

Shayana D. Kadidal
D.C. Bar ID #454248
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: 212-614-6438
Fax: 212-614-6499

## CERTIFICATE OF SERVICE

I, Suzanne Sivertsen, hereby certify that on November 26, 2008 I caused a true and accurate copy of OPPOSITION TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION to be served electronically via the Court's Electronic Case Filing system, which will send notification of such filings to all counsel of record.

                                                  /s/ Suzanne Sivertsen
                                                  Suzanne Sivertsen

Dated: November 26, 2008