IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TARIQ ALSAWAM, ) | |
| ) | |
| Petitioner, ) | Misc. No. 08-442 (TFH) |
| ) | |
| v. ) | Civil Action No. 05-1244 (CKK) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, *et al.,* ) | |
| ) | |
| Respondents. ) | |

## JOINT STATUS REPORT

Undersigned counsel for the Petitioner and Respondents in this case respectfully submit this joint status report pursuant to the Court's November 14, 2008 Order.

**I.      Petitioner Tariq Alsawam submits the following and requests a status conference:**

**A.      Background.**

Petitioner was detained by the United States military in December 2001, and continues to be held at the United States Naval Station in Guantanamo Bay, Cuba. He filed the Petition for Writ of Habeas Corpus in this matter on June 22, 2005.

**B.      Status of Compliance with Judge Hogan's Case Management Order ("CMO").**

On November 18, 2008, Respondents filed "Motion for Clarification and Reconsideration of this Court's November 6, 2008 CMO and Supplemental Orders or, in the Alternative, Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Certain Obligations Pending Resolution of the Motion and Any Appeal" (Docket #74). On

November 21, 2008, in response to Respondents' Motion, Judge Hogan stayed various deadlines in the Case Management Order. Petitioner's opposition to the government's motion is due and will be filed November 26, 2008. The following is the current status of the obligations set forth in the CMO.

### 1. Factual Return (CMO ¶ I.A.).

On October 20, 2008, the government filed a Classified Factual Return (Dkt. No. 64).

### 2. Legal Justification (CMO ¶ I.B.).

On November 18, 2008, the government filed "Respondents' Statement of Legal Justification for Detention" (Dkt. No. 76). Petitioner will address his objections to the government's statement in his motion for judgment under ¶ III.A of the CMO.

### 3. Unclassified Factual Return (CMO ¶ I.C.).

The government has not filed an unclassified version of the factual return as required by ¶ I.C of the CMO, and Petitioner has had no opportunity to see or respond to the allegations contained in the classified return.

### 4. Exculpatory Evidence (CMO ¶ I.D.).

The government has not disclosed to the Petitioner "all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the [Petitioner]" and has not certified that it has disclosed the exculpatory evidence under ¶ I.D of the CMO. Instead, on November 20, 2008, the government filed a Notice Pertaining to Production of Exculpatory Evidence, (Dkt. No. 77), stating that it has disclosed only the exculpatory evidence "encountered in developing returns by the attorneys preparing them." Beyond that evidence, the government has not conducted any

search for exculpatory evidence.

### 5. Discovery (CMO ¶ I.E).

On November 14, 2008, Petitioner requested discovery required under ¶ I.E.1 of the CMO. Following a telephone conference with undersigned counsel, on November 20, 2008, government counsel sent undersigned counsel an email, stating that pending resolution of Respondents' motion to reconsider the CMO, no further information will be provided.

### 6. Classified Information (CMO ¶ I.F.).

Respondents have not provided exculpatory evidence or the requested discovery and, therefore, have not provided any adequate substitute for any classified information for Petitioner's review.

### 7. Traverse (CMO ¶ I.G.).

Because the government has not disclosed exculpatory evidence and has not certified that it has done so under the terms of the CMO, Petitioner's time to file a traverse to the government's factual return has not yet begun to run. As a practical matter, counsel will need an opportunity to review an unclassified version of the factual returns and the requested discovery with Petitioner before counsel can reasonably be prepared to file a traverse.

C. **Additional Matters Not Decided by Case Management Order**.

The following additional matters remain to be decided:

1. Petitioner expects to file a motion for specific, narrowly-tailored discovery pursuant to ¶ I.E.2 of the CMO. Petitioner will confer with government counsel before filing such a motion.

2. Petitioner expects to move for judgment on the record pursuant to ¶ III.A

of the CMO. The motion will contain Petitioner's objection to the government's Statement of Legal Justification for Detention.

### D. Proposed Schedule.

In their motion to reconsider the CMO, Respondents propose an amended schedule for the filings required by the CMO. Petitioner does not object to the Respondents' request to delay their filing of the unclassified factual return to no later than December 12, 2008, the request to delay Petitioner's filing of a preliminary traverse to no later than January 9, 2008, or the request for this Court to set a schedule for the merits briefing at a status conference following the filing of the preliminary traverse and completion of discovery. However, Petitioner objects to any delay in the production of the discovery required by the CMO, as these materials are necessary for the completion of the traverse.

## II. Respondents submit the following:

Respondents note the following additional matters not decided by the November 6, 2008 Case Management Order:

1. On November 21, 2008, in response to Respondents' November 18, 2008 motion for clarification and reconsideration or in the alternative for certification for appeal and to stay, Judge Hogan stayed various deadlines in the Case Management Order.

2. On October 14, 2008, Respondents filed a motion to dismiss improper respondents; that motion remains pending.

Additionally, Respondents dispute Petitioner's assertion that Respondents' November 20, 2008 Notice Pertaining to Production of Exculpatory Evidence, (Dkt. No. 77) does not comply with ¶ I.D of the CMO.

Dated: November 26, 2008

Respectfully submitted,

| Counsel for Petitioner: | Counsel for Respondents: |
|---|---|
| A.J. KRAMER<br>Federal Public Defender | GREGORY G. KATSAS<br>Assistant Attorney General |
| /s/<br>_____<br>MARY MANNING PETRAS | JOHN C. O'QUINN<br>Deputy Assistant Attorney General |
| /s/<br>_____<br>LARA QUINT<br>Assistant Federal Public Defenders<br>625 Indiana Avenue, N.W.<br>Suite 550<br>Washington, D.C. 20004<br><br>(202) 208-7500 | */s/ Emily B. Smith*<br>JOSEPH H. HUNT (D.C. Bar No. 431134)<br>VINCENT M. GARVEY (D.C. Bar No. 127191)<br>TERRY M. HENRY<br>ANDREW I. WARDEN<br>PAUL E. AHERN<br>EMILY B. SMITH<br>Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue N.W.<br>Washington, DC 20530<br>Tel: (202) 305-3284<br>Fax: (202) 305-2685<br>Emily.Smith2@usdoj.gov |