# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | |
| ) | |

|  |  |
|---|---|
| ) | |
| FAWZI KHALID ABDULLAH ) | |
| FAHAD AL ODAH, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | Civil Action No. CV 02-0828 (CKK) |
| v. ) | |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## JOINT STATUS REPORT

Pursuant to this Court's Order of November 14, 2008, the parties in *Al Odah v. United States*, 02-cv-0828 (CKK), hereby submit this joint status report and Petitioners request a prompt status conference in compliance with the Supreme Court's mandate that Petitioners "are entitled to a prompt habeas corpus hearing." *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008).

A.   Petitioners' Statement

   1.   Petitioners' Statement

Petitioners in this case are four Kuwaiti nationals detained in Guantanamo, and their next friends. Petitioners were among the first detainees to arrive at Guantanamo almost seven years ago. This case, filed on May 1, 2002, was the second case ever filed by Guantanamo detainees and is the oldest pending case involving petitioners still in detention. The Petitioners remaining

in this case are Fawzi Khalid Abdullah Fahad Al Odah, Fayiz Mohammed Ahmen Al Kandari, Khalid Abdullah Mishal Al Mutairi, and Fouad Mahmoud Al Rabiah ("Petitioners").[1]

More than two months have elapsed since the government filed its classified amended returns, and it still has not provided any unclassified version that counsel can show to or discuss with the Petitioners. The most critical requirement right now is for the government to produce unclassified versions of its amended returns and adequate substitutes for classified evidence so that the Petitioners themselves can know the allegations against them and respond to them. The government has failed to provide an unclassified return, and has moved for reconsideration of almost every provision of the Court's Case Management Order ("CMO"), Docket #397 (Nov. 6, 2008).

The government's resistance to the CMO is in keeping with its consistent strategy of obstruction and delay. As Judge Richard J. Leon recently proved in *Boumediene v. Bush*, 04-cv-1166, the only way to resolve these cases fairly and promptly is to hold the government to the Court's deadlines and set a hearing date as quickly as possible.

2. Status of Compliance With Case Management Order

a. From September 5 to September 18, 2008, the government filed classified amended returns as to each of the Petitioners. It has moved for reconsideration and a stay of the CMO, and the Court (Hogan, J.) has stayed the government's deadlines under the CMO until the motion is decided. The government has not filed unclassified versions of the amended factual returns as required by ¶ I.C of the CMO, and Petitioners have had no opportunity to see or respond to the allegations contained in the classified amended returns.

---

[1] Petitioners previously included eight other Kuwaiti nationals, along with their next friends, who were transferred to the custody of the State of Kuwait. All eight were criminally charged in Kuwaiti courts, but were acquitted following criminal trials or appeals. By Order dated July 17, 2008, this Court granted the parties' agreed motion to dismiss the case without prejudice as to those petitioners who are no longer held at Guantanamo.

b. The government has filed its Statement of Legal Justification for Detention, Docket #402 (Nov. 18, 2008). Petitioners will address their objections to the government's statement in their motions for judgment under ¶ III.A of the CMO.

c. The government has not disclosed to the Petitioners "all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the [Petitioners]" and has not certified that it has disclosed the exculpatory evidence under ¶ I.D of the CMO. The government has instead filed a Notice Pertaining to Production of Exculpatory Evidence, Docket #403 (Nov. 20, 2008), stating that it has disclosed only the exculpatory evidence "encountered in developing returns by the attorneys preparing them," and does not state that any search for exculpatory evidence has been undertaken. In fact, no evidence has been disclosed to the Petitioners themselves except for their own statements, if any, in their Combatant Status Review Tribunal proceedings. All other evidence and allegations, inculpatory or exculpatory, remain classified and inaccessible to the Petitioners.

d. On November 6, 2008, Petitioners requested the discovery required under ¶ I.E.1 of the CMO. The government has not provided such discovery and has not provided Petitioners with adequate substitutes for any classified information required to be disclosed.

e. Because the government has not disclosed exculpatory evidence and has not certified that it has done so under the terms of the CMO, Petitioners' time to file traverses to the government's amended factual returns has not yet begun to run. As a practical matter, Petitioners are likely to require time to review unclassified versions of the amended factual returns before they can reasonably be prepared to file traverses to them.

