UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: GUANTANAMO BAY<br>    DETAINEE LITIGATION<br><br>KHIALI-GUL,<br>    Petitioner<br>v.<br>GEORGE W. BUSH, et al.,<br>    Respondents. | Misc. No. 08-442 (TFH)<br><br><br><br>Civil Action No. 05-877 (JR) |

### OPPOSITION TO GOVERNMENT'S MOTION FOR
### CLARIFICATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR APPEAL

Petitioner Khiali-Gul respectfully requests that this Honorable Court put an end to the government's relentless efforts to delay and thereby deny him any fair opportunity to contest his detention. After years of delays, appeals and stays, on June 12, 2008, the United States Supreme Court held that Petitioners "are entitled to a prompt habeas corpus hearing." Boumediene v. Bush, 128 S. Ct. 2229, 2275 (2008). In order to provide such prompt hearings, this Court, after reviewing extensive briefs prepared by the parties, issued a Case Management Order ("CMO"). The government now seeks reconsideration of the CMO, rehashing the arguments it previously presented, making categorical statements that do not apply to individual cases, presenting no basis for reconsideration under Federal Rule of Civil Procedure 54(b) and no support for its request for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court should not entertain this effort to further delay these proceedings and should promptly deny the motion to

reconsider and the request for certification for appeal. In support of this opposition, Petitioner adopts the arguments and briefs filed by petitioners in these consolidated cases.

Petitioner notes that with regard to the facts and circumstances of this case, the government's objections to the CMO are inapplicable and should not delay the prompt scheduling of a hearing in this matter. With regard to the scheduling issues raised by the government, Petitioner does not object to the government's request to delay the filing of the unclassified return until December 12, 2008. The other requested delays are unnecessary. On May 31, 2005, the government filed a factual return. After the stay in this matter was lifted and after the date for filing an amended factual return passed without the filing of an amended return, on October 14, 2008, Petitioner filed a traverse. On October 17, 2008, the government filed an amended factual return. In response to the government's motion to reconsider the CMO, the Court stayed the obligations triggering the filing Petitioner's traverse to the amended return. Nonetheless, Petitioner intends to file an amended traverse no later than December 12, 2008. Thereafter, this matter will be prepared to proceed to a prompt hearing.

In addition to the CMO schedule, the government objects to the scope of the CMO's requirements for the production of exculpatory evidence and discovery, the provisions regarding the production of classified information, and the requirement that the government must seek a rebuttable presumption of accuracy and authenticity and permission to use hearsay evidence in individual cases. Even if the government's obligations to produce exculpatory information and discovery were eliminated in this case and the government were permitted a presumption of accuracy and authenticity and permitted to use hearsay evidence, the government cannot meet any standard for detention in this case. As set forth in Petitioner's traverse and will be further set forth in the amended traverse, the government has no reliable evidence upon which to support

Petitioner's detention.  Petitioner respectfully requests that this matter be transferred back to Judge James Robertson, and scheduled for a prompt hearing.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER

            /s/
        _____
        MARY MANNING PETRAS

            /s/
        _____
        LARA QUINT
        Assistant Federal Public Defenders
        625 Indiana Avenue, N.W.
        Suite 550
        Washington, D.C.  20004

        (202) 208-7500