# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | |
| ) | |
| MUIEEN ADEEN JAMAL ADEEN ) | |
| ABD AL F. ABD AL SATTAR ) | |
| ) | |
| Petitioner, ) | Civil Action No. 08-1236 |
| v. ) | |
| GEORGE W. BUSH, et al., ) | |
| Respondents. ) | |

### RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION
### FOR CLARIFICATION AND RECONSIDERATION OF COURT'S
### NOVEMBER 6, 2008 CASE MANDATE ORDER

Shortly after the Supreme Court's admonition in Boumediene v. Bush, 128 S.Ct. 2229 (2008), to provide Guantanamo Bay ("Guantanamo") detainees with pending habeas corpus petitions "a prompt habeas corpus hearing," this Court entered a Case Management Order ("CMO") in Case No. 08-M-0442, Docket No. 940. In its CMO, this Court set forth the general procedural framework for litigation of the 114 pending habeas cases in which the petitioners have challenged their continued detention at Guantanamo. This Court's CMO addressed the date by which the government must file classified factual returns (I.A), explain the legal justification for detaining petitioners (I.B), file unclassified factual returns (I.C), disclose exculpatory evidence (I.D), and

provide discovery (I.E), disclose classified information (I.F). This Court's CMO also addressed the burden, standard of proof, and presumptions to be applied to litigation of the government's evidence (II.A), the handling of hearsay evidence (II.C), the filing of initial, response, and reply briefs (III.A.1, A2., A3., A.4), and the handling of evidentiary hearings (III.B). The CMO further addressed the date by which petitioners must file a traverse in response to the government's factual return (I.G).

In addition to the carefully drafted procedures set forth in the CMO, the CMO made clear that:

> [w]hile the framework detailed in this Order governs proceedings in all cases consolidated before this Court, the judges to whom the cases are assigned for final resolution ("Merits Judges") may alter the framework based on the particular facts and circumstances of their individual cases. Additionally, the Merits Judges will address procedural and substantive issues not covered in this Order.

CMO, Case No. 08-mc-0442, Docket No. 940, 11-06-08, p.2, n1.

To date, at least one Merits Judge, the Honorable Judge Gladys Kessler, has already entered a CMO in the case of <u>Mohammed Al-Adahi, *et al.* v. George Bush, *et al.*</u>, Case No. 05-CV-280, CMO, Docket No. 201, 11-13-08. Therein, Judge Kessler noted:

> Since Judge Hogan's [Case Management] Order was intended to apply to all the cases which had been transferred to him, it was anticipated that each "Merits Judge" might make changes appropriate to the facts and circumstances of their individual cases when their cases were transferred back to them. To the extent there are difference between the two Case Management Orders, the provisions of this Order shall govern.

Docket No. 201, 11-13-08, p.2, n2.

Shortly thereafter, the government filed in the Misc Case No. 08-442, and in the individual case numbers as a group, a lengthy request for "clarification and reconsideration" of this Court's November 6, 2008 CMO. Motion for Clarification and Reconsideration, Case No. 08-mc-0442, Docket No. 1004, 11-18-08, Case No. 08-CV-1236, Docket No. 39. The government therein asked

2

this Court to review, clarify, and/or reconsider the provisions outlined sections I.D.1, I.E.1, I.F., II.B, II.C, and III.B.1 of its CMO and also sought additional time to comply with the filing deadlines established in the CMO. Id. at p. 2. The government additionally sought certification pursuant to 28 U.S.C. § 1292(b) for expedited appellate review of procedural issues not decided in its favor. Id. In response, this Court entered an order staying the due dates set forth in the CMO by sections I.C, I.D, I.E, I.F, II.B, II.C, and II.A pending resolution of the government's motion.

Petitioner Muieen Adeen Jamal Adeen Abd Al Fusal Abd Al Sattar hereby adopts and joins in all other briefing filed on the issues raised in the government's motion, including both the original briefing on procedural issues filed in this Court in Case No. 08-mc-442, Docket Nos. 206, 231, and all supplemental briefing filed by other counsel regarding the present government motion.[1] Mr. Abd Al Sattar files the instant response to present additional general arguments and to point out the special circumstances of Mr. Abd Al Sattar's case.

Mr. Abd Al Sattar submits the government's motion should be denied as to the discovery questions it raises and held in abeyance as to the procedural issues it raises, as the government's arguments, though not well taken, can be more carefully considered when applied to specific evidence ultimately disclosed through discovery and more complete briefing submitted for consideration before the Merits Judge assigned to Mr. Abd Al Sattar's case – the Honorable Judge John D. Bates.

