IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| In Re:<br><br>**GUANTANAMO BAY<br>DETAINEE LITIGATION** | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 05-02379 (JR)<br><br>Civil Action No. 05-2380 (CKK) |
|---|---|

**PETITIONERS' OPPOSITION TO THE GOVERNMENT'S MOTION FOR
CLARIFICATION AND RECONSIDERATION OF THIS COURT'S
NOVEMBER 6, 2008 CASE MANAGEMENT ORDER**

Petitioners Adham Mohammed Ali Awad and Zakaria Al-Baidany, by and through undersigned counsel, respectfully submit the following Opposition to the Government's Motion for Clarification and Reconsideration of This Court's November 6, 2008 Case Management Order ("CMO") and Supplemental Amended Orders Or, In The Alternative, Motion for Certification For Appeal Pursuant to 28 U.S.C. § 1292(b) And To Stay Certain Obligations Pending Resolution Of The Motion And Any Appeal ("Motion").

Petitioners hereby adopt and join in all other briefing filed on the issues raised in the Government's Motion, including the original briefing on the procedural issues filed before Judge Hogan, *see, e.g., In re: Guantanamo Bay Detainee Litigation,* Misc. No. 08-442 (TFH), Dkt. Nos. 206, 231. Petitioners also join and incorporate by reference herein the legal arguments filed by counsel in *Said v. Bush,* Case No. 05-CV-23854(RWR), and the legal arguments in *Ameziane v. Bush,* Case No. 05-392 (ESH), regarding the Government's failure to meet the standard necessary for reconsideration of the issues or for certification of the issues for appeal. Petitioners also join in the supplemental briefing

OHS West:260556339.2

of other counsel in opposition to the Government's Motion.[1] Petitioners file this following response to present facts specific to Petitioners.

## I. THE GOVERNMENT FAILED TO MEET AND CONFER PURSUANT TO LOCAL CIVIL RULE 7(M) AND JUDGE HOGAN'S ORDER

The Government failed to satisfy its meet and confer obligations under Local Civil Rule 7(m) and this Court's Minute Order reminding all parties of their obligations under the Local Rules. Local Rule 7(m) provides, "Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either *in person or by telephone*, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." D.D.C. Civ. R. 7(m) (emphasis added.) *See also* Minute Order (Hogan, J.) (Oct. 28, 2008) (reinforcing the meet and confer obligations of contacting opposing counsel via telephone or in person). Failure to comply with the duty to confer requirement is grounds for dismissing the Government's Motion. *See, e.g., In re Verizon Internet Servs., Inc.*, 217 F.R.D. 239, 240 (D.D.C. 2003) (denying individual's motion to stay association's motion to enforce a subpoena because individual did not comply with duty to confer). Because Rule 7(m) seeks to promote actual resolution of nondispositive issues, its focus is on substance, not form, and thus "[t]he obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am. Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006) (finding that failure to comply with conference requirement was sufficient basis to deny motion to compel).

---

[1] Petitioners reserve the right to file specific joinders after receiving and reviewing the supplemental briefs.

In this case, the Government merely provided a perfunctory e-mail, indicating that a Motion for Reconsideration of the CMO was to be filed, without providing any specific information about the relief sought, despite a request for such information from Petitioners. Attached as Exhibit 1 is a true and correct copy of Respondent's meet and confer attempt with Petitioners. This Court has held that an e-mail stating that a motion would be filed if not responded to within twenty-four hours was not a good faith effort to confer under Local Civil Rule 7(m). *United States ex rel. K & R Ltd. Partnership v. Mass. Housing Fin. Agency*, 456 F.Supp. 2d 46, 52 (D.D.C. 2006), aff'd, 530 F.3d 980 (D.C. Cir. 2008). *See also Abbott GMBH & Co. KG v. Yeda Research & Dev. Co.*, 576 F.Supp.2d 44, 48 (D.D.C. 2008) (denying defendant's motion when defendant only communicated his intention to file a motion and provided opposing counsel no opportunity to narrow issues).

Had the Government met their meet and confer obligations with Petitioners, this Motion and subsequent briefing could have been avoided altogether or at least narrowed as to the issues, as Petitioners were willing to meet and confer in good faith regarding the scheduling of deadlines pursuant to the CMO. Attached as Exhibit 2 is a true and correct copy of Petitioners' response to Respondent. Instead, the Government did not respond to Petitioners' request for a good faith meet and confer meeting and has only unnecessarily further delayed an already protracted litigation. Because the Government did not put forth a good faith effort to confer and narrow the areas of disagreement in clear violation of Rule 7(m), the Government's Motion should be denied.

