# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Misc. No. 08-0442 (TFH) |
| GUANTANAMO BAY DETAINEE LITIGATION | Civil Action Nos. |
| | 04-1136 (JDB), 05-2371 (RCL) |

### PETITIONERS' OPPOSITION TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE COURT'S CASE MANAGEMENT ORDER

Pursuant to this Court's November 20, 2008 Minute Order, Petitioners Omar Khadr (Civil Action No. 04-1136 (JDB)) and Ahmad Mohammad Al Darbi (Civil Action No. 05-2371 (RCL)) (collectively, "Petitioners") submit the following response to the Government's Motion for Reconsideration (the "Motion"):

1.  The Government's Motion seeks reconsideration of this Court's Case Management Order entered November 6, 2008 (the "CMO"), establishing certain deadlines and procedures relating to the filing of factual returns and amended factual returns, and, following the filing thereof, procedures relating to disclosure of exculpatory evidence, the scope of discovery, use of classified information, the form and filing of traverses, the burden and standard of proof to be applied, presumptions afforded the Government, use of hearsay, the form and filing dispositive motions, and evidentiary hearings. CMO at 2-6.

2.  Petitioners each face imminent prosecution before a military commission at Guantánamo Bay convened pursuant to the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600. In its July 11, 2008 Scheduling Order, the Court stated: "At this time pending further order of the Court, the government need not file factual returns or motions to

amend factual returns for the approximately 20 detainees charged with war crimes under the Military Commissions Act of 2006." July 11, 2008 Order at 4 n.1.

3.  To the extent the CMO applies to Petitioners' cases, the Motion should be denied for failure to state a basis for reconsideration.

4.  The Government cites Federal Rule of Civil Procedure 54(b) in support of its request for reconsideration of Judge Hogan's Case Management Order. *See* Motion at 10 n.7. That rule provides no basis for reconsideration here. Rule 54(b) governs motions for reconsideration that do not constitute final judgments. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). A court may reconsider an order pursuant to Rule 54(b) when it "patently misunderstood a party, has made a decision outside the adversarial issue presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will only consider a motion for reconsideration when the moving party demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003). Motions for reconsideration should not be used to "relitigate old matters." *Niedermeier v. Office of Max. S. Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (addressing Rule 59(e)); *see also Singh*, 383 F. Supp. 2d at 101.

5.  The standard for reconsideration is not met here. Indeed, nothing about the Government's motion is particularly new. There are no new legal issues presented—all were previously addressed at length in the parties' procedural framework briefs—and the Government does not identify any factual or legal issues that Judge Hogan misunderstood or overlooked in

the CMO. Rather, the Government plainly seeks to relitigate on a class-wide basis four central issues that have already been addressed in the parties' procedural framework briefs and resolved by Judge Hogan in the CMO: (1) the breadth of the required search for exculpatory evidence; (2) the provision for automatic discovery of detainee statements relating to the amended factual returns; (3) the requirement that the Government provide counsel and the detainees themselves with classified information or "adequate substitutes" for classified information; and (4) the procedures governing the use of hearsay, presumptions in favor of the Government's evidence, and the standard for an evidentiary hearing. *See* Motion at 2-3.

6. Accordingly, the Court should deny the Government's requested relief.

Dated: November 26, 2008

                                     Respectfully submitted,

                                     SIMPSON THACHER & BARTLETT LLP

                                     /s/ Paul C. Curnin
                                     Paul C. Curnin
                                     Karen E. Abravanel
                                     425 Lexington Avenue
                                     New York, NY 10017
                                     Tel: (212) 455-2000
                                     Fax: (212) 455-2502
                                     Email: pcurnin@stblaw.com
                                     *Counsel for Petitioner, Civil Action No. 05-2371 (RCL)*

                                     O'MELVENY & MYERS LLP

                                     /s/ Karl R. Thompson
                                     Karl R. Thompson
                                     1625 Eye Street, NW
                                     Washington, DC 20006-4001
                                     Tel: (202) 383-5300
                                     Fax: (202) 383-5414
                                     Email: kthompson@omm.com
                                     *Counsel for Petitioner, Civil Action No. 04-1136 (JDB)*

## CERTIFICATE OF SERVICE

I hereby certify that I today caused a true and accurate copy of the foregoing to be served electronically via the Court's Electronic Case Filing system.

Dated: November 26, 2008

/s/ Paul C. Curnin
Paul C. Curnin