UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ ) | | |
| ) | | |
| ) | | |
| MOHAMMED ABDUL RAHMAN ) | | |
| AL-SHIMRANI ) | | |
| ) | | |
|     Detainee, ) | | |
|     Guantánamo Bay Naval Station, ) | | |
|     Guantánamo Bay, Cuba. ) | | |
| ) | | |
| ) | Misc. No. | 08-0442 (TFH) |
| Petitioner, ) | | |
| ) | | |
|     v. ) | Civil Action No. | 05-2249 (RMC) |
| ) | | |
| GEORGE WALKER BUSH, et al., ) | | |
| ) | | |
| Respondents. ) | | |
| _____ ) | | |

**PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION FOR CLARIFICATION
AND RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR
CERTIFICATION FOR APPEAL AND TO STAY CERTAIN OBLIGATIONS PENDING
RESOLUTION OF THE MOTION AND ANY APPEAL**

Respondents' Motion for Clarification and Reconsideration or, in the Alternative, Motion

for Certification for Appeal and to Stay Certain Obligations pending Resolution of the Motion

and Any Appeal[1] should be denied without prejudice. First, Respondents failed to comply with

Local Civil Rule 7(m) by not conferring with Petitioner's counsel prior to filing their Motion. In

other cases the Court has severely sanctioned parties for less consequential violations of this

Rule. Second, Respondents have not moved the judge to whom this case is assigned for final

resolution (Merits Judge) as directed by the Case Management Order ("CMO") (November 6,

_____

[1] Government's Mot. Clarification and Recons. Ct.'s Nov. 6, 2008 Case Mgmt. Order and
Supplemental Am. Orders or, Alternative, Mot. Certification Appeal Pursuant 28 U.S.C. §
1292(b) and Stay Certain Obligns Pend. Resolution Mot. and Any Appeal 2 [Hereinafter
Motion].

1

2008) (dkt. no. 112). Respondents' failure to move the Merits Judge demonstrates, once again, their failure to consider the particularized facts and circumstances of Mr. Al-Shimrani's individual habeas case. Unless and until Respondents comply with Local Civil Rule 7(m) and adhere to the procedures outlined in the CMO for departures from the CMO, the Court should not entertain Respondents' requests for relief. The Court should not reward and encourage defiance of Local Rules and Court Orders and thus should deny Respondents' Motion without prejudice to renew after Respondents have engaged in good faith discussions with Petitioner's counsel to reach agreement and narrow points of disagreement.[2]

## STATEMENT OF FACTS

1.      Petitioner, Mr. Al-Shimrani, has been imprisoned at Guantánamo since January 17, 2002. He was held by the Pakistani military in Kohat for approximately 14 days, beginning in mid-December 2001, before being transferred to U.S. military custody in Kandahar, Afghanistan in early January 2002. Mr. Al-Shimrani was one of the first men to arrive at Guantánamo, yet despite 7 solid years of detention and the repatriation of over 500 detainees— including almost all nationals from his home country of Saudi Arabia—he continues to be held without charge. The reason for Mr. Al-Shimrani's continued detention is inexplicable.

---

[2] This Opposition does not address the merits of the Respondents' Motion. Because the reasons put forward in the Government's Motion are generic and relief sought is global, see infra, the Oppositions of other Petitioners, to the extent they address Respondents' merits arguments in general and not based on the particular facts and circumstances of individual Petitioners, should be adequate to protect Petitioner's interests if necessary, and as a general matter Petitioner incorporates those arguments by reference. (See generally, e.g., Pet'r's Opp'n Resp'ts' Mot. Clarification and Recons. Ct.'s November 13, 2008 Case Mgmt. Order, Al-Adahi v. Bush, Civ. Action No. 05-280 (GK) (D.D.C. Nov. 26, 2008) (Additionally addressing also that Respondents have not met the standard for interlocutory appeal); Opp'n Government's Mot. Recons., Ameziane v. Bush, Civil Action No. 05-392 (ESH) (D.D.C. Nov. 26, 2008); Pet'r's Opp'n Government's Mot. Clarification and Recons. Ct's November 6, 2008 Case Mgmt. Order and Supplemental Am. Order, Said v. Bush, Civ. Action No. 05-CV-2384 (RWR) (D.D.C. Nov. 26, 2008).

