UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANAD ALI YISLAM AL-KAZIMI<br>　　Detainee,<br>　　Guantánamo Bay Naval Station,<br>　　Guantánamo Bay, Cuba.<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>GEORGE WALKER BUSH, et al.,<br><br>　　　　Respondents. | Misc. No.　　　　08-442 (TFH)<br><br>Civil Action No.　　05-2386 (RBW) |

**PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION FOR CLARIFICATION AND RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR CERTIFICATION FOR APPEAL AND TO STAY CERTAIN OBLIGATIONS PENDING RESOLUTION OF THE MOTION AND ANY APPEAL**

The Respondents' motion should be denied without prejudice. First, Respondents have failed to confer with Petitioner's counsel prior to filing their motion as required by Local Civil Rule 7(m). In other cases the Court has severely sanctioned parties for less consequential violations of the rule. Second, Respondents have not moved the judge to whom the case is assigned for final resolution (Merits Judge) for the departures from the Case Management Order (CMO) that Respondents seek on the basis of the particularized facts and circumstances of the individual Petitioner's case, as mandated by the CMO. Unless and until Respondents comply with Local Civil Rule 7(m) and adhere to the procedures outlined in the CMO for departures

1

Dockets.Justia.com

from the CMO, the Court should not reward and encourage defiance of Local Rules and Court Orders by entertaining Respondents' requests for relief.[1]

## STATEMENT OF FACTS

1. Petitioner, Mr. Al-Kazimi (ISN 1453), has been imprisoned at Guantanamo for four years, since September of 2004. He was secretly detained in the United Arab Emirates, then the "Prison of Darkness," run by the Central Intelligence Agency, and then a U.S. military prison in Bagram, Afghanistan, for 21 months before being transferred to Guantanamo. He has been the victim of extensive torture, coercion, and inhumane treatment. He seeks meaningful review of the legality of his continued imprisonment, now close to six years.

2. On November 6, 2008, the Court entered a CMO to govern proceedings in the coordinated cases. (See Case Management Order [Hereafter CMO]). Departures from the procedural framework that the CMO details are to be on motion to the Merits Judges and based on the "particular facts and circumstances of [] individual cases." (See id. at 2 n.1).

3. As deadlines under the CMO neared, Respondents e-mailed counsel for Petitioners[2] on November 14, 2008. See E-mail from Timothy A. Johnson, Trial Attorney, Dep't of Justice to Timothy A. Johnson, Trial Attorney, Dep't of Justice (Nov. 14, 2008, 01:27 p.m.

---

[1] This Opposition does not address the merits of the Respondents' Motion. Because the reasons put forward in the Respondents' Motion are generic and relief sought is global, see infra, the Oppositions of other Petitioners, to the extent they address Respondents' merits arguments in general and not based on the particular facts and circumstances of individual Petitioners, should be adequate to protect Petitioner's interests if necessary, and as a general matter Petitioner incorporates those arguments by reference. (See generally, e.g., Pet'r's Opp'n Resp'ts' Mot. Clarification and Recons. Ct.'s Nov. 13, 2008 Case Mgmt. Order, Al-Adahi v. Bush, Civ. Action No. 05-280 (GK) (D.D.C. Nov. 26, 2008) (Additionally addressing also that Respondents have not met the standard for interlocutory appeal); Opp'n Government's Mot. Recons., Ameziane v. Bush, Civil Action No. 05-392 (ESH) (D.D.C. Nov. 26, 2008); Pet'r's Opp'n Government's Mot. Clarification and Recons. Ct's Nov. 6, 2008 Case Mgmt. Order and Supplemental Am. Order, Said v. Bush, Civ. Action No. 05-CV-2384 (RWR) (D.D.C. Nov. 26, 2008).

[2] Apparently this e-mail was sent to all Petitioners' counsel who are coordinated under Misc. No. 08-442 before Judge Hogan.

EST) (Exhibit A, attached) (Blind Carbon Copying counsel for Petitioner). The e-mail informed counsel of Respondents' intent to move for clarification and reconsideration, or in the alternative for certification for appeal, and to stay certain obligations pending appeal. See id. The entire explanation and description Respondents provided as to their reasons for so moving was that the CMO "is legally inappropriate and unworkable." Id. The email requested that Petitioner "advise if [he] oppose[s] the motion by noon, ET, on Monday, November 17, 2008." Id.

