IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br><br>GUANTÁNAMO BAY<br>DETAINEE LITIGATION<br><br><br>JABBAROV OYBEK JAMOLIVICH,<br><br>        Petitioner,<br><br>        v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>        Respondents. | Misc. No. 08-442 (TFH)<br><br><br><br><br><br>Civil Action No. 05-2386 (RBW) |

**PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION FOR CLARIFICATION
AND RECONSIDERATION OF THE COURT'S CASE MANAGEMENT ORDER**

      Petitioner Jamolivich is a citizen of Uzbekistan. He has been held in U.S. custody for nearly seven (7) years without charge. Despite being "cleared for release" since February 2007, he continues to languish in prison at Guantánamo Bay because he cannot be safely repatriated and no other country has yet to offer him humanitarian protection. Jamolivich's detention has been and continues to be indefinite and unlawful by any standard. In meetings with officials from various foreign governments, it is clear, in the opinion of undersigned counsel, that the Respondents' continued designation of Petitioner as an "enemy combatant," despite his status of being "cleared for release" and the absence of any formal charges against Petitioner, poses a

major hurdle in negotiating his resettlement with a third country.  As long as the Respondents continue to cling to this fiction that Petitioner Jamolivich is an "enemy combatant," Petitioner must be given the opportunity for a robust habeas proceeding, in order to invalidate this erroneous designation, clear his name, and demonstrate to third countries that he is not one of "the worst of the worst," but instead one of Guantánamo's many mistakes who deserves humanitarian protection.

Accordingly, Petitioner Jamolivich, by and through his undersigned counsel, respectfully submits this Opposition to the Respondents' Motion for Clarification and Reconsideration of Judge Hogan's November 6, 2008 Case Management Order ("CMO") and this Court's November 12, 2008 Amended Case Management Order.

## PRELIMINARY STATEMENT

Almost half a year has elapsed since the Supreme Court held that detainees at Guantánamo Bay have a constitutionally-protected right to petition for habeas relief.  *See Boumediene v. Bush*, 128 S. Ct. 2229 (2008).  The Court further held that "[w]hile some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody.  The detainees in these cases are entitled to a prompt habeas corpus hearing."  *Id.* at 2275.  The detainee cases are now governed by the Habeas Corpus Statute, 28 U.S.C. § 2241 *et seq.*, which sets forth specific guidelines for prompt resolution of these cases.

Yet the government plainly seeks by its motion for reconsideration to prolong Jamolivich's indefinite detention.  The government's motion is simply the latest tactic in a long-standing strategy to deprive Jamolivich and other Guantánamo detainees of any meaningful opportunity to challenge the legality of their detention through habeas.  Although Judge Hogan and the Merits Judge each ordered the parties in this case and other detainee cases to proceed on

2

an individualized basis – and, indeed, invited the government to propose modifications to Judge Hogan's November 6, 2008 case management order in the context of this particular case – the government made no objection to that mode of proceeding. Rather, now that the courts have ruled, the government seeks to continue litigation essentially on a class-wide basis that is contrary to the courts' orders and serves only to delay consideration of the merits of this case.

The government's motion should be denied for three reasons: (1) because the government failed to meet and confer with Jamolivich's counsel as required by Local Civil Rule 7(m); (2) because the motion fails to establish any basis for reconsideration; and (3) because the motion does not address the particular facts and circumstances of this case, which would not warrant the relief sought by the government – *i.e.*, a further indefinite stay – if reconsideration were granted.[1]

## **BACKGROUND**

On July 2, 2008, this case was transferred to Judge Hogan for coordination and management pursuant to the Resolution of the Executive Session (D.D.C. July 1, 2008). On July 11, 2008, Judge Hogan entered a scheduling order requiring the government to produce factual returns in each detainee case on a rolling basis. The government failed to comply with that schedule – which they had proposed – and moved to amend the schedule for production of returns. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 317). Judge Hogan granted the motion on September 19, 2008, over the detainees' objections, but cautioned that "[g]oing forward . . . the government cannot claim as a basis for

---

[1] Jamolivich also objects to the government's alternate request to certify these issues for appeal and for a stay pending appeal. There is no legitimate basis for an interlocutory appeal of a case management order pursuant to 28 U.S.C. § 1292(b). Nor do the issues raised in the government's motion present substantial ground for difference of opinion. The government's suggestion that further appellate litigation in the detainee cases would materially advance the litigation also strains credulity in light of its consistent dilatory tactics.

