# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| _____ ) | |
| IN RE: ) | |
|  ) | Misc. No. 08-442 |
| **GUANTANAMO BAY** ) | Civil No. 05-634 (RWR) |
| **DETAINEE LITIGATION** ) | |
|  ) | |
| _____ ) | |

## PETITIONER'S MEMORANDUM REGARDING MODIFICATIONS TO PRELIMINARY CASE MANAGEMENT ORDER

Pursuant to the Court's Order of November 19, 2008, Petitioner Omar Al-Daini (ISN 549) ("Al Daini") provides this Memorandum Regarding Modifications to the preliminary Case Management Order. The November 19, 2008, Order adopts, with certain minor modifications, the preliminary Case Management Order issued on November 6, 2008, by Judge Hogan in *In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-442. As this Court is aware, Respondents Robert M. Gates, *et al.*, (the "Government") filed a motion for, *inter alia*, reconsideration and stay of Judge Hogan's Order ("Motion"). Al Daini is filing today a memorandum in opposition to the Motion ("Opposition").

Consistent with Al Daini's Opposition, which is also being filed in this docket, Al Daini supports the continued application of the preliminary Case Management Order, as modified, in this proceeding. Al Daini requests, however, two additional modifications.

(1) On November 20, 2008, the Government filed in this docket a "Notice Pertaining to Production of Exculpatory Information," in which the Government asserts that it has complied with the directives of the preliminary Case Management Order regarding the provision of exculpatory material to Al Daini's counsel. Under the preliminary Case Management Order, this action by the Government triggers a 14-day deadline for filing a traverse. The Government's Notice, however, is based on its own interpretation of the preliminary Case Management Order, which it asks Judge Hogan to confirm in its Motion. Al Daini contends that the Government's interpretation, and thus its Notice, is defective. Al Daini therefore requests that the deadline for the filing of a traverse be established as the later of fourteen days after the Government's notice of compliance with the requirement for the provision of exculpatory evidence, as that requirement is interpreted in Judge Hogan's ruling on the Motion (as modified, if at all, by this Court) or fourteen days after a ruling endorsing the Government's interpretation.

(2)  Al Daini believes that the Government, in the Motion, exaggerates the impact of the resource constraints it describes.  Nonetheless, in light of the constraints, Al Daini would be willing to agree to some reasonable modification of the deadlines for the Government's compliance with its obligations for discovery and the production of exculpatory information, if those modifications do not compromise the priority that must be given this proceeding in light of the seven-year detention of Al Daini.  Such modifications could be discussed at the currently scheduled December 3, 2008, status conference.

    Respectfully submitted,

    */s/ Jonathan M. Fee*
    Jonathan M. Fee

    Jonathan M. Fee, DC Bar No. 479579
    Michael E. Ward, DC Bar No. 434624
    ALSTON & BIRD LLP
    950 F Street, NW
    Washington, DC 20004
    Tel: (202) 756-3300
    Fax: (202) 756-3333

    C. Rufus Pennington, III
    MARGOL & PENNINGTON, PA
    320 North First Street, Suite 600
    Jacksonville Beach, FL 32250
    (904) 355-7508

    *Counsel for Petitioner*