# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 05-2387 (RMC) |

### PETITIONER JOBRAN SAAD AL-QUHTANI'S OPPOSITION TO GOVERNMENT'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THIS COURT'S NOVEMBER 6, 2008 CASE MANAGEMENT ORDER OR, IN THE ALTERNATIVE, MOTION FOR CERTIFICATION FOR APPEAL

Petitioner Jobran Saad Al-Quhtani is a married, college-educated engineer from Saudi Arabia whose freedom was stolen by our government more than six years ago in the middle of Pakistan, in a place far removed from any battlefield.  During that time, he has been shuttled by our government from Pakistan, to Afghanistan, to Guantanamo Bay, and held virtually incommunicado from his family and friends.  He has now spent years in solitary confinement, while subjected to repeated interrogations and continuous physical and psychological abuse, all because of unsubstantiated allegations that he is an "enemy combatant."  He is not now charged with any crime, and has had no fair process during these years by which he might challenge his detention.  His habeas corpus petition is his one true chance to prove his innocence, but it has been held in legal limbo for years while the Government uses legal challenges to attempt to thwart every procedural victory Petitioner gains.

The Government's motion here is yet another in a long line of stall and delay tactics meant to prevent Petitioner from having his day in court.  Despite having requested, and received, a uniform suggested set of procedural guidelines to streamline all proceedings, the Government now takes issue with the very device it requested.  After arguing uniform guidelines would inject efficiency into the process and speed proceedings, the Government now attempts to

dc-542826

1

derail those benefits with the subject request for both reconsideration and interlocutory appeal (hereinafter, "Motion"). As the Motion is unnecessary and insufficient to meet the governing requirements, it is clearly meant for no purpose other than to further postpone the day on which the Government will have to try (and will fail) to justify Petitioner's detention. For the reasons stated below, the Court should deny the Government's motions for reconsideration and interlocutory review, and reject yet another of the Government's continuing attempts to delay the ultimate resolution of these habeas proceedings for Petitioner and other detainees. Petitioner already has waited over six long years to argue his innocence; he should not have to wait a day longer.

## ARGUMENT

### I. Reconsideration Is Unwarranted Here Because There Has Been No Change in the Facts or Law Pertinent to the CMO, and No Clear Error by Its Issuance

Respondents seek reconsideration of numerous aspects of the Court's CMO, but nowhere explain how their request satisfies any standards that have been employed by the judges in this jurisdiction, and in particular by this Court. They do not allege a change of law or fact, or any clear error; rather, they disagree with certain provisions of the CMO unfavorable to them. This is an insufficient basis to warrant reconsideration of the CMO.

The precise standard for determining whether or not to grant a motion to reconsider brought under Rule 54(b) is unsettled in the D.C. Circuit. *See Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). That said, courts in this jurisdiction typically have employed the "as justice requires" standard, which requires "determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *See, e.g., United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, No. 99-3298 (RCL), 2008 U.S. Dist. LEXIS 71355, at *3 (D.D.C. Sept. 19, 2008); *Williams v. Johanns*, 555 F. Supp. 2d 162, 164 (D.D.C.

2008); *Isse v. Am. Univ.*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008) (all quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)). "A motion for reconsideration . . . will not be lightly granted." *Mobley v. Cont'l Cas. Co.*, 405 F. Supp. 2d 42, 45 (D.D.C. 2005). Such motions are disfavored and granted only under extraordinary circumstances. *Andreen v. Lanier*, No. 08-cv-0810 (ESH), 2008 U.S. Dist. LEXIS 86720, at *2 (D.D.C. Oct. 27, 2008).

"[I]n light of the need for finality in judicial decision-making, 'a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order.'" *In re Vitamins Antitrust Litig.*, No. 99-197 (TFH), 2000 U.S. Dist. LEXIS 11350, at *18 (D.D.C. July 27, 2000) (Hogan, J.) (quoting *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)); *accord Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008) (Collyer, J.). But virtually all of the concerns that the government raises now in support of its reconsideration request were concerns that it raised, and which the court considered, in the briefing that led to the CMO.[1] *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (the court's discretion [to reconsider] is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.") (internal quotation marks omitted) (quoting *In re Ski Train Fire in Kaprun, Austria, on Nov. 11, 2004*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004)). More importantly, there is no new law, new fact, or clear Court error that warrants reconsideration. Rather, Respondents merely seek "another bite at the apple" when they did not get all they wanted the first time around.

