# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE: ) | |
|     GUANTANAMO BAY ) | Misc. No. 08-442 (TFH) |
|     DETAINEE LITIGATION ) | |
| ) | |
| MANSOOR MUHAMMED ALI QATTAA, ) | |
| ) | |
|     Petitioner, ) | Civil Action No. 08-1233 (ESH) |
|     v. ) | |
| GEORGE W. BUSH *et al.,* ) | |
| ) | |
|     Respondents. ) | |

### PETITIONER MANSOR MUHAMMED ALI QATTAA'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR CLARIFICATION AND RECONSIDERATION, AND CROSS-MOTION TO TRANSFER THIS CASE BACK TO <u>JUDGE HUVELLE FOR ALL FURTHER PROCEEDINGS</u>

Petitioner Mansoor Muhammed Ali Qattaa hereby opposes the government's Motion for Clarification and Reconsideration of this Court's Case Management Order ("CMO") entered on November 6, 2008, in Case No. 08-M-0442, Docket No. 940. Mr. Qattaa also moves this Court to transfer the case back to Judge Collyer to permit the parties to litigate any issues pertaining to Mr. Qattaa, as they arise. "[T]he costs of delay can no longer be borne by those who are held in custody." *Boumediene v. Bush*, 128 S.Ct. 2229, 2275 (2008). Reconsideration of the general framework in the CMO promises only continued delay. Transfer back to Judge Collyer is the best method to resolve any disputes that may arise as to Mr. Qattaa's case, and to ensure him the "prompt habeas corpus hearing" ordered by the Supreme Court. *Id.* at 2275.

**PRELIMINARY STATEMENT**

Mansoor Muhammed Ali Qattaa, a citizen of Saudi Arabia, is currently detained at Guantánamo Bay. Counsel do not know when his detention began. Since then, he has been held without charge or trial longer than most remaining prisoners. On Monday, November 24, 2008, counsel learned for the first time that Mr. Qattaa has been cleared for transfer from Guantánamo by the Department of Defense. As late as August 1, 2008, the Government falsely stated to this Court and to counsel that Mr. Qattaa "has not been approved for release or transfer from Guantanamo Bay by the Department of Defense." Gov't Status Report, Case No. 08-CV-1233, Docket No. 7, 8-1-08.

This error was discovered when undersigned counsel – appointed in August 2008 – repeatedly inquired with Government lawyers on behalf of another of counsel's clients, Khalid Saad Mohammed. A public ARB document pertaining to Mr. Mohammed suggested, contrary to the government's Status Report in his case, that he had been approved for transfer as early as July of 2005. On that basis, counsel inquired, and the Government eventually confirmed that Mr. Mohammed had, in fact, been approved for transfer.

Seemingly prompted by this error with respect to Mr. Mohammed, the Government apparently checked whether they had falsely represented Mr. Qattaa's status as well. Accordingly, on November 24, 2008, the government filed a "Notice of Errata" in Mr. Qattaa's case stating that it had made a mistake, and that Mr. Qattaa has been approved for transfer. Notice of Errata, Case No. 08-CV-1233, Docket No. 42, 11-24-08. Undersigned counsel has asked the Government to disclose when Mr. Qattaa was first approved for transfer, but to date counsel have received no response to this request.

Thus, only once Mr. Qattaa was appointed counsel did the Government apparently realize that Mr. Qattaa had been cleared for release three years ago. This simple yet fundamental error by

the Government perfectly highlights what is now needed in Mr. Qattaa's case – individualized consideration before Judge Huvelle, rather than continued delay for reconsideration of generalized procedural questions which may or may not have any bearing on Mr. Qattaa's proceedings.

On June 12, 2008, the Supreme Court held that detainees at Guantánamo Bay have a constitutionally-protected right to petition for habeas relief. *Boumediene*, 128 S. Ct. 2229. The Court further held that "[w]hile some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody. The detainees in these cases are entitled to a prompt habeas corpus hearing." *Id.* at 2275. The detainee cases are now governed by the Habeas Corpus Statute, 28 U.S.C. § 2241 *et seq.*, which sets forth specific guidelines for prompt resolution of these cases.

