# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>**GUANTANAMO BAY**<br>**DETAINEE LITIGATION** | **Misc. No. 08-442 (TFH)**<br><br>**Civil Action No. 05-00247 (HHK)** |

### PETITIONER'S OPPOSITION TO GOVERNMENT'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF NOVEMBER 6, 2008 CASE MANAGEMENT ORDER

Petitioner, MAHMOOD SALIM AL-MOHAMMED ("Petitioner"), currently detained in military custody at the United States Naval Station in Guantánamo Bay, Cuba ("Guantánamo"), hereby respectfully submits his Opposition to the Government's Motion for Clarification and Reconsideration of the Court's November 6, 2008 Case Management Order, *see In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1004) ("Motion"), pursuant to the Court's November 20, 2008 Minute Order directing the detainees to respond to the motion by November 26, 2008.

Petitioner has been a prisoner at Guantanamo for nearly seven years, and his petition for a writ of habeas corpus ("Petition") has been pending since February 2005. The Motion is yet another transparent attempt by the government to indefinitely delay the resolution of the Petition and further extend Petitioner's detention based on little more than the government's unsupported allegations. This naked attempt to deny Petitioner his day in court flies in the face of the Supreme Court's mandate that Petitioner is "entitled to a prompt habeas corpus hearing." *See Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008).

The Motion should be summarily denied in its entirety for three reasons: (1) because the government failed to meet and confer with Petitioner's counsel as required by Local Civil Rule 7(m); (2) because the Motion fails to establish any basis for reconsideration under Fed. R. Civ. P. 54(b); and (3) because the motion contravenes the Court's order that modifications to the November 6, 2008 Case Management Order ("CMO") and other substantive and procedural issues should be addressed to and decided by the individual Merits Judges.

In the event that the Court finds that the government has established grounds permitting reconsideration and/or clarification of the CMO, Petitioner vigorously opposes the government's requests to limit or relieve its obligations to disclose exculpatory evidence, its mandatory discovery obligations, its obligation to provide notice of the factual basis for Petitioner's detention, and its request for an interlocutory appeal. Rather than repeat arguments made elsewhere, Petitioner joins and incorporates by reference the objections and arguments on these points set forth in the opposition to the Motion filed by habeas petitioners in Civil Action No. 04-1254 (HHK) and Civil Action No. 05-1429 (RMU).

### A. **The Motion Should Be Denied for Failure to Meet and Confer.**

The government's motion should be denied because counsel for the government failed to meet and confer with undersigned counsel as required by Local Civil Rule 7(m). Simply stated, the government made no good faith attempt to determine whether undersigned counsel objected to the requested relief or to narrow the areas of disagreement in this particular case.

On Friday, November 14, 2008, counsel for the government sent an e-mail to an undisclosed list of counsel for the detainees, including undersigned counsel, stating that the government intended to move for reconsideration of the CMO on the ground that it was "legally inappropriate and unworkable." Ex. 1 (attached hereto). The government offered no further

explanation, but merely demanded that Petitioner's counsel state whether they objected to the motion by November 17, 2008.

On November 17, 2008, Petitioner's counsel responded to the e-mail stating that Petitioner opposed the motion because Respondent's counsel had provided insufficient information to understand what relief would be requested in the motion or on what grounds. Ex. 1. At no point did counsel for the government make any attempt to narrow the areas of disagreement concerning the forthcoming motion for reconsideration. Indeed, as the government concedes in its motion for reconsideration, "[m]any [counsel for the detainees] requested details regarding the motion that the government were not in a position to discuss at the time." Motion at 3, n.2.

Accordingly, because counsel for the government failed to comply with Local Civil Rule 7(m), the motion for reconsideration should be denied on this basis alone. *See Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006). In fact, the instant case exemplifies the important institutional purpose behind Rule 7(m), since Petitioner's counsel would have been more than willing to negotiate mutually agreeable extensions to the discovery and pleading schedule addressed in the CMO.

### B. The Motion Should Be Denied for Failure to State Any Basis for Reconsideration.

Because all of the substantive arguments and issues raised in the Motion have already been thoroughly presented to Judge Hogan, there is no basis for reconsideration of the CMO.

Rule 54(b) governs motions for reconsideration that do not constitute final judgments. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). A court may reconsider an order pursuant to Rule 54(b) when it "patently misunderstood a party, has made a

decision outside the adversarial issue presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will only consider a motion for reconsideration when the moving party demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003). Motions for reconsideration should not be used to "relitigate old matters." *Niedermeier v. Office of Max. S. Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (addressing Rule 59(e)); *see also Singh*, 383 F. Supp. 2d at 101.

The Motion contains not a single argument that falls into one of these three categories justifying reconsideration. Rather, the Motion represents a naked attempt to relitigate on a class-wide basis four central issues that have already been addressed in the procedural framework briefs and resolved by Judge Hogan in the CMO: (1) the breadth of the required search for exculpatory evidence; (2) the provision for automatic discovery of detainee statements relating to the amended factual returns; (3) the requirement that the government provide counsel and the detainees themselves with classified information or "adequate substitutes" for classified information; and (4) the procedures governing the use of hearsay, presumptions in favor of the government's evidence, and the standard for an evidentiary hearing. *See* Motion at 2-3.

