IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADEL HAMLILY, | Civil Action No. 05-0763 (JDB) |
| *Petitioner,* | |
| v. | |
| GEORGE W. BUSH *et al.*, | |
| *Respondents.* | |
| IN RE: | Misc. No. 08-0442 (TFH) |
| GUANTANAMO BAY DETAINEE LITIGATION | |

**PETITIONER'S RESPONSE TO THE GOVERNMENT'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THIS COURT'S NOVEMBER 6, 2008 CASE MANAGEMENT ORDER AND SUPPLEMENTAL AMENDED ORDERS OR, IN THE ALTERNATIVE, MOTION FOR CERTIFICATION FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND TO STAY CERTAIN OBLIGATIONS PENDING RESOLUTION OF THE MOTION AND ANY APPEAL**

INTRODUCTION

After extended periods of judicial review, largely as a result of the Government's repeated appeals of unfavorable rulings in lower courts, on June 12, 2008, the Supreme Court ordered that there be prompt habeas corpus review of the cases involving Guantanamo detainees. *Boumediene v. Bush*, 128 S Ct. 2229, 2275 (2008). The Court further held that "[w]hile some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody. The detainees in these cases are entitled to a prompt habeas

corpus hearing." *Id.* at 2275. Against that background, and after having already heard the Government on these issues before, the Court should deny the Government's motion.

The Government's motion should be denied for two central reasons: (1) because the motion fails to establish any basis for reconsideration, and (2) because the motion does not address the particular facts and circumstances of this case so as to warrant the relief sought by the Government – *i.e.*, a further indefinite stay – if reconsideration were granted.[1]

## BACKGROUND

In June 2003 Mr. Hamlily was taken into custody in Pakistan, far removed from any battlefield. Within a short period of time he was moved into U.S. custody where he still remains. Despite five and a half years of detention, almost all in United States custody, Petitioner Hamlily has yet to receive any real court process and has not been charged with any crime.

After the Supreme Court's *Boumediene* ruling, with a few exceptions, on August 12, 2008, most of the relevant cases were consolidated before this Court. Order, *Al Odah v. United States*, No. 08-5232 (D.D.C. Aug. 12, 2008). The overarching purpose of the consolidation exercise was to expedite the ultimate decisions in individual cases, consistent with *Boumediene*. *Boumediene v. Bush*, 128 S Ct. 2229, 2275 (2008). That effort resulted in the issuance of a Case Management Order on November 6, 2008, which Judge Bates adopted with minor modifications on the same date. Despite the good faith attempts by this Court and Judge Bates at expediting these matters, the Government has now moved for "clarification and reconsideration," and has raised the specter of yet another appeal.

---

[1] Petitioner Hamlily also objects to the Government's alternate request to certify these issues for appeal and for a stay pending appeal. There is no legitimate basis for an interlocutory appeal of a case management order pursuant to 28 U.S.C. § 1292(b). Nor do the issues raised in the Government's motion present substantial ground for difference of opinion.

2

At this juncture, we believe that this Court and Judge Bates must recognize that the effort at consolidation has reached its conclusion. It is now time to have the Merit Judges address all issues in the context of individual cases. As we know from the facts of Petitioner Hamlily's case, certain of the issues the Government raises are premature and may never need to be addressed. By virtue of the consolidation, however, the Government is able to make broad statements without any real context. The end result is the increased likelihood of additional unnecessary delays in Petitioner Hamlily's case. Such delays should be avoided by treating Petitioner Hamlily's case as what it is: one man's effort to get a hearing on the factual issues unique to his continued detention.

## DISCUSSION

## THE COURT SHOULD SUMMARILY DENY THE GOVERNMENT'S MOTION

### A. The Motion Should Be Denied for Failure to State Any Legal Basis for Reconsideration

The Government cites Federal Rule of Civil Procedure 54(b) in support of its request for reconsideration of Judge Hogan's CMO. *See* Gvt. Motion at 10 n.7. But that rule provides no basis for reconsideration here.

Rule 54(b) governs motions for reconsideration that do not constitute final judgments. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). A court may reconsider an order pursuant to Rule 54(b) when it "patently misunderstood a party, has made a decision outside the adversarial issue presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will only consider a motion for reconsideration when the moving party demonstrates: "(1) an intervening change in the law; (2)

3

the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003). Motions for reconsideration should not be used to "relitigate old matters." *Niedermeier v. Office of Max. S. Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (addressing Rule 59(e)); *see also Singh*, 383 F. Supp. 2d at 101.

The standard for reconsideration is not met here. Nothing about the Government's motion is particularly new. There are no new legal issues presented – all were previously addressed at length in the parties' procedural framework briefs – and the Government does not identify any factual or legal issues that Judge Hogan or Judge Bates misunderstood or overlooked in their respective case management orders. Rather, what the Government plainly seeks to do is relitigate on a class-wide basis four central issues that have already been addressed in the parties' procedural framework briefs and resolved by Judge Hogan in the CMO: (1) the breadth of the required search for exculpatory evidence; (2) the provision for automatic discovery of detainee statements relating to the amended factual returns; (3) the requirement that the Government provide counsel and the detainees themselves with classified information or "adequate substitutes" for classified information; and (4) the procedures governing the use of hearsay, presumptions in favor of the Government's evidence, and the standard for an evidentiary hearing. *See* Gvt. Motion at 2-3.

