IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY DETAINEE LITIGATION | Misc. No. 08-MC-442 (TFH) |
| MOTAI SAIB,<br>      Petitioner,<br>v.<br>GEORGE W. BUSH, et al.,<br>      Respondents. | Civil Action No. 05-CV-1353 (RMC) |
| ABBAR SUFIAN AL HAWARY,<br>      Petitioner,<br>v.<br>GEORGE W. BUSH, et al.,<br>      Respondents. | Civil Action No. 05-CV-1505 (RMC) |
| SUFYIAN BARHOUMI, a/k/a SHAFIIQ,<br>      Petitioner,<br>v.<br>GEORGE W. BUSH, et al.,<br>      Respondents | Civil Action No. 05-CV-1506 (RMC) |
| NABIL HADJARAB,<br>      Petitioner,<br>v.<br>GEORGE W. BUSH, et al.,<br>      Respondents. | Civil Action No. 05-CV-1504 (RMC) |

# PETITIONERS' RESPONSE TO THE GOVERNMENT'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THIS COURT'S NOVEMBER 6, 2008 CASE MANAGEMENT ORDER

Petitioners Motai Saib, Abbar Sufian Al Hawary, Sufyian Barhoumi, a/k/a Shafiiq, and Nabil Hadjarab, by and through counsel, respectfully respond to the Government's Motion for Clarification and Reconsideration ("Motion") as follows.

## INTRODUCTION

At first glance, the Government's 39-page Motion appears to present a wide range of issues for the Court to resolve. In fact, the Court can and should deal with the Motion summarily. The Motion's length is entirely a result of two errors by the Government: its failure to confer with Petitioners' counsel to narrow the issues in dispute in the Motion, and its insistence on re-arguing issues that already have been fully briefed and carefully adjudicated.

## ARGUMENT

1.  The Court should deny the Government's Motion based on the Government's failure to comply with Local Rule 7(m). Rather than making a good-faith effort to narrow the issues in dispute in its Motion, before filing the Motion counsel for the Government simply informed Petitioners' counsel vie e-mail that the Government would be filing "a motion for clarification and reconsideration of the Court's November 6, 2008 case management order . . . or in the alternative, a motion for certification for appeal and to stay certain obligations pending appeal," and requested that Petitioners' counsel state whether Petitioners would oppose the motion. E-mail from Timothy Johnson to undisclosed recipients (Nov. 14, 2008), attached as Exhibit 1. Instead of specifying the grounds for the Motion, to provide Petitioners' counsel with enough information to determine Petitioners' position, counsel for the Government stated only that "[t]he basis for this motion is that the November 6, 2008 procedural order is legally

2

inappropriate and unworkable." *Id.* Counsel for the Government did not respond to a request from Petitioners' counsel for additional information. *See* E-mail from Meghan Winokur to Timothy Johnson (Nov. 14, 2008), attached as Exhibit 1. The Government's vague e-mail, which did not provide the parties with an opportunity to narrow the areas of disagreement, does not amount to a good-faith effort to confer under Local Rule 7(m). *See Abbott GMBH & Co. KG v. Yeda Research & Dev. Co.*, No. 00-1720, 2008 U.S. Dist LEXIS 69283 at *8-10 (D.D.C. Sept. 15, 2008); *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006). The Court can and should deny the Government's Motion based on the Government's insistence on burdening this Court with a motion it did not adequately discuss with opposing counsel before filing. *See, e.g., United States ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006); *In re Verizon Internet Servs., Inc.*, 271 F.R.D. 239, 240 (D.D.C. 2003).

2. If the Court does reach the merits of the Government's Motion, Petitioners do not oppose the Government's request that the Court "clarify that the CMO's requirements regarding exculpatory evidence are satisfied by the provision of exculpatory materials reviewed by the Government's attorneys in preparing the factual returns." Motion at 7.

3. The Court should not reconsider the automatic discovery provisions contained in the CMO. Complying with the automatic discovery provisions of the carefully-balanced CMO will not be as burdensome as the Government contends. The materials in question should be readily available: the Government presumably has gathered most if not all of them in connection with the CSRT process. Moreover, the Government's request for reconsideration – which seeks primarily to relitigate fully briefed and previously decided issues, not to alert the Court to an intervening change in the law, the discovery of new evidence, or a clear error of law in the CMO

3

– falls short of the standard for reconsideration required by Fed. R. Civ. P. 54(b). *See, e.g.*, *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005); *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003).

4.  The Court should not reconsider the CMO's treatment of classified information. The parties already have briefed this issue exhaustively. After being apprised of the parties' positions and the legal bases therefor, the Court crafted a CMO that balances Petitioners' right to information with national security interests. To the extent the use of classified information may raise legitimate and demonstrated national security concerns in an individual case, the CMO allows the Merits Judge in that case to determine how the information may be used. That procedure properly allows the decision on the use of classified information to be carefully tailored to the particular facts of an individual case – a far superior alternative to crafting a new one-size-fits-all rule, devoid of context, as urged by the Government. The individual detainees are entitled to information in the government's possession that does not raise national security concerns and should not be deprived of it simply because certain other cases may implicate national security.

