UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) <br> ) <br> GUANTÁNAMO BAY ) <br> DETAINEE LITIGATION ) <br> ) <br> ) | Misc. No. 08-442 (TFH) <br><br> Civil Action No. 1:06-cv-01668 (HHK) |

<u>UNOPPOSED MOTION ON BEHALF OF PETITIONER<br>
TARIQ BA ODAH FOR EXTENSION OF TIME<br>
TO FILE AUTHORIZATION</u>

Petitioner Tariq Ali Abdullah Ba Odah (ISN 178), through his undersigned counsel, respectfully requests an additional thirty-day extension of time to the Court's July 29, 2008 Order to file a signed authorization or a declaration by counsel regarding Petitioner's authorization for counsel to pursue the action. Petitioner further relies upon the Declaration of James Hosking in Support of the Motion ("Hosking Decl."). Counsel for Respondents has confirmed that they do not oppose the motion.[1] A draft Order is attached for the Court's consideration.

1.    This proceeding was filed in reliance upon an authorization provided by Petitioner's "Next Friend" — Mr. Ba Odah's brother. This authorization specifically empowers counsel to file this proceeding. (Declaration of Siham Nurhussein, Exhibit 1, attached to Hosking Decl. as Exhibit 2.)

---

[1] Counsel have conferred in accordance with their duties under LCvR 7(m). Mr. Andrew Warden, on behalf of Respondents, confirmed by telephone on November 26, 2008, that Respondents do not oppose the motion.

2. Mr. Ba Odah has not yet provided Petitioner's counsel with an authorization that meets the requirements of the Court's July 29, 2008 Order. The reasons for this are as follow.

a. A protective order was not issued in this habeas proceeding until July 21, 2008. A protective order was entered in the separate actions under the Detainee Treatment Act on September 6, 2007; however, the classified portions of the CSRT record (containing the Respondents' purported justification for detaining Petitioner) were not available until April 2008 (and then only in part). It was only at this stage, and having obtained the necessary security clearances, that a trip to Guantánamo Bay by undersigned counsel could be contemplated. Therefore the earliest practical opportunity that counsel had to travel to Guantánamo Bay to meet with Petitioner was May 2008. (Nurhussein Decl. ¶ 2)

b. Prior to the Court's original deadline for filing authorizations, counsel had made two visits to the base. (Nurhussein Decl. ¶ 3) During those visits to Guantánamo counsel were able to meet with Mr. Ba Odah twice but, because of the very limited exposure to Petitioner, counsel did not have a sufficient opportunity to establish the relationship of trust and confidence necessary to obtain a written or oral authorization from Mr. Ba Odah. (Nurhussein Decl. ¶ 12.) This was especially so when one factors in that Petitioner has been incarcerated at Guantánamo for nearly seven years, during which time, upon information and belief, he has been exposed to misinformation, mistreatment and abuse. He has also been the subject of literally hundreds of hours of interrogations.

c. Given this background, and based on the fact that an additional trip to Guantánamo Bay was scheduled for October 8-12, 2008, undersigned counsel filed an

unopposed motion for an additional thirty days from the Court to obtain an authorization from Petitioner, which was granted by the Court. (See Nurhussein Decl. ¶ 5.)

   d. Counsel met with Mr. Ba Odah for a third time on October 11, 2008, for approximately three hours. (Nurhussein Decl. ¶ 8.) During the meeting, Mr. Ba Odah expressed mistrust of the system that has allowed him to be mistreated. (Nurhussein Decl. ¶ 11.) Mr. Ba Odah did express that he would continue to consider the request. (Nurhussein Decl. ¶ 11.)

   e. Based on these and other circumstances, counsel requested an additional thirty-day extension to file the authorization, which was not opposed by Respondents and was granted by the Court. (Hosking Decl. ¶¶ 3, 4.)

   f. Accordingly, James Hosking and Omar Farah, both of Clifford Chance, traveled to Guantánamo on November 12, 2008, to meet with the firm's clients, including Mr. Ba Odah. (Hosking Decl. ¶ 5.)

   g. On the morning of November 13, 2008, Messrs. Hosking and Farah were directed by the habeas escorts to Camp Echo for the purpose of meeting with Mr. Ba Odah. (Hosking Decl. ¶ 6.) Despite submitting a meeting request form (and receiving approval), the JTF was unable to locate Mr. Ba Odah for approximately two hours. (Hosking Decl. ¶ 6.) Messrs. Hosking and Farah were only informed well into the time allotted for the morning session, and after several calls had been made trying to locate Mr. Ba Odah, that in fact he had been transferred from Camp VI to Camp I on the previous evening. (Hosking Decl. ¶ 6.) Camp I is a camp usually used as an isolation clinic and had previously been used as the home for those detainees on long-term hunger strikes. (Hosking Decl. ¶ 6.) Mr. Ba Odah had previously told counsel that he had spent

WA418099.1

many months in near isolation in that camp while being continuously force fed. (Hosking Decl. ¶ 6.) He had found this very psychologically trying. (Hosking Decl. ¶ 6.)

  h. When Mr. Ba Odah finally was located, he sent word that he was not willing to meet with counsel that day. (Hosking Decl. ¶ 7.) Mr. Ba Odah then confirmed this to the officer from the Staff Judge Advocate Corp that brought counsel's written request to meet with him. (Hosking Decl. ¶ 7.) Unfortunately, because of counsel's tight timetable and the logistical complications that come with a base visit, counsel was were unable to schedule another meeting with Mr. Ba Odah for this trip. (Hosking Decl. ¶ 7.)

