IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: GUANTÁNAMO BAY ) <br> DETAINEE LITIGATION ) <br> ) | Misc. No. 08-442 (TFH) |
| ) | |
| AMER MOHAMMON, *et al.*, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, *et al.*, ) <br> ) <br> Respondents. ) | Civil Action No. 05-2386 <br> (RBW) |

**PETITIONER MATTAN'S JOINDER IN OPPOSITION TO
RESPONDENTS' MOTION FOR CLARIFICATION AND
RECONSIDERATION OF THIS COURT'S NOVEMBER 6, 2008 CASE
MANAGEMENT ORDER AND SUPPLEMENTAL AMENDED ORDER**

Petitioner (ISN #684) Mohammed Abdullah Taha Mattan ("Petitioner" or

"Mattan"), one of the petitioners in the above-captioned matter, hereby opposes the

Respondents' Motion for Clarification and Reconsideration of this Court's November 6,

2008 Case Management Order and Supplemental Amended Orders or, In the Alternative,

Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292 (b) and to Stay Certain

Obligations Pending Resolution of the Motion and Any Appeal (the "Motion").

Mr. Mattan was arrested, detained, and transferred to Guantánamo Bay, Cuba

nearly seven years ago. During his detention, he has been repeatedly abused, subjected to

coercive interrogation, and denied basic human rights, including any meaningful

opportunity to challenge the charges leveled against him. After this ordeal, Mr. Mattan

simply seeks an opportunity to clear his name, challenge the legality of his detention, and

1

Dockets.Justia.com

slowly begin to rebuild his life.  It is in this context – just as Mr. Mattan nears his long-awaited day in court – that Respondents seek to add to their numerous delays in this matter by filing their ill-founded Motion and, remarkably, calling for even more time, at Mr. Mattan's continued expense.

This Motion, however, should be denied in its entirety.  To avoid needless duplication of arguments articulated by other petitioners in these cases, Mr. Mattan fully incorporates by reference the points and arguments set forth in the following two memoranda filed today with this Court:  Petitioner Sharkawi Abda Ali Al-Haag's "Opposition to Respondents' Motion for Clarification and Reconsideration of this Court's November 12, 2008 Case Management Order." *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1063); *Mohammon v. Bush*, No. 05-2386 (RBW) (D.D.C.) (dkt. no. 722); and "Opposition to the Government's Motion for Reconsideration and Cross Motion to Strike Hayden Declaration and to Transfer this Case Back to the Merits Judge for all Further Proceedings." *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1067); *Ameziane v. Bush*, No. 05-392 (ESH) (D.D.C.) (dkt. no. 121).

In addition to the reasons set forth in the incorporated memoranda, Mr. Mattan avers that the Motion is premature as to him.  The deadlines imposed by this Court's Case Management Order ("CMO") are in large part triggered by Respondents' filing of factual returns.  However, Respondents not filed a factual return for Mr. Mattan nor have they set forth for the Court any specific facts to support their prolonged detention of Mr. Mattan.  As a result, the relevant deadlines that Respondents seek to avoid are not implicated in Mr. Mattan's case.  Moreover, until the Respondents provide Mr. Mattan's

factual return and detail the basis of their charges against him, Mr. Mattan cannot determine the extent and form of discovery that will be necessary to properly rebut these charges.

Mr. Mattan has languished in prison for nearly seven years without charge; enough is enough. Respondents should be ordered to provide the Court and Mr. Mattan with his factual return immediately and be required to comply with the deadlines set forth in the CMO, as modified by Judge Walton, so that Mr. Mattan can finally have his day in court. There is absolutely no justification for Respondents' continued delays, which directly defy the Supreme Court's unmistakable directive as follows:

> While some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody. The detainees in these cases are entitled to a prompt habeas corpus hearing.

*Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008). The Motion should be denied.

WHEREFORE, Mr. Mattan respectfully requests that this Court deny Respondents' Motion.

    Respectfully submitted,

**MOHAMMED ABDULLAH TAHA MATTAN**

| | |
|---|---|
| Jerry Cohen<br>Burns & Levinson LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel: (617) 345-3000<br>jcohen@burnslev.com | By:/s/ Sozi P. Tulante<br>Sozi P. Tulante<br>Hangley Aronchick Segal & Pudlin<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103-6933<br>Tel: (215) 568-6200<br>spt@hangley.com |
| Stewart Eisenberg<br>Weinberg & Garber, PC<br>71 King Street<br>Northampton, MA 01060<br>Tel: (413) 582-6886<br>Buz_e@verizon.net | Gordon S. Woodward<br>Schnader Harrison Segal & Lewis LLP<br>2001 Pennsylvania Avenue, N.W., Suite 300<br>Washington, D.C. 20006-1825<br>Tel: (202) 419-4215<br>gwoodward@schnader.com<br><br>*Attorneys for Petitioner Mohammed Abdullah Taha Mattan* |

Dated November 26, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of November, 2008, a correct copy of the foregoing was served via the Court's e-filing system, which will send notification of such filing to all counsel of record.

                                                          /s/ Sozi P. Tulante
                                                          Sozi P. Tulante