IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE :<br>    GUANTÁNAMO BAY<br>    DETAINEE LITIGATION | Misc. No. 08-442 (TFH) |
| ALI SHAH MOUSOVI, et al.,<br>    Petitioners/Plaintiffs,<br>v.<br>GEORGE W. BUSH, et al.,<br>    Respondents/Defendants. | Civil No. 05-CV-1124 (RMC) |
| HAMID AL RAZAK, et al.,<br>    Petitioners/Plaintiffs,<br>v.<br>GEORGE W. BUSH, et al.,<br>    Respondents/Defendants. | Civil No. 05-CV-1601 (GK) |
| ABDULLAH WAZIR ZADRAN, et al.<br>    Petitioners/Plaintiffs,<br>v.<br>GEORGE W. BUSH, et al.,<br>    Respondents/Defendants. | Civil No. 05-CV-2367 (RWR) |

**MEMORANDUM IN OPPOSITION TO MOTION FOR CLARIFICATION AND
RECONSIDERATION OF THE COURT'S CASE MANAGEMENT ORDER**

Petitioners Wali Mohammed (ISN 560, Case No. 05-CV-1124 (RMC)), Haji Hamidullah

(ISN 1119, Case No. 05-CV-1601 (GK)), Abdul Haq Wasiq (ISN 004), Mohammed Nabi Omari

(ISN 832), Mohammed Zahir (ISN 1103), and Mohammed Rahim (ISN 1104) (Case No. 05-CV-2367 (RWR)) (collectively "Petitioners") hereby oppose the government's Motion for Clarification and Reconsideration of the Court's Case Management Order. The government is yet again, through self-help, seeking delay in meeting obligations it should have been prepared to meet months or years ago. Almost half a year has elapsed since the Supreme Court's admonition that "the costs of delay can no longer be borne by those who are held in custody," *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008). This Court should enforce the provisions of its Case Management Order ("CMO") (which was entered only after extensive briefing, argument and consideration of all relevant factors) and allow the individual Merits Judges to bring these habeas cases to a prompt resolution. This is the proper result for several reasons:

1.     Claiming to be "mindful of the Supreme Court's desire that 'prompt' habeas review be provided to the detainees," the government has filed yet another motion in furtherance of its six-year-old strategy of delay. In so doing, it seeks to reopen procedural points that have already been briefed, argued, considered at length and decided. This Court should deny the government's motion, including its request in the alternative to certify the CMO for yet another interlocutory appeal to the D.C. Circuit, with the lengthy additional delay that such an appeal will entail.

The government has no excuse for its continued, dilatory conduct. Its resistance to the CMO is in keeping with its consistent strategy of obstruction and delay. As Judge Richard J. Leon recently demonstrated in *Boumediene v. Bush*, 04-cv-1166, the only way to resolve these cases fairly and promptly is to hold the government to the Court's deadlines and set a hearing date as quickly as possible.

Petitioners' positions on the government's various objections to the procedural aspects of the CMO are fully set forth in Petitioners' Joint Memorandum of Law Addressing Procedural Framework Issues and Petitioners' Joint Reply Memorandum of Law Addressing Procedural Framework Issues. There is no reason to revisit those arguments in this response, just as there is no reason for this Court to reconsider the CMO. An order is an order and enough is enough.

2. Although the government filed its motion for reconsideration in all cases in which the Court entered the CMO, the motion should be denied or, in the alternative, decided by the individual Merits Judges to whom the cases are assigned.

The government cites Federal Rule of Civil Procedure 54(b) in support of its request for reconsideration of Judge Hogan's CMO. *See* Gvt. Motion at 10 n.7. But that rule provides no basis for reconsideration here. Rule 54(b) governs motions for reconsideration that do not constitute final judgments. *See Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). A court may reconsider an order pursuant to Rule 54(b) when it "has patently misunderstood a party, has made a decision outside the adversarial issue presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court," *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will only consider a motion for reconsideration when the moving party demonstrates "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003). Motions for reconsideration should not be used to "relitigate old

matters." *Niedermeier v. Office of Max. S. Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (addressing Rule 59(e)); *see also Singh*, 383 F. Supp. 2d at 101.

