UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION<br><br>MOHAMMED AHMED SAEED HIDAR,<br>a/k/a MOHAMMED AHMED SAID<br>HAIDEL,<br>        Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br>        Respondents. | Misc. No. 08-0442 (TFH)<br><br><br><br>Civil Action No. 05-cv-2386 (RBW) |

**PETITIONER'S OPPOSITION TO RESPONDENTS' MOTION FOR CLARIFICATION
AND RECONSIDERATION OF THIS COURT'S NOVEMBER 6, 2008 CASE
MANAGEMENT ORDER AND SUPPLEMENTAL AMENDED ORDERS OR, IN THE
ALTERNATIVE, MOTION FOR CERTIFICATION FOR APPEAL PURSUANT TO 28
U.S.C. § 1292(B) AND TO STAY CERTAIN OBLIGATIONS PENDING RESOLUTION
OF THE MOTION AND ANY APPEAL**

Introduction

On July 11, 2008, the Court entered a Scheduling Order (Civil Action No. 08-442, Dkt. Entry #53) directing the parties to submit simultaneous briefing on July 25, 2008 concerning the procedural framework that would govern the disposition of the Guantánamo *habeas* petitions. In nearly 100 pages of subsequent briefing, the parties set forth their respective arguments. After fully considering those arguments, the Court on November 6, 2008 entered a Case Management Order establishing a procedural framework (subject to amendment by the Merits Judges) which differed in some respects from that advocated by Respondents.

On November 18, 2008, having failed to convince the Court of the merit of the arguments made in their earlier briefing, Respondents filed the instant Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order and Supplemental Amended Orders or, in the Alternative, Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Certain Obligations Pending Resolution of the Motion and Any Appeal (the "Motion for Reconsideration"). The Motion for Reconsideration should be denied for one or more of several distinct reasons:

1. Respondents utterly failed to comply with Local Civil Rule 7(m) by refusing, despite an express request, to divulge to counsel for Petitioner the nature of the relief they intended to seek through the present motion, thereby making it impossible to engage in a good faith attempt to narrow or resolve the issues raised therein.

2. Respondents have not satisfied the legal standard for a motion for reconsideration. Far from raising any new matter, they merely rehash arguments already made in their July 2008 briefing and previously rejected by the Court.

3. Respondents' motion is not properly before this Court, but should, rather, have been addressed to the respective Merits Judges.

4. Despite express direction from the Supreme Court that the Guantánamo *habeas* cases be heard promptly, Respondents continue at every turn to seek further means of delay.

Respondents' alternative request that the Case Management Order be certified to the Court of Appeals should be rejected (1) because it does not meet the requirements of 28 U.S.C. § 1292(b) and (2) because the issues governed by the Order – relating to the timing and sequence of procedural steps and the scope of discovery – are traditionally and properly confided to the sound discretion of the district courts.

**A. Respondents Failed to Comply with Local Civil Rule 7(m).**

The Motion for Reconsideration should be stricken or denied because Respondents failed to comply with their obligations under Local Civil Rule 7(m) to meet and confer with Petitioner's counsel. Counsel for Respondents not only failed to discuss the motion with counsel

for Petitioner in person or by telephone, as required by the rule, they *refused to divulge the subject matter of the motion* despite Petitioner's specific request that they do so.

Prior to filing their motion, Respondents' counsel notified counsel for Petitioner by e-mail (at 1:27 p.m. on Friday, November 14, 2008) that

> In each of your cases in which the parties have not agreed to a stay, the government intends to file a motion for clarification and reconsideration of the Court's November 6, 2008 case management order (and supplemental amended orders, where applicable), or in the alternative, a motion for certification for appeal and to stay certain obligations pending appeal. The basis for this motion is that the November 6, 2008 procedural order is legally inappropriate and unworkable....[1]

Counsel for Petitioner responded by e-mail at 5:50 p.m. on the same day, requesting Respondents to identify the particular issues that would be addressed in the contemplated motion, so that the parties could engage in the good faith effort to narrow or resolve any areas of dispute that is required by the Local Rule. The e-mail inquired: "on what specific issues do you seek clarification or reconsideration, and what specific relief do you plan to request?"[2]

Counsel for Respondents acknowledge receiving this inquiry, but chose to ignore it, proceeding instead to file this motion without even the courtesy of a response. There can be no clearer instance of a deliberate flouting of Local Civil Rule 7(m).[3]

---

[1] A copy of the Respondents' email is attached hereto as Exhibit 1.

