IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:                                              )<br>                                                           )<br>GUANTÁNAMO BAY            )<br>DETAINEE LITIGATION        )<br>                                                           )<br>                                                           )<br>SALIM SAID, *et al.*,              )<br>                                                           )<br>            Petitioners,                  )<br>                                                           )<br>    v.                                                )<br>                                                           )<br>GEORGE W. BUSH, *et al.*,  )<br>                                                           )<br>            Respondents.              ) | Misc. No. 08-442 (TFH)<br><br><br><br><br><br><br><br>Civil Action No. 05-2384 (RWR) |

### PETITIONER'S SUBMISSION IN RESPONSE TO
### JUDGE ROBERTS' NOVEMBER 19, 2008 ORDER

In accordance with this Court's November 19, 2008 Order "to file any proposals to modify the preliminary Case Management Order by November 26, 2008," Petitioner Saad Al Qahtani ("Petitioner" or "Saad"), by his undersigned counsel, respectfully states that Petitioner's counsel believe that Judge Hogan's November 6, 2008 Case Management Order ("CMO") provides a correct, fair, and reasonable determination of the issues that are likely to arise in Saad's habeas corpus proceeding. The issues have been extensively briefed and considered by this Court and Saad's case should now move forward in front of Judge Roberts.

However, Petitioner objects to the Government's omnibus filing of a Notice Pertaining to Production of Exculpatory Information ("Notice") and requests that this Court: (1) order the Government to produce exculpatory evidence in accordance with the CMO (*see* I.D.1), (2) order the Government to file a notice regarding exculpatory evidence that is specific and narrowly

1

tailored to Saad's case, and (3) clarify the deadline for Saad's traverse in light of the fact that the Government filed its Notice *before* even filing and providing to Saad's counsel his Amended Return and before the production of exculpatory evidence.

The Government filed its Notice on November 20, 2008. *See In re Guantanamo Bay Detainee Litigation*, No. 08-442, dkt. 1022 (D.D.C. Nov. 20, 2008). Not only did the Government purport to certify that all exculpatory information has been produced in Saad's Amended Return *before* the Amended Return was actually filed (on November 25, 2008), but the Government's Notice is defective because it is based on an incorrect definition of "exculpatory evidence." The CMO requires that the Government produce "all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner." (CMO, I.D.1.) Instead, the Government's Notice certified (on November 20) that it "had" produced (on November 25) a limited subset of "exculpatory information" based on the Government's own restrictive definition of that term. (*See* Notice at 2-3.) This definition has not been approved by this Court. Accordingly, the Government's Notice is defective, and this Court should order that it comply with the CMO by producing exculpatory evidence and filing a proper notice on or before December 9, 2008.

Second, because the Government inexplicably filed its Notice five days prior to even filing Saad's Amended Return, Petitioner requests clarification as to the deadline for Petitioner's traverse. The CMO ordered that the Government provide all exculpatory information within 14 days of the Amended Return. (*See* CMO, I.D.1.) The CMO also ordered that Petitioner file his traverse within 14 days of the filing of the exculpatory information. (*See* CMO, I.G.) Practically speaking, however, Petitioner cannot begin preparing a traverse until counsel receives the

Amended Return and exculpatory evidence from the Government. Because the Government filed the Amended Return on November 25, 2008, after it allegedly complied with Section I.D.1 of the CMO, Petitioner requests clarification as to the deadline for his traverse and asks that this Court allow Petitioner, at a minimum, 14 days from the filing of the Amended Return and production of exculpatory evidence to file his traverse.

Furthermore, Petitioner's counsel are willing to discuss modifications to the schedule outlined in Judge Hogan's CMO, provided that such modifications are reasonable. Petitioner's counsel propose that the schedule be discussed and agreed upon by the parties at the December 5, 2008 status conference set before Judge Roberts. Prior to that status conference, Petitioner's counsel note their objections to the schedule proposed by the Government in its Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order and Supplemental Amended Orders ("Motion"). As stated in more detail in Petitioner's Opposition to the Government's Motion, filed today before Judge Hogan and this Court, Petitioner's counsel objects to the following schedule modifications proposed by the Government:

1) The Government's proposal that Saad submit a "preliminary traverse" within four weeks after receiving the unclassified return, but *before* receiving any discovery from the Government is unworkable. (*See* SPO at 2, ¶¶ B&C.) To file a "preliminary" traverse without the benefit of discovery is not only inefficient, but leads to unnecessary filings with this Court. Moreover, in Saad's case, an original traverse has already been filed -- so the Government already has received a "preliminary" traverse. Judge Hogan's CMO correctly permits discovery *before* the filing of the traverse.

2) The Government's proposed schedule also provides that discovery proposals may be submitted by "the parties." (*See* SPO at 2, ¶ C.) This language improperly implies an equal entitlement for the Government, not just the petitioners, to propose additional discovery after the filing of the factual return. The Government has had up to seven years of unlimited, one-sided "discovery" in these cases. Instead, the CMO correctly reflects that any additional discovery should be permitted for Saad only and Petitioner objects to any Government request for discovery.

3) The Government proposes (SPO at 2, ¶ E) that once factual returns are filed, the Government will proceed with discovery in only "25 cases per month (coordinated among the various Judges of the Court)." This proposal improperly and impractically seeks to restrict the authority of the Merits Judges to schedule and conduct the proceedings of the individual cases, while imposing an arbitrary cap on the overall rate of progress in these cases. The CMO fairly and reasonably leaves such matters to the individual Merits Judges.

WHEREFORE, for the above reasons, Saad requests that this Court move forward with the proceedings in accordance with the CMO and:

(a) order the Government to produce exculpatory evidence and file a notice that is specific to Saad which certifies that the Government has disclosed the exculpatory evidence as defined in the CMO, or that it does not possess any exculpatory evidence;

(b) clarify the deadline for Saad to file his traverse; and

(c) modify the schedule laid out in the CMO to the extent the Court deems it appropriate.

Dated: November 26, 2008

Respectfully submitted,

　/s/　Patricia A. Bronte
One of the Attorneys for the Petitioners
Saad Al Qahtani

| | |
|---|---|
| David W. DeBruin (DDC Bar No. 337626) | Patricia A. Bronte |
| JENNER & BLOCK LLP | Sapna G. Lalmalani |
| 601 Thirteenth Street, N.W., Suite 1200 | JENNER & BLOCK LLP |
| Washington, DC 20005-3823 | 330 North Wabash Ave. |
| Tel: (202) 639-6000 | Chicago, IL 60611 |
| Fax: (202) 639-6066 | Tel: (312) 923-8357 |
| | Fax: (312) 840-7757 |

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2008, I filed and served the foregoing Petitioner's Submission in Response to Judge Roberts' November 19, 2008 Order to be delivered to the counsel listed below in the above-captioned matter through the CM/ECF system:

>Andrew I. Warden
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue NW
>Washington, D.C. 20530
>
>Terry Marcus Henry
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Avenue NW
>Washington, D.C. 20530

    /s/ Patricia A. Bronte