## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | ) )<br>)  Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY<br>DETAINEE LITIGATION | )<br>)  Civil Action No. 06-1767 (RMU) |

### PETITIONERS' OPPOSITION TO GOVERNMENT'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THIS COURT'S NOVEMBER 6, 2008 CASE MANAGEMENT ORDER AND SUPPLEMENTAL AMENDED ORDERS

Petitioners Mohamed Al-Zarnouqi and Mashour Abdullah Muqbel Alsabri ("Petitioners") hereby oppose the Government's Motion for Clarification and Reconsideration of Judge Hogan's November 6, 2008 Case Management Order and Supplemental Amended Orders (the "Motion").

Petitioners request that the Court deny the Government's Motion and proceed with the November 6, 2008 Case Management Order (the "CMO"). The Government's Motion should be denied for three reasons: (1) the Government failed to meet and confer with Petitioners' counsel as required by Local Rule 7(m); (2) the Motion fails to establish any valid basis for reconsideration; and (3) any issues the Government has with the application of the CMO in this case should be addressed to the Merits Judge.

## I.     THE MOTION SHOULD BE DENIED FOR FAILURE TO MEET AND CONFER.

The Court should deny the Government's Motion because counsel for the Government failed to meet and confer with undersigned counsel as required by Local Rule 7(m). Local Rule 7(m) provides, in pertinent part:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, *either in person or by telephone*, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.

D.D.C. Civ. R. 7(m) (emphasis added). The Court has directed the parties, on two separate occasions, to follow Local Rule 7(m). *See* Minute Orders issued by Judge Hogan on October 24, 2008 and October 28, 2008.

By the Government's own admission, it did not adequately comply with the rule. *See* Gov't Mot. at 3 n.2. The Government notified an undisclosed list of counsel for the detainees, including undersigned counsel, by email that it intended to file the Motion. Not only did the Government communicate with Petitioners' counsel by email, which is neither in person nor by telephone as specified in Local Rule 7(m), but the Government's email was not a good-faith effort to determine whether there was opposition to the relief sought, or to attempt to narrow any areas of disagreement. Without providing any information regarding the arguments it intended to make, or the relief it intended to seek, the Government simply asked whether counsel opposed its Motion. The undersigned counsel responded that, "[w]ithout more information regarding the arguments you will make in your motion and the specific relief you will seek, it is impossible for us to formulate a position on your motion." *See* 11/14/08 Email from Brian Neff to Timothy Johnson, attached as Ex. A. The Government did not respond to this email and, instead, filed the Motion on November 18, 2008.

Failure to comply with the duty to confer requirement is grounds for dismissing the Government's Motion. *See e.g., In re Verizon Internet Servs., Inc.*, 217 F.R.D. 239, 240 (D.D.C. 2003) (denying individual's motion because individual did not comply with duty to confer); *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D 521, 529 (D.D.C. 2006) (finding failure to comply with conference requirement sufficient basis to deny motion). The purpose of Local Rule 7(m) is to promote discussion to narrow the areas of disagreement between the parties. *Abbott GMBH & Co. KG v. Yeda Research & Dev. Co.*, 576 F.Supp. 2d 44,

48 (D.D.C. 2008) (denying defendant's motion when defendant did not provide opposing counsel with an opportunity to narrow the areas of disagreement). Because the Government never explained why it was filing its Motion, or what relief it intended to seek, counsel for Petitioners did not have any opportunity to work with the Government to try to narrow the areas of disagreement or address how they might best be resolved. The Government cannot side-step Local Rule 7(m) simply because it would rather appeal directly to the Court.

## II. THE MOTION SHOULD BE DENIED FOR FAILURE TO STATE ANY VALID BASIS FOR RECONSIDERATION.

The Government cites Federal Rule of Civil Procedure 54(b) in support of its request for reconsideration of the CMO. Gov't Mot. at 10 n.7. But that rule provides no basis for reconsideration here. In general, a court will only consider a motion for reconsideration when the moving party demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003).

The standard for reconsideration is not met here. Nothing about the Government's Motion is particularly new. Rather, the Government attempts to re-litigate central issues previously addressed in the parties' procedural framework briefs and resolved by Judge Hogan in the CMO. This is not what reconsideration is designed to address. There are no new legal issues presented, and the Government does not identify any factual or legal issues that this Court misunderstood or overlooked in the CMO. As a result, the standard for reconsideration is not satisfied.

## III. ANY CONCERNS REGARDING THE CASE MANAGEMENT ORDER SHOULD BE ADDRESSED TO THE MERITS JUDGE.

Issues that arise regarding compliance with the CMO should be raised with the Merits Judge. This Court agreed to accept jurisdiction over all of the *habeas* cases solely for

coordination purposes. The CMO adequately addressed the procedural issues, and at this time it is appropriate for the Merits Judge to assert jurisdiction.

As explained in the CMO, the Merits Judges may alter the framework of the CMO based on the particular facts and circumstances of the individual cases. CMO at 2 n.1. To the extent that the Government genuinely believes that the CMO is problematic, those concerns are best raised with the Merit Judge – in this case, Judge Urbina. The Merits Judge is in the best position to tailor the designated schedules and procedures to individually address the specific needs of this case. For example, to the extent the Government truly has concerns about the production of particular exculpatory evidence, those issues are best resolved by looking at the specific facts and circumstances of this case, not by attempting to address them in the abstract. Any attempt to balance the burdens and national security issues that Respondents raise against the need for Petitioners to have access to information that may justify their release from captivity is likely to be far more calibrated if the specific evidence and professed burdens of producing it are analyzed. Similarly, to the extent the Government has scheduling concerns, those concerns are best raised with the Merits Judge who is ultimately responsible for the prompt resolution of this proceeding, most familiar with his own unique scheduling needs, and best able to resolve any particular disagreements between these particular parties and their counsel. Having the Merits Judge address these issues at this stage in the proceedings will ultimately lead to a more effective and efficient hearing.

The cost of delay borne by Petitioners has been unimaginable. The Government's Motion only serves to raise issues that have already been litigated and further delay Petitioners' hearing. The Government's Motion should be denied it its entirety and the Government should

be ordered to comply with the deadlines set out in the November 6, 2008 Case Management

Order.

Dated: New York, New York
      November 26, 2008

                        Respectfully submitted,

                        Jeffrey S. Jacobovitz (D.C. Bar No. 346569)
                        Beth D. Jacob
                        Donald A. Klein
                        Brian J. Neff
                        Charles H. Peters
                        Schiff Hardin LLP
                        900 Third Avenue
                        New York, NY 10022
                        212.753.5000
                        212.753.5044 (facsimile)
                              and
                        6600 Sears Tower
                        Chicago, IL 60606
                              and
                        1666 K Street, N.W.
                        Washington, D.C. 20006

                        Attorneys for Petitioners