UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY DETAINEE LITIGATION | |
| Ahcene Zemiri, et al., | Court File No: 04-2046 (CKK) |
| Petitioners, | |
| v. | |
| George W. Bush, President of the United States, | |
| Defendants. | |

**AHCENE ZEMIRI'S OPPOSITION TO MOTION FOR RECONSIDERATION**

## Introduction

Petitioner Ahcene Zemiri opposes the government's omnibus motion for reconsideration, certification for interlocutory appeal, and to stay the November 6, 2008 Case Management Order. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (Misc. Docket No. 1004). Individual issues and circumstances dominate Zemiri's case. These issues are best and most efficiently addressed by the individual Merits Judge assigned to Zemiri's case. Granting the government's motion would result in unnecessary delay. Accordingly, the Court should deny the motion and return the case to the Merits Judge for all further proceedings.

**Background**

**I.     Petitioner Ahcene Zemiri.**[1]

Petitioner Ahcene Zemiri ("Zemiri") is an Algerian citizen who has been held in prison by the United States at Guantanamo Bay, Cuba, since early 2002. His petition for habeas corpus was filed in this Court on November 19, 2004. *See* Docket No. 1 (unless otherwise indicated, all references to "Docket No. ___" refer to the docket in Zemiri's individual case, Court File No. 04-2046 (CKK)). Zemiri has been held in near isolation from the world since 2002. He has had only limited correspondence with his family. He has not seen his wife since late 2001. He has never seen their son, Karim, who is now six years old. No charges have ever been filed against him.

**II.    Status of compliance with the Case Management Order and the current procedural posture of Zemiri's case.**

On September 29, 2008, the government filed a notice of filing of proposed amended factual return for Zemiri. *See* Docket No. 92.

On November 6, 2008, this Court issued a Case Management Order ("CMO") to govern the coordinated detainee cases. The CMO resolved many of the issues addressed in the parties' procedural framework briefs, and indicated (at p.2 n.1) that the judges to whom the cases are assigned for final resolution "may alter the framework based on the

---

[1] In the interest of judicial economy, Zemiri includes in his opposition only the facts and issues that are particular to his case. Zemiri does not waive other arguments that may be applicable to his case, and incorporates by reference the oppositions filed by other habeas counsel to the extent their facts or arguments are applicable to Zemiri's case as well.

particular facts and circumstances of their individual cases," and "will address procedural and substantive issues not covered in this [CMO]."

On November 14, 2008, Judge Kollar-Kotelly, the Merits Judge, entered an Order directing the parties in this case to comply with the CMO until further order of the Court and to file a Joint Status Report on November 26, 2008. *See* Docket No. 101 (Kollar-Kotelly, J.). The parties have filed the Joint Status Report as directed. *See* Docket Nos. 108, 109.

That same day, the government (through counsel) sent a broadcast email to detainees' counsel, including Zemiri's lawyers, stating that the government intended to file a motion for clarification and reconsideration of the CMO, or in the alternative, a motion for certification for appeal and to stay certain obligations pending appeal. Zemiri's lawyers sent a reply email, asking the government to telephone Zemiri's lawyers to discuss the motion. The government's lawyers ignored the request and simply filed the motion. On November 21, 2008, this Court stayed various deadlines in the CMO. *See* Docket No. 107.

To date, the government has not filed an unclassified version of the amended factual return as required by ¶ I.C. of the CMO, and Zemiri has not had any opportunity to see or respond to the allegations contained in the classified amended return. Moreover, the government has not disclosed to Zemiri "all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining" Zemiri and has not certified that it has disclosed the exculpatory evidence under ¶ I.D. of the CMO.

Instead, the government filed a document captioned "Notice Pertaining to Production of Exculpatory Evidence," stating that it has disclosed only the exculpatory evidence "encountered in developing returns by the attorneys preparing them . . . ." *See* Docket No. 105 (Nov. 20, 2008). The Notice is defective because it only confirms that it has disclosed whatever exculpatory evidence it happened upon when its newly-recruited attorneys prepared the amended factual returns. It clearly did not search all of the agencies which might have such evidence. Because the Notice is defective, it does not trigger the obligation to file a traverse under the CMO.

On November 18, 2008, the government filed an omnibus "Statement of Legal Justification for Detention." *See* Docket No. 104. The Statement was defective because it did not provide the government's stated legal justification to detain Zemiri, but rather was generic to all detainees.

## Argument

**I.       The government's motion should be denied and the Merits Judge should decide all further matters in Zemiri's case because of the individual circumstances and issues in his case.**

The government's motion should be denied because it fails to address the particular issues and circumstances in Zemiri's case. For instance, Zemiri's lawyers need to discuss an unclassified version of the amended return with Zemiri before they can file an accurate and complete traverse. Zemiri's lawyers have requested to visit Zemiri on January 14, 2009. Assuming the visit request is approved, and subject to court approval, Zemiri anticipates that the parties could stipulate to an extension of the deadlines in the CMO for the unclassified amended factual return and the traverse. A court order on

deadlines in Zemiri's case should take into account the relevant scheduling issues in his case, and the Merits Judge is in the best position to address those issues.

