UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | |
| **GUANTANAMO BAY** | ) | |
| **DETAINEE LITIGATION,** | ) | **MISC NO. 08-442 (TFH)** |
| | ) | |
| **SHERIF EL-MASHAD,** *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | **C.A. NO. 05-270** |
| | ) | |
| **GEORGE W. BUSH,** *et al.* | ) | |
| | ) | |
| Respondents, | ) | |

**OPPOSITION TO RESPONDENTS' MOTION FOR CLARIFICATION AND
RECONSIDERATION OF THE COURT'S CASE MANAGEMENT ORDER**

Petitioners Sherif El-Mashad and Algazzar, by counsel, oppose respondents' motion for clarification and reconsideration of the November 6, 2008 Case Management Order in the Guantanamo Cases. Petitioners also adopt the arguments presented in the opposition memoranda filed by the other Guantanamo detainees, and therefore will not repeat each of those arguments here.

In this case, Judge Robertson has not entered any modification to the Case Management Order entered on November 6, 2008 by Judge Hogan's Order. The Respondents' motion, therefore, purports merely to seek "clarification" of Judge Hogan's CMO. Respondents, however, present no basis for "clarification" or reconsideration, but simply rehash arguments they have previously made and considered, even to the extent of reusing parts of their prior briefs. Respondents have made no effort to meet the standards applied to motions for reconsideration. In essence, their "motion" is nothing more than a

complaint that the Case Management Order should be changed because they disagree with it.

Petitioners refer to the opposition briefs submitted by the petitioners in Case Nos. 05-280 and 05-392 and submit that the arguments set forth in those memoranda address the reasons the overall Case Management Order should not be "reconsidered" or modified, and why an interlocutory appeal is inappropriate. The matters addressed in the Case Management Order were fully briefed and addressed by the parties prior to the Court's ruling, and there is no reason for the Court to now revisit old issues.

Nor should the schedule be changed where Respondents made no effort whatsoever to confer with counsel for these Petitioner or for any other detainee. Petitioners would certainly have been willing to consider reasonable modifications to the schedules in their cases, based upon the particular issues in each case. Respondents, however, made no effort to confer, made no proposal for a change in the schedule, and did not respond to the offer of Petitioners' counsel to discuss these matters over the telephone before their motion was filed. Instead, the Respondents simply filed a broad-based, blunderbuss challenge to the Court's order. Respondents should not be encouraged in their repeated efforts to seek delay in these cases, and should be required to begin addressing them as the individual actions that they are.

Respondents also provide no basis for their overly constricted view of exculpatory information. As stated by the other Petitioners in this matter, Petitioners should be provided with full information relating to the Respondent's claims.

Finally, Respondents' motion does not establish a need for or provide a basis for any interlocutory appeal. As the briefs referenced above discuss at length, the Case

2

Management Order addresses discretionary issues of case management that are not properly subject to an appeal. Any appeal would serve only to further delay the consideration of the merits of Petitioner's claims. Respondents' repeated efforts to these proceedings are the *only* thing that Respondents diligently have pursued since these cases were filed. Petitioners have now been held for more than 6 years, and the Respondents continued efforts to impose further delay at every turn is shameful. Their motion should be denied.

**CONCLUSION**

For these reasons, Petitioners respectfully ask the Court to deny Respondents Motion for Clarification and Reconsideration of the Case Management Order.

Dated: November 26, 2008				Respectfully submitted,

_____/s/_____
David G. Dickman, D.C. Bar No. 465010
Amy J. McMaster, D.C. Bar No. 490336
Venable LLP
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000
Fax:(202) 344-8300
cebruce@venable.com
dgdickman@venable.com

Randolph S. Sergent, D.C. Bar No. 486063
Venable LLP
750 East Pratt, Suite 900
Baltimore, MD 21202
Tel: (410) 244-7400
Fax: (410)244-7742
mymirviss@venable.com
rssergent@venable.com

Michael W. Robinson, D.C. Bar No. 437979
Venable LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Tel: (703) 760-1600
Fax: (703) 821-8949
mwrobinson@venable.com

Carol Elder Bruce, D.C. Bar No. 202200
Bracewell & Giuliani, LLP
2000 K. Street, N.W., Suite 500
Washington, DC 20006-1872
Tel:  (202) 828-5809
Fax:  (202) 857-4827
carol.bruce@bgllp.com

*Counsel for Petitioners*