# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION<br><br>_____<br><br>ALKHADR ABDULLAH AL YAFIE and<br>TOFIQ NASSER AWAD AL BIHANI,<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, *et al.,*<br><br>Respondents. | Misc. No. 08-442 (TFH)<br><br><br><br><br>Civil Action No. 05-CV-2386 (RWR) |

### PETITIONERS' OPPOSITION TO THE GOVERNMENT'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S CASE MANAGEMENT ORDER AND SUPPLEMENTAL ORDER

Petitioners Alkhadr Abdullah Al Yafie and Tofiq Nasser Awad Al Bihani ("Petitioners") respectfully submit this opposition to the government's omnibus motion for clarification and reconsideration of Judge Hogan's Case Management Order dated November 6, 2008, and the supplemental order entered by Judge Walton on November 12, 2008 (together, "CMO"). The government's motion should be denied because of (1) the government's failure to meet and confer with Petitioners' counsel as required by LCvR 7(m); (2) the government's failure to establish any basis for reconsideration of the CMO; and (3) the government's failure to address the particular facts and circumstances of Petitioners' cases.

The government's motion is an attempt to further delay the proceedings across the board, without regard to the specific circumstances of each case. For instance, the government seeks to delay proceedings in cases like Petitioner Al Yafie's where the government has not yet released a

924208.1

Dockets.Justia.com

factual return and there is nothing for either Petitioners' or Respondent's counsel to do (pending a modification of the order allowing Respondent to withhold said factual return to the end of production) but wait. Although Petitioners disagree with the government's contention that the CMO is ambiguous and requires clarification, to the extent that the government is uncertain how to apply the CMO in a particular case, it should address its concerns directly with Petitioners' counsel. Petitioners' counsel will gladly discuss the application of the CMO with the government and do the utmost to narrow if not eliminate the areas of dispute prior to bringing such issues to the Court's attention. In fact, as regards the government's motion, Petitioners' counsel attempted to engage with the government via email before it filed its motion but was unsuccessful due to the government's refusal to meet and confer. The undersigned counsel is willing to negotiate in good faith with the government and has never failed to negotiate in good faith with the government regarding any aspect of the CMO that is unclear or problematic.

1. The government's motion should be denied in light of its failure to meet and confer with Petitioners' counsel as required by LCvR 7(m), which provides that:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

Prior to filing its motion, the government superficially heeded LCvR 7(m) by sending an email to counsel for all Petitioners, indicating that the government intended to file its motion for clarification and reconsideration. (Ex. 1, Timothy Johnson's email regarding Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration, dated November 14, 2008.) The government's email did not specify the relief sought and merely described the CMO as "legally inappropriate and unworkable." Petitioners' counsel responded to the government's email,

2

924208.1

stating that it was "practically impossible" to oppose or agree to the government's motion without some idea of the government's proposed alternative. (*Id.*) Petitioners' counsel requested at minimum a proposed draft order to review prior to filing of the motion in order to comply with meet and confer requirements. (*Id.*) However, the government ignored this request and filed its motion on November 17, 2008.

2. The government's motion should be denied for failure to state a basis for reconsideration of the CMO in accordance with the requirements of Federal Rule of Civil Procedure 54(b), which governs motions for reconsideration that do no constitute final judgments and severely limits the bases for reconsideration of a nondispositive order. *See, e.g., Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005); *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal citations omitted) (a court may reconsider a nondispositive order if it "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.)

In general, a court will only consider a motion for reconsideration when the movant demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003) (internal citation omitted). In this instance, the government has not presented any of the elements that would allow this Court to reconsider the CMO. All of the legal issues raised in the government's motion were previously briefed by the parties and decided by the Court as stated in the CMO. The government does not present any new and previously unavailable evidence. Finally, the government does not contend that the

Court clearly erred in formulating the provisions of the CMO. As such, there is no basis for reconsideration of the CMO and the government's motion should be denied. Said differently, Petitioner rests on the arguments set forth in the original briefing of the CMO, arguments that moved the Court to enter the CMO that it did. There is no reason to reconsider the Court's decision and Respondents have shown none.

      3. The government's motion should be denied as premature and unrelated to the particular facts and circumstances of Petitioners' cases. A case-by-case and deadline-by-deadline basis is the only way the Court can fairly and efficiently address the government's purported confusion as to the meaning of the CMO as applied to Petitioners' numerous cases. The different factual circumstances of Petitioner Al Bihani's and Petitioner Al Yafie's cases illustrate how any clarification must be done in consideration of the specific facts of each Petitioner's case.

      On November 25, 2008, Petitioners' counsel was informed that the classified factual return for Petitioner Al Bihani had been submitted to the Court Security Officer. Petitioners' counsel has not yet had an opportunity to review the return, so he is not in a position to address the timing of the government's provision of discovery relating to Petitioner Al Bihani's return. However, once Petitioners' counsel reviews the return, he will make every effort to discuss a reasonable timeframe with the government to the extent the timeframe set out in the CMO is overly burdensome for Respondent. Petitioners' counsel expects that Respondents' counsel will do the same. As to discovery requests, Petitioners' counsel has not made, and does not plan to make, any "blanket" discovery requests; to the contrary, Petitioners' counsel has every intention to submit reasonably targeted discovery requests based on the factual return that Respondents filed. To the extent Respondents end up with a disagreement regarding such discovery, a meet

and confer followed by motions practice is the way to deal with such a disagreement when and if it arises (as it always is in civil litigation).

As regards Petitioner Al Yafie, Petitioners' counsel has been informed that Petitioner Al Yafie has been cleared for release and, based on this Court's order, processing of his factual return therefore has been moved to the end of the line. Petitioners' counsel has no way of knowing when Petitioner Al Yafie's factual return will be made available. Until the return is made available to Petitioners' counsel, the timeframe established in the CMO for the government to provide discovery on the return will not toll. Therefore, it is premature and a waste of the government's and the Court's limited resources to address the timing of discovery responses relating to Al Yafie's return at this time. Petitioners' counsel cannot know what, if any, additional discovery he will seek until he reviews the return. When that time arises, Petitioners' counsel will make every effort to discuss a reasonable timeframe and reasonable requests with the government.

Date: November 26, 2008

Respectfully submitted,

/s/George M. Clarke III
George M. Clarke III
D.C. Bar No. 480073
Miller & Chevalier Chartered
655 15th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 626-1573
Facsimile: (703) 598-5121

924208.1