IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
IN RE:                              )
                                    )
GUANTANAMO BAY                      )   Misc. No. 08-442 (TFH)
DETAINEE LITIGATION                 )
                                    )
_____)
                                    )
MOHAMMEDOU OULD SALAHI              )
     Petitioner/Plaintiff,          )
                                    )
v.                                  )   Civil Action No. 1:05-0569 (JR)
                                    )
GEORGE W. BUSH, et al.,             )
     Respondents/Defendants.        )
_____)

**OPPOSITION TO GOVERNMENT'S MOTION FOR CLARIFICATION
AND RECONSIDERATION OF THIS COURT'S NOVEMBER 6, 2008
CASE MANAGEMENT ORDER AND SUPPLEMENTAL
AMENDED ORDERS**

Petitioner Mohamedou Ould Slahi respectfully submits this opposition to the

government's motion for reconsideration, *see In re Guantánamo Bay Detainee

Litigation*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1004) ("Govt.

Motion"), and the Court's November 20, 2008, Minute Order directing the

detainees to respond to the government's motion by November 26, 2008. Mr.

Slahi asks the Court to deny the government's motion in its entirety, and proceed

1

with the November 6, 2008, Case Management Order (CMO) issued by Judge Hogan so this case can be resolved fairly and expeditiously. Mr. Slahi hereby adopts and joins in all other briefing filed on the issues raised in the government's motion, including both the original briefing on procedural issues filed before Judge Hogan, *see, e.g., In re: Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. 206, 231) and all supplemental briefing filed by other counsel regarding the present government motion to the extent applicable to Mr. Slahi.

This Court has already considered fully all the issues the government raises in its motion for reconsideration and all have been extensively briefed. Therefore, Mr. Slahi will not repeat those arguments here. More importantly, the CMO fairly and correctly resolved the common issues relevant to the habeas corpus hearings. Once the government files its amended factual return in Mr. Slahi's case (which the government is currently two months late in doing), the CMO contains a provision that allows it (or Mr. Slahi for that matter) to seek amendment of that Order if warranted based on the "particular facts and circumstances" of this case. CMO at 2 n.1. Because the government has failed to establish any basis for reconsideration of the CMO much less one based on the particular facts and circumstances of Mr. Slahi's case, the government's motion should be denied. In addition, the government should not be permitted to continue to delay the

2

proceedings in Mr. Slahi's case by pursuing yet another interlocutory appeal to the D.C. Circuit.

I.  **The Government's Motion Should Be Denied for Failure to State Any Basis for Reconsideration.**

The government cites Federal Rule of Civil Procedure 54(b) in support of its request for reconsideration of Judge Hogan's CMO. *See* Govt. Motion at 10 n.7. But that rule provides no basis for reconsideration here.

Rule 54(b) governs motions for reconsideration that do not constitute final judgments. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). A court may reconsider an order pursuant to Rule 54(b) when it "patently misunderstood a party, has made a decision outside the adversarial issue presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will only consider a motion for reconsideration when the moving party demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003) (citation omitted). Motions for reconsideration should not be used to "relitigate old matters." *Niedermeier v.*

*Office of Max. S. Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (addressing Rule 59(e)); *see also Singh*, 383 F. Supp. 2d at 101.

The standard for reconsideration is not met here.  Indeed, nothing about the government's motion is particularly new.  No new legal issues are presented – all were previously addressed at length in the parties' procedural framework briefs – and the government does not identify any factual or legal issues that Judge Hogan misunderstood or overlooked in the CMO.  Rather, what the government plainly seeks to do is relitigate on a class-wide basis four central issues the parties already addressed in their procedural framework briefs and Judge Hogan resolved in the CMO: (1) the breadth of the required search for exculpatory evidence; (2) the provision for automatic discovery of detainee statements relating to the amended factual returns; (3) the requirement that the government provide counsel and the detainees themselves with classified information or "adequate substitutes" for classified information; and (4) the procedures governing the use of hearsay, presumptions in favor of the government's evidence, and the standard for an evidentiary hearing.  *See* Govt. Motion at 1-3.[1]

