IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

IN RE:

GUANTANAMO BAY
DETAINEE LITIGATION

Misc. No. 08-442 (TFH)

---

MUHAMMED KHAN TUMANI and
ABD AL NISR KHAN TUMANI,

        Petitioners,

        v.

GEORGE W. BUSH, *et al.*,

        Respondents.

Civil Action No. 05-526 (RMU)

---

## OPPOSITION TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION, AND CROSS-MOTION TO STRIKE HAYDEN DECLARATION AND TO TRANSFER THIS CASE BACK TO THE MERITS JUDGE FOR ALL FURTHER PROCEEDINGS

Petitioners Muhammed Khan Tumani and Abd Al Nisr Khan Tumani ("Petitioners"), by and through their undersigned counsel, respectfully submit this opposition to the government's omnibus motion for reconsideration. *See In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1004) ("Gvt. Motion"). Petitioners also move to strike the declaration of CIA Director Michael V. Hayden, submitted *in camera* and *ex parte*, *see id* (misc. dkt. no. 1005), and to transfer this case back to Judge Urbina ("Merits Judge") for all further proceedings.[1]

---

[1] The government objects to the motion to strike. As to the motion to transfer, the government's position is that Judge Hogan should address the issues related to the CMO and the motion for reconsideration in all of the coordinated detainee cases, including this case.

Dockets.Justia.com

# PRELIMINARY STATEMENT

Petitioners, a father and son from Syria, have been detained at Guantanamo Bay for nearly seven years without charge. Petitioner Muhammed Khan Tumani, a teenager when he was kidnapped and transferred to Guantanamo, is currently detained in Camp 6 in a cell next to his father, Petitioner Abd Al Nisr Khan Tumani, who is in ailing health. They filed their habeas petition – one of the oldest remaining detainee cases – in March 2005, and have waited over three years for a hearing on the merits. Any further delay in their case means more indefinite detention and will cause them further grievous substantive harm.

In ruling that Guantanamo Bay detainees have a constitutionally-protected right to petition for habeas relief, the Supreme Court held in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008), that "[w]hile some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody. The detainees in these cases are entitled to a prompt habeas corpus hearing." *Id.* at 2275. The detainee cases are now governed by the Habeas Corpus Statute, 28 U.S.C. § 2241 *et seq.*, which sets forth specific guidelines for prompt resolution of these cases.

Yet the plain result of the government's motion for reconsideration is to prolong Petitioners' years-long detention even further. The government's motion is simply the latest tactic in a long-standing strategy to deprive Petitioners and other Guantanamo detainees of any meaningful opportunity to challenge the legality of their detention through habeas. Although Judge Hogan and the Merits Judge each ordered the parties in this case and other detainee cases to proceed on an individualized basis – and, indeed, ordered modifications to Judge Hogan's November 6, 2008 case management order in the context of this particular case – the government made no objection to that mode of proceeding. Rather, now that the courts have ruled, the

2

government seeks to continue litigation essentially on a class-wide basis that is contrary to the courts' orders and serves only to delay consideration of the merits of this case.

The government's motion should be denied for three reasons: (1) because the government failed to meet and confer with Petitioners' counsel as required by Local Civil Rule 7(m); (2) because the motion fails to establish any basis for reconsideration; and (3) because the motion does not address the particular facts and circumstances of this case, which would not warrant the relief sought by the government – *i.e.*, a further indefinite stay – if reconsideration were granted.[2]

Petitioners' cross-motion to strike the classified declaration of CIA Director Michael V. Hayden ("Hayden Declaration") should also be granted, and this case should be transferred back to the Merits Judge for all further proceedings, for the reasons below.

## BACKGROUND

On July 3, 2008, this case was transferred to Judge Hogan for coordination and management pursuant to the Resolution of the Executive Session (D.D.C. July 1, 2008). Petitioners objected to the transfer on the ground that it would delay consideration of the merits of their habeas case. In the nearly five months since then, Petitioners' fears have borne true.[3]

On July 11, 2008, Judge Hogan entered a scheduling order requiring the government to produce factual returns in each detainee case on a rolling basis. The government failed to

---

[2] Petitioners also object to the government's alternate request to certify these issues for appeal and for a stay pending appeal. There is no legitimate basis for an interlocutory appeal of a case management order pursuant to 28 U.S.C. § 1292(b). Nor do the issues raised in the government's motion present substantial ground for difference of opinion. The government's suggestion that further appellate litigation in the detainee cases would materially advance the litigation also strains credulity in light of its consistent, dilatory tactics.

