## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: <br> GUANTANAMO BAY <br> DETAINEE LITIGATION | Misc. No. 08-442 (TFH) |
| HANI SALEH RASHID ABDULLAH, et al., <br><br> *Petitioners*, <br><br> v. <br><br> GEORGE W. BUSH, et al., <br><br> *Respondents*. | Civil Action No. 05-0023 (RWR) |

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION FOR EXPEDITED CONSIDERATION AND TO SHORTEN TIME TO RESPOND**

Respondents hereby submit this memorandum in opposition to petitioner Hani Saleh Rashid Abdullah's motion to expedite consideration and shorten time to respond (dkt. no. 159 in 05-cv-0023) ("Motion to Expedite") to his motion for leave to take discovery (dkt. no. 158 in 05-cv-0023) ("Motion for Leave"). The Motion for Leave requested the Court to require the government to produce certain discovery ("Requested Discovery") within 14 days.[1] Because petitioner overstates the urgency of his request and understates the complexities of the underlying issues (and the associated burden to the government), the Court should deny the Motion to Expedite.

On November 6, 2008, the Judge Hogan entered a Case Management Order ("CMO") that provided, among other things, for limited discovery for good cause. (Dkt. 940 in

---

[1] The Motion for Leave, filed with the Court Security Officer on November 28, 2008, is classified Secret.

08-m-0442) at ¶ I.E.2.  On November 18, the Government moved for reconsideration and clarification of the CMO, for certification for interlocutory appeal should the motion for reconsideration and clarification be denied, and for a stay of certain Government obligations under the CMO pending the resolution of the motion and any appeal.  (Dkt. 1004 in 08-m-0442) ("Motion for Reconsideration").  On November 21, Judge Hogan stayed several of the government's obligations under the CMO, including those of ¶ I.E.2, pending resolution of the Motion for Reconsideration.  (Dkt. 1026 in 08-m-0442).[2]  Seven days after that stay went into effect, petitioner filed the Motion for Leave.  Five days after *that*, he filed the Motion to Expedite.

Petitioner seeks last-minute, expedited review of a motion for leave to take discovery during a time when the government's obligations have been stayed and the very framework under which these cases will be litigated is under further consideration.  The circumstances he presents to justify this extraordinary request do not, in fact support it.  With respect to the due date of petitioner's traverse, at the December 3, 2008 status conference, respondents already indicated their willingness to postpone the traverse pending resolution of the CMO issues.  Furthermore, the logistical difficulties in arranging communications with petitioner are overstated and apply to most or all of the other petitioners in the Guantanamo cases.  Moreover, there are far better ways to accommodate any such circumstances than to except this single petitioner from the consolidated reconsideration of the CMO and consideration of discovery requests under the resulting framework established for these cases.  For example, in the event it is appropriate for counsel to speak with petitioner after the resolution of the motion for leave

---

[2] Oral arguments on the Motion for Reconsideration are scheduled for Wednesday, December 10.

under the reconsidered CMO, arrangements to do so remotely by secure telephone from the Secure Facility can be made in the event that counsel cannot make arrangements to travel to Guantanamo.[3]

The lack of real urgency underlying the Motion for Leave is further demonstrated by petitioner's inexcusable timing. The Motion for Leave was not filed until 60 days after petitioner's counsel received the information that prompted him to seek the Requested Discovery. Rather than filing the Motion to Expedite when he filed the Motion for Leave, he waited until just two hours *after* the status conference on Wednesday, December 3 – and after telling the Court that there were no other matters to address at that conference – to confer with respondents and file the Motion to Expedite. Not only does petitioner seek to cut in half the total amount of time available to respondents to oppose the Motion for Leave, he waited until five of the seven days of his proposed expedited schedule had passed to request this schedule acceleration. Respondents went about preparing to respond to the Motion for Leave – preparation that has been disrupted by the need to respond to the Motion to Expedite – based on their reasonable expectation that their response would be due Friday, December 12. *See* Local R. 7(b); Fed. R. Civ. P. 6(d).

Government counsel need to time to properly confer with respondents (and their representatives) on the many issues raised by the Motion for Leave before responding to it. Further, many of the underlying legal issues arising from the Motion for Leave – including the appropriateness of *any* discovery in constitutional habeas cases – are currently before Judge Hogan as part of the Motion for Reconsideration. It makes more sense to delay consideration of

---

[3] The Department of Defense has established several secure telephones lines from the Secure Facility to Guantanamo for use by habeas counsel to communicate in a privileged fashion with represented detainees in appropriate circumstances.

3

the Motion for Leave until after resolution of those outstanding legal issues than to rush to judgment on this discovery request that lacks any real urgency.

* * *

Because petitioner overstates the urgency, and understates the complexity, of the issues raised by his Motion for Leave, respondents respectfully request that the Court deny the Motion to Expedite and at a minimum allow the government the full time granted by the Local Rules (until Friday, December 12) to respond to the Motion for Leave.

Dated: December 5, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

  /s/ Robert J. Prince
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL AHERN
DAVID P. AVILA
ROBERT J. PRINCE (D.C. Bar No. 975545)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 305-3654

Attorneys for Respondents