

FILED WITH THE
COURT SECURITY OFFICE
CSO: [signature]
DATE: 11/20/08

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GUANTANAMO BAY ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION ) | |
| _____) | |
| HANI SALEH RASHID ABDULLAH, ) | |
| *et al.*, ) | |
| ) | |
| *Petitioners*, ) | |
| ) | |
| *v.* ) | Civil No. 05-0023 (RWR) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| *Respondents*. ) | |
| _____) | |

**PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR IDENTIFICATION OF
WITNESS WHOSE NAME HAS BEEN WITHHELD**



1. Respondents resist identification on the spectacularly obtuse ground that the government did not rely on the witness's statement in concluding that Petitioner is an enemy combatant. This, the government supposes, eliminates its duty to provide relevant exculpatory evidence. If such a notion of "exculpatory" evidence ever were countenanced this *habeas* proceeding would be seriously mutilated. This is rather like refusing to disclose a negative eyewitness line-up result to the accused on grounds that the prosecution does not intend to offer the damaging result as a part of its own case. It is laughable. Nonetheless, such a view is the essential undergirding of Respondent's incantation that the identification issue is not directly drawn in question by the amended factual return and thus need not be provided.

There is no requirement that the exculpatory evidence be tied to, or contradict, a direct averment of the return, however. If there were, of course, Respondent could "plead around" a bit of damaging evidence in favor of the prisoner and thereby evade the duty to provide such by not including it in the return. Such an unworthy course of conduct should not be encouraged.

Finally, Respondents confuse what is exculpatory with what is a direct denial of an averment in a return. The analogy here would be the difference between a denial of a return's averment and an affirmative defense thereto which might provisionally accept the return's allegations but set out further facts, not appearing on the face of the return, that avoid its force . *See* Rule 8(c) Fed. Rules Civ. Proc. This familiar distinction seems to be unknown to Respondents.

2. Next, Respondent pleads "burden" but never adduces a single fact in support. What burden is involved in identifying a witness? We may never know, as the government does not explain, except to state that a different approval route is needed for "sensitive compartmentalized information." The existence of such an approval route hardly establishes any burden, but rather seems designed to frighten judges or distract them from assessing any burden or lack thereof.

3. In our motion, we referred to the *Bismullah* case in the Circuit as recognizing the government's duty under the DTA to turn over as part of the CSRT record exculpatory evidence. The court said this was required under the DOD's own regulations. Respondents vigorously deny the applicability of *Bismullah* because it was a special review proceeding, not *habeas*, all the while ignoring the DOD regulation and the DTA it interpreted, which requires turnover of exculpatory evidence. "…the DTA requires that the record on review include

all the Government Information" including exculpatory information.. *Bismullah* II (D.C. Circuit, No 06-1197, Dec. October 3, 2007, Slip Op. at 6.) The DOD regulation it construed require production of exculpatory material to the prisoner. Thus *Bismullah* recognized entitlement to the materials here sought.

4. Respondents also suggest the motion be denied on grounds the court has not yet ruled on a broader motion seeking to allow counsel to view the ███████████████████████████████ The present motion is narrower, however, and cannot reasonably be regarded as "recycling" earlier requests still pending. In any event this material is also required by the Case Management Order of Judge Hogan and this court's amendments thereto entered yesterday.

## CONCLUSION

For the foregoing reasons the motion should be granted.

Respectfully submitted,

/s/ Stephen M. Truitt

| | |
|---|---|
| Shayana Kadidal (DC # 454248)<br>CENTER FOR CONSTITUTIONAL RIGHTS<br>666 Broadway, 7th Floor<br>New York, New York 10012<br>Tel: (212) 614-6439<br>Fax: (212) 614-6499<br><br>Of Counsel for Petitioner<br><br><br>Dated: November 20, 2008 | Stephen M. Truitt (DC # 13235 )<br>600 Fourteenth Street, N.W.<br>Suite 500, Hamilton Square<br>Washington, DC 20005-2004<br>Tel: (202) 220-1452<br>Fax: 202 220 1665<br><br>Charles H. Carpenter (DC #432004)<br>William J. Bethune (DC # 66696)<br>PEPPER HAMILTON LLP<br>600 Fourteenth Street, N.W.<br>Suite 500, Hamilton Square<br>Washington, DC 20005-2004<br>Tel: (202) 220-1507<br>Fax: (202) 220-1665<br><br>*Counsel for Petitioners* |

# CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2008, I copies of the foregoing Petitioner's Reply In Support Of Motion For Identification Of Witness Whose Name Has Been Withheld were hand-delivered to the Court Security Officer who will serve the following persons when the document has been determined unclassified.

>   Terry Henry, Esq., Senior Trial Attorney
>   Andrew I. Warden, Esq., Trial Attorney
>   U.S. Department of Justice
>   Civil Division, Federal Programs Branch
>   20 Massachusetts Avenue, N.W., Room 7144
>   Washington, D.C. 20530

*/s/ Stephen M. Truitt*
Stephen M. Truitt