# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE :<br>    GUANTANAMO BAY<br>    DETAINEE LITIGATION | Misc. No. 08-442 (TFH) |
| ABDULLAH WAZIR ZADRAN, et al.<br>    Petitioners/Plaintiffs,<br>v.<br>GEORGE W. BUSH, et al.,<br>    Respondents/Defendants. | Civil No. 05-CV-2367 (RWR) |

### PETITIONERS' MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENTS' MOTIONS FOR LEAVE TO FILE AMENDED FACTUAL RETURNS

Petitioners Mohammad Wabi Omari ("Petitioner Omari"), and Mohammad Zahir ("Petitioner Zahir") (collectively "Petitioners"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Opposition to Respondents' Motions for Leave to File Amended Factual Return (the "Motions") [Misc. Dkt. Nos. 802 and 857], for Petitioners Omari and Zahir.

### I. PRELIMINARY STATEMENT

Petitioner Omari has been interred in the Guantanamo Bay Naval Base since mid 2002. In November 2004 he was brought before a Combatant Status Review Tribunal ("CSRT"), an internal Department of Defense review process which effectively prevented Petitioner Omari from discovering, developing, or introducing evidence to rebut the charges asserted against him. Shortly thereafter, the CSRT concluded that Petitioner Omari was an "enemy combatant," and,

on January 23, 2005, the director of the CSRT concurred in that conclusion and declared such determination "final."

Petitioner Zahir was arrested in July 2003 and turned over to United States forces at Bagram Air Force Base and then transferred to Guantanamo Bay Naval Station, where he has been held ever since. In October 2004, he was brought before a CSRT, an internal Department of Defense review process which prevented Petitioner Zahir from discovering, developing, or introducing evidence to rebut the charges asserted against him. On October 4, 2004, the CSRT concluded that Petitioner Zahir was an "enemy combatant" and on November 8, 2004, the director of the CSRT concurred in that conclusion and declared the determination "final."

On December 9, 2005, Petitioners filed their Petition for Issuance of a Writ of Habeas Corpus (the "Petition"). On August 18, 2006, the Respondents filed the factual returns with respect to Petitioner Omari and Petitioner Zahir. Petitioner Omari's unclassified return consisted solely of the record of the proceeding of his CSRT. Petitioner Zahir's unclassified return consisted only of the record of the CSRT proceeding and the summary of evidence prepared for the CSRT.

Now, more than two years after Respondents submitted their factual return on Petitioners Omari and Zahir, four years since Petitioners' CSRTs, and more than five years since Petitioners were first detained by U.S. authorities, Respondents move to amend their factual returns. Respondents' Motions should be denied for the following reasons:

    A.    Respondents have failed to explain why the particular items they propose to add to the factual return of Petitioners Omari and Zahir were not included in the original returns, and have otherwise failed to "establish[] cause for the amending"

of the returns, as had been required by this Court's Scheduling Order of July 11, 2008. The Government's proffered motive for the amendment — the supposed change in the "legal landscape" since the Supreme Court's decision in *Boumediene* — is completely irrelevant, because, *inter alia*, *Boumediene* did not address the legal standard that governs a petitioner's detention. See Point A.1 below.

B. For the purpose of habeas, the relevant time to determine whether detention was justified is the date of the onset of detention; after-acquired evidence is irrelevant. See Point B below.

C. Respondents contend that the purpose of the amended returns is to prevent "the erroneous release of actual enemy combatants — and, thus, the return of those combatants *to the battlefield to wage further war against American soldiers and civilians*." (Motions at 2 (emphasis added).)[1] Therefore, the Government should be limited, in its proposed amended returns, to information supporting any allegations that Petitioners Omari or Zahir have been on a "*battlefield to wage [] war against American soldiers and civilians*." See Point C below.

D. Public policy, including the policy underlying habeas corpus, warrant denial of the proposed amendments. See Point D below.

---

[1] Petitioners take at face value Respondents' stated purpose in seeking the amendments. Respondents by their motion do not purport to establish the definition of "enemy combatant." Petitioners reserve their position on that issue, which is appropriately the subject of separate briefing.

> E. The proposed amended returns are deficient because they are not certified, as required by 28 U.S.C. § 2243, and are unsigned, as required by Rule 11(a) of the Federal Rules of Civil Procedure. See Point E below.

