

*CLEARED FOR PUBLIC FILING*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | Misc. No. 08-442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil Action No. 05-CV-0247 |
| ) | |

## DECLARATION OF SAMUEL C. KAUFFMAN
### (Re: Direct Authorization by Petitioner)

I, Samuel C. Kauffman, hereby state to the best of my knowledge and belief:

1. I am one of the attorneys representing the petitioner, Mahmoud Salim Al-Mohammed, ISN 537. I make this declaration in order to advise the Court, in compliance with the Court's order of July 29, 2008 (Document 88), that Petitioner Al-Mohammed has unequivocally authorized me and my firm to represent him in this case, but that he is unwilling or unable to sign a written statement saying as much.

2. On February 2, 2005, we filed a petition for writ of habeas corpus on behalf of petitioner at the request of petitioner's brother and next friend Abdulla Salim Al-Mohammed.

3. On July 29, 2008 the Court ordered that counsel for petitioner in all cases filed before May 19, 2008, in which the detainee is represented by a next friend, "shall file a signed authorization from the petitioner to pursue this action or a declaration by counsel that states that the petitioner directly authorized counsel to pursue the action and explains why counsel was unable to secure a signed authorization."

4. Although the Court required the authorization to be filed within 60-days of the order, the Court subsequently granted our request to extend the deadline to December 30, 2008 due our logistical difficulties in getting to Guantanamo to visit with Mr. Al-Mohammed.

4. I visited with Mr. Al-Mohammed on December 4, 2008 and was accompanied by an Arabic interpreter. During that visit, Mr. Al-Mohammed told me unequivocally that he authorized our continued representation of him in this case and that wanted us to continue pursuing his release through habeas corpus relief or through any other means. He further stated unequivocally that he wanted us to continue to visit with him at Guantanamo in the future.

5. However, even though Mr. Al-Mohammed gave explicit and unequivocal authorization for us to pursue this action, he would not sign a written authorization at this time. Mr. Al-Mohammed explained, in essence, that given the coercive and deceptive manner in which the government has interrogated him over the last eight years, it is very difficult for him to fully trust anyone. Mr. Al-Mohammed was therefore very reluctant to sign any documents at this time, even documents that we provide to him.

I hereby declare under penalty of perjury that the foregoing is true and correction to the best of my knowledge and belief.

DATED this 8th day of December 2008.

Samuel C. Kauffman

2