IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HAMID AL-GHIZZAWI<br>  Prisoner,<br>  Guantanamo Bay Naval Station<br>  Guantanamo Bay, Cuba;<br><br>         *Petitioner*,<br><br>v.<br><br>GEORGE W. BUSH, et. al.<br>         *Respondents.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) SUPPLEMENTAL PROPOSAL<br> )  And NOTICE<br> ) <br> )  **Misc. No. 08-442**<br> ) <br> ) **No.  05 cv  2378 (JDB)**<br> ) <br> ) |

**SUPPLEMENTAL PROPOSAL AND NOTICE REGARDING GOVERNMENT'S "ENCOUNTERS" WITH EXCULPATORY EVIDENCE**

Now comes the Petitioner Al-Ghizzawi and in response to Judge Bate's direction to submit a Supplemental proposal for case management procedure Petitioner hereby submits the following, in addition, and because the statements made by the Government attorney regarding exculpatory evidence directly relate to the issues before Judge Hogan at the hearing on December 10th, counsel also submits this to that Court as notice of the Governments conduct in relation to exculpatory evidence:

Counsel for Al-Ghizzawi does not believe that the status hearing on December 19 will require a discussion of classified information.

Counsel for Al-Ghizzawi engaged in a telephonic discussion with the DOJ attorney assigned to this case, Stephen Methany on December 9th and had a face to face

meeting with Mr. Methany on December 10th 2008. As Mr. Methany advised that he had no authority to enter into any agreement of any kind the meetings did not prove fruitful for narrowing issues. However the meetings did highlight significant problems associated with the Government's amended return, the Government's proposed definition of exculpatory materials, and the Government's perceived obligations in regards to exculpatory materials. In addition, as the meeting between counsel took place prior to the hearing of cases consolidated for procedural matters, before Judge Hogan, counsel was surprised to learn at the hearing that the Government contended that it was reviewing materials in filing the Returns that counsel was told in her private meeting were not reviewed. This certainly calls into question the completeness of the Government's efforts with respect to the Returns it is filing and more specifically the Amended Return it filed in Mr. Al-Ghizzawi's case and the purported legal basis for holding Al-Ghizzawi in custody for nearly seven years.

**Definition of Enemy Combatant**

We need look no further than the US Supreme Court for the definition of Enemy Combatant found in the *Hamdi* decision:. "Under the definition of enemy combatant that we accept today as falling within the scope of Congress' authorization, Hamdi would need to be 'part of or supporting forces hostile to the United States or coalition partners" and "engaged in an armed conflict against the United States" to justify his detention in the United States for the duration of the relevant conflict.' An assertion that one *resided* in a country in which combat operations are taking place is not a concession that one was "*captured* in a zone of active combat operations in a foreign theater of war,"

316 F. 3d, at 459 (emphasis added), and certainly is not a concession that one was "part of or supporting forces hostile to the United States or coalition partners" and "engaged in an armed conflict against the United States."

**Exculpatory materials**:

The government would like to limit exculpatory evidence to that evidence "which is encountered in developing the returns by the attorneys preparing them." In regards to the Government's Notice Pertaining to Production of Exculpatory Evidence, counsel has learned in her face to face meeting that Mr. Methany, the Government counsel assigned to this case has, for whatever reason, as of yet made no attempt to actually *discover* any exculpatory materials in preparing the amended return and has relied solely on the documents that were given to him for preparation of the Amended Return.  In other words counsel made no attempt to "encounter" any exculpatory evidence and the practice alluded to in the 11/20/2008 filing is apparently a practice whereby counsel is given a stack of documents and told to prepare a return (or an Amended Return) and counsel is under no obligation to look further.

Again, as set forth above, this certainly calls into question the completeness of the Government's efforts with respect to the  preparation of the Amended Returns so far, which represents, of course, the purported legal basis for holding Al-Ghizzawi in custody for nearly seven years. Mr. Methany admitted in the meeting that not only did he limit his review to what was given to him but that he was not even aware of the underlying CSRT documents, nor did he review them if he was even aware of their

3

existence (because they were not given to him) and that he made no attempt to look for any exculpatory or other information regarding the three individuals who made accusations regarding Petitioner or anything else for that matter.

