# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **IN RE:** ) <br> **GUANTANAMO BAY** ) <br> **DETAINEE LITIGATION** ) <br> ) <br> ) <br> HAYAL AZIZ AHMED AL-MITAHLI ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> GEORGE WALKER BUSH et al., ) <br> ) <br> Respondents ) <br> ) | Misc. No. 08-442 (TFH) <br><br><br><br><br><br><br><br> Civil Action No. 05-CV-2186 (ESH) |

## RESPONDENTS' MOTION FOR EXTENSION OF TIME
## WITH WHICH TO FILE DISCOVERY

On December 2, 2008 the Court entered an Order, *see* Dkt. 111 in 05-cv-2186 ("Order"), to provide a framework for resolution of Petitioner Hayal Aziz Ahmed Al-Mithali's (ISN 840's) petition for habeas corpus relief and those of two other detainees. As applied to this case, the Order requires the Government to provide roughly three categories of information. First, the Order requires the Government to file an unclassified version of the factual return it filed in the above-captioned action on or before December 12, 2008. Second, the Order requires the Government to present, by December 15, 2008, a statement of facts upon which it intends to rely in its case-in-chief as well as discovery to petitioner's counsel pertaining to any statement upon which the Government intends to rely. Specifically, the Order directs the Government to provide with respect to statements: (1) the identity of the speaker; (2) the content of the statement;

1

(3) the person(s) to whom the statement was made; (4) the date and time the statement was made or adopted; and (5) the circumstances under which such statement was made or adopted (including the location where the statement was made). Finally, the Order requires the disclosure on or before December 15, 2008, of reasonably available exculpatory evidence, as defined by the Order.

The Government has taken substantial steps to comply with the Court's Order. Pursuant to the Order, the Government filed an unclassified version of the factual return on December 12, 2008, and served the unclassified return on petitioner's counsel via electronic mail. On December 15, 2008, the Government submitted to the Court its statement of facts upon which it intends to rely in making its case-in-chief for the continued lawful detention of petitioner. This statement of facts identified both the documents and material facts upon which the Government intends to rely for its case-in-chief. The Government was unable to complete the markings identifying the relevant portions of the documents relied upon by the 4 p.m. filing deadline for classified materials, and is requesting a one-day extension, to December 16, 2008, to complete submission of the remaining documents identifying the relevant portions of the documents relied upon.

The Government also has worked diligently to prepare the discovery contemplated by the Court's Order. Complying with an order for discovery, however, requires investigation to determine the existence and location of responsive items and review to determine whether disclosure of the information would compromise national security. Prior to the Order's entry, the Government began marshalling relevant resources and prepared a plan to promptly proceed with searches upon clarification of the

terms of discovery by the written Order. Upon entry of the December 2, 2008 Order and after clarifying its terms, the Government commenced appropriate searches for the required information. Significant resources also were allocated to identify and review potentially compliant documents that were revealed, including resources that had been expected to be used to prepare the documents related to the case-in-chief. During this time, many of these same resources were also involved in production of unclassified versions of factual returns with respect to more than 80 petitioners in the coordinated Guantanamo cases. Regretfully, the clearance process for documents responsive to the Court's order for release to petitioner's counsel requires additional time to be completed.

Accordingly, the Government requests an extension of time with which to complete fulfillment of the terms of the Order. Specifically, the Government requests an extension of one day, until December 16, 2008, to complete production of the documents upon which it shall rely, with the relevant portions of the documents appropriately identified, in making its case-in-chief. The Government also requests an extension of time until December 22, 2008 to produce the five categories of information related to statements upon which the case-in-chief will rely, and to produce exculpatory evidence as defined by the Order. The Government commits to providing all relevant discovery under the Order before the requested extension date if it can be cleared for use sooner than that date. The Government also is agreeable to grant an appropriate extension of time to accommodate the needs of petitioner's counsel in this matter.[1]

The Government desires the fair and expeditious resolution of these cases and has devoted substantial resources to the task of preparing the discovery. As a practical

---

[1] Pursuant to Local Rule 7(m), the Government has met and conferred with petitioner's counsel. Counsel objects to the Governments request for an extension of time.

3

matter, the Government has been unable to provide the totality of the requested discovery in the time allotted to it.  Accordingly, the Government respectfully requests an extension of time.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

*/s/ David P. Avila*_____
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
DAVID P. AVILA
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel:  202.305.9908
Fax: 202.305.2685

Dated: December 15, 2008             Attorneys for Respondents

## CERTIFICATE OF SERVICE

  I hereby certify that on December 15, 2008, I caused the foregoing Respondents' Motion For Extension Of Time With Which To File Discovery to be served on counsel for the petitioner by electronic filing.


              */s/ David P. Avila*
              David P. Avila
              Trial Attorney