## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE GUANTANAMO BAY DETAINEE LITIGATION** ) | Civil Action No. 08-mc-0442-(TFH) |
| **MUHAMMAD AHMAD ABDALLAH AL ANSI,** ) | |
| *Petitioner,* ) | |
| **v.** ) | Civil Action No. 08-cv-01923-GK |
| **GEORGE W. BUSH, et al.,** ) | |
| *Respondents.* ) | |

### PETITIONER'S STATUS REPORT

On December 10, 2008, this Court ordered the parties to submit concise reports on the status of this case.

1)      **Petitioner**.  Muhammad Ahmad Abdallah Al Ansi has been held in Guantánamo Bay, Cuba for nearly seven years.  He is a citizen of Yemen.

A Petition for Habeas Corpus was filed on Mr. Al Ansi's behalf on November 3, 2008. This Court entered a Case Management Order on November 17, 2008 (hereinafter "CMO"), adopting in large part the Case Management Order of Judge Hogan, dated November 6, 2008. The Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, issued on September 11, 2008, in *In re Guantánamo Bay Detainee Cases* by coordinating Judge Thomas F. Hogan ("the Protective Order") was entered in this matter on December 10, 2008.

#165642

2) **Authorization.** The petition for habeas corpus in this matter was filed on November 3, 2008. Petitioner's attorneys have submitted their security clearance applications to the Government and are awaiting clearance in order to travel to Guantánamo Bay to obtain client authorization. Depending on when that clearance is obtained, the Court may need to extend the February 10, 2008 deadline (per the December 10, 2008 minute order) to obtain client authorization.

3) **Factual Return and Legal Justification**. The Government has not submitted a factual return in this matter. Given the length of Mr. Al Ansi's incarceration (almost seven years), Petitioner requests that this Court set a date for the filing of a factual return in order to trigger the remaining dates on the Case Management Order ("CMO") for discovery and briefing.

4) **Discovery**. Petitioner objects to Parts I.E.2(3) and (4) of the CMO, which require him to demonstrate why the requested information is necessary. The threshold standard for discovery should be a showing that the requested information is relevant to the claim or defense of any party. *See* Fed. R. Civ. P. 26(b); *Boumediene v. Bush*, 128 S. Ct. 2229, 2267 (2008) ("[T]he common-law habeas court's role was most extensive in cases of pretrial and noncriminal detention, where there had been little or no previous judicial review of the cause for detention."). Petitioner further objects to Parts I.E.2(3) and (4) of the CMO to the extent those provisions would require him to disclose privileged and confidential litigation strategies.

5) **Classified Information**. Petitioner contends that under no circumstances should the Government be permitted to withhold relevant classified information from his security-cleared counsel under Part I.F of the CMO. Consistent with Judge Hogan's Order, dated December 16, 2008, the Government should not be allowed to provide a "substitute" for classified information.

Nor under any circumstances should the government be permitted to rely on classified information withheld in whole or in part from Petitioner and his counsel – which, if permitted,

would deny Petitioner notice and a meaningful opportunity to challenge the factual and legal bases for his imprisonment. *See, e.g., Boumediene*, 128 S. Ct. at 2273 (an "adversarial character" is "necessary" to habeas proceedings), *Crawford v. Washington*, 541 U.S. 36, 49 (2004) ("It is a rule of the common law, founded on natural justice, that no man shall be prejudiced by evidence which he had not the liberty to cross examine.").

Petitioner also requests that the Court confirm in an order that counsel may discuss with Petitioner any statements in the factual return that are attributed to Petitioner, even if the government has designated those statements as classified.

6) **Traverse**. Petitioner reserves the right to seek additional time to file the traverse depending on the government's compliance with notice relating to exculpatory evidence and to allow time to schedule a trip to Guantánamo Bay, Cuba, if necessary, to prepare such a filing.

