UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | |
| ) | Misc. No. 08-442 (TFH) |
| IN RE: ) | |
| ) | Civil No. 04-1254 (HHK) |
| GUANTANAMO BAY ) | Civil No. 05-270 (JR) |
| DETAINEE LITIGATION ) | Civil No. 05-280 (GK) |
| ) | Civil No. 05-998 (RMU) |
| ) | Civil No. 05-1220 (RMU) |
| ) | Civil No. 05-2386 (RBW) |
| ) | Civil No. 08-1233 (ESH) |
| ) | |

## RESPONDENTS' MOTION TO STAY ALL PROCEEDINGS
## FOR PETITIONERS APPROVED FOR TRANSFER OR RELEASE

Respondents move the Court to stay all proceedings for certain petitioners in the above-captioned matters.[1] The Department of Defense ("DoD") has approved these eleven petitioners for transfer or release from United States custody at the Naval Base in Guantanamo Bay ("Guantanamo") – the ultimate relief sought in these habeas cases – and will relinquish custody over these detainees after making the necessary and appropriate diplomatic arrangements. Accordingly, because the ultimate detention of these petitioners is no longer at issue, in the interest of judicial economy, Respondents ask that the Court stay these habeas proceedings in deference to the habeas proceedings of other petitioners who are not slated for transfer or release.[2]

---

[1] These include Petitioners Obaid [ISN 165] and Odaini [ISN 681] (04cv1254); Petitioner Algazzar [ISN 369] (05cv270); Petitioners al-Nahdi [ISN 511] and al-Assani [ISN 554] (05cv280); Petitioner Karim [ISN 653] (05cv998); Petitioner Zalita [ISN 709] (05cv1220); Petitioners Jamolivich [ISN 452], Ali [ISN 455], and Falesteny [ISN 519] (05cv2386); and Petitioner Qataa [ISN 566] (08cv1233).

[2] Respondents conferred with petitioners' counsel via email and phone from December 12 through December 17, 2008, pursuant to Local Rule 7(m). Petitioners' counsel oppose the motion.

**BACKGROUND**

DoD has approved each of these eleven detainees for transfer or release from United States custody at Guantanamo. Thus, the Government is working to transfer these detainees consistent with the policies and procedures outlined in the declarations of Ambassador Clint Williamson (attached as Exhibit 1) and Deputy Assistant Secretary of Defense for Detainee Affairs Sandra Hodgkinson, which have been previously submitted to the Court in the context of litigation concerning advance notice of detainee transfers and otherwise. See Respondents' Status Report in Response to the Court's July 3, 2008 Order (Dkt. No. 57 in No. 08-MC-442). As explained there, after making this determination, the DoD requests the assistance of the Department of State to make the appropriate diplomatic arrangements. See Williamson Decl. ¶¶ 5-6.

The Department of State engages in a diplomatic dialogue to facilitate the transfer or release of individual detainees. The purpose of these discussions, inter alia, is to seek assurances that the Government considers necessary and appropriate with regard to the transferee country in question and to ensure that the transfer or release is consistent with United States policy, including its policy not to repatriate or transfer detainees to countries where it is more likely than not that the detainee will be tortured. Id. at ¶ 8. This is an elaborate, inter-agency process that involves senior level officials and includes consideration of the detainee's particular circumstances, an informed and well-rounded analysis of the current situation on the ground in the prospective transferee country, the input of various Department of State offices with relevant knowledge, personal interactions and negotiations with senior officials of the prospective transferee government, and consideration of assurances provided by the prospective transferee

country, as well as their sufficiency and any mechanisms for verifying them.  Id. at ¶ 7.  Once the process is completed, the Government will then relinquish custody of these detainees.

## ARGUMENT

This Court has the discretion to stay proceedings in light of the particular circumstances of a case.  See United States v. Stover, 576 F. Supp. 2d 134, *28 (D.D.C. 2008) (citation and quotation omitted) (habeas); Int'l Painters & Allied Trades Indus. Pension Fund v. Painting Co., 569 F. Supp. 2d 113, 120 (D.D.C. 2008) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6 (1998) (quoting Landis, 299 U.S. at 254-55).  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  Painting Co., 569 F. Supp. 2d at 120 (quoting Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)).  When circumstances may moot the case currently before the court, a stay is appropriate.  See Painting Co., 569 F. Supp. 2d at 120-21.

