UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

AMMAR AL-BALUCHI,

　　　　　　　Petitioner,

v.

ROBERT M. GATES, *et. al.*

　　　　　　　Respondents.

---

STATUS REPORT

08 cv 2083 (PLF)
08 mc 0442 (TFH)

## PETITIONER'S STATUS REPORT

Petitioner Ammar al-Baluchi ("Petitioner"), by and through his undersigned counsel, respectfully submits this status report pursuant to the Court's December 15, 2008 direction:

1. Petitioner is detained at the United States Naval Station at Guantánamo Bay, Cuba. He is currently one of the five detainees facing war crimes charges before the military commissions as a result of his alleged involvement in the terrorist attacks which took place on September 11, 2001. He is among the sixteen detainees formerly held in the covert overseas CIA-run prison system.

2. Petitioner is currently being held *incommunicado* from the undersigned because Respondents have refused to deliver the undersigned's mail over the non-legal mail channel and have refused to give the undersigned access to Petitioner at Guantánamo Bay. First, Respondents and their agents have forbidden the undersigned to communicate with Petitioner in written form. Since July 1, 2008, Respondents have returned 48 pieces of mail from the undersigned to detainees at Guantánamo Bay, including a number of items of mail addressed

1

directly to Petitioner.[1] By e-mail dated July 1, 2008, Andrew Warden, an attorney with the Department of Justice, explained that the undersigned is prohibited from sending privileged mail to detainees through the non-legal mail system. He further stated that because there was no protective order in place, the undersigned is also precluded from using the legal mail channel to communicate with Petitioner. Second, Respondents have also obstructed the undersigned's ability to meet with and visit Petitioner at Guantánamo Bay. The undersigned submitted an application for a Top Secret security clearance in March of 2008 in order to visit his detainee clients at Guantánamo Bay. To date, the undersigned still has not received a response. The undersigned believes that Respondents have refused to act on that application.

3. With respect to Petitioner's military commissions' matter, the undersigned has submitted a notice of appearance in that matter. The Office of the Trial Judiciary of the Office of Military Commissions has, however, refused to act on the undersigned's notice of appearance or so much as acknowledge receipt of that notice. In addition, Petitioner has apparently discussed his desire to have the undersigned serve as his legal advisor before the military commissions at two separate appearances before the military commissions' judge. The undersigned has requested copies of the transcripts of these two proceedings from the Office of the Trial Judiciary

---

[1] On December 19, 2008, the undersigned sent three pieces of mail to petitioner in an attempt to comply with the Court's December 15, 2008 direction that "by February 16, 2008 (sic – presumably should read "February 16, 2009"), Petitioner's counsel shall file a signed authorization from Petitioner to pursue this action or a declaration by counsel that states that Petitioner directly authorized counsel to pursue the action and explains why counsel was unable to secure a signed authorization." In light of Respondents' policy of rejecting all of the undersigned's mail sent to Guantánamo Bay, it is all but certain that the undersigned's December 19th mailings seeking Petitioner's guidance and assistance in complying with the Court's December 15th direction will be rejected and returned without delivery to Petitioner. Petitioner did send the undersigned a letter, dated before the Supreme Court's decision in *Boumediene v. Bush*, that the undersigned file a Detainee Treatment Act petition on Petitioner's behalf in the United States Court of Appeals for the District of Columbia Circuit. The undersigned has repeatedly sought clarification from Petitioner regarding the filing of the instant matter. These efforts have been frustrated by Respondents' policy of rejecting all of the undersigned's mail.

of the Office of Military Commissions. On both occasions, the Deputy Clerk of Court for the Office of Military Commissions, L.M. Apostol, has refused the undersigned's requests for a transcript.

4. Officials in the Office of Military Commissions have also suspended the undersigned from practice before the military commissions. The Officials responsible for the undersigned's suspension did not provide notice, a hearing, or appellate rights to the undersigned.[2]

5. As a result of Respondents' refusal to deliver the undersigned's mail to Petitioner, Respondents' suspension of the undersigned from the pool of attorneys authorized to represent Petitioner before the military commissions, and their refusal to act on the undersigned's March 2008 security clearance application, the undersigned is unable to communicate with, or otherwise seek the assistance of, Petitioner in furtherance of Petitioner's *habeas* petition. The undersigned is similarly hampered in his efforts to secure a signed authorization from Petitioner pursuant to the Court's December 15th direction or to properly and accurately address the issues involved in this status report.

---

[2] Less than 24 hours after the undersigned notified this Court, in an unrelated matter, of his suspension, officials with the Office of Military Commissions corresponded with the undersigned to solicit the undersigned's input for their "review" of his suspension. *See al-Hawsawi v. Gates*, 08-cv-1645 (RJL) (document number 5). These officials have provided no indication of when they anticipate completing their "review."

Dated: New York, New York
December 21, 2008

                         Respectfully submitted,

                         **The Law Offices of Scott L. Fenstermaker, P.C.**

By:    */s/ Scott L. Fenstermaker*
        Scott L. Fenstermaker, Esq.
        Counsel for Petitioner Ammar al-Baluchi
        300 Park Avenue, 17th Floor
        New York, New York 10017
        212-302-0201