IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDUL ZAHIR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, *et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No.<br>05-CV-1623 (RWR) |

**JOINT STATUS REPORT ON CASE MANAGEMENT ISSUES
PURSUANT TO COURT'S ORDER OF DECEMBER 3, 2008**

In accordance with this Court's Minute Order dated December 3, 2008, the parties respectfully submit this joint status report in compliance with that order and to note Petitioner's and the Government's current position concerning the case management procedures that should govern this matter.

On November 18, 2008, the Government moved for clarification and reconsideration of Judge Hogan's November 6, 2008, Case Management Order ("CMO"), or in the alternative, for certification of the CMO for appeal pursuant to 28 U.S.C. § 1292(b). *See* Dkt. 940 in Civ. No. 08-m-0442. On November 21, 2008, Judge Hogan stayed certain aspects of the parties' obligations under his preliminary CMO, and Judge Hogan's Order was entered for the above-captioned case on this same date. *See* Dkt. 160. Judge Hogan conducted a hearing on the Government's motion for clarification and reconsideration on December 10.

On December 16, 2008, Judge Hogan issued an Order granting in part and denying in part the Government's motion for clarification and reconsideration ("December 16 Order"). Dkt. 180. The December 16 Order revised the CMO's provision regarding disclosure of exculpatory evidence, modified the required "automatic discovery" disclosures, modified the disclosure requirement regarding classified materials produced in accordance with the Government's exculpatory evidence or automatic discovery obligations, and modified the deadlines for filing the Petitioner's traverse. *See id.* at 2-3. Judge Hogan also adjusted the deadlines for filing unclassified factual returns, lifted the stay entered by his November 21 Order, and ordered that any future motions to amend the Case Management Order be directed to the Merits Judges. *See id.* at 2, 4.

Government's Position

The Government is reviewing Judge Hogan's December 16 Order and is consulting with its agency clients to determine both our ability to comply with the revised Case Management Order and whether it is necessary to seek further modifications from this Court. The Government had previously stated its concerns with respect to the November 6, 2008 CMO, both in its November 18, 2008 motion for reconsideration and clarification and in this matter on November 26, 2008 in Respondents' Memorandum in Response to Court's Order of November 6, 2008 ("Respondents' November 26 Memorandum"). *See* Dkt. 163. Although the December 16 Order granted some of the relief requested by the Government, it denied other

requests, and the Government is not in a position at this writing to state what other modifications, if any, may be necessary. We anticipate, however, that after consulting with the affected agencies counsel will be in a better position to discuss these issues at the status conference to be scheduled in this matter.

The Government has, however, identified two specific issues that can be brought to the Court's attention today. First, the Government respectfully notes that it is in the process of evaluating whether it will be able to comply with the December 30 deadline put in place by Judge Hogan's December 16 Order for the production of exculpatory evidence in all coordinated cases in which factual returns have already been filed. Second, and on a related point, given Judge Hogan's order that further motions to amend the CMO be directed to the Merits Judges, the Government anticipates that a similar situation may occur frequently in the future -- i.e., that individual case management orders from the Merits Judges may lead to significant deadlines being imposed in large numbers of cases essentially simultaneously. As explained in Respondents' November 26 Memorandum, the imposition of simultaneous, unstaggered deadlines will make impracticable the Government's compliance with all of its obligations to all of the judges on this Court. *See* Dkt. 163 at 6-7. In order to ensure that its obligations in all of these habeas cases are met without compromising its interests, the Government had requested that Judge Hogan schedule proceedings for 25 cases per month. *See id.* Given that Judge Hogan did not address such sequencing in the December 16 Order, the

Government expects to request that the individual Merits Judges adopt a sequencing approach to the cases pending in their courts.

Pursuant to this Court's December 3, 2008, Order, the government is available for status conference the weeks of December 29, 2008, and January 5, 2009.

PETITIONER'S POSITION AND REPORT. With reference to Judge Hogan's Case Management Order, as clarified on December 16, 2008 (as so clarified, the "CMO"), the Petitioner reports that:

1. Section I.A of the CMO reads: "... *the government shall file returns and proposed amended returns containing the factual basis upon which it is detaining the petitioner.*"

   The government has filed the amended factual return required by Section I.A.

2. Section I.B of the CMO reads: "*The government shall file a succinct statement explaining its legal justification for detaining the petitioner. If the government's justification for detention is the petitioner's status as an enemy combatant, the government shall provide the definition of enemy combatant on which it relies.*" Petitioner's counsel has on two occasions reviewed the amended factual return, which can only be reviewed at the Court Security Officer's Secure Facility in Arlington, Virginia. Counsel is not allowed to copy the amended factual return, nor is he allowed to take notes made in connection with the amended factual return with him. Counsel cannot state with assurance today whether the Legal Justification for Petitioner's detention was included with the Amended Factual

Return. If it was included, Counsel does not recall whether that Legal Justification was petitioner's status as an enemy combatant and, if it was, whether a definition of "enemy combatant" was included.

3. Section I.C of the CMO reads: "*By January 9, 2008, the government shall file an unclassified version of each factual return it has filed to date.*"

   The government has filed an unclassified version of the amended factual return.

4. Section I.D of the CMO reads: "*The government shall disclose to the petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner. ... In this context, the term "reasonably available evidence" means evidence contained in any information reviewed by attorneys preparing factual returns for all detainees; it is not limited to evidence discovered by the attorneys preparing the factual return for the petitioner.*"

   The government has not disclosed any exculpatory evidence to the petitioner.

5. Section 1.E.1 of the CMO reads: "*If requested by the petitioner, the government shall disclose to the petitioner (1) any documents and objects in the government's possession that the government relies on to justify detention; (2) all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention; and (3) information about the circumstances in which such statements of the petitioner were made or adopted.*"

On December 18, 2008 the petitioner requested that the government provide these disclosures. The time within which the government must respond to the request has not expired.

6. Section 1.E.2 of the CMO reads: "*The Merits Judge may, for good cause, permit the petitioner to obtain limited discovery beyond that described in the preceding paragraph [i.e. I.E.1].*"

    The petitioner will request that he be permitted to obtain particularized discovery beyond that described in paragraph 1.E.1 of the CMO. The request will be filed promptly after petitioner's counsel reviews the amended factual return and related filings one more time at the CSO's Secure Facility in Arlington, Virginia. Petitioner expects to file this request no later than December 31, 2008.

7. Petitioner is not able at this time to anticipate the results of the Respondents' evaluation of its ability to comply with its obligation to provide exculpatory evidence by December 30, 2008.

8. Petitioner's counsel can be available for status conference in person in the week of December 29, 2008, and with leave of court by telephone the week of January 5, 2009.

**SIGNATURE PAGE FOLLOWS**

Dated: December 22, 2008

Respectfully submitted,

| | |
|---|---|
| GREGORY G. KATSAS<br>Assistant Attorney General | ROBERT A. GENSBURG<br>P.O. Box 248<br>St. Johnsbury, VT 05819 |
| JOHN C. O'QUINN<br>Deputy Assistant Attorney General | Tel: (802) 748-5338<br>Fax: (802) 748-1673<br>Attorney for Petitioner |
| _/s/ Jane L. Westby for James Smart_ | _/s/ Robert A. Gensburg_ |

JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
JAMES SMART
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 305-3961
Fax: (202) 616-8470
Attorneys for Respondents