IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH) |
| MOHAMMED AHMED TAHER,<br><br>Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>Respondents. | Civil Action No. 06-1684 (GK) |

## STATUS REPORT

Counsel for Petitioner and Respondents have conferred regarding the November 17, 2008 Case Management Order ("CMO") issued by the Court in this case, which requires the parties to file a joint status report by December 22, 2008. The government believes that the CMO issued in Petitioner's case has been superceded by Judge Hogan's December 17, 2008 Order amending the generic Case Management Order entered in Miscellaneous No. 08-442 on November 6, 2008, and has informed Petitioner's counsel that it will not join this filing. Accordingly, undersigned counsel for Petitioner respectfully submit this status report individually.

Petitioner, a citizen of Yemen, was transferred to Guantanamo Bay in early 2002. He is the younger brother of former Guantanamo detainee Salah al-Salami (ISN 693), who was one of three prisoners reportedly found dead in their cells on June 10, 2006. Petitioner is currently detained in isolation in Camp 5.

Petitioner's habeas petition has been pending before this Court since September 29, 2006. The government filed an original factual return in his case more than two years later, on November 25, 2008, under seal. While the government was required under Section I.C of the CMO to file an unclassified version of the return by December 10, 2008 (14 days from the date the return was filed), an unclassified return has not been provided to Petitioner or his counsel to date.

On December 4, 2008, the government filed a generic statement of legal justification for detention in over 30 cases, including Petitioner's case, which includes a broad definition of "enemy combatant" and general examples of activities and associations that purportedly meet that definition, but no explanation of the specific legal basis for Petitioner's detention. Petitioner maintains that the government's filing does not satisfy the requirement under Section I.B of the CMO for a "statement explaining the *specific legal grounds* upon which [the government] relies *for detaining Petitioner*" (emphasis added).[1]

Pursuant to Section I.D.1, the government was required by December 17, 2008 to disclose to Petitioner all reasonably available exculpatory evidence in its possession or that could be obtained through reasonable diligence, to notify Petitioner of the existence of any exculpatory evidence within its actual knowledge but not within its possession or capable of being obtained through reasonable diligence, and to file a notice certifying that it has disclosed the exculpatory evidence or that it does not possess any such evidence. The

---

[1] In cases in which the government has filed a statement of legal justification to date, it has submitted the same generic justification in every case. At least one judge has already ordered the government to file a more particular statement: in *Al Daini v. Bush*, Judge Roberts ordered the government to file a revised statement "describing with specificity the nature of the activities or associations the Government asserts qualify Petitioner as an unlawful enemy combatant." Order, *Al Daini v. Bush*, No. 05-cv-634 (RWR) (D.D.C. Dec. 12, 2008) (dkt. no. 105).

government has not made any such disclosures or filed notices pursuant to Section I.D.1 to date.

On December 16, 2008, Petitioner submitted a written request for discovery pursuant to Section I.E.1 of the CMO, to which the government has not yet responded. Petitioner intends to make specific further requests for exculpatory evidence and other discovery pursuant to the CMO, which, in light of the traumatic experience of his brother's death while Petitioner has been detained in isolation at Guantanamo, will include requests for his psychological evaluations and other medical records. *See* Section I.D.1 ("The term 'exculpatory evidence' includes any evidence of abusive treatment, torture, mental incapacity, or physical incapacity which could affect the credibility and/or reliability of evidence being offered.").

As contemplated in the CMO, Petitioner and his counsel must receive exculpatory evidence and other discovery pursuant to Sections I.D and E, as well as the unclassified factual return – none of which the government has yet produced – in order to prepare Petitioner's traverse and file his initial brief in support of judgment on the record. In addition, Petitioner requests an adjustment of the schedule outlined in the CMO for the filing of the traverse and initial briefs to allow time for counsel to consult with Petitioner at Guantanamo after the end of discovery. Petitioner also requests that the Court issue an order clarifying that the November 17, 2008 CMO is the governing framework for this case, and schedule an in-person status conference for discussion of scheduling and other issues.

Dated: New York, New York
December 22, 2008

                                      Respectfully submitted,

/s/ Pardiss Kebriaei
Pardiss Kebriaei (Pursuant to LCvR 83.2(g))
J. Wells Dixon (Pursuant to LCvR 83.2 (g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6452
Fax: (212) 614-6499
pkebriaei@ccrjustice.org
wdixon@ccrjustice.org

*Counsel for Petitioner*