IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | |
| ) | |
| GUANTÁNAMO BAY ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION ) | |
| ) | |
| SALIM SAID, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-2384 (RWR) |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MOTION FOR ORDER DIRECTING RESPONDENTS TO PERMIT THE
PETITIONER TO SEE HIS OWN ALLEGED STATEMENTS CONTAINED IN THE
<u>FACTUAL RETURN</u>**

Petitioner Saad Al Qahtani ("Saad"), through his undersigned counsel, respectfully moves this Court for an order directing Respondents to permit Saad to see any statements allegedly made by him that are contained in his factual return, including statements that Respondents have deemed classified.  Saad cannot meaningfully assist his counsel in this habeas proceeding without being able to review and respond to *any* statements or admissions the Government attributes to him as a purported basis for his detention.  A petitioner's right to review evidence that he himself has allegedly provided and that the Government intends to use against him is both presumed in paragraph 29 of the Protective Order and required for meaningful habeas review.  After almost seven years of imprisonment without legal justification, Saad wishes to move forward with his habeas case without further delay, but cannot do so if he is prevented from responding to what Respondents allege he said.

## I. Saad Is Entitled To Confront The Statements That Respondents Attribute To Him.

This Court should direct Respondents to permit Saad to view and respond to all statements attributed to him in the factual return. The Protective Order plainly entitles each petitioner to do so, and to deny Saad this right is flatly inconsistent with the meaningful habeas review mandated by the Supreme Court in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008). Moreover, denying petitioners this right effectively deprives the Court of critical evidence of, at the very least, each petitioner's admission or denial of the statements attributed to him.

In the September 11, 2008 Protective Order entered by Judge Hogan in the consolidated Guantánamo detainee cases, paragraph 29 plainly entitles habeas counsel to disclose to their clients classified information originating with that client:

> Petitioners' counsel shall not disclose to a petitioner-detainee classified information *not provided by that petitioner-detainee*. Should a petitioner's counsel desire to disclose classified information *not provided by a petitioner-detainee* to that petitioner-detainee, that petitioner's counsel will provide in writing to the privilege review team . . . a request for release clearly stating the classified information they seek to release. . . .

Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, September 11, 2008, at ¶ 29 (Hogan, J.) (emphasis added). As the Protective Order recognizes, any statement or information provided by the petitioner himself must already have been known to the petitioner, regardless of whether Respondents deem it classified. It makes no sense to forbid counsel to "disclose" to a petitioner what the petitioner purportedly already knew, and the Protective Order does not do so.[1]

Depriving Saad of the opportunity to respond to and potentially rebut statements allegedly provided by him – statements that Respondents cite to justify Saad's detention –

---

[1] The Protective Order applies the same common sense rule to "protected" information: "Petitioner's counsel shall not disclose protected information *not provided by a petitioner-detainee* to that petitioner-detainee without prior concurrence of government counsel or express permission of the Court." *Id.* at ¶ 39 (emphasis added).

would also deprive this Court of the critical evidence of Saad's response to the Respondents' evidence against him. Such deprivations cannot be squared with the Supreme Court's holding in *Boumediene* that the Combatant Status Review Tribunals ("CSRTs") were not an adequate substitute for habeas review. In enumerating the defects of the CSRT proceedings, the Court noted that the detainee "may not be aware of the most critical allegations that the Government relied upon to order his detention." *Id.* at 2269. If Saad is not permitted to review his own alleged statements that Respondents rely on to justify his detention, then this habeas proceeding would simply replicate the defects of the CSRTs.

This Court should not permit Saad to remain imprisoned based on statements that Saad allegedly made without permitting him to confront those statements and, at the very least, admit or deny them.

