IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
IN RE:                              )
                                    )  Misc. No. 08-442 (TFH)
GUANTANAMO BAY                      )
DETAINEE LITIGATION                 )  Civil Action No. 08-2083
                                    )
_____)

## RESPONDENTS' STATUS REPORT

Pursuant to the Court's December 15, 2008 Minute Order, undersigned counsel for Respondents states the following status of this case:

1)  Ammar al-Baluchi, a/k/a Ali Abdul Aziz Ali, is the detainee-petitioner in this habeas corpus case. Petitioner is currently detained by the Department of Defense ("DoD") at the United States Naval Base at Guantanamo Bay, Cuba. He is identified by Internment Serial Number 10018. A Combatant Status Review Tribunal convened by DoD determined Petitioner to be an enemy combatant.

2)  Petitioner is challenging his designation as an enemy combatant in a petition for review under the Detainee Treatment Act ("DTA"), which is currently pending in the United States Court of Appeals for the District of Columbia Circuit (C.A. No. 08-1236). The DTA action was brought on behalf of the detainee by Henri Sisneros and Vanessa M. Ramos of the Utah Federal Defender Office.

3)  The attorney who filed this habeas petition, Scott L. Fenstermaker, has not submitted evidence that the detainee directly authorized this action.[1]  Pursuant to the Court's December 15, 2008 Minute Order, counsel has until "February 16, 2008" (sic) to produce either a signed authorization from Petitioner to pursue this action, or a declaration by counsel which

---

[1] Mr. Fenstermaker's alleged representation of other Guantanamo Bay detainees has been rejected. *See Ali Nashir v. Gates*, Civ. No. 08-1085 (TFH) (D.D.C. Dec. 1, 2008) (dkt. no. 71) (order dismissing habeas petition); *Ghailani v. Gates*, Civ. No. 08-1190 (RJL) (D.D.C. Aug. 20, 2008) (dkt. no. 14) (order granting motion to strike notice of appearance).

-1-

states that Petitioner directly authorized this action and explains why counsel was unable to secure a signed authorization.² Respondents respectfully request that the Court take no further action in this case until the representation issue is resolved.

4) Petitioner has been charged under the Military Commissions Act of 2006 for his alleged involvement in the planning and execution of the attacks of September 11, 2001. *See* http://www.defenselink.mil/news/Ali%20Abdul%20Aziz%20Ali%20Referred%209%20May%202008%20R.pdf. In particular, Petitioner has been charged with the following offenses: conspiracy, in violation of 10 U.S.C. § 950v(b)(28); attacking civilians, in violation of 10 U.S.C. § 950v(b)(2); attacking civilian objects, in violation of 10 U.S.C. § 950v(b)(3); intentionally causing serious bodily injury, in violation of 10 U.S.C. § 950v(b)(13); murder in violation of the Law of War, in violation of 10 U.S.C. § 950v(b)(15); destruction of property in violation of the Law of War, in violation of 10 U.S.C. § 950v(b)(16); hijacking or hazarding a vessel or aircraft, in violation of 10 U.S.C. § 950v(b)(23); terrorism, in violation of 10 U.S.C. § 950v(b)(24); and providing material support for terrorism, in violation of 10 U.S.C. § 950v(b)(25). *Id.* On May 9, 2008, the charges against Petitioner were referred for trial by military commission, with instructions that Petitioner be tried at a joint or common trial with four alleged co-conspirators: Khalid Sheikh Mohammed, Walid Muhammad Salih Mubarak Bin'Attash, Ramzi Binalshibh, and Mustafa Ahmed Adam al Hawsawi. *Id.*

In the event that the Court determines that this habeas petition was properly brought on behalf of the detainee, Respondents intend to file a motion to dismiss the petition, or

---

² Mr. Fenstermaker contends in his status report that it is not likely that he will be able to comply with the Court's instructions because Respondents have been rejecting all his mail to Guantanamo Bay. However, Mr. Fenstermaker's suggestion that he has no means of corresponding with the detainee is inaccurate, as Mr. Fenstermaker is permitted to send non-privileged mail to the detainee through the facility's non-legal mail system. The mail that was returned to Mr. Fenstermaker was rejected because of his insistence that it be treated as privileged attorney-client communication, even though he has not met the requirements and prerequisites for privileged access to Guantanamo Bay detainees.

in the alternative, to hold the action in abeyance pending final resolution of the military commission proceedings.

5) No protective order has been entered in this case. Should the Court decide that the action should not be dismissed or held in abeyance pending completion of military commission proceedings, Respondents will immediately move for entry of a protective order that appropriately safeguards the highly sensitive and presumptively classified information involved in this case. *See*, *e.g.*, Respondents' Motion to Reconsider Application of Standard Habeas Protective Order to These Cases and Request for Entry of Proposed Protective Order Pertaining to Top Secret / Sensitive Compartmented Information, *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442 (TFH) (D.D.C. Aug. 18, 2008) (dkt. no. 264). In September 2006, Petitioner was one of several individuals transferred to Guantanamo Bay to the custody of DoD from the custody of the Central Intelligence Agency ("CIA"). The CIA held Petitioner as part of a program to capture, detain, and interrogate key terrorist leaders and operatives in order to help prevent future terrorist attacks. *See generally id.* at Ex. 1-2. In light of Petitioner's prior detention in CIA custody, any protective order in this case must appropriately address the management and handling of TOP SECRET/Sensitive Compartmented Information ("TS/SCI"). *See id.* at Ex. 1 ¶¶ 8-16 (Declarations of Marilyn A. Dorn). The standard protective order entered in other detainee habeas cases is not appropriate with respect to the management and handling of information designated as TS/SCI. Accordingly, Respondents will move for entry of a TS/SCI Protective Order in this matter appropriate to the handling of such information.

6) The Case Management Order, first entered in Misc. No. 08-442 on November 6, 2008, and amended by the Court on December 16, 2008, has been entered in this case.

Dated: December 22, 2008

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 */s/ Jonathan S. Needle*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
JONATHAN S. NEEDLE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC 20530
Tel: (202) 305-0037
Fax: (202) 616-8470

Attorneys for Respondents