IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GUANTANAMO BAY ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION ) | |
| ) | |
| AMER MOHAMMON, *et al.,* ) | |
| (MAHER EL FALESTENY) ) | |
| ) | |
| *Petitioners*, ) | |
| ) | |
| *v.* ) | Civil No. 05-2386 (RBW) |
| ) | |
| GEORGE W. BUSH, *et al.,* ) | |
| ) | |
| Respondents. ) | |
| ) | |

**OPPOSITION TO MOTION TO STAY**

Petitioner Maher El Falesteny opposes the government's motion to stay his case. The government asserts that the need to move forward with this case is less pressing than some other cases, but cannot demonstrate how this could be so. Falesteny continues to be imprisoned, and in a flagrant violation of the Geneva Conventions, remains in solitary confinement. In briefing before the Court of Appeals, and at the recent oral argument in *Kiyemba v. Bush*, the Solicitor General made much of the fact that the Uyghur prisoners are held in a less restrictive environment within the Guantanamo prison complex. While Falesteny seeks, and continues to be entitled to an unconditional release, he is also entitled to be treated

as required by applicable law pending release. The government contends, when it is convenient for it to do so, that an adjudication of Falesteny's claim, even if it cannot result in release without diplomatic efforts, would result in a material improvement of his circumstances. This alone is reason not to stay this case.

Of course there is more. He has been detained for seven years, out of contact with his family (who may not know he is alive) while the facts show that he is not, and never was, a combatant of any kind.[1] His case was already stayed for more than two years while the government tried, unsuccessfully, to evade all accountability for its actions.

Although the State Department does seem to be making at least a token effort to resettle Falesteny,[2] this effort cannot but be helped by a reversal of the government's erroneous and unsupportable finding that he was a combatant, and might therefore present a danger of some kind once resettled. Even if the government is unable to discern this truth for itself, it is apparent in press reports

---

[1] *See* Exhibit A, an unsigned declaration by Falesteny. A classified version will be filed under separate cover from the Secure Facility.

[2] Although the State Department's efforts are generally opaque, we believe that Falesteny is the Palestinian referred to in today's Washington Post:

> The Bush administration shopped lists of detainees to a number of European countries, including late last year when European officials were asked to take 16 of the 17 Uighurs, four Uzbeks, an Egyptian, a Palestinian and a Somali, according to U.S. diplomats and human rights groups. "There was a big push last year," said Bellinger, the State Department legal adviser, who said that the administration has cabled approximately 100 countries seeking help with clearing out Guantanamo Bay.

from target countries.[3] There is certainly no reason to believe that Falesteny's vindication will *complicate* efforts to resettle him. The affidavit from Ambassador Williamson is conspicuously silent on this, the only truly salient issue for this motion.

Falesteny is not unaware that continuing his case visits some minor inconvenience on the government. If the government is truly concerned about the allocation of resources, and is as little interested in the legal merits of its position as the motion to stay appears to suggest, there is a superior alternative: the government can concede the case as to liability, and move to the remedy phase. This would result, if the Solicitor General is to be believed, in an immediate dramatic improvement in Falesteny's quality of life while diplomatic initiatives proceed. And, obviously, it should help with those initiatives. What the government may not do under the law – what is very plainly inconsistent with the timing embedded in 28 U.S.C. § 2243 and the direct admonition of the Supreme Court – is have its cake (indefinite detention) and eat it too (be free of judicial review).

---

[3] *See e.g.*, Exhibit B (BBC Monitoring Europe, *German Official Signals Hamburg Might Accept Guantanamo Prisoners*, Dec. 22, 2008 (stressing eligibility of those prisoners who are "demonstrably innocent"); Dow Jones Factiva, *German Official urges Berlin to Accept Guantanamo Inmates*, Dec. 21, 2008 (head of Amnesty International chapter encouraging EU countries to take in "apparently innocent" prisoners); Dow Jones Factiva, *Germany Considers Taking in Guantanamo Prisoners*, Dec. 22, 2008.)

In *Dellinger v. Mitchell*, 442 F.2d 782, 786-87 (D.C. Cir. 1971), the Court of Appeals explained the limits of a court's discretion to stay cases under *Landis v. North American Co.*, 299 U.S. 248 (1936): The delay created by a stay must be "not immoderate in extent and not oppressive in its consequences." This is especially pertinent here because habeas cases are "particularly inappropriate for any delay." *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969). As the Ninth Circuit explained more recently in *Yong v. INS*, 208 F.3d 1116, 1119-21 (9th Cir. 2000), excessive delay makes the Great Writ a "sham." *Id.* at 1120 (quoting *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978)). The government's reliance on *United States v. Stover*, 576 F.Supp. 2d 134 (D.D.C. 2008), is curious. While it is, as the government indicates, a habeas case, in *Stover*, Judge Lamberth *denied* a stay requested *by the petitioner* based on his claim that state court litigation might moot his federal case. Certainly, given the relative burdens on the parties, the government presents a much less compelling argument for stay here than the unsuccessful petitioner did in *Stover*.

Falesteny has waited long enough to clear his name, and win his release. The government's request for an indefinite stay should be denied.

Respectfully submitted,

/s/ Charles H. Carpenter

| | |
|---|---|
| Shayana Kadidal (DC # 454248) | Charles H. Carpenter (DC # 432004) |
| CENTER FOR CONSTITUTIONAL RIGHTS | PEPPER HAMILTON LLP |
| 666 Broadway, 7th Floor | 600 Fourteenth Street, N.W. |
| New York, New York 10012 | Suite 500, Hamilton Square |
| Tel: (212) 614-6439 | Washington, DC 20005-2004 |
| Fax: (212) 614-6499 | Tel: (202) 220-1507 |
| | Fax: (202) 220-1665 |

Of Counsel for Petitioner

Stephen M. Truitt (DC # 13235)
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W.
Suite 500, Hamilton Square
Washington, DC 20005-2004
Tel: (202) 220-1452
Fax: (202) 220-1665

Dated: December 24, 2008

Counsel for Petitioner