UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
IN RE:                                               )
                                                      )        Misc. No. 08-442 (TFH)
GUANTANAMO BAY                          )
DETAINEE LITIGATION              )        Civil Action Nos.
                                                      )
                                                      )        04-CV-1164, 05-CV-1623
_____)

**RESPONDENTS' MOTION TO CONFIRM DESIGNATION
OF UNCLASSIFIED FACTUAL RETURNS AS "PROTECTED"**

Respondents hereby request, pursuant to Paragraph 34 of the Protective Order (Dkt # 409, 08-mc-0442) entered September 11, 2008, that the Court confirm designation of the Unclassified Factual Returns served[1] on petitioners' counsel on December 11 - 22, 2008, as well as those ordered to be served during the month of January 2009,[2] including the narratives and all exhibits and attachments, as "Protected," until such time as Respondents produce versions of the returns that may be publicly disclosed. Notwithstanding Respondents' designation of the unclassified returns served on counsel as "Protected," Petitioners' counsel have been advised that the documents may be disclosed to the individual Petitioners.[3] Further, Respondents do not

---

[1] Except where specifically ordered by the Merits Judge (*see* 05-CV-763, 05-CV-1646, and 05-CV-2378), the initial round of unclassified returns have not been filed with the Court but have been produced to petitioners' counsel. Filing them as "protected" would, of course, require submission under seal through the Office of the Clerk. *See infra* at footnote 13.

[2] *See* Order (Dkt. # 1315, 08-mc-0442) entered December 16, 2008, ¶ 1.

[3] Paragraph 34 of the Protective Order provides that "protected" information may be disclosed to petitioners' counsel who have satisfied the necessary prerequisites for access to protected information. Paragraph 11 defines "petitioners' counsel" to include the attorneys representing the petitioners and also "co-counsel, interpreters/translators, paralegals, investigators and all other personnel or support staff employed or engaged to assist in the

object to the sharing of information from the return with individuals, such as witnesses, necessary to the preparation of an individual case.[4] As explained below, based on Respondent's initial review of the unclassified returns produced, the general, public dissemination of the returns poses potentially significant security risks to the United States. Accordingly, public disclosure of this group of unclassified returns should be postponed until completion of further review of the documents by the appropriate declassification authorities.

## STATEMENT OF FACTS

As of the date of this motion, Respondents have filed approximately 170 factual returns, 151 of which have been filed in the Guantanamo Bay Detainee Litigation cases consolidated under Misc. No. 08-0442 (TFH). On November 18, 2008,[5] Respondents stated their commitment to produce unclassified versions by December 12, 2008, of the first 100 classified factual returns filed in the consolidated cases.[6] As noted above, this Court has ordered that unclassified versions of the remaining 50 classified factual returns already filed be produced by January 9,

---

litigation" who have satisfied the requirements set out in Part I.E. of the Protective Order. As permitted by ¶ 39, government counsel have concurred in the disclosure of the unclassified returns to the petitioners to whom they pertain.

[4] Of course, any witnesses or other persons who receive protected information from petitioner's counsel must comply with the terms of the Court's protective order regarding the handling and distribution of such information. See Protective Order ¶¶ 1, 34-45.

[5] *See* The Government's Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order and Supplemental Amended Orders Or, In the Alternative, Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Certain Obligations Pending Resolution of the Motion and any Appeal (Document No. 1004, 08-mc-0442), at p. 31. [Hereinafter referred to as "Respondents' Motion for Reconsideration."]

[6] In fact, as of November 18, 2008, 101 factual returns had been filed.

- 2 -

2009,[7] with unclassified versions of the returns to be filed by the end of December to be produced by approximately January 21, 2009. Fourteen of the first 101 cases having been stayed, 87 unclassified returns were produced and served by December 22; however, Respondents' review of the documents prepared for service thus far has revealed that properly classified material has not been fully redacted from all narratives and exhibits. Classification personnel have concluded, nonetheless, that disclosure of an individual unclassified return to the individual detainee does not pose an unacceptable risk, but that general dissemination of all the unclassified returns poses a significant risk of harm to the security interests of the United States. The danger resides in the accumulation of classified material that has not been properly redacted from the unclassified returns. The collection and analysis of this body of information could yield usable intelligence harmful to the interests of the United States. Classification review of all factual returns by Respondents is continuing to the end that declassified returns suitable for public disclosure will be prepared and served.[8]

The unclassified returns subject to this Motion were, or will be, transmitted by electronic mail to Petitioners' counsel beginning December 11, 2008. Each transmitted to date has been accompanied by the following message:[9]

---

[7] At least 7 of these 50 proceedings have been stayed, and motions to stay are pending in at least 10 others. Unclassified returns will not be filed in those cases which have been stayed.

