# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | Misc. No. 08-0442 (TFH) |
| GUANTANAMO BAY ) | |
| DETAINEE LITIGATION ) | Civil Action Nos. |
| ) | |
| ) | 04-cv-1194, 05-cv-0247, 05-cv-0270, 05-cv-1487, |
| ) | 05-cv-1490, 05-cv-2199, 05-cv-2384, 05-cv-2385, |
| ) | 08-cv-1235 |

## THE GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO PROVIDE DISCOVERY PURSUANT TO AMENDED CASE MANAGEMENT ORDER SECTION I.E.1(3)

Under the Court's November 6, 2008 Case Management Order, as amended by the Court's December 16, 2008 Order, ("Amended CMO"), discovery is currently or shortly due certain Petitioners in the above-captioned cases. Section I.E.1 of the Amended CMO requires the Government to disclose each of the following, if requested by a petitioner, within 14 days of that petitioner's request:

> (1) any documents and objects in the government's possession that the government relies on to justify detention; (2) all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention; and (3) information about the circumstances in which such statements of the petitioner were made or adopted.

Amended CMO ¶ I.E.1. In the above-captioned matters, Petitioners have made such a request. At this point, the Government has complied with its obligations under Sections I.E.1(1) and I.E.1(2), and has also provided certain information responsive to Section I.E.1(3). The Department of Defense ("DoD") is working diligently to assemble and prepare the balance of the information required by Section I.E.1(3). However, the resources required to obtain this

information and the clearance issues inherent in its disclosure render the Government unable to produce this information by the due date. The Government therefore respectfully requests that the deadline for its compliance with Amended CMO Section I.E.1(3) be extended to January 30, 2009.[1] Of course, notwithstanding any extension the Court may grant, the Government will continue to work to provide Petitioners this discovery expeditiously—to the extent that information is identified and cleared for release before the Court deadline, the Government will provide that information to the Petitioners.[2]

To date, the Government has produced to Petitioners much of the discovery required by Section I.E.1 in the attachments to the Government's factual return for each Petitioner. With respect to the materials required by Section I.E.1(1)—all documents and objects in the Government's possession that the Government relies on to justify detention—the Government relies on the reports and materials attached to the factual return. Likewise, information

---

[1] By submitting these requests in a single motion, Respondents do not intend to circumvent Judge Hogan's instruction in his Case Management Order that all motions to amend be directed to the Merits Judges. Rather, Respondents are filing a single motion for the sake of economy, given that the reasons for seeking an extension are identical in all cases where an extension is necessary.

[2] In accordance with Local Rule 7(m), Respondents contacted Petitioners' counsel in the above-captioned cases via email on December 30, 2008 to ascertain their positions with respect to this motion. Counsel in Civil Action Nos. 05-cv-0247 (ISN 537) and 05-cv-1490 (ISN 329) consented to an extension until January 30, 2009. Other Petitioners' counsel objected to an extension until January 30, 2009, but indicated that they would agree to shorter extensions: counsel in Civil Action Nos. 05-cv-2385 (ISN 574) and 08-cv-1235 (ISN 321) consented to extensions until January 12, 2009 for classified information and January 16, 2009 for unclassified information; counsel in Civil Action No. 05-cv-0270 (ISN 369) agreed to an extension until January 13, 2009; and counsel in Civil Action No. 05-cv-1487 (ISN 433) expressed a willingness to consent to an extension of one or two weeks. Counsel in Civil Action No. 05-cv-2384 (ISN 200) indicated that they would consent to an extension until January 30, but only if certain untenable conditions were met; otherwise, they would oppose the extension. Counsel in Civil Action No. 05-cv-2199 (ISN 686) objected and indicated that they would oppose an extension. The remaining attorneys, counsel in Civil Action Nos. 05-cv-0270 (ISN 190) and 04-cv-1194 (ISN 839), did not reply to Respondents' emails.

required by Section I.E.1(2)—all statements made or adopted by the Petitioners upon which the Government relies—has been provided to Petitioners in the factual returns and attachments thereto.

Section I.E.1(3), requiring production of information regarding the circumstances surrounding Petitioners' statements upon which the Government relies, is the sole portion of Section I.E.1 as to which the Government seeks an extension, and that only with respect to DoD. Within DoD, military and other personnel are working diligently to assemble from appropriate DoD entities, including various oversees Combatant Commands, and also clear for use in litigation, information surrounding Petitioners' statements to that agency. The extensive effort inherent in this undertaking is compounded in these cases not only by the fact that the military is currently engaged in two ongoing armed conflicts, but also by the volume, novelty, and timing of the discovery at issue here. To begin with, though even one undertaking of this kind would pose a substantial burden, the Government currently faces not one request for such discovery, but forty-eight. Thus, the DoD must undertake the process of assembly and clearance of information not once, but forty-eight separate times. And, these processes must occur almost simultaneously, as the deadlines for these several dozen productions all fall between December 30, 2008 and January 14, 2009.[3]

Moreover, the provision of information to a detainee regarding the circumstances surrounding his statements to the DoD is unprecedented—this discovery is the first of its kind. No processes existed to fully address such novel requests when they were received.[4] Thus, for

---

[3] The window for compliance with these requests included one (and sometimes two) federal holidays.

[4] The Government is cognizant of the Court's admonition in its November 21, 2008 Order that the stay of obligations under the original Case Management Order should not lead the parties to

this first set of discovery requests, additional time is required for the DoD to complete the assembly and clearance of the requested information for disclosure.  *See Boumediene v. Bush*, 128 S. Ct. 2229, 2276 (2008) (highlighting Government's interest in "protecting sources and methods of intelligence gathering," and noting the Court's "expect[ation] that the District Court will use its discretion to accommodate this interest to the greatest extent possible").

Most importantly, the responsibility of compiling and clearing information responsive to these requests falls on the shoulders of military personnel including, in many instances, those located in active war zones.  Thus, the burden posed by addressing so many novel discovery requests so quickly is truly extraordinary in this case.  That extraordinary burden makes it necessary for the Government to seek an extension of the deadline for its compliance with Amended CMO Section I.E.1(3).

For all of these reasons, the Government respectfully requests that the deadline for its compliance with Amended CMO Section I.E.1(3) be extended, and that the new deadline be set for Friday, January 30, 2009.

---

abandon their efforts to comply with their discovery obligations under that Order.  However, the tremendous scope of the undertaking then contemplated under the Case Management Order was such that the Government could not determine the exact resources to apply to the effort.  As discussed in the Declaration of Deputy Secretary of Defense England, overwhelming burdens would have been imposed on the already scarce resources of the military had the DoD attempted to comply with the original CMO.  *See* England Decl. ¶ 4, attached to the Motion for Clarification and Reconsideration of this Court's November 6, 2008 Case Management Order and Supplemental Amended Orders or, in the Alternative, Motion for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Certain Obligations Pending Resolution of the Motion and any Appeal, (Dkt. 1004 in 08-mc-442).  Now that the Court has clarified the parameters of the Government's obligations, the DoD is working diligently to comply with the Court's Order.

Dated: December 30, 2008          Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 */s/ Julia A. Berman*
JOSEPH H. HUNT (D.C. Bar No. 431134)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
JULIA A. BERMAN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 616-8480
Fax: (202) 616-8470
Email: julia.berman@usdoj.gov
Attorneys for Respondents