IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) ) ) ) ) ) ) | Misc. No. 08-0442 (TFH) |
| GUANTANAMO BAY DETAINEE LITIGATION | ) ) ) ) ) ) ) ) ) | Civil Action Nos.<br><br>04-cv-1194, 04-cv-1254, 05-cv-0023, 05-cv-0280,<br>05-cv-0520, 05-cv-0748, 05-cv-1555, 05-cv-1638,<br>05-cv-1971, 05-cv-2185, 05-cv-2223, 05-cv-2386,<br>07-cv-2337, 08-cv-1923 |

## **JOINT FILING PURSUANT TO THIS COURT'S 12/17/08 ORDER**

Pursuant to this Court's Order of December 17, 2008, the parties in the above-captioned actions submit this joint filing that identifies habeas petitions that, in the view of at least one of the parties based on the similarity of the factual issues involved, may be transferred to a single judge for proceedings that are coordinated or in whole or part consolidated, as appropriate.

A.  RESPONDENTS' POSITION

   1.  Identification of Cases that May be Consolidated

Respondents seek to transfer to a single judge for coordinated or consolidated proceedings the habeas petitions of 19 Guantanamo Bay detainees in the above-captioned matters, because the petitions involve common questions of law and fact, as well as overlapping parties in interest. These habeas petitions are the subject of 14 different civil actions, as itemized in the following table:

| Number | Case No.   | Petitioner(s)      | Judge         | Status      |
|--------|------------|--------------------|---------------|-------------|
| 1      | 04-cv-1194 | ISN 45             | Kennedy       | Pre-hearing |
| 2      | 04-cv-1254 | ISN 27, 31, 32, 41 | Kennedy       | Pre-hearing |
| 3      | 05-cv-0023 | ISN 37             | Roberts       | Pre-hearing |
| 4      | 05-cv-0280 | ISN 33             | Kessler       | Pre-hearing |
| 5      | 05-cv-0520 | ISN 42             | Urbina        | Pre-hearing |
| 6      | 05-cv-0748 | ISN 43             | Collyer       | Pre-hearing |
| 7      | 05-cv-1555 | ISN 36             | Robertson     | Pre-hearing |
| 8      | 05-cv-1638 | ISN 44             | Kollar-Kotelly| Pre-hearing |
| 9      | 05-cv-1971 | ISN 63             | Collyer       | Pre-hearing |
| 10     | 05-cv-2185 | ISN 40             | Robertson     | Pre-hearing |
| 11     | 05-cv-2223 | ISN 26             | Leon          | Pre-hearing |
| 12     | 05-cv-2386 | ISN 30, 34, 35     | Walton        | Pre-hearing |
| 13     | 07-cv-2337 | ISN 38             | Kennedy       | Pre-hearing |
| 14     | 08-cv-1923 | ISN 29             | Kessler       | Pre-hearing |

Not only is the issue of the validity of detention common to these 19 identified habeas proceedings, but there are also a number of related factual and legal questions specific to these 19 detainees that warrant the coordination or consolidation of their actions. Most notably, each of these detainees was present in Tora Bora, Afghanistan, during the U.S.-led offensive against Al Qaeda and Taliban forces there after September 11, 2001. Further, these petitioners were captured fleeing Tora Bora during the American offensive in late 2001. Consequently, each

petitioner has a common purpose for being in Tora Bora at the time and a similar, if not identical, capture story.[1]

As explained below, assignment of these petitions to a single merits judge will expedite the habeas process, save judicial resources, and avoid the possibility of conflicting rulings on common issues.[2]

2. Standards for Consolidation

Under Federal Rule of Civil Procedure 42(a), the consolidation of actions is appropriate where those actions, "involve a common question of law or fact."[3] The rule further notes that the court may also "join for hearing or trial any or all matters at issue in the actions." *See id.* at (a)(1). The primary purposes of consolidation are to conserve judicial resources and to avoid the risk of inconsistent rulings on common factual and legal issues. *See Johnston v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990); *Bank of Montreal v. Eagle Assn.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) (citing *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir. 1975)). Consolidation accomplishes this by helping to "relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders." *New York v. Microsoft Corp.*, 209 F.Supp. 2d 132, 148 (D.D.C. 2002).

---

[1] Respondents have set forth in Appendix A an overview of the classified information reflected in the petitioners' factual returns that further explains the similarity of factual issues involving these petitioners.

[2] At this time, Respondents seek coordination or consolidation of these matters for litigation before a single merits judge. The extent of the coordination or consolidation of the proceedings, including for purposes of merits hearings, can be refined by that Judge, as appropriate, and Respondents reserve their rights with regard to such issues.

