IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: | Misc. No. 08-0442 (TFH) |
| GUANTANAMO BAY DETAINEE LITIGATION | |
| ABDULLAH WAZIR ZADRAN, *et al.*, Petitioners, | Civil Action No. 05-cv-2367 (RWR) |
| v. | |
| GEORGE W. BUSH, President of the United States, *et al.*, Respondents. | |
| MULLAH NORULLAH NOORI, *et al.*, Petitioners, | Civil Action No. 08-cv-1828 (RMU) |
| v. | |
| GEORGE W. BUSH, President of the United States, *et al.*, Respondents. | |

## **JOINT FILING PURSUANT TO THIS COURT'S 12/17/08 ORDER**

Pursuant to this Court's Order of December 17, 2008, the parties in the above-captioned actions submit this joint filing that identifies habeas petitions that, in the view of at least one of the parties based on the similarity of the factual issues involved, may be transferred to a single judge for proceedings that are coordinated or in whole or part consolidated, as appropriate.

A.  RESPONDENTS' POSITION

   1.  Identification of Cases that May be Consolidated

Respondents seek to transfer to a single judge for coordinated or consolidated proceedings the habeas petitions of five Guantanamo Bay detainees in the above-captioned matters, because the petitions involve common questions of law and fact, as well as overlapping parties in interest. These habeas petitions are the subject of two different civil actions, as itemized in the following table:

| Number | Case No. | Petitioner(s) | Judge | Status |
|---|---|---|---|---|
| 1 | 05-cv-2367 | ISN 004, 832, 1103, 1104 | Roberts | Pre-hearing |
| 2 | 08-cv-1828 | ISN 006 | Urbina | Pre-hearing |

Not only is the issue of the validity of detention common to these five identified habeas proceedings, but there are also a number of related factual and legal questions specific to these five detainees that warrant the coordination or consolidation of their actions. Most notably, all petitioners were high ranking officials in the Taliban government. Most of these petitioners worked together in the Taliban's Ministry of Intelligence. Consequently, one of the bases for detention of each petitioner is similar, if not identical.[1]

As explained below, assignment of these petitions to a single merits judge will expedite the habeas process, save judicial resources, and avoid the possibility of conflicting rulings on common issues.[2]

---

[1] Respondents have set forth in Appendix A an overview of the classified information reflected in the petitioners' factual returns that further explains the similarity of factual issues involving these petitioners. The classified appendix pertaining to this filing will be filed with the CSO on January 6, 2009.

[2] At this time, Respondents seek coordination or consolidation of these matters for litigation before a single merits judge. The extent of the coordination or consolidation of the proceedings, including for purposes of merits hearings, can be refined by that Judge, as appropriate, and Respondents reserve their rights with regard to such issues.

2.    Standards for Consolidation

Under Federal Rule of Civil Procedure 42(a), the consolidation of actions is appropriate where those actions, "involve a common question of law or fact."[3] The rule further notes that the court may also "join for hearing or trial any or all matters at issue in the actions." *See id.* at (a)(1). The primary purposes of consolidation are to conserve judicial resources and to avoid the risk of inconsistent rulings on common factual and legal issues. *See Johnston v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990); *Bank of Montreal v. Eagle Assn.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) (citing *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir. 1975)). Consolidation accomplishes this by helping to "relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders." *New York v. Microsoft Corp.*, 209 F.Supp. 2d 132, 148 (D.D.C. 2002).

Certain characteristics make cases amenable to consolidation. 8 J. Moore, Moore's Federal Practice § 42.10[6] (3d ed. 2008). Those characteristics include similar claims, overlapping parties, and the potential for overlapping discovery. *Id*. A court in this Circuit has agreed, noting that consolidation is appropriate where, for example, cases "involve review of the same underlying [agency] decision." *Biochem Pharma, Inc. v. Emory Univ.*, 148 F.Supp. 2d 11,

---

[3] In *Boumediene v. Bush*, the Supreme Court held that detainees are entitled to "fundamental" habeas rights. *Boumediene v. Bush*, 128 S. Ct. 2229, 2277 (2008)(noting that the "opinion does not address the content of the law that governs petitioners' detention"); *id*. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring). It is far from clear that the habeas statute applies here. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (plurality) (noting implicitly that § 2243 is not binding); *Boumediene*, 128 S. Ct. at 2291 (same) (Roberts, C.J., dissenting). Moreover, the Federal Rules of Civil Procedure do not necessarily apply to statutory habeas petitions, let alone constitutional habeas claims. *See* Fed. R. Civ. P. 81(a)(4); Section 2255 Habeas Rule 12; *Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring). Nonetheless, Federal Rule of Civil Procedure 42(a) is instructive and provides persuasive authority on the issue presented.

