IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Misc. No. 08-0442 (TFH) |
| GUANTANAMO BAY DETAINEE LITIGATION | |
| MOHAMMAD MUETY SHAABAN, Petitioner, v. GEORGE W. BUSH, President of the United States, *et al.*, Respondents. | Civil Action No. 05-cv-0892 (CKK) |
| ABDL HADI OMAR MAHMOUD FARAJ, Petitioner, v. GEORGE W. BUSH, President of the United States, *et al.*, Respondents. | Civil Action No. 05-cv-1490 (PLF) |
| AMER MOHAMMON, *et al.*, Petitioners, v. GEORGE W. BUSH, President of the United States, *et al.*, Respondents. | Civil Action No. 05-cv-2386 (RBW) |

**JOINT FILING PURSUANT TO THIS COURT'S 12/17/08 ORDER**

Pursuant to this Court's Order of December 17, 2008, the parties in the above-captioned actions submit this joint filing that identifies habeas petitions that, in the view of at least one of the parties based on the similarity of the factual issues involved, may be transferred to a single judge for proceedings that are coordinated or in whole or part consolidated, as appropriate.

A. RESPONDENTS' POSITION

1. Identification of Cases that May be Consolidated

Respondents seek to transfer to a single judge for coordinated or consolidated proceedings the habeas petitions of four Guantanamo Bay detainees in the above-captioned matters, because the petitions involve common questions of law and fact, as well as overlapping parties in interest. These habeas petitions are the subject of three different civil actions, as itemized in the following table:

| Number | Case No. | Petitioner(s) | Judge | Status |
|---|---|---|---|---|
| 1 | 05-cv-0892 | ISN 327 | Kollar-Kotelly | Pre-hearing |
| 2 | 05-cv-1490 | ISN 329 | Friedman | Pre-hearing |
| 3 | 05-cv-2386 | ISN 326, 330 | Walton | Pre-hearing |

Not only is the issue of the validity of detention common to these four identified habeas proceedings, but there are also a number of related factual and legal questions specific to these four detainees that warrant the coordination or consolidation of their actions. Most notably, all four petitioners travelled from the same country to the same city in a second country where they stayed in the same house and studied with the same teacher. After leaving the house, all four petitioners travelled together in the second country, eventually attempted to leave the second country together and were captured together. The time interval in which the petitioners were traveling together encompasses some of the more serious and direct allegations against the

2

petitioners supporting their enemy combatant status. Consequently, there are several common grounds for the detention of the petitioners.[1]

As explained below, assignment of these petitions to a single merits judge will expedite the habeas process, save judicial resources, and avoid the possibility of conflicting rulings on common issues.[2]

    2.    <u>Standards for Consolidation</u>

Under Federal Rule of Civil Procedure 42(a), the consolidation of actions is appropriate where those actions, "involve a common question of law or fact."[3] The rule further notes that the court may also "join for hearing or trial any or all matters at issue in the actions." *See id.* at (a)(1). The primary purposes of consolidation are to conserve judicial resources and to avoid the risk of inconsistent rulings on common factual and legal issues. *See Johnston v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990); *Bank of Montreal v. Eagle Assn.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) (citing *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir. 1975)). Consolidation accomplishes this by helping to "relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders." *New York v. Microsoft Corp.*, 209 F.Supp. 2d 132, 148 (D.D.C. 2002).

---

[1] Respondents have set forth in Appendix A an overview of the classified information reflected in the petitioners' factual returns that further explains the similarity of factual issues involving these petitioners. The classified appendix pertaining to this filing was filed with the CSO on January 5, 2009.

[2] At this time, Respondents seek coordination or consolidation of these matters for litigation before a single merits judge. The extent of the coordination or consolidation of the proceedings, including for purposes of merits hearings, can be refined by that Judge, as appropriate, and Respondents reserve their rights with regard to such issues.

[3] In *Boumediene v. Bush*, the Supreme Court held that detainees are entitled to "fundamental" habeas rights. *Boumediene v. Bush*, 128 S. Ct. 2229, 2277 (2008)(noting that the "opinion does not address the content of the law that governs petitioners' detention"); *id*. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring). It is far from clear that the habeas statute applies here. <u>See</u> *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (plurality) (noting implicitly that § 2243 is not binding); *Boumediene*, 128 S. Ct. at 2291 (same) (Roberts, C.J., dissenting). Moreover, the Federal Rules of Civil Procedure do not necessarily apply to statutory habeas petitions, let alone constitutional habeas claims. *See* Fed. R. Civ. P. 81(a)(4); Section 2255 Habeas Rule 12; *Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring). Nonetheless, Federal Rule of Civil Procedure 42(a) is instructive and provides persuasive authority on the issue presented.

Certain characteristics make cases amenable to consolidation. 8 J. Moore, Moore's Federal Practice § 42.10[6] (3d ed. 2008). Those characteristics include similar claims, overlapping parties, and the potential for overlapping discovery. *Id*. A court in this Circuit has agreed, noting that consolidation is appropriate where, for example, cases "involve review of the same underlying [agency] decision." *Biochem Pharma, Inc. v. Emory Univ.*, 148 F.Supp. 2d 11, 13 (D.D.C. 2001).[4] In this instance, of course, the decision in question is whether detention is appropriate.

