IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: | ) <br> ) Misc. No. 08-0442 (TFH) <br> ) |
| GUANTANAMO BAY <br> DETAINEE LITIGATION | ) Civil Action Nos. <br> ) <br> ) 04-cv-1194, 04-cv-1254, 05-cv-1189, 05-cv-1506, <br> ) 05-cv-1678, 05-cv-2104, 05-cv-2199, 05-cv-2386, <br> ) 05-cv-2387, 05-cv-2479, 06-cv-1684, 06-cv-1767 |

## **JOINT FILING PURSUANT TO THIS COURT'S 12/17/08 ORDER**

Pursuant to this Court's Order of December 17, 2008, the parties in the above-captioned actions submit this joint filing that identifies habeas petitions that, in the view of at least one of the parties based on the similarity of the factual issues involved, may be transferred to a single judge for proceedings that are coordinated or in whole or part consolidated, as appropriate.

    A.    RESPONDENTS' POSITION

          1.    Identification of Cases that May be Consolidated

Respondents seek to transfer to a single judge for coordinated or consolidated proceedings the habeas petitions of 18 Guantanamo Bay detainees in the above-captioned matters, because the petitions involve common questions of law and fact, as well as overlapping parties in interest. These habeas petitions are the subject of 12 different civil actions, as itemized in the following table:

| Number | Case No. | Petitioner(s) | Judge | Status |
|--------|----------|---------------|-------|--------|
| 1 | 04-cv-1194 | ISN 680, 688 | Kennedy | Pre-hearing |
| 2 | 04-cv-1254 | ISN 681 | Kennedy | Pre-hearing |
| 3 | 05-cv-1189 | ISN 695 | Robertson | Pre-hearing |
| 4 | 05-cv-1506 | ISN 694 | Collyer | Pre-hearing |
| 5 | 05-cv-1678 | ISN 692 | Kessler | Pre-hearing |
| 6 | 05-cv-2104 | ISN 690 | Walton | Pre-hearing |
| 7 | 05-cv-2199 | ISN 686 | Kennedy | Pre-hearing |
| 8 | 05-cv-2386 | ISN 684, 685, 687, 689, 707, 728 | Walton | Pre-hearing |
| 9 | 05-cv-2387 | ISN 696 | Collyer | Pre-hearing |
| 10 | 05-cv-2479 | ISN 702 | Kennedy | Pre-hearing |
| 11 | 06-cv-1684 | ISN 679 | Kessler | Pre-hearing |
| 12 | 06-cv-1767 | ISN 691 | Urbina | Pre-hearing |

Not only is the issue of the validity of detention common to these 18 identified habeas proceedings, but there are also a number of related factual and legal questions specific to these 18 detainees that warrant the coordination or consolidation of their actions. Most notably, these detainees were all arrested on the same day at one of two safehouses in Faisalabad, Pakistan. Consequently, each petitioner has a common purpose for being in Pakistan at the time and a similar, if not identical, capture story.[1]

As explained below, assignment of these petitions to a single merits judge will expedite the habeas process, save judicial resources, and avoid the possibility of conflicting rulings on common issues.[2]

2. Standards for Consolidation

Under Federal Rule of Civil Procedure 42(a), the consolidation of actions is appropriate where those actions, "involve a common question of law or fact."[3] The rule further notes that the

---

[1] Respondents have set forth in Appendix A an overview of the classified information reflected in the petitioners' factual returns that further explains the similarity of factual issues involving these petitioners. The classified appendix pertaining to this filing will be filed with the CSO on January 6, 2009.
[2] At this time, Respondents seek coordination or consolidation of these matters for litigation before a single merits judge. The extent of the coordination or consolidation of the proceedings, including for purposes of merits hearings, can be refined by that Judge, as appropriate, and Respondents reserve their rights with regard to such issues.

court may also "join for hearing or trial any or all matters at issue in the actions." *See id.* at (a)(1). The primary purposes of consolidation are to conserve judicial resources and to avoid the risk of inconsistent rulings on common factual and legal issues. *See Johnston v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990); *Bank of Montreal v. Eagle Assn.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) (citing *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir. 1975)). Consolidation accomplishes this by helping to "relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders." *New York v. Microsoft Corp.*, 209 F.Supp. 2d 132, 148 (D.D.C. 2002).

