IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: | Misc. No. 08-0442 (TFH) |
| GUANTANAMO BAY DETAINEE LITIGATION | Civil Action Nos. 04-cv-1194, 05-cv-0023, 05-cv-2186, 06-cv-1765, 08-cv-1238 |

## JOINT FILING PURSUANT TO THIS COURT'S 12/17/08 ORDER

Pursuant to this Court's Order of December 17, 2008, the parties in the above-captioned actions submit this joint filing that identifies habeas petitions that, in the view of at least one of the parties based on the similarity of the factual issues involved, may be transferred to a single judge for proceedings that are coordinated or in whole or part consolidated, as appropriate.

A.  RESPONDENTS' POSITION

1.  Identification of Cases that May be Consolidated

Respondents seek to consolidate litigation of the habeas petitions of six Guantanamo Bay detainees in the above-captioned matters, because their petitions involve common questions of law and fact, as well as overlapping parties in interest.  These habeas petitions are the subject of five different civil actions, as itemized in the following table:

| Number | Case No. | Petitioner(s) | Judge | Status |
|---|---|---|---|---|
| 1 | 04-cv-1194 | ISN 837, 839 | Kennedy | Pre-hearing |
| 2 | 05-cv-0023 | ISN 841 | Roberts | Pre-hearing |
| 3 | 05-cv-2186 | ISN 840 | Huvelle | Pre-hearing |
| 4 | 06-cv-1765 | ISN 836 | Kennedy | Pre-hearing |
| 5 | 08-cv-1238 | ISN 838 | Roberts | Pre-hearing |

Not only is the issue of the validity of detention common to these six identified habeas petitions, but there are also a number of related factual and legal questions specific to these six petitioners that warrant the consolidation of their actions. Most notably, all petitioners are citizens of the same country and travelled to a second country in 2000 and 2001. While in the second country, they stayed at similar safehouses before travelling to train at the same military camps. Thereafter, the petitioners fought coalition forces before fleeing to the same city in a third country. While in the third country, they stayed in the same safehouses. Finally, most of these petitioners were captured on the same day during a raid of these safehouses. Consequently, each petitioner has a similar, if not identical, basis for his detention and most have a common capture story.[1]

As explained below, assignment of these petitions to a single merits judge will expedite the habeas process, save judicial resources and avoid the possibility of conflicting rulings on common issues.[2]

    2.    <u>Standards for Consolidation</u>

Under Federal Rule of Civil Procedure 42(a), the consolidation of actions is appropriate where those actions, "involve a common question of law or fact."[3] The rule further notes that

---

[1] Respondents have set forth in Appendix A classified information to further support their contention that there are similar factual issues involving these petitioners. The classified index will be filed with the CSO on January 6, 2009.

[2] At this time, Respondents seek coordination or consolidation of the proceedings, for litigation before a single merits judge. The extent of the coordination or consolidation of the proceedings, including for purposes of merits hearings, can be refined by that Judge, as appropriate, and Respondents reserve their rights with regard to such issues.

the court may also "join for hearing or trial any or all matters at issue in the actions." *See id* at (a)(1). The primary purposes of consolidation are to conserve judicial resources and to avoid the risk of inconsistent rulings on common factual and legal issues. *See Johnston v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990); *Bank of Montreal v. Eagle Assn.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987) *citing Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir. 1975), cert. denied, 426 U.S. 936 (1976). Consolidation accomplishes this by helping to "relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders. *New York v. Microsoft Corp.*, 209 F.Supp. 2d 132, 148 (D.D.C. 2002).

Certain characteristics make cases amenable to consolidation. 8 J. Moore, <u>Moore's Federal Practice</u> § 42.10[6] (3d ed. 2008). Those characteristics include similar claims, overlapping parties, and the potential for overlapping discovery. *Id*. A court in this Circuit has agreed, noting that consolidation is appropriate where, for example, cases "involve review of the same underlying [agency] decision." *Biochem Pharma, Inc. v. Emory Univ.*, 148 F.Supp. 2d 11, 13 (D.D.C. 2001).[4] In this instance, of course, the decision in question is whether detention is appropriate.

