# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUHAIL ABDU ANAM, et al., | |
| Petitioners, | 04-CV-1194 (HHK) |
| - v - | 06-CV-1765 (HHK) |
| GEORGE W. BUSH, et al., | |
| Respondents. | |
| IN RE: | |
| GUANTANAMO BAY DETAINEE LITIGATION | MISC. 08-442 (TFH) |

### PETITIONERS' SUPPLEMENT TO THE JOINT FILING PURSUANT TO THE COURT'S 12/17/08 ORDER

Petitioners Iyob Murshad Ali Saleh (ISN 836) and Bisheer al Marwalah (ISN 837) ("Petitioners"), by their undersigned counsel, respectfully submit this Supplement to the Joint Filing Pursuant to the Court's 12/17/08 Order, dkt no. 329 (the "Joint Filing"), prepared and filed by the Government on January 5, 2009. Petitioners submit this Supplement in order to correct the Government's erroneous assertion in the Joint Filing that counsel for Petitioners did not respond to the Government's proposal for consolidation.

On December 22, 2009, at the Government's request, counsel for Petitioners Saleh and al Marwalah participated in a telephonic meet-and-confer with the counsel for the Government and counsel for other petitioners included in the Government's proposed consolidation. On this call, counsel for petitioners requested basic information necessary to evaluate the merits of the

proposed consolidation. Counsel for the Government stated that they could not provide this information over the telephone because it was classified. In order to facilitate a meaningful meet-and-confer, Petitioners' counsel volunteered to make time, during the holidays, to travel to the Secure Facility in order to review any classified information the Government was willing to provide, or to make arrangements to participate in a secure conference call. Counsel for the Government promised to consider these options, but ultimately refused to provide any additional information concerning the proposed consolidation. On the December 22, 2008 call, Petitioners' counsel stated that they could not consent to consolidation in the absence of additional information from the Government.

Petitioners' counsel were surprised to receive, late last night via ECF, a purported Joint Filing stating that counsel for Petitioners did not respond to the Government's consolidation proposal. Petitioners' counsel subsequently learned that, late yesterday afternoon, the Government had sent a draft of its proposed consolidation to counsel for other petitioners in the proposed group, but not to counsel for Petitioners. Petitioners counsel were thus not afforded any opportunity to respond to the proposed filing.

The Government's actions with respect to the Joint Filing were disorganized at best. Had the Government not decided to blindside counsel for this group of petitioners at the last minute with a filing more akin to a Government motion than a joint report, it would likely have had time to ensure that counsel for Petitioners were not excluded from crucial correspondence. For this reason alone, the Joint Filing should be stricken, or the requested consolidation should be denied. See Order dated December 17, 2008, Misc. No. 08-0442, dkt no. 1323 ("Although the number of counsel involved in these matters may render compliance with the commands of Rule 7 difficult,

2

the Court cautions counsel that failure to follow the Court's local rules may result in the Court denying motions and striking filings."). Here, with only six petitioners with which to confer, there is no excuse for the government's failure to comply with Rule 7. At a minimum, the Court should require that the issue of consolidation be fully briefed.

Moreover, after steadfastly refusing to provide the classified justification for the proposed consolidation to Petitioners' counsel, the Government should not now be permitted to submit a classified rationale to the Court. A review of the publicly filed, redacted version of the Government's classified appendix reveals it to be a very brief enumerated list of supposed similarities. There is no apparent reason why this information could not have been provided to Petitioners' counsel in advance of filing.

For the avoidance of doubt, Petitioners' counsel do not consent to the proposed consolidation of their habeas petitions before a single merits judge and Petitioners join in the argument already submitted by other counsel. As an initial matter, the Government has not provided adequate information to evaluate the proposal. Moreover, Counsel for each Petitioner has reviewed that Petitioner's Amended Factual Return, and based on the Government's Narratives, the circumstances of each Petitioner's capture is not the primary justification for their ongoing detention.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Brent Rushforth<br>    Brent Rushforth<br>    Day Pitney LLP<br>    1100 New York Avenue, NW<br>    Suite 300<br>    Washington, DC 20005<br>    Tel: (202) 218-3900<br>    Fax: (202) 218-3910<br><br>    *Attorney for Petitioner Iyob Murshad Ali Saleh (ISN 836)* | By: /s/ Sarah Havens<br>    Pamela Rogers Chepiga<br>    Sarah Havens<br>    Julie Withers<br>    ALLEN & OVERY LLP<br>    1221 Avenue of the Americas<br>    New York, New York 10020<br>    Tel.: (212) 610-6300<br>    Fax: (212) 610-6399<br><br>    *Attorneys for Petitioner Bisheer Nasser al Marwalah (ISN 837)* |

# CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing Supplement to the Joint Filing upon the following counsel of record by the CM/ECF system on the 6th day of January, 2009:

Gregory Katsas
John C. O'Quinn
Joseph H. Hunt
Terry M. Henry
Paul E. Ahearn
Paul A. Dean
Kathryn Mason
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470

*Attorneys for Respondents*

/s/ Sarah Havens
Sarah Havens