UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| HATIM *et al.*, | : | | |
| | : | | |
| Petitioners/Plaintiffs, | : | Civil Action No.: | 05-1429 (RMU) |
| | : | | |
| v. | : | Document No.: | 157 |
| | : | | |
| BUSH *et al.*, | : | | |
| | : | | |
| Respondents/Defendants. | : | | |

## MEMORANDUM ORDER

### DENYING PETITIONER HATIM'S MOTION FOR ADDITIONAL DISCOVERY

This matter is before the court on the motion for additional discovery that petitioner Hatim filed pursuant to § I.E.2. of Judge Thomas F. Hogan's Case Management Order ("CMO"). The CMO requires that any motion for additional discovery "(1) be narrowly tailored, not open-ended; (2) specify the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that demonstrates that the petitioner's detention is unlawful . . . and (4) explain why the requested discovery will enable the petitioner to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the government." CMO (Nov. 6, 2008) at 3.

Petitioner Hatim first seeks production of

> All statements, in whatever form (including written, electronic, video recording, or audio recording), made or adopted by another individual that relate to any of the information contained in the Factual Return (including all amendments) for Petitioner Saeed Mohammed Saleh Hatim (ISN # 255); [as well as] . . . [a]ll documents containing information as to the circumstances in which such statements were made or adopted.

Petr's 1st Req. for Additional Disc. at 2.[1] Petitioner Hatim claims that this discovery "is likely to produce evidence showing [his] detention to be unlawful" because

> [s]tatements made by third parties in Guantanamo cases have been shown in the past to be unreliable or made under circumstances that render the statements unreliable, and the circumstances surrounding the apprehension and transfer to American custody of other Guantanamo detainees have also raised serious unreliability questions.

Petr's Mot. at 1.

Assuming that such statements exist in petitioner Hatim's case, the circumstances that render them unreliable would constitute material exculpatory evidence and, accordingly, the government is required to produce them under § I.D.1. of the Amended Case Management Order ("Amended CMO"). *See* Order (Dec. 16, 2008) at 2 (requiring the government to "disclose to the petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner"). And to the extent that such third party statements exist but were not made under circumstances that render them unreliable, petitioner Hatim has failed to show that they are "likely to produce evidence that demonstrates that [his] detention is unlawful." *See* CMO (Nov. 6, 2008) at 3. Accordingly, the court denies this request under § I.E.2. of the CMO.

In addition, Petitioner Hatim has requested production of

---

[1] An accompanying interrogatory requests that the government
> [i]dentify and describe: (a) all statements made or adopted by another individual that relate to any of the information contained in the Factual Return (including all amendments) relating to Petitioner Saeed Mohammed Saleh Hatim (ISN # 255); and (b) all information concerning the circumstances in which such statements were made or adopted.

Petr's 1st Req. for Additional Disc. at 2.

> [a]ll documents containing information relating to any fees, bounties, or other monetary or non-monetary remuneration or consideration given to third parties for the apprehension, transfer into the Government's custody, or investigation of Petitioner Hatim, including but not limited to payments, gifts, loans, promises of leniency, preferential treatment, release, reduction in charges, or improvements in conditions of detention given to third parties.

Petr's 1st Req. for Additional Disc. at 2.[2] If the government possesses any such documents, the court considers the government obligated to produce them pursuant to § I.D.1. of the Amended CMO. Therefore, the court denies this request under § I.E.2. of the CMO.

For the foregoing reasons, it is this 7th day of January, 2009, hereby

**ORDERED** that petitioner Hatim's motion for additional discovery is **DENIED**.

**SO ORDERED**.

                                                 RICARDO M. URBINA
                                                 United States District Judge

---

[2] An accompanying interrogatory requests that the government
> [i]dentify and describe all fees, bounties, or other monetary or non-monteary [sic] remuneration or consideration given to third parties for the apprehension, transfer into the Government's custody, or investigation of Petitioner Hatim, including but not limited to payments, gifts, loans, promises of leniency, preferential treatment, release, reduction in charges, or improvements in conditions of detention given to third parties.

Petr's 1st Req. for Additional Disc. at 2.