# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
IN RE:                                  ) Misc. No. 08-0442 (TFH)
GUANTANAMO BAY                          )
DETAINEE LITIGATION                     ) Civil Action No. 05-1429 (RMU)
_____)

## PETITIONER'S MOTION FOR ADDITIONAL DISCOVERY

Pursuant to Section I.E.2 of the Case Management Order dated November 6, 2008, Petitioner hereby moves this Court for an order granting additional discovery. Specifically, Petitioner requests that the Court order Respondents to respond to Petitioner's Second Request for Additional Discovery attached herewith, in accordance with its Definitions and Instructions, within fourteen (14) days after the date of the Court's order.

## NEED FOR THE DISCOVERY

In the factual return for Petitioner, the Government relies on documents containing English paraphrases or summaries of statements allegedly made by Petitioner in Arabic as well as of statements allegedly made by other detainees in Arabic. Petitioner hereby requests copies of any transcripts, digital and analog video recordings, compact disc recordings, cassette tape recordings or other media recordings of any such alleged statements by Petitioner or other detainees, and any transcripts or English translations of such alleged statements.

This discovery is necessary to evaluate fully the accuracy of the translations, summaries, and paraphrases of statements attributed to Petitioner that are included in the returns. Although we have not been advised as to precisely how the documents containing these statements were prepared, they presumably purport to be based on the following chain:

(a) an interrogator asked the Petitioner a question in English;
(b) the interpreter translated the interrogator's question into Arabic for the Petitioner;

(c) the Petitioner answered the interpreter's version of the interrogator's question in Arabic;
(d) the interpreter translated the Petitioner's answer into English for the interrogator; and
(e) the interrogator, or someone else at some unknown time, put a summary of the interpreter's version of the Petitioner's answer into a document.

In these circumstances, significant errors and distortions in summarizing, translation, or paraphrasing, as well as gaps in cultural understanding of Arabic words or phrases, could easily occur. Petitioner should have the opportunity to review original interrogation transcripts or recordings in order to ensure that the Court does not consider inaccurate or misleading information. For the same reason, the Government should be required to provide recordings and transcripts of statements made by other detainees on which the Government relies for its allegations that these petitioners are enemy combatants.

The requested discovery will not unfairly disrupt or unduly burden the Government. The additional discovery sought now merely requires the Government to produce copies of original source material.

Counsel for Respondents has been consulted and states that Respondents oppose the instant motion.

January 7, 2009

/s/ S. William Livingston
S. William Livingston
D.C. Bar. No. 59055
Alan A. Pemberton
D.C. Bar. No. 367108
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000 (phone)
(202) 778-6000 (fax)
wlivingston@cov.com
apemberton@cov.com

David H. Remes
D.C. Bar. No. 370372

APPEAL FOR JUSTICE
1106 Noyes Drive
Silver Spring, MD 20910
(202) 669-6508 (phone)
remesdh@gmail.com

Marc D. Falkoff
D.C. Bar No. 491149
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043 (phone)
(815) 753-9301 (fax)
mdf19@columbia.edu

UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

_____
                                    )
IN RE:                              ) Misc. No. 08-0442 (TFH)
GUANTANAMO BAY                      )
DETAINEE LITIGATION                 ) Civil Action No. 05-1429 (RMU)
_____)

## PETITIONER'S SECOND REQUEST FOR ADDITIONAL DISCOVERY

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and pursuant to Section I.E.1. of the Case Management Order dated November 6, 2008, Petitioner hereby requests that Respondents respond to the following requests for production and interrogatory, in accordance with the Definitions and Instructions below, within fourteen (14) days after the date the Court orders Respondents to respond to this request. Unclassified documents should be produced at the law offices of Covington & Burling LLP, 1201 Pennsylvania Avenue, NW, Washington, District of Columbia 20004, and classified documents should be produced consistent with the Protective Order entered by the Court.

## DEFINITIONS AND INSTRUCTIONS

1. "Document" means the complete original (or complete copy where the original is unavailable) and each non-identical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including but not limited to all written, typewritten, handwritten, photographic, video, printed or graphic matter of any kind or nature, however produced or reproduced; any statement, in whatever form, made or adopted by other persons about each Petitioner; and any mechanical or electronic visual or sound recordings, including, without limitation, all tapes and discs, now or formerly in your possession, custody or control, including all documents as defined in the broadest sense permitted by the Federal Rules of Civil Procedure.

2. If the Respondents assert a claim of privilege as to one or more documents sought in this request, the Respondents should list, for each such document, the document's date, signatory or signatories, author(s), addressee(s), each other person who received a copy, the subject matter of the document, its location and custodian, and the basis for the claim of privilege. Such information should be supplied in sufficient detail to permit Petitioner to assess the applicability of the privilege claimed.

3.  If any of the requested documents was but is no longer in the Government's possession or subject to its control, the Respondents should state what disposition was made of it and when, and explain the reasons for such disposition.

## **REQUESTS FOR PRODUCTION**

1.  All digital video recordings, analog video recordings, compact disc recordings, cassette tape recordings, or other media recordings of statements made by Petitioner Saeed Mohammed Saleh Hatim (ISN #255).

2.  All transcripts or English translations of statements made by Petitioner as described in Request 1 above.

3.  All digital video recordings, analog video recordings, compact disc recordings, cassette tape recordings, or other media recordings of statements made by other current or former Guantánamo detainees and on which the Government relies to justify its continued detention of Petitioner Saeed Mohammed Saleh Hatim (ISN #255).

4.  All transcripts or English translations of statements made by other detainees as described in Request 3 above.