IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____  x
                                         :
                                         :
IN RE:                                   :
                                         :
GUANTÁNAMO BAY                           :   Misc. No. 08-442 (TFH)
DETAINEE LITIGATION                      :
                                         :
                                         :
_____  x
                                         :
                                         :
ZALITA,                                  :
                                         :
                                         :
                    Petitioner,          :
                                         :
              v.                         :   Civil Action No. 05-1220 (RMU)
                                         :
BUSH, et al.,                            :
                                         :
                                         :
                    Respondents.         :
                                         :
                                         :
_____  x
```

**OPPOSITION TO RESPONDENT'S MOTION FOR EXTENSION OF TIME
TO PRODUCE EXCULPATORY EVIDENCE**

Petitioner Abu Abdul Rauf Zalita (ISN 709) does not oppose the government's request for an extension of time within which to produce exculpatory information as required by Section I.D.1 of the Amended Case Management Order issued by Judge Hogan in this case. *See* Dkt. 154 (05-cv-1220); Dkt. 1004 (08-mc-442). That Order requires the government to produce to Petitioner's counsel "all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner." If Respondents in fact gather that evidence by the extended deadline they seek, January 30th, they should then be in a position to resolve the destruction of evidence inquiry which has been pending before the Court in this case for nearly a year. *See* Motion for Inquiry

Concerning Destruction of Evidence Related to CIA Detainee Interrogations, Dkt. 82 (unclassified version filed Jan. 15, 2007). Respondents' opposition to that motion (Dkt. 83), filed on January 22, 2008, was predicated on the notion that "proceeding hastily into a separate judicial inquiry" apart from the criminal investigation into the destruction of evidence underway at the time, could be "potentially disruptive," and cautioned that the Court should not "act precipitously to convene a hearing" as Petitioner had requested. *Id*. at 3, 2 n.2.[1] Nearly a year has passed since the government made those assertions. There is at this time no longer any justification for postponing resolution of Petitioner's motion for Inquiry, and the Court should seek to set a hearing date on the motion shortly after the government makes its exculpatory evidence disclosures on or before January 30.

As noted in Petitioner's Opposition (Dkt. 158) to the government's Motion to Stay the habeas cases of cleared petitioners (Dkt. 156), this case effectively stands in a similar posture to the Uighur cases recently before this Court: the government appears to have informally conceded the liability phase of the case, and the burden on the parties and this Court is now confined to the remedial process of attempting to find a safe resettlement country for Petitioner. Evidence that materially undermines the government's justification for detention of Petitioner may also be relevant to the efforts to find a safe country for his resettlement. To the extent that information in either the original or amended return was also passed on to foreign governments of countries which might now be viable resettlement options for Petitioner, the effort to convince such countries to accept Petitioner might ultimately be facilitated by the disclosure of new evidence undermining the credibility of that information.

---

[1] The government also argued that the Court lacked habeas jurisdiction and the matter should be left to be resolved by the Court of Appeals in Petitioner's DTA action, *id*. at 5-6; both arguments clearly lack merit now.

To the extent the government's disclosures include exculpatory information that is classified beyond the SECRET level, the disclosures may be made as TOP SECRET//SCI filings deposited in the SCIF, as three of Petitioner's undersigned counsel possess TOP SECRET//SCI clearances and could review such filings.[2] There should therefore be no cause for further delay occasioned by the need for redaction of any exculpatory information filings.

Date:   New York, New York
        January 7, 2009

Respectfully submitted,

     /s/sdk
Shayana Kadidal (D.C. Bar No. 454248)
Gitanjali S. Gutierrez (pursuant to LCvR 83.2(g))
J. Wells Dixon (pursuant to LCvR 83.2(g))
Pardiss Kebriaei (pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6438
Fax: (212) 614-6499
kadidal@ccrjustice.org

George Daly
139 Altondale Avenue
Charlotte , NC 28207
Tel: (704) 333-5196
gdaly1@bellsouth.net

Jeffrey J. Davis
400 North Church Street #222
Charlotte, North Carolina 28202
Tel: (704) 661-5244

*Counsel for Petitioner*

---

[2] Through counsel, Petitioner has already made two TOP SECRET//SCI filings in this case. *See* Notice of Filing, Dkt. 81; Notice of Filing, Dkt. 85.