# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: | ) Misc. No. 08-0442 (TFH) |
| GUANTANAMO BAY | ) |
| DETAINEE LITIGATION | ) Civil Action No. 05-1429 (RMU) |
|  | ) |

## REPLY MEMORANDUM
## IN SUPPORT OF PETITIONER'S MOTION FOR ADDITIONAL DISCOVERY

In its opposition to Petitioner's Motion for Additional Discovery, Respondent argues that Petitioner's requests are overly broad, not "narrowly tailored," and not sufficiently specific. The argument should be rejected.

The requests seek copies and descriptions of all statements by third parties that relate to information in a petitioner's factual return, as well as documents and information pertaining to the circumstances under which the statements were made. These requests seek at a minimum to find out about all third party statements on which the Government relies to show that Petitioner was an "enemy combatant," and whether and to what extent the reliability and credibility of the statements are subject to challenge because of the circumstances under which the statements were obtained. At a minimum, the Government should be required to provide Petitioner's counsel with such information for any individuals who have made accusations about Petitioner. There would not seem to be any significant burden in providing such limited information about the accusations against Petitioner, particularly with respect to any accusations made by other detainees.

In an ordinary case, Petitioner would have the opportunity to confront his accusers, and to determine through cross-examination whether the accusations lodged against him were coerced or were otherwise lacking in credibility. The requested

- 2 -

discovery is not a fully adequate substitute for cross-examination, but it at least should provide Petitioner's counsel and the Court some information relevant to testing the case against Petitioner, while causing no injury to the Government beyond what is likely to be a minor administrative task.

The requests also seek information concerning any bounties or other considerations paid to third parties for the apprehension and transfer of Petitioner. This is narrowly targeted at the specific circumstances surrounding the Government's seizure of Petitioner, and the request's relevance is undeniable. If Petitioner was initially seized by a third party, (such as an arm of the Pakistan government,) and then transferred to an arm of the US Government for a fee, then the fact that the third party had a profit motive to engage in this transaction would place a serious cloud over any claim that Petitioner really had been an enemy combatant. The requested discovery, moreover, is quite narrow, because it focuses on at most a single transaction for each detainee, and it is hard to take seriously any suggestion that there would be a significant burden on the government in obtaining this information for production in discovery.

Accordingly, for the reasons stated above, the Court should grant Petitioner's request for additional discovery.

December 16, 2008

/s/ S. William Livingston
S. William Livingston
D.C. Bar. No. 59055
Alan A. Pemberton
D.C. Bar. No. 367108
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000 (phone)
(202) 778-6000 (fax)
wlivingston@cov.com
apemberton@cov.com

David H. Remes
D.C. Bar. No. 370372
APPEAL FOR JUSTICE
1106 Noyes Drive
Silver Spring, MD 20910
(202) 669-6508 (phone)
remesdh@gmail.com

Marc D. Falkoff
D.C. Bar No. 491149
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043 (phone)
(815) 753-9301 (fax)
mdf19@columbia.edu