IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: <br> GUANTANAMO BAY <br> DETAINEE LITIGATION | ) <br> ) <br> ) <br> ) <br> ) | Misc. No. 08-442 (TFH) |
| OMAR KHADR, <br><br> Petitioner, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, *et al.*, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 04-1136 (JDB) |

**RESPONDENTS' MOTION TO RECONSIDER
JANUARY 2, 2009 MINUTE ORDER
REQUIRING THE FILING OF A FACTUAL RETURN**

Respondents hereby move for reconsideration of the Court's January 2, 2009 Minute Order in the above captioned case.[1] The Minute Order requires respondents "to file factual returns for petitioners charged with violations of the laws of war under the Military Commission Act of 2006 for whom the government has yet to file factual returns." Minute Order in 08-mc-442 (Jan. 2, 2009) (Hogan, J.). Petitioner Omar Khadr is scheduled to be tried by a military commission on January 26, 2009, for alleged violations of the laws of war. Consequently, Judge Bates already stayed Petitioner Khadr's habeas case "to the extent that it raises issues that have been, will be, or can be raised in the military commission proceedings against petitioner and the

---

[1] Respondents conferred with petitioner's counsel via telephone on January 15, 2009, pursuant to Local Rule 7(m). Petitioner's counsel neither opposes or consents to the motion.

subsequent appeals process." *Khdar v. Bush*, 2008 WL 4966523 *10 (D.D.C. Nov. 24, 2008) (Bates, J.). Given Judge Bates' ruling, reconsideration of the January 2, 2009 Minute Order in this case is warranted, and the Court should defer to Judge Bates' prior decision to stay Petitioner Khdar's habeas case and vacate its January 2, 2009 Minute Order requiring further action in petitioner's case prior to completion of the military commission process.

A court should reconsider an interlocutory order where "justice requires" it, in the sense that reconsideration may be appropriate when the court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (Lamberth, J.) (citing *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). "Errors of apprehension may include a Court's failure to consider 'controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court.'" *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "These considerations leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether reconsideration is necessary under the relevant circumstances.'" *Williams v. Savage*, 2008 WL 2977585 at *7 (D.D.C. Aug. 5, 2008) (quoting *Cobell*, 224 F.R.D. at 272).

In this case, reconsideration of the Court's decision to require respondents to file a factual return in Petitioner Khadr's habeas case is appropriate given that the Court appears to have taken such action without considering Judge Bates' decision to stay petitioner's habeas case pending completion of military commission proceedings. Judge Bates ruled that abstaining from

2

petitioner's habeas case was "appropriate [] to the extent that th[e] Court's consideration of petitioner's [case] would interfere with the military commission proceeding[.]" *Khadr*, 2008 WL 4966523 at *4. Judge Bates determined that "any rulings" by the habeas court on petitioner's challenge to his detention "would necessarily affect, and possibly interfere with, the military commission proceeding. *Id.* Judge Bates thus concluded that abstention from further conduct in Petitioner Khadr's habeas case is appropriate. *Id*. In the same decision, Judge Bates also denied petitioner's motion for judgment based upon petitioner's age at the time of his capture. *See id*. at *10.

This Court should defer to Judge Bates' prior decision to stay Petitioner Khadr's habeas action. In an August 28, 2008 Minute Order, the Court provided:

> MINUTE ORDER: Petitioner has filed a motion for judgment on the pleadings or, in the alternative, for summary judgment based on petitioner's juvenile status, which is awaiting clearance from the Court Security Officer. Based on consultation with Senior Judge Hogan, this Court will address petitioner's motion. Accordingly, the briefing schedule shall be as follows: respondents' opposition to petitioner's motion shall be filed by not later than September 10, 2008; petitioner's reply, if any, to respondents' opposition shall be filed by not later than September 19, 2008. Signed by Judge John D. Bates on 8/28/2008. (lcjdb2) (Entered: 08/28/2008)

Thus, the Court determined that the motion including the request to enjoin petitioner's military commission be resolved by Judge Bates, and Judge Bates has resolved it.

Accordingly, the Court, in deference to Judge Bates' decision to stay petitioner's habeas case, should vacate the January 2, 2009 Minute Order as it pertains to Petitioner Khadr.

Date: January 16, 2009

Respectively submitted,

GREGORY KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

    /s/ Kristina A. Wolfe
JOSEPH H. HUNT (D. C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
KRISTINA A. WOLFE

Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 353-4519
Fax: (202) 616-8202

Attorneys for Respondents