IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION<br><br><br>MOTION RELATES TO<br>MOTION OF RESPONDENTS<br>FILED ON 12/29/2008 | Misc. No. 08-442 (TFH)<br><br>Civil Action Nos.<br><br>02-CV-0828, 04-CV-1164, 04-CV-1194, 04-CV-1254,<br>04-CV-2022, 04-CV-2046, 05-CV-0023, 05-CV-0247,<br>05-CV-0270, 05-CV-0280, 05-CV-0329, 05-CV-0359,<br>05-CV-0392, 05-CV-0492, 05-CV-0520, 05-CV-0526,<br>05-CV-0634, 05-CV-0748, 05-CV-0763, 05-CV-0764,<br>05-CV-0877, 05-CV-0883, 05-CV-0889, 05-CV-0892,<br>05-CV-0993, 05-CV-0998, 05-CV-1124, 05-CV-1189,<br>05-CV-1220, 05-CV-1244, 05-CV-1347, 05-CV-1353,<br>05-CV-1429, 05-CV-1457, 05-CV-1487, 05-CV-1490,<br>05-CV-1497, 05-CV-1504, 05-CV-1506, 05-CV-1555,<br>05-CV-1592, 05-CV-1601, 05-CV-1607, 05-CV-1623,<br>05-CV-1638, 05-CV-1645, 05-CV-1646, 05-CV-1678,<br>05-CV-1971, 05-CV-1983, 05-CV-2104, 05-CV-2185,<br>05-CV-2186, 05-CV-2199, 05-CV-2249, 05-CV-2367,<br>05-CV-2378, 05-CV-2379, 05-CV-2380, 05-CV-2384,<br>05-CV-2385, 05-CV-2386, 05-CV-2387, 05-CV-2479,<br>06-CV-1668, 06-CV-1684, 06-CV-1690, 06-CV-1758,<br>06-CV-1761, 06-CV-1767, 07-CV-1710, 07-CV-2338,<br>08-CV-0987, 08-CV-1101, 08-CV-1104, 08-CV-1153,<br>08-CV-1221, 08-CV-1224, 08-CV-1228, 08-CV-1232,<br>08-CV-1233, 08-CV-1235, 08-CV-1236, 08-CV-1238,<br>08-CV-1360, 08-CV-1440, 08-CV-1789, 08-CV-1805,<br>08-CV-1828, 08-CV-1923, 08-CV-2019 |

**PRESS APPLICANTS' MOTION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING GOVERNMENT'S MOTION TO CONFIRM
<u>DESIGNATION OF UNCLASSIFIED FACTUAL RETURNS AS "PROTECTED"</u>**

The Associated Press, The New York Times Company, and USA Today (collectively, "Press Applicants") hereby respectfully move this Court, pursuant to Federal Rule of Civil Procedure 24 and Local Rule of Civil Procedure 7(j), for permission to intervene in these habeas corpus proceedings for the limited purposes of enforcing the right of public access to court

records and opposing the motion of the United States government (the "Government") to withhold from the public, for an indefinite period, the unclassified factual returns produced in these proceedings. The Government's motion fails to provide a sufficient factual basis to justify sealing court records that already have been reviewed to remove classified material, and its open-ended request to seal these documents indefinitely is not narrowly tailored. Press Applicants should be permitted to intervene to oppose this continuing restriction on the public's right to understand the claims being made in the proceedings about the Guantanamo detainees.

## MEMORANDUM OF POINTS AND AUTHORITIES

Press Applicants are national news organizations that regularly gather and publish news concerning the federal courts and have closely followed the legal proceedings surrounding the Government's detention of alleged terrorists at Guantanamo Bay, Cuba ("Guantanamo"). Press Applicants have a substantial interest in ensuring timely access to information of importance to their readers and the general public. *See, e.g.*, *Shingara v. Skiles*, 420 F.3d 301, 305 (3d Cir. 2005) (granting newspaper's motion to vacate protective order where newspaper sought "to obtain information so that it can report the news"). That interest is particularly strong in these habeas cases, which concern matters of great national and international importance and are closely followed by the public here and abroad.[1]

---

[1] *See, e.g.*, William Glaberson, *Judge Agrees with Bush in Ruling on 2 Detainees' Status*, N.Y. TIMES, Dec. 31, 2008, at A15 (noting that "[t]he habeas rulings are being watched carefully, in part because decisions approving the holding of the Guantanamo detainees could be used by the Obama administration as a legal justification to continue to hold some of them even if the prison in Cuba is closed."); *2 Guantanamo Detainees Lawfully Held, Judge Rules*, GLOBE AND MAIL, Dec. 31, 2008, at A12 (same); William Glaberson, *U.S. is Set to Release 3 Detainees from Base*, N.Y. TIMES, Dec. 16, 2008, at A28 (noting that recent ruling in detainee habeas proceeding "drew international attention, in part because it was the first full court test of the government's detention evidence . . . ."); *In Guantanamo Case, a Judge Tightens the Screws on the U.S.*, CHRISTIAN SCI. MONITOR, Dec. 3, 2008, at 3 (noting "case is closely watched"); *see also Judge Denies Release for 2 at Guantanamo*, WASH. POST, Dec. 31, 2008, at A5; *Judge Backs U.S. on*

