IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: ) | | |
| ) | | |
| GUANTANAMO BAY ) | Misc. No. 08-442 (TFH) | |
| DETAINEE LITIGATION ) | | |
| _____) | | |
| HANI SALEH RASHID ABDULLAH, ) | | |
| *et al.,* ) | | |
| ) | | |
| *Petitioners*, ) | | |
| ) | | |
| *v.* ) | Civil No. 05-0023 (RWR) | |
| ) | | |
| GEORGE W. BUSH, *et al.,* ) | | |
| ) | | |
| *Respondents*. ) | | |
| _____) | | |

**PETITIONER'S MOTION TO COMPEL COMPLIANCE
WITH SECTION I.E.1. OF CASE MANAGEMENT ORDER**

Petitioner hereby moves for an order compelling Respondents to fully comply with the portions of Section I.E.1. of the Case Management Order (CMO) that require the government, upon request, to provide:

> (1) documents and objects in the government's possession that the government relies on to justify detention; [and] (2) all statements, in whatever form, made or adopted by petitioner that the government relies on to justify detention. . . .

As grounds for his motion, petitioner says as follows.

**Factual Background**

1.  On November 7, 2008, Petitioner's counsel sent a letter to counsel for Respondents requesting the government to provide the discovery referred to in Section I.E.1 the CMO.

2.  On January 5, 2009, counsel for Respondents replied by letter (Exhibit A hereto), stating that the documents attached to the Amended Factual Return ("AFR") in this matter constituted full compliance with the government's obligations under subsections (1) and (2). These documents consisted largely of reports of interrogation of petitioner while at Guantanamo. Counsel for respondents opposes producing any further discovery under CMO I.E.1 and to this motion.[1]

**Argument**

Respondents' asserted justification for Petitioner's detention relies almost exclusively on statements allegedly made by Petitioner himself. But Respondents have not produced any statements actually "made or adopted" by Petitioner. Rather, they have produced only a few, selected, third-party reports prepared by FBI or DOD interrogators. These are most of the exhibits to the AFR.

Apart from the fundamental fact that these reports are themselves hearsay, they suffer from other defects. First, they were prepared after, not during,

---

[1] This motion complements, but does not supersede, Abdullah's already pending motion to compel.

the interrogations and are therefore not contemporaneous.  Next, they are not verbatim accounts of the interrogation, but merely summaries.  Third, there is no evidence that the interrogators understood spoken Arabic; rather, they relied on the services of translators whose qualifications and experience are not apparent from the documents.  Even highly competent translators experience difficulty with the demands of near-simultaneous translation, especially in languages (like Arabic) in which there is a great deal of regional variation.

These issues necessarily affect the accuracy, completeness, and reliability of the "evidence" relied on by Respondents.  Counsel understand that it was the practice at Guantánamo to make video and audio recordings of interrogation sessions.  Those recordings constitute the best evidence of what Petitioner actually said on each occasion on which he is alleged to have made a statement relied on by Respondents to justify his detention.  They are also the best evidence of the context in which each alleged statement was made.  For this reason, Petitioner's counsel requested in their December 22 letter that the government produce "(i) any video or sound recordings of [statements relied on by the government]" and "(ii) any original notes or transcripts thereof, including translations from the Arabic."  Respondents have not asserted that these materials do not exist, but deny that they are required to produce them.

It also appears from the summary reports attached to the AFR that most, if not all, interrogation sessions were attended by representatives of more than one agency. The government has not provided *all* reports of a particular interrogation session at which Petitioner allegedly made a statement now relied on, but only one report. Because each report is only a selective summary of the interrogation, counsel also requested the government to produce "(iii) any other records or reports of [the] statements [relied on by the government], including records or reports made by persons other than the person who prepared the report attached to the factual return." The government has not denied that more than one report exists with respect to particular interrogation sessions, but contends, in essence, that it can choose which report to disclose and which to withhold. Under the circumstances, where all written interrogation reports were prepared after the fact, it is highly likely that the reports contain significant variances.

Petitioner respectfully submits that production of the recordings and other documents referred to in the preceding paragraphs is mandated by subpart (2) of section I.E.1. of the CMO, as well as by subpart (1). Subpart (2) requires production of "*all* statements, *in whatever form*, made or adopted by petitioner" that Respondents rely on to justify detention (emphasis added).[2] The third-party interrogation summaries attached to the AFR are not "statements . . . made or

---

[2] "All" and "in whatever form" are categorical descriptions that do not admit exceptions.

adopted by petitioner." They are, at most, second-hand, incomplete, and potentially inaccurate reports of statements allegedly made by him. The "statements" referred to in subcategories (i) and (ii) of counsel's December 22, 2008 letter are the best and only evidence of petitioner's actual statements, and the government should be ordered to produce them. Moreover, because the government contends that it may rely on hearsay evidence (an issue not raised by this motion), the government should be required to produce *all* hearsay accounts of any interrogation session on which the government relies (subcategory (iii) of the December 22 letter).

Petitioner submits that production of this material is also mandated by subpart (1), which requires production of "documents and objects in the government's possession that the government relies on to justify detention." The government here relies almost exclusively on admissions allegedly made by Petitioner himself. If those admissions are contained in any "documents" or "objects" in the government's possession, then the government is obligated to produce them.

## Conclusion

For the reasons given above, the Court should order the government to produce forthwith (i) all video and/or sound recordings of any statement made by Petitioner upon which the government relies to justify detention, (ii) any original

notes or transcripts thereof, including any translation from the Arabic, and (iii) any other records or reports of those statements, including records or reports made by persons other than the person who prepared the report attached to the factual return.

Respectfully submitted,

    /s/ Stephen M. Truitt
Stephen M. Truitt (DC # 13235)
600 Fourteenth Street, N.W.
Suite 500, Hamilton Square
Washington, DC 20005-2004
Tel: (202) 220-1452
Fax: (202) 220-1665

Shayana Kadidal (DC # 454248)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

*Of Counsel for Petitioner*

Charles H. Carpenter (DC #432004)
William J. Bethune (DC # 66696)
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W.
Suite 500, Hamilton Square
Washington, DC 20005-2004
Tel: (202) 220-1507
Fax: (202) 220-1665

Dated: January 22, 2009

*Counsel for Petitioners*