# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

|                                    |   |                                    |
|------------------------------------|---|------------------------------------|
| AMMAR AL-BALUCHI,                  | : |                                    |
|                                    | : |                                    |
| Petitioner,                        | : |                                    |
|                                    | : | MOTION FOR RECONSIDERATION         |
| v.                                 | : |                                    |
|                                    | : |                                    |
| ROBERT M. GATES, et. al.           | : | Civil Docket Number 08-cv-2083 (PLF) |
|                                    | : | Misc. No. 0442-08                  |
| Respondents.                       | : |                                    |

## PETITIONER'S MOTION FOR RECONSIDERATION OF THIS COURT'S JANUARY 22, 2009 DECISION DENYING AS MOOT PETITONER'S MOTION FOR MISCELLANEOUS RELIEF

On or about January 13, 2009, Petitioner Ammar al-Baluchi ("Petitioner"), through the undersigned (hereinafter "Movant"), filed a motion for miscellaneous relief. By that motion, Petitioner requested that this Court issue an Order (1) enjoining Respondents and their subordinates from proceeding with the military commissions' matter involving Petitioner until such time as Respondents honor Petitioner's choice of counsel; (2) directing that Movant be permitted to utilize the so-called "legal" mail system in place at Guantánamo Bay to communicate with Petitioner; and (3) granting a writ of *mandamus* directing Respondents and their subordinates in the Office of Military Commissions to either (a) accept Movant's notices of appearance in Petitioner's military commissions' matter, or (b) reject Movant's notices of appearance in Petitioners' military commissions' matter on the official and public military commissions' record and in Petitioners' presence. On January 22, 2009, the Honorable Paul L. Friedman of this Court issued a *sua sponte* order denying Petitioner's motion in its entirety without prejudice. The Court held that President Obama's recent decision to seek a 120-day stay

1

Dockets.Justia.com

of the military commissions' proceedings, including Petitioner's, rendered Petitioner's application, including Movant's request for access to the legal mail system, moot.

By this motion, Petitioner moves this Court for reconsideration of the Court's January 22nd *sua sponte* decision and order to the extent that it denied that portion of Petitioner's motion seeking an order directing that Movant be permitted access to the legal mail system at Guantánamo Bay. Movant has no knowledge of any action by President Obama, or any of his subordinates, which has granted Movant access to the legal mail system at Guantánamo Bay or that has otherwise rendered this portion of Petitioner's application moot.

## ARGUMENT

In denying Petitioner's motion in its entirety, this Court grounded its decision in President Barack Obama's "recent suspension of military prosecutions . . . ." While President Obama's suspension of the military tribunals may well ultimately render a portion of Petitioner's January 13th request moot, Movant's request for access to the legal mail system remains viable.

First, President Obama's decision to suspend military prosecutions in no way alters the existing system of written communication between Petitioner and his chosen attorney, Movant. At present, there exist only two avenues of communicating with Petitioner in writing: the "legal" mail system and the "non-legal" mail channel. An attorney representing a former CIA prisoner like Petitioner may not utilize the legal mail channel to communicate with his detainee-client absent Top Secret security clearance and Respondents' approval, which apparently can be unilaterally withheld.[1] Respondents have repeatedly taken the position that Movant is not authorized to utilize the legal mail channel and have similarly forbidden Movant

---

[1] Movant recently learned from a representative of the Department of Defense ("DoD") that the DoD has qualified Movant for a Top Secret security clearance. They only remaining impediment to Movant's access to Top Secret information is the government's acknowledgement that he has reason to access such information.

2

from using the non-legal mail system to communicate with Petitioner.[2] President Obama's recent directions regarding the military commissions have not affected, at any level, Respondents' policy of denying Petitioner's right to communicate with his attorney, Movant.

Respondents' existing policy of refusing to permit Movant to use either the legal or the non-legal mail system has the effect of isolating Petitioner from his chosen attorney. Petitioner's challenge to this policy has not been rendered moot, as the policy constitutes a continuing violation of Petitioner's Fifth and Sixth Amendment rights to due process of law and effective counsel of his choice. As President Obama's recent actions do not, in any way, address Respondents' wrongful policy, Petitioner's motion seeking access to the legal mail system has not been rendered moot.

Second, Respondents' policy, as set forth in the July 1, 2008 Warden e-mail, affects not simply Petitioner's military commissions' matter, but also his federal *habeas* matter and any potential civilian criminal justice action Petitioner may face at some point in the future. Here, the Court directed Movant to file a signed authorization from Petitioner no later than February 15, 2009 to justify continuing Petitioner's *habeas* matter. In light of Respondents' refusal to permit Movant to communicate with Petitioner, who has authorized Movant to file a Detainee Treatment Act petition on his behalf, Respondents' mail policy effectively negates Movant's ability to comply with this Court's direction to present written authorization for the instant matter.

---

[2] Respondents repeatedly claim in their various court filings that Movant may send non-privileged mail through the non-legal mail system. The evidence, however, suggests that Respondents' claims are incorrect. Furthermore, Respondents refuse to explain why Movant, an admitted attorney, must unilaterally waive the attorney-client privilege without having secured permission from Petitioner to do so. Indeed, as Movant cannot communicate with Petitioner, Movant cannot even seek Petitioner's permission to waive the privilege, should such waiver be advisable under the circumstances.

Third, the practical effect of this Court's January 22, 2009 *sua sponte* decision as it applies to Movant's request for access to the legal mail system is to render Petitioner without a legal remedy for addressing the deprivation of a critical and basic constitutional right, that of his right to effective counsel and to file a *habeas* petition through his chosen counsel. Moreover, even if President Obama ultimately declines to prosecute Petitioner by way of military commission, it may well be that the President may choose to proceed against him through the federal court system or by way of court martial. Further delaying Petitioner from access to his chosen counsel only serves to perpetuate Respondents' wrongful denial of Petitioner's Fifth and Sixth Amendment rights to due process of law and counsel of his choice.

## CONCLUSION

This Court should reconsider its *sua sponte* denial of Petitioner's request that Movant be permitted to utilize the legal mail system to communicate with Petitioner. This application is not moot.

Dated: New York, New York
January 25, 2009

>
> **The Law Offices of Scott L. Fenstermaker, P.C.**
> 300 Park Avenue, 17th Floor
> New York, New York 10022
> (212) 302-0201 (o)
> (917) 817-9001 (c)
> (212) 302-0327 (f)
>
> By: *[signature]*
> Scott L. Fenstermaker, Esq.

4

# APPENDIX A

Pursuant to Local Rule 7(m), Scott L. Fenstermaker, Esq. contacted counsel for Respondents to meet and confer regarding potential opposition to the instant request for reconsideration of the Court's January 22, 2009 *sua sponte* order denying, without prejudice, Petitioner's January 13, 2009 motion for miscellaneous relief. The response received by Sunday, January 25, 2009 as of 9:00 p.m. EST is as follows:

Respondents oppose Petitioner's requested relief.