# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SUFIAN BARHOUMI, et al., | ) |
| | ) |
| Petitioners, | ) Misc. No. 08-0442 |
| | ) |
| v. | ) Civil Action No. 05-CV-1506 (RMC) |
| | ) |
| GEORGE W. BUSH, | ) |
| President of the United States, et al., | ) |
| | ) |
| Respondents. | ) |

### MOTION FOR ORDER ALLOWING DISCLOSURE OF UNCLASSIFIED
### FACTUAL RETURN TO MILITARY COMMISSIONS DEFENSE COUNSEL

Petitioner Sufyian Barhoumi, ("Barhoumi"), ISN Number 694, hereby moves the Court for an order allowing Barhoumi's habeas counsel to disclose the unclassified factual return to Captain Christina M. Jimenez, USAF, JAG, the military lawyer detailed to defend Barhoumi in Military Commissions proceedings. As grounds therefore, Barhoumi states as follows:

1. Pursuant to LCvR 7(m), the parties have conferred. Respondents oppose the relief sought in this Motion.

2. In June 2008, Capt. Jimenez was detailed to defend Barhoumi in Military Commissions proceedings.

3. Barhoumi's traverse to the Factual Return is currently due in mid-February 2009.

4. Due to her criminal representation, Capt. Jimenez has extensive knowledge of the facts surrounding Barhoumi's designation as an enemy combatant. Permitting Barhoumi's habeas counsel to communicate with Capt. Jimenez about factual circumstances will make the preparation of the traverse more complete, accurate and efficient. Communication with Capt. Jimenez may also assist with the preparation of the brief in support of judgment on the record.

5. In conjunction with her Military Commission, Capt. Jimenez has Top Secret/SCI security clearance.

6. On November 26, 2008, Respondents filed a Notice of Filing a Factual Return in Barhoumi's case. *See* Notice of Factual Return, Docket No. 111.

7. On January 9, 2009, Respondents filed a Notice of Service of Unclassified Protected Factual Return. *See* Notice of Unclassified Return, Docket No. 128.

8. Respondents filed the Unclassified Return with a "Protected Information" designation. Specifically, Respondents limited distribution of the unclassified return as follows:

> Respondents do not object to petitioner's counsel sharing the unclassified factual return with the petitioner-detainee in this case. We also have no objection to the sharing of information from the unclassified return with individuals, such as witnesses, necessary to the preparation of an individual case, provided such persons comply with the terms of the Court's protective order regarding the handling and distribution of protected information. The protected designation, however, would prevent any other dissemination or distribution, including to the public, internet sites, or other recopying or reprinting that would make possible the assembly of a large number of unclassified returns.

*Id.* at 1.

9. Although disclosure of the unclassified factual return to Capt. Jimenez seemingly fits within Respondents' designation (permitting disclosure to persons "necessary to the preparation of an individual case"), the Court's Protective Order also appears to preclude such disclosure without Respondents' or the Court's authorization. *See* Protective Order at ¶ 35(a), (b), Docket No. 89 ("Without authorization from the government or the Court, protected information shall not be disclosed or distributed to any person or entity other than the following: (a) petitioner's counsel . . . and . . . the Court and its support personnel.").

10. Although the Protective Order governs the habeas proceedings rather than Military Commissions proceedings, Capt. Jimenez is clearly "petitioner's counsel."

11. The Protective Order also provides that "Protected information shall be used only for purposes directly related to these cases and not for any other litigation or proceeding, except by leave of the Court." *Id.* at ¶ 42.

12. Barhoumi's intent to disclose the unclassified factual return to Capt. Jimenez is based on the need for assistance with preparation of the traverse and brief in support of judgment on the record.[1] Because disclosure of the unclassified factual return to Captain Jimenez is necessary for the undersigned to properly prepare the traverse and brief in response to the factual return, the relief sought is consistent with the Protective Order and appropriate.

---

[1] Barhoumi's defense counsel, Capt. Jimenez has seen all of the documents included in the heavily-redacted unclassified factual return. Accordingly, the Court should disregard any argument by Respondents that disclosure would somehow be used for "any other litigation or proceeding."

3

13. Pursuant to LCvR 47(c), a proposed order is attached for the Court's convenience.

Dated January 26, 2009.

Respectfully submitted,

*s/ Danielle R. Vorrhees*
Anne J. Castle
Scott S. Barker
William Murane
Danielle R. Voorhees
Jonathan S. Bender
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000

**ATTORNEYS FOR PETITIONER**

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2009, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 7144
Washington, DC 20530

*s/Christine Salvatore*
Holland & Hart LLP

4430577_1.DOC