# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TARIQ ALSAWAM,** ) | |
| ) | |
| Petitioner, ) | Misc. No. 08-442 (TFH) |
| ) | |
| v. ) | Civil Action No. 05-1244 (CKK) |
| ) | |
| **BARACK OBAMA,** ) | |
| **President of the United States,** *et al.,* ) | |
| ) | |
| Respondents. ) | |

### RESPONDENTS' MOTION TO VACATE JANUARY 15, 2009, ORDER AND EMERGENCY REQUEST FOR STAY OF ORDER

Respondents respectfully move to vacate this Court's January 15, 2009, Order ("Order") authorizing Petitioner's review of counsel's classified summary of statements attributed to Petitioner in light of the results of the subsequent declassification review of Petitioner's statements by the relevant executive agencies charged with classification of national security information. Declassification review of approximately 200 pages of Petitioner's statements was completed on January 28, 2009, after the issuance of the January 15th Order. Respondents further request that the Court grant expedited briefing and a stay of its Order pending a ruling on this motion to vacate.

Consistent with the Court's scheduling Order of January 9, 2009, Respondents' counsel discussed the filing of this motion with Petitioner's counsel on January 29, 2009, in an attempt to eliminate or narrow any disputes between the parties. L.Civ.R. 7 (m). In the course of that conference, Respondents' counsel proposed that Petitioner's counsel permit the Privilege Review

Team to review counsel's classified summary and compare it with the now declassified statements to ensure that no classified material was retained in the summary and revealed to Petitioner so that the parties could consult on how to handle any such information. This had not previously been done by the Privilege Review Team because the declassification review of Petitioner's statements had not been completed. Petitioner's counsel rejected that proposal.

**BACKGROUND**

On September 11, 2008, this Court entered the Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, in place of the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004), as supplemented by the Order Addressing Designation Procedures for Protected Information, first issued on November 10, 2004, and the Order Supplementing and Amending Filing Procedures Contained in the November 8, 2004, Amended Protective Order, first issued on December 13, 2004. Protective Order, In re: Guantanamo Bay Litigation, No. 08-mc-00442 (Dkt. #409) (Hogan, J.) ("Protective Order").

On October 20, 2008, Respondents filed a classified factual return for Petitioner. The classified factual return contained a significant volume of classified information—including documents containing Petitioner's own statements intermingled with other information. After Respondents moved for clarification and reconsideration of the November 6, 2008, Case Management Order, this Court stayed certain aspects of the parties' obligations on November 21, 2008. On December 12, 2008, Respondents filed an unclassified factual return for Petitioner. On December 16, 2008, this Court lifted the stay entered by the November 21, 2008, order.

On January 6, 2009, Petitioner's counsel filed a motion seeking authorization from the Court to review Petitioner's statements with Petitioner that were, at the time of the filing of Petitioner's motion, classified and contained within classified documents. More specifically, Petitioner's counsel sought authorization from the Court to share with Petitioner a document prepared by Petitioner's counsel and submitted *ex parte* to the Court, which contained Petitioner's classified statements, but which had not been reviewed by the appropriate agencies of the government for classification purposes and had not been declassified by the appropriate national security agencies. (Dkt. #100).

On January 14, 2009, Respondents filed a response in opposition to Petitioner's motion. (Dkt. #105). In the response, Respondents argued that it was inappropriate to authorize the disclosure of classified information to Petitioner that had not been declassified – or even reviewed – by the national security agencies, and that such disclosure was contrary to the language of the Court's Protective Order. Respondents further argued that disclosure of classified information over the objection of the executive branch, which holds the authority to classify and control access to national security information, also triggered significant issues involving separation of powers. As an alternative to Petitioner's motion, Respondents argued that the declassification process would result in the appropriate disclosure of information Petitioner's counsel sought to disclose to Petitioner and requested the opportunity to implement that process for Petitioner's statements.

On January 15, 2009, the Court granted Petitioner's motion. The Court held that the Protective Order allowed Petitioner's counsel to share with Petitioner a document created by Petitioner's counsel provided that it contained only Petitioner's statements, Petitioner's name,

and the dates on which the statements were made, as long as the document was reviewed by the Privilege Review Team to confirm this information. (Dkt. #109). On January 28, 2009, the national security agencies completed the declassification of those classified documents containing Petitioner's statements that were cited in the classified factual return. The declassified documents contain no significant redactions of Petitioner's statements.[1] On that same day, Respondents forwarded to Petitioner's counsel copies of the declassified documents.

