**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ISMAIL MOHAMED,** | Misc. No. 08-442 (TFH) |
| Petitioner, | Civ. No. 08-1789 (RWR) |
| v. | |
| **BARACK H. OBAMA,** *et al.*, | |
| Respondents. | |
| **MOHAMMED ABDULMALIK,** | |
| Petitioner, | |
| v. | Civ. No. 08-1440 (CKK) |
| **ROBERT M. GATES,** | |
| Respondent. | |

**PETITIONERS' CONDITIONAL OPPOSITION TO RESPONDENTS' MOTION FOR
EXTENSION, EMERGENCY CROSS-MOTION FOR PETITIONERS' CSRT
<u>RECORDS, AND REQUEST FOR EXPEDITED CONSIDERATION</u>**

Petitioners Ismail Mahmoud Mohamed and Mohamed Abdulmalik conditionally oppose Respondents' motion to delay production of their factual returns for yet another month. However, Petitioners are perfectly willing to accept (and hereby cross-move for) a modest compromise in lieu of timely production of their returns: immediate release of their Combatant Status Review Tribunal ("CSRT") records. Petitioners regret that they must request relief on an emergency basis, but at this late stage, this is the only solution that will accommodate the

1

government, avoid further prejudice to Petitioners, and salvage counsel's upcoming trip to Guantánamo Bay.[1]

Petitioners appreciate that the new administration's approach to these cases is in a state of flux and have no interest in holding the government's feet to the fire needlessly. They *do* have an interest in having lawyers with a bare-bones sense of the case against them. Thus, when approached about these returns on Thursday, Jan. 29, counsel swiftly offered to consent to the government's motion if the government would but release Petitioners' CSRTs, even if only in classified form at the Secure Facility. (A copy of this correspondence is attached as Exhibit 1 to this motion.) As counsel stressed in that message, without at least those rudimentary materials, her upcoming visits with Petitioners will be largely useless. For reasons unknown, the government refused.

Respondents' position is, in a word, unreasonable, and their motion sheds no light on the basis for it.

The government seeks a further extension for filing the returns for four Petitioners: Messrs. Abdulmalik and Mohamed, Abu Zubaydah (ISN 10016), and Majid Khan (ISN 10020). Respondents assert, without meaningful elaboration, that preparing these four returns has been "complicated and time-consuming," largely because of "clearance issues."[2] Resps'. Mot. at 2.

---

[1] Petitioners seek emergency relief for the simple reason that undersigned counsel is due to leave for Guantánamo on February 9th. The chief point of this visit was to discuss Respondents' allegations with Messrs. Mohamed and Abdulmalik; counsel has booked two full days with each Petitioner. These arrangements were made before the government revealed that they would be seeking another extension. Counsel, who works for Reprieve, a London-based non-profit, travels at great expense to see her clients at Guantánamo. Had counsel known of the request before Thursday evening in the UK, she would certainly have made other plans and filed this motion sooner.

[2] The motion also relies in part on the government's prior requests for extension, the earliest of which dates to August 2008. But the fact that the government has been putting off stating the facts in these cases for nearly half a year hardly militates in *favor* of further delay. The

2

This argument is in no way responsive to Petitioners' simple request for their CSRTs; it also completely ignores the significant differences among these four petitioners. Abu Zubaydah and Majid Khan are former black site prisoners, once touted by the Bush administration as "high-value detainees."[3] A Top Secret/SCI protective order governs their habeas cases; the men are housed away from the general Guantánamo population, in a location unknown to all but a few. And yet the lawyers for Abu Zubaydah and Majid Khan *already have* their clients' unclassified CSRT transcripts, because they were released to the public in March 2007.[4]

Counsel notes that it took the military less than six months to conclude—and publicize—the CSRTs for *all* the so-called "high-value detainees." By contrast, both Mr. Mohamed and Mr. Abdulmalik had been in prison for over a year before Respondents got around to conducting their CSRTs. The government has never asserted high-level security concerns over these men. The regular Protective Order governs their cases; Messrs. Mohamed and Abdulmalik have been in communal housing in Camp IV for virtually the entirety of their imprisonment. Yet Petitioners' CSRTs *still* have not been released to the public or to Petitioners' counsel. Why, then, the obstinate refusal to furnish these basic documents?

Counsel has no reason to believe that the CSRTs for these two Petitioners deviated from the normal bifurcated process, which consists of a short unclassified session, followed by a classified one. Both classified and unclassified CSRT records have regularly been made available to petitioners' lawyers. The unclassified CSRT records, to the best of counsel's

---

government's reference to those prior motions is also somewhat disingenuous, inasmuch as the other motions similarly fail to be specific as to the "difficulties" posed by these two returns.

[3] While there is significant doubt as to whether a candid review of those files by a new administration will arrive at the same conclusion, that is an argument for another day and another legal team.

