IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHAWKI AWAD BALZUHAIR  )  )  Petitioners/Plaintiffs,  )  )  )  vs.                                       )  )  GEORGE W. BUSH, et al.,            )  )  Respondents/Defendants.    )  )  ) | Civil Action No. CV 08-1238 (RWR) |

**UNOPPOSED MOTION TO VACATE DEADLINE FOR FILING
TRAVERSE PENDING RESOLUTION OF MOTIONS AND AGREEMENT
TO RESCHEDULING OF DEADLINE FOR GOVERNMENT OPPOSITIONS**

Pending in this Court are two motions filed by petitioner on January 26, 2009, the first a Motion for Judgment on Return, and the second a Motion for Discovery. The general Case Management Order still applicable to this case, as amended December 16, 2008, provides that petitioner's traverse shall be due within 14 days of the date on which the government files a notice relating to exculpatory evidence under Section I.D.1 of the Order. By its literal terms, this arguably appears to require the filing of a traverse even when there is a motion for additional discovery pending and even if there is a pending motion for judgment such as has been filed by petitioner.

Petitioner therefore moves this Court for an order vacating the deadline for filing the traverse until the Motion for Judgment on Return and Motion for Discovery are ruled upon.

Petitioner makes this motion for three reasons. First, counsel for petitioner believe the discovery sought in the Motion for Discovery, some of which counsel for petitioner believe is required by the Case Management Order, is critical to the preparation of a traverse and that a proper traverse cannot be prepared without that discovery. Second, counsel for petitioner were appointed much more recently than most counsel in these habeas cases (in August, 2008), did not receive security clearances until October, 2008, and have much more investigation left to conduct than attorneys who have been on these cases for several years. Third, the Motion for Judgment on Return, if granted, would eliminate the need for filing a traverse, and so counsel believe it is appropriate that that motion be ruled on before a traverse is required.

Counsel for petitioner have consulted with counsel for the government, and counsel for the government has indicated that the government does not oppose this motion. In return, counsel for petitioner have agreed to an extension of the deadline for the government to file its oppositions to the Motion for Judgment on Return and Motion for Discovery – to February 13, 2009. Counsel for the government did indicate that it is possible the government may request a further extension of the deadline for filing its opposition to the Motion for Judgment on Return, counsel for petitioner have indicated that they may oppose such a further extension, and counsel have agreed that they will further confer and address that question if and when it is necessary.

WHEREFORE, counsel for petitioner respectfully request that the Court enter an order:

(1) vacating the deadline for filing the traverse, with the deadline to be reset after the Court rules on petitioner's Motion for Judgment on Return and Motion for Discovery; and

(2) extending the deadline for the government to file its oppositions to the Motion for Judgment on Return and Motion for Discovery to February 13, 2009.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: February _4_ , 2009    By _____/S/_____
CARLTON F. GUNN (CA Bar No. 112344)
CRAIG HARBAUGH (D.C. Bar No. 974117)
Deputy Federal Public Defenders
Office of the Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012-4202
(213) 894-1700; Facsimile: (213) 894-0081
Attorneys for Petitioner.