IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| GUANTANAMO BAY | ) | Misc. No. 08-442 (TFH) |
| DETAINEE LITIGATION | ) | |
| | ) | |
| AMMAR AL-BALUCHI, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 08-2083 (PLF) |
| ROBERT M. GATES, | ) | |
| Secretary of Defense, *et al.,* | ) | |
| Respondents. | ) | |

**OPPOSITION TO PETITIONER'S MOTION FOR RECONSIDERATION OF
THIS COURT'S JANUARY 22, 2009 DECISION DENYING AS MOOT PETITIONER'S
MOTION FOR MISCELLANEOUS RELIEF**

Attorney Scott L. Fenstermaker has moved this Court to reconsider its Order denying his motion for miscellaneous relief with respect to his request for an order directing respondents to allow Mr. Fensetermaker to use the legal mail system to communicate with Ammar Al-Baluchi, a detainee at the United States Naval Base at Guantanamo Bay, Cuba. Respondents oppose Mr. Fenstermaker's most recent motion because a serious question exists as to whether this habeas action is properly brought on behalf of Mr. Al-Baluchi. To date, Mr. Fenstermaker has not submitted evidence that Mr. Al-Baluchi directly authorized this habeas action, and the Court has imposed a deadline of February 16, 2009, for Mr. Fenstermaker to produce either a signed authorization to pursue this action from Mr. Al-Baluchi, or a declaration by counsel which states that Mr. Al-Baluchi directly authorized this action and explains why counsel was unable to

secure a signed authorization.  See Minute Order, Civil Action 08-2083 (Dec. 26, 2008).

Accordingly, the Court should deny Mr. Fenstermaker's renewed request that the Court issue an order permitting Mr. Fenstermaker to use the Guantanamo Bay legal mail system given the questions surrounding his purported representation of Mr. Al-Baluchi.

Mr. Al-Baluchi is one of several individuals transferred to the custody of the Department of Defense ("DoD") at Guantanamo Bay from the custody of the Central Intelligence Agency ("CIA") in September 2006.  The CIA held Mr. Al-Baluchi as part of a program to capture, detain, and interrogate key terrorist leaders and operatives in order to help prevent future terrorist attacks.  See Resp'ts' Status Report, Civil Action No. 08-2083, dkt. no. 7 (Dec. 22, 2008).  A Combatant Status Review Tribunal convened by the DoD determined Mr. Al-Baluchi to be an enemy combatant.  Mr. Al-Baluchi challenged his designation as an enemy combatant in a petition for review under the DTA before the United States Court of Appeals for the District of Columbia Circuit (C.A. No. 08-1236).  The DTA action was brought on behalf of Mr. Al-Baluchi by Henri Sisneros and Vanessa M. Ramos of the Utah Federal Defender Office. Notwithstanding Mr. Sisneros and Ms. Ramos' representation of Mr. Al-Baluchi in the DTA action, attorney Scott L. Fenstermaker filed this habeas petition on November 13, 2008.

The Court has previously dismissed or struck the appearance of Scott L. Fenstermaker in three detainee cases on representation authorization grounds despite Mr. Fenstermaker's asserted representation of the detainee at issue.  See Al-Hawsawi v. Gates, Civil Action No. 08-1645, dkt. no. 12 (D.D.C. Jan. 28, 2009) (Leon, J.) (order dismissing on representation grounds habeas petition brought by Mr. Fenstermaker); Ali Nashir v. Gates, Civil Action No. 08-1085, dkt. no. 71 (D.D.C. Dec. 1, 2008) (Hogan, J.) (order dismissing on representation grounds habeas

petition brought by Mr. Fenstermaker); Ghailani v. Gates, Civil Action No. 08-1190, dkt. no. 14 (D.D.C. Aug. 20, 2008) (Leon, J.) (order granting motion to strike notice of appearance by Mr. Fenstermaker). In this case, Mr. Fenstermaker purports to bring a direct petition on behalf of Mr. Al-Baluchi, but has not provided any evidence of his representation of the detainee. See Pet. at 1-2 n. 1, Civil Action No. 08-2083, dkt. no. 1 (Nov. 13, 2008). Furthermore, Mr. Al-Baluchi's DTA case was brought by a completely different set of counsel, unrelated to Mr. Fenstermaker.[1]

