## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | |
| ) | |
| GUANTANAMO BAY ) | Misc. No. 08-MC-442 (TFH) |
| DETAINEE LITIGATION ) | |
| ) | |
| ) | |
| MAJID KHAN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 06-CV-1690 (RBW) |
| v. ) | |
| ) | |
| BARACK H. OBAMA, *et. al.,* ) | |
| ) | |

### RESPONSE TO PETITIONER'S MOTION FOR RECONSIDERATION

Respondents oppose petitioners' motion for reconsideration of this Court's Minute Order of February 2, 2009, granting the Government's motion for an extension of time until February 27, 2009, to file a factual return justifying the detention of petitioner Majid Khan, ISN 10020. In support of this opposition, respondents state as follows:

1. On January 30, 2009, respondents sought an extension to time to file the factual return for petitioner Khan. Respondents explained, *inter alia*, that in light of the change in Administrations and the requirements of the President's January 22, 2009 Executive Order pertaining to the "Review and Disposition of Individuals Detained at the Guantanamo Bay Naval Base and Closure of Detention Facilities," *See* Exec. Order No. 13,492, 74 Fed. Reg. 4897 (Jan. 22, 2009), the Government is now assessing how it will proceed in this *habeas corpus* case, and time is needed to make that assessment and determination.

2. On February 2, 2009, this Court granted respondents' motion for an extension of time until February 27, 2009. Petitioner sought this Court's reconsideration on February 5,

2009.

3. Petitioner's motion for reconsideration does not satisfy the standard for reconsideration. The Supreme Court has admonished that "as a rule courts should be loathe to [revisit prior decisions of their own] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal quotation marks and citation omitted). Accordingly, this Court has held that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might *reasonably be expected to alter the conclusion reached by the court.*" *Cobell v. Norton*, 355 F. Supp.2d 531, 539 (D.D.C. 2005) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (emphasis in original).

4. In this case, time is needed for the Government to assess how it will proceed in this *habeas corpus* case in light of the requirements of the President's Executive Order. As explained in respondents' motion for extension of time, Executive Order No. 13,492, *inter alia*, commands "that the executive branch undertake a prompt and thorough review of the factual and legal bases for the continued detention of all individuals currently held at [Guantanamo Bay]." Exec. Order No. 13,492 § 2(d). As an initial matter, that Review is to determine, on a rolling basis, whether each detainee can be transferred or released. As for detainees who cannot be released or transferred, the Review will consider whether they can be prosecuted for criminal conduct. To the extent any current detainees are not transferred, released, or subject to prosecution, the Review will determine another lawful disposition consistent with "the national security and foreign policy interests of the United States, and . . . the interests of justice." *Id.* at

§§ 2(d), 4.

5. The President has also established, by another Executive Order, a deliberative process to address more generally questions concerning Executive detention authority and options. *See* Executive Order 13,493: Review of Detention Policy Options, 74 Fed. Reg. 4901 (Jan. 22, 2009). That Executive Order commands the creation of a Special Interagency Task Force to "conduct a comprehensive review of the lawful options available to the Federal Government with respect to the apprehension, detention, trial, transfer, release, or other disposition of individuals captured or apprehended in connection with armed conflicts and counterterrorism operations, and to identify such options as are consistent with the national security and foreign policy interests of the United States and the interests of justice." *Id.* § 1(e). The Task Force is to provide preliminary reports the President and a final report within 180 days of the date of the Order.

6. Because the factual return for petitioner Khan will set forth the basis of petitioner's detention, time is needed for the Government to assess how it will proceed in this matter in light of the comprehensive, interagency reviews discussed above.

WHEREFORE respondents respectfully request that this Court deny petitioner's motion for reconsideration of this Court's order extending the time for respondents to file a factual return for petitioner. This request is without prejudice to any request for other or additional relief that may be sought in the future.

Dated: February 9, 2009  Respectfully submitted,

MICHAEL H. HERTZ
Acting Assistant Attorney General

    /s/ *Jean Lin*

JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JEAN LIN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-3716
Attorneys for Respondents
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-3716
Attorneys for Respondents