## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AL HAMANDY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 05-CV-2385 (RMU)** |
| ) | |
| **BARACK H. OBAMA,** *et al.,* ) | |
| ) | |
| **Respondents.** ) | |
| ) | |
| **HAMOUD ABDULLAH HAMOUD** ) | |
| **HASSAN AL WADY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **Civil Action No. 08-CV-1237 (RMC)** |
| v. ) | |
| ) | |
| **BARACK H. OBAMA,** *et al.,* ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

## MOTION FOR DE-DESIGNATION OF "PROTECTED" INFORMATION IN UNCLASSIFIED RETURN

### I.

### <u>INTRODUCTION</u>

_____The government filed its classified return in this case on October 31, 2008 and filed the

unclassified return on December 12, 2008.  Despite the designation of the unclassified return as

unclassified, the government purported to designate the unclassified return in its entirety as

"protected," stating in an accompanying e-mail:

> We have designated the unclassified return as "protected information" in accordance with the protective order entered by Judge Hogan on September 11, 2008. We have designated the information as protected because of the possibility of errors in redaction in the large number of unclassified returns being filed.

Exhibit A.

The category of "protected" information is created in paragraph 34 of Judge Hogan's Case Management Order, which provides:

> Should government counsel in these consolidated cases wish to have the Court deem any document or information "protected," government counsel shall disclose the information to qualified counsel for petitioners – i.e., counsel who have satisfied the necessary prerequisites of this Protective Order for the viewing of protected information – and attempt to reach an agreement about the designation of the information prior to filing a motion with the Court. Petitioners' counsel shall treat such disclosed information as protected unless and until the Court rules that the information should not be designated as protected.

Case Management Order, ¶ I.34. Information designated as "protected" pursuant to this paragraph may be disseminated only to (1) petitioners' counsel, provided such individuals signed the acknowledgment form attached to the protective order,[1] and (2) the Court and its support personnel. Case Management Order, ¶ I.35.

Counsel for Mr. Al Wady objected to this designation, as did most other petitioners' counsel faced with similar blanket designations of unclassified returns. *See* Exhibit A. The government thereafter filed a consolidated motion with Judge Hogan seeking approval of its blanket designations. *See* Respondents' Motion to Confirm Designation of Unclassified Factual Returns as "Protected," Docket #1416, Case No. 08-mc-00442-TFH (hereinafter "Government's

---

[1] "Petitioners' counsel" is broadly defined to include "co-counsel, interpreters/translators, paralegals, investigators and all other personnel or support staff employed or engaged to assist in the litigation." Case Management Order, ¶ I.11.

Motion").  Petitioners' counsel filed a joint opposition, *see* Petitioners' Opposition to Respondents' Motion to Confirm Designation of Unclassified Factual Returns as "Protected," Docket #1480, Case No. 08-mc-00442-TFH (hereinafter "Petitioner's Opposition"),  and that motion is now pending.

This motion seeks more prompt action and de-designation as to one specific piece of information that counsel for Mr. Al Wady need de-designated in order to move forward with this case.  Specifically, one of the exhibits to the return – ISN 574 FD-302 (Jun. 13, 2002) –  contains a sentence – specifically, the second to last sentence in the first paragraph on page 2 – that contains information that would clearly be very helpful in locating Mr. Al Wady's family.[2] Counsel for  Mr. Al Wady need to be able to share this information with Yemen embassy and consular officials and a Yemen non-governmental organization that are helping counsel in efforts to locate and speak with Mr. Al Wady's family.  Making such contact is important both to preparing Mr. Al Wady's defense and facilitating the attorney-client relationship with a client who reasonably has at least some doubt and distrust about the efficacy of the American justice system, after spending six years in custody without even seeing an attorney,  *see* Declaration re: Authorization of Representation, Docket #75, filed February 9, 2009, Case No. 08-cv-1237 (RMC).  On the flip side, there is no reason to believe that disclosure of this one narrow piece of information will cause any harm to the government's interests.

Counsel for Mr. Al Wady have asked the government to agree to de-designate this

---

[2]  The information is not described in more detail here because it is "protected"; however, it is counsel's understanding that the Court has a copy of the unclassified return and may examine the exhibit and particular sentence itself.  Counsel believe this will make their point self-evident, but counsel can file a copy of the exhibit under seal if the court wishes.

information, but it has refused.  *See* Exhibit B.  Counsel therefore bring this motion seeking a

court order of de-designation.  Further, given the relatively narrow issue and the need for the

information as a prerequisite to moving forward with this case, counsel request that the Court set

an expedited briefing schedule so that it can rule on the motion no later than February 25, 2009.


