IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHAWKI AWAD BALZUHAIR | ) | |
|  | ) | **Civil Action No. CV 08-1238 (RWR)** |
| Petitioners/Plaintiffs, | ) | |
| v. | ) | |
|  | ) | |
| BARACK H. OBAMA al., | ) | |
|  | ) | |
| Respondents/Defendants. | ) | |
|  | ) | |
|  | ) | |

**RESPONSE TO MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION FOR JUDGMENT ON RETURN**

Petitioner, through his counsel, hereby responds to the government's Motion for an Extension of Time to File Its Response to Petitioner's Motion for Judgment on the Record. As noted in the government's motion, counsel for Petitioner informed counsel for the government that they did not oppose the motion, but that was only because there was no practical alternative. Government counsel contacted counsel for Petitioner just one day before the due date for the government's opposition and indicated he would be filing the motion the next day. Given that counsel for Petitioner are based in Los Angeles, had set aside the specific period from February 15 through February 19 to travel to Washington, D.C. to work on replies in the Secure Facility, and had conflicting court and other obligations commencing February 20, it was not realistic to oppose the motion, make the trip anyway, and simply hope the Court would quickly deny the motion on the next court day of February 17.

Unfortunately, this is one more example of a government motion for extension that presents itself as essentially a fait d'accompli because of its last minute nature.[1] The Court has no practical alternative but to grant some extension, and because of Petitioners' counsel's schedule, and the need to work in the Secure Facility in Washington, D.C., the extension as a practical matter must be into March.[2] But the Court should make clear that it will not accept another last minute motion for extension that makes additional delay another fait d'accompli, by adding to its order that no further motions for extension will be considered or granted. Counsel for petitioner who will be responsible for preparing Petitioner's reply is scheduling a trip to Washington to prepare Petitioner's replies from March 13 through March 16, and should not have to again reschedule and attempt to juggle conflicting court and other obligations in Los Angeles on short notice.

Counsel for petitioner also request that the Court extend the deadline for filing Petitioner's reply to the government's opposition to Petitioner's Motion for Additional Discovery. While the government filed its opposition to that motion on time, the reply to that opposition, like the reply connected to the Motion for Judgment on Return, will have to be

---

[1] Other examples in the broader litigation of which this case is a part include last minute motions to change the deadlines for filing returns and providing discovery in response to Judge Hogan's general case management and other orders. Whether this pattern evidences bad faith, simple bureaucratic inefficiency, or something in between, it is not fair to the petitioners in these cases and their counsel, especially counsel such as those in this case who are not located in Washington, D.C. and cannot simply change the afternoon or evening they take the subway over to the Secure Facility to do the work that can be done only there.

[2] Counsel for petitioner who is responsible for preparing this motion has various court appearances and other obligations scheduled from February 20 through February 27 and is scheduled to be on annual leave from February 28 through March 11. His co-counsel is scheduled to be out of the country from February 25 through March 6 conducting depositions and then appearing for an evidentiary hearing on March 17 and March 18 in a capital habeas case.

prepared in the Secure Facility in Washington, D.C., and not granting an extension of the deadline for preparing that reply would mean Petitioner's counsel's office would have to incur the expense of two separate trips to Washington to work on the two different replies rather than a single trip. Further, the arguments made in the reply to the government's opposition to the discovery motion could be affected by the arguments made in the government's opposition to the motion for judgment, and the discovery motion would be mooted if the motion for judgment were granted. Counsel for Petitioner believe these are legitimate reasons for extending the deadline for both replies to March 18, 2009, which counsel for the government has indicated the government does not oppose. *See* Respondents' Motion for an Extension of Time to File Its Response to Petitioner's Motion for Judgment on the Record, at 1-2.

      A proposed order extending the deadlines for petitioners' replies as agreed to by the government and providing that the government will be granted no further extensions is being lodged with this response.

Dated: February 17, 2009         Respectfully submitted,

                                      /S/
                              CARLTON F. GUNN (CA Bar No. 112344)
                              CRAIG HARBAUGH (D.C. Bar No. 974117)
                              Deputy Federal Public Defenders
                              Office of the Federal Public Defender
                              321 East 2nd Street
                              Los Angeles, CA 90012
                              (213) 894-1700; Facsimile: (213) 894-0081
                              Attorneys for Petitioner

P:\Gunn\GUANTANAMO Balzuhair\PLDResponsetoJmentMtnOppExtMtn.wpd