## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUFYIAN BARHOUMI ) ) ) **Petitioner/Plaintiff** ) ) v. ) ) BARACK H. OBAMA, *et al.,* ) ) ) ) _____ ) | Civil No. 05-CV-1506 (RMC) |

## **PETITIONER'S MOTION FOR LIMITED DISCOVERY**

Pursuant to the Case Management Order (Docket No. 103), Petitioner Sufyian Barhoumi, ("Barhoumi"), respectfully moves for limited discovery in this case. As grounds therefore, Barhoumi states as follows:

### BACKGROUND

1. Pursuant to LCvR 7(m), counsel for the parties have engaged in extensive discussions regarding this Motion. Those discussions enabled counsel for Petitioner to exclude from this Motion one set of items that Respondents have agreed to provide and Petitioner is aware that additional documents arguably subject to this Motion will be produced. However, the parties were unable to reach agreement on Petitioner's remaining requests for discovery. Therefore, Respondents oppose production of the discovery requested below.

2. Barhoumi was apprehended in Pakistan on March 28, 2002 and subsequently transferred to Guantanamo.

3. On January 9, 2008, Respondents filed an unclassified factual return ("Unclassified Return") in this case.

4. The information in the Unclassified Return is heavily redacted and in many instances is not specifically related to Barhoumi.

5. Pursuant to Judge Hogan's Case Management Order ("CMO"), the Court may, for good cause, permit a petitioner to obtain limited discovery. *See* CMO ¶ I.E.2, citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). *See also Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004)

(holding that "citizen-detainee seeking to challenge his classification as an enemy combatant *must receive* . . . a fair opportunity to rebut the Government's factual assertions before a neutral decisionmaker.") (emphasis added). CMO ¶ I.E.2 further provides that discovery requests shall meet the following criteria:

      a.      be narrowly tailored, not open-ended;

      b.      specify the discovery sought;

      c.      explain why the request, if granted, is likely to produce evidence that demonstrates that the petitioner's detention is unlawful (citing *Harris*, 394 U.S. at 300); and

      d.      explain why the requested discovery will enable the petitioner to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the government.

6. Finally, the CMO provides the Court with the discretion to set the date by which all discovery should be completed.

7. Because the Government produced the unclassified factual return via email without bates labels, the undersigned has bates labeled it and cites by bates number. A complete bates-labeled version of the unclassified return is on file in conjunction with the February 17, 2009 filing of Petitioner's Unclassified Return.

8. Barhoumi hereby seeks to serve the following narrowly-tailored written discovery requests to Respondents:

## REQUEST FOR PRODUCTION

    1. Please produce all materials, including but not limited to documents, written records, video recordings and audio recordings related to the incarceration and interrogation of the three detainees whose interviews appear at FR 165-67, FR 208-09 and FR 210-13 in the unclassified factual return filed in the above-captioned matter.[1]

    2. Please produce all materials, including but not limited to documents, written records, video recordings and audio recordings related to the circumstances surrounding any statements regarding or relating to Barhoumi by the three detainees whose interviews appear at FR 165-67, FR 208-09 and FR 210-13.

---

[1] To facilitate prosecution of this matter, references are to the unclassified factual return, which does not reveal the identity of the detainees whose statements are reflected in the references, although the classified factual return does so.

3. Please produce all materials, including but not limited to documents, written records, video recordings and audio recordings tending to show the existence of the "list" referred to at FR 016 and FR 321.

4. Please produce all reports related to the credibility of the information provided by the detainees whose interviews appear at FR 165-67 and FR 210-13.

## INTERROGATORIES

1. Identify any and all benefits or preferential treatment offered and/or provided to the three detainees whose interviews appear at FR 165-67, FR 208-09 and FR 210-13 in exchange for willingness to cooperate in any action against Barhoumi and/or any other detainee.

## ARGUMENT

9. The foregoing discovery requests meet the standards set in the CMO for the following reasons.

10. First, the requests are narrow in scope. Barhoumi seeks information about the three detainees whose interviews appear at FR 165-67, FR 208-09 and FR 210-13 and who have indicated a willingness to testify against Barhoumi. Additionally, Barhoumi seeks information about an al-Qaida membership list allegedly recovered from the computer of an al-Qaida chief military commander and allegedly inclusive of Barhoumi's name.

11. Second, Barhoumi has identified precisely the discovery he seeks, which is limited both in scope and number.

12. Third, the requests are likely to produce evidence that demonstrates that his detention is unlawful. As it relates to the specific alleged conduct of Barhoumi, the Unclassified Return is based largely upon statements made by the three detainees whose interviews appear at FR 165-67, FR 208-09 and FR 210-13. Barhoumi is entitled to know the circumstances of these detainees' detention, interrogation, and benefits received in exchange for a willingness to testify. If records reveal, for example, that force was used during interrogations, that any of these detainees were promised preferential treatment in exchange for favorable testimony, or that the credibility of one of these detainees was openly questioned by the military, then Barhoumi could establish that the factual return is based on unreliable information. Similarly, Barhoumi is entitled to know whether the alleged al-Qaida membership list is in existence and, if so, whether his name appears thereon. Indeed, the unclassified return itself reveals that the credibility of at least one detainee providing a statement against Barhoumi has been questioned by the Government itself. *See* FR015, n.6.

13. Finally, the limited number and scope of the discovery sought, will not disrupt or unduly burden the government. Barhoumi has been detained for over six years with very limited access to evidence against him. Barhoumi finally has the opportunity to rebut his label of "enemy combatant" and is entitled to the complete facts supporting the government's allegations.

14. Respondents should be ordered to respond to the above-referenced discovery requests no later than ten days from the date of the Order.

For the foregoing reasons, Barhoumi respectfully requests that the Court grant this Motion for Limited Discovery and require Respondents to respond by ten days from the date of the Order. Pursuant to LCvR 47(c), a proposed order is attached for the Court's convenience.

Dated: February 19, 2009

Respectfully submitted,

*s/ Nadya C. Bosch*
Anne J. Castle
Scott S. Barker
William Murane
Danielle R. Voorhees
Jonathan S. Bender
Nadya C. Bosch
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000

**ATTORNEYS FOR PETITIONER**

# CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2009, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

    United States Department of Justice
    Civil Division, Federal Programs Branch
    20 Massachusetts Ave., N.W., Room 7144
    Washington, DC 20530


                          *s/ Nadya C. Bosch*
                          Holland & Hart LLP

4424239_4.DOC