IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE:<br>GUANTANAMO BAY<br>DETAINEE LITIGATION | ) <br>) <br>) <br>) <br>) | Misc. No. 08-442 (TFH) |
| AHMAD MOHAMMAD AL DARBI,<br><br>Petitioner,<br><br>v.<br><br>BARACK OBAMA,<br>President of the United States, *et al.*,<br><br>Respondents. | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) | Civil Action No. 05-2371 (RCL) |

**RESPONDENTS' REPLY IN SUPPORT OF MOTION TO DISMISS
HABEAS PETITION WITHOUT PREJUDICE OR, ALTERNATIVELY,
TO HOLD PETITION IN ABEYANCE PENDING COMPLETION OF
MILITARY COMMISSION PROCEEDINGS**

Respondents hereby submit this reply in support of their Motion to Dismiss Habeas Petition Without Prejudice or, Alternatively, to Hold Petition in Abeyance Pending Completion of Military Commission Proceedings. Petitioner Ahmad Mohammad Al Darbi (a/k/a Ahmed Mohammed Ahmed Haza Al Darbi) (ISN 768) is a Guantanamo Bay detainee currently seeking habeas relief who has also been formally charged with violations of the laws of war under the Military Commission Act of 2006, 10 U.S.C. §§ 948a-950w (the MCA). Although military commission proceedings are currently continued until May 20, 2009, pursuant to the President's recent Executive Order, the charges against petitioner remain pending. Accordingly, respondents' motion is not rendered moot by the President's recent Executive Order and respondents respectfully submit that the Court should dismiss Mr. Al Darbi's habeas petition

without prejudice or, alternatively, hold the petition in abeyance pending completion of the prosecutorial process or other dispositions under the Executive Order.

On January 22, 2009, the President issued Executive Order 13,492: Review and Disposition of Individuals Detained at the Guantanamo Bay Naval Base and Closure of Detention Facilities. *See* Exec. Order No. 13,492, 74 Fed. Reg. 4897 (Jan. 22, 2009). This Executive Order, *inter alia*, commands "a prompt and thorough review of the factual and legal bases for the continued detention of all individuals currently held at [Guantanamo Bay]" to determine whether each detainee can be transferred or released, prosecuted for criminal conduct, or subject to another lawful disposition consistent with "the national security and foreign policy interests of the United States and the interests of justice." *Id*. at §§ 2(d), 4. The President recognized the need for expedition and ordered that the Review begin "immediately" and that the various portions of the Review be undertaken and completed "prompt[ly]." *Id*. at §§ 2(b), 2(d), 4(a), 4(c)(1), 4(c)(2), 4(c)(4).

To facilitate this Review, the President also directed the Secretary of Defense to "ensure that during the pendency of the Review . . . all proceedings of [the] military commissions to which charges have been referred but in which no judgment has been rendered . . . are halted." *Id*. at § 7. In accordance with this order, the Secretary of Defense directed the Chief Prosecutor of the Office of Military Commissions "to seek continuances for 120 days in any cases that have already been referred to military commissions . . . ." *See* Mem. For The Convening Authority For Military Commissions Chief Prosecutor, Office of Military Commissions (Jan. 20, 2009) (attached as Exhibit A). On January 23, 2009, military prosecutors moved for a 120-day continuance of petitioner's case before the military commission. *See* Gov't Mot for Appropriate

Relief, *U.S. v. Al Darbi* (Jan. 23, 2009), *available at*

http://www.defenselink.mil/news/d20090213al%20Darbi.pdf. The motion for a 120-day continuance was granted and petitioner's military commission proceedings were continued until May 20, 2009. *See* Ruling on Gov't Mot for a Continuance, *U.S. v. Al Darbi* (Feb. 13, 2009), *available at* http://www.defenselink.mil/news/d20090213al%20Darbi.pdf.

The purpose of the 120-day continuance of proceedings before the military commission is to permit the Executive Branch "sufficient time to conduct a review of detainees currently held at Guantanamo, to evaluate the cases of detainees not approved for release or transfer to determine whether prosecution may be warranted for any offenses these detainees may have committed, and to determine which forum best suits any future prosecution." *See* Exhibit A. Thus, the January 22, 2009 Executive Order and the resulting 120-day continuance of military commission proceedings do not render moot respondents' motion to dismiss Mr. Al Darbi's habeas petition without prejudice, or alternatively, to hold the petition in abeyance. Abstaining from proceeding with petitioner's habeas case until completion of the military commission process (or whatever other lawful disposition may be determined in the course of the Review), "reflects the appropriate level of deference for a system enacted by Congress, signed into law by the President and designed in accordance with the Supreme Court's precedents." *See Al Odah v. Bush*, 2009 WL 22275 at *4 (D.D.C. Jan. 6, 2009) (J. Kollar-Kotelly).

