IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | Misc. No. 08-0442 |
| ) | |
| GUANTANAMO BAY ) | Civil Action Nos. |
| DETAINEE LITIGATION ) | |
| ) | 04-cv-1937 (PLF), 05-cv-2371 (RCL), |
| ) | 05-cv-2385 (RBW), 05-cv-2386 (RBW), |
| ) | 06-cv-1690 (RBW), 06-cv-1766 (HHK), |
| ) | 08-cv-1221 (CKK), 08-cv-1207 (RWR), |
| ) | 08-cv-1440 (CKK), 08-cv-1789 (RWR), |
| ) | 08-cv-2083 (PLF) |

**RESPONDENTS' STATUS REPORT AND
MOTION FOR EXTENSION OF TIME TO FILE
FACTUAL RETURNS AND LEGAL JUSTIFICATION**

Minute Orders issued by this Court on January 2, 2009, February 2, 2009, and February 4, 2009 in the above-captioned matters require respondents to file by February 27, 2009 factual returns for ISNs 54, 768, 900, 1045, 10015, 10016, 10018, 10020, 10025, and 10027 and legal justification statements under Paragraph I.B of the Court's November 6, 2008 Case Management Order, as amended by the Court's December 16, 2008 Order ("CMO") for petitioners ISN 22, 49, 259, and 335. Today respondents filed factual returns for petitioners ISN 10020[1] and 10027, and completed for filing the factual return for ISN 10025.[2] For the

---

[1] An Order entered by Judge Walton amending Judge Hogan's Amended Case Management Order, *see* Order, Nos. 04-cv-1164, 05-cv-0879, 05-cv-0883, 05-cv-0891, 05-cv-0999, 05-cv-1493, 05-cv-1667, 05-cv-1697, 05-cv-2104, 05-cv-2386, 06-cv-1675, 06-cv-1690, 07-cv-1710, 08-cv-1360, 08-cv-2019 (RBW) (D.D.C. Dec. 19, 2008), requires that upon the filing of a factual return in a Judge Walton case, respondents notify the Court whether the petitioner is approved for transfer or release and whether petitioner's petition should be consolidated with other petitions before the Court. In response to that Order, respondents note that petitioner, ISN 10020, in No. 06-cv-1690 (RBW), is not approved for transfer or release. Respondents do not believe that the petition for ISN 10020 should be consolidated with other petitions before the Court.

[2] Respondents were unable to complete the factual return for ISN 10025 today until after the deadline for submission of classified material to the Court Security Officer. Accordingly, respondents seek an extension of one business day, to Monday, March 2, 2009, to complete the

reasons explained below, however, respondents seek additional time to file factual returns for ISNs 54, 768, 900, 1045, 10015, 10018,[3] as well as the legal justification statements for ISNs 22, 49, 259, 335, 10020, 10025, and 10027.[4]

**I. Legal Justification Statements**

A brief continuance of respondents' obligations to file the above-enumerated legal justification statements until March 20, 2009, would allow the new Administration to assess the critical legal issues inherent in those submissions and develop any necessary refinements to the Government's position. Judges Bates, Friedman, Kennedy, Kessler, Sullivan, and Walton recently granted respondents similar relief, extending the time for filing submissions regarding the proper definition of "enemy combatant" until March 13, 2009.

Pursuant to two Executive Orders issued on January 22, 2009, the Executive Branch is commencing Reviews which will address Executive detention authority, examining matters

---

filing of the return. In the meantime, respondents have agreed to make the return available to counsel for ISN 10025 prior to Monday, if convenient for petitioner's counsel.

