# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-0442 (TFH) |
| AL DARBI,<br><br>              Petitioner,<br>v.<br>OBAMA, *et al.*,<br>              Respondents. | Civil Action No. 05-2371 (RCL) |

### PETITIONER AL DARBI'S OPPOSITION TO RESPONDENTS' MOTION FOR EXTENSION OF TIME TO FILE FACTUAL RETURN

Petitioner Ahmad Mohammad Al Darbi (ISN 768) ("Petitioner"), by and through his undersigned counsel, hereby opposes the Government's motion for an extension of time to file his factual return, dkt. no. 122 (the "Extension Motion"). In support of this opposition, Mr. Al Darbi respectfully refers to and incorporates the arguments set forth in his Opposition, dkt. no. 120 (the "Opposition") to the Government's Motion To Dismiss Habeas Petition Without Prejudice Or, Alternatively, To Hold Petition In Abeyance Pending Completion Of Military Commission Proceedings, dkt. no. 108 (the "Motion to Dismiss"). In that Opposition, Mr. Al Darbi asked this Court to deny any requests for an extension of Judge Hogan's February 27, 2009 deadline for the submission of Mr. Al Darbi's factual return, and to make clear that the Government may not engage in self-help by delaying the submission of the factual return while the Motion to Dismiss remains pending. *See id.* at 19. Accordingly, as set forth below, the

Opposition already anticipated and argued against the Government's assertions in the Extension Motion. *See* Opposition at Section IV.

First, as Mr. Al Darbi argued in the Opposition, the Government cannot be allowed to continue placing upon him the burden of its own delay. *See id.* at Section III. Through the Extension Motion, the Government now seeks an open-ended suspension of its obligation to submit Mr. Al Darbi's factual return, which will block Mr. Al Darbi's habeas case from moving forward for an indeterminate amount of time. *See* Extension Motion at 6-7. This Court should not tolerate such a result. *See, e.g., Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008) ("While some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody. The detainees in these cases are entitled to a prompt habeas hearing."); *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus proceeding, and thus particularly inappropriate for *any* delay.") (emphasis added). Mr. Al Darbi's habeas case has been pending in this Court for more than three years, and it presents a serious legal and factual challenge to the Court's determination that he is an "enemy combatant" subject to indefinite executive detention. The failure of this case to proceed within a reasonable time has effectively reduced the writ of habeas corpus to a "sham." *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978); *see also Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (recognizing that if delay in deciding habeas petitions were routinely permissible, absent good reason, "the function of the Great Writ would be eviscerated"). The Government is not entitled to drag out Mr. Al Darbi's case for as long as it wishes in order to evade judicial review. *See Boumediene*, 128 S. Ct at 2269 ("Where a person is detained by executive order, rather than, say, after being tried and convicted in a court, the need for collateral review is most pressing. . . . [T]he writ must be effective."); *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965) ("The

2

application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt attention from him within the four corners of the application. . . . One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else.").

Second, the Government's vague assertion about the purported "burden" of preparing Mr. Al Darbi's factual return is unjustified. *See* Extension Motion at 5. The Government has been preparing Mr. Al Darbi's military commission case for over a year, during which time it has produced thousands of pages of documents in the course of discovery. *See* Opposition at 18-19. In fact, trial was originally scheduled to commence in March 2009. Accordingly, either the Government' excuses for its failure to complete Mr. Al Darbi's factual return are disingenuous, or the Government's purported justification for its ongoing detention of Mr. Al Darbi is not supported by the record.

Finally, this Court should not allow the Government to benefit from self-help. *See* Opposition at 19. The Government's reliance on the pendency of the Motion to Dismiss as a rationale for seeking the extension suggests that, as soon as it filed the Motion to Dismiss, the Government knew it had no intention of meeting the Court's deadline for the submission of Mr. Al Darbi's factual return. If that was the case, it is wholly inappropriate that the Government waited to raise the issue of an extension until after 10:00 pm on the day on which the factual return was due to be completed. The Government has provided no justification for this late filing, and there is none. Judge Hogan established the February 27, 2009 deadline for the submission of Mr. Al Darbi's factual return nearly two months ago, on January 2, 2009. *See* Minute Order (Jan. 2, 2009), dkt. no.108 (Motion to Dismiss). The Government had an

opportunity to move reconsideration of this order, but it did not do so.  More than a month ago, the Government filed the Motion to Dismiss, which nowhere indicated that it planned to use that motion as an excuse to avoid the February 27 deadline.  And on February 25, 2009, just two days before the deadline, the Government filed its reply brief in support of the Motion to Dismiss, *see* dkt. no. 212, which made no reference whatsoever to the deadline or the Government's intent to request an extension.

Further, by filing the Extension Motion so late, the Government has already secured for itself in substantial measure the relief it seeks from this Court.  As Justice Rehnquist, sitting as a Circuit Justice, stated in an analogous context, "[t]o use the technique of a last-minute filing as a sort of insurance to get at least a temporary stay when an adequate application might have been presented earlier, is, in my opinion, a tactic unworthy or our profession."  *Evans v. Bennett*, 440 U.S. 1301, 1307 (1979) (Rehnquist, as Circuit Justice); *see also Ramos v. Ashcroft*, 371 F.3d 948, 949 (7th Cir. 2004) ("Filing motions in lieu of briefs, a form of self-help extension, has become increasingly common but is not authorized by any rule, either national or local."); *United States v. Lloyd*, 398 F.3d 978, 980-81 (7th Cir. 2005) (also criticizing the practice).

For the above reasons, the Extension Motion should be denied.  The Government should be ordered to submit Mr. Al Darbi's factual return forthwith, and in no event later than March 31, 2009.

Dated: February 28, 2009

                      Respectfully submitted,

                      SIMPSON THACHER & BARTLETT LLP

                      /s/ Paul C. Curnin
                      Paul C. Curnin
                      Karen E. Abravanel
                      Ellen L. Frye
                      425 Lexington Avenue
                      New York, NY 10017
                      Tel: (212) 455-2000
                      Fax: (212) 455-2502
                      Email: pcurnin@stblaw.com
                                    kabravanel@stblaw.com

                      *Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that I today caused a true and accurate copy of the foregoing to be served electronically via the Court's Electronic Case Filing system.

Dated: February 28, 2009

/s/ Paul C. Curnin
Paul C. Curnin