UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>GUANTÁNAMO BAY<br>DETAINEE LITIGATION | Misc. No. 08-442 (TFH) |
| AL HALMANDY, *et al*.,<br><br>            Petitioners,<br><br>                    v.<br><br>BARACK H. OBAMA, *et al*.,<br><br>            Respondents. | No. 05-cv-2385 (RMU) |

**PETITIONER MOHAMMED JAWAD'S OPPOSITION TO RESPONDENTS'
MOTION FOR EXTENSION OF TIME TO FILE FACTUAL RETURN**

Completely ignoring the Supreme Court's clear instruction that "[w]hile some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody," and that detainees "are entitled to a prompt habeas corpus hearing," *Boumediene v. Bush*, 128 S. Ct. 2229, 2275 (2008), the government seeks at the eleventh hour to delay for as long as possible any review of petitioner Mohammed Jawad's (a/k/a Saki Bacha, ISN 900) ongoing detention. Resp'ts' Status Report and Motion for Extension of Time to File Factual Returns and Legal Justification, Feb. 27, 2009, Dkt. No. 206 ("Extension Motion"). The government was under judicial order, for eight weeks, to produce Mr. Jawad's habeas return and its arguments for further delay—after Mr. Jawad has been held at Guantánamo for over six years, after his habeas case has been pending before this Court for over three years, after the government has tried (and failed) to prosecute Mr. Jawad in commission proceedings for two

years, and after the appellate Court of Military Commission Review ("CMCR") has based its

decision to stay commission proceedings on its expectation that Mr. Jawad's habeas case will be

heard expeditiously—fails.

The government requests an extension for two reasons, its pending motion to dismiss or

delay Mr. Jawad's habeas petition and the purported burden of compiling a return, neither of

which is an adequate justification for any further delay.[1]

1.      Both the Extension Motion and the government's reply in support of its motion to

dismiss or delay Mr. Jawad's habeas case[2] show that there is no merit to the government's

argument that this Court should abstain from adjudicating Mr. Jawad's habeas case while

commission proceedings are halted or stayed.  First and most tellingly, the government utterly

fails to address the CMCR's Order granting the government's request for a stay of commission

proceedings *on the ground* that habeas proceedings would go forward in Mr. Jawad's case in this

Court.  U.S. Court of Military Commission Review, Order Granting Appellant's Request for

Delay, dated Feb. 4, 2009 at 3, attached as Exhibit C to the Frakt Declaration submitted in

support of Petitioner's Opposition to Respondents' Motion to Dismiss, Feb. 13, 2009, Dkt. No.

196.  And the government similarly has no response to the fact that, in its decision, the CMCR

specifically referred to this Court's requirement that the government submit a factual return in

---

[1] In support of this Opposition, Mr. Jawad respectfully refers to and incorporates the arguments
set forth in his Opposition to Respondents' Motion to Dismiss the Habeas Petition of
Mohammed Jawad Without Prejudice or, Alternatively, to Hold the Petition in Abeyance
Pending Completion of Military Commission Proceedings, Feb. 13, 2009, Dkt. No.196 ( "Petr's
Opp.").  In his opposition to the government's motion to dismiss, Mr. Jawad asked this Court to
deny any requests for an extension of Judge Hogan's February 27, 2009 deadline for the
submission of Mr. Jawad's factual return. *See id.* at 16-17.  Accordingly, as set forth below, Mr.
Jawad's opposition to the motion to dismiss already anticipated and argued against the
government's assertions in the Extension Motion.
[2] Reply in Support of Motion To Dismiss Habeas Petition Without Prejudice Or, Alternatively,
To Hold Petitions in Abeyance Pending Completion of Military Commission Proceedings, Feb,
26, 2009, Dkt. No. 205 ("MTD Reply").

Mr. Jawad's case by February 27, 2009.  *Id*.; *see also* Petr's Opp. at 17-19.  There is no basis for

a delay predicated on the existence of military commission proceedings, and none should be

tolerated.  *Cross v. Harris*, 418 F.2d 1095, 1105 n.64 (D.C. Cir. 1969) ("This is a habeas corpus

proceeding, and thus particularly inappropriate for any delay.").

Second, neither the Extension Motion nor the government's MTD Reply addresses, let

alone refutes, the acknowledgement by senior administration officials that the commissions, as

constituted under the Military Commissions Act of 2006, lack due process protections and will

likely have to be "revamped"—even assuming they resume.  Petr's Opp. at 11-12.  Any such

revamping will undoubtedly take a significant, and indeterminate, period of time.  *Id*. at 12-15.[3]

The government's request for an extension is effectively a request for indefinite, and

impermissible, delay that would reduce the writ of habeas corpus to a sham, instead of the swift

remedy against executive detention that it is intended to be.  *See* 28 U.S.C. §§ 2241, 2243

(habeas statute requires that petitions be heard and decided promptly); *see also Braden v. 30th*

*Jud. Cir. Ct. of Ky*., 410 U.S. 484, 490 (1973) (noting interests of prisoner and society in

"preserv[ing] the writ of habeas corpus as a swift and imperative remedy in all cases of illegal

restraint or confinement") (internal quotation marks omitted); *Yong v. INS*, 208 F.3d 1116, 1120

(9th Cir. 2000) ("[H]abeas proceedings implicate special considerations that place unique limits

on a district court's authority to stay a case in the interests of judicial economy.").

