IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE:<br>GUANTANAMO BAY<br>DETAINEE LITIGATION | ) ) ) ) ) ) | Misc. No. 08-442 (TFH) |
| AMMAR AL-BALUCHI,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. GATES,<br>Secretary of Defense, *et al.,*<br><br>Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 08-2083 (PLF) |

**OPPOSITION TO MOTION TO FILE A DOCUMENT UNDER SEAL**

Attorney Scott L. Fenstermaker has moved this Court to permit him to file a letter under seal *ex parte* and *in camera* purporting to provide authorization for this habeas action. Respondents oppose this motion to the extent that the proffered letter contains information regarding the existence of an attorney-client relationship.

On December 26, 2008, this Court ordered Mr. Fenstermaker to produce by February 16, 2009, either a signed authorization to pursue this habeas action, or a declaration by counsel stating that Mr. Al-Baluchi directly authorized this habeas action and explaining why counsel was unable to secure a signed authorization. *See* Minute Order, Civil Action No. 08-2083 (Dec. 26, 2008). On February 15, 2009, Mr. Fenstermaker moved the Court to permit him to file a May 26, 2008 letter from Mr. Al-Baluchi under seal for the Court's *ex parte* and *in camera* review. Mr. Fenstermaker asserts that in the May 26, 2008 letter, Mr. Al-Baluchi stated that he

sent a legal representation request to the Court to permit the filing of a petition under the Detainee Treatment Act of 2005 ("DTA") on his behalf. *See* Mot. to File a Document Under Seal at 3, dkt. no. 28 in Civil Action No. 08-2083 (Feb. 15, 2009). Mr. Fenstermaker construes the letter, which Respondents' counsel have not seen, as authorizing him to file an action on Mr. Al-Baluchi's behalf. Mr. Fenstermaker concedes that Mr. Al-Baluchi's May 26, 2008 letter does not mention the filing of a habeas action. *See id.* at 6. Mr. Fenstermaker also asserts that the May 26, 2008 letter contains information regarding defense strategy, Mr. Al-Baluchi's goals, and communications with other attorneys. *Id.* at 5.

On June 23, 2008, a DTA petition was filed on Mr. Al-Baluchi's behalf by Henri Sisneros and Vanessa M. Ramos of the Utah Federal Defender Office. *See* Case No. 08-1236 (D.C. Cir.).

Respondents have been accommodating to the authorization submissions by counsel for petitions in this body of habeas cases; however, Respondents do not have sufficient information to conclude that the declaration submitted by Mr. Fenstermaker with respect to Mr. Al-Baluchi satisfies the direction of the Court. The December 26, 2008 Minute Order does not establish a particularly difficult or onerous standard for proving authorization to represent Mr. Al-Baluchi in this habeas action. Counsel may either (1) present an authorization signed by the detainee, or (2) submit a declaration by counsel stating that the detainee directly authorized counsel to pursue the action and explaining why counsel was unable to secure a signed authorization. Mr. Fenstermaker himself has made clear that Mr. Al-Baluchi has not authorized counsel to represent him in this habeas action. Rather, Mr. Fenstermaker relies upon a letter that he describes as authorizing him to file a DTA petition, notwithstanding the fact that Mr. Al-Baluchi's DTA case

2

was brought by a completely different set of counsel, unrelated to Mr. Fenstermaker. Thus, this submission, in these circumstances, falls short of establishing Mr. Fenstermaker's authority to proceed on behalf of Mr. Al-Baluchi in this habeas action, and the Court should dismiss Mr. Fenstermaker's petition as unauthorized.[1]

With respect to Mr. Fenstermaker's motion for *in camera* submission of the May 26, 2008 letter, Respondents do not presume to question Mr. Fenstermaker's good faith in representing that the proffered letter contains confidential information. Respondents object, however, to the sealing of any information that is not protected by the attorney-client privilege. The existence of an attorney-client relationship is not itself privileged. *See United States v. Western Elec. Co., Inc.*, 132 F.R.D. 1, 2 n.1 (D.D.C. 1990). Thus, any statement inMr. Al-Baluchi's letter authorizing an attorney-client relationship between Mr. Al-Baluchi and Mr. Fenstermaker should not be privileged. When presented with an issue similar to that presented here, Judge Bates examined the submission of counsel *in camera* to determine whether it contained privileged matter. He then placed on the public record the unprivileged information, including evidence of the petitioner's authorization of representation. *See Hamlily v. Bush*, 2005 U.S. Dist. LEXIS 41516 (D.D.C. Oct. 31, 2005). Respondents respectfully suggest, therefore,

---

[1] Respondents' position that this petition does not appear to have been properly brought is informed by the fact that the Court in recent months has dismissed or stricken the appearance of Mr. Fenstermaker on three separate occasions in Guantanamo Bay detainee habeas cases on authorization grounds – this, despite counsel's assertions in those cases that each respective representation was properly authorized. *See Al Hawsawi v. Gates*, Civil Action No. 08-1645, Order, Jan. 28, 2009 (dkt. no. 12) (dismissing on representation grounds habeas petition brought by counsel); *Ali Nashir v. Bush*, Civil Action No. 08-1085, Order, Dec. 1, 2008 (dkt. no. 71) (dismissing on representation grounds habeas petition brought by counsel); *Ghailani v. Bush*, Civil Action No. 08-1190, Order, Aug. 20, 2008 (dkt. no. 14) (granting motion to strike notice of appearance by counsel).

that non-privileged evidence in the May 26, 2008 letter pertaining to counsel's authority to represent Mr. Al-Baluchi in this habeas action, along with other non-privileged matter, be placed on the public record.[2]

---

[2] Mr. Fenstermaker also complains that Respondents have refused to allow any contact or communication between counsel and Mr. Al-Baluchi. *See* Mem. in Sup. of Authorization to File the Instant Action and Mot. to File a Doc. Under Seal at 7. Respondents are not aware of the factual basis for Mr. Fenstermaker's contention that he has been prohibited from communicating with Mr. Al-Baluchi through the non-legal mail system at Guantanamo Bay. Respondents are aware that certain items of correspondence addressed to other Guantanamo Bay detainees have been returned to Mr. Fenstermaker because of his insistence that the mail be treated as privileged attorney-client communication, even though he has not met the requirements and prerequisites for privileged access to those detainees. *See, e.g.*, Declaration of Scott L. Fenstermaker at 4-7, *Al-Baluchi v. Gates*, Civil Action No. 08-2083 (PLF) (D.D.C. Feb. 15, 2009) (dkt. no. 28). Mr. Fenstermaker asserts in his declaration that he has received six letters or postcards from Mr. Al-Baluchi, *id*. at 1, and that he recently sent a letter to Mr. Al-Baluchi requesting authorization of this habeas action. *See* Mem. in Sup. of Authorization to File the Instant Action and Mot. to File a Doc. Under Seal at 2-3. Mr. Fenstermaker does not contend that his letter to Mr. Al-Baluchi requesting authorization of this habeas action was returned to him. *See generally id*.

Date: March 2, 2009

Respectfully submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

TERRY M. HENRY
Assistant Branch Director


    */s/ Kristina A. Wolfe*
ANDREW I. WARDEN
PAUL E. AHERN
KRISTINA A. WOLFE

Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 353-4519
Fax: (202) 616-8202

Attorneys for Respondents