UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

AMMAR AL-BALUCHI,

   Petitioner,

v.

ROBERT M. GATES, *et. al.*

   Respondents.

---

Civil Docket Number 08-2083 (PLF)
Misc. No. 0442-08

REPLY TO RESPONDENTS'
OPPOSITION TO MOTION TO FILE
UNDER SEAL

## PRELIMINARY STATEMENT

SCOTT L. FENSTERMAKER, ESQ. (hereinafter, "Movant") submitted a memorandum in support of his authorization to file the instant *habeas* petition and moved by motion dated February 15, 2009 for an order of this Court directing that a letter from Petitioner to Movant be filed under seal for this Court's *ex parte* and *in camera* review. *See* Documents 28, 28-2, and 29. Respondents filed their response, styled as an "Opposition to Motion to File a Document Under Seal," dated March 2, 2009. *See* Document 33. Movant herein replies to Respondents' March 2nd filing.

## ARGUMENT

By letter dated May 26, 2008, Petitioner authorized Movant to initiate a federal court challenge to the legality of Petitioner's detention.[1] Pursuant to that authorization, Movant filed the instant *habeas* action on his behalf. By orders dated December 15, 2008, December 26, 2008, and December 29, 2008, this Court ordered Movant to provide a second statement from Petitioner specifically evidencing his personal authorization of the filing of the instant *habeas* action.

---

[1] Movant did not receive Petitioner's May 26, 2008 letter until November of 2008.

1

Dockets.Justia.com

In his February 15, 2009 memorandum, Movant argued that Petitioner's May 26, 2008 letter constituted sufficient evidence that Petitioner personally authorized the filing of the *habeas* petition. Movant also informed the Court that he nevertheless sent Petitioner a letter, dated December 18, 2008, notifying him of the Court's December 15, 2008 request for a second letter of authorization.[2] Movant further argued that because of Respondents' policy of rejecting and returning without delivery all of Movant's mail to Petitioner (and Movant's other Guantánamo Bay-based clients) and preventing all contact between Movant and Petitioner, it was unlikely that the December 18, 2008 letters notifying Petitioner of the Court's request would ever reach Petitioner. With Petitioner completely unaware of the Court's request, it was unlikely that a second statement of authorization would be forthcoming. Movant's predictions were confirmed by the delivery to him on February 17, 2009 of a packet of mail he had sent to Petitioner and Ahmed Khalfan Ghailani, another of Movant's Guantánamo Bay-based clients. Respondents refused to deliver this mail to its intended recipients.

On February 17, 2009, Movant received a package from the Office of the Staff Judge Advocate at Guantánamo Bay. *See* February 17, 2009 Fenstermaker Supplemental Declaration, Document 29 herein. Inside that package were two envelopes Movant addressed to Petitioner containing Movant's December 18, 2008 letters notifying him of the Court's request for the second statement.[3] These letters were the only means by which Petitioner could have learned of

---

[2] Letter-writing was the only means by which Movant and Petitioner were able to communicate with one another. As stated previously, this means of communication was also foreclosed in a policy shift occurring on or about July 1, 2008.

[3] In support of their March 2, 2009 opposition to Movant's application for an order directing the filing, under seal, of the May 26, 2008 letter from Petitioner to Movant, Respondents claim that "Mr. Fenstermaker does not contend that his letter to [Petitioner] requesting authorization of this habeas action was returned to him." *See* Respondent's March 2nd filing, page 4, footnote 2. Respondents are mistaken. As stated in Movant's February 17th supplemental declaration,

2

the Court's request. With the return of the December 18, 2008 letters, it is reasonable to conclude that Petitioner remains still unaware of the Court's request. Therefore, Movant's inability to produce the second statement requested by the Court is not a reflection of Petitioner's refusal to provide such a second statement, but is merely the result of Respondents' policy of separating Petitioner from his counsel of choice.

