IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:                                       )<br>GUANTANAMO BAY           )<br>DETAINEE LITIGATION )<br>                                              )<br>                                              )<br>                                              )<br>                                              )<br>                                              ) | Misc. No. 08-442 (TFH)<br><br>Civil Action Nos. 02-0828, 04-1194, 05-0270,<br>05-0877 |

**MOTION FOR LEAVE TO AMEND FACTUAL RETURNS
TO INCLUDE ADDITIONAL DECLARATIONS**

Respondents hereby move to amend previously filed factual returns to include additional declarations not available to the Government at the time the factual returns were filed.[1] The petitioners in the above captioned cases for which the Government seeks leave to amend the previously filed factual returns are identified in Exhibit A.[2] The United States Department of Defense is detaining these petitioners as enemy combatants. In defending those detentions, the Government is entitled to present to the Court a complete and current record explaining the bases for detaining each petitioner. Moreover, because the Court is not reviewing past decisions of other courts or prior determinations of administrative tribunals, but rather is reviewing

---

[1] In accordance with Local Rule 7(m), the Government contacted counsel in the above-captioned cases to ascertain their positions with respect to this motion. Counsel for petitioners in Civil Actions No. 02-0828 (ISN 213, ISN 232, ISN 551, and ISN 552), 04-1194 (ISN 564), and 05-0270 (ISN 190) consent to the motion. Counsel for petitioners in Civil Action No. 04-1194 (ISN 235, ISN 680, and ISN 688) neither consented nor opposed the motion on the bases that they desired an opportunity to review the declarations prior to rendering a decision. Counsel in Civil Action No. 05-0877 (ISN 928) oppose the motion.

[2] Exhibit A consists of a chart identifying the petitioners for whom the Government seeks to amend their respective factual returns, and sets forth the number of declarations the Government seeks to add to each of those returns. The Government is filing under seal with the Court Security Officer today Exhibits B through J which set forth the proposed amended factual returns with the additional declarations attached.

1

prospective challenges to petitioners' detention as enemy combatants, the Court must have a full and complete record in order to accurately determine the legality of each petitioner's continued detention. The Court, therefore, should defer to the liberal policy of granting requests for leave to amend that is inherent in federal statutory habeas procedure, and permit the Government to amend the factual returns of the identified petitioners to include the additional declarations.

**ARGUMENT**

Federal statutory habeas practice supports amending the factual returns to include declarations not available at the time the Government prepared the factual returns. Although *Boumediene* explicitly "[did] not hold" that constitutional habeas proceedings for military detainees must duplicate proceedings under modern statutory habeas practice, *see* 128 S.Ct. at 2267, 2274,[3] it is nonetheless worth noting that the habeas statute permits amendment of previously filed factual returns. *See* 28 U.S.C. § 2243 ("The return . . . may be amended, by leave of court, before or after being filed."). This rule is consistent with Federal Rule of Civil Procedure 15(a)(2), made applicable to federal statutory habeas practice in certain circumstances by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(4), and Federal Rule of Habeas Procedure 11, which liberally allows amendments to pleadings with "leave of court" at any time during the course of a proceeding. *See* FED. R. CIV. P. 15(a)(2).

Rule 15(a) instructs courts to "freely give leave when justice . . . requires" that an amendment be made to a pleading. FED. R. CIV. P. 15(a); *Kreiger v. United States Dep't of Justice*, 529 F. Supp. 2d 29, 39 (D.D.C. 2008). Although the grant or denial of leave to amend is committed to the sound discretion of the trial court, it is an abuse of discretion to deny leave to

---

[3] As Justice Souter's concurrence in *Boumediene* noted, by virtue of the Military Commissions Act's withdrawal of statutory habeas jurisdiction in the Guantanamo cases, *see* 28 U.S.C. § 2241(e), the habeas review that is available to Guantanamo detainees is only what the Constitution requires or "nothing at all." 128 S. Ct. at 2278 (Souter, J., concurring).

amend unless there are sufficient reasons such as undue delay, undue prejudice, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996). The non-moving party bears the burden of persuading the court that it would be prejudiced by the proposed amendment or that one of the other factors set forth in *Foman* are present. *Lover v. District of Columbia*, 248 F.R.D. 319, 322 (D.D.C. 2008) (citing *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004)).

Constitutional habeas proceedings should accord the Government no less of an opportunity than statutory habeas proceedings to update and amend its return to facilitate the Court's review of the lawfulness of petitioners' current detention. "[T]o accurately determine whether continued detention is lawful, a habeas court must have a full and complete record containing all of the facts that bear on the legality of a petitioner's detention." *In re: Guantanamo Bay Detainee Litigation*, Misc. No. 08-442 (TFH) (D.D.C., Nov. 7, 2008) (dkt. no. 65) (Order permitting the Government to amend factual returns filed prior to the *Boumediene* decision to include evidence that was not before the Combatant Status Review Tribunal). *Cf. Wallace v. Heinze*, 351 F.2d 39, 40 (9th Cir. 1965) (explaining in a case where a state government had not filed its return within the time specified by statute, "[i]t is readily apparent that a *full and complete* return made in the first instance will in fact hasten a final determination on the merits.").

The Government's purpose in submitting additional declarations is to ensure that the Court has before it a complete and current record explaining the bases for petitioners' detention as enemy combatants. None of the declarations the Government wishes to add to petitioners' factual returns introduce new allegations of wrongdoing or new justifications for petitioners' continued detention. Nor do the declarations contradict information the Government has already

provided in the factual returns. Rather, the declarations provide explanatory information pertinent to the factual framework set forth in the Government's factual return. For example, the declarations concern and explain the significance of topics such as: names, aliases, kunyas, and variants; Al Qaida, counter-interrogation doctrine and practice, Lashkar-e-Tayyiba; and the Libyan Islamic Fighting Group.

By permitting the Government to amend its factual returns in these cases to include additional declarations, the Court will have before it the most current and appropriate evidence supporting petitioners' detentions as enemy combatants. This will support and hasten appropriate resolutions of the merits of these cases, and do much to prevent inconsistent results based on incongruities among the factual returns.[4]

Further, granting the Government leave to amend its returns in these cases will not prejudice petitioners. The Government will consent to an appropriate extension of time for the filing of traverses or to an appropriate amendment or supplementation of traverses already filed in order to provide petitioners with adequate time to review and respond to the additional declarations. Accordingly, the Court should heed the liberal policy of granting requests for leave to amend, applicable in the context of civil actions and statutory habeas and no less applicable in constitutional habeas cases, and permit the Government to amend the factual returns of the identified petitioners to include these additional declarations.

---

[4] These declarations have been used regularly in other Guantanamo Bay habeas cases, although the declarations were not available at the time the Government was required to submit its factual returns in these cases. These factors also support granting the motion to amend.

4

## CONCLUSION

For the reasons set forth above, the Court should permit the Government to amend its factual returns regarding the petitioners identified in Exhibit A.

Date: March 9, 2009

Respectively submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

TERRY HENRY
Assistant Branch Director


_____*/s/ Kristina A. Wolfe*_____
ANDREW I. WARDEN
PAUL E. AHERN
RODNEY PATTON
KRISTINA A. WOLFE

Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Tel: (202) 353-4519
Fax: (202) 616-8202

Attorneys for Respondents