IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br>GUANTANAMO BAY<br>DETAINEE LITIGATION | Misc. Action No. 08-442 (TFH) |
| AL HALMANDY, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>BARACK OBAMA, *et al.*,<br><br>Respondents. | Civil Action No. 05-2385 (RMU) |

### RESPONDENTS' REPLY IN SUPPORT OF
### MOTION FOR EXTENSION OF TIME
### TO FILE FACTUAL RETURNS AND LEGAL JUSTIFICATION

Respondents hereby submit this reply in support of their Motion for Extension of Time to File Factual Returns and Legal Justification, Misc No.08-442, Feb. 27, 2009 (Dkt. No. 1655), Civ. No. 05-2385, Feb. 27, 2009 (Dkt. No. 206) ("Motion for Extension of Time"). As respondents explained in their motion, two separate reasons compel respondents to seek the requested extension for filing the factual return with respect to petitioner.

First, contrary to petitioner's surmise in the Opposition to Respondents' Motion for Extension of Time to File Factual Return, No. 05-2385, Mar. 2, 2009 (Dkt. No. 209) ("Opposition"), *see* Opposition 5-6, the difficulty in preparing this and other factual returns lies not solely in identifying documents for use in those returns; rather, compiling the documents is only the first step of the process. After the documents to be used in a return have been identified, the expert agencies responsible for the national security information contained

therein must clear those documents for use in this litigation, and assess any potential harms which may result from such disclosure. Given the serious consequences stemming from the dissemination of sensitive national security information, this rigorous process cannot be undertaken in the abstract—each potential disclosure must be evaluated in light of its specific circumstances. *See* Declaration of Michael V. Hayden, Director, Central Intelligence Agency, submitted with Respondents' Motion for Partial and Temporary Relief from the Court's July 11, 2008 Scheduling Order, Misc. No. 08-442 , Aug. 29, 2009 (Dkt. No. 317) ("Aug. 29, 2009 Motion") at ¶ 9.

Moreover, respondents' motion to dismiss or hold in abeyance is currently pending with respect to petitioner's habeas petition. *See* Resp'ts' Mot. To Dismiss Habeas Petitions Without Prejudice, or, Alternatively, to Hold Habeas Petitions in Abeyance Pending Completion of Military Commission Proceedings, No. 05-2385, Jan. 16, 2009 (Dkt. No. 160) ("Motion to Dismiss or Hold in Abeyance"); Resp'ts' Reply in Support of Mot. To Dismiss Habeas Petitions Without Prejudice, or, Alternatively, to Hold Habeas Petitions in Abeyance Pending Completion of Military Commission Proceedings, No. 05-2385, Feb. 26, 2009 (Dkt. No. 205). As explained in respondents' Motion for Extension of Time, Motion to Dismiss or Hold in Abeyance, and Reply in Support of Motion to Dismiss or Hold in Abeyance, petitioner has been formally charged with criminal violations of the laws of war—those charges remain pending. As petitioner highlighted in the Opposition, the Military Commission proceedings addressing those charges have been temporarily continued, *see* Opposition at 2; nonetheless, dismissal or stay of these habeas proceedings remains appropriate, as explained in respondents' briefing on the subject.

The Panel of the Unites States Court of Military Commission Review found that it was "in the interests of justice" to briefly continue the Military Commission proceedings "to allow the Department of Defense to participate in an Interagency review, not only of the military commission process, but also the status of those apprehended and presently detained at Guantanamo Bay . . .their conditions, and the factual and legal bases for their apprehension and detention, all in the context of the national security and foreign policy interests of the United States." United States Court of Military Commission Review, Order, Appellant's Request for Delay, CMR Case No. 08-004, Feb. 4, 2009 ("Feb. 4, 2009 Order") at 2. The Panel indicated that the involvement of national security and foreign policy implications "len[t] the most weight to [the Government's] request for delay," explaining that the Supreme Court had established a tradition of deference to the President regarding such matters. *Id.*

Contrary to petitioner's emphatic assertion in the Opposition, *see* Opposition at 2, the Panel did not "ground" the continuance in these habeas proceedings. Instead, the Panel made clear that it was allowing the brief continuance because of the Executive Review, to prevent any possible harms which might result from the Military Commission proceedings and the Executive Review moving forward concurrently. Feb. 4, 2009 Order at 3-4. Rather than basing the continuance in the habeas litigation, the Panel included a mere two sentences (one in a footnote) regarding these proceedings in its several page opinion—the habeas proceedings were neither the first nor the central aspect of the Court's reasoning. *See* Feb. 4, 2009 Order at 3 ("We also note that . . . [the detainee] has the right to petition for a writ of habeas corpus . . ."). Nor did the Panel emphasize the February 27, 2009 due date. *See id.* at 3 n.2. Instead, the Panel highlighted its desire to avoid adverse, "unintended" consequences from moving forward in the Military Commission proceedings. *Id.* at 4.

Likewise, here, to avoid the unintended consequences that may arise from duplicative proceedings, including the possibility of improperly interfering with a prosecution, a stay of these habeas proceedings is appropriate, including with respect to the obligation to file a factual return. At the very least, respondents respectfully request that the Court continue the obligation to file a factual return during the pendency of the Motion to Dismiss or Hold in Abeyance, and—if the Motion to Dismiss or Hold in Abeyance is denied—to set the deadline for filing the factual return with respect to petitioner for thirty days after the Court's decision. In the alternative, respondents respectfully request that the deadline for submitting the factual return be extended at least until March 31, 2009.

Dated: March 12, 2009                    Respectfully submitted,


                                         MICHAEL F. HERTZ
                                         Acting Assistant Attorney General

                                         TERRY M. HENRY
                                         Assistant Branch Director


                                          /s/ *Julia Berman*
                                         ANDREW I. WARDEN
                                         PAUL E. AHERN
                                         JULIA A. BERMAN (D.C. Bar No. 986228)
                                         Attorneys
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Avenue, N.W.
                                         Washington, D.C. 20530
                                         Tel: (202) 616-8480
                                         Fax: (202) 616-8470
                                         Email: julia.berman@usdoj.gov
                                         Attorneys for Respondents