IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: <br> GUANTÁNAMO BAY DETAINEE <br> LITIGATION | ) <br> ) <br> ) Misc. No. 08-442 (TFH) <br> ) <br> ) |

| | |
|---|---|
| BINYAM MOHAMED (AL HABASHI), <br>     Petitioner, <br>     v. <br> BARACK OBAMA, *et al.*, <br>     Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-0765 (EGS) <br> ) <br> ) <br> ) <br> ) <br> ) |

## INTERIM RESPONSE TO ORDER TO SHOW CAUSE

Ahmed Ghappour and Clive A. Stafford Smith, counsel for Petitioner Binyam Mohamed, by and through their counsel, Thomas P. Sullivan of Jenner & Block LLP, respectfully request that the Court direct the Privilege Team to clarify its Report to the Court (Dkt. 137, No. 05-cv-0765) by identifying the specific provision(s) of the Court's Protective Order that the Privilege Team contends Petitioner's counsel violated.[1] The Privilege Team's Report prompted this Court to enter an Order on March 18, 2009 (Dkt. 139, No. 05-cv-0765), instructing Messrs. Ghappour

---

[1] Petitioner's counsel note for the Court that this case was never included in the consolidated proceedings under Misc. No. 08-442. Judge Sullivan presided over this case for four years and is very familiar with its background, procedural history, and attempts by Petitioner's counsel to uncover the abundant evidence of the torture of Petitioner by agents for the United States. Petitioner's counsel also note that the Privilege Team filed their Report in the public docket, rather than under seal, even though the Report referenced matters that are subject to the attorney-client privilege. This filing does not reference such matters and, therefore, Petitioner's counsel filed this Interim Response in the public docket.

and Stafford Smith to "appear for a hearing [on May 11, 2009] for the purpose of showing cause why this Court should not hold them in contempt for violating the Protective Order."

The Privilege Team's Report does not identify any provision of the Protective Order that the Privilege Team alleges was violated, and Messrs. Ghappour and Stafford Smith believe that they fully complied with the terms of the Protective Order. In order to prepare adequately for the hearing on May 11, 2009, Messrs. Ghappour and Stafford Smith must be notified of the specific provision(s) of the Protective Order they are accused of violating. *See Int'l Longshoremen's Assn., Local 1291 v. Philadelphia Marine Trade Assn.*, 389 U.S. 64, 74 (1967) (reversing civil contempt finding because the original decree was too vague, and noting that union was not informed at contempt hearing of how it had violated decree or underlying arbitration award); *Common Cause v. Nuclear Regulatory Comm'n*, 674 F.2d 921, 927-28 (D.C. Cir. 1982) (reversing civil contempt finding based on alleged violation of ambiguous injunction).

Accordingly, Messrs. Ghappour and Stafford Smith respectfully request that this Court order the Privilege Team to identify the specific provision(s) of the Protective Order that they allegedly violated. Petitioner's counsel submit with this Interim Response a Proposed Order regarding the requested clarification.

    Respectfully submitted,

    /s/ David W. DeBruin

| | |
|---|---|
| Thomas P. Sullivan<br>Patricia A. Bronte<br>JENNER & BLOCK LLP<br>330 N. Wabash Avenue<br>Chicago, IL 60611<br>Tel: (312) 923-2928<br>Fax: (312) 527-0484<br><br>Dated: April 8, 2009 | David W. DeBruin (D.C. Bar No. 337626)<br>JENNER & BLOCK LLP<br>1099 New York Avenue, N.W.; Suite 900<br>Washington, DC 20001-4412<br>Telephone: (202) 639-6015<br>Facsimile: (202) 639-6375<br><br>*Attorneys for Ahmed Ghappour and Clive Stafford Smith* |