# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: ) | | |
|    GUANTANAMO BAY ) | Misc. No. 08-442 (TFH) | |
|    DETAINEE LITIGATION ) | | |
| ) | | |
| KAHLID SAAD MOHAMMED, ) | | |
| ) | | |
|    Petitioner, ) | Civil Action No. 08-1230 (RMC) | |
| v. ) | | |
| BARACK OBAMA *et al.,* ) | | |
| ) | | |
|    Respondents. ) | | |

**PETITIONER KAHLID SAAD MOHAMMED'S REQUEST TO EXTEND THE DEADLINE FOR FILING PETITIONERS TRAVERSE AND TO STAY ANY FURTHER PROCEEDINGS**

Petitioner Kahlid Saad Mohammed hereby requests that all proceedings in the above captioned matter be stayed until further Order by this Court. The Office of the Federal Defender for the Northern District of Ohio was appointed to this matter on August 8, 2008. As of the date of this filing, counsel has attempted on two separate occasions to meet with Kahlid Saad Mohammed (ISN 335). On both occasions, the Department of Defense indicated Mr. Mohammed did not wish to attend the meeting. Counsel is unaware of Mr. Mohammed's understanding of his right to seek habeas relief or his current physical and mental status. Additional visits with Mr. Mohammed as well as for other detainee-clients at the Guantanamo Bay Detention Facility are scheduled for April, May, and June.

Under the Amended Case Management Order of December 16, 2008, counsel for Mr. Mohammed were required to file their traverse within 14 days of the later date of either the filing of the unclassified return or certification by the Government that the exculpatory evidence had been disclosed. The unclassified version of the Government's return was filed on March 6, 2009. On February 10, 2009, the Government filed its Supplemental Certification Pertaining to Exculpatory Information. In that Supplemental Notice, the Government averred in part that, "[i]t has disclosed all exculpatory evidence consistent with, and as defined by, the CMO's, located in such review." Supplemental Certification of 02/10/09 at 1. Counsel would concede that the date upon which Petitioner's traverse was due was on or before March 20, 2008. Neither a traverse or request to extend the deadline for the traverse was filed prior to this motion. Further, and as set forth in Counsel's April 3, 2009 Motion For Extension of Time to File a Written Authorization, the deadline for filing such authorization pursuant to Order of this Court was March 27, 2009, which again, came and passed without an authorization or request for an extension.

Counsel submits that these deadlines lapsed as a result of counsel's negligence in failing to maintain an awareness of the deadlines set by this Court. Counsel would respectfully submit that such a lapse is not indicative of the efforts put forth by Counsel's office in diligently pursuing this as well as other Guantanamo Bay detainee matters. It is without question that this Petitioner has a definitive right to pursue a Writ of Habeas Corpus under the United States Supreme Court's decision in *Boumediene v. Bush*, 128 S.Ct. 2229 (2008). As Counsel has not otherwise been dilatory in prosecuting and investigating this matter, it is respectfully requested that this Court not penalize Mr. Mohammed for counsel's negligence in adhering to the schedule set by this Court. Despite a diligent review of the preliminary discovery disclosed to date as well as all other available materials in this matter, Counsel must concede that a traverse cannot be

filed or meaningfully argued at this juncture prior to meeting with Mr. Mohammed. To that end, had Counsel been more attentive to the Court's deadlines, the only request which could have reasonably been made as to both the consent to proceed and the traverse would have been a request for additional time or a stay of the proceedings. Counsel therefore request that;

    1. This Court enter a stay of all proceedings in this matter until further Order of the Court;

    2. That the deadline for filing Petitioner's traverse be extended to a date to be set in the event the stay in this matter is lifted by Order of this Court;

    3. Counsel will not move this Court to lift the stay in this matter without a receiving authorization from Kahlid Saad Mohammed (ISN 335) consenting to Counsel prosecuting this matter or alternatively upon Order of this Court that written authorization is not needed to pursue this action;

    4. That while this matter is stayed, the Government's discovery obligations under the amended case management order will be suspended;

    5. That the stay would not preclude the Government from moving to dismiss this action on a basis other than the above deadlines not having been met.

Counsel has contacted the Government with respect to this motion and the Government has indicated it agrees to the requested relief. In the event this Court has concerns about granting the requested relief, Counsel would request a hearing in support of the requested relief.

April 9, 2008                                      Respectfully submitted,

                                                            /s/Andy Hart
                                                            ANDY HART (LCvR 83.2(e))
                                                            Assistant Federal Public Defender
                                                           Office of the Federal Public Defender,
                                                           Northern District of Ohio
                                                           617 Adams Street
                                                           Toledo, Ohio 43604
                                                           (419) 259-7370 Fax: (419) 259-7375
                                                           andy_hart@fd.org


                                                           /s/Jonathan Witmer-Rich

JONATHAN WITMER-RICH (LCvR 83.2(e))
Attorney at Law
Office of the Federal Public Defender,
Northern District of Ohio
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
jonathan_witmer-rich@fd.org

Counsel for Petitioner Kahlid Saad Mohammad