UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARIQ MAHMOUD ALSAWAM, <br><br> Petitioner, <br><br> v. <br><br> BARACK H. OBAMA, President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-1244 (CKK) |

| | |
|---|---|
| IN RE: <br><br> GUANTANAMO BAY DETAINEE LITIGATION | Misc. No. 08-442 (TFH) |

**ORDER**
(April 15, 2009)

Petitioner Tariq Mahmoud Alsawam ("Petitioner") is one of the detainees currently held by the United States Government at Guantanamo Bay, Cuba, pursuant to the Authorization for the Use of Military Force ("AUMF"), Pub. L. 107-40, 115 Stat. 224 (2001). Petitioner has filed a habeas petition, which is currently pending before this Court. On December 12, 2008, Petitioner was also charged with violations of the laws of war under the Military Commissions Act, 10 U.S.C. § 948a - 950w (the "MCA").

Currently pending before the Court is the Government's [91] Motion to Dismiss or, in the alternative, to Hold in Abeyance, Petitioner's habeas petition pending completion of his military commission proceedings. Petitioner filed an [101] Opposition to the Government's Motion on January 8, 2009. The Government declined to file a Reply. Accordingly, briefing on the Government's Motion is now complete.

Thereafter, on January 26, 2009, in light of the change in administrations, the Court issued a Minute Order addressing the Government's pending motion, which provided that:

> Before the Court issues a ruling on Respondents' Motion [], the Court shall require Respondents to submit a notice to the Court . . . indicating: (1) the current status of charges against Petitioner and whether any charges have, in fact, been referred to military commissions for further proceedings; and (2) whether there have been any changes in Respondents' position, as expressed in its Motion, of which the Court should be made aware.

1/26/09 Min. Order. As required, Respondents filed a [128] Notice to the Court providing the requested information. Respondents informed the Court that "charges are still pending against Petitioner Alsawam for violations of the laws of war under the [MCA] . . . but have not yet been referred by the Convening Authority to a military commission for prosecution." Gov't's Not. at 1. Further, the Government advised the Court that "the Secretary of Defense has directed the Convening Authority to cease referring cases to the military commissions to provide the Executive sufficient time to conduct a review of the detainees held at Guantanamo Bay pursuant to the President's January 22, 2009 Executive Order pertaining to the 'Review and Disposition of Individuals Detained at the Guantanamo Bay Naval Base and Closure of Detention Facilities.'" *Id.* at 1-2 (citing Exec. Order No. 13,492, 74 Fed. Reg. 4897 (Jan. 22, 2009)).

Respondents thus acknowledge that the charges against Petitioner have not yet been referred by the Convening Authority to a military commission for prosecution and that the military commission is now expressly prohibited from doing so. Although Respondents do not indicate whether the Secretary of Defense contemplates lifting this ban on referrals to military commissions at a future date or whether the prohibition is indefinite in nature, it is nonetheless apparent that a military commission is unlikely to be convened to consider Petitioner's charges in the immediate future. Indeed, as Petitioner's Opposition repeatedly emphasizes, a military commission may *never*

2

be convened. Pet'r's Opp'n at 2-3 (noting that the Rules for Military Commissions do not set a deadline for action by the Convening Authority); *see also* Rules for Military Commissions[1] 401(a) (Convening Authority may decide to dismiss any or all charges rather than refer them to a military commission). Petitioners argue that, "[t]o dismiss or stay their habeas petitions based on speculation about what might happen next would be inappropriate and inconsistent with" the Supreme Court's ruling in *Boumediene v. Bush*, 128 S. Ct. 2229 (2008). *Id.* at 4. The Government declined to file a reply and therefore does not provide a response to this contention. Regardless, the Court agrees with Petitioner. The Court therefore declines to consider the merits of the Government's Motion to Dismiss or, in the alternative, to Hold in Abeyance, Petitioner's habeas petition, in light of the utter uncertainty that any such military commission will ever, in fact, be convened.

Accordingly, it is this 15th day of April, 2009, hereby

**ORDERED** that the [91] Respondents' Motion to Dismiss Habeas Petition Without Prejudice or, Alternatively, to Hold Petition in Abeyance Pending Completion of Military Commission Proceedings is DENIED WITHOUT PREJUDICE. The Government may re-file its motion, if appropriate, upon referral of the charges sworn against Petitioner to a military commission.

**SO ORDERED.**

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

---

[1] The Rules for Military Commissions are available on a website hosted by the Department of Defense, http://www.defenselink.mil/news/commissionsmanual.html.