**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE: | ) | Misc. No. 08-442 (TFH) |
| | ) | |
| GUANTANAMO BAY | ) | |
| DETAINEE LITIGATION | ) | |
| | ) | |
| | ) | |

**DECLARATION OF DAVID A. SCHULZ**

I, David A. Schulz, declare as follows:

1.      I am a member of Levine Sullivan Koch & Schulz, L.L.P., counsel in this action to The Associated Press, The New York Times Company, and USA Today (collectively, "Press Intervenors").  I submit this declaration in support of their motion for an order to show cause why the government should not be held in contempt, and to put before the Court certain documents relevant to that motion.  This declaration is based on my personal knowledge.

2.      Attached hereto are true and correct copies of the following documents:

**Exhibit A**     June 1, 2009 Order in *In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-442 (TFH)

**Exhibit B**     June 1, 2009 Memorandum Opinion in *In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-442 (TFH)

**Exhibit C**     Transcript of March 26, 2009 hearing in *In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-442 (TFH)

**Exhibit D**     September 24, 2009 Order in *Al-Ghizzawi v. Obama*, Civ. A. No. 05-2378 (JDB)

**Exhibit E**     September 11, 2008 Protective Order in *In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-442 (TFH)

3.      After being ordered on November 6, 2008 to file publicly unclassified versions of

its factual returns, in December 2008, the Government filed a motion to keep unclassified

information in the returns under seal.  *See* Motion to Confirm Designation of Unclassified

Factual Returns as "Protected" (the "Government's Sealing Motion") (Dkt. No. 1416).

Petitioners in these habeas cases filed a consolidated opposition to the Government's Sealing

Motion (Dkt. No. 1480), and Press Intervenors filed a motion to intervene for the limited purpose

of opposing the Government's Sealing Motion (Dkt. No. 1526).

4.      On March 26, 2009, the Court entertained argument on the Government's Sealing

Motion and ruled from the bench that the Press Intervenors would be permitted to intervene.  See

Exhibit C (Transcript of March 26, 2009 hearing in *In re Guantanamo Bay Detainee Litigation*,

Misc. No. 08-442 (TFH)).

5.      On June 1, 2009, the Court issued an Order (the "June 1 Order") denying without

prejudice the Government's Sealing Motion.  See Exhibit A (June 1, 2009 Order in *In re

Guantanamo Bay Detainee Litigation*, Misc. No. 08-442 (TFH)).  A Memorandum Opinion

accompanied the Court's June 1 Order.  See Exhibit B (June 1, 2009 Memorandum Opinion in *In

re Guantanamo Bay Detainee Litigation*, Misc. No. 08-442 (TFH)).

6.      The June 1 Order provided: "[O]n or before July 29, 2009, for each petitioner in

the above-captioned cases, the government is directed to either (i) publicly file a declassified or

unclassified factual return or (ii) file under seal with the petitioner's counsel and the appropriate

Merits Judge an unclassified factual return highlighting with a colored marker the exact words or

lines the government seeks to be deemed protected, as well as a memorandum explaining why

each word or line should be protected."  Exhibit A.

7.     The June 1 Order also provided that in any case in which (1) the Government does not file a declassified or unclassified factual return by July 29, 2009 and (2) the detainee does not thereafter seek an unclassified factual return, the Press Intervenors are permitted to file on or after September 29, 2009 a motion with the appropriate Merits Judge requesting an unprotected factual return.  See Exhibit A.

8.     In August 2009, a review of the dockets in these habeas cases indicated that the Government had filed factual returns in compliance with the Court's June 1, 2009 Order.

9.     On September 24, however, counsel for Press Intervenors learned that in one of the habeas cases, Judge Bates had issued an order to show cause against the Government for violating the June 1 Order.  See Exhibit D (September 24 Order in *Al-Ghizzawi v. Obama*, Civ. A. No. 05-2378 (JDB)).

10.    As described in Judge Bates' order, the Government admitted in sealed motion papers filed in *Al-Ghizzawi* that the publicly filed factual returns withhold more than just classified information.  The Government also withheld from the public versions of its pleadings information "'which while not classified, implicates significant security or other interests.'"  *Id*. at 2 (quoting Resp't's Opp'n to Pet'rs' Mot. for Rule to Show Cause at 4).

11.    Having learned of the Government admission in *Al-Ghizzawi*, I contacted the Department of Justice to determine if the Government had complied with the June 1 Order in the other habeas cases.  DOJ attorney Julia Berman advised me that unclassified information was redacted from the factual returns in *all* of the habeas cases, and was done so without highlighting for the Court the unclassified words or phrases being withheld, without providing any explanation of the reason for keeping the information secret, and without seeking permission for the redactions.

12.     I asked Ms. Berman what steps the Government intended to take in light of Judge Bates' finding that the unilateral withholding of unclassified information violated the June 1 Order.  Ms. Berman acknowledged the "global ramifications" of Judge Bates' interpretation of the June 1 Order for all of the habeas cases, but was unable to state what the Government would do in response.  She expressed the Government's view that it did comply with the June 1 Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 6, 2009                    _____
                                                            David A. Schulz