UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
IN RE:                                          )
                                                )        Misc. No. 08-442 (TFH)[1]
GUANTANAMO BAY                   )
DETAINEE LITIGATION            )        Civil Action Nos.
                                                )
                                                )        02-CV-0828, 04-CV-1164, 04-CV-1166, 04-CV-1194,
                                                )        04-CV-1254, 04-CV-2022, 04-CV-2215, 05-CV-0023,
                                                )        05-CV-0280, 05-CV-0329, 05-CV-0359, 05-CV-0392,
                                                )        05-CV-0429, 05-CV-0492, 05-CV-0520, 05-CV-0569,
                                                )        05-CV-0634, 05-CV-0748, 05-CV-0764, 05-CV-0877,
                                                )        05-CV-0883, 05-CV-0892, 05-CV-0999, 05-CV-1048,
                                                )        05-CV-1124, 05-CV-1189, 05-CV-1244, 05-CV-1312,
                                                )        05-CV-1353, 05-CV-1429, 05-CV-1457, 05-CV-1490,
                                                )        05-CV-1497, 05-CV-1504, 05-CV-1506, 05-CV-1509,
                                                )        05-CV-1555, 05-CV-1592, 05-CV-1607, 05-CV-1623,
                                                )        05-CV-1638, 05-CV-1645, 05-CV-1646, 05-CV-1971,
                                                )        05-CV-1983, 05-CV-2088, 05-CV-2104, 05-CV-2185,
                                                )        05-CV-2186, 05-CV-2199, 05-CV-2223, 05-CV-2249,
                                                )        05-CV-2348, 05-CV-2349, 05-CV-2367, 05-CV-2371,
                                                )        05-CV-2379, 05-CV-2380, 05-CV-2384, 05-CV-2385,
                                                )        05-CV-2386, 05-CV-2387, 05-CV-2479, 06-CV-1668,
                                                )        06-CV-1690, 06-CV-1691, 06-CV-1725, 06-CV-1765,
                                                )        06-CV-1766, 06-CV-1767, 07-CV-1710, 07-CV-2337,
                                                )        07-CV-2338, 08-CV-1101, 08-CV-1173, 08-CV-1207,
                                                )        08-CV-1228, 08-CV-1232, 08-CV-1233, 08-CV-1234,
                                                )        08-CV-1235, 08-CV-1236, 08-CV-1237, 08-CV-1238,
                                                )        08-CV-1360, 08-CV-1440, 08-CV-1645, 08-CV-1805,
                                                )        08-CV-1828, 08-CV-1923, 08-CV-2019, 08-CV-2083,
                                                )        09-CV-0031, 09-CV-0745, 09-CV-0873, 09-CV-0904,
                                                )        09-CV-1385, 09-CV-1462, 09-CV-2368, 10-CV-0407,
                                                )        10-CV-1020, 10-CV-1411, 11-CV-923
_____ )


**NOTICE OF MEMORANDUM OF UNDERSTANDING GOVERNING PRIVATE
COUNSEL REPRESENTATION OF GUANTANAMO BAY DETAINEES IN PERIODIC
REVIEW PROCEEDINGS PURSUANT TO EXECUTIVE ORDER 13567**

_____

[1] Respondents have filed this notice in all Guantanamo Bay habeas cases in which at least one
petitioner is currently held at Guantanamo Bay, whether the case remains pending or not.

On March 7, 2011, the President issued Executive Order 13567, calling for a periodic review to determine whether continued law of war detention for certain Guantanamo Bay detainees is necessary to protect against a significant threat to the security of the United States. *See* Exec. Order No. 13567, 76 Fed. Reg. 13277 (Mar. 11, 2011).   The Executive Order created a Periodic Review Board ("PRB"), comprised of senior officials from various agencies, and set forth procedures that the PRB shall follow in conducting its reviews.  *See id.* §§ 3, 9(b)  Among other things, the Executive Order provides that each detainee shall be assisted in proceedings before the PRB by a Government-provided personal representative and, in addition, detainees may be assisted by private counsel at no expense to the Government.  *See id.* § 3(a)(2).