3. <u>Additional Matters Not Decided by Case Management Order</u>

The following matters remain to be decided:

    a. The government has filed a "Motion for Clarification and Reconsideration of this Court's November 6, 2008 CMO and Supplemental Orders or, in the Alternative, Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Certain Obligations Pending Resolution of the Motion and Any Appeal", Docket #400 (Nov. 18, 2008), in which it seeks a stay and reconsideration of this Court's CMO. In addition to their opposition to the motion, Petitioners will file a motion to strike on the basis that the government failed to meet and confer with counsel for Petitioners before filing its motion.

    b. Petitioners expect to file a motion for specific, narrowly-tailored discovery pursuant to ¶ I.E.2 of the CMO. Petitioners will confer with counsel for the government before filing their motion.

    c. Petitioners expect to move for judgment on the record pursuant to ¶ III.A of the CMO. Petitioners will object to the government's Statement of Legal Justification for Detention.

    d. Petitioners' Motion for Sanctions, Docket #293 (Jul. 21, 2006), is still pending before this Court. The government has filed an opposition and Petitioners have filed a reply. Judge James Robertson deferred ruling on the Petitioners' Motion for Sanctions, which he ordered would be "taken up and decided at a later time." (Amended Memorandum Order, Docket #311 (Sept. 20, 2006)).

    e. As stated below, the government has also filed a Motion to Dismiss Petitions Without Prejudice or, Alternatively, to Hold Petitions in Abeyance Pending Completion of Military Commission Proceedings (Docket #407) as to two of the four Petitioners, which

4

Petitioners will oppose, and a motion to dismiss all Respondents other than the Secretary of Defense (Docket #391), to which Petitioners have already responded. Petitioners have filed a Motion to Substitute Parties seeking to substitute proper Respondents and to substitute the next friend for Petitioner Fouad Mahmoud Al Rabiah (Docket #346), which the government has opposed, in part. Petitioners will not further address their particular arguments on those motions in this status report.

B.  Respondents' Statement

Pursuant to the Court's November 14, 2008 Order, Respondents submit the following matters not decided by the Case Management Order for the Court's consideration:

1.  <u>Respondents' Motion to Dismiss Petitions Without Prejudice or, Alternatively, to Hold Petitions in Abeyance Pending Completion of Military Commission Proceedings</u>

On October 21, 2008, petitioners Fouad Mahmoud Al Rabiah, a/k/a Fouad Mahmoud Hasan Al Rabia, (ISN 551) and Fayiz Mohammed Ahmed Al Kandari (ISN 552) were each formally charged with conspiracy and providing material support for terrorism in violation of the laws of war under the Military Commissions Act of 2006, 10 U.S.C. §§ 948a-950w (the MCA).[2] The charges are currently under review by the Convening Authority prior to referral to the military commission. Consequently, petitioners now face the prospect of trial by a military commission; a trial convened pursuant to an Act of Congress in which petitioners will be guaranteed an impartial judge and jury, 10 U.S.C. § 949f, the presumption of innocence until proven guilty beyond a reasonable doubt, 10 U.S.C. §949*l*, the assistance of defense counsel, 10

---

[2]  A copy of petitioner Al Rabiah's Charge Sheet is posted on the DefenseLink information page at http://www.defenselink.mil/news/d20081021rabiasworn.pdf. A copy of petitioner Al Kandari's Charge Sheet is posted on the DefenseLink information page at http://www.defenselink.mil/news/d20081021kandarisworn.pdf. As indicated on the charge sheets, charges have been sworn against petitioners pursuant to Rule 301 of the Rules of Military Commissions found in the Manual for Military Commissions. *See* http://www.defenselink.mil/news/commissionsmanual.html. Under Rule 202(c) of that Manual, "[t]he jurisdiction of a military commission over an individual attaches upon the swearing of charges."

5

U.S.C. § 949c, the right to be present, 10 U.S.C. § 949d(b), the right to discovery (including the right to exculpatory evidence), 10 U.S.C. § 949j, the right to take depositions, *id.*, the right to call witnesses, *id.*, and a full panoply of other substantive and procedural rights that are carefully described in the MCA. The robust adversarial military commission process provides a fully-adequate means for petitioners to challenge their status as unlawful enemy combatants as petitioners are entitled to have the military commission make its own, independent determination of unlawful enemy combatancy prior to the commencement of trial. 10 U.S.C. § 948a(1). That determination is reviewable as a matter of right by the United States Court of Appeals for the District of Columbia Circuit at the culmination of the proceedings, upon conviction. *See Khadr v. United States*, 529 F.3d 1112, 1118 (D.C. Cir. 2008).