Many of the issues the government has asked this Court to clarify and reconsider are simply not suitable for common resolution among the 114 pending habeas cases. In recognition of this fact, the Court, through its CMO, established the baseline entitlement for all petitioners to several

---

[1] Petitioner will file specific joinders after receiving and reviewing the supplemental briefs filed.

procedural devices, including discovery, confrontation and an evidentiary hearing on disputed factual questions, with the burden on the government to justify the legal and factual sufficiency of the bases for the individual detention of each petitioner. The CMO provided, however, that the procedural devices employed will depend on the circumstances presented by particular cases and will be reserved for disposition by the individual Merits Judges. The CMO reflects the reality that a habeas proceeding, unlike many other forms of action, is at its core a flexible, adaptable remedy well-suited to address the particular circumstances of any individual case. See Boumediene, 128 S. Ct. at 2267 ("Habeas is not 'a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose.'") (quoting Jones v. Cunningham, 371 U.S. 236, 243 (1963)). As such, allowing the individual Merits Judges to control the litigation of each case assigned to them is not only practical but also necessary to achieve the purposes of habeas.

It is therefore imprudent for the government to now seek to limit the authority and discretion of the Merits Judges to address the specifics needs of the individual cases pending before them via its request for global relief in all pending habeas cases. The government's request for global relief would hamstring individual consideration that each petitioner's case deserves and, in some cases, may be entirely unnecessary to the ultimate resolution of an individual petitioner's case.

For example, undersigned counsel were only recently appointed in August of 2008 to represent Mr. Abd Al Sattar. The government filed a classified factual return in Mr. Abd Al Sattar's case the day before the filing of this response. Case No. 08-CV-1236, Docket No. 42, 11-25-08. Counsel are still awaiting security clearances, thus unable to even review the classified return, or even visit Mr. Abd Al Sattar at Guanatanmo. It is therefore completely unknown at this point whether there will be discovery disputes, whether there will be disputes over the disclosure of any statements alleged to have been made by Mr. Abd Al Sattar, whether there will be a need for

4

exculpatory evidence from sources broader than the CSRT, ARB and "readily available" DOD sources, or whether there will in fact be classified information and/or an "adequate substitute" for the classified information which the government claims it will be overburdened with the task of providing.[2] For these reasons, the issues raised in the government's motion are simply not ripe for clarification or reconsideration in Mr. Abd Al Sattar's case.

Further, the government has not claimed, with any particularity, that resolution of these issues *as to Mr. Abd Al Sattar* will overburden the government. Rather, the government lumps all habeas cases together and essentially requests a "wartime" exception should pardon its disclosure obligations. The government's request is contrary to the historic purpose of the habeas proceedings, which the Supreme Court made clear exists unscathed in "in wartime as well as in times of peace." Rasul v. Bush, 542 U.S. 466, 474 (2004).

While this Court's CMO provides both parties the baseline starting point for handling procedural issues, resolution of any disputes properly rests with the individual Merits Judge – The Honorable Judge John D. Bates – as he considers the individualized nature of Mr. Abd Al Sattar's habeas petition and litigation. Mr. Abd Al Sattar therefore respectfully requests that this Court deny the government's motion, which will in turn allow Judge Bates to resolve all disputes as to the issues raised in the government's motion.

---

[2] Had the government actually met and conferred with undersigned counsel as required by Local Rule 7(m), undersigned counsel would have discussed and quite possibly resolved some of the issues the government has raised in its motion. The government, however, *did not* consult with undersigned counsel on November 14, 2008, contrary to its claim in footnote 2 of its motion. The government claims they sent an e-mail to Jacqueline Johnson concerning their intent to file the motion. However, Ms. Johnson had filed a motion to withdraw that was granted on November 12, 2008. Case No. 08-cv-1236, Docket No. 35 (motion to withdraw), minute order issued on 11-12-08. Therefore, undersigned counsel never received notice from the government of its intention to file this motion and therefore, there was no "meet and confer."

5

As to the scheduling in this particular case, as explained above, counsel were only recently appointed to this case and have not yet had an opportunity to visit with Mr. Abd Al Sattar. It is therefore requested that the Court vacate the definitive schedule set forth in the CMO in that the scheduling for filing of a traverse and other briefing and be modified to allow the scheduling dates for the filing of those pleadings be referred to the individual Merits Judges for scheduling, as scheduling is a very case-specific task that will vary from petitioner to petitioner.

Respectfully submitted,

*/s/ Vicki Werneke*
VICKI WERNEKE (LCvR 83.2(e))
Assistant Federal Public Defender
Office of the Federal Public Defender,
    Northern District of Ohio
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856; Fax: (216) 522-4321
Email: vicki_werneke@fd.org

*/s/ Amy B. Cleary*
AMY B. CLEARY (LCvR 83.2(e))
Attorney at Law
Office of the Federal Public Defender,
    Northern District of Ohio
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856; Fax: (216) 522-4321
Email: amy_cleary@fd.org

Counsel for Petitioner Muieen Adeen Jamal Adeen Abd
    Al F. Abd Al Sattar