## II. PETITIONERS ARE READY TO PROCEED FORTH WITH THEIR *HABEAS* PETITIONS AND ANY MODIFICATIONS TO THE CMO MUST OCCUR BEFORE PETITIONERS' RESPECTIVE MERITS JUDGES

Petitioners are prepared to move forward with their cases in front of their respective Merits Judges pursuant to the CMO. Judge Kollar-Kotelly has already ordered the parties file a joint status report on November 26, 2008 and will set a status conference after the reports are filed. *See Al-Baidany v. Bush, et al.*, Case No. 05-2380 (Nov. 14, 2008), Dkt. No 102.

The initial referral of this matter before Judge Hogan was for the purpose of coordination and management for issues common to all the Guantanamo detainee cases. Misc. Case No. 08-442 (TFH), Order (July 2, 2008), Dkt. No. 1. At this point, the cases have progressed to the point where each Petitioner requires individualized consideration before his Merits Judge to implement the Supreme Court's mandate of *Boumediene* that Petitioners are "entitled to a prompt *habeas* corpus hearing." *Boumediene v. Bush*, 128 S.Ct. 2229, 2275 (2008).

The Government has failed to address each individual case through their meet and confer attempts and in their Motion. Because Petitioners are ready to proceed with their respective petitions, any modifications to the CMO should occur before the Merits Judges as each case is now focused on its own merits and case-specific issues. The cases before Judges Leon and Urbina evidence that the Merits Judges are able to promptly resolve the issues in Petitioners' *habeas* cases. Petitioners respectfully request that, to the extent the Court is considering the Government's Motion, the Court order the Government to file a Motion in each Petitioner's case for amendment to the CMO so that the Merits Judges may promptly resolve the pending issues of the CMO on a case-by-case basis.

## III. BECAUSE THE GOVERNMENT'S NOTICE OF EXCULPATORY EVIDENCE IS DEFECTIVE, THE TRAVERSE DEADLINE UNDER PARAGRAPH G OF THE CASE MANAGEMENT ORDER HAS NOT BEEN TRIGGERED.

To the extent the Government argues that Petitioners' traverse deadline has been triggered by the Government's filing of the Notice Pertaining to Production of Exculpatory Information, 08-442 (TFH) (Nov. 21, 2008), Dkt. No. 1030, the Court must reject such an argument. The Notice does not meet the requirements set forth under Paragraph D.1 of the CMO. The Government did not search all of the agencies that may have exculpatory evidence. Indeed, the Government's Notice is silent as to any searches it has done for exculpatory evidence. Instead, the Government adopted its own definition of exculpatory evidence (defining exculpatory evidence as evidence "consistent with the practice used for the recently filed factual returns and amended returns") despite no order or prior case law from the Court that this definition was acceptable. The Government cannot create its own standard for producing exculpatory evidence when it is far below the standard contemplated by the Court. Further, the CMO clearly does not limit the Government's obligation to provide exculpatory evidence to that discovered while preparing factual returns and such a modification of the CMO would convert these *habeas* proceedings into a cursory review of the CSRT record, which is precisely the type of "due process" the Supreme Court rejected as insufficient in *Boumediene*.

Additionally, the Government's attempt to certify that the attorneys preparing the factual returns would have also produced all exculpatory evidence cannot meet its requirement to certify that it has produced exculpatory evidence pursuant to Paragraph I.D.1. A generalized Notice for all current detainees at Guantanamo with pending *habeas*

petitions does not meet the Supreme Court's mandate or this Court's Order. Because the Government has not disclosed exculpatory evidence and has not certified that it has done so under the terms of the CMO, Petitioners' time to file their traverses to the Government's factual return has not yet begun to run.

Furthermore, this Court has ordered certain deadlines stayed pending the resolution of the Government's Motion including Paragraph I.D.1, which triggers the Traverse deadline under Paragraph I.G. Case No. 08-442 (TFH) (Nov. 21, 2008), Dkt. No. 1026. Because the Court's stay is currently in effect, no traverse deadlines are triggered.

## IV. CONCLUSION

For the above reasons, Petitioners respectfully oppose the Government's Motion and request that any requests for modifications of the CMO be made before and ruled upon by the Merits Judges.

Dated: November 26, 2008

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Catherine Y. Lui

Catherine Y. Lui
Orrick, Herrington & Sutcliffe
405 Howard Street
San Francisco, CA 94105
(415) 773-5700 (Telephone)
(415) 773-5759 (Facsimile)

Of Counsel:

Rene Kathawala
Glenn K. Jones
Diana Rutowski
Ahmed Ghappour

# CERTIFICATE OF SERVICE

I, Catherine Y. Lui, certify that on this 26th day of November 2008, I served the foregoing and Order Denying Respondents' Motion to Dismiss Improper Respondents on the counsel listed below by this Court's Electronic Case Filing ("ECF") system.