Consequently, Mr. Al-Shimrani seeks meaningful review of the legality of his continued imprisonment.

2.    On November 6, 2008, the Court entered a CMO to govern the proceedings in the coordinated cases.  The CMO requires that any motions requesting departures from the procedural framework detailed in the CMO are to be on motion to the Merits Judges and based on the "particular facts and circumstances of [] individual cases."  CMO at 2 n.1.

3.    As deadlines under the CMOs neared, Respondents e-mailed counsel for Petitioner on November 14, 2008[3].  See E-mail from Timothy A. Johnson, Trial Attorney, Dep't of Justice to Timothy A. Johnson, Trial Attorney, Dep't of Justice (Nov. 14, 2008, 01:27 p.m. EST) (Exhibit A, attached) (Blind Carbon Copying counsel for Petitioners).  The email informed counsel of Respondents' intent to move for clarification and reconsideration, or in the alternative for certification for appeal, and to stay certain obligations pending appeal.  See id.  Respondents' email simply stated that the CMO "is legally inappropriate and unworkable and requested that Petitioners "advise if [they] oppose the motion by noon, ET, on Monday, November 17, 2008." Id.  Respondents did not offer to "discuss the anticipated motion…by telephone, in a good faith effort to determine whether there [was] any opposition to the relief sought and, if there [was] opposition, to narrow the areas of disagreement" as required by the Minute Order of October 28, 2008.  See Minute Order, In re: Guantanamo Bay Detainee Litigation, 08-mc-442 (TFH) (D.D.C. Oct 28, 2008).

4.    Mr. Al-Shimrani's counsel replied on November 17, 2008, indicating counsel's interest to discuss particular facts and circumstances of Mr. Al-Shimrani's case.  See E-mail from Katrina Hazlett, Nathan Fudge, Sapphira Al Rais, Elaine Lou, and Farhan Thura, Legal

---

[3] Apparently this email was sent to all Petitioners' counsel representing Petitioners with habeas cases coordinated under Misc. No. 08-442 before Judge Hogan.

Interns, Lincoln Square Legal Servs., Inc. to Timothy A. Johnson, Trial Attorney, Dep't of

Justice, & Peter McVeigh, Dep't of Justice (Nov. 17, 2008) (Exhibit B, attached).  Respondents

did not reply to counsel's email, thereby further failing to comply with the Minute Order.

  5.  Respondents filed their generic Motion for Reconsideration and Clarification in

every case coordinated under Judge Hogan on November 18, 2008.  The Motion requested broad

relief from the CMO across a wide range of areas based, in large part, on the asserted burden on

government resources imposed by compliance with the CMO.  <u>See</u>  Respondents' Mot.

Clarification and Recons. ("Respondents are concerned that the CMO . . . would, if excessively

construed, create obligations that realistically cannot be met . . . ."); <u>id.</u> at 8 ("We do not believe

the Court intended to, or should, impose such onerous and expanded search requirements."); <u>id.</u>

at 10 n.8 ("[T]he Government's resources [] are already strained to the breaking point . . . .").


**ARGUMENT**

**I. THE COURT SHOULD DENY RESPONDENTS' MOTION WITHOUT PREJUDICE.**

  **A. Respondents Failed to Comply with Local Civil Rule 7(m).**

Local Civil Rule 7(m) provides:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.

Despite note 2 of Respondents' Motion, ("Pursuant to Local Rule 7(m), Respondents contacted

counsel for all petitioners regarding the filing of this motion on November 14, 2008."),

Respondents have not complied with Local Civil Rule 7(m).  The rule expressly and

unambiguously requires that a discussion take place, either in person or by telephone.  <u>See</u>

D.D.C. Civ. R. 7(m). Because no discussion occurred in person or by telephone, Respondents violated Local Civil Rule 7(m) when they filed their Motion.