4. Petitioner, Mr. Al-Kazimi, replied on November 17, 2008, indicating counsel's interest in and willingness to discuss the anticipated motion to determine if Petitioner would oppose and attempt to narrow any areas of disagreement. See E-mail from Justin P. Bernstein, Legal Intern, Lincoln Square Legal Servs., Inc. to Timothy A. Johnson, Trial Attorney, Dep't of Justice & David Farnham, Dep't of Justice (Nov. 17, 2008, 11:16 a.m. EST) (Exhibit B, attached). Petitioner reminded Respondents of the "meet and confer" requirements of the Local Rules and added that without more information as to the nature and scope of relief sought and as to in what ways and why the CMO is inappropriate and unworkable, Petitioner was not able to make a decision on whether or not to oppose Respondents' anticipated motion. Id.

5. Respondents neither replied to Petitioner's email, nor discussed the anticipated motion with Petitioner's counsel by telephone, nor discussed the anticipated motion with Petitioner's counsel in person.

6. Just weeks before, on October 28, 2008, the Court issued a Minute Order reminding all counsel in the consolidated cases of the requirements of Local Civil Rule 7(m) and of potential consequences for failing to follow Court Orders and Local Rules. (See Minute Order, In re: Guantanamo Bay Detainee Litigation, 08-mc-442 (TFH) (D.D.C. Oct 28, 2008)).

7. Without complying with the Court's Minute Order, on November 18, 2008, Respondents filed their generic Motion, in every case coordinated under Judge Hogan, requesting broad relief from the CMO across a wide range of areas, based in large part, though not exclusively, on the asserted burden on Respondents' resources that compliance with the CMO would entail. (See, e.g., Government's Mot. Clarification and Recons. Ct.'s Nov. 6, 2008 Case Mgmt. Order and Supplemental Am. Orders or, Alternative, Mot. Certification Appeal Pursuant 28 U.S.C. § 1292(b) and Stay Certain Oblig'ns Pend. Resolution Mot. and Any Appeal 2 [Hereinafter Motion] ("Respondents are concerned that the CMO . . . would, if excessively construed, create obligations that realistically cannot be met . . . ."); id. at 8 ("We do not believe the Court intended to, or should, impose such onerous and expanded search requirements."); id. at 10 n.8 ("[T]he Government's resources [] are already strained to the breaking point . . . .")).

## ARGUMENT

## I.  THE COURT SHOULD DENY, WITHOUT PREJUDICE, RESPONDENTS' MOTION.

### A.  Respondents Have Not Complied with Local Civil Rule 7(m).

Local Civil Rule 7(m) provides:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.

Contrary to Respondents' implication (see Motion 3 n.2 ("Pursuant to Local Rule 7(m), Respondents contacted counsel for all petitioners regarding the filing of this motion on November 14, 2008.")) the Respondents have not complied with Local Civil Rule 7(m). The rule expressly and unambiguously requires that a discussion take place, either in person or by

telephone. See D.D.C. Civ. R. 7(m). Because no discussion occurred in person or by telephone Respondents violated Local Civil Rule 7(m) when they filed their Motion.

Extensive correspondence, let alone a single e-mail exchange, does not satisfy the requirements of the Rule. "The Local Rule is clear that compliance with the duty to confer requirement necessitates something more than . . . a chain of e-mail correspondence; if the moving party does not discuss the anticipated motion with opposing counsel 'in person or by telephone,' then she has not followed the rule . . . ." Equal Rights Ctr. v. Post Props., Inc., 246 F.R.D. 29, 31 (D.D.C. 2007) (RJL)(AK); see also id. at 32 ("The rule anticipates that attorneys will, at a minimum, pick up the telephone and speak to their colleagues as problems arise in litigation."); Ellipso, Inc. v. Mann, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (Denying discovery motions where parties "generat[ed] an abundance of paper in correspond[ence] about the underlying discovery disputes" but failed to "discuss[] the motions in person or by phone, as required" or to notify each other that they were filing motions).[3]

Rule 7(m) serves important institutional purposes, and this Court does not treat violations of the rule lightly. See Ellipso, Inc., 460 F. Supp. 2d at 102; Penobscot Indian Nation v. HUD, Civ. No. 07-1282 (PLF), 2008 WL 635740, at *1 (D.D.C. Mar. 5, 2008) (order granting motion to strike papers filed in violation of Rule 7(m)); Canady v. Erbe Elektromedizin GmbH, 271 F.