3

failing to meet deadlines imposed by this Court that it simply did not appreciate the full extent of the challenges posed." *Id.* (misc. dkt. no. 466, at 6) (internal quotation marks omitted).[2]

Unfortunately, Judge Hogan's Order also relieved the Respondent from providing a factual return or motions to amend in any case in which a detainee had been "cleared for release" or who had been previously transferred from Guantánamo. The Order had the effect of staying indefinitely Petitioner Jamolivich's habeas case and further complicating negotiations with foreign governments on the issue of resettlement.[3] As such, the Respondents have yet to file a return in Petitioner's case, and Jamolivich continues to wait to see the basis for his nearly seven year long imprisonment.

In the meantime, Judge Hogan's July 11, 2008 scheduling order also required the parties to submit briefs addressing the procedural framework to govern these cases. *See*, *e.g.*, *id.* (misc. dkt. nos. 206, 231) (detainee briefs). Those briefs addressed nearly all of the issues raised in the government's omnibus motion for reconsideration, including issues concerning production of exculpatory evidence and other discovery, the admissibility of hearsay evidence, and whether the government's evidence should be afforded any presumptions.

On November 6, 2008, Judge Hogan issued a Case Management Order ("CMO") to govern the coordinated detainee cases. The CMO resolved many of the issues addressed in the parties' procedural framework briefs, and indicated (at p.2 n.1) that the judges to whom the cases are assigned for final resolution "may alter the framework based on the particular facts and

---

[2] Yet the government soon failed to comply once again, and sought further relief from their proposed schedule on October 31, 2008. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 917).

[3] Counsel affected by Judge Hogan's September 19, 2008 Order relieving Respondents from filing factual returns or motions to amend such returns filed a Motion for a Hearing (misc. dkt. no. 670) to discuss impact of the Court's Order on Petitioners. The Motion is still pending.

4

circumstances of their individual cases," and "will address procedural and substantive issues not covered in this [CMO]." On November 12, 2008, the Merits Judge entered an order modifying in part the CMO entered by Judge Hogan. *Mohammon v. Bush*, No. 05-cv-2386 (RBW) (D.D.C.) (dkt. no. 695). On November 13, 2008, the Respondent's filed a Statement of Legal Justification for Detention, pursuant to the order of the Merits Judge from the day before.

On November 18, 2008, the government filed its omnibus motion for reconsideration, seeking a blanket stay of all detainee cases coordinated before Judge Hogan regardless of the facts and circumstances of the individual cases, and seeking the opportunity to relitigate issues that were addressed before Judge Hogan in the parties' procedural framework briefs. The government's motion made no mention of this case specifically. *See* Gvt. Motion.

On November 21, 2008, Judge Hogan entered an order staying the deadlines in the CMO pending resolution of the government's motion for reconsideration. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1026).

## I. THE GOVERNMENT'S BLANKET MOTION FAILS TO PROVIDE ANY BASIS FOR RECONSIDERATION IN THE CONTEXT OF THIS CASE

### A. The Motion Should Be Denied for Failure to Meet and Confer

The government's motion should be denied because counsel for the government failed to meet and confer with undersigned counsel as required by Local Civil Rule 7(m). Simply stated, the government made no good faith attempt to determine whether undersigned counsel objected to the requested relief or to narrow the areas of disagreement in this particular case.

On Friday, November 14, 2008, counsel for the Respondents sent an email to an undisclosed list of counsel for the detainees, including undersigned counsel, stating that the government intended to move for reconsideration of Judge Hogan's CMO on the ground that it was "legally inappropriate and unworkable." The government offered no further explanation. Nor did the government specify the cases in which it intended to file the motion for reconsideration, even after counsel for the detainees requested that information. Counsel for the government did not make any attempt to narrow the areas of disagreement concerning the forthcoming motion for reconsideration. As the government concedes in its motion for reconsideration, "[m]any [counsel for the detainees] requested details regarding the motion that the Respondents were not in a position to discuss at the time." Gvt. Motion at 3 n.2.