---

[1] These filings were Government's Brief Regarding Procedural Framework Issues, *In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (dkt. no. 205) ("Government's CMO Brief"), and Government's Response to Petitioner's [sic] Filing on Framework Procedural Issues, *In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (dkt. No. 233) ("Government's CMO Response").

***Automatic Discovery and Production of Exculpatory Evidence***

The Court has provided automatic discovery provisions in § I.E. of the CMO, requiring automatic disclosure of certain materials while allowing discovery of other materials with the Court's permission. The government wants the Court to reconsider this decision because Respondents believe discovery here should not be greater than that allowed to criminal defendants or habeas petitioners outside the wartime context. (*See* Motion at 12.) But Respondents previously made these same arguments. (Government's CMO Brief at 16-19 (arguing discovery should be wholly discretionary for the government); Government's CMO Response at 15-19 (arguing for preclusion of all discovery, with a fallback to specific requests as approved by the Court).) Respondents allege no new law, new fact, or clear Court error that warrants reconsideration.

Alternatively, the Government requests clarification that the first category of automatic discovery in CMO § I.E.1. ("[A]ny documents or objects in [the government's] possession that are referenced in the factual return . . . .") is limited to objects and documents referenced in the factual return narratives, and does not include objects and documents referenced in any documents that may be appended to the returns. (Motion at 11.) Petitioner does not object to this clarification, with the understanding that any such "excluded" documents still may be available to Petitioner under the "by request" procedures set forth in CMO § I.E.2.

In a separate clarification request, the Government also seeks to establish that the disclosure of exculpatory evidence is limited to exculpatory material reviewed by its attorneys preparing factual returns. (Motion at 7-10.) However, the government's position has been rejected *explicitly* by the Court's requirement in CMO § I.D.1. that the government without restriction produce "all reasonably available evidence in its possession." It also has been

rejected *implicitly* by the continuing production obligation identified in § I.D.2., under which the government may still need to produce exculpatory evidence after its initial production deadline, which, in turn, arises *after* a factual return has been provided.

### *Evidentiary Presumptions and the Use of Hearsay Evidence*

CMO § II.B. allows upon request to the Merits Judge a rebuttable presumption of accuracy and authenticity for the Government's evidence, but only if the presumption is necessary to alleviate an undue burden presented by the habeas proceedings. Section II.C. allows admittance of hearsay evidence only by motion if the movant establishes that the evidence is reliable and that use of nonhearsay evidence would be an undue burden or interfere with efforts to protect national security. The Government wants the Court to reconsider these formulations, contending that it should be allowed to present "categorical" requests for the evidentiary presumption and for the admissibility of hearsay to cover types of evidence that the Government would employ across numerous proceedings. (Motion at 26-27.)

However, the Government already argued for this approach at least with respect to the evidentiary presumption, *see* Government's CMO Response at 11-15, and the Court rejected it in favor of a case-by-case examination. Respondents' support for reconsideration here is limited to an argument that "one stop shopping" would be more efficient for the Government because it likely will be making some of the same arguments for presumptions and admissibility in many of the individual proceedings. While that may be true, it does not establish that the Court's decision to commit these determinations to the individual Merit Judges is in any way erroneous. Rather, it is just not what Respondents would prefer. Thus, as Respondents also have not alleged any relevant new facts or changes in the law, there are no grounds for reconsideration on this issue.

*Evidentiary Hearings*

In CMO § III.B.1., the Court has determined there should be evidentiary hearings when there are substantial issues of material fact precluding judgment on the record. The Government wants the Court to reconsider this standard, arguing that it is a civil summary judgment standard "inappropriate in the context of these cases." (Motion at 28.) The Government raised this argument twice previously. (*See* Government's CMO Brief at 30-33 (arguing there should be no hearings at all, or alternatively "only when the court determines that, absent an evidentiary hearing, the weight of the evidence supports the habeas petitioner."); Government's CMO Response at 22-23 (same).) Respondents' only new complaint is a bald speculation that the standard "will likely guarantee an evidentiary hearing in *every* case." (Motion at 28.) Even were that true, it does nothing to suggest that the Court's decision was erroneous. And with no new facts or laws pertinent to the decision, it also does not merit reconsideration.