Yet the Government plainly seeks by its motion for reconsideration to prolong Mr. Qattaa's indefinite detention. The Government's motion is simply the latest tactic in a long-standing strategy to deprive Mr. Qattaa and other Guantánamo detainees of any meaningful opportunity to challenge the legality of their detention through habeas. In addition to the carefully drafted procedures set forth in the CMO, the CMO made clear that:

> [w]hile the framework detailed in this Order governs proceedings in all cases consolidated before this Court, the judges to whom the cases are assigned for final resolution ("Merits Judges") may alter the framework based on the particular facts and circumstances of their individual cases. Additionally, the Merits Judges will address procedural and substantive issues not covered in this Order.

CMO, Case No. 08-mc-0442, Docket No. 940, 11-06-08, p.2, n1. Although Judge Hogan ordered the parties in this case to proceed on an individualized basis – and, indeed, invited the Government to propose modifications to Judge Hogan's November 6, 2008 case management order in the context of this particular case – the Government seeks to continue litigation essentially on a class-wide basis that is contrary to the court's order and serves only to delay consideration of the merits of this case.

The Government's motion should be denied for three reasons: (1) because the motion does not address any particular facts and circumstances of Mr. Qattaa's particular case that might warrant the relief sought by the Government – *i.e.*, a further indefinite stay – if reconsideration were granted; (2) because the motion fails to establish any basis for reconsideration; and (3) because the Government failed to meet and confer with Mr. Qattaa's counsel as required by Local Civil Rule 7(m).[1] Instead, the case should be transferred to Judge Huvelle for individualized consideration of the issues, as they arise, that pertain to Mr. Qattaa's proceedings.

Mr. Qattaa hereby adopts and joins in all other briefing filed by other habeas petitioners on the issues raised in the Government's motion, including both the original briefing on procedural issues filed in this Court in Case No. 08-mc-442, Docket Nos. 206, 231, and all supplemental briefing filed by other counsel regarding the present Government motion.[2] Mr. Qattaa files the instant response to present additional general arguments and to point out the special circumstances of Mr. Qattaa's case.

## ARGUMENT

**I.     The Individual Merits Judge – the Honorable Ellen S. Huvelle – Is Best Suited To Tailor the CMO to the Particular Issues That May Arise In Mr. Qattaa's Proceeding.**

Mr. Qattaa submits the Government's motion should be denied as to the discovery questions it raises and held in abeyance as to the procedural issues it raises, as the Government's arguments

---

[1] Mr. Qattaa also objects to the Government's alternate request to certify these issues for appeal and for a stay pending appeal. There is no legitimate basis for an interlocutory appeal of a case management order pursuant to 28 U.S.C. § 1292(b). Nor do the issues raised in the Government's motion present substantial ground for difference of opinion. The Government's suggestion that further appellate litigation in the detainee cases would materially advance the litigation also strains credulity in light of its consistent dilatory tactics.

[2] Petitioner will file specific joinders after receiving and reviewing the supplemental briefs filed.

-4-

are simply not well taken and, though not well taken, can be more carefully considered when applied to specific evidence ultimately disclosed through discovery and more complete briefing submitted for consideration before the Merits Judge assigned to Mr. Qattaa's case – the Honorable Judge Ellen S. Huvelle.

Many of the issues the Government has asked this Court to clarify and reconsider are simply not suitable for common resolution among the 114 pending habeas cases. Recognizing this, this Court, through its CMO, established the baseline entitlement for all petitioners to several procedural devices, including discovery, confrontation and an evidentiary hearing on disputed factual questions, with the burden on the Government to justify the legal and factual sufficiency of the bases for the individual detention of each petitioner. The CMO provided, however, that the procedural devices employed will depend on the circumstances presented by particular cases and will be reserved for disposition by the individual Merits Judges. The CMO reflects the reality that a habeas proceeding, unlike many other forms of action, is at its core a flexible, adaptable remedy well-suited to address the particular circumstances of any individual case. *See Boumediene*, 128 S. Ct. at 2267 ("Habeas is not 'a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose.'") (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)). As such, allowing the individual Merits Judges to control the litigation of each case assigned to them is not only practical but also necessary to achieve the purposes of habeas.

It is therefore imprudent for the Government to now seek to limit the authority and discretion of the individual Merits Judges to address the specifics needs of the individual cases pending before them via its request for global relief in all pending habeas cases. The Government's request for global relief would hamstring individual consideration that each petitioner's case deserves and, in some cases, may be entirely unnecessary to the ultimate resolution of an individual petitioner's case.