There are no new legal issues presented – all were previously addressed at length in the parties' procedural framework briefs – and the government does not identify any factual or legal issues that Judge Hogan misunderstood in the CMO. The government has therefore failed to

meet the standard for reconsideration and this Court should deny the Motion and proceed in accordance with the CMO and any subsequent modifications thereto by the Merits Judge.

      **C.**    **Any Requested Modifications To The CMO Should Be Made By The Merits Judge On A Case-By Case Basis.**

Perhaps most importantly, the government's attempt to re-litigate the issues already decided by Judge Hogan in the CMO on a class-wide basis ignores the CMO's clear and unambiguous referral of the cases to the individual Merits Judges. *See* CMO at 2, n.1. This point is crucial. Essentially every argument the government raises is simply not susceptible to class-wide resolution. The resolution of issues concerning what discovery is required to decide a particular case, how burdensome it will be to produce, the need for and protection of classified information, the use of hearsay, the propriety of evidentiary presumptions, and the schedule for the ultimate adjudication of the legality of detention all depend on the particular facts of each petitioner's case. The only sensible way to resolve disputes about any of these issues is to present them to the Merits Judge for resolution on a case-by-case basis.

For instance, the government argues at length that the CMO's provisions concerning the production of exculpatory evidence and other discovery are improper because they do not require a showing of relevance or materiality. *See*, *e.g.*, Motion at 6, 14, 22-23. But the government does not address whether all or a portion of Petitioner's specific requests for exculpatory evidence and other discovery already satisfy its proposed requirements of relevance or materiality. The government also questions whether it should be required to produce classified information to counsel for detainees who lack security clearances at the same classification level as the information at issue. But the government fails to consider that no fewer than three of

Petitioner's attorneys currently hold security clearances or that they have a "need to know" classified information that is exculpatory or otherwise material to Petitioner's case.

To the extent the government seeks modifications to the CMO on the ground of undue burden, the Court should require the government to propose those modifications in context of the specific facts and circumstances of this case to determine whether such modifications are necessary or appropriate. For just one example, counsel for Petitioner believes that evidence regarding the circumstances of witness statements on which the government will rely to justify Petitioner's continued detention will be particularly critical to his defenses to the government's allegations. Production by the government of exculpatory evidence and mandatory discovery related to witness statements impose no extraordinary burden on the government and are critical to Petitioner's ability to present a defense to the government's allegations.

The CMO represents a fair and well-balanced resolution of issues susceptible to resolution on a class-wide basis. Any further modification of the CMO should be addressed to the Merits Judge who may address case-specific issues going forward.

### D. Schedule For Petitioner's Case Going Forward.

To be clear, for the reasons stated above and on the basis of all objections to the Motion set forth in the oppositions by other Guantanamo detainees, it is Petitioner's position that the Motion should be denied in its entirety. That said, Petitioner is not opposed to reasonable modifications of the schedule established by the CMO as the Merits Judge determines may be appropriate. At a minimum, however, the government should be ordered to file an unclassified version of Petitioner's amended factual return by December 12, 2008, the deadline proposed by the government in the Motion. Such order should also provide that Petitioner's traverse shall be

filed only *after* the government produces the exculpatory evidence and mandatory discovery outlined in the CMO.[1]

        Respectfully submitted,

By /s/ Samuel C. Kauffman
   Robert C. Weaver, Jr. OSB#80135
   Samuel C. Kauffman, OSB#94352
   John C. Rothermich, OSB#07168
   GARVEY SCHUBERT BARER
   Eleventh Floor
   121 SW Morrison Street
   Portland, OR 97204
   Tel.: (503) 228-3939
   Fax: (503) 226-0259

By /s/ Eldon V.C. Greenberg
   Eldon V.C. Greenberg
   D.C. Bar #159558
   GARVEY SCHUBERT BARER
   Fifth Floor
   1000 Potomac Street, N.W.
   Washington, DC
   Tel.: (202) 965-7880
   Fax: (202) 965-1729

Attorneys for Petitioner

Dated:    November 26, 2008

---

[1] The government proposes for this first time to require Petitioner to file a "preliminary traverse" shortly after production of the unclassified return but before any discovery proceeds. Motion at 31-32. Petitioner objects to such a procedure, which is plainly intended to afford the government a preview of his trial strategies and counter-evidence, and to limit the government's discovery obligations. Such a procedure has already been rejected by Judge Sullivan and Judge Leon in other cases, and should be rejected here. *See*, *e.g.*, Tr. of Status Hearing at 17, *Habishi v. Bush*, No. 05-765 (EGS) (D.D.C. Oct. 30 2008) (Judge Sullivan: "I think that would be inappropriate. I don't think that would be beneficial for the petitioner in this case."); *Sliti v. Bush*, No. 05-429 (RJL) (D.D.C. Oct. 24, 2008 Status Conference); *Ghazy v. Bush*, No. 05-2223 (RJL) (D.D.C. Oct. 23, 2008 Status Conference).