In its opposition to a motion to strike the instant motion for reconsideration filed by Djamel Ameziane, a petitioner in another Guantanamo habeas case, the Government conceded that the issues raised in the pending motion were already addressed before Judge Hogan: "The issues to be resolved by the [Government's] Motion for Reconsideration are precisely the types of issues contemplated in the [July 1, 2008] transfer order. Only nine days after the transfer of cases to Judge Hogan, he ordered the parties to brief precisely these issues. *In re Guantánamo*

4

*Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1041, at 2). By the Government's own admission, the standard for reconsideration is not satisfied.

### B. The Factual Grounds Offered By the Government Are Also Factually Insufficient to Support its Motion

As Judge Leon noted from the bench last week, "If there is any lesson that the parties and the Court have learned, these cases are unique and the habeas process must be flexible."[2] Another lesson was that these cases can move forward when dealt with on their individual merits. And finally, we all learned once again the need for judicial scrutiny of these cases, as evidenced by Judge Leon's ruling that the detention of 5 of the 6 men was unlawful.

The issues raised in the Government's current motion were largely considered by the Court in advance of issuing the Case Management Order. The Government's latest action threatens to wreak havoc with the Supreme Court's directive in *Boumediene*, and Petitioner Hamlily's quest for justice. The best means for addressing the Government's issues is to proceed in the cases before them. The Merit Judges can consider the Government's arguments as they may relate to particular cases, rather than as worse case scenarios. Then, as needed, the Merits Judges can adjust the framework established in the Case Management Order.

The Government's opposition to the Case Management Order treats each case in a cookie cutter fashion. The Government's position is wrong. The facts of each case are unique, both in the substance of the allegations and the manner by which the Government may attempt to support those allegations. It is time to stop considering hypothetical situations. Instead, there is a need to address specific issues when and if they arise in individual cases.

In Petitioner Hamlily's case, for example, the Government's Return is largely based on statements attributed to him. At present, those statements are classified and therefore we are

---

[2] *Boumediene et. al. v. George W. Bush, et. al.*, Civil Action No. 04-1166 (RJL), Open Transcript of Habeas Opinion Hearing, November 20, 2008.

5

precluded from showing them to our client or discussing them in the type of detail needed to draft a meaningful traverse. Based on the nature of this case, the schedule for filing a traverse and moving for discovery will depend in large part on the contents of the unclassified return. In addition, one of the Government's other key issues, the treatment of classified evidence, will be affected by the extent to which the Government provides unclassified versions of currently classified documents, including both the narrative and the underlying records of interrogations. Until the Government makes that unclassified filing, it is premature to conclude that the hypothetical burdens of discovery or finding substitutes for classified evidence are so great as to require modifications to the Case Management Order.

When the cases are disaggregated and handled by the Merits Judges, the cases will begin to move on different schedules. The Merits Judges can then address the Government's concerns in the context of tangible cases. Ultimately, there is likely to be far less strain placed on the Government's resources as the schedules become staggered.

In fact, that process has already begun in this matter. On November 24, 2008, Judge Bates held a status conference in Petitioner Hamlily's case, during which he considered some of these same concerns. Following the status conference, Judge Bates issued an Order required the Government to file an unclassified factual return by December 9, 2008. Judge Bates also ordered the parties to meet and confer both before and after the filing of the unclassified return, which may expedite the process by limiting the scope of the very issues the Government cites in its pending motion. By this means, Judge Bates already has begun the process of moving this case forward, while remaining alert to the resources and other concerns raised by the Government. That approach should be the model going forward.

## CONCLUSION

This Court and the relevant Merit Judges attempted this effort at consolidation in the good faith belief that it would ultimately result in the more timely adjudication of individual cases. In light of the Government's current motion, it is clear that, although consolidation may have produced certain judicial economies, the Government is now using it to delay the resolution of individual cases.

Based on the foregoing, as well as such other arguments the Court may consider from other petitioners, Petitioner Hamlily respectfully requests that this Court summarily deny the Government's Motion in all respects.

Dated: November 26, 2008

Respectfully submitted,

/s/ Paul A. Leder

**RICHARDS KIBBE & ORBE LLP**
Paul A. Leder (D.C. No. 358597)
Sarah Swanz
701 8th Street NW
Washington, D.C. 20001
Tel: (202) 261-2960
Fax: (202) 261-2985

R. Zachary Gelber
One World Financial Center
New York, New York 10281
Tel: (212) 530-1800
Fax: (212) 530-1801

**SPEARS & IMES LLP**
Christopher W. Dysard
51 Madison Avenue
New York, New York 10010
Tel: (212) 213-6833

*Counsel for Petitioner*