5.  The Court should not reconsider the CMO's treatment of the presumption regarding Government evidence, hearsay, and other procedural matters. The parties already have briefed these issues. The Court has carefully designed a set of procedures that, working together, balance the interests of all parties. The Court should reject the Government's attempt to reconfigure certain procedures to their benefit, which would upset this carefully-calibrated whole.

6.  The Court should not unilaterally reset the deadlines in the CMO for all habeas cases. To the extent any of these deadlines need to be reset, the Merits Judge is in the best

position to do so. Petitioners are willing to work with the Government to schedule matters in this case, and respectfully propose that a scheduling conference before the Merits Judge – not further rounds of briefing addressed to a range of cases, many of which are postured differently – would be the most efficient way to proceed.[1]

7. The Court should reject the Government's request for certification of an interlocutory appeal. An immediate appeal from the CMO will not materially advance the ultimate termination of this litigation. *Cf.* 28 U.S.C. § 1292(b). Rather, the Government's request for yet another appeal is simply the latest transparent attempt to delay and protract the litigation. The Government already has delayed for years in assembling the information it must provide to Petitioners. The Court should not allow the Government to further postpone assembling and providing this information to Petitioners, while an interlocutory appeal of the Court's carefully-crafted and balanced CMO progresses.

## CONCLUSION

For the foregoing reasons, the Court should:

---

[1] If the Court does elect to adjust the scheduling deadlines for all cases, the Court should reject the Government's request to set the deadline for production of any unclassified factual returns for a date after the Government has produced all classified factual returns. Such a deadline would further delay hearings in this matter, as men detained at Guantanamo would be forced to wait for months to obtain information necessary for them to present their cases at a habeas hearing, then wait again to schedule a hearing after they obtain such information. In addition, the Court should reject the Government's invitation to force Petitioners to file a "preliminary traverse" – a requirement apparently intended to alert the Government to Petitioners trial strategy and to limit the Government's discovery obligations. The Government's invitation already has been rejected by Judge Sullivan and Judge Leon in other cases. *See, e.g.*, Tr. of Status Hearing at 17, *Habishi v. Bush*, No. 05-765 (EGS) (D.D.C. Oct. 30 2008) (Judge Sullivan: "I think that would be inappropriate. I don't think that would be beneficial for the petitioner in this case."); *Sliti v. Bush*, No. 05-429 (RJL) (D.D.C. Oct. 24, 2008 Status Conference); *Ghazy v. Bush*, No. 05-2223 (RJL) (D.D.C. Oct. 23, 2008 Status Conference).

A. Deny the Government's Motion based on the Government's failure to comply with Local Rule 7(m); or, in the alternative,

B. Clarify that the CMO's requirements regarding exculpatory evidence are satisfied by the provision of exculpatory materials reviewed by the Government's attorneys in preparing the factual returns, refer the Government's scheduling requests to the Merits Judge, and deny the Government's Motion in all other respects.

Dated: November 26, 2008.

Respectfully submitted,

*Anne J. Castle*

Anne J. Castle
Scott S. Barker
J. Triplett Mackintosh
William Murane
Danielle R. Voorhees
Meghan N. Winokur
HOLLAND & HART LLP
555 17th Street, Ste. 3200
Denver, CO 80202
Tel: (303) 295-8000
Fax: (303) 295-8261

Of Counsel
Shayana Kadidal
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

## Certificate of Service

I certify that on November 26, 2008, I served a copy of the foregoing **Petitioners' Response to the Government's Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order** with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ [signature]*

4392364_2.DOC

**From:** Meghan Winokur
**Sent:** Friday, November 14, 2008 3:30 PM
**To:** 'Johnson, Timothy (CIV)'; 'Henry, Terry (CIV)'
**Cc:** Anne J. Castle; Triplett Mackintosh; William Murane; Nadya Bosch; Jonathan Bender
**Subject:** RE: Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration

Mr. Johnson:

We represent Petitioners Saib (05-CV-1353), Nabil (05-CV-1504), al Hawary (05-CV-1505), and Barhoumi (05-CV-1506).

Based on the information that you have provided, we are unable to determine whether we object to the proposed motion. Please provide us with a more detailed description of the motion, and we will let you know whether we object.

Meghan Winokur

**Meghan Winokur**

Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
Phone (303) 295-8390
Fax (303) 975-5456
E-mail: mwinokur@hollandhart.com



CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

---

**From:** Johnson, Timothy (CIV) [mailto:Timothy.Johnson4@usdoj.gov]
**Sent:** Friday, November 14, 2008 11:26 AM
**To:** Johnson, Timothy (CIV)
**Cc:** Henry, Terry (CIV)
**Subject:** Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration

Counsel:
In each of your cases in which the parties have not agreed to a stay, the government intends to file a motion for clarification and reconsideration of the Court's November 6, 2008 case management order (and supplemental amended orders, where applicable), or in the alternative, a motion for certification for appeal and to stay certain obligations pending appeal. The basis for this motion is that the November 6, 2008 procedural order is legally inappropriate and unworkable. Please advise if you oppose the motion by noon, ET, on Monday, November 17, 2008. When you respond, please indicate the case number and petitioner to which your response applies. Thank you.

Timothy A. Johnson
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW, Rm 7328
Washington, DC 20530

**EXHIBIT 1**