  i. In subsequent discussions with counsel for another long-term hunger striker, he advised that all six of the long-term hunger strikers were moved to Camp I because of their deteriorating health and because of new stricter rules regarding the conditions of their confinement. (Hosking Decl. ¶ 8.) Mr. Ba Odah is one of those who was moved for this reason. (Hosking Decl. ¶ 8.)

  j. Mr. Ba Odah is one of a few "hard core" hunger strikers who is protesting his unlawful detention by refusing to eat. (Hosking Decl. ¶ 9.) He has not eaten in approximately two years and two months. (Hosking Decl. ¶ 9.) As a consequence, he is subjected to daily forced feeding, which is undeniably an extremely painful and humiliating process. (Hosking Decl. ¶ 9.) Twice daily, Mr. Ba Odah has a feeding tube is inserted through his nose into his stomach. (Hosking Decl. ¶ 9.) As a result, Mr. Ba Odah has complained that he suffers from a wide range of medical problems, including but not limited to damage to his nostrils, digestive tract, kidney, and prostate. (Hosking Decl. ¶ 9.)

WA418099.1

k.      During his last meeting with Clifford Chance attorneys, Mr. Ba Odah complained of debilitating health problems directly attributable to the forced feedings he has endured for almost two years. (Hosking Decl. ¶ 10.) He also reported being subjected to mistreatment by the guards, including being beaten by the Extreme Reaction Force ("ERF"). (Hosking Decl. ¶ 10.) On one recent occasion, Petitioner's back was severely injured. (Hosking Decl. ¶ 10.)

l.      There have previously been indications that Petitioner's hunger strike and the abuse he has sustained have had an impact on his mental state. (Hosking Decl. ¶ 11.) In his last meeting, he had appeared dazed and expressed difficulty remembering details, saying he needed more time to collect his thoughts. (Hosking Decl. ¶ 11.) He had also apparently been on painkillers. (Hosking Decl. ¶ 11.)

m.      Counsel also learned from counsel for one of the other long-term hunger strikers that Mr. Ba Odah does not wish to meet again with a particular Clifford Chance attorney. (Hosking Decl. ¶ 12.) While undersigned counsel were not in the previous meeting, we understand that a colleague had tried to dissuade Mr. Ba Odah from continuing his hunger strike. (Hosking Decl. ¶ 12.) While well-intentioned, this had understandably angered Mr. Ba Odah. (Hosking Decl. ¶ 12.)

n.      Given this unfortunate conflagration of events - Mr. Ba Odah's declining health, his very recent move into the psychologically damaging conditions at Camp I and the and the well-intentioned but tactless comment made by a junior colleague - Mr. Ba Odah's refusal to meet with us is not surprising. (Hosking Decl. ¶ 13.) This, however, was the first time Mr. Ba Odah had refused a visit from Clifford Chance. (Hosking Decl. ¶ 13.) Counsel have every reason to believe that he will meet with us during our next

5

visit. (Hosking Decl. ¶ 13.) We have already informed him of our next visit. (Hosking Decl. ¶ 13.)

   o. Counsel have booked a trip to Guantánamo starting on December 4, 2008 and have requested permission to visit with Mr. Ba Odah on December 6, 2008. (Hosking Decl. ¶ 14.) The focus of that meeting will be to obtain Mr. BaOdah's authorization. (Hosking Decl. ¶ 14.)

  3. Although this is the third such request counsel have made in this matter, our obligation to Mr. Ba Odah requires that we make an additional visit to thoroughly inquire into his health and to confirm that he authorizes Clifford Chance to represent him in these proceedings. If Mr. Ba Odah does not provide the requested declaration this time, counsel will reconsider whether and how to proceed with the petition. (Hosking Decl. ¶ 15.) For these reasons, Petitioner requests an additional thirty days to respond to the Court's July 29, 2008 Order.

## CONCLUSION

WHEREFORE, Petitioner respectfully requests an extension of time until December 28, 2008, to file a notice of authorization or declaration of counsel regarding representation of Mr. Ba Odah.

Dated: November 26, 2008

                Respectfully submitted,

                CLIFFORD CHANCE US LLP


By: _____/s/ Julia Symon_____
    Julia Symon (Bar No. 456828)
    2001 K Street NW
    Washington, DC 20006
    Tel:    (202) 912-5000
    Fax:    (202) 912-6000
    e-mail: julia.symon@cliffordchance.com

    James Hosking
    31 West 52nd Street
    New York, NY 10019
    Tel:    (212) 878-8000
    Fax:    (212) 878-8375
    e-mail: james.hosking@cliffordchance.com

    *Counsel for Petitioner*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | Misc. No. 08-442 (TFH) |
| GUANTÁNAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil Action No. 1:06-cv-01668 (HHK) |
| ) | |

## [DRAFT] ORDER GRANTING UNOPPOSED
## MOTION FOR EXTENSION OF TIME

Upon consideration of Petitioner's Unopposed Motion for Extension of Time and the Declaration of James Hosking in Support, Petitioner's Motion is hereby GRANTED. Petitioner has until December 28, 2008, to file a notice of authorization or declaration of counsel regarding representation of Mr. Ba Odah pursuant to the Court's Order of July 29, 2008.

    IT IS SO ORDERED.

    Dated this ___ day of _____ 2008.

                                              Honorable Thomas F. Hogan
                                              U.S. District Judge

WA418099.1