Not a single prong of the standard for reconsideration is met here. Indeed, nothing about the government's motion is at all new. There are no new legal issues presented – all were previously addressed at length in the parties' procedural framework briefs – and the government does not identify any factual or legal issues that Judge Hogan or the Merits Judge misunderstood or overlooked in their respective case management orders. Rather, what the government plainly seeks to do is relitigate on a class-wide basis four central issues that have already been addressed in the parties' procedural framework briefs and resolved by Judge Hogan in the CMO: (1) the breadth of the required search for exculpatory evidence; (2) the provision for automatic discovery of detainee statements relating to the amended factual returns; (3) the requirement that the government provide counsel and the detainees themselves with classified information or "adequate substitutes" for classified information; and (4) the procedures governing the use of hearsay, presumptions in favor of the government's evidence, and the standard for an evidentiary hearing. *See* Gvt. Motion at 2-3.[1]

---

[1] To the extent the government seeks "clarification" of these and other issues, that request is likewise nothing more than an attempt to relitigate those issues on class-wide basis. For instance, on November 20, 2008, the government filed a notice pertaining to its purported compliance with Part I.D.1 of the CMO. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1022) ("Exculpatory Evidence Statement"). The notice stated that the government had complied with the requirement to produce exculpatory evidence to the extent that the CMO was intended to require a search for exculpatory evidence that is no broader than the search previously conducted by the government – an interpretation that conflicts not only with the plain language of the CMO but also with the express orders of Judge Sullivan, Judge Kessler and Judge Walton (who has since stayed the order) requiring a broader search for exculpatory evidence. *See* Gvt. Motion at 5 (acknowledging these contrary orders); Tr. of Status Hearing at 17, *Habishi v. Bush*, No. 05-765 (EGS) (D.D.C. Oct. 30 2008) (discussing obligation of government attorneys to search for exculpatory evidence not in their immediate possession).

Indeed, the government concedes that the issues raised in its motion for reconsideration are the same as the issues addressed in the parties' procedural framework briefs before Judge Hogan: "The issues to be resolved by the Motion for Reconsideration are precisely the types of issues contemplated in the [July 1, 2008] transfer order. Only nine days after the transfer of cases to Judge Hogan, he ordered the parties to brief precisely these issues. The Motion for Reconsideration addresses nothing not addressed in the CMO." *In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1041, at 2). Not a single new fact or legal precedent is cited. This is precisely why the standard for reconsideration is not satisfied. The issues have been decided and the unvarnished truth is that the government simply does not like the result. The CMO contemplates that future rulings in the cases will be decided by the Merits Judges to whom the cases are assigned. The government can raise any specific, legitimate scheduling or other concerns it has with the application of the CMO to the particular petitioners' cases in those fora, after conferring in good faith with counsel for the Petitioners.

3. This Court should likewise deny the government's request for certification of the CMO to the U.S. Court of Appeals for the D.C. Circuit. The CMO does not involve a controlling matter of law because it leaves to the individual Merits Judges the task of determining what classified information can be withheld from Petitioners' counsel, what hearsay will be admitted, what presumptions will be afforded in favor of the government's evidence, and whether an

---

In any case, the government has further acknowledged its failure to provide all exculpatory evidence in its possession. *See* Gvt. Motion at 17 n.14 (admitting failure to produce all detainee denials of government's claims); Exculpatory Evidence Statement at 3 n.1 (admitting failure to produce all detainee denials of government's claims; all agency reports containing exculpatory evidence; and all exculpatory evidence identified after filing of returns). Accordingly, it is Petitioners' position that the government has failed to comply with Part I.D.1 of the CMO, and that this failure does not trigger the time period under Part I.G for Petitioners to file a traverse.

evidentiary hearing is required in a particular case. With respect to discovery requirements, the government is free, after conferring with counsel for Petitioners, to seek exceptions to the CMO in particular cases.[2]