[2] Counsel for Petitioner also noted that "It is impossible to make an informed decision as to whether or not we will oppose the government's motion without knowing its substance" and that "[m]erely asking counsel whether they will oppose a motion without disclosing its content and rationale does not, in my view (or that of many judges) constitute good faith compliance with the 'meet and confer' obligations imposed by local rules." A copy of counsel for Petitioner's email is attached hereto as Exhibit 2.

[3] In their motion, Respondents stated that they initially "contacted" counsel for all Petitioners, without indicating that the means of contact was via email, Respondents' Motion, p. 3, fn. 2, while Rule 7(m) requires that the parties meet and confer either in person or by telephone.

This Court has made clear that Rule 7(m) requires that the parties "try[] in good faith to achieve its objectives," which means they must take "real steps to confer." *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006). Respondents did not meet this obligation because they flatly refused to inform Petitioner of the substance of the contemplated motion or the nature of the relief sought. Respondents' conduct is doubly inexcusable in light of the fact that on October 28, 2008 the Court entered a Minute Order specifically directing counsel's attention to Rule 7(m) and admonishing counsel that "failure to follow the Court's orders and local rules may result in the Court denying motions and striking filings."

Respondents' decision to flout the requirements of Local Rule 7(m) and to ignore the Court's express reminder of its importance should result in their motion being stricken or denied. *Ellipso, supra* (denying motions for failure to comply with 7(m)); *Penobscot Indian Nation v. HUD*, 2008 WL 635740 at *1 (D.D.C. Mar. 5, 2008) (granting motion to strike papers filed in violation of Rule 7(m)); *United States v. Sci. Applications Int'l Corp.*, 555 F. Supp. 2d 40, 47 (D.D.C. 2008) (denying motion to strike, in part, because party "failed to comply with Rule 7(m)").

### B. Respondents Have Failed to Satisfy the Standard for Reconsideration.

Motions for reconsideration are not favored, and that doctrine is reflected in decisions of this Court. While Fed. R. Civ. P. 54(b) permits reconsideration of non-final orders when "justice requires," that standard is met only in narrow and limited circumstances: where the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh v. George Washington University*, 383 F. Supp. 2d 99, 101 (D.D.C.

2005)) (quoting *Corbell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)), *judgment vacated on other grounds*, 508 F.3d 1097 (D.C. Cir. 2007). *See also Isse v. American University*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008); *In Defense of Animals v. NIH*, 543 F. Supp. 2d 70, 75 (D.D.C. 2008).

Respondents not only fail to meet the legal standard governing motions for reconsideration: they do not even refer to it. They make no suggestion that the Court "patently misunderstood" the arguments made during the briefing on the procedural framework, nor does the Case Management Order go beyond the issues briefed by the parties. There have been no controlling or significant changes in the law since the Order was entered. In short, nothing justifies reconsideration of the Order. Indeed, reconsideration is particularly inappropriate in light of the extensive briefing which preceded it and the careful attention that the Court gave to its content. As this Court has repeatedly stated, the "district court's discretion to reconsider a non-final ruling" is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh*, 383 F. Supp. 2d at 101 (quoting *In re Ski Train Fire in Kaprun, Austria, on November 11, 2004*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004)). *See also Isse*, 544 F. Supp. 2d at 30 (quoting *Singh*).

All of the issues raised by the Motion for Reconsideration were fully addressed in the Court-ordered briefing in July 2008. Respondents offer nothing new, and fail to provide any compelling reason to revisit the Court's Case Management Order other than their unhappiness with some of its content.[4]

---

[4] As argued below, to the extent Respondents' motion relates to timing (as opposed to substantive) issues, those issues can be best dealt with by the Merits Judges through scheduling conferences in individual cases. In fact, undersigned counsel for this Petitioner would be happy to discuss with counsel for Respondents possible modifications of the timeline established by the Case Management Order.