There are also discovery issues that pertain only to Zemiri. In addition to the information and documents referenced in ¶ I.E.1. of the CMO, Zemiri should be granted discovery including but not limited to the following areas:

- All information provided to the government by Canada, including investigative reports, notes, or transcripts, that refer or relate to Zemiri and the alleged LAX plot.

- All information provided to the government by Canada, including investigative reports, notes, or transcripts, that refer or relate to Zemiri's contacts, communications, or relationship with Ahmed Ressam, Mokhtar Haouari, or Abdel Ghani Meskini.

- All information regarding the government's communications with Ahmed Ressam, Mokhtar Haouari, and Abdel Ghani Meskini that refer or relate to Zemiri.

- All information regarding what inducements, promises, or communications the government made to Ahmed Ressam, if any, in exchange for his initial statement about Zemiri.

- All information regarding the bounty paid in exchange for Zemiri.

- All information supporting the government's allegations against Zemiri, including allegations that Zemiri was part of a network supporting subversion in Algeria.
- All exculpatory evidence in accordance with *Brady* and *Giglio*, including "[a]ll exculpatory evidence that is reasonably available to the government and that bears on [Zemiri's] detention." *Zuhair v. Bush*, 08-864 (EGS) (Minute Order dated October 8, 2008). Zemiri maintains that such exculpatory evidence should have been disclosed pursuant to the CMO.

These discovery issues, similar to the scheduling issues, pertain only to Zemiri, rather than the petitioners as a whole.[2] The individual Merits Judge assigned to Zemiri's case is in the best position to address these and other Zemiri-specific issues.

## II. The motion should be denied because the government failed to meet and confer in violation of Local Rule 7(m).

The government failed to meet and confer in violation of Local Rule 7(m). Zemiri's lawyers specifically requested a telephone conference with the government's lawyers and offered to have the conversation at a time convenient for the government. The government did not acknowledge that request or comply with the Local Rule, and instead simply filed the motion.

If the government had complied with Local Rule 7(m) and telephoned Zemiri's counsel, it is likely the parties could have narrowed the areas of dispute. For instance, as

---

[2] Zemiri has raised these issues in the Joint Status Report filed with the Merits Judge.

explained above, the parties likely could have come to agreement on deadlines for the unclassified amended factual return and the traverse. Moreover, because the government failed to meet and confer, it is unclear whether the government would object to Zemiri's discovery requests, and if so, what portions of the discovery requests the government would agree to. The government's failure to abide by Local Rule 7(m) has resulted in unnecessary delay and motion practice. Therefore, the Court should deny the motion.

### III. This Court should deny the government's request for certification of the CMO to the U.S. Court of Appeals for the D.C. Circuit.

This Court should likewise deny the government's request for certification of the CMO to the U.S. Court of Appeals for the D.C. Circuit. The CMO does not involve a controlling matter of law because it leaves to the individual judges the task of determining what classified information can be withheld from Zemiri's counsel, what hearsay will be admitted, what presumptions will be afforded in favor of the government's evidence, and whether an evidentiary hearing is required in a particular case. With respect to discovery requirements, the government is free, after conferring with counsel for Zemiri, to seek exceptions to the CMO in his case.

Moreover, an interlocutory appeal at this stage would hinder, and would not advance, the litigation, because the D.C. Circuit would be forced to try to decide procedural questions in the abstract without the benefit of a concrete case. The cases should be decided by the district court before they are decided by the Court of Appeals. Even if there were some reason to permit an interlocutory appeal here – which there is not – the long delay such an appeal would impose would fall on Zemiri, contrary to the

Supreme Court's command in *Boumedienne*. The prior interlocutory appeal underscores the likely delay. This Court certified its denial of the government's motion to dismiss to the D.C. Circuit on February 3, 2005. That interlocutory appeal was not decided by the D.C. Circuit until February 20, 2007, and it was only on June 25, 2008, that this Court received the mandate after the D.C. Circuit's decision was reversed by the Supreme Court. The government would surely like nothing more than another three-year delay while this case is tied up in another interlocutory appeal, but such delay would not serve the ends of justice.

## Conclusion

For the foregoing reasons, the Court should deny the government's motion and return Zemiri's case to the Merits Judge for all further proceedings.

Dated: November 26, 2008

s/ Nicole M. Moen
James E. Dorsey (MN # 137893)
John W. Lundquist (MN # 65286)
Nicole M. Moen (MN # 329435)
Debra A. Schneider (MN # 313105)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Tel: (612) 492-7000
Fax: (612) 492-7077

Attorneys for Petitioner Ahcene Zemiri

*Representing Petitioner without compensation pursuant to L. Cv. R. 83.2(g)*

4469003_3.DOC