In proceedings related to the CMO, the government has conceded that the issues raised in its motion for reconsideration are the same as the issues addressed

---

[1] To the extent the government seeks "clarification" of these and other issues, that request is likewise nothing more than an attempt to relitigate those issues on class-wide basis.

in the parties' procedural framework briefs before Judge Hogan: "The issues to be resolved by the Motion for Reconsideration are precisely the types of issues contemplated in the [July 1, 2008] transfer order. Only nine days after the transfer of cases to Judge Hogan, he ordered the parties to brief precisely these issues. The Motion for Reconsideration addresses nothing not addressed in the CMO." *In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1041, at 2). And that is precisely why the standard for reconsideration is not satisfied.

## II. The Government's Motion Should Be Denied for Failure to Meaningfully Confer as Required by Local Civil Rule 7(m).

The government's motion should also be denied because counsel for the government failed to meet and confer with any of Mr. Slahi's counsel as required by Local Civil Rule 7(m). The government made no good faith attempt to determine whether undersigned counsel objected to the requested relief or to narrow the areas of disagreement in this particular case.

On November 14, 2008, counsel for the government sent an email to an undisclosed list of counsel for the detainees, including undersigned counsel, stating that the government intended to move for reconsideration of Judge Hogan's CMO on the ground that it was "legally inappropriate and unworkable." Ex. 1 (attached hereto). The government offered no further explanation. Mr. Slahi's counsel responded to the government's email with a request for a draft of the motion or

clarification regarding the points on which the government sought reconsideration. *Id.* Mr. Slahi's counsel never received a response to that email. As the government concedes in its motion for reconsideration, "[m]any [counsel for the detainees] requested details regarding the motion that the Respondents were not in a position to discuss at the time." Govt. Motion at 3 n.2.

Accordingly, because counsel for the government failed to comply with Local Civil Rule 7(m), the motion for reconsideration should be denied on this basis alone. Rule 7(m) serves important institutional purposes, and the courts should not treat a violation of the rule lightly. *See Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006).

### III. Even if Reconsideration Were Granted, the Requested Relief Should Be Denied in the Context of This Particular Case Involving Mr. Slahi.

The only arguably "new" relief requested by the government includes relief from the deadlines for compliance with the CMO, which the government contends would be unduly burdensome and threaten national security. *See* Govt. Motion at 31. The government also seeks a new schedule for "generalized briefing" regarding a presumption in favor of the government's evidence and the admissibility of hearsay evidence – matters already briefed at length before Judge Hogan. *Id.* In addition, the government seeks a staggered schedule for other proceedings in these cases, which, if accepted, might delay merits hearings in the

detainee cases until the end of 2009 or perhaps early 2010.² Even if reconsideration were granted, which it should not be, these requests should be denied.

As noted above, the government had the opportunity to propose modifications to the CMO in the specific context of this case. Instead, it has attempted to seek a blanket stay of the deadlines set forth in the CMO. In doing so, the government has failed to address whether its proposed modifications are necessary or even relevant in the context of Mr. Slahi's case. For instance, the government argues at length that the CMO's provisions concerning the production of exculpatory evidence and other discovery would be unduly burdensome. *See*, *e.g.*, Govt. Motion at 1-2, 8-10, 15-17. Yet many of the government's complaints in this regard are inapplicable to Mr. Slahi's case given that the government has already compiled all records related to Mr. Slahi in the course of litigating two

---

² The government also proposes for this first time in this case to require each detainee to file a "preliminary traverse" shortly after production of the unclassified return but before any discovery proceeds. Govt. Motion at 31-32. Mr. Slahi objects to such a procedure, which is plainly intended to afford the government a preview of his trial strategies and counter-evidence, and to limit the government's discovery obligations. Judges Sullivan and Leon have already rejected such a procedure in other cases, and this Court should reject it here. *See*, *e.g.*, Tr. of Status Hearing at 17, *Habishi v. Bush*, No. 05-765 (EGS) (D.D.C. Oct. 30, 2008) (Judge Sullivan: "I think that would be inappropriate. I don't think that would be beneficial for the petitioner in this case."); *Sliti v. Bush*, No. 05-429 (RJL) (D.D.C. Oct. 24, 2008 Status Conference); *Ghazy v. Bush*, No. 05-2223 (RJL) (D.D.C. Oct. 23, 2008 Status Conference).