[3] By contrast, all but one of the 23 detainees whose cases have been decided on their merits have been ordered released from Guantanamo Bay. *See* Mem. Op., *Kiyemba v. Bush*, No. 05-cv-1509 (RMU) (D.D.C. Oct. 8, 2008) (ordering 17 Uighur petitioners released into the United States); Mem. Order, *Boumediene v. Bush*, No. 04-cv-1166 (RJL) (D.D.C. Nov. 20, 2008) (ordering five of six Bosnian-Algerian petitioners released).

comply with that schedule – which they had proposed – and moved to amend the schedule for production of returns. *See In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 317). Judge Hogan granted the motion on September 19, 2008, over the detainees' objections, but cautioned that "[g]oing forward . . . the government cannot claim as a basis for failing to meet deadlines imposed by this Court that it simply did not appreciate the full extent of the challenges posed." *Id.* (misc. dkt. no. 466, at 6) (internal quotation marks omitted).[4]

Consequently, Petitioner Abd Al Nisr Khan Tumani's factual return was delayed until September 11, 2008. In both Petitioners' returns, the government also attempted unilaterally to designate all non-classified information in the return as "protected," thus preventing Petitioners themselves from reviewing the information. Indeed, to date, Petitioners have not been able to review a single document contained in their returns or prepare a response to the returns.

In the meantime, Judge Hogan's July 11, 2008 scheduling order also required the parties to submit briefs addressing the procedural framework to govern these cases. *See, e.g., id.* (misc. dkt. nos. 206, 231) (detainee briefs). Those briefs addressed nearly all of the issues raised in the government's omnibus motion for reconsideration, including issues concerning production of exculpatory evidence and other discovery, the admissibility of hearsay evidence, and whether the government's evidence should be afforded any presumptions.

On November 6, 2008, Judge Hogan issued a Case Management Order ("CMO") to govern the coordinated detainee cases. The CMO resolved many of the issues addressed in the parties' procedural framework briefs, and indicated (at p.2 n.1) that the judges to whom the cases are assigned for final resolution "may alter the framework based on the particular facts and

---

[4] Yet the government soon failed to comply once again, and sought further relief from their proposed schedule on October 31, 2008. *See In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 917).

4

circumstances of their individual cases," and "will address procedural and substantive issues not covered in this [CMO]." Subsequently, on November 10, 2008, the Merits Judge in this case entered an order modifying certain provisions of Judge Hogan's CMO and scheduling a status hearing in Petitioners' case for November 25, 2008. *Tumani v. Bush*, No. 05-cv-526 (RMU) (D.D.C.) (dkt. no. 95).

On November 18, 2008, the government filed its omnibus motion for reconsideration, seeking a blanket stay of all detainee cases coordinated before Judge Hogan regardless of the facts and circumstances of the individual cases and the case management orders issued by the Merits Judge in this and other detainee cases, and seeking the opportunity to relitigate issues that were addressed before Judge Hogan in the parties' procedural framework briefs. The government's motion made no mention of Petitioners' case specifically. *See* Gvt. Motion.

On November 21, 2008, Judge Hogan entered an order staying the deadlines in the CMO pending resolution of the government's motion for reconsideration. *See In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1026). In light of Judge Hogan's stay order, the Merits Judge issued an order later that day vacating Petitioners' November 25, 2008 status hearing, but directing the parties in this and other detainee cases before him to submit a joint status report by December 8, 2008 detailing the government's efforts to comply with the CMO, specifically, the provisions relating to unclassified factual returns and exculpatory evidence, and bringing to the court's attention any issues specific to Petitioners' cases. The Merits Judge further ordered that "the Court expects the parties to be prepared to proceed immediately to fulfill the obligations required by paragraphs I.C, I.D, I.E, I.F, II.B, II.C [of the Case Management Order]." *Tumani v. Bush*, No. 05-cv-526 (RMU) (D.D.C.) (dkt. no. 101).