For these reasons, Respondents' Motion should be denied.

## II. ARGUMENT

### A. The Government Has Failed to Establish Cause for Amending the Returns

This Court, in its Scheduling Order of July 11, 2008, did not freely grant the Government the right to amend the factual returns of Guantanamo detainees. Rather, it expressly provided that "[t]he Court will allow amendment [of factual returns] only where the government establishes cause for the amending." (Scheduling Order ¶ 4 (July 11, 2008) (Dkt. No. 95).) The Government has failed to meet that burden.

As an initial matter, Respondents have approached their burden to establish "cause" not on a petition-by-petition basis. Instead, Respondents' Motions appear to be the same generic motions they have submitted in other Guantanamo habeas cases, and contain no arguments specific to Petitioners Omari or Zahir. Apart from referencing Petitioners Omari and Zahir's names on an exhibit attached to the Motions, the Motions do not address those Petitioners at all. Nor have Respondents troubled to explain why information provided in their proposed amendments were not presented at the CSRTs for Petitioners Omari or Zahir, or why that information is now necessary to justify those Petitioners' detentions for six and five years, respectively.

The Motions do not discuss the contents or scope of the original factual returns supporting the "final" enemy combatant determinations against Petitioners Omari or Zahir. Nor

do they discuss the contents of the proposed amendments, or explain why particular items in them were not available in Petitioners Omari or Zahir's CSRTs in 2004, or in the original returns in 2006, or why the amendments are necessary today to justify enemy-combatant determinations made four years ago. And the Motions offer no discussion of why, under the particular circumstances of Petitioners Omari or Zahir's cases, Respondents should be permitted, after holding Petitioners in harsh conditions for four years since their CSRT hearings, to amend the "final" records allegedly supporting their detentions. Instead, Respondents summarily argue the amendments should be permitted because "evidence not part of the original CSRT record is now available to the Court," and "the legal landscape has changed significantly." Motions at 1.

Having failed to offer any argument as to why there is good cause specifically to amend Petitioners Omari or Zahir's factual returns, Respondents' Motions should be denied.

        1.        Respondents' Proffered Motive for the Amendment—
                Purported Changes in the "Legal Landscape" — Is An Empty One.

Respondents' suggestion that the Court should allow the amendments because "the legal landscape has changed significantly" (Motions at 1), also should be rejected.[2] *Boumediene v.*

---

2    Respondents' position here also flies in the face of the argument they made before Judge Urbina on October 7, 2008, when they asserted that the legal landscape is in fact the same today as it was before *Boumediene*:

> Now, at the time *Qassim* [*v. Bush,* 407 F. Supp.2d 198 (D.D.C. 2005)] was decided, the Supreme Court had decided *Rasul*. It predated the decision by Congress to enact the MCA, and *so the situation then was exactly the same as the situation today in terms of Supreme Court precedent*. . . . The MCA was then adopted. *Boumediene simply restored the status quo ante in terms of finding that the jurisdiction strip was invalid as applied to Petitioners at Guantanamo Bay seeking to challenge their status as enemy combatants.*

*Bush* did not significantly alter the legal landscape because the "*Rasul* [decision in 2004] put everyone on notice that habeas process was available to Guantanamo prisoners . . . ." 128 S. Ct. 2229, 2278 (2008) (Souter, J., concurring). The Supreme Court's decision in *Rasul v. Bush*, 542 U.S. 466 (2004), was issued in June of 2004, which was prior to Petitioner Zahir's CSRT in October of 2004, or Petitioner Omari's CSRT in November of 2004. Thus, by the time *Rasul* was decided — if not long before then — Respondents were on notice that the CSRT process and the validity of Petitioners' enemy combatant determination likely would be challenged through habeas corpus, so that all relevant evidence justifying Petitioners' detention must be gathered and presented to their CSRT panels.

Moreover, *Boumediene* only addressed the narrow question of whether habeas corpus was available to detainees like Petitioners Omari and Zahir. *Boumediene* "does not address the content of the law that governs petitioners' detention." 128 S. Ct. at 2277. Respondents' theory that Petitioners Omari and Zahir are enemy combatants therefore could not have been altered by *Boumediene*. Either the evidence before the CSRTs was sufficient to detain Petitioners Omari and Zahir as enemy combatants, or it was not. Respondents' belated introduction of additional evidence they contend will support their theory should be rejected.