In a disturbingly rote manner Mr. Methany repeated several times during the meeting the phrase "I reviewed what was before me." Counsel also pointed out to Mr. Methany that there were, in fact, exculpatory materials in the CSRT documents that should have been included, but since he had not reviewed the CSRT record he was not familiar with what petitioners counsel was referring[1]. Even more astonishingly, among the records not reviewed by Mr. Methany were the CSRT records that first classified Petitioner as a Non-Enemy and a few weeks later reclassified him as an enemy combatant. In fact, counsel at first remarked that Mr. Methany did not know what she was referring to when she asked why several items included in the CSRT should have been "mentioned" as exculpatory materials but then Mr. Methany responded that "petitioners' counsel have repeatedly argued that those proceedings were not trustworthy so it is funny you think we should review those." It would appear that someone made a conscious decision not to look at those documents.

**Discovery:**

On November 9, 2008 Counsel made a request for the "default discovery" allowed (upon request) under Judge Hogan's order of November 6, 2008 (section I.E.1

---

[1] This is not an isolated situation as counsel has also learned from several other habeas counsel that exculpatory documents from their clients CSRTs were not included in the Returns recently filed.

of the Case Management Order). In that request, Counsel added the following language: "With respect to "documents" as specified in that order I direct your attention to Rule 34(a) of the Federal Rules of Civil Procedure which include electronic, videotapes and related materials. With respect to subparagraph (3) of that section, I request a complete verified description of interrogation techniques employed on petitioner Al-Ghizzawi, and, for each statement on which the government relies to justify detention—and any antecedent statement concerning the same subject matter, of which the government is aware—a complete verified description of the conditions under which such statement was made in sufficient detail to allow the fact-finder to determine the voluntariness of the statement. This request applies to statements made while petitioner was in the custody of agencies other that the United States Department of Defense, including the Central Intelligence Agency, and civil or military authorities in Afghanistan."

Counsel now seeks the same discovery from the three prisoners who have made accusations against al-Ghizzawi as described in the Government's Amended Return. Counsel's original proposal to this Court outlined additional issues regarding the discovery that Petitioner requires to adequately contest the new allegations made against petitioner and will not repeat those here except once again to emphasize why the original recordings are necessary i.e. to demonstrate that certain statements associated with Al-Ghizzawi were never stated by him and either were incorrect translations or otherwise wrongly summarized.

Whether the court orders the following materials to be presented as

5

exculpatory matter or through a discovery request the following are also needed:

1. All evaluation sources for HUMINT statements obtained by third persons regarding Al-Ghizzawi (see gov. exhibit re: intelligence 101 pages 8-9);[2]

2. Dated materials related to the designation of the LIFG as a foreign terrorist organization (see above exhibit pgs 11-12);

3. All evidence of "material support or resources" provided by petitioner to the LIFG, Al-Qaeda and or the Taliban or a statement that no such evidence exists;

4. Any and all evidence of "belligerent acts" committed by Petitioner in aid of "enemy combat forces" or a statement that no such evidence exists;

5. Any and all evidence that Petitioner directly supported hostilities in aid of enemy combat forces or a statement that no such evidence exists;

6. Any and all dated evidence regarding the guest houses that the government claims were "al-Qaida guesthouses" or "LIFG guesthouses" including the dates those guesthouses were supposedly used by those organizations;

7. Any and all dated evidence regarding the three "terrorist training camps" Al-Ghizzawi stayed in and the dates that those camps ;

8. Any and all evidence showing that Al-Ghizzawi engaged in an armed conflict against the United States.

RESPECTFULLY SUBMITTED,

*/s/H. Candace Gorman*
Counsel for Petitioner

Law Office of H. Candace Gorman
H. Candace Gorman (IL Bar #6184278)
220 S. Halsted Street - Suite 200
Chicago, IL 60661
Tel: (312) 427-2313

---

[2] In fact all 3 individuals who made accusations against Petitioner are known to be serial accusers, at least one is known to have serious mental health issues and at least one of those individuals was subjected to torture.

CERTIFICATE OF SERVICE

      I, H. Candace Gorman, certify that I today caused a true and accurate copy of AL-GHIZZAWI'S SUPPLEMENTAL PROPOSAL and Notice to be served upon the following persons by virtue of filing the above listed document with the U. S. Department of Justice Litigation Security Section:

      Stephen Methany, Trial Attorney
      U.S. Department of Justice
      Civil Division, Federal Programs Branch
      20 Massachusetts Ave., NW, Room 7144
      Washington, DC  20530

This  15th day of  November, 2008.

      /s/ H. Candace Gorman
      Counsel for Petitioner

Law Office of H. Candace Gorman
H. Candace Gorman (IL Bar #6184278)
220 S. Halsted Street - Suite 200
Chicago, IL 60661
Tel:  (312) 427-2313