7) **Burden and Standard of Proof**. Petitioner objects to the "preponderance" standard of proof under Part II.A of the CMO. Petitioner contends that "clear and convincing evidence" is the proper standard of proof for the reasons set forth in the procedural framework briefing before Judge Hogan. *See In re Guantanamo Bay Detainee Litig*., Misc. No. 08-442 (TFH) (D.D.C.) (Dkt. No. 206 at 9-14, and Dkt. No. 231 at 12-14). Accordingly, Petitioner requests that this Court modify the CMO in this case to apply the "clear and convincing evidence" standard.

8) **Presumption in Favor of the Government's Evidence**. Petitioner objects to any presumption in favor of the government's evidence under Part II.B of the CMO for the reasons set forth in the procedural framework briefing before Judge Hogan. *See In re Guantánamo Bay Detainee Litig*., Misc. No. 08-442 (TFH) (D.D.C.) (Dkt. No. 206 at 14-18); *see also* Minute Order (December 15, 2008), *Sliti v. Bush*, 1:05-cv-429 (denying the government's request for a general rebuttable presumption of accuracy, authenticity, and reliability for certain evidence).

Accordingly, Petitioner requests that this Court modify the CMO in this case and reject any presumption in favor of the government's evidence.

9)     **Hearsay**.  Under Part II.C of the CMO, motions with respect to the use of hearsay are due no later than 10 days before the briefing for the Judgment on the Record discussed in Part III.A.1 of the CMO.  As of this report, the date for the briefing for Judgment on the Record is not yet set.  Petitioner requests that the Court amend Part II.C of the CMO and establish deadlines for hearsay motions based on the schedule the Court sets for briefing for Judgment on the Record.

Petitioner does not object to the introduction of hearsay evidence applying the procedures set forth under Part II.C of the CMO, except hearsay evidence should not be admitted under any circumstance if it is: (1) multi-layered; (2) based on torture or other unlawful coercion, including without limitation cruel, inhumane or degrading treatment; (3) redacted or incomplete; or (4) offered solely on a claim of undue burden.  The Court should specifically require the government to describe in detail the circumstances under which any hearsay it seeks to introduce was obtained to ensure it is not the product of torture or other unlawful coercion.

Petitioner further requests that the Court order the government to move to admit any hearsay evidence relied upon in the factual return pursuant to Part II.C of the CMO.

10)     **Evidentiary Hearing.**  If an evidentiary hearing is required under Part III.B of the CMO, Petitioner requests that he be permitted to appear in court, in person, for all non-classified proceedings.

11)     **Other matters**.

(a)     Counsel for Petitioner requests an Order from this Court preventing the rendition of Petitioner to any country or any transfer of the prisoner without prior written notice to his attorneys.

(b)     The CMO refers to a "Joint Status Report" that should be filed on December 22, 2008, indicating readiness for submission of briefs in support of judgment on the record.   Given the October, 2008 filing of this petition and the progress made so far, this deadline should be amended.

Respectfully submitted, this 17th day of December, 2008.


/s/  *Lisa R. Strauss*
Emmet J. Bondurant
Georgia Bar No. 066900
Michael B. Terry
Georgia Bar No. 702582
Ronan P. Doherty
D.C. Bar No. 462419
Georgia Bar No. 224885
Lisa R. Strauss
Georgia Bar No. 686943

**BONDURANT, MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309-3417
Telephone:  (404) 881-4100
Facsimile:  (404) 881-4111
E-mail:  strauss@bmelaw.com

COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2008, I caused to be served a true and correct copy

of the foregoing **PETITIONER'S STATUS REPORT** on each of the Respondents by filing it

with the with the Clerk of Court using the CM/ECF system as follows:

Terry Marcus Henry
U.S. DEPARTMENT OF JUSTICE
P.O. Box 883
20 Massachusetts Avenue, N.W.
Suite 7212
Washington, D.C. 20044
(202) 514-4107
Fax: (202) 616-8470
Email: terry.henry@usdoj.gov

Patrick D. Davis
U.S. DEPARTMENT OF JUSTICE
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
(202) 305-0879
Email: Patrick.Davis2@usdoj.gov


 _/s/  Lisa R. Strauss_
Lisa R. Strauss