Staying all proceedings for these eleven petitioners will promote judicial economy and the appropriate use of the Court's and parties' resources in the unique circumstances of this litigation.  The Guantanamo Bay Detainee Litigation includes approximately 200 pending habeas petitions.  This Court has recognized the need to comply with the mandate of the Supreme Court in Boumediene that these matters be resolved expeditiously, and at the December 10, 2008 hearing regarding the Case Management Order, the Court encouraged the parties to seek ways to

prioritize, group, or otherwise facilitate the efficient resolution of the Guantanamo cases.[3] Prioritizing cases by staying these eleven habeas proceedings will serve that purpose.

In the absence of a stay, Respondents, the Court, and certain opposing counsel will have to dedicate limited time and resources to habeas proceedings concerning the detention of petitioners whom Respondents no longer wish to detain. Because Respondents have determined to relinquish custody of these detainees upon conclusion of appropriate diplomatic arrangements, the need to pursue detainees' habeas case is less pressing than that of the remaining detainees not set for transfer or release. Indeed, DoD is already seeking to end United States custody, which, in essence, is the type of relief appropriate in habeas. See Munaf v. Geren, 128 S. Ct. 2207, 2221 (2008). Further, petitioners have already been afforded meaningful relief in the sense that DoD has moved to the next step of identifying foreign governments to take custody of these petitioners and seeking to secure and facilitate their transfer. Practically speaking, it is possible that this process will be completed for these petitioners and that they will be transferred or released prior to the adjudication of their habeas claims, thereby rendering the cases moot. On the other hand, Respondents continue to maintain custody over scores of other detainees who have habeas proceedings pending before the Court and who are not similarly situated in that they have not been approved for transfer or release. A stay of all proceedings concerning these eleven detainees will permit the Government, the Court, and counsel representing other detainees to focus exclusively on cases in which Respondents have not determined to relinquish custody. This focus will expedite the detainee litigation on the whole, and will also serve the broader

---

[3] See Case Management Order at 1 (citing Boumediene v. Bush, 128 S. Ct. 2229, 2275 (2008)).

4

purposes of judicial economy and fairness.[4]

Finally, the consideration of the relative interests involved counsels in favor of a stay. As noted above, the Court should not force Respondents to litigate the merits of these cases when they are already seeking to relinquish petitioners from custody. Comparatively, a stay of all proceedings will not unduly prejudice petitioners, as the Government is already seeking their release. Furthermore, as of November 26, 2008, Respondents have filed factual returns for each of these petitioners. Therefore, should the status or circumstances of the transfer of these petitioners change such that further litigation is necessary or appropriate as compared to the other Guantanamo cases, the Court may lift the stay and promptly resume the proceedings. Certainly, at a minimum, the Court should not require that resources be expended litigating in the first instance cases in which Respondents seek to release petitioners and that may become moot in the month ahead, to the detriment or delay of litigation in other cases in which petitioners are not approved for transfer or release. As the Government explained in its motion seeking clarification and reconsideration of the November 6, 2008 Case Management Order, see Dkt. No. 1004 (08-MC-442), it is essential that the scores of Guantanamo cases be sequenced in a reasonable fashion if the litigation is to be feasible. Prioritizing cases by staying these eleven habeas proceedings is one way of attempting to address that issue.

---

[4] Several petitioners have indicated their intent to pursue their habeas petitions even after transfer. Respondents contest the merits of such claims, see Qassim v. Bush, 466 F.3d 1073, 1078 (D.C. Cir. 2006) (noting that "the petitioner must demonstrate ... that his subsequent release has not rendered the petition moot"), but any uncertainty as to the ultimate merits of such a claim in a particular case does not justify affording these detainees the same priority as other detainees not approved for transfer or release. Indeed, having separately coordinated cases involving transferred detainees, the Court is already proceeding under such a framework of prioritization. See In re Guantanamo Bay Detainee Litigation, 08-MC-444 (D.D.C.).

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court stay all habeas proceedings concerning these eleven petitioners whom Respondents no longer intend to detain.

Dated: December 17, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 /s/ Joseph C. Folio III
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
JOSEPH C. FOLIO III
KATHRYN C. MASON
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Tel: 202.305.4968

Attorneys for the Respondent