## II. Petitioner's Counsel Have Attempted Unsuccessfully To Resolve This Issue Without Court Intervention.

On September 12, 2008, Petitioner's counsel Patricia A. Bronte visited the Secure Facility in anticipation of a meeting with Saad on September 29, 2008. Ms. Bronte compiled a set of reports in Saad's factual return containing statements allegedly made by Saad. Ms. Bronte then painstakingly redacted all information (*e.g.*, interrogators' names and analysis) from the reports except the alleged statements by Saad. Ms. Bronte submitted the redacted reports to the Privilege Review Team, along with a memorandum requesting that the reports be sent to Guantánamo so that Ms. Bronte could discuss them with Saad during their upcoming meeting. Ms. Bronte did not receive any response to the memorandum, and the reports were not available during her meeting with Saad on September 29.

On October 27, 2008, counsel for Petitioner Sapna G. Lalmalani visited the Secure Facility in preparation for a meeting with Saad on December 3, 2008. The Privilege Review

3

Team told Ms. Lalmalani that she could submit a memorandum containing clients' statements from documents designated "For Official Use Only," which would be transported to Guantánamo for use during client meetings. The Court Security Officer told Ms. Lalmalani that counsel could not discuss with a client his own classified statements in the factual return.

Ms. Bronte discussed this issue with Paul E. Ahern, counsel for Respondents, on Friday December 5, 2008. At that time, Mr. Ahern stated that Respondents did not believe that the Protective Order permitted petitioners' counsel to discuss with a client that client's own statements to interrogators if those statements were part of memoranda or reports that had been designated classified. In a letter to Mr. Ahern dated December 9, 2008 (attached as Exhibit A), Ms. Bronte renewed her request to be permitted to discuss with Saad his purported statements to interrogators referenced in the factual return. Ms. Bronte requested a response to the letter by Friday, December 12, 2008, but none was received.

On December 19 and 22, 2008, Ms. Bronte spoke by phone with Respondents' counsel Erik Ablin. Mr. Ablin stated that Petitioner's counsel could not discuss with Saad his own alleged statements unless the statements were first declassified. Ms. Bronte is planning to meet with Saad on January 4 and 5 and February 3 and 4, 2009.

# CONCLUSION

To receive fair and accurate habeas corpus proceedings, Saad must be able to defend against *all* of the statements attributed to him, not just the ones that Respondents selectively permit his counsel to disclose to him. For all of the foregoing reasons, Petitioner respectfully requests that the Court direct Respondents to permit Saad to view his own alleged statements contained in the classified factual return.

                                            Respectfully submitted,

Dated: December 22, 2008

                                           /s/ Patricia A. Bronte
                                          One of the Attorneys for the Petitioner

| | |
|---|---|
| *Of Counsel* | Patricia A. Bronte |
| Gitanjali S. Gutierrez (GG1234) | Sapna G. Lalmalani |
| 666 Broadway, 7th Floor | Eric J. Schwab |
| New York, NY 10012 | JENNER & BLOCK LLP |
| Tel: (212) 614-6464 | 330 North Wabash Ave. |
| Fax: (212) 614-6499 | Chicago, IL 60611 |
| | Tel: (312) 923-8357 |
| | Fax: (312) 840-7757 |

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion For Order Directing Respondents To Permit The Petitioner To See His Own Alleged Statements Contained In The Factual Return was served upon the following counsel of record by the CM/ECF system on December 22, 2008:

        Paul E. Ahern
        Erik Ablin
        Andrew Sparks
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Avenue NW
        Washington, D.C. 20530

                                        /s/ Patricia A. Bronte

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GUANTÁNAMO BAY | ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION | ) | |
| | ) | |
| | ) | |
| SALIM SAID, *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2384 (RWR) |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## PROPOSED ORDER

Upon consideration of the Motion For Order Directing Respondents To Permit The Petitioner To See His Own Alleged Statements Contained In The Factual Return, it is hereby

**ORDERED** on this ___ day of_____, 200__, that Respondents shall permit Petitioner's counsel to discuss with Petitioner Saad Al Qahtani his own alleged statements as reported in classified portions of the factual return.

IT IS SO ORDERED.

_____
**UNITED STATES DISTRICT COURT JUDGE
RICHARD W. ROBERTS**