[8] An "unclassified" return is one in which all classified information has been redacted. These have been prepared as a preliminary measure to provide information to the detainees as quickly as possible. A "declassified" return is one in which formerly classified information has been determined by authorized declassification officials to no longer require security classification. The government is working toward preparation of returns declassified to the fullest extent possible, but that requires multiple, close reviews.

[9] Notices of Service were filed in 08-MC-0442 and the affected civil actions with the following, or substantially similar, statement:

> [Counsel]:
> Please find attached the unclassified return for [petitioner]. We have designated the unclassified return as "protected information" in accordance with the protective order entered by Judge Hogan on September 11, 2008. We have designated the information as protected because of the possibility of errors in redaction in the large number of unclassified returns being filed. General public disclosure or dissemination of the unclassified returns in these circumstances creates a potential danger to national security. Further explanation will be provided in our forthcoming motion. Please let me know your position on that designation by noon on December 16.
>
> Pursuant to the order, you are required to treat the entire document as "protected information" unless and until the court rules that the information should not be designated as protected. That said, we have no objection to you sharing the contents of the protected return with [petitioner].

Respondents received responses from approximately 25 petitioners' counsel to whom unclassified returns have been sent, most of whom object to the designation. In general, they object to the "blanket" designation of the entire return and state that they would be willing to confer regarding specific documents or information that the Government feels may warrant continued protection. Many of the objectors stated that they would be willing to allow the Government a short period of time, ranging from one week to 30 days in which to prepare a

---

NOTICE is hereby given that Respondents have served upon counsel for the petitioner, via e-mail, the unclassified factual return for petitioner [_____], which respondents seek to have designated as "protected information" pursuant to the protective order entered herein by the Court's Order of September 11, 2008. Respondents are conferring with counsel in an attempt to reach an agreement regarding the designation of the information prior to filing a motion with the Court; following the outcome of that conferral, respondents will file an appropriate motion with the Court to have the information designated as "protected."

Respondents, however, do not object to petitioner's counsel sharing the unclassified factual return with the petitioner-detainee in this case.

version of the return suitable for public disclosure.[10]  Some also complained that documents had been over-redacted rather than under-redacted, and that some of the documents had previously been produced on the public record with the same or fewer redactions.

**ARGUMENT**

**A.  Respondents Have Complied with the Procedures of the Protective Order Regarding Designation of the Information as "Protected"**

The Protective Order of September 11, 2008, establishes the policies and procedures for designating documents and information as "protected."  When Respondents seek to designate material as "protected," Paragraph 34 of the Protective Order requires them to "disclose the information to qualified counsel for petitioners . . . and attempt to reach an agreement about the designation."  As noted above, Respondents have designated the unclassified returns as "Protected Information" and have communicated with counsel.  As noted in the summary that appears above, almost all of the petitioners' counsel have objected.

The designation and the restrictions that it places on petitioners' counsel are the product of the complex task which Respondents are performing.  A large number of documents are being reviewed by a large number of persons at several government agencies, including the Federal Bureau of Investigation, the Central Intelligence Agency, the Department of Defense and its components, and the Department of State.  Maintaining uniformity and consistent execution of redactions has proven to be a difficult undertaking, especially in light of the compressed time-frame in which the unclassified versions of the first 87 returns were created.

---

[10]  Some counsel suggested that they would not be bound by the "blanket" designation in the absence of a motion by Respondents; however, ¶ 34 of the Protective Order provides, "Petitioners' counsel shall treat such disclosed information as protected unless and until the Court rules that the information should not be designated as protected."

As this Court fully appreciates, these proceedings are unprecedented in many respects, not least of which is the amount of classified information at issue. The affected agencies are reviewing for classification huge amounts of information on an expedited schedule. In this process, the Government is allowing access to sensitive information to persons whom it believes, and will be attempting to prove, to be enemies of the United States. Respondents are required to invoke the procedures established by the Protective Order to protect information that is otherwise on the verge of being improperly disclosed to the public, which would include persons who mean to do harm to the United States but have not been detained or incapacitated.