[3] In *Boumediene v. Bush*, the Supreme Court held that detainees are entitled to "fundamental" habeas rights. *Boumediene v. Bush*, 128 S. Ct. 2229, 2277 (2008)(noting that the "opinion does not address the content of the law that governs petitioners' detention"); *id*. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring). It is far from clear that the habeas statute applies here. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (plurality) (noting implicitly that § 2243 is not binding); *Boumediene*, 128 S. Ct. at 2291 (same) (Roberts, C.J., dissenting). Moreover, the Federal Rules of Civil Procedure do not necessarily apply to statutory habeas petitions, let alone constitutional habeas claims. *See* Fed. R. Civ. P. 81(a)(4); Section 2255 Habeas Rule 12; *Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring). Nonetheless, Federal Rule of Civil Procedure 42(a) is instructive and provides persuasive authority on the issue presented.

Certain characteristics make cases amenable to consolidation. 8 J. Moore, Moore's Federal Practice § 42.10[6] (3d ed. 2008). Those characteristics include similar claims, overlapping parties, and the potential for overlapping discovery. *Id.* A court in this Circuit has agreed, noting that consolidation is appropriate where, for example, cases "involve review of the same underlying [agency] decision." *Biochem Pharma, Inc. v. Emory Univ.*, 148 F.Supp. 2d 11, 13 (D.D.C. 2001).[4] In this instance, of course, the decision in question is whether detention is appropriate.

3. Consolidation of the Identified Petitions is Appropriate

Coordinating or consolidating these 19 habeas actions is entirely consistent with Federal Rule of Civil Procedure 42(a) and is otherwise appropriate. First, all of the above-listed actions involve detainees who were in Tora Bora together during hostilities, who fled that region at the same time, and who have a common capture story; consequently, the case reflect a number of common grounds for the detention of the petitioners.[5] Further, each of the above-listed actions is a habeas petition disputing the detention resulting from the petitioner's capture. As a result of the nature of these habeas actions, the respondents are identical; therefore, the parties in these actions overlap. Additionally, given the nearly identical nature of the claims in these case as reflected in the respective petitions in the cases, the legal issues in the cases are similar. Finally, given these issues, as well as the overlapping factual backgrounds of these petitioners, it is a near certainty that these actions will involve overlapping discovery requests.

---

[4] D.D.C. Local Civil Rule 40.5 is also relevant here, as it defines when cases are deemed "related" and sets out the criteria under which reassignment of such cases is appropriate. In relevant part, it provides that two or more civil cases are related, *inter alia*, if they "involve common issues of fact" or "grow out of the same event or transaction." LCvR 40.5(a)(3). The rule further provides that a case may be re-assigned to a judge with an earlier related case if the Calendar and Case Management Committee finds good cause for transfer.

[5] Other cases will likely have overlapping facts, but this is a group that is easily defined and that it is certain will involve common facts.

4

Because the fundamental basis for the detention of each of these petitioners is that each was present at Tora Bora during hostilities and was captured fleeing Tora Bora during the American offensive, the legal and factual similarities of their actions would require the Court to deploy resources redundantly in an effort to manage the litigation of virtually identical factual and legal claims in 19 petitions. For example, each judge would need to learn the history and significance of the battle at Tora Bora and the significance of a petitioner's presence in Tora Bora at this time. Each judge would need to make credibility determinations regarding similar, if not identical, witnesses and documents. And, each judge would need to rule on similar, if not identical, discovery requests and disputes.

Not only could such a result lead to inconsistent rulings and thus to unnecessary appeals but, by necessity, such parallel proceedings would squander the resources of the Court and the parties. *See* 8 J. Moore, Moore's Federal Practice § 42.10[4][c],[d] (3d ed. 2008). Such a result is contrary to the essential and salutary purposes of consolidation under Federal Rule of Civil Procedure 42(a) or otherwise – a mechanism that exists to address circumstances precisely like those presented here. The Court, therefore, should exercise its discretion to coordinate or consolidate the above actions and conserve judicial resources. *See e.g., Thayer v. Shearson, Loeb, Rhoades, Inc.*, 99 F.R.D. 522, 523 (D.C.N.Y. 1983) (consolidating cases where there will be substantial overlap among plaintiffs' claims and "[e]liminating duplicitous [sic] testimony will further judicial economy.")

  4.  Logistics of Consolidation

The identified habeas actions should be coordinated or consolidated in front of a single judge. Under guiding concepts from the case law and rules concerning such matters, the cases

5

could be coordinated or consolidated before either Judge Kennedy or, to maximize judicial efficiency, Judge Leon. Judge Kennedy has the earliest filed of these cases currently pending, and Local Civil Rule 40.5(c), (d) contemplates typical re-assignment of related or consolidated cases to the Judge with the first-filed case. *See* D.D.C. LCvR 40.5.

However, if the Court wishes to maximize the goal of judicial efficiency, it is advisable to consolidate the cases in front of Judge Leon, because he has already progressed significantly with one of these related petitions (ISN 26) and has heard and decided a petition of a similarly situated detainee (ISN 28) both in No. 05-cv-2223.[6] In fact, on December 30, 2008, Judge Leon denied a petition for writ of habeas corpus in the *Al-Alwi v. Bush*, No. 05-cv-2223, which was filed by a member of this Tora Bora group (ISN 28). The Supreme Court has explained that courts have discretion regarding the conservation of judicial resources that would support departure from the first-filed rule in these cases:

> [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution[s] of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (U.S. 1952). Indeed, exceptions to the first-filed rule have been made to support consolidation of cases with a case further advanced in the litigation. *See Equal Employment Opportunity Comm. v. Univ. of Penn.*, 850 F.2d 969, 972 (3d Cir. 1988) ("That authority [of consolidating cases with the first filed], however, is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances . . . ."*); Kate Aspen, Inc. v. Fashioncraft-Excello, Inc.*, 370 F.Supp.