13 (D.D.C. 2001).[4]  In this instance, of course, the decision in question is whether detention is appropriate.

      3.      <u>Consolidation of the Identified Petitions is Appropriate</u>

Coordinating or consolidating these five habeas actions is entirely consistent with Federal Rule of Civil Procedure 42(a) and is otherwise appropriate. All of the above-listed petitioners served as high ranking Taliban government officials; consequently, the cases reflect a common ground for the detention of the petitioners. Further, each of the above-listed actions is a habeas petition disputing the detention resulting from the petitioner's capture. As a result of the nature of these habeas actions, the respondents are identical; therefore, the parties in these actions overlap. Additionally, given the similar nature of the claims in these cases as reflected in the respective petitions in the cases, the legal issues in the cases are similar. Finally, given these issues, as well as the overlapping factual backgrounds of some of these petitioners, it is a near certainty that these actions will involve overlapping discovery requests.

Because one of the grounds for the detention of each of these petitioners is that they served as a high ranking official in the Taliban government, the legal and factual similarities of their actions would require the Court to deploy resources redundantly in an effort to manage the litigation of similar factual and legal claims in five petitions. For example, each judge would need to learn the organization of the Taliban government and duties and functions of its offices. Each judge would need to make credibility determinations regarding similar, if not identical, witnesses and documents. And, each judge would need to rule on similar, if not identical, discovery requests and disputes.

---

[4] D.D.C. Local Civil Rule 40.5 is also relevant here, as it defines when cases are deemed "related" and sets out the criteria under which reassignment of such cases is appropriate. In relevant part, it provides that two or more civil cases are related, *inter alia*, if they "involve common issues of fact" or "grow out of the same event or transaction." LCvR 40.5(a)(3). The rule further provides that a case may be re-assigned to a judge with an earlier related case if the Calendar and Case Management Committee finds good cause for transfer.

Not only could such a result lead to inconsistent rulings and thus to unnecessary appeals but, by necessity, such parallel proceedings would squander the resources of the Court and the parties. *See* 8 J. Moore, Moore's Federal Practice § 42.10[4][c],[d] (3d ed. 2008). Such a result is contrary to the essential and salutary purposes of consolidation under Federal Rule of Civil Procedure 42(a) or otherwise – a mechanism that exists to address circumstances precisely like those presented here. The Court, therefore, should exercise its discretion to coordinate or consolidate the above actions and conserve judicial resources. *See e.g., Thayer v. Shearson, Loeb, Rhoades, Inc.*, 99 F.R.D. 522, 523 (D.C.N.Y. 1983) (consolidating cases where there will be substantial overlap among plaintiffs' claims and "[e]liminating duplicitous [sic] testimony will further judicial economy.")

B.     PETITIONERS' POSITIONS

Pursuant to this Court's Order of December 17, 2008, the parties of the above captioned actions discussed their position regarding coordination or consolidation of these cases on December 23, 2008 and Respondents provided Petitioners with a written discussion of Respondents' position on this matter on January 5, 2009.[5] Petitioners' positions are set forth below:

1.     ISNs 004, 832, 1103, 1104: On December 23, 2008, counsel for the petitioners in *Zadran, et al. v. Bush*, Case No. 05-CV-2367 (RWR) (ISNs 004, 832, 1103, and 1004 [hereinafter the "Zadran petitioners"]), participated in a conference call with counsel for respondents and counsel for the petitioner in *Noori v. Bush*, Case No. 08-CV-1828 (RMU) (ISN 006), regarding respondents' contention that the petitions for these five detainees are appropriate for consolidation before a single Merits Judge. On the call, counsel for the Zadran petitioners

---

[5] Respondents do not oppose the grant of a reasonable amount of additional time for petitioners to review the filing submitted in this matter.

stated that they could not discern from the classified or unclassified information produced by respondents in support of detention common questions of fact or law that would warrant the consolidation of these petitions for determination on the merits. The Zadran petitioners' counsel also requested that respondents provide them with the classified factual basis for their contention; respondents' counsel undertook to identify an appropriate forum for further discussion. Instead, respondents submitted today the Appendix A referred to herein. Counsel for the Zadran petitioners, therefore, respectfully request leave from the Court to file a brief statement on Wednesday, January 14, 2009, of their position on the consolidation issue, which will allow sufficient opportunity to review and respond to respondents' assertions of commonality. Counsel for the Zadran petitioners do also note, however, that they strongly disagree with respondents' assertion that all five of these detainees served as high-ranking Taliban government officials. Respondents' own allegations and evidence do not support this assertion. Because the proper resolution of the question whether any of these petitions should be consolidated for merits determination will require a close examination of the evidence in both the factual returns and in petitioners' traverses thereto, the Zadran petitioners respectfully submit that this issue is one most appropriately decided by the Merits Judges to whom these cases are assigned.