3. Consolidation of the Identified Petitions is Appropriate

Coordinating or consolidating these four habeas actions is entirely consistent with Federal Rule of Civil Procedure 42(a) and is otherwise appropriate. First, all of the above-listed actions involve a common travel, activity and capture story; consequently, the cases reflect a number of common grounds for the detention of the petitioners. Further, each of the above-listed actions is a habeas petition disputing the detention resulting from the petitioner's capture. As a result of the nature of these habeas actions, the respondents are identical; therefore, the parties in these actions overlap. Additionally, given the nearly identical nature of the claims in these cases as reflected in the respective petitions in the cases, the legal issues in the cases are similar. Finally, given these issues, as well as the overlapping factual backgrounds of these petitioners, it is a near certainty that these actions will involve overlapping discovery requests.

Because the fundamental basis for the detention of each of these petitioners is that each lived, studied, travelled and was captured together, the legal and factual similarities of their actions would require the Court to deploy resources redundantly in an effort to manage the

---

[4] D.D.C. Local Civil Rule 40.5 is also relevant here, as it defines when cases are deemed "related" and sets out the criteria under which reassignment of such cases is appropriate. In relevant part, it provides that two or more civil cases are related, *inter alia*, if they "involve common issues of fact" or "grow out of the same event or transaction." LCvR 40.5(a)(3). The rule further provides that a case may be re-assigned to a judge with an earlier related case if the Calendar and Case Management Committee finds good cause for transfer.

4

litigation of virtually identical factual and legal claims in four petitions. For example, each judge would need to learn the history and significance of the petitioners' travel pattern, as well as the significance of the house they stayed in together, the teacher they learned from together and their activities up until the time of their capture. Each judge would need to make credibility determinations regarding similar, if not identical, witnesses and documents. And, each judge would need to rule on similar, if not identical, discovery requests and disputes.

Not only could such a result lead to inconsistent rulings and thus to unnecessary appeals but, by necessity, such parallel proceedings would squander the resources of the Court and the parties. *See* 8 J. Moore, Moore's Federal Practice § 42.10[4][c],[d] (3d ed. 2008). Such a result is contrary to the essential and salutary purposes of consolidation under Federal Rule of Civil Procedure 42(a) or otherwise – a mechanism that exists to address circumstances precisely like those presented here. The Court, therefore, should exercise its discretion to coordinate or consolidate the above actions and conserve judicial resources. *See e.g., Thayer v. Shearson, Loeb, Rhoades, Inc.*, 99 F.R.D. 522, 523 (D.C.N.Y. 1983) (consolidating cases where there will be substantial overlap among plaintiffs' claims and "[e]liminating duplicitous [sic] testimony will further judicial economy.")

B. PETITIONERS' POSITIONS

Pursuant to this Court's Order of December 17, 2008, the parties of the above captioned actions discussed their position regarding coordination or consolidation of these cases on December 23, 2008 and respondents provided petitioners with a written discussion of respondents' position on this matter on January 5, 2009.[5] Petitioners' positions are set forth below:

---

[5] Respondents do not oppose the grant of a reasonable amount of additional time for petitioners to review the filing submitted in this matter.

5

1. ISN 326: Counsel for ISN 326 is reserving his position for the reasons stated in his Unopposed Motion for an Extension of Time, Case No. 08-mc-442-TFH, Dkt.# 1439.

2. ISN 327: Petitioner cannot consent to consolidation at this time. As the Court is aware, efforts are underway to locate new counsel. Until new counsel is appointed, current counsel do not believe it is appropriate to take any action on the consolidation motion because it requires rulings on the specific facts of the case that current counsel cannot argue.

3. ISN 329: Counsel for Petitioner Faraj (ISN No. 329) in *Faraj v. Bush*, No. 05cv1490-PLF, oppose consolidation. They believe that there are unique, individual circumstances of Petitioner's case, particularly as regards how and why Petitioner came to Afghanistan and what he did once there, which predominate over joint or similar issues. Thus, it is important that the case be heard individually. In addition, counsel would not be able to discuss with Petitioner classified or protected information from the returns of the other detainees with whom his case would be consolidated. As a result, consolidation would have little practical value for Petitioner.

4. ISN 330: Counsel for Petitioner Maasoum Abdah Mouhammad, a/k/a Bilal LNU (ISN 330) in *Mohammon v. Bush*, No. 05-CV-2386(RBW), oppose consolidation. They believe that there are unique, individual circumstances of Mr. Mouhammad's case, particularly concerning how and why he came to Afghanistan and what he did once there, that predominate over joint or similar issues. Thus, it is important that the case be heard individually. In addition, counsel would not be able to discuss with Mr. Mouhammad classified or protected

information from the factual returns of the other detainees with whom his case would be consolidated. As a result, consolidation would have little practical value for Mr. Mouhammad. Mr. Mouhammad reserves the right to supplement his position with respect to consolidation after reviewing Appendix A prepared by Respondents, which Mr. Mouhammad's counsel understand to be a classified document deposited in the Secure Facility late on the afternoon of January 5, 2009.

Dated: January 5, 2009

Respectfully submitted,

GREGORY KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 /s/ Paul Dean
JOSEPH H. HUNT (D.C. Bar No. 431134)
TERRY M. HENRY
PAUL E. AHERN
PAUL A. DEAN
KATHRYN MASON
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530