Certain characteristics make cases amenable to consolidation. 8 J. Moore, Moore's Federal Practice § 42.10[6] (3d ed. 2008). Those characteristics include similar claims, overlapping parties, and the potential for overlapping discovery. *Id*. A court in this Circuit has agreed, noting that consolidation is appropriate where, for example, cases "involve review of the same underlying [agency] decision." *Biochem Pharma, Inc. v. Emory Univ.*, 148 F.Supp. 2d 11, 13 (D.D.C. 2001).[4] In this instance, of course, the decision in question is whether detention is appropriate.

---

[3] In *Boumediene v. Bush*, the Supreme Court held that detainees are entitled to "fundamental" habeas rights. *Boumediene v. Bush*, 128 S. Ct. 2229, 2277 (2008)(noting that the "opinion does not address the content of the law that governs petitioners' detention"); *id*. at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring). It is far from clear that the habeas statute applies here. See *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (plurality) (noting implicitly that § 2243 is not binding); *Boumediene*, 128 S. Ct. at 2291 (same) (Roberts, C.J., dissenting). Moreover, the Federal Rules of Civil Procedure do not necessarily apply to statutory habeas petitions, let alone constitutional habeas claims. See Fed. R. Civ. P. 81(a)(4); Section 2255 Habeas Rule 12; *Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004) (Kennedy, J., concurring). Nonetheless, Federal Rule of Civil Procedure 42(a) is instructive and provides persuasive authority on the issue presented.

[4] D.D.C. Local Civil Rule 40.5 is also relevant here, as it defines when cases are deemed "related" and sets out the criteria under which reassignment of such cases is appropriate. In relevant part, it provides that two or more civil cases are related, *inter alia*, if they "involve common issues of fact" or "grow out of the same event or transaction." LCvR 40.5(a)(3). The rule further provides that a case may be re-assigned to a judge with an earlier related case if the Calendar and Case Management Committee finds good cause for transfer.

3

### 3. Consolidation of the Identified Petitions is Appropriate

Coordinating or consolidating these 18 habeas actions is entirely consistent with Federal Rule of Civil Procedure 42(a) and is otherwise appropriate. First, all of the above-listed actions involve detainees with a common capture story; consequently, the cases reflect common grounds for the detention of the petitioners. Further, each of the above-listed actions is a habeas petition disputing the detention resulting from the petitioner's capture. As a result of the nature of these habeas actions, the respondents are identical; therefore, the parties in these actions overlap. Additionally, given the similar nature of the claims in these cases as reflected in the respective petitions in the cases, the legal issues in the cases are similar. Finally, given these issues, it is a near certainty that these actions will involve overlapping discovery requests.

Because one of the grounds for the detention of each of these petitioners is that each was captured on the same day in one of two safehouses, the legal and factual similarities of their actions would require the Court to deploy resources redundantly in an effort to manage the litigation of similar factual and legal claims in 18 petitions. For example, each judge would need to learn the history and significance of these safehouses in Faisalabad, Pakistan. Each judge would need to make credibility determinations regarding similar, if not identical, witnesses and documents. And, each judge would need to rule on similar, if not identical, discovery requests and disputes.

Not only could such a result lead to inconsistent rulings and thus to unnecessary appeals but, by necessity, such parallel proceedings would squander the resources of the Court and the parties. *See* 8 J. Moore, Moore's Federal Practice § 42.10[4][c],[d] (3d ed. 2008). Such a result is contrary to the essential and salutary purposes of consolidation under Federal Rule of Civil Procedure 42(a) or otherwise – a mechanism that exists to address circumstances precisely like

those presented here. The Court, therefore, should exercise its discretion to coordinate or consolidate the above actions and conserve judicial resources. *See e.g., Thayer v. Shearson, Loeb, Rhoades, Inc.*, 99 F.R.D. 522, 523 (D.C.N.Y. 1983) (consolidating cases where there will be substantial overlap among plaintiffs' claims and "[e]liminating duplicitous [sic] testimony will further judicial economy.")