3. <u>Consolidation of the Identified Petitions is Appropriate</u>

---

[3] In *Boumediene v. Bush*, the Supreme Court held that detainees are entitled to "fundamental" habeas rights. *Boumediene v. Bush*, 128 S. Ct. 2229, 2277 (2008) (noting that the "opinion does not address the content of the law that governs petitioners' detention"); *id.* at 2278 ("[L]egislation eliminated the statutory habeas jurisdiction over these claims, so that now there must be constitutionally based jurisdiction or none at all.") (Souter, J., concurring). It is far from clear that the habeas statute applies here. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (plurality) (noting implicitly that § 2243 is not binding); *Boumediene*, 128 S. Ct. at 2291 (same) (Roberts, C.J., dissenting). Moreover, the Federal Rules of Civil Procedure do not necessarily apply to statutory habeas petitions, let alone constitutional habeas claims. *See* Fed. R. Civ. P. 81(a)(4); Section 2255 Habeas Rule 12; *Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004) (Kennedy, J. , concurring). Nonetheless, Federal Rule of Civil Procedure 42(a) is instructive and provides persuasive authority on the issue presented.

[4] D.D.C. Local Civil Rule 40.5 is also relevant here, as it defines when cases are deemed "related" and sets out the criteria under which reassignment of such cases is appropriate. In relevant part, it provides that two or more civil cases are related, *inter alia*, if they "involve common issues of fact" or "grow out of the same event or transaction." LCvR 40.5(a)(3). The rule further provides that a case may be re-assigned to a judge with an earlier related case if the Calendar and Case Management Committee finds good cause for transfer.

Coordinating or consolidating these six habeas actions is entirely consistent with Federal Rule of Civil Procedure 42(a) and is otherwise appropriate. First, the above-listed actions involve detainees with common travel, common activity and who have a common capture story and, consequently, a common basis for the detention of the petitioners.[5] Further, each of the above-listed actions is a habeas petition disputing the detention resulting from the petitioner's capture. As a result of the nature of these habeas actions, the respondents are identical; therefore, the parties in these actions overlap. Additionally, given the nearly identical nature of the claims in these cases as reflected in the respective petitions in the cases, the legal issues in the cases are similar. Finally, given these issues, as well as the overlapping factual backgrounds of these petitioners, it is a near certainty that these actions will involve overlapping discovery requests.

Because the fundamental basis for the detention of each of these petitioners is that each traveled, trained and fought in similar patterns at about the same time, the legal and factual similarities of their actions would require the Court to deploy resources redundantly in an effort to manage the litigation of virtually identical factual and legal claims in these six petitions. For example, each judge would need to learn the significance of a petitioner's path of travel. Each judge would need to make credibility determinations regarding similar, if not identical, witnesses and documents. And, each judge would need to rule on similar, if not identical, discovery requests and disputes.

Not only could such a result lead to inconsistent rulings and thus to unnecessary appeals but, by necessity, such parallel proceedings would squander the resources of the Court and the parties. *See* 8 J. Moore, <u>Moore's Federal Practice</u> § 42.10[4][c],[d] (3d ed. 2008). Such a result

---

[5] Other cases will likely have overlapping facts, but this is a group that is easily defined and that it is certain will involve common facts.

is contrary to the essential and salutary purposes of consolidation under Federal Rule of Civil Procedure 42(a) or otherwise – a mechanism that exists to address circumstances precisely like those presented here. The Court, therefore, should exercise its discretion to coordinate or consolidate the above actions and conserve judicial resources. *See e.g., Thayer v. Shearson, Loeb, Rhoades, Inc.*, 99 F.R.D. 522, 523 (D.C.N.Y. 1983) (consolidating cases where there will be substantial overlap among plaintiffs' claims and "[e]liminating duplicitous [sic] testimony will further judicial economy.")

    B.    PETITIONERS' POSITIONS

Pursuant to this Court's Order of December 17, 2008, the parties of the above captioned actions discussed their position regarding coordination or consolidation of these cases on December 22, 2008 and respondents provided petitioners with a written discussion of respondents' position on this matter on January 5, 2009.[6] Petitioners' positions are set forth below:

    1.    ISN 836:    Respondents did not receive a response.

    2.    ISN 837:    Respondents did not receive a response.

    3.    ISN 838:    Petitioner Balzuhair (ISN 838) opposes consolidation of his case with ISN Numbers 836, 837, and 839 through 841 for both procedural and substantive reasons. Initially, Petitioner Balzuhair's case will likely have to proceed on a different schedule than those of most, if not all, of the other petitioners in these cases. Unlike counsel for most other petitioners, counsel for Petitioner Balzuhair were just appointed in August 2008 and, because of

---

[6] Respondents do not oppose the grant of a reasonable amount of additional time for petitioners to review the filing submitted in this matter.

the time needed to obtain security clearances and schedule a trip to Guantanamo Bay, were not able to meet with Petitioner Balzuhair for the first time until December 4, 2008. In light of the fact that he had been in custody for over six years without meeting any attorney at all, Petitioner Balzuhair was understandably somewhat hesitant to fully confide in counsel, and so this first meeting could be no more than a preliminary introduction.