2

The substantial issues at stake in these proceedings include national and international security, the administration of justice in the United States, and the rule of law. The level of interest in these cases cannot be overstated. Significant, ongoing controversy exists over the propriety of procedures used to identify "enemy combatants" and to prosecute detainees in military tribunals. Without access to the records filed in these proceedings, the public has no way to understand fully the allegations being made against the Guantanamo detainees, to evaluate the credibility or the import of the allegations, to assess the fairness of the detainees' treatment by the courts or, ultimately, to exercise democratic control over the institutions of government. The relief now requested – ensuring transparency in these cases – is critically important, particularly given that the question of whether the government is classifying material to avoid public scrutiny of embarrassing information has itself become a subject of considerable debate. *E.g.*, William Glaberson, *Judge Opens First Habeas Corpus Hearing on Guantanamo Detainees*, N.Y. TIMES, Nov. 7, 2008, at A21 (noting contention that because the Government has failed in its efforts to avoid judicial scrutiny of its actions at Guantanamo, it now seeks instead to avoid public scrutiny of those same actions).

Press Applicants have a strong and legitimate interest in protecting public access to the pleadings being filed in these cases, and they should be permitted to intervene to do so. *See In re Application of the New York Times Co. for Access to Certain Sealed Court Records*, --- F. Supp. 2d ---, 2008 WL 4900605, at **2,7 (D.D.C. Nov. 17, 2008) (granting newspapers' motion for access to search warrants on finding that public interest outweighed interests asserted for

---

*Terror Detentions*, CHI. TRIB., Dec. 31, 2008, at 14; Marisa Taylor, *Judge Releases Five from Gitmo*, BELLEVILLE NEWS DEMOCRAT, Nov. 21, 2008, at A5; David Usborne, *Court Frees Guantanamo Men*, INDEPENDENT., Nov. 21, 2008, at 42; *Federal Judge Orders Terror Suspects Released at Gitmo*, USA TODAY, Nov. 20, 2008, http://www.usatoday.com/news/washington/2008-11-20-guantanamo-algerians_n.htm.

sealing); *New York v. Microsoft Corp.*, 2002 WL 318565, at *5 (D.D.C. Jan. 28, 2002) (upholding in part media-intervenors' opposition to protective order in civil case on basis that it was not supported by "good cause"); *see also EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders."). The United States Supreme Court repeatedly has held that "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" from judicial proceedings. *Globe Newspapers Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (internal quotation marks and citations omitted); *see also In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984) (court must provide notice and an opportunity to object before the public may be excluded from court proceedings). This same right to be heard extends to motions to seal court records. *See Washington Post Co. v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991) (to safeguard First Amendment right of access, court "must promptly allow interested persons the opportunity to be heard" before ruling on sealing motion). Intervention is the appropriate procedural vehicle for news organizations and other members of the public to vindicate their access rights. *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d at 1045-46; *In re Application of Newsday, Inc.*, 895 F.2d 74, 75, 79 (2d Cir. 1990) (press must be afforded "an opportunity . . . to voice objections to the denial of access") (internal quotation marks and citations omitted); *In re Washington Post Co.*, 807 F.2d 383, 388 & n.4 (4th Cir. 1986) (press had standing to challenge sealing of documents filed in connection with federal criminal case).

In an effort to facilitate the Court's resolution of the public's right of access to the documents that are the subject of the Government's motion, Press Applicants have conferred

with the Government and with counsel for petitioners in a good faith effort to obtain their consent to this motion to intervene only. The Government does not consent to the motion to intervene and has stated that it will oppose it. Press Applicants are authorized to state that the Center for Constitutional Rights and Foley Hoag LLP, who filed a consolidated opposition with permission of counsel for petitioners, consent to the motion to intervene. Press Applicants are further authorized to state that counsel of the Center for Constitutional Rights advised all petitioners' counsel of Press Applicants' request for consent to this motion and received no notice that any individual petitioner objected to the motion.

WHEREFORE, Press Applicants respectfully request the Court to enter an Order (a proposed form of which is submitted herewith), granting their motion to intervene and accepting for filing in each of the above-captioned cases their proposed Opposition to the Government's Motion to Confirm Designation of Unclassified Factual Returns as "Protected" (attached hereto as Exhibit A).

Dated: January 14, 2009                    Respectfully submitted,


                                           LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

                                           By:_____/s/ Jeanette M. Bead_____
                                                  David A. Schulz, DC Bar No. 459197
                                                  Jeanette M. Bead, DC Bar No. 480539

                                           1050 Seventeenth Street, NW
                                           Suite 800
                                           Washington, DC 20036-5514
                                           Phone (202) 508-1100
                                           Fax (202) 861-9888

                                           Counsel for Press Applicants

*Of Counsel*:

David H. Tomlin
Associated Press
450 West 33rd Street
New York, NY 10001

David E. McCraw
The New York Times Company
620 Eighth Avenue
New York, NY 10018

Barbara L. Wall
Gannett Co., Inc.
7950 Jones Branch Drive
McLean, Virginia 22101