Petitioner's counsel has informed Respondents that she intends to depart for the Guantanamo Bay facility on February 2, 2009, meet with Petitioner the following day, and share with him the document she prepared which cited from classified documents. In order to permit counsel to use the document she has prepared for purposes of meeting with her client, while also ensuring that no classified information would be transmitted through that process, Respondents proposed that counsel permit the Privilege Review Team to compare counsel's document with the declassified materials to identify any information in counsel's document that may legitimately remain classified and to ensure that only properly declassified Petitioner's statements are shared with the detainee. Counsel, however, rejected that proposal.

### REQUEST TO VACATE JANUARY 15, 2009 ORDER AND EMERGENCY REQUEST FOR EXPEDITED REVIEW AND A STAY OF THE ORDER PENDING A RULING ON THIS MOTION TO VACATE

As noted in the response to Petitioner's motion for authorization, Respondents opposition to the motion was based on legitimate issues involving separation of powers and the improper disclosure of a classified document that had not been declassified by the appropriate national security agencies. Petitioner's counsel's proposed summary of Petitioner's statements was

---

[1] Respondents can submit the declassified documents to the Court under seal if requested.

submitted *ex parte* to the Court and, therefore, had not even been reviewed by Respondents' lawyers or the national security agencies charged with classification of this information. However, given the completion of the declassification process subsequent to this Court's Order, Petitioner's motion and this Court's Order are now moot. Respondents have now provided to Petitioner's counsel a declassified version of all of Petitioner's statements that were cited in the classified return. Consequently, there is simply no need for Petitioner's counsel to disclose to Petitioner a classified document that retains its classified status since it has not been declassified by the executive branch.

      Indeed, as Respondents explained in their prior filing on this issue, permitting counsel to share a document that has not been subject to declassification review improperly risks the disclosure of legitimately classified information to a detainee. The availability of the declassified materials, however, now provides an appropriate avenue for the Court to avoid creating, or disregarding, the significant separation of powers concerns raised by counsel's insistence on the sharing of her document with Petitioner. Counsel can either simply substitute the declassified materials containing Petitioner's statements for her document, or, alternatively, the Privilege Review Team can review her document against the declassified materials and redact any information that remains properly classified.[2] As noted above, the declassified versions of Petitioner's statements contain no significant redactions of statements by Petitioner. Thus, the only reason counsel can have for not agreeing to such a procedure is the possibility that there may be information in her document that she wishes to share with Petitioner regardless of the

---

[2]This review can be performed by the Privilege Review Team at Guantanamo, so as not to delay counsel's visit with Petitioner.

5

content of the declassified materials, i.e., that there remains in her document properly classified information that cannot legitimately be shared with Petitioner. But even in the unlikely event there is such information at issue, Respondents' inability to declassify that information should be the subject of proper litigation as to the issue, including the separation of powers concerns involved in determining the respective roles of the Court and the executive branch in such matters. The issue should not be effectively decided without careful consideration of the issue of permitting counsel to share with a detainee a document assembled from classified materials and never reviewed for declassification or compared against legitimately declassified materials.[3] To do so fails to give proper deference to the role of the executive branch to classify and control access to national security information.

Accordingly, Respondents respectfully request that the Court vacate its January 15, 2009, Order as moot and stay that Order pending a ruling on Respondents' motion to vacate. At the very least, the Court should condition the ability of Petitioner's counsel to use her document on review of the document by the Privilege Review Team to compare it with the declassified materials and redact any information that is not properly declassified. Given the imminent visit by Petitioner's counsel to Guantanamo Bay on February 2, 2009, Respondents respectfully

---

[3] As Respondents have previously explained, this issue was not decided in the context of litigation over the content of the Protective Order; indeed, as Respondents have explained, until recently, the Protective Order has never been interpreted to permit the disclosure of classified information to a detainee that counsel has not learned directly from the detainee. The history of the interpretation and application of the Protective Order in this litigation is to the contrary, and Respondents have never authorized or acceded to such an interpretation or implementation of the Protective Order, which would make possible the disclosure of classified information to an enemy combatant inconsistent with executive branch policies and regulations.

request that the Court require Petitioner to respond to this motion by January 30, 2009, and expedite its ruling on Respondents' request for a stay prior to February 3, 2009.

## CONCLUSION

For these reasons, Respondents' motion and request for an immediate stay should be granted.

Counsel for Respondents:

MICHAEL F. HERTZ
Acting Assistant Attorney General


 /s/ Timothy A. Bass
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No.127191)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
TIMOTHY B. WALTHALL
EMILY B. SMITH
TIMOTHY A. BASS
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Tel:  (202) 305-3284
Fax:  (202) 305-2685
Timothy.Bass2@usdoj.gov