[4] *See* "CSRT/ARB Special Interest Items," *available at* http://www.defenselink.mil/news/Combatant_Tribunals.html.

knowledge, are available on the Defense Department website for *every* other habeas petitioner in Guantánamo, be he an Afghan shepherd or Khalid Sheikh Mohammed. Many classified CSRT records were furnished long ago as factual returns for some of the early petitioners. *See, e.g., al Habashi v. Gates,* no. 05-765 (D.D.C. Apr. 26, 2005), *Respondents' Response to April 21, 2005 Docket Entry Order to Show Cause* (dkt. no. 7) (attaching Binyam Mohamed's unclassified CSRT record as Ex. 1, and noting that the classified CSRT record was separately filed at Secure Facility). Still others were produced more recently in Judge Leon's cases, as requested by Judge Leon, in advance of the government's production of the returns for those petitioners.[5]

Thus, the relief Petitioners seek could hardly be more modest. They simply ask for documents that are either 1) available on the internet in virtually every other Guantánamo case, or 2) were furnished as a matter of course by Respondents in several habeas cases as early as 2005 and as recently as last fall.

And while Petitioners will not belabor the point today, Respondents' motion does make remarkably short shrift of the habeas rights enshrined in *Boumediene*, 553 U.S. ___, 128 S.Ct. 2229 (2008). Those rights were underscored by President Obama's statement in the recent Executive Order that "the prisoners at Guantánamo have the constitutional privilege of the writ habeas corpus." *See* Exec. Order No. 13,492, 74 Fed. Reg. 4897 (Jan. 22, 2009).

No doubt the new government is busy wrestling with solutions to these cases. Meanwhile, however, Messrs. Mohamed and Abdulmalik are in prison. They have the constitutional right to marshal a defense against whatever case the government will mount.

---

[5] This production was, to counsel's recollection, not actually ordered. Rather, Judge Leon suggested that the government swiftly furnish the CSRT records in cases before him with no returns, and the government agreed to do so. This was carried out, for example, for all petitioners (also represented by Reprieve) in *Sliti v. Bush*, no. 05-429, who were then still in Guantánamo Bay: Hisham Sliti, Mohammed el Gharani, Hedi Hamamy, Muhammad Hussein Abdallah, and Adel al Hakeemy.

Meaningful investigation of their cases in the Horn of Africa and Pakistan will be costly, hazardous, and slow. The CSRT Records will at least allow the Petitioners' legal team to *begin* that process. What possible reason justifies the refusal to give *any* statement of the case against these men?

Again, Petitioners are not insisting that the Obama administration forge ahead with the return, defending a detention it may well decide to end. Nor are they asking that the government's return ultimately be limited to the CSRT evidence. Of course the government has an interest in reassessing these cases—given everything we have learned about how poorly initial detention decisions were made, this is simply common sense. Petitioners certainly hope that the new administration's review will confirm what they have said all along: that their detention was a mistake. (If their lawyers could only see their CSRTs, Petitioners might even be able to assist the government to come to a swift and reasonable resolution of their situation.)

Production of the CSRT Records is a (more than) fair balance of the government's deliberative interests and Petitioners' habeas rights. Respondents have refused to meet Petitioners halfway; happily, this Court can make up the difference. Petitioners respectfully urge the Court to do so before the 7th, when counsel must head to Washington if she is to see any CSRT material before going to Guantánamo Bay.

Counsel, who has responded as swiftly as possible to the government's motion, also asks that the Court proceed immediately to telephonic argument on these issues on Monday or Tuesday. This will allow counsel to adjust travel arrangements accordingly and gives the government maximum time to comply with any directive the Court issues. This is not unfair to Respondents, given that the refusal to provide the CSRT Records is based on some (undisclosed)

factual basis rather than a legal argument. The government can make its excuse, whatever it is, perfectly well by means of oral argument on the record.

For the foregoing reasons, this Court should either 1) deny Respondents' motion in its entirety, or 2) grant the extension on the condition that Respondents furnish the Petitioners' classified and unclassified CSRT Records by the close of business on Friday, Feb. 6, so undersigned counsel can review those documents before traveling to Guantánamo Bay.

Dated: January 31, 2009

Respectfully submitted,

_/s/ Cori Crider_

Clive Stafford Smith (LA Bar No. 14444)
Zachary Katznelson (CA Bar No. 209489)
Cori Crider (Member NY Bar)
Ahmed Ghappour (CA Bar No. 255723)

REPRIEVE
PO Box 52742
London EC4P 4WS
United Kingdom
011 44 207 353 4640 (ph)
011 44 207 353 4641 (fax)
clivess@mac.com
zachary@reprieve.org.uk
cori@reprieve.org.uk
ahmed@reprieve.org.uk

*Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 31, 2009, I filed and served the foregoing document on ECF.

                _____
                Cori A. Crider