Given that there is a question as to whether this habeas action is properly authorized, the Court should deny Mr. Fenstermaker's motion for reconsideration. If Mr. Fenstermaker is not authorized to proceed in this action, then there is simply no basis for permitting him to communicate with Mr. Al-Baluchi in a privileged manner or to seek relief on his behalf. An attorney who has no relationship with a detainee is not entitled to contact the detainee for the purpose of offering legal assistance to the detainee or interfering with the efforts of other attorneys who represent or seek to represent the detainee, or for other reasons not rooted in any existing representation relationship. Cf. Ukrainian-American Bar Ass'n v. Baker, 893 F.2d 1374, 1380-82 (D.C. Cir. 1990) (rejecting bar association's assertion of a right to contact detained aliens for the purpose of offering legal services). Further, if Mr. Fenstermaker is unable

---

[1] The situation is not unlike that presented in the Al Nashir case, in which Mr. Fenstermaker brought a habeas action purportedly on a detainee's behalf, while an other set of federal public defenders brought a separate habeas action on the detainee's behalf. The Court dismissed Mr. Fenstermaker's suit in favor of the suit brought by the federal public defenders. See Al Nashir, Civil Action No. 08-1085, dkt. no. 71 (D.D.C. Dec. 1, 2008) (Hogan, J.) (order dismissing on representation grounds habeas petition brought by Mr. Fenstermaker).

3

to demonstrate that Mr. Al-Baluchi authorized this action by the Court's February 16, 2009 deadline, the Court should dismiss the habeas petition without prejudice.

In the event the Court finds that a representation relationship exists, then, as with any other attorney representing Guantanamo detainees, Mr. Fenstermaker should not be permitted privileged access to Mr. Al-Baluchi outside the context and requirements of the protective order entered in this case. See, e.g., Amended Protective Order for Habeas Cases Involving Top Secret/Sensitive Compartmented Information and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, in Habeas Cases Involving Top Secret/Sensitive Compartmented Information, In re Guantanamo Bay Detainee Litig.,Civil Action No. 08-2083 (dkt. no. 12) (D.D.C. Jan. 9, 2009) (hereinafter "Amended TS/SCI Protective Order). The Amended TS/SCI Protective Order requires, *inter alia*, an appropriate (TS/SCI) security clearance and includes requirements for proper handling and transmission of TS/SCI information.[2] Id. at Ex. 1 ¶ 9.

To the extent Mr. Fenstermaker is asking the Court to allow him to circumvent the procedures outlined in the proposed protective order in order to gain streamlined access to his alleged client, the request should be denied. Under no circumstances should the Court compel respondents to afford such access in a manner ungoverned by a protective order regime that suitably protects the highly sensitive information implicated in this case. See Dep't of the Navy v. Egan, 484 U.S. 518, 526-30 (1988) (noting that security clearance decisions are discretionary

---

[2]Mr. Fenstermaker asserts in his motion for reconsideration that the Department of Defense "has qualified" him for a Top Secret security clearance. See Mot. for Recons., dkt. no. 21 at 2 n.1. However, an attorney representing a habeas petitioner must apply for an appropriate security clearance through the Department of Justice, Litigation Security Division. See Amended TS/SCI Protective Order ¶ II.C.9.

in nature and fall into a sphere of national security and foreign policy issues in which "courts traditionally have been reluctant to intrude upon the authority of the Executive").

**CONCLUSION**

For the reasons stated above, respondents oppose Mr. Fenstermaker's motion for reconsideration of the Court's January 22, 2009 Order.

Date: February 9, 2009

Respectfully submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General


    /s/ Kristina A. Wolfe
JOSEPH H. HUNT (D. C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JONATHAN S. NEEDLE
KRISTINA A. WOLFE

Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 353-4519
Fax: (202) 616-8202

Attorneys for Respondents