## II.

## ARGUMENT


Initially, counsel for Mr. Al Wady incorporate the general briefing in the joint opposition

filed in response to the government's consolidated motion to designate the unclassified returns as

"protected."  In particular, the government's "one-size-fits-all" designation of *entire returns* is

neither reasonable nor supported by any authority.  *See* Petitioner's Opposition, at 1-2.  To the

contrary, it is fairly characterized in the joint opposition as "wildly overbroad."  Petitioner's

Opposition, at 10.

The information sought to be de-designated as  "protected" here is a perfect illustration of

the government's overbroad designation.  The main concern expressed by the government in its

motion is that there is  "a risk of inadvertent disclosure of classified information."

Government's Motion, at 7.  But characterization of background information that Mr. Al Wady

provided about himself such as that described in the one sentence at issue here hardly seems

likely to be something that is or should be classified.  *Cf.* Petitioner's Opposition, at 5 (noting

that "[i]t is difficult to see how the disclosure of general information, including, for example, the

name, age and citizenship of a detainee, or the location of his capture, could pose any threat to

national security, . . .").  The information Mr. Al Wady is described as providing in the one

sentence of one report at issue here is hardly the sort of information that will be productively

"subjected to close and sophisticated analysis to obtain insight into this nation's intelligence

sources and methods in its domestic and foreign policy goals and practices."  Government's

Motion, at 8.[3]

Being able to share the information in question with others is critical in the present case,

moreover.  It is a type of information as to which it is not sufficient to simply "provide . . . access

to the unclassified returns by the respective detainees and their counsel," Government's Motion,

at 10.  Rather, it is information that is useful only if it can be provided to the people who are

helping counsel try to locate Mr. Al Wady's family.[4]

While counsel's investigator could theoretically travel to Yemen, this would cause much

---

[3]  Counsel for Mr. Al Wady believe this is self evident without further description of the information.  Counsel are deliberately remaining general so as to not even arguably infringe upon the information's "protected" status and so that the filing of this motion need not take place through the slower "under seal" process.  Counsel can be more specific in an under seal filing if the Court believes that is necessary.

[4]  It is not completely clear, but it may be that the government would be willing to allow counsel to share the information with the embassy and consular officials and the non-governmental organization if they sign the acknowledgment which counsel have signed.  This is unrealistic for two reasons.  First, even as to the individuals with whom counsel are directly dealing, "the requirement that [the individuals] agree to comply with the protective order – which requires signing an acknowledgment that the individual is exposing himself or herself to the threat of contempt or criminal liability for unauthorized disclosure of information – is likely to be an insurmountable barrier."  Petitioner's Opposition, at 9-10.  Second, these individuals will likely need the flexibility to disclose the information to others in Yemen whom they may contact in making their search for Mr. Al Wady's family, and expecting such other individuals to sign an acknowledgment is even more unrealistic.

greater delay[5] and would entail potentially unnecessary expense.  Further, it would not necessarily solve the disclosure problem, since the defense investigator would need interpreters and others to assist her when she arrived in Yemen, and disclosure to those individuals might become necessary.  Contact with Mr. Al Wady's family may be counsel's best opportunity to convince him to meet with them, and it is important that that be allowed now, rather than later, so counsel can do everything possible to convince Mr. Al Wady to meet with them.

### III.

### CONCLUSION

_____There is absolutely no reason that the one narrow item of information which is the subject of this motion needs to be maintained as "protected" information.  The Court should promptly de-designate it so that counsel may more effectively advance their efforts to locate Mr. Al Wady's family.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED:   February _9_, 2009

By _/S/_____
CARLTON F. GUNN (CA Bar No. 112344)
CRAIG HARBAUGH (D.C. Bar No. 974117)
FEDERAL PUBLIC DEFENDER
321 East 2nd Street
Los Angeles, CA 90012-4202
(213) 894-1700; Facsimile: (213) 894-0081
Attorneys for Petitioner

---

[5] Federal Public Defender staff who need to travel to a foreign country to conduct investigation must go through administrative procedures which usually take at least several weeks and often even longer.