Given the relative brevity of the 120-day continuance imposed in petitioner's military commission case, moving forward with petitioner's habeas proceedings presents the potential for duplicative proceedings. One primary reason courts "abstain [] from exercising equitable jurisdiction" is to "avoid[] duplicative proceedings." *Lawrence v. McCarthy*, 344 F.3d 467, 474

(5th Cir. 2003). *See also Steffel v. Thompson*, 415 U.S. 452, 462 (1974) (acknowledging strong interest in avoiding duplicative legal proceedings or disruption of the state criminal justice system). Just last year, the Supreme Court noted that, "[i]f a plaintiff files a . . . claim related to rulings that will likely be made in a *pending or anticipated criminal trial[]*, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case *or the likelihood of a criminal case* is ended." *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 1098 (2007) (emphasis added).

As explained in respondents' motion to dismiss, petitioner's status as an enemy combatant is a central issue in both the habeas and military commission proceedings. Pursuant to the MCA, an accused is entitled to have the military commission make its own, independent determination of whether a charged defendant is "an unlawful enemy combatant," before trial may proceed. 10 U.S.C. 10 U.S.C. § 948a(1). Consequently, if petitioner's military commission prosecution should go forward, proceeding in this habeas case would create the potential for inconsistent judgments regarding petitioner's status. *See Al Odah*, 2009 WL 22275 at *4 (concluding that "[a]bstention [] eliminates the potential for conflicting findings or rulings that would arise if the Petitioners' habeas cases and military commissions proceed simultaneously.").

Failure to abstain also creates the potential for inconsistent rulings regarding discovery and other litigation issues, as well as the risk that discovery or other matters in the habeas proceedings could adversely affect prosecution in any resumed military proceedings; for example, by allowing petitioner to use discovery obtained in the habeas proceedings to advance his defense in the military prosecution. Indeed, the Supreme Court has recognized that "[a] prior civil suit might serve to estop *later criminal proceedings* and may provide improper

4

opportunities for the [civil plaintiff] to discover the details of a contemplated or pending criminal prosecution." *United States v. Eight Thousand Eight Hundred and Fifty Dollars in U.S. Currency*, 462 U.S. 555, 567 (1983) (emphasis added). Accordingly, "[c]ourts are widely acknowledged to possess the authority to stay discovery in [] circumstances [where there are parallel civil and criminal proceedings] in order to prevent litigants from availing themselves of liberal civil discovery rules in order to circumvent the more restrictive guidelines governing criminal discovery." *Capital Eng'g & Mfg. Co., Inc., et. al., v. Weinberger*, 695 F. Supp. 36, 41 (D.D.C. 1988)) (citing *Gordon v. Fed. Deposit Ins. Corp.*, 427 F.2d 578, 580 (D.C. Cir. 1970). *See also United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, In the Name of Gold and Silver Reserve, Inc., et. al.*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) ("'civil discovery may not be used to subvert limitations on discovery in criminal cases, by either the government or by private parties.'" (quoting *McSurely v. McClellan*, 426 F.2d 664, 671-72 (D.C. Cir. 1970)).

If petitioner's habeas case were to proceed, respondents would be subject to the discovery afforded petitioner by the Amended Case Management Order (the "CMO"), Dkt. No. 1315 in Misc. Action No. 08-442, as well as the discovery requirements of a resumed military commission proceeding. Litigation of discovery issues in both tribunals could potentially result in inconsistent rulings on disclosure of classified information, leading as well to inappropriate burdens on the Government's resources, including for clearance and approval of classified materials for use in litigation. It would also potentially allow petitioner to circumvent the discovery limitations in his military commission proceedings. *See Al Odah,* 2009 WL 22275 at *5 (recognizing that the "Court's proceedings may [] produce rulings on the production of

5

discovery and/or exculpatory information that diverge from those of the military commissions."). "The decision in *Councilman* sought to avoid this type of interference by requiring defendants to exhaust their criminal (or military) proceedings prior to seeking equitable relief[.]" *Id*. Abstention is, therefore, appropriate to prevent inconsistent rulings and the improper use of information obtained through the civil habeas discovery process.

In summary, the President's Executive Order and the resulting 120-day continuance of military commission proceedings do not render respondents' motion moot. As the Court of Appeals for the District of Columbia has held concerning military commission proceedings under the MCA: "[t]here is no substantial public interest at stake in [these cases] that distinguish[] [them] from the multitude of criminal cases for which post-judgment review of procedural and jurisdictional decisions has been found effective." *Khadr v. United States*, 529 F.3d 1112, 1118 (D.C. Cir. 2008). Accordingly, this Court should either dismiss this habeas petition without prejudice or hold the petition in abeyance pending further action in the military commission process so that the cases of those detainees who are not currently charged under the MCA may take precedence.

Date: February 26, 2009                    Respectively submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

TERRY M. HENRY
Assistant Branch Director


   */s/ Kristina A. Wolfe*
ANDREW I. WARDEN
PAUL E. AHERN
KRISTINA A. WOLFE

Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 353-4519
Fax: (202) 616-8202

Attorneys for Respondents