[3] In a separate submission, respondents, with petitioners' consent, are also seeking an extension of time in which to file the factual return for ISN 10016. *See* The Government's Unopposed Mot. for Extension of Time to File Factual Return, Misc. No. 08-442, Feb. 27, 2009 (Dkt. No. 1652). In that unopposed motion, respondents ask that the deadline for filing the factual return with respect to ISN 10016 be extended until March 27, 2009. *See id.*

[4] In accordance with Local Rule 7(m), respondents contacted petitioners' counsel in the above-captioned cases to ascertain their positions with respect to this motion. Counsel for petitioner ISN 22 (No. 08-cv-1221) indicated that they did not object to the requested extension for filing the legal justification statement. Counsel for petitioner ISN 10020 (No. 06-cv-1690) indicated that they would consent to an extension until March 13, 2009 for the legal justification statement, but would object to any further extension of time. Counsel for petitioners ISN 10025 (No. 08-cv-1440) and ISN 10027 (No. 08-cv-1789) indicated that they would consent to the requested extension for filing the legal justification statement only if respondents arranged a meeting counsel requested with certain participants in the Executive Review process described below—respondents have forwarded counsel's request to appropriate individuals. Counsel for ISN 335 (No. 06-cv-1766) objected to the requested extension for filing the legal justification statement. Counsel in No. 04-cv-1937 (ISN 54), No. 05-cv-2371 (ISN 768), No. 05-cv-2385 (ISN 900 and ISN 1045), No. 08-cv-1207 (ISN 10015), and No. 08-2083 (ISN 10018) opposed the requested extension for filing of factual returns. Counsel for petitioners ISN 49 (No. 05-cv-2386) and ISN 259 (No. 06-cv-1766) did not reply to respondents' inquiry as of the filing of this Motion.

central to the legal justification statements at issue here. As respondents explained in their January 30, 2009 Status Report and Motion for Extension of Time to File Factual Returns and Legal Justification (Misc. No. 08-442 (Dkt. No. 1573)) ("Jan. 30, 2009 Status Report"), the first of those Executive Orders requires a comprehensive, interagency review of the disposition of all of the detainees being held at the Guantanamo Bay Naval Base. *See* Exec. Order No. 13,492, 74 Fed. Reg. 4897 (Jan. 22, 2009). In the course of that review, participants will consider "the factual and legal bases for the continued detention of all individuals currently held at [Guantanamo Bay]," and determine whether each detainee can be transferred or released, prosecuted for criminal conduct, or subject to another lawful disposition consistent with "the national security and foreign policy interests of the United States and the interests of justice." *Id.* at §§ 2(d), 4. A related Executive Order also issued on January 22, 2009 generally addresses Executive detention authority and options. *See* Executive Order 13,493: Review of Detention Policy Options, 74 Fed. Reg. 4901 (Jan. 22, 2009). That Executive Order commands the creation of a Special Interagency Task Force to "conduct a comprehensive review of the lawful options available to the Federal Government with respect to the apprehension, detention, trial, transfer, release, or other disposition of individuals captured or apprehended in connection with armed conflicts and counterterrorism operations, and to identify such options as are consistent with the national security and foreign policy interests of the United States and the interests of justice." *Id.* § 1(e). The Government has undertaken those review processes and is now assessing how it will proceed in the above-captioned Guantanamo Bay detainee habeas corpus cases. However, time is needed to make that assessment and determination.

Recognizing the need for a brief period to make this assessment, Judges Bates, Friedman, Kennedy, Kessler, Sullivan, and Walton recently granted respondents similar relief and allowed respondents until March 13, 2009 to submit briefing regarding the appropriate

definition of "enemy combatant."  For example, through a January 22, 2009 Order, Judge Bates invited respondents to "submit any refinement of their position on the appropriate definition of 'enemy combatant,'" "recogniz[ing] . . . that the new Presidential administration may wish to review the Government's current position regarding [this issue]."  Order, No. 05-763, Jan. 22, 2009 (Dkt. No. 140) at 1-2.  When the Government indicated that more time was required for the Administration to assess its position, the Court granted an extension of time until March 13, 2009, noting that the extension was "to accommodate the ongoing 'new' Executive Branch review."  Order, No. 05-cv-763, Feb. 11, 2009 (Dkt. No. 154) at 3.  Judge Walton similarly allowed respondents until March 13, 2009 to "file a notice indicating whether they intend to refine the definition of the term 'enemy combatant.'"  Supplemental Case Management Order, No. 04-1164, Feb. 19, 2009 (Dkt. No. 187) at ¶ 7.  During a status conference on February 20, 2009 in *Zuhair v. Bush* (No. 08-864), Judge Sullivan in a ruling from the bench likewise set a deadline of March 13, 2009 for respondents to submit such a filing.  Judges Friedman, Kennedy, and Kessler have also recently entered orders providing respondents until March 13, 2009, to submit briefing on the definition of "enemy combatant."  This Court should likewise permit the Government to assess, and, if necessary, refine its position, and extend the time for filing legal justification statements for petitioners ISN 22, 49, 259, 335, 10020, 10025, and 10027 until March 20, 2009.