Third, neither the Extension Motion nor the government's MTD Reply addresses or

refutes the facts specific to Mr. Jawad's case:  after two years of litigation in commission

proceedings, the government's case against Mr. Jawad has failed because the military judge has

---

[3] The government appears to acknowledge as much in its motion to dismiss reply brief, in which
it asks for indeterminate delay "pending completion of the prosecutorial process or other
dispositions under the Executive Order."  MTD Reply at 2.

suppressed the government's torture-derived evidence and there is no other basis for the

government's detention or prosecution of Mr. Jawad. Petr's Opp. at 21-22. If the government

was unable to make its case before the military commissions under deeply flawed rules that

strongly favor the prosecution,[4] any argument that it could do so in "revamped" proceedings in

which the due process rights of the accused are greater is specious and cannot be a basis for

additional delay. Fourth and relatedly, the government has nowhere addressed the severe and

debilitating psychological and emotional consequences to Mr. Jawad of his ongoing detention

and the abuse he has suffered in custody to date, Petr's Opp. at 21-22; the delay the government

seeks will only result in additional damage to Mr. Jawad's health and well-being.[5]

For all these reasons, the government's request for an extension based on its motion to

dismiss or delay Mr. Jawad's case must be denied.

2.       The government's alternative request, for an extension until March 31, 2009,

Extension Motion at 5 and 9, reveals its motion to dismiss or delay for what it really is: a motion

for reconsideration of Judge Hogan's order that the government produce factual returns in every

habeas case brought by a military commission defendant by February 27, *see* Minute Order (Jan.

2, 2009). Judge Hogan has already evaluated the overall burden posed by habeas cases on the

government and has decided that further extensions beyond February 27 were not warranted in a

number of cases, including those of former CIA detainees and even of prisoners transferred to

---

[4] *See* International Commission of Jurists, *Assessing Damage, Urging Action* 60 (2009) *available at* http://icj.org/IMG/EJP-report.pdf (last visited Mar. 1, 2009) ("[T]he U.S. military commissions do not comply with relevant international standards governing the right to a fair trial….[T]he presumption of innocence is undermined by relaxed rules of evidence and other procedures favouring the prosecution.").

[5] The government's disregard for the human consequences of its request to delay habeas review is illustrated by the fact that it does not refer to any of the men impacted by its Extension Motion by name, but only by government-assigned serial number. Surely it would take only minimal effort, and be a matter of basic decency, for the government to refer to Mr. Jawad (and other detainees) by name as well as identification number in future filings.

4

Guantánamo in 2007, four years after Mr. Jawad. *See Khan v. Obama*, Civil Action No. 06-1690 (D.D.C. Feb 11, 2009) (Minute Order) ("Respondents are granted a final extension, until February 27, 2009, to file a factual return for Petitioner."); *Mohamed v. Gates*, Civil Action No. 08-1789 (D.D.C. Feb. 4, 2009) (Minute Order); *Abdulmalik v. Obama*, Civil Action No. 08-1440 (D.D.C. Feb. 4, 2009) (Minute Order) and 08-1789 (Feb 4, 2009) ("Respondents are granted a final extension of time, until February 27, 2009, to file factual returns for both Petitioners," who are among the very last detainees to have been brought to Guantánamo). This Court should not permit the government to overturn Judge Hogan's order in this manner.

This Court also should not allow the government to benefit from self help. The government filed its Extension Motion at the last possible minute, late in the evening of the day it was due to submit Mr. Jawad's factual return. It has, therefore, already substantially secured for itself the relief it seeks from this Court. Yet the government has provided no justification for its late filing, and there is none. The government has had eight weeks to comply with Judge Hogan's order requiring the production of Mr. Jawad's factual return, and has had ample opportunity to move for reconsideration of that order, but chose not to do so. This Court should not tolerate such gamesmanship. *See Ramos v. Ashcroft*, 371 F.3d 948, 949-50 (7th Cir. 2004) ("Filing motions in lieu of briefs, a form of self-help extension, has become increasingly common but is not authorized by any rule, either national or local."); *United States v. Lloyd*, 398 F.3d 978, 980-81 (7th Cir. 2005) (criticizing the practice).

Finally, the government's purported difficulties in compiling the factual return in Mr. Jawad's specific case are unjustified. Extension Motion at 5 (referring to "burden" of preparing return). The government has been preparing Mr. Jawad's military commission case for nearly two years, during which time it has produced over 9,000 pages of documents to the defense; it

claims that it has met all its discovery obligations.  *See* Petr's Opp. at 19.  And the government

has known for eight weeks that its factual return in Mr. Jawad's case was due on February 27.

Under these circumstances, it simply does not make any sense that the government has been

unable to compile the factual return; this Court should not tolerate any further delay.

**CONCLUSION**

For the foregoing reasons, the government's request for an extension of time to file its

habeas return should be denied.  The government should be ordered to submit Mr. Jawad's

factual return forthwith.

Dated:  March 2, 2009

Respectfully submitted,

_/s/ Hina Shamsi_____

Hina Shamsi (admitted *pro hac vice*)
Jonathan L. Hafetz (admitted *pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone:  (212) 519-7886
Fax:  (212) 549-2583
hshamsi@aclu.org

Major David J.R. Frakt (admitted *pro hac vice*)
Office of Military Commissions
Office of the Chief Defense Counsel
Franklin Court Building, Suite 2000D
1099 14th Street, N.W., Suite 119
Washington, D.C. 20005
Phone: (202) 761-0133, ext. 106
Fax: (202) 761-0510
fraktd@dodgc.osd.mil

_/s/ Arthur B. Spitzer_____

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area

1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
Phone: (202) 457-0800
Fax: (202) 452-1868
artspitzer@aol.com

*Counsel for Petitioner Mohammed Jawad*