Respondents, in their response, nevertheless argue that this Court should dismiss the instant petition. In support of that claim, Respondents direct the Court's attention to Movant's inability to produce a second authorization from Petitioner to file the *habeas* petition. They also cite to a Detainee Treatment Act action initiated by another attorney on Petitioner's behalf a month after Petitioner's May 26, 2008 letter to Movant.[4] Neither of these facts, however, supports their dismissal argument.

While Respondents freely refer to Movant's inability to produce the demanded second authorization from Petitioner, they have also never denied the instrumental role they played in Movant's inability to secure one. Respondents therefore acknowledge that they have, since July of 2008, frustrated all attempts by Movant to communicate with any of his detainee-clients, including Petitioner herein. In so doing, Respondents have not only acknowledged their role in denying Movant of all ability to contact Petitioner and Petitioner of his ability to receive news of his cases, they have also, by their behavior, hindered any effort by this Court to satisfy itself that Petitioner has authorized the *habeas* petition.[5] While impeding all ability by Movant

---

Movant's letters to Petitioner were returned to Movant on February 17, 2009 without delivery to Petitioner.

[4] As stated above, Movant did not receive Petitioner's May 26, 2008 letter until November of 2008.

[5] Respondents claim that they "are not aware of the factual basis for [Movant's] contention that he has been prohibited from communicating with [Petitioner] through the non-legal mail system at Guantanamo (sic) Bay." As noted in Movant's February 15, 2009 declaration, Respondents

3

and the Court to inform Petitioner of the Court's request, they now remarkably cite to the absence of the statement as justification for the Petition's dismissal. Under these circumstances, where Respondents singlehandedly hampered all ability by Petitioner to learn of the Court's request, dismissal of the *habeas* petition on the ground that Petitioner failed to forward a second statement is inappropriate and would serve to further enable the government to violate Petitioner's fundamental rights.

To further support their claim for dismissal of the *habeas* petition, Respondents have also noted that attorneys with the Federal Defender for the District of Utah (the "Federal Defender") have initiated a Detainee Treatment Act action in federal court on Petitioner's behalf. However, this fact, standing alone, is of no import. It is well known that in matters pertaining to the detainees, it cannot be presumed that the initiation of any federal court action on behalf of the detainee is one that is directly authorized by the detainee himself, or that he is even aware of it. Here, the Federal Defender has not filed any declaration, affidavit, or other assertion of fact in this matter to assert his standing to represent Petitioner. If Respondents have evidence of the Federal Defender's authorization to file the cited Detainee Treatment Act petition, they should produce it. Where, as here, Respondents, as a party to the cited Detainee Treatment Act matter, provide no support for the proposition that the Federal Defender's actions were personally authorized by Petitioner or that Petitioner even knows about them, their failure to do so serves to highlight the insignificance of the Federal Defender's apparently unauthorized act. Without more, the fact that other attorneys have filed an unauthorized action on Petitioner's behalf is therefore of no import in this Court's determination.

---

also returned, as undelivered, Movant's non-privileged mail sent to the detainees. *See* Fenstermaker February 15, 2009 Declaration, ¶¶ 12 and 13.

4

## Conclusion

By his May 26, 2008 letter, Petitioner has duly authorized Movant's filing of the instant petition. Petitioner's failure to provide this Court with a second statement of authorization is entirely expected, given Respondents' obstructive behavior in precluding all communication between Movant and Petitioner. In addition, this Court should permit Petitioner's May 26, 2008 letter to be filed under seal for this Court's *in camera* and *ex parte* consideration.

Dated: New York, New York
March 5, 2009

                        **The Law Offices of Scott L. Fenstermaker, P.C.**
                        300 Park Avenue, 17th Floor
                        New York, New York 10022
                        (212) 302-0201 (o)
                        (917) 817-9001 (c)
                        (212) 302-0327 (f)

By: *[signature: Scott L. Fenstermaker]*
       Scott L. Fenstermaker, Esq.