To effectuate the Executive Order's directive that detainees receiving PRB reviews have the ability to seek the assistance of private counsel, the Department of Defense, on July 22, 2013, issued a Memorandum of Understanding ("MOU") governing private counsel representation in PRB proceedings.  *See* PRB MOU, attached as Exhibit 1.  The PRB MOU is modeled on the two protective orders entered by the Judges of this Court that govern counsel access in Guantanamo Bay habeas proceedings.  *See* Protective Order And Procedures For Counsel Access To Detainees At The United States Naval Base, Guantanamo Bay, Cuba, 577 F. Supp. 2d 143 (D.D.C. 2008) ("Habeas Protective Order"); Amended Protective Order For Habeas Cases Involving Top Secret/Sensitive Compartmented Information And Procedures For Counsel Access To Detainees At The United States Naval Base in Guantanamo Bay, Cuba, in Habeas Cases Involving Top Secret/Sensitive Compartmented Information, 2009 WL 50155 (D.D.C. 2009) ("TS//SCI Protective Order").  Like the habeas protective orders, the PRB MOU establishes a "Privilege Team" for the purpose of inspecting or reviewing certain communications between detainees and their attorneys while otherwise appropriately preserving

privilege, as described in the PRB MOU.  *See* PRB MOU ¶¶ 3, 10-11, 13-16.[2]   Pursuant to the

terms of the MOU, the Privilege Team is responsible for inspecting PRB-related

communications from detainee attorneys to detainees for contraband, to include physical

contraband and certain types of sensitive information where not directly related to the attorney's

representation of a detainee in PRB proceedings.  *Compare* PRB MOU ¶¶ 3, 13, 15, *with* Habeas

Protective Order §§ II.D.12, II.E .  Further, the Privilege Team, upon request of a detainee's

attorney, will perform classification reviews of PRB-related communications from a detainee to

his attorney.  *Compare* PRB MOU ¶ 10, *with* Habeas Protective Order § II.G.   The Privilege

Team must maintain the confidentiality of reviewed materials and information, except, as is the

case under the habeas protective orders, with regard to information that reasonably could be

expected to result in immediate and substantial harm to the national security, imminent acts of

violence, or future events that threaten national security, or that presents a threat to the operation

of the detention facilities or to United States Government personnel. *Compare* PRB MOU ¶ 11,

*with* Habeas Protective Order §§ II.G.22-23.[3]

          To ensure consistency and preserve institutional knowledge and government resources,

beginning on August 26, 2013, the individuals who currently serve as members of the Privilege

Team under the habeas protective orders for habeas proceedings will serve the same role under

the PRB MOU for PRB proceedings.  In accordance with the terms of the habeas protective

orders, the Privilege Team will not participate in substantive proceedings before the PRB.

          In light of the additional role in the PRB context discussed above for members of the

---

[2] It is also expected that the Privilege Team will be responsible for performing the same duties
for the Government-provided personal representatives.

[3] With counsel's consent, the Privilege Team, when necessary, may also consult with outside
government agencies when conducting classification reviews requested by counsel.  *Compare*
PRB MOU ¶ 10(d), *with* TS//SCI Protective Order §§ II.G.22.

Privilege Team, and in the interest of transparency, Respondents hereby provide the foregoing

Notice.

Dated:  August 13, 2013                          Respectfully submitted,

                                                 STUART F. DELERY
                                                 Assistant Attorney General

                                                 JOSEPH H. HUNT
                                                 Branch Director

                                                 TERRY M. HENRY
                                                 JAMES J. GILLIGAN
                                                 Assistant Branch Directors

                                                         /s/ *Andrew I. Warden*
                                                 ANDREW I. WARDEN (IN Bar No. 23840-49)
                                                 United States Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 20 Massachusetts Avenue N.W.
                                                 Washington, DC  20530
                                                 Tel:  (202) 616-5084
                                                 Fax:  (202) 616-8470
                                                 Andrew.Warden@usdoj.gov

                                                 Attorneys for Respondents