Accordingly, Respondents have filed a motion to dismiss petitioners' habeas cases without prejudice, or in the alternative, to hold the petitioners' habeas cases in abeyance pending completion of military commission proceedings to allow, *inter alia*, the Court and the parties to focus their respective resources on promptly and efficiently adjudicating the other roughly 200 pending habeas cases involving detainees who are *not* charged for adversarial trial before a military commission. *See* Resp't's Mot. to Dismiss, dtk. no. 407 (Nov. 26, 2008). At the very least, the Court should stay proceedings with respect to these petitioners pending resolution of Respondent's motion to dismiss or in the alternative to hold petitioners' habeas cases in abeyance. Recently, another Judge of this Court granted a similar motion filed by Respondents and ordered that a Guantanamo Bay habeas petition be held in abeyance pending the completion of military commission proceedings. *See Khadr v. Bush*, 2008 WL 4966523 (D.D.C. Nov. 24, 2008) (Bates, J.).

2. <u>Respondents' Opposition to Petitioners' Motion to Substitute Next Friend</u>

In July 2008, petitioner Fouad Mahmoud Al Rabiah, a/k/a Fouad Mahmoud Hasan Al Rabia, (ISN 551) moved the Court to substitute his original next friend, petitioner Monzer M.H.A. Al Rabieah, who is now deceased, with a new next friend, his brother Yahya Al Rabiah. *See* Pet'r's Mot. to Substitute Parties, dkt. no. 346 (July 10, 2008). Respondents oppose petitioner Al Rabiah's motion because petitioner Al Rabiah's counsel have submitted an authorization signed by petitioner Al Rabiah indicating his assent to counsel's representation of him in this matter. *See* Resp't's Opp'n to Pet'r's Mot. to Substitute Parties Ex. A, dkt. no. 354 (July 24, 2008). In light of this direct authorization, there is no longer any appropriate basis for a next friend to remain in this case. Consequently, petitioner's motion to substitute his next friend should be denied, the existing next friend should be dismissed from the case, and the petition should be converted into a petition brought directly on behalf of petitioner Al Rabiah.

3. <u>Counsel's Failure to Submit Authorization of Next Friend Representation</u>

Petitioner Khalid Abdulla Mishal Al Mutairi (ISN 213) has not provided appropriate authorization for his case to continue. Judge Hogan ordered counsel, in cases in which the detainee is represented in the petition by a next friend, to file "a signed authorization from the petitioner to pursue the action or a declaration by counsel that states that the petitioner directly authorized counsel to pursue the action and explains why counsel was unable to secure a signed authorization." *See* Order dtk. no. 358 (July 29, 2008). Counsel neither filed an authorization of representation nor a declaration stating that petitioner Al Mutairi directly authorized counsel to pursue his habeas action. Rather, counsel filed the declaration of David J. Cynamon stating that petitioner "Al Mutairi would not sign an authorization" and has "subsequently refused to meet with anyone." *See* Notice of Filing of Attorney Authorizations Ex. 5 ¶ 3, dkt. no. 383

(September 26, 2008). Further, counsel has not demonstrated that the next friend attempting to pursue habeas relief on petitioner Al Mutairi's behalf satisfies the prerequisites for next friend status as articulated by the Supreme Court in *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). It is well established that "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue". *Id*. at 154. Accordingly, there are unsettled questions concerning continued litigation in this case.

    4.    <u>Respondents' Motion to Dismiss Improper Parties</u>

On October 14, 2008, Respondents filed a Motion to Dismiss Improper Respondents in the coordinated cases proceeding before Judge Hogan, 08-mc-442-TFH dkt. no. 723. Petitioners responded on October 27, 2008, 08-mc-442-TFH dtk. no. 805. The motion is currently pending before Judge Hogan.

November 26, 2008     Respectfully submitted,

| | |
|---|---|
| /s/ Matthew J. MacLean | GREGORY G. KATSAS |
| DAVID J. CYNAMON (Bar #182477) | Assistant Attorney General |
|   david.cynamon@pillsburylaw.com | |
| MATTHEW J. MACLEAN (Bar #479257) | JOHN C. O'QUINN |
|   matthew.maclean@pillsburylaw.com | Deputy Assistant Attorney General |
| PILLSBURY WINTHROP | |
| SHAW PITTMAN LLP | /s/ Kristina A. Wolfe |
| 2300 N Street, N.W. | JOSEPH H. HUNT (D.C. Bar #431134) |
| Washington, D.C. 20037 | VINCENT M. GARVEY (D.C. Bar #127191) |
| Telephone: (202) 663-8000 | TERRY M. HENRY |
| Facsimile: (202) 663-8007 | ALEXANDER K. HAAS |
| *Attorneys for Plaintiffs-Petitioners* | ANDREW I. WARDEN |
| | PAUL E. AHERN |
| | KRISTINA A. WOLFE |
| | Attorneys |
| | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| | 20 Massachusetts Ave., N.W. |
| | Washington, DC 20530 |
| | Tel: (202) 616-5084 |
| | *Attorneys for Respondents* |