> Terry M. Henry, Esquire
> Paul E. Ahern, Esquire
> Gregory G. Kastas, Esquire
> John C. O'Quinn, Esquire
> Stephen McCoy Elliot, Esquire
> United States Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Avenue, N.W., Room 7144
> Washington, D.C. 20530
> Tel: (202) 514-4107
> Fax: (202) 616-8470

*Counsel for Respondents*

/s/ Catherine Y. Lui
Catherine Y. Lui

# EXHIBIT 1

# Lui, Cathy

**From:** Johnson, Timothy (CIV) [Timothy.Johnson4@usdoj.gov]
**Sent:** Friday, November 14, 2008 10:26 AM
**To:** Johnson, Timothy (CIV)
**Cc:** Henry, Terry (CIV)
**Subject:** Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration

Counsel:
In each of your cases in which the parties have not agreed to a stay, the government intends to file a motion for clarification and reconsideration of the Court's November 6, 2008 case management order (and supplemental amended orders, where applicable), or in the alternative, a motion for certification for appeal and to stay certain obligations pending appeal. The basis for this motion is that the November 6, 2008 procedural order is legally inappropriate and unworkable. Please advise if you oppose the motion by noon, ET, on Monday, November 17, 2008. When you respond, please indicate the case number and petitioner to which your response applies. Thank you.

Timothy A. Johnson
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW, Rm 7328
Washington, DC 20530

11/25/2008

# EXHIBIT 2

## Lui, Cathy

**From:** Rutowski, Diana
**Sent:** Sunday, November 16, 2008 5:40 PM
**To:** 'Johnson, Timothy (CIV)'
**Cc:** Jones, Glenn; Lui, Cathy
**Subject:** RE: Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration

Dear Mr. Johnson,

We are responding on behalf of petitioners in Al-Baidany v. Bush, No. 05-cv-2380 (CKK) and Awad v. Bush, No. 05-cv-2379 (JR). We join with the position set forth by David Cynamon below.

Regards,



ORRICK

**DIANA RUTOWSKI**
*attorney*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1020 MARSH ROAD
MENLO PARK, CA 94025-1015

*tel* 650.614.7685
*fax* 650.614.7401
drutowski@orrick.com

www.orrick.com

--

Dear Mr. Johnson:

I am responding on behalf of petitioners in Al Odah v. Bush, No. 02-828 (CKK).

I do not consider your e-mail to be a good faith effort to meet and confer as required by Local Rule 7(m). Putting aside the fact that the rule requires a discussion "either in person or by telephone," it is impossible for us to determine, based on your broad and vague statements about the nature of the relief you intend to request and the grounds for your request, whether we would oppose the motion in its entirety or whether it might be possible to "narrow the areas of disagreement," as the rule contemplates. Accordingly, please forward us a draft of the motion, or, at a minimum, a more specific statement of the relief being requested and the grounds for that relief. We then would be prepared to have a telephone discussion with you or your co-counsel to see if we can narrow the areas of disagreement. Without those steps, you will not be in a position to file a certificate stating that you have complied with the rule.

It has been our unfortunate experience throughout these cases that counsel for respondents have never made a serious effort to engage in discussions with habeas counsel about how to litigate these cases in a fair and efficient manner. Now that a Case Management Order has been issued, and it is clear that the cases will proceed, we hope that this attitude will change. We are prepared to work professionally with you if you will show us the same courtesy.

**David J. Cynamon | Pillsbury Winthrop Shaw Pittman LLP**

Tel: 202.663.8492 | Fax: 202.663.8007 | Cell: 301.452.1114
2300 N Street, NW | Washington, DC 20037-1122

11/25/2008

Email: david.cynamon@pillsburylaw.com
Bio: www.pillsburylaw.com/david.cynamon
www.pillsburylaw.com

---

**From:** Johnson, Timothy (CIV) [mailto:Timothy.Johnson4@usdoj.gov]
**Sent:** Friday, November 14, 2008 10:26 AM
**To:** Johnson, Timothy (CIV)
**Cc:** Henry, Terry (CIV)
**Subject:** Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration

Counsel:
In each of your cases in which the parties have not agreed to a stay, the government intends to file a motion for clarification and reconsideration of the Court's November 6, 2008 case management order (and supplemental amended orders, where applicable), or in the alternative, a motion for certification for appeal and to stay certain obligations pending appeal. The basis for this motion is that the November 6, 2008 procedural order is legally inappropriate and unworkable. Please advise if you oppose the motion by noon, ET, on Monday, November 17, 2008. When you respond, please indicate the case number and petitioner to which your response applies. Thank you.

Timothy A. Johnson
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW, Rm 7328
Washington, DC 20530