Rule 7(m) serves important institutional purposes, and this Court does not treat violations of the rule lightly. See id.; Penobscot Indian Nation v. HUD, Civ. No. 07-1282 (PLF), 2008 WL 635740, at *1 (D.D.C. Mar. 5, 2008) (order granting motion to strike papers filed in violation of Rule 7(m)); Canady v. Erbe Elektromedizin GmbH, 271 F. Supp. 2d 64, 75 (D.D.C. 2002) (denying plaintiffs' motion to lift stay and awarding fees and costs to defendants in part due to violation of Rule 7(m)); see also United States v. Sci. Applications Int'l Corp., 555 F. Supp. 2d 40, 47 (D.D.C. 2008) (denying motion to strike because party "failed to comply with Rule 7(m) and meet its heavy burden in filing its motion to strike"). While the Court has occasionally stopped short of sanctioning an offending party and instead admonished the party to comply with the rule in the future,[4] such cases are the exception to the rule. Considering that Parties have, within the last month, already been chided to comply with the rule (see Minute Order, In re: Guantanamo Bay Detainee Litigation, 08-mc-442 (TFH) (D.D.C. Oct 28, 2008), the government, of all litigants, is not entitled to such leniency, especially where, as here, so much is at stake. See also Gray Panthers v. Schweiker, 716 F.2d 23, 33 (D.C. Cir. 1983) ("There is, indeed, much to suggest that government counsel have a higher duty to uphold because their client is not only the agency they represent but also the public at large.").

Extensive correspondence, let alone a single e-mail exchange, does not satisfy the requirements of the Rule. "The Local Rule is clear that compliance with the duty to confer requirement necessitates something more than . . . a chain of e-mail correspondence; if the moving party does not discuss the anticipated motion with opposing counsel 'in person or by

[4] Equal Rights Ctr. v. Post Props., Inc., 246 F.R.D. 29, 31-32 (D.D.C. 2007); Alexander v. FBI, 186 F.R.D. 197, 199 (D.D.C. 1999); Nwachukwu, 223 F. Supp. 2d at 71.

telephone,' then she has not followed the rule . . . ." Equal Rights Center v. Post Prop., Inc., 246 F.R.D. 29, 31 (D.D.C. 2007) (RJL)(AK); see also id. at 32 ("The rule anticipates that attorneys will, at a minimum, pick up the telephone and speak to their colleagues as problems arise in litigation."); Ellipso, Inc. v. Mann, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (Denying discovery motions where parties "generat[ed] an abundance of paper in correspond[ence] about the underlying discovery disputes" but failed to "discuss[] the motions in person or by phone, as required" or to notify each other that they were filing motions). The dearth of individualized or substantive information in the Respondents' e-mail and subsequent failure to respond to Petitioner's e-mail do not suggest a non-perfunctory and good faith effort to resolve a non-dispositive dispute. Cf. United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency, 456 F. Supp. 2d 46, 52 (D.D.C. 2006), aff'd, 530 F.3d 980 (D.C. Cir. 2008) (E-mail stating that a motion would be filed if not responded to within twenty-four hours not a good faith effort to confer under Local Civil Rule 7(m)).

Even if Respondents believed that Petitioner would oppose their Motion, that belief did not absolve Respondents of the requirements of the Rule.[5] A meet and confer session is required whether or not litigants believe it will be productive. See, e.g., Sci. Applications Int'l Corp., 555 F. Supp. 2d at 47 ("The fact that [the defendant] believed 'that the government would not be willing to resolve the problems . . . short of this Court's intervention' does not change the fact that it was under an obligation to make a 'good faith effort . . . to narrow the areas of

---

[5] Respondents cite no authority for the proposition, implicit in their motion, that an express willingness to discuss whether a Petitioner would oppose the relief Respondents seek and a request for information as to the nature and rationale for the requested relief may be assumed to be opposition to the motion. See Motion 3 n.2. ("Respondents assume that the petitioners [who requested more information to decide whether to oppose the motion] . . . also oppose the motion.")

disagreement.' (ellipses in original) (citations omitted)); <u>Nwachukwu v. Karl</u>, 223 F. Supp. 2d 60, 71 n.7 (D.D.C. 2002).