---

[3] Even assuming arguendo that e-mail correspondence could have satisfied Local Civil Rule 7(m), the focus of the rule is on substance, not form, and thus "[t]he obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation." United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc., 235 F.R.D. 521, 529 (D.D.C. 2006). The dearth of individualized or substantive information in the Respondents' e-mail and subsequent failure to respond to Petitioner's e-mail, see supra, do not suggest a non-perfunctory and good faith effort to resolve a non-dispositive dispute. Cf. United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency, 456 F. Supp. 2d 46, 52 (D.D.C. 2006), aff'd, 530 F.3d 980 (D.C. Cir. 2008) (E-mail stating that a motion would be filed if not responded to within twenty-four hours not a good faith effort to confer under Local Civil Rule 7(m)).

Supp. 2d 64, 75 (D.D.C. 2002) (denying plaintiffs' motion to lift stay and awarding fees and costs to defendants); see also United States v. Sci. Applications Int'l Corp., 555 F. Supp. 2d 40, 47 (D.D.C. 2008) (denying motion to strike because party "failed to comply with Rule 7(m) and meet its heavy burden in filing its motion to strike").

Even if Respondents believed that this Petitioner would oppose their motion, that belief did not absolve Respondents of the requirements of the rule.[4] A meet and confer session is required whether or not litigants believe it will be productive. See, e.g., Sci. Applications Int'l Corp., 555 F. Supp. 2d at 47 ("The fact that [the defendant] believed 'that the government would not be willing to resolve the problems . . . short of this Court's intervention' does not change the fact that it was under an obligation to make a 'good faith effort . . . to narrow the areas of disagreement.' (ellipses in original) (citations omitted)); Nwachukwu v. Karl, 223 F. Supp. 2d 60, 71 n.7 (D.D.C. 2002).

To be sure, the Court has occasionally stopped short of sanctioning an offending party, instead admonishing the party to comply with the rule in the future.[5] Such cases, however, are the exception, not the rule. Considering that Parties have, within the last month, already been chided to comply with the rule (see Minute Order, In re: Guantanamo Bay Detainee Litigation, 08-mc-442 (TFH) (D.D.C. Oct 28, 2008), the Respondents, of all litigants, are not entitled to such leniency, especially where, as here, so much at stake. See Gray Panthers v. Schweiker, 716

---

[4] Respondents cite no authority for the proposition, implicit in their motion, that an express willingness to discuss whether a Petitioner would oppose the relief Respondents seek and a request for information as to the nature and rationale for the requested relief may be assumed to be opposition to the motion if Respondents decide they are "not in a position to discuss" the motion. (See Motion 3 n.2 ("Respondents assume that the petitioners [who requested more information to decide whether to oppose the motion] . . . also oppose the motion.")).
[5] Equal Rights Ctr. v. Post Props., Inc., 246 F.R.D. 29, 31-32 (D.D.C. 2007); Alexander v. FBI, 186 F.R.D. 197, 199 (D.D.C. 1999); Nwachukwu, 223 F. Supp. 2d at 71.

F.2d 23, 33 (D.C. Cir. 1983) ("There is, indeed, much to suggest that government counsel have a higher duty to uphold because their client is not only the agency they represent but also the public at large.").

The Respondents' Motion violates a rule intended to facilitate the very relief the Motion seeks and the Court should not reward Respondents for so doing. The purpose of Local Civil Rule 7(m) is to promote efficient and prompt resolution of cases by preventing any "unnecessary waste of time and effort." See Nwachukwu v. Karl, 223 F. Supp. 2d 60, 71 n.7 (D.D.C. 2002) ("The purpose of this rule is 'for litigants to attempt to resolve, or . . . narrow, the disputed issues to prevent unnecessary waste of time and effort on any given motion,' not 'to simply determine whether the motion will be opposed.'" (omission in original) (citing Alexander v. FBI, 186 F.R.D. 185, 187 (D.D.C. 1999))). As noted supra, many of the claims asserted in the Motion are based upon purported resource constraints.[6] It is likely that if Respondents engaged in good faith discussions regarding the relief sought, based on the particular facts and circumstances of Mr. Al-Kazimi's individual case, counsel would be in a position to consent to at least some of the relief, either because Respondents' concerns are legitimate or to obtain the prompt habeas review to which the Petitioner is entitled. But not only did Respondents fail to discuss their anticipated motion with Petitioner's counsel in person or by telephone, Respondents did not reply to Petitioner's responding email seeking discussion. The Court should not reward Respondents for

---

[6] Any argument that resource constraints themselves prevented compliance with Local Rule 7(m) would be unavailing. Respondents assert that they have committed sixty attorneys from the Department of Justice to the habeas cases, as well as more than one hundred attorneys and support staff from other agencies, and are "currently in the process of mobilizing significant additional resources." (Motion 1). Surely sixty attorneys constitute adequate resources to allow for individual "meet and confer" sessions for the approximately two hundred remaining Petitioners, which would require fewer than four such "meet and confers," on average, per Department of Justice attorney. Moreover, the Motion itself belies any such claim. (Motion 3 n.2 (Respondents did not reply to entreaties for discussions because they "were not in a position" to do so "at the time," not because of insufficient resources)).