Accordingly, because counsel for the government failed to comply with Local Civil Rule 7(m), the motion for reconsideration should be denied on this basis alone. Rule 7(m) serves important institutional purposes, and the courts should not treat a violation of the rule lightly. *See Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006).[4]

---

[4] *See Penobscot Indian Nation v. HUD*, Civ. No. 07-1282 (PLF), 2008 WL 635740, at *1 (D.D.C. Mar. 5, 2008) (order granting motion to strike papers filed in violation of Rule 7(m)); *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 n.19 (D.D.C. 2002) (denying plain-tiffs' motion to lift stay and awarding fees and costs to defendants); *see also United States*

### B. The Motion Should Be Denied for Failure to State Any Basis for Reconsideration

The government cites Federal Rule of Civil Procedure 54(b) in support of its request for reconsideration of Judge Hogan's CMO. *See* Gvt. Motion at 10 n.7. But that rule provides no basis for reconsideration here.

Rule 54(b) governs motions for reconsideration that do not constitute final judgments. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). A court may reconsider an order pursuant to Rule 54(b) when it "patently misunderstood a party, has made a decision outside the adversarial issue presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will only consider a motion for reconsideration when the moving party demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003). Motions for reconsideration should not be used to "relitigate old matters." *Niedermeier v. Office of Max. S. Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (addressing Rule 59(e)); *see also Singh*, 383 F. Supp. 2d at 101.

The standard for reconsideration is not met here. Indeed, nothing about the government's motion is particularly new. There are no new legal issues presented – all were previously addressed at length in the parties' procedural framework briefs – and the government does not identify any factual or legal issues that Judge Hogan or the Merits Judge misunderstood or

---

*v. Sci. Applications Int'l Corp.*, 555 F. Supp. 2d 40, 47 (D.D.C. 2008) (denying motion to strike be-cause party "failed to comply with Rule 7(m) and meet its heavy burden in filing its motion to

overlooked in their respective case management orders. Rather, what the government plainly seeks to do is relitigate on a class-wide basis four central issues that have already been addressed in the parties' procedural framework briefs and resolved by Judge Hogan in the CMO: (1) the breadth of the required search for exculpatory evidence; (2) the provision for automatic discovery of detainee statements relating to the amended factual returns; (3) the requirement that the government provide counsel and the detainees themselves with classified information or "adequate substitutes" for classified information; and (4) the procedures governing the use of hearsay, presumptions in favor of the government's evidence, and the standard for an evidentiary hearing. *See* Gvt. Motion at 2-3.[5]

In a related filing, the government concedes that the issues raised in its motion for reconsideration are the same as the issues addressed in the parties' procedural framework briefs before Judge Hogan: "The issues to be resolved by the Motion for Reconsideration are precisely

---

strike").

[5] To the extent the government seeks "clarification" of these and other issues, that request is likewise nothing more than an attempt to relitigate those issues on class-wide basis. For instance, on November 20, 2008, the government filed a notice pertaining to its purported compliance with Part I.D.1 of the CMO. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1022) ("Exculpatory Evidence Statement"). The notice stated that the government had complied with the requirement to produce exculpatory evidence to the extent that the CMO was intended to require a search for exculpatory evidence that is no broader than the search previously conducted by the government – an interpretation that conflicts not only with the plain language of the CMO but also with the express orders of Judge Sullivan, Judge Kessler and Judge Walton (who has since stayed the order) requiring a broader search for exculpatory evidence. *See* Gvt. Motion at 5 (acknowledging these contrary orders); Tr. of Status Hearing at 17, *Habishi v. Bush*, No. 05-765 (EGS) (D.D.C. Oct. 30 2008) (discussing obligation of government attorneys to search for exculpatory evidence not in their immediate possession). In any case, the government has further acknowledged its failure to provide all exculpatory evidence in its possession. *See* Gvt. Motion at 17 n.14 (admitting failure to produce all detainee denials of government's claims); Exculpatory Evidence Statement at 3 n.1 (admitting failure to produce all detainee denials of government's claims; all agency reports containing exculpatory evidence; and all exculpatory evidence identified after filing of returns). Accordingly, it is Jamolivich's position that the government has failed to comply with Part I.D.1 of the CMO, and that this failure does not trigger the time period under Part I.G for him to file a traverse.

the types of issues contemplated in the [July 1, 2008] transfer order. Only nine days after the transfer of cases to Judge Hogan, he ordered the parties to brief precisely these issues. The Motion for Reconsideration addresses nothing not addressed in the CMO." *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1041, at 2). And that is precisely why the standard for reconsideration is not satisfied.