**Disclosure of Classified Information**

The CMO requires the Government to provide to Petitioner's counsel any classified material it must produce, provided counsel is eligible to receive it under the Protective Order. CMO § I.F. If the Government objects to providing counsel with the information, there must be a motion and *in camera* review of the information by the Merits Judge. *Id.* Respondents seek reconsideration of the requirement that there must be disclosure to the Judge, *see* Motion at 25, but the Government itself endorsed this particular framework: "Materials that are not classified or otherwise protected will be available for viewing by the detainee. Detainee's counsel in most instances will be able to view classified materials. In some cases, highly sensitive information will only be disclosed to the court for in camera review, and not to detainee's counsel." (*See*

Government's CMO Brief at 20 n.6.) It therefore cannot credibly claim error by the Court, and again cites no new facts or laws that might make reconsideration appropriate.

The Government also is required under CMO § I.F. to provide Petitioner with an "adequate substitute" for any classified information it must produce. Seeking reconsideration of this requirement, the Government's Motion at 21-24 alleges there is no law requiring it to provide such substitutes. More importantly for present purposes, however, the Government fails to show there is any law *preventing the Court from establishing the requirement*. Thus, here again, there has been no demonstration of error that would warrant reconsideration.

\* \* \*

In support of its request here for reconsideration of the Court's CMO, the Government has ignored the principles applicable to such motions. It has not alleged any new laws or facts that might affect the analysis. Instead, the Government simply re-argues contentions that the Court already considered and rejected when formulating the CMO. Having also failed to show that any part of the Court's CMO shows a clear error of law, Respondents' motion for reconsideration should be denied. *See In re Vitamins Antitrust Litig.*, 2000 U.S. Dist. LEXIS 11350, at \*19-20 ("Since this Court has already considered and rejected the identical arguments made by the Moving Defendants in this Motion, the Motion for Reconsideration must be denied unless the Court finds that its prior ruling was clearly erroneous.")

## II. The Government Has Not Shown the Exceptional Circumstances Necessary for Interlocutory Appeal

With no change in the applicable law, no new relevant facts, and no clear error by the Court in issuing the CMO, the Government must resort to seeking interlocutory appeal under 28 U.S.C. § 1292(b) on the issues for which it cannot get reconsideration. However, as there are no

controlling questions of law at issue, and an appeal would not materially advance the litigation's termination, this alternative motion of the Respondents also fails.

A district court may certify an interlocutory order for immediate appellate review when it involves "a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Although the decision of whether to certify an issue for interlocutory appeal is addressed to the Court's discretion . . . 'interlocutory appeals under 28 U.S.C. § 1292(b) are rarely allowed' and the burden is on movants to show that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *In re Vitamins Antitrust Litig.*, 2000 U.S. Dist. LEXIS 11350, at *30-31 (D.D.C. July 27, 2000) (citation omitted) (quoting *First American Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996)).

The CMO provisions at issue here cannot meet all the required criteria for interlocutory review. First and foremost, all of the provisions of the CMO with which the Government takes issue cannot be considered to present "controlling" questions because the CMO specifically allows for appropriate amendment by Merits Judges overseeing the individual proceedings. (*See* CMO at 2 n.1 ("While the framework detailed in this Order governs proceedings in all cases consolidated before this Court, the judges to whom the cases are assigned for final resolution ('Merits Judges') may alter the framework based on the particular facts and circumstances of their individual cases.").) As discussed *infra*, several Merits Judges already have altered various CMO provisions. There is no guarantee that any of the provisions at issue actually will end up governing any individual proceeding.

Some provisions with which the Government takes issue also are inappropriate for interlocutory review because of their discovery-related nature. These include the requirements for automatic discovery, and the terms and conditions for production of classified information. Most discovery orders do not warrant interlocutory review because, like the ones at issue here, they will not ordinarily present a controlling question of law. *See In re Carco Elecs.*, 536 F.3d 211, 214-15 n.6 (3d Cir. 2008); *White v. Nix*, 43 F.3d 374, 377-78 (8th Cir. 1994) (discovery ruling within the court's discretion cannot be controlling issue of law); *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 23 (D.D.C. 2002).

Furthermore, the Government cannot demonstrate that resolution of any of its contested issues will materially advance the litigation's termination. The Government's Motion at 33-34 identifies all of these questions it wants reviewed:

- Whether and how much exculpatory evidence it must produce,
- Whether it must provide automatic discovery,
- Whether it must produce classified information and adequate substitutes,
- Whether a presumption may be afforded its evidence,
- Whether it may rely upon hearsay, and
- When evidentiary hearings must be provided.