### A. The Government's generic, inaccurate filing in Mr. Qattaa's case illustrates why individualized litigation is essential.

The inherent flaw in the Government's "bulk" approach to the Guantánamo detainees – an approach reflected in its Motion to Reconsider the CMO – is amply illustrated by the Government's recent "Notice of Errata" filed in Mr. Qattaa's case. On August 1, 2008, before any counsel had been appointed to represent Mr. Qattaa, the Government filed a Status Report asserting that "The petitioner has not been approved for release or transfer from Guantánamo Bay by the Department of Defense." Status Report, Case No. 08-CV-1230, Docket No. 7, 8-1-08. The Government filed nearly-identical status reports in other habeas cases. *See, e.g.*, Status Report, Case No. 08-CV-1230 (Khalid Saad Mohammed), Docket No. 7, 8-1-08; Status Report, Case No. 08-CV-1236 (Muieen Adeen Jamal Adeen Abd Al Fusal Abd Al Sattar), Docket No. 6, 8-1-08. These Status Reports are identical, save for the name of the detainee, to that filed in Mr. Qattaa's case.

A week after the Government's generic status report, this Court appointed undersigned counsel to represent Mr. Qattaa. Since that appointment, counsel have submitted applications for security clearances. Those applications are still pending, so counsel have not had access to any classified information, and have not been able to even schedule a trip to Guantánamo to attempt to meet with Mr. Qattaa. Counsel did, however, review the very limited, and heavily redacted, CSRT and ARB memos pertaining to Mr. Qattaa that had been publicly released. Counsel also reviewed the CSRT and ARM memos for one of counsel's other clients, Khalid Saad Mohammed.

One public document pertaining to Mr. Mohammed – an ARB "Action Memo" dated July 14, 2005 – seemed to suggest (contrary to the Government's August 1, 2008 Status Report) that Mr. Mohammed may have been approved for transfer from Guantánamo. Specifically, on page two of the Action Memo three recommendation options are listed: "[REDACTED] (Transfer)," "Continue

to Detain," and "Release." The form contains signed initials next to the first option – Transfer – along with the date 7-15 (presumably of 2005).

In light of this public record, undersigned counsel e-mailed counsel of record for the Government on November 6, 2008, asking the Government to state whether Mr. Mohammed had been declared eligible for release or transfer. The Government did not respond. On November 20, 2008, undersigned counsel again e-mailed counsel for the Government, again inquiring whether Mr. Mohammed had been cleared for release or transfer. On November 20, 2008, counsel for the Government responded, stating, "I just confirmed that ISN 335 [Mr. Mohammed] is approved for transfer by the ARB."

Then, on November 24, 2008, the Government filed a "Notice of Errata" in Mr. Mohammed's case correcting the Government's previous false statement that Mr. Mohammed had not been approved for transfer. Notice of Errata, Case No. 08-CV-1230, Docket No. 42, 11-24-08. Unlike with Mr. Mohammed, undersigned counsel had no prior reason to suspect Mr. Qattaa had been approved for transfer. Nevertheless, also on November 24, 2008, the Government filed a "Notice of Errata" in Mr. Qattaa's case stating the following:

> Respondents hereby notify the Court that Respondents mistakenly informed the Court in the Respondents' Status Report filed August 1, 2008 in the matter of *Qatta v. Bush, et al.*, (1:08-cv-01233-ESH, Dkt#7)("Status Report") that petitioner has not been approved for release or transfer from Guantanamo Bay, Cuba. Although currently detained, Mansoor Muhammed Ali Qattaa (ISN 566) has been approved for transfer from Guantanamo Bay by the Department of Defense. Respondents have only just discovered this error and apologize to the Court and petitioner's counsel for the mistake and any inconvenience it may have caused.

Notice of Errata, Case No. 08-CV-1233, Docket No. 42, 11-24-08.

Thus, contrary to the assertion contained in the Government's generic Status Report filed in Mr. Qattaa's case (and many other cases), the Government now concedes that Mr. Qattaa has, in fact, been approved for transfer from Guantánamo. That is to say, the Government now concedes

-7-

there is no military necessity justifying Mr. Qattaa's continued detention.