Moreover, an interlocutory appeal at this stage would hinder, and would not advance, the litigation, because the D.C. Circuit would be forced to try to decide procedural questions in the abstract without the benefit of a concrete case. The cases should be decided by the District Court before they are decided by the Court of Appeals. Even if there were some reason to permit an interlocutory appeal here, which there is not, the long delay such an appeal would impose would fall – contrary to *Boumediene*'s command – on the Petitioners. The government would surely like nothing more than another three-year delay while this case is tied up in another interlocutory appeal, but such delay would not serve the ends of justice.

4. Finally, the government's motion should be denied for failure to meet and confer with Petitioners' counsel as required by LCvR 7(m) and the Court's Order of October 28, 2008, which emphasized the parties' obligation to confer on nondispositive motions. The government's only purported effort to meet and confer was its broadcast email to the various counsel representing detainees in these habeas proceedings indicating that the Government intended to file its Motion for Reconsideration. (November 14, 2008 Email chain between Timothy Johnson and Juliet Sarkessian, attached hereto as Exhibit 1.) The government's email did not specify the

---

[2] Indeed, Judge Roberts has scheduled a status conference in Case No. 05-CV-2367 (RWR) for December 5, 2008. And, in light of the government's production yesterday of factual and amended factual returns in Case Nos. 05-CV-1124 (RMC) and 05-CV-1601 (GK), Petitioners in those cases are filing today motions for status conferences before Judges Collyer and Kessler. The issues raised in the government's motion are more appropriately addressed before the Merits Judges.

relief that would be sought in the Motion for Reconsideration and merely described the Case Management Order as being "legally inappropriate and unworkable." (*Id.*)

By return email, counsel for Petitioners responded to the government's email and invited the government to engage in the meet and confer required by LCvR 7(m). (*Id.*) Counsel for the Petitioners requested only that the government provide some more specific statement of the relief being requested, so as to facilitate discussion "to determine if there are any areas of possible agreement." (*Id.*) The government ignored the request by Petitioners' counsel to meet and confer, and instead filed its motion without ever attempting to discuss with counsel.

The government may consider the meet and confer requirement yet another order that it can disregard with impunity, or that may be ignored when inconvenient, but it should be noted that in this case, discussion would likely have borne fruit. By way of example, Petitioners are filing today a status report before Judge Roberts that accepts certain of the government's proposed scheduling modifications to the CMO. These potentially fruitful discussions can and should take place before the individual Merits Judges.

## **CONCLUSION**

For the foregoing reasons the Court should deny the Government's requested relief.

Respectfully submitted,

Dated: November 26, 2008

/s/ *Peter M. Ryan*
Joseph K. Hetrick (*pro hac vice*)
Peter M. Ryan (*pro hac vice*)
Juliet Sarkessian (*pro hac vice*)

Brian R. Decker (*pro hac vice*)
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000

Tara R. Kelly
Attorney #438241
Dechert LLP
1775 I Street, N.W.
Washington, DC 20006
Tel: (202) 261-3329
Fax: (202) 261-3057

Daniel C. Malone (*pro hac vice*)
Dechert LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 698-3500

*Counsel for Petitioners*

# CERTIFICATE OF SERVICE

       I hereby certify that on this 26th day of November, 2008, I caused the foregoing Petitioners' Memorandum In Opposition To Motion For Clarification And Reconsideration Of The Court's Case Management Order to be filed with the Court and served via e-mail on counsel for Respondents as follows:

                Andrew I. Warden
                Andrew.Warden@usdoj.gov
                U.S. Department of Justice
                Civil Division, Federal Programs Branch
                20 Massachusetts Ave, NW
                Washington, DC 20530

                Terry M. Henry
                Terry.Henry@usdoj.gov
                United States Department of Justice
                Civil Division
                20 Massachusetts Avenue, N.W.
                Washington, D.C.  20530

                                        */s/ Abraham Rein*
                                        Abraham Rein