If, notwithstanding this fact, the Court decides to entertain Respondents' motion on the merits, Petitioner opposes the substantive relief requested for the reasons previously set forth in Petitioners' briefs on the procedural framework of the case. *See* Pet. Joint Memo. of Law Addressing Procedural Framework Issues (07/25/2008) (Civil Action No. 08-442, Dkt. Entry #206); Pet. Joint Reply Memo. of Law Addressing Procedural Framework Issues (08/01/2008) (Civil Action No. 08-442, Dkt. Entry #231), which are incorporated herein by reference.

Petitioner further respectfully requests that, if the Court is prepared to reconsider any aspect of the Motion for Reconsideration, Petitioner be allowed to present oral argument on such issues.

## C. Respondents' Motion For Reconsideration Is Not Properly Before This Court.

Respondent's Motion for Reconsideration should also be denied because this Court lacks authority to overrule the amended Case Management Orders already entered by the Merits Judges in this and other cases. This Court's original Order expressly invited the Merits Judges to "alter the framework based on the particular facts and circumstances of their individual cases" and to "address procedural and substantive issues not covered in this Order." *See* Case Management Order (Nov. 6, 2008) (Civil Action No. 08-442, Dkt. Entry #940), fn. 1. Acting on this authorization, the Merits Judge for the present petition endorsed this Court's Order but promulgated a number of amendments thereto. *See* Amended Order, 1:05-cv-2386 (RBW) (Nov. 11, 2008) (Dkt. Entry #695) (imposing certain additional substantive obligations as well as different time deadlines).[5] The amended Case Management Order governing the instant petition is thus properly within the purview of the Merits Judge, and Respondents have not shown otherwise. Indeed, the establishment of appropriate time deadlines is a matter inherently tied to

---

[5] Petitioner understands that other Merits Judges have entered a variety of different amendments to this Court's original order.

the particular circumstances of individual *habeas* cases. Similarly, the scope of discovery in each case – beyond that minimal discovery already ordered by this Court – is a matter appropriate for resolution by the Merits Judges.

In short, given the unique circumstances presented by each *habeas* petition, Respondents' request for relief from the presumptive deadlines and other obligations imposed by the Merits Judge's Case Management Order should be resolved by the respective Merits Judges, not by this Court.

### D. Certification for Interlocutory Appeal Is Not Appropriate.

In yet a further attempt to delay adjudication of the merits of Petitioner's *habeas* claim, Respondents move in the alternative that the Case Management Order be certified to the Court of Appeals pursuant to 28 U.S.C. § 1292(b). The Court should reject this invitation.

Section 1292(b) of Title 28 provides, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order....

Certification of issues for interlocutory appeal is rare, and appropriate only when "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996).

As § 1292(b) makes clear, certification for appeal may be granted *only* if there is "a controlling question of law as to which there is substantial ground for difference of opinion." Respondents have identified no such controlling legal questions. Nor could they: the scheduling

and discovery matters governed by the Case Management Order are subjects traditionally and properly confided to the sound discretion of the district court. Scheduling and discovery concerns are *sui generis* in the context of each case, and lie outside the bounds of the strictly legal issues that may be certified for appeal under § 1292(b). *E.g., White v. Nix*, 43 F.3d 374, 377-78 (8th Cir. 1994) ("Because the discretionary resolution of discovery issues precludes the requisite controlling question of law, we hold that appellants' challenge to the district court's balancing of interests involves no controlling question of law.").

## Conclusion

For one or all of the foregoing reasons, the Court should strike or deny Respondents' Motion for Reconsideration.[6]

Dated: November 26, 2008

Respectfully submitted,

/s/ Andrew Loewenstein
Peter B. Ellis, Mass. BBO #153500
Andrew Loewenstein, Mass. BBO #648074
Usha-Kiran K. Ghia, Mass. BBO #666711
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
617.832.1000

*Counsel for Petitioner Mohammed Ahmed Saeed Hidar, a/k/a Mohammed Ahmed Said Haidel (ISN #498)*

---

[6] A proposed order denying Respondent's Motion for Reconsideration is attached hereto as Exhibit 3.

# CERTIFICATE OF SERVICE

I, Usha-Kiran K. Ghia, certify that on November 26, 2008, I electronically filed Petitioner's Opposition to Respondents' Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order and Supplemental Amended Orders or, in the Alternative, Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Certain Obligations Pending Resolution of the Motion and Any Appeal with the Clerk of the Court, using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record registered with the Court.

DATED: November 26, 2008

By: /s/ Usha-Kiran K. Ghia
Counsel for Petitioner