Freedom of Information Act (FOIA) cases filed against the Department of Defense (DoD) and the Federal Bureau of Investigation (FBI). *See Slahi v. Department of Defense*, Civil No. 06-0597 (D.D.C.) (JR); *Slahi v. Federal Bureau of Investigation*, Civil No. 07-2239 (D.D.C.) (JR).[3]

In the course of responding to Mr. Slahi's FOIA requests and in litigating *Slahi v. Department of Defense*, DoD compiled documents from every DoD component[4] and filed two motions for summary judgment which covered all those components. In its second motion for partial summary judgment, which was filed six weeks after the *Boumediene* decision, DoD informed the Court that "all … DoD components that were initially tasked to process plaintiff's FOIA request conducted searches that were reasonably calculated to locate all documents related to plaintiff." *See Slahi v. Department of Defense*, Civil No. 06-0597 (dkt. 35 at 11, 13). In its motion for partial summary judgment and in the declarations attached to support it, the government assured the Court that, consistent with the duty to

---

[3] On August 7, 2008, Judge Robertson *sua sponte* consolidated Mr. Slahi's FOIA cases and stayed them after concluding that they were "seeking the kind of information that would be contained in a factual return in habeas corpus." *Slahi v. Department of Defense*, Civil No. 06-0597 (JR) (D.D.C.) (dkt. no. 13).

[4] Moreover, the documents DoD compiled included many that had originated in other government agencies, such as the Department of State and the Central Intelligence Agency.

8

segregate and disclose all releasable material in FOIA cases, every line of every document in the possession of DoD had been carefully reviewed.

With respect to the case against the FBI, the government's motion for summary judgment was first due July 31, 2008, but then was continued to October 3, 2008,[5] before Judge Robertson stayed the proceeding in light of the reinstatement of Mr. Slahi's habeas case following the *Boumediene* decision. In preparing to write that motion, the government collected and reviewed the documents Mr. Slahi sought to have produced to him, which included all documents the FBI possessed that related to him.

Given the procedural posture of the FOIA litigation and the fact that both DoD and the FBI were required to gather all documents related to Mr. Slahi to defend against his lawsuits, it is simply beyond debate that the government has already segregated those documents and is familiar with their contents. Thus, the government's general complaints about the burden of searching for exculpatory information and other discovery simply do not apply in Mr. Slahi's case. To the extent the government seeks modifications to the CMO on the ground of undue burden, the Court should require the government to propose those modifications in the context of the specific facts and circumstances of *this* case to determine

---

[5] *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 684) (declaration of Sylvia Royce).

whether such modifications are necessary or appropriate, as the CMO currently anticipates.[6]

Further, given that the government is already two months late in filing its amended factual return in Mr. Slahi's case and has provided no new deadline for filing that return, its request to modify the scheduling provisions set forth in the CMO must be denied lest Mr. Slahi be further denied the prompt hearing to which he is entitled and which this Court ordered. On July 11, 2008, Judge Hogan entered a scheduling order requiring the government to produce factual returns in each detainee case on a rolling basis. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 53). Under that scheduling order, the government was required to file any motion to amend its original factual return

---

[6] The government raises other concerns that are also not applicable to Mr. Slahi's case, which is precisely why individualized consideration by the Merits Judge—in this case Judge Robertson—is appropriate. For example, the government questions whether it should be required to produce classified information to counsel for detainees who lack security clearances at the same classification level as the information at issue. But the government fails to consider that Mr. Slahi's counsel have the necessary clearances and also clearly have a "need to know" classified information that is exculpatory or otherwise material to Mr. Slahi's case.