5

## I. THE GOVERNMENT'S BLANKET MOTION FAILS TO PROVIDE ANY BASIS FOR RECONSIDERATION IN THE CONTEXT OF THIS CASE

### A. The Motion Should Be Denied for Failure to Meet and Confer

The government's motion should be denied because counsel for the government failed to meet and confer with undersigned counsel as required by Local Civil Rule 7(m). Simply stated, the government made no good faith attempt to determine whether undersigned counsel objected to the requested relief or to narrow the areas of disagreement in Petitioners' particular case.

On November 14, 2008, after the Merits Judge had issued a supplemental case management order in this specific case, counsel for the government sent an email to an undisclosed list of counsel for the detainees, including undersigned counsel, stating that the government intended to move for reconsideration of Judge Hogan's CMO on the ground that it was "legally inappropriate and unworkable." Ex. 1 (attached hereto).[5] The government offered no further explanation as to why or on what basis it would seek reconsideration, despite counsel for detainees' requests. As the government concedes in its motion for reconsideration, "[m]any [counsel for the detainees] requested details regarding the motion that the Respondents were not in a position to discuss at the time." Gvt. Motion at 3 n.2. Nor did the government specify the cases in which it intended to file the motion for reconsideration, even though detainees' counsel also requested that information.

Accordingly, because counsel for the government failed to comply with Local Civil Rule 7(m), the motion for reconsideration should be denied on this basis alone. Rule 7(m) serves

---

[5] The government stated a similar generic position in filings before individual Merits Judges who had instructed the parties to address any issues concerning Judge Hogan's CMO in the specific cases pending before those Judges. *See, e.g.,* Joint Status Report at 7-8, *Ameziane v. Bush*, No. 05-cv-392 (ESH) (D.D.C. Nov. 17, 2008) (dkt. no. 110).

important institutional purposes, and the courts should not treat a violation of the rule lightly.

*See Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006).[6]

### B. The Motion Should Be Denied for Failure to State Any Basis for Reconsideration

The government cites Federal Rule of Civil Procedure 54(b) in support of its request for reconsideration of Judge Hogan's CMO. *See* Gvt. Motion at 10 n.7. But that rule provides no basis for reconsideration here.

Rule 54(b) governs motions for reconsideration that do not constitute final judgments. *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005). A court may reconsider an order pursuant to Rule 54(b) when it "patently misunderstood a party, has made a decision outside the adversarial issue presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will only consider a motion for reconsideration when the moving party demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003). Motions for reconsideration should not be used to "relitigate old matters." *Niedermeier v. Office of Max. S. Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001) (addressing Rule 59(e)); *see also Singh*, 383 F. Supp. 2d at 101.

---

[6] *See Penobscot Indian Nation v. HUD*, Civ. No. 07-1282 (PLF), 2008 WL 635740, at *1 (D.D.C. Mar. 5, 2008) (order granting motion to strike papers filed in violation of Rule 7(m)); *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 n.19 (D.D.C. 2002) (denying plain-tiffs' motion to lift stay and awarding fees and costs to defendants); *see also United States v. Sci. Applications Int'l Corp.*, 555 F. Supp. 2d 40, 47 (D.D.C. 2008) (denying motion to strike be-cause party "failed to comply with Rule 7(m) and meet its heavy burden in filing its motion to strike").

The standard for reconsideration is not met here. Indeed, nothing about the government's motion is particularly new. There are no new legal issues presented – all were previously addressed at length in the parties' procedural framework briefs – and the government does not identify any factual or legal issues that Judge Hogan or the Merits Judge misunderstood or overlooked in their respective case management orders. Rather, what the government plainly seeks to do is relitigate on a class-wide basis four central issues that have already been addressed in the parties' procedural framework briefs and resolved by Judge Hogan in the CMO: (1) the breadth of the required search for exculpatory evidence; (2) the provision for automatic discovery; (3) the requirement that the government provide counsel and the detainees themselves with classified information or "adequate substitutes" for classified information; and (4) the procedures governing the use of hearsay, presumptions in favor of the government's evidence, and the standard for an evidentiary hearing. *See* Gvt. Motion at 2-3.[7]