**B.     Respondents Should Not Be Permitted To Retroactively Justify An Enemy Combatant Determination**

Respondents should not be permitted to amend Petitioner Omari's or Zahir's factual returns to justify, in retrospect, a detention that they could not justify when the Petitioners were first detained, or when they were deemed "enemy combatants" in 2004, or when they completed

---

Transcript of Status Hearing, *Kiyemba v. Bush*, No. 05-1509 (D.D.C. Oct. 7, 2008), at 20 (emphasis added). A copy of the relevant portion of the transcript is attached hereto as Exhibit 1.

Petitioners' original factual returns in 2006. While any purported justification for detaining Petitioners should have existed at the time of their capture, there can be no question that Respondents were required to present to the CSRT the full factual basis for Petitioners' detentions to support their final enemy combatant determinations. This is consistent with the habeas principal that the executive must justify an individual's detention from the outset, not in hindsight. *Cf. Carafas v. LaVallee*, 391 U.S. 234, 237-40 (1968) (holding that the habeas inquiry into evidence used to detain a prisoner remains relevant even when the prisoner has been released before completion of the habeas proceedings). Against this backdrop, Respondents' assertions that (i) Petitioners' original factual returns are inadequate records on which to defend their detentions now that habeas hearings actually are going forward and (ii) that Respondents therefore should have the unfettered right to supplement the records underlying Petitioners' detentions are contrary to the law of habeas and are an affront to basic notions of fair play.

Respondents willfully ignore the vastly different positions of the parties when they argue that they should have the right to introduce evidence beyond what they presented in the CSRTs because the Supreme Court in *Boumediene* noted that the petitioners have such right. 128 S. Ct. at 2267–74. The reason Petitioners have the right, in their habeas cases, to present evidence beyond what was included in their CSRT records is because Petitioners effectively had no right to present evidence or witnesses at their CSRTs. Nor were Petitioners given access to independent legal counsel in connection with their CSRTs. In contrast, Respondents had a full and complete opportunity in connection with the CSRTs to gather and present all the evidence they believed supported their detentions of Petitioners Omari and Zahir. Respondents have not explained why they did not include in Petitioners Omari or Zahir's CSRTs the supposed "new"

evidence they seek to include in their amended returns.  As Respondents have failed to establish cause for their proposed amendment, their Motions should be denied.

      **C.    Any New Evidence Sought to Be Included in Respondents' Proposed Amended Returns Must Support Allegations that Petitioners Omari and Zahir Were on a "Battlefield" to "Wage War" Against the United States**

In their Motions, Respondents assert that, "[t]he United Sates Department of Defense is detaining this petitioner, like others, as an enemy combatant." (Motions at 1.)  Respondents further assert that the purpose of the amended returns is to prevent "the erroneous release of actual enemy combatants — and, thus, the return of those combatants *to the battlefield to wage further war against American soldiers and civilians*." (*Id.* at 2 (emphasis added).)  To bolster their statement, Respondents quote from *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004), for the proposition that the "purpose of such detention is simple: to 'prevent captured individuals from returning to the *field of battle* and *taking up arms* once again.'" (Motions at 2, quoting *Hamdi*, 542 U.S. at 518 (plurality opinion) (emphasis added, internal citations omitted).)  Respondents also quote the Ninth Circuit in *In re Territo*, 156 F.2d 142 (1946), for the proposition that "[t]he object of capture is to prevent the captured individual from serving the enemy.  He is *disarmed* and from then on must be removed as completely as practicable *from the front*, treated humanely and *in time exchanged, repatriated or otherwise released*." (Motions at 2, quoting *Territo*, 156 F.2d at 145 (emphasis added)).[3]

In light of Respondents' stated purpose for the proposed amendments, they should be limited to adding only that information which supports allegations that Petitioners Omari or

---

3      Respondents do not indicate when they intend to exchange, repatriate or otherwise release Petitioners Omari or Zahir.

Zahir have been on a "battlefield to wage . . . war" or have "taken up arms" against the United States. To the extent the proposed amended returns include information that is not connected to any such allegations, the proposed amended returns should be disallowed.