While each petitioner's counsel's objection to the "protected" designation is understandable, few, if any, challenge Respondents' representation that inadvertent errors have occurred. Further, each counsel is concerned with the prompt and proper resolution of an individual petitioner's case, while Respondents, in dealing with the cases individually, must also contend with the totality. To engage simultaneously each of the counsel on individual pieces of information in each return not only would overwhelm agency resources required for consideration of such matters, but also would require the same review process that Respondents seek to obtain through this Motion.

### B. The Court Should Confirm the Designation of the Unclassified Returns as "Protected," Because General Public Disclosure Poses Potentially Serious Security Risks

Under the Protective Order, unclassified information can be determined to "require special precautions in order to protect the security of the United States and other significant

interests." Protective Order, p. 2. The unclassified returns served on petitioners' counsel since December 11, 2008, including the narratives and exhibits, qualify as such information.

As explained in Declaration of the Deputy Secretary of Defense filed in connection with Respondents' Motion for Reconsideration, the resources required for production of unclassified versions of the factual returns are the same resources required for production of new factual returns. *See* England Decl. ¶ 20. To ensure accuracy, the process of compiling, reviewing, and redacting sensitive national security information must be carefully done and is inevitably time-consuming. But the reviews to develop unclassified versions of the returns are being performed at an expedited pace to meet the concern of the parties and the Court that the habeas proceedings be conducted and completed without undue delay.

The pace at which redaction of the returns down to an unclassified version is being performed creates a risk of inadvertent disclosure of classified information. *See* England Decl. ¶ 21.[11] Respondents' review of the unclassified returns prepared for the initial production showed that this risk has been realized, in that a number of errors have been made in a number of returns and not all properly classified information has been redacted. While it has been determined that these failures do not present a risk of harm that justifies withholding any individual unclassified return from the detainee to which it pertains, the errors are of sufficient magnitude that if all unclassified returns were to be publicly disseminated, the totality of the national security information thereby disclosed would pose a threat to the security of the United

---

[11] *See also* Declarations of Michael Hayden and Robert Mueller, also attached to Respondents Motion for Reconsideration.

States.  But the risk can be managed, through the process proposed by this motion, without disruption of the Court's goal of prompt resolution of these cases.

Respondents assume, and believe they have a sound basis for doing so, that these cases are being monitored by persons, organizations, and entities, some of whom have legitimate public policy interests[12] and some of whom have interests inimical to the interests of the United States.  The public disclosures made in these cases are doubtless subjected to close and sophisticated analysis to obtain insight into this nation's intelligence sources and methods and its domestic and foreign policy goals and practices, and that those insights will serve as the basis for, or will aid the implementation of, hostile action against the United States or against those persons and countries that have assisted the United States.  Intelligence services thrive on the accumulation and organization of disparate pieces of information, and it is inimical to the interests of the United States to lay a trove of such information on the public record.

The danger that may result from the disclosure of many small pieces of information has been recognized by the courts:

> [T]he business of foreign intelligence gathering in this age of computer technology is more akin to the construction of a mosaic than it is to the management of a cloak and dagger affair. Thousands of bits and pieces of seemingly innocuous information can be analyzed and fitted into place to reveal with startling clarity how the unseen whole must operate.

*Halkin v. Helms*, 598 F.2d 1, 8 (D.C.Cir. 1978).

> What may seem trivial to the uninformed, may appear of great moment to one who has a broad view of the scene and may put the questioned item of information in its proper context.

---

[12] *See, e.g.*, The Current Detainee Population at Guantanamo: An Empirical Study, Benjamin Wittes and Zaahira Wyne, Brookings Institution, Dec. 16, 2008, available at http://www.brookings.edu/reports/2008/1216_detainees_wittes.aspx.

*CIA v. Sims,* 471 U.S. 159, 178 (1985) (citations omitted) (quoted in *Edmonds v. FBI*, 272 F.Supp.2d 35, 47 (D.D.C. 2003)).