---

[6] This case has been stayed for ISN 26 for 60 days in light of petitioner's status as approved by the Department of Defense for transfer or release. Presently, a status conference is scheduled for March 2, 2009 and there are a discovery motion and response outstanding.

2d 1333,1338 (N.D. Ga. 2005) ("[T]he first-filed rule generally requires the first court to decide whether the first-filed rule should apply, or whether a narrow exception to the rule that only applies in 'compelling circumstances,' favors transfer of the first-filed case to the second court for consolidation.") (citations omitted).

Here, directly as a consequence of the advanced nature of the case before him, Judge Leon already has background experience with the factual setting of these cases. Coordinating or consolidating the above-listed cases before Judge Leon, thus, would permit the other cases also to advance quickly, while eliminating the chances of inconsistent rulings on substantially similar factual and legal issues. Such consolidation would substantially assist both the Court and the parties in streamlining and minimizing the need to duplicate resources without affecting the petitioners' ability to have their cases heard.

In any event, having the cases before any single judge would be appropriate with respect to the conservation and efficient use of judicial and party resources and the avoidance of inconsistent rulings on similar factual and legal issues. Accordingly, this Court should coordinate or consolidate the litigation of the 19 habeas petitions identified in the above-captioned matters before a single Judge, such as Judge Kennedy or, to maximize judicial efficiency, Judge Leon.

    B.    <u>PETITIONERS' POSITIONS</u>

Pursuant to this Court's Order of December 17, 2008, the parties of the above captioned actions discussed their position regarding coordination or consolidation of these cases on December 22, 2008 and respondents provided petitioners with a written discussion of

respondents' position on this matter on January 5, 2009.[7] Petitioners' positions are summarized below. Petitioner's full statements are attached as exhibits, as indicated:

**ISN 26:** Opposes consolidation (Exhibit A) and joins in the response submitted on behalf of ISN 042 (Exhibit C).

**ISN 27:** Objects to consolidation (Exhibit B) and joins in response submitted on behalf of ISN 042 (Exhibit C).

**ISN 29:** Objects to consolidation. (Exhibit D.)

**ISN 30:** Takes no position on consolidation at this time. (Exhibit E.)

**ISN 31:** Objects to consolidation (Exhibit B) and joins in response submitted on behalf of ISN 042 (Exhibit C).

**ISN 32:** Objects to consolidation (Exhibit B) and joins in response submitted on behalf of ISN 042 (Exhibit C).

**ISN 33:** Opposes consolidation. (Exhibit F.)

**ISN 34:** Does not oppose consolidation. (Exhibit G.)

**ISN 35:** Does not consent to consolidation. (Exhibit H.)

**ISN 36:** Petitioner's counsel filed a separate classified response. (Exhibit I; *see Anam et al. v. Bush et al.*, No. 04-cv-1194 (Docket #325).) Also joins in response submitted on behalf of ISN 042 (Exhibit C).

**ISN 37:** Objects to consolidation (Exhibit B) and joins in response submitted on behalf of ISN 042 (Exhibit C).

**ISN 38:** Opposes consolidation and joins in the response filed on behalf of ISN 042 (Exhibit C.)

---

[7] Respondents do not oppose the grant of a reasonable amount of additional time for petitioners to review the filing submitted in this matter.

**ISN 40:** Petitioner's counsel filed a separate classified response. (Exhibit I; *see Anam et al. v. Bush et al.*, No. 04-cv-1194 (Docket #325).) Also joins in response submitted on behalf of ISN 042 (Exhibit C).

**ISN 41:** Objects to consolidation (Exhibit B) and joins in response submitted on behalf of ISN 042 (Exhibit C).

**ISN 42:** Opposes consolidation. (Exhibit C.)

**ISN 43:** Opposes consolidation. (Exhibit J.)

**ISN 44:** Opposes consolidation and joins in the response filed on behalf of ISN 042. (Exhibits M & C.)

**ISN 45:** Opposes consolidation (Exhibit K) and joins in response filed on behalf of ISN 042 (Exhibit C). Petitioner's counsel filed a separate classified response. (Exhibit I; *see Anam et al. v. Bush et al.*, No. 04-cv-1194, Docket #325.)

**ISN 63:** Objects to consolidation. (Exhibit L.)

Dated: January 5, 2009

Respectfully submitted,

GREGORY KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 /s/ Paul Dean
JOSEPH H. HUNT (D.C. Bar No. 431134)
TERRY M. HENRY
PAUL E. AHERN
PAUL A. DEAN
KATHRYN C. MASON
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530