2. ISN 006: Petitioner Mullah Norullah Noori ISN 006 (08-cv-1828) ("Petitioner Noori") objects to consolidation of his Petition with those of Petitioners Mohammad Nabi Omari ISN 832 (05-cv-2367) (RWR), Mohammed Zahir ISN 1103 (05-cv-2367) (RWR), Mohammed Rahim ISN 1104 (05-cv-2367) (RWR), Abdul Haq Wasiq ISN 004 (05-cv-2367) (RWR) (collectively the "Petitioners") based upon the absence of legal and factual

similarities that would result in more efficient review of these Petitions. Apart from the disputed allegation that each of the listed Petitioners at some time supposedly served in totally unrelated "high-ranking" positions in the Taliban government and the fact that each has long been detained at Guantanamo, there are no common issues; therefore, consolidation would more likely delay and complicate these matters, in addition to prejudicing the petition of one with any unrelated adverse facts that may be pertinent to that of another.

Based on the foregoing, Petitioner Noori requests that this Court decline to order the transfer to a single judge for proceedings that are coordinated in whole or part consolidated, as requested by Respondents. Alternatively, Petitioner Noori respectfully requests that this Court transfer his Petition to Judge Roberts so that Judge Roberts, based on a more complete record, may determine to what extent any proceedings should be consolidated after the classified record has been reviewed.[6] Finally, Respondents' factual justification for consolidation is proffered in Appendix A, the existence of which was disclosed this afternoon at 4:32pm. Respondents have therefore agreed that decision may be postponed until opportunity to review Appendix A has been afforded to Petitioners. To the extent that this Court is inclined to consider consolidation, Petitioner Noori requests that any decision be postponed at least until such time as Petitioner's counsel has had the opportunity to review and comment on Appendix A and the factual returns of all Petitioners herein.[7]

---

[6] Under Local Rule 40.5, Petitioner Noori's case, as the later filed, should be transferred to Judge Roberts, before whom the Petitions of the Petitioners are already pending.

[7] Counsel for Petitioner Noori received notice that a factual return was filed, and designated as "protected" in its entirety, on December 31, 2008. Petitioner Noori's counsel has arranged to travel to the secure facility to review these factual returns for the first time on January 8, 2009.

Dated: January 5, 2009

Respectfully submitted,

Counsel for Respondents:

GREGORY KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 /s/ Paul Dean
JOSEPH H. HUNT (D.C. Bar No. 431134)
TERRY M. HENRY
PAUL E. AHERN
PAUL A. DEAN
KATHRYN MASON
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530

Counsel for Petitioners:

/s/ Patricia A. Sullivan
Deming E. Sherman (#1138)
Patricia A. Sullivan (#2120)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel: (401) 274-9200
Fax: (401) 276-6611
psullivan@eapdlaw.com
dsherman@eapdlaw.com

/s/ Deming E. Sherman
Deming E. Sherman (#1138)
Patricia A. Sullivan (#2120)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel: (401) 274-9200
Fax: (401) 276-6611
psullivan@eapdlaw.com
dsherman@eapdlaw.com

Jared A. Goldstein
ROGER WILLIAMS UNIVERSITY
  SCHOOL OF LAW
Ten Metacom Avenue
Bristol, RI 02809
Tel: (401) 254-4594

Michael Ratner
Shayana Kadidal
J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

*Counsel for Mullah Norullah Noori ISN 006 (08-cv-1828)*

*/s/ Alexander Breckinridge*
Alexander Breckinridge
Attorney #983736
Dechert LLP
1775 I Street, N.W.
Washington, DC 20006
Tel: (202) 261-3329
Fax: (202) 261-3057

Daniel C. Malone (*pro hac vice*)
Dechert LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 698-3500

Joseph K. Hetrick (*pro hac vice*)
Peter M. Ryan (*pro hac vice*)
Juliet Sarkessian (*pro hac vice*)
Brian R. Decker (*pro hac vice*)
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000

*Counsel for the Petitioners in Zadran v. Bush, No. 05-CV-2367 (RWR),
ISNs 004, 832, 1103, and 1104*