    B.    PETITIONERS' POSITIONS

Pursuant to this Court's Order of December 17, 2008, the parties of the above captioned actions discussed their position regarding coordination or consolidation of these cases on December 23, 2008 and respondents provided petitioners with a written discussion of respondents' position on this matter on January 5, 2009.[5] Petitioners' positions are set forth below:

    1.    ISNs 679, 680, 681, 684, 685, 686, 687, 688, 689, 690, 691, 692, 694, 695, 696, 702, 708:

Respondents propose consolidation of the following eighteen habeas cases: 06-CV-1684 (ISN 679); 04-CV-1194 (ISN 680); 04-CV-1254 (ISN 681); 05-CV-2386 (ISN 684); 05-CV-2199 (ISN 686); 05-CV-2386 (ISN 687); 04-CV-1194 (ISN 688); 05-CV-2386 (ISN 689); 05-CV-2104 (ISN 690); 06-CV-1767 (ISN 691); 05-CV-1678 (ISN 692); 05-CV-1189 (ISN 695); 05-CV-2479 (ISN 702); 05-CV-2386 (ISN 728); 05-CV-2386 (ISN 685); 05-CV-1506 (ISN 694); 05-CV-2387 (ISN 696); 05-CV-2386 (ISN 707). These Petitioners object to the proposed consolidation.[6]

The December 17, 2009 Order states that the Court will consider requests to consolidate cases "based on the similarity of the factual issues involved" and where "the merits of such

---

[5] Respondents do not oppose the grant of a reasonable amount of additional time for petitioners to review the filing submitted in this matter.
[6] Respondents have included 05-cv-2386 (ISN 707) in this proposal, but that action has been stayed on consent, so counsel for that Petitioner does not join in these objections.

5

similar petitions may be addressed more efficiently in consolidated proceedings." Respondents proposed this consolidation by e-mail dated December 22, 2008, and the parties conferred by phone on December 23, 2008. During that call, Respondents explained that consolidation of these cases is warranted for the sole reason that each of these Petitioners purportedly was captured by Pakistani authorities in early 2002 in one of two guesthouses in Faisalabad, Pakistan: the Issa Guesthouse or Shabaz Cottage. Given that Respondents' allegations against these men otherwise vary widely, counsel for Petitioners pressed Respondents on why this single, purported similarity among these detainees supports consolidated treatment. Respondents stated that they could not elaborate their explanation in a non-secure phone call, since most of the allegations concerning these guesthouses are classified. To address this concern, Petitioners proposed that the parties continue their meet and confer in a secure location prior to the January 5, 2009 due date for this joint filing. By e-mail dated December 31, 2008, Respondents informed Petitioners that it would not be feasible to schedule such a meeting prior to the January 5, 2008 due date for this joint filing.

Under these circumstances, Petitioners oppose consolidation. Given that the factual returns for most, if not all, of these detainees allege a variety of factual bases for Respondents' indefinite detention of these men, the mere fact that Respondents allege all of these men were arrested in the same location does not present a sufficient factual overlap to make consolidated treatment an efficient means of addressing the merits of these cases. Indeed, for at least many of these detainees, Respondents' narratives (located at the front of each detainee's factual return) focus not simply, or even substantially, on the presence of the detainees at one of these two guesthouses; rather they focus on the detainees' alleged conduct before arriving at the guesthouses. Thus, consolidation of these men would not accomplish the efficiencies that

6

prompted the parties to agree to consolidation of the Uighur cases before Judge Urbina or the Boumediene cases before Judge Leon, where common, dispositive factual or legal issues predominated. Moreover, these cases are at different procedural stages: among other things, some but not all Petitioners have received factual returns; some but not all have received unclassified factual returns; some but not all have sought additional discovery from Respondents; and some but not all have been able to meet with counsel to discuss their unclassified returns. While consolidation will not materially increase efficiency, it will risk delay for those Petitioners who are further along in the process.

Furthermore, at least two of the detainees, Sufyian Barhoumi (ISN 694) and Jobran Saad al Quhtani (ISN 696), were arrested at a location other than these two guesthouses. Thus, their cases clearly fall outside the government's definition of those proceedings it wishes to consolidate, and their cases should not be considered at all in the present consolidation discussion. Also, one of these Petitioners (ISN 681) has been approved for release by Respondents, and for this additional reason his case should not be consolidated with the others.