Given this, given the need to have multiple additional meetings that under Guantanamo Bay procedures must be scheduled with four to six weeks advance notice, and given the need for follow-up investigation based on those additional meetings, counsel for Petitioner Balzuhair will need much more time to prepare a factual traverse than will counsel for the other petitioners with whom the government is seeking to consolidate Petitioner Balzuhair. This would make consolidation of the cases either unfair to Petitioner Balzuhair – if his counsel are rushed into filing a traverse and fully litigating the case without having an opportunity to fully investigate and prepare – or unfair to the other petitioners – if they are forced to wait even though they have counsel who have already had time to fully investigate and prepare.

Secondly, Petitioner Balzuhair believes there are not sufficient common facts to justify the consolidation the government proposes. As the government implicitly acknowledges in the e-mail attached as ISN 838 Exhibit A, counsel for Petitioner Balzuhair are disadvantaged because they have neither been able to review the factual returns for the other detainees nor the classified factual appendix the government has just filed. Based just on this, the Court should not rule until counsel for petitioners (1) have been able to review the classified factual appendix, and, to the extent possible, the other returns and (2) if appropriate, file a supplemental memorandum addressing those facts. In the case of counsel for Petitioner Balzuhair, this will not

6

be until January 13, because they are based in Los Angeles and will not be traveling to Washington, D.C. where they will be able to review materials in the Secure Facility until January 9.

Counsel do note, however, that the general similarities pointed to by the government seem insufficient on their face. Most obvious is "the issue of the validity of detention," *ante*, at 2, which is of course common to *every* Guantanamo Bay detainee case. The factual similarities the government claims exist are also exceedingly general: (1) there are a number of other detainees from petitioners' country of origin; (2) the vast *majority* of detainees traveled to the same country – and these petitioners traveled at different times; (3) virtually all of the detainees who traveled to this country are alleged to have stayed in guesthouses of some sort which could be labeled "similar," *ante*, at 2; (4) the same military camp at which the petitioners allegedly received training was a military camp at which a large number, if not an absolute majority, of detainees were trained – and, in some instances (according to publicly available information) was the only camp where the petitioner in question was trained and in other instances was just one of several camps where the petitioner in question was trained; and (5) probably a majority, or certainly close to a majority, of detainees were allegedly involved in fighting *somewhere*.[1]

Just the foregoing discussion, combined with the different timing of counsel's appointment and resulting different stages of investigation and preparation make consolidation of these cases *not* appropriate. If there be any doubt on the Court's part, it should take the motion under submission and not rule until all counsel have been able to further review classified

---

[1] Counsel further believe it may be an overstatement, at best, to assert that all of these petitioners "fought coalition forces," *ante*, at 2, but will wait to address that after reviewing additional classified information at the Secure Facility.

material in the Secure Facility and consider filing further briefing based on that review, which in the case of counsel for Petitioner Balzuhair will not be until January 12 or January 13.

4. ISN 839: Petitioner Musa'ab Omar Al Madhwani (ISN 839) opposes the government's proposed consolidation of the litigation of the six habeas Petitioners listed above. First and foremost, Mr. Al Madhwani is part of *Anam, et al. v. Bush, et al*., Civil Action No. 04-cv-1194 which was one of the first habeas petitions filed and his case is likely to proceed more quickly than at least four of the other five Petitioners. Consolidation with other Petitioners whose petitions were filed later than Mr. Al Madhwani's would, therefore, inflict a significant burden by delaying his access to a hearing on the merits of his case.

In addition, Petitioners were not provided adequate time to evaluate the evidence the Government relies upon in order to make an informed decision regarding common questions of fact that might support consolidation. At approximately 4:00 p.m. on January 5, 2008 (the deadline for filing of the Joint Status Report) the government, for the first time, provided counsel for Petitioners with their proposed factual basis for consolidation. At the same time, Respondents' counsel also indicated that they were "not able to disseminate the classified appendix prior to filing." Thus, even if counsel for Petitioner Al Madhwani were located in Washington D.C. on the day of the filing of the Joint Status Report -- which we are not -- we would be unable to even review the classified information supporting the government's proposed consolidation of these six habeas Petitioners' cases.