**II. Factual Returns**

Three separate reasons compel respondents to seek an extension of time for filing factual returns for ISNs 54, 768, 900, 1045, 10015, and 10018.[5]  To begin with, although

---

[5] An extension of time to file the legal justification statements for these returns is also warranted for the reasons discussed above.  Respondents do not separately seek an extension of time to file these legal justification statements as respondents seek an extension of time to file the factual returns those legal justification statements would accompany.  According to the CMO, the due date for the factual return would then determine the date on which the legal justification statement must be submitted.  *See* CMO Section I.B.

respondents have committed significant resources to timely completing these factual returns and clearing the related documents for use in this litigation, the demands on Government resources from simultaneously preparing factual returns, creating unclassified returns, and producing disclosures and discovery required under the CMO and otherwise in scores of habeas cases have prevented completion of these factual returns by the due date. For example, as respondents have previously explained in other contexts, every document proposed for use in a factual return must be cleared for use by the agency responsible for that information. At the Department of Defense, for instance, a clearance team of over 80 intelligence officers, lawyers, managers, and analysts is dedicated full time to the review and clearance of materials. Thus far, over 8,000 documents have been reviewed for clearance in the habeas cases. This clearance process is just one facet of the work which must be completed in the course of preparing a factual return. Respondents have made substantial progress with respect to these returns and have completed three complex returns associated with these proceedings, those for ISNs 10020, 10025 and 10027, filing the returns for 10020 and 10027 today, and anticipating filing the return for 10025 on Monday, March 2, 2009.[6] *See* Jan. 30, 2009 Status Report at 2 (explaining the difficulties inherent in these three returns). Regrettably, however, the burden of concurrently preparing these factual returns while also completing the numerous tasks associated with this litigation has prevented completion of the returns at issue and now leads respondents to seek an extension at least until March 31, 2009 to file the factual returns for ISNs 54, 768, 900, 1045, 10015, and 10018.

Furthermore, motions to dismiss or hold in abeyance are currently pending as to petitions filed in No. 04-1937 (ISN 54), No. 05-2371 (ISN 768), and No. 05-2385 (ISNs 900

---

[6] As explained above, respondents seek an extension of one business day, to Monday, March 2, 2009, to complete the filing of the factual return for ISN 10025, as respondents were unable to complete this return today until after the deadline for submission of classified material to the Court Security Officer. In the meantime, respondents have agreed to provide this return to petitioner ISN 10025's counsel prior to Monday, if convenient for counsel.