The Respondents' Motion violates a rule intended to facilitate the very relief the Motion seeks and the court should not reward Respondents for so doing. The purpose of Local Civil Rule 7(m) is to promote efficient and prompt resolution of cases by preventing any "unnecessary waste of time and effort." <u>See Nwachukwu v. Karl</u>, 223 F. Supp. 2d 60, 71 n.7 (D.D.C. 2002) ("The purpose of this rule is 'for litigants to attempt to resolve, or . . . narrow, the disputed issues to prevent unnecessary waste of time and effort on any given motion,' not 'to simply determine whether the motion will be opposed.'") (omission in original) <u>citing Alexander v. FBI</u>, 186 F.R.D. 185, 187 (D.D.C. 1999) (Lamberth, J.). As noted <u>supra</u>, many of the claims asserted in the Motion are based upon purported resource constraints.[6] It is likely that if Respondents engaged in good faith discussions, based on the particular facts and circumstances of Mr. Al-Shimrani's individual case, counsel would be in a position to consent to at least some of Respondents requests, either because Respondents' concerns are legitimate or to obtain the prompt habeas review to which the Petitioner is entitled. Nonetheless, Respondents failed to

---

[6] Any argument that resource constraints themselves prevented compliance with Local Rule 7(m) would be unavailing. Respondents assert that they have committed sixty attorneys from the Department of Justice to the habeas cases, as well as more than one hundred attorneys and support staff from other agencies, and are "currently in the process of mobilizing significant additional resources." (Motion 1). Surely sixty attorneys constitute adequate resources to allow for individual "meet and confer" sessions for the approximately two hundred remaining Petitioners, which would require fewer than four such "meet and confers," on average, per Department of Justice attorney. Moreover, the Motion itself belies any such claim. (Motion 3 n.2 (Respondents did not reply to entreaties for discussions because they "were not in a position" to do so "at the time," not because of insufficient resources)).

engage in such discussions and chose to further delay meaningful review of Mr. Al-Shimrani's continued detention.[7]

**B.    Respondents Have Not Complied with the Provision of the CMO on Obtaining Alterations.**

Not only was the Motion incorrectly filed before the Coordinating Judge, but it also improperly continues to treat the habeas cases of the Guantánamo Bay detainees as one block. The CMO states that Merits Judges "may alter the framework based on the particular facts and circumstances of their individual cases". See CMO 2 n.1. This suggests that the responsibility for modifying the CMO was delegated to the Merits Judges, and therefore, such motions are only properly made before them. Moreover, the language used—"based on the particular facts and circumstances of their individual cases"—in no uncertain terms requires individualized consideration of each case.[8] Because Respondents' Motion was filed before the Coordinating Judge and seeks global relief not based on any particularized facts and circumstances of any individual cases, see generally Motion, Respondents did not adhere to the procedure in the CMO

---

[7] In fact, fifty-one attorneys representing ninety-four petitioners responded individually to Respondents' blanket email. (See Motion 3 n.2). Only eleven attorneys out of fifty-one stated that they would oppose the motion. See id. Respondents characterize the remaining counsel as having "responded without directly addressing the motion" (whatever that might mean) or "stated that they did not have enough information," many of whom "requested details regarding the motion that the Respondents were not in a position to discuss at the time." Id. Respondents "assume" that these forty remaining attorneys "also oppose the motion." Id. Such an assumption is baseless. As is true in the instant case, it is far more likely that attorneys requesting more information sought more information in order to engage in good faith efforts to reach agreement and narrow issues of disagreement.