failing to "pick up the telephone" and comply with a rule designed to bring about the very relief they seek.[7]

**B.     Respondents Have Not Complied with the Provision of the CMO on Obtaining Alterations from the CMO.**

The Motion improperly continues to treat the habeas cases of the Guantanamo Bay detainees as one block. But the CMO contemplates that its framework may not be appropriate in all instances and provides that parties seeking departures from the CMO framework are supposed to move the Merits Judges for alterations on a case-by-case basis. (See CMO 2 n.1 (Merits Judges "may alter the framework based on the particular facts and circumstances of their individual cases.")). The Respondents have the opportunity to move for modifications to the CMO in the context of Mr. Al-Kazimi's case before the Merits Judge, who is best situated to determine whether such modifications are necessary, relevant, and appropriate in the context of Mr. Al-Kazimi's case. This will also likely result in his case progressing more expeditiously and efficiently to proceedings on the merits and resolution. Because Respondents' Motion was filed before the Coordinating Judge and seeks global relief not based on any particularized facts and circumstances of any individual cases (see generally Motion), Respondents did not adhere to the procedure in the CMO for obtaining alterations to the CMO. Accordingly, the Petitioner urges this Court to reject the Respondents' approach and require individualized meet and confer

---

[7] In fact, fifty-one attorneys representing ninety-four petitioners responded individually to Respondents' blanket email. (See Motion 3 n.2). Only eleven attorneys out of fifty-one stated that they would oppose the motion. See id. Respondents characterize the remaining counsel as having "responded without directly addressing the motion" (whatever that might mean) or "stated that they did not have enough information," many of whom "requested details regarding the motion that the Respondents were not in a position to discuss at the time." Id. Respondents "assume" that these forty remaining attorneys "also oppose the motion." Id. Such an assumption is baseless. As is true in the instant case, it is far more likely that attorneys requesting more information sought more information in order to engage in good faith efforts to reach agreement and narrow issues of disagreement.

communications and individualized pleadings, if that becomes necessary, that address the

distinct aspects of Mr. Al-Kazimi's case before the Merits Judge.[8]

## CONCLUSION

The Court should deny, without prejudice, Respondents' Motion unless and until such

time as Respondents comply with Local Rule 7(m) and the CMO. A proposed Order follows.

November 26, 2008

Respectfully Submitted,

_____/s/_____

Martha Rayner (NY-MR-1423)
LINCOLN SQUARE LEGAL SERVICES
Fordham University School of Law
33 W. 60th Street, 3rd Floor
New York, NY 10023
Tel: (212) 636-6934
Fax: (212) 636-6923
mrayner@law.fordham.edu

Justin Bernstein, Legal Intern, on the Opposition

---

[8] In his decision granting the Writ as to five petitioners and denying as to one, Judge Leon noted "[t]his is a unique case. <u>Few, if any others, will be factually like it.</u> . . . If there is any lesson that the parties and the Court have learned, <u>these cases are unique</u> and the habeas process must be flexible." (Tr. Open Habeas Op. Hr'g Before Hon. Richard J. Leon United States Dist. Judge at 28, <u>Boumediene v. Bush,</u> No. CV04-1166 (RJL) (D.D.C Nov. 20, 2008) (emphases added); <u>see also</u> Minute Order, <u>Zuhair v. Bush,</u> 08-864 (EGS) (D.D.C. Oct. 8, 2008) (proceeding in cases individually, directing Respondents to file unclassified factual returns and exculpatory information as to each petitioner)).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| SANAD ALI YISLAM AL-KAZIMI<br>Detainee,<br>Guantánamo Bay Naval Station,<br>Guantánamo Bay, Cuba. | ) ) ) ) ) ) ) | | |
| | ) | Misc. No. | 08-442 (TFH) |
| Petitioner, | ) | | |
| v. | ) ) | Civil Action No. | 05-2386 (RBW) |
| GEORGE WALKER BUSH, et al., | ) ) | | |
| Respondents. | ) ) | | |

## [PROPOSED ORDER]

Upon consideration of the Respondents' Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order and Supplemental Amended Orders or, in the Alternative, Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Certain Obligations Pending Resolution of the Motion and Any Appeal and the Response by Petitioner thereto, it is hereby:

**ORDERED** that the Motion is denied, without prejudice. It is further

**ORDERED** that Respondents are directed to comply with Local Civil Rule 7(m) prior to filing any future Motions or refiling the instant Motion. To that end, it is further

**ORDERED** that Respondents are directed to discuss any anticipated Motion with counsel for Petitioner (and vice versa), either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. It is further

**ORDERED** that, pursuant to the Case Management Order issued by this Court on November 6, 2008, any alteration(s) Parties seek to the Case Management Order are to be on Motion to the judge to whom the case is assigned for final resolution and are to be based on the particular facts and circumstances of the individual case for which the moving Party seeks the alteration(s). It is

**SO ORDERED.**

Dated: _____

_____
United States District Judge

# EXHIBIT A

# Justin Bernstein - Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration

| | |
|---|---|
| **From:** | "Johnson, Timothy (CIV)" |
| **To:** | "Johnson, Timothy (CIV)" |
| **Date:** | 11/14/2008 1:27 PM |
| **Subject:** | Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration |
| **CC:** | "Henry, Terry (CIV)" |

Counsel:

In each of your cases in which the parties have not agreed to a stay, the government intends to file a motion for clarification and reconsideration of the Court's November 6, 2008 case management order (and supplemental amended orders, where applicable), or in the alternative, a motion for certification for appeal and to stay certain obligations pending appeal. The basis for this motion is that the November 6, 2008 procedural order is legally inappropriate and unworkable. Please advise if you oppose the motion by noon, ET, on Monday, November 17, 2008. When you respond, please indicate the case number and petitioner to which your response applies. Thank you.

Timothy A. Johnson
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW, Rm 7328
Washington, DC 20530

# EXHIBIT B

**From:**   Justin Bernstein
**To:**     david.farnham@usdoj.gov;  Timothy (CIV) Johnson
**Date:**   11/17/2008 11:16 AM
**Subject:** Re: Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration

**CC:**   John Moellering;  Martha Rayner;  Melia Bouhabib;  Sarah Lorr;  Terry.He...

Dear Timothy and David:

We represent Sanad Al Kazimi (ISN 1453), a petitioner on the Mohammon petition (05-2386).

We consider Judge Hogan's Case Management Order of November 6, 2008, in its original form and as amended by Judge Walton's order of November 12, 2008, both legally appropriate and workable. In the interests of proceeding with Mr. Al Kazimi's case, however, we are willing to engage in good-faith efforts to determine whether we have any opposition to the relief you seek and, if there is opposition, to narrow the areas of disagreement through negotiations.

It is, however, impossible for us to make an informed decision as to whether or not we will oppose the government's motion with no knowledge of its substance beyond the broad and vague claim that Judge Hogan's Case Management Order of November 6, 2008, in its original form and as amended by Judge Walton's order of November 12, 2008, is "legally inappropriate and unworkable."

Accordingly, please forward us a draft of the motion, or at minimum more specific statements as to:

    (1) on what specific issues you seek clarification;
    (2) on what specific issues you seek reconsideration;  and
    (3) what specific relief you plan to request.

Once we are provided with the above we would then be prepared to negotiate with you both to ascertain whether we can narrow or resolve any area(s) of disagreement. In the absence of the above information and discussion(s), merely asking us whether we will oppose a motion, particularly via a generic email not individualized to our client's particular circumstances, rather than through an in-person discussion or by telephone, without disclosing its content and rationale does not, in our view, constitute good faith compliance with the "meet and confer" requirements of local rules.

We look forward to working with you to resolve issues connected to the Case Management Order as amended by Judge Walton, as well as Mr. Al-Kazimi's habeas case in general.

Yours sincerely,
Justin Bernstein
jubernstein@law.fordham.edu
Legal Intern
Lincoln Square Legal Services, Inc. / Fordham Law School International Justice Clinic


>>> "Johnson, Timothy (CIV)" <Timothy.Johnson4@usdoj.gov> 11/14/2008 1:25 PM >>>
Counsel:

In each of your cases in which the parties have not agreed to a stay,
the government intends to file a motion for clarification and
reconsideration of the Court's November 6, 2008 case management order
(and supplemental amended orders, where applicable), or in the
alternative, a motion for certification for appeal and to stay certain
obligations pending appeal. The basis for this motion is that the
November 6, 2008 procedural order is legally inappropriate and
unworkable. Please advise if you oppose the motion by noon, ET, on
Monday, November 17, 2008. When you respond, please indicate the case
number and petitioner to which your response applies. Thank you.


Timothy A. Johnson

Trial Attorney

U.S. Department of Justice

Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW, Rm 7328
Washington, DC 20530