### C. Even if Reconsideration Were Granted, the Requested Relief Should Be Denied in the Context of This Particular Case

The only arguably "new" relief requested by the government includes relief from the deadlines for compliance with the CMO, which the government contends would be unduly burdensome and threaten national security. The government specifically asks the courts to set a schedule for production of unclassified returns, which would require production of an unclassified return in this case by December 12, 2008. *See* Gvt. Motion at 31. The government also seeks a new schedule for "generalized briefing" regarding a presumption in favor of the government's evidence and the admissibility of hearsay evidence – matters already briefed at length before Judge Hogan. *Id.* In addition, the government seeks a staggered schedule for other proceedings in these cases, which, if accepted, might delay merits hearings in the detainee cases until the end of 2009 or perhaps early 2010.[6] Even if reconsideration were granted, which it should not be, these requests should be denied.

---

[6] The government also proposes for this first time in this case to require each detainee to file a "preliminary traverse" shortly after production of the unclassified return but before any discovery proceeds. Gvt. Motion at 31-32. Jamolivich objects to such a procedure, which is plainly intended to afford the government a preview of his trial strategies and counter-evidence, and to limit the government's discovery obligations. Such a procedure has already been rejected by Judge Sullivan and Judge Leon in other cases, and should be rejected here. *See*, *e.g.*, Tr. of Status Hearing at 17, *Habishi v. Bush*, No. 05-765 (EGS) (D.D.C. Oct. 30 2008) (Judge Sullivan: "I think that would be inappropriate. I don't think that would be beneficial for the petitioner in this case."); *Sliti v. Bush*, No. 05-429 (RJL) (D.D.C. Oct. 24, 2008 Status Conference); *Ghazy v. Bush*, No. 05-2223 (RJL) (D.D.C. Oct. 23, 2008 Status Conference).

9

The government had the opportunity to propose modifications to the CMO in the context of this case. Instead, they have attempted to seek a blanket stay of the deadlines set forth in the CMO. In doing so, the government has failed to address whether its proposed modifications are necessary or relevant in the context of this particular case. To the extent the government seeks modifications to the CMO on the ground of undue burden, the Court should require the government to propose those modifications in context of the specific facts and circumstances of this case to determine whether such modifications are necessary or appropriate.

In the meantime, the government should be required to proceed in compliance with the deadlines set forth in the CMO, as modified by the Merits Judge, to ensure that this case proceeds expeditiously. Because this is a habeas case, the government bears a higher burden to justify delay than it would in an ordinary civil action. *See Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008) ("While some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody."); *see also Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (noting standard of review of district court decision to stay habeas proceeding "is somewhat less deferential than the flexible abuse of discretion standard applicable in other contexts"). The statutory provisions for prompt returns, immediate hearings, and summary disposition of habeas cases expressly require that petitions be heard and decided promptly. *See* 28 U.S.C. §§ 2241, 2243; *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting interests of prisoner and society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotation marks omitted); *Yong*, 208 F.3d at 1120 ("[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy.") (citing cases).

Jamolivich has been in prison for nearly seven years without charge or trial and this case should not be stayed any longer.

## **CONCLUSION**

For the foregoing reasons the Court should deny the Respondents' Motion in its entirety.

Respectfully submitted,

Date: November 26, 2008
/s/ *Michael E. Mone, Jr.*
Michael E. Mone, Jr.
(MA BBO No. 634607)
ESDAILE, BARRETT & ESDAILE
75 Federal Street
Boston, MA 02110
(617) 482-0333
(617) 426-2978 (fax)

*Counsel for Petitioner Jamolivich*

# CERTIFICATE OF SERVICE

I, Michael E. Mone, Jr., certify that on November 26, 2008, I electronically filed: **Petitioner's Opposition to the Respondent's Motion for Clarification and Reconsideration of the Court's Case Management Order**, with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record registered with the Court.

DATED: November 26, 2008

By: <u>  /s/ Michael E. Mone, Jr.  </u>