Resolving all of these issues in favor of the Respondents would not bring the individual proceedings closer to their respective ends by any significant measure. All likely will still proceed through at least the steps of factual returns, traverses, discovery, judgment briefing, and arguments, and many still will proceed to evidentiary hearings.

The Government argues only that "an immediate appeal would conserve judicial resources and spare the parties from possibly needless expense if it should turn out that this

Court's rulings are reversed." (Motion at 35-36.) But this could be true of almost *any* pre-trial decision, and, more importantly, is irrelevant to the question of whether there might be an earlier termination of any proceedings. In the end, Respondents have failed to provide any meritorious arguments for gaining interlocutory review; there is no significant harm they might suffer now if their appeal of the CMO's provisions is postponed. *See Banks v. Office of the Senate Sergeant-At-Arms & Doorkeeper of the United States Senate*, 374 U.S. App. D.C. 93, 97 (D.C. Cir. 2006) ("[E]ven when interlocutory review is expressly granted by statute or rule, we construe such provisions narrowly, applying them only when a district court's challenged ruling might be of 'serious, perhaps irreparable, consequence' to a litigant and therefore merit immediate review.") (citing *Cobell v. Kempthorne*, 455 F.3d 317, 321 (D.C. Cir. 2006) (quoting *I.A.M. National Pension Fund Benefit Plan A v. Cooper Industries, Inc.*, 789 F.2d 21, 23-24 (D.C. Cir. 1986))).

### III. The Government Improperly Fails to Treat These Cases as Individual Proceedings in Which Evidentiary Issues Are Best Resolved by the Merits Judges

Apart from failing to meet the requirements for reconsideration and interlocutory review as described above, the Government's Motion suffers from its attempt to take a "one size fits all" approach to evidence and presumption issues. Such issues are not amenable to universal determination because they are highly dependent on context and circumstances that vary from case to case. The hundreds of petitions currently in process each present unique factual situations that do not allow for easy categorization. The evidence on which the Government justifies detention arises from the testimony and eyewitness accounts of many different agents, analysts, soldiers, civilians, and other people from all walks of life. To argue that all are entitled to a presumption of reliability or authenticity is to be willfully ignorant of the reality that all people have different motivations, perspectives, perceptions, memory capacities, physical and mental abilities, etc., that together result in varying levels of witness credibility. Similarly, the

documents and other physical evidence are of innumerable types and sources. The trustworthiness of any given document or object for evidentiary purposes will necessarily depend on a variety of factors, including how it is used, from where it originated, who created it, and why and when it was created. Applying a blanket presumption of reliability is impossible with so many variables.

Rather, the Court properly recognized in crafting the CMO that (a) these were evidentiary issues that needed individual consideration in every case, and (b) the Merits Judges were in the best position to tailor the procedures to fit the circumstances of each proceeding. (*See* CMO at 2 n.1 ("[T]he judges to whom the cases are assigned for final resolution ("Merits Judges") may alter the framework based on the particular facts and circumstances of their individual cases."); CMO § II.B. ("The Merits Judge may accord a rebuttable presumption . . . ."); CMO § II.C. ("[T]he Merits Judge may admit and consider hearsay evidence . . . .").) Indeed, at least Judges Urbina, Walton, Huvelle, Kessler, Kollar-Kotelly, and Rogers have all amended the CMO's provisions to fit the needs of their cases, or scheduled status conferences to get the parties' input on how the provisions should be adjusted. Yet, the Government has made no attempt to account for CMO amendments already enacted by the various judges as it continues to futilely treat the individual proceedings as if they were a cohesive whole.

The Court could also strike this Motion based on the Government's failure to meet and confer as required by Local Rule 7(m). This Petitioner's counsel and others were never consulted by the Government prior to the Motion's filing, and those who were contacted were not informed of all the grounds on which the Government intended to move. Had the Government properly conferred, it is reasonable to believe that at least some petitioners, because of their differing factual situations and procedural statuses, might have agreed to some of the

Government's requests. But that would have undermined the Respondents' attempt to minimize the existence and importance of the differences that exist from case to case. It might have prevented the Government from improperly gaining broad and sweeping determinations on evidentiary issues it knows are best left for resolution by the individual Merits Judges. Considering the opportunity that was lost for narrowing the scope of this motion, or perhaps eliminating its necessity in some proceedings all together, denial of the motion for failure to meet and confer is entirely appropriate here. *Compare Abbott GmbH & Co. KG v. Yeda Research & Dev. Co.*, No. 00-1720 (RMJ), 2008 U.S. Dist LEXIS 69283, at *8-10 (D.D.C. Sept. 15, 2008) (denying motion when opposing counsel was provided no conference opportunity to narrow the issues).