This sequence of events is a perfect illustration of what should be obvious: Mansoor Muhammed Ali Qattaa is an individual human being, with particularized facts and circumstances relating to him (and not to others) regarding his capture, interrogation, and ongoing detention. This Court issued the CMO recognizing that certain broad procedural and structural rules should be set to lay the groundwork for the Guantánamo habeas cases. Beyond that, however, the cases should be litigated on an individual basis to prevent the sort of blanket, generic, and <u>inaccurate</u> filings and assertions such as the Status Report filed in Mr. Qattaa's case before the appointment of counsel.

**B.     Individualized determinations by Judge Huvelle is superior because it presently is impossible to determine what issues will be relevant, or in dispute, in Mr. Qattaa's case.**

Undersigned counsel were appointed in August of 2008 to represent Mr. Qattaa. Counsel are still awaiting security clearance, and, as a result, have thus far been unable to visit with Mr. Qattaa as visits to Guantánamo must be scheduled four to six weeks in advance and only after security clearance is granted. The Government has not yet filed a classified factual return in Mr. Qattaa's case, let alone filed an unclassified return. Accordingly, the disputes that will arise in Mr. Qattaa's case are presently unknown.

For example, as to Mr. Qattaa, it is presently unknown whether Mr. Qattaa made any statements, and if so whether he made one or one hundred statements, that would be subject to CMO section E.1.(2). Without consideration of this basic information, the Court is not in a position to evaluate the appropriateness of CMO section E.1.(2) as it relates to Mr. Qattaa. Likewise, without knowing whether Mr. Qattaa made any statements, and if so how many, the Court is not in a position to evaluate CMO section E.1.(3), relating to the disclosure of information about the circumstances in which statements were made.

Likewise, it is presently unknown whether there will be discovery disputes, whether there will be a need for exculpatory evidence from sources broader than the CSRT, ARB and "readily available" DOD sources, or whether there will in fact be classified information and/or an "adequate substitute" for the classified information which the Government claims it will be overburdened with the task of providing. For these reasons, the issues raised in the Government's motion are simply not ripe for clarification or reconsideration in Mr. Qattaa's case.

Further, the Government has not claimed, with any particularity, that resolution of these issues *as to Mr. Qattaa* will overburden the Government. Rather, the Government lumps all habeas cases together and essentially requests a "wartime" exception should pardon its disclosure obligations. The Government's request is contrary to the historic purpose of the habeas proceedings, which the Supreme Court made clear exists unscathed in "in wartime as well as in times of peace." *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

Notably, just yesterday, November 25, 2008, the Government filed a Notice of Filing of Factual Return pertaining to Mr. Qattaa. Notice of Filing of Factual Returns, Case No. 08-CV-1233, Docket No. 43, 11-25-08. The notice states that the Government has submitted to the Court Security Officer a factual return for a number of Petitioners, including Mr. Qattaa, and that the return contains information that is classified and/or protected. As noted above, undersigned counsel have not yet received a security clearance (or met with Mr. Qattaa), and thus are unable to even review the classified portion of the factual return for Mr. Qattaa. Accordingly, it seems obvious that portions of the CMO will need to be adjusted in Mr. Qattaa's case to reflect that reality. In this respect (as in so many others), Mr. Qattaa's case is increasingly becoming more and more unlike the other Guantánamo habeas cases. Resolution of the unique scheduling and other procedural issues created by the circumstances of Mr. Qattaa's case is best done by Judge Huvelle.

While this Court's CMO provides both parties the baseline starting point for handling procedural issues, resolution of any disputes properly rests with Judge Huvelle as she considers the individualized nature of Mr. Qattaa's habeas petition and litigation. Mr. Qattaa therefore respectfully requests that this Court deny the Government's motion, and to transfer the case back to Judge Huvelle to resolve all disputes as to the issues raised in the Government's motion.

## II. The Motion Should be Denied for Failure to State Any Basis for Reconsideration or For Interlocutory Appeal.

The Government cites Federal Rule of Civil Procedure 54(b) in support of its request for reconsideration of Judge Hogan's CMO. *See* Gvt. Motion at 10 n.7. But that rule provides no basis for reconsideration here.