(filed in October 2005) in Mr. Slahi's case no later than August 29, 2008.[7] The government failed to comply with that schedule – which it had proposed – and moved to amend the schedule for production of returns. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 317). Over the objections of Mr. Slahi and other detainees, Judge Hogan granted the government's motion on September 19, 2008, but cautioned that "[g]oing forward . . . the government cannot claim as a basis for failing to meet deadlines imposed by this Court that it simply did not appreciate the full extent of the challenges posed." *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 466, at 6) (internal quotation marks omitted). Pursuant to that extension, the government was required to file any motion to amend by September 30, 2008.

Yet, in Mr. Slahi's case, the government failed to meet this deadline once again, and on September 30, 2008, it sought additional time to file an amended return in his case, seeking leave to file the return out of sequence. *See In re*

---

[7] Mr. Slahi has been been held by or at the behest of the United States government since November 2001 and has been imprisoned at Guantánamo Bay since approximately August 2002. Thus, he has been in United States custody for seven years and has been held at Guantánamo Bay without charge or trial longer than most remaining prisoners. He also has one of the oldest remaining cases, filed in March 2005. Under this Court's July 11, 2008, Order, the government was required to include Mr. Slahi in the first group of fifty cases in which the government was to file any motions to amend.

11

*Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 604). In asking for additional time to file an amended return, the government made no individualized showing of need. On October 31, 2008, the government again sought additional time to file an amended return, although again it made no individualized showing of the need for it. *See In re Guantánamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 917).

The Supreme Court held in *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008) that "[w]hile some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody. The detainees in these cases are entitled to a prompt habeas corpus hearing." Despite that holding and this Court's repeated recognition of the importance of prompt consideration of the detainees' habeas cases, the government has not filed an amended return in Mr. Slahi's case as of the filing of this Response. Further, the government has not provided the Court or Mr. Slahi with a new deadline for filing that amended return, nor did the Court grant the government's motion for a new deadline. The government simply took it upon itself to proceed as though its motion had been granted. In light of this history, the government's request to modify the schedule set forth in the CMO is particularly troubling as granting that request would only further delay the hearing in Mr. Slahi's case.

Thus, in addition to the relief Mr. Slahi seeks in his opposition to the government's repeated requests for extensions of time to file an amended return in his case, this case should proceed in compliance with the deadlines set forth in the CMO, as modified by Judge Robertson if necessary, to ensure that this case proceeds expeditiously. Given the equities at play in this case and its tortured procedural history, the government bears a heavier burden to justify delay than it would in an ordinary civil action. *See Boumediene*, 128 S. Ct. at 2275. Further, the statutory provisions for prompt returns, immediate hearings, and summary disposition of habeas cases expressly require that petitions be heard and decided promptly. *See* 28 U.S.C. §§ 2241, 2243; *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting interests of prisoner and society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotation marks omitted); *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) ("[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy.") (citing cases).

### IV. The Government's Request for Interlocutory Appeal Should Likewise Be Denied.

Mr. Slahi also objects to the government's alternate request to certify these issues for appeal and for a stay pending appeal. There is no legitimate basis for an interlocutory appeal of a case management order pursuant to 28 U.S.C. § 1292(b).

Nor do the issues raised in the government's motion present substantial ground for difference of opinion. The government's suggestion that further appellate litigation in the detainee cases would materially advance the litigation also strains credulity in light of its consistent dilatory tactics. Mr. Slahi has been a prisoner of the United States for nearly seven years without charge or trial and this case should not be stayed or delayed any longer.

Dated: November 26, 2008

                                      Respectfully submitted,

/s/Theresa M. Duncan_____
FREEDMAN BOYD HOLLANDER
GOLDBERG & IVES P.A.
Nancy Hollander, *pro bono*
Theresa M. Duncan, *pro bono*
20 First Plaza, Suite 700
Albuquerque, NM 87102
(505) 842-9960
(505) 842-0761 (facsimile)
nh@fbdlaw.com
tmd@fbdlaw.com

Law Office of Sylvia Royce
Sylvia Royce, *pro bono*
DC Bar Number 924035
5505 Connecticut Avenue NW #340
Washington, DC 20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com


Counsel for Petitioner