---

[7] To the extent the government seeks "clarification" of these and other issues, that request is likewise nothing more than an attempt to relitigate those issues on class-wide basis. For instance, on November 20, 2008, the government filed a notice pertaining to its purported compliance with Part I.D.1 of the CMO. *See In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1022) ("Exculpatory Evidence Statement"). The notice stated that the government had complied with the requirement to produce exculpatory evidence to the extent that the CMO was intended to require a search for exculpatory evidence that is no broader than the search previously conducted by the government – an interpretation that conflicts not only with the plain language of the CMO but also with the express orders of Judge Sullivan, Judge Kessler and Judge Walton (who has since stayed the order) requiring a broader search for exculpatory evidence. *See* Gvt. Motion at 5 (acknowledging these contrary orders); Tr. of Status Hearing at 17, *Habishi v. Bush*, No. 05-765 (EGS) (D.D.C. Oct. 30 2008) (discussing obligation of government attorneys to search for exculpatory evidence not in their immediate possession); Case Management Order at 3, *Taher v. Bush*, No. 06-cv-1684 (D.D.C. Nov. 17, 2008) (GK) (dkt. no. 77) (ordering government to disclose to Petitioner "all reasonably available [exculpatory] evidence in its possession or that the Government can obtain through reasonable diligence, and to "notify Petitioner of the existence of any [exculpatory] evidence within its actual knowledge but not within its possession or capable of being obtained through reasonable diligence"). In any case, the government has further acknowledged its failure to provide all exculpatory evidence in its possession. *See* Gvt. Motion at 17 n.14 (admitting failure to produce all detainee denials of government's claims); Exculpatory Evidence Statement at 3 n.1 (admitting failure to produce all detainee denials of government's claims; all agency reports containing exculpatory evidence; and

8

In the context of other detainee cases, the government has conceded that the issues raised in its motion for reconsideration are the same as the issues addressed in the parties' procedural framework briefs before Judge Hogan: "The issues to be resolved by the Motion for Reconsideration are precisely the types of issues contemplated in the [July 1, 2008] transfer order. Only nine days after the transfer of cases to Judge Hogan, he ordered the parties to brief precisely these issues. The Motion for Reconsideration addresses nothing not addressed in the CMO." *See, e.g., In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C.) (misc. dkt. no. 1041, at 2). And that is precisely why the standard for reconsideration is not satisfied.

### C. Even if Reconsideration Were Granted, the Requested Relief Should Be Denied in the Context of This Particular Case

The only arguably "new" relief requested by the government includes relief from the deadlines for compliance with the CMO, which the government contends would be unduly burdensome and threaten national security. The government specifically asks the courts to set a schedule for production of unclassified returns, which would require production of an unclassified return in this case by December 12, 2008. *See* Gvt. Motion at 31. The government also seeks a new schedule for "generalized briefing" regarding a presumption in favor of the government's evidence and the admissibility of hearsay evidence – matters already briefed at length before Judge Hogan. *Id.* In addition, the government seeks a staggered schedule for other proceedings in these cases, which, if accepted, might delay merits hearings in the detainee cases

---

all exculpatory evidence identified after filing of returns). Accordingly, it is Petitioners' position that the government has failed to comply with Part I.D.1 of the CMO, and that this failure does not trigger the time period under Part I.G for them to file traverses.

9

until the end of 2009 or perhaps early 2010.[8] Even if reconsideration were granted, which it should not be, these requests should be denied.

The government had the opportunity to propose modifications to the CMO in the context of this case, including before or during the now vacated status hearing that had been scheduled for November 25, 2008. Instead, they have attempted to seek a blanket stay of the deadlines set forth in the CMO. In doing so, the government has failed to address whether its proposed modifications are necessary or relevant in the context of this particular case. For instance, the government argues at length about the burden of complying with the CMO's provisions relating to discovery and exculpatory evidence, but much of the discovery Petitioners' counsel currently contemplates for this case is specific and discernable, including information about a certain Guantanamo Bay detainee who allegedly made incriminating statements about Petitioners and provided information on over 60 other detainees, and whose testimony the military itself has found unreliable.[9] Such focused discovery requests would not send the government on the "open-ended searches" about which it raises alarm.

---

[8] The government also proposes for this first time in this case to require each detainee to file a "preliminary traverse" shortly after production of the unclassified return but before any discovery proceeds. Gvt. Motion at 31-32. Petitioners object to such a procedure, which is plainly intended to afford the government a preview of his trial strategies and counter-evidence, and to limit the government's discovery obligations. Such a procedure has already been rejected by Judge Sullivan and Judge Leon in other cases, and should be rejected here. *See, e.g.*, Tr. of Status Hearing at 17, *Habishi v. Bush*, No. 05-765 (EGS) (D.D.C. Oct. 30 2008) (Judge Sullivan: "I think that would be inappropriate. I don't think that would be beneficial for the petitioner in this case."); *Sliti v. Bush*, No. 05-429 (RJL) (D.D.C. Oct. 24, 2008 Status Conference); *Ghazy v. Bush*, No. 05-2223 (RJL) (D.D.C. Oct. 23, 2008 Status Conference).