### D. Federal Habeas Practice And Public Policy Warrant Denial Of The Belated Amendments

Contrary to Respondents' argument (Motions at 5–6), both federal habeas practice and public policy support denial of their Motions. Respondents contend that the amended records will present the Court with the "most current" and "up-to-date" explanation of the bases for each Petitioners' detention. But Petitioners Omari and Zahir have been detained for over six and five years, respectively, the last four of which were based on the evidence presented at their CSRTs.[4] During this time, Petitioners Omari and Zahir have been deprived of their liberty. Allowing Respondents' proffered amendment at this late stage will permit them to trump one of the central tenets of habeas corpus—the "immediate or more speedy release" of a person wrongfully incarcerated. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). As the Court in *Boumediene* observed, "[t]he costs of delay can no longer be borne by those who are held in custody. The detainees in these cases are entitled to a prompt habeas corpus hearing." 128 S. Ct. at 2275.

### E. The Amended Returns Are Deficient Because They Are Unsigned

Section 2243 of 28 U.S.C. requires the person to whom a habeas petition is directed to "make a return certifying the true cause of the detention." In addition, under Rule 11(a) of the Federal Rules of Civil Procedure, this Court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P.

---

[4] Petitioner Zahir had two Administrative Review Board hearings in 2005 and 2006, where the government presented additional evidence, but the evidence in CSRT still remained a basis of his detention.

11(a); *Thomas v. Paulson*, 507 F. Supp. 2d 59, 63 n.6 (D.D.C. 2007) (finding that plaintiff's unsigned response to defendant's statement of undisputed material facts violated Rule 11(a), where plaintiff failed to promptly correct the error; Court declined to rule on whether to strike the unsigned response because summary judgment in defendant's favor was warranted even if plaintiff's unsigned response was considered); *see also Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971) (condemning the practice of jailhouse lawyers drafting, but not signing, habeas corpus petitions for prisoners, and thus escaping obligations of Rule 11; court reserved right, when it appeared that *pro se* petitioner had legal assistance, to require such signature).

Here, the amended returns do not bear the signature of any officer of the Court, nor are they supported by any attestation or certification. Unless Respondents promptly cure this defect, the Court should strike the proposed amended returns. It is particularly important that Respondents be held to requirements of Rule 11(a) here, given the Court of Appeals' recognition of the dubious nature of the information on which the government has sought to justify the detention of other Guantanamo prisoners. *See, e.g.*, *Parhart v. Gates*, 532 F.3d 834, 848–49 (D.C. Cir. 2008) (noting lack of credible evidence to justify the prisoner's detention).

**III. CONCLUSION**

For the reasons set forth above, the Government's Motions to Amend should be denied in their entirely.

Respectfully submitted,

Dated: December 8, 2008

/s/ *Tara R. Kelly*
Tara R. Kelly
Attorney #438241
Dechert LLP
1775 I Street, N.W.
Washington, DC 20006
Tel: (202) 261-3329
Fax: (202) 261-3057

George G. Gordon (*pro hac vice*)
Peter M. Ryan (*pro hac vice*)
Juliet Sarkessian (*pro hac vice*)
Brian R. Decker (*pro hac vice*)
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000

Daniel C. Malone (*pro hac vice*)
Dechert LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 698-3500

*Counsel for Petitioners*

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2008, I caused the foregoing Petitioners' Memorandum of Law in Opposition to Respondents' Motions for Leave to File Amended Factual Return to be filed with the Court and served via e-mail on counsel for Respondents as follows:

> Andrew Warden
> andrew.warden@usdoj.gov
> United States Department of Justice
> Civil Division
> 20 Massachusetts Avenue, N.W.
> Washington, D.C.  20530
>
> Jane L. Westby
> U.S. Department of Justice
> 20 Massachusetts Ave., N.W., Suite 5115
> Washington, D.C. 20530
> jane.westby2@usdoj.gov
>
> Terry M. Henry
> Terry.Henry@usdoj.gov
> United States Department of Justice
> Civil Division
> 20 Massachusetts Avenue, N.W.
> Washington, D.C.  20530
>
> Kathryn C. Mason
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., N.W., Room 7221
> Washington, D.C. 20530
> Kathryn.Mason@usdoj.gov

> */s/ Juliet Sarkessian*
> Juliet Sarkessian

13306798.9.LITIGATION