The errors that have been detected, although regrettable, are inevitable given the pace at which Respondents have been required to proceed and the scale of the task to be performed. *See Cozen O'Connor v. U.S. Dept. of Treasury*, 570 F. Supp. 2d 749, 768 (E.D. Pa. 2008) ("A hastily conducted process could result in the inadvertent production of classified documents or the withholding of previously classified documents that no longer should be classified.").[13]

In *Boumediene v. Bush*, 128 S. Ct. 2229 (2008), the Court explicitly recognized "that the Government has a legitimate interest in protecting sources and methods of intelligence gathering," and stated its "expect[ation] that the District Court will use its discretion to accommodate this interest to the greatest extent possible." *Id.*, at 2276.

Consistent with the Government's compelling interest to "control access to information bearing on national security," the Court must permit the Executive branch to exercise careful review procedures to ensure that classified information is appropriately protected. *See Department of the Navy v. Egan*, 484 U.S. 518, 527 (1988).

Respondents have made extraordinary efforts to meet the goals established by this Court for the preparation and filing of factual returns and unclassified versions of those returns. But to fulfill their duty to protect the legitimate security interests of the United States, Respondents must ensure that all versions of factual returns to be publicly disclosed contain no properly classified information. In the meantime, the detainees and their counsel will have access to the

---

[13] The accelerated review process also carries the potential of disadvantaging Petitioners through inadvertent redaction of information that is not classified. This will also be addressed in the continuing review of the unclassified returns.

unclassified returns designated as "protected," and Respondents will continue their review of the documents to insure that public disclosure of these documents does not pose a risk to the security of the United States. The Order which Respondents' seek with this motion is a reasonable accommodation of the interests of all parties and the Court.

The relief which Respondents are seeking with this Motion will provide for access to the unclassified versions of the returns by the respective detainees and their counsel, within the broad meaning of ¶ 11 of the Protective Order, but will prohibit public filing or general dissemination by, for example, distribution on the internet, electronic mail, or re-copying or printing.[14]

Accordingly, Respondents request that the Court confirm the designation of the unclassified returns served on counsel as "protected," with the proviso that each such return may be disclosed to the petitioner to whom it pertains. Respondents do not object to the sharing of information from the return with individuals, such as witnesses, necessary to the preparation of an individual case, provided such persons comply with the terms of the Court's protective order regarding the handling and distribution of "Protected" information. *See* Protective Order ¶¶ 1,

---

[14] Respondents further request that actual filing of the returns await development of declassified versions of the returns. Filing of the "protected" unclassified returns already or soon to be served on petitioners' counsel would require multiple hard-copies and special handling of each of approximately 130 unclassified returns (*i.e.*, the 87 returns already prepared and approximately 40 to be produced by January 9, 2009). The logistical burdens of such an undertaking cannot be overstated. For example, in three cases in which the filing of three unclassified returns was ordered by the Merits Judge (*see* 05-CV-763, 05-CV-1646, and 05-CV-2378), Respondents encountered repeated difficulties in meeting the requirements of the Clerk's Office for submissions under seal – requirements that seemed to vary over the course of the several days and multiple attempts at filing. Multiplying these difficulties over 130 unclassified returns would create massive logistical problems and burdens. Respondents submit that an effective alternative to filing would be to supply a copy of the protected unclassified return to chambers when requested by the Merits Judge.

34-45. The protected designation, however, would prevent any other dissemination or distribution, including to the public, internet sites, or other recopying or reprinting that would make possible the assembly of a large number of the unclassified returns.

In the meantime, respondents will continue pursuing declassification review of the factual returns for filing on the public docket, beginning with petitioners' own statements in their respective returns and other high priority items within the returns that may be appropriate. Respondents propose to make such declassified materials available to petitioners' counsel on a rolling basis as such materials become available.

## CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court confirm Respondents' designation of the unclassified factual returns that have been and will be served on petitioners' counsel since December 11, 2008, including the narratives and all exhibits and attachments, as "Protected" information as provided by Paragraph 34 of the Protective Order of September 11, 2008.

Dated: December 30, 2008          Respectfully submitted,

                                  GREGORY G. KATSAS
                                  Assistant Attorney General

                                  JOHN C. O'QUINN
                                  Deputy Assistant Attorney General

    /s/ *David H. White*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
DAVID H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel: 202.514.3146
Fax: 202.616.8470

Attorneys for Respondents