To the extent Respondents intend to seek consolidation of these cases over Petitioners' objections, the Court should require them to do so by expedited motion, so that the issues can be fully briefed and argued. Moreover, Petitioners respectfully suggest that such motions are properly directed to the individual Merits Judges in these cases. However, in the event this Court is inclined to consider Respondents' consolidation proposal notwithstanding Petitioners' objections, it is essential that Petitioners have an opportunity to review the entirety of Respondents' proposal, including the classified appendix referenced above, and file a supplemental response. While Respondents took the position in the meet and confer that presence at the Issa Guesthouse or Shabaz Cottage, alone, supported consolidation, Respondents

7

have now suggested *for the first time* in this filing (which they shared with Petitioners only at approximately 3:00 PM today) that there are other purported factual overlaps that support consolidation of these cases. Moreover, Respondents have described those other factual overlaps only in a classified appendix, *which Petitioners' counsel have not yet seen*, since it was made available to them in the Secure Facility in Washington only late this afternoon. Petitioners thus were afforded no opportunity to evaluate the full basis for Respondents' consolidation proposal before responding to it.

    2.    ISN 707: Petitioner's counsel opposes consolidation on the basis that the case is stayed.

Dated: January 5, 2009

                                      Respectfully submitted,

                                      Counsel for Respondents:

                                      GREGORY KATSAS
                                      Assistant Attorney General

                                      JOHN C. O'QUINN

                                      Deputy Assistant Attorney General

                                      /s/ Paul Dean
                                      JOSEPH H. HUNT (D.C. Bar No. 431134)
                                      TERRY M. HENRY
                                      PAUL E. AHERN
                                      PAUL A. DEAN
                                      KATHRYN MASON
                                      Attorneys
                                      United States Department of Justice
                                      Civil Division, Federal Programs Branch
                                      20 Massachusetts Avenue, N.W.
                                      Washington, D.C. 20530

Counsel for Objecting Petitioners:

Pardiss Kebriaei
J. Wells Dixon
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6452
Fax: (212) 614-6499

*Counsel for Mohammed Ahmed Taher*
*(ISN 679)*
Civil Action No. 06-1684

David H. Remes
D.C. Bar. No. 370372
APPEAL FOR JUSTICE
1106 Noyes Drive
Silver Spring, MD 20910
Tel: (202) 669-6508
remesdh@gmail.com

S. William Livingston
D.C. Bar. No. 59005
Alan A. Pemberton
D.C. Bar. No. 367108
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
Tel: (202) 662-6000
Fax: (202) 778-6000
wlivingston@cov.com
apemberton@cov.com

Marc D. Falkoff
D.C. Bar No. 491149
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
Tel: (347) 564-5043
Fax: (815) 753-9301
mdf19@columbia.edu

*Counsel for Petitioner Mohammed Mohammed Hassen (ISN 681)*
Civil Action No. 04-cv-1254

Jerry Cohen
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
jcohen@burnslev.com

Stewart Eisenberg
Weinberg & Garber, PC
71 King Street
Northampton, MA 01060
Tel: (413) 582-6886
Buz_e@verizon.net

Sozi P. Tulante
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
Tel: (215) 568-6200
spt@hangley.com

Gordon S. Woodward
Schnader Harrison Segal & Lewis LLP
2001 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20006-1825
Tel: (202) 419-4215
gwoodward@schnader.com

*Counsel for Petitioner Mohammed Abdullah Taha Mattan (ISN 684)*
Civil Action No. 05-2386


H. Candace Gorman
Law Office of H. Candace Gorman
220 S. Halsted - Suite 200
Chicago, IL 60661
Tel: (312) 427-2313
Fax: (312) 427-9552

*Counsel for Petitioner Abdal Razak Ali (ISN 685)*
Civil Action No. 05-cv-2386

David L. Engelhardt (DC429886)
John C. Snodgrass (DC473864)
Johnisha Matthews (DC492478)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Tel: 202-420-2200
Fax: 202-420-2201

*Counsel for Petitioner Abd Al Hakin Ghalid Ahmad Alhag*
*(ISN 686)*
Civil Action No. 05-cv-2199


Pamela Rogers Chepiga
Sarah Havens
Julie Withers
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Tel. (212) 610-6300
Admitted *pro hac vice*

*Counsel for Petitioners Emad Abdalla Hassan*
*(ISN 680) and Fahmi Abdullah Ahmed Al-Tawlaqi (ISN 688)*
Civil Action No. 04-cv-1194