Counsel for the Parties participated in a conference call on December 22, 2008 in order to confer as ordered by the Court on December 17, 2008 Order. During that conference call, the

8

Government was unable to provide Petitioners with any substantive information regarding the factual basis for consolidation. Respondents merely stated that the facts supporting consolidation were, generally, the Petitioners' 1) country of origin, 2) route of travel, and 3) location of capture. Clearly, this is not sufficient information upon which to make a determination regarding consolidation of our client's case with other detainees. This is particularly true given that the evidence against each of the six Petitioners is classified and cannot be easily exchanged amongst counsel. Therefore, counsel are required to coordinate visits to the Secure Facility to review the evidence of other detainees. This was simply not feasible prior to the deadline for submitting the Joint Status Report. In the alternative, Counsel for Petitioners requested that the government provide Petitioners with an unclassified summary of the basis for consolidation. As noted above, this was not made available to Petitioners until the date for the deadline of filing the Joint Status Report.

Given that counsel has not had the ability to review the classified evidence, and has had less than three hours to review the unclassified information provided by the Government, Petitioner objects to the proposed consolidation and reserves the right to submit a supplemental objection after counsel for Petitioners have had access to the classified evidence.[7]

5. ISN 840: When counsel for the parties consulted on December 22 by unclassified telephone call, multiple counsel for the detainees explained that we could not assess the government's proposal for consolidation without understanding the factual basis for it, and requested that the government make available the classified information for each detainee that it believed warranted consolidation. Counsel for the government assured counsel for the detainees

---

[7] Counsel for Petitioner Musa'ab Omar Al-Madhwani (ISN 839) are planning a trip from Denver, Colorado to Washington, D.C. the second week of January and will review the classified appendix at that time.

that he would consider the request and get back to us. More than a week later, on December 31, at 6:20 pm, counsel for the government finally responded and said that the government would not provide the requested material before the joint filing was due on January 5 but that classified material would be included with the joint filing.

Today, at approximately 3:45 pm, counsel for the government sent an email with their draft filing attached and asked for the sections from Petitioners by 6 pm. Counsel for detainees therefore had no opportunity to review the classified appendix before submitting our sections of the joint filing. The government's actions completely undermine the purpose of a joint filing by making it impossible for Petitioner's counsel to reach an informed decision regarding the possibility of consolidation.

Given the nature of the government's unclassified filing and its failure to provide counsel for Petitioner with the classidfied material necessary to assess its proposal, we have no choice but to request additional time from the Court to review the material and prepare a substantive response.

This is made more difficult by the fact that work on the response must be completed at the secure facility in Virginia. Undersigned counsel lives in New York and has a trip to Guantanamo scheduled for next week. Travel to Washington DC in the first half of the following week will be nearly impossible due to the Inauguration.

Petitioner therefore respectfully requests that the Court convert the filing today by the government into the government's motion for consolidation and set a briefing schedule which takes into account the logistical difficulties described above.

6. ISN 841: Abdullah opposes consolidation as questions peculiar to his case predominate over any common question such as common citizenship, travel to a "second country" and arrest on a single raid. Indeed, respondents have included "descriptive" materials describing travel, safe houses, national ethos, uses of aliases, and military camps, in every factual return in these cases. Thus such "facts" are common to all cases, not just these. Nor is there any "agency decision" of which review is sought.

Further respondents have almost certainly destroyed evidence in violation of an outstanding Preservation Order entered in July of 2005 which spoliation is the subject of ongoing court investigation ordered by Judge Roberts and concerning which motions are presently pending in #05-23. The consequences of such spoliation remain to be adjudicated in Abdullah's case alone. Transfer or consolidation of any aspect of these proceedings to some other judge will require the very relearning that respondents hypothesize consolidation will ameliorate. In addition Abdullah has not been able on short notice to review the classified appendix to the motion.

Most fundamentally respondents fail to specify what "matters in issue" it seeks consolidation about, a requirement of Rule 42(a). In short consolidation should be denied as premature at a minimum.

Dated: January 5, 2009

Respectfully submitted,

GREGORY KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

 /s/ Paul Dean
JOSEPH H. HUNT (D.C. Bar No. 431134)
TERRY M. HENRY
PAUL E. AHERN
PAUL A. DEAN
KATHRYN MASON
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530