and 1045); for the reasons stated in the motions to dismiss or hold in abeyance, respondents should not be required to submit factual returns in those cases. *See* Resp'ts' Mot. to Dismiss Habeas Petition without Prejudice, or, Alternatively, to Hold Habeas Petition in Abeyance Pending Completion of Military Commission Proceedings, No. 04-1937, Jan. 16, 2009 (Dkt. No. 70); Resp'ts' Mot. to Dismiss Habeas Petition without Prejudice, or, Alternatively, to Hold Habeas Petition in Abeyance Pending Completion of Military Commission Proceedings, No. 05-2371, Jan. 16, 2009 (Dkt. No. 108); Resp'ts' Mot. to Dismiss Habeas Petitions without Prejudice, or, Alternatively, to Hold Habeas Petitions in Abeyance Pending Completion of Military Commission Proceedings, No. 05-2385, Jan. 16, 2009 (Dkt. No. 160) (collectively "Motions to Dismiss or to Hold in Abeyance"); Resp'ts' Reply in Support of Mot. to Dismiss Habeas Petition without Prejudice, or, Alternatively, to Hold Habeas Petition in Abeyance Pending Completion of Military Commission Proceedings, No. 05-2371, Feb. 26, 2009 (Dkt. No. 121); Resp'ts' Reply in Support of Mot. to Dismiss Habeas Petitions without Prejudice, or, Alternatively, to Hold Habeas Petitions in Abeyance Pending Completion of Military Commission Proceedings, No. 05-2385, Feb. 26, 2009 (Dkt. No. 205). As set forth in respondents' briefing on the Motions to Dismiss or to Hold in Abeyance, criminal charges are currently pending against ISNs 54, 768, 900, and 1045.[7] Although the military commission proceedings were recently continued to permit the Executive Branch to conduct the above-discussed Review of the detainees currently held at Guantanamo Bay, these charges have not been withdrawn. To avoid the possibility of improper interference with prosecutions and other

---

[7] Criminal charges are also currently pending against ISN 10018. However, because, as discussed below, there is a question whether the petition purportedly brought on behalf on ISN 10018 was filed with proper authorization from the detainee, respondents have asked the Court to address the threshold issue of authorization for this petition to determine whether the petition was properly brought in the first instance, before raising any additional substantive issues with the Court. *See* Opp'n to Pet'r's Mot. for Recons. of this Court's Jan. 22, 2009 Decision Denying as Moot Pet'r's Mot. for Miscellaneous Relief, No. 08-2083, Feb.9, 2009 (Dkt. No. 25) at 3-4.

risks arising from duplicative proceedings, a stay of the habeas proceedings is appropriate, including with respect to the filing of factual returns.[8] At the very least, the Court should continue respondents' obligation to file factual returns in these cases during the pendency of respondents' Motions to Dismiss and then set a due date for the factual return in any case in which the Motion to Dismiss is denied for thirty days after the Court's decision.

Finally, in two cases where factual returns are due on February 27, 2009 —No. 05-2385 (ISN 1045) and No. 08-2083 (ISN 10018)—there are serious questions regarding whether the habeas petitions purportedly filed on behalf of the detainees in the cases have been properly brought in the first instance. In both of these cases, counsel have not provided evidence required by the Court's orders that the habeas petitions they have filed were authorized by the detainees they purport to represent. With respect to ISN 1045, the Court initially ordered counsel to present evidence of authorization for the representation by September 29, 2009. *See* Order, No. 05-2385, July 29, 2008 (Dkt. No. 49) at 2. On September 29, 2009, counsel sought an extension of 90 days to provide that authorization. *See* Notice Regarding Authorization and Mot. for Extension of Time, No. 05-2385, Sept. 29, 2009 (Dkt. No. 65) at 2. However, well after those 90 days have elapsed, counsel have yet to provide any evidence that the petition they filed in No. 05-2385 was authorized by ISN 1045.

Similarly, as detailed in respondents' Opposition to Petitioner's Motion for Reconsideration of this Court's January 22, 2009 Decision Denying as Moot Petitioner's Motion for Miscellaneous Relief, (No. 08-2083, Feb. 9, 2009 (Dkt. No. 25)) ("Opposition to

---

[8] Charges were also sworn against ISN 10015, but were subsequently withdrawn *without prejudice* on February 5, 2009. *See* Order of Convening Authority (Feb. 5, 2009), attached as Exhibit A to Withdrawal of Mot. to Dismiss Habeas Petition without Prejudice, or, Alternatively, to Hold Habeas Petition in Abeyance Pending Completion of Military Commission Proceedings, No. 08-1207, Feb. 11, 2009 (Dkt. No. 100) ("Resp'ts' Withdrawal of Mot."). As those charges were withdrawn, respondents also withdrew their motion to dismiss ISN 10015's habeas petition, or, alternatively, to hold that petition in abeyance. *See* Resp'ts' Withdrawal of Mot.