[8] In his decision granting the Writ as to five petitioners and denying as to one, Judge Leon noted "[t]his is a unique case. Few, if any others, will be factually like it. . . . If there is any lesson that the parties and the Court have learned, these cases are unique and the habeas process must be flexible." (Tr. Open Habeas Op. Hr'g Before Hon. Richard J. Leon United States Dist. Judge at 28, Boumediene v. Bush, No. CV04-1166 (RJL) (D.D.C Nov. 20, 2008) (emphases added)) See also Minute Order, Zuhair v. Bush, 08-864 (EGS) (D.D.C. Oct. 8, 2008) (proceeding in cases individually, directing government to file unclassified factual returns and exculpatory information as to each petitioner).

for obtaining alterations thereto. The CMO provides Respondents with the opportunity to move

for modifications to the CMO in the context of Mr. Al-Shimrani's case before the Merits Judge,

who is best situated to determine whether such modifications are necessary, relevant, and

appropriate in the context of Mr. Al-Shimrani's case. This will also likely result in his case

progressing more expeditiously and efficiently to proceedings on the merits and resolution.

Accordingly, Petitioner urges the Court to reject Respondents' approach and require

individualized meet and confer communications and individualized pleadings, if that becomes

necessary, that address the distinct aspects of Mr. Al-Shimrani's case before the Merits Judge.[9]

CONCLUSION

The Court should deny, without prejudice, Respondents' Motion unless and until such

time as Respondents comply with Local Rule 7(m) and the CMO. A proposed Order follows.

Respectfully Submitted,

_____/s/_____

---

[9] Another example of Respondents efforts to avoid individualizing these habeas matters, is Respondents' November 20, 2008 notice pertaining to its purported compliance with Part I.D.1 of the CMO. See In re Guantánamo Bay Detainee Litig., Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1022) ("Exculpatory Evidence Statement"). The notice stated that the government had complied with the requirement to produce exculpatory evidence to the extent that the CMO was intended to require a search for exculpatory evidence that is no broader than the search previously conducted by the government – an interpretation that conflicts not only with the plain language of the CMO but also with the express orders of Judge Sullivan, Judge Kessler and Judge Walton (who has since stayed the order) requiring a broader search for exculpatory evidence. See Gvt. Motion at 5 (acknowledging these contrary orders); Tr. of Status Hearing at 17, Habishi v. Bush, No. 05-765 (EGS) (D.D.C. Oct. 30 2008) (discussing obligation of government attorneys to search for exculpatory evidence not in their immediate possession). In any case, the government has further acknowledged its failure to provide all exculpatory evidence in its possession. See Gvt. Motion at 17 n.14 (admitting failure to produce all detainee denials of government's claims); Exculpatory Evidence Statement at 3 n.1 (admitting failure to produce all detainee denials of government's claims; all agency reports containing exculpatory evidence; and all exculpatory evidence identified after filing of returns). Accordingly, it is this Petitioner's position that the government has failed to comply with Part I.D.1 of the CMO, and that this failure does not trigger the time period under Part I.G for him to file a traverse.

November 26, 2008

Martha Rayner (NY-MR-1423)
LINCOLN SQUARE LEGAL SERVICES
Fordham University School of Law
33 W. 60th Street, 3rd Floor
New York, NY 10023
Tel: (212) 636-6934
Fax: (212) 636-6923
mrayner@law.fordham.edu

Nathan Fudge, Legal Intern, on the Opposition

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
)
MOHAMMED ABDUL RAHMAN )
AL-SHIMRANI )
)
    Detainee, )
    Guantánamo Bay Naval Station, )
    Guantánamo Bay, Cuba. )
)
)   Misc. No.        08-0442 (TFH)
Petitioner, )
)
    v. )   Civil Action No.   05-2249 (RMC)
)
GEORGE WALKER BUSH, et al., )
)
Respondents. )
_____)

## [PROPOSED ORDER]

Upon consideration of the Respondents' Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order and Supplemental Amended Orders or, in the Alternative, Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Certain Obligations Pending Resolution of the Motion and Any Appeal and the Response by Petitioner thereto, it is hereby:

**ORDERED** that the Motion is denied, without prejudice.  It is further

**ORDERED** that Respondents are directed to comply with Local Civil Rule 7(m) prior to filing any future Motions or refiling the instant Motion.  To that end, it is further

**ORDERED** that Respondents are directed to discuss any anticipated Motion with counsel for Petitioner (and vice versa), either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.  It is further

**ORDERED** that, pursuant to the Case Management Order issued by this Court on November 6, 2008, any alteration(s) Parties seek to the Case Management Order are to be on Motion to the judge to whom the case is assigned for final resolution and are to be based on the particular facts and circumstances of the individual case for which the moving Party seeks the alteration(s).  It is

**SO ORDERED.**

Dated: _____

_____
United States District Judge

# Exhibit A

| **From:** | "Johnson, Timothy (CIV)" <Timothy.Johnson4@usdoj.gov> |
|---|---|
| **To:** | "Johnson, Timothy (CIV)" <Timothy.Johnson4@usdoj.gov> |
| **Date:** | 11/14/2008 1:27 PM |
| **Subject:** | Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration |
| | |
| **CC:** | "Henry, Terry (CIV)" <Terry.Henry@usdoj.gov> |

Counsel:

In each of your cases in which the parties have not agreed to a stay, the government intends to file a motion for clarification and reconsideration of the Court's November 6, 2008 case management order (and supplemental amended orders, where applicable), or in the alternative, a motion for certification for appeal and to stay certain obligations pending appeal. The basis for this motion is that the November 6, 2008 procedural order is legally inappropriate and unworkable. Please advise if you oppose the motion by noon, ET, on Monday, November 17, 2008. When you respond, please indicate the case number and petitioner to which your response applies. Thank you.



Timothy A. Johnson

Trial Attorney

U.S. Department of Justice

Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW, Rm 7328
Washington, DC 20530

# Exhibit B

| **From:** | Katrina Hazlett |
| **To:** | Peter.McVeigh2@usdoj.gov;  Timothy (CIV) Johnson |
| **Date:** | 11/17/2008 12:25 PM |
| **Subject:** | Re: Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration - corrected copy |
| **CC:** | Martha Rayner;  Terry (CIV) Henry |

Dear Timothy and Peter,

We write in response to your email dated Friday, November 14th informing us that you plan to file a Motion for Clarification and Reconsideration of the Court's November 6, 2008 Case Management Order.

We represent Mohammed Al-Shimrani, the petitioner in case no. 05-civ-2249 (RMC). While we are inclined to oppose Respondents' proposed Motion, we may consider otherwise if we are able to come to an agreement.  For example, it appears that Respondents' proposed Motion may seek an extension of time to produce discovery and exculpatory evidence in Mr. Al-Shimrani's case; if Respondents agreed to produce a set of documents that we've identified as relevant to our client's case, we may agree to a reasonable extension of time and thus not oppose that portion of your motion.  Please be advised, however, that we would forego filing an opposition only after you make clear just what relief you intend to seek or you provide us with an opportunity to review a draft of the proposed motion to ensure that it would not further prejudice our client.

Alternatively, we request a meeting to discuss possible "settlement."  While this may seem preposterous in the context of Guantanamo habeas litigation, because so much of this litigation has proceeded in an almost class action-like fashion, the time has come to individualize these Guantanamo habeas cases and the petitioners who seek meaningful review.  In the past, sensible solutions have resulted from instances where Respondents and DoJ considered counsel's input as to individual habeas petitioners.  With the issuance of Judge Hogan's Case Management Order, counsel for the parties can now examine, on a case by case basis, how to implement the CMO.

We look forward to sitting down together to consider Mr. Al-Shimrani's individual circumstances and whether further litigation is even necessary.

Sincerely,

Katrina Hazlett, Nathan Fudge, Sapphira Al Rais, Elaine Lou, and Farhan Thura
Legal Interns
Lincoln Square Legal Services