## CONCLUSION

While the Government may disagree with the CMO and wish it were written differently, the Government has failed to meet the high standards for reconsideration or for interlocutory appeal. More importantly, the Government's Motion entirely disregards the main point of the CMO: these kinds of procedural and substantive concerns are best addressed by the Merits Judges on a case-by-case basis, and, accordingly, this Court should deny the Government's Motion.

Dated: November 26, 2008

Respectfully submitted,

/s/ Rachael Clarke
Charles E. Patterson
Skye H. Donald
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013
Tel. (213) 892-5200
Fax: (213) 892-5454
Email: cpatterson@mofo.com

Email: sdonald@mofo.com

Michael A. Jacobs
Rachael Clarke
Mathew W. dos Santos
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel. (415) 268-7000
Fax (415) 268-7522
Email: mjacobs@mofo.com
Email: rclarke@mofo.com
Email: mdossantos@mofo.com

George Brian Busey, DC Bar No. 366760
Ketanji Brown Jackson, DC Bar No. 460651
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, D.C. 20006
Tel. (202) 887-1500
Fax (202) 887-0763
Email: gbusey@mofo.com
Email: ketanjijackson@mofo.com


*Attorneys for Petitioner*

**CERTIFICATE OF SERVICE**

    I hereby certify that I today caused a true and accurate copy of Petitioner Jobran Saad Al-Quhtani's Opposition to Government's Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order or, in the Alternative, Motion for Certification for Appeal to be served electronically via the Court's Electronic Case Filing system, which will send notification of such filing to all counsel of record.

Dated: November 26, 2008                      /s/ Karen Escalante
                                                                   Karen Escalante

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH)<br><br>Civil Action No. 05-2387 (RMC) |
|---|---|

**[PROPOSED] ORDER DENYING GOVERNMENT'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THIS COURT'S NOVEMBER 6, 2008 CASE MANAGEMENT ORDER OR, IN THE ALTERNATIVE, <u>MOTION FOR CERTIFICATION FOR APPEAL</u>**

The Court, having considered the above-referenced Motion, hereby:

ORDERS that the Government's Motion for Clarification and Reconsideration of this

Court's November 6, 2008 Case Management Order or, in the Alternative, Motion for

Certification for Appeal, is denied.

Dated: _____ _____
                                                                                  Chief Judge Thomas F. Hogan
                                                                                   United States District Judge

COPIES TO:

| | |
|---|---|
| Charles E. Patterson<br>Skye H. Donald<br>MORRISON & FOERSTER LLP<br>555 West Fifth Street<br>Suite 3500<br>Los Angeles, CA 90013<br>Tel. (213) 892-5200<br>Fax: (213) 892-5454<br>Email: cpatterson@mofo.com<br>Email: sdonald@mofo.com | Judry L. Subar<br>Scott M. Marconda<br>Terry M. Henry<br>Alexander K. Haas<br>Kathryn C. Mason<br>Andrew I. Warden<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, NW<br>Washington, D.C. 20530<br>Tel. (202) 616-9193<br>Fax (202) 616-8470<br>Email: judry.subar@usdoj.gov<br>Email: scott.marconda@usdoj.gov |

dc-542826                               1

George Brian Busey
Ketanji Brown Jackson
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, D.C. 20006
Tel. (202) 887-1500
Fax (202) 887-0763
Email: gbusey@mofo.com
Email: ketanjijackson@mofo.com

Michael A. Jacobs
Rachael Clarke
Mathew W. dos Santos
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel. (415) 268-7000
Fax (415) 268-7522
Email: mjacobs@mofo.com
Email: rclarke@mofo.com
Email: mdossantos@mofo.com

Email: terry.henry@usdoj.gov
Email: Alexander.haas@usdoj.gov
Email: Kathryn.Mason@usdoj.gov
Email: andrew.warden@usdoj.gov