Rule 54(b) governs motions for reconsideration that do not constitute final judgments. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). A court may reconsider an order pursuant to Rule 54(b) when it "patently misunderstood a party, has made a decision outside the adversarial issue presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will only consider a motion for reconsideration when the moving party demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003). Motions for reconsideration should not be used to "relitigate old matters." *Niedermeier v. Office of Max. S. Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (addressing Rule 59(e)); *see also Singh*, 383 F. Supp. 2d at 101. Litigants are not permitted to use motions for reconsideration to

rehash arguments that have already been made: "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Williams v. Savage*, 569 F. Supp.2d 99, 109 (D.D.C. 2008).

"Battling" for a more favorable decision is precisely what the Government does in its Motion. The Government's Motion does not address how this Court has misunderstood the parties, misapprehended the nature of this case, or committed a legal error. Nor does the Government assert new arguments that it has not already made before this Court in other motions. Instead, the Government asks the Court to reconsider arguments that "[the Government] has previously explained" to this Court. (Motion, at 8.) In an attempt to bolster its argument, the Government argues that the CMO is "ambiguous" and, not surprisingly, that the CMO "create[s] obligations that realistically cannot be met." (*Id.*, at 1.) The Government's Motion fails entirely in demonstrating that justice requires reconsideration of the issues presented to this Court. Because the Government has failed to meet the standard for reconsideration of the issues, this Court should deny the Government's Motion and proceed in accordance with Judge Hogan's CMO. Judge Huvelle should be allowed to consider any further fine-tuning of scheduling issues in light of the individual facts and circumstances of Mr. Qattaa's case.

The Government's Motion also fails to meet the standard necessary for certification of the issues for appeal. Interlocutory appeals brought under 28 U.S.C. § 1292 (b) are "rarely allowed," and the present case is no exception. The Government has failed to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996) (internal citation omitted); *see also In re Vitamins Antitrust Litig.*,

2000 WL 34230081, at *4 (D.D.C. 2000) (Hogan, J.). Interlocutory appeal is proper only when a court determines that an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292 (b); *see Johnson v. Wash. Metro. Area Transit Auth.*, 773 F. Supp. 459, 459 (D.D.C. 1991) (granting certification for appeal where the district court was faced with "two possibly inconsistent holdings" of an appellate court). "The threshold for establishing the 'substantial ground for difference of opinion' … is a high one." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002).

Furthermore, where, as here, the party moving for certification disagrees with a court's discovery order, "[m]ere disagreement, even if vehement, with a court's ruling … does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal." *First Am. Corp.* at 1116. The D.C. Circuit has stated that "discovery orders are not usually appealable until after the litigation has finally ended. *McKesson Corp. v. Islamic Republic of Iran*, 52 F.3d 346, 353 (D.C. Cir. 1995). Additionally, in *White v. Nix*, the Eighth Circuit stated that due to their discretionary nature, discovery orders "generally never will involve a controlling question of law" and thus are inappropriate for interlocutory appeal. *See* 43 F.3d 374, 377 (8th Cir. 1994). The Eighth Circuit further noted: "resolution of a discovery dispute does little to advance the ultimate termination of litigation and results only in delay." *Id.* at 378-79.

Like *First American Corp.*, the Government's "mere disagreement, even if vehement," is insufficient to warrant certification of the issues for appeal in this case. The weakness of the Government's argument is illustrated by its one-paragraph attempt to argue that a "substantial

-12-

ground for difference of opinion" exists with regard to the issues determined in Judge Hogan's CMO. Citing absolutely no authority, the Government concludes that various judges in this Court have adopted "markedly different procedures" and that "aspects of the Court's CMO conflict with the 'prudent and incremental' process mandated by … *Hamdi*." (Motion, at 35.) However, as the Government concedes, there is a "lack of any historical parallel in these cases" (*id*.), and there are few, if any, conflicting decisions on these issues in any other courts. As a result, the Government has failed to show that there is a "substantial ground for difference of opinion" and certification is not justified in this instance.

Furthermore, certification of the issues raised by the Government will do nothing to advance the termination of this litigation and will merely cause additional delay for Petitioner. Mr. Qattaa has been held at Guantánamo Bay for an unknown length of time. The Supreme Court stated clearly in *Boumediene* that "the costs of delay can no longer be borne by those who are held in custody." 128 S. Ct. at 2275. Not only has the Government failed to meet the standard for certification, but for this Court to grant the Government's Motion would be utterly contrary to the Supreme Court's mandate in *Boumediene*. This Court should therefore deny the Government's Motion and transfer the case to Judge Huvelle for further proceedings.