[9] According to the unclassified record of Petitioner Muhammed Khan Tumani's Combatant Status Review Tribunal in 2004, Petitioner's Personal Representative questioned the veracity of this detainee's testimony, finding that he had provided information on over 60 detainees who came from varying countries and backgrounds and were in widely separate areas of Afghanistan, and that the idea that this individual would know all of these detainees by sight and name "strains the imagination." The Personal Representative also found this individual indicated that he saw Petitioner at a training camp in April 2001, while "[a]ll documentary evidence indicates

To the extent the government seeks modifications to the CMO, the Court should require the government to propose those modifications in context of the specific facts and circumstances of this case to determine whether such modifications are necessary or appropriate. In addition, by moving away from generalized concerns that may not be relevant to this case, that approach will likely result in this case proceeding more quickly and efficiently to proceedings on its merits.

In the meantime, the government should be required to proceed in compliance with the deadlines set forth in the CMO, as modified by the Merits Judge, to ensure that this case proceeds expeditiously. Because this is a habeas case, the government bears a higher burden to justify delay than it would in an ordinary civil action. *See Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008) ("While some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody."); *see also Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (noting standard of review of district court decision to stay habeas proceeding "is somewhat less deferential than the flexible abuse of discretion standard applicable in other contexts"). The statutory provisions for prompt returns, immediate hearings, and summary disposition of habeas cases expressly require that petitions be heard and decided promptly. *See* 28 U.S.C. §§ 2241, 2243; *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) (noting interests of prisoner and society in "preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement") (internal quotation marks omitted); *Yong*, 208 F.3d at 1120 ("[H]abeas proceedings implicate special

---

that [Petitioner] was not in Afghanistan until July 2001." The Personal Representative concluded that the testimony of this individual "should not be relied upon." Respondents' Factual Return to Petition for Writ of Habeas Corpus by Petitioner Muhammed Khan Tumani (portion of the record suitable for public release), "PR Comments on the results of the Tribunal for #312" at 23 (filed Aug. 18, 2005).

considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy.") (citing cases).

Petitioners have been in prison for nearly seven years without charge or trial and their case should not be stayed any longer.

## II. THE COURT SHOULD STRIKE THE HAYDEN DECLARATION

While the government unquestionably has a substantial interest in preventing the unauthorized disclosure of classified information, it should not be permitted to rely on secret evidence to delay Petitioners' habeas hearing any more than it should be permitted to offer secret evidence in support of Petitioners' detention at a habeas hearing. The government submitted the Hayden Declaration to the court *in camera* and *ex parte*, and has denied even counsel with "Top Secret//SCI" security clearances from reviewing the declaration.[10] The Court should strike the Hayden Declaration.

The Supreme Court was clear in *Boumediene v. Bush* that an "adversarial character" is necessary to habeas proceedings. *See* 128 S. Ct. 2229, 2273 (2008). The submission and consideration of a secret declaration deprive Petitioners – and the courts – of the benefits of the adversarial process in habeas. *Cf. Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007) ("We think it clear that this court cannot discharge its responsibility . . . unless a petitioner's counsel has access to as much as is practicable of the classified information regarding his client. Counsel simply cannot argue, nor can the court determine, whether a preponderance of the evidence supports the [government's] status determination without seeing all the evidence."). And to the

---

[10] On November 19, 2008, attorneys at the Center for Constitutional Rights who hold security clearances at the "Top Secret//SCI" level requested permission to review the Hayden Declaration at the Secure Facility SCIF. The government denied their request without explanation.

12

extent the government seeks to delay this case based even in part on the Hayden Declaration, that declaration effectively denies Petitioners habeas relief.