Jonathan M. Fee
D.C. Bar No. 479579
Michael E. Ward
D.C. Bar No. 434624
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333
Email: jon.fee@alston.com

*Counsel for Petitioners Abdalaziz Kareem Salim Al Noofayaee*
*(ISN 687) and Mohammed Ahmed Salam Al Khateeb (ISN 689)*
Civil Action No. 05-cv-2386

Wesley R. Powell
wpowell@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY  10166
Tel: (212) 309-1000
Fax: (212) 309-1100

Karma B. Brown (Bar No. 479744)
kbbrown@hunton.com
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC  20006
Tel: (202) 955-1500
Fax: (202) 778-2201

*Counsel for Petitioner Ahmed Abdul Al Qader Ahmed Hussein*
*(ISN 690)*
Civil Action  No. 1:05-cv-2104


Brian J. Neff
SCHIFF HARDIN LLP
900 Third Avenue, 23rd Floor
New York, New York 10022
Tel: (212) 753-5000
Fax: (212).753-5044

*Counsel for Petitioner Mohamed Al-Zarnouqi*
*(ISN 691)*
Civil Action No. 06-1767


Brent Rushforth
DAY PITNEY LLP
1100 New York Ave., N.W., #300
Washington, DC 20005
Tel: (202) 218-3917
Fax: (202) 218-3910

*Counsel for Petitioner Ala' Ali Bin Ali Ahmed*
*(ISN 692)*
Civil Action No. 05-cv-1678

Anne J. Castle
Scott S. Barker
William Murane
Danielle R. Voorhees
Jonathan S. Bender
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000

*Counsel for Sufyian Barhoumi, A/K/A Shafiiq (ISN 694)*
Civil Action No. 05-cv-1506


Edmund Burke
Burke McPheeters Bordner & Estes
737 Bishop Street, Suite 3100
Honolulu, Hawaii 96813
Tel: (808) 523-9833
Fax: (808) 528-1656

Cary Silverman (D.C. Bar # 473658)*
Shook Hardy & Bacon L.L.P.
600 14th Street NW, Suite 800
Washington, D.C. 20005-2004
Tel: (202) 783-8400
Fax: (202) 783-4211

*Counsel of record
*Counsel for Petitioner Omar Khalifa Mohammed (ISN 695)*
Civil Action No. 05-cv-1189

Charles E. Patterson
Skye H. Donald
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013
Tel. (213) 892-5200
Fax: (213) 892-5454
Email: cpatterson@mofo.com
Email: sdonald@mofo.com

Michael A. Jacobs
Rachael Clarke
Mathew W. dos Santos
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel. (415) 268-7000
Fax (415) 268-7522
Email: mjacobs@mofo.com
Email: rclarke@mofo.com
Email: mdossantos@mofo.com

George Brian Busey, DC Bar No. 366760
Ketanji Brown Jackson, DC Bar No. 460651
John L. Kolakowski, DC Bar No. 476628
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW  Suite 6000
Washington, D.C. 20006
Tel. (202) 887-1500
Fax (202) 887-0763
Email: gbusey@mofo.com
Email: ketanjijackson@mofo.com

*Counsel for Petitioner Jobran Saad Al-Quhtani (ISN #696)*
Civil Action No. 05-cv-2387

Douglas K. Spaulding
Gary S. Thompson
Allison M. Lefrak
Rick W. Roberts
Nathan R. Fennessy
REED SMITH LLP
1301 K Street, NW
Suite 1100 – East Tower
Washington, DC 20005
Tel: (202) 414-9220

Bernard J. Casey, D.C. Bar No. 112219
Casey ADR Services
3018 NE 32nd Place
Portland, OR 97212
Tel: (415) 515-0855

- and -

CENTER FOR CONSTITUTIONAL RIGHTS
Gitanjali S. Gutierrez (NY1234)
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439

*Counsel for Petitioner Ravil Mingazov*
*(ISN 702)*
Civil Action No: 05-CV-2479


Noah H. Rashkind
2411 SW 35th Place, #206
Gainesville, FL 32608
Tel: (352) 215-5990
noah@rashkind.com

*Counsel for Jamil Ahmed Saeed*
*(ISN 728)*
Civil Action No. 05-cv-2386