Motion for Reconsideration"), counsel in No. 08-2083 has failed to provide sufficient, appropriate evidence that the petition in that case has been authorized by the detainee on whose behalf it was purportedly filed.[9] The danger that this petition was not properly brought is real indeed, as the Court has dismissed or stricken the appearance of the attorney bringing this petition on three separate occasions throughout the Guantanamo Bay detainee litigation on authorization grounds—this, despite counsel's assertions in those cases that each respective representation was properly authorized. *See* Order, No. 08-1645, Jan. 28, 2009 (Dkt. No. 12) (dismissing on representation grounds habeas petition brought by counsel); Order, No. 08-1085, Dec. 1, 2008 (Dkt. No. 71) (dismissing on representation grounds habeas petition brought by counsel); Order, No. 08-1190, Aug. 20, 2008 (Dkt. No. 14) (granting motion to strike notice of appearance by counsel).

Thus, with respect to both ISN 1045 and ISN 10018, the Court should require counsel to provide evidence that the detainees have properly authorized the petitions filed in their respective cases, and respondents should not be required to divert resources away from cases in which petitions were properly brought to file factual returns in No. 05-2385 (ISN 1045) and No. 08-2083 (ISN 10018) until the Court has addressed these threshold authorization issues. If counsel cannot provide the required evidence of authorization, the Court should dismiss those petitions without prejudice. If, on the other hand, counsel do provide evidence of authorization and the Court finds either of these cases was properly brought, respondents respectfully request that the Court set the due date for the factual return in that matter for thirty days after the Court's resolution of the authorization issue.

\* \* \*

For all of these reasons, respondents respectfully request that the deadline for filing the

---

[9] Counsel in No. 08-2083 has recently filed a motion seeking to present additional information on the authorization issue under seal. *See* Mot. to File a Document Under Seal, No. 08-2083, Feb. 15, 2009 (Dkt. No. 28). Respondents expect to file an opposition addressing the matter shortly.

legal justification statements for ISNs 22, 49, 259, 335, 10020, 10025, and 10027 be extended until Friday, March 20, 2009.

Further, respondents respectfully request that the deadlines for filing the factual returns for ISNs 54, 768, 900, 1045, 10015, 10018, and 10025 be extended as follows:

- For ISN 10025, the Court should grant respondents until March 2, 2009, to file the currently completed factual return.

- For ISN 10015, the deadline for filing the factual return should be extended until at least Tuesday, March 31, 2009.

- For ISNs 54, 768, 900, the Court should not require that a factual return be filed during the pendency of respondents' Motions to Dismiss or Hold in Abeyance. Should the Court deny such a motion, the deadline for submission of the factual return in that case should be set for thirty days after the Court's decision.

- For ISN 10018, the Court should not require that a factual return be filed until authorization problems with that petition are resolved. Should the Court find the petition was properly authorized, the deadline for submission of the factual return should be set for thirty days after the Court's decision

- For ISN 1045, the Court should not require that a factual return be filed until the Court has addressed both respondents' Motion to Dismiss or Hold in Abeyance and the authorization problems with that petition. Should the Court deny respondents' motion and find the petition was properly authorized, the deadline for submission of the factual return should be set for thirty days after the Court has rendered both of these decisions.

In the alternative, respondents respectfully request that the deadlines for filing the factual returns for ISNs 54, 768, 900, 1045, 10015, and 10018 be extended until Tuesday, March 31, 2009, and the deadline for filing the factual return for ISN 10025 be extended until March 2, 2009. This request is without prejudice to any request for other or additional relief that may be subsequently sought.

Dated: February 27, 2009                    Respectfully submitted,

                                            MICHAEL F. HERTZ
                                            Acting Assistant Attorney General

TERRY M. HENRY
Assistant Branch Director

 */s/ Julia A. Berman*
ANDREW I. WARDEN
PAUL E. AHERN
JULIA A. BERMAN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 616-8480
Fax: (202) 616-8470
Email: julia.berman@usdoj.gov

Attorneys for Respondents