### III. The Motion Should be Denied for Failure to Meet and Confer.

The Government's motion should be denied because counsel for the Government failed to meet and confer in good faith with undersigned counsel as required by Local Civil Rule 7(m). Simply stated, the Government made no good faith attempt to determine whether undersigned counsel objected to the requested relief or to narrow the areas of disagreement in this particular case.

On Friday, November 14, 2008, the Government sent an email to an undisclosed list of counsel for the detainees stating that the Government intended to move for reconsideration of Judge Hogan's CMO on the ground that it was "legally inappropriate and unworkable." The Government offered no further explanation. The Government did not explain which parts of the CMO were unworkable in Mr. Qattaa's case, or what specific relief it believed it needed with respect to Mr. Qattaa.

Given that undersigned counsel were only appointed in August 2008, and have not yet received a security clearance or had the opportunity to meet with our client, it is likely that counsel would have been able to reach agreement at least as to certain delays in the timetable as to Mr. Qattaa's case. The Government, however, failed to make any inquiry as to Mr. Qattaa individually.

Accordingly, because counsel for the Government failed to comply with Local Civil Rule 7(m), the motion for reconsideration should be denied on this basis alone. Rule 7(m) serves important institutional purposes, and the courts should not treat a violation of the rule lightly. *See Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006).[3]

## **CONCLUSION**

Mr. Qattaa's case was initially transferred to Judge Hogan for coordination and management, including extensive briefing on the procedural framework for adjudicating detainee

---

[3] *See Penobscot Indian Nation v. HUD*, Civ. No. 07-1282 (PLF), 2008 WL 635740, at *1 (D.D.C. Mar. 5, 2008) (order granting motion to strike papers filed in violation of Rule 7(m)); *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 n.19 (D.D.C. 2002) (denying plain-tiffs' motion to lift stay and awarding fees and costs to defendants); *see also United States v. Sci. Applications Int'l Corp.*, 555 F. Supp. 2d 40, 47 (D.D.C. 2008) (denying motion to strike be-cause party "failed to comply with Rule 7(m) and meet its heavy burden in filing its motion to strike").

habeas cases. The CMO established a framework to govern these cases, and indicated that the judges of this court may alter that framework based on the particular facts and circumstances of their individual cases. That is exactly what the Merits Judge in other individual cases have already begun to do. Proceeding on an individual case-by-case basis is also the only practical way that the detainee cases will be resolved expeditiously as required by *Boumediene* and the Habeas Corpus Statute. Accordingly, Mr. Qattaa requests that this case be transferred back to Judge Huvelle for all further proceedings. If there are issues that need to be addressed as Mr. Qattaa's case progresses, Judge Huvelle is best suited to address those issues and ensure that this case is resolved expeditiously.

November 26, 2008                Respectfully submitted,

                                             */s/Edward G. Bryan*_____
                                             EDWARD G. BRYAN (LCvR 83.2(e))
                                             Assistant Federal Public Defender
                                             Office of the Federal Public Defender,
                                                     Northern District of Ohio
                                             1660 West Second Street, Suite 750
                                             Cleveland, Ohio 44113
                                             (216) 522-4856 Fax: (216) 522-4321
                                             edward_bryan@fd.org

                                             */s/Carlos Warner*_____
                                             CARLOS WARNER (LCvR 83.2(e))
                                             Assistant Federal Public Defender
                                             Office of the Federal Public Defender,
                                                    Northern District of Ohio
                                             2 South Main Street, Suite B3-56
                                             Akron, Ohio 44308
                                             (330) 375-5739 Fax: (330) 375-5738
                                             carlos_warner@fd.org

                                             */s/Jonathan Witmer-Rich*_____
                                             JONATHAN WITMER-RICH (LCvR 83.2(e))
                                             Attorney at Law
                                             Office of the Federal Public Defender,

Northern District of Ohio
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
jonathan_witmer-rich@fd.org

Counsel for Petitioner Mansoor Muhammed Ali Qattaa