Moreover, the government should not be permitted to rely on an *ex parte* classified document without establishing good cause to believe that disclosure of the secret information to security-cleared counsel for the detainees would actually threaten national security. The mere invocation of "national security" is insufficient to prolong the already indefinite detentions of Petitioners or the other detainees. Nor would absolute judicial deference on such matters of national security be consistent with the separation of powers. *See Coldiron v. DOJ*, 310 F. Supp. 2d 44, 53 (D.D.C. 2004) ("No matter how much a court defers to an agency, its review is not vacuous. An agency cannot meet its burden of justifying non-disclosure simply by invoking the phrase 'national security.'") (citations and internal quotation marks omitted); *Boumediene*, 128 S. Ct. at 2277 ("Security subsists, too, in fidelity to freedom's first principles. . . . Within the Constitution's separation-of-powers structure, few exercises of judicial power are as legitimate or as necessary as the responsibility to hear challenges to the authority of the Executive to imprison a person.").

## III. THIS CASE SHOULD BE TRANSFERRED TO THE MERITS JUDGE FOR ALL FURTHER PROCEEDINGS

This case was initially transferred to Judge Hogan for coordination and management, including extensive briefing on the procedural framework for adjudicating detainee habeas cases. The CMO established a framework to govern these cases, and indicated that the judges of this court may alter that framework based on the particular facts and circumstances of their individual cases. That is exactly what the Merits Judge in this case has already begun to do. Proceeding on an individual case-by-case basis is the only practical way that the detainee cases will be resolved expeditiously as required by *Boumediene* and the Habeas Corpus Statute. Accordingly,

Petitioners request that this case be transferred back to the Merits Judge for all further proceedings. If there are issues that need to be addressed after the parties in the cases pending before the Merits Judge submit their joint status report on December 8, 2008, the Merits Judge is best suited to address those issues in the context of this case and ensure that this case is resolved as expeditiously as possible.

Date: New York, New York
November 26, 2008

Respectfully submitted,

/s/ Pardiss Kebriaei
Pardiss Kebriaei (Pursuant to LCvR 83.2(g))
Gitanjali Gutierrez (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6452
Fax: (212) 614-6499

*Counsel for Petitioners*

# EXHIBIT 1

## Pardiss Kebriaei

| | |
|---|---|
| **From:** | Johnson, Timothy (CIV) [Timothy.Johnson4@usdoj.gov] |
| **Sent:** | Friday, November 14, 2008 1:26 PM |
| **To:** | Johnson, Timothy (CIV) |
| **Cc:** | Henry, Terry (CIV) |
| **Subject:** | Meet & Confer wrt 08-0442 Motion for Clarification and Reconsideration |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Counsel:
In each of your cases in which the parties have not agreed to a stay, the government intends to file a motion for clarification and reconsideration of the Court's November 6, 2008 case management order (and supplemental amended orders, where applicable), or in the alternative, a motion for certification for appeal and to stay certain obligations pending appeal. The basis for this motion is that the November 6, 2008 procedural order is legally inappropriate and unworkable. Please advise if you oppose the motion by noon, ET, on Monday, November 17, 2008. When you respond, please indicate the case number and petitioner to which your response applies. Thank you.

Timothy A. Johnson
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW, Rm 7328
Washington, DC 20530

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | : <br>:<br>:<br>:<br>:<br>:<br>: | Misc. No. 08-442 (TFH) |
| MUHAMMED KHAN TUMANI and<br>ABD AL NISR KHAN TUMANI,<br><br>            Petitioners,<br><br>        v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>            Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 05-526 (RMU) |

## [PROPOSED] ORDER

Having considered the submissions of the parties in the above-captioned matter, the Court rules as follows:

For the reasons set forth in Petitioners' cross-motion to strike the declaration of CIA Director Michael V. Hayden, submitted *in camera* and *ex parte* (misc. dkt. no. 1005), the motion is hereby GRANTED, and it is FURTHER ORDERED that the declaration shall not be considered in connection with Respondents' Motion for Clarification and Reconsideration of This Court's Nov. 6, 2008 Case Management Order (Dkt. 1004) in the Guantanamo Bay habeas cases;

It is FURTHER ORDERED that the Respondents' Motion for Clarification and Reconsideration of This Court's Nov. 6, 2008 Case Management Order (Dkt. 1004) is DENIED;

It is FURTHER ORDERED that the Respondents' alternative Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Certain Obligations Pending Resolution of the Motion and Any Appeal (Dkt. 1004) is DENIED; and

It is FURTHER ORDERED that this case be transferred back to Judge Urbina for all further proceedings.

SO ORDERED, this ___ day of _____ 2008, at Washington, D.C.

_____
United States District Judge